## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: GENERIC DIGOXIN AND** | : | **MDL NO. 2724** |
| **DOXYCYCLINE ANTITRUST LITIGATION** | : | **16-MD-2724** |
| | : | |
| | : | **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:** | : | |
| | : | |
| ***ALL ACTIONS*** | : | |

### PRETRIAL ORDER NO. 1

**AND NOW**, this 15th day of August 2016, upon consideration of the Order of the Judicial Panel on Multidistrict Litigation [Doc. No. 1], it is hereby **ORDERED** as follows:

**1. APPLICABILITY OF ORDER**. This Order shall govern the practice and procedure in the actions transferred to this Court by the Judicial Panel on Multidistrict Litigation, all related actions originally filed in this Court or transferred or removed to this Court, and any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 12 of the Rules of Procedure of the Panel, after the filing of the final transfer order by the Clerk of this Court.

**2. CONSOLIDATION**. The actions described in Paragraph One of this Order are **CONSOLIDATED** for pretrial purposes.

    **A. FUTURE ACTIONS**. Any "tag-along" action later filed in, removed to or transferred to this Court, or related cases directly filed in the Eastern District of Pennsylvania, shall automatically be assigned to this Court and be consolidated with this action.

    **B. LIMITATIONS**. This consolidation does not constitute a determination that the actions described in Paragraph One of this Order should be consolidated for trial, nor does it

have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

**3. INITIAL CONFERENCE**. An initial status conference will be held on **Thursday, September 8, 2016, at 10:30 a.m.**, in Courtroom 12A of the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

**A. GENERAL RESPONSIBILITIES OF COUNSEL**. Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth ("MCL 4th"), and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. Counsel shall be prepared to address: the question of whether plaintiffs intend to file a Consolidated Class Action Complaint, the appointment of liaison counsel for Plaintiffs and for Defendants, and schedules for initial motion practice and discovery.

**B. APPEARANCE AT CONFERENCE**. One attorney representing each party shall appear at the initial conference. To minimize costs and facilitate a manageable conference, parties with similar interests may agree to have an attending attorney represent their interest at the conference. Any party appearing through a designated attorney instead of its attorney of record shall serve written notice of such arrangement on the Court at Chambers (Room 12614) no later than **September 1, 2016**. By designating an attorney to represent its interest at the conference, a party will not be precluded from other representation during the litigation, nor will attendance at the conference constitute waiver of any objections to jurisdiction, venue, or service.

2

**4. APPLICATIONS / NOMINATIONS.** The Court intends to select liaison counsel for the plaintiffs and liaison counsel for the defendants to perform largely administrative functions, and to appoint a Plaintiffs' Steering Committee and a Defendants' Steering Committee to conduct and coordinate the discovery stage of this litigation. Following is a nonexclusive description of the basic responsibilities of liaison counsel and the Steering Committees, and of the selection process the Court will use to fill these positions.

**A. LIAISON COUNSEL.** Counsel for each group of parties whose interests are similarly aligned shall confer and seek consensus on candidates for the position of liaison counsel. Appointment of liaison counsel shall be subject to the approval of the Court. Liaison counsel will be charged with essentially administrative functions. For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and the performance of other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them in hard copy or electronic form, and to make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 5.2(e) of the Panel's Rules of Procedure or from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the

services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or established by the Court failing such agreement.

No later than **September 1, 2016**, counsel for the plaintiffs shall confer and submit a maximum of three candidates for the position of liaison counsel. Each candidate's name shall be submitted to the Court with a current curriculum vitae and any other pertinent information for the Court to consider.

No later than **September 1, 2016**, counsel for the defendants shall confer and submit a maximum of three candidates for the position of liaison counsel. Each candidate's name shall be submitted to the Court with a current curriculum vitae and any other pertinent information for the Court to consider.

       **B. PLAINTIFFS' STEERING COMMITTEE**. The Plaintiffs' Steering Committee ("PSC") shall, at a minimum, have the following responsibilities:

       **(1) DISCOVERY**. The PSC shall:

--      Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant Multidistrict Litigation;

--      Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

--      Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the trial of relevant issues;

4

--   Conduct all discovery in a coordinated and consolidated manner on behalf
of and for the benefit of all plaintiffs, in a fashion in keeping with practice guidelines to
be established in subsequent discovery plans or orders of this Court.

**(2) HEARINGS AND MEETINGS**.  The PSC shall:

--   Call meetings of plaintiffs' counsel for any appropriate purpose, including
coordinating responses to questions of other parties or of the Court;

--   Initiate proposals, suggestions, schedules, or joint briefs, and any other
appropriate matter(s) pertaining to pretrial proceedings;

--   Examine witnesses and introduce evidence at hearings on behalf of
plaintiffs;

--   Communicate on behalf of all plaintiffs at pretrial proceedings and in
response to any inquiries by the Court, subject to the right of any plaintiff's counsel to
present non-repetitive individual or different positions.

**(3)  MISCELLANEOUS**.  In addition, the PSC shall:

--   Submit and argue any oral or written motions presented to the Court on
behalf of the PSC and oppose when necessary any motions submitted by the defendants
or other parties which involve matters within the sphere of the PSC;

--   Negotiate and enter into stipulations with Defendants' Steering Counsel
regarding this litigation.  All such stipulations must be submitted to the Court for
approval, except for purely administrative details.  Any attorney not in agreement with a
non-administrative stipulation may file with the Court a written objection thereto within

5

14 days after he or she knows or reasonably should have become aware of the stipulation. Failure to timely object shall be deemed a waiver, and the stipulation shall be binding on that party;

 --  Explore, develop and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation;

 --  Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys;

 --  Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the plaintiffs' liaison counsel, who will promptly distribute copies to the other plaintiffs' attorneys;

 --  Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined or authorized by the Court's orders;

 --  Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

The Court invites the submission, no later than **September 23, 2016**, of individual applications for positions of membership or leadership of the PSC. The applications must be filed in MDL 2724. The main criteria considered will be willingness and availability to commit to a time-consuming project, ability to work cooperatively with others, and professional experience in this type of litigation. Applications should succinctly address each of the above criteria and any other relevant matters. No submissions longer than three pages will be considered. Only attorneys of record in this litigation may apply. Any objections to the

6

appointment of any applicant must be in writing, and must be filed in MDL 2724 no later than **September 30, 2016**. Objections must be succinct, and must be supported by necessary documentation. Finally, no later than **October 7, 2016**, applicants may file in MDL 2724 a reply to any such objection lodged against them.

    **C. DEFENDANTS' STEERING COMMITTEE**. The Defendants' Steering Committee ("DSC") shall, at a minimum, have the following responsibilities:

        **(1) DISCOVERY**. The DSC shall:

        -- Initiate, coordinate, and conduct all pretrial discovery on behalf of defendants in all actions which are consolidated with the instant Multidistrict Litigation;

        -- Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all defendants;

        -- Cause to be issued in the name of all defendants the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the trial of relevant issues;

        -- Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all defendants, in a fashion in keeping with practice guidelines to be established in subsequent discovery plans or orders of this Court.

        **(2) HEARINGS AND MEETINGS**. The DSC shall:

        -- Call meetings of defendants' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

--      Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

--      Examine witnesses and introduce evidence at hearings on behalf of defendants;

--      Communicate on behalf of all defendants at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any defendant's counsel to present non-repetitive individual or different positions.

**(3) MISCELLANEOUS**. In addition, the DSC shall:

--      Submit and argue any oral or written motions presented to the Court on behalf of the DSC and oppose when necessary any motions submitted by the defendants or other parties which involve matters within the sphere of the DSC;

--      Negotiate and enter into stipulations with Plaintiffs' Steering Counsel regarding this litigation. All such stipulations must be submitted to the Court for approval, except for purely administrative details. Any attorney not in agreement with a non-administrative stipulation may file with the Court a written objection thereto within 14 days after he or she knows or reasonably should have become aware of the stipulation. Failure to timely object shall be deemed a waiver, and the stipulation shall be binding on that party;

--      Explore, develop and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation;

8

      --      Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by defendants or their attorneys;

      --      Prepare periodic status reports summarizing the DSC's work and progress. These reports shall be submitted to the defendants' liaison counsel, who will promptly distribute copies to the other defendants' attorneys;

      --      Perform any task necessary and proper for the DSC to accomplish its responsibilities as defined or authorized by the Court's orders;

      --      Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

The Court invites the submission, no later than **September 23, 2016**, of individual applications for positions of membership or leadership of the DSC. The applications must be filed in MDL 2724. The main criteria considered will be willingness and availability to commit to a time-consuming project, ability to work cooperatively with others, and professional experience in this type of litigation. Applications should succinctly address each of the above criteria and any other relevant matters. No submissions longer than three pages will be considered. Only attorneys of record in this litigation may apply. Any objections to the appointment of any applicant must be in writing, and must be filed in MDL 2724 no later than **September 30, 2016**. Objections must be succinct, and must be supported by necessary documentation. Finally, no later than **October 7, 2016**, applicants may file in MDL 2724 a reply to any such objection lodged against them.

9

**5. MASTER DOCKET FILE.** The Clerk of Court will maintain a master docket case file styled *In Re: Generic Digoxin And Doxycycline Antitrust Litigation*, at Eastern District of Pennsylvania Action No. 16-md-2724. When a pleading is intended to be applicable to all actions, the caption should state "This Document Relates to All Actions." When a pleading is intended to apply to fewer than all cases, this Court's civil action number for each individual case to which the document relates shall appear immediately after the words "This Document Relates To." **All pleadings, motions, and other filings that apply to individual cases must be cross-filed, electronically through Electronic Case Filing ("ECF") to the master docket and to the individual civil action dockets.** All motions currently pending in individual cases must be cross-filed to the master docket within 14 days of the date of this Order.

**6. FILING.** Documents after the initial complaint in any transferred action shall be filed with the Clerk of this Court and not with the transferor court. **All such pleadings must be filed electronically through ECF.** Counsel shall take steps as necessary to be registered as electronic filers in the Eastern District of Pennsylvania and to familiarize themselves with the Court's administrative procedures for filing as soon as practicable.

**7. APPEARANCES.** Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 83.2.6 and 83.2.7 are waived. Association of local counsel is not required.

10

**8. PRESERVATION**. All parties and their counsel are reminded of their duty, consistent with the Federal Rules of Civil Procedure, to take reasonable measures to preserve documents, electronically stored information and things that are potentially relevant.

**9. COMMUNICATION WITH THE COURT**. Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to all other counsel.

It is so **ORDERED.**

**BY THE COURT:**

CYNTHIA M. RUFE, J.