## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC DIGOXIN AND DOXYCYCLINE ANTITRUST LITIGATION | MDL No. 2724<br>No. 16-md-2724 |
| **THIS DOCUMENT RELATES TO:**<br><br>*Direct Purchaser Plaintiff  and End-Payer Plaintiff Actions* | **HON. CYNTHIA M. RUFE** |

## DIRECT PURCHASER CLASS PLAINTIFFS' AND END-PAYER CLASS PLAINTIFFS' PROPOSALS FOR APPOINTMENT OF LIAISON COUNSEL

Pursuant to paragraph 4.A of Pretrial Order No. 1 (ECF No. 2), Direct Purchaser Plaintiffs[1] (DPPs) and End-Payer Plaintiffs[2] (EPPs) herein respectfully propose candidates for appointment of Liaison Counsel for DPPs and Liaison Counsel for EPPs.

---

[1] Direct-Purchaser Plaintiff class actions include: *KPH Healthcare Services, Inc. v. Lannett Co., Inc.*, No. 16-cv-2432 (E.D. Pa.); *Rochester Drug Co-Operative, Inc. v. Allergan plc*, No. 16-cv-3189 (E.D. Pa.); *Cesar Castillo Inc. v. Allergan plc*, No. 16-cv-3525 (E.D. Pa.); and *Ahold USA, Inc. v. Lannett Co. Inc.*, No. 16-cv-3844.

[2] End-Payer Plaintiff class actions include: *Int'l Union of Operating Engineers Local 30 Benefits Fund v. Lannett Co., Inc.,* No. 16-cv-990 (E.D. Pa.); *NECA-IBEW Welfare Trust Fund v. Allergan plc,* No. 16-cv-1371 (E.D. Pa.); *Tulsa Firefighters Health and Welfare Trust v. Allergan plc,* , No. 16-cv-1388 (E.D. Pa.); *Twin Cities Pipe Trades Welfare Fund  v. Lannett Co. Inc.*, No. 16-1534 (E.D. Pa.); *Carpinelli v. Lannett Co., Inc.*, No. 16-cv-1954 (E.D. Pa.); *Fraternal Order of Police, Miami Lodge 20 Ins. Trust Fund v. Allergan plc*, No. 16-cv-2031 (E.D. Pa.); *Diamond v. Lannett Co., Inc.*, No. 16-cv-2077 (E.D. Pa.); *UFC Local 1500 Welfare Fund v. Allergan plc*, No. 16-cv-2169 (E.D. Pa.); *Minnesota Laborers Health and Welfare Fund v. Lannett Co., Inc.*, No. 16-cv-2191 (E.D. Pa.); *Phila. Fed'n of Teachers Health and Welfare Fund v. Lannett Co. Inc.*, No. 16-cv-2468 (E.D. Pa.); *United Food & Commercial Workers and Emp. Ariz. Health & Welfare Trust v. Lannett Co., Inc.*, No. 16-cv-2810 (E.D. Pa.); *McCrary v. Lannett Co., Inc.*, No. 16-cv-3091 (E.D. Pa.); *Plumbers & Pipefitters Local 33 Health and Welfare Fund v. Allergan plc,* No. 16-cv-3576 (E.D. Pa.); *Plumbers & Pipefitters Local 178 Health and Welfare Fund v. Lannett Co., Inc.*, No. 16-cv-3635 (E.D. Pa.); and *City of Providence, R.I. v. Allergan plc.,* No. 16-cv-214 (D.R.I.).

1. **DPP and EPP Proposals for Appointment of Liaison Counsel.**

DPPs and EPPs plead common allegations that Defendants engaged in an unlawful price-fixing scheme for generic digoxin and doxycycline. But, as explained further below, DPP and EPP classes differ in significant ways. Most notably, their damages claims arise under different laws and, consequently, their interests diverge in key respects.

Accordingly, mindful of the requirements of "structural assurance of fair and adequate representation for the diverse groups . . . affected," *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 627 (1997), and consistent with the Court's Order that "[c]ounsel for each group of parties whose interests are similarly aligned . . . confer and seek consensus on candidates for the position of Liaison Counsel" (PTO No. 1 at 3), Plaintiffs respectfully request the appointment of separate and independent Liaison Counsel for Direct-Purchaser Plaintiffs and End-Payer Plaintiffs to perform the administrative functions outlined by the Court.

   A. **Proposed Liaison Counsel for Direct-Purchaser Plaintiffs.**

Direct Purchaser Plaintiffs unanimously propose the following candidate for appointment as Liaison Counsel for their plaintiff group:

> Dianne M. Nast
> NAST LAW LLC
> 1101 Market Street, Suite 2801
> Philadelphia, PA 19107
> Tel: (215) 923-9300
> Fax: (215) 923-9302
> dnast@nastlaw.com

Led by Dianne M. Nast, NastLaw LLC attorneys combine over 85 years of complex civil litigation experience. The firm's focus is on complex civil litigation, including pharmaceutical antitrust litigation. Firm founder, Dianne Nast, brings decades of complex litigation experience to the firm. Ms. Nast's curriculum vitae and firm resume are attached hereto as Exhibit A.

### B. Proposed Liaison Counsel for End-Payer Plaintiffs.

End-Payer Plaintiffs unanimously[3] propose the following candidate for appointment as

Liaison Counsel for their plaintiff group:

> Roberta D. Liebenberg
> FINE, KAPLAN AND BLACK, R.P.C.
> One South Broad Street, 23rd floor
> Philadelphia, PA 19107
> (Tel): 215-567-6565
> rliebenberg@finekaplan.com

Fine, Kaplan and Black (FKB) is a nationally recognized firm with a long track record of

success in complex antitrust litigation, including pharmaceutical antitrust litigation such as this.

Roberta Liebenberg has extensive experience litigating in this District, is familiar with its

procedures and protocols, and is eminently qualified to perform the tasks required of liaison

counsel. Ms. Liebenberg's curriculum vitae and that of her firm partner Paul Costa, who will

assist her in this matter, along with FKB's firm resume, are attached hereto as Exhibit B.

### 2. Appointment of Independent Liaison Counsel for Each Plaintiff Group Is Warranted.

#### A. DPPs and EPPs are differently situated and bring different claims.

This multidistrict litigation involves two distinct proposed classes: (1) direct

purchasers—business entities that purchased generic digoxin and doxycycline directly from

Defendants at allegedly artificially inflated prices; and (2) end-payers—persons and entities that

purchased, paid, or provided reimbursement for some or all of the allegedly artificially inflated

purchase price of generic digoxin or doxycycline manufactured by Defendants, but that neither

purchased directly from Defendants nor resold the products.  Not only are the class members

---

[3] The case filed by End-Payer Plaintiff City of Providence, Rhode Island has not yet been transferred to this District and is not yet before the Court, but City of Providence does not oppose this appointment.

differently situated, but also, with the exception of claims for injunctive relief under the federal antitrust laws, they bring different claims: DPPs bring treble damages claims for violation of Section 1 of the Sherman Act,[4] while EPPs bring damages claims under the antitrust laws, consumer protection statutes, and common law of 31 states and the District of Columbia.[5]

This is a result of federal antitrust law, which presents materially distinct issues for direct purchasers and end-payers. In *Illinois Brick Co. v. Illinois*, the Supreme Court held that, with limited exceptions, only those who purchase an allegedly price-fixed product *directly* from a defendant have antitrust standing to seek damages under Section 4 of the Clayton Act, 15 U.S.C. § 15. 431 U.S. 720 728-29, 746 (1977); *see also Mid-W. Paper Prod. Co. v. Cont'l Grp., Inc.*, 596 F.2d 573, 577 (3d Cir. 1979).  Indirect purchasers (here, end-payers) of a price-fixed product—that is, those further down the distribution chain—are thus generally barred from seeking money damages under the federal antitrust laws, but still may bring claims for injunctive relief from such violations under Section 16 of the Clayton Act, *Midwest Paper Prod. Co.*, 596 F.2d at 590-94, and claims for damages under state antitrust statutes and other relevant state law, *California v. ARC Am. Corp.*, 490 U.S. 93, 101 (1989).

Although proof of liability will be common to both direct-purchaser and end-payer classes, because they are differently situated in terms of the types of damages claims they bring

---

[4] *See, e.g.*, Compl. at 33, *KPH Healthcare Servs., Inc. a/k/a Kinney Drugs, Inc. v. Lannett Co., Inc.*, No. 16-cv-2432 (E.D. Pa. May 18, 2016) (bringing claims for damages and injunctive relief under the Sherman and Clayton Acts).

[5] *See, e.g.*, Am. Compl. at 49 & n.63, *Int'l Union of Operating Engineers Local 30 Benefits Fund v. Lannett Co. Inc.,* No. 16-cv-990 (E.D. Pa. June 9, 2016) (bringing claims for injunctive relief under the Sherman Act and for damages under the competition and consumer protection laws of Alabama, Arkansas, Arizona, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia and Wisconsin).

and, correspondingly, the nature of the proof they must present, the interests of the classes are not completely aligned at all stages of the litigation. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262, 2011 WL 5007957, at *2 (S.D.N.Y. Oct. 18, 2011). Accordingly, the discovery and expert analyses required and sought by each class, though overlapping in some respects, will differ significantly on certain issues. Likewise, interests at settlement may differ as each plaintiff group seeks to maximize recovery for its members from the settlement. *See, e.g., LIBOR*, 2011 WL 5007957, at *2 (noting potential for differing positions in litigation and settlement).

This distinction between direct- and indirect-purchaser claims in cases centralized before one court, as here, is regularly reflected in the case management structure adopted. For example, rather than consolidating direct and indirect (including end-payer) purchaser actions together in a single complaint, courts typically coordinate the cases as separate actions, requiring cooperation between those groups for discovery and other pre-trial matters, but maintain separate actions and order that separate consolidated class action complaints be filed for each. *See, e.g.*, Case Management Order No. 1 Consolidating & Coordinating Cases, *In re Lipitor Antitrust Litig.*, No. 12-cv-2389 (D.N.J. Aug. 10, 2012) (ECF No. 109) (coordinating direct-purchaser and end-payer actions, consolidating direct purchaser actions, consolidating end-payer purchaser actions, and directing each plaintiff group to file separate consolidated class action complaints).[6]

**B. Appointment of separate, independent Liaison and Interim Class Counsel for each plaintiff group is an accepted management practice in antitrust cases.**

This Court's Pretrial Order No. 1, in directing applications for a plaintiffs' steering

---

[6] *See also, e.g.*, Pre-trial Order No. 2, *In re Effexor XR Antitrust Litig.*, No. 11-cv-5479 (D.N.J. Dec. 13, 2011) (ECF No. 85) (coordinating direct and end-payer purchaser actions); *In re Remeron End-Payor Antitrust Litig.*, No. 02-cv-2007, 2005 WL 2230314, at *2 (D.N.J. Sept. 13, 2005) (noting the court had ordered coordinated discovery in the end-payer and direct purchaser actions).

committee and proposals for appointment of liaison counsel, recognizes the need for a leadership

structure to ensure efficient prosecution of litigation. Courts overseeing multidistrict class actions

involving numerous plaintiffs and complaints routinely appoint interim class counsel under Rule

23(g)(3) of the Federal Rules of Civil Procedure, which authorizes this designation prior to class

certification.  *See* H. Newberg & A. Conte, Newberg on Class Actions, §9.35 at 387 (4th ed.).

And where, as here, the litigation includes both direct- and indirect-purchaser actions under state

and federal antitrust laws, courts in this Circuit and in others typically appoint separate liaison

counsel (and separate interim class counsel) for each plaintiff group. *See, e.g.*, Case Management

Order Nos. 1 & 4, *In re Processed Egg Prods. Antitrust Litig.*, No. 08-md-2002 (E.D. Pa. Dec.

12, 2008 & Jan. 9, 2009) (ECF Nos. 3 & 20) (appointing interim co-lead class counsel and

liaison counsel for direct purchaser plaintiffs and inviting petitions from indirect purchaser

plaintiffs for same, and appointing interim co-lead class counsel and liaison counsel for indirect

purchaser plaintiffs, respectively).[7]

---

[7] Additional examples in this Circuit include: Order, *In re Niaspan Antitrust Litig.,* No.
13-md-2460 (E.D. Pa. Dec. 23, 2013) (ECF No. 36) (appointing separate leadership and liaison
counsel for direct purchaser and end-payer actions); Pretrial Order #2, *In re Suboxone
(Buprenorphine Hydrochloride and Naloxone) Antitrust Litig.*, No. 13-md-2445 (E.D. Pa. Aug.
7, 2013) (ECF No. 44) (appointing separate leadership and liaison counsel for direct and indirect-
purchaser plaintiffs); Case Management Order No. 1 Consolidating & Coordinating Cases, *In re
Lipitor Antitrust Litig.*, No. 12-cv-2389 (D.N.J. Aug. 10, 2012) (ECF No. 109) (same); Case
Management Order # 2 Appointing Interim Class Counsel, *In re Effexor XR Antitrust Litig.*, No.
11-cv-5479 (D.N.J. Dec. 13, 2011) (ECF No. 85) (same); Case Management Order No. 5, *In re
Chocolate Confectionary Antitrust Litig.*, No. 08-mdl-1935 (M.D. Pa. July 14, 2008) (ECF No.
387) (appointing separate lead counsel, local counsel, and executive committees for direct
purchaser plaintiffs, indirect business purchaser plaintiffs, and indirect end-user plaintiffs);
Orders*, In re Hydrogen Peroxide Antitrust Litig.*, No. 05-cv-666, MDL No. 1682 (E.D. Pa. Mar.
28, 2005 & Oct. 13, 2005) (ECF Nos. 25 and 97) (appointing interim co-lead counsel for direct-
purchaser plaintiffs, and appointing interim co-lead counsel for indirect-purchaser plaintiffs and
directing IPPs to coordinate and communicate with direct purchaser plaintiffs).

Examples from outside this Circuit include: Mem. & Order, *In re Parking Heaters
Antitrust Litig.*, No. 15-md-940 (E.D.N.Y. Aug. 11, 2015) (ECF No. 49) (appointing separate
interim co-lead counsel and liaison for DPPs and IPPs); Order Following Case Management

Consistent with this accepted practice, Plaintiffs respectfully request that the Court do the same here, and appoint separate liaison counsel for each plaintiff group.  Counsel for the Plaintiffs also believe that the Court should appoint separate leadership for each proposed class and will be prepared to discuss this issue at the September 8, 2016 Case Management Conference.

### 3. All Plaintiffs Support the Appointment of Liaison Counsel for Defendants.

Plaintiffs appreciate the Court's request for nominations by the Defendants for Defense Liaison Counsel and believe such an appointment will facilitate the efficient and effective management of these matters.

---

Conference, *In re Resistors Antitrust Litig.*, No. 15-cv-3820 (N.D. Cal. Dec. 21, 2015) (ECF No. 89) (appointing separate interim lead class counsel for direct purchaser plaintiffs and indirect purchaser plaintiffs); Am. Case Management Order No. 1, *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12-md- 2409 (D. Mass. Jan. 16, 2013) (ECF No. 85) (recognizing the need for separate organizational structures to protect the respective classes); Order Appointing Interim Lead and Liaison Counsel for Direct Purchaser Actions & Order Appointing Interim Lead and Liaison Counsel for Indirect Purchaser Actions, *In re Auto. Wire Harness Systems Antitrust Litig.*, No. 12-md-2311 (E.D. Mich. Mar. 19, 2012 & Mar. 23, 2012) (ECF Nos. 60 & 65) (appointing interim lead and liaison counsel for direct purchaser plaintiffs and granting end-payer plaintiffs' application for appointment of interim co-lead class counsel, respectively); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11- md-2262, 2011 WL 5007957, at **2-3 (S.D.N.Y. Oct. 18, 2011) (finding that it is a "commonsense approach" to divide plaintiffs into putative classes and appoint interim counsel for each class because joint representation of differently positioned classes creates a potential conflict); *In re Packaged Ice Litig.*, No. 08-md-01952, 2009 WL 1518428, at *1 (E.D. Mich. June 1, 2009) (in antitrust action, appointing separate liaison and interim class counsel for direct and indirect purchaser classes);  *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. 07-md-1827 (N.D. Cal. July 13, 2007) (order appointing separate interim counsel for classes of direct purchasers and indirect purchasers).

Dated: September 1, 2016

Respectfully submitted,

/s/ Dianne M. Nast_____

Bonny E. Sweeney
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
Email: bsweeney@hausfeld.com

*Counsel for End-Payer Plaintiff*
*International Union of Operating*
*Engineers Local 30 Benefits Fund*

Alexandra S. Bernay
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: (619) 231-1058
Fax: (619) 231-7423
Email: xanb@rgrdlaw.com

*Counsel for End-Payer Plaintiff*
*NECA-IBEW Welfare Trust Fund*

Gregory S. Asciolla
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Email: gasciolla@labaton.com

Roberta D. Liebenberg *(Proposed EPP Liaison)*
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd floor
Philadelphia, PA 19107
Tel: (215) 567-6565
Email: rliebenberg@finekaplan.com

*Counsel for End-Payer Plaintiffs*
*Tulsa Firefighters Health and Welfare Trust*
*and UFCW Local 1500 Welfare Fund*

Dianne M. Nast
NAST LAW LLC
1101 Market Street, Suite 2801
Philadelphia, PA 19107
Tel: (215-923-9300
Fax: (215) 923-9302
dnast@nastlaw.com

*Proposed DPP Liaison Counsel*

Michael L. Roberts
ROBERTS LAW FIRM, P.A.
20 Rahling Circle
Mailing Address: P.O. Box 241790
Little Rock, AR 72223
Tel. (501) 821-5575
Fax. (501) 821-4474
mikeroberts@robertslawfirm.us

*Among Counsel for KPH Healthcare*
*Services, Inc. a/k/a Kinney Drugs*

Linda P. Nussbaum
NUSSBAUM LAW GROUP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Tel. (917) 438-9102
lnussbaum@nussbaumpc.com

*Among Counsel for Direct-Purchaser*
*Plaintiff César Castillo Inc.*

Heidi M. Silton
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S., Suite 2200
Minneapolis MN  55401
Tel: (612) 339-6900
Fax: (612) 339-0981
Email: hmsilton@locklaw.com

*Counsel for End-Payer Plaintiffs Minnesota*
*Laborers Health and Welfare Fund*
*and Twin Cities Pipe Trades Welfare Fund*

Cadio Zirpoli
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Tel:  (415)  217-6810
Fax:  (415)  217-6813
Email: cadio@saveri.com

*Counsel for End-Payer Plaintiff*
*Edward Carpinelli*

Mindee J. Reuben
LITE DEPALMA GREENBERG, LLC
1835 Market Street, Suite 2700
Philadelphia, PA 19103
Tel: (267) 314-7980
Fax: (973) 623-0858
Email: mreuben@litedepalma.com

*Counsel for End-Payer Plaintiff*
*Nina Diamond*

Jayne A. Goldstein (Pa. ID No. 48048)
POMERANZ LLP
1792 Bell Tower Lane, Suite 203
Weston, FL 33326
Telephone: (954) 315-3454
jagoldstein@pomlaw.com

*Counsel for End-Payer Plaintiff Fraternal*
*Order of Police, Miami Lodge 20, Insurance*
*Trust Fund*

David F. Sorensen
BERGER & MONTAGUE, P.C.
1622 Locust street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
Email: dsorensen@bm.net

*Among Counsel for Direct Purchaser*
*Plaintiff Rochester Drug Co-operative, Inc.*

Thomas M. Sobol
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel. (617) 482-3700
Fax. (617) 482-3003
Email: tom@hbsslaw.com

*Among Counsel for Direct Purchaser*
*Plaintiff Ahold USA, Inc.*

Marc H. Edelson, Esq.
EDELSON & ASSOCIATES, LLC
3 Terry Drive, Suite 205
Newtown, PA 18940
Tel: (215) 867-2399
Fax: (267) 685-0676
Email: medelson@edelson-law.com

*Counsel for End-Payer Plaintiff Philadelphia*
*Federation of Teachers Health and Welfare Fund*

Steven Williams
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577
Email: swilliams@cpmlegal.com

*Counsel for End-Payer Plaintiff United Food and*
*Commercial Workers and Employers Arizona*
*Health and Welfare Trust*

Lisa Saveri
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Tel:  (415)  217-6810
Fax:  (415)  217-6813
Email: lisa@saveri.com

*Counsel for End-Payer Plaintiff Otis McCrary*

Fred T. Isquith
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York NY 10016
Tel:  (212) 545-4600
Fax:  (212) 545-4653
Email: isquith@whafh.com

*Counsel for End Payer Plaintiff Plumbers*
*& Pipefitters Local 33 Health*
*and Welfare Fund*

Lee Albert
GLANCY PRONGAY & MURRAY LLP
122 East 42nd Street, Suite 2920
New York, NY 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: lalbert@glancylaw.com

*Counsel for End-Payer Plaintiff Plumbers*
*& Pipefitters Local 178 Health and*
*Welfare Fund*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016, a copy of the foregoing was served upon all counsel of record via ECF.

*/s/ Dianne M. Nast*
Dianne M. Nast