IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC DIGOXIN AND DOXYCYCLINE ANTITRUST LITIGATION | Case No. 2:16-MD-2724<br>MDL No. 2724<br><br>Hon. Cynthia M. Rufe |
| This Document Relates to: Indirect Purchaser Actions | |

**APPLICATION OF WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
ON BEHALF OF PLAINTIFF PLUMBERS & PIPEFITTERS
LOCAL 33 HEALTH AND WELFARE FUND FOR APPOINTMENT AS LEAD
COUNSEL OF END-PAYOR PLAINTIFFS' STEERING COMMITTEE OR
<u>MEMBERSHIP IN PLAINTIFFS' STEERING COMMITTEE</u>**

Thomas H. Burt of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), counsel for Plaintiff Plumbers & Pipefitters Local 33 Health and Welfare Fund, respectfully submits this application in support of the application of Lead (or Co-Lead) Counsel of the Plaintiffs' Steering Committee or, in the alternative, an appointment to the Plaintiffs' Steering Committee on behalf of the End-Payor Plaintiffs within the leadership structure proposed by this Court in its Pretrial Order No. 1. *See* Dkt. No. 2.

Wolf Haldenstein has extensive experience in the realm of class action antitrust litigation, and has been appointed to numerous leadership positions in major, high-profile indirect purchaser antitrust MDLs. *See* Ex. A, Wolf Haldenstein Adler Freeman & Herz LLP Firm Resume. Foremost, we currently serve as sole lead counsel for the End Payor Purchaser Plaintiffs in *In re Packaged Seafood Products Antitrust Litigation*, Case No. 3:15-md-2670, S.D. Ca. Wolf Haldenstein is also co-lead counsel for the Indirect Purchaser Plaintiffs in *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, Case No. 1:4-md-2542, S.D.N.Y.

1

Wolf Haldenstein has leadership positions in other consumer protection litigation involving medical products or consumer health as well, including memberships in the steering or executive committees of *In re GNC Picamilon/BMPEA Litigation*, Case No. 2:15-cv-1391, W.D. Pa.; *In re Disposable Contact Lens Antitrust Litigation,* 3:15-md-2626, M.D. Fla.; and (anticipated following consolidation) *Lambrakis v. Playtex Products LLC, et al.,* Case No. 1:16-cv-3371, E.D.N.Y.

Fed. R. Civ. P. 23(g)(1)(A) sets the requirements for the appointment of class counsel, and such requirements generally instruct the court's decision to appoint interim lead or co-lead counsel as well. Wolf Haldenstein has a history of lead, co-lead, steering committee, or similar substantial involvement in MDLs involving nationwide antitrust conspiracies, including those involving industrial chemicals. Such cases include *In re: Dynamic Random Access Memory Antitrust Litigation*, MDL No. 1486, N.D. Cal.; *In re: Industrial Gas Antitrust Litigation*, Case No. 1:80-cv-3479, N.D. Ill.; *In re: Infant Formula Antitrust Litigation*, MDL No. 878, N.D. Fla.; *In re: Prescription Drugs Antitrust Litigation*, MDL No. 997, N.D. Ill.; *Ward et al. v. Apple, Inc.*, Case No. 4:12-cv-5404, N.D. Cal.; and *In re: Evanston Northwestern Healthcare Antitrust Litigation*, Case No. 1:06-cv-4446, N.D. Ill.

Wolf Haldenstein's recent, ongoing experience as lead counsel for large, national indirect purchaser antitrust litigation is particularly important to the present case. Indirect purchaser antitrust litigation, in the wake of *Illinois Brick Co. v. Illinois* (431 U.S. 720 (1977)), is largely dependent upon a patchwork of state antitrust and consumer protection statutes for effective prosecution. Even the number of states which have formally or effectively repealed *Illinois Brick* is subject to interpretation based on Circuit, and some Circuits recognize *Illinois Brick* repealer jurisdictions which other Circuits do not. Wolf Haldenstein, in general, and Thomas

Burt, in particular, have detailed familiarity with the state-by-state requirements for bringing indirect purchaser antitrust actions in a way that few other firms can replicate, having fully briefed two motions to dismiss on a full slate of state antitrust and consumer protection statutes in the last two years.

Wolf Haldenstein has the resources of a national plaintiff's law firm with a practice group specializing in antitrust class action litigation. It is happy to commit both attorney time and resources to the litigation of this case as needed. Further, Wolf Haldenstein has strong relationships with many of the firms representing plaintiffs in this litigation, and prides itself on its ability to work cooperatively with everyone.

However, regardless of the decisions this court makes regarding the top-level appointments, Wolf Haldenstein respectfully submits that its works done in identifying and investigating potential claims on behalf of its client, its extensive experience in nationwide antitrust class actions (especially indirect purchaser class actions), its great familiarity with applicable law, and its resources make it extremely well qualified to serve as lead (or co-lead) counsel for the indirect purchasers or on the Plaintiffs' Steering Committee.

Dated: September 23, 2016                    Respectfully submitted,

                                                 /s/ Thomas H. Burt
Thomas H. Burt
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 545-4653
burt@whafh.com

*Counsel for Plaintiff Plumbers & Pipefitters Local 33 Health and Welfare Fund*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that one September 23, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Thomas H. Burt
Thomas H. Burt
