UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC DIGOXIN AND DOXYCYCLINE ANTITRUST LITIGATION | MDL NO. 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | HON. CYNTHIA M. RUFE |

APPLICATION OF THE CITY OF PROVIDENCE, RHODE ISLAND
FOR THE APPOINTMENT OF MICHAEL M. BUCHMAN
TO THE END-PAYOR PLAINTIFFS' STEERING COMMITTEE

Pursuant to this Court's Pretrial Order No. 1 dated August 15, 2016, The City of Providence, Rhode Island ("Providence") respectfully moves for the appointment of Michael M. Buchman of Motley Rice LLC ("MR") as Chair or a member of the End-Payor Plaintiffs' Steering Committee ("PSC").[1] Motley Rice is one of the nation's largest, most experienced, and well respected Plaintiffs' litigation firms with 79 licensed attorneys and 262 employees in nine offices[2] across the country.[3] The firm, which has received a number of awards,[4] is deep in talent and well-capitalized, enabling it to prosecute cases through trial.[5] With regard to this case, MR spent considerable time and money conducting economic analysis and pre-complaint investigation with a highly regarded economist since January 16, 2015 – more than one year before the first action was commenced.[6]

**Experience**:  Mr. Buchman, a former Assistant Attorney General in the Antitrust Bureau of the New York State Attorney General's Office, received an LL.M. in International Antitrust and Trade Law from Fordham University School of Law in 1993.[7]  Since joining the private bar 20 years ago, he has

---

[1] Providence is likely the largest End-Payor class representative with over 5,000 city employees, more than 12,000 lives covered, and Doxycycline/Digoxin purchases totaling over $500,000.00 during the class period.  Fed. R. Civ. P. 23(g)(1)(B).  Given the size of its purchases, Providence is a highly motivated class representative with a desire to be represented by its experienced counsel of choice.  Supporting documents can be produced *in camera* upon request.

[2] Mt. Pleasant, South Carolina; New York, New York; Washington, D.C.; Providence, Rhode Island; Hartford, Connecticut; Morgantown, West Virginia; Charleston, West Virginia; New Orleans, Louisiana; and Kansas City, Missouri.

[3] Fed. R. Civ. P. 23(g)(1)(A)(iv).

[4] The firm and its attorneys have been included in such publications as *Chambers and Partners USA Guide, The Legal 500 United States,* Lawdragon™ *500 Leading Lawyers in America, Super Lawyers®, The Best Lawyers in America®, U.S. News - Best Lawyers®* "Best Law Firms," *The National Law Journal's* Plaintiffs' Hot List, and others.

[5] MR co-founder Joseph F. Rice was one of the lead negotiators for the largest civil settlement (Master Tobacco – $246b), the largest class action settlement (BP Oil Spill – $7.8b), and the largest vehicle-related consumer fraud settlement (VW Clean Diesel – $15b).  Mr. Rice and Fred Thompson III, who was appointed by this Court to the *Avandia* PSC, are available to assist with issues which arise in this case, including settlement discussions.

[6] Fed. R. Civ. P. 23(g)(1)(A)(i).

[7] A copy of his firm biography can be found at http://motleyrice.com/attorney/michael-m-buchman.  He has never been denied admission, subject to discipline nor sanctioned by any court or state bar.

been involved in some of the largest antitrust class actions in the history of the Sherman Act.[8]  Mr. Buchman is a recognized[9] leader[10] in developing and litigating indirect purchaser generic drug antitrust cases[11] and has served or presently serves in a leadership role in at least 18 such actions.[12]  He also serves as private counsel for the State of Louisiana in generic drug antitrust litigations.[13]  Based upon his years of experience and working knowledge in this area, he can effectively and efficiently address all litigation

---

[8]     *In re NASDAQ Market Makers Antitrust Litig.*, MDL 1023 (S.D.N.Y.) ($1.027 billion settlement); *In re Visa Check/Mastermoney Antitrust Litig.*, 96 Civ. 5238 (E.D.N.Y.) ($3 billion settlement); *In re Payment Card Interchange Fee Antitrust Litig.*, 05 md 01720 (JG)(JO) (representing one of the largest retailer class representative in an approximately $7.2 billion currently pending case).

[9]     He recently has been named to *New York Metro Super Lawyers* (2014, 2015), and by *Best Lawyers in America* (2016).

[10]    Co-Chair, HarrisMartin's Antitrust Pay For Delay Litigation Conference, Sept. 2015; Co-Chair, HarrisMartin's Antitrust Pay For Delay Litigation Conference, Sept. 2014.

[11]    *See e.g., Teamsters Local 404 Health Servs. & Ins. Plan v. King Pharms., Inc.*, No. 15 cv 4666, 2016 WL 1138501 (S.D.N.Y. 2016) (seeking access to "secret" Epipen settlement agreement a year before national interest arose concerning Epipen pricing); *A.F. of L. - A.G.C. Bldg. Trades Welfare Plan v. Teva Pharms. et al.*, No. 16 cv 5056 (E.D. Pa.) (Davis, J.)(first Pravastatin generic to generic case filed which will require coordination with this case given the common Mylan Defendant.).

[12]    *In re Actos Antitrust Litig.*, No. 13-cv-9244 (S.D.N.Y.) (pending challenge to exclusion payment agreement); *In re Aggrenox Antitrust Litig.*, 14-md-2516 (D. Conn.) (pending challenge to exclusion payment agreement); *In re Augmentin Antitrust Litig.*, 2:02 cv 442 (E.D. Va.) ($29 million settlement); *In re Buspirone Antitrust Litig.*, MDL 1413 (S.D.N.Y.) ($90 million settlement); *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, No. 00-md-1383 (E.D.N.Y.) (pre-*Actavis* challenge to reverse payment agreement); *In re Effexor XR Antitrust Litig.*, No. 11-cv-5590 (D.N.J.) (pending challenge to exclusion payment agreement); *In re Flonase Antitrust Litig.*, 08 Civ. 3301 (E.D. Pa.) ($46 million settlement) (Brody, J.); *In re K-Dur Antitrust Litig.*, MDL 1419 (D.N.J.) (pre-*Actavis* challenge to reverse payment agreements); *In re Lipitor Antitrust Litig.*, MDL 2332 (D.N.J.) (pending challenge to exclusion payment agreement); *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-2472 (D.R.I.) (pending challenge to exclusion payment agreement); *In re Niaspan Antitrust Litig.*, No. 13-md-2460 (E.D. Pa.) (pending challenge to exclusion payment agreements) (DuBois, J.); *In re Ovation Antitrust Litig.*, Civ Action No. 09-1375 (D. Minn.) (challenge to monopolization of drug used to treat newborn congenital heart defects); *In re Relafen Antitrust Litig.*, Master File No. 01-12222-WGY (D. Mass. 2001) ($75 million settlement); *In re Solodyn (minocycline hydrochloride) Antitrust Litig.*, 14-md-2503 (D. Mass.) (pending challenge to exclusion payment agreement); *In re Suboxone Antitrust Litig.*, No. 13-md-2445 (E.D. Pa) (Goldberg, J.) (pending challenge to brand manufacturer's scheme involving product hopping and a sham Citizen Petition) (Goldberg, J.); *In re Tamoxifen Citrate Antitrust Litig.*, MDL 1048 (E.D.N.Y.) (pre-*Actavis* challenge to reverse payment agreement); *In re Toprol XL Antitrust Litig.*, 06 Civ. 71 (D. Del.) ($11 million settlement); *In re Wellbutrin SR/Zyban Antitrust Litigation*, 2:04-cv-5525 (E.D. Pa.) ($21.5 million settlement) (Stengel, J.).

[13]    Supporting citation/documents can be produced *in camera* upon request.

issues which will arise in this case. Notably, it appears that he is one of only two End-Payor lawyers in this proceeding who has achieved Rule 23 post-*Hydrogen Peroxide*[14] indirect purchaser generic drug litigated class certification.[15] In *Flonase*, the Honorable Anita B. Brody commended Mr. Buchman as Co-Lead Counsel for the End-Payor class as follows:

> Class Counsel are highly regarded in the complex class action and antitrust communities. The manner in which they conducted this complicated and lengthy litigation demonstrates skill and expertise. Indeed, counsel for both sides were knowledgeable, tenacious and highly skillful.[16]

**Ability to Work Cooperatively**: MR grew out of a business model that centers on working efficiently with law firms from across the country. The firm and Mr. Buchman have a proven track record of working cooperatively with both plaintiffs' and defense counsel, federal agencies, and Attorneys General. As Co-Lead Counsel in a number of pending generic antitrust cases, Mr. Buchman already is working effectively and efficiently with direct and indirect purchaser counsel participating in this case. MR supports the appointment of Samuel Rudman of Robbins Gellar Rudman & Dowd LLP to the PSC.

**Time and Resources**: MR and Mr. Buchman are able to commit the time and resources necessary to fully prosecute this matter to successful resolution. Simply put, Mr. Buchman's extensive generic drug experience and success, as well as the work he performed in developing this case, *Pravastatin*,[17] and other potential cases under investigation, make him eminently qualified and uniquely suited to serve as Chair or a member of the End-Payor PSC. Accordingly, Providence respectfully requests Mr. Buchman's appointment as Chair or a member of the End-Payor PSC in this litigation.

Dated: September 23, 2016                                                  Respectfully submitted,

                                                                By:  */s/ Michael M. Buchman*
                                                                     Michael M. Buchman
                                                                     Motley Rice LLC
                                                                     600 Third Avenue, NY, NY 10016

---

[14]    552 F.3d 305 (3d Cir. 2008).
[15]    *In re Flonase Antitrust Litig.*, 284 F.R.D. 207 (E.D. Pa. 2012) (Brody, J.).
[16]    *In re Flonase Antitrust Litig.*, No. 08-3301 (June 19, 2013 E.D. Pa.) (Brody, J.) (ECF No. 606).
[17]    *See supra* n. 11.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 23, 2016, I caused copies of the foregoing Application of The City of Providence, Rhode Island for the Appointment of Michael M. Buchman to The End-Payor Plaintiffs' Steering Committee to be electronically filed with the Clerk of the Court and served via the Court's CM/ECF service to all counsel of record.

      /s/ Michael M. Buchman

      Michael M. Buchman