**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:  GENERIC DIGOXIN AND** | : | **MDL NO. 2724** |
| **DOXYCYCLINE ANTITRUST LITIGATION** | : | **16-MD-2724** |
| | : | |
| | : | **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:** | : | |
| | : | |
| *ALL ACTIONS* | : | |

### PRETRIAL ORDER NO. 5

**AND NOW**, this 16th day of November 2016, after a status conference held this date,

and by agreement of the parties, the Court hereby enters the following Pretrial Order:

1. **Consolidated Class Action Complaints and Motions to Dismiss**

    a.      Direct-Purchaser Plaintiffs and End-Payer Plaintiffs shall file their respective

Consolidated Class Action Complaints within 60 days of the Court's appointment of the Direct-

Purchaser and End-Payer Plaintiffs' Steering Committees or Interim Class Counsel.

    b.      As stated in the Court's prior orders entered in certain actions centralized before

this Court,[1] Defendants shall answer, move or otherwise plead in response to the Consolidated

Class Action Complaints within 60 days of service of such Complaints.  In the event Defendants

move to dismiss any or all asserted claims:

    (1)      Defendants shall make good-faith efforts to coordinate and consolidate

common legal arguments in any motions to dismiss and accompanying briefs.

    (2)      Defendants are permitted to submit individual motions and briefs to allow

for Defendant-specific arguments.

---

[1] *E.g.*, Order ¶¶ 1(a), 2-3, *Int'l Union of Operating Engineers Local 30 Benefits Fund v. Lannett Co.*, No. 16-cv-990 (E.D. Pa. July 14, 2016) (Doc. No. 64).

c.      Direct-Purchaser Plaintiffs and End-Payer Plaintiffs shall each have 60 days from the filing and service of any motions to dismiss to file and serve any responses in opposition thereto.

d.      Any replies shall be filed within 45 days from the filing and service of any opposition memoranda.

e.      Before the filing of any motion to dismiss by Defendants, Plaintiffs and Defendants shall meet and confer regarding appropriate page limitations for memoranda in support of and in opposition to such motions, and for any replies, and submit to the Court a proposed order and stipulation regarding page limitations, or if the Parties cannot agree on page limitations, a proposed order identifying the differing proposals and a brief explanation by Plaintiffs, as a group, and Defendants, as a group, of the reasons therefor.

f.      If any filing deadline stated above falls on a weekend or federal holiday, any motions or memoranda shall be filed on the first business day following such a weekend or holiday.

## 2.      **Discovery Protocols**

a.      Within 30 days of the Court's appointment of the Plaintiffs' Steering Committees or Interim Class Counsel, the parties shall negotiate and submit to the Court a proposed Protective Order, or, if the parties cannot agree on all terms, then in lieu of an agreed- upon Protective Order, the Parties shall submit a proposed Protective Order identifying areas of agreement and areas of disagreement and a brief explanation of the Parties' positions regarding each area of disagreement.

b.      Within 60 days of the Court's appointment of the Plaintiffs Steering Committees or Interim Class Counsel, the Parties shall negotiate and submit to the Court (i) a proposed

2

protocol for the search for, and production format of, Electronically Stored Information and Documents, which shall include a protocol governing the production of privilege logs (the "ESI protocol"), and (ii) a proposed Document Preservation Protocol. If the parties cannot agree on all terms, then, within that same time period, in lieu of the agreed-upon Protocols, the Parties shall submit the proposed Preservation and Search and Production Protocols identifying areas of agreement and areas of disagreement and a brief explanation of each Parties' positions regarding each area of disagreement.

3.      **Acceptance of Service**

Defendants agree to accept service of the Summons and Complaints via email from plaintiffs' counsel, or, for Complaints already served, stipulate that Process and Service of Process was proper under Rule 4 of the Federal Rules of Civil Procedure for the following entities: Lannett Co., Par Pharmaceutical Companies, Inc., Mylan, Inc., Mylan Pharmaceuticals, Impax Laboratories, Inc., West-Ward Pharmaceuticals Corp., Sun Pharmaceutical Industries, Inc., and Actavis Holdco U.S., Inc.[2] Except as to sufficiency of process and service of process as to these entities, Defendants expressly reserve the right to challenge the complaints and any Consolidated Class Action Complaints, on any and all grounds, including personal jurisdiction. It is so **ORDERED.**

BY THE COURT:

CYNTHIA M. RUFE, J.

---

[2] In light of Teva Pharmaceuticals U.S., Inc.'s acquisition of the generic pharmaceutical business formerly owned by Allergan plc, Counsel for Actavis Holdco U.S., Inc. agree to accept service (1) of the summons and complaints filed by End-Payer Plaintiffs and Direct-Purchaser Plaintiffs centralized in this MDL that named as defendants Allergan plc, Actavis Inc., Actavis plc and (2) of the Consolidated Class Action Complaints that will be filed pursuant to this Order on behalf of Actavis Holdco U.S., Inc., a successor-in-interest to Allergan Finance, LLC (f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.), and an indirect wholly-owned subsidiary of Teva Pharmaceuticals U.S., Inc.  Plaintiffs have agreed to substitute Actavis Holdco U.S., Inc., for Allergan plc, Actavis Inc., or other named Actavis/Allergan entity in the Consolidated Class Action Complaints.