IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC DIGOXIN AND DOXYCYCLINE ANTITRUST LITIGATION ) ) ) ) ) | MDL No.: 2724<br><br>2:16-MD-2724-CMR |
| THIS DOCUMENT RELATES TO: ALL ACTIONS ) ) ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## UNCONTESTED MOTION OF THE UNITED STATES TO INTERVENE

The United States of America, through the Antitrust Division of the United States Department of Justice ("the Antitrust Division" or "the United States"), submits this memorandum of law in support of its uncontested motion to intervene in the above-captioned civil matter. The United States may intervene as a matter of right or, in the alternative, meets the criteria for permissive intervention because this litigation shares common questions of law and fact with an ongoing federal criminal investigation. Continued litigation of this consolidated action is likely to result in the disclosure of information that will harm the ongoing criminal antitrust investigation. For these reasons, the United States moves the Court to intervene in this matter.

## STATEMENT OF FACTS

Plaintiffs filed a series of lawsuits alleging price fixing and other antitrust violations against several defendant generic pharmaceutical companies. On August 5, 2016, civil litigation related to digoxin and doxycycline was consolidated for pretrial proceedings and transferred to this Court. (Aug. 5, 2016 Order, Dkt. [1].) On December 1, 2016, Plaintiffs filed their Motion for Production of Documents Previously Produced by Defendants to the Government ("Motion

1

to Compel"). (Pl.'s Mot. to Compel, Dkt. [85].) Pursuant to the schedule announced by the Court's December 14, 2016 Order, Defendants' deadline to respond to Plaintiff's Motion to Compel is January 6, 2017. (Dec. 14, 2016 Order, Dkt. [92].)

## ARGUMENT

The United States' criminal investigation into antitrust violations in the generic pharmaceutical industry presents circumstances that warrant intervention. The United States' intervention in this matter is appropriate under either Rule 24(a) or 24(b). *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

### A.  The United States is Entitled to Intervene as a Matter of Right

Under Federal Rule of Civil Procedure 24(a)(2), an applicant can intervene as a matter of right where: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *United States v. Terr. of the V.I.*, 748 F.3d 514, 519 (3d Cir. 2014) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). "Rule 24(a) is to be liberally construed in favor of intervention." *NLRB v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992) (citations omitted). The United States meets each of these standards for intervention in this civil action.

First, the United States' motion to intervene is timely. A court considers the totality of the circumstances when assessing the timeliness of a motion to intervene, including such factors as "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) (citing *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995)). Here, the litigation is in its earliest stages. This litigation was consolidated on August 5,

2016, and Plaintiffs filed their Motion to Compel on December 1, 2016. (Pl.'s Mot. to Compel, Dkt. [85].)  The United States seeks to intervene directly after the filing of that Motion and before Defendants' response deadline.  As such, the United States has exhibited no delay.

Second, the United States has a "significantly protectable" interest supporting a right of intervention.  *See In re Chocolate Confectionary Antitrust Litig.*, No. 1:08-mdl-1935, 2008 WL 4960194, at *1 (M.D. Pa. Nov. 18, 2008) (quoting *Mountain Top Condo Ass'n*, 72 F.3d at 366). "It is well established that the United States [] may intervene in a federal civil action … when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law or fact."  *SEC v. Mersky*, No. Civ. A 93-5200, 1994 WL 22305, at *1 (E.D. Pa. Jan. 25, 1994) (citations omitted). This civil litigation shares common questions of law and fact with the Antitrust Division's investigation into the generic pharmaceutical industry.

Third, the United States has a strong interest in ensuring the integrity of its ongoing criminal investigation. A party seeking to intervene as a matter of right must establish a "tangible threat to a legally cognizable interest."  *Mountain Top Condo Ass'n*, 72 F.3d at 366 (quoting *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987)).  Courts have found that, where the United States has an ongoing criminal investigation, related civil litigation can pose a risk to the United States' interest in the confidentiality of that investigation.  *See, e.g.*, *In re Sealed Case*, 237 F.3d 657, 663-64 (D.C. Cir. 2001); *Mersky*, 1994 WL 22305, at *5.

Finally, no existing party to this civil litigation adequately represents the United States' interest in maintaining the integrity of an ongoing criminal investigation.  *See In re Chocolate Confectionary Antitrust Litig.*, 2008 WL 4960194, at *1 ("none of the parties hereto adequately represent the [] government's [] interest in maintaining the integrity of its criminal

investigations"). Only the United States is in a position to explain to the Court why or how litigation of this civil action threatens to undermine the ongoing criminal investigation.

Accordingly, because the United States fulfills all the requirements of Rule 24(a), the United States is entitled to intervene as a matter of right.

> B. In the Alternative, the United States Should be Permitted to Intervene as a Matter of Discretion

Even if the Court should find that the United States is not entitled to intervene in this action as a matter of right, the Court should exercise its discretion to permit the United States to intervene. Federal Rule of Civil Procedure 24 permits a third party to intervene in an action, upon timely motion, when the movant "has a claim or defense that shares with the main action a common question of law or fact," FED. R. CIV. P. 24(b)(1)(B), and the intervention will not unduly delay the proceedings or prejudice the original parties. FED. R. CIV. P. 24(b)(3). All requirements are met here.

As discussed above, the United States' motion is timely and its on-going criminal antitrust investigation shares common questions of law and fact with this civil litigation. Additionally, Plaintiffs and Defendants do not oppose the United States' intervention.

Courts routinely permit the United States to intervene in actions such as the present case. To be sure, "it is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law or fact." *Mersky*, 1994 WL 22305, at *1 (quoting *SEC v. Downe*, No. 92-cv-4092, 1993 WL 22126 at *10 (S.D.N.Y. Jan 26, 1993)). *See also, e.g.*, *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2010 U.S. Dist. LEXIS 113796, at *48 (D. Kan. Oct. 21, 2010) (collecting cases); *In re Flash Memory Antitrust Litig.*, No. C 07-0086, 2007 WL 3119612, at *1 (N.D. Cal. Oct. 23, 2007) (citing cases).

Moreover, "Rule 24(b) expands the traditional concept of claim or defense insofar as intervention by a governmental officer or agency is concerned." *Metro Transp. Co. v. Balboa Ins. Co.*, 118 F.R.D. 423, 424 (E.D. Pa. 1987) (citing *Nuesse v. Camp*, 385 F.2d 694, 705 (D.C. Cir. 1967)).  Such intervention should "be granted liberally to governmental agencies because they purport to speak for the public interest." *Amalgamated Transp. Union, Local 1729 v. First Group Am. Inc.*, No. 2:15-cv-0806, 2016 WL 520989, at *2 (W.D. Pa. 2016) (citations and quotation marks omitted).

Accordingly, permitting the United States to intervene in this case is well within the Court's discretion.

## CONCLUSION

Because the United States meets the criteria to intervene as a matter of right—or in the alternative, as a matter of discretion—the Court should allow the United States to intervene in this civil action.

Dated: January 5, 2017

        Respectfully submitted,

        ___*/s/ Ellen R. Clarke*_____
        ELLEN R. CLARKE
        MARK C. GRUNDVIG
        JOSEPH C. FOLIO III
        F. PATRICK HALLAGAN
        Trial Attorneys, Washington Criminal I Section
        U.S. Department of Justice
        Antitrust Division
        450 5th St NW, Suite 11300
        Washington, DC 20530
        (202) 598-2662
        ellen.clarke@usdoj.gov

        COUNSEL FOR INTERVENOR-UNITED STATES