IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  GENERIC DIGOXIN AND DOXYCYCLINE ANTITRUST LITIGATION | : : | MDL NO. 2724 16-MD-2724 |
| | : : | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | : : | |
| *ALL ACTIONS* | : | |

PRETRIAL ORDER NO. 7
(PROTECTIVE ORDER)

AND NOW, this 26th day of January 2017, in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled in these actions (the "Litigation"), and upon consideration of the parties' stipulation, the Court enters this Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

1.    DEFINITIONS

1.1    Party: any party to this Litigation, including all of its officers, directors, principals, employees, consultants, retained experts, and Outside Counsel, as defined below.

1.2    Discovery Material: all documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Litigation.  This includes any material produced, filed, or served by any Party or person during discovery in this Litigation or any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or person (whether produced pursuant to Federal Rule of Civil Procedure 34, subpoena, or otherwise), and

responses to requests for admission. Discovery Material produced, exchanged, or disclosed in this Litigation shall be used only for the purposes of this Litigation, and not for any other proceeding, and not for any other business, competitive, personal, private, public, or other purpose.

1.3 Confidential Information or Items: information (regardless of how generated, stored or maintained), testimony or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c), including: (a) non-public, confidential, proprietary or commercial information not readily ascertainable through lawful means by the public or the Receiving Party; (b) information that is commercially sensitive, including, without limitation, research or business development; or (c) information kept confidential pursuant to law or regulation.

1.4 Highly Confidential Information or Items: information (regardless of how generated, stored, or maintained), testimony, or tangible things that contains competitive or highly sensitive information and which the Designating Party in good faith believes is "CONFIDENTIAL" as set forth under Paragraph 1.3 above, such as, *inter alia*: (a) trade secrets; (b) confidential research, development, testing, and studies relating to drug products; (c) sensitive financial or strategic commercial information, where disclosure of the information could cause harm to the competitive position of the Designating Party; (d) material or information in possession of a Party or person concerning which said Party or person has an independent obligation of confidentiality to a third party or person; (e) information relating to past, current or future pharmaceutical products other than digoxin or doxycycline products; or (f) an individual's family, financial, medical, personnel records, or other highly-sensitive or personally identifying information.

2

1.5    Receiving Party: a Party that receives Discovery Material from a Producing Party.

1.6    Producing Party: a Party or non-party that produces Discovery Material in this Litigation.

1.7.    Designating Party: a Party or non-party that designates information or items that it or another party or non-party produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

1.8    Protected Material: any Discovery Material that is designated as "Confidential" or as "Highly Confidential."

1.9    Outside Counsel: attorneys, as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators, who are not employees of a Party but who are retained to represent or advise a Party in this Litigation.

1.10    In House Counsel: attorneys and other personnel employed by a Party to perform legal functions as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators.

1.11    Counsel (without qualifier): Outside Counsel and In House Counsel.

1.12    Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Litigation, and who is not a current employee of a Party.

1.13    Professional Vendors: persons or entities that provide litigation support services (e.g., copying, organizing, filing, coding, converting, storing, retrieving data in any form or media or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system, etc.)  who

have been retained by a Party or its Counsel to provide litigation support services in this Litigation, and who are not current employees of a Party and their employees and subcontractors.

## 2.    SCOPE OF PROTECTIVE ORDER

This Order shall apply to all documents, things, and information subject to discovery in this Litigation that are owned, possessed, or controlled by a Party or a non-party and that contain the Party's or non-party's trade secrets or other confidential research, development or commercial information in accordance with Rule 26(c)(1), or other private or competitively sensitive information for which special protection from public disclosure is required by law or agreement to be kept confidential.

## 3.    CONFIDENTIALITY DESIGNATIONS (TWO-TIER)

3.1    Each Party and any non-party shall have the right to designate any Discovery Material as confidential and subject to this Order, by marking such Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." It shall be the duty of the Party or non-party who seeks to invoke protection under this Order to give notice, as set forth below, of the Discovery Material designated to be covered by this Order. The duty of the Parties and of all other persons bound by this Order to maintain the confidentiality of the Material so designated shall commence with such notice.

3.2    CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, respectively, shall include: (a) all copies, extracts, and complete or partial summaries prepared from such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any

4

such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material; (d) written discovery responses and answers that contain, summarize, or reflect the content of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material; and (e) deposition testimony.

3.3     CONFIDENTIAL and HIGHLY CONFIDENTIAL Material shall not include: (a) information in the public domain at the time of disclosure, provided that if only part of the contents of particular CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is in the public domain, the remaining contents shall remain subject to this Order; (b) information the Receiving Party can show was in its possession prior to the time of disclosure; or (c) information that becomes a part of the public domain through no fault of a Receiving Party.  The Receiving Party shall have the burden of proving that the use or disclosure satisfies one or more of these criteria.

3.4. The Receiving Party may challenge a designation of CONFIDENTIAL and HIGHLY CONFIDENTIAL Material in accordance with the provisions of Paragraph 7.

4.     **DESIGNATING MATERIALS AS "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL"**

4.1     Designating Documentary Discovery Material.  Any Party or any third party may designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the procedures and standards set forth in this Order, and such material shall be treated in accordance with the provisions of this Order.

4.2     Manner and Timing of Designations.  The designation of information as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material for purposes of this Order shall be made in the following manner:

a.     For information in documentary or digital image format, the Designating Party shall affix a legend to each page or digital image that contains Protected Material substantially in the form:

5

**MDL 2724: CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER**

or

**MDL 2724: HIGHLY CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER**

The legend shall be affixed in such a manner as not to obliterate or obscure any written part of the Discovery Material.

b.      For information produced in some form other than documentary or digital image, and for any other tangible items such as recordings, magnetic media, photographs and things, the Designating Party shall affix in a prominent place a legend substantially in the above form to the Material, or a container for it, or in the electronic file name, in any suitable and readily viewable manner.

c.      A party or non-party that makes hard-copy documents or Discovery Materials available for inspection need not designate them for protection until after the inspecting party has indicated which documents and Discovery Materials it would like copied and produced.  During the inspection and before the designation, and until and unless produced without any confidentiality designation, all of the documents and Discovery Materials made available for inspection shall be deemed to be HIGHLY CONFIDENTIAL Material.  After the inspecting party has identified the documents and Discovery Materials it wants copied and produced, the Producing Party shall affix the appropriate legend on each page that contains Protected Material.

d.      For testimony given in deposition, or other pretrial proceedings:

(i) Parties and deponents may, within 30 days after receiving a final transcript of a deposition, designate pages of the transcript (and exhibits thereto) as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL to the extent the Party or deponent

believes the pages contain material or information entitled to protection (as defined in Paragraph 1.3 and 1.4 above). Such arguably CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information within the deposition transcript may be designated by providing to all Parties and to the court reporter a copy of the transcript with the parts designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL highlighted in yellow.

(ii) Until the expiration of the 30-day period during which such designations may be made, the entire deposition will be treated as subject to protection as HIGHLY CONFIDENTIAL under this Order. Subject to Paragraph 4.3, those parts of a deposition that are not designated CONFIDENTIAL OR HIGHLY CONFIDENTIAL will, upon the expiration of the 30-day period, lose HIGHLY CONFIDENTIAL treatment. A Party thereafter seeking to assert inadvertent failure to designate under Paragraph 4.3 shall do so on motion to the Court and shall have the burden of showing grounds for relief. No Party shall be held in breach of this Order if, prior to service of the motion, those parts of the deposition that are the subject of the motion ("Non-designated Testimony") were disclosed or used in a manner inconsistent with the designation sought by the motion, and during the pendency of the motion, Non-Designated Testimony may be further disclosed or used only to the extent authorized by Paragraph 5.4.

(iii) If a designation is made, the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL portions and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Paragraph 9 below.

(iv) If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL shall be afforded the same status.

7

4.3     Inadvertent Failures to Designate.  The inadvertent failure to designate particular Discovery Material as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL at the time of production shall not operate to waive a Party's or person's right to later designate such Discovery Material as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL, provided that, at the time of making the later designation, the Designating Party provides to the Receiving Party a replacement copy of the Discovery Material which is properly marked CONFIDENTIAL and/or HIGHLY CONFIDENTIAL in accordance with Paragraph 4.2 of this Order.  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation.  Once such a designation has been made, the relevant Discovery Material shall be treated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL in accordance with this Order. If the Discovery Material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record, the Party or person that failed to make the designation shall move for appropriate relief.

4.4     Increasing the Designation of Information or Items Produced by Other Parties or Non-Parties.  Subject to the standards of Paragraphs 1.3 and 1.4, a Party may increase the designation (i.e., change any Discovery Material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or designate any Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL") of any Discovery Material produced by any other Party or non-Party, provided that said Discovery Material contains the Designating Party's own Confidential or Highly Confidential Information.

a. Increasing a designation shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the Discovery

Material whose designation is to be increased.  Promptly after providing such notice, the Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Any Party may object to the increased designation of Discovery Material pursuant to the procedures set forth in Paragraph 7 regarding challenging designations.  If a challenge is made, the Designating Party shall bear the burden of establishing the basis for the increased designation.

b. No Party shall be held in breach of this Order if, prior to notification of such later re-designation, the Protected Material was disclosed or used in a manner inconsistent with such later re-designation.

### 5.    DISCLOSURE AND USE OF CONFIDENTIAL DISCOVERY MATERIAL

5.1    Absent an agreement of the Producing Party or an order to the contrary by this Court or other court of competent jurisdiction, and except as provided in Paragraph 5.5 below, each party and all other persons bound by the terms of this Order shall use any Discovery Material produced or otherwise provided by a Party or non-party other than itself solely for purposes of prosecuting, defending, or attempting to settle this Litigation, and such Discovery Material shall not be used for any other purpose, including, without limitation, any business or commercial purpose.  The attorneys of record for the Parties shall exercise reasonable care to ensure that the information and documents governed by this Order are (a) used only for the purpose specified herein, and (b) disclosed only to authorized persons.

5.2    Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized

9

under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security and access limited to persons authorized under this Order, shall be deemed a secure location.

5.3    CONFIDENTIAL Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order and only to the following persons:

a.    any officer, director, or employee of a Party who is required in good faith to provide material assistance in the conduct of this Litigation;

b.    Parties' In House Counsel;

c.    Outside Counsel for the Parties;

d.    this Court, or any other court exercising jurisdiction with respect to this Litigation, any appellate court(s), court personnel, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this Litigation;

e.    any person designated by the Court upon such terms as the Court may deem proper;

f.    any special master, mediator or arbitrator engaged by the parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in this Litigation;

g.    Experts and Consultants;

h.    Professional Vendors;

i.     the author, addressees, or recipients of the document, or any current employee or Federal Rule of Civil Procedure 30(b)(6) witness of the Producing or Designating Party;

j.     (i) the person, or a current officer, director, or employee of an entity, that produced or originally created the Discovery Material; (ii) any person who was an officer or employee of the Producing Party at the time the Discovery Material was originally created, provided that the disclosing party has a good faith belief that the matters memorialized in the Discovery Material were within the scope of employment of, or otherwise were known to, such person; or (iii) any person who was an author, addressee or recipient of the Confidential Information sought to be disclosed to that person; or (iv) any person expressly mentioned, discussed or referred to by actual name in the material as indicated on its face, provided that the disclosing party has a good faith belief that the matters memorialized in the Discovery Material were within the scope of employment of, or otherwise were known to, such person; and

k.     others as to whom the Designating Party has agreed (or in the case of Confidential Material for which there are multiple Designating Parties, all Designating Parties have agreed) in writing or on the record.

5.4    HIGHLY CONFIDENTIAL Material may be disclosed only to (i) those persons described in Paragraph 5.3.c, .d, .e, .f, .g, .h, .i, .j, and .k. To the extent that HIGHLY CONFIDENTIAL Material is disclosed under this Paragraph to any natural person who is a former employee of the Producing or Designating Party, it may only be done provided that the former employee at the time of the disclosure is not employed by, an agent of, or otherwise affiliated with a competitor or customer of the Producing or Designating Party.

11

5.5     This Order shall not restrict any attorney who is a qualified recipient under the terms of Paragraphs 5.3(b) or 5.3(c) and 5.4 from rendering advice to his or her client that is a party with respect to this Litigation, and in the course thereof, from generally relying upon his or her examination of Protected Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Protected Material of another party or non-party where such disclosure would not otherwise be permitted under the terms of this Order.

5.6     This Order shall not apply to and, thus, does not restrict any Party's use, for any purpose, of: (a) its own Protected Material; or (b) any documents, things, information, or other material that: (i) at the time of disclosure in this Litigation is publicly known through no unauthorized act of such Party; (ii) was lawfully developed or obtained independent of discovery in this Litigation; or (iii) was obtained or purchased by a Party from a non-Party under a confidentiality or other non-disclosure agreement. The Party shall have the burden of proving that the use or disclosure satisfies one or more of these criteria. Any Party with material covered by provisions 5.6(b)(ii) or (iii) may, at its election, designate all or any part of the material that otherwise meets the provisions of paragraph 1.3 or 1.4 as CONFIDENTIAL OR HIGHLY CONFIDENTIAL for all purposes under this Order. For the avoidance of doubt, nothing in this Paragraph shall be construed to permit a Receiving Party to disclose Discovery Material that has been designated by another Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL except in accordance with Paragraphs 5.3 and 5.4 of this Order.

5.7     Notwithstanding any other part of this Order, no party shall disclose any Protected Material to any jury or trial consultant or to any participant in a mock jury proceeding ("Prohibited Recipients"). If any party seeks to disclose any Protected Material to any

12

Prohibited Recipient, that party shall, by written notice, request a meet and confer session among all parties to discuss the proposed disclosure. The notice: (a) shall be sent by electronic, hand or overnight delivery; (b) shall include a date for the meet and confer not less than 10 days from the date the notice is sent; and (c) need not identify the proposed Prohibited Recipient. If the parties cannot reach an agreement authorizing disclosure, the party requesting the meet and confer may apply to the Court for appropriate relief.

## 6.    PROCEDURES FOR DISCLOSURE OF "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" INFORMATION

6.1    Every person to whom Protected Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the Protected Material or information is being disclosed pursuant and subject to the terms of this Order.

6.2    Before disclosure of any Protected Material is made under paragraphs 5.3 or 5.4, the person to whom disclosure is to be made shall execute a copy of the Acknowledgement and Agreement to be Bound by Stipulated Protective Order ("Agreement") attached hereto as Exhibit A; provided that: (a) persons in paragraphs 5.3 (c), (d), and (e) shall not be required to execute Exhibit A; (b) a witness at a deposition may state on the record under oath that he or she agrees to be bound by this Order to the same extent as provided for in Exhibit A; and (c) if any current employee of a Designating Party is sought to be examined as a deposition witness, the Designating Party shall be responsible for obtaining the individual's execution of Exhibit A or adoption of Exhibit A on the deposition record.

6.3    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person not authorized under this Order, the Receiving Party must immediately (a) use its best efforts to retrieve all copies of the Protected Material, (b) inform the

13

person or persons to whom unauthorized disclosures were made of all the terms of this Order, (c) request such person or persons to execute the Agreement attached as Exhibit A, and (d) inform each Designating Party of the unauthorized disclosure.

## 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    Application to strike designation: Any Party challenging another Party's or person's designation of Discovery Material as Confidential or Highly Confidential (the "Challenging Party") may make, in the manner prescribed by the Federal Rules of Civil Procedure and the Local Rules, a motion or other appropriate application to the Court to strike the designation at any time up to the commencement of the trial of the Litigation.  The Challenging Party shall provide written notice to the Designating Party, identifying the Confidential or Highly Confidential Discovery Material whose designation it challenges and setting forth the basis for the challenge.  Within 21 business days of its receipt of written notice of the challenge to its designation, the Designating Party shall meet and confer with the Challenging Party and these parties shall make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation.  Failing such agreement or stipulation, the Challenging Party's motion or application regarding the challenged material shall be filed under seal and identify with specificity the Confidential or Highly Confidential Discovery Material that is the subject of the motion.  If such a motion or application is made, the Designating Party may respond, and all Discovery Material so designated shall maintain Confidential or Highly Confidential status pending a determination by the Court as to its appropriate status.  The Designating Party bears the burden to justify the designation challenged.

7.2    Nothing in this paragraph shall limit the right of any Party to petition the Court for an in camera review of any Discovery Material.

14

## 8.   EXAMINATION OF WITNESSES

8.1     The use of Protected Material at any deposition is subject to the limitations on disclosure provided in Paragraphs 5.3 and 5.4.

8.2     If a deposition witness is examined concerning Protected Material, the Designating Party shall have the right to exclude from the portion of the examination concerning such information any person not authorized in accordance with Paragraphs 5.3 and 5.4 above to have access to such Material.

## 9.   FILING CONFIDENTIAL DISCOVERY MATERIAL

9.1     If Discovery Material entitled to protection pursuant to this Order is included in written answers to discovery requests of any kind, the portions of such answers or responses that contain the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material shall be marked CONFIDENTIAL and/or HIGHLY CONFIDENTIAL.

9.2     To the extent a Party wishes or is required to file such Discovery Materials with the Court (a "Filing Party"), the Filing Party shall electronically file a redacted copy omitting the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Material and shall also serve an unredacted copy of the document on counsel of record.  The Filing Party shall also provide one unredacted courtesy copy of the document to the Court within one business day of filing.

9.3     If redaction is not practicable, then the Filing Party shall electronically file a placeholder document stating:

DOCUMENT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

The Filing Party shall also file a paper copy of the document with the Clerk in a sealed envelope, clearly marked:

THIS   ENVELOPE   CONTAINS   DOCUMENTS   MARKED   AS
CONFIDENTIAL   AND/OR   HIGHLY   CONFIDENTIAL   THAT   ARE

15

THEREFORE COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER.  THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT.

The Filing Party shall also provide one courtesy copy of the sealed document to the Court within one business day of filing.

9.4    In the event a challenge is made to the sealing or redaction of documents filed pursuant to paragraphs 9.2 or 9.3, it shall be the burden of the Designating Party (not the party who filed the documents under seal, if a different party) to defend that sealing or redaction.

## 10.    CONFIDENTIAL DISCOVERY MATERIAL OFFERED AT TRIAL

No fewer than 30 days before the date upon which the parties are directed to submit a Joint Pretrial Order in this Litigation, the parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of material previously designated Confidential or Highly Confidential at trial.  To the extent the parties fail to agree on a proposal addressing the use of such material at trial, they may submit alternative proposals to the Court for resolution.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

11.1    If, in connection with this Litigation, information subject to a claim of attorney-client privilege and/or work product protection is disclosed ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege and/or work product protection that a Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

11.2    If a Receiving Party receives materials that reasonably appear to be subject to an attorney-client privilege, the common interest privilege, work product protection, or otherwise protected by a discovery privilege or immunity and it is reasonably apparent that the materials were provided or made available through inadvertence, the Receiving Party must refrain from

16

further examination of the materials that may be privileged or protected, and shall immediately notify the Producing Party, in writing, that the Receiving Party possesses such material.

11.3    A Party may assert, in writing and in accordance with Fed. R. Civ. P. 26(b)(5)(B), the attorney-client privilege and/or work product protection with respect to Disclosed Protected Information.  Within 10 business days of receipt of such notice, each Party to which notice is directed: (a) must return, sequester, or destroy the Disclosed Protected Information and any copies; (b) must not use or disclose the Disclosed Protected Information until the claim is resolved; (c) must take reasonable steps to return the Disclosed Protected Information if the Party disclosed it before being notified; (d) may promptly present the Disclosed Protected Information to the Court for a determination of the claim, and pending that determination sequester the specified information and any copies thereof (a "Privilege Motion"); and (d) must provide a written certification of counsel that all such Disclosed Protected Information has been returned, sequestered, or destroyed.

11.4    Any Privilege Motion to the Court: (a) shall be filed under seal; and (b) shall not assert as a ground for granting the motion the fact or circumstances of the production except as permitted under Rule 502(b) under the Federal Rules of Evidence.

11.5    Within five (5) business days of the notification that such Disclosed Protected Information has been returned, sequestered or destroyed, the Party asserting privilege shall produce a privilege log with respect to the Disclosed Protected Information setting forth all of the information required under Fed. R. Civ. P. 26(b)(5)(A)(ii).

11.6    The Party asserting privilege retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information.  Nothing in this paragraph shall limit

the right of any Party to petition the Court for an in camera review of the Disclosed Protected Information.

11.7    Nothing in this paragraph shall limit the right of any Party to petition the Court for an in camera review of the Disclosed Protected Information.

## 12.    OTHER PROCEEDINGS

If, at any time, any Confidential or Highly Confidential Discovery Material in the possession, custody or control of any Party or person other than the Designating Party is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the Party or person to whom the subpoena or request is directed shall provide prompt written notice to the original Designating Party.  Should the Designating Party oppose the request for production of such documents or materials, the Party or person to whom the subpoena or request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought that is adverse to the Designating Party unless otherwise ordered by a court of competent jurisdiction.  Other than the obligation to comply with these requirements, this Order is not intended to affect a Party's obligation to respond to such a subpoena or request.

## 13.    CONCLUSION OF THE LITIGATION

13.1    The provisions of this Order shall continue to be binding after final termination of this Litigation.  Within 45 days after final conclusion of all aspects of this Litigation, including any appeals, any Party and all persons who received (or tendered to any other person) Discovery Material designated for Confidential or Highly Confidential treatment (or any copy thereof) must, at the election of the Receiving Party, either: (a) return such documents and materials to the Producing Party or (b) certify in writing to

18

counsel for the Producing Party that the Receiving Party or such person(s) has destroyed those documents and materials and the portions of all other material containing such Confidential or Highly Confidential information.

13.2    The costs of return of Discovery Material to the Producing Party shall be borne by the Receiving Party.  The costs of destruction of the documents and materials shall be borne by the Receiving Party.  The costs associated with providing the aforementioned certification shall be borne by the certifying person(s).

13.3    Counsel shall be permitted to retain copies of court filings, papers served in connection with this Litigation, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Confidential or Highly Confidential Discovery Material.

## 14.    OTHER

14.1    Non-waiver:  The production of Protected Materials by a Party under the terms of this Order shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy or admissibility of such Materials.  Nothing contained herein shall preclude any party from opposing or seeking any discovery on any basis.

14.2    Additional Parties:  The terms of this Order shall be binding upon all current and future Parties to this Litigation and their counsel.  Following entry of this Order:

a.    within 10 days of (i) the entry of an appearance by a new plaintiff or absent class member that elects to appear or to intervene in this Litigation, or (ii) the transfer of a complaint that arises out of the same operative facts alleged in any Consolidated Amended Complaint, plaintiffs' Liaison Counsel shall serve a copy of this Order on counsel for any new plaintiff or absent class member;

19

b.      within 10 days of (i) the entry of an appearance by a new defendant or third-party defendant in this Litigation, or (ii) the transfer of a complaint that arises out of the same operative facts alleged in any Consolidated Amended Complaint, defendants' Liaison Counsel shall serve a copy of this Order on counsel for any new defendant or third-party defendant.

14.3    Third Parties: Protection for Confidential Discovery Material Produced by Non-Parties and Absent Class Members:  Any non-Party or absent class member producing Discovery Material or giving deposition testimony in this Litigation shall adhere to this Order, unless they object, in writing to counsel for a Party and/or to the Court, to its terms within 10 days of service upon them of this Order.  All counsel in this Litigation shall have the obligation to inform any non-Party who produces Discovery Material or gives deposition testimony in this Litigation of the existence of this Order and, if requested, to provide a copy of this Order to such person.

14.4    Modification: Stipulations may be made, between Counsel for the respective Parties, as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any Party from seeking an order of the Court modifying or supplementing this Order.

14.5    Duration: Even after the termination of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

It is so **ORDERED**.

**BY THE COURT:**

_____
ÇYNTHIA M. RUFE, J.

20

**EXHIBIT A to PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: GENERIC DIGOXIN AND
DOXYCYCLINE ANTITRUST
LITIGATION

MDL No. 2724
No. 16-md-2724

THIS DOCUMENT RELATES TO:

HON. CYNTHIA M. RUFE

ALL ACTIONS

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY STIPULATED
PROTECTIVE ORDER**

I, _____ [print or type full name],

_____

[print position of employment, firm name, and full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order issued by the United

States District Court for the Eastern District of Pennsylvania on January __, 2017 in the action *In*

*re: Generic Digoxin and Doxycycline Antitrust Litigation*, MDL No. 2724 (the "Order").

I agree to comply with and to be bound by all the terms of the Order. I understand that

Discovery Material designated as Confidential or Highly Confidential under the Order is being

provided to me pursuant to the terms of the Order. I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt. I promise

that I will not disclose in any manner any information or item that is subject to the Order to any

person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of Pennsylvania for the purpose of enforcing the terms of the Order, even if such

enforcement proceedings occur after termination of this action.


Dated: _____

City and State (or Country) where sworn and signed: _____

Printed name: _____

Signature:_____