UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: GENERIC DIGOXIN AND
DOXYCYCLINE ANTITRUST LITIGATION                      MDL No. 2724


TRANSFER ORDER


**Before the Panel:**[*]  Plaintiff Rochester Drug Cooperative, Inc. (Rochester) moves under 28 U.S.C. § 1407(c) to transfer the ten actions listed on Schedule A to the Eastern District of Pennsylvania for inclusion in MDL No. 2724.  Each of these ten actions involves antitrust claims brought by direct purchaser plaintiffs relating to one of six generic drugs:  clobetasol, desonide, fluocinonide, econazole, levothyroxine, and propranolol.  Rochester asks that the Panel expand the scope of MDL No. 2724 beyond generic digoxin and doxycycline to encompass these (and other) generic drugs allegedly subject to similar and overlapping price fixing conspiracies.  Rochester further requests that the MDL be renamed "*In re: Generic Pharmaceuticals Pricing Antitrust Litigation*."

Several parties to these and other potentially related actions responded to this motion.  The plaintiffs in the actions on the motion (Cesar Castillo, Inc., and FWK Holdings LLC) oppose transfer.  Several other direct and indirect purchaser plaintiffs (including MDL plaintiffs and plaintiffs in cases not listed on the motion, but that involve one of the six drugs at issue) also oppose transfer.[1]  Eight of the indirect purchaser plaintiffs in the MDL support the motion and ask that the Panel transfer 27 other actions—pending in New Jersey, New York, and Puerto Rico, and involving two drugs in addition to the six at issue in the actions on the motion—to the MDL.[2]

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.  Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The opposing plaintiffs include: Ahold USA, Inc.; American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan; NECA-IBEW Welfare Trust Fund; Sergeants Benevolent Association Health and Welfare Fund; and 1199SEIU National Benefit Fund.

[2] The supporting plaintiffs include:  Detectives Endowment Association of the City of New York; Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund; International Union of

(continued...)

-2-

Defendant Heritage Pharmaceuticals, Inc., supports centralization of all generic drug pricing actions in a single MDL. The 28 other responding defendants oppose transfer and expansion of the MDL.[3] Several of these defendants, though, alternatively suggest that the Panel create separate MDLs for each of the six drugs at issue in this motion. The United States, which is investigating the generic drug market and prosecuting related criminal actions in the Eastern District of Pennsylvania, filed an amicus brief supporting transfer of all generic drug pricing actions to MDL No. 2724.

The parties opposing transfer argue that these actions will involve different liability issues, because each drug comprises a different market and has a unique pricing history.[4] They contend that each product at issue will be subject to different discovery, class certification, and expert testimony regarding whether price fixing can be inferred from defendants' market conduct. They further argue that including claims involving different products and manufactured by different defendants, absent an allegation of an overarching conspiracy, will render the MDL cumbersome and reduce the efficiencies to be gained through centralization.

In these circumstances, we do not agree. Regardless of the differences among the actions, there will be significant overlaps in factual issues, parties, and claims. Plaintiffs in the actions on the motion assert substantially similar claims as those now pending in the MDL, albeit with respect to six different generic pharmaceuticals. Like the actions in the MDL, plaintiffs in these actions allege that, between 2012 and 2015, the average market price for these generic drugs underwent significant increases that corresponded with meetings of trade associations, in particular those of the Generic Pharmaceutical Association. Indeed, many of the complaints identify the same trade

---

[2](...continued)
Operating Engineers Local 30 Benefits Fund; International Union of Operating Engineers, Locals 302 and 612 Construction Industry Health and Security Fund; Laborers International Union of North America Local 35 Health Care Fund; Plumbers and Pipefitters Local 178 Health & Welfare Fund; Twin Cities Pipe Trades Welfare Fund; and UFCW Local 1500 Welfare Fund.

[3] The opposing defendants include: Actavis Elizabeth LLC; Akorn, Inc.; Apotex Corp.; Breckenridge Pharmaceuticals, Inc.; Dr. Reddy's Laboratories, Inc.; Fougera Pharmaceuticals Inc.; Glenmark Pharmaceuticals, Inc.; Hi-Tech Pharmacal Co., Inc.; Impax Laboratories, Inc.; Lannett Company, Inc.; Morton Grove Pharmaceuticals, Inc.; Mylan, Inc., and Mylan Pharmaceuticals, Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Perrigo Company plc; Perrigo New York Inc.; Pliva, Inc.; Sandoz Inc.; Sun Pharmaceutical Industries, Inc.; Taro Pharmaceutical Industries Ltd., and Taro Pharmaceuticals USA, Inc.; Teligent, Inc.; Teva Pharmaceuticals USA, Inc.; UDL Laboratories, Inc.; Upsher-Smith Laboratories, Inc.; West-Ward Pharmaceuticals Corp.; and Zydus Pharmaceuticals (USA), Inc.

[4] Clobetasol, desonide, and fluocinonide are each topical corticosteroids prescribed for skin conditions such as eczema, dermatitis, and psoriasis. Econazole is a topical anti-fungal cream. Levothyroxine is a synthetic replacement hormone used to treat hypothyroidism. Propranolol is a beta blocker used to reduce blood pressure.

-3-

association meetings and name overlapping generic pharmaceutical manufacturers as defendants. Although separate conspiracies are alleged, they may overlap significantly. Thus, the same witnesses are likely to be subject to discovery across all actions. Coordination of this common discovery will be essential to avoiding duplication and inconvenience to the parties, witnesses, and the courts. Such coordination also is necessary because the allegations in these actions (as well as those in the MDL) stem from the same government investigation into price fixing, market allocation, and other anti-competitive conduct in the generic pharmaceuticals industry.

The opposing parties contend that informal coordination and cooperation among the involved parties and courts can eliminate any potential for duplicative discovery and inconsistent pretrial rulings. We are not persuaded by this argument. There presently are more than seventy actions involving similar generic drug price fixing claims pending in four district courts before ten judges. Pretrial schedules in these actions already have begun to diverge. Absent transfer, there is a significant risk of inconsistent rulings regarding the scope of discovery and coordination with the pending criminal investigation.

As the opposing parties point out, the Panel often is hesitant to centralize actions naming separate defendants and involving separate products. *See, e.g.*, *In re Invokana (Canagliflozin) Prods. Liab. Litig.*, MDL No. 2750, __ F. Supp. 3d __, 2016 WL 7221425, at *2 (J.P.M.L. Dec. 7, 2016). Where, however, similar alleged conspiracies involve overlapping defendants, arise from the same government investigation, and the parties and counsel overlap to a significant extent, the expansion of a single MDL to encompass multiple products and defendants presents less of a concern. *See In re Automotive Wire Harness Sys. Antitrust Litig.*, 867 F. Supp. 2d 1349 (J.P.M.L. 2012) (centralizing price fixing actions involving multiple automotive parts in a single MDL). Here, we conclude that including all of these generic drug pricing actions in MDL No. 2724 will lead to the most efficient handling of these actions.

Accordingly, after considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 2724, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We will rename this MDL "*In re: Generic Pharmaceuticals Pricing Antitrust Litigation*." The scope of MDL No. 2724 is hereby expanded to include actions in which: (a) plaintiffs assert claims for price fixing of generic drugs in violation of the Sherman Act and/or state antitrust laws on behalf of overlapping putative nationwide classes of direct or indirect purchasers of generic pharmaceuticals; (b) the average market price of the subject generic pharmaceutical is alleged to have increased between 2012 and the present; (c) defendants are alleged to have effectuated the alleged conspiracy through direct company-to-company contacts and through joint activities undertaken through trade associations, in particular meetings of the Generic Pharmaceutical Association; and (d) the allegations stem from the same government investigation into anticompetitive conduct in the generic pharmaceuticals industry. Inclusion of these actions in MDL No. 2724 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

-4-

We do not change the scope of this MDL lightly.  Once discovery and other pretrial proceedings related to the common issues have been completed, the transferee court may conclude that issues unique to one or more of the centralized actions (such as, for example, issues pertaining to the market definition for each pharmaceutical product) weigh in favor of returning those actions to their transferor courts.  In that event, we encourage the transferee court to suggest remand, in accordance with Panel Rule 10.1(b).  *See In re Capital One Tel. Consumer Prot. Act Litig.*, 908 F. Supp. 2d 1366, 1367 (J.P.M.L. 2012).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings; and

IT IS FURTHER ORDERED that MDL No. 2724 is renamed "*In re: Generic Pharmaceuticals Pricing Antitrust Litigation*."

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell    Charles R. Breyer
Lewis A. Kaplan        R. David Proctor
Catherine D. Perry

**IN RE: GENERIC DIGOXIN AND**
**DOXYCYCLINE ANTITRUST LITIGATION**               MDL No. 2724

## SCHEDULE A

<u>District of New Jersey</u>

FWK HOLDINGS, LLC v. TELIGENT, INC., ET AL., C.A. No. 1:16-09475

<u>Southern District of New York</u>

FWK HOLDINGS, LLC v. FOUGERA PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:16-09897
FWK HOLDINGS, LLC v. FOUGERA PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:16-09898
FWK HOLDINGS, LLC v. FOUGERA PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:16-09899
IN RE LEVOTHYROXINE ANTITRUST LITIGATION, C.A. No. 1:16-09900
IN RE PROPRANOLOL ANTITRUST LITIGATION, C.A. No. 1:16-09901
CESAR CASTILLO, INC. v. SANDOZ, INC., ET AL., C.A. No. 1:16-09949
CESAR CASTILLO, INC. v. FOUGERA PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:16-09956
CESAR CASTILLO, INC. v. FOUGERA PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:16-10063
CESAR CASTILLO, INC. v. ACTAVIS ELIZABETH, LLC, ET AL.,
    C.A. No. 1:17-00078