**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL NO. 2724**<br>**16-MD-2724** |
| **THIS DOCUMENT RELATES TO:**<br>**ALL ACTIONS** | **HON. CYNTHIA M. RUFE** |

## DEFENDANTS' STATUS REPORT

Pursuant to Pretrial Order No. 13 (MDL Dkt. No. 196), Defendants hereby submit the enclosed status report setting forth suggestions for the management of the MDL. For ease of reference, Defendants have divided the status report into five sections, corresponding with the agenda submitted by the parties on April 20, 2017.

I.  **REPORT ON STATUS OF CASES TRANSFERRED INTO THE MDL AND POTENTIAL TAG-ALONGS**

II.  **DOCKETING AND ADMINISTRATION OF MDL**

III.  **SCHEDULING AND MANAGEMENT OF CASES**

IV.  **GOVERNING PROTOCOLS – PROTECTIVE ORDER, ESI PROTOCOL, AND PRESERVATION ORDER**

V.  **LEADERSHIP AND LIAISON COUNSEL**

I.      **REPORT ON STATUS OF CASES TRANSFERRED INTO THE MDL AND POTENTIAL TAG-ALONGS**

Defendants and Plaintiffs have conferred and Defendants incorporate Section I of Plaintiffs' status report herein, which includes a chart of cases transferred into the MDL and potential tag-alongs.

II.     **DOCKETING AND ADMINISTRATION OF MDL**

Defendants have conferred with Plaintiffs regarding certain docketing and filing procedures for various different cases that comprise this MDL.  Defendants agree that No. 16-MD-2724 be maintained as the master docket in this MDL and that separate docket numbers be created underneath the master docket number for each generic pharmaceutical case.  Defendants also agree that there should be ". . . a system for identifying filings that apply only to DPP, EPP, or IRP cases[.]"  (Plaintiffs' Status Report, Section II n.1.)  For clarity and to avoid confusion, Defendants believe that within each individual generic pharmaceutical docket, there should be a sub-docket for each Plaintiff class (i.e., DPPs, EPPs, and IRPs).  Each filing would therefore contain a caption listing the master docket, the generic pharmaceutical and docket number, and the sub-file docket number specifying which plaintiff actions to which that filing is applicable.  Defendants agree with Plaintiffs "that the structure of the dockets should be established based on the preferences of the Clerk of Court working in conjunction with all Parties."  (*Id.*)[1]

III.    **SCHEDULING AND MANAGEMENT OF CASES**

Defendants submit that the following scheduling and case management processes and procedures should be implemented across all actions.

---

[1] The Proposed Pretrial Order Plaintiffs attached to Section II of Plaintiffs' status report is acceptable to Defendants, except that it should include sub-file docket numbers specifying which plaintiff actions to which that filing is applicable.

A.      **Consolidated Amended Complaints**

Defendants propose that once Lead Plaintiffs' Counsel have been appointed, Plaintiffs in all cases must file Consolidated Amended Complaints so that there are no longer any overlapping/conflicting class action complaints pending.[2]  Based on the complaints filed to date, Defendants propose that a single Direct Purchaser Consolidated Class Action Complaint and a single End Payor Consolidated Class Action Complaint should be filed for each of the individual drugs that are the subject of the pending complaints. This procedure will avoid unnecessary duplication, inconvenience and confusion caused by having multiple, overlapping complaints on behalf of the same putative classes of purchasers of the same drug.  Defendants propose that Consolidated Amended Complaints be required to be filed within 30 days of the appointment of Lead Plaintiffs' Counsel.

B.      **Responsive Pleadings and Motions To Dismiss**

Defendants further propose that the scheduling of responsive pleadings and motions to dismiss in all cases should be done in the most efficient way so that the Court is not deciding motions to dismiss in all of these cases at the same time.  To ensure that the Court and the parties can devote the necessary time and attention to each of these important motions, Defendants suggest that motions proceed with respect to an initial, limited number of cases to be identified after Lead Plaintiffs' Counsel have been appointed.  After rulings on motions in this initial group of cases, a schedule and process would be set for filing motions to dismiss in the remaining cases.

---

[2] Rouses Point Pharmaceuticals, LLC ("Rouses Point") opposes the consolidation of complaints in the Propranolol actions.  Rouses Point is named as a defendant, with no specific facts pleaded against it, in only two of seven End Payor Propranolol actions, and has not been named in the three Direct Purchaser Propranolol actions, or any other product case.  It should not reflexively be added to a much broader consolidated complaint. (*See* Pretrial Order No. 1, para 2.B.)

Subject to the Court's agreement with this approach, Defendants propose that counsel, within 10 business days of appointment of Lead Plaintiffs' Counsel, confer and submit a proposed schedule (or schedules if agreement cannot be reached by all parties) for the filing and briefing of motions to dismiss in an initial set of cases, consistent with the approach of grouping as discussed above.

The Propranolol Defendants recognize that their cases are somewhat differently situated in light of the motions to dismiss that were decided in the Propranolol cases pending in the Southern District of New York before Judge Rakoff, on the same day that the JPML transferred those cases to this Court.  Assuming that Plaintiffs will be required to file new consolidated complaints, and because Judge Rakoff's decision relied on Second Circuit law (indeed, Judge Rakoff explicitly declined to follow Third Circuit authority), and that the decision was issued *after* the JPML issued its order centralizing the Propranolol cases in this Court, Defendants in those cases respectfully request that the Court allow renewed briefing on a motion to dismiss under Third Circuit law.

### C.    Case Management After Responsive Pleadings and Motions to Dismiss

Defendants submit that there should be no discovery with respect to any given action pending resolution of a motion to dismiss that action.  The United States Supreme Court recognized in its seminal *Twombly* decision the extraordinary discovery burdens placed upon defendants in antitrust cases, and the need for courts to carefully scrutinize antitrust complaints at the motion to dismiss stage.  Until this Court determines that a Plaintiff is entitled to impose those heavy burdens and expenses in a particular case, Defendants submit that discovery is not appropriate.  It is premature to establish a full discovery and case management schedule for this MDL or any case within it until the Court rules on a motion to dismiss.

## IV.   GOVERNING PROTOCOLS – PROTECTIVE ORDER, ESI PROTOCOL, AND PRESERVATION ORDER

To promote the efficiencies sought by the JPML, Defendants propose that each case should be governed by separate -- but substantively identical -- ESI Protocols, Document Preservation Orders and Protective Orders (collectively, "Document Production Orders"), which would be captioned in each of the different cases.[3]

These substantively identical Document Production Orders across the cases will avoid unnecessary expense and confusion.[4]  Numerous Plaintiffs and Defendants are parties in multiple actions involving different drugs.  Accordingly, having a single, standard document production process across all cases will simplify document review and production, and ensure that different and potentially conflicting obligations and processes are not imposed on these parties.

To achieve this objective, Defendants propose that within 14 business days of the appointment of Lead Plaintiffs' Counsel for the different cases, the parties shall meet and confer to discuss the terms of Document Production Orders.  Upon conclusion of those discussions, the parties shall submit, through Liaison Counsel, for the Court's consideration either:  (1) joint proposed Document Production Orders; or (2) competing proposed Document Production Orders, along with short submissions setting forth their positions.

## V.   LEADERSHIP AND LIAISON COUNSEL

In accordance with Paragraph 4.A of Pretrial Order No. 1 (ECF No. 2), Pretrial Order No. 3 (ECF No. 37), the Transfer Order of the United States Judicial Panel on Multidistrict Litigation

---

[3] Separate orders are required because the various cases have different plaintiffs and defendants, and concern different drugs; the relevant document sets will therefore differ.

[4] In the event parties have already made document productions pursuant to Document Production Orders entered by a different court, as has occurred in the Propranolol cases that had been pending in the Southern District of New York, in order to promote efficiency, document production in those cases should be governed by the same standards set out in those orders.  Once Plaintiffs' leadership is settled, the parties can meet and confer on this issue at the appropriate time.

(ECF No.194), and Pretrial Order No. 13 (ECF No. 196), Defendants have conferred, reached consensus, and respectfully request the expansion of Defendants' liaison counsel to include representatives from each individual drug case.  The following counsel and firms, who collectively represent at least one Defendant in each of the individual drug cases, can act as a defense liaison group for coordination with the Court and for administrative purposes for any global case-issues.

- **Jan P. Levine**, Pepper Hamilton LLP. Ms. Levine currently serves as Defendants' liaison counsel pursuant to the Court's Pretrial Order No. 3 (ECF No. 37).  Defendants respectfully request that Ms. Levine continue to serve in her current role as Defendants' liaison counsel.

- **Chul Pak**, Wilson Sonsini Goodrich & Rosati PC. Mr. Pak has represented defendants in numerous multi-district antitrust class action cases, including *In re Capacitors Antitrust Litigation* (N.D. Cal., 14-cv-03264-JD), *In re SRAM Antitrust Litigation* (N.D. Cal., M:07-cv-01819-CW) and *In re Photochromic Lens Antitrust Litigation* (M.D. Fl., 8:10-md-2173-JDW-EAJ).  Mr. Pak's curriculum vitae is attached as Exhibit 1 for the Court's consideration.

- **Sheron Korpus**, Kasowitz Benson Torres LLP. Mr. Korpus has represented defendants in significant multi-district antitrust class actions, including *Behrend v. Comcast Corp.* (E.D. Pa., 03-6604), *Kristian v. Comcast* (D. Mass., 03-12466-EFH), *In re Air Cargo Shipping Services Antitrust Litig.* (E.D.N.Y., 06-MD-1775 (JG)(VVP), and *In re Transpacific Passenger Air Transport Antitrust Litig.* (N.D. Cal., No. C 07-05634 CRB). Mr. Korpus' curriculum vitae is attached as Exhibit 2 for the Court's consideration.

- **Saul P. Morgenstern** and **Laura S. Shores**, Arnold & Porter Kaye Scholer LLP.  **Mr. Morgenstern** has represented defendants in a number of antitrust and pharmaceutical multi-district and multi-jurisdictional litigations, including *In re Skelaxin (Metaxalone) Antitrust Litigation* (E.D. Tenn., MDL 2343), *In re Rail Fuel Surcharge Antitrust Litigation* (D.D.C., MDL 1869), *In re Pharmaceutical Industry Average Wholesale Price Litigation* (D. Mass., MDL 1456), *In re Compensation of Managerial, Professional and Technical Employees Antitrust Litigation* (D.N.J. MDL 1471), and *In re Brand Name Prescription Drug Antitrust Litigation* (N.D. Illinois, MDL 997), along with related state actions, and has served on joint defense steering committees and as defense liaison counsel in several such matters.  **Ms. Shores** has also represented pharmaceutical clients in consolidated and multi-district class actions brought under federal and state antitrust laws.  In addition to *In re Brand Name Prescription Drug Antitrust Litigation* (MDL 997), these include *In re Lamictal Antitrust Litigation* (D.N.J. 2012), and *In re K-Dur Antitrust Litigation* (D.N.J., MDL 1419).  Mr. Morgenstern's and Ms. Shores curriculum vitae are attached as Exhibit 3 for the Court's consideration.

Dated: April 28, 2017

Respectfully submitted,

By: /s/ Jan P. Levine
Jan P. Levine
Robin Sumner
Michael Hartman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel:  (215) 981-4000
Fax:  (215) 981-4750
levinej@pepperlaw.com
sumnerr@pepperlaw.com
hartmanm@pepperlaw.com

Keith J. Harrison
Shari Ross Lahlou
Astor H.L. Heaven
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595
Tel. (202) 624-2500
Fax. (202) 624-5116
kharrison@crowell.com
slahlou@crowell.com
aheaven@crowell.com

*Counsel for West-Ward Pharmaceuticals Corp.*

By: /s/ Sheron Korpus
Sheron Korpus
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com

*Counsel for Actavis Elizabeth LLC, Pliva Inc.,
and Teva Pharmaceuticals USA, Inc.*

By: /s/ Christopher T Holding
Christopher T. Holding

By: /s/ Chul Pak
Chul Pak
Jonathan M. Jacobson
Michael S. Sommer
Jeffrey C. Bank
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019
Tel: (212) 999-5800
Fax: (212) 999-5899
cpak@wsgr.com
jjacobson@wsgr.com
msommer@wsgr.com
jbank@wsgr.com

*Counsel for Mylan Inc., Mylan
Pharmaceuticals Inc. and UDL Laboratories
Inc.*

By: /s/ Saul P. Morgenstern
Saul P. Morgenstern
Margaret A. Rogers
ARNOLD & PORTER KAYE SCHOLER
LLP
250 W. 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
saul.morgenstern@apks.com
margaret.rogers@apks.com

Laura S. Shores
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Avenue
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
laura.shores@apks.com

*Counsel for Sandoz Inc. and Fougera*

GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: (617) 570-1679
Fax: (617)523-1231
cholding@goodwinlaw.com

*Counsel for Actavis Holdco U.S., Inc. and Teva Pharmaceuticals USA, Inc.*

By: */s/ Jan P. Levine*
Jan P. Levine
Robin Sumner
Michael Hartman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel:  (215) 981-4000
Fax:  (215) 981-4750
levinej@pepperlaw.com
sumnerr@pepperlaw.com
hartmanm@pepperlaw.com

*Counsel for Actavis Holdco U.S., Inc. and Teva Pharmaceuticals USA, Inc.*

By: */s D. Jarrett Arp*
D. Jarrett Arp
Daniel W. Nelson
Melanie L. Katsur
Jason R. Meltzer
Christopher B. Leach
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 467-0539
jarp@gibsondunn.com
dnelson@gibsondunn.com
mkatsur@gibsondunn.com
jmeltzer@gibsondunn.com
cleach@gibsondunn.com

*Counsel for Heritage Pharmaceuticals Inc.*

*Pharmaceuticals Inc.*

By: */s Stacey Anne Mahoney*
Stacey Anne Mahoney
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
stacey.mahoney@morganlewis.com

*Counsel for Breckenridge Pharmaceutical, Inc.*

By: */s Steven A. Reed*
Steven A. Reed
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
steven.reed@morganlewis.com

*Counsel for Glenmark Pharmaceuticals Inc., USA*

By: */s Scott A. Stempel*
Scott A. Stempel
J. Clayton Everett, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004-2541
Tel: (202) 739-3000
Fax: (202) 739-3001
scott.stempel@morganlewis.com
clay.everett@morganlewis.com

*Counsel for Perrigo New York, Inc. and Perrigo Company*

By: */s/  John E. Schmidtlein*
John E. Schmidtlein
Sarah F. Teich
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5000

9

By: /s Devora W. Allon
Devora W. Allon
Jay P. Lefkowitz
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4970
devora.allon@kirkland.com

Counsel for Upsher-Smith Laboratories, Inc.
By: /s Devora W. Allon
Devora W. Allon
Jay P. Lefkowitz
Joseph Serino, Jr., P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4970
devora.allon@kirkland.com
jay.lefkowitz@kirkland.com
joseph.serino@kirkland.com

Douglas J. Kurtenbach
KIRKLAND & ELLIS LLP
3 00 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
douglas.kurtenbach@kirkland.com

Counsel for Akorn, Inc. and Hi-Tech
Pharmacal Co., Inc.

Jennifer G. Levy
Jason R. Parish
Jacob M. Boyars
KIRKLAND & ELLIS LLP
655 Fifteenth Street N.W.
Washington, D.C. 20005
Tel: (202) 879-5000
Fax: (202) 879-5200
jennifer.levy@kirkland.com
jason.parish@kirkland.com
jacob.boyars@kirkland.com

Counsel for Zydus Pharmaceuticals (USA),

jschmidtlein@wc.com
steich@wc.com

Counsel for Par Pharmaceutical, Inc.

By: /s/ J. Douglas Baldridge
J. Douglas Baldridge
Lisa Jose Fales
Danielle R. Foley
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 344-4000
jbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com

Thomas J. Welling, Jr.
VENABLE LLP
1270 Avenue of the Americas
24th Floor
New York, NY 10020
Tel: (212) 307-5500
tjwelling@venable.com

Counsel for Taro Pharmaceuticals U.S.A., Inc.
and Sun Pharmaceutical Industries, Inc.

By: /s/ Damon W Suden
Damon W. Suden
William A. Escobar
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Tel.: (212) 808-7771
Fax: (212) 808-7897
dsuden@kelleydrye.com
wescobar@kelleydrye.com

Counsel for Wockhardt USA, LLC and Morton
Grove Pharmaceuticals, Inc.

By: /s/ Christine C. Levin
Christine C. Levin
DECHERT LLP

*Inc.*

Raymond A. Jacobsen, Jr.
Paul M. Thompson
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, DC 20001
Tel: 202-756-8028
rayjacobsen@mwe.com
pthompson@mwe.com

Nicole L. Castle
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173
Tel.: (212) 547-5480
Fax: (212) 547-5444
ncastle@mwe.com

*Counsel for Impax Laboratories, Inc.*

By: */s/ Heather K. McDevitt*
Heather K. McDevitt
Bryan D. Gant
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Tel.: (212) 819-8200
Fax: (212) 354-8113
hmcdevitt@whitecase.com
bgant@whitecase.com

*Counsel for Teligent, Inc.*

By: */s/ Gerald E. Arth*
Gerald E. Arth
Theodore H. Jobes
Ryan T. Becker
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 299-2000
Fax: (215) 299-2150
garth@foxrothschild.com
tjobes@foxrothschild.com
rbecker@foxrothschild.com

Cira Centre
2929 Arch St
Philadelphia, PA 19104
Tel: (215) 994-4000
christine.levin@dechert.com

*Counsel for Citron Pharma, LLC*

By: */s/ Michael Martinez*
Michael Martinez
Steven Kowal
Lauren Norris Donahue
Brian J. Smith
K& L GATES LLP
70 W. Madison Street, Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121
Fax: (312) 872-8000
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.donahue@klgates.com
brian.j.smith@klgates.com

*Counsel for Mayne Pharma Inc.*

By: */s/ Brian T. Feeney*
Brian T. Feeney
GREENBERG TRAURIG, LLP
1700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel: (215) 988-7812
Fax: (215) 717-5265
feeneyb@gtlaw.com

Roger B. Kaplan
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
Tel: (973) 360-7957
Fax: (973) 295-1257
kaplanr@gtlaw.com

James I. Serota
GREENBERG TRAURIG, LLP
MetLife Building

By: */s/ George G. Gordon*
George G. Gordon
Stephen D. Brown
Julia Chapman
Christopher Trueax
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-2000
Fax: (215) 994-2222
george.gordon@dechert.com
stephen.brown@dechert.com
julia.chapman@dechert.com
christopher.trueax@dechert.com

*Counsel for Lannett Company, Inc.*

By: */s/ James W. Matthews*
James W. Matthews
Katy E. Koski
Joseph H. Jolly
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 342-4000
Fax: (617) 342-4001
jmatthews@foley.com
kkoski@foley.com
jjfoley@foley.com

By: */s/ Terry M. Henry*
Terry M. Henry
Melanie S. Carter
BLANK ROME LLP
One Logan Square 130 North 18th Street
Philadelphia, PA 19103-6998
Tel: (215) 569-5500
Fax: (215) 569-5555
thenry@blankrome.com
mcarter@blankrome.com

*Counsel for Apotex Corp.*

By: */s/ Seth A. Goldberg*
Wayne A. Mack

200 Park Avenue
New York, NY 10166
Tel: (212) 801-2277
Fax: (212) 224-6155
serotaj@gtlaw.com

*Counsel for Dr. Reddy's Laboratories, Inc.*

By: */s/ Jeffrey D. Smith*
Jeffrey D. Smith
DECOTIIS, FITZPATRICK, COLE &
GIBLIN, LLP
500 Frank W. Burr Blvd., Suite 31
Teaneck, NJ 07666
Tel: (201) 928-1100

*Counsel for Epic Pharma, LLC*

By: */s/ Leiv Blad*
Leiv H. Blad
Zarema A. Jaramillo
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: (202) 753-3800
Fax: (202) 753-3838
lblad@lowenstein.com
zjaramillo@lowenstein.com

Katie R. Glynn
LOWENSTEIN SANDLER LLP
390 Lytton Avenue
Palo Alto, CA 94301
Tel: (202) 753-3824
Fax: (202) 753-3838
kglynn@lowenstein.com

*Counsel for Lupin Pharmaceuticals, Inc.*

By: */s/ Bobby S. Burchfield*
Bobby S. Burchfield
Brian R. Meiners
Lauren A. Warner
Christopher C. Yook
KING & SPALDING LLP
1700 Pennsylvania Avenue NW, Suite 200

Seth A. Goldberg
DUANE MORRIS LLP
30 South 17th St.
Philadelphia, PA 19103
Tel: (215) 979-1175
Fax: (215) 689-4923
wamack@duanemorris.com
sagoldberg@duanemorris.com

*Counsel for Aurobindo Pharma USA, Inc.*

Washington, DC 20006
Tel: (202) 626-5524
Fax: (202) 626-3737
bburchfield@kslaw.com
bmeiners@kslaw.com
lwarner@kslaw.com
cyook@kslaw.com

*Counsel for Rouses Point Pharmaceuticals, LLC*