IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**MEMORANDUM IN SUPPORT OF
THE PLAINTIFF STATES' AND CLASS PLAINTIFFS'
PROPOSED GLOBAL PROTECTIVE ORDER**

Forty-five States and the District of Columbia (the "Plaintiff States"[1]), by and through their respective Attorneys General ("State AGs"), respectfully submit this memorandum in support of the Plaintiff States' and Class Plaintiffs' proposed global protective order for this multidistrict litigation ("MDL").[2] The State AGs urge the Court to adopt the Plaintiffs' proposed global protective order and reject the Defendants' proposal for all the reasons stated below and in the Class Plaintiffs' Memorandum in Support of Plaintiffs' Proposed Protective Order.

The Plaintiff States have met and conferred with Class Plaintiffs and Defendants in the hope of reaching a stipulated global protective order for this MDL. While the meet and confer process has resolved many of the differences in opinion between the Plaintiffs and Defendants,

---

[1] The Plaintiff States are the States of Connecticut, Alabama, Alaska, Arizona, Arkansas, California, Colorado, Delaware, Florida, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, South Carolina, Tennessee, Utah, Vermont, Washington, West Virginia and Wisconsin, the Commonwealths of Kentucky, Massachusetts, Pennsylvania and Virginia, and the District of Columbia.

[2] A copy of the Plaintiffs' Protective Order is attached as Exhibit A to the Class Plaintiffs' Memorandum in Support of Plaintiffs' Proposed Protective Order.

one substantial difference remains: whether protected material may be used in all of the MDL cases (Plaintiffs' proposal), or must be siloed within each Lead Case (Defendants' proposal).

Plaintiffs' proposed global protective order is fair, efficient, and consistent with the Transfer Orders of the United States Judicial Panel on Multidistrict Litigation ("JPML"). It will enable the parties in this MDL to communicate with each other about common factual questions and, more importantly, to consolidate and coordinate the overlapping discovery and pretrial issues inherent in this MDL.  Plaintiffs' proposal will also ensure that each party's confidential, nonpublic, competitive or highly sensitive information remains protected against disclosure to that party's competitors and to the public at large.

The Plaintiff States have been investigating many of the Defendants in this MDL for possible violations of the antitrust laws for more than three years.  As such, they are uniquely positioned to see why Defendants' approach to discovery, as reflected in their proposed protective order, is unworkable.  As will be alleged in the Plaintiff States' Proposed Consolidated Amended Complaint, which will be filed along with a Motion for Leave to Amend by October 31, 2017, the Plaintiff States have uncovered a series of violations of federal and state antitrust laws for many drugs.  The Plaintiff States have reviewed hundreds of thousands of documents, including documents produced by many of the Defendants in this MDL.  The Plaintiff States have found that common threads extend from drug to drug that make clear that evidence pertaining to one drug is relevant to all others.  Many of these same documents do not explicitly refer to a drug and only through the review of other documents, like email or text messages and phone records, is it possible to piece together which drug a document may refer to.  The inability to utilize documents across cases, as Defendants propose, would make that identification much more difficult, if not impossible. Thus, treating each Lead Case or group of individual cases in

isolation, independent of the other cases, is not efficient, nor is it consistent with the goals of an MDL.

Plaintiffs' proposed global protective order allows the litigants in this MDL to share information across the MDL so that discovery can be fairly and effectively pursued by the MDL litigants. This approach is the most efficient way to eliminate duplicative discovery, inconsistent rulings, and conflicting obligations. *See also* Class Plaintiffs' Memorandum in Support of Plaintiffs' Proposed Protective Order.  Plaintiffs' protective order also respects the confidential nature of some of the discovery that will be sought by providing a two-tier designation system that effectively safeguards such information against public disclosure, as well as disclosure among the defendants in this MDL.  *See id.*

The Plaintiffs have crafted a global protective order consistent with the stated goals of this MDL.  While this MDL may have begun with allegations of price fixing as to two generic drugs, that changed when the JPML expanded its breadth "beyond generic digoxin and doxycycline to encompass [other] generic drugs allegedly subject to similar and overlapping price fixing conspiracies."  Currently, the MDL encompasses 18 generic drugs and with the Plaintiff States filing a proposed amended complaint on October 31, 2017, this MDL will expand further.  Managing this MDL in an efficient way is imperative and the Plaintiff States' proposed protective order assists in that goal. With the scope of this MDL set to expand to well beyond 18 generic drugs, the burdens and inefficiencies of Defendants' approach will expand accordingly.

The Defendants' proposal, conversely, attempts to segregate the cases through the protective order.  Defendants would have each drug case treated as a standalone case rather than as part of a larger MDL, essentially divvying them up into individual cases where discovery proceeds separately in its own silo.  Under their proposed protective order, Defendants would

first unilaterally determine if a document is relevant to a particular Lead Case, and then it would produce the document only in that particular Lead Case, and it could be used for the prosecution or defense of that Lead Case alone. If Plaintiffs wished to use it in another Lead Case they would have to obtain the consent of the Defendants or seek permission from the Court. Such a system is unworkable and creates additional burdens on both the parties and the Court. It also gives the Defendants insight into how the Plaintiffs are proving their case and Plaintiffs' legal strategy.

Defendants' proposal is unfair, inefficient, and inconsistent with the JPML Transfer Orders, which make clear that the just and efficient conduct of this litigation is critically dependent on the parties' ability to communicate, coordinate, and cooperate on overlapping issues of facts, parties, and claims in order to eliminate duplicative discovery and conflicting discovery obligations and to avoid inconsistent court rulings arising from that discovery. *See In re: Generic Pharm. Pricing Antitrust Litig.*, 2017 WL 4582710, at *2 (J.P.M.L. Aug. 3, 2017). In transferring the Plaintiff States' action to this MDL, the JPML explained: "There will be significant overlap in the factual and legal issues presented by the actions currently in the MDL and the State Action. As all arise from the same factual core, they will involve common discovery of defendants and third parties." *Id.* at *1. Specifically, "we find that the State Action involves common questions of fact with the actions transferred to MDL No. 2724, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *Id*. at *2. The JPML held that because of "the diversity of interests involved, we are not convinced that informal coordination and cooperation among the parties and courts will be sufficient to eliminate the potential for duplicative discovery, inconsistent pretrial rulings, and conflicting discovery obligations." *Id.*;

*see also In re: Generic Pharm. Pricing Antitrust Litig.*, MDL 2724, 16-md-2724, ECF No. 194, at 2-3 (E.D. Pa. Apr. 7, 2017) (Transfer Order). Only Plaintiffs' proposal carries out the directives of the JPML.

## CONCLUSION

For all the reasons stated herein and in the Class Plaintiffs' Memorandum in Support of Plaintiffs' Proposed Protective Order, the Plaintiff States respectfully submit that the Plaintiffs' Proposed global protective order sufficiently safeguards the protected materials of the parties in this litigation while enabling the full scope of this litigation as prescribed by the JPML to be adjudicated. Plaintiff States therefore urge this Court to adopt the Plaintiffs' protective order as the global protective order for this MDL.

Respectfully Submitted,

STATE OF CONNECTICUT
GEORGE JEPSEN
ATTORNEY GENERAL

BY: /s/ W. Joseph Nielsen
Michael E. Cole
W. Joseph Nielsen
Federal Bar No. ct20415
Laura Martella
Assistant Attorneys General
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5040
Fax: (860) 808-5033
Joseph.Nielsen@ct.gov

        STATE OF FLORIDA
        PAMELA JO BONDI
        ATTORNEY GENERAL

BY:    /s/ Timothy M. Fraser
        PATRICIA A. CONNERS
        (Florida Bar No. 361275)
        Deputy Attorney General
        Trish.Conners@myfloridalegal.com
        LIZBETH A. BRADY
        (Florida Bar No. 457991)
        Chief, Multistate Enforcement
        Liz.Brady@myfloridalegal.com
        TIMOTHY FRASER
        (Florida Bar No. 957321)
        Assistant Attorney General
        Timothy.Fraser@myfloridalegal.com
        Office of the Attorney General
        State of Florida
        PL-01, The Capitol
        Tallahassee, FL 32399-1050
        Tel: (850) 414-3300
        Fax: (850) 488-9134

STATE OF CALIFORNIA
XAVIER BECERRA
ATTORNEY GENERAL

BY:    /s/ Pamela Pham
        Cheryl Johnson (CA SBN 66321)
        Cheryl.Johnson@doj.ca.gov
        Pamela Pham (CA SBN 235493)
        Pamela.Pham@doj.ca.gov
        Deputy Attorneys General
        300 S. Spring Street, Suite 1700
        Los Angeles, CA 90013
        Telephone: (213) 897-2688
        Fax: (213) 897-2801

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2017, I caused the foregoing **Memorandum in Support of the Plaintiff States' and Class Plaintiffs' Proposed Global Protective Order** to be filed electronically with the Clerk of the Court by using the CM/ECF system which will serve a copy on all interested parties registered for electronic filing, and is available for viewing and downloading from the ECF system.

*/s/ Timothy Fraser*
Timothy Fraser
