IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | MDL No. 2724<br>Case No. 2:16-MD-02724<br><br>Hon. Cynthia M. Rufe |

**INTERVENOR UNITED STATES' STATEMENT OF POSITION CONCERNING PRIVATE PLAINTIFFS' MOTION FOR ACCESS TO <u>DOCUMENTS RESPONSIVE TO STATE SUBPOENAS</u>**

Intervenor United States of America takes no position on Private Plaintiffs' motion seeking access to materials that the Plaintiff States obtained through pre-complaint investigatory subpoenas (ECF No. 606). It respectfully submits this Statement to highlight areas where Private Plaintiffs' proposed order would depart from the approach set out in PTO 44 (ECF No. 560), which embodies this Court's careful balancing of the need to protect the United States' ongoing criminal investigation with the interests of Plaintiffs and Defendants.[1]

Some companies and individuals have received subpoenas from both the Plaintiff States and the Antitrust Division of the U.S. Department of Justice. Some of those subpoena recipients may have produced the same documents in response to both subpoenas and may have done so in a manner that explicitly reveals the extent to which the responses overlap. For example, a subpoena recipient may have submitted to a Plaintiff State a cover letter explaining which of the documents that it was producing had previously been provided to the Department of Justice. Or the recipient may have used a Bates numbering system that includes "DOJ," "USA," or another

---

[1] The need for this Statement became apparent when Defendants implied that resolution of Private Plaintiffs' motion could impact the criminal investigation. *See* Defs.' Opp. 5 & n.3 (ECF No. 628).

1

element indicating that documents had been provided to federal authorities. Thus, if the Plaintiff States were to provide all of these materials "with the push of a button" (Private Pls.' Mem. 8), and without careful consideration of whether the manner of their production revealed details of the federal criminal investigation, then some of those details would be exposed, and the investigation could be harmed.[2]

      Should the Court decide to grant Private Plaintiffs' motion, two small changes to their proposed order would better protect the criminal investigation without slowing down progress of this case. First, the definition of "AG Documents" that currently appears in the proposed order should be narrowed to refer only to "documents collected pursuant to the Plaintiffs States' subpoenas" (which is how "AG Documents" are defined in Private Plaintiffs' memorandum, *see* ECF No. 606-1, at 1), rather than to include all "documents and information from Defendants and others in connection with the Plaintiffs States' investigation into antitrust violations in the generic pharmaceuticals industry" (which is how "AG Documents" are defined in Private Plaintiffs' proposed order, *see* ECF No. 606-2, at 1). That change would ensure that any order would apply only to the documents that were themselves responsive to the Plaintiff States' subpoenas and that it would not reach cover letters or any other "information" that the Plaintiff States collected "in connection with" their investigation.

---

[2] Although the pending motion seeks an order that would require the Plaintiff States to provide access only to Private Plaintiffs, if that access were granted, Defendants likely would argue that they, too, should receive access to the same materials. Such access would give Defendants – some of which are subjects of the federal criminal investigation – greater insight into the scope of the investigation and more opportunities to try to interfere with it.

Second, any order authorizing or requiring the Plaintiff States to produce documents should include the following additional paragraph:

> Notwithstanding any other provision in this Order, the Plaintiff States shall not provide access to the AG Documents in a manner that indicates whether those documents previously had been provided to the Department of Justice.

This language would prevent the Plaintiff States from producing documents bearing Bates numbers identifying documents that had been provided to the Department of Justice, and it incorporates the way in which this Court has protected the criminal investigation from civil discovery. *See* PTO 44 ¶ 4 (ECF No. 560, at 3). Private Plaintiffs agreed that such protection ought to apply in the discovery context, *see* ECF No. 524, at 22, and there can be no valid objection to affording the same degree of protection when they are seeking documents outside of the usual bounds of civil discovery.

For the foregoing reasons, if the Court decides to grant Private Plaintiffs' motion, the United States respectfully requests that any order (1) authorize or require the Plaintiff States to produce only the documents that were themselves responsive to their investigative subpoenas; and (2) prohibit the Plaintiff States from producing documents in a manner that would indicate whether they previously had been produced to the Department of Justice.

Dated: June 22, 2018  
       Washington, DC

Respectfully submitted,

   */s/ Andrew J. Ewalt*  
Andrew J. Ewalt  
Jay D. Owen  
U.S. Department of Justice, Antitrust Division  
450 Fifth St NW, Room 4120  
Washington, DC 20530  
Tel: (202) 532-4181  
Fax: (202) 514-7308  
andrew.ewalt@usdoj.gov

*Counsel for Intervenor United States of America*

**CERTIFICATE OF SERVICE**

      I, Andrew J. Ewalt, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: June 22, 2018             */s/ Andrew J. Ewalt*
                                               Andrew J. Ewalt