# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

## PRETRIAL ORDER NO. 49
## (APPOINTMENT OF SPECIAL MASTERS)

**AND NOW,** this 6th day of August 2018, pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court hereby appoints David Marion, Esquire as Special Master and Bruce Merenstein, Esquire as Special Discovery Master for the *In re Generic Pharmaceuticals Pricing Antitrust Litigation* Multidistrict Litigation (MDL) and enters the following Order:

Since its formation in 2016, the MDL has expanded considerably, and now includes proposed class action complaints on behalf of direct purchasers, end payers, and indirect resellers, as well as direct actions by private plaintiffs and state attorneys general, which altogether raise federal and state-law claims regarding dozens of different drugs against numerous defendants.

It is the Court's policy in regard to both discovery and non-discovery motion practice that the parties attempt to resolve their differences amicably before seeking judicial intervention which is costly and time consuming. (*See* Local Rule 26.1(f); Fed. R. Civ. P. 37.1). The discovery process, which will be complex, is expected to create obligations among many parties located in many places throughout the United States and abroad. It is the Court's view that the

complexity of the MDL warrants the participation of a Special Master and Special Discovery Masters[1] as adjunct resources to the parties and the Court.

The Special Master will manage the flow of assignments, will work with liaison counsel and will have a broad remit in assisting the Court in case management and legal issues affecting the efficient progression of the MDL. The Special Master, in conjunction with the Special Discovery Master and Special Discovery Master – ESI, will develop and administer the discovery schedule as directed by the Court and in cooperation with the parties, intervenors, and non-parties. In addition, it is the Court's view that many non-dispositive disputes can be promptly resolved at the time and at the place of their occurrence if there is available a capable, competent and dedicated neutral party who is in a position to promptly and informally consider the views of the parties and attempt to mediate them. The Court anticipates that the introduction of the Special Master and Special Discovery Masters will be an invaluable aid to the overall administration of the case.

In those instances where a ruling made by the Special Master or Special Discovery Masters is accepted by all participating parties and non-parties, that Master shall confirm the same by letter to the parties (but not necessarily the Court), if a participant requests such a written confirmation. There may be instances where rulings of the Special Master or Special Discovery Masters are not accepted by all participants. In such circumstances, the dispute will require a formal presentation to the Court. If a Master is unable to succeed in resolving a particular dispute informally, he or she will be authorized to render a written report and recommendation to the Court after a fair and full review of the participating parties' and non-parties' respective positions. Such reports shall be filed with sequential numbers beginning with

---

[1] The Court also intends to appoint an additional Special Discovery Master to specialize in ESI disputes.

the first such "Report and Recommendation." All reports and recommendations should be served on Lead and Liaison Counsel, as well as any participating non-parties, at the time they are filed with the Court. Any party or affected non-party may file an objection to any report and recommendation filed by the Special Master or Special Discovery Masters within 14 calendar days from the date it is filed with the Court. The objection should set forth the relief requested. If objections are filed, the Court will consider the matter *de novo* pursuant to Fed. R. Civ. P. 53. If no objections are timely filed, the Recommendation will be deemed to be accepted by all parties and affected non-parties, and the Court will enter an appropriate Order.

In performing within his authority, it will be the responsibility of the Special Master to interact and regularly communicate and confer with Lead and Liaison Counsel and/or appropriate committee chairs in order to monitor the progress of all issues as required or expected by the Court's orders.

In order to execute the duties of their offices, the Special Master and Special Discovery Masters shall be vested with the powers described and contemplated under Fed. R. Civ. P. 53(c), (d), and (e) including the right to:

1. review and analyze all papers, affidavits and legal memoranda filed with the Court bearing upon the disputes within their authority, including but not limited to disputes over the scope of discovery, discovery scheduling, timing and deadlines, and claims of privilege;

2. schedule, convene, preside over and otherwise conduct any meetings, hearings, conferences or proceedings deemed necessary to resolve these disputes;

3. prepare and file decisions and recommendations and other necessary reports, including reports at appropriate intervals on the progress of activities under the jurisdiction and authority conferred by this order;

4. incur necessary expenses and costs at reasonable levels to permit them, or attorneys they choose to assist them, to function fully in pursuance of the tasks covered by this reference.

Pursuant to Federal Rule of Civil Procedure 53(b)(2)(B), the Special Master and Special Discovery Masters are authorized to communicate *ex parte* with the Court or the parties in accordance with his discretion. The Masters shall inform the parties when they exercise this power. Upon objection of any party this practice shall terminate.

Mr. Marion and Mr. Merenstein shall be compensated for their services at a rate of $650 per hour, for Linda D. Perkins, Esquire of White and Williams at a rate of $550, and for associates who may assist them at a rate not to exceed $345 per hour, and for all costs related to their duties as a Master from the parties' assets, subject to Court approval. The rates are subject to periodic adjustment with the approval of the Court. From time to time during the course of their stewardship, the Masters shall submit to the Court an application for counsel fees and costs associated with their services and, in that respect, are authorized to incur only such fees and costs as may be reasonably necessary to fulfill their duties under this order, or such other orders as the Court may issue from time to time hereafter. All applications for fees and costs should be served on all Liaison Counsel at the time they are filed with the Court. Counsel will have seven calendar days to file any objection to the application for fees and costs. Upon approval of the fee application, the Court will notify liaison counsel for the parties of the approved amount of fees and costs. Plaintiffs and Defendants will then each be responsible for payment of an equal half share of the approved amount directly to the Special Master or Special Discovery Master.[2] The equal sharing of the fees and costs will be the standard protocol for payment to the Special

---

[2] Plaintiffs and Defendants may agree among their respective groups as to the allocation of the fees. If the parties cannot agree, then they may file an appropriate motion with the Court.

Master or Special Discovery Master.  However, if the Master determines that all fees and costs, or any allocation other than equal half shares, should be assessed against one or more but not all parties due to the particular circumstances of a dispute, the Master has the discretion to make a recommendation of such an allocation to the Court along with a brief explanation of the reasons for the assessment.

The Court has considered the Affidavits of David Marion, Esquire, and Bruce Merenstein, Esquire, supplied pursuant to Federal Rule of Civil Procedure 53(b)(3), copies of which are attached, and is confident that  Mr. Marion and Mr. Merenstein possess the requisite skills, experience and knowledge and other attributes necessary to serve in the capacity as Special Master and Special Discovery Master in this MDL.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : CIVIL ACTION |
| GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | : 16md2724 |

## AFFIDAVIT OF DAVID H. MARION

David H. Marion, a member of the bar of this Court since 1964, and being duly sworn, states as follows, pursuant to FRCP 53(a)(2) and 53(b)(3):

I do not have any relationship to the parties, attorneys, action or Court that would require disqualification of a Judge under 28 U.S.C. §455. I will use my best efforts to make certain that the same will be true as to any attorney who may assist me in this matter.

WHITE AND WILLIAMS LLP

BY: _____
David H. Marion
1650 Market Street | One Liberty Place,
Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.6870
Attorneys for Defendant,

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 2ND DAY OF
AUGUST, 2018
_____
SIGNATURE

MY COMMISSION EXPIRES:

MONTH DAY YEAR

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LINDA LEVIN
Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires Dec 1, 2018

AFFIDAVIT OF BRUCE P. MERENSTEIN
TENDERED PURSUANT TO FED. R. CIV. P. 53

STATE OF PENNSYLVANIA )

) ss.     **AFFIDAVIT**

COUNTY OF PHILADELPHIA )

Bruce P. Merenstein, being duly sworn according to law, states the following:

I am an attorney at law, duly licensed to practice law in the Commonwealth of Pennsylvania.

I have thoroughly familiarized myself with the issues and parties involved in the matter captioned *In Re: Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 2:16-md-02724-CMR (E.D. Pa.). As a result of my knowledge of that case, I can attest and affirm that there are no non-disclosed grounds for disqualification under 28 U.S.C. § 455 that would prevent me from serving as a Master in the captioned matter.

FURTHER AFFIANT SAYETH NAUGHT.

_____
BRUCE P. MERENSTEIN

Sworn to before me and
Subscribed in my presence
this 2nd day of August, 2018.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Carol Ann Fitzgerald, Notary Public
Philadelphia County
My commission expires April 8, 2022
Commission number 1223073
Member, Pennsylvania Association of Notaries