**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>Case No. 2:16-MD-02724<br><br>Hon. Cynthia M. Rufe |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**PRETRIAL ORDER NO. 61
(AMENDMENTS AND MOTIONS TO DISMISS)**

**AND NOW**, this 20th day of November 2018, upon consideration of the Parties' Stipulation, and after a Status Conference held this date, it is hereby **ORDERED** that the schedule for further pleadings and motions is set as follows:

**I.     SCHEDULE FOR AMENDMENTS TO COMPLAINTS**

1.     Any amendment to any currently outstanding complaint must be made on or before **December 21, 2018**.  No further amendments will be permitted after that date except in accordance with paragraph III.3 or paragraph III.4 below or as permitted by the Federal Rules of Civil Procedure or Court Order.

**II.     SCHEDULE FOR MOTIONS TO DISMISS**

1.     On or before **February 21, 2019**:

(a)     Manufacturer Defendant Teligent shall file a motion to dismiss any amended Econazole Group 1 Complaints.

(b)     Certain individual Manufacturer Defendants shall file individual motions to dismiss the remaining individual drug cases in Groups 2 and 3 as to them.  Briefing schedules on such motions, including page limitations, shall be agreed to by the parties and submitted for Court approval.  If the Parties cannot agree, they shall submit a proposed order identifying the

differing proposals and a brief explanation by Plaintiffs, as a group, and the moving Defendants, of the reasons therefor.

       (c)     Manufacturer Defendants shall jointly file a motion to dismiss or strike claims and/or allegations in the Multi-Drug Complaints,[1] directing the Court and parties in such motion to whichever complaints in which such claims/allegations appear and specifically identifying the claims/allegations defendants seek to dismiss or strike.  Briefing schedules, including page limitations, on such motion shall be agreed to by the parties and submitted for Court approval. If the Parties cannot agree, they shall submit a proposed order identifying the differing proposals and a brief explanation by Plaintiffs, as a group, and Defendants, as a group, of the reasons therefor.[2]

       (d)     Any individual Manufacturer Defendant may move to dismiss any and all claims in the Multi-Drug Complaints as to it, including on the basis that the complaint(s) asserting such conspiracy fails to plausibly connect such conspiracy to the moving defendant, or for any other reasons unique to the moving defendant, which shall be subject to the same briefing schedule as the joint motion described in paragraph 1(c), above.  Such motions may not repeat arguments made in briefs filed pursuant to II.1(c) above.

       (e)     The above-referenced motions to dismiss shall be limited to the Sherman Act claims.  Within 14 days of resolution of the Manufacturer Defendants' Group 1 motions to

---

[1] The "Multi-Drug Complaints" include: the Direct Purchaser Class Action Complaint (Civil Action No. 18-2641), the End-Payer Class Action Complaint (Civil Action No. 18-2401), the Indirect Reseller Plaintiffs' Class Action Complaint (Civil Action No. 18-2533), the Plaintiff States' Consolidated Amended Complaint (Civil Action No. 17-3768), Marion Diagnostic Center LLC's Class Action Complaint (Civil Action No. 18-4137), the Kroger Complaint (Civil Action No. 18-284), and the Humana Complaint (Civil Action No. 18-3299).

[2] By consenting to this Proposed Pretrial Order, the States do not agree that a motion to dismiss or strike Plaintiff States' Consolidated Amended Complaint is appropriate in light of the briefing and oral argument on The Plaintiff States' Motion for Leave to File a Consolidated Amended Complaint and the Court's June 5, 2018 Memorandum Opinion and Order granting that Motion (MDL Doc. Nos. 603 & 604).

dismiss the EPP and IRP state law claims, Liaison Counsel shall submit a proposed schedule for filing motions to dismiss the state law claims that were not addressed in the above motions to dismiss.

2.      The Court requires one courtesy copy of all motions, responses, and replies.  Lead and Liaison Counsel shall arrange one submission to the Court of all courtesy copies within five days of a filing deadline.

3.      For all motion to dismiss briefing provided for herein, if filing under seal is required by the governing protective order, the service and filing procedures contained in paragraph 2 of Pretrial Order No. 40 shall apply.

## III.    SCHEDULE FOR ANSWERS

1.      On October 16, 2018, this Court denied the Group 1 Manufacturer Defendants' motions to dismiss on the Sherman Act claims, with the exception of the motion filed by Manufacturer Defendant Teligent, Inc., which motion to dismiss was granted with leave to amend.  All Manufacturer Defendants named in the DPP Clobetasol, Digoxin, Divalproex ER, Doxycycline, and Pravastatin Actions shall file answers to such DPP complaints on or before **January 31, 2019**.

2.      Provided there are no changes to the allegations against them in any Amended DPP Econazole Complaint, Manufacturer Defendants Perrigo New York, Inc. and Taro Pharmaceuticals U.S.A., Inc. shall file an answer to the governing DPP Econazole Complaint on or before **March 15, 2019**.  In addition, Manufacturer Defendants not moving to dismiss the individual DPP complaints in Groups 2 and 3 shall file answers to such complaints on or before March 15, 2019.

3.      Within 14 days of resolution of the Manufacturer Defendants' Group 1 motions to dismiss the EPP and IRP state law claims, Liaison Counsel shall submit a proposed schedule for

filing of answers and, if leave to amend is granted, submit a proposed schedule for filing of amended complaints and a briefing schedule for any renewed motions to dismiss such amended complaints.  Liaison counsel shall also include a proposed schedule for additional briefing on state law issues, if necessary, for motions to dismiss the Group 2 and 3 complaints and the Multi-Drug Complaints.

4. Within 14 days of resolution of Manufacturer Defendants' motions to dismiss Group 2 or Group 3 complaints or motions to dismiss or strike claims or allegations in the Multi-Drug Complaints, Liaison Counsel shall submit a proposed schedule for filing of answers by all Manufacturer Defendants, including those not moving to dismiss such claims, and, if leave to amend is granted, submit a proposed schedule for filing of amended complaints and a briefing schedule for any renewed motions to dismiss such amended complaints.

It is so **ORDERED.**

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**