# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

## DEFENDANTS' JOINT SURREPLY BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ON GLOBAL ISSUES

Defendants[1] respectfully submit this surreply brief to correct the erroneous arguments in Plaintiffs' reply brief. Plaintiffs cast aside proportionality, urging that the purported relevance of their requests is all that should matter. That is not the test. Defendants have proposed a practical and balanced approach to document discovery. In contrast, Plaintiffs' broad demands would add millions of dollars in costs but would add virtually nothing of relevance to the case beyond what Defendants have already offered.

First, Plaintiffs wrongly accuse Defendants of failing to address the allegations in Plaintiffs' various complaints. *See* Dkt. No. 761 at 2-3. Documents relevant to Plaintiffs' "overarching" conspiracy claims, to the extent any exist, would necessarily be encompassed in the discovery Defendants propose to provide. This will include documents reflecting any use of "fair share" in connection with the drugs actually at issue or otherwise relevant to assessing Plaintiffs' "overarching" claims. There is no basis for anything more at this stage in the litigation.

Second, Plaintiffs' theory of antitrust injury is a theory of overpayment for specific drugs during a specific time period, and the discovery Defendants propose to provide is consistent with that theory of injury. Plaintiffs point to no actual factual allegations in their pleadings justifying the overbroad discovery they demand covering products beyond those any Defendant actually sold and time periods unmoored from the relevant time periods for the price increases Plaintiffs

---

[1] The signatory Defendants to this brief are Apotex Corp. ("Apotex"); Aurobindo Pharma USA, Inc. ("Aurobindo); Citron Pharma LLC ("Citron"); Dr. Reddy's Laboratories, Inc. ("Dr. Reddy's"); Epic Pharma, LLC ("Epic"); Glenmark Pharmaceuticals Inc., USA ("Glenmark"); Lannett Company, Inc. ("Lannett"); Lupin Pharmaceuticals, Inc. ("Lupin"); Mayne Pharma Inc. ("Mayne"); Mutual Pharmaceutical Company, Inc. ("Mutual"); Mylan Inc., Mylan Pharmaceuticals Inc., and UDL Laboratories, Inc. ("Mylan"); Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. ("Par"); Perrigo New York, Inc. ("Perrigo"); Sun Pharmaceutical Industries, Inc. ("Sun"); Taro Pharmaceuticals U.S.A., Inc. ("Taro"); and Zydus Pharmaceuticals (USA), Inc. ("Zydus").

claim caused them injury. They claim their pleadings allege that certain understandings arose "by at least 2011," but they do not identify a meeting, agreement, or other concrete action that merits discovery separate from the discovery Defendants already propose to provide. *See id*. at 3. Defendants will provide the discovery necessary to ascertain whether the alleged price increases Plaintiffs identify as potentially causing them injury were caused by collusion or non-collusive responses to economic realities, and that is all the discovery needed to fairly litigate the case. *See* Dkt. No. 744 at 9-11, 14, & 18.

Third, the Court's decision on the first group of motions to dismiss does not change the fact that Plaintiffs' requests are overly broad and unduly burdensome. *See* Dkt. No. 761 at 3-4. Defendants' discovery proposal responded to the allegations made regardless of whether the first round of motions to dismiss would be granted. That the Court found certain allegations sufficient to proceed does not define the bounds of what discovery is necessary to fairly litigate those allegations. As Defendants have explained, the discovery they propose to provide will cover all of the relevant issues in a much more cost-effective and substantially less burdensome way than Plaintiffs' overbroad demands.

Fourth, Plaintiffs quibble that Defendants' burden evidence is not sufficiently precise, but that misses the point. The declarations provided by Defendants illustrate the substantial increase in data volume—and thus in cost—likely to be associated with adopting Plaintiffs' definitions of the disputed terms. *See id*. at 6-7. Any uncertainty as to the exact burden Defendants would have to bear is due to the prematurity of Plaintiffs' motion. Indeed, despite the fact that Plaintiffs brought their motion well before search protocols or other prerequisites to a precise burden analysis were finalized, Defendants' declarations offer sufficiently concrete evidence that Plaintiffs' demands will substantially increase the burden of the discovery process. And because

the extra documents are unlikely to be additive in light of the immense discovery Defendants are already proposing to provide, Plaintiffs' demands are manifestly disproportionate to the needs of the case.

Fifth, Plaintiffs' examples of documents that allegedly would be "omitted" demonstrate why their demands are unjustified. Plaintiffs make the new claim in their reply brief that documents from Lupin regarding drugs other than Pravastatin might be relevant to proving Lupin's alleged participation in a conspiracy on Pravastatin. *See id*. at 4. But evidence regarding whether Lupin participated in a price-fixing conspiracy on Pravastatin will be fully disclosed by Lupin's search for discovery relevant to Pravastatin, and burdening Lupin with a wide-ranging review of irrelevant files will do nothing to prove or disprove the allegations against it. Similarly, for the examples Defendants have previously addressed (*see* Dkt. No. 744 at 7-9), Plaintiffs' rehashing of their speculations about communications that may not be captured has no merit. *See* Dkt. No. 761 at 8-10. To the extent that communications relevant to Plaintiffs' claims occurred, they would be encompassed by Defendants' proposals. Speculation about communications unmoored from the price increases Plaintiffs cited as giving rise to their alleged injuries simply represents an attempt to expand the case beyond the dispute actually at hand (i.e., whether Plaintiffs are entitled to compensation for certain specified price increases). *See id*. at 10-11. The Court should not allow such limitless expansion.

Sixth, Plaintiffs' attacks on Defendants' discovery proposal are misguided. *See id*. at 11-15. Defendants' proposal will necessarily include discovery on "overarching" issues, to the extent such material exists, because Defendants propose to produce discovery focused on the drugs that Plaintiffs have identified as potentially being impacted by overarching conspiracies. To the extent that this discovery points the way to additional issues or document categories that

require further development, the parties can efficiently address that at that point. But nothing in the Federal Rules supports Plaintiffs' attempt to invoke a catch phrase to erase all boundaries on discovery and, in turn, add millions of dollars in expense to the discovery process. Indeed, such a rule is unnecessary here because the bottom-line question of whether Plaintiffs can recover damages from Defendants for the price increases on the various accused products (to the extent a Plaintiff experienced a price increase at all) can be answered with the broad discovery Defendants propose to provide. Denial of Plaintiffs' motion will allow the parties to proceed promptly and efficiently to developing the factual record on the matters actually necessary to fairly litigate Plaintiffs' claims for relief, and Plaintiffs offer no good reason to believe that this approach would unduly delay the case.

Finally, the agreement of certain other Defendants to Plaintiffs' proposals does not make Plaintiffs' demands reasonable as to the objecting Defendants. *See id*. at 1. Plaintiffs offer nothing to suggest that the reasons those Defendants had to reach agreement with Plaintiffs apply to the objecting Defendants, and the question here is whether the burden imposed on the objecting Defendants is appropriate in light of the marginal (if any) relevance of the additional requested discovery, not whether certain other Defendants reached agreements that they viewed as acceptable in light of their particular circumstances in the course of complex and individualized negotiations.

For the foregoing additional reasons, Plaintiffs' Motion to Compel on Global Issues should be denied.

Dated: December 3, 2018 Respectfully submitted,

/s/ *Wayne A. Mack* /s/ *Chul Pak*
Wayne A. Mack Chul Pak
Seth A. Goldberg Jeffrey C. Bank
Sarah O'Laughlin Kulik Daniel P. Weick
Duane Morris LLP WILSON SONSINI GOODRICH & ROSATI
30 South Seventeenth Street Professional Corporation
Philadelphia, Pennsylvania 19130 1301 Avenue of the Americas, 40th Floor
Telephone: 215.979.1152 New York, New York 10019
WAMack@duanemorris.com Telephone: (212) 999-5800
 Facsimile: (212) 999-5899
*Counsel for Defendant Aurobindo Pharma* cpak@wsgr.com
*USA, Inc.* jbank@wsgr.com
 dweick@wsgr.com

/s/ *Steven A. Reed*
Steven A. Reed Seth C. Silber
R. Brendan Fee WILSON SONSINI GOODRICH & ROSATI
MORGAN, LEWIS & BOCKIUS LLP Professional Corporation
1701 Market Street 1700 K Street, N.W., 5th Floor
Philadelphia, Pennsylvania 19103 Washington, D.C. 20006
Telephone: (215) 963-5000 Telephone: (202) 973-8800
Facsimile: (215) 963-5001 Facsimile: (202) 973-8899
steven.reed@morganlewis.com ssilber@wsgr.com
brendan.fee@morganlewis.com

*Counsel for Defendants Mylan Inc., Mylan*
Andrew S. Wellin *Pharmaceuticals Inc., and UDL Laboratories, Inc.*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue /s/ *Leiv Blad*
New York, New York 10178 Leiv Blad
Telephone: (212) 309-6154 Zarema A. Jaramillo
Facsimile: (212) 309-6001 Katie R. Glynn
andrew.wellin@morganlewis.com Lowenstein Sandler LLP
 2200 Pennsylvania Avenue, N.W.
*Counsel for Defendant* Washington, D.C. 20037
*Glenmark Pharmaceuticals Inc., USA* Telephone: (202) 753-3800
 Facsimile: (202) 753-3838
 lblad@lowenstein.com
 zjaramillo@lowenstein.com
 kglynn@lowenstein.com

 *Attorneys for Defendant*
 *Lupin Pharmaceuticals, Inc.*

5

/s/ Scott A. Stempel
Scott A. Stempel
J. Clayton Everett, Jr.
Tracey F. Milich
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
scott.stempel@morganlewis.com
clay.everett@morganlewis.com
tracey.milich@morganlewis.com

Harvey Bartle IV
Francis A. DeSimone
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
harvey.bartle@morganlewis.com
frank.desimone@morganlewis.com

*Counsel for Defendant Perrigo New York, Inc.*

/s/ Roger B. Kaplan
Roger B. Kaplan
GREENBERG TAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Telephone: (973) 360-7957
Facsimile: (973) 295-1257
kaplanr@gtlaw.com

Brian T. Feeney
GREENBERG TAURIG, LLP
1700 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 988-7812
Facsimile: (215) 717-5265
feeneyb@gtlaw.com

*Attorneys for Defendant
Dr. Reddy's Laboratories, Inc.*

/s/ James W. Matthews
James W. Matthews
Katy E. Koski
John F. Nagle
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Telephone: (617) 342-4000
Facsimile: (617) 342-4001
jmatthews@foley.com
kkoski@foley.com
jnagle@foley.com

James T. McKeown
Elizabeth A. N. Haas
Kate E. Gehl
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900
jmckeown@foley.com
ehaas@foley.com
kgehl@foley.com

Terry M. Henry
Melanie S. Carter
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5644
Facsimile: (215) 832-5644
THenry@blankrome.com
MCarter@blankrome.com

*Attorneys for Defendant Apotex Corp.*

*/s/ J. Douglas Baldridge*
J. Douglas Baldridge
Lisa Jose Fales
Danielle R. Foley
VENABLE LLP
600 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 344-4000
jbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com

Thomas J. Welling, Jr.
Benjamin P. Argyle
VENABLE LLP
1270 Avenue of the Americas
24th Floor
New York, New York 10020
Telephone: (212) 307-5500
tjwelling@venable.com
bpargyle@venable.com

*Counsel for Defendants Sun Pharmaceutical Industries, Inc., Taro Pharmaceuticals U.S.A., Inc., and Mutual Pharmaceutical Company, Inc.*

*/s/ Jason R. Parish*
Jason R. Parish
Bradley J. Kitlowski
Andrew G. Hope
BUCHANAN INGERSOLL
& ROONEY PC
1700 K Street, N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 452-7940
Facsimile: (202) 452-7989
jason.parish@bipc.com
bradley.kitlowski@bipc.com
andrew.hope@bipc.com

*Counsel for Defendant Zydus Pharmaceuticals (USA), Inc.*

*/s/ Ryan T. Becker*
Gerald E. Arth
Ryan T. Becker
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 299-2000
Facsimile: (215) 299-2150
garth@foxrothschild.com
rbecker@foxrothschild.com

George G. Gordon
Stephen D. Brown
Julia Chapman
DECHERT LLP
2929 Arch Street
Philadelphia, Pennsylvania 19104
Telephone: (215) 994-2382
Facsimile: (215) 655-2240
george.gordon@dechert.com
stephen.brown@dechert.com
julia.chapman@dechert.com

*Counsel for Lannett Company, Inc.*

*/s/ Steven E. Bizar*
Steven E. Bizar
Christine C. Levin
Tiffany E. Engsell
DECHERT LLP
2929 Arch Street
Philadelphia, Pennsylvania 19104
Telephone: (215) 994-4000
christine.levin@dechert.com
steven.bizar@dechert.com
tiffany.engsell@dechert.com

*Counsel for Citron Pharma LLC*

7

<div style="column">

*/s/ Michael E. Martinez*
Michael Martinez
Steven Kowal
Lauren Norris Donahue
Brian J. Smith
K&L GATES LLP
70 W. Madison St., Suite 3300
Chicago, Illinois 60602
Telephone: 312-372-1121
Facsimile: 312-827-8000
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.donahue@klgates.com
brian.j.smith@klgates.com

*Counsel for Defendant Mayne Pharma Inc.*

</div>

<div style="column">

*/s/ John E. Schmidtlein*
John E. Schmidtlein
Sarah F. Teich
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
jschmidtlein@wc.com
steich@wc.com

*Counsel for Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc.*

*/s/ Jeffrey D. Smith*
Jeffrey D. Smith
Thomas A. Abbate
DeCOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
Glenpointe Centre West
500 Frank W. Burr Blvd.
Teaneck, New Jersey 07666
Telephone: (201) 907-5228
Facsimile: (201) 928-0588
jsmith@decotiislaw.com
tabbate@decotiislaw.com

*Counsel for Defendant Epic Pharma, LLC*

</div>

# CERTIFICATE OF SERVICE

I, Chul Pak, certify that on this 3rd day of December, 2018, I caused DEFENDANTS' JOINT SURREPLY BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ON GLOBAL ISSUES to be filed using the Court's ECF system thereby serving it electronically on all counsel of record.

Special Master David H. Marion and Special Discovery Master Bruce P. Merenstein were served via email.

 */s/ Chul Pak*
Chul Pak