**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**PRIVATE PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR ORDER LIMITING EXTRAJUDICIAL STATEMENTS AND
FOR COMPLIANCE WITH THIS COURT'S ORDERS**

Defendants' December 18, 2018 Motion for Order Limiting Extrajudicial Statements and for Compliance with This Court's Orders (Dkt. No. 805) should be denied. Direct Purchaser Plaintiffs, End-Payer Plaintiffs, Indirect Reseller Plaintiffs and the Kroger Direct Action Plaintiffs (collectively "Private Plaintiffs") join the States' Opposition filed today, but file this separate Opposition because Defendants' Motion should be denied as to Private Plaintiffs for an additional reason – it fails to identify a single act or omission by any Private Plaintiff that would justify the relief sought. Defendants' Motion fails as to Private Plaintiffs for this reason alone.

Defendants' Motion is predicated solely on public statements made by representatives of the States and the disclosure of the States' unredacted complaint by a person who Defendants concede is "unknown." Def. Br. at 12. While claiming these actions violate the Pennsylvania Rules of Professional Conduct and this Court's Orders, Defendants do not and cannot attribute any such alleged violations to the Private Plaintiffs. In fact, Private Plaintiffs have committed no such violations or engaged in any improper conduct that would merit any admonishment.

If Defendants had evidence that a specific person improperly disclosed a sealed or redacted filing in this case, then they could have pursued sanctions or other relief against that person. However, their brief acknowledges that they do not know who made the leak to Business Insider. *Id.* Therefore, it would not be appropriate for this Court to enter Defendants' proposed Order admonishing Private Plaintiffs and their lawyers to do that which they are already obligated to do based on this Court's Protective Order, Pretrial Orders, and the Rules of Professional Conduct. Defendants' proposed Order implies – unjustly and without any factual basis – improper conduct on the part of numerous highly respected lawyers (and their clients) who have done nothing wrong, and unfairly impugns their reputations.

Additionally, Defendants' Motion ignores the Supreme Court's admonition in *Gulf Oil v. Bernard*, 452 U.S. 89, 104 (1991) that "the mere possibility of abuses" in a class action does not justify a limitation on communications protected by the First Amendment and would "interfere[] with the formation of a class or the prosecution of a class action . . . . Indeed, in many cases, there will be no problem requiring remedies at all." The Supreme Court emphasized that "to the extent that the district court is empowered . . . to restrict certain communications in order to prevent frustration of the policies of Rule 23, it may not exercise the power without a specific record showing by the moving party of the particular abuses by which it is threatened. Moreover, the district court must find that the showing provides a satisfactory basis for relief, and that the relief sought would be consistent with the policies of Rule 23 giving explicit consideration to the narrowest possible relief which would protect the respective parties." *Id.* at 102 (quoting *Coles v. Marsh*, 560 F.2d 186, 189 (3d Cir. 1977)).

Defendants have not made any showing of abuse committed or threatened by Private Plaintiffs in this MDL.  Accordingly, this Court should decline to admonish Private Plaintiffs, and it should deny Defendants' Motion.

Dated: January 2, 2019

Respectfully submitted,

*/s/ Roberta D. Liebenberg*
Roberta D. Liebenberg
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
215-567-6565
rliebenberg@finekaplan.com

*Lead Counsel for the*
*End-Payer Plaintiffs*

*/s/ Dianne M. Nast*
Dianne M. Nast
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, PA 19107
215-923-9300
dnast@nastlaw.com

*Lead Counsel for the*
*Direct Purchaser Plaintiffs*

*/s/ Jonathan W. Cuneo*
Jonathan W. Cuneo
CUNEO, GILBERT & LADUCA LLP
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20016
202-789-3960
jonc@cuneolaw.com

*Lead Counsel for the*
*Indirect Reseller Plaintiffs*

*/s/ William J. Blechman*
William J. Blechman, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue, Suite 1100
Miami, Florida  33131
305-373-1000
wblechman@knpa.com

*Counsel for the Kroger*
*Direct Action Plaintiffs*