IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |

**PRETRIAL ORDER NO. 68**
**(SPECIAL MASTERS' PROTOCOL)**

**AND NOW**, this 4th day of January 2019, the Court having appointed a Special Master and Special Discovery Master to facilitate the informal resolution of disputes, the Court hereby enters the following Protocol as to proceedings among the parties and the Special Masters, subject to modification upon the appointment of a Special Discovery Master – ESI, or as the Court may otherwise determine.

1. **Scope:** This Protocol applies to all discovery-related and certain other non-dispositive issues and disputes, subject to Pretrial Order No. 49, and is intended to amplify and elaborate upon the procedures thereunder, and to minimize the necessity for formal motion practice. If, after meeting and conferring as to such an issue, the parties and/or non-parties cannot agree on a resolution and notice of impasse is provided, they shall contact the Special Master ("SM") and the Special Discovery Master ("SDM"), either in writing or telephonically together, and the procedures set forth in ¶¶ 5 through 10 below shall apply.

2. **Allocation of Responsibilities Between Special Masters:** The Special Masters shall decide who between them shall handle the dispute. In deciding who will handle any particular dispute, they will also take into account that the Special Master was appointed to assist the Court

by handling matters relating to Case Management and the general conduct of the MDL while the Special Discovery Master was appointed to manage discovery, the time pressures/constraints involved with respect to the specific dispute, the availability or unavailability of one of the Special Masters, the possible relationship of the dispute to one previously dealt with by one of the Special Masters, and similar factors.  For the purpose of maintaining consistency, the Special Masters will each keep the other informed of the nature of the issues each is handling and the outcome of the process.  The Court may, from time to time, refer additional specific matters to either of the Special Masters in accordance with Fed. R. Civ. P. 53 or otherwise direct the referral of certain issues.

3. Consistent with, and subject to reallocation by the Special Masters for practical reasons as set forth in Paragraph 2 above, the following matters are referred to SM Marion for resolution in the first instance:

   a. Development of proposed protocols for specialized and general discovery disputes;

   b. Coordination of ESI disputes referred to the Special Discovery Master – ESI;

   c. Coordination of status calls described in ¶11 below;

   d. Disputes over assertions of privilege (by a party entity, individual or third party); disputes over privilege logs; and any in camera review of documents related thereto or requested by a party;

   e. Oversee the development of a comprehensive coordinated plan as to disclosure of any AG Documents;

   f. Conflicts and disputes among parties on the same side that are or may likely become disruptive to the litigation and/or discovery process; and

   g. Any claims of spoliation.

**4.**     Consistent with, and subject to reallocation by the Special Masters for practical reasons as set forth in Paragraph 2 above, the following matters are referred to SDM Merenstein for resolution in the first instance:

   a. All discovery disputes that would lead to motions to compel if not resolved by the Special Masters and/or these procedures;

   b. Disputes related to production of documents, written discovery requests, and witness depositions;

   c. Alleged violations of or disputes involving previously entered protective orders or other confidentiality agreements as they relate to discovery and production of documents;

   d. Fact and Expert discovery schedules, deadlines, and extensions after consultation with the SM and parties; and

   e. Discovery disputes involving third parties.

**5.     Letter:**  In the event of a dispute, each moving party or non-party shall provide a letter to the SM or SDM, with copies to the other of the SMs and Liaison Counsel, setting forth the issue(s) and factual and legal bases for the anticipated discovery issue/dispute.

   a. The text of the letter shall not exceed 1400 words.

   b. The word count excludes the letter's date, address blocks, signature blocks and any exhibits or enclosures; and

   c. The movant will indicate whether an in-person meeting is preferred over a telephonic conference.

**6.     Response Letter:**  Each party or non-party against whom relief is sought shall submit a response letter to the SM or SDM, with copies to the other of the SMs and Liaison Counsel, within five business days, or within seven business days if there are multiple parties who are responding.

   a. The text of the letter shall not exceed 1400 words.

   b. The word count excludes the letter's date, address blocks, signature blocks and any exhibits or enclosures; and

     c. The respondent will indicate whether an in-person meeting is preferred over a telephonic conference.

**7.** In handling the dispute, the SM or SDM will attempt to mediate a compromise of the dispute, will decide whether a telephonic or in person meeting is needed, and may issue a verbal or written preliminary decision or suggested resolution of the dispute.

**8.** **Telephonic or in-person conference:** If the SM or SDM sets a date and time for a telephonic or in-person conference regarding the dispute:

     a. Only the parties involved in the dispute need to participate in the conference. Liaison Counsel or their assigned delegates may also attend the conference in order to report to their respective groups.

     b. During the conference, the SM or SDM may seek to informally resolve the dispute, including, for example, by providing his opinion of the likelihood of success of the arguments were a motion to be filed, advising the parties or non-parties to narrow or expand their arguments, or proposing a resolution that the participants might accept.

**9.** **Right to Full Briefing in Absence of Informal Resolution:** If the participating parties and non-parties cannot informally resolve the discovery dispute, the Parties (and/or non-parties) shall have the right to fully brief the dispute within a reasonable time set by the SM or SDM before the issuance of a formal Report & Recommendation. The SM or SDM shall set the briefing schedule, and otherwise the full briefing shall be governed by Judge Rufe's Policies and Procedures regarding Motions Practice, as well as the Local Rules.

**10.** **Report & Recommendation:** A written Report & Recommendation may be rendered to the Court in accordance with Pretrial Order No. 49. Any party or parties objecting to the Report & Recommendation shall file objections in accordance with Fed. R. Civ. P. 53(f).

**11.** **Regular Status Call:** The Special Masters shall hold periodic telephonic conferences with the parties. The timing and scope of such discussions, as well as procedures for submitting agendas, shall be established by the SM in consultation with the SDM and the parties.

5

**12.     Memorializing Rulings and Conferences:**  All rulings and conference results before the SM and SDM shall be memorialized and made available to all parties to the MDL.  The SM or SDM, in consultation with the parties, shall determine the manner in which conference proceedings, conference results, verbal rulings, and agreements by the parties at the conference will be memorialized.

It is so **ORDERED**.

> **BY THE COURT:**
>
> **/s/ Cynthia M. Rufe**
> _____
> **CYNTHIA M. RUFE, J.**