# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | **MDL NO. 2724**<br>**16-MD-2724**<br><br>**HON. CYNTHIA M. RUFE** |
| THIS DOCUMENT RELATES TO:<br><br>*Marion Diagnostic Center, LLC et al. v. McKesson Corporation et al.* | **Civil Action No. 18-4137** |

## ORDER

**AND NOW**, this 9th day of January 2019, upon consideration of the attached Stipulation Regarding Timing of Discovery and Motion to Dismiss to be Filed by McKesson Corporation and McKesson Medical-Surgical, Inc., it is hereby **ORDERED** that the Stipulation is **APPROVED**.

It is so **ORDERED**.

            BY THE COURT:

            /s/ Cynthia M. Rufe
            _____
            **CYNTHIA M. RUFE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*Marion Diagnostic Center, LLC et al. v. McKesson Corporation et al.* | Civil No: 18-cv-04137 |

### JOINT STIPULATION REGARDING TIMING OF DISCOVERY AND MOTION TO DISMISS TO BE FILED BY MCKESSON CORPORATION AND MCKESSON MEDICAL-SURGICAL, INC.

WHEREAS, Plaintiffs Marion Diagnostic Center, LLC and Marion Healthcare, LLC, on behalf of themselves and all others similarly situated (together, the "Marion Plaintiffs") filed a Complaint on September 25, 2018, in *Marion Diagnostic Center, LLC et al. v. McKesson Corporation et al.*, Case No. 2:18-cv-04137-CMR, which is centralized for pretrial proceedings as part of *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, Case No. 16-md-02724-CMR, MDL No. 2724;

WHEREAS, the Marion Plaintiffs filed an Amended Complaint on December 21, 2018 (the "Marion Complaint");

WHEREAS, the Marion Complaint names as defendants McKesson Corporation and McKesson Medical-Surgical, Inc. (together, "McKesson");

WHEREAS, Pretrial Order No. 61 (ECF Doc. No. 775) established a deadline of February 21, 2019 for the Manufacturer Defendants' motions to dismiss the Sherman Act claims from (a) Group 2 and 3 individual drug cases and (b) the Multi-Drug Complaints, including the Marion Complaint;

WHEREAS, the undersigned counsel agree that Pretrial Order No. 61 does not address the timing for McKesson, which is not a "Manufacturer Defendant," to move to dismiss the Marion Complaint;

WHEREAS, on June 11, 2018, the Indirect Reseller Plaintiffs ("IRPs"), the End-Payer Plaintiffs ("EPPs"), and the States served on McKesson a third-party subpoena requesting various documents and data;

WHEREAS, on November 14, 2018, the Marion Plaintiffs purported to serve on McKesson party discovery requests pursuant to Federal Rules of Civil Procedure 26 and 34;

AND WHEREAS, the undersigned counsel recognize the value of coordinating the discovery requests to McKesson so as to avoid duplication, unnecessary motion practice, and interference with other plaintiffs' requests;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel, on behalf of their respective clients, as follows:

1. McKesson shall file its motion to dismiss the Marion Complaint on or before February 21, 2019. Deadlines for further briefing on McKesson's motion shall be set consistent with the briefing schedule to be established pursuant to Pretrial Order No. 61.

2. McKesson's principal memorandum of law and Marion's opposition shall not exceed 20 pages, while any reply memorandum filed by McKesson, DPPs or other interested party shall not exceed 10 pages. Should DPPs file such a reply, Marion may file, within 14 days, a 10 page sur-reply to address the issues raised by DPPs.

3. During the pendency of McKesson's motion to dismiss the Marion Complaint, all discovery purportedly served on McKesson as a defendant in this litigation, including the discovery requests served by Marion pursuant to Federal Rules of Civil Procedure 26 and 34, shall be adjourned until after any decision by the Court on McKesson's motion to

dismiss. Upon issuance of such a decision, the parties shall jointly propose agreed or competing discovery plans for party discovery of McKesson;

4. Nothing in this joint stipulation shall affect McKesson's obligation to continue to meet and confer and produce data and documents in response to the third-party subpoena served by the IRPs, EPPs, and States on June 11, 2018.

IT IS SO STIPULATED.

Dated: January 9, 2019

By /s/ Abram Ellis

Abram Ellis
aellis@stblaw.com
Peter C. Thomas
pthomas@stblaw.com
Sara Razi
sara.razi@stblaw.com
SIMPSON THACHER & BARTLETT LLP
900 G. St., NW
Washington, DC 20001
Telephone: +1-202-636-5500
Facsimile: +1-202-636-5502

*Counsel for McKesson Corporation and McKesson Medical-Surgical, Inc.*

By /s/ Jonathan W. Cuneo

Jonathan W. Cuneo
jonc@cuneolaw.com
Peter Gil-Montllor
pgil-montlor@cuneolaw.com
CUNEO, GILBERT & LADUCA LLP
4725 Wisconsin Ave., NW, Suite 200
Washington, DC 20016
Telephone: +1-202-789-3960

*Lead Counsel for the Indirect Reseller Plaintiffs*

By _____

R. Stephen Berry
1100 Connecticut Avenue, NW
Suite 645
Washington, D.C. 2006
BERRY LAW PLLC
Telephone: +1-202-296-3020


Joe R. Whatley, Jr.
Edith M. Kallas
1180 Avenue of the Americas
20th Floor
New York, NY 10036
WHATLEY KALLAS LLP
Telephone: +1-212-447-7060

*Counsel for Marion Diagnostic Center, LLC
and Marion Healthcare, LLC*