**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724** <br> **16-MD-2724** |
| **THIS DOCUMENT RELATES TO:** <br> *ALL ACTIONS* | **HON. CYNTHIA M. RUFE** |

**PRETRIAL ORDER NO. 74**
**(APPOINTMENT OF SPECIAL DISCOVERY MASTER FOR ESI)**

**AND NOW,** this 14th day of February 2019, pursuant to Federal Rule of Civil Procedure 53(a)(1)(C) and as jointly proposed by the parties, the Court hereby appoints Daniel L. Regard as Special Discovery Master for ESI for the *In re Generic Pharmaceuticals Pricing Antitrust Litigation* Multidistrict Litigation (MDL) pursuant to the provisions of Pretrial Order Nos. 49, 52, 54, and 68, and as the Court may otherwise direct.

Mr. Regard shall be compensated for his services at a rate of $650 per hour and for all costs related to his duties as a Master from the parties' assets, subject to Court approval. The rates are subject to periodic adjustment with the approval of the Court.

The Court has considered the Affidavit of Daniel L. Regard supplied pursuant to Federal Rule of Civil Procedure 53(b)(3), a copy of which is attached, and is confident that Mr. Regard possesses the requisite skills, experience and knowledge and other attributes necessary to serve in the capacity as Special Discovery Master for ESI in this MDL.

It is so **ORDERED**.

**BY THE COURT:**
**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>GENERIC PHARMACEUTICALS PRICING<br>ANTITRUST LITIGATION | 2:16-md-02724-CMR |

### AFFIDAVIT OF DANIEL L. REGARD

Daniel L. Regard, a member of the bar of the State of Louisiana, and being duly sworn, states the following pursuant Fed. R. Civ. P. 53:

I have thoroughly familiarized myself with the issues and parties involved in this matter.

I wish to disclose that in 2017, my company, iDiscovery Solutions, Inc. (iDS), was retained by End Payer Plaintiffs in In re Generic Digoxin and Doxycycline Antitrust Litigation. That retention continued after the MDL was expanded to In re Generic Pharmaceuticals Antitrust Litigation. The services were provided by others employed at iDS and I have no information concerning the subject matter of that work. I am advised that counsel for End Payer Plaintiffs told iDS that it had disclosed iDS's involvement to the Defense Liaison Counsel, and that if I were appointed as a special master, they would no longer seeks iDS's services in the Generic Drugs cases and would provide a waiver upon request.

I wish to disclose that iDS has worked previously with some of the plaintiff and defendant parties to this matter, although none of those matters are active. Additionally, iDS has been involved in other matters where some of the plaintiff and defendant parties were an interested party to a matter, both as an adverse party and as a party on the same side as an iDS client, although none of those matters are active.

1

I wish to disclose that I know many of the law firms representing plaintiffs and defendants in this matter. iDS provides a wide variety of e-discovery services including, but not limited to, digital forensics, document processing and hosting, document review, data privacy consulting, and expert witness testimony for clients of these firms. iDS has been engaged by and/or provided services to clients represented by the firms involved in the Generic Drugs matter. In some cases, we have standing Master-Service-Agreements. Further, I have open matters with some firms and I am personally engaged directly on some matters, although not with any individual lawyers who have entered an appearance in the Generic Drugs matter.

In the course of dealing with e-discovery issues, it is my expectation that some of the e-discovery lawyers involved in the Generic Drugs case may be lawyers with whom I have contact at various conferences and through other thought-leadership organizations I am involved with. If such an appearance is made, and if such relationships exist, I will disclose them promptly. I do not have any such relationships with any of the attorneys on the discovery steering committee.

I can attest and affirm that there are no known grounds for disqualification under 28 U.S.C. §455 that would prevent me from serving as a Special Master in the captioned matter.

Daniel L. Regard

Sworn to before me and subscribed in my presence this 14 day of February 2019.

Notary Public

SHAMEKA S. GLOVER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires March 31, 2023

2