# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | MDL 2724<br>16-MD-2724 |
| | HON. CYNTHIA M. RUFE |

**THIS DOCUMENT RELATES TO:**

| | |
|---|---|
| **IN RE: CLOBETASOL CASES**<br>*All End-Payer and Indirect Reseller Actions* | 16-CB-27240<br>16-CB-27242, 16-CB-27243 |
| **IN RE: DIGOXIN CASES**<br>*All End-Payer and Indirect Reseller Actions* | 16-DG-27240<br>16-DG-27242, 16-DG-27243 |
| **IN RE: DIVALPROEX ER CASES**<br>*All End-Payer and Indirect Reseller Actions* | 16-DV-27240<br>16-DV-27242, 16-DV-27243 |
| **IN RE: DOXYCYCLINE CASES**<br>*All End-Payer and Indirect Reseller Actions* | 16-DX-27240<br>16-DX-27242, 16-DX-27243 |
| **IN RE: ECONAZOLE CASES**<br>*All End-Payer and Indirect Reseller Actions* | 16-EC-27240<br>16-EC-27242, 16-EC-27243 |
| **IN RE: PRAVASTATIN CASES**<br>*All End-Payer and Indirect Reseller Actions* | 16-PV-27240<br>16-PV-27242, 16-PV-27243 |

## ORDER

AND NOW, this 15th day of February 2019, upon consideration of the Group 1 Defendants' Motions to Dismiss the state law claims brought on behalf of the Group 1 EPPs and IRPs, the responses and replies thereto, and the arguments of counsel, and for the reasons set

forth in the accompanying Opinion, it is hereby **ORDERED** that the Motions are **GRANTED in part and DENIED in part** as follows:

1. Defendants' motions are **GRANTED** to the extent they seek to dismiss any Illinois state antitrust law claims brought by the Group 1 EPPs and IRPs. Group 1 EPPs' and IRPs' claims under the Illinois Antitrust Act are **DISMISSED** with prejudice.

2. Defendants' motions are **GRANTED** to the extent that they seek to dismiss any of Group 1 EPPs' and IRPs' Rhode Island antitrust claims for damages for putative overcharges incurred prior to July 15, 2013. Divalproex ER and doxycycline EPPs' and IRPs' claims under the Rhode Island antitrust law alleging overcharges before July 15, 2013 are **DISMISSED** with prejudice. Group 1 EPPs and IRPs may move forward with respect to their Rhode Island antitrust claims to the extent they allege overcharges incurred from July 15, 2013 forward.

3. Defendants' motions are **GRANTED** to the extent that they seek to dismiss Group 1 EPPs' and IRPs' claims for monetary relief under the Georgia Uniform Deceptive Trade Practices Act. Group 1 EPPs' and IRPs' claims for monetary relief under the Georgia Uniform Deceptive Trade Practices Act are **DISMISSED** with prejudice. Group 1 EPPs and IRPs may pursue claims for injunctive relief only under this law.

4. Defendants' motions are **GRANTED** to the extent that they seek to dismiss Group 1 EPPs' and IRPs' South Carolina consumer protection claims and Group 1 EPPs' Montana consumer protection claims insofar as the claims are brought on behalf of a putative class. Group 1 plaintiffs' claims for class-based relief under the South Carolina and Montana consumer protection laws are **DISMISSED** with prejudice. Group 1 EPPs and IRPs may proceed with their South Carolina and Montana consumer protection claims on an individual basis only, and only to the extent they have Article III standing to assert such claims.

5. Defendants' motions are **GRANTED** to the extent that they seek to dismiss Group 1 EPPs' and IRPs' claims under the West Virginia Consumer Credit and Protection Act. Group 1 EPPs' and IRPs' West Virginia Consumer Credit and Protection Act Claims are **DISMISSED** with prejudice.

6. In addition, Group 1 EPPs' Alabama antitrust claims, Group 1 EPPs' New Jersey Consumer Protection Act claims, and Group 1 IRPs' claims under the Michigan and Nevada consumer protection statutes are **DISMISSED**, Plaintiffs having stated their intent to withdraw or voluntarily dismiss these claims in response to Defendants' motions.

7. Defendants' motions are **DENIED** in all other respects.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**