**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724**<br>**16-MD-2724** |
| | **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:** | |
| *ALL ACTIONS* | |

### ORDER ON PROPOSED ESI PROTOCOL

The parties have submitted a Proposed Order Regarding the Search for and Production of Discovery Material (the "Proposed ESI Protocol") [Doc. No. 585].  Although counsel were able to agree on many of the provisions, four issues remain in dispute.  Of the disputed issues, three concern highly technical matters that have been referred to the Special Discovery Master for ESI for a report and recommendation.  The final disputed question concerns a legal determination that has been reserved to the Court:  the extent to which the parties may redact or withhold responsive documents.  The parties have thoroughly briefed and argued their positions on this issue, which the Court has carefully reviewed.

The Court has determined for several reasons that a party may redact or withhold responsive documents only where they are covered by attorney-client privilege or the work-product doctrine or contain sensitive personally identifying information.  First, the particular nature of the antitrust conspiracy allegations in the MDL mean that an understanding of the context of particular documents may be critical, which could be impeded by the withholding or redaction of responsive documents or document families.  Second, there are provisions in place to protect competitively sensitive documents, including the Protective Order (Pretrial Order No.

53), which permits such documents to be designated for viewing by "Outside Counsel Eyes Only."  Third, the parties may raise objections to discovery requests for overbreadth or other reasons, and the Special Masters are available to assist the parties and the Court with the resolution of such disputes in a timely and cost-effective manner that will permit the discovery in this complex MDL to move forward comprehensively.   The Court is confident that the parties will continue to cooperate through the discovery process and that the parties will be vigilant with regard to protecting legitimate interests in preserving the confidentiality of competitively sensitive information.

**AND NOW,** this 9th day of April 2019, upon consideration of all of the parties' submissions and arguments on the Proposed ESI Protocol, it is hereby **ORDERED** that in responding to discovery requests in the MDL, a party may redact or withhold responsive documents only for attorney-client privilege, protection under the work-product doctrine, and sensitive personally identifying information.

It is so **ORDERED.**

**BY THE COURT:**

 **/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**