**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

IN RE: GENERIC PHARMACEUTICALS                MDL 2724
PRICING ANTITRUST LITIGATION                  16-MD-2724

_____

THIS DOCUMENT RELATES TO:

IN RE: CLOBETASOL CASES                        16-CB-27240

*ALL CLOBETASOL CASES*

_____

## ORDER

     **AND NOW**, this 10th day of April 2019, after consideration of defendant Perrigo New

York, Inc.'s Motion to Certify the Court's October 16, 2018 Order for Interlocutory Appeal

under 28 U.S.C. § 1292(b) [Doc. No. 229] and Plaintiffs' opposition thereto, it is **ORDERED**

that the Motion is **DENIED**.[1]

---

[1]    28 U.S.C. § 1292(b) allows the Court, at its discretion, to grant a request for certification of a question for interlocutory appeal if it finds there is: (1) a controlling question of law; (2) substantial ground for difference of opinion; and (3) a likelihood that an immediate appeal will materially advance the termination of the litigation. "All three conditions must be met before a court may certify an order for interlocutory appeal." *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 644 (E.D. Pa. 2010). Perrigo has not shown that they are.

    Crucially, an immediate appeal is unlikely to materially advance the termination of this multidistrict litigation. Plaintiffs' clobetasol claims will go forward even if the allegations against Perrigo are deemed insufficient to state a claim against it because Perrigo is but one of several clobetasol Defendants. In addition, granting an interlocutory appeal will not relieve Perrigo of its obligations in this MDL because Plaintiffs have asserted claims against it for its conduct with respect to three other drugs: econozole, desonide, and nystatin. Regardless of the outcome of any interlocutory appeal with respect to Plaintiffs' clobetasol claims, Perrigo will remain a Defendant in cases implicating the other drugs, including the private Plaintiffs' overarching conspiracy complaints. On this basis alone, certification is not appropriate.

    Even if certification would expedite resolution of this litigation, Perrigo has not established the other required conditions. It asks for certification of this question: "Whether plaintiffs are required to allege parallel pricing in order to assert a plausible price-fixing claim." Perrigo Mem. in Support of Mot. to Certify [Doc. No. 229-1 at 1]. The Third Circuit has recognized that "parallel pricing does not require uniform prices" *In re Baby Food Antitrust Litig*, 166 F.3d 112, 132 (3d Cir. 1999), *citing United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 222 (1940) ("Nor is it important that the prices paid by the combination were not fixed in the sense that they were uniform and inflexible."). And the Court did not determine that Plaintiffs were not required to allege parallel pricing. Instead, the Court found that Plaintiffs had sufficiently pleaded parallel conduct when Perrigo's alleged clobetasol price increases were considered "in the entire context of the allegations in the clobetasol complaints" even though they might "in isolation, . . . be insufficient to aver parallel conduct." *In re Generic Pharmaceuticals*

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

---

*Pricing Antitrust Litig.*, 338 F. Supp. 3d 404, 443–44 (E.D. Pa. 2018).  Perrigo's disagreement with the Court's application of the antitrust pleading standard to the allegations in Plaintiffs' clobetasol complaints does not constitute a controlling question of law for which there is substantial ground for difference of opinion.  Section 1292(b) certification is not warranted.