# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | : : : | MDL NO. 2724 16-MD-2724 |
| _____ THIS DOCUMENT RELATES TO RUFE | : | HON. CYNTHIA M. |
| *ALL ACTIONS* | : : | |

_____

# Report and Recommended Order from
# Special Master David H. Marion on Issue of Appointment of a
# Liaison Counsel on Behalf of Direct Action Plaintiffs

This report is respectfully submitted by Special Master David H. Marion to accompany a recommended Order appointing a liaison counsel for the Direct Action Plaintiffs (DAPs).

## I.   BACKGROUND

At the status conference before Judge Rufe held on Friday, April 5, 2019, William Blechman, Esquire of the Kenny Nachwalter firm, representing the Kroger plaintiffs, applied to be appointed liaison counsel for the DAPs.  Opposition to that application was expressed by attorneys Peter St. Phillip and Judith Zahid representing plaintiffs Humana and United, respectively.  The comments of the Court at the conference led the undersigned to believe that the Court wished for the concerned parties to address the issue in the first instance with Special Master Marion.  Apparently counsel had the same understanding because they asked to meet with me following the conclusion of the conference to present their views.  Because I had scheduled another mediation-type meeting to follow the Court

22669691v.1

April 17, 2019
Page 2

conference, I asked counsel on both sides of the issue to submit their positions in writing to me, after which I would arrange for a conference call to discuss same.

Since that time a number of written submissions from both sides has been presented to me. A conference call was held, and I issued an informal recommendation for resolution of the matter, to which the parties have responded with proposed changes to such Order. In the meantime, the Court on April 8 issued a Pre-Trial Order covering applications for this liaison counsel position and deadlines for submissions thereon.

## II. DISCUSSION

I have received a number of well-drafted letter briefs – both before and responding to my issuance of an informal recommended Order – fully setting forth the opposing positions on this matter. It is obvious to me that there will not be agreement, and therefore I am now recommending entry of an order and suggesting that supporting briefs and objections be filed now.

Mr. St. Phillip "for purposes of expedition," lodged an early objection based on my failure to include the following proposed language in my recommended Order:

> "The Court hereby orders all plaintiffs' counsel to continue to confer and attempt to agree upon the manner and extent to which discovery should be coordinated among the class action and Direct Action Plaintiff cases so as to achieve any benefits of efficiency that can be gained from coordinating these cases for pretrial purposes. Counsel for the class and for the Direct Action plaintiffs shall continue to cooperate to avoid conducting duplicative discovery."

I did not include that language in my recommended order (and Humana and United object to its omission) because I regard the DAP liaison issue as separate and distinct from the general leadership and working structure among plaintiffs' lawyers. On the latter subject, I have

22669691v.1

April 17, 2019
Page 3

received an ex parté letter from counsel for certain plaintiffs and have invited plaintiffs' liaison/lead counsels Roberta Liebenberg and Dianne Nast to also submit their views ex parté to me. On that separate issue of leadership/organization on the plaintiffs' side of the case, in accordance with Pre-Trial order No. 68, paragraph 3.f, I will soon convene a conference call to explore resolving that issue among plaintiffs' counsel.

### III.    RECOMMENDED ORDER

I recommend the Court's entry of the attached Order appointing Mr. Blechman as liaison counsel for the DAPs based in part on the following reasons:

1.    The appointment of Mr. Blechman as liaison counsel has the unanimous support of all plaintiffs' and defendants' lead/liaison counsel and is opposed only by counsel for Humana and United.

2.    Mr. Blechman has substantial and successful experience in acting as liaison counsel in cases such as this, has already been acting informally as such and has pledged to limit his role to administrative functions and to treat all parties equally, without charging for his time in doing so.

3.    The number of direct action plaintiffs at present does not warrant appointing more than one liaison counsel for that group, even considering that there may be more such cases coming. The fact that Humana and United are insurance companies in contrast to the other DAPs, does not seem to warrant two liaison counsels for this group; the plaintiffs' organization and leadership seems to be acting responsibly and effectively until now; and there does come a time when too many cooks can spoil the broth.

22669691v.1

April 17, 2019
Page 4

4. The above summary of my reasoning does not do justice to all the arguments made on each side; therefore, I suggest they may want to consolidate the letter briefs they have sent to me and submit more succinct briefs to the Court at this time. Since both sides have invoked the concepts of "expedition" and "efficiency", I have urged the objectors to file their objections forthwith rather than waiting for the deadlines set forth in the Court's Order of April 8, since they have already fully briefed the issues and the Order I am recommending now to the Court is identical to that which I informally recommended to the parties last week. Attached hereto as Exhibit "A" is my recommended Order.

Respectfully submitted,

*David H. Marion*

David H. Marion, Special Master

22669691v.1

# EXHIBIT "A"

22669691v.1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | : : : | MDL NO. 2724 16-MD-2724 |
| THIS DOCUMENT RELATES TO | : : | HON. CYNTHIA M. RUFE |
| *ALL ACTIONS* | : | |

**PRETRIAL ORDER NO. _____**
(Direct Action Plaintiffs' Liaison Counsel)

**AND, NOW**, this \_\_\_ day of April, 2019, it is hereby ORDERED that William J. Blechman, counsel for the Kroger Direct Action Plaintiffs, is appointed as Liaison Counsel for the plaintiffs in the following direct actions coordinated for purposes of pretrial proceedings with this MDL ("Direct Action Plaintiffs" or "DAPs"):

1. *The Kroger Co., et al. v. Actavis Holdco U.S. Inc., et al.,* No. 2:18-cv-00284 (E.D. Pa.);

2. *Humana, Inc. v. Actavis Elizabeth, LLC*, *et al*., No. 2:18-cv-03299 (E.D. Pa.);

3. *United HealthCare Services, Inc., v. Actavis Holdco U.S., Inc., et al*., No. 2:19-cv-00629 (E.D. Pa.); and

4. Any other direct action that is filed and coordinated with this MDL for pre-trial proceedings after the entry of this Order.

DAP Liaison Counsel is authorized to perform all necessary administrative functions, including receiving Orders and notices from the Court on behalf of Direct Action Plaintiffs, preparing and transmitting copies of such Orders and notices to other counsel for Direct Action Plaintiffs, and the performance of other tasks as determined by the Court. Liaison Counsel shall take all reasonable steps to assure that all such communications from and to the Court or any party to this MDL can be transmitted to all DAPs contemporaneously or as promptly as possible. DAP Liaison Counsel is required to maintain complete files with copies of all documents served upon him in hard copy or electronic form, and to make such files available to other counsel for Direct Action Plaintiffs.

22637742v.1

Liaison Counsel shall not seek compensation for time spent incurred in performing the liaison services hereunder, but may seek reimbursement of expenses when reasonable and necessary to perform services hereunder, over and above those for said counsel's clients.

**IT IS SO ORDERED.**

BY THE COURT:

_____
CYNTHIA M. RUFE, J.

22637742v.1