# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>Case No. 16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br>*All Actions* | HON. CYNTHIA M. RUFE |

# THE KROGER DIRECT ACTION PLAINTIFFS' RESPONSE TO UNITED'S AND HUMANA'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF SPECIAL MASTER DAVID H. MARION ON THE ISSUE OF APPOINTMENT OF A <u>LIAISON COUNSEL FOR DIRECT ACTION PLAINTIFFS</u>

After considering argument from all parties, Special Master David Marion issued an R&R to this Court that William J. Blechman and the Kenny Nachwalter law firm serve as Liaison Counsel for DAPs.  *See* April 17, 2019 Report and Recommendation of Special Master David Marion, Dkt. No. 982-1 ("R&R").  The Class Plaintiffs supported this recommendation, and Defendants supported a single DAP Liaison Counsel in this MDL.

During the proceedings before the Special Master, United also expressly supported Mr. Blechman's appointment as Liaison Counsel.[1]  However, Humana and United now submit objections to the R&R and propose as alternative Liaison Counsel one of the lawyers representing United, who just recently joined this MDL.[2]  Notably, neither Humana nor United argues that the Special Master abused his discretion with this procedural matter.  *See* Fed. R. Civ. P. 53(f)(5) (providing that a master's ruling on a procedural matter should be set aside "only for an abuse of discretion"). But even if a heightened standard of review applied to the R&R, neither United nor Humana demonstrate any valid basis to reject the Special Master's R&R.

---

[1] *See* United's March 22, 2019 Letter to Special Master Marion supporting Mr. Blechman's appointment as DAP Liaison Counsel, Dkt. No. 961-3 ("United supports Mr. Blechman as DAP Liaison Counsel").

[2] The time and resources that this Court must devote to the appointment of DAP Liaison Counsel is unfortunate because, in our experience, this process need not be adversarial – as Liaison Counsel is an administrative position that neither charges for the time nor has a financial stake in any other firm's case – and there is much other important work to be done in this MDL. We sought the position upon entry in the case in January 2018 because we anticipated the need, as a well-organized and efficiently managed MDL case is in all parties' interests, including ours. When this Court entertained consideration of such an appointment more recently, we sought to build consensus before applying, and largely succeeded until United changed its position after the Special Master's R&R.  (Humana has always opposed our appointment.)  The amount of litigant time and resources devoted to what we think should be a non-adversarial and straightforward administrative appointment is hardly efficient and does not reflect our view of how parties should be coordinating in an MDL.

Together, Humana and United raise three objections to the R&R. For the reasons explained below, the Court should overrule the objections and adopt the Special Master's R&R in full.

**First**, Humana argues that because it has both indirect and direct claims, while the Kroger DAPs only assert direct claims, this supposedly makes counsel for the Kroger DAPs unsuitable to be DAP liaison. Humana Br. at 3 (Dkt. No. 966). Both the Special Master and United disagreed with this position. As United previously explained to the Special Master in *support* of Mr. Blechman's appointment, "*while we agree that Mr. Blechman's clients are differently situated than Humana and United, we do not necessarily believe this is an important factor given the administrative role that would be created under the proposed Order*."[3]

Indeed, as the Special Master implicitly recognized in his R&R, the Kroger DAPs' counsel should serve in the administrative role as DAP liaison counsel even if there are differences between retailers such as the Kroger DAPs and insurance companies like Humana (or United). Just as there are some differences among the various DAPs, there are also differences among the various Defendants in this MDL, but this Court has still created substantial efficiencies through the appointment of Liaison Counsel for the Defendants. The existence of Liaison Counsel for Defendants has not interfered with any Defendant's ability to raise issues unique to that party. The Court and the Special Masters already know this based on their experience administering one-off discovery disputes between a given Defendant or group of Defendants and Plaintiffs.

For example, Defendants Impax and Breckenridge separately negotiated for exceptions to the Special Discovery Master's global discovery recommendations based on circumstances purportedly unique to each of them. Mylan was alone among the Defendants in contesting several

---

[3]   *See* United's March 22, 2019 Letter to Special Master Marion supporting Mr. Blechman's appointment as DAP Liaison Counsel, Dkt. No. 961-3.

discovery issues as well.  In each of these instances, the law firm representing the Defendant(s) presenting the one-off issue represented and spoke for their client; Defendants' liaison counsel did not.  This is what we would expect to occur among DAPs were we DAP Liaison Counsel. In the event that issues arise with respect to any other DAP, counsel for the DAP with the one-off issue would address it.  This is what has occurred in all other MDL cases in which the undersigned counsel served as DAP liaison counsel.  *E.g.*, *Eggs*, MDL 2002 (consumer products companies presented one-off issues regarding liability and damages not presented by retail supermarkets); *Payment Card Interchange*, MDL 1720 (cable, satellite and broadcast television network presented one-off discovery issues not presented by other merchants); *Polyurethane Foam*, MDL 2196 (furniture companies presented one-off discovery and damages issues not presented by bedding manufacturers); *Packaged Seafood*, MDL 2670 (food wholesalers and distributors presented one-off discovery, liability and damage issues not presented by retail supermarkets).

**Second**, United and Humana object to the R&R because it does not contain a "cooperation" clause.  *See* United Br. at 3 (Dkt. No. 967).  The Kroger DAPs continue to believe that a "cooperation clause" is unnecessary and would render meaningless the DAP liaison role.  It would also alter the way that the Court has chosen to structure the case up to this point, by – for example – holding certain "leadership" status conferences with a small number of participants.

United and Humana prefer a Practice and Procedure Order that was entered ten years ago by a different judge in a different district in a case (*Urethanes*) involving a single opt-out group and a single class of plaintiffs, rather than the Special Master's Proposed Order that tracks the Pretrial Orders that *this* Court has entered appointing Liaison Counsel in *this* (significantly larger) MDL.  This Court's Pretrial Orders reflect its preference for how to manage this case, and they

3

have worked quite well for all parties up to this point. United and Humana do not present any good reason to deviate from this practice now.

The Kroger DAPs also understand Humana's and United's preference for a cooperation clause to be a prophylactic response to the EPPs' and DPPs' (the "Classes") recent motion for a "set-aside" that would require all DAPs to pay class counsel in order to settle their claims in this MDL. Without addressing the merits of that separate dispute here,[4] we note that the Classes' efforts to negotiate a "set aside" with Humana and United earlier, and their recent set aside motion, have two foreseeable, avoidable, and significant adverse effects on this MDL: (i) it has impaired (at least until recently) all Plaintiffs' groups from coordinating under a joint prosecution agreement, which would facilitate the exchange of common interest work product; and (ii) all DAPs will now be wary of allowing a claimed "common benefit" to inure to them from the work, if any, of DPP or EPP counsel, meaning that the two moving Classes and DAPs will duplicate work to try to make a record that one conferred or did not confer a benefit on the other. Plainly, the better outcome for this Court and the efficient administration of this MDL would be to reject both the so-called "cooperation clause" and the set-aside motion in order to promote the various parties' ability (and incentive) to work together.

**Third**, the Kroger DAPs respectfully disagree with Humana's characterization of the lack of coordination on the Plaintiff-side of the case. We, as Kroger DAPs' counsel, have coordinated extensively with counsel for both Humana and United to the extent that we have been able to do so consistent with our obligations to protect common interest work under the joint prosecution

---

[4] We were surprised to see the DPPs' and EPPs' motion include the Kroger DAPs, who as this Court knows have been actively involved in this case since January 2018. We will have much more to say about the meritless and ill-advised set aside motion in our forthcoming response next week.

4

agreements among the State AGs, the Classes, and the Kroger DAPs.  Upon entering this MDL in January 2018, the Kroger DAPs entered into joint prosecution agreements with the State AGs and the Class Plaintiffs.  As a result of these agreements, these Plaintiffs have been able to coordinate extensively in advancing their common interests in this MDL.  For example,[5] the Kroger Plaintiffs have drafted or edited Court submissions and written discovery and participated in literally hundreds of meet and confer sessions with Defendants related to their discovery responses in this MDL.  In participating in all of this work, these Plaintiffs have been able to coordinate their efforts without worrying about forfeiting their ability to claim privilege over their attorney work product.

Although Humana filed its lawsuit nine months ago, its counsel never entered into a joint prosecution agreement with the Class Plaintiffs despite the urging of the Kroger DAPs. Humana has been largely content to sit on the sidelines and allow other parties to do the work in this MDL until the last few months, when the Classes informed Humana (and United) of the Classes' intention to seek a set aside.  As noted earlier, this initiative by the EPP and DPP Classes impaired our ability to share joint Plaintiffs' work product with counsel for Humana (or United).

The Kroger DAPs also take issue with Humana's statement that "unbeknownst" to Humana, the other Plaintiffs have been engaging in discovery, motion practice, and meet and confers.  *See* Humana Br. at 4.  Humana filed its case on August 3, 2018 (Dkt. No. 1 in No. 18-cv-3299).  At the time it filed its case and thereafter, the public record has expressly reflected that the parties were engaging in extensive meet and confers.[6]  To our knowledge, Humana did not seek to participate in these efforts.

---

[5]  We have done much more, but this is an example.

[6]  *See, e.g.,* Dkt. No. 668, Status Report by Plaintiffs, Aug. 7, 2018 ("Regarding Plaintiffs' First Set of Requests for Production of Documents to Defendants, **the Parties have conducted five meet and confers on global issues related to these requests and numerous individual meet and confers have been conducted and are ongoing**.") (emphasis added); Dkt.

5

We stand willing and available to serve as DAP liaison counsel based on our active participation in this case, our effort to establish a DAP working group months ago, our continuing commitment to do the work necessary to move this MDL forward in coordination with other counsel, and our experience as DAP liaison counsel in other MDL antitrust cases. As the Special Master notes in his R&R, we have already been functioning in this capacity in the case for months. Despite the limitations on our ability to coordinate with Humana and United because of the intervening Class set aside effort, we have forwarded to them communications to/from the Special Master and the Classes, the State AGs, and Defendants, arranged for a cost sharing agreement among DAPs, supported their inclusion in the existing Plaintiffs' joint prosecution agreements, in response to a request from United's lawyers, sent them Defendants' written discovery responses and organizational chart productions, and coordinated well with Humana's counsel in preparing papers in opposition to Defendants' dismissal motions.

This MDL has progressed substantially since the Kroger DAPs filed their case in January 2018, significantly aided by coordination among the Kroger DAPs, the Classes, and the State AGs. The Kroger DAPs believe that, by appointing Mr. Blechman as Liaison Counsel, it will

---

No. 714-1, Motion to Compel on Global Issues, Sept. 25, 2018 ("For more than four months, Plaintiffs and Defendants met and conferred concerning Plaintiffs' First RFPs at a global level through liaison counsel, and individually with each Defendant. **After dozens of meet and confers and voluminous correspondence**, the Plaintiffs and Defendants subject to this motion remain at impasse on the key, global definitions that are the subject of this motion.") (emphasis added); Dkt. No. 725 , Status Report by Plaintiffs, Oct. 19, 2018 ("Meet and confers regarding Plaintiffs' First RFPs and Interrogatories are ongoing. During those meet and confers, the Parties have discussed, among other things, designation of custodians whose files will be searched, scope of the RFPs, identification of the structured data (*e.g.*, sales transaction data) to be produced in response to the RFPs, custodial and non-custodial data sources to be searched for unstructured data (*e.g.*, email and other documents); and search methodologies to be employed to identify responsive documents. **The discussions on Plaintiffs' First RFPs have been ongoing with most Defendants since May 2018**. The discussions on Defendants' First and Second RFPs to DPPs, EPPs and IRPs have been ongoing since September 2018 and discussions on Defendants' RFPs to Kroger began this month.") (emphasis added).

substantially facilitate the ability of the Court to fold Humana and United (and other DAPs, if any) into this MDL and allow for the efficient administration of this case. Our experience as DAP Liaison Counsel in five other MDL antitrust cases demonstrates that we know how to do this.

Accordingly, the Kroger DAPs respectfully submit that the Special Master did not abuse his discretion with his R&R. The Court should therefore overrule the objections of United and Humana and adopt the Special Master's R&R in full.

Dated: May 10, 2019                                  Respectfully submitted,


By: */s/ William J. Blechman*
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Scott E. Perwin, Esquire
Anna T. Neill, Esquire
Samuel J. Randall, Esquire
Joshua B. Gray, Esquire
Brandon S. Floch, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida  33131
Tel:  (305) 373-1000
Fax:  (305) 372-1861
E-mail: rarnold@knpa.com
        wblechman@knpa.com
        sperwin@knpa.com
        aneill@knpa.com
        jgray@knpa.com
        srandall@knpa.com
        bfloch@knpa.com

*Counsel for Kroger Direct Action Plaintiffs*

600493.1