**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | MDL No. 2724 <br><br> 16-md-2724-CMR |
| **THIS DOCUMENT RELATES TO:** <br><br> *ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**NEWLY ADDED DEFENDANTS' OBJECTIONS TO SPECIAL MASTER
DAVID H. MARION'S REPORT AND RECOMMENDATION SETTING FORTH A
<u>PROPOSED CASE MANAGEMENT ORDER AND DISCOVERY SCHEDULE</u>**

The undersigned individuals and companies were named as defendants in this MDL for the first time on May 10, 2019 (collectively, "Newly Added Defendants")[1] and jointly submit this objection to Special Master David H. Marion's August 16, 2019 Report and Recommendation ("R&R") setting forth a proposed case management order and discovery schedule.

**INTRODUCTION**

The schedule and procedures proposed by the R&R are entirely geared toward defendants that have been participating in this MDL for years. The R&R fails to address the procedural rights and practical requirements of the Newly Added Defendants—a limited and specific group of Defendants, who were only recently named in this three-year-old MDL and are therefore uniquely situated from other Defendants for case management and discovery purposes. In particular, the

---

[1] The following Newly Added Defendants join this objection to the R&R: Pfizer Inc. ("Pfizer"); Greenstone, LLC ("Greenstone"); Amneal Pharmaceuticals, Inc. ("Amneal"); Ara Aprahamian; David Berthold; James N. Brown, Jr.; Maureen Cavanaugh; Tracy Sullivan DiValerio; Marc Falkin; James Grauso; Kevin Green; Armando Kellum; Jill Nailor; James Nesta; Konstantin Ostaficiuk; Nisha Patel; David Rekenthaler; and Richard Rogerson. Thus, the Newly Added Defendants collectively include Pfizer, Greenstone, and Amneal—which are the only Newly Added Corporate Defendants—and all of the fifteen individual defendants named in the May 10, 2019 complaint filed by the State Attorneys General ("the States").

Newly Added Defendants: (i) were named as defendants for the first time in the States' May 10, 2019 complaint, (ii) are not parties to any other action in the MDL, (iii) have not participated in nearly three years of active litigation prior to being added to the MDL on May 30, 2019 (*i.e.*, the date on which the May 10, 2019 complaint was transferred to this Court), (iv) have not been afforded the opportunity to test the sufficiency of the claims against them by moving to dismiss, and (v) have not been served with any party discovery or have been served with party discovery only within the last several weeks.

The R&R would lead to a perverse result. The States have made clear that they intend to amend the May 10, 2019 complaint, and private plaintiffs intend to file new complaints after September 1, 2019. The R&R expressly (and correctly) exempts cases filed after September 1, 2019 from the proposed case management order and proposes separate pleading and motion deadlines as to such cases. R&R, Proposed Order ¶ 1. Yet the May 10, 2019 complaint—which also is a new case that has been dormant pursuant to the stipulated Order entered by the Court on July 25, 2019 and which the States have made clear they will seek to moot by filing an amended complaint well after September 1, 2019—will be sent careening into this three-year-old litigation with no consideration or protection whatsoever for the Newly Added Defendants.

Although the R&R conceptually recognizes that it should not govern "new defendants,"[2] it appears to require the Newly Added Defendants to meet the compressed deadlines applicable to

---

[2] Paragraph 1 of the R&R's proposed case management order states:

> With respect to any *new complaint or amended complaint thereto* filed after September 1, 2019, responsive pleadings and/or motions shall be filed as normally required or agreed. Discovery from *new defendants* may be guided by but will not be governed by this CMO. Discovery with respect to those defendants shall be governed by separate agreement(s) to be negotiated by the parties or separate order(s), recommended by the Special Master and/or as decided by the Court. However, discovery involving *pre-existing parties* may be expanded as appropriate to include newly added defendants and/or drugs.

the other parties who have been actively litigating in this MDL for years. The R&R further contemplates that the Newly Added Defendants will be subject to broad-ranging discovery on a highly expedited (and unrealistic) schedule while, at the same time, the R&R precludes the Newly Added Defendants from moving to dismiss the claims against them—even on defendant-specific grounds not addressed by prior parties. That proposal violates the Federal Rules of Civil Procedure, is unfair to the Newly Added Defendants, and also does not consider the inefficiencies for the Court and the MDL of thrusting new defendants into full-fledged litigation on a serial basis, as the States and private plaintiffs file their planned new and amended piecemeal lawsuits going forward.[3]

The R&R's proposed case management order and discovery schedule should not govern the May 10, 2019 complaint and should not apply to the Newly Added Defendants. Rather, at the appropriate time, this Court should issue a separate case management order that appropriately accounts for the rights, interests, and needs of these uniquely situated defendants; establishes a reasonable on-ramp to the MDL for any new defendants; and promotes efficient resolution of this MDL as a whole. As shown in "Defendants' Objection to Special Master David H. Marion's Report and Recommended Order Setting Forth Case Management Order and Discovery Schedule" (the "Joint Defense Objection"), the May 10, 2019 action and all future actions should be placed in a suspense docket. This would be the most efficient approach to case management and would

---

(emphases added). This paragraph uses September 1, 2019 as the operative cutoff for new complaints and amendments thereto; however, it is not clear by its terms whether that same date distinguishes "pre-existing parties" from "new defendants." In any event, the remainder of the R&R does not provide any accommodation for Newly Added Defendants as defined in this brief.

[3] The States have repeatedly indicated that they intend to seek to amend their May 10, 2019 complaint, most recently in the Joint Proposed Agenda for the September 24, 2019 General Status Conference, dated September 10, 2019. ECF No. 1080, 16-md-2724. The private plaintiffs likewise have represented to the Court that they expect to file new lawsuits in Fall 2019. Both the States and the private plaintiffs have stated that they expect to file additional complaints in 2020.

alleviate many of the concerns raised here by the Newly Added Defendants. It is preferable and efficient to await resolution of bellwether cases before moving new complaints and defendants forward in the litigation. Establishment of a suspense docket is a well-recognized practice and procedure in this Court, which would provide an appropriate mechanism for achieving the fair, efficient, and common-sense result necessary to protect the rights and legitimate interests of the Newly Added Defendants. *See* E.D. Pa. Local R. 1.1.1(c); Civil Suspense Docket Standing Order (E.D. Pa. June 24, 1975).

At a minimum, this Court should adjourn the pending complaint against the Newly Added Defendants and defer entry of a case management order governing them until after the States and private plaintiffs have filed all of their forthcoming complaints and any allowable amendments, rather than establish a case management schedule that may fail to account for the potential scope and timing of the plaintiffs' planned seriatim and piecemeal pleadings. This phased approach will enhance the efficiency of the litigation as a whole, protects the procedural rights of defendants, and avoids undue prejudice to the plaintiffs.

1. *The R&R Fails to Address the Procedural Rights and Practical Concerns of the Newly Added Defendants.*

The R&R fails to propose a case management and discovery schedule that is appropriate for the Newly Added Defendants, who were first named in this litigation by the States in their May 10, 2019 complaint. This MDL began in 2016 and has been the subject of active litigation since then. The Newly Added Defendants have been joined in this sprawling MDL for fewer than four months, have not had the opportunity to seek dismissal of or answer the single pending complaint against them, and have been served with party discovery only within the last several weeks or not at all.

The R&R does not address how the Newly Added Defendants could possibly comply with requirements of the proposed case management order and offers no guidance as to how they can mitigate the prejudice resulting from the expectations of immediate compliance. For instance:

a. The MDL has been in active litigation for more than three years, during which time the Court has entered 101 Pretrial Orders, the previously named parties have negotiated complex litigation and discovery protocols, and approximately 6 million pages of documents have been produced. Yet the R&R includes no "on ramp" whatsoever for the Newly Added Defendants, which were added to this MDL only four months ago. By virtue of this Court's Order of adjournment, no activity has occurred with respect to the May 10, 2019 complaint.

b. Although the deadline for defendants to move against, answer, or otherwise respond to the States' May 10, 2019 complaint was adjourned by the Court's July 25, 2019 Order until such time that the Court enters a case management order setting such a schedule, *see* ECF No. 1058, 16-md-2724, the R&R omits any deadlines by which the Newly Added Defendants may move or answer that complaint. By contrast, Paragraph 1 of the R&R's proposed case management order addresses the filing of motions to dismiss or pleadings in cases filed after September 1, 2019. It would violate the Federal Rules and basic concepts of fairness if the case management order required the Newly Added Defendants to begin discovery while denying them any opportunity to test the sufficiency of the claims in the May 10, 2019 complaint or subsequent complaints.[4]

c. The R&R would impose deadlines within the next several months for completing responses to discovery, even though most Newly Added Defendants have never been served with

---

[4] Moreover, the proposed approach to motions to dismiss for cases filed after September 1, 2019 is objectionable. For any future complaint or amendment thereto, the R&R provides no coordinated plan for responses, and instead suggests only that "responsive pleadings and/or motions shall be filed as normally required or agreed." R&R, Proposed Order ¶ 1. The R&R's default to the standard response deadlines would result in an inefficient, ad hoc process for responding and adapting ongoing discovery to the series of new complaints and amendments that the plaintiffs plan to file in Fall 2019 and 2020.

party discovery and the States served other Newly Added Defendants with party discovery only within the last several weeks. No private plaintiffs have sued the Newly Added Defendants in this MDL, much less served them with party discovery. Moreover, the R&R presumes parties have already negotiated key components of the discovery process such as transactional data and files from "agreed upon custodians," even though no such discussions have even begun, much less any agreement attained, among the States, the private plaintiffs, and the Newly Added Defendants. The schedule proposed by the R&R therefore is untenable for the Newly Added Defendants, which have not meaningfully participated in the discovery process. (Indeed, even the defendants participating in this litigation for years view the proposed deadlines as onerous and unreasonable.)

These considerations demonstrate that the R&R's proposed case management and discovery schedule would be manifestly unfair, prejudicial, inefficient, and unworkable as to the Newly Added Defendants. In light of the lengthy and extensive litigation history of this MDL, a reasonable on-ramp into the MDL for the Newly Added Defendants is necessary to protect their basic rights. A separate case management order with an appropriate schedule for the Newly Added Defendants is essential to protecting their procedural rights and avoiding prejudice to their ability to mount a defense.

2. *The Court Should Place Newly Added Defendants on a Suspense Docket Until It Enters a Separate Case Management Order.*

The Joint Defense Objection appropriately proposes that the States' May 10, 2019 complaint and any subsequent complaints be placed on a suspense docket, which would alleviate the concerns of the Newly Added Defendants. As described in the Joint Defense Objection, a suspense docket would allow this Court to focus on advancing the existing cases, and, in particular, a bellwether case or cases, without bearing the burden of administering seriatim complaints, addressing entirely new waves of motions to dismiss, and resolving discovery and other case

management disputes among parties new to the litigation. The phased approach proposed by the Defendants allows the litigation pending since 2016 to proceed toward resolution—including through summary judgment, class certification, and perhaps a bellwether trial—the outcome of which may guide subsequent litigation regarding the States' May 10, 2019 complaint and any subsequent complaints in this MDL and make it more efficient.

At a minimum, this Court should adjourn the States' May 10, 2019 action until a separate case management order is entered that establishes a reasonable schedule for responsive pleadings, motions to dismiss, and discovery deadlines suitable for defendants new to this litigation. A separate case management order would afford the Newly Added Defendants sufficient time to negotiate and produce discovery, review and digest the millions of pages of documents that have already been produced in discovery, and challenge the sufficiency of the underlying claims at the pleading stage. Distinguishing between the Newly Added Defendants and preexisting defendants for case management and discovery purposes would promote the efficiencies that this Court has asked to see in any case management proposal. If the May 10, 2019 case is not placed in the suspense docket, it would be most efficient for this Court to defer entry of such a separate case management order until after the filing of the plaintiffs' anticipated new complaints and any allowable amendments.

3. *A Separate Case Management Order for Newly Added Defendants Will Enhance Efficiency Without Prejudicing Plaintiffs.*

The States and private plaintiffs would suffer no prejudice if the Newly Added Defendants were subject to a separate case management order. No private plaintiff has sued any of the Newly Added Defendants in this MDL and thus they could not possibly be prejudiced by a discovery schedule and case management order that protects the Newly Added Defendants' basic procedural and substantive rights by phasing responsive pleadings, discovery, and the litigation process. And,

in the four months since they filed their May 10, 2019 complaint, the States have consented to adjourning the response date thereto and have made clear they will seek leave to amend it (which would supersede the May 10, 2019 complaint and render any responsive pleadings moot). A suspense docket or separate case management order would not impede or prejudice the States' or private plaintiffs' ability to litigate the first round of complaints—none of which involves the Newly Added Defendants. Moreover, the question of whether to place the States' May 10, 2019 case in a suspense docket or make it the subject of a separate case management order that takes into account the rights and reasonable practical concerns of the Newly Added Defendants is separate from determining the scope of discovery in the earlier filed cases.

The Newly Added Defendants adopt and incorporate by reference the Joint Defense Objection, with particular emphasis on: (a) the proposal in the Joint Defense Objection to create a suspense docket for all cases filed after May 9, 2019; and (b) the Joint Defense Objection to: (i) the proposed production of documents without a review for relevance and responsiveness; (ii) the inefficiencies and impracticalities of the R&R's proposed case management order; (iii) the aspects of the R&R that afford the plaintiffs an unfair advantage; and (iv) the impropriety of the plaintiffs' request for production of full custodial files.

## CONCLUSION

For the foregoing reasons, the Newly Added Defendants respectfully object to Special Master David H. Marion's Report and Recommendation and request to be excluded from the scope of the recommended case management order and discovery schedule. The Newly Added Defendants further request that this Court place the May 10, 2019 complaint and all subsequent complaints on a suspense docket pending the issuance of a separate case management order and discovery schedule applicable to the Newly Added Defendants.

Dated: September 13, 2019

Respectfully submitted,

 /s/ Thomas H. Suddath, Jr.
Thomas H. Suddath, Jr.
Anne E. Rollins
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia PA 19103
(215) 851-8100
(215) 851-1420 (fax)
tsuddath@reedsmith.com

Michael E. Lowenstein
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-3131
(412) 288-3063 (fax)
mlowenstein@reedsmith.com

*Counsel for Maureen Cavanaugh*

 /s/ Robert E. Connolly.
Robert E. Connolly
PA Bar # 32341
301 N. Palm Canyon Drive
Suite 103, #214
Palm Springs, California 92262
(215) 219-4418
bob@reconnollylaw.com

*Counsel for James Grauso*

 /s/ James A. Backstrom
James A. Backstrom
Counsellor at Law
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*Counsel for Marc Falkin*

 /s/ Ilana H. Eisenstein
Ilana H. Eisenstein
Ben C. Fabens-Lassen
DLA PIPER LLP (US)
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Tel: (215) 656-3300
Fax: (215) 656-3301
ilana.eisenstein@dlapiper.com
ben.fabens-lassen@dlapiper.com

Edward S. Scheideman
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, D.C. 20004
Tel: (202) 799-4000
Fax: (202) 799-5000
edward.scheideman@dlapiper.com

*Counsel for Pfizer Inc. and Greenstone, LLC.*

 /s/ Amy B. Carver
Amy B. Carver
WELSH & RECKER, P.C.
306 Walnut Street
Philadelphia, PA 19106
(215) 972-6430
(215) 972-6436 (fax)
abcarver@welshrecker.com

*Counsel for Tracy Sullivan DiValerio*

 /s/ Thomas H. Lee, II
Thomas H. Lee, II
Ellen L. Ratigan
Jeffrey J. Masters
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
(215) 994-2994 (Direct)
(215) 655-2994 (Fax)
thomas.lee@dechert.com

*Counsel for David Rekenthaler*

| | |
|---|---|
| */s/ Raymond A. Jacobsen, Jr.* <br> Raymond A. Jacobsen, Jr. <br> Paul M. Thompson (Pa. No. 82017) <br> Lisa A. Peterson <br> MCDERMOTT WILL & EMERY LLP <br> 500 North Capitol Street, NW <br> Washington, DC 20001 <br> Telephone: (202) 756-8000 <br> rayjacobsen@mwe.com <br> pthompson@mwe.com <br> lpeterson@mwe.com <br><br> David L. Hanselman Jr. <br> MCDERMOTT WILL & EMERY LLP <br> 444 West Lake Street <br> Suite 4000 <br> Chicago, IL 60605 <br> Telephone: (312) 372-2000 <br> dhanselman@mwe.com <br><br> Nicole L. Castle <br> MCDERMOTT WILL & EMERY LLP <br> 340 Madison Avenue <br> New York, NY 10173 <br> Telephone: (212) 547-5400 <br> ncastle@mwe.com <br><br> *Counsel for Amneal Pharmaceuticals, Inc.* | */s/ L. Barrett Boss* <br> L. Barrett Boss <br> S. Rebecca Brodey <br> Thomas J. Ingalls <br> COZEN O'CONNOR <br> 1200 19th Street N.W., Suite 300 <br> Washington, DC 20036 <br> (202) 912-4818 <br> bboss@cozen.com <br> rbrodey@cozen.com <br> tingalls@cozen.com <br><br> Peter M. Ryan <br> COZEN O'CONNOR <br> One Liberty Place <br> 1650 Market Street <br> Philadelphia, PA 19103 <br> (215) 665-2130 <br> pryan@cozen.com <br><br> *Counsel for James Nesta* |
| */s/ Henry E. Klingeman* <br> Henry E. Klingeman, Esq. <br> Helen A. Nau, Esq. <br> KROVATIN KLINGEMAN LLC <br> 60 Park Place <br> Suite 1100 <br> Newark, New Jersey 07102 <br> (973) 424-9777 <br> hklingeman@krovatin.com <br> hnau@krovatin.com <br><br> *Counsel for David Berthold* | */s/ Catherine M. Recker* <br> Catherine M. Recker <br> WELSH & RECKER, P.C. <br> 306 Walnut Street <br> Philadelphia, PA 19106 <br> (215) 972-6430 <br> (215) 972-6436 (fax) <br> cmrecker@welshrecker.com <br><br> *Counsel for James N. Brown, Jr.* |

/s/ Lisa Manning
Lisa Manning (PHV, DC Bar No. 991156)
Joseph Gonzalez (PHV, DC Bar No. 995057)
SCHERTLER & ONORATO, LLP
901 New York Avenue, N.W., Suite 500
Washington, DC 20001
Telephone: (202) 628-4199
lmanning@schertlerlaw.com
jgonzalez@schertlerlaw.com

*Counsel for Konstantin Ostaficiuk*

 /s/ David Reichenberg
David Reichenberg
COZEN O'CONNOR
277 Park Avenue
New York, New York 10172
(212) 883-4956 (telephone)
(646) 461-2091 (facsimile)
dreichenberg@cozen.com

Stephen A. Miller
Calli J. Padilla
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
(215) 665-4736 (telephone)
(215) 253-6796 (facsimile)
samiller@cozen.com
cpadilla@cozen.com

*Counsel for Richard Rogerson*

 /s/ Michael G. Considine
Michael G. Considine
Laura E. Miller
Shrey Sharma
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
Fax: (212) 480-1200
considine@sewkis.com
millerl@sewkis.com
sharma@sewkis.com

*Counsel for Jill Nailor*

 /s/ Larry A. Mackey
Larry A. Mackey
Bradley Love
Neal A. Brackett
Alyssa Hughes
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Tel: (317) 236-1313
Fax: (317) 231-7433
larry.mackey@btlaw.com
bradley.love@btlaw.com
neal.brackett@btlaw.com
alyssa.hughes@btlaw.com

*Counsel for Nisha Patel*

| | |
|---|---|
| */s/ Robert E. Welsh* <br> Robert E. Welsh <br> WELSH & RECKER, P.C. <br> 306 Walnut Street <br> Philadelphia, PA 19106 <br> (215) 972-6430 <br> (215) 972-6436 (fax) <br> rewelsh@welshrecker.com <br><br> *Counsel for Kevin Green* | */s/ G. Robert Gage, Jr.* <br> G. Robert Gage, Jr., Esq. <br> GAGE SPENCER & FLEMING LLP <br> 410 Park Avenue <br> New York, New York 10022 <br> Tel: 212-768-4900 <br> Fax: 212-768-3629 <br> grgage@gagespencer.com <br><br> *Counsel for Ara Aprahamian* |

*/s/ Catherine L. Redlich*
Catherine L. Redlich
DRISCOLL & REDLICH
110 West 40th St.
Suite 1900
New York, NY 10018
Tel. 212-986-4030
credlich@driscollredlich.com

*Counsel for Armando Kellum*

## CERTIFICATE OF SERVICE & CERTIFICATE OF COUNSEL

I hereby certify on this 13th day of September 2019, a true and correct copy of the foregoing was filed electronically on the public docket, 16-md-2724, and is available for viewing and downloading from the Court's ECF System. Notice of this filing will be sent to all counsel of record by operation of the ECF System.

I further certify that I have obtained the consent of the non-filing signatories to this brief.

/s/ *Ilana H. Eisenstein*