# APPENDIX A



Jan P. Levine
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4714
Fax: (215) 981-4750
levinej@pepperlaw.com

Saul P. Morgenstern
250 W. 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
saul.morgenstern@arnoldporter.com

Laura S. Shores
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
laura.shores@arnoldporter.com





Chul Pak
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019
Tel: (212) 999-5800
Fax: (212) 999-5899
cpak@wsgr.com

Sheron Korpus
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com

July 29, 2019

<u>*Via Email*</u>

David H. Marion, Esq.
Special Master
WHITE AND WILLIAMS LLP
1650 Market Street, Suite 1800
Philadelphia, PA  19103

   Re: <u>In re: Generic Pharmaceuticals Pricing Antitrust Litigation</u>
     <u>16-MD-2724 (E.D. Pa.)</u>

Dear Special Master Marion,

As you requested, we are submitting on behalf of Defendants a proposed case management order (Attachment 1) and a memorandum addressing Plaintiffs' improper request for the production of entire custodial files (Attachment 2), without the application of any search terms, which is contrary to the Federal Rules of Civil Procedure.[1]

As you will see, the enclosed case management order is based on your proposed structure and adopts several of your suggested provisions.  We have adopted a phased approach, as contemplated by both you and Judge Rufe, enabling the parties to proceed with class certification and then summary judgment on a large subset of the currently pending cases.

---

[1] Defendant Ascend is not able to join this proposed schedule because it has not been served with discovery.  Accordingly, all references herein to "Defendants" exclude Ascend.

Special Master Marion													Page 2
July 29, 2019

You will also see that this draft proposes an ambitious schedule that contemplates reaching the first major inflection point—complete submission of class certification issues on a set of cases—by January 29, 2021, followed promptly by briefing on summary judgment. Although Defendants believe that this schedule will impose substantial demands on them given the current state of the case, we are willing to invest the resources necessary and use our best efforts to meet this schedule, to accommodate the Court's stated objectives in a manner consistent with the law, rules and due process.

By proceeding to class certification and then summary judgment with a defined universe of cases and drugs, we are confident that the issues for the parties will be narrowed, as they were after the Court decided the first tranche of motions to dismiss.

At the same time, for efficiency, most Defendants are willing to expand some discovery beyond the drugs at issue in the proposed first phase. Plaintiffs now contend that the most common methodology for searching documents used for decades in alleged conspiracy cases will fail to find the "relationship" documents they seek. Having reviewed Plaintiffs' RFPs, we believe that such documents fall well within two broad requests they have propounded. In order to address their concern, and create some long term discovery efficiencies in this case in light of your proposed phasing, Defendants named in those cases placed on the suspense docket are willing to waive a significant discovery limitation, to which Plaintiffs had agreed in previous negotiations, for the two aforementioned broad Plaintiff-drafted RFPs. Those Defendants would dispense with the limitation to specific drug names for those RFPs (which we have identified in the proposed order), and thus would not limit the searches relating to those RFPs only to documents referencing the drugs in the "active" cases within your proposed construct. Because those searches likely would also sweep in voluminous documents related to the many legitimate and routine business ventures drug companies enter into with each other, we also built in a provision that would direct SDM Merenstein, in short order, to discuss search terms aimed at excluding such irrelevant documents, to the extent possible, from the population to be reviewed.

Thus, discovery would proceed in accordance with the Federal Rules—starting with the document requests themselves, using search terms designed to capture the universe of documents likely to include responsive documents, and then producing the responsive non-privileged documents found on review.

We look forward to discussing this with you in person on August 1st.

								Respectfully submitted,

								*Jan P. Levine*			*Sheron Korpus*
								*Saul P. Morgenstern*		*Chul Pak*
								*Laura S. Shores*

								*Defense Liaison Counsel*

cc:	Special Discovery Master Bruce Merenstein
	Special Master for ESI Daniel Regard

# ATTACHMENT 1

**DEFENDANTS' PROPOSED CASE MANAGEMENT ORDER**

1. The following shall control the management and schedule, for discovery and through summary judgment, for cases pending as of March 20, 2019 ("Phase I" cases).

2. Complaints filed on or after March 20, 2019 ("Later-Filed Complaints") will be placed in a "Suspense Docket" postponing any further proceedings on such complaints.

3. <u>Discovery</u> in all Phase I cases shall proceed as follows:

    a. <u>Scope of document discovery</u>: Search terms will be applied to custodial files to identify the universe of documents from those files that will be reviewed for purposes of responding to any Requests for Production served in connection with any Phase I case, in accordance with the ESI protocol [PTO 95].

    b. Among the 91 Requests for Production that Plaintiffs served on Defendants in February 2018 are the following:

        i. "All documents concerning any communication between two or more Defendants or competitors concerning prices, pricing, pricing policies or practices, bids, customers, customer allocation, territory allocation, competitive conditions, marketing, production, or sales of Your generic pharmaceuticals" (RFP 21); and

        ii. "All documents concerning the allocation of customers, territories, or geographic markets for generic pharmaceuticals between two or more Defendants or competitors" (RFP 23).

    c. Plaintiffs have reached agreements with many Phase I Defendants to narrow the scope of the foregoing requests by limiting them to documents concerning specific drugs.  Notwithstanding those prior agreements or rulings by the Special Discovery

    Master, Defendants that have been named in both a Phase I case and a Later-Filed Complaint will conduct a reasonable search for documents responsive to the requests listed in 3(b) by searching agreed-upon custodians' files using agreed-upon search terms, but without limitation to specific drugs.  All prior agreements with Defendants that are only named in a Phase I case shall remain in place.

d. No later than five days from entry of this order, Plaintiffs and those Defendants named in both a Phase I case and a Later-Filed Complaint shall submit to the Special Discovery Master competing proposed search terms to be applied to custodial files in order to identify the universe of documents to be reviewed for responsiveness to RFPs 21 and 23, without sweeping within them all documents pertaining to commercial arrangements in the ordinary course of business and irrelevant business transactions between or among particular Defendants and/or competitors, which are not responsive to RFPs 21 and 23.  The Special Discovery Master shall resolve any disputes concerning these proposed search terms within 30 days of the submission of the proposals.

e. As of the date of this order, many parties have been meeting and conferring on search methodologies and custodians.  Such meetings shall conclude promptly, and any disputes that arise from such meetings other than those addressed in 3.d. shall be submitted to the Special Discovery Master within 20 days of entry of this order, with disputes to be resolved promptly thereafter.

f. The remainder of document discovery, including the production of structured data and non-custodial unstructured data in Phase I cases, shall proceed in accordance

with the parties' prior agreements and the Special Discovery Master's prior and any future rulings.

g. <u>Timing</u>:

i. Custodial and non-custodial document productions and responses to any written discovery in all Phase I cases issued before March 20, 2019 is to be substantially completed, absent agreement of the requesting and producing parties or upon good cause shown to the Special Masters or the Court, by <u>April 30, 2020</u>. Production of privilege logs shall be made within a reasonable time following the substantial completion of document production as agreed under the ESI Protocol (§ 11.7). All parties shall commence initial productions of documents no later than <u>October 1, 2019</u>.

ii. All transactional data relating to the drugs at issue in the Phase I cases shall be produced in accordance with the parties' agreements as to scope no later than <u>November 1, 2019</u>, absent agreement of the requesting and producing parties or upon good cause shown to the Special Masters or the Court.

iii. Depositions of fact witnesses may be noticed beginning <u>November 12, 2019</u>, and, absent good cause, shall be completed by <u>August 28, 2020</u>.

iv. If a witness is deposed in the Phase I cases and is also later deposed in connection with subsequent Phase cases, the parties shall not inquire into matters or topics in later depositions that were the subject of inquiry in Phase I depositions of the same witness.

4. <u>Class Certification</u> in Phase I cases alleging overarching conspiracies shall proceed pursuant to the following schedule:

    a. Motions for class certification in the Phase I cases alleging overarching conspiracies shall be filed by <u>September 7, 2020</u>. Plaintiffs in such cases shall simultaneously serve expert reports on which they rely for class certification.

    b. Depositions of plaintiffs' class certification experts shall be completed by <u>October 5, 2020</u>.

    c. Oppositions to class certification in Phase I overarching conspiracy cases shall be filed by <u>November 16, 2020</u>. Defendants in such cases shall simultaneously serve expert reports on which they rely in opposition.

    d. Depositions of defendants' experts shall be completed by <u>December 7, 2020</u>.

    e. Replies in support of class certification shall be filed, and supporting expert reports served, by <u>December 18, 2020</u>.

    f. Depositions of plaintiffs' class certification reply experts shall be completed by <u>January 15, 2021</u>.

    g. Sur-replies in opposition to class certification shall be filed by <u>January 29, 2021</u>.

    h. The hearing on class certification shall be set as a date to be determined by the Court.

5. <u>Merits Expert Discovery</u> in Phase I cases alleging an overarching conspiracy shall proceed as follows:

    a. Plaintiffs shall serve merits expert reports no later than <u>November 2, 2020</u>. Plaintiffs' merits experts shall be made available for deposition no later than <u>December 18, 2020</u>.

5

    b. Defendants shall serve merits expert reports no later than <u>January 29, 2021</u>. Defendants' merits experts shall be made available for deposition no later than <u>March 5, 2021</u>.

    c. Plaintiffs shall serve merits expert rebuttal reports no later than <u>April 2, 2021</u>. Plaintiffs' merits rebuttal experts shall be made available for deposition no later than <u>May 14, 2021</u>.

6. <u>Summary Judgment</u> in Phase I cases alleging an overarching conspiracy shall proceed as follows:

    a. Motions and supporting briefs shall be filed no later than 30 days after disposition of motions for class certification.

    b. Oppositions shall be filed 60 days thereafter.

    c. Replies shall be filed 45 days after the filing of oppositions.

7. All remaining Phase I class certification and summary judgment motions shall be fully briefed prior to Phase II cases being removed from the Suspense Docket. Motions for class certification and summary judgment in Phase II cases shall not be filed until the Court has ruled upon such motions in Phase I cases.