# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724**<br>**16-MD-2724**<br><br>**HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:**<br><br>*ALL ACTIONS* | |

### PRETRIAL ORDER NO. 105
### (CASE MANAGEMENT ORDER AND DISCOVERY SCHEDULE)

**AND NOW**, this 24th day of October 2019, upon consideration of the Report and Recommended Order of David Marion and the Objections thereto, and after oral argument, it is hereby **ORDERED** that the Objections are **OVERRULED**, the Report and Recommended Order is **APPROVED** as follows, and the Case Management Order is **ENTERED** with regard to the management and schedule for discovery, class certification, summary judgment, and *Daubert* motions, applicable to all cases pending in the MDL as of September 1, 2019; subject to modifications that may be set forth in future Pretrial Orders.[1] When responding to discovery requests under this Case Management Order, a producing party shall adhere to paragraphs 6 and 7 of PTO 96 or substantially similar provisions contained in any future Pretrial Order.

1. With respect to any new complaint or amended complaint filed after September 1, 2019, responsive pleadings and/or motions shall be filed as normally required or agreed. Discovery from new defendants may be guided by but will not be governed by this CMO. Discovery with respect to those defendants shall be governed by separate agreement(s) to be negotiated by the parties or separate order(s), recommended by the Special Master and/or as decided by the Court. However, discovery involving pre-existing parties may be expanded as appropriate to include newly added defendants and/or drugs.

2. All parties are required to preserve any and all communications in any potentially relevant custodial file including, but not limited to, (i) communications pertaining to any

---

[1] The Court has considered the Objections carefully, and has determined that the Recommended Order sufficiently balances the interests of the parties and, most importantly, provides a road map to move the litigation forward at this time.

generic prescription drug with any other seller or manufacturer of any other generic prescription drug, or (ii) internal communications concerning (i).

3. **DISCOVERY OF DEFENDANTS' CUSTODIAL FILES**: Production from the files of all Defendants' Agreed Custodians (as defined in PTO 95, ¶ 1.5), or other Defendant custodian(s) as ordered, using search terms, established as follows:

    a. Search terms shall be established either by agreement reached among the parties in negotiations supervised by Special Master Marion and ESI Master Regard or as ordered by Special Master Marion or ESI Master Regard if not agreed to within 21 days from entry of this Order.

        i. Such terms shall include, but are not limited to, all drugs named in any complaint and all Defendants named in any complaint as of the date of September 1, 2019.

        ii. Any drug or drug manufacturer or seller defendant added hereafter in any new or amended complaint, shall be added to the search terms and searched on a reasonable schedule to be established by the parties with the assistance of Special Master Marion and ESI Master Regard, as necessary.

    b. Defendants shall apply the agreed search terms to the agreed custodial files and may review the identified documents for privilege, but may not withhold prior to production any documents based on relevance or responsiveness.

    c. The deadline for meeting and conferring on the proposed search terms is ten (10) days from entry of this Order.

        i. Any dispute arising out of the above provisions shall be brought to Special Master Marion and ESI Master Regard via simultaneous letter briefs within 30 days from the date of this Order, to be promptly resolved by them.

        ii. The briefs should include "hit" counts and suggested alternatives to the disputed search term(s).

        iii. Special Master Marion and/or ESI Master Regard will then meet and confer with the parties together or ex parte to discuss the proposals and will propose search terms to all parties for testing.

        iv. The parties shall have 14 days to test the search terms and submit objections to them.

        v. To the extent the parties do not reach agreement, any disputes shall be resolved pursuant to the Special Master Protocol, PTO 68.

    d. Production deadline: <u>December 20, 2019</u>; Privilege log deadline: <u>January 15, 2020</u>.

e. Confidentiality:

   i. All documents shall be stamped "Outside Counsel Eyes Only" for 120 days (as set forth in PTO 70).

   ii. Confidentiality re-designation deadline: 120 days after production (as set forth in PTO 70).

   iii. Request for Clawback: 120 days from production (as guided by PTO 70).

   iv. Clawback disputes to be resolved promptly with assistance from Special Discovery Master Merenstein and Special Master Marion, as necessary.

4. **DISCOVERY OF DEFENDANTS' TARGETED DOCUMENTS** relevant to the claims regarding all drugs and all Defendants in the MDL.

   a. Targeted documents include, but are not limited to:

      i. Defendants' documents responsive to Plaintiffs' document requests that are regularly maintained in a known location, or in a location that is knowable upon reasonable inquiry of those with knowledge about Defendants' document management systems, departmental practices with respect to filing documents, and similar information, such that they do not require search terms. Such documents, which have previously been referred to as "go get" documents, may be found in custodial or non-custodial sources and include but are not limited to: e.g. calendars, travel and expense records, telephone records, board of directors' materials, forecasts, strategic sales databases, financial statements, accounting documents.

      ii. Defendants' documents relevant to class certification, experts, and other economic or data-related issues, which may or may not require targeted search terms; and

      iii. Additional targeted search terms based on review of documents and samples.

   b. Deadline to complete meet and confers with respect to such documents:

      i. Paragraph 4(a)(i): November 8, 2019.

      ii. Paragraph 4(a)(ii) and (iii): February 7, 2020.

   c. Any dispute arising out of these meet and confers shall be brought to Special Master Marion via simultaneous letter briefs on or before November 22, 2019 (for ¶ 4(a)(i)), or February 17, 2020 (for ¶ 4(a)(ii) and (iii)).

    d. Complete production of documents: <u>December 1, 2019</u> (for ¶ 4(a)(i)) and <u>March 13, 2020</u> (for ¶ 4(a)(ii) and (iii)); Privilege log deadline <u>December 16, 2019</u> (for ¶ 4(a)(i)) and <u>April 16, 2020</u> (for ¶ 4(a)(ii) and (iii)).

    e. Confidentiality:

        i. All documents stamped Outside Counsel Eyes Only for <u>120 days</u> (as outlined in PTO 70).

        ii. Confidentiality re-designation deadline 120 days after production (as outlined in PTO 70).

        iii. Request for Clawback: <u>January 16, 2020</u> (for ¶ 4(a)(i)), <u>March 16, 2020</u> (for ¶ 4(a)(ii) and (iii)) (as guided by PTO 70).

        iv. Clawback disputes to be resolved promptly with assistance from Special Discovery Master Merenstein and/or Special Master Marion, as necessary.

5. **DEFENDANTS' TRANSACTIONAL DATA, COST INFORMATION, AND RELATED DOCUMENTS**

    a. No later than ten days after entry of this Order, samples of each Defendant's transaction-level sales data and cost information covering at least one year for one drug must be been produced. Disputes concerning these samples shall be brought to Special Master Marion promptly.

    b. Meet and confers concerning transaction-level sales data, cost information, and related documents shall be completed within 45 days of the entry of this Order. Any dispute shall be brought to Special Master Marion via simultaneous letter briefs no later than <u>December 13, 2019</u>.

    c. Deadline to produce Defendants' complete transaction-level sales data and cost information:

        i. Drugs in the MDL as of September 1, 2019: <u>January 16, 2020</u>.

        ii. For any new drugs involving an existing Defendant already in the MDL, added as of September 1, 2019: <u>January 16, 2020</u> or within 60 days of a new or amended complaint, whichever is later.

6. **WRITTEN DISCOVERY**: On or before <u>November 8, 2019</u>, all outstanding signature(s) and/or verifications required by Rule 33 of the Federal Rules of Civil Procedure shall be produced by either party.

7. **PLAINTIFFS' DOCUMENT PRODUCTIONS AND TRANSACTIONAL DATA**

   a. The parties shall meet and confer regarding Plaintiffs'[2] custodians, ESI sources, outstanding discovery requests, search terms and methodology for unstructured data, shall be completed no later than November 22, 2019 (for Private Plaintiffs) and January 15, 2020 (for the States).

   b. Any dispute arising out of this provision shall be brought to Special Master Marion, Special Master Merenstein and/or ESI Master Regard via letter briefs within 14 days of the applicable meet and confer deadlines.

   c. Production deadline: December 20, 2019 (for Private Plaintiffs); March 2, 2020 (for the States); Privilege log deadline: 30 days thereafter.

   d. Plaintiffs' production in response to Defendants' discovery requests shall otherwise proceed simultaneously and under the same procedures applicable to Defendants' production as set forth above in paragraphs 4-6.

8. **FACT DEPOSITIONS**

   a. Depositions in all cases shall begin March 16, 2020 and continue through September 16, 2021.

   b. Witnesses associated with bellwether case(s) or claims are to take priority.

   c. Starting February 6, 2020, the parties shall meet and confer regarding the scheduling of depositions. Any dispute arising out of these meet and confers shall be submitted promptly to Special Master Marion via simultaneous letter briefs.

9. **BELLWETHER SELECTIONS**

   a. Within 45 days of the entry of this Order, the parties shall meet and confer with the assistance of Special Master Marion to identify criteria for selecting bellwether claims or case(s) for class certification, expert discovery, summary judgment, *Daubert* motions, and/or trial(s).

   b. Upon identification of the bellwether criteria, bellwether claims or case(s) shall be established either by agreement reached among the parties in negotiations supervised by Special Master Marion or as ordered by Special Master Marion if not agreed to within 30 days after the meet and confer.

   c. The paragraphs below apply only to such cases.

---

[2] "Plaintiffs" here refers to Plaintiffs in operative complaints and already served with discovery as of September 1, 2019.

5

**10. MERITS EXPERT DEPOSITIONS[3]**

   a. Plaintiffs shall serve expert reports no later than April 30, 2021. Plaintiffs' experts shall be made available for depositions no later than June 14, 2021.

   b. Defendants shall serve expert reports no later than July 30, 2021. Defendants' experts shall be made available for depositions no later than August 16, 2021.

   c. Plaintiffs shall serve rebuttal expert reports no later than October 15, 2021.

   d. Unless good cause can be shown, each expert providing a merits report is to be deposed only one time. Any dispute arising from the scheduling of expert depositions shall be brought to Special Master Marion via simultaneous letter briefs.

**11. CLASS CERTIFICATION AND RELATED *DAUBERT* MOTIONS**

   a. Motions for class certification for the bellwether case(s) or claims, if required, shall be filed by October 7, 2020. Plaintiffs in such cases shall simultaneously serve expert reports on which they rely for class certification.

   b. Depositions of Plaintiffs class certification experts shall be completed by November 6, 2020. Unless good cause can be shown, each of Plaintiffs' class certification expert is to be deposed only one time.

   c. Opposition to class certification and related *Daubert* motions for the bellwether case(s) or claims shall be filed by December 18, 2020. Defendants in such cases shall simultaneously serve expert reports on which they rely in opposition.

   d. Depositions of Defendants' class certification experts shall be completed by January 8, 2021. Unless good cause can be shown, each of Defendants' class certification expert is to be deposed only one time.

   e. Replies in support of class certification and related *Daubert* motions for the bellwether case(s) or claims shall be filed, and supporting expert reports served, by January 18, 2021.

   f. The hearing on class certification shall be set on a date to be determined by the Court.

---

[3] Dates hereafter may be modified either by agreement or by Order of the Court, dependent on the selection of bellwether criteria.

6

12. **SUMMARY JUDGMENT MOTIONS AND MERITS *DAUBERT* MOTIONS** shall proceed as follows:

    a. Motions and supporting briefs for bellwether case(s) or claims shall be filed no later than 60 days after the later of close of merits expert discovery and disposition of motions for class certification.

    b. Oppositions shall be filed 60 days thereafter.

    c. Replies shall be filed 45 days after the filing of oppositions.

It is so **ORDERED**.

                                              **BY THE COURT:**

                                              **/s/ Cynthia M. Rufe**

                                              _____
                                              **CYNTHIA M. RUFE, J.**