IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |

**PRETRIAL ORDER NO. 106**
**(AMENDING PRETRIAL ORDER NO. 70 AND ADOPTING AMENDED STIPULATED PROTOCOL IMPLEMENTING THE COURT'S NOVEMBER 14, 2018 ORDER REGARDING PRIVATE PLAINTIFFS' MOTION FOR ACCESS)**

**AND NOW**, this 25th day of October 2019, upon consideration of the parties'

stipulation, and for good cause shown, it is hereby **ORDERED** that the stipulation is

**APPROVED**, and the attached Amended Stipulated Protocol Implementing the Court's

November 14, 2018 Order Regarding Private Plaintiffs' Motion for Access, which modifies

Pretrial Order No. 70, is **ADOPTED** as an Order of the Court.

It is so **ORDERED.**

                                                                      **BY THE COURT:**

                                                                      **/s/ Cynthia M. Rufe**
                                                                      _____
                                                                      **CYNTHIA M. RUFE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br>*ALL ACTIONS* | |

### AMENDED STIPULATED PROTOCOL IMPLEMENTING THE COURT'S NOVEMBER 14, 2018 ORDER REGARDING PRIVATE PLAINTIFFS' MOTION FOR ACCESS

1. On November 14, 2018, the Court granted Private Plaintiffs' Motion for an Order Authorizing Access to ... Certain Materials Obtained by the State Plaintiffs. MDL Dkt. No. 758 ("Order") at 11. On January 31, 2019, the Court entered Pretrial Order No. 70, approving a negotiated protocol for implementing the Order and governing disclosure to the parties of subpoenas issued, and documents collected, by the State Attorneys General (the "States"). Dkt. No. 841. The States take no position and the parties now have agreed to amend the protocol approved in PTO 70 as follows:

2. To the extent they have not already done so, the States will "disclose to Private Plaintiffs[1] and Defendants all investigatory subpoenas served on or after the date of filing of the initial State Complaint" and on or before May 10, 2019, and will "disclose in writing whether documents or other information has been produced in response to such subpoenas," as soon as practicable. Order at 11-12 ¶ 2(b).

---

[1] "Private Plaintiffs" include Direct Purchaser Plaintiffs, End-Payer Plaintiffs, Indirect Reseller Plaintiffs and the Kroger, United HealthCare Services and Humana Direct Action Plaintiffs.

1

3.      "All AG Documents in the possession of the Connecticut Attorney General's Office must be lodged with this Court under the procedures delineated by the Connecticut Supreme Court."  Id. at 11-12 ¶ 2(d).  Given the impracticality of physically or electronically lodging millions of documents with the Court, the parties agree that the States maintain custody of all documents subject to this Protocol and treat them as if they had been lodged with the Court under Connecticut Court Rule 7-4C.  Accordingly, all such documents will be treated as temporarily "under seal" pending completion of the procedures outlined below.  See Order at 11-12 & ¶¶ 2(d)-(e).

4.      The provisions of PTO 53 regarding confidentiality will apply to all documents accessed under this Protocol.  Order at 11.  Unless otherwise agreed by the parties prior to the entry of this protocol, the following procedure will be followed with regard to the confidentiality of documents made accessible under this protocol.  The States will stamp all documents obtained from parties as "Outside Counsel Eyes Only Until __/__/2020" (120 days from entry of the protocol).  Promptly after stamping, the States will provide Plaintiffs and Defendants access to the party documents hereunder.  Defendants will have 120 days from entry of this protocol to make confidentiality designations that are compliant with PTO 53.  They will make such designations, if any, by submitting overlays (i.e., images only) to Private Plaintiffs, States and Defendants.  Any documents that Defendants do not timely designate will become non-confidential.

5.      The provisions of paragraph 7 of Pretrial Order No. 96 (regarding DOJ secrecy) are incorporated herein and supersede the provisions of PTO 70 regarding DOJ secrecy, including those contained in paragraphs 5 and 8(a) of PTO 70.

6. Subject to the subsequent "claw back" procedure discussed below, and to the extent they have not already done so, the States promptly will provide Private Plaintiffs and Defendants access to all "AG Documents" (as defined in the Order at 3 ¶ 2) that the States obtained on or before May 10, 2019, in the course of their investigation of the generic drug industry. Order at 11-12 ¶ 2 (c).

7. Unless otherwise agreed by the parties prior to the entry of this protocol, if Defendants believe the procedures outlined in paragraph 4 above and/or existing protective orders are insufficient to protect (a) competitively sensitive or trade secret information; (b) business information unrelated to allegations in any MDL pleading; or (c) personal or embarrassing information unrelated to any allegation in the MDL, Defendants can submit an objection to Plaintiffs seeking to "claw back" such documents. Absent good cause (including for such issues as document volume), objections will be made within 30 days after the provision of access to a Defendant's documents. Objections shall identify the documents at issue, together with the grounds for objection. If Plaintiffs disagree with such an objection, it will be considered by the Special Master. Defendants may not seek to claw back documents based on grounds other than those described above or as set forth in PTO 53 pertaining to inadvertent production of privileged material.

8. Once the States provide the parties to the MDL with copies of their investigative subpoenas under Paragraph 2 of this Protocol, the Private Plaintiffs will promptly notify all non-parties to the MDL who produced documents to the States after October 31, 2017 and on or before May 10, 2019, in the course of their investigation in the generic drug industry, that absent objection from such non-parties, their documents will be made available to Private Plaintiffs and Defendants subject to existing restrictions on Discovery Material, including the limitation that

such Discovery Material may be used solely for purposes of prosecuting, defending, or attempting to settle the MDL. Order at 12 ¶ 2(d). Such notice will be "sent by overnight mail to each nonparty's last known address and by email, where known." Order at 12 ¶ 2(d).

    a. Non-parties may file Objections to Access to their documents with the Special Master within 30 days of receiving notice under this Protocol. Objections to Access shall identify the documents at issue, together with the grounds for objection.

    b. Private Plaintiffs and/or Defendants may oppose such objections, which disputes will be resolved by the Special Master. The States promptly will provide Private Plaintiffs and Defendants access to any non-party documents ordered to be provided by the Special Master. Order at 12 ¶ 2(d).

    c. If a State's Response to Objections to Access includes information concerning disclosure to DOJ or discussion of particular content of specific documents, that portion of the Response shall be submitted to the Special Master and not served on any other party.

    d. The States will provide Private Plaintiffs and Defendants access to all documents originally produced by non-parties who do not timely file objections, promptly after expiration of the time to object. Order at 12 ¶ 2(d).

9. The Special Master and Special Discovery Master shall hold such arguments and/or conferences as may be necessary to resolve any disputes relating to the production of documents pursuant to the Order.

10. The parties, in coordination with the Special Master, will endeavor to maximize the speed, and minimize the burden, of providing access to documents and investigatory

subpoenas pursuant to this Protocol.  In that regard, the States need only provide access to documents and investigatory subpoenas to one Private Plaintiff (to be selected by Private Plaintiffs) and one Defendant (to be selected by Defendants).  The selected Private Plaintiff and Defendant will be responsible for providing access to the other parties on their side and for providing notice to all MDL parties regarding same.  Order at 12 ¶ 2(c).

11. Any Defendant in the MDL that is not named as a defendant by the States may apply to the Court to be considered a non-party pursuant to Paragraph 8 of this protocol, provided that Defendant notifies Private Plaintiffs and the States prior to entry of this protocol of its intention to do so.  Any such application will be made no later than 14 days after entry of this protocol and will not delay access to the documents of any other Defendant.  The provisions of Paragraph 4 above shall apply to all Defendants, including any Defendant who files an application under this paragraph; provided, however, that States will not provide access to materials produced by any Defendant that files an application under this paragraph until the application is resolved.

12. Access to certain documents created by a Party or Non-Party specifically for provision to the States – such as transmittal letters to the States, presentations to the States, documents created by counsel for the purpose of aiding the States' investigation, white papers to the States, and other correspondence with the States regarding the investigation – will not be produced by the States at this time and will be deferred until the resolution of a motion by Private Plaintiffs regarding the discoverability of such documents.

**IT IS SO STIPULATED.**

Dated: October 24, 2019

| | |
|---|---|
| */s/  Roberta D. Liebenberg* | */s/ Jan P. Levine* |
| Roberta D. Liebenberg | Jan P. Levine |

FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
215-567-6565
rliebenberg@finekaplan.com

*Liaison and Lead Counsel for End-Payer Plaintiffs*

*/s/ Dianne M. Nast*
Dianne M. Nast
NASTLAW LLC
1100 Market Street, Suite 2801
Philadelphia, PA 19107
215-923-9300
dnast@nastlaw.com

*Liaison and Lead Counsel for Direct Purchaser Plaintiffs*

*/s/ Jonathan W. Cuneo*
Jonathan W. Cuneo
CUNEO GILBERT & LADUCA LLP
4725 Wisconsin Avenue, NW
Suite 200
Washington, DC 20016
202-789-3960
jonc@cuneolaw.com

*Lead Counsel for Indirect-Reseller Plaintiffs*

*/s/ W. Joseph Nielsen*
W. Joseph Nielsen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5040
Fax: (860) 808-5033
Joseph.Nielsen@ct.gov

*Liaison Counsel for the States*

*/s/ William J. Blechman*
William J. Blechman, Esquire

PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750
levinej@pepperlaw.com

*/s/ Saul P. Morgenstern*
Saul P. Morgenstern
ARNOLD & PORTER KAYE SCHOLER LLP
250 W. 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
saul.morgenstern@apks.com

*/s/ Laura S. Shores*
Laura S. Shores
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
laura.shores@apks.com

*/s/ Sheron Korpus*
Sheron Korpus
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com

*/s/ Chul Pak*
Chul Pak
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019
Tel: (212) 999-5800
Fax: (212) 999-5899

KENNY NACHWALTER, P.A.
1441 Brickell Avenue, Suite 1100
Miami, Florida  33131
Tel:     (305) 373-1000
Fax:    (305) 372-1861
wblechman@knpa.com

*Counsel for the Kroger Direct Action Plaintiffs*

/s/ Peter D. St. Phillip, Jr.
Peter D. St. Phillip, Jr. (PA ID # 70027)
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, New York 10601
Tel. 914-997-0500
PStPhillip@lowey.com

*Counsel for Humana Inc.*

/s/ Judith A. Zahid
Judith A. Zahid
ZELLE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
jzahid@zelle.com

*Counsel for United Healthcare Services, Inc.*

cpak@wsgr.com

*Defense Liaison Counsel*