**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724 16-MD-2724 HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | |

**NON-PARTY RESPONDENTS KAREN STRELAU AND SUSAN KNOBLAUCH'S
JOINT RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE FIRST REPORT AND
RECOMMENDATION OF THE SPECIAL DISCOVERY MASTER**

Brian M. Heberlig
William L. Drake
Alexandrea L. Rahill
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
bheberlig@steptoe.com
wdrake@steptoe.com

*Attorneys for Non-Party Karen Strelau*

Christopher B. Mead
Lisa Manning
SCHERTLER ONORATO MEAD &
SEARS LLP
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 628-4199
Facsimile: (202) 628-4177
cmead@schertlerlaw.com
lmanning@schertlerlaw.com

*Attorneys for Non-Party Susan Knoblauch*

Dated:  February 10, 2020

## <u>TABLE OF CONTENTS</u>

I.   Plaintiffs Incorrectly Conclude that Respondents' Act of Producing Documents Is Not Incriminating. ................................................................................................................ 4

   A.  Plaintiffs Read *Hubbell* Too Narrowly. ........................................................... 5

   B.  Plaintiffs' Assertion that the FRR Considered the Contents of the Documents Misstates the FRR's Findings and Ignores the Plain Language in *Hubbell*. .................... 6

II.  Plaintiffs' Description of Their Own Search Term Protocol Is Misleading and Does Not Cure the Testimonial Aspect of Production. ......................................................... 7

III. Plaintiffs Are Incorrect that the Existence of the Documents Is a Foregone Conclusion. ...... 9

IV.  The Court Should Not Require Respondents To Submit Any Responsive Documents for *In Camera* Review. ............................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*United States v. Hubbell,*
  530 U.S. 27 (2000) ................................................................................................ 1, 4, 5, 6, 9

*United States v. Apple Macpro Comput.,*
  851 F.3d 238 (3d Cir. 2017) ................................................................................... 1, 8, 9, 10

*United States v. Doe,*
  465 U.S. 605 (1984) ................................................................................................ 4

*Marchetti v. United States,*
  390 U.S. 39 (1968) .................................................................................................. 4

*Hoffman v. United States,*
  341 U.S. 479 (1951) ................................................................................................ 5

*Pallante v. Those Certain Underwriters at Lloyd's London,*
  No. 17-CV-1142, 2019 WL 1745664 (E.D. Pa. Apr. 18, 2019) ........................... 5, 6

*Fisher v. United States,*
  425 U.S. 391 (1976) ................................................................................................ 8, 9, 10

*United States v. Greenfield,*
  831 F.3d 106 (2d Cir. 2016) ................................................................................... 9

*In re Syncor ERISA Litigation,*
  229 F.R.D. 636 (C.D. Cal. 2005) ........................................................................... 11

*In re Grand Jury Subpoena,*
  383 F.3d 905 (9th Cir. 2004) ................................................................................. 11

Pursuant to Rule 53(f) of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, non-party respondents Karen Strelau and Susan Knoblauch (collectively, "Respondents"), by and through undersigned counsel, hereby submit this Response to *Plaintiffs' Objections to the First Report and Recommendation of the Special Discovery Master as to Plaintiffs' Motion to Compel Production of Documents Pursuant to Rule 45 Subpoenas*, Dkt. No. 1205 ("Objections").  For the reasons set forth below, Respondents respectfully request that the Court overrule Plaintiff's Objections and adopt the *First Report and Recommendation of the Special Discovery Master as to Plaintiffs' Motion to Compel Production of Documents Pursuant to Rule 45 Subpoenas* ("FRR").

## INTRODUCTION

Respondents are former employees of Defendants in this matter.  Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs have served Respondents with third-party subpoenas for a broad category of documents and communications.

The Fifth Amendment provides in relevant part that "no person…shall be compelled in any criminal case to be a witness against himself."  It is well settled that "the act of producing documents in response to a subpoena may have a compelled testimonial aspect" when the act of production would cause "the witness [to] admit that the papers existed, were in his possession or control, and were authentic."  *United States v. Hubbell,* 530 U.S. 27, 36 (2000).  "When the production of evidence does concede the existence, custody, and authenticity of that evidence, the Fifth Amendment privilege against self-incrimination applies because that production constitutes compelled testimony."  *United States v. Apple Macpro Comput.*, 851 F.3d 238, 247 (3d Cir. 2017).  For the act of production doctrine to apply, the production of documents must be both incriminating and testimonial.

1

Plaintiffs object to the FRR's findings on the grounds that responding to the subpoena would be neither testimonial nor incriminating, and the existence of the documents is a foregone conclusion.  Plaintiffs are wrong on all counts.  First, Plaintiffs argue that the "testimonial aspect" of responding to the subpoena is not incriminating, because possession of the types of documents requested in the subpoenas is not a crime.  That is not the standard.  As the FRR correctly noted, the Fifth Amendment is implicated when the act of producing such records, and thereby confirming their existence, possession, and authenticity, could provide a prosecutor with a lead or a "link in the chain" to incriminating evidence.  Plaintiffs are also incorrect that the FRR considered the contents of the documents in concluding that their production would be incriminating.

Second, Plaintiffs object to the FRR's finding that the act of producing documents would be testimonial.  Plaintiffs incorrectly assert that Respondents would not be required to use the contents of their minds to respond to the subpoenas, because Plaintiffs provided a Search Term Protocol that identifies Competitors and Drugs at Issue.  However, the Search Term Protocol only relates to some of the requests in the subpoenas, and further requires Respondents to produce documents that they know exist but were not located through the proposed searches.  Both points defeat Plaintiffs' argument that Respondents need not use the contents of their minds in responding to the subpoenas.  Moreover, as stated in *Hubbell,* the act of producing responsive documents would be testimonial in that it would confirm that the evidence exists, is in Respondents' custody, and is authentic.

Finally, Plaintiffs dispute the FRR's finding that the existence of responsive documents is not a foregone conclusion.  In furtherance of their position, Plaintiffs cite a handful of communications that they deem responsive to the subpoena.  For the existence of the documents

to be a "foregone conclusion," Plaintiffs must be able to "describe with reasonable particularity" the documents or evidence it seeks to compel.  Plaintiffs cannot meet this burden by describing a handful of documents in their possession and inferring that additional responsive documents must exist.  Plaintiffs also, again, ignore the fact that producing responsive documents would provide important testimonial information about the documents—namely that they are in Respondents' possession and are authentic.

Respondents legitimately invoked their rights under the Fifth Amendment's "act of production" doctrine in declining to comply with the subpoena, because (1) Respondents face a realistic risk of prosecution given an ongoing Department of Justice investigation and the allegations in Plaintiffs' Complaint, and (2) the act of producing documents would involve compelled testimonial communications, including tacit admissions as to the existence, possession, and authenticity of any responsive documents.  Accordingly, Plaintiffs' Objections should be overruled.

## PROCEDURAL HISTORY

On December 18, 2018, Respondents, who are not parties to this action, were served with Rule 45 subpoenas requesting six broad categories of documents, including phone records, documents concerning meetings or communications with competitors, and documents concerning the pricing, sale, marketing, or production of the Drugs at Issue.  Respondents timely filed objections to the subpoenas on the grounds that, among other reasons, the requested information was protected from disclosure under the Fifth Amendment's "act of production" doctrine.

On March 15, 2019, Plaintiffs provided undersigned counsel with a Search Term Protocol that purported to resolve conflicts regarding the definitions of "Competitors" and "Drugs at

Issue" in Request 2 of the subpoenas.  Because the Protocol did not sufficiently protect Respondents' Fifth Amendment rights, Respondents declined to run the searches outlined in the Search Term Protocol.

On November 12, 2019, Plaintiffs submitted to the Special Discovery Master a Letter Motion to Compel disputing Respondents' claim of Fifth Amendment privilege.  Strelau submitted an opposition to Plaintiffs' motion on November 19, and Knoblauch submitted an opposition on November 25, incorporating by reference Strelau's opposition.  Following a conference with the parties, the Special Discovery Master recommended by email that Plaintiffs' request be denied.  Unsatisfied with the Special Discovery Master's informal recommendation, Plaintiffs requested a formal Report and Recommendation.  The Special Discovery Master issued the FRR on December 23, 2019, finding that "the act-of-production doctrine and the foregone-conclusion exception strongly support [Respondents'] position."  FRR at 12.  Plaintiffs timely filed objections to the FRR's findings.

## ARGUMENT

I.      **Plaintiffs Incorrectly Conclude that Respondents' Act of Producing Documents Is Not Incriminating.**

Plaintiffs erroneously argue that Respondents should be compelled to produce documents in response to the subpoena because the act of producing those documents would not be incriminating.  Plaintiffs ignore that Respondents face a real possibility of prosecution in an ongoing Department of Justice investigation.  Production of documents in response to the subpoena could provide prosecutors with "leads to incriminating evidence or 'a link in the chain of evidence needed to prosecute.'"  *Hubbell*, 530 U.S. at 42.

An individual may invoke the Fifth Amendment when the risk of prosecution is "substantial and 'real' and not 'trifling or imaginary.'"  *United States v. Doe*, 465 U.S. 605, 614

n.13 (1984) (quoting *Marchetti v. United States*, 390 U.S. 39, 53 (1968)).  Here, the Department

of Justice is conducting a criminal investigation relating to the allegations in the Complaint in

which it has already secured a corporate deferred prosecution agreement and guilty pleas from

two executives.  Respondents, former senior executives at one of the named Defendant

companies, plainly face a realistic possibility of prosecution sufficient to justify their invocation

of the Fifth Amendment privilege.

      A.      **Plaintiffs Read *Hubbell* Too Narrowly.**

Plaintiffs object to the FRR's finding that responding to the subpoena "could provide a

prosecutor with leads to incriminating evidence or 'a link in the chain of evidence needed to

prosecute.'"  FRR at 10 (quoting *Hubbell*, 530 U.S. at 42).  Plaintiffs argue that the "testimonial

aspects to producing documents" are not incriminating here, because merely possessing the

documents in question is not a crime.

Plaintiffs are incorrect that the only cases in which the act of production doctrine applies

are those in which the mere possession of documents is a crime.  The applicability of the doctrine

does not turn on whether possession of the documents is in itself a crime, but whether producing

documents in response to a subpoena "could provide a prosecutor with 'a link in the chain of

evidence needed to prosecute.'" *Hubbell*, 530 U.S. at 42; *see also Hoffman v. United States*, 341

U.S. 479, 486 (1951) ("The privilege afforded not only extends to answers that would in

themselves support a conviction under a federal criminal statute but likewise embraces those

which would furnish a link in the chain of evidence needed to prosecute the claimant for a

federal crime."); *Pallante v. Those Certain Underwriters at Lloyd's London*, No. 17-CV-1142,

2019 WL 1745664 at *13 (E.D. Pa. Apr. 18, 2019) (citing *Hoffinan,* 341 U.S. at 486) (finding

that Pallante could not be compelled to produce material that would "furnish a link in the chain

of evidence needed to prosecute her.").  In *Pallante*, crossclaim plaintiffs sought documents and

written responses relating to Pallante's interest in real estate.  2019 WL 1745664 at *13.  As with the phone records and communications with competitors at issue here, possession of those materials not inherently criminal.  The court found that Pallante had a valid Fifth Amendment act of production privilege that protected her from being compelled to produce those documents.  *Id.*

Plaintiffs focus on the wrong inquiry when they observe that any phone records, calendar entries, or other documents showing communications or meetings with competitors are not inherently criminal.  While that is of course true, it is also undeniable that that the act of producing such records, and thereby confirming their existence, possession, and authenticity, *could* provide a prosecutor with a lead or a "link in the chain" to incriminating evidence.  That is all that is required to invoke the Fifth Amendment.

**B.      Plaintiffs' Assertion that the FRR Considered the Contents of the Documents Misstates the FRR's Findings and Ignores the Plain Language in *Hubbell*.**

Plaintiffs claim, incorrectly, that the FRR "interpreted *Hubbell* broadly to permit consideration of the contents of the requested documents."  In support of their argument, Plaintiffs cite the FRR's statement that "[w]ere the former executives compelled to produce documents in response to plaintiffs' subpoenas, they would effectively provide a catalog of documents disclosing such items as phone numbers used to communicate with competitors, communications and meetings with competitors, and pricing and marketing activities…" Objections at 9 fn.13.  But the FRR's conclusion is based directly on the Supreme Court's language in *Hubbell*: "[I]t is undeniable that *providing a catalog of existing documents* fitting within any of the 11 broadly worded subpoena categories could provide a prosecutor with a 'lead to incriminating evidence,' or 'a link in the chain of evidence needed to prosecute.'" 530 U.S. at 42 (emphasis added).

6

Despite Plaintiffs' contention, the Special Discovery Master did not, in fact, consider the contents of the documents. Indeed, he *could not do so* because he does not know whether the documents exist, much less what they may contain.[1] The FRR merely noted the various categories of documents that the subpoena seeks—and that would be disclosed by responding to the subpoena—in determining that the act of producing such documents could provide a prosecutor with a "link in the chain of evidence needed to prosecute." FRR at 10.

## II.    Plaintiffs' Description of Their Own Search Term Protocol Is Misleading and Does Not Cure the Testimonial Aspect of Production.

Plaintiffs are incorrect that responding to the subpoena would not be testimonial because, they argue, the Search Term Protocol provides a list of search terms that identifies Competitors and Drugs at Issue, apparently to remove the "subjective judgment" necessary to respond to requests related to those two topics. *See, e.g.*, Request 4 (seeking all records of any communications with Competitor employees). Although Plaintiffs concede that the act of production has "testimonial aspects," *see* Objections at 7, they later assert that the act of production would not be testimonial, because the Search Term Protocol eliminates subjective judgment necessary to select responsive documents. Objections at 10. In this conclusion, Plaintiffs misrepresent the terms of their own Protocol by ignoring three important facts.[2]

---

[1] Plaintiffs' first two arguments are also inherently contradictory. On the one hand, Plaintiffs argue that the act of production doctrine should apply only where the possession of the subpoenaed documents itself constitutes a crime—an inquiry that necessarily would focus on the contents of the documents. On the other, Plaintiffs contend that the Special Discovery Master erred by considering the contents of the documents. Both arguments are wrong.

[2] The Search Term Protocol is not appreciably different than the subpoena requests themselves. A similar list of Competitors and Drugs at Issue were attached as appendices to the subpoena. Turning these lists into search terms does not remove the testimonial aspect of responding to the subpoena. After applying the search terms, Respondents would still be compelled to use the contents of their minds in identifying responsive documents.

First, the Protocol only relates to a subset of the subpoena requests—those related to Competitors and Drugs at Issue.  *See* Pl. Ex. B at 1.  It does not address the remaining subpoena requests, all of which would require Respondents to provide subjective, testimonial information in responding to the requests.    For example, Request 3 seeks all documents "concerning any meeting or communication between or among you and one or more employees of any Competitor."  Pl. Ex. C at 5.  Utilizing the Search Term Protocol's suggested search terms would not allow Respondents to locate all documents responsive to this broad request—they would still have to locate documents "concerning" meetings or communications, which may or may not be responsive to the search terms.

Second, the Search Term Protocol does not remove the testimonial aspect of responding to the requests that it purports to cure.  Contrary to Plaintiffs' assertion, the Search Term Protocol does not simply define the Competitors and Drugs at Issue by name and ask recipients to "copy and paste" those terms.  It further requires that "if subpoena recipients are aware that they had communications with any individual identified in Exhibit 1, subpoena recipients have an obligation to search for such communications, whether or not the communications have been located through either of the first two steps."  Pl. Ex. B. at 2.  Thus, Respondents were still asked to use the contents of their minds—even in responding to requests that Plaintiffs assert require no "subjective judgment"—to find documents that they knew existed but did not hit on the provided search terms.

Finally, and most fundamentally, the act of producing any responsive documents would still be testimonial, because it would confirm that the evidence exists, is in Respondents' custody, and is authentic.  *See Fisher v. United States*, 425 U.S. 391, 410 (1976) ("The act of producing evidence in response to a subpoena…tacitly concedes the existence of the papers

demanded and their possession or control by the [witness].”); *Apple Macpro Comput.*, 851 F.3d at  247 (“When the production of evidence does concede the existence, custody, and authenticity of that evidence, the Fifth Amendment privilege against self-incrimination applies because that production constitutes compelled testimony.”).  Complying with the subpoena would be no different than Respondents being compelled to testify on the witness stand whether, for instance, they possess electronic communications with competitor employees or documents concerning meetings with competitor employees or drug pricing.  Just as the Fifth Amendment protects an individual from being compelled to answer questions on such topics, it protects an individual from being compelled to provide the same information through the production of documents.

## III.    Plaintiffs Are Incorrect that the Existence of the Documents Is a Foregone Conclusion.

The FRR found that “plaintiffs have not demonstrated that they have prior knowledge of the existence, the former executive’s possession, or the authenticity of the documents that would be produced in response to the subpoenas.”  FRR at 11.  Plaintiffs incorrectly assert that the existence of documents responsive to the subpoena is a foregone conclusion, because they purportedly have “specific knowledge of the existence and location of the requested documents.”  Objections at 3.  For the foregone conclusion to apply, Plaintiffs must be able to “‘describe with reasonable particularity’ the documents or evidence [they] seek[] to compel.”  *See Apple Macpro Comput.*, 851 F.3d at 247 (quoting *Hubbell*, 530 U.S. at 30).  Under the “reasonable particularity” standard, the subpoenaing party “must know, and not merely infer, that the sought documents exist, that they are under the control of the defendant, and that they are authentic.”  *United States v. Greenfield*, 831 F.3d 106, 116 (2d Cir. 2016).  Plaintiffs cannot meet this burden by describing a handful of documents in their possession that they deem responsive to the subpoena.  *See* Objections at 14, fn. 15-18.  Plaintiffs do not know what other documents may be

9

in Respondents' possession and responsive to the subpoena.  And they cannot infer that such documents exist merely because they possess similar documents.  The subpoenas seek broad categories of documents "concerning" communications or meetings with competitors or the pricing of drugs at issue.  They do not seek the production of specific, known documents.  Thus, contrary to Plaintiffs' assertion, they have no prior knowledge that the subpoenaed documents exist and are in Respondents' possession.

Plaintiffs argue that because they are in possession of thousands of Respondents' phone records, the existence of those records is a foregone conclusion.  Objections at 14.  But the production of documents in response to the subpoena would communicate additional information about those documents—namely, that they are in Respondents' possession and are authentic.  *See Fisher*, 425 U.S. at 410 ("Compliance with the subpoena tacitly concedes the existence of the papers demanded and their possession or control by the taxpayer.  It also would indicate the taxpayer's belief that the papers are those described in the subpoena.").

Plaintiffs further assert that they can "easily authenticate responsive documents through other means," such as through phone service providers.  Objections at 14-15.  The standard is not whether documents can be authenticated by other means.  It is whether production of the documents would concede their authenticity.  *See Apple Macpro Comput.*, 851 F.3d at 247.  Regardless of whether the documents can be authenticated by other means, compliance with the subpoena would tacitly concede their authenticity, constituting a testimonial communication in violation of the Fifth Amendment.

As the FRR correctly noted, Respondents' act of producing documents "would involve potentially incriminating testimonial communications regarding the existence, possession, and

10

authenticity of the documents, at least some of which information plaintiffs currently do not know."  FRR at 12.

## IV.    The Court Should Not Require Respondents to Submit Any Responsive Documents for *In Camera* Review.

As an alternative to compelling production of the documents, Plaintiffs ask the Court to require Respondents to submit any responsive documents for *in camera* review.  The act of producing the documents for *in camera* review would be no less testimonial than producing them directly to Plaintiffs.  Were Respondents to submit documents for review, it would confirm that responsive documents exist and are in Respondents' custody, and would indicate Respondents' belief that the documents "are those described in the subpoena."  *See Fisher*, 425 U.S. at 410. The very fact of producing documents for *in camera* review would admit the existence of the documents, just as courts have held that requiring privilege logs may be prohibited by the act of production doctrine.  *See, e.g.*, *In re Syncor ERISA Litigation*, 229 F.R.D. 636, 649 (C.D. Cal. 2005) (quoting *In re Grand Jury Subpoena*, 383 F.3d 905, 909 (9th Cir. 2004)) ("[R]equiring defendant [] to produce a privilege log listing responsive documents may incriminate defendant [] by forcing him to 'admit[] that the documents exist, are in his possession or control, and are authentic.'").

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court adopt the *First Report and Recommendation of the Special Discovery Master* and deny Plaintiffs' motion to compel Karen Strelau and Susan Knoblauch to produce documents in response to the subpoenas served on them.

Dated:  February 10, 2020

Respectfully submitted,

*/s/ Brian M. Heberlig*
Brian M. Heberlig
William L. Drake
Alexandrea L. Rahill
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue N.W.
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
bheberlig@steptoe.com
wdrake@steptoe.com
arahill@steptoe.com

*Attorneys for Non-Party Karen Strelau*


Christopher B. Mead
Lisa Manning
SCHERTLER ONORATO MEAD &
SEARS LLP
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 628-4199
Facsimile: (202) 628-4177
cmead@schertlerlaw.com
lmanning@schertlerlaw.com

*Attorneys for Non-Party Susan Knoblauch*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing was served on February 10, 2020 by the Court's electronic filing system to all counsel of record in the above-captioned action.

*/s/ Brian M. Heberlig*

Brian M. Heberlig