UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**PRETRIAL ORDER NO. 122**
**(STIPULATED ORDER REGARDING THE NON-DISCLOSURE OF CERTAIN**
**INFORMATION REGARDING EXPERT WITNESSES)**

**AND NOW**, this 27th day of April 2020, upon the agreement of the Parties regarding the scope of expert discovery and testimony relating to all experts (testifying, non-testifying and consultants) in this MDL, the Court hereby enters the following Sitpulated Order Regarding the Non-Disclosure of Certain Information Regarding Expert Witnesses ("Order"). Undefined terms here shall carry the same meaning as in the Protective Order (PTO 53, ECF 697). In the event of a conflict with the provisions of the Protective Order, the provisions of this Order will control.

1. Any expert or consultant, including but not limited to trial consultants, graphic or audiovisual consultants, industry experts, and economic experts, shall be provided with a copy of the Protective Order and this Order and shall execute a copy of the Declaration of Compliance (Exhibit A) confirming the expert's or consultant's agreement to be bound by the terms of Protective Order and this Order. Counsel for the Party or Parties retaining such expert or consultant shall retain the original Declaration of Compliance.

2. No subpoena need be served on an individual based on his or her role as a testifying expert. Instead, the Party or Parties retaining such expert shall make information

available in accordance with the Federal Rule of Civil Procedure 26(a)(2) and this Order and shall make a testifying expert available for deposition at a time mutually agreed to by the Parties or ordered by the Court.

3. Within five (5) business days of service of an expert report, declaration, or affidavit, the Party submitting such report, declaration or affidavit shall produce the data, documents and other information relied upon by the expert witness as a basis for the expert witness's opinions. "[D]ata, documents and other information relied upon" shall include, but are not limited to, all data, spreadsheets (including formulas embedded in spreadsheet cells), statistical analyses, regression analyses, input and output files, computer code, and other sources, reports or schedules if relied upon by the expert as a basis for his or her opinion. Such production shall be sufficient for the opposing Parties and experts to reconstruct and verify the expert's work, calculations, and analyses, and shall include any instructions and guides necessary to assist in that effort. The producing Party also shall answer reasonable technical inquiries about data or code. Bates-numbered documents previously produced in this MDL and documents that are publicly available need not be produced, but a list of any such documents (and, for publicly available documents, instructions on how to retrieve them) shall be included in the report.

4. Except to the extent relied on by the expert as a basis for his or her opinions, the Parties agree that the following categories of information, whether in documents, communications, or other forms are not discoverable and need not be disclosed by any Party, and, except as provided by paragraph 5, below, an expert may not be examined at deposition, hearing, or trial on the contents of the categories of information described below:

    a.  the content of communications among and between: (i) counsel, on one hand, and the testifying expert, the testifying expert's staff, assistants, or clerical help, or supporting firms, on the other hand; (ii) counsel, on one hand, and a non-testifying expert consultant, the non-testifying expert consultant's staff, assistants, or clerical help, or supporting firms, on the other hand; (iii) the testifying expert and his or her staff, assistants, or clerical help, or supporting firms; (iv) the testifying expert, on one hand, and other testifying experts or non-testifying expert consultants, their staff, assistants, or clerical help, or supporting firms, on the other hand; (v) non-testifying expert consultants and their staff, assistants, or clerical help, or supporting firm; (vi) non-testifying expert consultants, on one hand, and testifying experts or non-testifying expert consultants, their staff, assistants, or clerical help, or supporting firms, on the other hand; or (vii) the staffs, assistants, or clerical help of a testifying expert or non-testifying expert consultant and the staffs, assistants, or clerical help of other testifying experts or non-testifying expert consultants;

    b.  any notes, drafts, written communications, or other records prepared by or for a testifying expert or non-testifying consultant or their staff, assistants, or clerical help in connection with this matter (aside from any written expert reports and notes generated while testifying), including (i) preliminary work created by or for testifying experts or non-testifying expert consultants and (ii) copies of materials produced by any Party in this MDL bearing the notes, markings, or comments of a testifying expert, non-testifying expert consultant, or their staff, assistants, or clerical help, or attorneys for the Party or Parties;

    c.  any drafts of reports, declarations, affidavits, or other expert materials, including, without limitation, draft studies, analyses, opinions, or written expert testimony in or for the MDL; draft work papers prepared in connection with the MDL; preliminary or

intermediate calculations, computations, modeling, or data runs prepared in connection with the MDL; or other draft materials prepared by, for, or at the direction of a testifying expert witness or non-testifying expert consultant, regardless of the form in which the draft is recorded;

　　　　　d.　　any comments, whether oral or written, related to a report, declaration, or affidavit or draft report, declaration, or affidavit of a testifying expert prepared in connection with the MDL by (i) counsel for a Party retaining the testifying expert; (ii) any testifying expert's staff, assistants, or clerical help, or supporting firms; (iii) a non-testifying expert consultant; (iv) a non-testifying expert consultant's staff, assistants, or clerical help, or supporting firms; (v) any other testifying expert; or (vi) any other testifying expert's staff, assistants, or clerical help, or supporting firms;

　　　　　e.　　any information concerning fees paid or to be paid to experts or consultants, with the exception of (i) a testifying expert's hourly rate, (ii) total hours personally billed by a testifying expert on any consolidated or coordinated MDL action, and (iii) any other consideration or compensation received or to be received by a testifying expert or other firm by which they are employed or with which they are affiliated that received payments for work done on any consolidated or coordinated MDL action.  For the avoidance of doubt, invoices submitted by experts or consultants shall not be discoverable.

　　　　5.　　Notwithstanding the immediately preceding paragraph but without altering it, examination in deposition and at hearings and trial shall be permitted on alternative analyses, methodologies, or approaches to issues on which the expert is testifying, regardless of whether the expert considered them in forming the expert's opinions.

　　6.　　Except as provided under Federal Rule of Civil Procedure 26(b)(4)(D), no Party may, by interrogatories or deposition, discover facts known or opinions held by an expert who

has been retained by another Party in anticipation of this litigation or to prepare for trial in this matter and who is not expected to be called as a witness at trial, without the express written consent and authorization of the Party employing such expert.

7. Nothing in this Order shall limit or waive any Party's rights to object for any reason to the admission of any opposing Party's expert testimony into evidence or to the qualification of any person to serve as an expert witness.

It is so **ORDERED.**

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**

**SO STIPULATED.**

| | |
|---|---|
| Dated: April 22, 2020 | */s/ Roberta D. Liebenberg* <br> Roberta D. Liebenberg <br> FINE, KAPAN, AND BLACK, R.P.C. <br> One South Broad Street, 23rd Floor <br> Philadelphia, PA 19107 <br> Tel: (215) 567-6565 <br> rliebenberg@finekaplan.com <br><br> **Lead Counsel for the End-Payer Plaintiffs** |
| */s/ Dianne M. Nast* <br> Dianne M. Nast <br> NASTLAW LLC <br> 1101 Market Street, Suite 2801 <br> Philadelphia, PA 19107 <br> (215) 923-9300 <br> dnast@nastlaw.com <br><br> **Lead Counsel for the Direct Purchaser Plaintiffs** | */s/ Jonathan w. Cuneo* <br> Jonathan W. Cuneo <br> CUNEO, GILBERT & LADUCA LLP <br> 4725 Wisconsin Ave. NW, Suite 200 <br> Washington, DC 20016 <br> Tel: (202) 789-3960 <br> jonc@cuneolaw.com <br><br> **Lead Counsel for the Indirect Reseller Plaintiffs** |

*/s/ Joseph Nielsen*
W. Joseph Nielsen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860 808-5040
Fax: (860) 808-5033
joseph.nielsen@ct.gov

**Liaison Counsel for Plaintiff States**

*/s/ William J. Blechman*
William J. Blechman, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue, Suite 1100
Miami, FL 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
wblechman@knpa.com

**Counsel for the Kroger Direct Actions Plaintiffs and Liaison Counsel for DAP**

*/s/ Saul P. Morgenstern*
Saul P. Morgenstern
ARNOLD & PORTER KAYE SCHOLER LLP
250 W. 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
saul.morgenstern@arnoldporter.com

*/s/ Laura S. Shores*
Laura S. Shores
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
laura.shores@arnoldporter.com

*s/ Sheron Korpus*
Sheron Korpus
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com

*/s/ Jan P. Levine*
Jan P. Levine
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel:  (215) 981-4000
Fax: (215) 981-4750
levinej@pepperlaw.com

*/s/ Chul Pak*
Chul Pak
WILSON SONSINI GOODRICH & ROSATI P.C.
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019
Tel: (212) 999-5800
Fax: (212) 999-5899
cpak@wsgr.com

**Corporate Defendants' Liaison Counsel**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**DECLARATION OF COMPLIANCE WITH
PROTECTIVE ORDER AND ORDER REGARDING THE NON-DISCLOSURE
OF CERTAIN INFORMATION REGARDING EXPERT WITNESSES**

I, the undersigned, hereby acknowledge that I have read both the governing Protective Order(s) and the Order Regarding the Non-Disclosure of Certain Information Regarding Expert Witnesses entered in this action, understand the terms thereof, agree to be bound by such terms and agree to be subject to the jurisdiction of said Court in all matters relating to said Orders. I acknowledge that I will treat all information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and "OUTSIDE COUNSEL EYES ONLY" strictly in accordance with the terms and conditions of these Orders, and that I understand that any unauthorized use of such material that I receive may constitute contempt of court.

Dated _____, 20_____    _____
                                                                       Signature

                                                                       _____
                                                                       Print Name

                                                                       _____
                                                                       Address