# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

## PRETRIAL ORDER NO. 123

### (SECOND AMENDED CASE MANAGEMENT ORDER AND DISCOVERY SCHEDULE)

**AND NOW**, this 27th day of April 2020, upon consideration of the attached stipulation of counsel, submitted on behalf of their respective parties in the MDL to Extend Certain Pretrial Discovery Deadlines ("Stipulation"), it is hereby **ORDERED** that the Stipulation is **APPROVED**. The deadlines previously provided in Pretrial Order Nos. 105 and 110 are hereby **AMENDED** as set forth by the parties in the Stipulation.

It is so **ORDERED**.

> BY THE COURT:
>
> /s/ Cynthia M. Rufe
> _____
> **CYNTHIA M. RUFE, J**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**JOINT STIPULATION TO EXTEND CERTAIN PRETRIAL DISCOVERY DEADLINES**

**WHEREAS** the Court entered a Case Management Order and Discovery Schedule on October 24, 2019 (Pretrial Order No. 105, ECF 1135) setting forth certain deadlines for the management of and discovery schedule for cases pending in the MDL as of September 1, 2019 (and, for the avoidance of doubt, the deadlines set forth in PTO 105 did not and do not apply to discovery relating to cases that were not pending as of September 1, 2019);

**WHEREAS** the Court extended certain of the deadlines in PTO 105 when it entered Pretrial Order No. 110, ECF 1179 (together, PTO 105 and 110 are referred to herein as the "CMO");

**WHEREAS** the parties in the MDL have engaged in substantial ongoing efforts since the CMO's entry to complete discovery within the deadlines provided therein;

**WHEREAS** the parties have discussed, in light of the significant uncertainties presented by COVID-19, the amount of discovery produced and remaining to be produced, and the pending objections to Special Master David H. Marion's Third Report and Recommendation Relating to Bellwether Selection (MDL Doc. No. 1244), that an extension to, or in some instances temporary vacation of, certain deadlines provided in the CMO is warranted;

**NOW, THEREFORE**, it is jointly stipulated and agreed by and among the parties, through their undersigned liaison counsel:

A. Certain CMO deadlines should be vacated at this time, as outlined in paragraph D below. By vacating certain deadlines now, the parties hope to avoid having to seek multiple deadline amendments in the future. The parties agree to meet and confer to establish new proposed deadlines, subject to Court approval, and to submit their agreed or competing proposals to the Special Master no later than September 1, 2020, except that new proposed deadlines for Section 5(c) of the CMO shall be negotiated and submitted to the Special Master as soon as practicable.

B. For document productions pursuant to Sections 3 and 7 of the CMO, the parties agree, starting May 1, 2020 (or, for the States and IRPs, on such date as is agreed with Defendants) and monthly thereafter until their document productions are completed, the parties will provide reports reflecting the status of their respective document productions. Defendants agree to include in their reports the total number of custodial documents hitting on the agreed search terms (including families), the total number of custodial documents produced to date and the approximate total number of custodial documents that remain subject to review and (potentially) production. Defendants agree to include a column that tracks, for each Defendant, the approximate total number of Tier 1 custodial documents that remain subject to review and (potentially) production. The form of Plaintiffs' reports regarding document productions pursuant to Section 7 of the CMO will be negotiated with Defendants.

C. No later than July 1, 2020 the Defendants will meet and confer with each of the Plaintiff States to discuss the progress each State has made with respect to completing production of custodial and go-get documents in light of the demands upon the States as a result of dealing with the public health emergencies in their State arising from COVID-19, with the goal of reaching

negotiated timeframes on or before August 3, 2020, subject to Court approval, for substantial completion of each State's production. If a State is unable to commit to a date for substantial completion of custodial and go-get document production for their State by August 3, 2020, Defendants and the State in question will bring the matter to the Special Masters for further discussion.

      **D.**    The parties further agree to extend and vacate certain deadlines set forth in the CMO as follows:

**3.    DISCOVERY OF DEFENDANTS' CUSTODIAL FILES**

**Section 3(d):** The deadline provided herein for substantial completion of custodial document productions shall be extended to November 16, 2020, provided that Defendants shall use best efforts to substantially complete production of documents from the files of all Tier 1 custodians by September 1, 2020.[1] Document productions shall proceed on a rolling basis. The deadline for service of privilege logs is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

**Section 3(e)(iii):** The deadlines provided herein are hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

**4.    DISCOVERY OF DEFENDANTS' TARGETED DOCUMENTS**

**4(b)(ii):** The deadline provided herein is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

---

[1] A limited exception to these deadlines applies to certain newly added defendants—Greenstone LLC, Pfizer Inc., Amneal Pharmaceuticals, Inc., and Amneal Pharmaceuticals LLC—which were named in this MDL for the first time in the States' May 2019 complaint. The States and these newly added defendants will continue to negotiate the discovery deadlines applicable to these defendants.

**4(c):** The deadline provided for raising disputes about documents identified in ¶¶ 4(a)(ii) and (iii) of the CMO with the Special Masters is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

**4(d):** The deadline provided herein for substantial completion of the production of documents identified in ¶¶ 4(a)(ii) and (iii) of the CMO is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above. The deadline to produce privilege logs related to those documents identified in ¶¶ 4(a)(ii) and (iii) of the CMO is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

**4(e)(iii):** The deadlines provided herein for requests for clawbacks related to those documents identified in ¶ 4(a)(ii) and (iii) of the CMO are hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

5. **DEFENDANTS' TRANSACTIONAL DATA, COST INFORMATION AND RELATED DOCUMENTS**

   **5(b):** The deadlines provided herein are hereby **VACATED**.

   **5(c):** The deadlines provided herein are hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

7. **PLAINTIFFS' DOCUMENT PRODUCTIONS AND TRANSACTIONAL DATA**

   **7(c):** The production deadline provided herein shall be extended to <u>November 16, 2020</u> for the Private Plaintiffs. Document productions shall proceed on a rolling basis. The production deadline herein for the States is hereby **VACATED** and shall be established by future Court Order as provided in paragraphs A and C above. The deadline for service of privilege logs is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

8. **FACT DEPOSITIONS**

**8(a):** The deadline provided herein is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

**8(c):** The deadline provided herein is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

10. **MERITS EXPERT DEPOSITIONS**

    **10(a):** The deadlines provided herein are hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

    **10(b):** The deadlines provided herein are hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

    **10(c):** The deadline provided herein is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

11. **CLASS CERTIFICATION AND RELATED *DAUBERT* MOTIONS**

    **11(a):** The deadline provided herein is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

    **11(b):** The deadline provided herein is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

    **11(c):** The deadline provided herein is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

    **11(d):** The deadline provided herein is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

    **11(e):** The deadline provided herein is hereby **VACATED** and shall be established by future Court Order as provided in paragraph A above.

It is further jointly stipulated and agreed by and among the parties, through their undersigned liaison counsel, that all other deadlines and/or obligations imposed by the CMO that are not extended or amended herein shall remain in effect.

It is so **STIPULATED**.

Dated: April 24, 2020

*/s/*
Roberta D. Liebenberg
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
215-567-6565
rliebenberg@finekaplan.com

*Liaison and Lead Counsel for the End-Payer Plaintiffs*

*/s/*
Dianne M. Nast
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, PA 19107
215-923-9300
dnast@nastlaw.com

*Liaison and Lead Counsel for the Direct Purchaser Plaintiffs*

*/s/*
W. Joseph Nielsen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860)808-5040
Fax: (860)808-5033
Joseph.Nielsen@ct.gov

*Liaison Counsel for the States*

*/s/*
William J. Blechman
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail: wblechman@knpa.com

*Liaison Counsel for Direct Action Plaintiffs and Counsel for the Kroger Direct Action Plaintiffs*

*/s/*
Jan P. Levine
**PEPPER HAMILTON LLP**
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750
levinej@pepperlaw.com

*/s/*
Sheron Korpus
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com

*/s/*
Saul P. Morgenstern
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 W. 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
saul.morgenstern@apks.com

Laura S. Shores
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
laura.shores@apks.com

*/s/*
Chul Pak
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019
Tel: (212) 999-5800
Fax: (212) 999-5899
cpak@wsgr.com

*Defendants' Liaison Counsel*