Case 2:16-md-02724-CMR   Document 1392   Filed 06/01/20   Page 1 of 2



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

111 HUNTINGTON AVENUE
BOSTON, MASSACHUSETTS 02199
617.342.4000 TEL
617.342.4001 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
617.502.3298

CLIENT/MATTER NUMBER
111434-0116

June 1, 2020

The Honorable Cynthia M. Rufe
United States District Court
for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Suite 12614
Philadelphia, PA 19106-1797

    Re: *In re: Generic Pharmaceuticals Pricing Antitrust Litigation*,
       16-MD-2724   Response to the Court's May 27, 2020 Order
       (ECF No. 1390) regarding Bellwether Oral Argument

Dear Judge Rufe,

   We submit this letter on behalf of Apotex Corp. ("Apotex") in accordance with the Court's order of May 27, 2020. Apotex was not a signatory to the May 22nd letter submitted by certain Defendants and referenced in the Court's order. Apotex objected with the other Defendants as to the bellwether R&R (ECF 1244) and joins those arguments expressed in Defendants' prior submissions on the bellwether issue. We respectfully submit this short letter to make clear Apotex's objection to having the bellwether case defined before Defendants have an opportunity to review the forthcoming complaint from the States and provide comments to the Court.

   In particular, Apotex submits that to the extent the Court allows litigation of claims as to any particular drug to proceed as a bellwether case, the Court should include *all* State claims as to that drug and *all* class claims as to that drug. Similarly, any overarching conspiracy bellwether should include *all* State claims as to that alleged overarching conspiracy and *all* class claims as to that alleged overarching conspiracy. To proceed otherwise creates a very substantial risk of duplicative recoveries.

   Indeed, this problem is apparent in the Special Master's bellwether R&R. As it currently stands, it would allow litigation to proceed as to each of three particular drugs based on the direct purchasers' claims and the end payers' claims, but inexplicably omits the claims of the retailers who fall between the direct purchasers and end payers in the distribution chain for each of these same drugs. That makes no sense and raises an obvious risk of duplicative recovery, as each set of class plaintiffs will claim they alone absorbed any overcharge. Absent correction, under the bellwether R&R, a jury could conclude that any overcharge was passed on in full to the end payers, while the retailers would be free to claim in a subsequent proceeding that they in fact absorbed the full overcharge and did not pass on any of it to the end payers.

Case 2:16-md-02724-CMR   Document 1392   Filed 06/01/20   Page 2 of 2



**FOLEY & LARDNER LLP**

June 1, 2020
Page 2

      Unless all claims involving a particular drug (or a particular alleged overarching conspiracy) are included in the same bellwether proceeding, the risk of such inconsistent results are also likely to require the Court to withhold final judgment on the bellwether matter until all subsequent trials involving that drug are resolved.  That will only further delay any final resolution of these matters.  For example,  some States assert parens patriae claims based on alleged injury to citizens of their states, which would potentially include a number of the end payer plaintiffs, and some States seek a "disgorgement" remedy that, by definition, would overlap with the relief sought by the direct purchaser plaintiffs. If the cases proceed separately and both the State and certain classes obtain damage awards, the Court may have no option other than re-trying the cases together at a later date due to the inability to dissect which part of any damage award requires an offset against a State award (or vice versa).  Without knowing which drugs will be included in the forthcoming State AG complaint, selection of a bellwether is premature.

      Thank you for your consideration of this issue.

Respectfully,

*/s/ James W. Matthews*

James W. Matthews

CC:    All Counsel of Record