June 1, 2020

The Honorable Cynthia M. Rufe
United States District Court
for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Suite 12614
Philadelphia, PA 19106-1797


Re:   *In re: Generic Pharmaceuticals Pricing Antitrust Litigation*, 16-MD-2724
      Response to the Court's May 27, 2020 Order (ECF No. 1390)


Dear Judge Rufe:

      We write on behalf of the undersigned Defendants in response to the Court's May 27, 2020 Order (ECF No. 1390), inviting all counsel to state their positions with regard to "the potential effect on bellwether selection of the filing by the Plaintiff States of the new and final complaint in June 2020."[1]

      Until the Plaintiff States' new complaint is filed, we cannot fully evaluate the extent to which it may impact the bellwether selections proposed by Special Master Marion. Nevertheless, we briefly address some of the ways the new complaint may affect the Court's analysis on bellwether selection and why a decision on bellwethers should await the filing of this new complaint.

      Understanding the extent of any overlap between the products, defendants, and alleged conduct in the proposed bellwether cases, on the one hand, and the States' new complaint, on the other hand, will necessarily affect important legal issues, including

---

[1]  The undersigned defendants submitted a letter dated May 22, 2020 requesting oral argument on Special Master David Marion's Third Report and Recommendation relating to Bellwether Selection ("R&R") (ECF No. 1244). *See* May 27, 2020 Order (ECF No. 1390) at 2. Although that letter asserted that it would be premature to select bellwethers before the new complaint is filed, it did not provide argument as to why bellwether selection should await the filing of that complaint.

The Honorable Cynthia M. Rufe
June 1, 2020
Page 2

claims splitting,[2] issue preclusion,[3] one-way intervention,[4] and Defendants' Seventh Amendment rights,[5] all of which should bear on the selection of a bellwether.  To the extent that the forthcoming complaint asserts claims involving products, defendants, conduct, and/or evidence that overlap with Special Master Marion's recommended bellwether actions, the new complaint may exacerbate these issues.  This is not a speculative concern.  Based on notice letters sent by the States to certain defendants, it appears that the new complaint will include claims related to products on which the private plaintiffs have already alleged claims – some of which are part of Special Master Marion's bellwether proposal.  Thus, the extent of the overlap will likely intensify the problems with preclusion and one-way intervention discussed in Defendants' Objections to the Report and Recommendation.  *See* ECF No. 1296 at 8-12.

In addition, the relief sought in the forthcoming complaint is also relevant to how the MDL should proceed.  The problems arising from the selection of a state bellwether that is very different in scope from the private plaintiffs' bellwethers has come into greater focus during recent argument before Special Master Marion relating to certain States' refusal to produce relevant transactional data now, as part of fact discovery.  Certain states seem to claim the right to recover "general economy" damages that are duplicative of what private plaintiffs seek to recover.  To the extent that the forthcoming complaint asserts a right to relief that is duplicative of the relief sought by private plaintiffs, including duplication of relief sought in the private cases not selected as bellwethers, any such issue should be considered in identifying appropriate bellwethers.

As noted in undersigned Defendants' previous letter, given the overall importance of the issues, we respectfully request that the Court hold oral argument on the R&R following the filing of the States' forthcoming complaint.

---

[2]   The prohibition on claim splitting is a "longstanding rule" that forbids plaintiffs "from prosecuting [a] case piecemeal and requires that all claims arising out of a single alleged wrong be presented in one action."  *Prewitt v. Walgreens Co.*, No. 12-6967, 2013 WL 6284166, at *5 (E.D. Pa. Dec. 2, 2013) (citing *United States v. Haytian Republic*, 154 U.S. 118, 123-24 (1894)).

[3]   *See, e.g.*, *GAF Corp. v. Eastman Kodak Co.*, 519 F. Supp. 1203, 1214 (S.D.N.Y. 1981) (cautioning against allowing parties to adopt a "wait and see" attitude approach).

[4]   *See Premier Elec. Constr. Co. v. Nat'l Elec. Contractors Assoc.*, 814 F.2d 358, 362 (7th Cir. 1987) (noting that a principal purpose of the 1966 revision of Rule 23 was to end "one-way intervention").

[5]   *See Arch v. Am. Tobacco Co.*, 175 F.R.D. 469, 493 (E.D. Pa. 1997) ("The Seventh Amendment entitles parties to have fact issues decided by one jury and ensures that a second jury will not re-examine those facts."); *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931).

The Honorable Cynthia M. Rufe
June 1, 2020
Page 3


Respectfully,


/s/ Sarah (Teich) Kirkpatrick
Sarah (Teich) Kirkpatrick

On behalf of Par Pharmaceutical, Inc.


Also joined by the undersigned defendants:
Actavis Pharma, Inc.
Actavis Holdco U.S., Inc.
Actavis Elizabeth, LLC
Glenmark Pharmaceuticals, Inc., USA
Lannett Company, Inc.
Lupin Pharmaceuticals, Inc.
Mylan Inc.
Mylan Pharmaceuticals Inc.
Mylan N.V.
Sun Pharmaceutical Industries, Inc.
Taro Pharmaceuticals U.S.A., Inc.
Teva Pharmaceuticals USA, Inc.
Upsher-Smith Laboratories, LLC