**BAKER BOTTS L.L.P.**

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

AUSTIN            HOUSTON
BEIJING           LONDON
BRUSSELS          MOSCOW
DALLAS            NEW YORK
DUBAI             PALO ALTO
HONG KONG         RIYADH
HOUSTON           SAN FRANCISCO
                  WASHINGTON

June 22, 2020

The Honorable Cynthia M. Rufe
United States District Court
for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Suite 12614
Philadelphia, PA 19106-1797

Re:   *In re: Generic Pharmaceuticals Pricing Antitrust Litigation*, **16-MD-2724**
      Special Master David Marion's Third Report and Recommendation relating
      to Bellwether Selection (ECF No. 1244)

Dear Judge Rufe:

Undersigned Defendants respectfully request leave to submit this brief follow-up letter in further response to the Court's May 27, 2020 Order (ECF No. 1390), which invited counsel to state their positions with regard to "the potential effect on bellwether selection of the filing by the Plaintiff States of the new and final complaint in June 2020."

Defendants have now received the States' third and final complaint, which the States filed in the District of Connecticut on June 10, 2020. *See Connecticut, et al. v. Sandoz, Inc., et al.*, No. 20-cv-802 (D. Conn.).[1] We respectfully submit that this third complaint further counsels in favor of selecting the States' initial Heritage-focused complaint and the corresponding parallel private actions alleging a Heritage-centric overarching conspiracy as the bellwether cases.

The States' June 10 complaint highlights why the States' second, Teva-centric complaint is an unwieldy choice for a bellwether, including its significant factual overlap with the other two State complaints. The States' third complaint presents the same allegations of an overarching "fair share" conspiracy as are alleged in the proposed bellwether Teva-centric complaint. *Compare, e.g.*, June 10, 2020 Compl. ¶ 130 with Oct. 31, 2019 Am. Compl. ¶ 127 (describing the same verbatim "rules of engagement" of a "fair share" overarching conspiracy). The third complaint also alleges collusion by certain Defendants with respect to some of the exact same products that are included in the Teva-centric complaint. *Compare, e.g.*, June 10, 2020 Compl. ¶¶ 974-99 (alleging collusion between Teva, Taro, and Sandoz with respect to Ketoconazole Cream as set forth in the Teva-centric complaint and subsequent collusion with respect to the exact same product involving G&W, Taro, and Sandoz); *id.* ¶¶ 1000-18 (similar overlapping allegations regarding Fluocinonide Gel) *with* Oct. 31, 2019 Am. Compl. ¶¶ 783-794 (Ketoconazole Cream); *id.* ¶¶ 829-846 (Fluocinonide Gel). The States' decision to split conspiracy claims regarding the

---

[1]   Defendants intend to file a notice of potential tag-along action with the Judicial Panel on Multidistrict Litigation and expect that the action will be transferred to this MDL.

The Honorable Cynthia M. Rufe
June 22, 2020
Page 2

same conduct and products between the second and third complaints creates a strong risk of confusion and prejudice.

The States' second Teva-centric complaint also purports to incorporate by reference the first, Heritage-centric complaint. *See* Oct. 31, 2019 Am. Compl. ¶ 937. This alone creates real confusion and complication about what conduct, products, and evidence are actually at issue under the recommended bellwether case. The most recent June 2020 complaint adds to that confusion and complication.

Undersigned Defendants believe that the most efficient approach would be to address the more manageable Heritage-centric State action, along with the corresponding private actions. That action, involving a more manageable number of products, does not purport to incorporate other State actions by reference and does not make claims regarding drugs at issue in other State complaints. This MDL presents enough complexity and uncertainty without choosing a bellwether that creates unique issues of confusion and complexity, along with the issues that could result from one-way intervention, preclusion, and duplicative recovery under the Special Master's recommended approach.

Defendants would welcome the opportunity to address these issues at oral argument before the Court.

Respectfully,

*/s/ John M. Taladay*
John M. Taladay

On behalf of Sun Pharmaceutical Industries, Inc.
and Taro Pharmaceuticals U.S.A., Inc.

And also on behalf of the undersigned Defendants:

Actavis Pharma, Inc.
Actavis Holdco U.S., Inc.
Actavis Elizabeth, LLC
Apotex Corp.
Breckenridge Pharmaceutical, Inc.
Fougera Pharmaceuticals Inc.
Glenmark Pharmaceuticals Inc., USA
Greenstone LLC
Lannett Company, Inc.
Oceanside Pharmaceuticals, Inc.
Par Pharmaceutical, Inc.

The Honorable Cynthia M. Rufe
June 22, 2020
Page 3

Pfizer Inc.
Sandoz Inc.
Teva Pharmaceuticals USA, Inc.
Valeant Pharmaceuticals North America LLC n/k/a Bausch Health US, LLC
Valeant Pharmaceuticals International n/k/a Bausch Health Americas, Inc.

cc: All Liaison Counsel and Special Masters (via email)