# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | MDL 2724<br>16-MD-2724 |
| | **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:**<br><br>*ALL ACTIONS* | |

## ORDER

By way of the third report and recommendation of Special Master David Marion ("R&R 3"), the question before the Court is which cases in this MDL should be the first placed on a trial track ("bellwether selection"). However, nowhere in R&R 3 or in the parties' extensive briefing is there any substantive discussion of which cases may be tried before the MDL Court, which is a necessary part of making the selection of bellwether cases a fruitful exercise.

The MDL encompasses allegations that numerous pharmaceutical companies engaged in an unlawful scheme or schemes to fix, maintain, and stabilize prices, rig bids, and engage in market and customer allocations of (to date) 200 generic pharmaceutical products. The first cases were filed as proposed class actions alleging conspiracies to fix the prices of two separate generic drugs (digoxin and doxycycline), and soon expanded to encompass lawsuits alleging separate conspiracies as to 18 generic drugs. These proposed class actions were filed on behalf of direct purchaser plaintiffs, end-payer plaintiffs, and indirect reseller plaintiffs (collectively, "Private Plaintiffs").[1] Some of these cases were filed in the Eastern District of Pennsylvania, while others were transferred into the MDL. Defendants successfully sought the transfer into the MDL of a case

---

[1] The Private Plaintiffs also include several entities that do not seek to be part of a class and have filed individual cases. In addition, there are two cases filed by county governments.

filed by the attorneys general of numerous States that alleged an overarching multi-drug conspiracy centering on the actions of Heritage Pharmaceuticals, over the objections of the State Plaintiffs. The State Plaintiffs later filed in the District of Connecticut a second overarching conspiracy case centering on Teva Pharmaceuticals that was transferred into the MDL.[2] While maintaining the individual conspiracy cases, Private Plaintiffs also have filed directly into the MDL overarching conspiracy cases that are similar, but by no means identical, to the State Plaintiffs' actions.

In Pretrial Order No. 105 (the "CMO"), the Court directed that the parties meet and confer to identify criteria for selecting bellwether claims or case, and directed Special Master Marion to develop a recommendation in the event the parties could not agree. R&R 3 provides for a path to trial of three single-drug conspiracy cases (clobetasol, clomipramine, and pravastatin) and the State Plaintiffs' Teva-centric case.  Not addressed by the parties or the Special Master is the question of where the cases will be tried.

The ability of an MDL Court to try cases is limited.[3] "In *Lexecon*, the Supreme Court held that transferee courts presiding over multidistrict litigation have no authority to invoke Section 1404 to assign centralized actions to itself for bellwether trials. . . . Following *Lexecon*, transferee courts are limited to conducting bellwether trials (or any other trial or post-trial proceedings) in those actions over which the transferee court has jurisdiction outside the multidistrict context, either because the action was filed directly with the transferee court or because the parties waived their right to remand to the transferor court."[4]

---

[2] The State Plaintiffs filed this month a third action in the District of Connecticut alleging a wide-ranging antitrust conspiracy. That case has not been transferred to the MDL at this time. *See State of Connecticut v. Sandoz, Inc.*, Civil Action No. 20-802 (D. Conn.).

[3] *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 25 (1998).

[4] *In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1380 n.4 (J.P.M.L. 2012).

From the Court's review of the cases, the proposed class actions asserting conspiracies to fix the prices of the proposed individual drugs—clobetasol, clomipramine, and pravastatin—were filed in the Eastern District of Pennsylvania, which would permit the MDL Court to preside over any trial. The same is true of the Private Plaintiffs' proposed class action multidrug complaints. However, the State Plaintiffs commenced their actions in the District of Connecticut, and once pretrial proceedings are completed, those cases would be remanded for trial in that Court. The Court must analyze the effect of such transfer on the bellwether process, and the degree to which the aims of centralizing cases before the MDL Court, including the full exploration of the legal and factual issues and the potential for settlement of some or all cases, would be impaired if the Court cannot see a bellwether case through trial (should a case advance that far). Therefore, the Court will hear argument from the parties on *Lexecon* issues at the General Status Conference on July 9, 2020. All other issues appear to have been thoroughly briefed by the parties and argument is not otherwise necessary.

**AND NOW**, this 30th day of June 2020, upon consideration of the Third Report and Recommendation of Special Master David Marion ("R&R 3"), and all of the briefing submitted in connection therewith, it is hereby **ORDERED** that Court will hear argument with regard to the effect of *Lexecon* issues on R&R 3 at the General Status Conference on July 9, 2020.

It is so **ORDERED.**

> BY THE COURT:
>
> /s/ Cynthia M. Rufe
> _____
> **CYNTHIA M. RUFE, J.**