**FINE, KAPLAN AND BLACK, R.P.C.**
ATTORNEYS AT LAW
ONE SOUTH BROAD STREET, 23RD FLOOR
PHILADELPHIA, PENNSYLVANIA 19107

(215) 567-6565
FAX: (215) 568-5872
E-mail: mail@finekaplan.com
www.finekaplan.com

ROBERTA D. LIEBENBERG
MICHAEL D. BASCH
JEFFREY S. ISTVAN
GERARD A. DEVER
PAUL COSTA
ADAM J. PESSIN
MARY L. RUSSELL
RIA C. MOMBLANCO
JESSICA D. KHAN

ALLEN D. BLACK
ARTHUR M. KAPLAN
DONALD L. PERELMAN
MATTHEW DUNCAN
ELISE E. SINGER
ROBERT A. LARSEN
JOSEPH J. BORGIA
OF COUNSEL

AARON M. FINE
1923-2013

July 24, 2020

The Honorable Cynthia M. Rufe
United States District Court
 For the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Suite 12614
Philadelphia, PA  19106

  Re: *In re: Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724

Dear Judge Rufe:

  Yesterday, counsel for Ascend urged the Court to rule on its pending motion to dismiss because it suggests that "such a ruling would be virtually dispositive as to Ascend in this MDL."

  Omitted from Ascend's letter were the following facts:

- Ascend was named as a defendant in the End-Payer Plaintiff (EPP) multi-drug complaint filed on December 19, 2019, Case No. 19-cv-06011 (E.D. Pa.), Doc. 2 ("EPP Complaint").

- Ascend was named as a defendant in the Direct-Purchaser Plaintiff (DPP) multi-drug complaint filed on February 7, 2020, Case No. 20-cv-00721 (E.D. Pa.), Doc. 2 ("DPP Complaint").

- Ascend is alleged to have reached drug-specific agreements to raise the prices of Triamcinolone Acetonide and Silver Sulfadiazine.

- Ascend's sales of these products during the relevant time period total approximately $200 million.

- Plaintiffs have identified telephone communications between executives at Ascend and its ostensible competitors proximate to the price increases that it imposed.  *See, e.g.*, EPP Complaint ¶ 234.

The Honorable Cynthia M. Rufe
July 24, 2020
Page Two

- EPPs and DPPs also allege that Ascend's conduct was part of a broader conspiracy to inflate the prices of numerous generic drugs.  For example, Plaintiffs have identified telephone communications between Ascend and at least 17 other corporate defendants in the MDL during the relevant time period.  *See, e.g.*, EPP Complaint ¶ 152, Table 2.

None of the substantive arguments made in Ascend's letter concerning Nimodipine apply to the claims alleged in the EPP and DPP complaints, which level the very same type and quality of allegations against Ascend that this Court already found to be sufficient when it denied certain of the Defendants' Group 1 motions to dismiss.

In sum, it is clear that Ascend's presence in this MDL will not be resolved by its pending motion to dismiss the States' complaint. Moreover, discovery from Ascend is entirely appropriate and should proceed unabated.

Respectfully,

/s/ *Roberta D. Liebenberg*
Roberta D. Liebenberg

cc:   David H. Marion, Esquire (via email)
    Bruce P. Merenstein, Esquire (via email)
    Dan Regard (via email)
    Morgan S. Birch, Esquire (via email)
    MDL2724AllDeftsService@pepperlaw.com (via email)
    MDL2724plaintiffsleadsetc@ag.ny.gov (via email)