# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DUCUMENT RELATES TO:<br><br>*Direct Purchaser Plaintiffs' Actions:*<br><br>*Ahold USA, Inc. et al. v. Actavis Holdco U.S., Inc. et al.*, 16-CB-27241<br><br>*Ahold USA, Inc. et al. v. Mylan Inc. et al.*, 16-CM-27241<br><br>*Ahold USA, Inc. et al. v. Apotex Corp. et al.*, 16-PV-27241 | |

## DIRECT PURCHASER PLAINTIFFS' BRIEF IN SUPPORT OF
## DPPS' PROPOSED CASE MANAGEMENT ORDER

Pursuant to this Court's Order dated September 2, 2020 [Doc. No. 1499], Direct Purchaser Plaintiffs ("DPPs") hereby submit this brief in support of DPPs' proposed trial schedule [Doc. No. 1496].

DPPs urge this Court to adopt DPPs' trial schedule. It will most efficiently allow the bellwether cases to go to trial, providing meaningful guidance to the entire MDL. Adopting DPPs' proposed schedule – with a trial occurring approximately two years from now – avoids further delay under Defendants' proposal by which each of the differently situated bellwether Plaintiffs would litigate their cases on one uniform schedule. DPPs' proposed schedule also allows other bellwether Plaintiffs to pursue their own cases on schedules better suited to their distinct needs, while preserving the ability of all Plaintiffs to continue coordinating on discovery and MDL case management issues.

The complex history of this MDL now stretches back over four years. The entry of PTO No. 132 by this Court on July 13, 2020 was the culmination of months of negotiations and extensive briefing before Special Master Marion and this Court. It occurred a year after the Parties and this Court began a dialogue at the July 12, 2019 General Status Conference about the benefits of bellwether cases. *See, e.g.*, July 12, 2019 General Status Conference Tr. July 12, 2019, 10:7-19, [Doc. No. 1053]. In approving the Third Report and Recommendation of Special Master David H. Marion and entering PTO 132, this Court selected a representative set of bellwether cases that will meaningfully advance this MDL, and this Court has made it clear that it wishes to move this litigation forward. *See, e.g.,* Memorandum Opinion, July 13, 2020, at 5 [Doc. No. 1442] (selecting bellwether process to provide "a clear path forward to test the allegations of both single and overarching conspiracies"). Proceeding to trial as soon as practicable on at least some bellwether cases will most effectively accomplish that end.

Under Defendants' proposal, not a single bellwether trial—let alone trials for the dozens of other cases pending in this MDL—will occur until *at least* the summer of 2023. Given the enormously beneficial effects that bellwether trials can provide, the Parties need not further delay the progress of this litigation since it is reasonable to try a bellwether case sooner. DPPs propose that the Parties move as aggressively as feasible to bring the selected cases to trial.

DPPs are prepared to go to trial on the schedule we propose, with the hope that a firm bellwether trial date in October 2022 will further focus this case and possibly create settlement momentum. This will mean that DPPs, in cooperation

with the EPPs and States, will have to prioritize certain discovery, including depositions relevant to DPPs' bellwether claims, which we are prepared to do. Except for class certification and expert report deadlines, the Parties' schedules are substantially similar through the beginning of 2022. This makes it feasible for the Parties to coordinate discovery efforts along the timetables proposed in DPPs', EPPs' and the States' schedules.

All Plaintiffs agree that bellwether depositions should occur within an 18-month window.[1] Private Class-Plaintiffs' bellwether cases involve only 12 of the 20 bellwether Defendants in the States' Teva case, (approximately 60% of the Defendants) and only three drugs (less than 3% of the total bellwether drugs). In order to get at least some of these narrower cases ready for trial as quickly as possible, DPPs propose to coordinate with co-counsel to take the necessary depositions from key witnesses in advance of DPPs' proposed date for filing Merits Expert reports on January 14, 2022. Doing so will enable DPPs to submit expert reports before depositions are completed for all 20 State bellwether Defendants, promoting judicial economy by allowing this Court to evaluate early expert reports as soon as possible, while allowing the other parties to take additional depositions and provide their reports to the Court on a schedule better suited to their needs. The resulting efficiencies will allow DPPs to move more quickly beyond discovery to summary judgment and, if warranted, pre-trial briefing.

---

[1] *See* DPPs' Proposed CMO at 2, 7; Notice of Filing of Proposed Schedule for the End-Payer Plaintiff and State Attorneys General Bellwether Cases at 6, 12 [Doc. No. 1497].

DPPs' schedule allows at least a year to identify and depose witnesses from the 12 Defendants in the three private-Plaintiff bellwether cases, leaving ample time to depose witnesses from the remaining eight bellwether Defendants. This means that regardless of the order in which witnesses are prioritized and depositions are taken, DPPs' proposed schedule allows more than enough time to coordinate with the other Plaintiff groups and take all necessary depositions from the subset of 12 bellwether Defendants involved in the three private-Plaintiff bellwether complaints. We recognize that the States, with their overarching Teva conspiracy involving many more drugs and eight more Defendants, may be in a different posture. However, DPPs seek to accommodate all interests so that we can have an early bellwether trial, followed by trials on the claims EPPs and States have brought. We believe that a bellwether trial in October 2022 will go a long way toward achieving the Court's bellwether goals.

Likewise, because the States will operate on a different schedule, "the States [will] not have to postpone summary judgment and trial in their own bellwether case while they await the conclusion of class certification proceedings" in any of DPPs' cases. *See* Plaintiffs' Response In Support of Special Master David H. Marion's Third Report and Recommendation Relating to Bellwether Selection, April 2, 2020, at 7-8 [Doc. No. 1333]. The DPPs will be proceeding on a different schedule that is commensurate with the narrower scope of their trial.

DPPs' proposed schedule will bring bellwether cases to trial relatively quickly. This will foster guidance and precedent, which is critical to this litigation

4

and at the core of the bellwether concept.  It is respectfully submitted that DPPs' proposed scheduling should therefore be adopted for the DPP case.

| | |
|---|---|
| Date: September 9, 2020 | Respectfully submitted: |

*[signature: Dianne M. Nast]*

Dianne M. Nast
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, PA 19107
215-923-9300
dnast@nastlaw.com
***Lead and Liaison Counsel for the Direct Purchaser Plaintiffs***

David F. Sorensen
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 875-3000
dsorensen@bm.net

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, Massachusetts 02142
(617) 482-3700
tom@hbsslaw.com

Robert N. Kaplan
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, New York 10022
(212) 687-1980
rkaplan@kaplanfox.com

Linda P. Nussbaum
NUSSBAUM LAW GROUP, PC
1211 Avenue of the Americas, 40th Floor
New York, New York 10036
(917) 438-9189
lnussbaum@nussbaumpc.com

Michael L. Roberts
ROBERTS LAW FIRM P.A.
20 Rahling Circle
Little Rock, Arkansas 72223
(501) 821-5575
mikeroberts@robertslawfirm.us

*Direct Purchaser Plaintiffs' Steering Committee*