**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724 |
|  | 16-MD-2724 |
| THIS DOCUMENT RELATES TO: | |
| *ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**DEFENDANTS' MEMORANDUM OF LAW REGARDING DEPOSITIONS
IN SUPPORT OF DEFENDANTS' PROPOSED CASE MANAGEMENT ORDER
SCHEDULING DISCOVERY, MOTIONS, AND OTHER PROCEEDINGS TO
<u>BRING THE BELLWETHER CASES TO TRIAL</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...........................................................................................1

BACKGROUND ..............................................................................................................3

ARGUMENT ....................................................................................................................4

A.  The Federal Rules And Applicable Case Law Permit Only One
Deposition................................................................................................ 4

B.  Permitting Fact Witnesses To Be Deposed Multiple Times Would
Be Inconsistent With This Court's Case Management Orders And
Plaintiffs' Prior Positions....................................................................... 8

C.  Whether Limiting The Parties To A Single Deposition Of Each
Fact Witness Will Delay Resolution Of The Bellwether Cases Is
Not Grounds To Deviate From The Federal Rules Or Controlling
Case Law................................................................................................. 9

CONCLUSION................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*,
  MDL No. 2187,
  2013 WL 6044415 (S.D. W. Va. Nov. 13, 2013) ............................................................5

*In re Sulfuric Acid Antitrust Litig.*,
  230 F.R.D. 527 (N.D. Ill. 2005)......................................................................................5

*Melhorn v. N.J. Transit Rail Operations, Inc.*,
  203 F.R.D. 176 (E.D. Pa. 2001)......................................................................................4

*St. Fleur v. City of Linden, N.J.*,
  No. 15-cv-01464 (SRC)(CLW),
  2017 WL 3448106 (D.N.J. Aug. 10, 2017) ......................................................................4

*State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*,
  254 F.R.D. 227 (E.D. Pa. 2008)...................................................................................4, 8

## STATUTE

28 U.S.C. § 1407.....................................................................................................................4

## RULES

Fed. R. Civ. P. 26....................................................................................................................4

Fed. R. Civ. P. 30...........................................................................................................2, 4, 5, 9

ii

Pursuant to the Court's Order dated September 2, 2020 [MDL Doc. No. 1499], Defendants submit this memorandum of law in support of their motion requesting that the Court enter an order providing that fact witnesses may only be subjected to a single deposition in this MDL – whether deposed in the bellwether cases or otherwise – absent agreement of the parties or leave of Court following a showing of good cause.

## PRELIMINARY STATEMENT

The Federal Rules permit only one deposition of a fact witness (absent leave of the Court) -- no exception to the rule is warranted here.  The States and the Private Plaintiffs allege that Defendants engaged in "pervasive and industry-wide" conduct that they contend is "part of a larger, overarching understanding" to harm competition throughout the entire "generic pharmaceutical industry throughout the United States."  Defendants vehemently deny these accusations. More importantly for present purposes, fact witnesses will be asked about their responsibilities and knowledge on subjects relevant not just to one case, but to the entire MDL.[1] Additional depositions of those witnesses inherently will be duplicative, wasteful of the Court's and the parties' time, open opportunities for Plaintiffs to fish for discovery, and give Plaintiffs multiple unfair bites at the apple.[2]

Plaintiffs originally argued that, during the bellwether deposition period, they need only depose fact witnesses as to those bellwether cases while retaining the right to re-depose those witnesses again on so-called non-bellwether issues. Plaintiffs appear to have now abandoned even that limiting principle in favor of an open-ended option to depose a witness again on any

---

[1] Because each case involves different products, markets, and defendants, there may be some witnesses unique to individual cases (who only need to be deposed for those cases).

[2] Even if the Court were to limit any second deposition to questions that were not, and could not have been, asked in a witness's first deposition, this MDL could become embroiled in innumerable disputes over that issue alone.

issue.[3]  Both of Plaintiffs' approaches should be rejected, and the Court should enter an order providing that fact witnesses may only be subjected to a single deposition, unless the parties agree to, or the Court grants leave based on a showing of good cause for, a second deposition. Defendants respectfully submit that the proposed order is quite modest and will not deprive Plaintiffs of discovery, if they show good reason to depose a fact witness twice.

*First*, Plaintiffs' position is contrary to the Federal Rules of Civil Procedure and controlling case law.  Rule 30(a)(2)(A)(ii) provides that a party must seek leave of Court to depose a fact witness where "the deponent has already been deposed in the case[.]"  As courts in this circuit and elsewhere have recognized, permitting serial depositions is wasteful and provides the deposing party with an unfair strategic advantage.  While the rule limits a party to one deposition per case, this rationale is even more applicable in MDLs where the purpose of coordinating dozens of cases filed in different jurisdictions by differently situated plaintiffs for pre-trial purposes is to promote efficiency and avoid redundant discovery.[4]  For this reason, among others, courts presiding over MDLs regularly enter orders providing that fact witnesses may only be deposed once.

*Second*, employees do not work in artificial silos of facts relevant to the bellwether cases but not the non-bellwether cases.  On the contrary, many anticipated fact witnesses' responsibilities encompassed multiple products or functions (several individuals have been sued or identified in multiple MDL complaints).  Given the States' allegations in its bellwether case of an overarching, industry-wide conspiracy, and the fact that witnesses' responsibilities often are

---

[3] Proposed Schedule for End-Payer Plaintiffs and State Attorneys General Bellwether Cases, MDL Doc. No. 1497, Exhibit 1, p. 2, n.2 ("All deadlines in sections B, C, D and E and [sic] will not be possible, and will need to be adjusted, if Plaintiffs are limited to deposing bellwether witnesses only once."). *See also* Direct Purchaser Plaintiffs' Notice of Proposed Case Management Order, MDL Doc. No. 1496, Exhibit 1, p. 2, n.2 (same).

[4] And, as the Court knows, it has ordered discovery in this MDL to be MDL-wide, and not cabined in by the specific claims asserted against the particular defendants named in the various complaints.

not limited by product, every meaningful line of inquiry can and should be covered in a single deposition. Nothing of consequence should remain to question the witness a second time.  In the unlikely event that there is a good reason to impose on a witness a second time, the parties can agree to it, or the Court - on a showing of good cause - can order it.

*Third*, permitting Plaintiffs to reserve the right to re-depose fact witnesses would be inconsistent with this Court's prior case management orders and Plaintiffs' own previous positions with respect to those orders.  Specifically, PTO No. 105 provides that depositions in all cases will proceed at the same time.  In prior submissions, Plaintiffs advocated against case management proposals that would lead to "multiple depositions of the same witnesses[.]"[5] Because it now suits their purposes, Plaintiffs are abandoning their prior position – a position they successfully advanced to obtain extremely broad discovery from Defendants.  Plaintiffs' gamesmanship should be rejected.

## **BACKGROUND**

The Court has ordered that three sets of complaints by Private Plaintiffs and one complaint by the States proceed as bellwethers (collectively, the "Bellwether Cases").[6]  Pursuant to PTO No. 132 [MDL Doc. No. 1443], the parties engaged in negotiations with respect to a proposed schedule for the Bellwether Cases.  Among the issues about which the parties were unable to reach agreement is whether fact witnesses who are deposed in the Bellwether Cases can be deposed again later in this MDL.

---

[5]  Plaintiffs' July 29, 2019 Letter Brief to Special Master Marion at 1-2.

[6]  Pending before the Court is Certain Defendants' motion for clarification regarding the Court's July 14, 2020 memorandum and order on bellwether selection.  (MDL Doc. No. 1479.)  As set forth in that motion, Defendants read the Court's memorandum and order as expressly including Indirect Reseller Plaintiffs' ("IRPs") in the definition of "Private Plaintiffs" whose clobetasol, clomipramine, and pravastatin cases would proceed as bellwethers along with identical complaints by Direct Purchaser Plaintiffs ("DPPs") and End Purchaser Plaintiffs ("EPPs").  The Private Plaintiffs' class action complaints as to clobetasol, clomipramine and pravastatin are referred to herein as the "Individual Product Bellwether Cases" and the State Plaintiffs' Teva-centric Amended Complaint filed November 1, 2019 as the "Teva AG Bellwether Case."

**ARGUMENT**

**A.**     **The Federal Rules And Applicable Case Law Permit Only One Deposition**

Defendants' position that a fact witness should only be deposed once is nothing more

than a restatement of the law and common MDL practice.  The Federal Rules of Civil Procedure

provide that, absent leave of Court, an individual or corporation may only be deposed once.  Fed.

R. Civ. P. 30(a)(2)(A)(ii) (party must seek leave to depose witness where "the deponent has

already been deposed in the case"); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) (discouraging

"unreasonably cumulative or duplicative" discovery); *Melhorn v. N.J. Transit Rail Operations,*

*Inc.*, 203 F.R.D. 176, 180 (E.D. Pa. 2001) ("Absent some showing of need or good reason for

doing so, a deponent should not be required to appear for a second deposition."); *St. Fleur v. City*

*of Linden, N.J.*, No. 15-cv-01464 (SRC)(CLW), 2017 WL 3448106, at *4 (D.N.J. Aug. 10, 2017)

(same).  This sensible rule exists to promote efficient litigation and prevent gamesmanship:

> The policy against permitting a second deposition of an already-
> deposed deponent is equally applicable to depositions of
> individuals and organizations…. In both cases, each new
> deposition requires the deponent to spend time preparing for the
> deposition, traveling to the deposition, and providing testimony.  In
> addition, allowing for serial depositions, whether of an individual
> or organization, provides the deposing party with an unfair
> strategic advantage, offering it multiple bites at the apple, each
> time with better information than the last.

*State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008).

Multiple depositions of the same fact witness will lead to duplication and inefficiencies

inconsistent with the very purpose of this MDL:  to "serve the convenience of [the] parties and

witnesses and promote the just and efficient conduct of this litigation."  *See* JPML Order, MDL

Doc. No. 1 at 2; *see also* 28 U.S.C. § 1407(a) (MDL transfers done "for the convenience of the

parties *and witnesses* and will promote the just and efficient conduct of such actions") (emphasis

4

added).  For that reason, MDL courts routinely prohibit a second bite at the apple, absent leave of

the court.  *See In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. 527, 531 (N.D. Ill. 2005)

("Because the plaintiffs issued their notice for a second deposition of Mr. Ross without first

seeking leave of the court, the notice was invalid under [Fed. R. Civ. P. 30(a)(2)(A)(ii)])."); *In re*

*C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2187, 2013 WL 6044415, at *1

(S.D. W. Va. Nov. 13, 2013) ("Federal Rule of Civil Procedure 30(a)(2) requires a party to

obtain leave of court to take the deposition of a witness that has already been deposed in the

case.").  MDL courts routinely enter case management orders that limit parties to a single

deposition of any one witness.  *See, e.g., In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-

2804, ECF No. 643 at 4 (N.D. Ohio Jun. 20, 2018) ("Depositions taken in this MDL pursuant to

this Order shall not be retaken in this MDL without further order of the court upon good cause

shown or an agreement of the parties.") (**Ex. A**); *In re Lithium Ion Batteries Antitrust Litig.*, No.

13-MD-2420-YGR DMR, ECF No. 905 (N.D. Cal. Oct. 19, 2015) (same) (**Ex. B**); *In re Avaulta*

*Pelvic Support Sys. Prods. Liab. Litig.*, MDL No. 2187, ECF No. 55 (S.D. W. Va. June 7, 2011)

(same) (**Ex. C**); *In re Bextra & Celebrex Mktg., Sales Practices & Prod. Liab. Litig.*, MDL No.

1699, ECF No. 169 (N.D. Cal. Feb. 7, 2006) (same) (**Ex. D**); *In re Sulfuric Acid Antitrust Litig.*,

MDL No. 1536, ECF No. 218 (N.D. Ill. Aug. 19, 2005) (same) (**Ex. E**); *In re Zyprexa Prods.*

*Liab. Litig.*, MDL No. 1596, ECF No. 70 (E.D.N.Y. Aug. 18, 2004) (same) (**Ex. F**).[7]

Nothing in the Bellwether Cases warrants upending well-established laws and MDL

practices against burdening a fact witness with multiple depositions.  The sheer breadth of the

overarching conspiracy allegations in the Teva AG Bellwether Case demonstrates that every

subject relevant to this MDL may potentially be covered in a Teva AG Bellwether Case

---

[7] Copies of these orders are attached as exhibits herewith.

5

deposition.  In the opening paragraphs of their complaint, the States allege the existence of an overarching conspiracy encompassing both price-fixing and market allocation that "permeated every segment" of the "generic pharmaceutical industry."  Teva Compl. ¶ 1. [8]

According to the States, each Defendant allegedly harmed competition "across the generic drug industry" and "throughout the United States" for years.  *Id.* at ¶¶ 5-6.  The actions were purportedly "widespread" and designed not just for a handful of products, but allegedly extended to each Defendant's entire "product portfolios," including existing and future products they may or may not sell, thereby bringing into discovery well over a hundred pharmaceuticals. *Id.* at ¶¶ 16, 18 and 150.  The allegations contained in the States' two non-bellwether complaints, as well as the overarching conspiracy complaints of the Private Plaintiffs, are similar with the Teva AG Bellwether Case.[9]

As a practical matter, a corporate employee who might be deposed in the Bellwether Cases likely will have responsibilities touching multiple MDL cases.  He or she cannot put blinders on his/her knowledge about the Bellwether Cases vis-à-vis the non-Bellwether Cases. The complaint in the Teva AG Bellwether Case is replete with allegations of significant fact witnesses simultaneously involved in pricing and sales across scores of Bellwether Cases products, non-Bellwether Cases products and even non-MDL products.  *See, e.g.*, Teva Complaint ¶¶ 602, 608, 626, 674, 745, 990.

---

[8] No. 2:19-cv-02407-CMR, ECF No. 106 (D. Conn. Nov. 1, 2019).

[9] See, e.g., State AGs' Heritage Complaint, ¶¶ 11-12 (referring to a conduct that "is pervasive and industry-wide" and noting that "the schemes identified herein are part of a larger, overarching understanding about how generic manufacturers fix prices and allocate markets to suppress competition" "across their respective broad product portfolios") (E.D. Pa. June 15, 2018);  State AGs' Dermatology Complaint, ¶ 5 (referring to an "understanding [that] has permeated every segment of the industry") (D. Conn. June 10, 2020); DPPs' Teva-centric complaint, ¶ 11 (referring to an "overarching scheme" involving "far more than 100 generic drugs") (E.D. Pa. Feb. 7, 2020); EPPs' Heritage-centric Complaint, ¶ 2 (referring to "an overarching conspiracy, the purpose of which was to raise prices and minimize competition in the generic drug industry for numerous generic drugs") (E.D. Pa. Apr. 1, 2019).

The way in which Plaintiffs have structured their allegations exacerbates the problems of serial depositions.  The one-on-one communications among competitors that Plaintiffs allege typically involved multiple products.  *See, e.g.*, Teva Complaint ¶¶ 609, 776, 863.  For example, Plaintiffs allege that inappropriate communications relating to numerous products occurred at the Annual Meeting of the National Association of Chain Drug Stores ("NACDS") from April 20-23, 2013.  This event is featured in complaint allegations for both Bellwether Cases and multiple non-Bellwether Cases.[10]  Consider also a drug like tizanidine, which is in the Teva AG Bellwether Case and some non-Bellwether Cases.  Private Plaintiffs could depose a pricing executive about tizanidine in the Teva AG Bellwether Case, and having studied the first transcript, depose him/her again in their non-Bellwether Cases.

As these examples illustrate, it would be wasteful and burdensome to expect a fact witness to answer questions strictly limited to the Bellwether Cases, only to have to answer the same questions again in any subsequent deposition regarding non-Bellwether Cases.  To date, Plaintiffs have not articulated any issues related to their allegations in non-Bellwether Cases that would justify serial depositions.

Making matters worse, not only do Plaintiffs seek the right to re-depose a witness in non-Bellwether Cases, they will not even commit that all Plaintiffs – whether they are in the Bellwether Cases or not – must participate in depositions during the bellwether phase.  Thus, under Plaintiffs' proposal, the IRPs and Kroger Plaintiffs, for example, would not be required to participate in those depositions and would reserve the right to depose again a witness who was

---

[10] *See* DPPs' Clobetasol Complaint, ¶ 119 (E.D. Pa. Aug. 15, 2017); DPPs' Clomipramine Complaint, ¶ 104 (E.D. Pa. Aug. 15, 2017); DPPs' Pravastatin Complaint, ¶ 117 (E.D. Pa. Aug. 15, 2017); EPPs' Clobetasol Complaint, ¶ 135 (E.D. Pa. Apr. 1, 2019); EPPs' Clomipramine Complaint, ¶ 119 (E.D. Pa. Apr. 1, 2019); EPPs' Pravastatin Complaint, ¶ 153 (E.D. Pa. Apr. 1, 2019); EPPs' Heritage-centric Complaint, Exhibit 1 (E.D. Pa. Apr. 1, 2019); and IRPs' Divalproex Complaint, ¶ 92 (E.D. Pa. Apr. 1, 2019).

deposed during the bellwether phase, even though these non-Bellwether Cases plaintiffs have

asserted claims and included products similar (and as to the IRPs, *identical*)to those that are

alleged in the Bellwether Cases.[11]   The non-Bellwether Cases plaintiffs (and indeed, all of the

plaintiffs) will be able to review what was asked and answered of a witness in the first round of

depositions, explore opportunities to fish for more discovery based on the answers, and then

allow for more questioning of the same witness on the same subject matter in subsequent

depositions.   In other words, the non-Bellwether Cases plaintiffs (and all the other plaintiffs)

would impermissibly gain "an unfair strategic advantage, offering [them] multiple bites at the

apple, each time with better information than the last."  *State Farm*, 254 F.R.D. at 235.  That

would be an unjust and unfair result, particularly in the context of an MDL where the entire

purpose of consolidating the cases is to promote efficiency and avoid duplication.

**B.      Permitting Fact Witnesses To Be Deposed Multiple Times Would Be Inconsistent
        With This Court's Case Management Orders And Plaintiffs' Prior Positions**

        In attempting to retain the ability to successively depose the same fact witness, Plaintiffs

have abandoned a principle that they have consistently championed, and which was embodied in

PTO 105 – *i.e.,* that discovery, including depositions, should proceed and conclude for "*all*

*cases*" at the same time.  *See* PTO No. 105 ¶ 8; Plaintiffs' Proposed Case Management Order

and Discovery Schedule, July 29, 2019, ¶ 7.  Indeed, in the past, Plaintiffs stated that they too

wanted to avoid "multiple depositions of the same witnesses[.]"   Plaintiffs' July 29, 2019 Letter

Brief to Special Master Marion at 1-2 (challenging Defendants proposal because it would "result

in redundancy of discovery efforts (e.g., multiple time-consuming searches in the same files for

---

[11] EPPs and State Plaintiffs understand the incongruity of allowing for serial depositions for Plaintiffs who are not in the Bellwether Cases.  During negotiations with Defendants about a joint scheduling proposal, EPPs and State Plaintiffs agreed that any Plaintiff who has claims overlapping with the claims encompassed in the Bellwether Cases must examine any fact witness already being deposed in the Bellwether Cases during the same deposition.

responsive documents, *multiple depositions of the same witnesses*) that will compound costs and delay, and will thwart the goals of judicial economy and efficiency that led to the JPML's creation of this MDL in the first place") (emphasis added).[12]  Yet Plaintiffs now seem to have buyer's remorse, asking for multiple bites at the apple when they previously touted the efficiencies of a case management structure tied to single depositions.  Plaintiffs should not be allowed to turn back.  Judicial economy and fairness to Defendants, as dictated by the Federal Rules and common MDL practices, limit Plaintiffs to one deposition of any fact witness.

**C.     Whether Limiting The Parties To A Single Deposition Of Each
        Fact Witness Will Delay Resolution Of The Bellwether Cases Is Not
        <u>Grounds To Deviate From The Federal Rules Or Controlling Case Law</u>**

Despite the plain language of Federal Rule of Civil Procedure 30 and controlling case law, Plaintiffs claim that they should not be prohibited from serially deposing fact witnesses because "if such a limitation is imposed, all proposed deadlines [in their bellwether schedule] must be extended by at least 4-6 months, and possibly more."[13]  MDL Doc. No. 1497 at 2.  But this is a problem of Plaintiffs' own making.  Plaintiffs provide no explanation why limiting fact witnesses to a single deposition would require an extension of their proposed bellwether schedules.  Simply because the parties would be required to ask questions regarding all issues and all products in one deposition should not extend the schedule.  Rather, parties with similar interests should coordinate their efforts to allocate time and avoid redundant questioning, as is done in countless other complex litigation matters.  Plaintiffs should propose realistic schedules

---

[12] Special Master Marion adopted Plaintiffs' concerns in his August 16, 2019 Report and Recommendation, noting that "[t]he phased approach proposed by the Defendants may risk redundancy, *multiple depositions of witnesses*, and confusion" (at 4 ¶ 2) (emphasis added).
[13] *See also* MDL Doc. No. 1497 at 6 n.2 ("All deadlines in [certain sections of the proposed schedule] will not be possible, and will need to be adjusted, if Plaintiffs are limited to deposing bellwether witnesses only once"); MDL Doc. No. 1496-1 at 2 n.2 (same).

that permit the completion of necessary discovery – if more time is necessary for depositions to be taken in the manner required by the Federal Rules, Plaintiffs should have included that time in their proposed schedule (Defendants are not necessarily opposed to such a proposal).[14]

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully submit that the Court should enter an order providing that fact witnesses may only be deposed once in this MDL absent either (1) an agreement of the parties, or (2) leave of Court following a showing of good cause.

---

[14] To the extent Plaintiffs argue that they should be entitled to re-depose witnesses because Defendants have not produced documents in response to Plaintiffs' Second Set of Requests for Production of Documents to Defendants, dated July 10, 2020 (the "July 2020 RFPs"), even if assumed true, is an issue of Plaintiffs' own making.  The July 2020 RFPs are materially similar to Plaintiffs' initial document requests, which (with limited exceptions) only expands the definition of "Drugs at Issue" to include products added to the MDL after September 2019.  Plaintiffs, however, have known or should have known about all of those products months before they served this discovery.  This is likely true even with respect to those products added to the MDL through the State Plaintiffs' June 2020 complaint.  The State Plaintiffs represented to the Court that they would be filing that complaint more than six months before it was filed, and they surely knew many (if not all) of the products that would be added to the MDL.  Yet Plaintiffs continued to negotiate with Defendants and otherwise engage in document discovery without regard to any of the post-September 2019 products.  Moreover, given that Plaintiffs have proposed a fact discovery period ending in the spring of 2022, there is every reason to believe that Defendants will have produced documents responsive to the July 2020 RFPs in time for any such documents to be incorporated into fact depositions.

Dated:  September 9, 2020

Respectfully submitted,

/s/ Sheron Korpus
Sheron Korpus
Seth A. Moskowitz
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com
smoskowitz@kasowitz.com

Counsel for Actavis Holdco U.S., Inc. and
Actavis Pharma, Inc.


/s/ Steven A. Reed
Steven A. Reed
R. Brendan Fee
Melina R. DiMattio
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile:  +1.215.963.5001
steven.reed@morganlewis.com
brendan.fee@morganlewis.com
melina.dimattio@morganlewis.com

Wendy West Feinstein
One Oxford Centre
Thirty-Second Floor
Pittsburgh, PA 15219-6401
Telephone: +1.412.560.7455
Facsimile:  +1.412.560.7001
wendy.feinstein@morganlewis.com

Counsel for Glenmark Pharmaceuticals Inc.,
USA

/s/ James W. Matthews
James W. Matthews
Katy E. Koski
John F. Nagle
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, Massachusetts 02199
Tel:  (617) 342-4000
Fax:  (617) 342-4001
jmatthews@foley.com
kkoski@foley.com
jnagle@foley.com

James T. McKeown
Elizabeth A. N. Haas
Kate E. Gehl
**FOLEY & LARDNER LLP**
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Tel:  (414) 271-2400
Fax:  (414) 297-4900
jmckeown@foley.com
ehaas@foley.com
kgehl@foley.com

Steven F. Cherry
April N. Williams
Claire Bergeron
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
april.williams@wilmerhale.com
claire.bergeron@wilmerhale.com

Terry M. Henry
Melanie S. Carter
**BLANK ROME LLP**
One Logan Square
130 North 18th Street
Philadelphia, PA  19103
Tel: (215) 569-5644
Fax: (215) 832-5644

*Counsel for Apotex Corp.*

 /s/ Gerald E. Arth
Gerald E. Arth
Ryan T. Becker
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel.: (215) 299-2000
Fax: (215) 299-2150
garth@foxrothschild.com
rbecker@foxrothschild.com

George G. Gordon
Stephen D. Brown
Julia Chapman
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104-2808
Tel.: (215) 994-2382
Fax: (215) 655-2240
george.gordon@dechert.com
stephen.brown@dechert.com
julia.chapman@dechert.com

*Counsel for Lannett Company, Inc.*

/s/ John E. Schmidtlein
John E. Schmidtlein
Sarah F. Kirkpatrick
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: (202) 434-5000
Fax: (202) 434-5029
jschmidtlein@wc.com
skirkpatrick@wc.com

*Attorneys for Par Pharmaceutical, Inc.*

/s/ Jason R. Parish
Jason R. Parish
Martin J. Amundson
**BUCHANAN INGERSOLL & ROONEY PC**
1700 K Street, NW
Washington, D.C. 20006
Telephone: (202) 452-7900
jason.parish@bipc.com
martin.amundson@bipc.com

Bradley Kitlowski
**BUCHANAN INGERSOLL & ROONEY PC**
Union Trust Building
501 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 562-8800
bradley.kitlowski@bipc.com

*Counsel for Zydus Pharmaceuticals (USA) Inc.*

/s/ Saul P. Morgenstern

Saul P. Morgenstern
Margaret A. Rogers
**ARNOLD & PORTER**
 **KAYE SCHOLER LLP**
250 W. 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
saul.morgenstern@arnoldporter.com
margaret.rogers@arnoldporter.com

Laura S. Shores
**ARNOLD & PORTER**
 **KAYE SCHOLER LLP**
601 Massachusetts Avenue
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
laura.shores@arnoldporter.com

*Counsel for Sandoz Inc. and Fougera
Pharmaceuticals Inc.*

/s/ Stacey Anne Mahoney

Stacey Anne Mahoney
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Telephone:  (212) 309-6000
Facsimile:  (212) 309-6001
stacey.mahoney@morganlewis.com

*Counsel for Breckenridge Pharmaceutical,
Inc.*

/s/ Chul Pak

Chul Pak
**WILSON SONSINI GOODRICH &
ROSATI, PC**
1301 Avenue of the Americas 40th Floor
New York, New York 10019
Tel: (212) 497-7726
Fax: (212) 999-5899
cpak@wsgr.com

Seth C. Silber
Jeffrey C. Bank
**WILSON SONSINI GOODRICH &
ROSATI, PC**
1700 K Street, NW Fifth Floor
Washington, DC 20006
Tel: (202) 973-8824
Fax: (202) 973-8899
ssilber@wsgr.com
jbank@wsgr.com

Adam K. Levin
Benjamin F. Holt
Justin W. Bernick
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
adam.levin@hoganlovells.com
benjamin.holt@hoganlovells.com
justin.bernick@hoganlovells.com

*Counsel for Mylan Inc., Mylan
Pharmaceuticals, Inc., UDL Laboratories,
Inc., and Mylan N.V*

/s/ Erik T. Koons
John M. Taladay
Erik T. Koons
Stacy L. Turner
Christopher P. Wilson
**BAKER BOTTS LLP**
700 K Street NW
Washington, DC 20001
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
john.taladay@bakerbotts.com
erik.koons@bakerbotts.com
stacy.turner@bakerbotts.com
christopher.wilson@bakerbotts.com

Lauri A. Kavulich
Ann E. Lemmo
**CLARK HILL PLC**
2001 Market St, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8500
Facsimile: (215) 640-8501
lkavulich@clarkhill.com
alemmo@clarkhill.com

Lindsay S. Fouse
**CLARK HILL PLC**
301 Grant St, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Facsimile: (412) 394-2555
lfouse@clarkhill.com

*Counsel for Sun Pharmaceutical Industries, Inc., Mutual Pharmaceutical Company, Taro Pharmaceutical Industries, Ltd., and Taro Pharmaceuticals U.S.A., Inc.*

/s/ J. Gordon Cooney, Jr.
J. Gordon Cooney, Jr.
John J. Pease, III
Alison Tanchyk
William T. McEnroe
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
jgcooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com

Amanda B. Robinson
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
amanda.robinson@morganlewis.com

*Counsel for Teva Pharmaceuticals USA, Inc. and Pliva*

/s/ Leiv Blad
Leiv Blad
Zarema Jaramillo
Meg Slachetka
**LOWENSTEIN SANDLER LLP**
2200 Pennsylvania Avenue
Washington, DC 20037
Tel.: (202) 753-3800
Fax: (202) 753-3838
lblad@lowenstein.com
zjaramillo@lowenstein.com
mslachetka@lowenstein.com

*Attorneys for Lupin Pharmaceuticals, Inc.*

/s/ Raymond A. Jacobsen, Jr.
Raymond A. Jacobsen, Jr.
Paul M. Thompson
Lisa A. Peterson
**MCDERMOTT WILL & EMERY LLP**
500 N. Capitol St., NW
Washington, D.C. 20001
202-756-8000
rayjacobsen@mwe.com
pthompson@mwe.com
lpeterson@mwe.com

Nicole L. Castle
**MCDERMOTT WILL & EMERY LLP**
340 Madison Ave.
New York, NY 10173
212-547-5400
ncastle@mwe.com

*Counsel for Amneal Pharmaceuticals, Inc.*
*and Amneal Pharmaceuticals LLC, and*
*Impax Laboratories, Inc.*

/s/ Ilana H. Eisenstein
Ilana H. Eisenstein
Ben C. Fabens-Lassen
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Tel: (215) 656-3300
Fax: (215) 656-3301
ilana.eisenstein@dlapiper.com
ben.fabens-lassen@dlapiper.com

Edward S. Scheideman
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, D.C. 20004
Tel: (202) 799-4000
Fax: (202) 799-5000
edward.scheideman@dlapiper.com

*Counsel for Pfizer Inc. and*
*Greenstone, LLC.*

/s/ Robin D. Adelstein
Robin D. Adelstein
Mark A. Robertson
Gerald A. Stein
**NORTON ROSE FULBRIGHT US LLP**
1301 Avenue of the Americas
New York, New York 10019
Tel.: (212) 318-3000
Fax: (212) 808-3400
robin.adelstein@nortonrosefulbright.com
mark.robertson@nortonrosefulbright.com
gerald.stein@nortonrosefulbright.com

*Counsel for Valeant Pharmaceuticals North*
*America LLC,*
*Valeant Pharmaceuticals International*
*and Oceanside Pharmaceuticals, Inc.*

/s/ Anthony C. Porcelli
Anthony C. Porcelli
**POLSINELLI PC**
150 North Riverside Plaza, Suite 3000
Chicago, IL 60606
Tel: (312) 819-1900
Fax: (312) 819-1910
aporcelli@polsinelli.com

Amy D. Fitts
**POLSINELLI PC**
900 w. 48TH Place, Suite 900
Kansas City, MO 64112
Tel: (816) 753-1000
Fax: (816) 222-0425
afitts@polsinelli.com

*Counsel for Akorn, Inc.,*
*Akorn Sales, Inc., and Hi-*
*Tech Pharmacal Co. Inc.*

/s/ Jay P. Lefkowitz
Jay P. Lefkowitz, P.C.
Devora W. Allon, P.C.
Alexia R. Brancato
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
(212) 909-3344
lefkowitz@kirkland.com
devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Counsel for Upsher-Smith Laboratories, L.L.C.*

/s/ William A. Escobar
William A. Escobar
Damon W. Suden
Clifford E. Katz
**KELLEY DRYE & WARREN LLP**
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897
wescobar@kelleydrye.com
dsuden@kelleydrye.com
ckatz@kelleydrye.com

*Counsel for Wockhardt USA LLC and Morton Grove Pharmaceuticals, Inc.*

/s/ J. Clayton Everett, Jr.
Scott A. Stempel
J. Clayton Everett, Jr.
Tracey F. Milich
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Phone: (202) 739-3000
Fax: (202) 739-3001
scott.stempel@morganlewis.com
clay.everett@morganlewis.com
tracey.milich@morganlewis.com

Harvey Bartle IV
Francis A. DeSimone
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000
Fax: (215) 963-5001
harvey.bartle@morganlewis.com
frank.desimone@morganlewis.com

*Counsel for Perrigo New York, Inc.*

/s/ L. Barrett Boss
L. Barrett Boss
Peter M. Ryan
S. Rebecca Brodey
Thomas J. Ingalls
**COZEN O'CONNOR P.C.**
1200 19th Street NW
Suite 300
Washington, DC 20036
(202) 912-4814
(866) 413-0172 (fax)
bboss@cozen.com
pryan@cozen.com
rbrodey@cozen.com
tingalls@cozen.com

*Attorneys for James Nesta*

*/s/ Larry Krantz*
Larry Krantz
**KRANTZ & BERMAN LLP**
747 Third Avenue
32nd Floor
New York, NY 10017
(212) 661-0009
(212) 355-5009 (fax)
lkrantz@krantzberman.com

*Attorney for James Brown*

*/s/ Amy B. Carver*
Amy B. Carver
**WELSH & RECKER, P.C.**
306 Walnut Street
Philadelphia, PA 19106
(215) 972-6430
abcarver@welshrecker.com

*Attorney for Tracy Sullivan Divalerio*

*/s/ Robert E. Connolly*
Robert E. Connolly
**LAW OFFICE OF ROBERT E. CONNOLLY**
301 N. Palm Canyon Drive
Suite 103, #214
Palm Springs, CA 92262
(215) 219-4408
bob@reconnollylaw.com

*Attorney for James Grauso*

*/s/ Jeffrey D. Smith*
Jeffrey D. Smith
Alice Bergen
**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LP**
Glenpointe Centre West
500 Frank W. Burr Boulevard
Suite 31
Teaneck, NJ 07666
(201) 907-5228
jsmisth@decotiislaw.com
abergen@decotiislaw.com

*Attorneys for Robin Hatosy*

*/s/ Alyssa C. Hughes*
Alyssa C. Hughes
Larry Mackey
Neal Brackett
Bradley Love
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204
(317) 261-7881
Alyssa.hughes@btlaw.com
Larry.mackey@btlaw.com
Neal.brackett@btlaw.com
Bradley.love@btlaw.com

*Attorneys for Nisha Patel*

*/s/ Thomas H. Lee, II*
Thomas H. Lee, II
Jeffrey J. Masters
Carla G. Graff
**DECHERT LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222
thomas.lee@dechert.com
jeffrey.masters@dechert.com
carla.graff@dechert.com

*Attorneys for David Rekenthaler*

/s/ Stephen A. Miller
Stephen A. Miller
David Reichenberg
Calli Jo Padilla
**COZEN O'CONNOR P.C.**
1650 Market Street
Suite 2800
Philadelphia, PA 19103
(215) 665-6938
(215) 253-6777 (fax)
samiller@cozen.com
dreichenberg@cozen.com
cpadilla@cozen.com


/s/ Henry E. Klingeman
Henry E. Klingeman
**KLINGEMAN CERIMELE**
60 Park Place
Suite 1100
Newark, NJ 07102
(973) 714-3474
henry@klingemanlaw.com


*Attorney for David Berthold*
*Attorneys for Richard Rogerson*


/s/ Thomas H. Suddath, Jr.
Thomas H. Suddath, Jr.
Anne Rollins
Michael Lowenstein
Thomas Reilly
**REED SMITH LLP**
Three Logan Square
1717 Arch Street
Philadelphia, PA 19103
(215) 851-8209
(215) 851-1420 (fax)
tsuddath@reedsmith.com
arollins@reedsmith.com
mlowenstein@reedsmith.com
treilly@reedsmith.com


*Attorneys for Maureen Cavanaugh*


/s/ James A. Backstrom
James A. Backstrom
**JAMES A. BACKSTROM,**
**COUNSELOR AT LAW**
1515 Market Street
Suite 1200
Philadelphia, PA 19102
(215) 864-7797
jabber@backstromlaw.com


*Attorney for Marc Falkin*


/s/ Robert E. Welsh, Jr.
Robert E. Welsh, Jr.
Alexandra Kitei
**WELSH & RECKER, P.C.**
303 Walnut Street
Philadelphia, PA 19106
(215) 972-6430
(215) 972-6436 (fax)
rewelsh@welshrecker.com
akitei@welshrecker.com


*Attorneys for Kevin Green*


/s/ Michael Gerard Considine
Michael Gerard Considine
Laura Elizabeth Miller
Shrey Sharma
**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, NY 10004
(212) 574-1334
considine@sewkis.com
millerl@sewkis.com
sharma@sewkis.com


*Attorneys for Jill Nailor*

/s/ David Schertler
David Schertler
Lisa Manning
**SCHERTLER & ONORATO, LLP**
901 New York Avenue
Suite 500
Washington, DC 20001
(202) 628-4199
lmanning@schertlerlaw.com

*Attorneys for Konstantin Ostaficiuk*

/s/ G. Robert Gage, Jr.
G. Robert Gage, Jr.
**GAGE SPENCER & FLEMING LLP**
410 Park Avenue
New York, NY 10022
(212) 768-4900
grgage@gagespencer.com

*Attorneys for Ara Aprahamian*

/s/ Wayne A. Mack
Wayne A. Mack
Sean P. McConnell
Sarah O'Laughlin Kulik
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1152
wamack@duanemorris.com
spmcconnell@duanemorris.com
sckulik@duanemorris.com

*Counsel for Aurobindo Pharma USA, Inc.*

/s/ Edward B. Schwartz
Edward B. Schwartz
Nicholas V. Albu
Andrew C. Bernasconi
**REED SMITH LLP**
1301 K Street NW
Suite 1000
Washington, DC 20005
Telephone: (202) 414-9200
eschwartz@reedsmith.com
nalbu@reedsmith.com
abernasconi@reedsmith.com

*Counsel for Heritage Pharmaceuticals, Inc.*

/s/ Brian J. Smith
Michael Martinez
Steven Kowal
Lauren Norris Donahue
Brian J. Smith
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.donahue@klgates.com
brian.j.smith@klgates.com

*Counsel for Mayne Pharma Inc.*

/s/ Jan P. Levine
Jan P. Levine
Robin P. Sumner
Michael J. Hartman
**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4000
jan.levine@troutman.com
robin.sumner@troutman.com
michael.hartman@troutman.com

*Counsel for Defendant West-Ward
Pharmaceuticals Corp. (n/k/a Hikma
Pharmaceuticals USA, Inc.)*

/s/ Brian T. Feeney
Brian T. Feeney
**GREENBERG TRAURIG, LLP**
1717 ARCH ST.
Suite 400
Philadelphia, PA 19103
(215) 988-7812
feeneyb@gtlaw.com
serotaj@gtlaw.com

Roger B. Kaplan
**GREENBERG TRAURIG, LLP**
500 Campus Drive
Suite 400
Florham Park, NJ 07932
(973) 360-7957
kaplanr@gtlaw.com

James Ian Serota
**GREENBERG TRAURIG, LLP**
200 Park Avenue
Metlife Building
New York, NY 10166
(212) 801-2277
serotaj@gtlaw.com

*Attorneys for Defendant Dr. Reddy's
Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

I, Chul Pak, hereby certify that on September 9, 2020 I caused a true and correct copy of the foregoing document to be served upon the parties of record via CM/ECF.


*/s/ Chul Pak*
Chul Pak

*Counsel for Mylan Inc.,*
*Mylan Pharmaceuticals, Inc., UDL*
*Laboratories, Inc., and Mylan N.V*