# Exhibit C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE: AVAULTA PELVIC SUPPORT SYSTEMS
PRODUCTS LIABILITY LITIGATION

MDL NO. 2187

------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

### PRETRIAL ORDER # 8

(Proposed Discovery, Scheduling, and Case Management Order -Initial Discovery Group)

Having heard the comments and considered the proposals of the parties presented to this Court relative to case management, the Court **ORDERS**:

1.  1.  <u>Pleadings</u>.

    a.  *Answers*.  With respect to any complaint filed prior to the entry of Pretrial Order #6 to which a Defendant has not yet answered or otherwise responded, such Defendant shall answer or otherwise respond to such complaint pursuant to the Federal Rules of Civil Procedure by July 29, 2011.  With respect to any complaint filed between the entry of Pretrial Order #6 and this Pretrial Order, Defendants shall answer or otherwise respond to any such complaint pursuant to the Federal Rules of Civil Procedure by August 31, 2011.  For any complaint filed after the date of entry of this Pretrial Order, Defendants shall answer or otherwise respond to such complaint as provided by the Federal Rules of Civil Procedure.

    b.  *Amendments and joinder*.  Except as may be further ordered by the Court, all motions for leave to amend a complaint or to join additional parties shall be filed by Plaintiffs no later than sixty (60) days after the Court's selection of such case to be within a "Discovery Group."

2.	General discovery rules.

a.	*Applicability of rules.*  Except as otherwise provided in this Order, the Federal Rules of Civil Procedure and the Local Rules of this Court shall apply in MDL 2187.

b.	*Rule 26(a)(1) initial disclosures.*  The parties are relieved from any duty to provide initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in any action that is, upon the date of entry of this Pretrial, a part of MDL 2187 or which thereafter becomes a part of MDL 2187.

3.	Selection of Cases for Individual Discovery

a.	To efficiently manage discovery for all currently pending and future cases in MDL 2187, the cases will be divided into groups for individual discovery, with each group having a separate scheduling order.  The plaintiff pool from which the initial groups of cases will be selected has been determined by the Court to include all cases pending in MDL 2187 as of the date of entry of PRETRIAL ORDER #6 (April 25, 2011).

b.	Plaintiffs shall provide completed Plaintiff Fact Sheets and Defendants shall provide completed Defendants Fact Sheets as set forth in PTO # 9 for all plaintiffs in the initial pool.  The parties, through their agreed upon records vendor, shall commence immediately with obtaining records relating to the plaintiff pool.  Based on current information, Plaintiffs anticipate being able to provide completed PFS for the plaintiff pool identified by the Court in PTO #6 beginning on May 31, 2011 and continuing on a rolling basis until complete, by August 15, 2011.  Based on this proposed timeframe, Defendants anticipate being able to provide all DFS for that same plaintiff pool by September 30, 2011.  Defendants shall provide completed DFS on a rolling basis in relation to when the Defendants received a completed PFS on an individual case.  At this time, the parties cannot accurately estimate how long it will require

them, with the assistance of their records vendor, to obtain and review relevant records on each plaintiff in the plaintiff pool. This uncertainty makes it difficult for the parties to estimate a date by which they can select the initial Discovery Group of plaintiffs. The parties currently anticipate having adequate medical records on the initial pool by October 15, 2011 from which they can make their respective selection of initial cases for further fact discovery. The parties therefore will report to the Court at the regularly scheduled conferences in MDL 2187 on their progress and a proposed date for the Plaintiffs to select eight (8) cases and the Defendants to select eight cases for further fact discovery, as set forth in paragraph 3 (c).

   c. At a time directed by the Court, after completion of the necessary review of medical records for all plaintiffs in the pool, the parties shall meet and confer to exchange lists of proposed cases for individual discovery, with each side proposing eight (8) cases. At a time directed by the Court, the parties shall submit to the Court, outside of the ECF system, their proposed lists and an Opening Memorandum in support of their selections and in opposition to the opposing party's selections. Within five days of such submission, the parties may submit a response to the opposing party's Opening Memorandum regarding selection of cases. The parties propose that the Court shall then select a total of no more than ten (10) of the sixteen (16) cases proposed by the parties to constitute "Discovery Group 1."

   d. At the first hearing after the Court has selected "Discovery Group One," the parties and the Court will determine a schedule to select the next "discovery group" and set the discovery schedule.

   e. *Discovery initiation date*. Each Discovery Group will have a Discovery Initiation Date ("DID") commencing five days after the Court's selection of that group.

    f.  *Scheduling orders.* Each Discovery Group will have its own scheduling order based upon its DID that will be determined at the time the "Discovery Group" is selected.

  4.  <u>Discovery and Pretrial Schedule as to Discovery Group I</u>.

    a.  After the conclusion of discovery for Discovery Group 1, referenced in paragraph 3(d) above, and at a time directed by the Court, the Court shall hear from the parties regarding their recommendations for selection of cases from "Discovery Group 1" for trial. The parties shall exchange lists with their proposed manner, selection of plaintiffs and order of trials. Each side shall then submit to the Court, outside of the ECF system, a memorandum in support of their proposed manner of trial, selection of plaintiffs for trial, and order of cases for trial. Within five days of such submission, the parties may submit a response to the opposing party's memorandum regarding cases for trial. If the Plaintiffs intend to seek consolidation of cases, they shall move for same and the Defendants shall have the opportunity to respond to such motion(s). The Court will rule on the manner, order of trial cases and proposed consolidation.

  5.  <u>Other Initial Discovery</u>

    a.  The following written discovery, served prior to the establishment of MDL 2187, has been designated as "Plaintiffs Master Written Discovery." Defendants shall provide written responses to the Master Discovery sets described in this paragraph by July 1, 2011. Defendants have begun production of hard copy and electronic documents, and have begun producing documents pursuant to the parties' agreed upon ESI search terms and will continue producing responsive documents on a rolling basis.

<u>*Cowan v. C. R. Bard, Inc., et al.,*</u> case no. 2:10-1213

- Plaintiffs' First Interrogatories to Defendant C. R. Bard, Inc.
- Plaintiffs' First Interrogatories to Defendant Covidien Inc. d/b/a Sofradim Production

- Plaintiffs' First Requests for Production of Documents and ESI to Defendant C. R. Bard, Inc.
- Plaintiffs' First Requests for Production of Documents and ESI to Defendant Covidien Inc. d/b/a Sofradim Production

*Dalman v. C. R. Bard, Inc.,* case no. 2:10-1225

- Plaintiffs' First Interrogatories to Defendant C. R. Bard, Inc.
- Plaintiffs' First Requests for Production of Documents and ESI to Defendant C. R. Bard, Inc.

*Everly v. C. R. Bard, Inc.,* case no. 2:10-1227

- Plaintiffs' First Interrogatories to Defendant C. R. Bard, Inc.
- Plaintiffs' First Requests for Production of Documents and ESI to Defendant

   b. *Discovery previously served.* All initial disclosures, interrogatories, requests for production and requests to admit made, and all documents produced in any case in MDL 2187 shall be applicable to the other MDL 2187 actions.

   c. *Additional Written Discovery Permitted.* Plaintiffs and Defendants may each serve up to two sets of Master Written Discovery for each product line by service on the opposing Liaison Counsel.  The Federal Rules of Civil Procedure shall apply, except that a party may serve up to 25 interrogatories, including subparts, in any Master Interrogatory Set.

   In addition to any Master Discovery, the parties may serve case-specific written discovery, if such discovery requests are not duplicative of requests in the Master Discovery. The Federal Rules of Civil Procedure shall apply, except that a party may serve up to 25 interrogatories, including subparts, in any case-specific set of interrogatories.

   The parties must seek leave of court before serving any additional Master Interrogatories or individual case interrogatories in addition to those allowed in this order.

d.  *Corporate Liability Discovery*.  To the extent otherwise permitted by law, Plaintiffs may serve notices for Fed. R. Civ. P. 30(b)(6) depositions or for depositions of identified company witnesses.  The Court and parties recognize the commencement of 30(b)(6) and other company witness depositions is dependent upon the timely receipt and analysis of ESI materials and other documents by the Plaintiffs which has been or will be requested of the Defendants.  The parties will work together to schedule these depositions on dates and at locations convenient to the witnesses, parties, and counsel.  Defendants reserve their rights to object to any such deposition, in whole or in part.

e.  *Number of depositions allowed.*  Any Federal Rule of Civil Procedure and/or Local Rule purporting to limit the number of depositions allowed shall not apply in the MDL 2187 proceeding.  The parties shall meet and confer regarding depositions to be scheduled, and make a good faith effort to determine the relevance and reasonableness of requested depositions before scheduling same.

f.  *Scheduling of depositions.*

(i)  Depositions may be scheduled and conducted in accordance with this Order.  Plaintiffs' and Defendants' Lead Counsel shall attempt to establish by mutual agreement a schedule for depositions in MDL 2187 that reflects a sequencing consistent with (a) the availability of documents from among those produced by the parties and third parties; (b) the objective of avoiding the need to subject any person to repeated depositions; (c) the need to preserve relevant testimony; (d) the schedule established by this Order, and (e) takes into consideration, within reason, the schedules of counsel for the parties and witnesses to be deposed.  As a general rule, no witness should be deposed on the

same subject more than once in this litigation. A party seeking to take a second deposition of a witness shall provide the opposing party its basis for an exception. Second depositions on new subject matter shall be permitted only upon consent of the parties or an order of this Court issued for good cause shown. If counsel are unable to resolve any disputes regarding the timing and scheduling of depositions after good faith efforts, they may present those disputes to the Court for resolution. For purposes of MDL 2187, any deposition taken in any case not a part of this MDL proceeding shall not be considered a first deposition.

        (ii)    Liaison Counsel shall be responsible for keeping counsel that they represent fully apprised of the scheduling of any depositions in MDL 2187.

    g.    *Location of depositions.*  Lead Counsel for the parties shall endeavor to schedule all depositions at locations within a reasonable proximity to the residence of the deponent, or at such other location as is agreed to by them and the deponent.

    h.    The Court expects the parties to propose to the Court further procedural rules for conducting of depositions in advance of the taking of depositions so that depositions will be conducted without unnecessary difficulties.

    i.    *Insurance*.  Within fifteen (**15**) days of this Order, Defendants shall provide the information concerning insurance set forth in Fed. R. Civ. P. 26(a)(1)(A)(iv) and shall list the names and addresses of all such insurance companies, the policy number(s), and the amount(s) of liability coverage provided in each policy. Defendants shall also provide a hard copy of each such policy.

The court **DIRECTS** the Clerk to file a copy of this order in 2-10-md-2187 and it shall apply to each member Avaulta-related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2-11-cv-00383.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

        ENTER: June 7, 2011

*[Signature: Joseph R. Goodwin]*
Joseph R. Goodwin, Chief Judge