# Exhibit D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>This Order Relates to:<br><br>ALL CASES. | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699<br><br>**PRETRIAL ORDER NO. 4: CONDUCT OF DISCOVERY** |

## I. SCOPE OF ORDER

1. <u>Order Applicable to All Cases in MDL Proceedings</u>.  This Order shall apply to all cases currently pending in MDL No. 1699 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings").  This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in the proceedings unless it explicitly states that it relates only to specific cases.  The limitations in this Order shall apply to all cases pending in the MDL proceedings, including both product liability and purchase actions and including cases involving Bextra®, Celebrex®, or both.  This Order shall apply to all discovery conducted by the Plaintiffs' Steering Committee ("PSC") on behalf of all Plaintiffs (including any committees or sub-committees specifically authorized by the PSC to conduct such discovery) and that conducted by Defendants in these

-1-

1  proceedings; neither Defendants nor individual Plaintiff's counsel nor any committees or sub-
2  committees created by the PSC shall be entitled to conduct additional non-case-specific discovery
3  in these proceedings other than as permitted by this Order or any subsequent order of this Court.

4  **II.     COORDINATION WITH OTHER LITIGATION**

5         2.      <u>Coordination to Extent Practicable</u>.  Plaintiffs and Defendants in this
6  litigation, and in particular the Plaintiffs' Liaison Counsel, PSC, Defendants' Liaison Counsel,
7  and all other counsel designated by the Court in prior or subsequent Pretrial Orders, shall work to
8  coordinate to the extent practicable the conduct of this litigation with other product liability or
9  marketing or sales practices actions involving Celebrex® and/or Bextra® pending in any State
10 Court.  Such coordination is intended to conserve scarce judicial resources, eliminate duplicative
11 discovery, serve the convenience of the parties and witnesses, and promote the just and efficient
12 conduct of this litigation.  It is contemplated by the Court and the parties that all discovery
13 conducted in these proceedings may be utilized in any related State Court action, in accordance
14 with that State's law and rules of evidence, and vice versa, subject to an appropriate cost-sharing
15 provision which will be the subject of a further order.  All discovery obtained in these
16 proceedings which is used in any State Court litigation is subject to this Order, any protective
17 order(s) entered by this Court, and such future cost-sharing orders as may be entered.

18        3.      <u>Intent to Coordinate with State Courts</u>.  In order to achieve the full benefits
19 of this MDL proceeding, this Court intends to coordinate with State Courts presiding over related
20 cases, to the extent that such State Courts so desire, such as through joint orders that will allow
21 the parties in the State Court actions to fully utilize any discovery conducted in the MDL
22 proceedings and vice versa.  As the Court indicated at the initial case management conference,
23 this Court intends to work actively to reach out to any State Court that is interested in
24 coordinating discovery activities.  The Court expects that counsel for parties in the MDL
25 proceeding will help ensure that such coordination is achieved wherever it is practicable.

26        4.      <u>Coordination by Plaintiffs' Counsel</u>.  All discovery directed against
27 Defendants and non-party witnesses on behalf of Plaintiffs shall be undertaken by, or under the
28 direction of, the PSC on behalf of all Plaintiffs with cases in these MDL proceedings.  Any

-2-

1  discovery not limited to a specific Plaintiff shall be signed by Plaintiffs' Liaison Counsel.  The
2  PSC shall, where practicable, coordinate its discovery requests with Plaintiffs' counsel in State
3  Court litigation to the extent practicable to eliminate duplicative discovery requests.
4           5.      <u>Coordination of Production of Documents</u>.  Defendants Pfizer Inc.,
5  Pharmacia & Upjohn Co., Pharmacia & Upjohn LLC, Pharmacia Corporation, and G.D. Searle
6  LLC (formerly known as G.D. Searle & Co.) (collectively, "the Pfizer Entities"), to the extent any
7  such Defendants are properly before this Court, shall produce a common set of documents to the
8  PSC for the use of Plaintiffs in these proceedings and in any related State Court which agrees to
9  their use.  The PSC shall make the documents produced by the Pfizer Entities available to
10 Plaintiffs in any State Court litigation, subject to an appropriate cost-sharing provision which will
11 be the subject of a further order.  This provision shall not preclude any party from asserting in any
12 action that such documents are inadmissible at trial, nor shall this provision be construed to
13 supersede or amend any State's law or State Court order pertaining to such documents.
14          6.      <u>Cross-Noticing of Depositions</u>.  Depositions of fact witnesses that are
15 noticed in these proceedings (other than fact witnesses whose testimony is only relevant in an
16 individual case) may be cross-noticed in any related State Court actions by Plaintiffs' Liaison
17 Counsel and/or Defendants' Liaison Counsel, or counsel in such State Court actions.  It is this
18 Court's intention that such cross-notices shall be designed to the extent practicable to avoid such
19 witnesses being deposed more than once.  Accordingly, any depositions taken in these
20 proceedings may be used in any State Court action, in accordance with that State's law and rules
21 of evidence.  Similarly, any deposition taken in any State Court action of such witnesses may be
22 cross-noticed in this action and may be used in these proceedings to the extent otherwise
23 permitted by or admissible under federal law and the Federal Rules of Evidence.  Once a
24 deposition has been noticed and taken in the MDL proceedings, then the Plaintiffs in the MDL
25 proceedings may not take a subsequent deposition of that witness, except for good cause shown
26 as determined by this Court or upon consent of the parties.  In such instances, the subsequent
27 deposition shall be restricted to such additional inquiry permitted by the Court or agreed upon by
28 the parties.

### III. PRODUCTION OF DOCUMENTS

7. *Preservation.* The parties shall maintain and preserve documents produced in response to requests for production of documents in the format in which they were collected so that they shall be available to all attorneys, on reasonable terms and conditions, and to the Court.

8. *Depository.* The PSC shall bear the cost of and administer its own depository. All documents produced by Defendants in this proceeding shall be produced to the PSC's designee. The PSC shall make the documents produced by Defendants available to Plaintiffs in State Court litigation, subject to an appropriate cost-sharing provision which will be the subject of a further order. This production shall not preclude any party from asserting in any action that such documents are inadmissible at trial, nor shall this provision be construed to supersede or amend any State's law or State Court order pertaining to such documents.

9. *Use of On-Line Document Depositories.* Counsel shall take all reasonable and necessary steps to assure the security of any confidential information produced pursuant to the Protective Order issued by this Court and will limit access to confidential information to those persons covered by the Protective Order. In particular, if counsel for any party makes documents available via the Internet, such counsel shall take all reasonable and necessary steps to ensure that the Internet site is secure and may not be accessed by individuals who are not authorized to review confidential information. Upon request by any party supplying confidential information, any party using an Internet site must certify to the Court and the supplying party that the Internet site is secure and may only be accessed pursuant to the Protective Order entered by this Court.

10. *Format of Production by Pfizer Entities.* The parties shall meet and confer regarding the form of production of documents by the Pfizer Entities.

11. *Sequence of Production by Pfizer Entities.* The Pfizer Entities shall produce documents on a rolling basis beginning in February 2006. The sequence in which the documents are produced need not conform to the requirements of Federal Rule of Civil Procedure 34(b). The PSC and counsel for the Pfizer Entities shall meet and confer in an effort to reach agreement as to the schedule for production.

/////

1    12. <u>Page Numbering</u>.  All documents produced during discovery shall have their pages numbered sequentially by the party producing the documents.  The Pfizer Entities' documents shall bear bates numbers that identify the individual from whom the document was collected, or, where the document was collected from files maintained other than by an individual, with some other bates number that identifies the file from which the document was collected.  (For example, documents collected from the files of an employee named John Smith could be labeled "SMITH J 000001.")  Plaintiffs' Liaison Counsel shall meet and confer with Defendants' Liaison Counsel regarding the production of any documents by Plaintiffs, by other non-Pfizer parties, or by non-parties in response to subpoenas or authorizations to identify an appropriate page numbering system prior to the production of any such documents.

13. <u>Assertion of Privilege in Response to Production Requests</u>.  Any party that withholds the production of requested documents or materials, regardless of the manner in which they are kept or maintained, on the ground of any privilege or application of the work-product doctrine must specify in writing, as to each document or thing not produced, the specific privilege(s) or doctrine(s) it is relying upon to withhold each document ("Privilege Log").  Each Privilege Log shall describe each document or thing for which a privilege or the work product doctrine is asserted in sufficient detail to reasonably permit the party seeking discovery to assess whether or not to dispute any such assertion of privilege or application of the work product doctrine.  This will include but is not limited to information regarding the document's subject, date, author, and all recipients, the authors' and recipients' titles, the specific privilege asserted, and the factual basis for the privilege.  Each party withholding materials shall provide opposing Liaison Counsel a copy of the party's Privilege Log in electronic form contemporaneously with each production whenever possible, and within twenty-one (21) days absent agreement of the parties.

14. <u>Inadvertent Production</u>.  No party that inadvertently produces or discloses a document or information shall be deemed to have waived any privileges or work product protections that would otherwise apply to such documents or information.  The parties shall meet

/////

1  and confer to establish a protocol for addressing the inadvertent production of privileged
2  materials, to the extent such protocol is not addressed in the protective order in this litigation.

3     15. <u>Completion of Production by Pfizer Entities</u>.  Liaison Counsel shall meet
4  and confer regarding the extent to which, if at all, the Pfizer Entities will be obligated to conduct
5  any ongoing collection and production of the Pfizer Entities' documents.  Any such ongoing
6  collection and production shall be the subject of agreement by Liaison Counsel or by further order
7  of this Court.

8     16. <u>Production of Documents in Advance of Deposition</u>.  Absent agreement of
9  the parties or an order of this Court, any deposition notice or subpoena that requests the
10 production of documents in connection with the deposition shall be served no less than thirty days
11 in advance of the deposition.  Absent agreement of the parties or an order of this Court, the Pfizer
12 Entities shall produce all responsive, non-privileged documents in their possession, custody, and
13 control that the Pfizer Entities collected from the deponent's files not less than ten days before the
14 date of any deposition so noticed.

15    17. <u>Production to Parties Other than Plaintiffs</u>.  The Pfizer Entities shall make
16 documents they produce under this Order available to parties other than Plaintiffs (such as
17 treating physician defendants) in the same manner and on the same terms as such documents are
18 made available to Plaintiffs.

19 **IV. <u>WRITTEN DISCOVERY</u>**

20    18. <u>Waiver of Initial Disclosures</u>.  In light of the discovery plan set forth
21 herein, the parties in all cases in this proceeding are relieved from complying with the
22 requirements of Federal Rule of Civil Procedure 26(a).

23    19. <u>Master Written Discovery by Pfizer Entities</u>.  In addition to the Plaintiff
24 Fact Sheets that are the subject of Pretrial Order No. 5, the Pfizer Entities may serve a Master Set
25 of Requests for Production (not to exceed fifty requests), a Master Set of Interrogatories (not to
26 exceed twenty-five interrogatories, including all discrete subparts), and Set(s) of Requests for
27 Admission on each individual Plaintiff once a trial date has been set for that Plaintiff or that
28 Plaintiff is included within a trial pool, which shall be selected in a manner to be discussed

1  between the parties and which shall be the subject of a further order.  Plaintiffs shall serve written
2  responses, objections, and/or documents within thirty (30) days after receipt of such discovery
3  requests.

4        20.    <u>Master Written Discovery by Plaintiffs</u>.  In addition to the Defendant Fact
5  Sheets that are the subject of Pretrial Order No. 5, the PSC may serve Master Set(s) of Requests
6  for Production, Master Set(s) of Interrogatories (not to exceed fifty interrogatories, including all
7  discrete subparts, unless good cause is shown), and Set(s) of Requests for Admission on the
8  Pfizer Entities collectively (*i.e.*, the PSC may not serve master discovery on each Pfizer entity
9  individually).  No requests for production, interrogatories, or requests for admission may be
10 propounded on any Pfizer Entity other than the master discovery propounded by the PSC.

11       21.    <u>Discovery Involving Non-Pfizer Defendants</u>.  This Order shall not apply to
12 Defendants other than the Pfizer Entities or the Entities' current or former employees.  Discovery
13 to be conducted by and against non-Pfizer Defendants shall be the subject of a further order by
14 this Court.

15 **V.**    **NOTICES OF DEPOSITIONS OF PFIZER ENTITIES' COMMON FACT**
16       **WITNESSES**

17       22.    <u>Scope of Section</u>.  This section shall apply to the notices of depositions of
18 any witnesses currently or formerly affiliated with the Pfizer Entities.  Notices of the depositions
19 of expert witnesses or case-specific fact witnesses relating to individual Plaintiffs (e.g., health
20 care providers, individual Plaintiffs, or Pfizer sales representatives or other case-specific
21 witnesses) shall be the subject of a further Order of this Court.

22       23.    <u>Avoidance of Duplicative Depositions</u>.  As a general rule, absent good
23 cause or the agreement of the parties, no witness should be deposed on the same subject more
24 than once in these proceedings.  Defendants' Liaison Counsel shall advise the PSC of all
25 depositions that have been taken by Plaintiffs in other litigation related to Bextra® and
26 Celebrex® and shall provide the transcripts of such depositions to the PSC.

27       24.    <u>Timely Completion of Discovery of Witnesses Currently or Formerly</u>
28 <u>Affiliated With Pfizer Entities</u>.  All depositions of common fact witnesses currently or formerly

-7-

1  affiliated with the Pfizer Entities (*i.e.*, with the exception of witnesses or testimony relevant only
2  to individual cases), should be completed at least sixty (60) days in advance of the first trial date
3  set in these proceedings.  The parties recognize that the first trial date may be postponed if such
4  discovery is not completed by that deadline.  Any depositions of witnesses currently or formerly
5  affiliated with the Pfizer Entities that the PSC wishes to conduct after that deadline may only be
6  taken upon good cause shown or agreement of Liaison Counsel.  To ensure that discovery is
7  completed in a timely fashion, the parties shall report to the Court regarding the status of
8  discovery at regularly-scheduled status conferences and, if necessary, at other times ordered by
9  the Court.
10         25.     Scheduling.
11                 a.      Number of Depositions.  No more than five depositions of common
12  fact witnesses currently or formerly employed by any of the Pfizer Entities shall be taken per
13  month, absent agreement of Liaison Counsel.  Such limitation shall include any depositions
14  conducted pursuant to Federal Rule of Civil Procedure 30(b)(6).
15                 b.      Parties to Meet and Confer on Scheduling.  Absent extraordinary
16  circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in
17  an effort to schedule depositions at mutually convenient times and places.  Depositions shall be
18  scheduled by agreement of the parties based upon the availability of documents relevant to the
19  specific witness and the availability of the witness and counsel.  Depositions of individually-
20  noticed witnesses currently or formerly affiliated with the Pfizer Entities may commence in April
21  2006.  Notices of depositions to be conducted pursuant to Federal Rule of Civil Procedure
22  30(b)(6) may be served as of the entry of this Order.  The parties shall work cooperatively to
23  ensure a fair and orderly process for the scheduling of depositions.
24                 c.      Length.  All depositions of witnesses currently or formerly
25  affiliated with the Pfizer Entities will be limited to two seven-hour days, except for good cause
26  shown or agreement of the parties.  Questioning by Pfizer and off the record time shall not count
27  against this limit.  Sufficient time shall be reserved for all counsel designated pursuant to
28  paragraph 30 of this Order to conduct examinations; no designated counsel shall be denied

-8-

1  arbitrarily the opportunity to examine.  Counsel designated pursuant to paragraph 30 of this Order
2  need not cross-notice any deposition to be entitled to examination time.
3         d.   <u>Postponements</u>.  Once a deposition has been mutually scheduled by
4  Liaison Counsel, it shall not be taken off the calendar, rescheduled, or relocated less than three
5  calendar days in advance of the date it is scheduled to occur, except upon agreement between the
6  examiner designated by the party noticing the deposition and Liaison Counsel for the opposing
7  party and counsel for the witness, or by leave of Court for good cause.
8       26.   <u>Location</u>.  All depositions of persons currently or formerly employed by
9  the Pfizer Entities shall be taken in a place mutually agreed to by Liaison Counsel.  All
10 depositions of other witnesses shall be taken at such other locations as shall be agreed upon by the
11 witness and Liaison Counsel.
12      27.   <u>Videotaping</u>.  Any party may videotape any deposition provided that the
13 intention to do so is set forth in the deposition notice or cross-notice.
14 **VI.   CONDUCT OF DEPOSITIONS**
15      28.   <u>Scope of Section</u>.  This section shall apply to the depositions of any
16 witnesses currently or formerly affiliated with the Pfizer Entities.  Depositions of expert witnesses
17 or case-specific fact witnesses relating to individual Plaintiffs (e.g., health care providers or
18 individual Plaintiffs) shall be the subject of a further Order of this Court.
19      29.   <u>Attendance at Depositions</u>.
20        a.   <u>Who May Attend</u>.  Unless otherwise agreed to by the parties,
21 depositions may be attended only by the parties, the parties' counsel, the deponent, the deponent's
22 attorney, in-house counsel for the parties, representatives of the parties' insurers, court reporters,
23 videographers, and members and/or employees from the law firms of counsel of record.  Upon
24 application, and for good cause shown, the Court may permit attendance by a person who does
25 not fall within any of the categories set forth in the previous sentence.  Unnecessary attendance by
26 counsel is discouraged and may not be compensated in any fee application to the Court.
27        b.   <u>Treatment of Confidential Documents or Testimony</u>.  While a
28 deponent is being examined about any document that is confidential because (i) the parties have

-9-

1  so agreed, (ii) a party has designated the document to be confidential pursuant to the protective

2  order associated with this litigation, or (iii) the Court has so ordered, attendance at that portion of

3  the deposition by persons to whom disclosure is not authorized by agreement of the parties or by

4  order of the Court shall be prohibited.  Any portion of the deposition transcript containing

5  confidential information shall be sealed.  Sealed portions of deposition transcripts may be opened,

6  read and utilized for all purposes as permitted by the terms of the protective order entered in this

7  litigation or in any applicable protective order entered in any State Court action.

8          30.      Number of Examiners.  The PSC may designate up to two attorneys to

9  examine a deponent.  The Plaintiffs' attorney(s) designated to conduct the examination will

10  coordinate with other Plaintiffs' counsel (including those pursuing cases in State Court as well as

11  those participating in the MDL proceeding) so as to conduct as thorough and non-duplicative an

12  examination as is practicable.  Any Plaintiffs' counsel in any related federal or state action may

13  suggest matters for inquiry in any deposition noticed in these actions by providing to the PSC or

14  its designee(s) a written list and brief explanation of such matters.  Defendants' Liaison Counsel

15  may select up to two attorneys to examine a deponent, one of whom shall be counsel for a

16  physician or other health care provider Defendant (unless no such counsel wishes to be so

17  designated).  The examiner(s) for each side shall endeavor to avoid duplicative questions.

18  Counsel for the noticing party shall give opposing counsel notice of the identity of the

19  examiner(s) at the beginning of each deposition.

20          31.      Sequence of Examination.  Questioning at the depositions will be

21  conducted in the following sequence:  (1) the examiner(s) designated by the Liaison Counsel

22  noticing the deposition, in the order designated by Liaison Counsel; (2) the examiner(s)

23  designated by the opposing Liaison Counsel, in the order designated by Liaison Counsel;

24  (3) individual counsel for the deponent, if any; and (4) any re-cross and/or redirect by such

25  counsel, in the same order.

26          32.      Objections.

27          a.      How Objections Made.  Objections shall be made only by counsel

28  designated pursuant to paragraph 30 of this Order, plus individual counsel for the deponent (if

1  any), and shall be made by stating, "Objection" and the basis for the objection in a concise
2  manner.  An objection by one party preserves the objection for and inures to the benefit of all
3  parties.  No objection shall be expressed in language that suggests an answer to the deponent.
4  Counsel shall refrain from engaging in colloquy during depositions.

5           b.    <u>Bases for Objections</u>.  No objection shall be made during the taking
6  of a deposition except to assert the following grounds:  (1) the form of a question; (2) a privilege;
7  (3) a right to confidentiality; (4) a limitation imposed pursuant to a previously entered court order;
8  or (5) a question is argumentative, harassing or abusive.  In connection with an objection to the
9  form of the question, the examiner may inquire as to the grounds for the objection in order to
10 allow the interrogator to amend the question.

11          c.    <u>Objections Preserved</u>.  All objections, except as to the form of the
12 question, the responsiveness of an answer, or the assertion of a privilege shall be preserved for
13 later ruling by the court(s) in which the deposition testimony is offered and may be asserted at the
14 time the deposition testimony is proffered at trial.  Objections as to the admissibility of
15 documents introduced during a deposition are not waived by failure to raise the objection during
16 the deposition, but rather are preserved for later ruling by the Court or by the trial judge.

17          d.    <u>No Objection to Evidentiary Form of Question or Scope of Legal
18 Theory</u>.  In the event Plaintiffs seek to use at any trial the deposition testimony of any witness
19 offering an opinion, Defendants agree not to raise at such deposition or trial the objection that the
20 deposition questions asked or the answers given regarding such expert opinion do not conform to
21 the evidentiary form typically required by the jurisdiction whose law would control the case being
22 tried.  For example, if one jurisdiction requires an opinion to be expressed to a "reasonable degree
23 of certainty," the Defendants shall not object to an opinion given to a "reasonable degree of
24 probability."  Further, Defendants agree not to object to the form of the question posed at a
25 deposition or instruct a witness not to answer on the grounds it seeks testimony in support of a
26 particular legal theory (e.g., negligence or strict liability) that is not being prosecuted in all of the
27 cases for which the deposition is being taken.  Defendants, however, reserve the right to seek to
28 exclude any particular deposition testimony at the trial of any individual case on the grounds that

-11-

such testimony is not relevant to the allegations of that case. Further, the parties do not waive any objection or argument they might have that answers given by a witness are legally insufficient, without factual basis, or otherwise fail to meet applicable substantive or evidentiary standards.

33. <u>Consultation with Witness</u>. A witness may consult with counsel during a deposition. When a question is pending, the witness must first answer the question before consulting with counsel, except that the witness and counsel may consult at any time for the purpose of determining whether a privilege exists or whether the information sought is subject to a protective order in place.

34. <u>Videotaped Depositions</u>.

a. <u>Right to Videotape Depositions</u>. Any party shall have the right to require that the deposition of any party or witness be recorded on videotape and shall provide written notice of same with the deposition notice or, where the party wishing to videotape did not notice the deposition, no later than five days before the date on which the deposition is scheduled to occur. All videotaped depositions shall be accompanied by a simultaneous audio tape and stenographic transcript.

b. <u>Equipment and Techniques</u>. The parties shall meet and confer regarding the equipment and techniques to be used to videotape depositions. Provisions relating to such equipment and techniques shall the subject of a further Order by this Court and shall be issued prior to any depositions.

c. <u>Videography Technicians.</u> The party giving notice that the deposition will be videotaped shall assure that all video technicians who record the deposition possess the skills, experience and equipment necessary to understand and comply with this Order and any further Order relating to the equipment and techniques to be used. Counsel for that party shall provide a copy of this Order and any further Order to the video technicians prior to the deposition.

d. <u>Deposition Officer's Services Must Be Offered Equally</u>. Services and products offered or provided by the deposition officer or the entity providing the services of the deposition officer to any party or to any party's attorney or non-party who is financing all or

-12-

1  part of the deposition shall be offered or provided to all parties or their attorneys attending the
2  deposition.  No service or product may be offered or provided by the deposition officer or by the
3  entity providing the services of the deposition officer to any party or any party's attorney or non-
4  party who is financing all or part of the deposition unless the service or product is offered or
5  provided to all parties or their attorneys attending the deposition.  All services and products
6  offered or provided shall be made available at the same time and on the same terms to all parties
7  or their attorneys.

                    e.    <u>Deposition Officer Shall Not Comment on Demeanor</u>.  The
9  deposition officer and the organization providing the video and audio services shall not provide to
10  any party or any other person or entity any service or product consisting of their notations or
11  comments regarding the demeanor of any witness, attorney, or party present at the deposition.
12  The deposition officer and the organization providing the video and audio services shall not
13  collect any personal identifying information about the witness as a service or product to be
14  provided to any party or non-party.

                    f.    <u>No Distortion</u>.  The camera operators shall not distort the
16  appearance or the demeanor of participants in the deposition by the use of camera or sound
17  recording techniques.

                    g.    <u>Oath and Identification of Attendees</u>.  The oath shall be
19  administered to the deponent on camera and on the audio recording.

                    h.    <u>Conclusion of Deposition</u>.  At the conclusion of a deposition, a
21  statement shall be made on camera or on the audio recording that the deposition is ended where
22  agreed to by the parties and shall set forth any stipulations made by counsel concerning the
23  custody of the audio or video recording and the exhibits, or concerning other pertinent matters.

                    i.    <u>Preservation of Videotapes</u>.  The video operator shall preserve
25  custody of the original video medium in its original condition until further order of the Court.  No
26  part of the video or audio record of a video deposition shall be released or made available to any
27  member of the public unless authorized by the Court.
28  /////

-13-

1         35. <u>Use of Exhibits</u>.

2             a. <u>Provision of Hard Copies of Exhibits at Deposition</u>.  Extra hard
3 copies of documents about which counsel examines the deponent shall be provided to counsel for
4 the deponent and counsel for the other party participants reasonably expected to attend during the
5 course of the deposition.  To the extent possible, all exhibits shall have printed bates numbers
6 affixed.

7             b. <u>Marking of Deposition Exhibits</u>.  All exhibits will be marked for
8 identification by using the deponent's last name and a sequential number beginning with 1 (e.g.,
9 Smith-1).  In addition, the exhibit shall be identified on the record by the bates number of the
10 document.  If a document is used in more than one deposition, it will be marked in each
11 deposition.  All documents marked as exhibits will be attached to the original transcript and will
12 be retained with the original transcript.  Copies of exhibits may be attached to copies of the
13 transcript where the party ordering the transcript pays for the costs of copying those exhibits.

14             c. <u>Exhibits without Bates Stamps</u>.  Deposition exhibits that have not
15 been previously produced in the litigation shall be assigned a bates stamp number from a range of
16 numbers reserved for this purpose.  The first time such a document is introduced as an exhibit at a
17 deposition, it shall be marked with the assigned bates stamp number and shall be placed in the
18 depository at the conclusion of the deposition.

19         36. <u>Time to Review Transcript</u>.  Each deponent has the right to read and sign
20 the deposition transcript within forty-five days after receipt of the transcript from the court
21 reporter.  This time period shall not be extended, absent good cause shown.  Should the deponent
22 fail to sign the transcript within forty-five days, all parties have the right to use a copy of the
23 transcript in any further proceedings as though the copy were the original transcript.  Should the
24 deponent fail to sign the errata sheet within forty-five days, the transcript will be deemed to have
25 been read and approved by the deponent.  In the event the original transcript is unsigned, lost, or
26 inadvertently destroyed, a certified copy reflecting any changes made to the original transcript
27 //
28 //

-14-

1   may be used in place of the original.

2   **IT IS SO ORDERED.**

3

4   Dated:  February 7, 2006                         /s/
                                      HONORABLE CHARLES R. BREYER
5                                     UNITED STATES DISTRICT JUDGE