# Exhibit F

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ AUG 18 2004 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re: ZYPREXA
PRODUCTS LIABILITY LITIGATION

MDL No. 1596

----------------------------------------------------------x

THIS DOCUMENT RELATES TO:

ALL ACTIONS

----------------------------------------------------------x

## CASE MANAGEMENT ORDER NO. 4

IT IS HEREBY ORDERED:

I.  **PRETRIAL CONSOLIDATION**

   A.  **Captions; Separate Filing**

   Orders, pleadings, motions, and other documents will bear a caption similar to that of this Order. If generally applicable to all consolidated actions, orders, pleadings, motions shall include in their caption the notation that they relate to "ALL ACTIONS" and be filed and docketed only in the master file. Documents intended to apply only to particular cases will indicate in their caption the individual case number(s) of the case(s) to which they apply, and extra copies shall be provided to the clerk if necessary to facilitate filing and docketing in both the master case file and the specified individual case files.

   B.  **Discovery Requests and Responses**

   Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion.



### C. Appearance of Counsel

Counsel who have appeared in the transferor district court before transfer need not enter a separate appearance in this court. No parties to any action will be required to obtain local counsel in this District, but are required to register with the Clerk for use of the Court's electronic filing system.

## II. ORGANIZATION OF DEFENDANTS' COUNSEL

### A. Lilly's Lead Counsel

Nina M. Gussack of Pepper Hamilton LLP, 3000 Two Logan Square, Philadelphia, PA, 19103-2799, is hereby designated Lead Counsel for defendant Eli Lilly and Company ("Lilly"). Ms. Gussack's e-mail address is gussackn@pepperlaw.com.

### B. Defendants' Liaison Counsel

Samuel J. Abate, Jr. of McCarter & English, 245 Park Avenue, New York, NY 10167, is hereby designated Liaison Counsel for the defendants. The Court may appoint additional liaison counsel for healthcare providers or other defendants in the future if it deems it necessary. Mr. Abate's e-mail address is sabate@mccarter.com.

## III. SERVICE OF ORIGINAL COMPLAINTS; MOTIONS AND OTHER DOCUMENTS

### A. Original Complaints

To eliminate disputes about service of process and to reduce the expense of such service, Lilly has agreed to waive service of process for claims filed in federal court that fall within the scope of the Zyprexa Products Liability Litigation, pursuant to the provisions of Federal Rule of Civil Procedure 4(d). The Notice required by Rule 4(d) shall be sent to Nina M. Gussack, Pepper Hamilton LLP. Plaintiffs shall have 30 days from the date of this Order or the

date of filing of any action, whichever is later, to provide notice of the original complaint. Lilly shall move, plead, or otherwise respond to any complaint so noticed within 45 days of the date of the transfer of the action to this Court by the Judicial Panel on Multidistrict Litigation, or, in the case of actions already transferred to this Court as of the date of this Order, within 45 days of receipt of the Notice required by Rule 4(d). Nothing in this provision shall prevent or exclude Plaintiffs' counsel from effectuating service of process on Lilly in accordance with Rule 4 of the Federal Rules of Civil Procedure, including specifically, Rules 4(c) and 4(m).

**B.** **Service of Motions and Other Documents**

The Plaintiffs' Steering Committee ("PSC") and any party filing with the Court a motion or other document relating to all actions shall provide one copy each to the Vice-Chair of the PSC Michael A. London (mlondon@dandl-law.com) and to Plaintiffs' Liaison Counsel Christopher A. Seeger (cseeger@seegerweiss.com) and one copy each to Defendants' Lead and Liaison Counsel by overnight mail or hand delivery. In addition, an electronic version of any document filed shall be provided at the time of service to counsel identified above by electronic mail. If any document contains a paper image of other documents, electronic images of such documents shall be served by electronic mail in PDF format, unless the volume of exhibits is so large that PDF format is impracticable, in which case the exhibits shall be served by overnight delivery. Service on Lead and Liaison Counsel constitutes service upon all counsel for the respective side. Liaison Counsel shall serve attorneys of record for its respective side via electronic mail, U.S. mail or overnight delivery.

## IV. TRANSFERRED CASES

### A. Orders Superseded

Any order entered in a transferor court is vacated to the extent it relates to scheduling or discovery, and scheduling and discovery shall be governed by this and subsequent Orders entered in MDL 1596.

### B. Motions

The Court will set a schedule for determination of any motions filed in a transferor court, on request by a party.

## V. STATUS CONFERENCES

### A. Regularly Scheduled Conferences

The Court will convene regular status conferences in this litigation, subject to the Court's calendar. The Court will notify Liaison Counsel of all status conferences and Liaison Counsel shall notify all other counsel. Except for emergencies, motions should not be brought for hearing at any time other than a regularly scheduled status conference. To be heard at a status conference, motions must be filed at least 21 days prior to the conference. Any opposition must be served 10 days prior, to the conference. Any reply brief must be served four days prior to the conference. No sur-replies shall be filed without leave of Court.

The PSC and Lead Counsel for Lilly shall (1) confer at least 10 days before each scheduled conference and attempt to resolve outstanding disputes; and (2) provide the Court at least 7 days prior to each conference a joint report, describing the conduct of the Litigation, and listing all motions and other matters the parties anticipate addressing at the conference. Parties should make every effort not to notice depositions for days on which status conferences are scheduled, and no deposition shall go forward on such days without prior leave of Court.

    **B.**    **Telephone Conferences**

Telephone conferences may be scheduled at the Court's discretion by prior arrangement through the Court's chambers, if all necessary parties are available and receive at least 24 hours' notice.

    **C.**    **Communication with the Court**

All communications with the Court should be through Lead or Liaison Counsel. If circumstances require direct correspondence with the Court by any individual counsel, copies shall be simultaneously served on Lead and Liaison Counsel. Any motion filed on behalf of one or more plaintiffs shall state whether the motion is approved by the PSC.

## VI. INITIAL DISCOVERY PLAN

    **A.**    **Summary**

The following is a summary of the initial schedule. The parties will submit a more specific plan on September 17, 2004.

| | |
|---|---|
| Commencement of production of information by Lilly (subject to entry of a Protective Order and an Order governing the method of production) | August 19, 2004 |
| Filing and service of an Amended Class Action Complaint | September 1, 2004 |
| Service of Plaintiffs' First Set of Document Requests | Lilly's objections/responses due August 9, 2004 |
| Service of Plaintiffs' First Set of Interrogatories | 15 days from entry of this Order. Defendants' objections/responses 45 days thereafter |
| Service of Completed Plaintiff's Fact Sheet | See VI.B. |
| Depositions of Plaintiffs | Starting October 1, 2004 |
| Depositions of Plaintiffs' Treating Physicians | See VI.H |

| | |
|---|---|
| Depositions of Current or Former Employees of Defendant Lilly............................................................ | Starting October 1, 2004 pursuant to Discovery Plan to be submitted September 17, 2004 |
| Expected conclusion of fact discovery | December 31, 2005 |

### B. Plaintiff's Fact Sheet

Each plaintiff shall have 45 days from the filing of his or her case, or its transfer to the MDL, to complete and serve a court-approved Fact Sheet and HIPAA-compliant authorizations. A case shall be deemed transferred to the MDL either: (a) on the date that the certified copy of the Conditional Transfer Order issued by the Judicial Panel on Multidistrict Litigation ("JPML") is entered in the docket of this Court, or (b) where transfer is contested, the date of transfer in any subsequent order from the JPML.

Each plaintiff whose case has already been filed in or transferred to this Court shall have 45 days from the date of approval of the Fact Sheet to complete and serve on defendants a completed Fact Sheet, and HIPAA-compliant authorizations.

Lilly will notify each new plaintiff of his/her obligation under this paragraph.

### C. Plaintiffs' First Set of Document Requests

Lilly will serve a response to Plaintiffs' First Set of Requests for Production of Documents on or before August 9, 2004.

### D. Production of Documents

The parties shall meet and confer on the form of the production of documents by all parties, and shall submit to the Court an agreed protocol for the production of documents or a report identifying the issues in dispute, as directed by Magistrate Judge Chrein. Lilly shall employ its best efforts to produce documents on a rolling basis.

E.  **Numbering System**

Counsel shall develop and use a system for identifying by a unique number or symbol each document produced or referred to during the course of this litigation. The parties will meet and confer regarding a schedule for the orderly production of different categories of documents and establish a prioritized list of documents and data subject to production.

F.  **Plaintiffs' First Set of Interrogatories**

Within 15 days of the date of the entry of this Order, plaintiffs shall serve upon defendants a First Set of Interrogatories subject to Fed. R. Civ. P. 33(a). Defendants' written responses and objections shall be served within 45 days.

G.  **Depositions of Plaintiffs and Others**

Depositions of plaintiffs, family members and other witnesses relating to each plaintiff's case, may commence after October 1, 2004.

H.  **Treating Physicians**

It is contemplated that depositions of treating physicians will commence after December 1, 2004. However, plaintiffs reserve all rights for an adjournment of same.

I.  **Deposition of Lilly Employees**

Depositions of individual Lilly employees, or former employees, may commence October 1, 2004. The PSC reserves the option to notice up to four Rule 30(b)(6) depositions of Lilly in September 2004.

J.  **Protective Orders**

The parties further reserve all rights to object to party and non-party depositions set forth in VI(G), VI(H) and VI(I) above, except as set forth in this Order and any subsequent

discovery plan and/or proposed order that will be submitted by the parties on September 17, 2004.

## VII. DETAILED DISCOVERY PLAN

### A. Detailed Discovery Plan

On or before September 17, 2004, the PSC and Lilly shall submit to the Court a proposed discovery plan that will set forth as specifically as possible the discovery that the parties plan to conduct and the reasons for that discovery. The plan, which may be modified during the course of the Litigation, shall:

- describe the scope of the ongoing and proposed document production; set forth the expected volume of the documents produced and requested to be produced; and set forth the reasons for the discovery of these documents; and,

- identify proposed deponents by name or description; the length of the each expected deposition; the reason for the deposition; and a proposed schedule for taking the depositions, organized by month;

- summarize the unresolved disputes among the parties as to the scope of discovery.

## VIII. PROCEDURES GOVERNING DISCOVERY

### A. Coordination of Discovery with Other Courts; Avoidance of Multiple Requests

The PSC and Lilly shall confer regarding procedures for coordination of state-court discovery with discovery in this MDL, with each side reserving its position as to whether an Order should be entered by the Court.

**B.     Pending Discovery Requests**

Any written discovery and notice of deposition served in a case transferred to this MDL before the date of this Order is deemed withdrawn. The obligations of non-parties to respond to subpoenas is not affected by this Order.

**C.     Initial Disclosures**

In light of the discovery plan set forth herein, the parties are relieved of the responsibility to provide initial disclosures under Rule 26(a)(1).

**D.     Privilege**

A party who, relying on any privilege or on the work product doctrine, does not produce all relevant or requested documents in response to a request for production of documents or a subpoena must state that it is invoking a privilege and must specify which privilege or doctrine it is invoking. The parties are to confer to determine the format and time for production of privilege logs, which shall be produced on a reasonable, rolling basis, and which shall be consistent with EDNY Local Rules. Where courts in other jurisdictions have ordered the production of any document initially withheld by defendant as privileged or work product, the party shall either produce the document in these proceedings or timely move for a protective order.

Any inadvertent production of any document, data, or tangible thing deemed by the producing party to be protected from production on the grounds of the attorney-client privilege, the work product doctrine, physician-patient privilege, or any other applicable doctrine, and any inadvertent production of any document or data deemed by the producing party to be confidential but not so marked by such party, shall not be deemed a waiver of any applicable privilege or law. A party that has received such materials shall, upon request by the

producing party, promptly (1) return the materials, including any produced electronic media containing such materials, and (2) delete or destroy any and all copies in its possession, custody, or control, including, but not limited to, an copies in electronic form. The party that has inadvertently produced protected materials shall promptly produce replacements for the originally produced materials, including, if applicable, replacements for produced electronic media, that (1) do not include the protected materials, or (2) in the case of the inadvertent production of confidential materials not so marked, that include such materials marked as provided in the Protective Order to be entered in this litigation.

## IX. DEPOSITION PROCEDURES

The parties contemplate that the conduct of depositions of parties and non-parties shall be subject to Deposition Guidelines to be set forth in a separate Order. The parties shall meet and confer on the issue of deposition scheduling and procedures, and shall submit to the Court an agreed order or a report identifying the issues in dispute, as directed by Magistrate Judge Chrein. No witness should be deposed on the same subject more than once in MDL 1596 without good cause shown. In addition, it is a declaration of principle of the MDL Magistrate Judge that this prohibition extends to state court Zyprexa personal injury actions. This declaration of principle of the MDL Magistrate Judge does not bind any state court litigant for who this Court does not have jurisdiction.

## X. CONFIDENTIALITY ORDER

The parties shall meet and confer on a confidentiality order, and shall submit to the Court an agreed order or a report identifying the issues in dispute, as directed by Magistrate Judge Chrein.

### XI. PRESERVATION OF DOCUMENTS

The parties are reminded of their obligations to preserve relevant information and documents. The parties shall meet and confer on the preservation of documents, and shall submit to the Court an agreed order for the preservation of records, or a report identifying the issues in dispute, as directed by Magistrate Judge Chrein.

### XII. NEXT CONFERENCE

The next pretrial conference is scheduled for September 28, 2004 at 2.30 p.m.

### XIII. LATER FILED CASES

The terms of this order, including pretrial consolidation and coordination of discovery with state cases, shall apply automatically to actions later instituted in, removed to, or transferred to this court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve claims of injuries arising out of the use or ingestion of Zyprexa. Objections to such consolidation or other terms of this order shall promptly be filed, with a copy served on Liaison Counsel for plaintiffs and defendants.

SO ORDERED

Hon. A. Simon Chrein
United States Magistrate Judge
Dated: August 5, 2004
Brooklyn, New York

Hon. Jack B. Weinstein
Senior District Judge
Dated: 8, 5, 2004
Brooklyn, New York