**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | MDL 2724<br>16-MD-2724 |
| **THIS DOCUMENT RELATES TO:**<br>*ALL ACTIONS* | **HON. CYNTHIA M. RUFE** |

**PRETRIAL ORDER NO. 137**
**(THIRD AMENDED CASE MANAGEMENT ORDER AND DISCOVERY SCHEDULE)**

**AND NOW**, this 9th day of September 2020, upon consideration of the attached stipulation of counsel, submitted on behalf of their respective parties in the MDL to Extend Certain Pretrial Discovery Deadlines ("Stipulation"), it is hereby **ORDERED** that the Stipulation is **APPROVED**. Certain deadlines previously provided in Pretrial Order Nos. 105, 110, and 123 are hereby **AMENDED** as set forth by the parties in the Stipulation.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**JOINT STIPULATION TO EXTEND CERTAIN PRETRIAL DISCOVERY DEADLINES**

**WHEREAS** the Court entered a Case Management Order and Discovery Schedule on October 24, 2019 (Pretrial Order No. 105, ECF 1135) setting forth certain deadlines for the management of and discovery schedule for cases pending in the MDL as of September 1, 2019 (and, for the avoidance of doubt, the deadlines set forth in PTO 105 and this Stipulation did not and do not apply to discovery relating to cases that were not pending as of September 1, 2019, nor does this stipulation apply to Defendants named in this MDL for the first time in cases filed after September 1, 2019)[1];

**WHEREAS** the Court extended certain of the deadlines in PTO 105 when it entered Pretrial Order No. 110, ECF 1179;

**WHEREAS** the Court extended certain of the PTO 105 deadlines relating to production of custodial documents and vacated certain other of the PTO 105 deadlines relating to privilege logs, confidentiality designations and clawbacks when it entered Pretrial Order No. 123, ECF 1363;

---

[1] For the avoidance of doubt, neither this Joint Stipulation nor PTO 105 (or the amendments thereto, reflected in PTOs 110 and 123) applies to any of the non-corporate Defendants.

**WHEREAS** the parties in the MDL have engaged in extensive, good faith negotiations to identify and agree upon appropriate revised processes and deadlines relating to privilege logs, confidentiality designations and clawbacks, applicable to discovery falling within the scope of PTO 105;

**WHEREAS** pursuant to PTO 123 ¶ A, the parties in the MDL continue to negotiate additional deadlines that were vacated in PTO 123;

**NOW, THEREFORE**, it is jointly stipulated and agreed by and among the parties, through their undersigned liaison counsel:

**A.** The parties in the MDL have agreed to revised procedures and deadlines relating to Defendants' production of privilege logs pursuant to paragraph 3.d of PTO 105, as amended by PTOs 110 and 123, as stated below.

**B.** The parties in the MDL have agreed to revised procedures and deadlines relating to Defendants' confidentiality designations pursuant to paragraph 3.e.i-ii of PTO 105, as stated below.

**C.** The parties in the MDL have agreed to revised procedures and deadlines relating to Defendants' clawback requests pursuant to paragraph 3.e.iii-iv of PTO 105, as stated below.

**D.** The parties in the MDL have agreed to revised procedures and deadlines relating to discovery of Defendants' targeted documents pursuant to paragraph 4 of PTO 105, as stated below.

**E.** The parties in the MDL have agreed to a revised document production deadline for the States pursuant to paragraph 7.c of PTO 105, as stated below.

**F.** The parties in the MDL have agreed to continue to meet and confer regarding paragraphs 8, 10, 11 and 12, as stated below.

**G.** All other provisions of PTOs 105, 110 and 123 remain in effect.

**3.      DISCOVERY OF DEFENDANTS' CUSTODIAL FILES**

<u>**Section 3(d)**</u>**:** PTO 123's provisions regarding custodial document production shall remain in effect. The following revised processes and deadlines shall supersede and replace that portion of Section 3(d) of PTO 105 governing the production and service of privilege logs for custodial documents:

   i.   On or before **June 8, 2020**, each Defendant producing documents pursuant to PTO 105 shall provide a sample privilege log of at least 150 documents, prioritizing the Tier 1 custodians to the extent feasible and making their best efforts to ensure inclusion of a representative sample of the various types of documents and their presentation anticipated to be included in the subsequent logs required by subparagraph iii. below. The sample log shall include a "key" or "keys" consistent with the requirements of the ESI Protocol (PTO 95).

   ii.  On or before **June 22, 2020**, Plaintiffs shall provide to each Defendant responsive questions or comments focusing on form and log presentation issues apparent from the face of the sample. Substantive challenges to any log entry and/or any privilege(s) claimed may be made at any time either before or after June 22, 2020. All parties reserve their rights to supplement or challenge the sample logs, as appropriate.

   iii. Each Defendant shall serve rolling or incremental privilege logs for the custodial documents withheld or redacted on the grounds of privilege or as attorney work product by each of the following dates: **July 10, 2020**; **August 14, 2020**; **September 18, 2020**; **October 30, 2020**; **December 18, 2020**; and **January 29, 2021**.

iv. Defendants shall use their best efforts to prioritize the logging of Tier 1 custodial documents and to spread the logging of Tier 1 custodial documents over the incremental logs served between July 10, 2020 and October 30, 2020.

v. Defendants' July, August, September and October 2020 privilege logs shall include their Tier 1 custodial documents withheld on grounds of privilege (subject to their right under PTO 53 to subsequently clawback inadvertently produced privileged documents and to supplement their privilege logs to account for any such clawbacks as necessary). Defendants' December 2020 and January 2021 privilege logs shall include their Tier 2 custodial documents and any other non-Tier 1 source for documents withheld on grounds of privilege (to the extent such documents were not included on an earlier log) (subject to their right under PTO 53 to subsequently clawback inadvertently produced documents and to supplement their privilege logs to account for any such clawbacks as necessary).

vi. Defendants shall use their best efforts to produce all Tier 1 custodial documents that are partially redacted for privilege by **October 15, 2020**, and to produce all other documents that are partially redacted for privilege by **January 15, 2021**.

vii. A Defendant's privilege logs may omit custodial documents withheld on the grounds of privilege if that Defendant determines in good faith that such documents are not responsive to any of Plaintiffs' discovery requests in the MDL. Each Defendant that omits such documents from its privilege logs shall produce to Plaintiffs, together with its October 30, 2020 and January 29, 2021 privilege logs: (1) a categorical list of the omitted documents' general subject matters sufficient to demonstrate why they are not responsive to any of Plaintiffs' discovery requests in

4

the MDL, and (2) a report providing the aggregate number of such documents and number of pages being withheld on the grounds of privilege. Any disputes relating to such lists and/or reports shall be resolved pursuant to PTO 68 (or any amended version thereof). Listing a custodial document on a privilege log shall not constitute a concession that a document is responsive to any of Plaintiffs' discovery requests in the MDL nor a waiver of the right to argue under applicable rules and Court Orders that a document is not responsive to any of Plaintiffs' discovery requests in the MDL.

**Section 3(e)(i)-(iv):** The following provisions shall supersede and replace paragraphs 3.e.i through 3.e.iv of PTO 105:

e. Confidentiality:

　　i. Except for those Defendants specified under subparagraph ii. below, Defendants may make confidentiality designations through either the provisional designation process under PTO 105 or individual (*i.e.*, not "blanket") designations under PTO 53.

　　　　a. On or before August 26, 2020, each Defendant proceeding under subparagraph i. will notify all parties in the MDL via email to Plaintiffs' and Defendants' listserv of the manner in which its confidentiality designations were made for all prior custodial document productions, and its intended approach to confidentiality designations for future productions. The notification will specify by bates ranges which documents were previously produced with provisional designations under PTO 105 and which were produced with individual designations under PTO 53.

b. Any Defendant whose productions included provisional designations under PTO 105 shall have 120 days from the applicable "substantial completion" production deadline to make confidentiality designations that are compliant with PTO 53 (or any amended version thereof) for such provisionally designated documents. A Defendant will make all such PTO 53-compliant designations, if any, by submitting overlays (i.e., images only) to all parties in the MDL. A Defendant who fails to make timely PTO 53-compliant overlay designations 120 days from the applicable "substantial completion" deadline shall waive any confidentiality designation privilege as to such production(s) and/or portions thereof and such documents will then become non-confidential but remain subject to PTO 53's Discovery Material restrictions, unless otherwise agreed by the parties or there is a pending dispute before the Special Masters related to the designations. Any documents provisionally designated as Outside Counsel Eyes Only under PTO 105 and identified as a clawback will retain their Outside Counsel Eyes Only status until its clawback status is resolved.

c. Any Defendant whose productions included individual designations under PTO 53 need not provide a subsequent overlay for such individually designated documents, as those designations are effective upon production and apply going forward, subject to appropriate modification under PTO 53 (or any amended version thereof).

d. All future production transmittal letters will set forth the manner in which Defendants' confidentiality designations were made, specifically including

    the bates ranges for documents provisionally designated under PTO 105 or individually designated under PTO 53.

 ii. The confidentiality designations of Breckenridge Pharmaceutical, Inc.; Dr. Reddy's Laboratories, Inc.; G&W Laboratories, Inc.,; Lannett Company, Inc.; Mayne Pharma Inc.; Sun Pharmaceutical Industries, Inc.; Taro Pharmaceuticals USA, Inc.; West-Ward Pharmaceuticals Corp.; Wockhardt USA, Inc.; and Zydus Pharmaceuticals (USA) Inc., raise particular "blanket" confidentiality designation issues for which the parties have reached a separate agreement that will be documented separately.

 iii. The foregoing procedures regarding confidentiality designations may be amended by agreement or stipulation of the parties, subject to Court approval.

**Section 3(f) Clawbacks**: The following provisions shall be incorporated into PTO 105 as a new section 3(f) and shall govern the issuance of requests for clawback and objections thereto:

 i. For any document produced pursuant to paragraph 3 of PTO 105, the producing Defendant may notify Plaintiffs of its intent to clawback such documents (as guided by PTO 70). The deadlines for such clawback notices shall be **December 4, 2020** for all documents produced on or before September 1, 2020, and **January 29, 2021** for all documents produced thereafter.

  a. If a Defendant does not substantially complete its production of Tier 1 custodial documents by September 1, 2020, Plaintiffs' deadline to respond to that Defendant's pending or subsequently issued clawback request(s) shall be extended by 7 days plus the number of days after September 1st

        that such Defendant notifies Plaintiffs that its Tier 1 custodial production is complete.

    b. If a Defendant does not substantially complete its production of Tier 2 custodial documents by November 16, 2020, Plaintiffs' deadline to respond to that Defendant's pending or subsequently issued clawback request(s) shall be extended by 7 days plus the number of days after November 16th that such Defendant notifies Plaintiffs that its Tier 2 custodial production is complete.

ii. Plaintiffs shall respond to each clawback request within 75 days, by identifying those documents for which they object to the clawback. Any document not objected to within 75 days may be clawed back by the producing Defendant, through production of a metadata overlay.

    a. The parties may meet and confer regarding modifications of these deadlines.

    b. If Plaintiffs notice a deposition and a producing Defendant determines that any documents sent or received by the deponent are subject to a pending clawback request, each such producing Defendant shall promptly meet and confer with Plaintiffs to resolve the relevant clawback request(s). Such meet and confer request shall be conducted at least ten days before the deposition is to commence, shall be copied to the Deposition Coordinators, and shall identify the date of the specific clawback request(s) and the Bates numbers of the documents at issue.

    iii.    Any disputes relating to clawback objections shall be resolved pursuant to PTO 68 (or any amended version thereof).

    iv.    Within 10 days of the date when a Defendant produces an overlay for any document that is deemed clawed back either by agreement, the formal or informal resolution of a dispute, or via the lapse of an applicable deadline, the Receiving Party will provide written confirmation to the Producing Party that the overlay has been applied and that any predecessor document has otherwise been returned or destroyed.

**4.    DISCOVERY OF DEFENDANTS' TARGETED DOCUMENTS**

The following provisions shall supersede and replace paragraphs 4.b, 4.c, 4.d and 4.e of PTO 105:

    b.    Within 10 days of receiving a request pursuant to Paragraph 4(a)(ii) or 4(a)(iii) seeking supplemental documents pursuant to an existing document request, Defendants shall either agree to produce responsive documents or request a meet and confer with the requesting party. Insofar as Plaintiffs make a new request for documents not within the scope of existing document requests, such requests will be made and responded to in conformance with Federal Rule of Civil Procedure 34.

    c.    Plaintiffs shall make any requests pursuant to Paragraphs 4(a)(ii) and (iii) by **January 15, 2021**. Any dispute arising out of these requests shall be brought to the Special Masters via simultaneous letter briefs on or before **February 15, 2021** (for ¶¶ 4(a)(ii) and (iii)).

    d.    Complete production of documents: **March 1, 2021** (for ¶¶ 4(a)(ii) and (iii)). Privilege Log deadline: **April 15, 2021** (for ¶¶ 4(a)(ii) and (iii)).

    e.    Confidentiality: Confidentiality designations shall be made in accordance with PTO 53 (or any amended version thereof).

    f.    If a Defendant does not substantially complete its production of custodial documents by November 16, 2020, the deadlines set forth in paragraphs 4.c and 4.d

shall be extended by 7 days plus the number of days after November 16th that such Defendant notifies Plaintiffs that its custodial production is complete.[2]

## 7. PLAINTIFFS' DOCUMENT PRODUCTIONS AND TRANSACTIONAL DATA

Paragraph 7.c of PTO 105 is hereby amended to provide that the States shall substantially complete their custodial document productions by **March 1, 2021**. The States' document productions shall proceed on a rolling basis. The parties shall continue to meet and confer regarding deadlines for the other components of the States' document productions.

## 8. FACT DEPOSITIONS

The parties shall continue to meet and confer regarding the start and end dates for fact depositions, and regarding the scheduling of depositions.

## 10. MERITS EXPERT DEPOSITIONS

The parties shall continue to meet and confer regarding the start and end dates for merits expert depositions, as part of their ongoing discussions related to a case management order for the bellwether cases. Such deadlines for non-bellwether cases shall be established by separate agreement and/or Court Order.

## 11. CLASS CERTIFICATION AND RELATED *DAUBERT* MOTIONS

The parties shall continue to meet and confer regarding the deadlines applicable to class certification motions and class certification *Daubert* motions, as part of their ongoing discussions

---

[2] Defendants shall not withhold consent to any reasonable requests for additional extensions of these deadlines in the event Defendants do not meet the substantial completion deadlines of PTO 123 ¶ 3.d.

related to a case management order for the bellwether cases. Such deadlines for non-bellwether cases shall be established by separate agreement and/or Court Order.

**12.    SUMMARY JUDGMENT MOTIONS AND MERITS *DAUBERT* MOTIONS**

The parties shall continue to meet and confer regarding the deadlines applicable to summary judgment motions and merits expert *Daubert* motions, as part of their ongoing discussions related to a case management order for the bellwether cases. Such deadlines for non-bellwether cases shall be established by separate agreement and/or Court Order.

It is so **STIPULATED**.


Dated: September 1, 2020

*/s/ Roberta D. Liebenberg*
Roberta D. Liebenberg
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
215-567-6565
rliebenberg@finekaplan.com

*Liaison and Lead Counsel for the End-Payer Plaintiffs*

*/s/ Dianne M. Nast*
Dianne M. Nast
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, PA 19107
215-923-9300
dnast@nastlaw.com

*Liaison and Lead Counsel for the Direct Purchaser Plaintiffs*

*/s/ W. Joseph Nielsen*
W. Joseph Nielsen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel:  (860)808-5040
Fax:  (860)808-5033
Joseph.Nielsen@ct.gov

*Liaison Counsel for the States*

*/s/ William J. Blechman*
William J. Blechman
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida  33131
Tel:  (305) 373-1000
Fax:  (305) 372-1861
E-mail: wblechman@knpa.com

*Liaison Counsel for Direct Action Plaintiffs and Counsel for the Kroger Direct Action Plaintiffs*

*/s/ Jan P. Levine*
Jan P. Levine
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750
Jan.Levine@troutman.com

*/s/ Devora W. Allon*
Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue New York, NY 10022
Tel: (212) 446-5967
Fax: (212) 446-6460
devora.allon@kirkland.com

*/s/ Chul Pak*
Chul Pak
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019
Tel: (212) 999-5800
Fax: (212) 999-5899
cpak@wsgr.com

*Defendants' Liaison Counsel*

*/s/ Sheron Korpus*
Sheron Korpus
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com

*/s/ Sarah F. Kirkpatrick*
Sarah F. Kirkpatrick
WILLIAMS & CONNOLLY, LLC
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5958
skirkpatrick@wc.com