**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724** |
| | **16-MD-2724** |
| **THIS DOCUMENT RELATES TO:** | **HON. CYNTHIA M. RUFE** |
| *ALL ACTIONS* | |

**PRETRIAL ORDER NO. 138**
**(CONFIDENTIALITY DESIGNATION ORDER AS TO "GROUP 3 DEFENDANTS" PURSUANT TO THE THIRD AMENDED CASE MANAGEMENT ORDER AND DISCOVERY SCHEDULE (PTO 137))**

**AND NOW**, this 10th day of September 2020, upon consideration of the attached stipulation of counsel, submitted on behalf of their respective parties in the MDL to Establish Certain Confidentiality Designation and Clawback Guidelines ("Stipulation"), it is hereby **ORDERED** that the Stipulation is **APPROVED**. Certain deadlines and discovery orders previously provided in Pretrial Order Nos. 105, 110, and 123 are hereby **AMENDED** as set forth by the parties in the Stipulation as to the Group 3 Defendants.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | MDL 2724<br><br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |

**JOINT STIPULATION TO ESTABLISH CERTAIN CONFIDENTIALITY DESIGNATION AND CLAWBACK GUIDELINES FOR "GROUP 3 DEFENDANTS"**

**WHEREAS** the Court entered a Case Management Order and Discovery Schedule on October 24, 2019 (Pretrial Order No. 105, ECF 1135) setting forth certain deadlines for the management of and discovery schedule for cases pending in the MDL as of September 1, 2019 (and, for the avoidance of doubt, the deadlines set forth in PTO 105 did not and do not apply to discovery relating to cases that were not pending as of September 1, 2019, nor does this stipulation apply to Defendants named in this MDL for the first time in cases filed after September 1, 2019)[1];

**WHEREAS** the Court extended certain of the deadlines in PTO 105 when it entered Pretrial Order No. 110, ECF 1179;

**WHEREAS** the Court extended certain of the PTO 105 deadlines relating to production of custodial documents and vacated certain other of the PTO 105 deadlines relating to confidentiality designations and clawbacks when it entered Pretrial Order No. 123, ECF 1363;

---

[1] For the avoidance of doubt, neither this Joint Stipulation nor PTO 105 (or the amendments thereto, reflected in PTOs 110 and 123) applies to any of the non-corporate Defendants.

**WHEREAS** the parties in the MDL have engaged in extensive, good faith negotiations to identify and agree upon appropriate revised processes and deadlines relating to confidentiality designations and clawbacks, applicable to discovery falling within the scope of PTO 105;

**WHEREAS** pursuant to the aforementioned good faith negotiations, defendants Breckenridge Pharmaceutical, Inc.; Dr. Reddy's Laboratories, Inc.; G&W Laboratories, Inc.; Lannett Company, Inc.; Mayne Pharma Inc.; Morton Grove Pharmaceuticals, Inc.; Mutual Pharmaceutical Company, Inc.; Sun Pharmaceutical Industries, Inc.; Taro Pharmaceuticals USA, Inc.; West-Ward Pharmaceuticals Corp.; Wockhardt USA LLC; and Zydus Pharmaceuticals (USA) Inc. (collectively, the "Group 3 Defendants"), negotiated separately from the other corporate defendants in the MDL with respect to the manner in which they may apply confidentiality designations to the custodial documents they produce;

**NOW, THEREFORE**, it is jointly stipulated and agreed by and among the parties, through their undersigned liaison counsel:

A.  Plaintiffs and the Group 3 Defendants have agreed to revised procedures and deadlines relating to Defendants' confidentiality designations pursuant to paragraph 3.e.i-ii of PTO 105, as stated below.

B.  Plaintiffs and the Group 3 Defendants have agreed to revised procedures and deadlines relating to Defendants' clawback requests pursuant to paragraph 3.e.iii-iv of PTO 105, as stated below.

C.  All other provisions of PTOs 105, 110 and 123 remain in effect.

3.  **DISCOVERY OF DEFENDANTS' CUSTODIAL FILES**

<u>Section 3(e)(i)-(iv)</u>: The following provisions shall supersede and replace paragraphs 3.e.i through 3.e.iv of PTO 105 as to the Group 3 Defendants only:

e. Confidentiality:

   i. <u>"Blanket" Designations per PTO 53</u>. Custodial documents produced and designated/stamped at the confidentiality level "Outside Counsel Eyes Only" by any Group 3 Defendant shall remain so designated/stamped in the MDL, subject to modifications under PTO 53 (or any amended version thereof), other Court Order, or other applicable law. Those Group 3 Defendants who have already produced custodial documents with a confidentiality designation/stamp lesser than "Outside Counsel Eyes Only" are permitted – but not required – to produce to all MDL parties an overlay for those productions to re-designate the documents therein as "Outside Counsel Eyes Only," and if such documents are not re-designated, the confidentiality designation lesser than "Outside Counsel Eyes Only" shall remain intact.

   ii. The terms of the PTO 53, or any amendment or subsequent Protective Order, shall continue to apply to Group 3 Defendants' produced custodial documents, including but not limited to the right of any party to seek a de-designation or re-designation of any documents.

   iii. Group 3 Defendants consent, under ¶ 5.3(k) of PTO 53 (any amended version thereof), to the disclosure of any custodial documents produced by them to any deponent in the MDL, provided that the deposing party has a good-faith basis to believe that the matters memorialized in the document are relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Group 3 Defendants retain the right to object to and challenge the disclosure of any custodial

       document to any deponent in the MDL where a Group 3 Defendant does not believe Plaintiffs have a good-faith basis, as set forth above, for such disclosure.

   iv.   Notwithstanding the agreed-upon or Court-ordered disclosure to a deponent of any custodial document produced by a Group 3 Defendant, said document shall remain designated as "Outside Counsel Eyes Only" for all other purposes in the MDL, subject to appropriate modification under PTO 53 (or any amended version thereof).

   v.   The foregoing procedures regarding confidentiality designations may be amended by agreement or stipulation of the parties, subject to Court approval.

**Section 3(f) Clawbacks:** The following provisions shall be incorporated into PTO 105 as a new section 3(f) and shall govern the issuance of requests for clawback and objections thereto as to the Group 3 Defendants only:

   i.   Group 3 Defendants specifically forego their rights to seek to clawback any and all produced custodial documents containing "competitively sensitive or trade secret information" or "business information unrelated to the allegations in any MDL pleading," as set forth in PTOs 105 and 70. Group 3 Defendants retain their rights to seek to clawback any custodial documents containing "personal or embarrassing information unrelated to any allegation in the MDL," as set forth in PTOs 105 and 70. Plaintiffs retain their rights to challenge any clawback request.

   ii.   For any document produced pursuant to paragraph 3 of PTO 105 subject to the clawback reservation set forth in subparagraph i. above, the producing Defendant may notify Plaintiffs of its intent to clawback such document (as guided by PTO 70). The deadlines for such clawback shall be **December 4, 2020** for all documents

4

produced on or before September 1, 2020, and **January 29, 2021** for all documents produced after September 1, 2020.

    a. If a Defendant does not substantially complete its production of Tier 1 custodial documents by September 1, 2020, Plaintiffs' deadline to respond to that Defendant's pending or subsequently issued clawback request(s) shall be extended by 7 days plus the number of days after September 1st that such Defendant notifies Plaintiffs that its Tier 1 custodial production is complete.

    b. If a Defendant does not substantially complete its production of Tier 2 custodial documents by November 16, 2020, Plaintiffs' deadline to respond to that Defendant's pending or subsequently issued clawback request(s) shall be extended by 7 days plus the number of days after November 16th that such Defendant notifies Plaintiffs that its Tier 2 custodial production is complete.

iii. Plaintiffs shall respond to each clawback request within 75 days, by identifying those documents for which they object to the clawback. Any document not objected to within 75 days may be clawed back by the producing Defendant.

    a. The parties may meet and confer regarding modifications of these deadlines.

    b. If Plaintiffs notice a deposition and a producing Defendant determines that any documents sent to or received by the deponent are subject to a pending clawback request, each such producing Defendant shall promptly meet and confer with Plaintiffs to resolve the relevant clawback request(s). Such meet

        and confer request shall be conducted at least ten days before the deposition is to commence, shall be copied to the Deposition Coordinators, and shall identify the date of the specific clawback request(s) and the Bates numbers of the documents at issue.

iv. Any disputes relating to clawback objections shall be resolved pursuant to PTO 68 (or any amended version thereof).

v. Within 10 days of the date when a Defendant produces an overlay for any document that is deemed clawed back either by agreement, the formal or informal resolution of a dispute, or via the lapse of an applicable deadline, the Receiving Party will provide written confirmation to the Producing Party that the overlay has been applied and that any predecessor document has otherwise been returned or destroyed.

vi. The terms of the PTO 53, or any amendment or subsequent Protective Order, shall continue to apply to Group 3 Defendants' produced custodial documents, including but not limited to the right of any party to clawback any inadvertently produced privileged documents.

vii. The particular interests and circumstances of certain Group 3 Defendants may necessitate narrowly tailored, defendant-specific amendments to this agreement; in any such case, that Group 3 Defendant will separately propose its narrowly tailored, defendant-specific amendments. The parties agree that any such defendant-specific amendments shall not have the effect of reviving the deadline for clawbacks relating to documents produced under PTO 105 ¶ 4.a, which has already expired.

It is so **STIPULATED**.

Dated: September 9, 2020

| | |
|---|---|
| */s/ Roberta D. Liebenberg*<br>Roberta D. Liebenberg<br>FINE, KAPLAN AND BLACK, R.P.C.<br>One South Broad Street, 23rd Floor<br>Philadelphia, PA 19107<br>215-567-6565<br>rliebenberg@finekaplan.com<br><br>*Liaison and Lead Counsel for the End-Payer Plaintiffs* | */s/ Dianne M. Nast*<br>Dianne M. Nast<br>NASTLAW LLC<br>1101 Market Street, Suite 2801<br>Philadelphia, PA 19107<br>215-923-9300<br>dnast@nastlaw.com<br><br>*Liaison and Lead Counsel for the Direct Purchaser Plaintiffs* |
| */s/ W. Joseph Nielsen*<br>W. Joseph Nielsen<br>Assistant Attorney General<br>55 Elm Street<br>P.O. Box 120<br>Hartford, CT 06141-0120<br>Tel:  (860)808-5040<br>Fax:  (860)808-5033<br>Joseph.Nielsen@ct.gov<br><br>*Liaison Counsel for the States* | */s/ William J. Blechman*<br>William J. Blechman<br>KENNY NACHWALTER, P.A.<br>1441 Brickell Avenue<br>Suite 1100<br>Miami, Florida  33131<br>Tel:  (305) 373-1000<br>Fax:  (305) 372-1861<br>E-mail: wblechman@knpa.com<br><br>*Liaison Counsel for Direct Action Plaintiffs and Counsel for the Kroger Direct Action Plaintiffs* |
| */s/ Brian J. Smith*<br>Michael Martinez<br>Steven Kowal<br>Lauren Norris Donahue<br>Brian J. Smith<br>**K&L GATES LLP**<br>70 W. Madison St., Suite 3300<br>Chicago, IL 60602<br>Tel. 312-372-1121<br>Fax 312-827-8000<br>michael.martinez@klgates.com<br>steven.kowal@klgates.com<br>lauren.donahue@klgates.com<br>brian.j.smith@klgates.com<br><br>*Counsel for Defendant Mayne Pharma Inc.* | */s/ Stacey Anne Mahoney*<br>Stacey Anne Mahoney<br>Grant R. MacQueen<br>Victoria Peng<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, New York 10178<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br>stacey.mahoney@morganlewis.com<br>grant.macqueen@morganlewis.com<br>victoria.peng@morganlewis.com<br><br>*Counsel for Defendant Breckenridge Pharmaceutical, Inc.* |

| | |
|---|---|
| */s/ Jan. P. Levine*<br>Jan P. Levine<br>Robin P. Sumner<br>Michael J. Hartman<br>**TROUTMAN PEPPER HAMILTON SANDERS LLP**<br>3000 Two Logan Square<br>Eighteenth & Arch Streets<br>Philadelphia, PA 19103-2799<br>Tel. (215) 981-4000<br>Fax. (215) 981-4750<br><br>*Attorneys for Defendant West-Ward Pharmaceuticals Corp. (n/k/a Hikma Pharmaceuticals USA, Inc.)* | */s/ Roger B. Kaplan*<br>Roger B. Kaplan<br>**GREENBERG TRAURIG, LLP**<br>500 Campus Drive, Suite 400<br>Florham Park, NJ 07932-0677<br>Tel: (973) 360-7957<br>Fax: (973) 295-1257<br>kaplanr@gtlaw.com<br><br>*Attorneys for Dr. Reddy's Laboratories, Inc.* |
| */s/ Marguerite M. Sullivan*<br>Marguerite M. Sullivan (pro hac vice)<br>Anna M. Rathbun (pro hac vice)<br>**Latham & Watkins LLP**<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, D.C., 20004<br>(202)-637-2200<br>marguerite.sullivan@lw.com<br>anna.rathbun@lw.com<br>*Attorneys for Defendant G&W Laboratories, Inc.* | */s/ Ryan T. Becker*<br>Gerald E. Arth<br>Ryan T. Becker<br>Nathan M. Buchter<br>**FOX ROTHSCHILD LLP**<br>2000 Market Street, 20th Floor<br>Philadelphia, PA 19103<br>Tel.: (215) 299-2000<br>Fax: (215) 299-2150<br>garth@foxrothschild.com<br>rbecker@foxrothschild.com<br>nbuchter@foxrothschild.com<br><br>George G. Gordon<br>Julia Chapman<br>**DECHERT LLP**<br>2929 Arch Street<br>Philadelphia, PA 19104-2808<br>Tel.: (215) 994-2382<br>Fax: (215) 655-2240<br>george.gordon@dechert.com<br>julia.chapman@dechert.com<br><br>*Counsel for Lannett Company, Inc.* |

| | |
|---|---|
| */s/ Erik T. Koons*<br>John M. Taladay<br>Erik T. Koons<br>Stacy L. Turner<br>Christopher P. Wilson<br>**BAKER BOTTS LLP**<br>700 K Street NW<br>Washington, DC 20001<br>Telephone: (202) 639-7700<br>Facsimile: (202) 639-7890<br>john.taladay@bakerbotts.com<br>erik.koons@bakerbotts.com<br>stacy.turner@bakerbotts.com<br>christopher.wilson@bakerbotts.com<br><br>Lauri A. Kavulich<br>Ann E. Lemmo<br>**CLARK HILL PLC**<br>2001 Market St, Suite 2620<br>Philadelphia, PA 19103<br>Telephone: (215) 640-8500<br>Facsimile: (215) 640-8501<br>lkavulich@clarkhill.com<br>alemmo@clarkhill.com<br><br>Lindsay S. Fouse<br>**CLARK HILL PLC**<br>301 Grant St, 14th Floor<br>Pittsburgh, PA 15219<br>Telephone: (412) 394-7711<br>Facsimile: (412) 394-2555<br>lfouse@clarkhill.com<br><br>*Counsel for Defendants Sun Pharmaceutical Industries, Inc., Taro Pharmaceuticals U.S.A., Inc., and Mutual Pharmaceutical Company, Inc.* | */s/ Clifford Katz*<br>William A. Escobar<br>Damon W. Suden<br>Clifford Katz<br>**Kelley Drye & Warren LLP**<br>101 Park Avenue<br>New York, NY 10178<br><br>*Counsel for Wockhardt USA LLC and Morton Grove Pharmaceuticals, Inc.* |

| | |
|---|---|
| */s/ Jason R. Parish*<br>Jason R. Parish<br>Martin J. Amundson<br>**BUCHANAN INGERSOLL & ROONEY PC**<br>1700 K Street, NW<br>Washington, DC 20006-3807<br>Tel:  (202) 452-7900<br>Fax:  (202) 452-7989<br>jason.parish@bipc.com<br>martin.amundson@bipc.com<br><br>Bradley J. Kitlowski<br>**BUCHANAN INGERSOLL & ROONEY PC**<br>Union Trust Building<br>501 Grant Street<br>Pittsburgh, PA 15219-4413<br>Tel:  (412) 562-8800<br>Fax:  (412) 562-1041<br>bradley.kitlowski@bipc.com<br><br>*Counsel for Zydus Pharmaceuticals (USA) Inc.* | |