**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724**<br>**16-MD-2724** |
| | **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:**<br><br>***ALL ACTIONS*** | |

**ORDER**

Plaintiffs submitted a letter motion to the Special Discovery Master to compel
Respondents to produce documents pursuant to subpoenas issued under Federal Rule of Civil
Procedure 45. Respondents Karen Strelau and Susan Knoblauch are nonparties who are former
executives of several Defendant pharmaceutical companies, and they have invoked their Fifth
Amendment right against self-incrimination in objecting to the subpoenas. The Special
Discovery Master issued his First Report and Recommendation ("R&R"), concluding that the
letter motion to compel should be denied. Plaintiffs have filed objections to the R&R, to which
Respondents have replied. The Court will approve the R&R and deny the letter motion to
compel.

The documents sought include records of communications with any employees of any
competitor, copies of any messages exchanged, calendars used in connection with Respondents'
employment, and any documents concerning the pricing, sale, marketing, or production of the
generic drugs at issue. The Special Discovery Master viewed it as a close question, but agreed
that Respondents had identified a real or substantial risk of prosecution and that the act of

producing these documents was potentially incriminating.[1]  The Special Discovery Master also determined that the existence of the documents was not a foregone conclusion because Plaintiffs have not demonstrated that they have prior knowledge of the existence, possession, and authenticity of the responsive documents.[2]

Plaintiffs contend that the act of producing the documents is not testimonial because Respondents would not be required to use any subjective decision-making or judgment in producing responsive documents through a "largely mechanical Search Term Protocol." However, the requests would also require Respondents to produce documents that they know exist but were not located through the searches. Because of this, and the broad wording of defined terms as well as the expansive scope of the subpoenas, the Court agrees with the conclusion of the R&R that compliance would require Respondents to communicate aspects of existence, possession, and authenticity that would impair their right against self-incrimination.

The Court also does not agree with Plaintiffs' contention that they have demonstrated that is a foregone conclusion that documents are in Respondents' possession or that they contain evidence relevant to this litigation. "[T]he Fifth Amendment does not protect an act of production when any potentially testimonial component of the act of production—such as the existence, custody, and authenticity of evidence—is a 'foregone conclusion' that 'adds little or nothing to the sum total of [Plaintiffs'] information.'"[3] The foregone-conclusion rule applies when the party seeking the information can "describe with reasonable particularity" the

---

[1] Whether or not the documents themselves are incriminating is not the issue; the Fifth Amendment is implicated where the assembly of documents could provide a prosecutor with a "lead to incriminating evidence," or "a link in the chain of evidence needed to prosecute." *United States v. Hubbell*, 530 U.S. 27, 42 (2000) (internal citations omitted).

[2] "When the production of evidence does concede the existence, custody, and authenticity of that evidence, the Fifth Amendment privilege against self-incrimination applies because that production constitutes compelled testimony." *United States v. Apple MacPro Computer*, 851 F.3d 238, 247 (3d Cir. 2017).

[3] *Id.* (quoting *United States v. Fisher*, 425 U.S. 391, 411 (1976)).

documents it seeks to compel.[4] Plaintiffs have demonstrated that they have records, for example, showing that communications have occurred between Respondents and certain individuals, and a narrower subpoena directed to communications with those individuals might fall within the foregone-conclusion rule. But the subpoenas as issued sweep too broadly.

It is important to note that the issue before the Court is limited to the production of documents in response to the current subpoenas issued to these nonparty Respondents; Plaintiffs are in no way restricted from seeking the same information through discovery directed to other persons and entities. Plaintiffs also are not restricted from serving upon Respondents narrowly-tailored subpoenas to which the foregone-conclusion rule would apply or where production of documents would not be testimonial. The Court has not based its ruling on the content of the documents and it is not necessary under the circumstances to examine any documents *in camera*.[5]

**AND NOW**, this 17th day of September 2020, upon *de novo* review of the First Report and Recommendation of the Special Discovery Master as to Plaintiffs' Motion to Compel Production of Documents Pursuant to Rule 45 Subpoenas [MDL Doc. No. 1176], Plaintiffs' objections, Respondents' response, and Plaintiffs' reply, it is hereby **ORDERED** that:

1. The objections are **OVERRULED**;

2. The R&R is **APPROVED**;

3.  Plaintiffs' letter motion submitted to the Special Master to compel Karen Strelau and Susan Knoblauch to respond to the subpoenas served on them is **DENIED as to those subpoenas**; and

---

[4] *Id.* (quoting *Hubbell*, 530 U.S. at 30).

[5] Plaintiffs somewhat contradictorily argue both that the Special Discovery Master erred in considering the contents of the documents and that the Court should not rule on the motion without examining the documents.

4.  The Clerk is directed to **TERMINATE** Karen Strelau and Susan Knoblauch as

respondents in 16md2724.

It is so **ORDERED.**

>  **BY THE COURT:**
>
>  **/s/ Cynthia M. Rufe**
>  _____
>  **CYNTHIA M. RUFE, J.**