# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

## ORDER

**AND NOW**, this 22nd day of September 2020, upon *de novo* review of the Amended Second Report and Recommendation of Special Master David Marion as to Defendants' letter motion submitted to the Special Master to compel Direct Purchaser Plaintiffs ("DPPs") to run search terms and produce certain documents [MDL Doc. No. 1243], DPPs' objections, Defendants' response, DPPs' reply and the letter of the Direct Action Plaintiffs, it is hereby **ORDERED** that the objections are **OVERRULED**[1] and the R&R is **APPROVED** as follows: DPPs shall promptly run search terms and produce documents related to (1) all generic drugs at

---

[1] Although the nature of this MDL means that discovery burdens may fall more heavily upon Defendants in some respects, all parties nevertheless are subject to discovery relating to their claims and defenses. The R&R is consistent with the Court's comprehensive approach to discovery and DPPs have not shown that producing the discovery is unduly burdensome or disproportionate given the expansive nature of the MDL and the importance of the issues in dispute. The Court will not consider DPPs' argument that the R&R is inconsistent with the approach taken by Special Discovery Master Merenstein in a dispute over the production of trade or industry association documents by IRPs. No R&R was issued in that instance because IRPs (who are not identically situated to DPPs) and Defendants reached a compromise with regard to the discovery. *See* DPP Ex. 15 [MDL Doc. No. 1270-16]. More specifically, the Court will not consider counsel's recollection of informal statements made during the process of meeting, conferring, and negotiating.

2

issue in the MDL as of September 1, 2019; (2) all Defendants named as of September 1, 2019; (3) Activella, a brand drug equivalent; and (4) certain generic pharmaceutical industry events.

It is so **ORDERED.**

**BY THE COURT:**

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**