# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | MDL 2724<br>16-MD-2724 |
| | **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:**<br><br>*ALL ACTIONS* | |

## ORDER

**AND NOW**, this 28th day of September 2020, upon *de novo* review of the Amended Report and Recommendation of Special Discovery Master for ESI Daniel L. Regard Relating to Global Search Term Modifications Requested by Sandoz [MDL Doc. No. 1416], and the briefing of the parties in connection therewith, it is hereby **ORDERED** that the Objections are **OVERRULED** and the Report and Recommendation is **APPROVED** as follows:

  1.  The CEOs are designated as Tier 1 custodians.[1]

  2.  The Global Search Terms shall be applied, except that, as noted in the R&R, Sandoz shall "work with the Plaintiffs to resolve any narrow, Sandoz-specific idiosyncratic results after the application of individual terms."[2]  The Special Discovery Master for ESI shall assist the parties if necessary.

  It is so **ORDERED.**

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

---

[1] This designation is consistent with the classification of the CEOs and executives of other Defendants, and is appropriate for these CEOs as well.  The Outside Counsel Eyes Only designation and the clawback procedures are in effect, and are intended to be meaningful protections.

[2] Amended R&R at 4.  The Court has considered the documents submitted for *in camera* review, and agrees that as contemplated by the R&R, limited search-term modifications are warranted, for example, so that common French words used by Sandoz Canada do not require the production of documents that would not otherwise be returned by the use of the Global Search Terms. These modifications should be viewed as refinements and not a wholesale revision of the search terms.