## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | : | MDL No. 2724 |
| | : | |
| | : | 16-MD-2724 |
| | : | |
| | : | Hon. Cynthia M. Rufe |
| This Document Relates To: | : | |
| | : | |
| ALL ACTIONS | : | |
| | : | |

---

### THIRD REPORT AND RECOMMENDATION OF THE SPECIAL DISCOVERY MASTER AS TO TEVA'S MOTION TO COMPEL NON-PARTY PRESCRIPTION SUPPLY, INC. TO RESPOND TO SUBPOENA

---

Pursuant to Pretrial Order No. 49 [Doc. No. 667] and Pretrial Order No. 68 [Doc. No. 823], the Special Discovery Master submits this Report and Recommendation regarding defendant Teva Pharmaceuticals USA, Inc.'s motion to compel non-party Prescription Supply, Inc. ("PSI") to respond to Teva's May 8, 2020 subpoena. Teva and PSI have accepted the Special Discovery Master's August 21, 2020 informal recommendation to meet and confer regarding PSI's objections to the subpoena. PSI, however, objects to the Court's and the Special Discovery Master's jurisdiction to compel PSI to respond to the subpoena, contending that any motion to compel PSI's compliance must be filed in the Northern District of Ohio. After reviewing the parties' written submissions and hearing argument from the parties, the Special Discovery Master concluded that the MDL statute, 28 U.S.C. § 1407(b), confers jurisdiction on this Court (and thus, the Special Discovery Master) to adjudicate a motion to compel compliance with a subpoena in

another district. Thus, the Special Discovery Master recommends that the Court overrule PSI's objections to the Court's jurisdiction and rule that the Court and Special Discovery Master have jurisdiction over Teva's motion to compel.

**Background**

In May 2020, Teva served a subpoena on PSI, a wholesale pharmaceutical distributor located in Northwood, Ohio, seeking to obtain a wide variety of documents. Teva or other defendants have issued similar subpoenas to twenty non-party wholesale distributors. PSI served objections on Teva and then took the position that there was no need to meet and confer regarding its objections because the subpoena itself amounted to a "complete fishing expedition."

Eventually, on August 10, 2020, Teva filed a letter with the Special Discovery Master pursuant to Pretrial Order No. 68, seeking to compel PSI to comply with the subpoena. PSI filed a responsive letter, raising an objection to the jurisdiction of the MDL Court and the Special Discovery Master, and further arguing that it had no obligation to respond to Teva's allegedly overly broad and burdensome subpoena. The Special Discovery Master held a conference call with Teva and PSI on August 19 to discuss this dispute and also requested that the parties submit additional information regarding any authority on one aspect of the jurisdictional dispute, which the parties did.

On August 21, the Special Discovery Master issued an informal recommendation, rejecting PSI's jurisdictional objection and recommending that the parties engage in a three-step meet-and-confer process aimed at narrowing the scope of their disagreement

regarding PSI's response to Teva's subpoena. The parties accepted the Special

Discovery Master's recommendation regarding the meet-and-confer procedure but PSI

reserved its right to continue objecting to the MDL Court's and Special Discovery

Master's authority to adjudicate any motion to compel, quash, or modify Teva's

subpoena. As a result, Teva requested that the Special Discovery Master issue a formal

Report and Recommendation regarding the disputed jurisdictional issue. The parties

were provided an opportunity to further brief the jurisdictional issue before the Special

Discovery Master and they submitted supplemental briefs on September 11 and 25.

**Analysis**

Rule 45 of the Federal Rules of Civil Procedure governs, *inter alia*, subpoenas served

on non-parties seeking the production of documents. The Rule provides that a

"subpoena may command … production of documents, electronically stored

information, or tangible things at a place within 100 miles of where the person resides,

is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A). It also

provides that, if a recipient objects to a subpoena, "the serving party may move the

court for the district where compliance is required for an order compelling production

or inspection." FED. R. CIV. P. 45(d)(2)(B)(i). Thus, under Rule 45, a motion to compel

compliance with a subpoena must be filed in "the court for the district where

compliance is required." The MDL statute, on the other hand, provides that a judge

designated to conduct coordinated or consolidated pretrial proceedings by the judicial

panel on multidistrict litigation "may exercise the powers of a district judge in any

district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(b). This Court, of course, has been designated by the JPML to conduct pretrial proceedings in this MDL.

As a threshold matter, Teva contends that its subpoena did not command production of documents at a specific location and that it can designate a location for production within this District, both because PSI purportedly regularly conducts business in the District and because the 100-mile limit allegedly does not apply when the respondent's personal appearance is not required. If Teva is correct that it can designate a location within this District for production of PSI's documents, PSI's jurisdictional objection must be overruled because, as PSI concedes, even aside from application of the MDL statute, Rule 45 requires a motion to compel to be filed in the court for the district in which compliance is required. In short, if PSI can be commanded to produce documents in this District, this Court indisputably has jurisdiction over Teva's motion to compel.

The Special Discovery Master's informal recommendation, however, was based on the assumptions that PSI does not regularly conduct business in person within 100 miles of the Eastern District of Pennsylvania[1] and that Rule 45's 100-mile limit applies even when documents can be produced without the respondent's personal appearance.[2]

---

[1] The parties did not submit any evidence on this point and Teva's contention thus amounts to a bald assertion without evidentiary support.

[2] District courts generally agree that a non-party responding to a subpoena can be required to mail or electronically transmit documents to a location further than 100

*…Continued*

This Report and Recommendation proceeds from the same assumptions and thus accepts for present purposes that PSI may be commanded to produce documents only within 100 miles of Northwood, Ohio, and that, *if Rule 45 alone controlled*, any motion to compel must be filed in the district encompassing such location.[3]

---

miles from the respondent's place of business or residence. *See, e.g.*, *Mackey v. IDT Energy, Inc.*, No. 19 Misc. 29, 2019 U.S. Dist. LEXIS 77101, at *10 (S.D.N.Y. May 7, 2019). Such remote production, however, does not render the location at which the documents are received or downloaded the place of compliance. *See, e.g.*, *id.* (noting that production is deemed to occur where documents are uploaded by the subpoena recipient). Even courts that have held that the 100-mile limit "does not apply where documents can be mailed and do not require personal appearance" have assumed that the place of compliance is the district in which the subpoena recipient is located. *United States v. Brown*, 223 F. Supp. 3d 697, 703 (N.D. Ohio 2016) (rejecting objections by subpoena recipients, who resided within the Northern District of Ohio, to sending documents more than 100 miles away to a location in another district); *cf. Aetna Inc. v. Mednax, Inc.*, No. 2:18-cv-02217, 2019 U.S. Dist. LEXIS 202894, at *7-*8 (E.D. Pa. Nov. 22, 2019) (Lloret, M.J.) (directing parties to meet and confer regarding subpoenas issued to non-parties located in other districts "to see if further litigation in other jurisdictions can be avoided" and "to attempt to avoid costly litigation in multiple courts").

Moreover, the advisory committee's note to Rule 45 expressly refers to the 100-mile limit in the context of noting that "parties often agree that production, particularly of electronically stored information, be transmitted by electronic means," and that such "arrangements facilitate discovery, and nothing in these amendments limits the ability of parties to make such arrangements." FED. R. CIV. P. 45 advisory committee's note (2013). This would be an odd means of indicating that documents transmitted by electronic means are effectively produced at the location at which they are received, rather than the place of their transmittal. Indeed, the note strongly implies that, even when parties agree to transmittal of documents by electronic means, the production still occurs only "at a place within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person." *Id.*

[3] The parties appear to assume that such district would be the Northern District of Ohio, in which Northwood, Ohio, is located, but theoretically, any location within 100 miles of Northwood could properly be designated for production under Rule 45 and that location could be in some other district.

Discovery in this matter, however, is governed by not only Rule 45, but by the MDL statute. As noted, under that statute, this Court "may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(b). While the statute only refers to an MDL court's authority to exercise the powers of an out-of-district judge "for the purpose of conducting pretrial depositions," most courts to address the issue have held that the statute confers broader authority on an MDL court to oversee other discovery disputes, such as those involving document subpoenas issued to non-parties. Indeed, this statutory provision is part of the larger MDL statute, which broadly provides that separate civil actions should be coordinated or consolidated "for the convenience of parties and witnesses" when doing so "will promote the just and efficient conduct of such actions." *Id.* § 1407(a).

Thus, the Sixth Circuit (not incidentally, the circuit in which the Northern District of Ohio is located) has held that a "judge presiding over an MDL case … can compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468-69 (6th Cir. 2006) (citing § 1407(b)); *see also In re Asbestos Prods. Liab. Litig.*, 256 F.R.D. 151, 154 (E.D. Pa. 2009) (Robreno, J.) ("Several courts have reconciled the language of both the statute and the federal rule to find that the statute's reference to 'depositions' encompasses document production subpoenas as well."); *In re Auto.*

- 6 -

*Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 485 n.5 (E.D. Pa. 2005) (Surrick, J.) ("Although § 1407(b) refers to 'pretrial depositions,' the statute has been construed to encompass subpoenas duces tecum as well."); *cf. Studer Group, L.L.C. v. Cleveland Clinic Found.*, No. 1:12-mc-53, 2012 U.S. Dist. LEXIS 143918, at *4 (N.D. Ohio Oct. 4, 2012) ("In *Pogue*, the Sixth Circuit noted that a judge presiding over a multi-district litigation (MDL) case is empowered by federal law to enforce, modify, or quash a subpoena directed to an extradistrict nonparty.").

As Judge Robreno explained in *Asbestos Products*, the Sixth Circuit's interpretation of the MDL statute "seems reasonable in light of the purpose of the statute to coordinate and consolidate pretrial proceedings, providing centralized management to ensure 'just and efficient' conduct." *Asbestos Prods.*, 256 F.R.D. at 154 (internal quotation omitted). Moreover, to "hold that a court presiding over an MDL case could not enforce a motion to compel would hamper the ability of an MDL court to coordinate and consolidate pretrial proceedings." *Id.*

PSI argues that the 2013 amendments to Rule 45 effectively overruled the Sixth Circuit's decision in *Pogue* and limited the scope of the MDL statute to depositions, but its argument is not persuasive. Even before the 2013 amendments to Rule 45—*i.e.*, at the time of the *Pogue* decision and other decisions reaching the same conclusion as *Pogue*—Rule 45 did not authorize a court in which an action was pending to adjudicate a motion related to a subpoena for production of documents when production was sought in another district. *See* FED. R. CIV. P. 45(a)(2)(C), (c)(2)-(3) (2012); *cf. Pogue*, 444 F.3d at 468 (noting that the Rules in effect in 2006 were "designed to ensure that district

courts remain firmly in control of those depositions and document productions involving nonparties located in their districts").

Thus, both before and after the 2013 amendments, Rule 45 conferred authority to enforce a subpoena only on the court for the district in which compliance was sought. *See also* FED. R. CIV. P. 45 advisory committee's note (2013) ("The goal of the present amendments is to clarify and simplify the rule. The amendments … collect in a new subdivision (c) the previously scattered provisions regarding place of compliance."); *id.* ("Subdivision (c) is new. It collects the various provisions on where compliance can be required and simplifies them."). But both before and after the 2013 amendments, an MDL court's authority over a motion to enforce a subpoena requiring production outside the MDL district arose from a federal statute and not Rule 45.

In short, there is no basis to conclude that the 2013 amendments to Rule 45 *sub silentio* altered the MDL statute's conferral of authority on an MDL court to adjudicate a motion involving a subpoena requiring compliance in another district. A number of courts have reached this same conclusion in rejecting the argument PSI makes here. *See, e.g., In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-md-2785, 2018 U.S. Dist. LEXIS 204563, at *14-*16 (D. Kan. Dec. 4, 2018) ("Other courts thus have concluded—both before and after the 2013 amendment to Rule 45— that § 1407(b) empowers an MDL judge to enforce a subpoena duces tecum acting as a judge of another district."); *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-cv-20000, 2017 U.S. Dist. LEXIS 229386, at *26 (N.D. Ala. Dec. 4, 2017) ("The 2013 Amendments to Rule 45 do not substantively alter the reasoning in [*Pogue*] regarding the MDL court's

- 8 -

power to decide a motion to compel and order enforcement of a subpoena." (footnote omitted)).

PSI cites a number of cases that purportedly hold otherwise, but these authorities are not persuasive support for the argument that this Court does not have jurisdiction over this dispute. In many of the cases PSI cites, a motion to compel was filed in a compliance court and transferred to an MDL court pursuant to Rule 45(f), but the MDL courts in those cases did not hold that this procedure was *required* or that the MDL court would not have had authority to adjudicate the motion if it had been filed directly in that court. *See, e.g.*, *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2325, 2016 U.S. Dist. LEXIS 84838, at *7 n.1 (S.D. W. Va. May 31, 2016) (noting that case was transferred from compliance court but noting that, in addition, "jurisdiction to resolve the motion to quash or modify exists under 28 U.S.C. § 1407"); *In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 2:13-md-02436, 2014 U.S. Dist. LEXIS 89981, at *1-*2 (E.D. Pa. July 1, 2014) (Stengel, J.) (simply noting that motion was transferred from compliance court without analyzing whether this was the required procedure); *In re Method of Processing Ethanol Byproducts & Related Subsystems '858 Patent Litig.*, No. 1:10-ml-02181, 2013 U.S. Dist. LEXIS 102610, at *5 (S.D. Ind. July 23, 2013) (same); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-2591, 2017 U.S. Dist. LEXIS 44192, at *199 n.1 (D. Kan. Mar. 24, 2017) (same).

In the other cases PSI cites, the courts held that an MDL court does not have authority to decide a motion initially filed in that court, but the reasoning of those courts, to the extent they included any reasoning, is unpersuasive and inconsistent with

the analysis in *Pogue. See, e.g., In re Monitronics Int'l, Inc.*, No. 1:13-md-2493, 2014 U.S. Dist. LEXIS 191514, at *16 (N.D. W. Va. June 19, 2014) (including no MDL-specific discussion of the jurisdictional issue in its analysis and not even mentioning the MDL statute); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-2591, 2017 U.S. Dist. LEXIS 11749, at *1447-*1448 (D. Kan. Jan. 27, 2017) (same); *West Hills Farm, LLC v. ClassicStar, LLC (In re ClassicStar Mare Lease Litig.)*, No. 5:07-CV-353, 2017 U.S. Dist. LEXIS 248, at *48 n.4 (E.D. Ky. Jan. 3, 2017) (finding no jurisdiction while noting that there "perhaps are nuances to this principle in MDL cases," but not relying on these nuances because the "parties did not discuss this foundational jurisdictional issue in any way"); *see also In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670, 2018 U.S. Dist. LEXIS 7669, at *44-*46 (S.D. Cal. Jan. 17, 2018) (relying on an interpretation of Section 1407(b) that is inconsistent with *Pogue*); *Monat Global Corp. v. Miller (In re Monat Hair Care Prods. Mktg., Sales Practices & Prods. Liab. Litig.)*, No. 18-MD-02841, 2020 U.S. Dist. LEXIS 71617, at *9-*11 (S.D. Fla. Apr. 23, 2020) (same); *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 374, 377 n.3 (D.D.C. 2017) (noting that MDL court had determined that it lacked the authority to enforce a subpoena that sought compliance in another district, but also noting that "[n]umerous courts have explained that the authority granted in section 1407 to conduct 'pretrial depositions' encompasses the power to act as a judge in any district for purposes of other discovery matters as well, including, *inter alia*, enforcing subpoenas to produce documents" (citing *Pogue*)).

Both the Sixth Circuit and district courts within this District have held that the MDL statute confers authority on an MDL court to adjudicate a motion to compel a non-party

to comply with a subpoena for production of documents that commands compliance outside the MDL district. This interpretation of Rule 45 and the MDL statute remains persuasive after the 2013 amendments to Rule 45, which did not alter either the non-MDL rule that only the court for the district in which compliance is sought has authority to adjudicate such a motion or the MDL statute.

**Recommendation**

The Special Discovery Master recommends that the Court overrule PSI's objections to the Court's and the Special Discovery Master's exercise of jurisdiction over Teva's motion to compel PSI's compliance with Teva's subpoena.

Respectfully submitted,

/s/ Bruce P. Merenstein
Bruce P. Merenstein, Special Discovery Master
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2249
(215) 972-7266 (facsimile)

Dated: September 30, 2020