# FINE, KAPLAN AND BLACK, R.P.C.

### ATTORNEYS AT LAW
ONE SOUTH BROAD STREET, 23RD FLOOR
PHILADELPHIA, PENNSYLVANIA 19107

ROBERTA D. LIEBENBERG
JEFFREY S. ISTVAN
GERARD A. DEVER
PAUL COSTA
ADAM J. PESSIN
MARY L. RUSSELL
RIA C. MOMBLANCO
JESSICA D. KHAN

(215) 567-6565
FAX:  (215) 568-5872
E-mail: mail@finekaplan.com
www.finekaplan.com

ALLEN D. BLACK
ARTHUR M. KAPLAN
DONALD L. PERELMAN
MATTHEW DUNCAN
ELISE E. SINGER
ROBERT A. LARSEN
JOSEPH J. BORGIA
OF COUNSEL

AARON M. FINE
1923-2013

October 7, 2020

The Honorable Cynthia M. Rufe
United States District Court
  for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Suite 12614
Philadelphia, PA  19106

> Re:    *In re: Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724

Dear Judge Rufe:

On October 2, 2020, in one of the Kroger Plaintiff actions, Defendants filed their Response to the Kroger Direct-Action Plaintiffs' Motion for Leave to Amend. *The Kroger Co., et al. v. Actavis Holdco U.S., Inc., et al*., No. 18-CV-284, ECF 233 ("Defendants' Response"). In the Response, Defendants raised questions about MDL case management, and asked the Court to enter an Order applicable to "all Plaintiffs" that would govern the filing of new or amended complaints. *Id*. at 2. Specifically, Defendants requested:

> ….that the Court enter an Order establishing December 15, 2020 as the deadline, after which late-filed or late-amended complaints should be placed on a suspense docket. [footnote 3]: For cases placed on the suspense docket, (1) all discovery relating to any pharmaceutical products or defendants unique to those late-filed or late-amended cases will be held in abeyance until further Court order, and (2) responses to any such complaints shall be stayed until further Court order.

*Id.* at 2-3 & n.3. Defendants' filing is highly inappropriate, and Plaintiffs respectfully request that the Court disregard Defendants' request for such an Order.[1]

---

[1] The Kroger DAPs join this letter in full and will also Reply separately to the remainder of Defendants' Response.

Hon. Cynthia M. Rufe
October 7, 2020
Page 2


As reported to the Court during recent Status Conferences, the parties have been negotiating a Case Management Order for the next phase of this MDL, including a deadline for the filing of any new or amended complaints. *See, e.g.*, Tr. of July 9, 2020 Status Conf. at 23:6-7 & 48:14-50:14. Over the course of several months, the parties have held multiple meet and confers and exchanged several written proposals. Those discussions are ongoing; Plaintiffs provided their most recent proposal on September 24, 2020, to which Defendants have not yet responded.

Therefore, Plaintiffs were quite surprised to see that Defendants' Response seeks relief as to one of the *exact same issues* that the parties are still actively discussing: establishing a deadline for new or amended complaints and the effect of such a deadline. We were also surprised that Defendants would request an Order containing the language quoted above when Defendants have *never proposed that language to Plaintiffs* in the course of our many discussions. Plaintiffs object to Defendants' efforts to bypass the parties' ongoing negotiations and prematurely seek Court intervention on this issue. Plaintiffs requested that Defendants withdraw the Response in light of these concerns, but they declined.[2]

Plaintiffs respectfully request that the Court disregard the request in Defendants' Response. Instead, we propose that the parties continue their negotiations, which have been productive. If there is an impasse, the parties will alert the Court or Special Masters as appropriate.

Respectfully,


*/s/  Roberta D. Liebenberg*          */s/  Dianne M. Nast*
Roberta D. Liebenberg                     Dianne M. Nast
FINE, KAPLAN AND BLACK, R.P.C.    NASTLAW LLC
One South Broad Street, 23rd Floor    1101 Market Street, Suite 2801
Philadelphia, PA  19107                   Philadelphia, PA  19107
215-567-6565                                 215-923-9300
rliebenberg@finekaplan.com            dnast@nastlaw.com

*Lead and Liaison Counsel for the*      *Lead and Liaison Counsel for the*
*End-Payer Plaintiffs*                        *Direct Purchaser Plaintiffs*

---

[2] Plaintiffs also object to Defendants' Response insofar as it leaves the false impression that filing of additional complaints could "undermine the progress of the MDL" (*id*. at 4), particularly when it comes to discovery. Defendants failed to inform the Court that the parties have already agreed on terms that guarantee any additional complaints will not impede or "undermine" discovery progress. Plaintiffs further object that Defendants sought relief against "all Plaintiffs" via a filing on the Kroger Plaintiffs' docket. Other Plaintiffs have no ability to file a response on that docket. If Defendants wish to seek relief as to all Plaintiffs and all actions, such a request should be filed on the Master Docket. *See* PTO 33 ¶ 7.

Hon. Cynthia M. Rufe
October 7, 2020
Page 3

/s/  Jonathan M. Cuneo
Jonathan W. Cuneo
CUNEO, GILBERT & LADUCA LLP
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20016
202-789-3960
jonc@cuneolaw.com

*Lead Counsel for the*
*Indirect Reseller Plaintiffs*

/s/  W. Joseph Nielsen
W. Joseph Nielsen
Assistant Attorney General
State of Connecticut
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
860-808-5040
Joseph.Nielsen@ct.gov

*Liaison Counsel for the States*

/s/  William J. Blechman
William J. Blechman
KENNY NACHWALTER, P.A.
1441 Brickell Avenue, Suite 1100
Miami, Florida 33131
305-373-1000
wblechman@knpa.com

*Counsel for the Kroger Direct Action*
*Plaintiffs and Liaison Counsel for DAPs*

cc:    David H. Marion, Esquire (via email)
       Bruce P. Merenstein, Esquire (via email)
       Dan Regard (via email)
       Morgan S. Birch, Esquire (via email)