IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**RESPONSE IN OPPOSITION BY CERTAIN PLAINTIFFS TO DEFENDANT ARA APRAHAMIAN'S MOTION FOR LEAVE TO FILE UNDER SEAL HIS MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STAY ALL CIVIL PROCEEDINGS AGAINST HIM**

On March 7, 2020, Defendant Aprahamian along with certain other defendants (collectively, the "Individual Defendants") filed their Motion to Stay their Responses to the Plaintiff States' First Set of Interrogatories and Requests for Production (the "Prior Stay Motion"). (MDL Doc. No. 1286; Doc. No. 144 in Civil Action No. 19-2407.) Before filing the Prior Stay Motion, the Individual Defendants sought consent from the States to file the same under seal. The States consented under the belief that the Prior Stay Motion would include sensitive discovery information and/or exhibits that may warrant confidential treatment. As a result, the Individual Defendants filed an unopposed Motion for Leave to File the Prior Stay Motion Under Seal (the "Prior Motion to Seal"). (MDL Doc. No. 1287; Doc. No. 145 in Civil Action No. 19-2407.)

After the States had an opportunity to review the Prior Stay Motion, however, the States could not find any basis for the Prior Stay Motion to be maintained under seal. Because the States had already given their consent, the States did not submit a brief formally opposing the

Prior Motion to Seal. Instead, the States noted their concerns in their brief opposing the Motion to Stay. (MDL Doc. No. 1312, at 5 n.1; Doc. No. 155 in Civil Action No. 19-2407.)

On September 17, 2020, the Court denied the Prior Stay Motion as moot; however, given that the Prior Motion to Seal was unopposed, the Court granted the Prior Motion to Seal. (MDL Doc. No. 1523; Doc. No. 175 in Civil Action No. 19-2407.)

Defendant Aprahamian now moves the Court to stay not just his discovery obligations, but all civil proceedings against him (the "Current Stay Motion"). (MDL Doc. No. 1537.) Additionally, Defendant Aprahamian requests leave to file the Current Stay Motion under seal (the "Current Motion to Seal"). (MDL Doc. No. 1536.) Defendant Aprahamian's *sole basis* for filing the Current Stay Motion under seal is that his Memorandum of Law in Support of the Current Stay Motion "describes and quotes from the sealed papers filed in connection with the Prior Stay Motion." (MDL Doc. No. 1536-2 at 2.)

Though the States and the other undersigned Plaintiffs' groups believe that nothing in briefing on the Prior Stay Motion warrants maintaining it under seal, the Court need not wrestle with that issue in order to deny Defendant Aprahamian's Current Motion to Seal. Instead, all the Court needs to do is look at the alleged "descri[ptions] and quotes" that Defendant Aprahamian references. Those references consist of nothing more than: (1) noting the fact that the Individual Defendants filed the Prior Stay Motion and briefed the matter; and (2) selective quotations of the States' legal arguments opposing the Prior Stay Motion. (*See* MDL Doc. No. 1537-2 at 2, 7, & 9.) These are not matters that trump the public's presumptive right to access to judicial records.

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). In order to overcome the presumptive right of access, the party seeking to have a

2

judicial record sealed "'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* at 194 (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

The mere fact that the Individual Defendants filed their Prior Stay Motion is not a confidential matter. Indeed, it is already a matter of record acknowledged in this Court's Order denying that Prior Stay Motion. (*See* MDL Doc. Nos. 1523 & 1536-2.) Likewise, the States do not consider their own legal arguments in opposition to the Prior Stay Motion to be confidential matters, and Defendant Aprahamian cannot make any plausible argument why the States' legal arguments are "the kind of information that courts will protect" or that public "disclosure will work a clearly defined and serious injury" to him. *Cendant Corp.*, 260 F.3d at 194.

Because Defendant Aprahamian has not and cannot meet the standards necessary to keep his filings shielded from public view, the Court should deny his Current Motion to Seal.

Dated: October 13, 2020                                            Respectfully Submitted,

WILLIAM TONG                                                        ERIC S. SCHMITT
ATTORNEY GENERAL                                                    ATTORNEY GENERAL

<u>/s/ W. Joseph Nielsen</u>                                        <u>/s/ Michael Schwalbert</u>
W. Joseph Nielsen                                                   Michael Schwalbert
Assistant Attorney General                                          Assistant Attorney General
55 Elm Street                                                       815 Olive St., Ste. 200
P.O. Box 120                                                        Saint Louis, MO 63101
Hartford, CT 06141-0120                                             (p) 314-340-7888
Tel: (860) 808-5040                                                 (f) 314-340-7981
Fax: (860) 808-5033                                                 Michael.Schwalbert@ago.mo.gov
Joseph.Nielsen@ct.gov

*Liaison Counsel for the States*                                    *Counsel for Plaintiff State of Missouri*

*/s/ Dianne M. Nast*
Dianne M. Nast
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, PA 19107
215-923-9300
dnast@nastlaw.com

*Liaison and Lead Counsel for Direct Purchaser Plaintiffs*

*/s/ Roberta D. Liebenberg*
Roberta D. Liebenberg
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
215-567-6565
rliebenberg@finekaplan.com

*Liaison and Lead Counsel for End-Payer Plaintiffs*

*/s/ Jonathan W. Cuneo*
Jonathan W. Cuneo
CUNEO GILBERT & LADUCA LLP
4725 Wisconsin Avenue, NW
Suite 200
Washington, DC 20016
202-789-3960
jonc@cuneolaw.com

*Lead Counsel for Indirect-Reseller Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2020, I caused a copy of the foregoing Response in Opposition by Certain Plaintiffs to Defendant Ara Aprahamian's Motion for Leave to File Under Seal his Memorandum of Law in Support of his Motion to Stay All Civil Proceedings Against Him and Proposed Order to be served on all counsel of record in 16-MD-2724 via the Court's ECF system.

/s/ Michael Schwalbert

Michael Schwalbert
*Counsel for Plaintiff State of Missouri*