UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>Civil Case No. 2:16-md-2724-CMR |
| THIS DOCUMENT RELATES TO:<br><br>*County of Suffolk v. Actavis Holdco US, Inc., et al.*, 20-cv-04893-CMR | Individual Civil Case No. 2:20-cv-04893-CMR<br><br>HON. CYNTHIA M. RUFE |

**JOINT STIPULATION**

WHEREAS, Plaintiff County of Suffolk filed a complaint on August 27, 2020, in the action *County of Suffolk v. Actavis Holdco US, Inc. et al.*, Case No. 2:20-cv-04009, in the Eastern District of New York against various Defendants including Rising Pharma Holdings, Inc. ("New Rising," and together with County of Suffolk, the "Parties") and Rising Pharmaceuticals, Inc. ("Old Rising");

WHEREAS, the Action was transferred by the United States Judicial Panel on Multidistrict Litigation on October 2, 2020 to the Eastern District of Pennsylvania, assigned Case No. 20-cv-04893, and centralized for pretrial proceedings as part of *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, Case No. 16-md-2724-CMR, MDL No. 2724;

WHEREAS, in April 2019, New Rising purchased certain assets from Old Rising comprising Old Rising's pharmaceuticals business "free and clear of all Liens, Claims and Interests" such that New Rising is not subject "to any liability of any Liens, Claims or interests whatsoever (including, without limitation, under any theory of equitable law, ***antitrust***, or successor or transferee liability) . . . ." *See* Order, *In re: Aceto Corp.*, Case No. 19-13448-VFP, Dkt. No. 372, ¶ R (D.N.J. Bankr. April 10, 2019) (emphasis added) (attached hereto as Exhibit A);

1

WHEREAS, Plaintiff's Complaint refers to New Rising and Old Rising collectively as "Rising," yet all of the allegedly anticompetitive or illegal conduct ascribed to "Rising" in the Complaint pertain to Old Rising;

WHEREAS, Plaintiff's Complaint does not allege that New Rising engaged in any anticompetitive or illegal activity;

WHEREAS, Plaintiff agrees to dismiss its claims against New Rising with prejudice.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel, on behalf of their respective clients, as follows:

1. All claims against New Rising are hereby dismissed with prejudice.

2. Each of the undersigned represents and warrants he or she is duly authorized to enter into this Stipulation and that each intends the Stipulation to be a valid and binding obligation, enforceable in accordance with its terms.

IT IS SO STIPULATED

/s/ *Michael Liskow*
REGINA M. CALCATERRA
rcalcaterra@calcaterrapollack.com
JANINE POLLACK
jpollack@calcaterrapollack.com
MICHAEL LISKOW
mliskow@calcaterrapollack.com
1140 Avenue of the Americas
9th Floor
New York, New York 10036
(212) 899-1760
*Attorneys for Plaintiff*

Steven E. Bizar
John P. McClam
Tiffany E. Engsell
steven.bizar@dechert.com
john.mcclam@dechert.com
tiffany.engsell@dechert.com
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2000
*Attorneys for Defendant Rising Pharma Holdings, Inc.*