UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br>*All Actions* | HON. CYNTHIA M. RUFE |

**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S
RESPONSE IN OPPOSITION TO PRESCRIPTION SUPPLY INC.'S OBJECTIONS TO
SPECIAL MASTER MERENSTEIN'S THIRD REPORT AND RECOMMENDATION**

Special Master Merenstein's Third Report and Recommendation (ECF No. 1539) ("R&R") correctly concluded that the MDL Statute, 28 U.S.C. § 1407, confers authority on this Court to resolve disputes involving extra-district Rule 45 subpoenas. Defendant Teva Pharmaceuticals USA, Inc. ("Teva") respectfully requests that the Court adopt Special Master Merenstein's R&R and overrule the objections of non-party Prescription Supply, Inc. ("Prescription Supply" or "PSI").

The case law is clear that this Court and its designated special masters have jurisdiction to resolve disputes arising from the Rule 45 subpoena that Teva issued to non-party pharmaceutical wholesaler PSI. *See* 28 U.S.C. § 1407(b) ("The judge … may exercise the powers of a district judge *in any district* for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings") (emphasis added); *see also United States ex rel Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468-69 (6th Cir. 2006) (in MDL proceedings, the presiding court can compel production by an extra-district nonparty). In *Pogue*, the Sixth Circuit explained that "[a] judge presiding over an MDL case …

1

can compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt …." *Id.*; *see also Asbestos Prods. Liab. Litig.*, 256 F.R.D. at 154 (same); *cf. Studer Group, L.L.C. v. Cleveland Clinic Found.*, No. 1:12-mc-53, 2012 WL 4754742, at *1 (N.D. Ohio Oct. 4, 2012) (recognizing the authority conferred by the MDL Statute and the holding in *Pogue*, but distinguishing *Pogue* because the underlying case was not an MDL). Any other result would undermine a central purpose of consolidated proceedings pursuant to 28 U.S.C. § 1407.

Prescription Supply contends that this Court's authority should instead be confined to disputes regarding depositions. *See* PSI Objs. to R. & R. 7-8 (ECF No. 1562). To the contrary, numerous courts, including this Court, have held that the MDL Statute necessarily includes an MDL judge's authority to enforce subpoenas *duces tecum*. *See U.S. ex rel. Pogue*, 444 F.3d at 468-71; *see also In re Asbestos Prods. Liab. Litig.*, 256 F.R.D 151, 154 (E.D. Pa. 2009) ("Several courts have reconciled the language of both the statute and the federal rule to find that the statute's reference to 'depositions' encompasses document production subpoenas as well."); *In re Accutane Prods. Liab. Litig.*, No. 804-MD-2523-T-30TBM, 2006 WL 1000311, at *2 n.3 (M.D. Fla. Apr. 14, 2006); *In re Auto. Refinishing Paint*, 229 F.R.D. 482, 485 n.5 (E.D. Pa. 2005) ("Although § 1407(b) refers to 'pretrial depositions,' the statute has been construed to encompass subpoenas duces tecum as well."). PSI's brief makes no attempt to distinguish or otherwise address these authorities, which were expressly cited and relied on by Special Master Merenstein on this critical point. *See* R. & R., at pp. 6-7.

As an alternative, PSI contends that this dispute must instead be litigated in the Northern District of Ohio, its home district. But for good reason, the MDL statute provides that "[t]he judge or judges to whom [MDLs] are assigned ... may exercise the powers of a district judge in

any district for the purpose of … consolidated pretrial proceedings." 28 U.S.C. § 1407(b). As numerous courts have explained, this statutory authority should be construed to include compliance with Rule 45 subpoenas. Any alternative construction would "hamper the ability of [this] MDL court to coordinate and consolidate pretrial proceedings." *See Asbestos Prods. Liab. Litig.*, 256 F.R.D. at 154 (explaining that the purpose of the MDL Statute is to streamline pretrial proceedings and provide centralized management to ensure "just and efficient" conduct); *see also In re EpiPen Marketing, Sales Practices, and Antitrust Litig.*, Civ. A. No. 17-md-2785-DDC-TJJ, 2018 WL 2980879, at *3 (D. Kan. June 13, 2018) (holding an MDL court had jurisdiction to resolve nonparty discovery dispute compelling the production of documents pursuant to the MDL Statute and noting that "[t]he statute's remedial purpose of eliminating the potential for conflicting contemporaneous pretrial rulings would be frustrated if the MDL court could not entertain motions to compel").[1]

PSI is also incorrect that the 2013 Amendments to Rule 45 have any bearing on this issue. Those amendments, which addressed a court's authority to transfer subpoena-related motions to the court where the action is pending, did not, and could not, modify an MDL court's authority to rule on a motion to compel; the MDL court's authority is governed by the MDL Statute and not Rule 45 or Rule 37. *See EpiPen,* 2018 WL 2980879 at *3 (finding the 2013 Amendment to Rule 45 had no bearing on the resolution of a nonparty discovery dispute because

---

[1] Even if this Court declined to resolve the present dispute, this dispute would likely be ultimately transferred back to this Court for resolution, thus exposing the fundamental inefficiency of PSI's preferred outcome. *See* Fed. R. Civ. P. 45(f); *Meijer Inc. v. Ranbaxy Inc.,* Misc. Action No. 17-91, 2017 WL 2591937 (E.D. Pa. June 15, 2017) (holding that transfer to issuing court in a generic pharmaceutical antitrust litigation was appropriate because: (1) the burden on the nonparty was slight where the nonparty did not have to travel to dispute the motion; (2) the underlying case was complex and subject to a focused case management order; and (3) discovery issues presented in the motion to compel were likely to arise again); *see also Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d at 376 (finding that exceptional circumstances warranted transfer of subpoena dispute to the issuing MDL court in a putative antitrust class action being litigated as an MDL and involving 50 separate actions because interest in avoiding disruption to MDL "plainly outweigh[ed] the negligible burden" to nonparty, and issuing court was best positioned to address merits of motion to enforce).

"the basis for ruling that an MDL transferee court has authority to rule on a motion to compel in this situation (where a Rule 45 subpoena is issued by the MDL court but compliance is sought in another district) is not Rule 45 or Rule 37").  Instead, courts find authority in 28 U.S.C. § 1407 to resolve Rule 45 disputes because the statute "expressly empowers an MDL court to 'exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions.'"  *Id.*; *see also In re Blue Cross Blue Shield Antitrust Litig.*, Civ. A. No. 2:13-cv-20000-RDP (All Related Cases), 2017 WL 11539533, at *2 (N.D. Ala. Dec. 4, 2017) (granting motion to compel nonparty to comply with document and deposition subpoenas and holding that the MDL court had jurisdiction to rule on the motion because "[t]he 2013 Amendments to Rule 45 do not substantively alter the reasoning in *United States ex rel. Pogue* regarding the MDL court's power to decide a motion to compel and order enforcement of a subpoena.").[2]  Once again, PSI's brief makes no attempt to distinguish or otherwise address these authorities, which were expressly cited and relied on by Special Master Merenstein on this critical point.  *See* R. & R., at pp. 8-9.

     For all of the foregoing reasons and the reasons stated in Special Master Merenstein's R&R, Teva respectfully requests that this Court overrule Prescription Supply's objections and hold that it has jurisdiction over Teva's subpoena issued to Prescription Supply and any related discovery dispute that may arise.

---

[2] Moreover, given the realities of modern litigation and the availability of telephonic conferences, requiring Prescription Supply to litigate its non-compliance with Teva's subpoena before this Court would impose no additional burden.

DATED: November 6, 2020                                     Respectfully submitted,

*/s/ John J. Pease III*
J. Gordon Cooney, Jr.
John J. Pease III
Alison Tanchyk
William T. McEnroe
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
jgcooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com

Amanda B. Robinson
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
amanda.robinson@morganlewis.com

*Counsel for Defendant Teva Pharmaceuticals USA, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2020, I caused a copy of the foregoing Response In Opposition To Prescription Supply Inc.'s Objections To Special Master Merenstein's Third Report And Recommendation to be served on counsel of record via the Court's CM/ECF system.

>*/s/ John J. Pease III*
>John J. Pease III