UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S
MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 5.2(d), Local Rules 5.1.2(7) and 5.1.5, and Pretrial Orders 7, 45, and 53 (ECF Nos. 121, 561, and 697), Defendant Teva Pharmaceuticals USA, Inc. ("Teva") respectfully moves for an Order granting leave to file under seal its Motion for Reconsideration of the Court's July 13, 2020 Memorandum and Order on Bellwether Selection (ECF No. 1578) ("Motion for Reconsideration").

The United States Court of Appeals for the Third Circuit has set forth the following factors to assist courts in evaluating whether good cause exists to seal a document from public access:

> 1. Whether disclosure will violate any privacy interests;
>
> 2. Whether the information is being sought for a legitimate purpose or for an improper purpose;
>
> 3. Whether disclosure of the information will cause a party embarrassment;
>
> 4. Whether confidentiality is being sought over information important to public health and safety;
>
> 5. Whether the sharing of information among litigants will promote fairness and efficiency;

1

> 6. Whether a party benefitting from the order of confidentiality is a public entity or official; and
>
> 7. Whether the case involves issues important to the public.

*In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (citations and quotations omitted).

Here, Teva does not seek to seal its entire Motion for Reconsideration, but rather two types of information contained in the Motion. The first is information related to a list of individuals that the United States Department of Justice Antitrust Division provided to the parties and Court on April 29, 2020, the content of which is non-public and designated "Outside Counsel's Eyes Only" pursuant to this Court's Pretrial Order 53 (ECF No. 697) ("PTO 53") ("DOJ List"). The second is non-public information relating to the United States' August 25, 2020 Indictment of Teva. *See United States v. Teva Pharmaceuticals, USA, Inc. and Glenmark Pharmaceuticals Inc., USA*, No. 20-CR-00200-RBS (ECF No. 28) (E.D. Pa.).

First, sealing information relating to the DOJ List is necessary to comply with PTO 53 and Special Master Merenstein's July 29, 2020 Informal Recommendation, which has been accepted by the parties to the MDL and which recognized the need to limit disclosure of the DOJ List because DOJ "has a duty to investigate and prosecute possible criminal wrongdoing, which it fears may be compromised to some extent by disclosure of the List." *See* Ex. A. Special Master Merenstein concluded that disclosure of the DOJ List should be limited to "one in-house counsel [for corporate counsel] who is actively assisting in the MDL" as well as any individual defendants in the MDL. *Id.*

Second, to protect DOJ's interest in its investigation and Teva's interests in its defenses thereto, Teva respectfully requests the ability to redact non-public information that pertains to the DOJ's Indictment of Teva. *See Avandia*, 924 F.3d at 672 (the presumption of public access may

be rebutted where "the material is the kind of information that courts will protect" and "disclosure will work a clearly defined and serious injury") (citation omitted). As shown between the public redacted version of the Motion and the proposed sealed version, Teva has narrowly tailored its request, and has proposed redactions of only the most sensitive information, including the identity of unindicted individuals, that would cause serious injury in the event of disclosure. *See id.* at 673 (requiring that a sealing request be "narrowly tailored") (citation omitted).

Pursuant to the Court's March 25, 2020 Standing Order[1] and Notice,[2] Teva has submitted an unredacted PDF version of its Motion for Reconsideration via email to the Clerk's Office.[3]

---

[1] *See* Standing Order, In re Temp. Closing of the James A. Byrne U.S. Courthouse in Phila., U.S. DIST. CT. E.D. PA. (Mar. 25, 2020), https://www.paed.uscourts.gov/documents/notices/not_resubmit%20hard%20copy%20documents%20electronically.pdf.

[2] *See* Notice to Filers of Hard Copy Documents to Resubmit Electronically, U.S. DIST. CT. E.D. PA. (Mar. 25, 2020), https://www.paed.uscourts.gov/documents/notices/not_resubmit%20hard%20copy%20documents%20electronically.pdf.

[3] Teva has filed a redacted public version of its Motion for Reconsideration via the Court's CM/ECF system. *See* ECF No. 1578.

Dated: November 13, 2020

Respectfully submitted,

/s/ *J. Gordon Cooney, Jr.*
J. Gordon Cooney, Jr.
John J. Pease III
Alison Tanchyk
William T. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
jgcooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com

Amanda B. Robinson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
amanda.robinson@morganlewis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2020, I caused a copy of the foregoing Motion for Leave to File Under Seal to be served on counsel of record via the Court's CM/ECF system.

*/s/ William T. McEnroe*
William T. McEnroe
