# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | MDL 2724 <br> 16-MD-2724 |
| | **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:** | Civil Action Nos. |
| *State Attorneys General Litigation* | 17-3768 <br> 19-2407 |

# ORDER

**AND NOW**, on this 16th day of November 2020, upon consideration of the attached Stipulation, regarding the resolution of a discovery dispute between certain Defendants and Plaintiff Puerto Rico, it is hereby **ORDERED** that the Stipulation is **APPROVED**.

It is so **ORDERED.**

**BY THE COURT:**

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE<br><br>Civil Action Nos.<br><br>17-3768<br><br>19-2407 |
| **THIS DOCUMENT RELATES TO:**<br>*States Attorneys Generals Litigations* | |

### JOINT STIPULATION ON DEFENDANTS' MOTION TO COMPEL PUERTO RICO

WHEREAS, on October 23, 2020, Defendants[1] filed a Motion to Compel Puerto Rico with Special Master Marion;

WHEREAS, on October 30, 2020, a telephone conference was held with Special Master Marion on the Motion to Compel;

WHEREAS, on November 12, 2020, based on Special Master Marion's informal recommendation, Defendants and Puerto Rico came to an agreed-upon resolution on Defendants' Motion to Compel;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Puerto Rico ("Puerto Rico") and counsel for certain Defendants as follows:

(1) On or before November 16, 2020, Puerto Rico shall produce documents responsive to Request No. 23 of Defendants' First Set of Requests For Production of Documents to Plaintiff States ("Defendants' Requests for Production"), including

---

[1] Joining in this motion were the following Defendants: Actavis Pharma, Inc., and Actavis Holdco U.S., Inc.; Amneal Pharmaceuticals, Inc. and Amneal Pharmaceuticals LLC; Apotex Corp.; Aurobindo Pharma USA, Inc.; Bausch Health Americas, Inc. and Bausch Health US, LLC; Breckenridge Pharmaceutical, Inc.; Citron Pharma LLC; Dr. Reddy's Laboratories, Inc.; Glenmark Pharmaceuticals Inc., USA; Greenstone LLC; Lannett Company, Inc.; Lupin Pharmaceuticals, Inc.; Mayne Pharma Inc.; Mylan Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; Sandoz Inc.; Sun Pharmaceutical Industries, Inc.; Taro Pharmaceuticals USA, Inc.; Teva Pharmaceuticals USA, Inc.; Upsher-Smith Laboratories LLC; Wockhardt USA LLC; Zydus Pharmaceuticals (USA), Inc.

      organizational charts throughout the Relevant Time Period (as defined in Defendants' Requests For Production) for the Department of Health, Puerto Rico Health Insurance Administration and the Department of Correction and Rehabilitation ("Puerto Rico's Agencies"), the only three agencies on behalf of which Puerto Rico seeks to recover;

(2) On or before November 16, 2020, Puerto Rico shall inform Defendants of Puerto Rico's proposed custodians for Puerto Rico's Agencies pursuant to the agreed-upon ESI Protocol (Pretrial Order No. 95, ECF 1045) and this Court's Case Management Order (ECF No. 1135);

(3) On or before November 16, 2020, Puerto Rico shall inform Defendants of its theories of recovery and the nature of any remedies it will seek at trial;

(4) On or before November 16, 2020, Puerto Rico shall identify the nature and source of all known documents and data upon which it will rely to prove its purported remedies, including but not limited to any data and documents Puerto Rico intends to rely on for remedies based on non-Medicaid purchases;

(5) If after November 16, 2020, Defendants in good faith believe Puerto Rico has not fully complied with paragraphs (1) through (4) above, Defendants shall notify Puerto Rico and specify these deficiencies, and provide Puerto Rico ten (10) business days within which Puerto Rico shall cure such deficiencies;

(6) At any time, Puerto Rico may appeal to the Special Master for leave to amend its theories of recovery and each of the above matters for good cause shown provided this is done—absent special circumstances—at least 60 days before the end of fact discovery; and Defendants may oppose such changes or amendments if prejudicial to their ability to defend themselves; and

(7) At any time, for good cause shown, Defendants may request that the Special Master recommend to the Court imposition of sanctions and/or restrictions on Puerto Rico's right to seek damages or present evidence or argument, as appropriate to preserve Defendants rights to discover evidence relevant to Puerto Rico's claims and/or Defendants' defenses.

Dated: November 16, 2020

SO STIPULATED BY:

*/s/ Frank A Battaglia*
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-7952
fbattaglia@winston.com

*/s/Johan M. Rosa Rodriguez*
Assistant Attorney General
Antitrust Division
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel.: (787) 721-2900, ext. 1201, 1204
jorosa@justicia.pr.gov

*Counsel for Defendant*  *Counsel for Plaintiff Puerto Rico*
*Ascend Laboratories LLC*