# Exhibit A

# Morgan Lewis

**Steven A. Reed**
Partner
+1.215.963.5603
steven.reed@morganlewis.com

July 8, 2020

**VIA EMAIL**

The Honorable Cynthia M. Rufe
United States District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Suite 12614
Philadelphia, PA 19106-1797

Re:   In re Generic Pharmaceuticals Pricing Antitrust Litigation, 16-MD-2724

Dear Judge Rufe:

I write on behalf of Glenmark Pharmaceuticals Inc., USA ("Glenmark") with respect to a recent development that bears directly on Special Master Marion's Report and Recommendation Relating to Bellwether Selection ("R&R"), and specifically, the recommendation that the Court select the single-drug pravastatin cases brought by direct purchaser and end-payor plaintiffs as among the bellwether cases in the MDL. Glenmark is a named defendant in the pravastatin cases. On June 30, 2020, the U.S. Department of Justice ("DOJ") filed a one-count criminal information against Glenmark alleging that it "engaged in a conspiracy to increase and maintain prices of pravastatin" sold in the United States. No. 20-cr-200-RBS, Dkt. 1, at 5. In light of this development and the impact that the criminal proceedings will likely have on the parties' ability to take discovery and develop the record in a timely and appropriate manner in the civil actions, Glenmark respectfully submits that the pravastatin cases are not suitable bellwether cases in the MDL.

Bellwether cases should "move the MDL proceeding forward efficiently" and assist the parties and the court in "actively and efficiently manag[ing] the litigation." Federal Judicial Center, Bellwether Trials in MDL Proceedings: A Guide for Transferee Judges at 5, 28 (May 15, 2019); *Morgan v. Ford Motor Co.*, No. 06-1080, 2007 WL 1456154, at *9 (D.N.J. May 17, 2007) ("use of bellwether plaintiffs will be helpful to the efficiency and management of this case"). Including the pravastatin cases as bellwethers would undermine this goal given the pending criminal case against Glenmark concerning pravastatin. The parties in this MDL will prioritize discovery for bellwether cases. If the pravastatin cases are among the bellwether cases, the MDL plaintiffs may seek to depose witnesses concerning pravastatin, including current and former Glenmark employees as well as those of Glenmark's alleged co-conspirators, while the criminal case against Glenmark is pending. Relevant witnesses may be forced to "choose between waiving their Fifth Amendment rights during civil discovery or asserting the privilege and losing the civil case." *In re Derivative Litig.*, No. 06-02964, 2007 WL 1101276, at *2 (E.D. Pa. Apr. 11, 2007). If depositions proceed while the criminal case is pending and relevant witnesses assert their Fifth Amendment rights, one or more parties may seek to re-open depositions following a Glenmark acquittal, which would only prolong

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921
United States

☎ +1.215.963.5000
📠 +1.215.963.5001

The Honorable Cynthia M. Rufe
July 8, 2020
Page 2

discovery and potentially delay other pretrial matters such as expert reports and dispositive motions, which would further frustrate the goals of the bellwether process.

In such circumstances, courts may grant motions to stay civil matters in light of pending criminal matters. *See, e.g., Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375–76 (D.C. Cir. 1980) ("[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination . . ."); *Rad Servs., Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d 271, 279 n.3 (3d Cir. 1986) (recognizing courts' discretion to stay civil proceedings until a related criminal trial has concluded); *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967) (upholding district court's stay of civil antitrust case in favor of a pending criminal case). Indeed, in this MDL, the Court has already granted limited stays of depositions at DOJ's request in light of the ongoing criminal investigation. *See, e.g.*, PTO 126 (Dkt. 1409).

At this time, Glenmark is not seeking to stay all proceedings with respect to the single-drug pravastatin cases. Rather, Glenmark submits that the recently filed criminal action renders those cases unsuitable choices as bellwethers, and respectfully requests that the Court not select them in light of the Fifth Amendment and related concerns that arise when civil and criminal cases proceed in parallel.

Glenmark has conferred with the DOJ about the issues raised in this letter, and DOJ has authorized us to represent that it would not want certain depositions to go forward in light of the pending criminal action against Glenmark.

I will be available to address the issues raised in this letter during the July 9th conference or at another time that is convenient for the Court, should Your Honor have any questions.

Respectfully,

Steven A. Reed

cc: All Defense Counsel (MDL2724AllDeftsService@pepperlaw.com)
Plaintiffs' Lead Counsel (MDL2724plaintiffsleadsetc@ag.ny.gov)
Special Master David Marion (Mariond@whiteandwilliams.com)
Special Master Bruce Merenstein (bmerenstein@schnader.com)
Special Master Dan Regard (dan@idsinc.com)
Morgan Birch (Birchm@whiteandwilliams.com)
Richard Powers (Richard.Powers@usdoj.gov)
Mark Grundvig (Mark.Grundvig@usdoj.gov)
Emma Burnham (Emma.Burnham@usdoj.gov)
Thomas DeMatteo (Thomas.DeMatteo@usdoj.gov)