IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**ORDER**

Special Discovery Master Bruce Merenstein has filed a Third Report and Recommendation ("R&R"). Defendant Teva Pharmaceutical USA, Inc. submitted a letter motion to the Special Discovery Master to compel non-party Respondent Prescription Supply, Inc. ("PSI") to produce documents pursuant to a subpoena issued under Federal Rule of Civil Procedure 45. At issue is not the substance of the motion to compel, but whether the MDL Court, and by extension the Special Discovery Master, has jurisdiction to hear the dispute.

PSI is located in Ohio and argues that under the Federal Rules of Civil Procedure, any motion to enforce the subpoena must be filed in the United States District Court for the Northern District of Ohio. Rule 37(a)(2) provides that "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Rule 45 provides that a subpoena to a non-party issues from the court where the underlying action is pending, and that enforcement of the subpoena is decided in the district where compliance is required.[1] Under these Rules, and in the

---

[1] Fed. R. Civ. P. 45(f). Under the present version of the Rule, the court where compliance is required may transfer the motion to the issuing court upon consent of the person subject to the subpoena or in exceptional circumstances. The Rule was amended in 2013; it previously provided that both the issuance of the subpoena and the enforcement occur in the district where compliance is required.

Rule 37 was also amended in 2013. Rule 37(b)(1) provides that "[i]f a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of either the court where the discovery is taken or the

absence of an MDL, this Court likely would not have jurisdiction over the motion to enforce in the first instance.[2]

However, because this is an MDL, 28 U.S.C. § 1407 controls, and the statute "empowers the transferee judge in multidistrict cases to act not only on behalf of the transferee district, but also with 'the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated proceedings.'"[3] Courts have determined that "the statute's reference to 'depositions' encompasses document production subpoenas as well."[4] As the Court of Appeals for the Sixth Circuit held in *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, "[b]ecause [Rules 37 and 45] could hamstring an MDL court's ability to conduct coordinated pretrial proceedings over cases that have been consolidated from far-flung foreign districts, the MDL statute empowers an MDL judge to act as a judge of the deposition or discovery district. A judge presiding over an MDL case therefore can compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted."[5]

---

court where the action is pending." The comment on this amendment explains that "Rule 37(b) is amended to conform to amendments made to Rule 45, particularly the addition of rule 45(f) providing for transfer of a subpoena-related motion to the court where the action is pending."

[2] *See* Fed. R. Civ. P. 45(c)(2)(A). There is some dispute over whether PSI transacts business in this District and if therefore enforcement would be within the range of the Court's jurisdiction, but the Court does not need to address that issue.

[3] *In re Flat Glass Antitrust Litig.*, 288 F.3d 83, 90 n.12 (3d Cir. 2002) (quoting 28 U.S.C. § 1407(b)).

[4] *In re Asbestos Prods. Liab. Litig. (No. VI)*, 256 F.R.D. 151, 154 (E.D. Pa. 2009) (collecting cases).

[5] *United States ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 444 F.3d 462, 468–69 (6th Cir. 2006) (citations omitted). In addition, the Sixth Circuit determined that the appeal was properly filed in the Court of Appeals where compliance was required, because the MDL court, in the District of D.C., "acted as a judge of the Tennessee district court when he issued the order" in question. *Id.* at 469.

PSI argues that the 2013 amendment of Rule 45 emphasizes avoiding burdens being placed on nonparties, and thus decisions issued under the previous version of the Rule lack persuasive effect. But there is no reason to conclude that the amendment was intended to limit the authority of an MDL court. To the contrary, instead of limiting issuance and enforcement based on the situs of the nonparty, the amended Rule 45 recognizes that the subpoena should issue from the court overseeing the litigation, and provides for the potential transfer of enforcement proceedings if such transfer is warranted. In any event, it is § 1407 that controls, as "[t]he statute's remedial purpose of eliminating the potential for conflicting contemporaneous pretrial rulings would be frustrated if the MDL court could not entertain motions to compel. . . . To enable this Court to fully exercise its power under § 1407, it is necessary to assume enforcement powers in relation to these subpoenas."[6] Section 1407 contemplates a "unified concept of pretrial proceedings."[7] Separating deposition subpoenas from document subpoenas would violate the purpose of § 1407, which is to "coordinate and consolidate pretrial proceedings, providing centralized management to ensure just and efficient conduct."[8]

PSI will not face any greater burden litigating the subpoena in the MDL than if it were in its "home" district. Counsel admitted to practice before any federal district court may represent a respondent in the MDL without the need to associate with local counsel or proceed *pro hac vice*;[9] all filing is done electronically; and any conferences or hearings can be held by telephone or video conference. In addition, the Special Discovery Master for the MDL is prepared to assist

---

[6] *In re EpiPen (DDC-TJJ Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785, 2018 WL 2926581, at *3 (D. Kan. June 11, 2018).

[7] *In re Intel Corp. Microprocessor Antitrust Litig.*, No. 05-md-1717, 2007 WL 9612142, at *5 (D. Del. May 18, 2007), *report and recommendation adopted*, No. 05-md-1717, 2007 WL 9612141 (D. Del. June 14, 2007).

[8] *Asbestos Prods*, 256 F.R.D. at 154 (internal quotation marks and citations omitted).

[9] *See* Pretrial Order No. 1 [MDL Doc. No. 2] at 10.

in resolving any disputes regarding subpoenas efficiently and inexpensively. Indeed, that is what occurred in the current matter.

The Court holds that it has jurisdiction to adjudicate discovery disputes concerning document subpoenas directed to non-parties and will approve the R&R. In addition, to avoid confusion in the future, the Court will adopt the procedure of a number of other MDL courts and will grant the parties' joint motion for a pretrial order clarifying the procedure for the enforcement of subpoenas.

**AND NOW**, this 7th day of December 2020, upon consideration of the Third R&R of Special Discovery Master Bruce Merenstein [MDL Doc. No. 1539] and the objections thereto, it is hereby **ORDERED** that:

1. The objections are **OVERRULED**;

2. The R&R is **APPROVED and ADOPTED**;

3. The Court, and by extension the Special Discovery Master, may properly exercise jurisdiction over Teva's motion to compel PSI's compliance with Teva's subpoena; and

4. The Court will separately issue Pretrial Order No. 148 regarding the centralized enforcement of subpoenas.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**