# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724
16-MD-2724 |
| THIS DOCUMENT RELATES TO:

*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**PRETRIAL ORDER NO. [_____]
(FOURTH CASE MANAGEMENT ORDER)**

      **AND NOW**, this ____ day of _____, 2020, upon consideration of the attached joint stipulation of counsel, submitted on behalf of their respective parties in the MDL to govern the filing of new or amended complaints after September 1, 2019 and the scope of discovery to be taken in those cases, it is hereby **ORDERED** that the Joint Stipulation is **APPROVED**.

      It is so **ORDERED**.

                           **BY THE COURT:**


                           _____
                           **CYNTHIA M. RUFE, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 16-MD-2724 |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**JOINT STIPULATION FOR A FOURTH CASE MANAGEMENT ORDER**
**GOVERNING PHASE 2 DISCOVERY**

    **WHEREAS** the Court entered a Case Management Order and Discovery Schedule on October 24, 2019 (Pretrial Order No. 105, ECF 1135) ("PTO 105") setting forth certain deadlines for the management of and discovery schedule for cases pending in the MDL as of September 1, 2019 (and, for the avoidance of doubt, neither PTO 105 nor this Joint Stipulation applies to any Defendants named in this MDL for the first time in cases filed after September 1, 2019)[1];

    **WHEREAS** the parties in the MDL have engaged in extensive, good faith negotiations to identify and agree upon appropriate revised processes and deadlines relating to the filing of new or amended complaints after September 1, 2019 and the process for and parameters of discovery to be produced by Defendants in those cases;

    **NOW, THEREFORE**, it is jointly stipulated and agreed by and among the parties, through their undersigned liaison counsel:

    **1.**    All amendments as of right, or motions for leave to amend where required, with respect to complaints filed between September 1, 2019 and July 10, 2020 may be filed pursuant to

---

[1] For the avoidance of doubt, (i) neither this Joint Stipulation nor PTO 105 (nor the amendments thereto, reflected in PTOs 110, 123, and 137) applies to any of the non-corporate Defendants, and (ii) the corporate Defendants to whom this Joint Stipulation applies are identified in paragraph 10.

the Federal Rules of Civil Procedure, so long as any amendment or motion for leave to amend is filed on or before December 15, 2020.  [Defendants' Proposal] Notwithstanding that deadline, an amendment as of right or a motion for leave to amend (where required) may be filed following resolution of a Motion to Dismiss to the extent the amendment or proposed amendment relates to that resolution.  [Plaintiffs' Proposal] Notwithstanding that deadline, an amendment as of right or a motion for leave to amend (where required) may be filed following resolution of a Motion to Dismiss.  For purposes of this Joint Stipulation, an amended complaint is considered "filed" on the date it is filed as of right or the date that a related motion for leave to amend is filed.

2.      Defendants reserve the right to oppose any motion for leave to amend filed pursuant to Paragraph 1.

3.      [Defendants' Proposal]  Any complaint filed (or amendment proposed) after December 15, 2020 shall be stayed indefinitely, and will not be the subject of discovery, until further order of this Court.  [Plaintiffs' Proposal] Except for amendments following resolution of any Motion to Dismiss or amendments as of right filed in response to any Motion to Dismiss, any new or amended complaints filed after December 15, 2020 are beyond the scope of this Joint Stipulation. If any new or amended complaints are filed after December 15, 2020, the parties shall promptly meet and confer concerning any additional Case Management Orders that may be appropriate to govern such complaint(s).

4.      Pursuant to this Joint Stipulation, discovery shall proceed on all complaints filed in this MDL from September 2, 2019 through and including December 15, 2020, as "Phase 2" of document discovery.  For the avoidance of doubt, all discovery taken of Defendants pursuant to PTO 105 (and any amendments thereto) shall be understood to be "Phase 1" of document

discovery. Nothing in this Joint Stipulation is intended to affect Phase 1 document discovery, which remains subject to PTO 105 (and related amendments).

5.      Discovery shall not proceed under this Joint Stipulation on any generic pharmaceutical molecule first introduced into the MDL (or any newly identified strength or formulation of a previously identified molecule) via any new or amended complaint filed after September 4, 2020.[2]

6.      The parameters of discovery governed by this Joint Stipulation shall be negotiated on the basis of those complaints amended or newly filed in this MDL from September 2, 2019 through and including September 4, 2020, and any related defenses.

7.      For the avoidance of doubt, the parties to this Joint Stipulation agree that insofar as any of the Plaintiffs listed in Paragraph 11 files a new or amended complaint from September 5, 2020 through and including December 15, 2020, or files a motion for leave to amend an existing complaint from September 5, 2020 through and including December 15, 2020, any new or unique allegations contained in that new or amended complaint shall not be asserted or relied upon as a basis to seek modifications or adjustments to the scope of Phase 2 discovery.

8.      The parties listed in Paragraphs 10 and 11 shall engage in global and/or individual meet and confers regarding the following parameters of Phase 2 document discovery promptly after service of Defendants' Responses & Objections to Plaintiffs' Second Set of Document Requests:

---

[2] The parties have been meeting and conferring to identify the strengths and formulations at issue in the MDL. Those discussions have covered most, though not all generic pharmaceutical molecules at issue in the MDL and are ongoing as of the date of this Joint Stipulation. The parties will continue to meet and confer in good faith to complete those discussions.

a. Additions to the global, agreed-upon Phase 1 document discovery search terms relating to product names, defendant names, defendant domain names, and individual names, as well as to any Defendant-specific search term modifications;

b. Modifications to the Relevant Time Period (if any);

c. Additional custodians (if any);

d. Additional go-get documents (if any);

e. Modifications to procedures for the review and production of documents (if any);

f. The parameters of Defendants' structured data productions in Phase 2, including the scope and timing of Defendants' sales transaction data and cost information for those products, formulations and strengths sued on after May 1, 2020;[3]

g. Appropriate deadlines for document discovery governed by this Joint Stipulation, including but not limited to substantial completion deadline(s) for Defendants' production of documents; and

h. Any other issues raised by any party relating to Plaintiffs' Second Set of Document Requests (dated July 10, 2020).

---

[3] *See* PTO 139 (Exhibits A and B) (listing drugs, formulations, and strengths in the MDL as of May 1, 2020).

9.      The parties will prioritize scheduling depositions of witnesses associated with bellwether cases.[4]  Depositions may proceed throughout the deposition period as to any party or third-party witnesses in all cases.

10.      The corporate Defendants subject to this Joint Stipulation and CMO are:[5] Actavis Elizabeth, LLC; Actavis Holdco U.S., Inc.; Actavis Pharma Inc.; Amneal Pharmaceuticals, Inc.; Amneal Pharmaceuticals, LLC; Apotex Corp.; Ascend Laboratories, LLC; Aurobindo Pharma USA, Inc.; Breckenridge Pharmaceutical, Inc.; Citron Pharma, LLC; Dr. Reddy's Laboratories, Inc.; Emcure Pharmaceuticals, Ltd.; Epic Pharma, LLC; G&W Laboratories, Inc.; Glenmark Pharmaceuticals Inc., USA; Greenstone LLC; Heritage Pharmaceuticals, Inc.; Impax Laboratories, Inc. (n/k/a Impax Laboratories, LLC); Lannett Company, Inc.; Lupin Pharmaceuticals, Inc.; Mayne Pharma Inc.; Mylan N.V.; Mylan Pharmaceuticals, Inc.; Mylan, Inc.; UDL Laboratories, Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Endo International plc; Dava Pharmaceuticals, LLC; Generics Bidco I, LLC; Perrigo Company plc; Perrigo New York Inc.; Sandoz Inc.; Fougera Pharmaceuticals Inc.; Sun Pharmaceutical Industries, Inc.; URL Pharma Inc.; Mutual Pharmaceutical Company, Inc.; Taro Pharmaceuticals Industries Ltd.; Taro Pharmaceuticals USA, Inc.; Teva Pharmaceuticals USA, Inc.; Barr Pharmaceuticals, LLC; Pliva, Inc.; Upsher-Smith Laboratories, Inc.; Upsher-Smith Laboratories LLC; Bausch Health Americas, Inc., f/k/a Valeant Pharmaceuticals International; Bausch Health US, LLC, f/k/a Valeant Pharmaceuticals North America, LLC; Oceanside Pharmaceuticals, Inc.; West-Ward

---

[4] Nothing in this Joint Stipulation shall prejudice or waive any party's ability to seek protective orders pursuant to the Federal Rules of Civil Procedure.

[5] The identification of any Defendant entity in this Paragraph does not constitute a waiver of any objection that entity has made or will make concerning discovery, nor is such identification a waiver of any pending or future motion to dismiss filed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Pharmaceuticals Corp. (n/k/a Hikma Pharmaceuticals USA, Inc.); Wockhardt USA LLC; Morton

Grove Pharmaceuticals, Inc.; Zydus Pharmaceuticals (USA), Inc.

      **11.**     The Plaintiffs subject to this Joint Stipulation and CMO are: the State Attorneys

General; the End-Payer Class Plaintiffs; the Direct Purchaser Class Plaintiffs; the Indirect Reseller

Class Plaintiffs; The Kroger Co.; Albertsons Companies, LLC; H.E. Butt Grocery Company, L.P.;

Smith Drug Company a/k/a J. M. Smith Corporation; United HealthCare Services, Inc.; Humana

Inc.; Health Care Services Corp.; Molina Healthcare, Inc.; MSP Recovery Claims, Series LLC;

Series PMPI, a designated series of MAO-MSO Recovery II, LLC; MSPA Claims 1, LLC; Cigna

Corp.; Rite Aid Corporation; Rite Aid Hdqtrs. Corp.; Harris County, Texas; Nassau County, New

York; Allegany County, New York; Clinton County, New York; Cortland County, New York;

Franklin County, New York; Fulton County, New York; Greene County, New York; Herkimer

County, New York; Lewis County, New York; Madison County, New York; Montgomery County,

New York; Niagara County, New York; Oswego County, New York; Schenectady County, New

York; Steuben County, New York; Suffolk County, New York.

      It is so **STIPULATED**.

Dated: December __, 2020

| | |
|---|---|
| */s/ Roberta D. Liebenberg* | */s/ Dianne M. Nast* |
| Roberta D. Liebenberg | Dianne M. Nast |
| FINE, KAPLAN AND BLACK, R.P.C. | NASTLAW LLC |
| One South Broad Street, 23rd Floor | 1101 Market Street, Suite 2801 |
| Philadelphia, PA 19107 | Philadelphia, PA 19107 |
| 215-567-6565 | 215-923-9300 |
| rliebenberg@finekaplan.com | dnast@nastlaw.com |

*Liaison and Lead Counsel for the End-Payer Plaintiffs*

*/s/ W. Joseph Nielsen*
W. Joseph Nielsen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel:  (860)808-5040
Fax:  (860)808-5033
Joseph.Nielsen@ct.gov

*Liaison Counsel for the States*

*/s/ Jan P. Levine*
Jan P. Levine
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750
Jan.Levine@troutman.com

*/s/ Devora W. Allon*
Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue New York, NY 10022
Tel: (212) 446-5967
Fax: (212) 446-6460
devora.allon@kirkland.com

*/s/ Chul Pak*
Chul Pak
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019
Tel: (212) 999-5800
Fax: (212) 999-5899
cpak@wsgr.com

*Defendants' Liaison Counsel*

*Liaison and Lead Counsel for the Direct Purchaser Plaintiffs*

*/s/ William J. Blechman*
William J. Blechman
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida  33131
Tel:  (305) 373-1000
Fax:  (305) 372-1861
E-mail: wblechman@knpa.com

*Liaison Counsel for Direct Action Plaintiffs and Counsel for the Kroger Direct Action Plaintiffs*

*/s/ Sheron Korpus*
Sheron Korpus
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com

*/s/ Sarah F. Kirkpatrick*
Sarah F. Kirkpatrick
WILLIAMS & CONNOLLY, LLC
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5958
skirkpatrick@wc.com