**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| | **Individual Case No: 20-cv-4370-CMR** |
| THIS DOCUMENT RELATES TO: | HON. CYNTHIA M. RUFE |
| *J M Smith Corp.. v. Actavis Holdco U.S. Inc. et al.* | |

### JOINT STIPULATION

WHEREAS, Plaintiff J M Smith Corporation ("Plaintiff") filed a Complaint on September 4, 2020, in *J M Smith Corp.. v. Actavis Holdco U.S. Inc. et al.*, Case No. 20-cv-4370-CMR, which was centralized for pretrial proceedings as part of *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, Case No. 16-md-02724-CMR, MDL No. 2724 (the "Action"), against various Defendants including Endo International plc ("Endo," and together with Plaintiff, the "Parties");

WHEREAS, Endo denies Plaintiff's allegations;

WHEREAS, Plaintiff continues to investigate potential collusive conduct as alleged in the Complaint, including whether Endo participated in or is responsible for any collusive conduct alleged in the Complaint, but Plaintiff is willing to take additional time to determine whether such claims should be asserted against Endo;

WHEREAS, counsel for Endo has represented that Par Pharmaceutical, Inc. is the proper entity to be named in the Action;

WHEREAS, the Parties have agreed to suspend and toll as of the date of the filing of the Action (September 4, 2020) any and all applicable limitations, laches, or repose periods that may apply to Endo with respect to the Action (the "Limitations Period");

WHEREAS, with such protection against the statute of limitations and related principles, Plaintiff shall move forward at this time only with respect to its claims against Par Pharmaceutical, Inc. and Generics Bidco I, LLC and it will dismiss without prejudice its claims in the Action against Endo.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel, on behalf of their respective clients, as follows:

1.      All Limitations Periods, including statutes of limitations, statutes of repose and laches that had not expired as of September 4, 2020, are hereby suspended, stayed, or tolled, with respect to the claims set forth in the Complaint against Endo.  Unless this Stipulation is extended by further agreement of the Parties, such tolling shall run from September 4, 2020 through July 1, 2022 (the "Tolling Period").

2.      All claims against Endo are hereby dismissed without prejudice, with each Party to bear its own costs and attorneys' fees.

3.      For purposes of the Action, Par Pharmaceutical, Inc. represents that it has possession, custody, or control of any existing documents and information related to the sale or marketing of generic medications in the United States by Endo.

4.      Other than as expressly provided, nothing in this Stipulation shall affect any claim or defense available to the Parties (including jurisdictional defenses), and this Stipulation shall not be deemed to revive any claim that is or was already barred as of September 4, 2020.  Nothing in this Stipulation, or the circumstances giving rise to the Stipulation, shall be construed as an acknowledgment by the Parties that a claim has or has not been barred by any applicable Limitations Period or any other defense, legal, equitable or otherwise, based upon the lapse or passage of time prior to execution of the Stipulation, or after the expiration of the Tolling Period. The Parties to this

Stipulation hereby expressly reserve any and all claims, counterclaims, causes of action and defenses to the same which they may have, except as indicated above with respect to a defense based on any applicable Limitations Period. The Parties to this Stipulation hereby expressly reserve any and all rights with respect to party or third-party discovery in the Action.

5.     The Parties agree that the doctrine of *contra proferentum* shall not apply and that this Stipulation shall not be construed against the Party that drafted it.

6.     The Parties further agree that nothing contained in this Stipulation shall be considered, construed or deemed an admission of liability, fault or other wrongdoing by any Party, or an attempt to allocate liability or fault.

7.     This Stipulation shall be binding upon and inure to the benefit of each of the Parties and their respective successors, assigns, affiliates, parents, subsidiaries, officers, directors, agents and other representatives.

8.     This Stipulation shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without reference to its choice of law rules.

9.     Each of the undersigned represents and warrants he or she is duly authorized to enter into this Stipulation and that each intends the Stipulation to be a valid and binding obligation, enforceable in accordance with its terms.

10.     This Stipulation may be executed in multiple counterparts, and an electronically scanned (in either .pdf or .tiff format) signature will be considered an original signature for purposes of execution of this Stipulation.  Each counterpart shall be deemed to be an original as against a Party whose signature appears thereon and all of which shall together constitute one and the same instrument.

11.     This Stipulation contains the entire agreement of the Parties with respect to the issue of tolling any applicable Limitations Period.

12.     Any amendment to this Stipulation (including any extension of this Stipulation or any Tolling Period) shall be invalid unless in writing, referencing this agreement, and signed by or on behalf of all Parties to which the amendment applies.

13.     If any provision, covenant, condition or term of this Stipulation shall be held to be invalid or unenforceable, in whole or in part, such invalidity or unenforceability shall not affect the remainder of this Stipulation.  The invalid or unenforceable provision, covenant, condition or term shall be substituted by a provision, covenant, condition or term which, according to the Parties' intention, achieves to the nearest extent possible the same effect as would have been achieved by the invalid provision, covenant, condition or term.

IT IS SO STIPULATED.


**APPROVED AND SO ORDERED**
**this 14th day of December 2020**

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**

Dated: December 3, 2020

By: */s/ Samuel J. Randall*
    Richard Alan Arnold, Esquire
    William J. Blechman, Esquire
    Scott E. Perwin, Esquire
    Anna T. Neill, Esquire
    Samuel J. Randall, Esquire
    KENNY NACHWALTER, P.A.
    1441 Brickell Avenue
    Suite 1100
    Miami, Florida  33131
    Tel:   (305) 373-1000
    Fax:  (305) 372-1861
    E-mail:  rarnold@knpa.com
           wblechman@knpa.com
           sperwin@knpa.com
           aneill@knpa.com
           srandall@knpa.com

*Counsel for the J M Smith Corporation*

By: */s/ John E. Schmidtlein*
    John E. Schmidtlein, Esquire
    Sarah F. Kirkpatrick, Esquire
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C.  20005
    Tel:   (202) 434-5000
    Fax:  (202) 434-5329
    E-mail:  jschmidtlein@wc.com
           skirkpatrick@wc.com

*Counsel for Endo International plc*

628837.1