IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |

**PRETRIAL ORDER NO. 153**
**(FOURTH CASE MANAGEMENT ORDER GOVERNING PHASE 2 DISCOVERY)**

**AND NOW**, this 7th day of January 2021, upon consideration of the proposed Fourth Case Management Order Governing Phase 2 Discovery, as submitted by counsel for the Parties and briefing related thereto, which will govern the filing of new or amended complaints after September 1, 2019, and the scope of discovery to be taken in those cases,[1] it is hereby **ORDERED** that:

**1.** This Order applies to all amendments as of right, or motions for leave to amend where required, with respect to complaints filed between September 1, 2019 and July 10, 2020, so long as the amendment or motion for leave to amend was filed on or before December 15, 2020. Notwithstanding that deadline, an amendment as of right or a motion for leave to amend (where required) may be filed following resolution of a Motion to Dismiss to the extent the amendment or proposed amendment relates to that resolution. For purposes of this Order, an amended complaint is considered "filed" on the date it is filed as of right or the date that a related motion for leave to amend is filed.

---

[1] For the avoidance of doubt, (i) neither this Order nor Pretrial Order 105 (nor the amendments thereto, reflected in PTOs 110, 123, 137) applies to any of the non-corporate Defendants, and (ii) the corporate Defendants to whom this Order applies are identified in paragraph 10.

**2.** Defendants reserve the right to oppose any motion for leave to amend filed pursuant to Paragraph 1.

**3.** Any complaint filed after December 15, 2020, and any amendment or proposed amendment not encompassed in Paragraph 1, is beyond the scope of this Order.

**4.** Pursuant to this Order, discovery shall proceed on all complaints filed in this MDL from September 2, 2019 through and including December 15, 2020, as "Phase 2" of document discovery. For the avoidance of doubt, all discovery taken of Defendants pursuant to PTO 105 (and any amendments thereto) shall be understood to be "Phase 1" of document discovery. Nothing in this Order is intended to affect Phase 1 document discovery, which remains subject to PTO 105 (and related amendments).

**5.** Discovery shall not proceed under this Order on any generic pharmaceutical molecule first introduced into the MDL (or any newly identified strength or formulation of a previously identified molecule) via any new or amended complaint filed after September 4, 2020.[2]

**6.** The parameters of discovery governed by this Order shall be negotiated on the basis of those complaints amended or newly filed in this MDL from September 2, 2019 through and including September 4, 2020, and any related defenses.

**7.** For the avoidance of doubt, the parties subject to this Order agree that insofar as any of the Plaintiffs listed in Paragraph 11 files a new or amended complaint from September 5, 2020 through and including December 15, 2020, or files a motion for leave to amend an existing

---

[2] The parties have been meeting and conferring to identify the strengths and formulations at issue in the MDL. Those discussions have covered most, though not all generic pharmaceutical molecules at issue in the MDL and are ongoing as of the date of this Order. The parties will continue to meet and confer in good faith to complete those discussions.

complaint from September 5, 2020 through and including December 15, 2020, any new or unique allegations contained in that new or amended complaint shall not be asserted or relied upon as a basis to seek modifications or adjustments to the scope of Phase 2 discovery.

**8.** The parties listed in Paragraphs 10 and 11 shall engage in global and/or individual meet and confers regarding the following parameters of Phase 2 document discovery promptly after service of Defendants' Responses & Objections to Plaintiffs' Second Set of Document Requests:

a. Additions to the global, agreed-upon Phase 1 document discovery search terms relating to product names, defendant names, defendant domain names, and individual names, as well as to any Defendant-specific search term modifications;

b. Modifications to the Relevant Time Period (if any);

c. Additional custodians (if any);

d. Additional go-get documents (if any);

e. Modifications to procedures for the review and production of documents (if any);

f. The parameters of Defendants' structured data productions in Phase 2, including the scope and timing of Defendants' sales transaction data and cost information for those products, formulations and strengths sued on after May 1, 2020;[3]

---

[3] *See* PTO 139 (Exhibits A and B) (listing drugs, formulations, and strengths in the MDL as of May 1, 2020).

g. Appropriate deadlines for document discovery governed by this Order, including but not limited to substantial completion deadline(s) for Defendants' production of documents; and

h. Any other issues raised by any party relating to Plaintiffs' Second Set of Document Requests (dated July 10, 2020).

9. The parties will prioritize scheduling depositions of witnesses associated with bellwether cases.[4] Depositions may proceed throughout the deposition period as to any party or third-party witnesses in all cases.

10. The corporate Defendants subject to this Order are:[5] Actavis Elizabeth, LLC; Actavis Holdco U.S., Inc.; Actavis Pharma Inc.; Amneal Pharmaceuticals, Inc.; Amneal Pharmaceuticals, LLC; Apotex Corp.; Ascend Laboratories, LLC; Aurobindo Pharma USA, Inc.; Breckenridge Pharmaceutical, Inc.; Citron Pharma, LLC; Dr. Reddy's Laboratories, Inc.; Emcure Pharmaceuticals, Ltd.; Epic Pharma, LLC; G&W Laboratories, Inc.; Glenmark Pharmaceuticals Inc., USA; Greenstone LLC; Heritage Pharmaceuticals, Inc.; Impax Laboratories, Inc. (n/k/a Impax Laboratories, LLC); Lannett Company, Inc.; Lupin Pharmaceuticals, Inc.; Mayne Pharma Inc.; Mylan N.V.; Mylan Pharmaceuticals, Inc.; Mylan, Inc.; UDL Laboratories, Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Endo International plc; Dava Pharmaceuticals, LLC; Generics Bidco I, LLC; Perrigo Company plc; Perrigo New York Inc.; Sandoz Inc.; Fougera Pharmaceuticals Inc.; Sun Pharmaceutical Industries, Inc.; URL Pharma

---

[4] Nothing in this Order shall prejudice or waive any party's ability to seek protective orders pursuant to the Federal Rules of Civil Procedure.

[5] The identification of any Defendant entity in this Paragraph does not constitute a waiver of any objection that entity has made or will make concerning discovery, nor is such identification a waiver of any pending or future motion to dismiss filed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Inc.; Mutual Pharmaceutical Company, Inc.; Taro Pharmaceuticals Industries Ltd.; Taro Pharmaceuticals USA, Inc.; Teva Pharmaceuticals USA, Inc.; Barr Pharmaceuticals, LLC; Pliva, Inc.; Upsher-Smith Laboratories, Inc.; Upsher-Smith Laboratories LLC; Bausch Health Americas, Inc., f/k/a Valeant Pharmaceuticals International; Bausch Health US, LLC, f/k/a Valeant Pharmaceuticals North America, LLC; Oceanside Pharmaceuticals, Inc.; West-Ward Pharmaceuticals Corp. (n/k/a Hikma Pharmaceuticals USA, Inc.); Wockhardt USA LLC; Morton Grove Pharmaceuticals, Inc.; Zydus Pharmaceuticals (USA), Inc.

**11.** The Plaintiffs subject to this Order are: the State Attorneys General; the End-Payer Class Plaintiffs; the Direct Purchaser Class Plaintiffs; the Indirect Reseller Class Plaintiffs; The Kroger Co.; Albertsons Companies, LLC; H.E. Butt Grocery Company, L.P.; Smith Drug Company a/k/a J. M. Smith Corporation; United HealthCare Services, Inc.; Humana Inc.; Health Care Services Corp.; Molina Healthcare, Inc.; MSP Recovery Claims, Series LLC; Series PMPI, a designated series of MAO-MSO Recovery II, LLC; MSPA Claims 1, LLC; Cigna Corp.; Rite Aid Corporation; Rite Aid Hdqtrs. Corp.; Harris County, Texas; Nassau County, New York; Allegany County, New York; Clinton County, New York; Cortland County, New York; Franklin County, New York; Fulton County, New York; Greene County, New York; Herkimer County, New York; Lewis County, New York; Madison County, New York; Montgomery County, New York; Niagara County, New York; Oswego County, New York; Schenectady County, New York; Steuben County, New York; Suffolk County, New York.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**