IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*County of Suffolk v. Actavis Holdco US, Inc.* | MDL 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE<br><br><br>Individual Case No. 20-4893 |

## ORDER

**AND NOW**, this 13th day of January 2021, upon consideration of the attached Joint Stipulation, it is hereby **ORDERED** that the Stipulation is **APPROVED**. Pursuant to the terms of the Stipulation, all claims against Endo International plc are hereby **DISMISSED without prejudice**, with each party to bear its own costs and attorneys' fees.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*County of Suffolk*, 20-cv-04893-CMR | |

**JOINT STIPULATION**

WHEREAS, Plaintiff County of Suffolk filed a complaint on August 27, 2020, in the action *County of Suffolk v. Actavis Holdco US, Inc. et al.*, Case No. 20-cv-04009, in the Eastern District of New York (the "Action"), against various Defendants including DAVA Pharmaceuticals, LLC, Endo International plc ("Endo"), Generics Bidco I, LLC, and Par Pharmaceutical, Inc. (collectively, the "Endo/Par Defendants," and together with County of Suffolk, the "Parties");

WHEREAS, the Action was transferred by the United States Judicial Panel on Multidistrict Litigation on October 2, 2020 to the Eastern District of Pennsylvania, assigned Case No. 20-cv-04893-CMR, and centralized for pretrial proceedings as part of *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, Case No. 16-md-2724-CMR, MDL No. 2724;

WHEREAS, the Endo/Par Defendants deny Plaintiff's allegations;

WHEREAS, Plaintiff continues to investigate potential collusive conduct as alleged in the complaint, including whether, and/or the extent to which, Endo participated in or is responsible for any collusive conduct alleged in the complaint, but Plaintiff is willing to take additional time to determine whether such claims should be asserted against Endo;

1

WHEREAS, counsel for the Endo/Par Defendants has represented that Par Pharmaceutical, Inc. is the proper entity to be named in the Action;

WHEREAS, the Parties have agreed to suspend and toll as of the date of the filing of the Action (August 27, 2020) any and all applicable limitations, laches, or repose periods that may apply to DAVA Pharmaceuticals, LLC, Endo International plc, Generics Bidco I, LLC, and Par Pharmaceutical, Inc. with respect to the Action (the "Limitations Period");

WHEREAS, with such protection against the statute of limitations and related principles, Plaintiff shall move forward at this time only with respect to its claims against DAVA Pharmaceuticals, LLC, Generics Bidco I, LLC, and Par Pharmaceutical, Inc., and it will dismiss without prejudice its claims in the Action against Endo International plc.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel, on behalf of their respective clients, as follows:

1. All Limitations Periods, including statutes of limitations, statutes of repose and laches that had not expired as of August 27, 2020 are hereby suspended, stayed, or tolled, with respect to the claims set forth in the complaint against DAVA Pharmaceutical, Inc., Endo International plc, Generics Bidco I, LLC, and Par Pharmaceutical, Inc. Unless this Stipulation is extended by further agreement of the Parties, such tolling shall run from August 27, 2020 through November 1, 2022 (the "Tolling Period").

2. All claims against Endo International plc are hereby dismissed without prejudice, with each Party to bear its own costs and attorneys' fees.

3. For purposes of the Action, Par Pharmaceutical, Inc. represents that it has possession, custody, or control of all existing documents and information related to the sale or marketing of generic medications in the United States by any of the Endo/Par Defendants.

4. Nothing in this Stipulation shall prevent any Party from commencing any civil action, arbitration, or proceeding against any other Party.

5. Other than as expressly provided, nothing in this Stipulation shall affect any claim or defense available to the Parties (including jurisdictional defenses), and this Stipulation shall not be deemed to revive any claim that is or was already barred as August 27, 2020.  Nothing in this Stipulation, or the circumstances giving rise to the Stipulation, shall be construed as an acknowledgment by the Parties that a claim has or has not been barred by any applicable Limitations Period or any other defense, legal, equitable or otherwise, based upon the lapse or passage of time prior to execution of the Stipulation, or after the expiration of the Tolling Period.  The Parties to this Stipulation hereby expressly reserve any and all claims, counterclaims, causes of action and defenses to the same which they may have, except as indicated above with respect to a defense based on any applicable Limitations Period.  The Parties to this Stipulation hereby expressly reserve any and all rights with respect to party or third-party discovery in the Action.  For the avoidance of doubt, nothing in this Stipulation prevents Plaintiff from seeking third-party discovery from Endo International plc after entry of this Stipulation if necessary and appropriate.  For the further avoidance of doubt, nothing in this Stipulation should be read as a concession or suggestion by the Endo/Par Defendants that it would be proper or appropriate for Plaintiff to seek any discovery from Endo.

6. The Parties agree that the doctrine of *contra proferentum* shall not apply and that this Stipulation shall not be construed against the Party that drafted it.

7. The Parties further agree that nothing contained in this Stipulation shall be considered, construed or deemed an admission of liability, fault or other wrongdoing by any Party, or an attempt to allocate liability or fault.

8. This Stipulation shall be binding upon and inure to the benefit of each of the Parties and their respective successors, assigns, affiliates, parents, subsidiaries, officers, directors, agents and other representatives.

9. This Stipulation shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without reference to its choice of law rules.

10. Each of the undersigned represents and warrants he or she is duly authorized to enter into this Stipulation and that each intends the Stipulation to be a valid and binding obligation, enforceable in accordance with its terms.

11. This Stipulation may be executed in multiple counterparts, and an electronically scanned (in either .pdf or .tiff format) signature will be considered an original signature for purposes of execution of this Stipulation. Each counterpart shall be deemed to be an original as against a Party whose signature appears thereon and all of which shall together constitute one and the same instrument.

12. This Stipulation contains the entire agreement of the Parties with respect to the issue of tolling any applicable Limitations Period.

13. Any amendment to this Stipulation (including any extension of this Stipulation or any Tolling Period) shall be invalid unless in writing, referencing this agreement, and signed by or on behalf of all Parties to which the amendment applies.

14. If any provision, covenant, condition or term of this Stipulation shall be held to be invalid or unenforceable, in whole or in part, such invalidity or unenforceability shall not affect the remainder of this Stipulation. The invalid or unenforceable provision, covenant, condition or term shall be substituted by a provision, covenant, condition or term which, according to the Parties'

intention, achieves to the nearest extent possible the same effect as would have been achieved by the invalid provision, covenant, condition or term.

  IT IS SO STIPULATED.


Dated: January 12, 2021


**CALCATERRA POLLACK LLP**

*/s/ Michael Liskow*
Regina M. Calcaterra
Janine Pollack
Michael Liskow
1140 Avenue of the Americas
9th Floor
New York, New York 10036
(212) 899-1760
rcalcaterra@calcaterrapollack.com
jpollack@calcaterrapollack.com
mliskow@calcaterrapollack.com

*Attorneys for Plaintiff*


**WILLIAMS & CONNOLLY LLP**

*/s/ John E. Schmidtlein*
John E. Schmidtlein
Sarah F. Kirkpatrick
725 Twelfth St., NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5329
jschmidtlein@wc.com

*Attorneys for the Endo/Par Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2021, the foregoing Joint Stipulation was served on all counsel of record via ECF.  Pursuant to Local Rule 5.1.2(8)(b), I further certify that the foregoing document is available for viewing and downloading on ECF.

 */s/ Michael Liskow*
Michael Liskow
