IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | : MDL NO. 2724 <br> : 16-MD-2724 <br> : <br> : HON. CYNTHIA M. RUFE <br> : |
| ALL ACTIONS | : |

### SPECIAL MASTER DAVID H. MARION'S FIFTH REPORT AND RECOMMENDATION TO THE PARTIES AND HONORABLE CYNTHIA M. RUFE REGARDING DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM THE STATE OF CALIFORNIA

I titled this Recommendation as being addressed to both the Court and the parties, because, in the somewhat extraordinary circumstances of this dispute, I am candidly trying to accelerate the steps toward a rapid resolution of this matter for the reasons and in the manner set forth below.

This is the fourth similar dispute I have mediated, the others having involved Connecticut, Pennsylvania and Puerto Rico.  In this matter, there have been multiple letter briefs and numerous exhibits submitted by both the originating group of defendants seeking sanctions for violation of an agreed production deadline; and the plaintiff State of California Attorney General's Office ("CA OAG") which is resisting any such sanctions.  An oral argument/conference call was held in late January, after which other State plaintiffs were heard from, and most recently two class action plaintiff groups requested to be heard, claiming that this proceeding threatened to bring about a violation of P.T.O. #122, the title of which makes clear that it deals only with "Non-Disclosure" of Certain Information Regarding Expert Witnesses."

Beyond just that title, I have carefully reviewed P.T.O. 122 and the two F.R.C.P. sections cited therein, and I must conclude that P.T.O. 122 is not governing or even implicated in this dispute.  Further, having reviewed and heard the history of the negotiations between these parties, I must conclude that the CA OAG has demonstrated a very cavalier attitude toward the "meet and confer" process, its own agreements, and its obligations as a plaintiff in an antitrust case.[1]

Although I have not made an informal recommendation, I did send an email to the parties setting forth my simple and basic views as follows:  that a plaintiff is obliged to inform defendants of the documents and witnesses it will use to prove its allegations, just as a defendant is obliged to inform the plaintiff of the documents and witnesses it will use to prove its defenses; that both sides are obliged to produce documents relevant to the issues in the case; and that these obligations are part of fact discovery and cannot be postponed until the phase of expert witness discovery.

Therefore I am formally recommending entry of the Order set forth below.  I am not detailing the arguments on both sides or reviewing the disputed legal issues.  If objections are filed, the Court will surely receive the parties' detailed arguments and exhibits.  However, I believe the CA OAG has recently changed its attitude, has made a reasonable effort to comply with its obligations and I believe and hope the Order below will now be agreed to by both sides, and we can proceed accordingly.

---

[1] I should note that the CA OAG had agreed to a production deadline of November 16, 2020, but defendants contend nothing was produced on that date or since.  The CA OAG made a number of opposing contentions, including that there had been no "meeting of the minds" as to what was to have been produced on November 16, 2020; that they would rely on what had been or would be produced by other States or agencies, that their case only involved 6 defendants and two drugs, and was not part of the bellwether cases/trials.  However, Judge Rufe has made clear that all, not just bellwether, discovery should proceed.  I also note that subsequent to our joint conference call, on February 5, 2021, CA OAG made an apparently sincere proffer of compliance with its own agreements and defendants' demands.

26577773v.1

Therefore, I recommend entry of the following Order:

1)  On or before February 16, CA OAG will confirm that it has made a good faith disclosure of all documents and information reasonably requested by defendants, or will have done so by February 23.

2)  On or before February 26, defendants will notify CA OAG of any claimed deficiencies in its disclosures and provide a period of 10 days for CA OAG to cure such deficiencies.

3)  On or before March 3, Defendants may submit an application for (a) sanctions in the form of preclusion of use of any non-produced documents, supported by a showing of how defendants have been prejudiced thereby, and that such documents are not already available to defendants from other sources; and (b) an award of attorney's fees, again upon a showing of good cause therefore, and a documentation of the amounts thereof.  In the event that I conclude any such sanctions should be recommended, I will file with the Court a supplement to this recommendation.

Respectfully submitted,

*/s/ David H. Marion*
David H. Marion
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Tel: (215) 864-7000
*mariond@whiteandwilliams.com*

Dated: February 8, 2021