**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                           **February 9, 2021**

On July 13, 2020, the Court adopted Special Master David Marion's Third Report and Recommendation, selecting as bellwether cases the clobetasol, clomipramine, and pravastatin Direct Purchaser ("DPP") and End-Payer ("EPP") proposed class-action cases and the State Plaintiffs' case asserting an overarching conspiracy with Defendant Teva Pharmaceuticals USA, Inc. at its center.[1] Teva now moves for reconsideration of the selection of the pravastatin case and the overarching Teva-centric case because, approximately six weeks after the bellwether selection, a federal grand jury returned an indictment charging Teva with criminal antitrust violations.

The indictment concerns the alleged price-fixing of 13 drugs, all of which are in the States' Teva-centric complaint, including pravastatin, which is one of the single-drug bellwether cases (clobetasol and clomipramine are not part of the criminal case). Teva, joined by

---

[1] Teva filed an earlier motion to clarify whether bellwether selection encompassed the Indirect Reseller Plaintiff ("IRP") cases for the individual drugs in addition to the DPP and EPP cases. As the Court ruled orally at a status conference, the IRP cases are not included in the bellwether selections; in any event, as the order selecting the bellwether cases will be vacated, the motion for clarification will be dismissed as moot.

Glenmark,[2] argues that the indictment, as well as pending criminal charges in a separate case against Ara Aprahamian,[3] fundamentally undermine the suitability of the Teva-centric and pravastatin cases as effective bellwethers. According to Teva, the possibility that key witnesses will assert their rights against self-incrimination will leave gaps in the factual record and in the alternative, the possibility that the witnesses will testify will cause Teva severe hardship as it will provide a preview of Teva's defenses in the criminal case.

Plaintiffs oppose the motion for reconsideration arguing that changing the bellwether cases now would set back the entire course of the MDL. Plaintiffs also argue that the cases in the MDL have many overlapping Defendants and witnesses such that these issues will arise no matter which cases are selected as bellwethers. According to Plaintiffs, the criminal proceedings will not overwhelm the bellwether cases given the number of Defendants. Additionally, the Teva indictment does not constitute new information warranting reconsideration because in the run-up to the bellwether decision, other Defendants had admitted to conspiring with Teva, including on pravastatin.

In response to Teva's concerns that the government might use discovery in the bellwether cases to obtain a strategic advantage in the criminal case, Plaintiffs argue that the Court has options available such as sealing discovery and preventing the use of depositions outside of the MDL. Plaintiffs also argue that selecting different bellwether cases would exclude certain key Defendants from moving toward trial at this stage.

---

[2] At the time of bellwether selection, Glenmark had sent a letter objecting to the selection of pravastatin based on the recent filing of a criminal information. Mem. Opp'n. on Bellwether Selection [Doc. No. 1443] at 5 n.6. That information is now part of the superseding indictment in the case discussed below.

[3] Ara Aprahamian, a former vice president at Taro, has been indicted in a separate case in which he is accused of conspiring with representatives of Teva. *See United States v. Aprahamian*, No. 20-cr-64 (E.D. Pa.). Aprahamian, who is named in the Teva-centric case, has moved to stay all civil proceedings in the MDL against him. That motion will be addressed separately.

A district court may grant a motion for reconsideration if (1) an intervening change in controlling law has occurred, (2) new evidence has become available, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice.[4] Interlocutory orders "remain open to trial court reconsideration, and do not constitute the law of the case."[5]

The Court reached the bellwether decision after careful consideration and the parties have moved forward in reliance on that decision for the last several months. However, the indictment of the key corporate Defendant in the Teva-centric and pravastatin bellwether cases constitutes a significant change in circumstances.[6] Although Plaintiffs argue that only three of the 35 Defendants in the Teva-centric case are facing criminal charges and that many more drugs are at issue than are cited in the indictment, the Amended Complaint is undeniably structured with a focus on Teva, defining the alleged schemes as Teva/Mylan, Teva/Sandoz, Teva/Lupin, and so forth.[7] In the two bellwether cases at issue, Teva is not simply one Defendant among many.[8] Although a corporate Defendant cannot assert a Fifth Amendment right on its own behalf,[9] there are individual interests at stake. Whether certain key witnesses can or will be deposed pending the resolution of the criminal case implicates due process concerns.[10] Given the broad scope of

---

[4] *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

[5] *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 493 (3d Cir. 2017) (internal quotation marks and citations omitted).

[6] Although Plaintiffs note that the possibility of an indictment of Teva was known based on the earlier criminal cases and media reports, an inchoate inference carries different weight than a consummated action.

[7] *See Connecticut v. Teva Pharmaceuticals USA, Inc.*, No. 19-2407 [Doc. No. 106] (E.D. Pa.).

[8] Plaintiffs also argue that "only" two of the six Defendants in the pravastatin cases have been indicted, but that constitutes one-third of the Defendants and the sole drug at issue is one of the drugs cited in the indictment.

[9] *Bellis v. United States*, 417 U.S. 85, 89–90 (1974).

[10] The Court will not explain this point in more detail in this Order, as it implicates matters not available on the public docket.

the bellwether cases, particularly the State Plaintiffs Teva-centric case, sealing documents and entering protective orders may not offer a complete solution.[11]

The impact of the filing of the indictment on the MDL proceedings is magnified by the ongoing COVID-19 pandemic that has utterly upended the ability of the courts to conduct criminal trials. The Teva-Glenmark criminal case has been designated complex and the parties have proposed scheduling orders that would lead to trial in either September 2021 or May 2022. Although it is certainly possible that the criminal case could go to trial by one of those dates, the Court knows firsthand the havoc the pandemic has wrought on trial schedules, and until it is possible to hold a substantial number of trials safely, the number of criminal defendants awaiting their day in court continues to grow. The risk of delay and of scheduling conflicts with the criminal case is real.

Plaintiffs may be correct that the complications discussed above can be managed, but seeing the rocky shoals ahead, the Court deems it prudent to adjust course now, rather than risk capsizing the progress of the MDL when it is too late to turn back. As the Court previously held, the purpose of a bellwether selection is to determine a course that is reasonable and fair and "will promote the just and efficient conduct of" the cases constituting the MDL.[12] The Court is no longer convinced that the prioritization of the Teva-centric and pravastatin cases will achieve that goal.[13]

The State Plaintiffs' case centered on Heritage Pharmaceuticals, Inc., was filed before the Teva-centric case and was considered as an alternative in the original bellwether selection, and the Court is confident that it is an appropriate choice for a bellwether along with the

---

[11] It should be noted that the Court does not decide that all discovery against Teva and Glenmark must be stayed.

[12] 28 U.S.C. § 1407.

[13] The Court will address separately Teva's motions for a protective order.

5

clomipramine and clobetasol DPP and EPP proposed class actions.[14] However, the Court will grant the parties a (brief) opportunity to be heard before finalizing the selection.

An appropriate pretrial order will be entered.

---

[14] Heritage has entered into a Deferred Prosecution Agreement with the government to resolve criminal charges against it, *United States v. Heritage Pharmaceuticals, Inc.*, No. 19-cr-316 [Doc. No. 14] (E.D. Pa.), and argued in favor of moving forward on the civil cases against it.