**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**PRETRIAL ORDER NO. 158**
**(FACT DEPOSITION PROTOCOL)**

This Order shall govern all fact depositions taken in *In re: Generic Pharmaceuticals Pricing Antitrust Litigation,* MDL 2724 (the "MDL").  All depositions shall be conducted in accordance with the Federal Rules of Civil Procedure, Federal Rules of Evidence, local rules of the U.S. District Court for the Eastern District of Pennsylvania, and standing orders of the Hon. Cynthia M. Rufe, unless otherwise required by law or this Order.  The parties will prioritize scheduling depositions of witnesses associated with bellwether cases.[1] Nevertheless, depositions shall proceed at the same time as to any party or third-party witnesses in all cases.

**I.   GENERAL PROVISIONS**

**A.  Actions and Parties Subject to this Deposition Protocol**

This Order governs all fact depositions of party and non-party witnesses taken in the MDL, including all fact depositions related to (1) all currently consolidated or coordinated actions, and (2) all future actions consolidated or coordinated into this MDL.  A copy of this

---

[1] Nothing in this Order shall prejudice or waive any party's ability to seek protective orders as necessary to protect their rights.  Defendants have asserted that the recent U.S. Department of Justice actions as to certain Defendants raise additional complexities with regard to the scheduling of depositions and other case management issues, and therefore Defendants have specifically reserved their right to seek relief with regard to issues posed by the pending indictments.

Order shall be attached to each notice of deposition and non-party deposition subpoena issued or served in the MDL.

### B.  Cooperation

Counsel are expected to cooperate with and be courteous to each other and deponents in scheduling and conducting depositions.  Parties should coordinate among themselves prior to each deposition to allocate time and avoid redundant questioning.

### C.  Deposition Coordinators

Depositions and matters related to depositions shall be coordinated by a Deposition Coordinator for each Plaintiff group (the States, Direct Purchaser class Plaintiffs, End-Payer class Plaintiffs, Indirect Reseller class Plaintiffs, Direct Action Plaintiffs, and Counties), to be chosen by that Plaintiff group, and a reasonable number of Deposition Coordinators for all Defendants, to be chosen by the Defendants.  The Deposition Coordinators shall be responsible for ensuring the efficient communication of up-to-date information pertaining to the scheduling of depositions among all Plaintiff and Defendant groups.  A listserv shall be established for all deposition coordinators.

### D.  Multi-Tracking

Depositions may be multi-tracked (scheduled on the same deposition day), but multiple depositions of the same party may not occur on the same day without agreement of that party or court order.  The parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions.

### E.  Dispute Resolution

Any disputes arising under this protocol shall be resolved in this Court rather than the District Court in the District where the deposition is held, pursuant to 28 U.S.C. § 1407(b) and

Pretrial Order No. 148. Any disputes concerning this Order that are not otherwise addressed in this Order and cannot be resolved within ten (10) business days of the dispute arising (or, if during the course of a deposition, in accordance with section V(C) below) shall be resolved pursuant to Pretrial Order No. 68 (and any amendment or modification thereto) or as directed by the Court.  Disputes arising in connection with depositions in this MDL shall be addressed in the first instance to the Special Discovery Master or as directed by the Court.  The three Special Masters shall be kept informed of all depositions once scheduled and of any problems expected to arise.

## II.    SCHEDULING OF DEPOSITIONS

### A.  Rule 30(b)(1) Depositions of Party Witnesses

#### 1.  Scheduling of Deposition

A party intending to serve a deposition notice shall send a deposition scheduling communication via email to counsel for the witness (if the witness has known separate counsel) and counsel for the witness's current or former employer(s) (if they are an MDL party) identifying the deponent and proposing three (3) or more potential dates for the deposition with at least 21 days prior notice unless otherwise agreed by the parties.  To the extent the witness was employed by more than one MDL party, the communication shall be sent to counsel for all such parties.  The Deposition Coordinators shall be copied on all such communications and shall share them with counsel for MDL parties who employed the witness, if any (to the extent those counsel are not already copied on the original scheduling communication).  Counsel for the witness, if different from counsel for the party or parties that employs or employed the witness, shall coordinate with those parties before proposing dates for the deposition.

If the witness or their counsel objects to the requested dates proposed in the scheduling communication, the witness or their counsel shall respond to the party intending to serve a deposition notice within seven (7) business days of receipt and must counter-propose at least two alternative dates on which the witness and their counsel will be available. The responding party will use best efforts to provide alternative dates that are within twenty-one (21) calendar days of the latest proposed date. The party intending to serve a deposition notice shall respond to such counterproposal within five (5) business days of receipt and, if necessary, meet and confer in good faith. Disputes that cannot be resolved through the meet and confer process shall be resolved by the Special Discovery Master with no briefing unless requested by the Special Discovery Master.

2.   Service of Deposition Notice

Once a date, time, and location are agreed upon or set pursuant to Pretrial Order No. 68 (or its successor order), the deposition notice shall be served by email on counsel for the deponent and all parties in the MDL via the following agreed-upon email service lists ("MDL listservs") used to serve other notices in this MDL:

- MDL2724plaintiffsleadsetc@ag.ny.gov;

- MDL2724AllDeftsService@pepperlaw.com; and

- List-IRP-Only-Defendants@lists.stblaw.com.

The subject line of the email attaching the deposition notice shall state "MDL 2724 Deposition Notice" and list the witness's name and current employer and any and all former employer(s) during the relevant time period that are a party to the MDL, if such information is reasonably known to the noticing party.  All depositions are automatically cross-noticed for use in all cases consolidated within the MDL.

## B.  Depositions of Parties Taken Pursuant to Rule 30(b)(6)

### 1.  Matters for Examination and Objections

A party that seeks to take a Rule 30(b)(6) deposition shall send a notice of deposition with the matters for examination identified with the reasonable particularity required by Rule 30(b)(6) via email to counsel for the party to be deposed.  The party to be deposed shall provide to the attorney for the party seeking to take the deposition any objections to the matters identified for examination within fifteen (15) business days of transmission of the deposition notice.

Concurrently with the resolution of any objections to the matters for examination, the party producing the witness shall propose three (3) or more potential dates for the deposition. The Deposition Coordinators shall be copied on communications related to setting the dates for the deposition.  Counsel will work in good faith to agree upon deposition dates, times and locations that are convenient for the witness(es) and counsel.

### 2.  Service of Deposition Notice

Once a date, time, and location are agreed upon or set pursuant to Pretrial Order No. 68 (or its successor order), the party intending to take the Rule 30(b)(6) deposition shall serve a deposition notice by email on counsel for the deponent and all parties in the MDL via the MDL listservs included in Section II(A)(2) above.  The subject line of the email attaching the deposition notice shall state "MDL 2724 30(b)(6) Deposition Notice" and list the party producing a witness or witnesses pursuant to Rule 30(b)(6).  The party intending to take the Rule 30(b)(6) deposition shall also include with the notice the matters for examination as resolved following any objections.  All Rule 30(b)(6) depositions are automatically cross-noticed for use in all cases consolidated within the MDL.

3.   <u>Timing of Designee Identification</u>

Five (5) business days prior to any Rule 30(b)(6) deposition, the party that receives a notice of deposition pursuant to Rule 30(b)(6) shall provide via the MDL listservs the name(s) and title(s) of the witness or witnesses who will be providing testimony on that party's behalf, along with the specific topics to which the witness or witnesses will be testifying.

4.   <u>Procedure when Designee is also Individual Fact Witness</u>

In the event that a party believes it is likely to designate a fact witness who is the subject of a deposition notice as a Rule 30(b)(6) representative, or in the event that counsel on either side become aware that a witness who has been designated as a Rule 30(b)(6) designee is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate to avoid unnecessary multiple depositions of the same witness.  The parties shall meet and confer in good faith regarding appropriate and reasonable modifications to time limits for depositions of any witnesses who will be deposed in both their individual and representative capacities.  A party may designate an individual as a corporate representative for a deposition under Rule 30(b)(6) whether or not the individual previously has been deposed, or may be deposed, as a fact witness.

## C.  **Noticing Depositions of Non-Party Witnesses Via Deposition Subpoena**

A party intending to serve a deposition subpoena on a non-party witness or entity shall send a deposition scheduling communication via email to counsel for the witness or entity (or the witness/entity directly if no counsel have been identified) identifying the deponent or, in the case of a Rule 30(b)(6) deposition, the proposed topics, and proposing three (3) or more potential dates for the deposition with at least thirty (30) days prior notice unless otherwise agreed by the parties.  The Deposition Coordinators shall be copied on all such communications.

Non-party witness subpoenas shall attach a copy of this Order and a copy of Pretrial

Order No. 53 (Protective Order) (or, if Pretrial Order No. 53 has been modified or amended, a copy of the modified or amended Pretrial Order).  Depositions of non-party witnesses shall otherwise be conducted consistent with Federal Rule of Civil Procedure 45, and the parties are free to seek relief pursuant to Pretrial Order No. 68 (or, if Pretrial Order No. 68 has been modified or amended, any such modified or amended pre-trial order) or as contemplated by the Federal Rules to the extent they believe such relief is appropriate and permissible.  Nothing in this section shall prohibit a party from serving a subpoena pursuant to Federal Rule of Civil Procedure 45(b) if counsel for the non-party witness or entity has not been identified.

### D.  Master Deposition Schedule

The Deposition Coordinators shall maintain a Master Deposition Schedule, which is to be disseminated to the parties via the MDL listservs, copying Lead and Liaison counsel, as well as the Special Masters, each Thursday by the close of business, Eastern Time.  The Master Deposition Schedule shall include all depositions scheduled, all depositions requested but not yet scheduled, and all depositions requested and subject to dispute.  For each such deposition or request, the Master Deposition Schedule shall set forth the witness's name and affiliation(s), the address of the deposition site, the anticipated start time of the deposition, and whether it will be videotaped and/or taken telephonically.  A party shall notify the Deposition Coordinators and all parties via the MDL listservs within one business day of changing the scheduling, location or format of a deposition.

### E.  Separately Represented Employees and Former Employees

Within seven (7) business days of receiving a deposition request, counsel for a party shall either (a) confirm that counsel represents the named deponent, or (b) notify the requesting counsel that the receiving counsel does not represent the witness.  Provision of such

confirmation or notification does not limit a witness's ability to engage new or additional counsel at any time, and notice of any such changes will be provided promptly to the noticing party or parties.  If the witness is a current or former employee of a party but is not represented by counsel for that party, counsel for that party shall provide the identity of any attorney known to represent the witness.

Parties may establish "watchlists" of no more than ten (10) potential deposition witnesses.  If a party becomes aware that any witness on a watchlist may be leaving employment with that party, counsel for that party shall within ten (10) calendar days inform the party on whose watchlist the witness is listed, and the Deposition Coordinators, in writing, to the extent reasonably possible and consistent with all applicable laws and regulations.  Upon request, the witness shall be made available for deposition before or after his or her departure from the company, to the extent reasonably possible and consistent with all applicable laws and regulations.  Absent good cause, all parties' obligations pursuant to this provision will cease at the close of fact depositions for the bellwether cases.

### III.   ATTENDANCE AT DEPOSITIONS

#### A.  Who May Be Present

Unless otherwise ordered under Federal Rule of Civil Procedure 26(c) or pursuant to the governing protective order in this case, depositions may be attended (in-person, via telephone, or by videoconference) by counsel of record in the MDL, members and employees of their firms, parties and in-house counsel (subject to the governing protective order), court reporters, videographers, the deponent, counsel for the deponent, experts and consultants retained by a party for purposes of the litigation, and anyone else agreed by the noticing and defending parties and without objection by any party.  Upon application, and for good cause shown, the Court may

permit attendance by a person who does not fall within any of the categories set forth in the first sentence in this paragraph.

Certain deposition testimony and/or exhibits may involve information or documents designated as HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY.  Only individuals permitted to have access to HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information, as discussed in Pretrial Order No. 53 sections 5.3-5.5 and as the case may be, may be present or otherwise have access to testimony during any portion of examination that covers testimony or exhibits that are deemed HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY.  Counsel who will examine the witness and counsel representing any individual in attendance who is not authorized to access HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information shall meet and confer prior to the deposition, or immediately prior to the introduction of such HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information if triggered by an answer during the deposition, to address these restrictions.

Any portion of the deposition transcript containing confidential information shall be treated in compliance with Pretrial Order No. 53 or any subsequent protective order.  Pursuant to Pretrial Order No. 53 section 4.2(d), deposition testimony and exhibits will be deemed HIGHLY CONFIDENTIAL for a period of 60 days from the delivery of a final transcript of a deposition. Prior to the expiration of this 60-day period, parties and deponents may designate the confidentiality of portions of deposition transcripts and exhibits in accordance with Pretrial Order No. 53 section 4.2(d).

### B.  Notice of Intent to Attend a Deposition in Person

To allow counsel to plan for adequate deposition space, counsel who intend to attend a deposition in person should advise counsel for the noticing party and counsel for the deponent of the number and names of attendees no fewer than five (5) business days prior to the deposition, if feasible.  Failure to provide such notice shall not preclude attendance in person, provided there is room.

### C.  Participation by Teleconference/Videoconference

Counsel of record in the MDL may participate in any deposition by telephone or, if available, by videoconference.  Counsel intending to dial into either the conference call line or videoconference line must notify counsel for the noticing party at least two (2) days before the start of the deposition, whenever feasible.  Failure to provide such notice shall not preclude attendance by telephone or videoconference, provided a conference call line or videoconference connection is available.

The parties will work in good faith with the court reporting service they have jointly retained to make arrangements for a conference call line for all depositions, and if the deposition room is so equipped, a videoconference line for each deposition, and to provide telephone/videoconference access information to remote attendees.  The noticing party shall provide any conference call line or videoconference line information to remote attendees via the MDL listservs.  Technical or other difficulties with telephonic or videoconference participation despite the good faith efforts outlined in this paragraph shall not prevent a deposition from proceeding.

By indicating in a notice of deposition that it wishes to conduct a deposition by telephone or video conference, a party shall be deemed to have moved for such an order under Federal Rule of Civil Procedure 30(b)(4).  Unless an objection is filed with the Special Masters and

served within ten (10) business days after such notice is received, the Court shall be deemed to have granted the motion.

Unless in-person attendance is prohibited by restrictions imposed by federal, state, or local governments related to the COVID-19 pandemic, any party who wishes to participate in person at a deposition noticed for video conference or telephone shall indicate that party's intent to appear in person.  It shall be that party's obligation to secure a suitable deposition location for an in-person deposition, unless the noticing party elects to attend in-person in which case the location shall be determined per Section IV of this Order.

IV.     **DEPOSITION LOCATION**

The parties will confer in good faith on scheduling depositions to efficiently minimize travel and other costs.  Counsel for the noticing party and counsel for the witness shall make best efforts to agree on a suitable location for the deposition.  In the event that the noticing party and counsel for the witness are not able to agree, counsel for the witness shall select a suitable deposition location that can accommodate the witness and all counsel, including counsel attending remotely, provided that the location is (a) in the United States for a live deposition, or (b) in a country where remote depositions are permitted if taken outside the United States.

V.      **CONDUCT  OF DEPOSITIONS**

**A. Duration and Number of Depositions**

Except as set out below, the presumptive limits on the number and duration of depositions taken pursuant to Federal Rule of Civil Procedure 30 shall apply.  Upon a showing of good cause, any party may seek to limit or expand the number of depositions or deposition hours beyond the limits identified herein.

1.  Plaintiffs' Depositions of Defendants

Plaintiffs collectively shall be limited to a total of 3500 hours of 30(b)(1) depositions of

Defendants.  Plaintiffs may depose no more than ten (10) fact witnesses[2] from each Corporate

Family[3] that has 10 or fewer document custodians.  Plaintiffs may depose no more than twenty

(20) fact witnesses from each of the following six (6) Corporate Families: Actavis; Lannett;

Mylan; Sandoz; Taro; and Teva.  Plaintiffs may depose no more than fifteen (15) witnesses from

all other Corporate Families.  A deposition of such witnesses may exceed seven (7) hours only

upon agreement by the parties, recommendation by the Special Masters or approval by the

Court.  The addition of any new Defendants to this list will increase Plaintiffs' allotted number

---

[2]  A Rule 30(b)(1) witness is defined as a single individual, regardless of the number of hours or depositions taken of that individual (taking into consideration any Court-imposed limitations on hours and numbers of depositions).  To be clear, if Jane Doe of Defendant ABC is deposed twice, that is counted as one deposition against Defendant ABC. The foregoing does not imply that multiple depositions of any one witness will be permitted; that is an issue pending before, and to be decided by, the Court.

[3]  The 40 Corporate Families for purposes of this deposition protocol are: (1.) Actavis (Actavis Elizabeth, LLC; Actavis Holdco U.S., Inc.; and Actavis Pharma Inc.); (2.) Akorn (Akorn, Inc.; Akorn Sales, Inc.; Hi-Tech Pharmacal Co., Inc.; and Versapharm Inc.); (3.) Alvogen, Inc.; (4.) Amneal (Amneal Pharmaceuticals, Inc. and Amneal Pharmaceuticals, LLC;) (5.) Apotex Corp.; (6.) Ascend Laboratories, LLC; (7.) Aurobindo Pharma USA, Inc.; (8.) Bausch/Oceanside (Bausch Health Americas, Inc. F/k/a Valeant Pharmaceuticals International; Bausch Health US, LLC f/k/a Valeant Pharmaceuticals North America, LLC; and Oceanside Pharmaceuticals Inc.); (9.) Breckenridge Pharmaceutical, Inc.; (10.) Camber Pharmaceuticals, Inc.; (11.) Citron Pharma, LLC; (12.) Dr. Reddy's Laboratories, Inc.; (13.) Emcure Pharmaceuticals, Ltd.; (14.) Epic Pharma, LLC; (15.) G&W Laboratories, Inc.; (16.) Glenmark Pharmaceuticals Inc., USA; (17.) Greenstone (Greenstone LLC and Pfizer, Inc.); (18.) Heritage Pharmaceuticals, Inc.; (19.) Impax Laboratories, Inc. n/k/a Impax Laboratories, LLC; (20.) Jubilant Cadista Pharmaceuticals Inc.; (21.) Kavod (Kavod Pharmaceuticals LLC f/k/a Rising Pharmaceuticals, LLC and Rising Pharmaceuticals Inc.); (22.) Lannett Company, Inc.; (23.) Lupin Pharmaceuticals, Inc.; (24.) Mallinckrodt (Mallinckrodt Inc.; Mallinckrodt LLC; and Mallinckrodt plc); (25.) Mayne (Mayne Pharma Inc. and Mayne Pharma U.S.A., Inc. *(see* PTO 31 n.3))*;* (26.) Mylan (Mylan N.V.; Mylan Pharmaceuticals, Inc.; Mylan Inc.; and UDL Laboratories, Inc.); (27.) Par (Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Endo International PLC; Dava Pharmaceuticals, LLC; Generics Bidco I, LLC); (28.) Perrigo (Perrigo Company plc and Perrigo New York Inc.); (29.) Roxane (Hikma Labs, Inc. f/k/a Roxane Laboratories, Inc. and West-Ward Columbus Inc f/k/a Boehringer Ingelheim Roxane Inc.); (30.) Sandoz (Sandoz, Inc. and Fougera Pharmaceuticals Inc.); (31.) Strides Pharma, Inc.; (32.) Sun (Sun Pharmaceutical Industries, Inc.; URL Pharma Inc.; Caraco Pharmaceuticals Laboratories Ltd.; and Mutual Pharmaceutical Company, Inc.) (33.) Taro (Taro Pharmaceuticals Industries LTD and Taro Pharmaceuticals USA, Inc.); (34.) Teligent, Inc.; (35.) Teva (Teva Pharmaceuticals USA, Inc.; Barr Pharmaceuticals, LLC; and Pliva, Inc.); (36.) Torrent Pharma Inc.; (37.) Upsher-Smith Laboratories, LLC; (38.) West-Ward Pharmaceuticals Corp. n/k/a Hikma Pharmaceuticals USA, Inc.; (39.) Wockhardt (Wockhardt USA LLC and Morton Grove Pharmaceuticals, Inc.); and (40.) Zydus Pharmaceuticals (USA) Inc. The inclusion of any Defendant entity in this footnote does not constitute a waiver of any objection that entity has made or will make concerning discovery, nor is such inclusion a waiver of any pending or future motion to dismiss filed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

of 30(b)(1) depositions and 30(b)(1) deposition hours consistent with the forgoing provisions.

For the purpose of calculating the number of depositions available to Plaintiffs, a deposition of

any current or former employee of a Defendant (regardless of whether a witness has separate

counsel or is a named Defendant) shall count against Plaintiffs' available number of depositions

for each Defendant Family for which the witness is a document custodian.  For the purpose of

calculating the total hours of fact testimony available to Plaintiffs, each deposition shall be

counted only once regardless of whether the deponent is a former employee of multiple

Defendants.

Plaintiffs collectively may notice a deposition pursuant to Federal Rule of Civil

Procedure 30(b)(6) of each Corporate Family.  The notice may include no more than fifteen (15)

topics, including subtopics.  Examination by Plaintiffs in depositions taken pursuant to Rule

30(b)(6) shall be limited to a total of fourteen (14) hours unless (1) otherwise agreed between the

noticing party and defending party, or (2) increased or reduced by a Special Master for good

cause shown.

2.   <u>Defendants' Depositions of Plaintiffs</u>

A deposition of Plaintiffs' witnesses may exceed seven (7) hours only upon agreement

by the parties, recommendation by the Special Masters or approval by the Court.  The number of

deposition hours that Defendants shall be entitled to take of Plaintiffs' witnesses pursuant to

Federal Rule of Civil Procedure 30 are set forth below.

a.   For each named Direct Purchaser Class Plaintiff ("DPP"), Defendants

collectively may take no more than three (3) depositions pursuant to Federal Rule of Civil

Procedure 30(b)(1), and no more than two (2) depositions of corporate representative testimony

pursuant to Federal Rule of Civil Procedure 30(b)(6), unless otherwise agreed between the

noticing party and defending party. Defendants may not notice more than ten (10) Rule 30(b)(6) topics unless otherwise agreed between the noticing party and defending party.

b.      For the End-Payer Class Plaintiffs ("EPPs"), for each named consumer plaintiff, Defendants may collectively take one deposition, unless otherwise agreed between the noticing party and defending party. For all other EPPs and unless otherwise agreed between the noticing party and defending party, Defendants may collectively take no more than one (1) fact deposition for any named EPP with 2 or fewer custodians, no more than two (2) fact depositions for any named EPP with 3 to 4 custodians, and no more than four (4) fact depositions for any named EPP with 9 custodians. For all EPPs except consumers, Defendants may take a single deposition of corporate representative testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) limited to at most ten (10) topics, unless otherwise agreed between the noticing party and defending party.

c.      For each named Retailer or Wholesaler Direct Action Plaintiff ("DAP"), Defendants collectively may take no more than four (4) depositions pursuant to Federal Rule of Civil Procedure 30(b)(1), and a single deposition of corporate representative testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) that is limited to fifteen (15) topics, unless otherwise agreed between the noticing party and defending party.

d.      For each named Insurer Direct Action Plaintiff ("Insurer DAP"), Defendants collectively may take no more than four (4) depositions pursuant to Federal Rule of Civil Procedure 30(b)(1), and no more ten (10) hours of corporate representative testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) that is limited to fifteen (15) topics, unless otherwise agreed between the noticing party and defending party.

e.      For each Indirect Reseller Plaintiff ("IRP"), Defendants collectively may take no more than two (2) depositions pursuant to Federal Rule of Civil Procedure 30(b)(1) and no more than one deposition of corporate representative testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) that is limited to at most ten (10) topics, unless otherwise agreed between the noticing party and defending party, or increased or reduced by a Special Master for good cause shown.

f.      State Plaintiffs ("States")

1. For each State, Defendants collectively may take no more than seven (7) hours of testimony pursuant to Federal Rule of Civil Procedure 30(b)(6).

2. For each State not seeking proprietary damages, Defendants collectively may take no more than seven (7) hours of fact testimony pursuant to Federal Rule of Civil Procedure 30(b)(1).

3. For the avoidance of doubt, the parties agree that no Rule 30(b)(1) depositions of State Attorneys General or Assistant Attorneys General will be noticed by the Defendants, absent good cause.

4. For each State seeking proprietary damages:

    (a)    Defendants collectively may take up to fourteen (14) hours of deposition testimony pursuant to Federal Rule of Civil Procedure 30(b)(1) from each agency on whose behalf the State seeks to support its proprietary damage claims;

    (b)    Defendants collectively may take up to seven (7) hours of deposition testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) from each agency on whose behalf the State seeks to support its proprietary damage claims;

    (c)    Defendants collectively may take up to an additional seven (7) hours of deposition testimony pursuant to Federal Rule of Civil Procedure 30(b)(1) that Defendants may use among the agencies of each State seeking proprietary damages on behalf of any state agency.  For States seeking proprietary damages on behalf of only one agency, however, the additional hours stated in this subpart will not be available.

    (d)    Notwithstanding the foregoing, Defendants may not depose more than three (3) persons per state agency on whose behalf a State seeks to support its proprietary damage claims pursuant to Federal Rule of Civil Procedure 30(b)(1).

(e)     States will exercise best efforts to ensure that deposition witnesses from the State agencies for which a State seeks to support its proprietary damage claims appear at depositions noticed by the Defendants, pursuant to subparts (a) through (d) herein.  Notwithstanding the foregoing sentence, Defendants reserve the right to seek appropriate relief, including, but not limited to, dismissal of claims, in the event that a State agency for which a State seeks to supports its proprietary damage claims does not produce a witness.

(f)     These provisions are without prejudice to, and Defendants' expressly reserve, the right to seek deposition testimony or other evidence from any state agency or other entity as to which a State claims that it does not have control.

Unless otherwise agreed between the noticing party and defending party, Defendants shall notice no more than fifteen (15) topics for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

g.      For each County Plaintiff ("County"), Defendants collectively may take no more than four (4) depositions pursuant to Federal Rule of Civil Procedure 30(b)(1), unless otherwise agreed between the noticing party and defending party, or increased or reduced by a Special Master for good cause shown.  Unless otherwise agreed between the noticing party and defending party, or increased or reduced by a Special Master for good cause shown, for each County with a population less than 100,000 persons, Defendants collectively may take seven (7) hours of corporate representative testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) that is limited to at most ten (10) topics; and for each County with a population in excess of 100,000 persons, Defendants collectively may take fourteen (14) hours of corporate representative testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) that is limited to at most ten (10) topics.

3.   <u>Non-Party Depositions</u>

Nothing in this Order shall be construed as imposing a limit on the number of third-party depositions that may be taken of witnesses not within the control of Plaintiffs or Defendants within the meaning of Federal Rule of Civil Procedure 30.

4.   <u>Examination by Witness's Counsel and Other Parties</u>

Nothing in this Order shall prohibit a party from questioning its own current or former employee witnesses, and the parties and counsel for the witness shall coordinate to facilitate such questioning.  Parties other than the noticing party may also question any witnesses as necessary to protect the party's interests.  In the event of a dispute over the total amount of time for the deposition, the parties and counsel for the witness shall seek to resolve the issue in good faith.  Nothing in this protocol shall prevent any party from arguing that the time allocated to that party for questioning of a witness shall be extended for good cause.

## B.  Objections

Any objection made at a deposition by any party shall be deemed to have been made on behalf of all other parties on the same side (i.e., Plaintiffs' side and Defendants' side).  Counsel and parties shall comply with Federal Rule of Civil Procedure 30(c)(2).  Deposition objections that are not accompanied by an instruction not to answer are limited to form only.  In the case of form objections, the objecting attorney is limited to the phrase "objection to form."  No additional descriptive language is permitted to accompany an objection unless the deposing attorney requests clarification.

When a privilege is asserted by counsel, the witness must nevertheless answer questions eliciting non-privileged information relevant to the existence, extent or waiver of the privilege. This includes the date of the statement or communication as to which the privilege has been

asserted, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement.  When a privilege is asserted by counsel, to the extent that the answer to a question includes some privileged information and some non-privileged information, the witness shall provide the non-privileged information and the witness or counsel shall note on the record that other information is being withheld pursuant to a privilege.  Counsel may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Federal Rule of Civil Procedure 30(d)(3).

Breaks shall not be taken while a question is pending unless required to determine whether a privilege should be asserted.

### C.  Disputes During Depositions

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Special Masters or the Court by telephone.  If the Special Masters are not available, or are not able to immediately resolve the dispute, the deposition shall, where practicable, continue as to matters not in dispute with full reservation of rights for a ruling on disputed matters at the earliest possible time.

Nothing in this Order shall limit a party's right to (a) suspend a deposition pursuant to Federal Rule of Civil Procedure 30(d)(3), (b) file an appropriate motion with the Special Masters or the Court after the deposition, or (c) file a motion to prevent any decision or recommendation of the Special Masters from taking effect.

18

### D. Assertions of Privilege After Depositions

Any party that produced a document introduced or referenced at a deposition shall notify all deposition coordinators and MDL counsel via the MDL listservs if that party reasonably believes that the document is subject to a legally cognizable privilege or immunity. Such written notification shall identify the Bates number of the allegedly privileged document, the alleged basis for privilege, and the deposition at which it was introduced, and shall be provided no later than ten (10) days after the parties' jointly retained deposition vendor makes available a transcript for that deposition (excluding rough drafts). Absent extraordinary circumstances, failure to assert any such privilege claims within ten (10) days of when the deposition transcript became available (excluding rough drafts) shall result in waiver. Within ten (10) days of asserting any such privilege claim, the party shall provide a privilege log in accordance with PTO No. 95, the ESI Protocol (or, if applicable, its successor).

## VI.   EXHIBITS

### A. Numbering

Deposition exhibits shall be marked with the last name of the witness and, in a 30(b)(6) deposition, with the name of the entity being deposed, followed by an Arabic numeral. To the extent possible, whenever a party seeks to introduce an exhibit that has been previously marked in a prior deposition, the party should forgo the numbering requirements of the previous sentence and instead mark the exhibit as it was previously marked in the prior deposition. The Deposition Coordinators shall ensure that the court reporting service selected by the parties maintains a single consolidated Master Exhibit List, which shall be distributed to any counsel of record in the MDL who requests it.

### B.  Pre-Designation

An examining attorney may send counsel for the witness and all parties via the MDL Listservs a non-binding list of documents (identified by previously marked exhibit number or Bates number) that may be used during a deposition.  If an examining attorney elects to do so, then the examining attorney should provide this list no later than two business days prior to a scheduled deposition.  If an examining attorney serves such a list, that attorney need only bring one copy of those pre-designated documents for the witness.

Examining attorneys are not obligated to pre-designate exhibits.  An examining attorney who chooses to pre-designate some documents may use other documents that do not appear on the pre-designation list during the deposition.  An examining attorney who chooses not to pre-designate documents, or who uses documents not pre-designated, shall exercise best efforts to bring adequate copies of each document for the witness, the witness's counsel, and one such other attendees who indicated they will attend in person pursuant to section III.B of this Order.

If the examining attorney uses a paperless exhibit feature, and that feature is made available to the witness, counsel for the witness, and all attendees, then the examining attorney shall be required to bring no more than two copies of any exhibit, one of which shall be provided to the witness.  An electronic copy of each exhibit shall be circulated to each telephonic or video attendee, either by counsel taking the deposition or the vendor jointly retained by the parties, at the time of the exhibit's introduction at the deposition.

### VII.   COST OF DEPOSITION

The parties have agreed upon a shared court reporting service.  The parties shall pay their own court reporting fees according to their respective agreed terms.

## VIII.    CORRECTIONS AND SIGNING TRANSCRIPT

Review and correction of deposition transcripts and/or recordings shall be governed by Federal Rule of Civil Procedure 30(e).  Each witness is deemed to have automatically requested review of the transcript and/or recordings pursuant to Federal Rule of Civil Procedure 30(e)(1) unless the witness waives such right on the record during the deposition, or in writing.

## IX.    USE OF DEPOSITIONS

Any deposition taken in this MDL shall be made available for use in all actions currently transferred or transferred in the future for coordination to the MDL.  Nothing in this paragraph prevents a party from objecting to the use of, or moving to exclude, a deposition in any case.

## X.    FIFTH-AMENDMENT ASSERTIONS

To the extent a witness intends to assert his or her right to testify under the Fifth Amendment of the United States Constitution, he or she is not excused from attendance at the scheduled deposition.

## XI.    EXPERT DEPOSITIONS

In advance of the start date for expert depositions, the parties shall meet and confer to discuss any appropriate modification(s) to this deposition protocol for such depositions. For the avoidance of doubt, expert depositions will not be counted against the number or time allotted for depositions in the foregoing provisions of this protocol.

## XII.    MISCELLANEOUS

The terms of this Order may be modified by consent of the parties or by Court order upon a showing of good cause.  Nothing in this Order is intended to supersede the Protective Orders entered in this MDL (Pretrial Order Nos. 53 & 94), particularly the provisions thereof relating to

the conduct of depositions. *See, e.g.*, Pretrial Order No. 53 ¶¶ 4.2.d, 6.2, 8 & 14.3; Pretrial Order No. 94 ¶¶ 4.C & 5.A.2.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**