**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**PRETRIAL ORDER NO. 159
(REMOTE DEPOSITION PROTOCOL)**

**AND NOW**, this 12th day of February 2021, to facilitate the conduct of depositions in the MDL, the Court hereby enters this Pretrial Order adopting the parties' stipulation as follows:

WHEREAS, during the public health emergency related to the COVID-19 pandemic, the parties must be mindful of the health and safety of witnesses, attorneys, and other personnel involved with the taking of depositions;

WHEREAS, the need to avoid travel and for social distancing among the witnesses and the attorneys in this case are legitimate reasons for remote depositions pursuant to Federal Rule of Civil Procedure 30(b)(4);

WHEREAS, the COVID-19 pandemic will continue for an unknown and potentially lengthy amount of time;

WHEREAS, even during the COVID-19 pandemic, the parties must also seek to advance the litigation as much as practicable, including taking depositions;

WHEREAS, the parties have jointly contracted with Veritext, a court reporting agency with the capability to provide the services necessary to conduct and record depositions remotely using a videoconferencing platform;

THEREFORE, the parties hereby stipulate as follows:

1.     **Applicability of this Order**:  The Remote Deposition Protocol shall apply if any of the following individuals elect to appear remotely:  the witness, the witness's counsel, the noticing attorney, or any other attorneys who will participate in such depositions.  Any of these parties may elect to appear remotely pursuant to the terms of this Remote Deposition Protocol and Pretrial Order No. 158 (Pretrial Order No. 159 referred to herein as Fact Deposition Protocol) by so indicating in the notice of deposition or in response to the notice of deposition.  This Remote Deposition Protocol does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure or the Federal Rules of Evidence except to the extent those rules are specifically modified herein or by the governing Fact Deposition Protocol.  Nothing in this Remote Deposition Protocol is intended to or shall be construed to preclude any witness and his or her attorney from appearing at the same location for any deposition.

2.     **Hybrid In-Person and Remote Depositions:**  If the noticing party, counsel for the witness, and the witness agree, an in-person deposition may take place at a suitable location that has been agreed-upon by those parties or selected by counsel for the witness as provided in the Fact Deposition Protocol. For depositions that are conducted in person, any attorneys who are permitted to attend under the Fact Deposition Protocol may appear in person. Any permitted person wishing to attend and/or participate in an in-person deposition may do so by video or teleconference, but must notify the noticing and responding party at least five business days prior to the deposition if the noticing party has not already made arrangements for attendance by video or teleconference.  The noticing party shall be responsible for ensuring the deposition is accessible by video or teleconference.

Nothing in this Remote Deposition Protocol precludes: (a) a party from moving for a protective order under Fed. R. Civ. P. 26(c) to require that a given individual deposition proceed in person; (b) the noticing party, counsel for a witness, counsel for the witness's current or former employer from moving for a protective order under Fed. R. Civ. P. 26(c) to require that a given individual deposition proceed remotely, or that a restriction be placed on the number of individuals being physically present in the same location as the witness in light of then existing COVID-related guidelines and restrictions; or (c) counsel for a witness or counsel for the witness's current or former employer from being in the same room as the witness, if the videoconferencing requirements of paragraph 6 are satisfied.

3.     **Experts**:  In advance of the start date for expert depositions, the parties shall meet and confer to discuss any appropriate modification(s) to this Remote Deposition Protocol for such depositions.

4.     **Deposition Notice:**  Any deposition noticed pursuant to Fed. R. Civ. P. 30 and the terms of this Remote Deposition Protocol must list the location (city and state) from where the witness will attend. The notice for any deposition to be taken under the terms of this Remote Deposition Protocol shall identify the remote deposition vendor, if different than Veritext that will host and record the remote deposition. All notices shall contain a general description of how those attending may access the remote connection being utilized for the deposition (*e.g.*, GoToMeeting, Zoom, WebEx).  The noticing party shall serve a copy of this Remote Deposition Protocol with any notice for a remote deposition.

5.     **Remote administration of the oath:**  The parties agree that a court reporter may administer the oath to a witness remotely, even if the court reporter is not in the physical presence of the witness.  Further, if a court reporter is not authorized to take oaths in the place of examination

pursuant to Federal Rule of Civil Procedure 28, the parties agree that the extenuating circumstances of the COVID-19 pandemic warrant proceeding with the administration of such oaths remotely and that the transcripts may be used by or against all parties in this litigation to the same extent as if taken in person.

6.      **Video-conferencing and Recording:** If the witness, witness's attorney, attorney for witness's current or former employer, and/or the noticing attorney are appearing for the deposition remotely, then a video conferencing service shall be utilized and such video may be recorded for later use in proceedings in this case, including trial. When video of the proceeding will be recorded, a professional videographer will attend, either remotely via videoconference or in person, to ensure the audio and video recording is accurately taken and that off-record discourse is not captured. Only the video feed of the witness will be recorded where all participants are remote.

Attorneys questioning a witness shall always be visible to the witness and should endeavor to appear on video visible to the other participants while asking questions; audio of attorney questions should be recorded, but video of questioning attorneys need not be recorded by default absent a request from any attendee that the questioning attorney's video be recorded.

Where the witness is physically appearing in the same room with the witness's attorney (or other defending attorney), then the witness's attorney (or other defending attorney) shall be responsible for ensuring, to the best of their ability, that the video camera(s) shows the witness. Additional cameras should show the witness's attorney and a view of the room showing both the witness and their counsel to other participants in the conference; these views need not be recorded.

At the time of the deposition, the witness must advise the court reporter of his or her physical location. The witness should endeavor to participate in the deposition from a quiet, well-

lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness. The witness should attempt to turn off or silence any applications on their computer that may run in the background that could disrupt the video and audio recording. To avoid any potential disruptions of a videoconference deposition, those attending but not defending or actively questioning the witness must mute their microphones and ensure they are not appearing in the recording of any witness's deposition.

7.      **Responsibility for Platform:**  Veritext will provide the platform used to conduct all remote depositions. Veritext shall provide invitations to attend the deposition remotely via emails to the witness and all parties in the MDL in the manner prescribed in Section II(A)(2) of the Fact Deposition Protocol. In the event Veritext cannot provide services another provider may be used that can adhere to the requirements in this Protocol.

8.      **Hardware:**  At least 14 days prior to the deposition, the witness (through their counsel, if applicable) shall confirm via email to the noticing party and the Deposition Coordinators as provided in the Fact Deposition Protocol whether they have: (1) a computer with a webcam capable of video conferencing; and (2) an internet speed of at least 1.5 Megabits per second.  An iPad or other tablet is not acceptable hardware for participating in a remote deposition. If the witness lacks any of the capabilities noted above, then the noticing party shall arrange to loan or otherwise provide such hardware to the witness at least 48 hours before the deposition. Counsel for the witness will (a) make reasonable efforts to facilitate the noticing party's efforts to provide such hardware to the witness and (b) facilitate the secure return of any loaned hardware.

9.      **Testing**:  The noticing party shall contact Veritext and arrange a time convenient for the witness and defending counsel to conduct a test of the video conferencing service, the test shall be at least 24 hours before the deposition. Veritext will provide the witness and all other

attendees with detailed instructions regarding how to participate in the remote deposition at least three business days before the deposition.

10.    **Required Features of Any Remote Deposition Vendor:**   Any platform must allow for the court reporter to accurately record and for the videographer to accurately capture audio and video, and for all participating attorneys and the court reporter to hear and see, the witness, any deposing counsel, and defending counsel. The parties understand that Veritext has implemented security measures to ensure the confidentiality of the remote deposition (*e.g.*, video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" that allows Veritext to admit only individuals authorized to attend the deposition and showing in real-time a list of all persons attending the videoconference deposition. The participating attorneys must have the ability to be heard and become visible to all other participants during the deposition, should that become necessary, for example, if an attending attorney needs to lodge an objection. The videoconferencing platform's private chat function shall not be used. The videoconferencing platform's breakout room function may be used at deposing counsel's and/or defending counsel's request.

11.    **Deposition Exhibits:**

A.    **Hard Copy Exhibits:** Exhibits should be expected to be presented in electronic format using the Veritext paperless multimedia platform.  Paper hard copy should be the exception, where needed.[1] A remote deposition may be conducted using hard copy paper exhibits when mutually agreed upon by the noticing party, the witness and counsel for the witness. Regardless of the format of the remote deposition, documents that are exceptionally voluminous,

---

[1] Exhibits which will frequently be referred to in multiple depositions may, if agreed to by the parties, be included in a sealed hard copy deposition binder or sealed envelopes available to witnesses.

large, or otherwise exceptional that – by their nature – are more suited to presentation on paper than electronically should be provided in hard copy in advance to the witness and the witness' counsel.  If a defending party believes a witness will be unable to proceed with electronic exhibits, they must notify the noticing party not less than 14 days in advance of the scheduled deposition. The parties shall work together and with Veritext, as needed, to find a reasonable accommodation, such as, for example, using one of Veritext's offices, sharing the costs of a vendor to print copies for the witness or rescheduling the deposition until a solution is determined.  If the parties cannot come to an agreement within 7 days of the deposition, they shall notify the special masters for assistance.

When proceeding with paper exhibits, unless the parties agree otherwise, the noticing party shall mail or otherwise deliver hard copies of all exhibits to the witness and the witness's counsel to be received at least one business day before the deposition. Notwithstanding the foregoing, the noticing party is under no obligation to provide in advance of the deposition hard copies of any electronic Excel files or other electronic spreadsheets, tables, or databases that the noticing party intends to use as an exhibit during the deposition.

The noticing party shall use its best efforts to ensure that all exhibits that the noticing party intends to use in a deposition are included in such mailing.  Such hard copy exhibits shall remain sealed until the deposition begins. The seal shall be broken for the first time on the record and on video by both the witness and witness's counsel once the examining attorney requests the seal to be broken.

The witness and the witness's counsel shall not review any of the hard copy exhibits until directed to review a specific document on the record by the examining attorney. After the conclusion of the deposition, the witness and the witness's counsel shall not review any hard copy

exhibits that were not used during the deposition, or otherwise open any unsealed sections of the hard copy exhibits. The examining attorney may, in its discretion, provide a return label for the witness and/or the witness's counsel to send the marked hard copy exhibits and any unused hard copy exhibits back to the examining attorney at the conclusion of the deposition. If the examining attorney chooses not to provide a return label to the witness for any unused hard copy exhibits and/or a return label to the witness's counsel to return all hard copy exhibits, the examining attorney may request the witness and/or the witness's counsel to destroy the remaining hard copy exhibits.

Nothing in this Remote Deposition Protocol shall preclude the noticing party from introducing in electronic format only any exhibits that the noticing party could not in good faith have reasonably anticipated using in advance of the deposition.  Nothing in this Remote Deposition Protocol shall preclude counsel for any non-noticing party from introducing exhibits in electronic format only. Electronic copies of all exhibits shall be available through Veritext or the remote deposition platform for all participating attorneys and the witness as set forth in Paragraph 11(B).

B.     **Electronic Exhibits:** Pursuant to ¶ VI.B. of the Deposition Protocol, the examining party may utilize electronic exhibits in connection with a deposition so long as the examining party arranges for the technology to permit the presentment of the electronic exhibits at the deposition to the witness and counsel participating in-person and by video. Examining counsel should make available to other counsel a platform that allows downloading the exhibits after the exhibits have been marked and entered into the record during the deposition.

Throughout the deposition, witnesses and counsel participating in person or by video shall have the ability to review all electronic exhibits in their entirety after they have been marked and entered into the record and refer back to previously-introduced exhibits at any time during the

deposition.  The complete exhibit entered into the record shall be available to the witness and all participating counsel to review regardless of whether the examining party displays only certain pages of the document on any platform display.  The witness shall have the independent ability to manipulate the exhibit (scrolling, etc.) to facilitate their review.  In other words, neither a witness nor any counsel participating in person or by video shall be limited during the course of the examination to only those portions of an electronic exhibit that examining counsel focuses on and/or displays via an electronic platform display.

The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis, by itself, to object to the admissibility of that exhibit at trial. Counsel may present visual and audio-video and other forms of multi-media exhibits utilizing services such as Veritext's multi-media presentation platform, which may be produced to include video of the witness's or counsel's interaction with such exhibits as those interactions occurred in the deposition.

12.    **Impact of Technical Difficulties:**    Any pauses, lags, and/or disruptions in technology, including but not limited to interruptions in internet connection, will not result in waiver of objections by any party. The witness's counsel shall notify all deposition attendees as soon as possible as to its objections. Any material time spent, whether on or off the record, dealing with technical issues shall not count against the duration limits agreed to by the parties for the particular deposition or the aggregate duration limits set forth in the Fact Deposition Protocol. If any pauses, lags, and/or disruptions are persistent or prolonged, the parties should consider: (1) extending the remote deposition by an amount of time equal to the duration of the pause, lag, and/or disruption; or (2) rescheduling the remote deposition for a later date.  In the event a

deposition is rescheduled, the amount of time spent on the record, minus any disruption time, shall be deducted from the total time permitted for that deposition.

13.     **Communication with the Witness:**  While on the record during the deposition, no person is permitted to communicate with the witness by any means not recorded in the same manners as the deposition itself (*e.g.*, no email, gestures, handwritten notes, or text exchanges with the witness are permitted). However, the witness's counsel may communicate with the witness telephonically or by other means during breaks, consistent with the terms of the Deposition Protocol, the Federal Rules of Civil Procedure, any applicable stipulations, and applicable law.

14.     **Witness Rules During Deposition:**  Unless otherwise agreed in advance between both noticing counsel and the witness's counsel, no person may be physically located in the same room as the witness during the taking of a remote deposition except for: (a) a non-attorney who is present solely for the purpose of providing technical assistance to the witness in using the platform, (b) defending counsel who represents a witness, or (c) any attorney for a witness's current or former employer. During the deposition, the witness shall not, without informing the noticing party, consult any outside sources of information other than the exhibits presented to the witness to obtain information in connection with his or her testimony during the deposition.

15.     **Non-Party Depositions:**  The noticing party shall serve a copy of this Remote Deposition Protocol with any subpoena for a remote deposition. The parties shall use their best efforts to obtain the consent of a non-party witness to this Remote Deposition Protocol after service of the subpoena.  If a party cannot obtain a non-party witness's consent to this Remote Deposition Protocol, it shall inform the other parties.  Any party may, and, with notice to the non-party witness, seek a telephone conference with the Court or Special Master to resolve the dispute.

16.     **Remote Deposition Etiquette:** All persons attending depositions taken by remote means are reminded that the typical rules of professionalism and etiquette during depositions still apply.  All persons attending depositions taken pursuant to this Remote Deposition Protocol who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted.  All attendees other than the witness, witness's counsel, the examining attorney, and the court reporter should endeavor to keep their camera off during the deposition.   Veritext/the videographer/the remote deposition service provider may at its discretion or upon request mute any other line.  Microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record. In addition, all persons attending depositions taken pursuant to this Remote Deposition Protocol shall ensure that they can do so in a space that is relatively free from distractions that would interfere with the deposition. Attendees appearing on video should not come and go while on the record during the deposition on the remote platform.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**