**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br>*ALL ACTIONS* | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE<br><br><br>**DEFENDANT ASCEND LABORATORIES, LLC'S BRIEF ON REVISED BELLWETHER SELECTION** |

Pursuant to Pretrial Order No. 157 (ECF No. 1687), Defendant Ascend Laboratories, LLC ("Ascend") respectfully makes this submission setting forth Ascend's position concerning the appropriate Bellwether selection in this MDL. For the reasons set forth in this brief, Ascend respectfully objects to the selection of the Heritage-centric complaint as the Bellwether to the extent that Ascend would then be compelled to actively litigate a case to which Ascend is not a proper party, as explained in its pending motions to dismiss the complaint.[1]

Plaintiff States' Heritage-centric complaint is the only Plaintiff States' complaint that names Ascend as a defendant. The Plaintiff States' allegations in the Heritage-centric complaint against Ascend relate to only *one* drug in this MDL—Nimodipine. Further, as explained in greater detail in Ascend's still-pending motions to dismiss the Heritage-centric complaint, Ascend is not a proper party to Heritage-centric case because Ascend *did not market Nimodipine, nor sell it to wholesalers, retailers, or customers.* Rather, Ascend was merely a contract manufacturer of Nimodipine that *had no control over the price at which Nimodipine was sold to the market,* and never sold it under its own trade dress—a crucial fact wholly absent from the Heritage-centric

---

[1] *See* (1) Ascend's Motion to Dismiss Plaintiff States' Sherman Act Claims in 17-cv-03768 (ECF No. 67) and (2) Ascend's Motion to Dismiss Plaintiffs States' State Law Claims in 17-cv-03768 (ECF No. 156).

complaint.   Notably, Plaintiff Kroger specifically agreed to drop Ascend from this litigation because of these facts, and Special Master Marion noted Ascend's limited involvement in this MDL in his February 20, 2020 Third Report and Recommendation Relating to Bellwether Selection.[2]  Thus, it would be inappropriate to now force Ascend to engage in the active Bellwether litigation in this MDL given that Ascend should not be in the Heritage-centric case to begin with.

In light of the foregoing, the Heritage-centric complaint will not serve the recognized purposes of a Bellwether case with respect to Ascend.  Further, it would be a manifest unfairness, given Ascend's irrelevance to the Heritage-centric complaint, to include Ascend in the Bellwether litigation with its attendant time and costs.  Bellwether trials are recognized as an effective means for a trial judge to enhance settlement prospects or resolve common issues or claims in complex litigations.  *See, e.g.*, Special Master David H. Marion's Third Report and Recommendation Relating to Bellwether Selection at 2; *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019-20 (5th Cir.1997) ("[T]he results of such trials can be beneficial for litigants who desire to settle such claims by providing information on the value of the cases as reflected by jury verdicts. Common issues or even general liability may also be resolved in a bellwether context in appropriate cases."); *In re Tylenol (Acetaminophen) Mktg., Sales Practices, and Prods. Liab. Litig.*, No. 12-7263, MDL No. 2436, 2015 WL 2417411, at *1 & n. 3 (E.D. Pa. May 20, 2015) ("A 'bellwether case' is a test case. 'Bellwether' trials should produce representative verdicts and settlements.").  Here, Ascend only has one drug at issue in the Heritage-centric complaint and the allegations against Ascend are not representative of the claims against Ascend in this MDL.

---

[2] *See* ECF No. 1244 at n 2 ("Defendants and Defendant Ascend Laboratories, LLC, have clarified that Ascend does not join in Defendants' submission due to its 'very limited role in the MDL both in terms of the complaints in which it is named and the allegations against it.' Those allegations relate to only one drug in the MDL (Nimodipine), as to which Ascend asserts it was 'merely a contract manufacturer' of the drug, never sold it under its own trade dress and had no control over the marketing, pricing or customers for the product.").

The burden that Ascend would endure having to participate in a case involving allegations of a sprawling conspiracy regarding 20 defendants and 15 drugs is disproportionate to the meager allegations specifically against Ascend.  Ascend is a small company that has already shouldered huge and unsupported burdens from the cost and expense of this litigation, and Ascend will now be subject to even greater burdens in a Bellwether action where there will be significant depositions, briefing, and issues to which Ascend must attend despite the very limited allegations against it.  Ascend is therefore precisely the type of defendant the Supreme Court had in mind when it held that district courts should ask if there is a viable complaint before imposing discovery expenses in antitrust cases.  *See, e.g.*, *Bell Atl. v. Twombly*, 550 U.S. 544, 557-58 (2007).  Ascend should not be burdened with the potentially enormous expenses associated with a Bellwether action and future proceedings with no reasonably founded hope that the discovery process will reveal relevant evidence to support the Plaintiff States' claims in the Heritage-centric complaint against Ascend.

For those reasons and the reasons set forth in its motions, Ascend respectfully objects to being included in the Heritage-centric bellwether and forced to litigate a case to which it does not belong.

Dated: March 1, 2021                          Respectfully submitted,


/s/ W. Gordon Dobie
W. Gordon Dobie
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
WDobie@winston.com

/s/ Irving Wiesen

Irving Wiesen
LAW OFFICES OF IRVING L. WIESEN, P.C.
420 Lexington Avenue - Suite 2400
New York, NY 10170
Tel: (212) 381-8774
Fax: (646) 536-3185
iwiesen@wiesenlaw.com

*Counsel for Defendant Ascend Laboratories, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically on March 1, 2021, and is available for viewing and downloading from the Court's ECF System. Notice of this filing will be sent to all counsel of record by operation of the ECF Systems.


Dated: March 1, 2021                                       /s/ W. Gordon Dobie
                                                                      W. Gordon Dobie