**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 16-MD-2724 |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**PRETRIAL ORDER NO. 163
(SUPERSEDING PRETRIAL ORDER NO. 68)
(REVISED SPECIAL MASTERS' PROTOCOL)**

**AND NOW**, this 3rd day of March 2021, the Court having appointed Special Master

David Marion, Special Discovery Master Bruce Merenstein, and Special Discovery Master for

ESI Daniel Regard to facilitate the informal resolution of disputes, the Court hereby enters the

following Revised Protocol as to proceedings among the parties and the Special Masters, subject

to modification as the Court may determine.

1.      **Scope:** This Protocol applies to all discovery-related and certain other non-

dispositive issues and disputes, subject to Pretrial Order No. 49, and is intended to amplify and

elaborate upon the procedures thereunder, and to minimize the need for formal motion practice.

If, after meeting and conferring as to such an issue, the parties and/or non-parties cannot agree on

a resolution and notice of impasse is provided, they shall contact the appropriate Special Master,

either in writing or telephonically together, and the procedures set forth in Paragraphs 6 through

12 below shall apply.

2.      **Allocation of Responsibilities Among Special Masters:** The Special Masters

shall decide who among them shall handle the dispute, unless otherwise directed by the Court. In

deciding who will handle any particular dispute, they will also take into account: that the Special

Master was appointed to assist the Court by handling matters relating to Case Management and the general conduct of the MDL, the Special Discovery Master was appointed to manage discovery, and the Special Discovery Master for ESI was appointed to manage ESI discovery; the time pressures/constraints involved with respect to the specific dispute; the availability or unavailability of one of the Special Masters; the possible relationship of the dispute to one previously dealt with by one of the Special Masters; and other relevant factors.  For the purpose of maintaining consistency, each Special Master will keep the others informed of the nature of the issues each is handling and the outcome of the process. The Court may, from time to time, refer additional specific matters to one of the Special Masters in accordance with Federal Rule of Civil Procedure 53 or otherwise direct the referral of certain issues.

3.      Consistent with, and subject to reallocation by the Special Masters for practical reasons as set forth in Paragraph 2 above, or as otherwise directed by the Court, the following matters are referred to Special Master Marion for resolution in the first instance:

   a. Development of proposed protocols for specialized and general discovery disputes;

   b. Coordination of status calls described in Paragraph 13 below;

   c. Disputes over assertions of privilege (by a party entity, individual or third party); disputes over privilege logs; and any in camera review of documents related thereto or requested by a party;

   d. Oversee the development of a comprehensive coordinated plan as to disclosure of any AG Documents;

   e. Conflicts and disputes among parties on the same side that are or may likely become disruptive to the litigation and/or discovery process; and

   f. Any claims of spoliation.

4.      Consistent with, and subject to reallocation by the Special Masters for practical reasons as set forth in Paragraph 2 above or as otherwise directed by the Court, the following matters are referred to Special Discovery Master Merenstein for resolution in the first instance:

a.  All discovery disputes that would lead to motions to compel if not resolved by the Special Masters and/or these procedures;

b.  Disputes related to production of documents, written discovery requests, and witness depositions;

c.  Alleged violations of or disputes involving previously entered protective orders or other confidentiality agreements as they relate to discovery and production of documents;

d.  Fact and Expert discovery schedules, deadlines, and extensions after consultation with the Special Master and parties; and

e.  Discovery disputes involving third parties.

5.      Consistent with, and subject to reallocation by the Special Masters for practical reasons as set forth in Paragraph 2 above or as otherwise directed by the Court, the following matters are referred to Special Discovery Master for ESI Regard for resolution in the first instance:

a.  Disputes concerning the identification and production of electronically stored information, especially with regard to Pretrial Order No. 95 (ESI Protocol).

6.      **Expedited Mediation of Disputes:** In the event of a dispute after conducting a meet and confer and providing notice of impasse pursuant to Paragraph 1 above, and if the moving party anticipates that the dispute could be resolved informally without briefing the factual and legal bases of an anticipated motion:

a.  The moving party shall notify counsel for the opposing party via e-mail of its intent to seek an expedited mediation of the dispute with a Special Master.

b.  Thereafter, the moving party may e-mail the Special Masters and the opposing party with a description of the dispute not exceeding 100 words. The opposing party may respond to such e-mail within one business day not exceeding 100 words. If the opposing party believes that mediation without briefing is inappropriate, that party is entitled to an additional 50 words in its e-mail to state that position.

c.  A Special Master will arrange a telephone conference with the moving and opposing party. During the telephone conference, that Special Master shall seek to mediate the dispute, including, for example, by providing his opinion of the likelihood of success of the arguments were letter briefs to be served under

Paragraphs 7 and 8 of this Order, advising the parties or non-parties to narrow or expand their arguments, or proposing a resolution that the participants might accept.

d.      Thereafter, in the event the parties are unable to reach a mediated resolution, the parties may submit letter briefs as described in Paragraphs 7 and 8 of this Order, after which the Special Master shall resolve the dispute in accordance with Paragraphs 9-12. In no event shall the Special Master issue a written recommendation (informal or otherwise) unless and until the parties submit their letter briefs.

7.      **Letter:** In the event of a dispute, each moving party or non-party shall provide a letter to the appropriate Special Master, with copies to the other Special Masters and Liaison Counsel, setting forth the issue(s) and factual and legal bases for the anticipated discovery issue/dispute.

   a.   The text of the letter shall not exceed 1400 words.

   b.   The word count excludes the letter's date, address blocks, signature blocks and any exhibits or enclosures; and

   c.   The movant will indicate whether an in-person meeting is preferred over a telephonic conference.

8.      **Response Letter:** Each party or non-party against whom relief is sought shall submit a response letter to the appropriate Special Master, with copies to the other Special Masters and Liaison Counsel, within five business days, or within seven business days if there are multiple parties who are responding.

   a.   The text of the letter shall not exceed 1400 words.

   b.   The word count excludes the letter's date, address blocks, signature blocks, and any exhibits or enclosures; and

   c.   The respondent will indicate whether an in-person meeting is preferred over a telephonic conference.

9.      In handling a dispute, the appropriate Special Master will attempt to mediate a compromise of the dispute, will decide whether a telephonic or in person meeting is needed, and

may issue an oral or written preliminary decision or suggested resolution of the dispute.

10.    **Telephonic or in-person conference:** If the particular Special Master sets a date and time for a telephonic or in-person conference regarding the dispute:

    a.   Only the parties involved in the dispute need to participate in the conference. Liaison Counsel or their assigned delegates may also attend the conference in order to report to their respective groups.

    b.   During the conference, the Special Master may seek to informally resolve the dispute, including, for example, by providing his opinion of the likelihood of success of the arguments were a motion to be filed, advising the parties or non-parties to narrow or expand their arguments, or proposing a resolution that the participants might accept.

11.    **Right to Full Briefing in Absence of Informal Resolution:** If the participating parties and non-parties cannot informally resolve the discovery dispute, the Parties (and/or non-parties) shall have the right to fully brief the dispute within a reasonable time set by the Special Master dealing with the dispute before the issuance of a formal Report & Recommendation. That Special Master shall set the briefing schedule, and otherwise the full briefing shall be governed by Judge Rufe's Policies and Procedures regarding Motion Practice, as well as the Local Rules.

12.    **Report & Recommendation:**  A written Report & Recommendation may be rendered to the Court in accordance with Pretrial Order No. 49. Any party or parties objecting to the Report & Recommendation shall file objections in accordance with Fed. R. Civ. P. 53(f).

13.    **Regular Status Call:** The Special Masters shall hold periodic telephonic conferences with the parties. The timing and scope of such discussions, as well as procedures for submitting agendas, shall be established by Special Master Marion in consultation with the other Special Masters and the parties. Liaison/leadership counsel for the parties or their designees shall meet monthly in order to discuss, *inter alia*, any disputes that have not been submitted to the

Special Masters or the Court.

**14.     Memorializing Rulings and Conferences:**  All rulings and conference results before the Special Masters shall be memorialized and made available to all parties to the MDL. The Special Masters, in consultation with the parties, shall determine the manner in which conference proceedings, conference results, oral rulings, and agreements by the parties at the conference will be memorialized.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**