**REDACTED – PUBLIC VERSION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**CERTAIN DEFENDANTS' RESPONSE IN SUPPORT OF THEIR MEMORANDUM
CONCERNING THE REVISED BELLWETHER SELECTION**

REDACTED – PUBLIC VERSION

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ....................................................................................... 1

**ARGUMENT** ..................................................................................................................... 2

I.    The Heritage-Centric Action Is The Only State Plaintiff Action That Meets The Court's Bellwether Selection Criteria ........................................................................................ 2

II.   The Dermatology Action Will Reintroduce—Not "Avoid"—The Concerns That Led The Court To Vacate Its Prior Bellwether Selection ......................................................... 6

>    *(a)    Choosing The Dermatology Action As The Bellwether Would Prejudice The Due Process Rights Of Mr. Aprahamian, An Indicted Individual Defendant* ........................... 7

>    *(b)    The Dermatology Action Presents The Same Factual Entanglements With 10 Of The 14 Teva Indictment Products As The Teva-Centric Action* ........................................ 8

III.  State Plaintiffs Can Coordinate Discovery With DPPs and EPPs Regardless of Bellwether Selection ........................................................................................................ 10

**CONCLUSION** .................................................................................................................. 11

REDACTED – PUBLIC VERSION

The undersigned Defendants ("Defendants") respectfully submit this response memorandum pursuant to Pretrial Orders Nos. 154 and 157, and the Court's memorandum opinion of February 9, 2021 (ECF No. 1679) (the "February 9 Opinion"), granting Defendant Teva Pharmaceuticals USA, Inc.'s ("Teva") motion for reconsideration and vacating Pretrial Order No. 132 on the selection of bellwether cases.[1]

## PRELIMINARY STATEMENT

State Plaintiffs' preferred option for a replacement bellwether, *i.e.*, the Dermatology action,[2] does not "avoid" the concerns that led this Court to vacate its initial selection of the Teva-Centric action. Instead, it amplifies them. The same concerns underpinning the Court's vacating of the Teva-Centric action apply to the Dermatology action. Specifically, this Court vacated the Teva-Centric action because "the indictment of the key corporate Defendant in the Teva-centric and pravastatin bellwether cases constitutes a significant change in circumstances." (February 9 Opinion at 3.) And "[a]lthough a corporate Defendant cannot assert a Fifth Amendment right on its own behalf, there are individual interests at stake." (*Id.*) These same concerns underlie the Dermatology action.

The State Plaintiffs' Heritage-Centric action is the only State Plaintiff case appropriate to replace the Teva-Centric action as a bellwether, rather than the Dermatology action, because:

1. the Heritage-Centric action alleges a representative and simpler overarching conspiracy case, and is more procedurally advanced than the Dermatology action;

2. the Dermatology action involves an indicted individual Defendant, Ara Aprahamian, whom State Plaintiffs feature in the Dermatology complaint and

---

[1] Nothing in this brief should be construed as a waiver of the right of any Defendant to seek remand with respect to any case transferred into this Court for consolidated pre-trial proceedings under 28 U. S. C. § 1407(a).

[2] *The State of Connecticut, et al. v. Sandoz, Inc., et al.*, Civil Action No. 2:20-cv-03539 (E.D. Pa. June 10, 2020), ECF No. 1 (the "Dermatology action").

whose individual due process interests are acutely at stake if that action is selected as the bellwether;

3. the Dermatology action implicates a number of Teva Indictment[3] products—State Plaintiffs explicitly reference allegations in the Teva-Centric action along with alleged communications of Teva employees as "further support" and "context" for the allegations in the Dermatology action; and

4. contrary to their suggestion that efficiency can only be gained if the Dermatology action is the bellwether, State Plaintiffs' discovery coordination with other plaintiffs can proceed normally regardless of bellwether selection.

For these reasons, and as explained further below, the undersigned Defendants respectfully request that the Court confirm the Heritage-Centric action as the "appropriate choice for a bellwether."  (February 9 Opinion at 4.)

## ARGUMENT

### I.   The Heritage-Centric Action Is The Only State Plaintiff Action That Meets The Court's Bellwether Selection Criteria

Courts should select bellwether actions that are (1) representative of other actions—in allegations and participants—to provide adequate direction to parties on remaining actions, and (2) sufficiently procedurally advanced.  *See, e.g.*, Federal Judicial Center Pocket Guide Series, *Bellwether Trials in MDL Proceedings,* A Guide for Transferee Judges at 4 (2019).  The Heritage-Centric action is both.  The Dermatology action is neither.

First, bellwether trials "provide knowledge and experience" that inform the litigating parties in settlement negotiations or continued litigation.  *See* Eldon E. Fallon, Jeremy T. Brabill,

---

[3] *United States v. Teva Pharmaceuticals, USA, Inc. and Glenmark Pharmaceuticals Inc., USA*, No. 20-CR-00200-RBS, ECF No. 28 (E.D. Pa. Aug. 25, 2020) (the "Teva Indictment").

REDACTED – PUBLIC VERSION

and Robert Wayne Picard, "Bellwether Trials in Multidistrict Litigation," 82 Tulane L. Rev. 2323, 2325.  Here, State Plaintiffs correctly note that the value of an "overarching conspiracy bellwether [is] to provide some guidance to all parties about how an overarching conspiracy claim tries and how a jury reacts to it."  (Memorandum Relating to Revised Bellwether Selection by State Attorneys General Plaintiffs, ECF. No. 1702 at 12 ("States' Br.").)  The Heritage-Centric action, which the State Plaintiffs touted to the press as one of their most significant enforcement actions, meets these criteria.

State Plaintiffs themselves have described allegations from their Heritage-Centric action as "shocking" and "mind-blowing," and the alleged harm as "real" and imposing a "financial burden" on the American public.[4]  It is surprising for them to now try to marginalize the Heritage-Centric action by arguing that the action somehow would "fail to focus any of the major Defendants on their true exposure."  (States' Br. at 9.)  The dollar values at stake in any of these cases is serious, particularly given allegations of an "overarching conspiracy" carrying joint and several liability and treble damages, not to mention state-law civil penalties.

Implicit in the State Plaintiffs' argument is that they are not really seeking guidance, but *in terrorem* effect.  A bellwether that is potentially higher value will not "giv[e] the parties an early understanding of the strengths and weaknesses of each party's position" any more effectively than any other bellwether.  *See* Federal Judicial Center Pocket Guide Series, *Bellwether Trials in MDL Proceedings,* A Guide for Transferee Judges at 4–5 (2019).  State Plaintiffs seem to hope that the Dermatology action will effectively frighten Defendants into settlement because it potentially reflects a higher level of exposure, but that is not the guidance

---

[4] State of Connecticut Press Release, AG Jepsen Leads Coalition in New, Expanded Complaint in Federal Generic Drug Antitrust Lawsuit (Oct. 31, 2017), https://portal.ct.gov/AG/Press-Releases-Archived/2017-Press-Releases/AG-Jepsen-Leads-Coalition-in-New-Expanded-Complaint-in-Federal-Generic-Drug-Antitrust-Lawsuit.  Defendants disagree with State Plaintiffs' characterization of their allegations.

that bellwethers are intended to provide.  *See id.*  Were it otherwise, courts would simply select the highest-value case to serve as a bellwether in every instance.

The injuries alleged, types of claims brought, applicable law, and types of Defendants involved in the Heritage-Centric action are representative of those in the other overarching conspiracy actions.  Thus, the Heritage-Centric action squarely fits the bellwether selection criteria.  *See* Federal Judicial Center Pocket Guide Series, *Bellwether Trials in MDL Proceedings,* A Guide for Transferee Judges 22 (2019).

State Plaintiffs principally rely on the larger scope of the Dermatology action in their plea to advance it as the bellwether.  But a larger number of products and higher volume of commerce do not necessarily make a better bellwether—especially at the expense of Constitutional due process, delay, and other considerations addressed herein.  The larger scale and scope also translate to greater complexity and time.  That complexity is amplified, as described below, by Mr. Aprahamian's central role in the Dermatology action, and his pending criminal trial.  The Dermatology action, with 80 different products, will be more complex for a jury to evaluate than the Heritage-Centric action, which involves a still-substantial 15 products.  And if the Heritage-Centric action proceeds, extrapolating guidance from a 15-product case can be done more efficiently.

Second, procedural differences between the cases make the Heritage-Centric action the only appropriate selection to replace the Teva-Centric action.  State Plaintiffs claim that the Dermatology action was the result of a "long investigation" and is "advanced factually."  (States' Br. at 13).  Presumably the State Plaintiffs conducted an equally thorough investigation of the Heritage-Centric action and deemed it sufficiently advanced factually to warrant bringing their lawsuit.  More significantly from a bellwether selection perspective, however, the Dermatology

REDACTED – PUBLIC VERSION

action is not at all advanced *procedurally*—particularly relative to the Heritage-Centric action. The procedural hurdles facing the Dermatology action would create significant delay.

The States' Dermatology action is far behind the Heritage-Centric action in both discovery and motion practice.  Specifically:

- The Heritage-Centric action is part of Phase 1 Discovery of this MDL while the Dermatology action is part of Phase 2 Discovery.  (*See* PTO 153, ECF No. 1648 at 2 (describing Phase 2 discovery as encompassing complaints filed between September 2, 2019 and December 15, 2020).)  While Phase 1 document and data discovery is substantially complete, Phase 2 is in the beginning stages and is not likely to be completed in the near term—the parties are still continuing good-faith negotiations.

- The initial responsive pleadings in the Dermatology action—answers or motions to dismiss—have not even been filed.[5]  Motions to dismiss in the Heritage-Centric action, on the other hand, have been litigated and are resolved but for certain motions, which are fully briefed.[6]

The inevitable delay that would attend the selection of the Dermatology action as a

---

[5] Moreover, as noted in Certain Defendants' Motion to Dismiss the Plaintiff States' October 31, 2019 Amended Complaint for Violating the Doctrine Against Claim Splitting, the Dermatology action similarly violates the doctrine against claim splitting by repeating and re-alleging many of the same allegations in support of a purported "overarching conspiracy" as a basis for joint and several liability.  *See* No. 19-cv-2407 ECF No. 186-1 at 1-2 n.1. At the appropriate time, certain Defendants intend to move to dismiss the Dermatology action for similar reasons, which if successful even in part, would leave the Heritage-Centric action as the only remaining state action with an "overarching" theory of joint and several liability—further counseling in favor of selecting the Heritage-Centric action as a bellwether action.

[6] Ascend also filed a submission pursuant to PTO 157.  (ECF No. 1704.)  Ascend's position only highlights the guidance the Heritage-Centric action can provide to the parties.  Ascend objects to the selection of the Heritage-Centric complaint not on the merits of the case as a bellwether, but because Ascend believes that it is not a proper defendant in that case *regardless* of when the case is sequenced.  (Ascend Br. at 1).  Selecting the Heritage-Centric action as the bellwether, however, will effectively address Ascend's concerns by prioritizing resolution of its and others' motions to dismiss that remain pending in the case.  Those resolutions will provide guidance for similarly situated defendants in other MDL cases remaining to be litigated.  Ultimately, Ascend's arguments do not call into question the suitability of the Heritage-Centric action as an appropriate bellwether.

bellwether, given its nascent state, weighs heavily against its selection.  If the Heritage-Centric action proceeds as the bellwether, guidance is more likely to happen sooner.

## II.      The Dermatology Action Will Reintroduce—Not "Avoid"—The Concerns That Led The Court To Vacate Its Prior Bellwether Selection

State Plaintiffs note that Teva is named as a Defendant for certain products at issue in the Heritage-Centric action.  (States' Br. at 8.)  This argument is a diversion as they neglect to mention that **none** of the products in the Heritage-Centric action is included in the Teva Indictment—therefore they do not implicate the same degree of concerns identified by the Court in vacating the initial bellwether selections.  The same is not true for the Dermatology action, which identifies 10 of the 14 products on which Teva was indicted.  State Plaintiffs directly seek relief on three of those products in the Dermatology action and include the remaining seven to "provide further support for" the case.  The Dermatology complaint contains 115 references to Teva, and specifically identifies four of Teva's current or former employees in describing allegedly collusive conduct.  *See generally* Dermatology Complaint.

State Plaintiffs' argument ignores these and other critical facts, including:  (a) an individual Defendant in the Dermatology action, Mr. Aprahamian, has been indicted for alleged conduct relating to the Dermatology action, and Mr. Aprahamian has due process interests equal to or greater than the Teva interests that prompted this Court's reconsideration; and (b) *Teva* has acknowledged that the Heritage-Centric action involves the fewest entanglements with the parallel criminal proceeding.  The Dermatology action presents the same Fifth Amendment and due process concerns for Mr. Aprahamian that motivated the Court to vacate its selection of the Teva-Centric action, a fact State Plaintiffs ignore.  The Heritage-Centric action presents far fewer concerns.

REDACTED – PUBLIC VERSION

*(a) Choosing The Dermatology Action As The Bellwether Would Prejudice The Due Process Rights Of Mr. Aprahamian, An Indicted Individual Defendant*

The Dermatology action names Mr. Aprahamian as a Defendant.  Mr. Aprahamian is currently under indictment relating to the allegations in the Dermatology action (allegations that he vigorously disputes in both proceedings).[7]  Mr. Aprahamian's indictment includes five products specified in the Dermatology action:  carbamazepine ER tablets, clotrimazole cream, desonide ointment, fluocinonide gel, and fluocinonide ointment.  This overlap "fundamentally undermine[s]" the Dermatology action as a suitable bellwether.  (February 9 Opinion at 2.)  It places directly at issue in the MDL the same allegations that are central to the ongoing criminal litigation involving Mr. Aprahamian.  In contrast, there is ***no*** overlap between products at issue in the Heritage-Centric action and Mr. Aprahamian's indictment.

And Mr. Aprahamian is not simply "one Defendant among many" in the Dermatology action.  (*Id.*)  Mr. Aprahamian's name appears nearly 600 times in the Dermatology complaint, including throughout one span of more than a hundred pages of the complaint (pages 155 to 257) where he is specifically identified in multiple section headings.  Accordingly, Mr. Aprahamian could face substantial prejudice from the parallel civil and criminal proceedings against him if the Dermatology action were selected as a bellwether.  As the Court recognized, the "individual interests at stake" rendered the Teva-Centric action unsuitable as a bellwether.  (February 9 Opinion at 3.)  Those same concerns as applied to Mr. Aprahamian likewise render the Dermatology action an unsuitable bellwether.[8]  Indeed, the Constitutional concerns for Mr.

---

[7] *United States v. Ara Aprahamian*, No. 20-cr-00064-RBS, ECF. No. 1 (E.D. Pa. Feb. 4, 2020).

[8] As the Court is aware, Mr. Aprahamian has a motion to stay pending before the Court that argues, inter alia, that his due process rights will be prejudiced absent a stay.  The Dermatology action contains substantial allegations relating to Mr. Aprahamian's alleged conduct.  Selecting the Dermatology action as the bellwether will profoundly compound Mr. Aprahamian's due process concerns and thus virtually guarantee substantial prejudice to Mr. Aprahamian in the MDL and/or his criminal proceeding.  Mr. Aprahamian would be put in an untenable position: he would be forced to choose between waiving his Fifth Amendment rights or an adverse inference from his refusal to provide discovery and testimony in the civil case.

REDACTED – PUBLIC VERSION

Aprahamian are more acute since he, as an individual, may assert his Fifth Amendment rights, whereas Teva, as a corporate Defendant, could not.  (*Id.*)

In contrast, no individual Defendant in the Heritage-Centric action has been indicted.[9] Proceeding with that case as a bellwether does not present the same concerns that the Dermatology action—like the now-rejected Teva-Centric action—raises.  (Certain Defendant's Submission Pursuant to PTO No. 157, ECF No. 1705 at 4 ("Defs. Br.").)

*(b) The Dermatology Action Presents The Same Factual Entanglements With 10 Of The 14 Teva Indictment Products As The Teva-Centric Action*

Although Teva is not a named Defendant in the Dermatology action, the "complications" that State Plaintiffs claim will be avoided by selecting it as the overarching bellwether complaint end there.  (States' Br. at 1.)  The text of the Dermatology complaint makes this clear, carrying forward detailed factual allegations extensively set forth in the Teva-Centric action.  Rather than avoiding "complications," the Dermatology action maintains them.  Specifically, the Dermatology complaint refers to the following 10 Teva Indictment products:  carbamazepine tablets, carbamazepine chewables, clotrimazole, etodolac IR, etodolac ER, fluocinonide cream, fluocinonide emollient cream, fluocinonide gel, fluocinonide ointment, and warfarin.  For example, with respect to etodolac and etodolac ER, the Dermatology complaint alleges:

> "The collusive relationship and interactions between Taro, Sandoz, and Teva with regard to the drugs Etodolac and Etodolac ER are addressed in greater detail in the Plaintiff States' Teva Complaint. . . . ***the collusive interactions are part of the larger pattern of conduct involving Taro, Sandoz, and Teva***, and are discussed herein to provide context . . . ***and to provide further support for the allegations herein***."

---

[9] Nothing in this brief should be construed as a waiver of the right of any individual's assertion of his or her Fifth Amendment rights.

(Dermatology Compl. at ¶ 789 n.6. (emphasis added).)  The Dermatology complaint includes similar allegations with respect to the eight other Teva Indictment products identified above.  (*Id.* at ¶ 853 n.7.)

Given State Plaintiffs' own pleading, it could not be clearer:  10 Teva Indictment products and related Teva-cCentric action allegations are embedded within the Dermatology complaint and will allegedly "provide further support for" the States' theory of the case— including its allegations of an industry-wide overarching conspiracy.  In contrast, the Heritage-Centric action does not involve allegations directly tied to *any* of the products in the Teva Indictment or the Teva-Centric complaint.  (Defs. Br. at 3.)

The State Plaintiffs' argument that there are "overlapping witnesses" between the Heritage-Centric action "and the Teva criminal indictment" is a red herring as there are almost certainly overlapping witnesses in the Dermatology Action as well.  (*See* States' Br. at 8.)  While Teva is named as a Defendant in the Heritage-Centric action, it is unquestionably preferable, from a due process perspective, for Teva to litigate *non-indictment* drugs as a Defendant in the Heritage-Centric action than for Teva and its employees to litigate on *indictment* drugs in the Dermatology action.  The Dermatology complaint alleges that four current or former Teva employees engaged in misconduct on other products at issue in the Dermatology action, one of whom allegedly had numerous phone calls with Mr. Aprahamian.  Contrary to their suggestion in their opening brief, State Plaintiffs' allegations in the Dermatology complaint reflect that State Plaintiffs will attempt to use evidence from current or former Teva employees to "provide further support for" the claims in the Dermatology action.  (States' Br. at 7.)

Specifically, the Dermatology action contains multiple allegations concerning Teva-employee Nisha Patel's conduct, including her alleged communications with Mr. Aprahamian.  It

also contains allegations regarding current or former Teva employees  (Dermatology Compl. at ¶¶ 1209-10, 1222, 1559.) The State Plaintiffs' claim that "no current or former Teva employees will be requested to testify in order to move [the Dermatology complaint] forward," (States' Br. at 7) is thus dubious at best.

Because the Dermatology action presents the same Fifth Amendment, due process, and procedural concerns that led the Court to vacate its initial selection, substituting the Dermatology action for the Teva-Centric action makes no sense.[10]

## III. State Plaintiffs Can Coordinate Discovery With DPPs and EPPs Regardless of Bellwether Selection

State Plaintiffs claim that coordination with the DPPs and EPPs regarding common clobetasol claims "will not happen if the Heritage-Centric case is selected as a bellwether," and that selecting the Dermatology action will allow the States and private plaintiffs "to efficiently coordinate and prioritize discovery related to common claims." (States' Br. at 13.) This should not bear on the Court's consideration of the issues.

There is nothing precluding plaintiffs with common claims from coordinating on discovery regardless of how cases are sequenced. Indeed, the stipulated deposition protocol apportions deposition hours to "Plaintiffs collectively." (*See* PTO No. 158, ECF No. 1688 at 12). The MDL is not sequenced to allow for bellwether depositions followed by non-bellwether depositions—all fact deposition discovery is happening now.

---

[10] State Plaintiffs suggest the Dermatology action may be more convenient for them because of a claimed "array of cooperating witnesses." (States' Br. at 13.) However, they fail to explain how this in any way counterbalances the significant Fifth Amendment and Due Process concerns identified in this brief.

REDACTED – PUBLIC VERSION

State Plaintiffs will not get another bite at the apple if they neglect to pursue discovery on products that have been a longstanding part of this MDL, simply because of their singular focus on the bellwether.  If State Plaintiffs elect not to coordinate with other plaintiffs on discovery because of case sequencing decisions, that is their prerogative.  Defendants' arguments should not be discounted based on threats by State Plaintiffs to forego discovery efficiencies, ignoring the Court's (and the JPML's) directions that discovery be coordinated.

## **<u>CONCLUSION</u>**

For the reasons set forth above, the undersigned Defendants respectfully request that the Court select the Heritage-Centric action as a bellwether.

**REDACTED – PUBLIC VERSION**

Dated: March 15, 2021

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

/s/ Sheron Korpus
Sheron Korpus
Seth A. Moskowitz
Seth Davis
David M. Max
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
skorpus@kasowitz.com
smoskowitz@kasowitz.com
sdavis@kasowitz.com
dmax@kasowitz.com

*Attorneys for Defendants Actavis
Elizabeth, LLC, Actavis Holdco U.S., Inc.,
and Actavis Pharma, Inc.*

/s/ Raymond A. Jacobson, Jr.
Raymond A. Jacobsen, Jr.
Paul M. Thompson (Pa. Bar No. 82017)
Lisa (Peterson) Rumin
McDermott Will & Emery LLP
500 North Capitol Street, NW
Washington, D.C. 20001
Telephone: (202) 756-8000
rayjacobsen@mwe.com
pthompson@mwe.com
lrumin@mwe.com

Nicole L. Castle
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
ncastle@mwe.com

*Counsel for Defendants Amneal
Pharmaceuticals, Inc.,
Amneal Pharmaceuticals LLC, and Impax
Laboratories, Inc.
(n/k/a Impax Laboratories, LLC)*

/s/ James W. Matthews
James W. Matthews
Katy E. Koski
John F. Nagle
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Tel:  (617) 342-4000
Fax:  (617) 342-4001
jmatthews@foley.com
kkoski@foley.com
jnagle@foley.com

James T. McKeown
Elizabeth A. N. Haas
Kate E. Gehl
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Tel:  (414) 271-2400
Fax:  (414) 297-4900
jmckeown@foley.com
ehaas@foley.com
kgehl@foley.com

Steven F. Cherry
April N. Williams
Claire Bergeron
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

**REDACTED – PUBLIC VERSION**

steven.cherry@wilmerhale.com
april.williams@wilmerhale.com
claire.bergeron@wilmerhale.com

Terry M. Henry
Melanie S. Carter
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA  19103
Tel:  (215) 569-5644
Fax:  (215) 832-5644
THenry@blankrome.com
MCarter@blankrome.com

*Counsel for Defendant Apotex Corp.*

/s/ *Wayne A. Mack*
Wayne A. Mack
Sean P. McConnell
Sarah O'Laughlin Kulik
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1152
wamack@duanemorris.com
spmcconnell@duanemorris.com
sckulik@duanemorris.com

*Counsel for Aurobindo Pharma USA, Inc.*

/s/ *Roger B. Kaplan*
Roger B. Kaplan
Jason Kislin
Aaron Van Nostrand
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, NJ 07931
Tel: (973) 360-7900
Fax: (973) 295-1257
kaplanr@gtlaw.com
kislinj@gtlaw.com
vannostranda@gtlaw.com

Brian T. Feeney
**GREENBERG TRAURIG, LLP**
1717 Arch Street, Suite 400
Philadelphia, PA 19103
Tel: (215) 988-7812
Fax: (215) 717-5265
feeneyb@gtlaw.com

*Counsel for Defendant*
*Dr. Reddy's Laboratories, Inc.*

/s/ *Steven A. Reed*
Steven A. Reed
R. Brendan Fee
Melina R. DiMattio
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
steven.reed@morganlewis.com
brendan.fee@morganlewis.com
melina.dimattio@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Centre
Thirty-Second Floor
Pittsburgh, PA 15219-6401
Telephone: +1.412.560.7455
Facsimile: +1.412.560.7001
wendy.feinstein@morganlewis.com

*Counsel for Defendant*
*Glenmark Pharmaceuticals Inc., USA*

/s/ *Marguerite M. Sullivan*
Marguerite M. Sullivan (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C., 20004
(202)-637-2200
marguerite.sullivan@lw.com

**REDACTED – PUBLIC VERSION**

Anna M. Rathbun (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C., 20004
(202)-637-2200
anna.rathbun@lw.com

*Attorneys for Defendant*
*G&W Laboratories, Inc.*


/s/ *Gerald E. Arth*
Gerald E. Arth
Ryan T. Becker
Nathan M. Buchter
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel.: (215) 299-2000
Fax: (215) 299-2150
garth@foxrothschild.com
rbecker@foxrothschild.com
nbuchter@foxrothschild.com

George G. Gordon
Julia Chapman
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104-2808
Tel.: (215) 994-2382
Fax: (215) 655-2240
george.gordon@dechert.com
julia.chapman@dechert.com

*Counsel for Lannett Company, Inc.*


/s/ *Leiv Blad*
Leiv Blad
Zarema Jaramillo
Meg Slachetka
**LOWENSTEIN SANDLER LLP**
2200 Pennsylvania Avenue
Washington, DC 20037
Tel.: (202) 753-3800
Fax: (202) 753-3838

lblad@lowenstein.com
zjaramillo@lowenstein.com
mslachetka@lowenstein.com

*Counsel for Defendants*
*Lupin Pharmaceuticals, Inc. and*
*David Berthold*


/s/ Chul Pak
Chul Pak
**WILSON SONSINI GOODRICH &**
**ROSATI, PC**
1301 Avenue of the Americas 40th Floor
New York, NY 10019
Tel: (212) 497-7726
Fax: (212) 999-5899
cpak@wsgr.com

Seth C. Silber
Jeffrey C. Bank
**WILSON SONSINI GOODRICH &**
**ROSATI, PC**
1700 K Street, NW Fifth Floor
Washington, DC 20006
Tel: (202) 973-8824
Fax: (202) 973-8899
ssilber@wsgr.com
jbank@wsgr.com

Adam K. Levin
Benjamin F. Holt
Justin W. Bernick
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
adam.levin@hoganlovells.com
benjamin.holt@hoganlovells.com
justin.bernick@hoganlovells.com

*Counsel for Defendants Mylan Inc., Mylan*
*Pharmaceuticals, Inc., UDL Laboratories,*
*Inc., and Mylan N.V.*

**REDACTED – PUBLIC VERSION**

/s/ Robin D. Adelstein
NORTON ROSE FULBRIGHT US LLP
Robin D. Adelstein
Mark A. Robertson
1301 Avenue of the Americas
New York, NY 10019-6022
Tel.: 212-318-3000
robin.adelstein@nortonrosefulbright.com
mark.robertson@nortonrosefulbright.com

*Attorneys for Defendants Oceanside
Pharmaceuticals, Inc., Bausch Health
Americas, Inc. (formerly known as Valeant
Pharmaceuticals International), and Bausch
Health US, LLC (formerly known as Valeant
Pharmaceuticals North America LLC)*

/s/ John E. Schmidtlein
John E. Schmidtlein
Sarah F. Kirkpatrick
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile:  (202) 434-5029
jschmidtlein@wc.com
skirkpatrick@wc.com

*Counsel for Defendants
Par Pharmaceutical, Inc. and
Par Pharmaceutical Companies, Inc.*

/s/ J. Clayton Everett, Jr.
Scott A. Stempel
J. Clayton Everett, Jr.
Tracey F. Milich
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Phone: (202) 739-3000
Fax: (202) 739-3001
scott.stempel@morganlewis.com
clay.everett@morganlewis.com
tracey.milich@morganlewis.com

Harvey Bartle IV
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000
Fax: (215) 963-5001
harvey.bartle@morganlewis.com

*Counsel for Defendant Perrigo New York,
Inc.*

s/ Ilana H. Eisenstein
DLA PIPER LLP (US)
Ilana H. Eisenstein
Ben C. Fabens-Lassen
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Tel: (215) 656-3300
ilana.eisenstein@dlapiper.com
ben.fabens-lassen@dlapiper.com

Edward S. Scheideman
500 Eighth Street, NW
Washington, D.C. 20004
Tel: (202) 799-4000
edward.scheideman@dlapiper.com

*Counsel for Pfizer Inc. and Greenstone LLC*

/s/ Saul P. Morgenstern
Saul P. Morgenstern
Margaret A. Rogers
Kathryn L. Rosenberg
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
(212) 836-8689 (fax)
saul.morgenstern@arnoldporter.com
margaret.rogers@arnoldporter.com
kathryn.rosenberg@arnoldporter.com

**REDACTED – PUBLIC VERSION**

/s/ Laura S. Shores
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave, NW
Washington, D.C. 20001
(202) 942-5000
(202) 942-5999 (fax)
laura.shores@arnoldporter.com

*Attorneys for Defendants Sandoz Inc. and*
*Fougera Pharmaceuticals Inc.*

/s/ Erik T. Koons
John M. Taladay
Erik T. Koons
Stacy L. Turner
Christopher P. Wilson
**BAKER BOTTS LLP**
700 K Street NW
Washington, DC 20001
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
john.taladay@bakerbotts.com
erik.koons@bakerbotts.com
stacy.turner@bakerbotts.com
christopher.wilson@bakerbotts.com

Lauri A. Kavulich
Ann E. Lemmo
**CLARK HILL PLC**
2001 Market St, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8500
Facsimile: (215) 640-8501
lkavulich@clarkhill.com
alemmo@clarkhill.com

Lindsay S. Fouse
**CLARK HILL PLC**
301 Grant St, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Facsimile: (412) 394-2555
lfouse@clarkhill.com

*Counsel for Defendants Sun Pharmaceutical*
*Industries, Inc., and Taro Pharmaceuticals*
*U.S.A., Inc.*

/s/ Heather K. McDevitt
Heather K. McDevitt
Bryan D. Gant
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Tel.: (212) 819-8200
Fax: (212) 354-8113
hmcdevitt@whitecase.com
bgant@whitecase.com

*Counsel for Defendant Teligent, Inc.*

/s/ J. Gordon Cooney, Jr.
J. Gordon Cooney, Jr.
John J. Pease, III
Alison Tanchyk
William T. McEnroe
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
jgcooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com

Amanda B. Robinson
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
amanda.robinson@morganlewis.com

*Counsel for Defendant Teva*
*Pharmaceuticals USA, Inc.*

**REDACTED – PUBLIC VERSION**

/s/ Devora W. Allon
Devora W. Allon, P.C.
Jay P. Lefkowitz, P.C.
Alexia R. Brancato
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-6460
devora.allon@kirkland.com
lefkowitz@kirkland.com
alexia.brancato@kirkland.com

*Counsel for Defendant Upsher-Smith*
*Laboratories, LLC*

/s/ Damon W. Suden
William A. Escobar
Damon W. Suden
Clifford Katz
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
Tel.: 212-808-7800
Fax: 212-808-7987
dsuden@kelleydrye.com

*Counsel for Defendant Wockhardt USA LLC*
*and Morton Grove Pharmaceuticals, Inc.*

/s/ Jason R. Parish
Jason R. Parish
Martin J. Amundson
**BUCHANAN INGERSOLL &**
**ROONEY PC**
1700 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 452-7900
Facsimile:  (202) 452-7989
jason.parish@bipc.com
martin.amundson@bipc.com

Bradley Kitlowski

**BUCHANAN INGERSOLL &**
**ROONEY PC**
Union Trust Building
Pittsburgh, PA 15219
Telephone: (412) 562-8800
Facsimile:  (412) 562-1041
bradley.kitlowski@bipc.com

*Counsel for Defendant Zydus*
*Pharmaceuticals (USA) Inc.*

/s/ G Robert Gage, Jr.
G. Robert Gage, Jr.
Gage Spencer & Fleming LLP
410 Park Avenue
New York, NY 10022
(212) 768-4900
grgage@gagespencer.com

*Counsel for Defendant Ara Aprahamian*

/s/ Larry H. Krantz
Larry H. Krantz
Jerrold L. Steigman
KRANTZ & BERMAN LLP
747 Third Avenue, 32nd Floor
New York, NY 10017
(212) 661-0009
(212) 355-5009 (fax)
lkrantz@krantzberman.com
jsteigman@krantzberman.com

*Counsel for Defendant James Brown*

/s/ Thomas H. Suddath, Jr.
Thomas H. Suddath, Jr.
Anne E. Rollins
Thomas P. Reilly
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
tsuddath@reedsmith.com

**REDACTED – PUBLIC VERSION**

arollins@reedsmith.com
treilly@reedsmith.com

Michael E. Lowenstein
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
mlowenstein@reedsmith.com

*Counsel for Defendant Maureen Cavanaugh*

*/s/ James A. Backstrom*
James A. Backstrom
JAMES A. BACKSTROM, COUNSELLOR
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
Tel: (215) 864-7797
jabber@backstromlaw.com

*Counsel for Defendant Marc Falkin*

*/s/ Robert E. Connolly*
Robert E. Connolly
Law Office of Robert Connolly
301 N. Palm Canyon Ave.
Palm Springs, California 92262
Pennsylvania Bar No. 32341
bob@reconnollylaw.com
(215) 219-4418

*Counsel for James Grauso*

*/s/ Robert E. Welsh, Jr.*
Robert E. Welsh, Jr.
Alexandra Scanlon Kitei
**WELSH & RECKER, P.C.**
306 Walnut Street
Philadelphia, PA 19106
(215) 972-6430
(215) 972-6436 (fax)
rewelsh@welshrecker.com
akitei@welshrecker.com

*Counsel for Defendant Kevin Green*

*/s/ Jeffrey D. Smith*
Jeffrey D. Smith
Alice Bergen
DECOTIIS, FITZPATRICK, COLE &
GIBLIN, LLP
61 South Paramus Road
Paramus, New Jersey 07652
(201) 907-5228
jsmisth@decotiislaw.com
abergen@decotiislaw.com

*Attorneys for Defendant Robin Hatosy*

*/s/ Michael Gerard Considine*
Michael Gerard Considine
Laura Elizabeth Miller
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
(212) 574-1334
considine@sewkis.com
millerl@sewkis.com

*Counsel for Defendant Jill Nailor*

*/s/ L. Barrett Boss*
L. Barrett Boss
S. Rebecca Brodey
Thomas J. Ingalls
**COZEN O'CONNOR P.C.**
1200 19th Street NW, Suite 300
Washington, DC 20036
Telephone: (202) 912-4814
Facsimile: (866) 413-0172
bboss@cozen.com
rbrodey@cozen.com
tingalls@cozen.com

Peter M. Ryan
**COZEN O'CONNOR P.C.**
One Liberty Place

**REDACTED – PUBLIC VERSION**

1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2130
Facsimile: (215) 701-2157
pryan@cozen.com

*Counsel for Defendant James Nesta*

*/s/ Bradley Love*
Bradley Love
Larry Mackey
Neal Brackett
Alyssa C. Hughes
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204
(317) 236-1313
bradley.love@btlaw.com
larry.mackey@btlaw.com
neal.brackett@btlaw.com
alyssa.hughes@btlaw.com

*Counsel for Defendant Nisha Patel*

*/s/ Sozi Pedro Tulante*
Sozi Pedro Tulante
Jeffrey J. Masters
Carla G. Graff
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222
sozi.tulante@dechert.com
jeffrey.masters@dechert.com
carla.graff@dechert.com

*Attorneys for Defendant David Rekenthaler*

*/s/ David Reichenberg*
David Reichenberg
COZEN O'CONNOR P.C.
277 Park Avenue, 20th Floor
New York, NY 10172
(212) 883-4956
dreichenberg@cozen.com

Stephen A. Miller
Calli Jo Padilla
COZEN O'CONNOR P.C.
1650 Market Street
Suite 2800
Philadelphia, PA 19103
(215) 665-6938
(215) 253-6777 (fax)
samiller@cozen.com
cpadilla@cozen.com

*Attorneys for Defendant Richard Rogerson*

REDACTED – PUBLIC VERSION

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2021, a copy of the foregoing Certain Defendants'

Response In Support Of Their Memorandum Concerning The Revised Bellwether Selection was

served on counsel of record via the Court's CM/ECF system.

*/s/ Erik T. Koons*
Erik T. Koons