# EXHIBIT "A"

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

BRIAN T. GILMORE
(202) 434-5707
bgilmore@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 5, 2021

**By Email**

Paula Lauren Gibson
Deputy Attorney General, State of California
Antitrust Law Section
300 S. Spring Street, Suite 1720
Los Angeles, CA 90013

Re:     *In re: Generic Pharmaceuticals Pricing Antitrust Litigation,* 16-MD-2724

Dear Paula:

Pursuant to Special Master Marion's Fifth Report and Recommendation (the "Recommendation"), Defendants provide notice of the following deficiencies in California's February 25, 2021 disclosure (the "Disclosure"). Please note that although Judge Rufe's Order adopting the Recommendation establishes a March 15th deadline for this notice, Defendants have worked hard to provide it to you much sooner, in an effort to advance this dispute more quickly toward resolution. In light of California's repeated delays throughout this process, Defendants request that California make a similar effort to respond to this notice prior to the Recommendation's deadline.

## I.     Deficiency 1: Failure to Produce *Any* Additional Documents

In the nearly two months since Defendants' motion to compel California was filed on January 8th, California has not produced a single document. Thus, the only documents produced in the MDL that could even arguably be credited to California remain two spreadsheets of California Medicaid data, which were part of a production made by the State AGs collectively last year. GENERICS-ALL-000000100–101.

The Recommendation required California to "confirm that it has made a good faith disclosure of all documents and information reasonably requested by defendants." Order [Dkt. 1698] ¶ 1. In the context of this discovery dispute concerning California's failure to meet its agreed production deadline, "disclosure" plainly means the *production* of the requested "documents and information," not just their identification. *See id.* ¶ 3 (allowing an application for sanctions related to "any unproduced documents"). *Cf.* Fed. R. Civ. P. 26(a) (requiring, as part of initial "disclosures," the provision of both information and documents to the opposing party). In its

WILLIAMS & CONNOLLY LLP

Paula Lauren Gibson
March 5, 2021
Page 2

February 5th Responses, which are incorporated in the Disclosure, California suggests that it does not have any additional, unproduced documents in its possession, custody, or control on which it intends to rely in support of its claims.  Leaving aside for the moment that this is inaccurate (*see infra* Part II), California should confirm that it is not withholding any documents based on the Recommendation's use of the word "disclosure."  Put differently, to the extent California construes "good faith disclosure" to mean that California only needs to identify documents to Defendants, but is not required to produce those documents, it is mistaken.

Defendants intend to request that California be precluded from relying on any documents that it may attempt to produce after the ten-day cure period.[1]  *See* Order ¶¶ 2–3.  Based on the representations in the Disclosure—that California is not aware of any additional documents on which it will rely that it has yet to produce—California should have no objection to Defendants' request.  However, if California's representations were inaccurate or made without adequate investigation, then it should cure those deficiencies and produce any remaining documents within the next ten days, and at the latest by March 15th.

## II.      Deficiency 2: Failure to Produce IQVIA and Analysource Data

In its January 28th Amended Response, which is incorporated in the Disclosure, California acknowledges that it will likely rely upon IQVIA and Analysource data to support its claims.  This data is in California's possession.  *See* States' 2/3/21 Ltr. to Special Master Marion at 3 (acknowledging the States have already "paid for access" to the databases).  To date, however, California has not produced any such data.

In their February 3rd Letter, the States contended that the IQVIA and Analysource data is "not part of fact discovery" and could instead be withheld until the expert discovery deadline, a contention California also advanced in its January 28th Amended Response.  The Recommendation, of course, rejected that contention.  Recommendation at 2 (rejecting Plaintiffs' argument that requiring production of the data would violate PTO 122, and finding that a party's obligations to identify and produce the documents on which it will rely are "part of fact discovery").

California's only remaining objection is that the data "can be purchased from private companies," and thus California need not produce it.  *See* P. Gibson 2/24/21 Email to Special Master Marion.  This is a red herring.  The mere fact that Defendants can purchase a license to access the database as a whole would not provide us the *specific, relevant sets of data* we have requested, because only California knows the identity of the data sets on which it will rely.  More fundamentally, the Federal Rules do not require a party to purchase a license to access relevant information that is already in the possession of the opposing party.  To the contrary, the fact that

---

[1] As Defendants have previously made clear, nothing herein is intended to affect California's ability to seek the Court's consent to make untimely discovery requests or productions upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4).

WILLIAMS & CONNOLLY LLP

Paula Lauren Gibson
March 5, 2021
Page 3

California already has access to the data means it should produce the data.  *See* Fed. R. Civ. P. 26(b)(1) (considering the "parties' relative access to relevant information").

Once again, for the avoidance of any doubt, Defendants will seek to preclude California from relying on any IQVIA or Analysource data if it is not produced within the next ten days, and at the latest by March 15th.

## III.    Deficiency 3: Loophole for Additional Subpoenas and Document Requests

In its February 5th Responses, California states that it "may serve document requests or Rule 45 subpoenas" at some unspecified future date, to the extent the documents on which it will rely "are not covered by MDL discovery that has been served or is served by any party or nonparty aside from California through the MDL discovery process."  This broad reservation of rights is inconsistent with the Recommendation, which contemplates that California will confirm that it has *already produced* the documents on which it will rely.  *See* Order ¶ 1; *supra* Part I.  Thus, California cannot provide that confirmation while at the same time reserving a purported right to seek and produce additional documents in the future.

California also states in its February 5th Responses that it "does not have any additional documents not in its possession, custody, or control that it plans to secure on its own outside of the MDL discovery process."  Defendants take California at its word, and we assume that California would not have made this representation without first doing its due diligence concerning (a) what documents it will need to support its claims and (b) what documents have already been sought or produced by other MDL parties.  As such, California's reservation of rights is not only inconsistent with the Recommendation, it is also unnecessary by California's own admission that it will not need to serve additional subpoenas or document requests in the future.

## IV.    Deficiency 4: Loophole for So-Called "Expert Discovery"

The Disclosure also includes a broad reservation of rights related to so-called "expert discovery."  *E.g.*, Jan. 28 Amended Response at 2 ("Experts may request additional documents and data not collected during fact discovery to be used for reports and analyses that will be prepared during expert discovery."); Feb. 5 Responses (disclosure "does not cover . . . expert discovery").   As discussed *supra* Part II, this reservation of rights is foreclosed by the Recommendation, which rejected Plaintiffs' claim that they can withhold relevant pre-existing factual information until expert discovery.  Recommendation at 2 (obligations to identify and produce the documents on which a party will rely "cannot be postponed until the phase of expert witness discovery").

WILLIAMS & CONNOLLY LLP

Paula Lauren Gibson
March 5, 2021
Page 4

      To the extent California is withholding any existing, relevant factual information on the basis of this already-rejected "expert discovery" loophole, it must produce that information within the next ten days, and at the latest by March 15th.[2]

                        Sincerely,

                        Brian T. Gilmore


cc:    Special Master David H. Marion
       All Plaintiffs' Listserve
       All Defendants' Listserve

---

[2] To be clear, Defendants are not requesting at this time any factual information "created in preparing California's expert report(s)." *See* Proposed Order Granting Certain Defs.' Mot. to Compel California ¶ 2; PTO 122 ¶ 3.

# EXHIBIT "B"

*XAVIER BECERRA*
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**



300 South Spring Street, Suite 1702
Los Angeles, CA.90013
Telephone:  (213) 269-6040
Fax: ( 213) 897-2801
E-Mail Address:  paula.gibson@doj.ca.gov

March 15, 2021

**Via Email Only**

Brian Gilmore
Williams & Connolly LLP
725 Twelfth Street, N.W
Washington, DC 20005

Re:     In re Generic Pharmaceuticals Pricing Antitrust Litigation, 16-MD-2724

Dear Brian:

I write in response to your March 5, 2021 letter identifying Defendants' claimed deficiencies in California's February 25, 2021 disclosure (the "Disclosure"), made pursuant to Special Master Marion's Fifth Report and Recommendation (the "Recommendation").

### THE PROPER SCOPE OF DEFENDANTS' INFORMAL DISCOVERY REQUESTS

As a preliminary matter, it is critical to clearly define the scope of the discovery requests that are the subject of this dispute, particularly given Defendants' casual use of the term "claims[1]" in both their submissions to Special Master Marion as well as your March 5th letter and the fact that California could potentially be subject to evidence preclusion sanctions.  The scope of this dispute, and thus the Recommendation itself, must be limited to the terms agreed upon by the parties during their meet-and-confer discussions.  *See* Defendants' Letter to Special Masters Marion and Merenstein, January 8, 2021 at p. 3 (citing cases regarding same).

As Defendants are well aware, they approached California asking if it would agree to voluntarily provide informal discovery on topics Defendants borrowed and revised from an informal recommendation from Special Master Marion relating to Defendants' motion to compel certain discovery from Connecticut.  Your commentary continues to ignore my assertion that

---

[1] From June 1, 2020 Informal R&R: 1. On or before November 16, 2020, the State of Connecticut will inform Defendants of its theories of damages and the nature of any damages they will seek at trial; 2. On or before November 16, 2020, the State of Connecticut will identify the nature and source of all known documents and data they will rely upon to prove their purported damages. From Brian Gilmore's email to California on Aug. 12, 2020: 1. On or before November 16, 2020, inform Defendants of (1) its theories of disgorgement and civil penalties, and (2) the nature of any monetary relief California will seek at trial; 2. On or before November 16, 2020, identify the nature and source of all known documents and data California will rely upon to prove its purported entitlement to any monetary relief.

Brian Gilmore
March 15, 2021
Page 2

"California will not agree to be bound by anything that Connecticut has agreed to be bound to, as I see our situation as different. However, California will respond to the two questions proposed, subject to being able to modified such respond if additional information is acquired." (Email from Gibson to Gilmore, entitled "Re: Generics Pricing MDL - CA Discovery Negotiations", dated Wednesday, October 7, 2020 6:19 PM) The reference to "two questions" was connected to my belief that you weren't seeking documents from California which was later confirmed by you that you were not seeking "agency documents" from us.  In its November 16, 2020 response, California confirmed that it understood its agreement with Defendants to be limited solely to its requests for disgorgement and civil penalties. (See footnote 1) At no time during its discussions with Defendants has California agreed to provide discovery beyond the requests as set forth in its November 16th response as confirmed. With this understanding of the discovery requests at issue, I will now address Defendants' claimed deficiencies.

## DEFENDANTS' CLAIMED DEFICIENCIES

### 1.  California's Alleged Failure to Produce Documents to Support Its Requests for Disgorgement and Civil Penalties.

All documents produced in the MDL that concern *State of Connecticut, et al. V. Aurobindo Pharma USA, Inc., et al.* (this action, aka "Heritage") will be relied upon by California which is consistent with litigation as part of a co-plaintiff state attorney general group. The currently known documents that may be specifically relied upon by California to prove its remedy demands have been specifically identified in the amended voluntary responses and other prior responses to discovery in this case.  When we discussed documents already produced in MDL, you wrote "you are correct that Defendants do not intend for California to re-produce those documents." Email Exchanged titled "Generics Pricing MDL - Summary of 9/17/19 meet-and-confer", Thursday, October 17, 2019 2:13:29 PM(cleaned up). Nor did you want California to produce agency documents. (Gilmore Email entitled "RE: Generics Pricing MDL - California"s Discovery Positions", dated August 18, 2020 9:04 am).

To be clear, California understood the Recommendation to require the production of documents in its possession, custody, or control that it would rely on to support its requests for disgorgement and civil penalties.  But, aside from the IQVIA and Analysource data (discussed in further detail below), and other than stated above, California simply does not have any additional materials currently in its possession and control or within the possession and control of the Plaintiff States relating to California's requests for relief to produce at this time.  It appears that Defendants' repeated attempts to characterize California as dilatory in meeting its obligations under the parties' agreed-upon discovery requests stem from either (1) Defendants' fundamental misunderstanding of California's requests for disgorgement and civil penalties and the evidence it may rely on in support of those requests or (2) Defendants' misconception as to the scope of the discovery requests to which the parties agreed.  California will rely primarily on documents produced by the multistate as a whole, and also documents from Defendants and third parties to

Brian Gilmore
March 15, 2021
Page 3

prove its requests for disgorgement and civil penalties.[2]  To the extent Defendants anticipate seeking sanctions precluding California from using documents for purposes other than proving its requests for disgorgement and civil penalties, such a request is inappropriate and beyond the scope of the Recommendation and California's agreement.

### 2. California's Refusal to Produce Data that Defendants Are Able to Obtain from Other Sources.

The Fifth Report & Recommendation ("R & R"), as clarified by the Special Master Marion's post R & R correspondence, dated February 25, 2021, indicated that California did not have to produce documents "available from other sources." There are only 16 drugs at issue in the Heritage case. Nothing prevents defendants from purchasing all data available from Analysource and/or IQVIA (A & I) that concern those 16 drugs. This is particularly true when defendants are the source of such data in the first instance. Without defendants having yet even answered the Amended Complaint, whether your requests are relevant to the claims or defenses cannot be determined at this stage. In addition, in light of fact discovery still being open, coupled with the lack of answers having been filed to date, you cannot demonstrate prejudice.

### 3. California's Right to Rely on Third-Party Materials to Support Its Requests for Disgorgement and Civil Penalties Remedies.

California has explained in its amended voluntary response to the requests due on November 16th, it will rely on the documents referenced therein. Those include documents that are or will be produced by defendants and also documents and information produced by third parties throughout the course of discovery in this case as support for its requests for disgorgement and civil penalties, as is permitted under the Federal Rules of Civil Procedure.  Per the agreement of the parties, copies of third-party productions received by California have been or will be provided to Defendants as agreed to by the parties.  All other documents, except the A & I data has already been produced or will be produced as received by existing agreement of the parties (i.e., the responses to Rule 45 subpoenas).

### 4. California's Reliance on Expert Materials to Support Its Requests for Disgorgement of Defendants Profits and Civil Penalties.

Again, aside from the IQVIA and Analysource data, which will be produced as a part of expert discovery to the extent it is relied upon, pursuant to Pretrial Order 122, California is not withholding from production any documents or data currently in its possession, custody or

---

[2] Even in the context of proving its claims, Special Master Marion, in his informal recommendation on Defendants' motion to compel Connecticut, recognized that much of the evidence to be relied on by experts will be documents and data obtained from the defendants.  *See* June 1 2020 Informal Report and Recommendation re Connecticut at p. 2.

Brian Gilmore
March 15, 2021
Page 4

control, relating to its requests for disgorgement and civil penalties remedies, that have not been identified as indicated above.  As far as I am aware, the defendants have not produced similar expert data. Thus, California believes it has complied with the requirements of PTO 122.

Sincerely,

PAULA LAUREN GIBSON
Deputy Attorney General

For     XAVIER BECERRA
Attorney General

cc:     Special Master David H. Marion
All Plaintiffs' Listserve
All Defendants' Listserve

# EXHIBIT "C"

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

BRIAN T. GILMORE
(202) 434-5707
bgilmore@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 19, 2021

**By Email**

David H. Marion, Esq.
Special Master
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395

Re:   *In re: Generic Pharmaceuticals Pricing Antitrust Litigation,* 16-MD-2724

Dear Special Master Marion:

Pursuant to your Fifth Report and Recommendation (the "Recommendation"), which was adopted by the Court on February 26, 2021 (Dkt. 1698), Defendants submit this application for sanctions against California for its continued refusal to abide by its basic discovery obligations. As you recognized, California "has demonstrated a very cavalier attitude toward the 'meet and confer' process, its own agreements, and its obligations as a plaintiff in an antitrust case." Recommendation at 2. While you expressed a hope that California had turned a corner by making an "apparently sincere proffer of compliance with its own agreements and defendants' demands," *id.* at 2 n.2, that, unfortunately, has not borne out. In the six weeks since your Recommendation, California has continued to delay resolution of this dispute and refused to produce a *single* additional document, even those admittedly in its possession.

For the reasons discussed, Defendants respectfully request that California be precluded from relying on any currently existing factual information that it may later attempt to produce, as well as any IQVIA or Analysource data, absent a showing of good cause pursuant to Rule 16(b)(4). My client Par Pharmaceutical, Inc. ("Par"), which has shouldered much of the burden litigating this needless dispute, also requests its reasonable attorney's fees.

## BACKGROUND

I.   **Defendants Move to Compel California Due to Its Failure to Produce *Any* Documents by an Agreed Deadline.**

California has been a Plaintiff in this MDL since June 2018 and, in that time, it has not produced a single document. Mar. 1, 2021 States Production Tracker, Tab 2, Row 8. Even if one

WILLIAMS & CONNOLLY LLP

Special Master David H. Marion
March 19, 2021
Page 2

were to give California credit for two spreadsheets of California-specific data produced in 2020 by the State Plaintiffs collectively (GENERICS-ALL-000000100–101), California's discovery efforts have been notably deficient. Counsel for California has acknowledged as much. During a September 2020 meet-and-confer, Ms. Gibson admitted that she had not paid sufficient attention to the MDL, and in an October 7, 2020 email, she confirmed that the MDL "is not a high priority as to all the matters in my case load." Ex. 1.

California agreed that, on or before November 16, 2020, it would produce all documents and data in its possession on which it would rely in support of its claims for relief. Ex. 2. By November 16th, California still had not produced any documents, although it had identified categories of information on which it intends to rely that had not been produced, including IQVIA and Analysource data. Ex. 3. Nonetheless, when Defendants asked California about these unproduced documents, California refused to meet-and-confer or to provide information about any document collection or production efforts it had made to date. Ex. 4. Defendants thus filed their motion to compel on January 8, 2021. Ex. 5.

## II.      California Maintains its Refusal to Produce Documents or Data, Refuses to Abide by Its Own Agreements, and Repeatedly Delays Resolution of the Motion.

After oral argument on January 21st, the parties engaged in several meet-and-confer calls and emails about a schedule for California to comply with its obligations, which you requested by January 28th. Defendants proposed a schedule to California on January 22nd, but California refused to propose a schedule of its own, claiming that a schedule was not "necessary." Ex. 6. Defendants insisted that California identify any objections it had to Defendants' proposed schedule, and by the eve of the submission deadline, two areas of disagreement had crystallized. Ex. 7. That night, however, California raised several new objections. Ex. 8. After Defendants scrambled the next morning to propose edits to the schedule to accommodate California's objections, California walked back its agreement on yet another issue *less than an hour* before the agreed submission deadline. *Id.* Despite California's refusal to abide by its agreements, Defendants' proposed schedule maintained the changes offered in response to California's concerns. Exs. 9, 10.

Other Plaintiffs then sought to be heard on the issue of whether Plaintiffs can withhold relevant factual information indefinitely by characterizing it as "expert discovery." In addition to allowing those submissions, you requested proposed orders from California and Defendants. While Defendants' proposed order mirrored its January 28th proposal, Ex. 11, California's proposed order was a drastic rewrite of the schedule it had proposed just six days earlier, inserting broad new loopholes and further walking back prior agreements. Ex. 12 (blackline of CA 2/3/21 proposed order against CA 1/28/21 proposed schedule); *see also* Ex. 13 § 3.

On February 8th, you issued the Recommendation, which: (1) rejected Plaintiffs' arguments concerning PTO 122 and the scope of expert discovery; (2) recognized the "extraordinary circumstances of this dispute" and California's "very cavalier attitude" toward its

WILLIAMS & CONNOLLY LLP

Special Master David H. Marion
March 19, 2021
Page 3

discovery obligations; (3) raised the possibility of evidentiary and monetary sanctions against California; and (4) set forth a schedule designed to "accelerate the steps toward a rapid resolution of this matter." Recommendation at 1–3. Under that schedule, California was required to confirm by February 16th that it had "made a good faith disclosure of all documents and information reasonably requested by defendants, or will have done so by February 23." *Id.* at 3.

By February 23rd, however, California had not made the required confirmation, nor had it announced whether it would accept or object to the Recommendation. Instead, it sought unnecessary "clarification" of the Recommendation, further delaying resolution of the dispute. Ex. 14 ("I can't dispute [Defendants'] description of the reality of the situation" concerning California's attempts to delay). In the end, the "clarification" sought by California for nearly two weeks concerned only a single clause of a single sentence, and you determined that California identified no valid reason to amend the Recommendation. The Court adopted the Recommendation in full, with its deadlines extended, on February 26th. Dkt. 1698.

## III.    Despite a Court Order Raising the Possibility of Sanctions, California Declines the Opportunity to Cure Its Discovery Failures.

On February 25th, California represented that it had no additional information to produce. Ex. 15. Pursuant to the Recommendation, on March 5th Defendants provided California with a Notice of Deficiencies concerning its disclosure (the "Notice"), giving California ten days to cure. Ex. 16. The Notice identified four deficiencies: (1) California's failure to produce *any* documents in response to Defendants' motion to compel; (2) its failure to produce IQVIA and Analysource data that it acknowledged it will likely rely upon to support its claims; (3) its reservation of a purported right to serve additional subpoenas and document requests at some future date; and (4) its reservation of a purported right to delay production of pre-existing factual information until expert discovery. *Id.* at 1–4.

California's March 15, 2021 response to the Notice (the "Response") illustrates the need for sanctions. Rather than cure any of the identified deficiencies, California began by disputing that it agreed to a November 16th production deadline. That claim is remarkable. Not only did you find during the January 21st oral argument that California had agreed to such a deadline, you also said California was "irresponsible" for missing the deadline without seeking an extension. The parties' October 8, 2020 correspondence confirms the same: in response to my clarification that Defendants sought a "production deadline," California expressly agreed that by November 16th it would "produce any and all aforementioned documents and data within its possession, custody, or control." Ex. 2. California's current assertion to the contrary misleadingly relies on emails from the day before, prior to this clarification. Response at 1–2.

California also insisted without any legal support—and contrary to the Federal Rules—that Defendants should be required to purchase IQVIA and Analysource data that California admits is in its possession. *Id.* at 2–3 (claiming California does not have additional responsive documents in its possession "aside from the IQVIA and Analysource data"). Moreover, California still has

WILLIAMS & CONNOLLY LLP

Special Master David H. Marion
March 19, 2021
Page 4

not identified the specific sets of data on which it will rely, which, given the limited scope of California's claims, is surely a narrower set than "all data from Analysource and/or IQVIA" that concern the products at issue in the States' Heritage-Centric case.  *See* Response at 3.  In other words, instead of simply producing the relevant data in its possession, California has continued to insist that Defendants buy both relevant and non-relevant data.

California also disregarded the Recommendation by announcing it will eventually produce the IQVIA and Analysource data "as a part of expert discovery."  Response at 3–4.  The parties briefed the issue of IQVIA and Analysource data extensively, and the Recommendation was clear in rejecting California's position: "[A] plaintiff is obliged to inform defendants of the documents and witnesses it will use to prove its allegations . . . [and is] obliged to produce documents relevant to the issues in the case; and . . . these obligations are part of fact discovery and *cannot be postponed until the phase of expert witness discovery*."  Recommendation at 2 (emphasis added); *see also id.* (rejecting Plaintiffs' arguments that requiring production of this data now would violate PTO 122 because PTO 122 "is not governing or even implicated in this dispute").

California's issue with the Recommendation was never a lack of clarity—California would just prefer that the Recommendation said something different.  But having accepted the Recommendation, which is now a Court Order, California is not entitled to disregard it.

## <u>ARGUMENT</u>

I.   **A Preclusion Sanction Is Necessary to Ensure the Parties Abide by Their Discovery Obligations, Agreements, and Court Orders.**

As discussed, California agreed to produce by November 16, 2020 all documents and data in its possession on which it will rely, and then it allowed that deadline to pass without seeking an extension.  California later made several agreements with Defendants related to the proposed schedule to resolve the original motion to compel, which it later walked back without explanation.

In such situations, courts routinely enforce discovery agreements, in order to promote the cooperative resolution of discovery disputes through the meet-and-confer process. *See, e.g.*, *Samuel, Son & Co. Inc. v. Beach*, 2014 WL 5089718, at *4 (W.D. Pa. Oct. 9, 2014) (meet-and-confer process "can only be furthered if the Court enforces agreements reached during meet and confer sessions"); *In re Bristol-Myers Squibb Sec. Litig.*, 205 F.R.D. 437, 444 (D.N.J. 2002) ("It is essential to our system of justice that lawyers and litigants, above all, abide by their agreements and live up to their own expectations."); *Druding v. Care Alternatives*, 2017 WL 11461795, at *5 (D.N.J. June 21, 2017) (enforcing agreement as to scope of discovery), *aff'd*, 2018 WL 6573096 (D.N.J. Mar. 22, 2018).

In this case, it is not only a discovery agreement that California is violating—it is the Court's Order.  Dkt. 1698.  California has effectively been given a four-month extension of its originally agreed production deadline, and despite the Order, it continues to refuse to produce

WILLIAMS & CONNOLLY LLP

Special Master David H. Marion
March 19, 2021
Page 5

anything, making preclusion necessary.  Were California allowed to produce and rely upon additional documents or data in the future, then both its agreed production deadline and the many hours spent by both you and the parties on this dispute would be meaningless—California could willfully ignore its discovery obligations, its agreements, and a Court Order with impunity.  *That* is a fundamental prejudice Defendants seek to avoid.

Of course, Defendants are equally prejudiced by our lack of timely access to the documents and data that California has in its possession and knows to be relevant to its claims.  With regard to the IQVIA and Analysource data, Defendants still do not know which specific data sets California believes are relevant or intends to use.[1]  As a result, we cannot explore whether the data sets that California does *not* intend to use are damaging to their claims.  And even assuming California identified the relevant data sets, it still cites no authority holding that a requesting party can be required to purchase information that is in the producing party's possession.  *But see* Fed. R. Civ. P. 26(b)(1) (considering the "parties' relative access to relevant information" in determining whether a discovery request is reasonable).  Defendants are entitled to production during fact discovery of the data California intends to use, Recommendation at 2, and will be prejudiced if California is allowed to withhold it indefinitely, Response at 3.

With regard to any other documents and data on which California may rely, California has repeatedly claimed that none exist.  *See, e.g.*, Ex. 15; Response at 2.  California should be taken at its word.  If it is correct, then preclusion will not affect its available evidence; if California is not correct, then it will either be able to show good cause to make an untimely production, or it will not.  Fed. R. Civ. P. 16(b)(4).  A sanction precluding California from relying on currently-existing factual information it later produces would simply hold California to its original agreement.[2]

California already agreed to similar preclusion provisions.  *See* Ex. 7 (discussing dispute about preclusion provisions beginning "Absent a showing of good cause"); Ex. 8 (California's clarification that it is "no longer objecting to the 'good cause' standard set forth in [Defendants'] proposed deadlines").  California's prior agreement to these provisions should be enforced.

## II.     Par Should Be Awarded Attorney's Fees for the Burden It Has Shouldered Litigating This Protracted and Needless Dispute.

When Defendants first raised this dispute more than two months ago, you observed that this was the fourth dispute involving State Plaintiffs, and thus you hoped "we could resolve this

---

[1] California's refusal to provide this information makes it irrelevant whether certain Defendants can access the databases as a whole for commercial purposes.  The unidentified data is no more "available" to those Defendants than unidentified books are "available" to a person with a library card.

[2] California should be precluded from relying on IQVIA and Analysource data regardless of whether it or another State Plaintiff produces it.  The other State Plaintiffs have the same access to the data as California, and they should not be allowed to help California sidestep any preclusion sanction.  *See* States' 2/3/21 Ltr. to Special Master Marion at 3 (acknowledging the States have already "paid for access" to the databases).

WILLIAMS & CONNOLLY LLP

Special Master David H. Marion
March 19, 2021
Page 6

quickly and amicably."  SM Marion 1/9/21 email to B. Gilmore.  Defendants shared your hope. We did not imagine then that today we would still be litigating this dispute, which is both legally and factually uncomplicated.

Defendants will not repeat here California's disregard of its discovery obligations, or the lengths to which California has gone to repeatedly delay resolution of this dispute.  *Supra* Background; Ex. 14.  It is enough to note that California has caused Par to incur significant attorney's fees, and that California's continued refusal to abide by its obligations, agreements, and a Court Order is far from "substantially justified."  Fed. R. Civ. P. 37(a)(5)(A).

Courts in this District have awarded attorney's fees in cases involving far less egregious discovery misconduct. *See, e.g.*, *Pugliese v. Cty. of Lancaster*, 2014 WL 5470469, at *2 (E.D. Pa. Oct. 29, 2014) ("The point [of awarding attorney's fees] is to put winning party where she was before the dispute started, none the poorer for a discovery adventure she should not have had to undertake."); *Dietz & Watson, Inc. v. Liberty Mut. Ins. Co.*, 2015 WL 2069280, at *5 (E.D. Pa. May 5, 2015).  Fee-shifting in such cases "encourages the voluntary resolution [of discovery disputes] and curtails the ability of litigants to use legal processes to heap detriments on adversaries." *Pugliese*, 2014 WL 5470469, at *2 (quoting *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994)).

As such, Par respectfully requests an award of attorney's fees in the amount of $55,463.[3]

Sincerely,

Brian T. Gilmore

cc:   Paula Lauren Gibson, Esq.
      All Plaintiffs' Listserve
      All Defendants' Listserve

---

[3] Par seeks the imposition of a sanction approximating the costs incurred by Par to litigate this motion.  The amount requested has been calculated conservatively, including only the 72.5 hours I have spent on the dispute in 2021, not the time I spent in 2020 drafting the original motion or any time billed by other Williams & Connolly attorneys and paralegals.  Our fee request also applies a 10% discount to my usual billing rate of $850/hour.  Par reserves the right to seek additional attorney's fees incurred in the future.  If you determine that an award of attorney's fees is warranted and would like billing records further supporting the requested amount, I would be happy to provide them to you and counsel for California on a confidential basis.

# EXHIBIT "1"

| From: | Paula Gibson |
|---|---|
| To: | Gilmore, Brian |
| Cc: | Annette Goode-Parker |
| Subject: | Re: Generics Pricing MDL - CA Discovery Negotiations |
| Date: | Wednesday, October 7, 2020 8:09:27 PM |

The Heritage case, the only one that the State of California is involved in and then only as to two or three drugs, is not going to be tried until after the bellwether. Thus, is not a high priority as to all the matters in my case load.

In my email of August 24, 2020, 5:24 pm, I stated the following:
"Consider this an informal reply. I will provide a formal response and/or objections to your questions by the deadline of November 16, 2020. What is the title of the document by which these requests were made? Please respond so I can appropriately title my responds." Thus, I have already responded to the "question [as to] whether California will agree to the discovery deadlines set forth in Special Master Marion's recommendation! I am not agreeing, and will not agree, to parameters set by any other state, as California is its own sovereign entity.

My recollection was that your prior email to indicate that you were NOT asking California to produce any documents. That is why I did not think your were seeking documents, nor mention that in the email I just sent you. I just went back and reviewed that same. It says you are NOT seeking agency documents. (Email of August 18, 2020 9:04 am: "...nor did I ask you to produce agency documents or data,..."). My mistake.

My reservation was not to amend "any theory of damages" as we are NOT seeking damages, but should additional information become available, California should be allowed to rely upon the same. The question itself refers to KNOWN ("On or before November 16, 2020, identify the nature and source of all known documents and data California will rely upon to prove its purported entitlement to any monetary relief.")

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA 90013
213-269-6040 phone
213-897-2801 fax

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Wednesday, October 7, 2020 3:58 PM
**To:** Paula Gibson

**Cc:** Annette Goode-Parker
**Subject:** RE: Generics Pricing MDL - CA Discovery Negotiations

Paula,

You still have not answered the question that has been on the table for almost two months now, since my August 12, 2020 email to you (attached).

That question is whether California will agree to the <u>discovery deadlines</u> set forth in Special Master Marion's recommendation, not whether California will agree to "respond to the two questions posed" at some undefined date.  Those deadlines include dates by which to provide basic information about California's (1) claims / theories of recovery and (2) documents and data sources, *and* (3) to produce all documents from those data sources upon which California will rely.
As noted in Special Master Marion's recommendation, which I am once again attaching here, California would be permitted to "apply to the Special Master for leave to amend its theories of damages and each of the above matters for good cause shown provided this is done well before the end of fact discovery; and Defendants' may oppose such changes or amendments if prejudicial to their ability to defend their case."  Defendants will not agree to California unilaterally modifying its responses at any time if it acquires new information—as Special Master Marion recognized, "Defendants should [not] be made to wait for expert discovery to obtain clearly discoverable information."  As you said on our call, you have not paid as much attention to this case as you should, and as a result, California needs to get going now complying with its discovery obligations.

Again, please advise as soon as possible whether California will agree to the deadlines in Special Master Marion's recommendation.  If not, please explain why.

Regards,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Wednesday, October 7, 2020 6:19 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics Pricing MDL - CA Discovery Negotiations

California will not agree to be bound by anything that Connecticut has agreed to be bound to, as I see our situation as  different.

However,  California will respond to the two questions proposed, subject to being able to modified such respond if additional information is acquired.

Please confirm you agree to these terms.

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Tuesday, October 6, 2020 5:52:28 AM
**To:** Paula Gibson
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics Pricing MDL - CA Discovery Negotiations

Paula,

We had expected to hear from California yesterday as to whether it will agree to the discovery deadlines agreed to by Connecticut, per our agreement on our September 21, 2020 call.  Please advise as soon as possible.

Regards,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

**From:** Gilmore, Brian
**Sent:** Tuesday, September 22, 2020 3:03 PM
**To:** 'Paula Gibson' <Paula.Gibson@doj.ca.gov>
**Cc:** 'Annette Goode-Parker' <Annette.GoodeParker@doj.ca.gov>
**Subject:** Generics Pricing MDL - CA Discovery Negotiations

Paula,

This email confirms what I told you during our meet-and-confer call yesterday, that I am negotiating with you on behalf of Defendants.  By the same token, if we reach agreement about California's discovery deadlines and obligations, that agreement would bind Defendants.

As agreed yesterday, Defendants look forward to hearing from you on October 5th about whether California will agree to the discovery deadlines agreed to by Connecticut following Special Master Marion's informal recommendation.  For your convenience, I have attached the information

recommendation, which shows the contemplated schedule.

I hope your medical procedure goes well.

Regards,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT "2"

| | |
|---|---|
| **From:** | Paula Gibson |
| **To:** | Gilmore, Brian |
| **Cc:** | Annette Goode-Parker |
| **Subject:** | Re: Generics Pricing MDL - CA Discovery Negotiations |
| **Date:** | Thursday, October 8, 2020 6:17:45 PM |

I have NOT agreed to do anything the same as Connecticut has. Again, we are a sovereign state and there is not anything in SM Marion's decision that binds the State of California.

I have agreed to respond to following by November 16, 2020, and nothing more:

1.    On or before November 16, 2020, the State of California will inform Defendants of its theories of damages and the nature of any damages they will seek at trial;
2.    On or before November 16, 2020, the State of California will identify the nature and source of all known documents and data they will rely upon to prove their purported damages;
3.    On or before November 16, 2020, the State of California will produce any and all aforementioned documents and data within its possession, custody, or control

This agreement is subject to the following conditions:

4. At any time, the State of California may apply to the Special Master for leave to amend its theories of damages and each of the above matters for good cause shown provided this is done well before the end of fact discovery; and
5.    Defendants' may oppose such changes or amendments if prejudicial to their ability to defend their case.


Paula Lauren Gibson

Deputy Attorney General

State of California

Antitrust Law Section

http://oag.ca.gov/antitrust

300 S. Spring Street, Suite 1720

Los Angeles, CA  90013

213-269-6040 phone

213-897-2801 fax

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Thursday, October 8, 2020 12:45:28 PM
**To:** Paula Gibson
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics Pricing MDL - CA Discovery Negotiations

Paula,

To clarify, the third item is a production deadline, not a "respon[se]" to a question.  But in light of your response that you agree to all of the provisions in the Connecticut informal R&R, I will leave it there and look forward to hearing from you on or before November 16th.

Regards,
Brian

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Thursday, October 8, 2020 3:42 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** RE: Generics Pricing MDL - CA Discovery Negotiations

Yes, Brian. California will comply and respond to all three questions. No need to send me any further emails on this topic until after November 16th. Please.

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Thursday, October 8, 2020 6:17 AM
**To:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** RE: Generics Pricing MDL - CA Discovery Negotiations

Paula,

As you probably know, Judge Rufe has made clear many times that discovery is to proceed for non-bellwether cases at the same time as discovery for bellwether cases.  Thus, the fact that California is not in a bellwether case does not defer its discovery obligations.  Your treatment of this case as "not a high priority" is very concerning and contrary to the Court's discovery orders.  *See, e.g.*, PTO 137 ¶ 7.  Please confirm that you will make this case a "high priority" and that California will comply with the Court's discovery orders.

Thank you for confirming that by November 16, 2020 California will provide responses concerning (1) its theories of relief (not just damages) and (2) the documents and data sources California will rely upon.  However, with regard to your purported reservation of rights, as I said in my previous email, Defendants do not agree.  The point of this exercise is to get clarity and finality from the States about the evidence they will marshal, which is undercut if California could unilaterally change or supplement the documents or data upon which it will rely.  Should California discover new information after November 16, 2020, it can "apply to the Special Master for leave to amend" or supplement, and Defendants "may oppose such changes or amendments if prejudicial to their ability to defend their case."  SM Marion Informal R&R ¶¶ 4-5.  Otherwise, California could choose to provide provisional, incomplete answers and document productions prior to November 16, 2020, then unilaterally supplement at whatever date California gets around to making this case a "high priority."  Please confirm that California agrees to paragraphs 4 and 5 of Special Master Marion's Informal R&R, and if not, explain why.

Finally, <u>you have still not responded whether, on or before November 16, 2020, California will "produce any and all aforementioned documents and data within its possession, custody, or control" upon which California will rely to prove its claims</u>.  SM Marion Informal R&R ¶ 3.  Now that you understand that your recollection was a "mistake," and that my email concerning *agency* documents has nothing to do with Defendant's pending question about the production of all documents *on which California will rely to prove its claims*, I hope that you can provide a simple yes or no answer to the question.  If the answer is "no," please explain why California is unwilling to meet that deadline.

Regards,
Brian

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Wednesday, October 7, 2020 8:09 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics Pricing MDL - CA Discovery Negotiations

The Heritage case, the only one that the State of California is involved in and then only as to two or three drugs, is not going to be tried until after the  bellwether. Thus, is not a high priority as to all the matters in my case load.

In my email of August 24, 2020, 5:24 pm, I stated the following:
"Consider  this an informal reply. ==I will provide a formal response and/or objections to your questions by the deadline of November 16, 2020==.  What is the title of the document by which these requests were made? Please respond so I can appropriately title my responds." Thus, I have already responded to the "question [as to] whether California will agree to the <u>discovery deadlines</u> set forth in Special Master Marion's recommendation! I am not agreeing, and will not agree, to parameters set by any other state, as California is its own sovereign entity.

My recollection was that your prior email to indicate that you were NOT asking California to produce any documents. That is why I did not think your were seeking documents, nor mention that in the email I just sent you. I just went back and  reviewed that same. It says you are NOT seeking agency documents. (Email  of August 18, 2020 9:04 am: "...==nor did I ask you to produce agency documents or data==,..."). My mistake.

My reservation was not to amend "any theory of damages" as we are NOT seeking damages, but should additional information become available, California should be allowed to rely upon the same. The question itself refers to KNOWN ("On or before November 16, 2020, identify the nature and source of all ==known documents and data== California will rely upon to prove its purported entitlement to any monetary relief.")

**Paula Lauren Gibson**

Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Wednesday, October 7, 2020 3:58 PM
**To:** Paula Gibson
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics Pricing MDL - CA Discovery Negotiations

Paula,

You still have not answered the question that has been on the table for almost two months now, since my August 12, 2020 email to you (attached).

That question is whether California will agree to the discovery deadlines set forth in Special Master Marion's recommendation, not whether California will agree to "respond to the two questions posed" at some undefined date.  Those deadlines include dates by which to provide basic information about California's (1) claims / theories of recovery and (2) documents and data sources, *and* (3) to produce all documents from those data sources upon which California will rely.
As noted in Special Master Marion's recommendation, which I am once again attaching here, California would be permitted to "apply to the Special Master for leave to amend its theories of damages and each of the above matters for good cause shown provided this is done well before the end of fact discovery; and Defendants' may oppose such changes or amendments if prejudicial to their ability to defend their case."  Defendants will not agree to California unilaterally modifying its responses at any time if it acquires new information—as Special Master Marion recognized, "Defendants should [not] be made to wait for expert discovery to obtain clearly discoverable information."  As you said on our call, you have not paid as much attention to this case as you should, and as a result, California needs to get going now complying with its discovery obligations.

Again, please advise as soon as possible whether California will agree to the deadlines in Special Master Marion's recommendation.  If not, please explain why.

Regards,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Wednesday, October 7, 2020 6:19 PM
**To:** Gilmore, Brian <BGilmore@wc.com>

**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics Pricing MDL - CA Discovery Negotiations

California will not agree to be bound by anything that Connecticut has agreed to be bound to, as I see our situation as different.

However, California will respond to the two questions proposed, subject to being able to modified such respond if additional information is acquired.

Please confirm you agree to these terms.

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA 90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Tuesday, October 6, 2020 5:52:28 AM
**To:** Paula Gibson
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics Pricing MDL - CA Discovery Negotiations

Paula,

We had expected to hear from California yesterday as to whether it will agree to the discovery deadlines agreed to by Connecticut, per our agreement on our September 21, 2020 call. Please advise as soon as possible.

Regards,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

**From:** Gilmore, Brian
**Sent:** Tuesday, September 22, 2020 3:03 PM
**To:** 'Paula Gibson' <Paula.Gibson@doj.ca.gov>

**Cc:** 'Annette Goode-Parker' <Annette.GoodeParker@doj.ca.gov>
**Subject:** Generics Pricing MDL - CA Discovery Negotiations

Paula,

This email confirms what I told you during our meet-and-confer call yesterday, that I am negotiating with you on behalf of Defendants.  By the same token, if we reach agreement about California's discovery deadlines and obligations, that agreement would bind Defendants.

As agreed yesterday, Defendants look forward to hearing from you on October 5th about whether California will agree to the discovery deadlines agreed to by Connecticut following Special Master Marion's informal recommendation.  For your convenience, I have attached the information recommendation, which shows the contemplated schedule.

I hope your medical procedure goes well.

Regards,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended

recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT "3"

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724 16-MD-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: *State Attorneys General Litigation* | Civil Action No. 17-3768 19-2407 |

---

**PLAINTIFF STATE OF CALIFORNIA'S VOLUNTARY RESPONSES TO SPECIAL MASTER MARION'S INFORMAL REPORT AND RECOMMENDATION DIRECTED TO THE STATE OF CONNECTICUT**

---

The Plaintiff State of California ("California") by counsel, hereby voluntarily responds to Special Master Marion's Informal Report And Recommendation directed to the State of Connecticut dated June 1, 2020. These voluntary responses are in addition to the formal responses and objections of California, as previously submitted on December 2, 2019 (in response to Defendants' First Set of Interrogatories Propounded to the Plaintiff States dated October 31, 2019 served on behalf of the Plaintiff States), California's Supplement to Interrogatory Responses and Exhibit B dated and served on March 14, 2020, and Plaintiff State of California's Responses And Objections To Defendants' Second Set of Interrogatories Propounded To The Plaintiff States served by California on April 19, 2020.

These responses are voluntarily submitted as part of fact discovery. California reserves the right to supplement these responses should additional sources be identified and become known. These responses do not replace expert discovery which will proceed according to the

schedule ordered by the Court.  Expert reports and expert analyses are not included here.  Experts

may request additional documents and data not collected during fact discovery to be used for

reports and analyses that will be prepared during expert discovery.  California will rely on

experts' reports and expert analyses to support and prove its claims for remedies.

Without waiving, and subject to, the previously asserted General and Specific

Objections to Defendants' discovery requests, the California responds as follows:

**1.      On or before November 16, 2020, the State of California will inform Defendants[1] of its theories of damages and the nature of any damages[2] it will seek at trial.**

California seeks the following monetary remedies pursuant to federal and state antitrust

law.  To the extent the responses below include California specific statutory references, they

should not be interpreted to set forth all potential legal foundations for the remedies.

A.      1. California seeks civil penalties pursuant to California (Cal.) Business &

Professions Code §17206 of $2,500.00 for each violation due to  the nature and seriousness of

the misconduct, the number of violations, the persistence of the misconduct, the length of time

over which the misconduct occurred, the willfulness of the defendant's misconduct, and the

defendant's assets, liabilities,  and net worth

2. California seeks civil penalties pursuant to Cal. Business & Professions Code §17536

of $2,500.00 for each violation and additional penalties for senior citizens and disabled victims

of the violation (Cal. Bus. & Prof.  Code § 17206.1 and Cal. Civil Code § 3345).

3. California is also seeking disgorgement of Defendants' ill-gotten gains for the alleged

violations of the Sherman Act, section 1 pursuant to the Cartwright Act (Cal. Bus. & Prof. Code

---

[1] California alleges causes of actions against the following defendants: Heritage Pharmaceuticals, Inc.; Aurobindo Pharma USA, Inc.; Citron Pharma, LLC, Mayne Pharma (USA), Inc.; Mylan Pharmaceuticals, Inc.  and Teva Pharmaceuticals USA.

[2]  California interprets "damages" to include any remedy payable in money which as to California are civil penalties and equitable disgorgement of profits.

§ 16750, et seq.) Pursuant to California and federal antitrust law, California seeks disgorgement of amounts representing profits and gains achieved in whole or in part by reason of Defendants' illegal conduct which is the subject of the Complaints.  This remedy is based on the public policy as embodied in statute to deprive the Defendants of any of the benefits of the illegal conductThis remedy is a penalty, to serve generally as punishment and deterrence, and is not a compensatory claim.

4.  California is also seeking injunctive and other equitable relief under the Unfair Competition Law (UCL) (Cal.  Bus. & Prof. Code § 17200, et seq.)  and under the California False Advertising Law (FAL) (Cal. Bus.  & Prof. Code § 17500, et seq.)

5.  California will also seek costs of suit, including reasonable attorneys' fees, and such other relief as may be just and equitable (Cal. Bus.  & Prof. Code §§ 16750, 16754, and 16754.5) at such time as the case concludes should California prevail in the litigation.

B. For purposes of this claim, a "violation" occurs any time a prescription for one of the Defendants' drugs at issue on which California has sued was sold in California during the relevant time period as alleged in complaint.  In the event such prescription data is not available, does not exist, or is subject to non-disclosure due to Health Insurance Portability and Accountability Act of 1996 (HIPAA), Public Law 104-191, such violation will occurred anytime,  during the relevant time period, a single unit within a wholesale transaction for one of the Defendants' drugs at issue on which California has sued was sold in California during the relevant time period.

2.    ***On or before November 16, 2020, the State of California will identify the nature and source of all known documents and data they will rely upon to prove their purported claims***.

The nature and source of the documents and data known to California at this time are identified below.  The materials provided by these sources will be relied upon to support the theories of recovery listed above except for attorneys' fees and costs.  As expert discovery has yet to commence California is unable to ascertain with certainty the precise documents that will be relied upon by its experts to support its theories of recovery.  Moreover, Defendants' own data is the best evidence of Defendants' prices and sales volume upon which civil penalties and disgorgement may be determined. All of the sources listed will be available to plaintiffs' experts in preparing their expert analysis and reports.  Additionally, Defendants have not yet filed Answers and California may need to identify additional documents and data to rebut any defenses put forth by the Defendants.

California reserves the right to supplement this list as additional information becomes known.

Documentation for attorneys' fees and costs will be provided at the appropriate time should California prevail in the litigation.

The nature of the documents and data known to California are structured data and unstructured documents received in discovery or acquired from:

(a) the Defendants and Plaintiffs in these actions, including the States, including without limitation, data relating to cost, sales, and profits of the Drugs at Issue, and documents including emails, text messages, social media posts, phone records.

(b) non-parties who have been served Rule 45 subpoenas in these actions (by plaintiffs and by defendants[3]) including but not limited to structured data relating to the purchase and sales of Drugs at Issue in the MDL, and documents, including emails with the Defendants, relating to the contracts, invoices, trade association meeting minutes and agendas, member lists, and summaries and analyses of the generic pharmaceutical drug industry,

(c) MMCAP (Minnesota Multistate Contracting Alliance for Pharmacy) structured data, relating to the drugs at issue in the MDL, provided to all parties through a public request and unstructured data produced pursuant to a Rule 45 subpoena (see Exhibit A).

(d) State Medicaid agencies: structured data collated, organized, and provided by state Medicaid agencies voluntarily produced in this MDL through the Plaintiff States collectively,

(e) structured data purchased from IQVIA (formerly Intercontinental Medical Statistics "IMS"),

(f) structured data purchased from Analysource.

**3.    *On or before November 16, 2020, the State of California will produce any and all aforementioned documents and data within its possession, custody, or control***

Documents and data identified in 2. (a) – (d) above have been produced to Defendants, through the reciprocal production being maintained in this litigation.  If such documents have not yet been produced to Defendants, they will be produced reasonably contemporaneously with their production to plaintiffs.  No supplemental production is made at this time.

Documents and data identified in 2. (e) and (f), from IQVIA and Analysource, are available to Defendants commercially.

---

[3] A list of third-party subpoenas issued in this MDL is attached as Exhibit A.  Production from any party is provided to all parties through reciprocal discovery.

Documentation regarding attorneys' fees would be premature and is not provided at this

time.

Dated:  November 16, 2020          STATE OF CALIFORNIA

                                   XAIVER BECCERA
                                   ATTORNEY GENERAL


                        BY:     /s/ Paula Lauren Gibson
                                Federal Bar No. ca100780
                                Deputy Attorney General
                                300 S Spring Street
                                Los Angeles, CA 90013
                                Tel: (213) 269-6040
                                Email: paula.gibson@doj.ca.gov

                                *Counsel for the State of California*

**EXHIBIT A**

| Rule 45 Subpoena Recipients in the MDL |
| --- |
| Aetna Pharmacy Management Services LLC |
| Allergan |
| American Pharmacy Network Solutions, LLC |
| AmeriSource Bergen |
| Anda, Inc. |
| Araya, Inc. |
| Arete Pharmacy Network, LLC |
| Association for Accessible Medicine f/k/a GPhA |
| Benecard Services, Inc. |
| Capital Wholesale Drug Company |
| Cardinal Health, Inc. |
| ClarusONE Sourcing Services, LLP |
| Community Independent Pharmacy Network |
| Curascript |
| CVS Caremark |
| CVS Health |
| CVS Pharmacy, Inc. |
| Dakota Drug, Inc. |
| DMS Pharmaceutical Group, Inc. |
| Droguería Betances, Inc. |
| EconDisc Contracting Solutions, LLC |
| Efficient Collaborative Retail Marketing Company, LLC |
| EnvisionRX Options |
| EPIC Pharmacy Network, Inc. |
| Express Scripts, Inc. |
| H.D. Smith, LLC |
| Healthcare Distribution Alliance |
| HospitalityRX |
| Humana, Inc. |
| Intalere, Inc. |
| JM Smith Corporation |
| KeySource Acquisition LLC |
| Louisiana Wholesale Drugs Co., Inc. |
| McKesson Corporation |
| Medimpact Healthcare Systems, Inc. |

| |
|---|
| Miami-Luken, Inc. |
| MMCAP |
| Morris & Dickson Co., LLC |
| National Association of Chain Drug Stores, Inc. |
| National Community Pharmacists Association |
| National Medicaid Pooling Initiative/Magellan Medicaid Administration |
| Navitus Health Solutions |
| North Carolina Mutual Wholesale Drug Company |
| Northeast Pharmacy Service Corp. |
| Optisource LLC |
| OptumRx |
| Pharmacy Buying Association, Inc. d/b/a TriNet |
| Pharmacy Providers of Oklahoma d/b/a RxSelect |
| Premier Healthcare Alliance |
| Prescription Supply, Inc. |
| Prime Therapeutics LLC |
| ProAct, Inc. |
| Provider Synergies, LLC (Top Dollar Program (TOP$)) |
| Publix Supermarkets Incorporated |
| Quality Care Products, LLC |
| Real Value Products Corporation |
| Red Oak Sourcing, LLC |
| Rite Aid Corporation |
| Script Care, Ltd. |
| SS&C Health Pharmacy Solutions |
| Target Corporation |
| Value Drug |
| Vizient |
| Walgreens Boots Alliance |
| Walmart |
| Wholesale Alliance, LLC d/b/a Pharmacy First, & Wholesale Alliance, LLC d/b/a Third Party Station |
| YS Marketing, Inc. d/b/a Numed Pharma |

CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, I caused a true and correct copy of the foregoing PLAINTIFF STATE OF CALIFORNIA'S VOLUNTARY RESPONSES TO SPECIAL MASTER MARION'S INFORMAL REPORT AND RECOMMENDATION DIRECTED TO THE STATE OF CONNECTICUT to be served via email upon the following liaison and additional counsel of record:

| | |
|---|---|
| W. Gordon Dobie, Esq.<br>Winston & Strawn LLP<br>WDobie@winston.com | Saul P. Morgenstern, Esq.<br>Arnold & Porter Kaye Scholer LLP<br>saul.morgenstern@apks.com |
| Irving L. Wiesen, Esq.<br>Law Offices of Irving L. Wiesen, P.C.I<br>wiesen@wiesenlaw.com | Chul Pak, Esq.<br>Wilson Sonsini Goodrich & Rosati, PC<br>cpak@wsgr.com |
| Frank A. Battaglia, Esq.<br>Winston & Strawn<br>LLPFBattaglia@winston.com | Laura S. Shores, Esq.<br>Arnold & Porter Kaye Scholer LLP<br>laura.shores@apks.com |
| Sheron Korpus, Esq.<br>Kasowitz Benson Torres LLP<br>skorpus@kasowitz.com | Sean.Hert@ohioattorneygeneral.gov |
| Jan P. Levine, Esq.Pepper Hamilton LLP<br>levinej@pepperlaw.com | Rachel.Davis@ct.gov |
| MDL2724AllDeftsService@pepperlaw.com | Christina.Moylan@maine.gov |
| MDL2724plaintiffsleadsetc@ag.ny.gov | Courtesy copy to:<br>bgilmore@wc.com |

Dated: November 16, 2020

By:       s/**Paula Lauren Gibson**
          Deputy Attorney General

          STATE OF CALIFORNIA

# EXHIBIT "4"

| | |
|---|---|
| **From:** | Gilmore, Brian |
| **To:** | "Paula Gibson" |
| **Cc:** | Annette Goode-Parker |
| **Subject:** | RE: Generics Pricing MDL - CA Discovery Negotiations |
| **Date:** | Friday, December 18, 2020 3:24:00 PM |

Paula,

I have now spoken with most of the Defendants that California has sued, and it is still not clear to me which Defendant, if any, communicated with you about meeting-and-conferring.  To the extent you are referring to a December 14th letter sent to *Connecticut* on behalf of many Defendants (including Par), that letter raises global issues and has no bearing on California-specific issues, most notably California's failure to produce any documents prior to the agreed November 16th deadline.

In any event, your refusal below to engage productively or provide the requested information speaks volumes.  We are at impasse.

Regards,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Thursday, December 17, 2020 9:02 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics Pricing MDL - CA Discovery Negotiations

I take issue with statement that "California has not produced a single document in the several years in which it has been an MDL". California has produced documents through the MultiState and I just received a letter today about one such production from California!

In addition, I also received a meet and confer from four of the six California defendants that has a deadline of January 6th.  One of the two other defendants has requested a meeting with us. Therefore, I prefer to deal directed with the most knowledgeable persons in regard to this matter. I will copy you with my response due on January 6th to the other meet and confer from actual CA defendants.

If you decide to take it to special master as you state, I will respond to him.

Best regards,

Paula Lauren Gibson
Deputy Attorney General


On Dec 14, 2020, at 2:31 PM, Gilmore, Brian <BGilmore@wc.com> wrote:

Paula,

I write concerning California's refusal to produce any documents on which California will rely on or before the agreed November 16th deadline. As you know, California has not produced a single document in the several years in which it has been an MDL Plaintiff, and thus its failure to abide by the agreed November 16th deadline is just the latest example of California's failure to participate in any meaningful MDL discovery. I have urged you on several occasions to focus your attention on this case and fulfill California's discovery obligations, but at this point, intervention by the Special Masters will likely be necessary.

California's November 16th "Voluntary Responses" identify in general terms several data sources on which California will purportedly rely, but those Responses strongly suggest that you have not even attempted to identify, collect, or produce the data identified therein. For instance, you identify "prescription data" that California will rely upon in seeking civil penalties, but you acknowledge that you do not know whether "such prescription data is [] available, does not exist, or is subject to non-disclosure due to [HIPPA]." *See* Responses at 3. Similarly, you identify another source as "structured data" from IQVIA and Analysource, but you (a) fail to identify that data with any specificity and (b) refuse to produce it, claiming that this unidentified data is "available to Defendants commercially." *Id.* at 5. And you state that California will rely upon unidentified documents and data produced in the MDL by *other* parties, but you acknowledge that you do not even know whether "such documents have [] yet been produced to Defendants." *See id.*

On or before Friday, December 18th, please identify with specificity any steps California has taken to date to (a) identify, (b) collect, and (c) produce to Defendants the documents and data on which California will rely. Please also confirm whether California intends to stand on its refusal to produce immediately the documents on which it will rely. If I have not heard from you by then, I will assume that we are at impasse on these issues.

Regards,

**Brian T. Gilmore**

**Williams & Connolly LLP**

725 Twelfth Street, N.W., Washington, DC 20005

(P) 202-434-5707 | (F) 202-480-8212

bgilmore@wc.com | www.wc.com

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Thursday, November 12, 2020 12:59 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics Pricing MDL - CA Discovery Negotiations

You raised this as an issue not me. If it's a separate issue then no other deadlines are being waived. I will respond accordingly.

Paula Lauren Gibson


On Nov 12, 2020, at 9:21 AM, Gilmore, Brian <BGilmore@wc.com> wrote:

Paula,

These are two different issues, which is why I reached out to clarify in the first place.

On October 8th, California agreed to produce all documents on which it will rely on or before November 16th.  That agreement remains in effect, and Defendants will proceed accordingly if California breaches the agreement.

With regard to negotiations between the States and Defendants, they concern general production deadlines, not separately negotiated deadlines specific to individual States or categories of documents.  Thus, although California remains bound under the October 8th agreement to produce by 11/16 all documents on which California will rely, it would be free to produce its remaining documents (i.e., those on which California will *not* rely) pursuant to any later-agreed deadlines.

I hope that clarifies things further.  If California nonetheless intends to breach the October 8th agreement based on a different set of deadlines that have not even been agreed by the parties, please let me know.  Otherwise, we'll continue to look forward to receiving California's disclosures and document production on Monday.

Regards,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Thursday, November 12, 2020 12:03 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics Pricing MDL - CA Discovery Negotiations

Brian,

I will be responding on Monday but will NOT waive any additional time to supplement provided by any extended deadline that is globally negotiated.

If you don't agree, I will NOT respond by Monday and will wait for the global deadline being negotiated.

Please confirm your position.

Thanks.

Paula Lauren Gibson
Deputy Attorney General
State of California

Antitrust Law Section
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Wednesday, November 11, 2020 1:42:37 PM
**To:** Paula Gibson
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics Pricing MDL - CA Discovery Negotiations

Paula,

As you may be aware, the States are negotiating with Defendants a global agreement concerning production deadlines for go-get and custodial documents.  Just to clarify, any agreement reached on those topics would not affect the separate agreement reached between California and Defendants on October 8th (below).

Pursuant to that October 8th agreement, Defendants look forward to

receiving California's disclosures and all documents on which California will rely on or before next Monday, 11/16.

Regards,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Thursday, October 8, 2020 6:18 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics Pricing MDL - CA Discovery Negotiations

I have NOT agreed to do anything the same as Connecticut has. Again, we are a sovereign state and there is not anything in SM Marion's decision that binds the State of California.

I have agreed to respond to following by November 16, 2020, and nothing more:

1.   On or before November 16, 2020, the State of California will inform Defendants of its theories of damages and the nature of any damages they will seek at trial;
2.   On or before November 16, 2020, the State of California will identify the nature and source of all known documents and data they will rely upon to prove their purported damages;
3.   On or before November 16, 2020, the State of California will produce any and all aforementioned documents and data within its possession, custody, or control

This agreement is subject to the following conditions:

4. At any time, the State of California may apply to the Special Master for leave to amend its theories of damages and each of the above matters for good cause shown provided this is done well before the end of fact discovery; and
5.   Defendants' may oppose such changes or amendments if prejudicial to their ability to defend their case.

Paula Lauren Gibson

Deputy Attorney General

State of California

Antitrust Law Section

http://oag.ca.gov/antitrust

300 S. Spring Street, Suite 1720

Los Angeles, CA  90013

213-269-6040 phone

213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Thursday, October 8, 2020 12:45:28 PM
**To:** Paula Gibson
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics Pricing MDL - CA Discovery Negotiations

Paula,

To clarify, the third item is a production deadline, not a "respon[se]" to a question.  But in light of your response that you agree to all of the provisions in the Connecticut informal R&R, I will leave it there and look forward to hearing from you on or before November 16th.

Regards,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Thursday, October 8, 2020 3:42 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** RE: Generics Pricing MDL - CA Discovery Negotiations

Yes, Brian. California will comply and respond to all three questions. No need to send me any further emails on this topic until after November 16th. Please.

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Thursday, October 8, 2020 6:17 AM
**To:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** RE: Generics Pricing MDL - CA Discovery Negotiations

Paula,

As you probably know, Judge Rufe has made clear many times that discovery is to proceed for non-bellwether cases at the same time as discovery for bellwether cases.  Thus, the fact that California is not in a bellwether case does not defer its discovery obligations.  Your treatment of this case as "not a high priority" is very concerning and contrary to the Court's discovery orders.  *See, e.g.*, PTO 137 ¶ 7.  Please confirm that you will make this case a "high priority" and that California will comply with the Court's discovery orders.

Thank you for confirming that by November 16, 2020 California will provide responses concerning (1) its theories of relief (not just damages) and (2) the documents and data sources California will rely upon.  However, with regard to your purported reservation of rights, as I said in my previous email, Defendants do not agree.  The point of this exercise is to get clarity and finality from the States about the evidence they will marshal, which is undercut if California could unilaterally change or supplement the documents or data upon which it will rely.  Should California discover new information after November 16, 2020, it can "apply to the Special Master for leave to amend" or supplement, and Defendants "may oppose such changes or amendments if prejudicial to their ability to defend their case."   SM Marion Informal R&R ¶¶ 4-5.  Otherwise, California could choose to provide provisional, incomplete answers and document productions prior to November 16, 2020, then unilaterally supplement at whatever date California gets around to making this case a "high priority."  Please confirm that California agrees to paragraphs 4 and 5 of Special Master Marion's Informal R&R, and if not, explain why.

Finally, <u>you have still not responded whether, on or before November 16, 2020, California will "produce any and all aforementioned documents and data within its possession, custody, or control" upon which California will rely to prove its claims</u>.  SM Marion Informal R&R ¶ 3.  Now that you understand that your recollection was a "mistake," and that my email concerning *agency* documents has nothing to do with Defendant's pending question about the production of all documents *on which California will rely to prove its claims*, I hope that you can provide a simple yes or no answer to the question.  If the answer is "no," please explain why California is unwilling to meet that deadline.

Regards,
Brian

---

**From:** Paula Gibson <[Paula.Gibson@doj.ca.gov](mailto:Paula.Gibson@doj.ca.gov)>

**Sent:** Wednesday, October 7, 2020 8:09 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics Pricing MDL - CA Discovery Negotiations

The Heritage case, the only one that the State of California is involved in and then only as to two or three drugs, is not going to be tried until after the bellwether. Thus, is not a high priority as to all the matters in my case load.

In my email of August 24, 2020, 5:24 pm, I stated the following: "Consider this an informal reply. I will provide a formal response and/or objections to your questions by the deadline of November 16, 2020. What is the title of the document by which these requests were made? Please respond so I can appropriately title my responds." Thus, I have already responded to the "question [as to] whether California will agree to the discovery deadlines set forth in Special Master Marion's recommendation! I am not agreeing, and will not agree, to parameters set by any other state, as California is its own sovereign entity.

My recollection was that your prior email to indicate that you were NOT asking California to produce any documents. That is why I did not think your were seeking documents, nor mention that in the email I just sent you. I just went back and reviewed that same. It says you are NOT seeking agency documents. (Email of August 18, 2020 9:04 am: "...nor did I ask you to produce agency documents or data,..."). My mistake.

My reservation was not to amend "any theory of damages" as we are NOT seeking damages, but should additional information become available, California should be allowed to rely upon the same. The question itself refers to KNOWN ("On or before November 16, 2020, identify the nature and source of all known documents and data California will rely upon to prove its purported entitlement to any monetary relief.")

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013

213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Wednesday, October 7, 2020 3:58 PM
**To:** Paula Gibson
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics Pricing MDL - CA Discovery Negotiations

Paula,

You still have not answered the question that has been on the table for almost two months now, since my August 12, 2020 email to you (attached).

That question is whether California will agree to the <u>discovery deadlines</u> set forth in Special Master Marion's recommendation, not whether California will agree to "respond to the two questions posed" at some undefined date. Those deadlines include dates by which to provide basic information about California's (1) claims / theories of recovery and (2) documents and data sources, *and* (3) to produce all documents from those data sources upon which California will rely.
As noted in Special Master Marion's recommendation, which I am once again attaching here, California would be permitted to "apply to the Special Master for leave to amend its theories of damages and each of the above matters for good cause shown provided this is done well before the end of fact discovery; and Defendants' may oppose such changes or amendments if prejudicial to their ability to defend their case."
Defendants will not agree to California unilaterally modifying its responses at any time if it acquires new information—as Special Master Marion recognized, "Defendants should [not] be made to wait for expert discovery to obtain clearly discoverable information." As you said on our call, you have not paid as much attention to this case as you should, and as a result, California needs to get going now complying with its discovery obligations.

Again, please advise as soon as possible whether California will agree to the deadlines in Special Master Marion's recommendation. If not, please explain why.

Regards,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Wednesday, October 7, 2020 6:19 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics Pricing MDL - CA Discovery Negotiations

California will not agree to be bound by anything that Connecticut has agreed to be bound to, as I see our situation as different.

However, California will respond to the two questions proposed, subject to being able to modified such respond if additional information is acquired.

Please confirm you agree to these terms.

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Tuesday, October 6, 2020 5:52:28 AM
**To:** Paula Gibson
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics Pricing MDL - CA Discovery Negotiations

Paula,

We had expected to hear from California yesterday as to whether it will agree to the discovery deadlines agreed to by Connecticut, per our agreement on our September 21, 2020 call.  Please advise as soon as possible.

Regards,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

**From:** Gilmore, Brian
**Sent:** Tuesday, September 22, 2020 3:03 PM
**To:** 'Paula Gibson' <Paula.Gibson@doj.ca.gov>
**Cc:** 'Annette Goode-Parker' <Annette.GoodeParker@doj.ca.gov>
**Subject:** Generics Pricing MDL - CA Discovery Negotiations

Paula,

This email confirms what I told you during our meet-and-confer call yesterday, that I am negotiating with you on behalf of Defendants. By the same token, if we reach agreement about California's discovery deadlines and obligations, that agreement would bind Defendants.

As agreed yesterday, Defendants look forward to hearing from you on October 5th about whether California will agree to the discovery deadlines agreed to by Connecticut following Special Master Marion's informal recommendation. For your convenience, I have attached the information recommendation, which shows the contemplated schedule.

I hope your medical procedure goes well.

Regards,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are

not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate

applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT "5"

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

BRIAN T. GILMORE
(202) 434-5707
bgilmore@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 8, 2021

**By Email**

David H. Marion, Esq.
*Special Master*
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395

Bruce P. Merenstein, Esq.
*Special Discovery Master*
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286

Re:     *In re: Generic Pharmaceuticals Pricing Antitrust Litigation,* 16-MD-2724

Dear Special Masters Marion and Merenstein:

California has been a Plaintiff in this MDL for well more than two years, and in that time, it has still not produced a *single* document.  Indeed, counsel for California has candidly admitted that the MDL is "not a high priority" for her.  As a result, Defendants pressed California for a deadline to produce all documents on which it would rely at trial.  Reluctantly, California agreed to a November 16, 2020 deadline.  But that deadline came and went without any production, despite California's identification of several categories of documents on which it intends to rely at trial.  Defendants then followed up requesting information about any efforts California has made to collect or produce the documents it identified, but California flatly refused to provide any such information.

As such, the undersigned Defendants seek the Special Masters' assistance.  Defendants request that California be held to its agreement: it should be precluded from relying on any documents that were not produced to Defendants on or before November 16, 2020.  California's refusal to produce any documents by the agreed deadline was knowing and willful, and it has persisted since that lapsed deadline.  As Judge Rufe has stated repeatedly, *all* MDL Parties must participate in discovery—on bellwether and non-bellwether cases alike—and California should now live with the consequences of its refusal to do so.

WILLIAMS & CONNOLLY LLP

Special Masters Marion and Merenstein
January 8, 2021
Page 2

## BACKGROUND

California became a party to the MDL on June 15, 2018, when the States' motion to amend their first complaint was granted. *See* Dkt. #14, *State of Connecticut v. Actavis Holdco U.S., Inc.*, Case No. 17-cv-3768 (E.D. Pa.). Defendants served document requests on California on August 31, 2018, and since then, California has *failed to produce a single document in response.* Ex. 1.

After a series of meet-and-confers in 2019 and early 2020 did not result in California producing documents, Defendants proposed that California agree to adhere to Special Master Marion's June 1, 2020 informal recommendation regarding Connecticut. Ex. 2. Specifically, in order to ensure that California would finally begin producing documents, Defendants' proposal included a deadline to produce all documents on which California would rely at trial on or before November 16, 2020. *Id.* After all, California is seeking nearly the same forms of relief as Connecticut—civil penalties, injunctive relief, and disgorgement—and thus the rationale of Special Master Marion's recommendation applies equally to California. *See* Ex. 3 (Connecticut's claims will "require records of sales of relevant drugs into the state to both governmental and private entities" and Defendants "should not be made to wait for expert discovery to obtain clearly discoverable information").

California did not respond in full to Defendants' proposal for two months, instead offering only vague assurances that it would respond to Defendants' requests for information at some undefined future date. Ex. 4. But because counsel for California had acknowledged during a September meet-and-confer that she had not paid enough attention to the MDL, Defendants insisted that California agree to a date certain by which it would make those disclosures *and* produce the documents on which it would rely at trial. *Id.* In response, counsel for California again admitted that the MDL "is not a high priority as to all the matters in [her] case load," but continued to avoid responding to Defendants' proposal. Ex. 5.[1] Only after being pressed several more times did California finally agree, on October 8, 2020, to the same provisions set forth in the June 1st recommendation, including the November 16, 2020 production deadline. Ex. 6.

On November 16th, however, California still had not produced any documents. It asserted oddly that "[n]o supplemental production is made at this time," even though it had never made any initial production that could be supplemented. Ex. 7 § 3.

Although it did, as agreed, serve the disclosures set forth in the June 1st recommendation, those disclosures only made clear that California is in fact aware of documents on which it intends to rely at trial, but nonetheless refused to produce those documents to Defendants. Ex. 7. For example, California disclosed its intent to rely on "structured data purchased from IQVIA . . . [and]

---

[1] California has asserted that its failure to pay sufficient attention to the MDL is due to its having only asserted claims on "two or three drugs" that are not part of the bellwether cases. Ex. 5. But that is no excuse—Judge Rufe has repeatedly made clear that discovery should proceed simultaneously on bellwether and non-bellwether cases alike. *See, e.g.*, Pre-Trial Order 137 ¶ 7.

WILLIAMS & CONNOLLY LLP

Special Masters Marion and Merenstein
January 8, 2021
Page 3

Analysource," but, without even identifying that data to Defendants, California insisted that this unidentified data is "available to Defendants commercially." *Id.* § 2, ¶¶ (e)-(f); *id.* § 3. California also disclosed its intent to rely upon unidentified documents and data produced by *other* MDL parties, while acknowledging that it did not even know whether "such documents have [] yet been produced to Defendants." *Id.* § 2, ¶ (a); *id.* § 3. Similarly, California disclosed that it intends to rely on prescriber-level data to support its claim for civil penalties. *Id.* § 1, ¶ 5.B. But not only has California not produced that data to Defendants, it also acknowledges that it has no idea whether "such prescription data is not available, does not exist, or is subject to non-disclosure due to [HIPAA]." *Id.*

In light of these indications that California has not even investigated the availability of its documents, Defendants followed up to ask about *any* document collection or production efforts made by California to date. Ex. 8. California refused to provide that information, and it refused to engage in further meet-and-confers. *Id.* Instead, California (a) tried to take credit for productions made by non-party MMCAP, and (b) wrongly claimed that other Defendants had sought to meet-and-confer with California on unrelated topics, as if that were somehow relevant. *Id.* The parties are at impasse.

## ARGUMENT

A plaintiff seeking monetary relief pursuant to antitrust laws must produce data and documents relevant to its claims. *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 124 (1969); *In re Merck Mumps Vaccine Antitrust Litig.*, 2015 WL 12806504, at *1, n.2 (E.D. Pa. Nov. 30, 2015); *see also Bro-Tech Corp. v. Thermax, Inc.*, 2007 WL 2234521, at *3, n.17 (E.D. Pa. 2007) (Rufe, J.). Courts have dismissed antitrust claims brought by parties who refuse to provide discovery regarding the facts underlying their damages claims. *See, e.g.*, *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976).

At this time, Defendants seek only to have California held to its agreement to produce all documents on which it will rely by November 16, 2020.[2] *See* Ex. 6. Courts frequently enforce discovery agreements between litigants, in order to promote the efficient and cooperative resolution of discovery disputes through the meet-and-confer process. *See, e.g.*, *Samuel, Son & Co. Inc. v. Beach*, 2014 WL 5089718, at *4 (W.D. Pa. Oct. 9, 2014) (meet-and-confer process "can only be furthered if the Court enforces agreements reached during meet and confer sessions"); *In re Bristol-Myers Squibb Sec. Litig.*, 205 F.R.D. 437, 444 (D.N.J. 2002) ("It is essential to our system of justice that lawyers and litigants, above all, abide by their agreements and live up to their own expectations."); *Druding v. Care Alternatives*, 2017 WL 11461795, at *5 (D.N.J. June 21, 2017) (enforcing agreement as to scope of discovery), *aff'd*, 2018 WL 6573096 (D.N.J. Mar. 22, 2018).

---

[2] Defendants reserve the right to seek dismissal and/or other sanctions in the event California continues to ignore its discovery obligations.

WILLIAMS & CONNOLLY LLP

Special Masters Marion and Merenstein
January 8, 2021
Page 4

California has not claimed that the documents it will rely upon are not relevant, nor could it. California has not claimed that these documents are unknown to it, having just identified them—or, at least, the categories into which they fall—in its November 16th disclosures.[3] Ex. 7. It has not claimed that these documents are unavailable to it, though it has apparently done no investigation one way or the other. *See id.* In fact, California has offered no justification at all. To the contrary, it willfully refused to produce a single document prior to that deadline, and it has persisted in its refusal since.

## **CONCLUSION**

Defendants respectfully request that the Special Masters recommend that California be precluded from relying on any documents not produced to Defendants by November 16th.

Respectfully submitted,

Brian T. Gilmore
on behalf of Par Pharmaceutical, Inc.

Also joined by the undersigned Defendants:

Actavis Pharma, Inc., and Actavis Holdco U.S., Inc.
Amneal Pharmaceuticals, Inc. and Amneal Pharmaceuticals LLC
Apotex Corp.
Aurobindo Pharma USA, Inc.
Bausch Health Americas, Inc. (f/k/a Valeant Pharmaceuticals International), Bausch Health US, LLC (f/k/a Valeant Pharmaceuticals North America Inc.), and Oceanside Pharmaceuticals, Inc.
Citron Pharma LLC
Dr. Reddy's Laboratories, Inc.
Glenmark Pharmaceuticals Inc., USA
Greenstone LLC
Lannett Company, Inc.
Lupin Pharmaceuticals, Inc.
Mayne Pharma Inc.
Mylan Pharmaceuticals Inc.
Sandoz, Inc.

---

[3] To the extent California contends that it will not know until expert discovery the precise scope of IQVIA and Analysource data on which it will rely, that would not be well-taken. It has only sued on two products, and it should have produced the available data for those products during the period for which it seeks damages. Defendants are entitled to test during fact discovery the data upon which California intends to rely.

WILLIAMS & CONNOLLY LLP

Special Masters Marion and Merenstein
January 8, 2021
Page 5

Sun Pharmaceutical Industries, Inc.
Taro Pharmaceuticals USA, Inc.
Teva Pharmaceuticals USA, Inc.
Upsher-Smith Laboratories LLC
Wockhardt USA LLC
Zydus Pharmaceuticals (USA), Inc.

# EXHIBIT "6"

| | |
|---|---|
| **From:** | Paula Gibson |
| **To:** | Gilmore, Brian; Natalie Manzo |
| **Cc:** | Annette Goode-Parker |
| **Subject:** | Re: Generics MDL - Proposed Schedule |
| **Date:** | Tuesday, January 26, 2021 3:59:51 PM |

Brian:

On January 26, 2020, California amended its' prior voluntary response with "PLAINTIFF STATE OF CALIFORNIA'S AMENDED VOLUNTARY RESPONSES TO SPECIAL MASTER MARION'S INFORMAL REPORT AND RECOMMENDATION DIRECTED TO THE STATE OF CONNECTICUT." We appreciate your offer to extend certain deadlines associated with our voluntary responses, but in light of the circumstances we do not believe your proposal is necessary. California has never waived such position and intends to comply with the court PTO 122 and exercise its other rights to discovery. Thus "the State of California has already "produce any and all aforementioned documents and data within its possession, custody, or control" as requested.

We have already produced documents to defendants and have We have already provided to defendants and have amended our responses to reflect additional information regarding these productions. In addition, you are seeking documents that the parties agreed, and the court ordered did not have to be produced at this time. PRETRIAL ORDER NO. 122 (STIPULATED ORDER REGARDING THE NON-DISCLOSURE OF CERTAIN INFORMATION REGARDING EXPERT WITNESSES) Contrary to your perception, we have not agreed to modify any of our rights. Defendants have not answered, depositions are just beginning in the case, and we are not approaching the fact discovery cut off.

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Tuesday, January 26, 2021 11:27 AM
**To:** Paula Gibson; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics MDL - Proposed Schedule

Thanks.  As discussed, please also provide your response to Defendants' proposed schedule prior to 1pm PST.

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Tuesday, January 26, 2021 1:58 PM
**To:** Gilmore, Brian <BGilmore@wc.com>; Natalie Manzo <Natalie.Manzo@doj.ca.gov>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule

Brian:

I still need Exhibit A to be attached (the list of subpoenas) and it hasn't been served yet. Talk to you at 1:00 PST.

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

**From:** Paula Gibson
**Sent:** Tuesday, January 26, 2021 10:13:40 AM
**To:** Gilmore, Brian; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** Re: Generics MDL - Proposed Schedule

We're finalizing documents and it will be sent shortly. ill send you a copy before i actually serve it bevause i have to also update service list.

i appreciate your patience. Thanks.

Paula Lauren Gibson
Deputy Attorney General
State of California

Antitrust Law Section
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Tuesday, January 26, 2021 10:08:04 AM
**To:** Paula Gibson; Natalie Manzo

**Cc:** Annette Goode-Parker
**Subject:** RE: Generics MDL - Proposed Schedule

Natalie and Paula,

It was my understanding at the end of our call yesterday that you were going to send updated disclosures and a response to Defendants' proposed schedule yesterday, or this morning at the latest.  I realize it's still morning in California, but we're now less than 3 hours before our scheduled call to discuss what you were planning to send.

Could you please let me know when you expect to send that information, and whether we should reschedule today's call?

Thanks,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Friday, January 22, 2021 5:46 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule

We will have to discuss California's concerns with your proposal on Monday, as I cannot agree to your proposal. In particular, we will be unable to subpoena documents from third parties including other plaintiff states, and are not mandated or required to do so by the Federal Rules of Civil Procedure.


Paula Lauren Gibson
Deputy Attorney General
State of California

## Antitrust Law Section
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

On Jan 22, 2021, at 2:04 PM, Gilmore, Brian <BGilmore@wc.com> wrote:

Paula,

In advance of our call on Monday, below please find a proposed schedule as requested by Special Master Marion.  If you agree to the proposal, let me know and we can submit it to Special Master Marion ASAP.  Otherwise, we can discuss any issues you have with it on Monday.  Please note that references below to "documents" include data.

(1) **February 5, 2021** – California will disclose to Defendants whether the documents on which it will rely to prove its claims for relief are in its possession, custody, or control.

   a.  If such documents have already been produced in the MDL, the disclosure will identify the documents by Bates number.

   b.  If such documents have not been produced in the MDL but are in California's possession, custody, or control, the disclosure will identify those documents by source, and California will immediately begin producing them to Defendants.

   c.  If such documents have not been produced in the MDL and are not in California's possession, custody, or control, the disclosure will identify those documents by source and identify the individuals or entities that have possession, custody, or control of each category of documents, and California will immediately begin serving document requests or Rule 45 subpoenas on those individuals and entities.

Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents not identified and disclosed to Defendants as required herein on or before February 5, 2021.  An expert's later request for additional documents or data shall not constitute good cause.

(2) **February 19, 2021** – Deadline for California to:

   a.  produce any documents in its possession, custody, or control on which it will rely to prove its claims for relief (supra 1.b); and

   b.  serve any document requests or Rule 45 subpoenas needed to secure the remaining documents on which California will rely to prove its claims for relief (supra 1.c).

Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents not either produced to Defendants (supra 2.a) or sought through a document request or Rule 45 subpoena (supra 2.b) as required herein on or

before February 19, 2021.

(3) **April 1, 2021** – Deadline for California to either (a) resolve any disputes concerning its document requests and Rule 45 subpoena or (b) submit those disputes to the Special Masters for resolution pursuant to PTO 68.

(4) **May 1, 2021** – Deadline for California to produce to Defendants all documents received in response to any document request and Rule 45 subpoena.

Absent a showing of good cause, California will be precluded from relying upon —for any purpose—any such documents not produced to Defendants as required herein on or before May 1, 2021.

If California believes that good cause exists for any extension of these deadlines, it shall promptly request such an extension from Defendants as soon as possible.  The parties shall meet-and-confer in good faith about any requested extension, but if agreement is not reached, California shall promptly submit to Special Master Marion a 100-word statement setting out the basis for its request, and Defendants shall submit a 100-word response on the following business day.

Thanks,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT "7"

| From: | Gilmore, Brian |
|---|---|
| To: | "Paula Gibson"; Natalie Manzo |
| Cc: | Annette Goode-Parker |
| Subject: | RE: Generics MDL - Proposed Schedule |
| Date: | Wednesday, January 27, 2021 5:25:00 PM |

Natalie and Paula,

Defendants plan to submit to Special Master Marion the schedule we proposed to you on Friday, as he requested from the parties.  As I understand California's position, we are at impasse on two issues:

   (1) whether California can refuse to collect or produce during fact discovery documents that it has identified in its disclosures as likely to be relied upon (e.g., Analysource/IQVIA data), unless and until your expert confirms that the documents will be relied upon; and

   (2) whether the provisions in Defendants' proposed schedule beginning "Absent a showing of good cause…" are appropriate and necessary to ensure that California complies with the schedule.

As we discussed yesterday, please let me know whether California has any other objections to the proposed schedule; if not, I'd like to inform Special Master Marion that the two issues above are the only ones in dispute.

Also, I propose that we make simultaneous submissions to Special Master Marion at noon EST tomorrow (Thursday).  I did not understand Special Master Marion to be seeking additional briefing in support of the proposals he requested, so I'd propose limiting our submissions to 300 words or less, not including the text of any proposed schedule.  Please let me know if that all works for you.

Thanks,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Tuesday, January 26, 2021 4:00 PM
**To:** Gilmore, Brian <BGilmore@wc.com>; Natalie Manzo <Natalie.Manzo@doj.ca.gov>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule

Brian:

On January 26, 2020, California amended its' prior voluntary response with "PLAINTIFF STATE OF CALIFORNIA'S AMENDED VOLUNTARY RESPONSES TO SPECIAL MASTER MARION'S INFORMAL REPORT AND RECOMMENDATION DIRECTED TO THE STATE OF CONNECTICUT." We appreciate your offer to extend certain deadlines associated with our voluntary responses, but in light of the circumstances we do not believe your proposal is necessary. California has never

waived such position and intends to comply with the court PTO 122 and exercise its other rights to discovery. Thus "the State of California has already "produce any and all aforementioned documents and data within its possession, custody, or control" as requested.

We have already produced documents to defendants and have We have already provided to defendants and have amended our responses to reflect additional information regarding these productions. In addition, you are seeking documents that the parties agreed, and the court ordered did not have to be produced at this time. PRETRIAL ORDER NO. 122 (STIPULATED ORDER REGARDING THE NON-DISCLOSURE OF CERTAIN INFORMATION REGARDING EXPERT WITNESSES) Contrary to your perception, we have not agreed to modify any of our rights. Defendants have not answered, depositions are just beginning in the case, and we are not approaching the fact discovery cut off.


**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Tuesday, January 26, 2021 11:27 AM
**To:** Paula Gibson; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics MDL - Proposed Schedule

Thanks.  As discussed, please also provide your response to Defendants' proposed schedule prior to 1pm PST.

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Tuesday, January 26, 2021 1:58 PM
**To:** Gilmore, Brian <BGilmore@wc.com>; Natalie Manzo <Natalie.Manzo@doj.ca.gov>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule

Brian:

I still need Exhibit A to be attached (the list of subpoenas) and it hasn't been served yet. Talk

to you at 1:00 PST.

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Paula Gibson
**Sent:** Tuesday, January 26, 2021 10:13:40 AM
**To:** Gilmore, Brian; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** Re: Generics MDL - Proposed Schedule

We're finalizing documents and it will be sent shortly. ill send you a copy before i actually serve it bevause i have to also update service list.

i appreciate your patience. Thanks.

Paula Lauren Gibson
Deputy Attorney General
State of California

Antitrust Law Section
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Tuesday, January 26, 2021 10:08:04 AM
**To:** Paula Gibson; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics MDL - Proposed Schedule

Natalie and Paula,

It was my understanding at the end of our call yesterday that you were going to send updated disclosures and a response to Defendants' proposed schedule yesterday, or this morning at the latest.  I realize it's still morning in California, but we're now less than 3 hours before our scheduled call to discuss what you were planning to send.

Could you please let me know when you expect to send that information, and whether we should

reschedule today's call?

Thanks,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Friday, January 22, 2021 5:46 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule

We will have to discuss California's concerns with your proposal on Monday, as I cannot agree to your proposal. In particular, we will be unable to subpoena documents from third parties including other plaintiff states, and are not mandated or required to do so by the Federal Rules of Civil Procedure.


Paula Lauren Gibson
Deputy Attorney General
State of California

## Antitrust Law Section
http://oag.ca.gov/antitrust

300 S. Spring Street, Suite 1720

Los Angeles, CA  90013

213-269-6040 phone

213-897-2801 fax



On Jan 22, 2021, at 2:04 PM, Gilmore, Brian <BGilmore@wc.com> wrote:


Paula,

In advance of our call on Monday, below please find a proposed schedule as requested by Special Master Marion.  If you agree to the proposal, let me know and we can submit it to Special Master Marion ASAP.  Otherwise, we can discuss any issues you have with it on Monday.  Please note that references below to "documents" include data.

(1) **February 5, 2021** – California will disclose to Defendants whether the documents on which it will rely to prove its claims for relief are in its possession, custody, or control.

   a.   If such documents have already been produced in the MDL, the disclosure will identify the documents by Bates number.

   b.   If such documents have not been produced in the MDL but are in California's possession, custody, or control, the disclosure will identify those documents by source, and California will immediately begin producing them to Defendants.

   c.   If such documents have not been produced in the MDL and are not in California's possession, custody, or control, the disclosure will identify those documents by source and identify the individuals or entities that have possession, custody, or control of each category of documents, and California will immediately begin serving document requests or Rule 45 subpoenas on those individuals and entities.

Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents not identified and disclosed to Defendants as required herein on or before February 5, 2021.  An expert's later request for additional documents or data shall not constitute good cause.

(2) **February 19, 2021** – Deadline for California to:

   a.   produce any documents in its possession, custody, or control on which it will rely to prove its claims for relief (supra 1.b); and

   b.   serve any document requests or Rule 45 subpoenas needed to secure the remaining documents on which California will rely to prove its claims for relief (supra 1.c).

Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents not either produced to Defendants (supra 2.a) or sought through a document request or Rule 45 subpoena (supra 2.b) as required herein on or before February 19, 2021.

(3) **April 1, 2021** – Deadline for California to either (a) resolve any disputes concerning its document requests and Rule 45 subpoena or (b) submit those disputes to the Special Masters for resolution pursuant to PTO 68.

(4) **May 1, 2021** – Deadline for California to produce to Defendants all documents received in response to any document request and Rule 45 subpoena.

Absent a showing of good cause, California will be precluded from relying upon

—for any purpose—any such documents not produced to Defendants as required herein on or before May 1, 2021.

If California believes that good cause exists for any extension of these deadlines, it shall promptly request such an extension from Defendants as soon as possible.  The parties shall meet-and-confer in good faith about any requested extension, but if agreement is not reached, California shall promptly submit to Special Master Marion a 100-word statement setting out the basis for its request, and Defendants shall submit a 100-word response on the following business day.

Thanks,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT "8"

| | |
|---|---|
| **From:** | Gilmore, Brian |
| **To:** | "mariond@whiteandwilliams.com" |
| **Cc:** | "Birch, Morgan"; "bmerenstein@schnader.com"; "MDL2724AllDeftsService@pepperlaw.com"; "MDL2724plaintiffsleadsetc@ag.ny.gov"; Schmidtlein, John; Kirkpatrick, Sarah |
| **Subject:** | Generics MDL - CA Motion to Compel - Update |
| **Date:** | Thursday, January 28, 2021 2:55:00 PM |

Dear Special Master Marion:

As you requested, last Friday Defendants proposed to California an expedited schedule for California to produce the documents on which it will rely.  California declined to propose its own schedule.  We then had three meet-and-confer calls and exchanged many emails with California, requesting on several occasions that California identify any concerns it had with Defendants' proposal.

As you will see below, only last night did California identify several concerns that it had not previously raised, less than 24 hours before the parties' scheduled submissions to you.  In an effort to address those concerns, Defendants worked quickly this morning to offer revisions and concessions that we hoped would narrow the dispute to a single issue involving the scope of expert discovery.  Not only did California reject the proposed compromises, it actually walked back an agreement the parties had previously reached, thus creating a new dispute *less than an hour* before the agreed 3pm EST submission.  It is thus apparent that further negotiation will not be productive.

Defendants are working now to revise our submission to address the new issues, and we aim to submit it to you later today.  Thank you for your patience.

Best wishes,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

**From:** Gilmore, Brian
**Sent:** Thursday, January 28, 2021 2:18 PM
**To:** 'Paula Gibson' <Paula.Gibson@doj.ca.gov>
**Cc:** Natalie Manzo <Natalie.Manzo@doj.ca.gov>; Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** RE: Generics MDL - Proposed Schedule

Paula,

At 2:17AM last night, you agreed to the following: "We will agree to provide Bates numbers or expected production dates where possible for the materials obtained through Rule 45 subpoenas." As a result, Defendants offered a good-faith concession that Bates numbers would not be required

for Defendants' productions—i.e., Defendants gave California exactly what it sought on this issue. Now, <u>less than an hour before our scheduled submissions</u>, you have taken an entirely new position, something you've never even suggested during our many calls and emails this week.  This is, to put it mildly, deeply unprofessional.

It is clear that California is not interested in a good-faith negotiation, and we will respond to Special Master Marion accordingly.

Regards,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Thursday, January 28, 2021 2:06 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Natalie Manzo <Natalie.Manzo@doj.ca.gov>; Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule

Brian,

Thank you for your revisions to the schedule and your attempts to narrow the dispute.  You are correct that we still have a dispute with regard to the Analysource and IQVIA documents, which we believe are part of expert discovery and subject to different deadlines.  We also have a dispute concerning documents and data to be obtained through Rule 45 subpoenas that have been issued by the multistate already.  We also have an issue with regard to identification of document by Bates number.

We appreciate your clarification that you do not expect CA to provide Bates numbers for documents upon which we may rely where those documents have been produced by Defendants.  However, with regard to all other categories of documents for which you expect Bates numbers, California does not agree to provide Bates numbers for such documents.  We have provided the Bureau of Medi-Cal Fraud documents as a courtesy.  We have also provided an Exhibit A listing the Rule 45 subpoenas upon which we will rely as a courtesy.  After additional consultation with other Plaintiff States, we will no longer agree to provide Bates numbers for Rule 45 subpoena documents or the dates for such productions as this is beyond the scope of the agreement that Plaintiff States reached with respect to these Voluntary Responses.  Bates numbers are also beyond the scope of the three questions to which California agreed to provide responses in its November 16th responses.  This issue of Bates Numbers was provided in your proposed schedule to us earlier this week, but as I have mentioned we were more focused on the bodies of documents we had to produce and had not concentrated on that issue.

I hope this clarifies the areas of dispute.  Please see our attached revised proposed schedule.

**Paula Lauren Gibson**
Deputy Attorney General

State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Thursday, January 28, 2021 11:03:37 AM
**To:** Paula Gibson
**Cc:** Natalie Manzo; Annette Goode-Parker
**Subject:** RE: Generics MDL - Proposed Schedule

Paula,

It is now one hour before our scheduled submissions to Special Master Marion, and Defendants still do not know which issues remain in dispute.  As I said, Defendants have done our best to address the several issues you raised at the eleventh hour, but at this point we really need to know your final position.  Please advise ASAP whether there are any other remaining disputes than the expert discovery issue.

Thanks,
Brian

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Thursday, January 28, 2021 12:01 PM
**To:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Cc:** Natalie Manzo <Natalie.Manzo@doj.ca.gov>; Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** RE: Generics MDL - Proposed Schedule

Paula,

Attached please find Defendants' revised proposal, in which we've tried to address the issues raised in your email.  I note, however, that several of these issues were only raised for the first time last night, less than 24 hours before our submission to Special Master Marion.  Defendants proposed our schedule to California last Friday—and requested California's response to it several times earlier this week—so it is unfortunate and unproductive for California to now raise several new issues at the last minute.

?   With regard to your proposed edits concerning experts, Defendants do not accept them.  As we have discussed, this is an issue on which we are at impasse, but Defendants hope that it is the only such issue that will need to be presented to Special Master Marion for resolution.

?   With regard to your newly raised concern with our proposed brief length, we are fine

removing that provision.  Assuming any disputes do arise, we can discuss at that time an appropriate brief length.

?   With regard to your newly raised concern about identifying by Bates number the documents produced by Defendants, we have proposed language making clear that California only needs to identify the Bates numbers of the documents produced by Plaintiffs and third parties on which California will rely.

> o  To be clear, however, California's disclosure must identify Bates numbers for those documents on which it will actually rely, not the broader Bates ranges of all documents produced by a Plaintiff or third party, unless California actually intends to rely on all documents produced by a Plaintiff or third party.  The same principle applies to California's other disclosures under Section 1—it is not enough for California to identify only subpoenas or parties that have received them, as Defendants need to know the specific categories of documents that California has or expects to receive (e.g., "transactional data showing Cardinal's sales to its customers in California," rather than "documents received from Cardinal").  I raised this with you during our call last night, and I think we are on the same page, but I do want to clarify that.

?   With regard to your new proposed edits carving out of the schedule any outstanding State AG subpoenas, Defendants do not accept them.  As I explained to you last night, Defendants need to know what categories of documents are outstanding and when California expects to receive them, and thus those subpoenas and documents should be subject to the agreement —particularly the disclosure requirement in Section 1.  If California discloses any documents that it expects to receive from a third party after May 1, 2021, then the parties will meet-and-confer about a reasonable extension for the production of those documents.  We have proposed language to that effect in Section 1, which I hope will take care of your concerns.

As should now be clear, Defendants have made significant efforts to reach consensus quickly on the issues you raised last night.  We hope that California is amenable to the proposed edits we've made, and that the only dispute that will be presented to Special Master Marion later today involves the expert discovery issue.  Please let me know about that as soon as possible, but in no event later than 11am PST.

Thanks,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Thursday, January 28, 2021 2:19 AM
**To:** Gilmore, Brian <BGilmore@wc.com>; Natalie Manzo <Natalie.Manzo@doj.ca.gov>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule

Brian:

As discussed earlier today, we are now in agreement with most of your proposed deadlines with the exception of a few specific areas where we have differences of opinion, which will be set forth below.

As I have advised you, as requested the State of California has already produced any and all aforementioned documents and data necessary to support its claims that are within its current possession, custody, or control. Those documents were served upon Defendants on or about September 1, 2020 per negotiations between parties. The list of Rule 45 subpoenas (which have already been served) was attached as Exhibit A to the prior responses and the same list with one additional name that was inadvertently omitted, will be attached as Exhibit A to California's Amended Responses. It is my understanding that with respect to subpoenas issued by both sides, both sides will receive that production reciprocally. I do not believe that any additional Rule 45 subpoenas have gone out since 11/16/2020. California does not intend upon serving any.

We are no longer objecting to the "good cause" standard set forth in your proposed deadlines, although we did remove the following sentence to which we cannot agree: "An expert's later request for additional documents or data shall not constitute good cause." The two issues outstanding for California are: (1) the production of Analysource and IQVIA data; and (2) the deadline imposed for receipt of documents and data that were served before November 16, 2020 in connection with Rule 45 subpoenas upon 3rd parties. ("Deadline")

(1) The Analysource and IQVIA data:

This data is the subject of global discussions between Defendants and Plaintiff States. I understand that you have been involved in some capacity in those discussions and therefore are aware of that fact.  It makes no sense to try to force California to independently resolve such issues. In addition, as I am sure you are aware, such data is proprietary to those companies and has contractual limitations for its use. In our view, it would be appropriate to give these companies  notice and the opportunity to object to a non-paid disclosure of their databases. Thus, California would agree to a deadline reached during the global discussions or after the Special Master and/or court(s) considers the same, if necessary.

(2) Materials Obtained Through Rule 45 Subpoenas Previously Issued by Plaintiff States:

California has not individually served any Rule 45 Subpoenas.  Both Defendants and State Plaintiffs have served subpoenas, and the responses (or objections, if that be the case) to the same are not within our control. But defendants are currently aware of the contents of such requests and will receive the responses once they have been produced by the third parties. Your deadline is thus arbitrary, particularly since the discovery deadline has not expired, and the ability to respond is still currently within the control of third parties.

We have also given consideration to the issues you raised today in connection with the specificity of our responses.   We will agree to provide Bates numbers or expected production dates where possible for the materials obtained through Rule 45 subpoenas.  We do not know whether it is your position that we must provide Bates numbers for the materials upon which we may rely that are contained with the large volume of documents produced by Defendants, but, if so, we cannot agree to that request.

We are fine with the 500-word responses we both agreed to provide to Special Master Marion tomorrow, but we cannot agree to your suggested 100-word limitation for submitting future issues that arise under this agreement to the Special Masters.  In the event of a dispute, we will retain our rights to raise an issue or provide a defense to an issue raised by providing a 1400-word letter response to the Special Master as provided in paragraphs (5) and (6) of PTO 68.

Finally, our proposed changes to your proposed schedule are attached.


**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Paula Gibson
**Sent:** Wednesday, January 27, 2021 2:31:42 PM
**To:** Gilmore, Brian; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** Re: Generics MDL - Proposed Schedule


We are actually discussing your issues right now,and will respond to below ASAP.  Thank you for your patience.


**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Wednesday, January 27, 2021 2:25:20 PM
**To:** Paula Gibson; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics MDL - Proposed Schedule


Natalie and Paula,

Defendants plan to submit to Special Master Marion the schedule we proposed to you on Friday, as he requested from the parties.  As I understand California's position, we are at impasse on two issues:

(1) whether California can refuse to collect or produce during fact discovery documents that it has identified in its disclosures as likely to be relied upon (e.g., Analysource/IQVIA data), unless and until your expert confirms that the documents will be relied upon; and

(2) whether the provisions in Defendants' proposed schedule beginning "Absent a showing of good cause…" are appropriate and necessary to ensure that California complies with the schedule.

As we discussed yesterday, please let me know whether California has any other objections to the proposed schedule; if not, I'd like to inform Special Master Marion that the two issues above are the only ones in dispute.

Also, I propose that we make simultaneous submissions to Special Master Marion at noon EST tomorrow (Thursday).  I did not understand Special Master Marion to be seeking additional briefing in support of the proposals he requested, so I'd propose limiting our submissions to 300 words or less, not including the text of any proposed schedule.  Please let me know if that all works for you.


Thanks,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Tuesday, January 26, 2021 4:00 PM
**To:** Gilmore, Brian <BGilmore@wc.com>; Natalie Manzo <Natalie.Manzo@doj.ca.gov>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule

Brian:

On January 26, 2020, California amended its' prior voluntary response with "PLAINTIFF STATE OF CALIFORNIA'S AMENDED VOLUNTARY RESPONSES TO SPECIAL MASTER MARION'S INFORMAL REPORT AND RECOMMENDATION DIRECTED TO THE STATE OF CONNECTICUT." We appreciate your offer to extend certain deadlines associated with our voluntary responses, but in light of the circumstances we do not believe your proposal is necessary. California has never waived such position and intends to comply with the court PTO 122 and exercise its other rights to discovery. Thus "the State of California has already "produce any and all aforementioned documents and data within its possession, custody, or control" as requested.

We have already produced documents to defendants and have We have already provided to defendants and have amended our responses to reflect additional information regarding these productions. In addition, you are seeking documents that the parties agreed, and the court ordered did not have to be produced at this time.

PRETRIAL ORDER NO. 122 (STIPULATED ORDER REGARDING THE NON-DISCLOSURE OF CERTAIN INFORMATION REGARDING EXPERT WITNESSES) Contrary to your perception, we have not agreed to modify any of our rights. Defendants have not answered, depositions are just beginning in the case, and we are not approaching the fact discovery cut off.


**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Tuesday, January 26, 2021 11:27 AM
**To:** Paula Gibson; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics MDL - Proposed Schedule

Thanks.  As discussed, please also provide your response to Defendants' proposed schedule prior to 1pm PST.

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Tuesday, January 26, 2021 1:58 PM
**To:** Gilmore, Brian <BGilmore@wc.com>; Natalie Manzo <Natalie.Manzo@doj.ca.gov>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule


Brian:

I still need Exhibit A to be attached (the list of subpoenas) and it hasn't been served yet. Talk to you at 1:00 PST.


**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone

213-897-2801 fax

---

**From:** Paula Gibson
**Sent:** Tuesday, January 26, 2021 10:13:40 AM
**To:** Gilmore, Brian; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** Re: Generics MDL - Proposed Schedule

We're finalizing documents and it will be sent shortly. ill send you a copy before i actually serve it bevause i have to also update service list.

i appreciate your patience. Thanks.

Paula Lauren Gibson
Deputy Attorney General
State of California

Antitrust Law Section
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Tuesday, January 26, 2021 10:08:04 AM
**To:** Paula Gibson; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics MDL - Proposed Schedule

Natalie and Paula,

It was my understanding at the end of our call yesterday that you were going to send updated disclosures and a response to Defendants' proposed schedule yesterday, or this morning at the latest.  I realize it's still morning in California, but we're now less than 3 hours before our scheduled call to discuss what you were planning to send.

Could you please let me know when you expect to send that information, and whether we should reschedule today's call?

Thanks,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>

**Sent:** Friday, January 22, 2021 5:46 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule

We will have to discuss California's concerns with your proposal on Monday, as I cannot agree to your proposal. In particular, we will be unable to subpoena documents from third parties including other plaintiff states, and are not mandated or required to do so by the Federal Rules of Civil Procedure.


Paula Lauren Gibson
Deputy Attorney General
State of California

## Antitrust Law Section
## http://oag.ca.gov/antitrust
## 300 S. Spring Street, Suite 1720
## Los Angeles, CA  90013
## 213-269-6040 phone
## 213-897-2801 fax



On Jan 22, 2021, at 2:04 PM, Gilmore, Brian <BGilmore@wc.com> wrote:

Paula,

In advance of our call on Monday, below please find a proposed schedule as requested by Special Master Marion.  If you agree to the proposal, let me know and we can submit it to Special Master Marion ASAP.  Otherwise, we can discuss any issues you have with it on Monday.  Please note that references below to "documents" include data.

> (1) **February 5, 2021** – California will disclose to Defendants whether the documents on which it will rely to prove its claims for relief are in its possession, custody, or control.

> a. If such documents have already been produced in the MDL, the disclosure will identify the documents by Bates number.

   b.  If such documents have not been produced in the MDL but are in California's possession, custody, or control, the disclosure will identify those documents by source, and California will immediately begin producing them to Defendants.

   c.  If such documents have not been produced in the MDL and are not in California's possession, custody, or control, the disclosure will identify those documents by source and identify the individuals or entities that have possession, custody, or control of each category of documents, and California will immediately begin serving document requests or Rule 45 subpoenas on those individuals and entities.

Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents not identified and disclosed to Defendants as required herein on or before February 5, 2021.  An expert's later request for additional documents or data shall not constitute good cause.

   (2)  **February 19, 2021** – Deadline for California to:

   a.  produce any documents in its possession, custody, or control on which it will rely to prove its claims for relief (supra 1.b); and

   b.  serve any document requests or Rule 45 subpoenas needed to secure the remaining documents on which California will rely to prove its claims for relief (supra 1.c).

Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents not either produced to Defendants (supra 2.a) or sought through a document request or Rule 45 subpoena (supra 2.b) as required herein on or before February 19, 2021.

   (3)  **April 1, 2021** – Deadline for California to either (a) resolve any disputes concerning its document requests and Rule 45 subpoena or (b) submit those disputes to the Special Masters for resolution pursuant to PTO 68.

   (4)  **May 1, 2021** – Deadline for California to produce to Defendants all documents received in response to any document request and Rule 45 subpoena.

      Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any such documents not produced to Defendants as required herein on or before May 1, 2021.

If California believes that good cause exists for any extension of these deadlines, it shall promptly request such an extension from Defendants as soon as possible.  The parties shall meet-and-confer in good faith about any requested extension, but if agreement is

not reached, California shall promptly submit to Special Master Marion a 100-word
statement setting out the basis for its request, and Defendants shall submit a 100-word
response on the following business day.

Thanks,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

This message and any attachments are intended only for the addressee and may contain information
that is privileged and confidential. If you have received this message in error, please do not read,
use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please
delete the message and any attachments and notify the sender immediately. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential
and/or legally privileged information. It is solely for the use of the intended recipient(s).
Unauthorized interception, review, use or disclosure is prohibited and may violate applicable
laws including the Electronic Communications Privacy Act. If you are not the intended
recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential
and/or legally privileged information. It is solely for the use of the intended recipient(s).
Unauthorized interception, review, use or disclosure is prohibited and may violate applicable
laws including the Electronic Communications Privacy Act. If you are not the intended
recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain
confidential and/or legally privileged information. It is solely for the use of the intended
recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may
applicable laws including the Electronic Communications Privacy Act. If you are not the
intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain
confidential and/or legally privileged information. It is solely for the use of the intended
recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate
applicable laws including the Electronic Communications Privacy Act. If you are not the
intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain
confidential and/or legally privileged information. It is solely for the use of the intended

recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT "9"

| | |
|---|---|
| **From:** | Gilmore, Brian |
| **To:** | "mariond@whiteandwilliams.com" |
| **Cc:** | "Birch, Morgan"; "bmerenstein@schnader.com"; "MDL2724AllDeftsService@pepperlaw.com"; "MDL2724plaintiffsleadsetc@ag.ny.gov"; Schmidtlein, John; Kirkpatrick, Sarah; "Paula Gibson" |
| **Subject:** | RE: Generics MDL - CA Motion to Compel - Update |
| **Date:** | Thursday, January 28, 2021 5:24:00 PM |
| **Attachments:** | Ex. 1 - Defendants" Proposed Schedule.pdf |
| | Ex. 2 - California Voluntary Amended Response.pdf |

Dear Special Master Marion:

Attached as Exhibit 1 please find Defendants' proposed schedule, which, as you requested, provides a reasonable set of deadlines for California to disclose, seek, and produce the documents on which it will rely.  The proposed schedule also accounts for the very real possibility that California could fail to abide by those deadlines—as it did with the November 16th deadline—by precluding California from relying on documents it fails to timely disclose or produce, absent a showing of good cause.

Defendants' meet-and-confers with California about our proposal have focused primarily on a single disagreement: whether California can withhold until expert discovery factual information that it has already identified as likely to be relied upon.  Late last night, California identified two new disputed issues.  The first is whether Rule 45 subpoenas issued by other Plaintiff States should be subject to the schedule, and the second is whether California should be required to identify by Bates number the documents on which it will rely that have already been produced by Plaintiffs or third parties.  Defendants address each issue in turn.

### I.     California Cannot Withhold Relevant Factual Information Until Expert Discovery.

California asserts it has produced the documents on which it will rely, but it ignores that it has already identified (but failed to produce) other documents that "may be relied upon."  Ex. 2 at 4.  For instance, California states that it "may rely upon" data from IQVIA and Analysource, but it refuses to produce that data unless its expert later confirms that the data *has been* relied upon.  *See id.* at 5-6; *see also id.* at 5 (refusing to produce additional, unidentified documents until expert discovery).  In other words, the parties dispute whether California can characterize relevant factual information as "expert discovery" and thus postpone its production obligations indefinitely.

Neither the Federal Rules nor PTO 122 support California's position.  As courts routinely hold, this is relevant *factual* information that Defendants are entitled to receive during *fact* discovery.  *Henry v. Quicken Loans Inc.*, 2008 WL 4735228, at *6 (E.D. Mich. Oct. 15, 2008) ("[B]ased on the design of the Federal Rules of Civil Procedure, there is an apparent presumption that data for an expert report should be gathered during fact discovery . . .");  *United States v. N.E. Med. Servs.*, 2014 WL 7208627, at *5 (N.D. Cal. Dec. 17, 2014) ("Documents that have a direct bearing on the factual disputes in the case are the subject of fact discovery, which often (as here) concludes before expert discovery[.]").  Indeed, "[i]t would make little sense to have separate cutoff dates for fact and expert discovery if discovery of any information which might form the basis for expert opinions could be deferred to the 'expert discovery' phase," as California claims.  *Ruiz-Bueno v. Scott*, 2014 WL 576400, at *3 (S.D. Ohio Feb. 12, 2014).

Because Defendants "seek 'factual,'—not 'opinion' and not 'expert'—information," *Shell Petroleum, Inc. v. United States*, 46 Fed. Cl. 583, 586 (Ct. Fed. Cl. 2000), our proposed schedule provides that California cannot later rely on additional documents or data merely because its expert has requested or relied on them.  Such reliance would not constitute "good cause" to reopen fact discovery.  Ex. 1 § 1.

## II.        Plaintiff States' Rule 45 Subpoenas Should Be Subject to the Schedule.

Defendants' proposed schedule is intended to ensure that California does the necessary work now to identify and produce the documents on which it will rely.  As California acknowledged during oral argument, it still needed to look into whether the MDL productions made to date had provided it the factual material it needs, or whether it would instead need to serve additional document requests or subpoenas—more than two months *after* its agreed production deadline.  Although California now claims that it does not intend to seek additional information, it is obvious to Defendants that California has still not done the necessary due diligence, including about information sought through subpoenas by other Plaintiff States.

California objects that responses to other States' subpoenas are not within California's control, but that misses the point.  Defendants are entitled to learn which categories of documents California needs and expects to receive in response to the subpoenas, and when those documents are expected to be produced.  Basic communication between California and its fellow States should make that an easy task.  If California's February 5th disclosures identify no outstanding documents, then this is a moot point.  And if California identifies outstanding categories of documents that it needs, Defendants are willing to work with California, if necessary, to extend the deadline for producing those documents.  *See* Ex. 1 § 1(c).  By contrast, California's proposal will not only deprive Defendants of necessary information—it will also let California continue to avoid the necessary work of gathering that information in the first place.

## III.       California Should Be Required to Disclose the Bates Numbers of Already-Produced
##           Documents.

Defendants' proposal would also ensure California has done its due diligence by requiring identification of the Bates numbers of documents produced by Plaintiffs or third parties on which California will rely.  California's disclosures to date have been so general as to be meaningless, and Defendants strongly suspect that those disclosures were made without California even knowing what is in the productions.  *See* Ex. 2 at 4-5 (California may rely on, e.g., "[a]ll documents produced as of [this] date" by Defendants, Plaintiffs, and non-parties). Assuming Defendants are incorrect, and that California has now reviewed the productions and identified the material on which it will rely, then this requirement should impose little additional burden.  It will also provide enormous benefit to Defendants by ensuring California has done its necessary legwork.

More fundamentally, California agreed to this requirement as recently as last night (see below).  As a result, Defendants offered a concession excluding from the Bates-number requirement all documents produced by Defendants, as requested by California.  Despite California's last-second decision to walk away from its agreement, Defendants' proposal still includes the limitation

requested by California, as a show of Defendants' good faith.

Defendants respectfully request an informal recommendation adopting Defendants' proposed schedule in full.

Best wishes,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

**From:** Gilmore, Brian
**Sent:** Thursday, January 28, 2021 2:56 PM
**To:** 'mariond@whiteandwilliams.com' <mariond@whiteandwilliams.com>
**Cc:** 'Birch, Morgan' <Birchm@whiteandwilliams.com>; 'bmerenstein@schnader.com' <bmerenstein@schnader.com>; 'MDL2724AllDeftsService@pepperlaw.com' <MDL2724AllDeftsService@pepperlaw.com>; 'MDL2724plaintiffsleadsetc@ag.ny.gov' <MDL2724plaintiffsleadsetc@ag.ny.gov>; Schmidtlein, John <JSchmidtlein@wc.com>; Kirkpatrick, Sarah <SKirkpatrick@wc.com>
**Subject:** Generics MDL - CA Motion to Compel - Update

Dear Special Master Marion:

As you requested, last Friday Defendants proposed to California an expedited schedule for California to produce the documents on which it will rely.  California declined to propose its own schedule.  We then had three meet-and-confer calls and exchanged many emails with California, requesting on several occasions that California identify any concerns it had with Defendants' proposal.

As you will see below, only last night did California identify several concerns that it had not previously raised, less than 24 hours before the parties' scheduled submissions to you.  In an effort to address those concerns, Defendants worked quickly this morning to offer revisions and concessions that we hoped would narrow the dispute to a single issue involving the scope of expert discovery.  Not only did California reject the proposed compromises, it actually walked back an agreement the parties had previously reached, thus creating a new dispute *less than an hour* before the agreed 3pm EST submission.  It is thus apparent that further negotiation will not be productive.

Defendants are working now to revise our submission to address the new issues, and we aim to submit it to you later today.  Thank you for your patience.

Best wishes,

**Brian T. Gilmore**

**Williams & Connolly LLP**

725 Twelfth Street, N.W., Washington, DC 20005

(P) 202-434-5707 | (F) 202-480-8212

bgilmore@wc.com | www.wc.com

---

**From:** Gilmore, Brian
**Sent:** Thursday, January 28, 2021 2:18 PM
**To:** 'Paula Gibson' <Paula.Gibson@doj.ca.gov>
**Cc:** Natalie Manzo <Natalie.Manzo@doj.ca.gov>; Annette Goode-Parker
<Annette.GoodeParker@doj.ca.gov>
**Subject:** RE: Generics MDL - Proposed Schedule

Paula,

At 2:17AM last night, you agreed to the following: "We will agree to provide Bates numbers or expected production dates where possible for the materials obtained through Rule 45 subpoenas." As a result, Defendants offered a good-faith concession that Bates numbers would not be required for Defendants' productions—i.e., Defendants gave California exactly what it sought on this issue. Now, less than an hour before our scheduled submissions, you have taken an entirely new position, something you've never even suggested during our many calls and emails this week. This is, to put it mildly, deeply unprofessional.

It is clear that California is not interested in a good-faith negotiation, and we will respond to Special Master Marion accordingly.

Regards,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Thursday, January 28, 2021 2:06 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Natalie Manzo <Natalie.Manzo@doj.ca.gov>; Annette Goode-Parker
<Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule

Brian,

Thank you for your revisions to the schedule and your attempts to narrow the dispute. You are correct that we still have a dispute with regard to the Analysource and IQVIA documents, which we believe are part of expert discovery and subject to different deadlines. We also have a dispute concerning documents and data to be obtained through Rule 45 subpoenas that have been issued by the multistate already. We also have an issue with regard to identification of document by Bates number.

We appreciate your clarification that you do not expect CA to provide Bates numbers for

documents upon which we may rely where those documents have been produced by Defendants.  However, with regard to all other categories of documents for which you expect Bates numbers, California does not agree to provide Bates numbers for such documents.  We have provided the Bureau of Medi-Cal Fraud documents as a courtesy.  We have also provided an Exhibit A listing the Rule 45 subpoenas upon which we will rely as a courtesy.  After additional consultation with other Plaintiff States, we will no longer agree to provide Bates numbers for Rule 45 subpoena documents or the dates for such productions as this is beyond the scope of the agreement that Plaintiff States reached with respect to these Voluntary Responses.  Bates numbers are also beyond the scope of the three questions to which California agreed to provide responses in its November 16th responses.  This issue of Bates Numbers was provided in your proposed schedule to us earlier this week, but as I have mentioned we were more focused on the bodies of documents we had to produce and had not concentrated on that issue.

I hope this clarifies the areas of dispute.  Please see our attached revised proposed schedule.

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Thursday, January 28, 2021 11:03:37 AM
**To:** Paula Gibson
**Cc:** Natalie Manzo; Annette Goode-Parker
**Subject:** RE: Generics MDL - Proposed Schedule

Paula,

It is now one hour before our scheduled submissions to Special Master Marion, and Defendants still do not know which issues remain in dispute.  As I said, Defendants have done our best to address the several issues you raised at the eleventh hour, but at this point we really need to know your final position.  Please advise ASAP whether there are any other remaining disputes than the expert discovery issue.

Thanks,
Brian

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Thursday, January 28, 2021 12:01 PM
**To:** Paula Gibson <Paula.Gibson@doj.ca.gov>

**Cc:** Natalie Manzo <Natalie.Manzo@doj.ca.gov>; Annette Goode-Parker
<Annette.GoodeParker@doj.ca.gov>
**Subject:** RE: Generics MDL - Proposed Schedule

Paula,

Attached please find Defendants' revised proposal, in which we've tried to address the issues raised
in your email.  I note, however, that several of these issues were only raised for the first time last
night, less than 24 hours before our submission to Special Master Marion.  Defendants proposed our
schedule to California last Friday—and requested California's response to it several times earlier this
week—so it is unfortunate and unproductive for California to now raise several new issues at the last
minute.

?   With regard to your proposed edits concerning experts, Defendants do not accept them.  As
we have discussed, this is an issue on which we are at impasse, but Defendants hope that it
is the only such issue that will need to be presented to Special Master Marion for resolution.

?   With regard to your newly raised concern with our proposed brief length, we are fine
removing that provision.  Assuming any disputes do arise, we can discuss at that time an
appropriate brief length.

?   With regard to your newly raised concern about identifying by Bates number the documents
produced by Defendants, we have proposed language making clear that California only
needs to identify the Bates numbers of the documents produced by Plaintiffs and third
parties on which California will rely.

o   To be clear, however, California's disclosure must identify Bates numbers for those
documents on which it will actually rely, not the broader Bates ranges of all
documents produced by a Plaintiff or third party, unless California actually intends to
rely on all documents produced by a Plaintiff or third party.  The same principle
applies to California's other disclosures under Section 1—it is not enough for
California to identify only subpoenas or parties that have received them, as
Defendants need to know the specific categories of documents that California has or
expects to receive (e.g., "transactional data showing Cardinal's sales to its customers
in California," rather than "documents received from Cardinal").  I raised this with
you during our call last night, and I think we are on the same page, but I do want to
clarify that.

?   With regard to your new proposed edits carving out of the schedule any outstanding State
AG subpoenas, Defendants do not accept them.  As I explained to you last night, Defendants
need to know what categories of documents are outstanding and when California expects to
receive them, and thus those subpoenas and documents should be subject to the agreement
—particularly the disclosure requirement in Section 1.  If California discloses any documents
that it expects to receive from a third party after May 1, 2021, then the parties will meet-
and-confer about a reasonable extension for the production of those documents.  We have

proposed language to that effect in Section 1, which I hope will take care of your concerns.

As should now be clear, Defendants have made significant efforts to reach consensus quickly on the issues you raised last night.  We hope that California is amenable to the proposed edits we've made, and that the only dispute that will be presented to Special Master Marion later today involves the expert discovery issue.  Please let me know about that as soon as possible, but in no event later than 11am PST.

Thanks,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Thursday, January 28, 2021 2:19 AM
**To:** Gilmore, Brian <BGilmore@wc.com>; Natalie Manzo <Natalie.Manzo@doj.ca.gov>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule

Brian:

As discussed earlier today, we are now in agreement with most of your proposed deadlines with the exception of a few specific areas where we have differences of opinion, which will be set forth below.

As I have advised you, as requested the State of California has already produced any and all aforementioned documents and data necessary to support its claims that are within its current possession, custody, or control. Those documents were served upon Defendants on or about September 1, 2020 per negotiations between parties. The list of Rule 45 subpoenas (which have already been served) was attached as Exhibit A to the prior responses and the same list with one additional name that was inadvertently omitted, will be attached as Exhibit A to California's Amended Responses. It is my understanding that with respect to subpoenas issued by both sides, both sides will receive that production reciprocally. I do not believe that any additional Rule 45 subpoenas have gone out since 11/16/2020. California does not intend upon serving any.

We are no longer objecting to the "good cause" standard set forth in your proposed deadlines, although we did remove the following sentence to which we cannot agree: "An expert's later request for additional documents or data shall not constitute good cause." The two issues outstanding for California are: (1) the production of Analysource and IQVIA data; and  (2) the deadline imposed for receipt of documents and data that were served before November 16, 2020 in connection with Rule 45 subpoenas upon 3rd parties. ("Deadline")

(1) The Analysource and IQVIA data:

This data is the subject of global discussions between Defendants and Plaintiff States. I understand that you have been involved in some capacity in those discussions and therefore are aware of that fact.  It makes no sense to try to force California to independently resolve such issues. In addition, as I am sure you are aware, such data is proprietary to those

companies and has contractual limitations for its use. In our view, it would be appropriate to give these companies  notice and the opportunity to object to a non-paid disclosure of their databases. Thus, California would agree to a deadline reached during the global discussions or after the Special Master and/or court(s) considers the same, if necessary.

(2) <u>Materials Obtained Through Rule 45 Subpoenas Previously Issued by Plaintiff States</u>:

California has not individually served any Rule 45 Subpoenas.  Both Defendants and State Plaintiffs have served subpoenas, and the responses (or objections, if that be the case) to the same are not within our control. But defendants are currently aware of the contents of such requests and will receive the responses once they have been produced by the third parties. Your deadline is thus arbitrary, particularly since the discovery deadline has not expired, and the ability to respond is still currently within the control of third parties.

We have also given consideration to the issues you raised today in connection with the specificity of our responses.   We will agree to provide Bates numbers or expected production dates where possible for the materials obtained through Rule 45 subpoenas.  We do not know whether it is your position that we must provide Bates numbers for the materials upon which we may rely that are contained with the large volume of documents produced by Defendants, but, if so, we cannot agree to that request.

We are fine with the 500-word responses we both agreed to provide to Special Master Marion tomorrow, but we cannot agree to your suggested 100-word limitation for submitting future issues that arise under this agreement to the Special Masters.  In the event of a dispute, we will retain our rights to raise an issue or provide a defense to an issue raised by providing a 1400-word letter response to the Special Master as provided in paragraphs (5) and (6) of PTO 68.

Finally, our proposed changes to your proposed schedule are attached.

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

**From:** Paula Gibson
**Sent:** Wednesday, January 27, 2021 2:31:42 PM
**To:** Gilmore, Brian; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** Re: Generics MDL - Proposed Schedule

We are actually discussing your issues right now,and will respond to below ASAP.  Thank you for your patience.

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Wednesday, January 27, 2021 2:25:20 PM
**To:** Paula Gibson; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics MDL - Proposed Schedule

Natalie and Paula,

Defendants plan to submit to Special Master Marion the schedule we proposed to you on Friday, as he requested from the parties.  As I understand California's position, we are at impasse on two issues:

(1) whether California can refuse to collect or produce during fact discovery documents that it has identified in its disclosures as likely to be relied upon (e.g., Analysource/IQVIA data), unless and until your expert confirms that the documents will be relied upon; and

(2) whether the provisions in Defendants' proposed schedule beginning "Absent a showing of good cause…" are appropriate and necessary to ensure that California complies with the schedule.

As we discussed yesterday, please let me know whether California has any other objections to the proposed schedule; if not, I'd like to inform Special Master Marion that the two issues above are the only ones in dispute.

Also, I propose that we make simultaneous submissions to Special Master Marion at noon EST tomorrow (Thursday).  I did not understand Special Master Marion to be seeking additional briefing in support of the proposals he requested, so I'd propose limiting our submissions to 300 words or less, not including the text of any proposed schedule.  Please let me know if that all works for you.

Thanks,
Brian

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Tuesday, January 26, 2021 4:00 PM
**To:** Gilmore, Brian <BGilmore@wc.com>; Natalie Manzo <Natalie.Manzo@doj.ca.gov>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>

**Subject:** Re: Generics MDL - Proposed Schedule

Brian:

On January 26, 2020, California amended its' prior voluntary response with "PLAINTIFF STATE OF CALIFORNIA'S AMENDED VOLUNTARY RESPONSES TO SPECIAL MASTER MARION'S INFORMAL REPORT AND RECOMMENDATION DIRECTED TO THE STATE OF CONNECTICUT." We appreciate your offer to extend certain deadlines associated with our voluntary responses, but in light of the circumstances we do not believe your proposal is necessary. California has never waived such position and intends to comply with the court PTO 122 and exercise its other rights to discovery. Thus "the State of California has already "produce any and all aforementioned documents and data within its possession, custody, or control" as requested.

We have already produced documents to defendants and have We have already provided to defendants and have amended our responses to reflect additional information regarding these productions. In addition, you are seeking documents that the parties agreed, and the court ordered did not have to be produced at this time. PRETRIAL ORDER NO. 122 (STIPULATED ORDER REGARDING THE NON-DISCLOSURE OF CERTAIN INFORMATION REGARDING EXPERT WITNESSES) Contrary to your perception, we have not agreed to modify any of our rights. Defendants have not answered, depositions are just beginning in the case, and we are not approaching the fact discovery cut off.

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Tuesday, January 26, 2021 11:27 AM
**To:** Paula Gibson; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics MDL - Proposed Schedule

Thanks.  As discussed, please also provide your response to Defendants' proposed schedule prior to 1pm PST.

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Tuesday, January 26, 2021 1:58 PM
**To:** Gilmore, Brian <BGilmore@wc.com>; Natalie Manzo <Natalie.Manzo@doj.ca.gov>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule

Brian:

I still need Exhibit A to be attached (the list of subpoenas) and it hasn't been served yet. Talk
to you at 1:00 PST.

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Paula Gibson
**Sent:** Tuesday, January 26, 2021 10:13:40 AM
**To:** Gilmore, Brian; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** Re: Generics MDL - Proposed Schedule

We're finalizing documents and it will be sent shortly. ill send you a copy before i actually
serve it bevause i have to also update service list.

i appreciate your patience. Thanks.

Paula Lauren Gibson
Deputy Attorney General
State of California

Antitrust Law Section
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>

**Sent:** Tuesday, January 26, 2021 10:08:04 AM
**To:** Paula Gibson; Natalie Manzo
**Cc:** Annette Goode-Parker
**Subject:** RE: Generics MDL - Proposed Schedule

Natalie and Paula,

It was my understanding at the end of our call yesterday that you were going to send updated disclosures and a response to Defendants' proposed schedule yesterday, or this morning at the latest.  I realize it's still morning in California, but we're now less than 3 hours before our scheduled call to discuss what you were planning to send.

Could you please let me know when you expect to send that information, and whether we should reschedule today's call?

Thanks,
Brian

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Friday, January 22, 2021 5:46 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics MDL - Proposed Schedule

We will have to discuss California's concerns with your proposal on Monday, as I cannot agree to your proposal. In particular, we will be unable to subpoena documents from third parties including other plaintiff states, and are not mandated or required to do so by the Federal Rules of Civil Procedure.


Paula Lauren Gibson
Deputy Attorney General
State of California

Antitrust Law Section
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

On Jan 22, 2021, at 2:04 PM, Gilmore, Brian <BGilmore@wc.com> wrote:

Paula,

In advance of our call on Monday, below please find a proposed schedule as requested by Special Master Marion.  If you agree to the proposal, let me know and we can submit it to Special Master Marion ASAP.  Otherwise, we can discuss any issues you have with it on Monday.  Please note that references below to "documents" include data.

(1) **February 5, 2021** – California will disclose to Defendants whether the documents on which it will rely to prove its claims for relief are in its possession, custody, or control.

a.   If such documents have already been produced in the MDL, the disclosure will identify the documents by Bates number.

b.   If such documents have not been produced in the MDL but are in California's possession, custody, or control, the disclosure will identify those documents by source, and California will immediately begin producing them to Defendants.

c.   If such documents have not been produced in the MDL and are not in California's possession, custody, or control, the disclosure will identify those documents by source and identify the individuals or entities that have possession, custody, or control of each category of documents, and California will immediately begin serving document requests or Rule 45 subpoenas on those individuals and entities.

Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents not identified and disclosed to Defendants as required herein on or before February 5, 2021.  An expert's later request for additional documents or data shall not constitute good cause.

(2) **February 19, 2021** – Deadline for California to:

a.   produce any documents in its possession, custody, or control on which it will rely to prove its claims for relief (supra 1.b); and

b.   serve any document requests or Rule 45 subpoenas needed to secure the remaining documents on which California will rely to prove its claims for relief (supra 1.c).

Absent a showing of good cause, California will be precluded from relying upon—for

any purpose—any documents not either produced to Defendants (supra 2.a) or sought through a document request or Rule 45 subpoena (supra 2.b) as required herein on or before February 19, 2021.

> (3) **April 1, 2021** – Deadline for California to either (a) resolve any disputes concerning its document requests and Rule 45 subpoena or (b) submit those disputes to the Special Masters for resolution pursuant to PTO 68.

> (4) **May 1, 2021** – Deadline for California to produce to Defendants all documents received in response to any document request and Rule 45 subpoena.

> Absent a showing of good cause, California will be precluded from relying upon —for any purpose—any such documents not produced to Defendants as required herein on or before May 1, 2021.

If California believes that good cause exists for any extension of these deadlines, it shall promptly request such an extension from Defendants as soon as possible.  The parties shall meet-and-confer in good faith about any requested extension, but if agreement is not reached, California shall promptly submit to Special Master Marion a 100-word statement setting out the basis for its request, and Defendants shall submit a 100-word response on the following business day.

Thanks,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential

and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT "10"

## DEFENDANTS' PROPOSED SCHEDULE (REVISED):

All references to "documents" include data.

1) **February 5, 2021** – California will disclose to Defendants whether the documents on which it will rely to prove its claims for relief are in its possession, custody, or control.

   a. If such documents have already been produced in the MDL by Plaintiffs or third parties, the disclosure will identify the documents by Bates number.  California is not required to disclose by Bates number any documents produced by Defendants.

   b. If such documents have not been produced in the MDL but are in California's possession, custody, or control, the disclosure will identify those documents by source, and California will immediately begin producing them to Defendants.

   c. If such documents have not been produced in the MDL and are not in California's possession, custody, or control, the disclosure will identify those documents by source and identify the individuals or entities that have possession, custody, or control of each category of documents.  With regard to documents already sought through subpoenas served by other State Plaintiffs, the disclosure will also identify the date(s) on which the State Plaintiffs expect to receive the documents; if any of those date(s) are later than May 1, 2021 (*see infra* 4), California and Defendants will meet-and-confer about a reasonable extension of the production deadline for those documents.  With regard to any other outstanding documents, California will immediately begin serving document requests or Rule 45 subpoenas on those individuals and entities.

   Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents not identified and disclosed to Defendants as required herein on or before February 5, 2021.  An expert's later request for, or reliance on, additional documents or data shall not constitute good cause.

2) **February 19, 2021** – Deadline for California to:

   a. produce any documents in its possession, custody, or control on which it will rely to prove its claims for relief (*supra* 1.b); and

   b. serve any document requests or Rule 45 subpoenas needed to secure the remaining documents on which California will rely to prove its claims for relief (*supra* 1.c).

   Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents not either produced to Defendants (*supra* 2.a) or sought through a document request or Rule 45 subpoena (*supra* 2.b) as required herein on or before February 19, 2021.

3) **<u>April 1, 2021</u>** – Deadline for California to either (a) resolve any disputes concerning its document requests and Rule 45 subpoenas or (b) submit those disputes to the Special Masters for resolution pursuant to PTO 68.

4) **<u>May 1, 2021</u>** – Deadline for California to produce to Defendants all documents received in response to any document request and Rule 45 subpoena.

   Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any such documents not produced to Defendants as required herein on or before May 1, 2021.

If California believes that good cause exists for any extension of these deadlines, it shall promptly request such an extension from Defendants as soon as possible.  The parties shall meet-and-confer in good faith about any requested extension, but if agreement is not reached, the parties shall promptly submit the dispute to Special Master Marion.

# EXHIBIT "11"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724 16-MD-2724 HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | |

**[PROPOSED] ORDER GRANTING CERTAIN DEFENDANTS'
MOTION TO COMPEL CALIFORNIA**

**AND NOW**, this _____ day of _____, 2021, upon consideration of Certain

Defendants' Motion to Compel California, and any responses and replies thereto, it is hereby

**ORDERED** that the Motion is **GRANTED**.  It is further **ORDERED** that:

1.   The attached Proposed Schedule submitted by Defendants is adopted in its entirety.

With regard to any deadlines that have already passed, California shall promptly comply, and in

no event later than fourteen (14) days after the date of this Order.

2.   Consistent with the Federal Rules, California shall produce before the close of fact

discovery, according to the deadlines herein, all factual information on which it will rely to support

its claims for relief, not including any factual information that is created in preparing its expert

report(s) ("Factual Information").  Any request by California to rely upon Factual Information that

is not timely produced shall be governed Rule 16(b)(4)'s "good cause" standard.

3.   California's failure to meet or even seek extension of its agreed November 16, 2020

production deadline—and the frivolous and constantly changing positions it has taken in opposing

Defendants' motion to compel—warrant the imposition of sanctions.  California shall reimburse

Defendant Par Pharmaceutical, Inc. ("Par") for the reasonable attorney's fees and costs incurred by Par in connection with this Motion to Compel.

It is so **ORDERED.**

**BY THE COURT:**

_____
**HON. CYNTHIA M. RUFE**

**DEFENDANTS' PROPOSED SCHEDULE:**

All references to "documents" include data.

1) **February 5, 2021** – California will disclose to Defendants whether the documents on which it will rely to prove its claims for relief are in its possession, custody, or control.

   a. If such documents have already been produced in the MDL by Plaintiffs or third parties, the disclosure will identify the documents by Bates number.  California is not required to disclose by Bates number any documents produced by Defendants.

   b. If such documents have not been produced in the MDL but are in California's possession, custody, or control, the disclosure will identify those documents by source, and California will immediately begin producing them to Defendants.

   c. If such documents have not been produced in the MDL and are not in California's possession, custody, or control, the disclosure will identify those documents by source and identify the individuals or entities that have possession, custody, or control of each category of documents.  With regard to documents already sought through subpoenas served by other State Plaintiffs, the disclosure will also identify the date(s) on which the State Plaintiffs expect to receive the documents; if any of those date(s) are later than May 1, 2021 (*see infra* 4), California and Defendants will meet-and-confer about a reasonable extension of the production deadline for those documents.  With regard to any other outstanding documents, California will immediately begin serving document requests or Rule 45 subpoenas on those individuals and entities.

   Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents not identified and disclosed to Defendants as required herein on or before February 5, 2021.

2) **February 19, 2021** – Deadline for California to:

   a. produce any documents in its possession, custody, or control on which it will rely to prove its claims for relief (*supra* 1.b); and

   b. serve any document requests or Rule 45 subpoenas needed to secure the remaining documents on which California will rely to prove its claims for relief (*supra* 1.c).

   Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents not either produced to Defendants (*supra* 2.a) or sought through a document request or Rule 45 subpoena (*supra* 2.b) as required herein on or before February 19, 2021.

3) **<u>April 1, 2021</u>** – Deadline for California to either (a) resolve any disputes concerning its document requests and Rule 45 subpoenas or (b) submit those disputes to the Special Masters for resolution pursuant to PTO 68.

4) **<u>May 1, 2021</u>** – Deadline for California to produce to Defendants all documents received in response to any document request and Rule 45 subpoena.

Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any such documents not produced to Defendants as required herein on or before May 1, 2021.

If California believes that good cause exists for any extension of these deadlines, it shall promptly request such an extension from Defendants as soon as possible.  The parties shall meet-and-confer in good faith about any requested extension, but if agreement is not reached, the parties shall promptly submit the dispute to Special Master Marion.

# EXHIBIT "12"

California ~~counter~~proposes the following changes to Defendants' Proposed  Schedule received on January 25, 2021 and amends our prior submission on January 28, 2021:

Please note that references below to "documents" include structured and unstructured data.  This schedule or agreement does not cover ~~materials~~documents that are the subject of Rule 45 subpoenas ~~that have already been served by the State Plaintiffs~~, which are governed by separate ~~deadlines, nor does it cover materials that are properly part of expert discovery.~~negotiations and deadlines, documents not yet produced in the MDL by any party or non-party other than California, or expert discovery.

(1)    February 5, 2021 – California will disclose to Defendants ~~whether~~the sources of documents on which it will rely to prove its claims for relief that are in its possession, custody, or control.

a.      If such documents have not been produced in the MDL but are in California's possession, custody, or control, the disclosure will identify those documents by source, and California will immediately begin producing them to Defendants except as otherwise set forth in this Proposed Order.

b.      If such documents have not been ~~produced~~requested either through party discovery or Rule 45 subpoenas in the MDL and are not in California's possession, custody, or control, the disclosure will identify those documents by source and identify the individuals or entities that have possession, custody, or control of each category of documents ~~and California will immediately begin serving~~that California plans to secure on its own outside of the MDL discovery process.  California may serve document requests or Rule 45 subpoenas on those individuals and entities.~~Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents~~ to the extent those documents are not covered by MDL discovery that has been served or is served by any party or nonparty aside from California through the MDL discovery process.

Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents currently within its possession, custody and control not identified and disclosed to Defendants as required herein on or before February 5, ~~2021.~~2021 except as otherwise set forth in this Proposed Order.

(2)    February 19, 2021 – Deadline for California to:

a.      produce any documents in its possession, custody, or control on which it will rely to prove its claims for relief ~~(supra 1.b); and b.       serve any~~to the extent that such documents were obtained independently by California outside of the MDL process (supra 1.a); and

b.      begin serving document requests or Rule 45 subpoenas ~~needed to secure the remaining documents on which California will rely to prove its claims for relief (supra 1.c).~~

~~Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any documents not either produced to Defendants (supra 2.a) or sought through a document request or Rule 45 subpoena (supra 2.b) as required herein on or before February 19, 2021.~~

(3)   April 1, 2021 — Deadline for California to either (a) resolve any disputes concerning its document requests and Rule 45 subpoenas or (b) submit those disputes to the Special Masters for resolution pursuant to PTO 68.

(4)   May 1, 2021 — Deadline for California to produce to Defendants all documents received in response to any document request and Rule 45 subpoena.

as stated supra, paragraph 1b. to the extent that California chooses to serve its own document requests or subpoena requests outside of the MDL processes.

Absent a showing of good cause, California will be precluded from relying upon—for any purpose—any such documents not produced to Defendants as required herein on or before May 1, 2021. documents not either produced to Defendants (supra 2.a) or sought through a document request or Rule 45 subpoena (supra 2.b) as required herein.  Notwithstanding any provisions herein, California will not be precluded from relying upon any documents produced into the MDL by any other party or non-party through the MDL discovery process and the various PTOs.  Documents already available to Defendants through production or reciprocal discovery production obligations need not be re-produced.

If California believes that good cause exists for any extension of these deadlines, it shall promptly request such an extension from Defendants as soon as possible.  The parties shall meet-and-confer in good faith about any requested extension, but if agreement is not reached, California shall promptly submitapply to Special Master Marion a 1400-word statement setting out the basis for its request, and Defendants shall submit a 1400-word response on the following business day.  as provided by PTO 68.

# EXHIBIT "13"

LAW OFFICES

## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

BRIAN T. GILMORE
(202) 434-5707
bgilmore@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 8, 2021

**By Email**

David H. Marion, Esq.
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395

Dear Special Master Marion:

The States' February 3rd letter brief ("Letter" or "Br.") illustrates why intervention by non-parties to a dispute—who have not been directly involved and are unfamiliar with its contours—is typically unhelpful. The States misconstrue Defendants' positions, misread PTO 122 and relevant case law, raise issues not in dispute, and seek to complicate a straightforward dispute about California's discovery failures.

California's proposed order illustrates why sanctions are warranted. With no explanation, California now rewrites the schedule *it proposed just six days earlier*, including omitting previously agreed deadlines and inserting significant new loopholes. The additional briefing requested by the other States was intended to allow those States to (again) "be heard," not to give California license to take new positions or raise new disputes. This refusal to abide by previous discovery agreements is exactly why we are here in the first place: California's failure to meet its agreed November 16th production deadline, a fact the States tellingly ignore.

## I.  PTO 122 Does Not Allow the States to Withhold Relevant Factual Information Until Expert Discovery.

The States have now "intervened" in Defendants' motion to compel California, claiming Defendants are somehow seeking to "violate" PTO 122 by seeking "premature expert discovery." Br. at 2-3. In fact, Defendants do not seek a preview of the opinions of California's (or any other States') experts, but rather the timely production of the documents and data upon which the States will rely to attempt to prove their claims. The latter does not constitute expert discovery, nor does it implicate PTO 122.

By way of background, on November 16, 2020, the States served disclosures (the "Disclosures") pursuant to your June 1, 2020 recommendation (the "Recommendation")

WILLIAMS & CONNOLLY LLP

Special Master David H. Marion
February 8, 2021
Page 2

concerning the motion to compel Connecticut.[1] Many States offered the same boilerplate assertion: "As expert discovery has yet to commence, [State] is unable to ascertain with certainty the precise documents that will be relied upon by its experts to support its theories of recovery. . . . [State] reserves the right to supplement this list as additional information is identified and collected." By letter dated December 12, 2020, Defendants took issue with this broad reservation of rights. Defendants' position is ably summed up by your January 30, 2021 email: "[E]very plaintiff is obliged to inform the Def[endan]ts of the documents and witnesses upon which it will rely to prove its allegations," and "these obligations are part of fact discovery, and ***cannot be postponed to the period for expert discovery***" (emphasis added).

Courts have consistently rejected similar attempts to "elide[] the distinction between fact discovery and expert discovery" by contending that factual information may be withheld during fact discovery just because an expert may rely on it. *United States v. N.E. Med. Servs.*, 2014 WL 7208627, at *5 (N.D. Cal. Dec. 17, 2014). Rather, "[d]ocuments that have a direct bearing on the factual disputes in the case are the subject of fact discovery, which often (as here) concludes before expert discovery[.]" *Id.*; *see Finjan, LLC v. Qualys Inc.*, 2020 WL 6581836, at *1 (N.D. Cal. Nov. 10, 2020) ("The question does not seem close. Inspecting your opponent's materials or obtaining or accessing data or information is fact discovery. It is explicitly governed by Federal Rule of Civil Procedure 34 . . . Just because you want access to materials for the purpose of enabling your expert to conduct an analysis and write a report doesn't mean you're asking for expert discovery.").[2] This is consistent with your Recommendation, which stated that "defendants should [not] be made to wait for expert discovery to obtain clearly discoverable information" because "expert testimony will be based on documents and data obtained during fact discovery."

In their Letter, the States offer *no* authority holding otherwise. In fact, they concede that "pre-existing factual information cannot be withheld under PTO 122 simply because an expert may later rely upon it." Br. at 2. That concession is dispositive: Defendants seek nothing more at this time than "pre-existing factual information," like the relevant IQVIA and Analysource data sets on which the States claim they will rely. Each of the States' contrary arguments is meritless.

*First*, the States assert that, by seeking discovery of the data upon which the States will rely, Defendants would "violate" or "overturn PTO 122" by seeking premature expert discovery. Br. at 2. Not so. Nowhere does PTO 122 purport to displace the longstanding distinction between fact and expert discovery, or permit withholding factual information until the PTO 122 deadline.

---

[1] Nearly every State agreed to comply with the disclosure provisions of the Recommendation.

[2] *See also City of Almaty v. Ablyazov*, 2019 WL 275701, at *2 (S.D.N.Y. Jan. 22, 2019) ("Expert discovery is narrowly construed to include the disclosure of experts and their reports, rather than the documents that could form the basis of an expert's report in the future . . . [otherwise], it would mean that fact discovery could continue long after the close of fact discovery, so long as such discovery were made for purposes of developing expert reports"); *Henry v. Quicken Loans Inc.*, 2008 WL 4735228, at *6 (E.D. Mich. Oct. 15, 2008) ("[B]ased on the design of the Federal Rules of Civil Procedure, there is an apparent presumption that data for an expert report should be gathered during fact discovery"); *Gore v. 3M Co.*, 2017 WL 5076021, at *1–*3 (E.D.N.C. Nov. 3, 2017).

WILLIAMS & CONNOLLY LLP

Special Master David H. Marion
February 8, 2021
Page 3

Rather, that deadline is simply a backstop to ensure that any remaining documents or data are immediately produced. Nevertheless, the States claim that because paragraph 3 provides that "Bates-numbered documents previously produced in this MDL and documents that are publicly available need not be produced," it somehow licenses them to withhold factual information until the parties serve their expert reports. Br. at 2, 4. But Paragraph 3 concerns primarily the production of "data, spreadsheets (including formulas embedded in spreadsheet cells), statistical analyses, regression analyses, input and output files, computer code." In other words, the States cite a paragraph concerning documents *created in preparing an expert report*, not the already-existing documents and data that Defendants seek. The latter is squarely within the realm of fact discovery.

*Second*, the States claim that the relief Defendants seek would "foreclose the States from the right to rely on any additional factual discovery." Br. at 1 n.1. That is also not true. Defendants' proposed order—like both previously submitted proposed schedules—permits untimely disclosure for "good cause." Those good-cause provisions, which track Rule 16 and which the States ignore, strike a reasonable and workable balance to ensure that factual material is produced during fact discovery, while leaving open the possibility that additional material could later be relied upon. *See* Fed. R. Civ. P. 16(b)(4) (allowing modification of discovery schedule for "good cause"); *Gore*, 2017 WL 5076021, at *1 ("'Good cause' requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence[.]" (cleaned up)).

*Third*, the States argue that the discovery Defendants seek would lead to the "unworkable" result that parties could seek discovery of experts' files prior to expert discovery, when it is not "practical, or even possible" to determine what information their experts will use. Br. at 2. This is more misdirection. Defendants seek only the discovery of relevant factual information in the States' possession, and as the States concede, *id.*, the fact that such materials are provided to an expert does not transform them into "expert discovery." More fundamentally, the States have been litigating these cases for more than four years, so it is hardly premature to require them to disclose the information on which they will rely. While the States complain that the discovery requests are "premature" because they are akin to contention interrogatories, *id.* at 3, they neglect to mention that they recently served contention interrogatories on all Defendants. Absent the States withdrawing those contention interrogatories, their argument here should be rejected. Nor are Defendants seeking "work product." *Id.* at 2. If documents and data underlying damages claims were work product, then Rule 26(a)(1)(A)—which provides for the early production of information that a party "may use to support its claims" and that supports its "computation of each category of damages"—would conflict with the work product doctrine.

*Fourth*, in their Disclosures, the States represented that among the sources of data they intend to rely upon would be "structured data purchased from IQVIA . . . [and] Analysource." Certain States, including California, went so far as to add that data "from IQVIA and Analysource[] are available to Defendants commercially." The States claim that they need not produce IQVIA and Analysource data because requiring them to do so would supposedly be akin to requiring them to "produce entire contents of their legal research databases such as Westlaw or

WILLIAMS & CONNOLLY LLP

Special Master David H. Marion
February 8, 2021
Page 4

Lexis." Br. at 3. That again misconstrues what Defendants seek, which is not access to entire databases, but rather the *specific sets of data* upon which the States intend to base their claims for monetary relief. The States' entire argument—that IQVIA and Analysource data do not qualify as "pre-existing factual information," which they admit must be produced during fact discovery— rests on this faulty premise. *See* Br. at 2. For the same reason, it is irrelevant that Defendants can (or do) subscribe to those databases. This is because Defendants are entitled to know, and receive production of, the relevant data sets from those sources that the States will rely upon.[3] Because the States admit this data has already been purchased and is thus in their possession, Br. at 3, they should produce the relevant data sets now.

## II.   California's Discovery Failures Make Defendants' Proposed Schedule Necessary.

As discussed in my January 28th email, California raised three disputes concerning Defendants' proposed schedule: (1) the proper scope of expert discovery, (2) whether outstanding Rule 45 subpoenas should be subject to the schedule, and (3) a Bates-number disclosure requirement to which California had already agreed. Only the expert discovery issue impacts other States. *See supra* Part I. The latter two issues are California-specific, intended to ensure that California finally does the necessary legwork to determine what documents and data it will rely upon to support its claims. *See* Defs.' 1/28/21 5:25pm Email to D. Marion.[4]

The States fail to address this remedial need in their objections to the proposed Bates-number requirement. Indeed, the States' Letter does not acknowledge at all the *reason* for having a schedule in the first place: California's failure to meet the November 16th deadline. The States also fail to acknowledge that California had already agreed to the Bates-number requirement, before reversing course at the last second. *Id.* And the States ignore Defendants' "good cause" provision, which would allow California to rely on documents not identified by Bates number if circumstances so warrant. Instead, they attack a straw man, claiming it would be "absurd to comply" with the requirement when documents are still being produced, Br. at 4, even though the requirement only applies to Plaintiff and third-party documents that "have already been produced," Defs.' Proposed Schedule § 1(a). Finally, although PTO 122 establishes a similar Bates-number requirement during expert discovery, Br. at 4, it does not preclude the imposition of *additional* requirements on a party that has so persistently and willfully ignored its discovery obligations.

## III.   California's Proposed Order Shows Why Sanctions Are Warranted.

California's proposed order is a drastic overhaul of the proposed schedule it submitted just six days earlier. California makes no effort to justify its ever-shifting positions, or its failure to take those positions by the January 28th deadline. Defendants did not understand your request for

---

[3] The States' argument is also misleading because it ignores that purchasers of this data (including Defendants) are typically limited in who can access the data and how it can be used.

[4] As such, the States' arguments about the application of the proposed Bates-number requirement to other States is misplaced. *See* Br. at 4 & n.4. Defendants do not seek to impose such a requirement on other States.

WILLIAMS & CONNOLLY LLP

Special Master David H. Marion
February 8, 2021
Page 5

a proposed order to be an invitation for either party to take new positions that have not been discussed, let alone briefed. California's proposed order should be rejected as untimely and unjustified, and it should instead be a basis for sanctions.

For example, without a word of explanation, its proposed order would relieve California of its previously agreed obligations to: (1) resolve any discovery disputes or submit them for resolution by April 1st; and (2) produce any remaining documents by May 1st. *Compare* CA 1/28/21 Proposed Schedule §§ 3-4, *with* CA Proposed Order. It also changes a previously agreed deadline to serve any subpoenas and document requests into a deadline to "begin" doing so. CA Proposed Order § 2(b). California waters down its previously agreed disclosure requirements, such that it would be not precluded from relying on documents it failed to disclose unless they are "currently within [California's] possession." *Compare* CA 1/28/21 Proposed Schedule § 1, *with* CA Proposed Order § 1. Its February 5th disclosure confirms as much, covering only documents within its possession and making a non-binding assertion that it has no current "plans to" seek other documents. To that end, its proposal inserts a broad new loophole that it "will not be precluded from relying on any documents produced . . . by any other party or non-party," *for any reason*. CA Proposed Order § 2. Thus, if in two years California were to finally serve a subpoena, it would be able to rely on the documents produced in response. *See id.* This is pure gamesmanship.

As you noted during oral argument, California's failure to meet its agreed November 16th production deadline was "irresponsible," and courts have imposed sanctions under similar circumstances. Defendants had not sought sanctions at that time, but California's conduct since oral argument demonstrates that sanctions are necessary. Reneging on the proposed agreement California submitted to you on January 28th is just the latest example of its litigation misconduct. *See, e.g.*, Defs.' 1/28/21 2:55pm Email to D. Marion; Defs.' 2/3/21 11:10am Email to D. Marion.[5]

## CONCLUSION

The States claim that California is not "hiding the ball" because "California does not even have the ball." Br. at 4. This unintentionally gets to the heart of this dispute: at this late date, California needs to pick the ball up and advance it significantly. Because it continues to refuse to do so, Defendants respectfully request a recommendation adopting Defendants' proposed order.

Respectfully submitted,

Brian T. Gilmore

---

[5] Sanctions are only being sought on behalf of Par, which has shouldered much of the burden litigating this dispute.

# EXHIBIT "14"

| | |
|---|---|
| **From:** | Marion, David |
| **To:** | Gilmore, Brian |
| **Cc:** | Natalie Manzo; bmerenstein@schnader.com; Birch, Morgan; "MDL2724AllDeftsService@pepperlaw.com"; "MDL2724plaintiffsleadsetc@ag.ny.gov"; Annette Goode-Parker; Paula Gibson |
| **Subject:** | RE: Generics Pricing MDL - CA REQUEST FOR CLARIFICATION OF 5TH REPORT & RECOMMENDATION |
| **Date:** | Tuesday, February 23, 2021 12:49:12 PM |

Brian,

I was trying to give the Calif. AGO every opportunity to get in compliance, but I can't dispute your description of the reality of this situation.

    David

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Date:** Tuesday, Feb 23, 2021, 10:43 AM
**To:** Marion, David <Mariond@whiteandwilliams.com>
**Cc:** Natalie Manzo <Natalie.Manzo@doj.ca.gov>, bmerenstein@schnader.com
<bmerenstein@schnader.com>, Birch, Morgan <Birchm@whiteandwilliams.com>,
'MDL2724AllDeftsService@pepperlaw.com' <MDL2724AllDeftsService@pepperlaw.com>,
'MDL2724plaintiffsleadsetc@ag.ny.gov' <MDL2724plaintiffsleadsetc@ag.ny.gov>, Annette Goode-Parker
<Annette.GoodeParker@doj.ca.gov>, Paula Gibson <Paula.Gibson@doj.ca.gov>
**Subject:** RE: Generics Pricing MDL - CA REQUEST FOR CLARIFICATION OF 5TH REPORT & RECOMMENDATION

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Dear Special Master Marion,

Under PTO 49, the deadline for any objections to your Recommendation from "[a]ny party or affected non-party" was yesterday, which was 14 calendar days from the date the Recommendation was filed with the Court.  California has been aware of Defendants' position—that the Recommendation does not need clarification, and that California's request serves no purpose but delay—since receiving my February 14th email.  Defendants also urged California twice to stop delaying and either accept or object to the Recommendation, which was intended to "accelerate the steps toward a rapid resolution of this matter."  Rather than doing so, California has spent the last nine days composing two emails: one to Defendants on February 16th seeking unnecessary confirmation of the positions set forth in our February 14th email, and one to you last night seeking further guidance, without identifying the areas that it still believes need clarification.  During that time, the February 16th deadline in your Recommendation lapsed, the February 23rd deadline in your Recommendation will lapse today, and as discussed, the February 22nd deadline for objections to the Recommendation also lapsed.  California's attempts to delay resolution of this dispute have been willful and, to date, successful.

The Recommendation should now be adopted and entered by the Court as unopposed.  PTO 49 at 3 ("If no objections are timely filed, the Recommendation will be deemed to be accepted by all parties and affected non-parties, and the Court will enter an appropriate Order.").

Best wishes,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

**From:** Marion, David <Mariond@whiteandwilliams.com>
**Sent:** Monday, February 22, 2021 10:48 PM
**To:** Paula Gibson <Paula.Gibson@doj.ca.gov>; Gilmore, Brian <BGilmore@wc.com>
**Cc:** Natalie Manzo <Natalie.Manzo@doj.ca.gov>; bmerenstein@schnader.com; Birch, Morgan <Birchm@whiteandwilliams.com>; 'MDL2724AllDeftsService@pepperlaw.com' <MDL2724AllDeftsService@pepperlaw.com>; 'MDL2724plaintiffsleadsetc@ag.ny.gov' <MDL2724plaintiffsleadsetc@ag.ny.gov>; Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>
**Subject:** RE: Generics Pricing MDL - CA REQUEST FOR CLARIFICATION OF 5TH REPORT & RECOMMENDATION

Dear Ms. Gibson,

Since you were unable to reach a joint statement, please submit within two days your statement, first setting forth in quotes the exact language of my R&R that you claim is unclear; and next setting  forth thereunder —NOT your interpretation or understanding of it, but how you would propose to rewrite it to make it clearer. After giving Mr Gilmore an opportunity within two days to contest  your rewrites , I will then respond  to your proposed rewrite.

Thanks.

David

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Date:** Monday, Feb 22, 2021, 7:50 PM
**To:** Marion, David <Mariond@whiteandwilliams.com>, Gilmore, Brian <BGilmore@wc.com>
**Cc:** Natalie Manzo <Natalie.Manzo@doj.ca.gov>, bmerenstein@schnader.com
<bmerenstein@schnader.com>, Birch, Morgan <Birchm@whiteandwilliams.com>,

'MDL2724AllDeftsService@pepperlaw.com' <MDL2724AllDeftsService@pepperlaw.com>,
'MDL2724plaintiffsleadsetc@ag.ny.gov' <MDL2724plaintiffsleadsetc@ag.ny.gov>, Annette Goode-Parker
<Annette.GoodeParker@doj.ca.gov>
**Subject:** Re: Generics Pricing MDL - CA REQUEST FOR CLARIFICATION OF 5TH REPORT &
RECOMMENDATION

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking
links or responding to requests for information.

Dear Special Marion Marion:

As you suggested, California reached out to defendants via Mr. Gilmore and suggested that we
meet and confer regarding our request for clarification of your 5th Report &
Recommendation. Mr. Gilmore declined our invitation (see below). We are thus unable to
submit the joint statement you suggested. Unless you are inclined to provide any clarification
in the absence of a joint statement from the parties, we will seek consideration from Judge
Rufe.

Very truly yours,

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Thursday, February 18, 2021 6:03 AM
**To:** Paula Gibson
**Cc:** Natalie Manzo
**Subject:** RE: Generics Pricing MDL - CA REQUEST FOR CLARIFICATION OF 5TH REPORT &
RECOMMENDATION

Paula,

As I explained on Sunday, Defendants' position is that the meaning of Special Master Marion's
Recommendation is obvious to everyone involved, and that California's "request for clarification"
serves no purpose but to cause further delay.  To that end, it has now been ten days since the
Recommendation was filed, and California has already allowed one of the deadlines in the
Recommendation to lapse.

My previous email addressed not only the IQVIA/Analysource issue, but also the issues about California's obligations and the dispute resolution process under the Recommendation.  Defendants do not see the relevance of your question concerning contention interrogatories, which were not addressed in the Recommendation and have nothing to do with California's failure to abide by its document production obligations.  Meeting-and-conferring about any of these issues will not advance this dispute toward resolution.

Again, California should stop delaying and either accept or object to the Recommendation.  Because Defendants do not think clarification is necessary, we decline to participate in any joint request for clarification.

Regards,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Sent:** Tuesday, February 16, 2021 10:50 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Cc:** Natalie Manzo <Natalie.Manzo@doj.ca.gov>
**Subject:** Re: Generics Pricing MDL - CA REQUEST FOR CLARIFICATION OF 5TH REPORT & RECOMMENDATION

Brian,

Thank you for explaining Defendants' reading of Special Master Marion's Recommendation with respect to the Analysource and IQVIA data.

From your email below, it is our understanding that Defendants do not wish meet and confer to discuss the remaining three items identified in our February 12 Request for Clarification.  If this understanding is correct, please let us know if Defendants are willing to submit a joint statement on these issues to Special Master Marion as proposed in his February 13 email to the parties.

Paula Lauren Gibson
Deputy Attorney General
State of California

Antitrust Law Section
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Sunday, February 14, 2021 10:07:39 AM
**To:** Paula Gibson
**Cc:** Natalie Manzo
**Subject:** RE: Generics Pricing MDL - CA REQUEST FOR CLARIFICATION OF 5TH REPORT & RECOMMENDATION

Paula,

Defendants agree with Special Master Marion that his Recommendation speaks for itself. California's "request for clarification" reads more like an objection, which California is of course entitled to file with the Court. Because the Recommendation was intended to "accelerate the steps toward a rapid resolution of this matter," Defendants do not intend to further delay resolution by debating with you the Recommendation's meaning.

Under the Recommendation, California would be required to produce by February 16th, or at the latest February 23rd, all documents and data on which it will rely to support its claims. That of course includes any Analysource and IQVIA data, which was the subject of extensive briefing. Special Master Marion rejected the arguments advanced by California, the other States, the DPPs, and EPPs, finding that "P.T.O. 122 is not governing or even implicated in this dispute," and that California's obligations to produce this data and any other factual information on which it will rely "are part of fact discovery and cannot be postponed until the phase of expert witness discovery." And Paragraphs 2) and 3) of Special Master Marion's recommended Order expressly set forth the process for resolving deficiencies with California's disclosures and production.

California should dispense with any further delay and either accept or object to the Recommendation.

Regards,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

**From:** Marion, David <Mariond@whiteandwilliams.com>
**Sent:** Saturday, February 13, 2021 5:36 PM
**To:** Paula Gibson <Paula.Gibson@doj.ca.gov>; Gilmore, Brian <BGilmore@wc.com>
**Cc:** Birch, Morgan <Birchm@whiteandwilliams.com>; bmerenstein@schnader.com; 'MDL2724plaintiffsleadsetc@ag.ny.gov' <MDL2724plaintiffsleadsetc@ag.ny.gov>; 'MDL2724AllDeftsService@pepperlaw.com' <MDL2724AllDeftsService@pepperlaw.com>; Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>; Natalie Manzo <Natalie.Manzo@doj.ca.gov>
**Subject:** RE: Generics Pricing MDL - CA REQUEST FOR CLARIFICATION OF 5TH REPORT &

RECOMMENDATION

Dear Ms. Gibson,

I believe my recommendation is clear and concise, it has been filed and docketed with the Court, and I would respectfully suggest that you discuss your concerns with opposing counsel and see if they can be resolved. If opposing counsel disagrees with any of your "understandings", perhaps you can at least send me  a joint statement of the differences and the issues they present for my further consideration.

Thanks.

David
Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Paula Gibson <Paula.Gibson@doj.ca.gov>
**Date:** Friday, Feb 12, 2021, 5:26 PM
**To:** Gilmore, Brian <BGilmore@wc.com>, Marion, David <Mariond@whiteandwilliams.com>
**Cc:** Birch, Morgan <Birchm@whiteandwilliams.com>, bmerenstein@schnader.com <bmerenstein@schnader.com>, 'MDL2724plaintiffsleadsetc@ag.ny.gov' <MDL2724plaintiffsleadsetc@ag.ny.gov>, 'MDL2724AllDeftsService@pepperlaw.com' <MDL2724AllDeftsService@pepperlaw.com>, Annette Goode-Parker <Annette.GoodeParker@doj.ca.gov>, Natalie Manzo <Natalie.Manzo@doj.ca.gov>
**Subject:** Generics Pricing MDL - CA REQUEST FOR CLARIFICATION OF 5TH REPORT & RECOMMENDATION

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Dear Special Master Marion:

Please see attached.

**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

# EXHIBIT "15"

| From: | Paula Gibson |
|---|---|
| To: | Gilmore, Brian |
| Cc: | mariond@whiteandwilliams.com; Birch, Morgan; "MDL2724plaintiffsleadsetc@ag.ny.gov"; "MDL2724AllDeftsService@pepperlaw.com"; Natalie Manzo; Annette Goode-Parker; Emilio Varanini |
| Subject: | Plaintiff's California's Response to Fifth Report & Recommendation |
| Date: | Thursday, February 25, 2021 3:36:24 PM |
| Attachments: | California Voluntary Amended Response 01282021.pdf<br>CA February 5th Responses.pdf |

Dear Brian:

Plaintiff California responds as follows:

As required under the proposed order contained in the Fifth Report & Recommendation, as clarified by Special Master Marion's February 25 email, Plaintiff State of California confirms that its disclosure of all documents and information reasonably requested by defendants is identical to the information disclosed in its Amended Voluntary Responses dated January 26th and then further supplemented by California in its February 5th email to Defendants (See attached).

Per the Fifth Report & Recommendation we are available tomorrow to discuss our disclosures.

Very truly yours,


**Paula Lauren Gibson**
Deputy Attorney General
State of California

*Antitrust Law Section*
http://oag.ca.gov/antitrust
300 S. Spring Street, Suite 1720
Los Angeles, CA  90013
213-269-6040 phone
213-897-2801 fax

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT "16"

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

BRIAN T. GILMORE
(202) 434-5707
bgilmore@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 5, 2021

**By Email**

Paula Lauren Gibson
Deputy Attorney General, State of California
Antitrust Law Section
300 S. Spring Street, Suite 1720
Los Angeles, CA 90013

> Re:   *In re: Generic Pharmaceuticals Pricing Antitrust Litigation,* 16-MD-2724

Dear Paula:

Pursuant to Special Master Marion's Fifth Report and Recommendation (the "Recommendation"), Defendants provide notice of the following deficiencies in California's February 25, 2021 disclosure (the "Disclosure"). Please note that although Judge Rufe's Order adopting the Recommendation establishes a March 15th deadline for this notice, Defendants have worked hard to provide it to you much sooner, in an effort to advance this dispute more quickly toward resolution. In light of California's repeated delays throughout this process, Defendants request that California make a similar effort to respond to this notice prior to the Recommendation's deadline.

## I.     Deficiency 1: Failure to Produce *Any* Additional Documents

In the nearly two months since Defendants' motion to compel California was filed on January 8th, California has not produced a single document. Thus, the only documents produced in the MDL that could even arguably be credited to California remain two spreadsheets of California Medicaid data, which were part of a production made by the State AGs collectively last year. GENERICS-ALL-000000100–101.

The Recommendation required California to "confirm that it has made a good faith disclosure of all documents and information reasonably requested by defendants." Order [Dkt. 1698] ¶ 1. In the context of this discovery dispute concerning California's failure to meet its agreed production deadline, "disclosure" plainly means the *production* of the requested "documents and information," not just their identification. *See id.* ¶ 3 (allowing an application for sanctions related to "any unproduced documents"). *Cf.* Fed. R. Civ. P. 26(a) (requiring, as part of initial "disclosures," the provision of both information and documents to the opposing party). In its

WILLIAMS & CONNOLLY LLP

Paula Lauren Gibson
March 5, 2021
Page 2

February 5th Responses, which are incorporated in the Disclosure, California suggests that it does not have any additional, unproduced documents in its possession, custody, or control on which it intends to rely in support of its claims. Leaving aside for the moment that this is inaccurate (*see infra* Part II), California should confirm that it is not withholding any documents based on the Recommendation's use of the word "disclosure." Put differently, to the extent California construes "good faith disclosure" to mean that California only needs to identify documents to Defendants, but is not required to produce those documents, it is mistaken.

Defendants intend to request that California be precluded from relying on any documents that it may attempt to produce after the ten-day cure period.[1] *See* Order ¶¶ 2–3. Based on the representations in the Disclosure—that California is not aware of any additional documents on which it will rely that it has yet to produce—California should have no objection to Defendants' request. However, if California's representations were inaccurate or made without adequate investigation, then it should cure those deficiencies and produce any remaining documents within the next ten days, and at the latest by March 15th.

## II.    Deficiency 2: Failure to Produce IQVIA and Analysource Data

In its January 28th Amended Response, which is incorporated in the Disclosure, California acknowledges that it will likely rely upon IQVIA and Analysource data to support its claims. This data is in California's possession. *See* States' 2/3/21 Ltr. to Special Master Marion at 3 (acknowledging the States have already "paid for access" to the databases). To date, however, California has not produced any such data.

In their February 3rd Letter, the States contended that the IQVIA and Analysource data is "not part of fact discovery" and could instead be withheld until the expert discovery deadline, a contention California also advanced in its January 28th Amended Response. The Recommendation, of course, rejected that contention. Recommendation at 2 (rejecting Plaintiffs' argument that requiring production of the data would violate PTO 122, and finding that a party's obligations to identify and produce the documents on which it will rely are "part of fact discovery").

California's only remaining objection is that the data "can be purchased from private companies," and thus California need not produce it. *See* P. Gibson 2/24/21 Email to Special Master Marion. This is a red herring. The mere fact that Defendants can purchase a license to access the database as a whole would not provide us the *specific, relevant sets of data* we have requested, because only California knows the identity of the data sets on which it will rely. More fundamentally, the Federal Rules do not require a party to purchase a license to access relevant information that is already in the possession of the opposing party. To the contrary, the fact that

---

[1] As Defendants have previously made clear, nothing herein is intended to affect California's ability to seek the Court's consent to make untimely discovery requests or productions upon a showing of good cause. Fed. R. Civ. P. 16(b)(4).

WILLIAMS & CONNOLLY LLP

Paula Lauren Gibson
March 5, 2021
Page 3

California already has access to the data means it should produce the data.  *See* Fed. R. Civ. P. 26(b)(1) (considering the "parties' relative access to relevant information").

Once again, for the avoidance of any doubt, Defendants will seek to preclude California from relying on any IQVIA or Analysource data if it is not produced within the next ten days, and at the latest by March 15th.

## III.    Deficiency 3: Loophole for Additional Subpoenas and Document Requests

In its February 5th Responses, California states that it "may serve document requests or Rule 45 subpoenas" at some unspecified future date, to the extent the documents on which it will rely "are not covered by MDL discovery that has been served or is served by any party or nonparty aside from California through the MDL discovery process."  This broad reservation of rights is inconsistent with the Recommendation, which contemplates that California will confirm that it has *already produced* the documents on which it will rely.  *See* Order ¶ 1; *supra* Part I.  Thus, California cannot provide that confirmation while at the same time reserving a purported right to seek and produce additional documents in the future.

California also states in its February 5th Responses that it "does not have any additional documents not in its possession, custody, or control that it plans to secure on its own outside of the MDL discovery process."  Defendants take California at its word, and we assume that California would not have made this representation without first doing its due diligence concerning (a) what documents it will need to support its claims and (b) what documents have already been sought or produced by other MDL parties.  As such, California's reservation of rights is not only inconsistent with the Recommendation, it is also unnecessary by California's own admission that it will not need to serve additional subpoenas or document requests in the future.

## IV.    Deficiency 4: Loophole for So-Called "Expert Discovery"

The Disclosure also includes a broad reservation of rights related to so-called "expert discovery."  *E.g.*, Jan. 28 Amended Response at 2 ("Experts may request additional documents and data not collected during fact discovery to be used for reports and analyses that will be prepared during expert discovery."); Feb. 5 Responses (disclosure "does not cover . . . expert discovery").  As discussed *supra* Part II, this reservation of rights is foreclosed by the Recommendation, which rejected Plaintiffs' claim that they can withhold relevant pre-existing factual information until expert discovery.  Recommendation at 2 (obligations to identify and produce the documents on which a party will rely "cannot be postponed until the phase of expert witness discovery").

WILLIAMS & CONNOLLY LLP

Paula Lauren Gibson
March 5, 2021
Page 4

       To the extent California is withholding any existing, relevant factual information on the basis of this already-rejected "expert discovery" loophole, it must produce that information within the next ten days, and at the latest by March 15th.[2]

                                       Sincerely,

                                       Brian T. Gilmore

cc:    Special Master David H. Marion
       All Plaintiffs' Listserve
       All Defendants' Listserve

---

[2] To be clear, Defendants are not requesting at this time any factual information "created in preparing California's expert report(s)."  *See* Proposed Order Granting Certain Defs.' Mot. to Compel California ¶ 2; PTO 122 ¶ 3.