IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |

**PRETRIAL ORDER NO. 165**
**(CASE MANAGEMENT ORDER APPLICABLE TO CERTAIN DEFENDANTS FIRST NAMED IN COMPLAINTS FILED AFTER SEPTEMBER 1, 2019)**

**AND NOW**, this 5th day of April 2021, upon consideration of the attached stipulation of counsel to govern discovery as to those parties that were first named as Defendants in complaints filed in the MDL after September 1, 2019 (the "Newly Added Defendants"),[1] it is hereby

**ORDERED** that the following procedures and deadlines shall be applicable to discovery of Newly Added Defendants' custodial files and targeted documents:

1. **DISCOVERY OF NEWLY ADDED DEFENDANTS' CUSTODIAL FILES**: The Newly Added Defendants shall produce custodial documents from the files of the Agreed Custodians (as that term is defined in PTO 95, ¶ 1.5) as follows:

    a. Search terms shall be established by agreement that has been or will be reached by the parties in negotiations, or as ordered by ESI Master Regard if no agreement can be reached.

        i. Such terms shall include, but are not limited to, all drugs named in any complaint as of September 4, 2020; and all Defendants named in any complaint as of September 4, 2020.

    b. Newly Added Defendants shall apply the search terms to the custodial documents and may review the identified documents for privilege, but may not withhold prior to production any documents based on relevance or responsiveness.

---

[1] This Order applies to the following Newly Added Defendants: Alvogen, Inc.; Camber Pharmaceuticals, Inc.; Hikma Labs Inc. (f/k/a Roxane Laboratories, Inc.) and West-Ward Columbus Inc. (f/k/a Boehringer Ingelheim Roxane Inc.) (collectively, "Roxane"); Jubilant Cadista Pharmaceuticals Inc.; and Torrent Pharma Inc.

c.  Newly Added Defendants shall have the opportunity to test the search terms established pursuant to this Order and to meet and confer in good faith with Plaintiffs regarding any disputed search term(s).

d.  Production deadlines:

   i.  Tier 1 Agreed Custodians: substantial completion by <u>April 30, 2021</u>, except that electronic (e.g., Outlook) calendar entries shall be produced subject to ¶ 2.c.i of this Order.

   ii.  Tier 2 Agreed Custodians: substantial completion by <u>June 1, 2021</u>.

   iii.  Document productions shall proceed on a rolling basis.

   iv.  Newly Added Defendants will provide Plaintiffs with monthly production status reports, as mutually agreed among the parties, beginning on or around April 1, 2021, through June 1, 2021.  The production status reports shall include: (a) the number of document hits, including families, for the search terms established pursuant to ¶ 1.a of this Order; and (b) the total number of documents produced.

   v.  The foregoing production deadlines are subject to modification only upon a showing of good cause.

e.  Privilege log deadlines:

   i.  Each Newly Added Defendant shall serve rolling or incremental privilege logs for the custodial documents withheld or redacted on the grounds of privilege or as attorney work product as of the date the log is served by each of the following dates: **July 15, 2021; August 16, 2021; September 15, 2021; October 15, 2021.**

   ii.  By October 15, 2021, Newly Added Defendants shall produce all documents that are partially redacted for privilege that they have redacted on grounds of privilege as of that date.

   iii.  The parties shall meet and confer in good faith regarding deadlines applicable to any supplemental privilege log for documents that may be withheld or redacted on grounds of privilege subsequent to the service of the logs required by ¶ 1.e.i of this Order.

   iv.  A Newly Added Defendant's privilege logs may omit documents withheld on the grounds of privilege if that Newly Added Defendant determines in good faith that such documents are not responsive to Plaintiffs' discovery requests.  Each Newly Added Defendant that omits such documents from its privilege logs shall produce to Plaintiffs, together with its privilege logs: (1) a categorical list of the omitted documents' general subject matters sufficient to demonstrate why they are not responsive to Plaintiffs'

      discovery requests, and (2) a report providing the aggregate number of such documents and number of pages being withheld on the grounds of privilege. Any disputes relating to such lists and/or reports shall be resolved pursuant to PTO 163 (or any amended version thereof). Including a custodial document on a privilege log shall not constitute a concession that a document is responsive to Plaintiffs' discovery requests nor a waiver of the right to argue under applicable rules and Court Orders that a document is not responsive to Plaintiffs' discovery requests.

  f. Confidentiality:

      i. Newly Added Defendants may make "individual," "provisional," or "blanket" confidentiality designations as set forth below, and their production transmittal letters will set forth the manner in which such confidentiality designations were made, including sufficient information identifying the documents and the manner in which they were designated.

          1. <u>Individual Designations</u>. A Newly Added Defendant may designate custodial documents as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY, as those terms are defined in PTO 53 ¶¶ 1.5–1.7 and 3.2–3.3. The designation of custodial documents as CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY shall be made consistent with the procedures set forth in PTO 53 ¶ 4. The designations for documents designated pursuant to this method are effective upon production and apply going forward, subject to appropriate modification under PTO 53.

          2. <u>Provisional Designations</u>. A Newly Added Defendant may provisionally designate custodial documents OUTSIDE COUNSEL EYES ONLY for 120 days ("Provisional Designations"). Newly Added Defendants who elect to make Provisional Designations will have 120 days from the applicable substantial completion deadline to make individual confidentiality designations compliant with ¶ 1.f.i.1 of this Order. A Newly Added Defendant will make such designations, if any, by submitting overlays (*i.e.*, images only) to all parties in the MDL. A Newly Added Defendant who fails to make timely PTO 53-compliant overlay designations 120 days from the applicable substantial completion deadline shall waive any confidentiality designation as to such production(s) and/or portions thereof and such documents will then become non-confidential but nonetheless (i) shall be used solely for purposes of prosecuting, defending, or attempting to settle any part of this MDL, and (ii) shall be stored and maintained in a secure manner. Any documents provisionally designated as OUTSIDE COUNSEL EYES ONLY and identified

for a clawback will retain their OUTSIDE COUNSEL EYES ONLY status until the clawback is resolved.

3. <u>Blanket Designations</u>.  A Newly Added Defendant may make blanket confidentiality designations of custodial documents by designating and stamping such documents OUTSIDE COUNSEL EYES ONLY ("Blanket Designations").  In the event a Newly Added Defendant elects to make Blanket Designations, documents designated OUTSIDE COUNSEL EYES ONLY shall remain so designated/stamped in the MDL, subject to modifications under PTO 53 (or any amended version thereof), other Court Order, or other applicable law.  Any Newly Added Defendant who has already produced custodial documents with a confidentiality designation/stamp lesser than OUTSIDE COUNSEL EYES ONLY is permitted – but not required – to produce to all MDL parties an overlay for those productions to re-designate the documents therein as OUTSIDE COUNSEL EYES ONLY, and if such documents are not re-designated, the confidentiality designation lesser than OUTSIDE COUNSEL EYES ONLY shall remain intact.

   a. Newly Added Defendants electing to make Blanket Designations specifically forego their rights to seek to clawback any and all produced custodial documents on the grounds that the documents contain either "competitively sensitive or trade secret information" or "business information unrelated to the allegations in any MDL pleading."

   b. Newly Added Defendants electing to make Blanket Designations retain their rights to seek to clawback any custodial documents on the ground that the documents contain personal or embarrassing information unrelated to any allegation in the MDL.

   c. Newly Added Defendants electing to make Blanket Designations also consent, under ¶ 5.3(k) of PTO 53, to the disclosure of any custodial documents produced by it to any deponent in the MDL, provided that the deposing party has a good-faith basis to believe that the matters memorialized in the document are relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge.  Each Newly Added Defendant retains the right to object to and challenge the disclosure of any document to any deponent in the MDL where it does not believe Plaintiffs have a good-faith basis, as set forth above, for such disclosure.

      i. Notwithstanding the agreed-upon or Court-ordered disclosure to a deponent of any custodial document produced by a Newly Added Defendant electing to make Blanket Designations, said document shall remain designated as OUTSIDE COUNSEL EYES ONLY for all other purposes in the MDL, subject to appropriate modification under PTO 53.

      ii. The terms of PTO 53, or any amendment or subsequent Protective Order, shall continue to apply to Newly Added Defendants' produced custodial documents, including but not limited to the right of any party to seek a de-designation or re-designation of any documents.

      iii. The foregoing procedures regarding confidentiality designations may be amended by agreement or Order of the parties, subject to Court approval.

g. Clawbacks: The following provisions shall govern the issuance of requests for clawbacks and objections thereto:

      i. Unless a Newly Added Defendant has waived such a clawback right by electing to make Blanket Designations pursuant to this Order, a producing Newly Added Defendant may notify Plaintiffs of its intent to claw back a produced custodial document (as guided by PTO 70). The deadlines for such clawback notices shall be **August 31, 2021** for all documents produced on or before April 30, 2021, and **October 1, 2021** for all documents produced thereafter.

          1. If a Newly Added Defendant does not substantially complete its production of Tier 1 custodial documents by April 30, 2021, Plaintiffs' deadline to respond to that Newly Added Defendant's pending or subsequently issued clawback request(s) shall be extended by 7 days plus the number of days after April 30, 2021 that such Newly Added Defendant notifies Plaintiffs that its Tier 1 custodial production is substantially complete.

          2. If a Newly Added Defendant does not substantially complete its production of Tier 2 custodial documents by June 1, 2021, Plaintiffs' deadline to respond to that Newly Added Defendant's pending or subsequently issued clawback request(s) shall be extended by 7 days plus the number of days after June 1, 2021 that such Newly Added Defendant notifies Plaintiffs that its Tier 2 custodial production is substantially complete.

      ii. Plaintiffs shall respond to each clawback request within 75 days, by identifying those documents for which they object to the clawback. Any document subject to a clawback request that is not objected to within 75 days may be clawed back by the producing Newly Added Defendant.

       1. The parties may meet and confer regarding modifications of these deadlines.

       2. If Plaintiffs notice a deposition and a producing Newly Added Defendant determines that any documents sent or received by the deponent are subject to a pending clawback request, each such producing Newly Added Defendant shall promptly meet and confer with Plaintiffs to resolve the relevant clawback request(s). Such meet and confer request shall be conducted at least 10 days before the deposition is to commence, shall be copied to the Deposition Coordinators, and shall identify the date of the specific clawback request(s) and the Bates numbers of the documents at issue.

   iii. Any disputes relating to clawback objections shall be resolved pursuant to PTO 163 (or any amended version thereof).

   iv. Within 10 days of the date when a Newly Added Defendant produces an overlay for any document that is deemed clawed back either by agreement, the formal or informal resolution of a dispute, or via the lapse of an applicable deadline, the Receiving Party (as that term is defined in PTO 53, ¶ 1.9) will provide written confirmation to the Producing Party (as that term is defined in PTO 53, ¶ 1.10) that the overlay has been applied and that any predecessor document has otherwise been returned or destroyed.

   v. The terms of PTO 53, or any amendment or subsequent Protective Order, shall continue to apply to Newly Added Defendants' produced custodial documents, including but not limited to the right of any party to claw back any inadvertently produced privileged documents.

   vi. The particular interests and circumstances of certain Newly Added Defendants may necessitate narrowly tailored, defendant-specific amendments to this agreement; in any such case, that Newly Added Defendant will separately propose its narrowly tailored, defendant-specific amendments.

2. **DISCOVERY OF NEWLY ADDED DEFENDANTS' TARGETED DOCUMENTS**:

   a. To assist Newly Added Defendants' document production obligations under Rule 34 of the Federal Rules of Civil Procedure, and without limiting the scope of their document requests, Plaintiffs specifically identified to the Newly Added Defendants certain categories of "targeted" documents—i.e., documents that are likely to be maintained in a known and reasonably accessible centralized location.

   b. Subject to any individually negotiated modifications or exceptions, targeted documents include, but are not limited to:

  i.  Newly Added Defendants' documents responsive to Plaintiffs' document requests that are regularly maintained in a known location, or in a location that is knowable upon reasonable inquiry of those with knowledge about Newly Added Defendants' document management systems, departmental practices with respect to filing documents, and similar information, such that they do not require search terms. Such documents, which have previously been referred to as "go get" documents, may be found in custodial or non-custodial sources and include but are not limited to: e.g. calendars, travel and expense records, telephone records, board of directors' materials, forecasts, strategic sales databases, financial statements, accounting documents.

  ii.  Newly Added Defendants' documents relevant to class certification, experts, and other economic or data-related issues, which may or may not require targeted search terms; and

  iii.  Additional targeted search terms based on review of documents and samples.

c.  The parties have agreed on the following deadlines for substantial completion of production of Newly Added Defendants' targeted documents under ¶ 2.b.i of this Order (subject to any individually negotiated deadline(s) or exceptions mutually agreed among Plaintiffs and any Newly Added Defendant):

  i.  <u>April 30, 2021</u>:

    1.  For Tier 1 Agreed Custodians, Newly Added Defendants' electronic (e.g., Outlook) calendar entries that are captured by the search terms established pursuant to ¶ 1.a, above and do not have attachments;

    2.  Newly Added Defendants' non-electronic calendar entries (e.g., desk calendars), to the extent they may be located pursuant to a reasonable search of readily accessible custodial or non-custodial files;

    3.  Any documents responsive to Request No. 5 of Plaintiffs' Amended First Set of Requests for Production of Documents to Defendants (the "RFPs"); and

    4.  Any documents concerning competitor information responsive to Requests No. 40 and 41 of the RFPs.

  ii.  <u>June 1, 2021</u>:  Any additional targeted documents, including any additional electronic (e.g., Outlook) calendar entries not produced by the April 30, 2021 deadline.

      iii. The parties shall meet and confer in good faith regarding deadlines and procedures applicable to discovery of Newly Added Defendants' transaction-level sales data and cost information.

d. Privilege log deadlines: Any targeted documents withheld or redacted for privilege shall be included on the Newly Added Defendants' first rolling privilege log, which, pursuant to ¶ 1.e.i of this Order, shall be due on July 15, 2021.

e. Confidentiality: The deadlines and procedures that are set forth in ¶ 1.f of this Order shall apply to confidentiality designations of targeted documents.

f. Clawbacks: The deadlines and procedures that are set forth in ¶ 1.g of this Order shall apply to clawbacks of electronic (e.g., Outlook) calendar entries produced pursuant to ¶ 2.c of this Order, except that:

      i. If a Newly Added Defendant does not substantially complete its production of the categories of targeted documents due by April 30, 2021, Plaintiffs' deadline to respond to that Newly Added Defendant's pending or subsequently issued clawback request(s) shall be extended by 7 days plus the number of days after April 30, 2021 that such Newly Added Defendant notifies Plaintiffs that its production of such documents is substantially complete.

      ii. If a Newly Added Defendant does not substantially complete its production of the categories of targeted documents due by June 1, 2021, Plaintiffs' deadline to respond to that Newly Added Defendant's pending or subsequently issued clawback request(s) shall be extended by 7 days plus the number of days after June 1, 2021 that such Newly Added Defendant notifies Plaintiffs that its production of such documents is substantially complete.

g. The parties have agreed on the following deadlines for substantial completion of production of Newly Added Defendants' targeted documents under ¶¶ 2.b.ii and 2.b.iii of this Order (subject to any individually negotiated deadline(s) or exceptions mutually agreed among Plaintiffs and any Newly Added Defendant):

      i. Within 10 days of receiving a request pursuant to ¶¶ 2.b.ii or 2.b.iii seeking supplemental documents pursuant to an existing document request, Newly Added Defendants shall either agree to produce responsive documents or request a meet and confer with the requesting party. Insofar as Plaintiffs make a new request for documents not within the scope of existing document requests, such requests will be made and responded to in conformance with Federal Rule of Civil Procedure 34.

      ii. Plaintiffs shall make any requests pursuant to ¶¶ 2.b.ii or 2.b.iii by **August 2, 2021**. Any dispute arising out of these requests shall be brought to the

8

        Special Masters via simultaneous letter briefs on or before **September 2, 2021**.

    iii. If a Newly Added Defendant does not substantially complete its production of custodial documents by June 1, 2021, the deadlines set forth in ¶¶ 2.g.i. and 2.g.ii shall be extended by 7 days plus the number of days after June 1, 2021 that such Newly Added Defendant notifies Plaintiffs that its custodial production is complete.[2]

    iv. Production of documents pursuant to this ¶ 2.g shall be made within 30 days of the parties' agreement or an Order of the Court granting a motion to compel.

3. **PRIVILEGE LOG REQUIREMENTS**

   a. The rolling privilege logs required by ¶ 1.e.i of this Order shall be consistent with the requirements of the ESI Protocol (PTO 95), subject to the following exceptions:

       i. Notwithstanding § 12 of PTO 95, the Newly Added Defendants need not include redaction legends indicating the reason for redaction, except redactions of SPII shall indicate a legend indicating the reason for the redaction.

       ii. Notwithstanding § 12 of PTO 95, the Newly Added Defendants need not indicate on a placeholder document the reason a family member is being withheld, except a placeholder document shall indicate the reason if a document is being withheld on the grounds of SPII.

It is so **ORDERED**.

                                                **BY THE COURT:**

                                                /s/ Cynthia M. Rufe

                                               **CYNTHIA M. RUFE, J.**

---

[2] Newly Added Defendants shall not withhold consent to any reasonable requests for additional extensions of these deadlines in the event Newly Added Defendants do not meet the June 1, 2021 substantial completion deadline.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | MDL 2724<br>16-MD-2724 |
| **THIS DOCUMENT RELATES TO:**<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

### JOINT STIPULATION TO ESTABLISH CERTAIN DEADLINES AND PROCEDURES APPLICABLE TO DISCOVERY OF CERTAIN DEFENDANTS FIRST NAMED IN COMPLAINTS FILED AFTER SEPTEMBER 1, 2019

**WHEREAS** the Court entered a Case Management Order and Discovery Schedule on October 24, 2019 (Pretrial Order No. 105, ECF 1135) setting forth certain deadlines for the management of and discovery schedule for cases pending in the MDL as of September 1, 2019, which was later amended by Pretrial Order No. 110 (ECF 1179), Pretrial Order No. 123 (ECF 1363), Pretrial Order No. 137 (ECF 1512), and Pretrial Order No. 138 (ECF 1513) (collectively, the "CMO");

**WHEREAS** certain parties were first named as Defendants in complaints filed in the MDL after September 1, 2019 (each a "Newly Added Defendant," and, collectively, the "Newly Added Defendants"),[1] and to which the CMO expressly does not apply;

**WHEREAS** Plaintiffs and Newly Added Defendants have engaged in extensive, good faith negotiations to establish certain deadlines and procedures applicable to discovery of Newly Added Defendants' custodial files and targeted documents, as set forth in the agreement below;

---

[1] Newly Added Defendants joining this Stipulation are: Alvogen, Inc.; Camber Pharmaceuticals, Inc.; Hikma Labs Inc. (f/k/a Roxane Laboratories, Inc.) and West-Ward Columbus Inc. (f/k/a Boehringer Ingelheim Roxane Inc.) (collectively, "Roxane"); Jubilant Cadista Pharmaceuticals Inc.; and Torrent Pharma Inc.

**WHEREAS** Plaintiffs and Newly Added Defendants continue to meet and confer in good faith regarding deadlines and procedures applicable to discovery of Newly Added Defendants' transaction-level sales data and cost information;

**NOW, THEREFORE**, it is jointly stipulated and agreed by and among Plaintiffs and Newly Added Defendants, through their undersigned counsel, that the following procedures and deadlines shall be applicable to discovery of Newly Added Defendants' custodial files and targeted documents:

1. **DISCOVERY OF NEWLY ADDED DEFENDANTS' CUSTODIAL FILES**: The Newly Added Defendants shall produce custodial documents from the files of the Agreed Custodians (as that term is defined in PTO 95, ¶ 1.5) as follows:

   a. Search terms shall be established by agreement that has been or will be reached by the parties in negotiations, or as ordered by ESI Master Regard if no agreement can be reached.

      i. Such terms shall include, but are not limited to, all drugs named in any complaint as of September 4, 2020; and all Defendants named in any complaint as of September 4, 2020.

   b. Newly Added Defendants shall apply the search terms to the custodial documents and may review the identified documents for privilege, but may not withhold prior to production any documents based on relevance or responsiveness.

   c. Newly Added Defendants shall have the opportunity to test the search terms established pursuant to this Stipulation and to meet and confer in good faith with Plaintiffs regarding any disputed search term(s).

   d. Production deadlines:

      i. Tier 1 Agreed Custodians: substantial completion by <u>April 30, 2021</u>, except that electronic (e.g., Outlook) calendar entries shall be produced subject to ¶ 2.c.i of this Stipulation.

      ii. Tier 2 Agreed Custodians: substantial completion by <u>June 1, 2021</u>.

      iii. Document productions shall proceed on a rolling basis.

      iv. Newly Added Defendants will provide Plaintiffs with monthly production status reports, as mutually agreed among the parties, beginning on or around April 1, 2021, through June 1, 2021. The production status reports shall include: (a) the number of document hits, including families, for the

2

    search terms established pursuant to ¶ 1.a of this Stipulation; and (b) the total number of documents produced.

   v. The foregoing production deadlines are subject to modification only upon a showing of good cause.

 e. Privilege log deadlines:

   i. Each Newly Added Defendant shall serve rolling or incremental privilege logs for the custodial documents withheld or redacted on the grounds of privilege or as attorney work product as of the date the log is served by each of the following dates: **July 15, 2021; August 16, 2021; September 15, 2021; October 15, 2021.**

   ii. By October 15, 2021, Newly Added Defendants shall produce all documents that are partially redacted for privilege that they have redacted on grounds of privilege as of that date.

   iii. The parties shall meet and confer in good faith regarding deadlines applicable to any supplemental privilege log for documents that may be withheld or redacted on grounds of privilege subsequent to the service of the logs required by ¶ 1.e.i of this Stipulation.

   iv. A Newly Added Defendant's privilege logs may omit documents withheld on the grounds of privilege if that Newly Added Defendant determines in good faith that such documents are not responsive to Plaintiffs' discovery requests. Each Newly Added Defendant that omits such documents from its privilege logs shall produce to Plaintiffs, together with its privilege logs: (1) a categorical list of the omitted documents' general subject matters sufficient to demonstrate why they are not responsive to Plaintiffs' discovery requests, and (2) a report providing the aggregate number of such documents and number of pages being withheld on the grounds of privilege. Any disputes relating to such lists and/or reports shall be resolved pursuant to PTO 163 (or any amended version thereof). Including a custodial document on a privilege log shall not constitute a concession that a document is responsive to Plaintiffs' discovery requests nor a waiver of the right to argue under applicable rules and Court Orders that a document is not responsive to Plaintiffs' discovery requests.

 f. Confidentiality:

   i. Newly Added Defendants may make "individual," "provisional," or "blanket" confidentiality designations as set forth below, and their production transmittal letters will set forth the manner in which such confidentiality designations were made, including sufficient information identifying the documents and the manner in which they were designated.

1. Individual Designations.  A Newly Added Defendant may designate custodial documents as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY, as those terms are defined in PTO 53 ¶¶ 1.5–1.7 and 3.2–3.3.  The designation of custodial documents as CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY shall be made consistent with the procedures set forth in PTO 53 ¶ 4.  The designations for documents designated pursuant to this method are effective upon production and apply going forward, subject to appropriate modification under PTO 53.

2. Provisional Designations.  A Newly Added Defendant may provisionally designate custodial documents OUTSIDE COUNSEL EYES ONLY for 120 days ("Provisional Designations").  Newly Added Defendants who elect to make Provisional Designations will have 120 days from the applicable substantial completion deadline to make individual confidentiality designations compliant with ¶ 1.f.i.1 of this Stipulation.  A Newly Added Defendant will make such designations, if any, by submitting overlays (*i.e.*, images only) to all parties in the MDL.  A Newly Added Defendant who fails to make timely PTO 53-compliant overlay designations 120 days from the applicable substantial completion deadline shall waive any confidentiality designation as to such production(s) and/or portions thereof and such documents will then become non-confidential but nonetheless (i) shall be used solely for purposes of prosecuting, defending, or attempting to settle any part of this MDL, and (ii) shall be stored and maintained in a secure manner.  Any documents provisionally designated as OUTSIDE COUNSEL EYES ONLY and identified for a clawback will retain their OUTSIDE COUNSEL EYES ONLY status until the clawback is resolved.

3. Blanket Designations.  A Newly Added Defendant may make blanket confidentiality designations of custodial documents by designating and stamping such documents OUTSIDE COUNSEL EYES ONLY ("Blanket Designations").  In the event a Newly Added Defendant elects to make Blanket Designations, documents designated OUTSIDE COUNSEL EYES ONLY shall remain so designated/stamped in the MDL, subject to modifications under PTO 53 (or any amended version thereof), other Court Order, or other applicable law.  Any Newly Added Defendant who has already produced custodial documents with a confidentiality designation/stamp lesser than OUTSIDE COUNSEL EYES ONLY is permitted – but not required – to produce to all MDL parties an overlay for those productions to re-designate the documents therein as OUTSIDE COUNSEL EYES ONLY, and if such documents are

4

not re-designated, the confidentiality designation lesser than OUTSIDE COUNSEL EYES ONLY shall remain intact.

   a. Newly Added Defendants electing to make Blanket Designations specifically forego their rights to seek to clawback any and all produced custodial documents on the grounds that the documents contain either "competitively sensitive or trade secret information" or "business information unrelated to the allegations in any MDL pleading."

   b. Newly Added Defendants electing to make Blanket Designations retain their rights to seek to clawback any custodial documents on the ground that the documents contain personal or embarrassing information unrelated to any allegation in the MDL.

   c. Newly Added Defendants electing to make Blanket Designations also consent, under ¶ 5.3(k) of PTO 53, to the disclosure of any custodial documents produced by it to any deponent in the MDL, provided that the deposing party has a good-faith basis to believe that the matters memorialized in the document are relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge.  Each Newly Added Defendant retains the right to object to and challenge the disclosure of any document to any deponent in the MDL where it does not believe Plaintiffs have a good-faith basis, as set forth above, for such disclosure.

      i. Notwithstanding the agreed-upon or Court-ordered disclosure to a deponent of any custodial document produced by a Newly Added Defendant electing to make Blanket Designations, said document shall remain designated as OUTSIDE COUNSEL EYES ONLY for all other purposes in the MDL, subject to appropriate modification under PTO 53.

ii. The terms of PTO 53, or any amendment or subsequent Protective Order, shall continue to apply to Newly Added Defendants' produced custodial documents, including but not limited to the right of any party to seek a de-designation or re-designation of any documents.

iii. The foregoing procedures regarding confidentiality designations may be amended by agreement or stipulation of the parties, subject to Court approval.

g.  Clawbacks: The following provisions shall govern the issuance of requests for clawbacks and objections thereto:

  i.  Unless a Newly Added Defendant has waived such a clawback right by electing to make Blanket Designations pursuant to this Stipulation, a producing Newly Added Defendant may notify Plaintiffs of its intent to claw back a produced custodial document (as guided by PTO 70). The deadlines for such clawback notices shall be **August 31, 2021** for all documents produced on or before April 30, 2021, and **October 1, 2021** for all documents produced thereafter.

   1. If a Newly Added Defendant does not substantially complete its production of Tier 1 custodial documents by April 30, 2021, Plaintiffs' deadline to respond to that Newly Added Defendant's pending or subsequently issued clawback request(s) shall be extended by 7 days plus the number of days after April 30, 2021 that such Newly Added Defendant notifies Plaintiffs that its Tier 1 custodial production is substantially complete.

   2. If a Newly Added Defendant does not substantially complete its production of Tier 2 custodial documents by June 1, 2021, Plaintiffs' deadline to respond to that Newly Added Defendant's pending or subsequently issued clawback request(s) shall be extended by 7 days plus the number of days after June 1, 2021 that such Newly Added Defendant notifies Plaintiffs that its Tier 2 custodial production is substantially complete.

  ii. Plaintiffs shall respond to each clawback request within 75 days, by identifying those documents for which they object to the clawback. Any document subject to a clawback request that is not objected to within 75 days may be clawed back by the producing Newly Added Defendant.

   1. The parties may meet and confer regarding modifications of these deadlines.

   2. If Plaintiffs notice a deposition and a producing Newly Added Defendant determines that any documents sent or received by the deponent are subject to a pending clawback request, each such producing Newly Added Defendant shall promptly meet and confer with Plaintiffs to resolve the relevant clawback request(s). Such meet and confer request shall be conducted at least 10 days before the deposition is to commence, shall be copied to the Deposition Coordinators, and shall identify the date of the specific clawback request(s) and the Bates numbers of the documents at issue.

      iii. Any disputes relating to clawback objections shall be resolved pursuant to PTO 163 (or any amended version thereof).

      iv. Within 10 days of the date when a Newly Added Defendant produces an overlay for any document that is deemed clawed back either by agreement, the formal or informal resolution of a dispute, or via the lapse of an applicable deadline, the Receiving Party (as that term is defined in PTO 53, ¶ 1.9) will provide written confirmation to the Producing Party (as that term is defined in PTO 53, ¶ 1.10) that the overlay has been applied and that any predecessor document has otherwise been returned or destroyed.

      v. The terms of PTO 53, or any amendment or subsequent Protective Order, shall continue to apply to Newly Added Defendants' produced custodial documents, including but not limited to the right of any party to claw back any inadvertently produced privileged documents.

      vi. The particular interests and circumstances of certain Newly Added Defendants may necessitate narrowly tailored, defendant-specific amendments to this agreement; in any such case, that Newly Added Defendant will separately propose its narrowly tailored, defendant-specific amendments.

2. **DISCOVERY OF NEWLY ADDED DEFENDANTS' TARGETED DOCUMENTS**:

    a. To assist Newly Added Defendants' document production obligations under Rule 34 of the Federal Rules of Civil Procedure, and without limiting the scope of their document requests, Plaintiffs specifically identified to the Newly Added Defendants certain categories of "targeted" documents—i.e., documents that are likely to be maintained in a known and reasonably accessible centralized location.

    b. Subject to any individually negotiated modifications or exceptions, targeted documents include, but are not limited to:

        i. Newly Added Defendants' documents responsive to Plaintiffs' document requests that are regularly maintained in a known location, or in a location that is knowable upon reasonable inquiry of those with knowledge about Newly Added Defendants' document management systems, departmental practices with respect to filing documents, and similar information, such that they do not require search terms. Such documents, which have previously been referred to as "go get" documents, may be found in custodial or non-custodial sources and include but are not limited to: e.g. calendars, travel and expense records, telephone records, board of directors' materials, forecasts, strategic sales databases, financial statements, accounting documents.

        ii. Newly Added Defendants' documents relevant to class certification, experts, and other economic or data-related issues, which may or may not require targeted search terms; and

      iii. Additional targeted search terms based on review of documents and samples.

c. The parties have agreed on the following deadlines for substantial completion of production of Newly Added Defendants' targeted documents under ¶ 2.b.i of this Stipulation (subject to any individually negotiated deadline(s) or exceptions mutually agreed among Plaintiffs and any Newly Added Defendant):

    i. <u>April 30, 2021</u>:

        1. For Tier 1 Agreed Custodians, Newly Added Defendants' electronic (e.g., Outlook) calendar entries that are captured by the search terms established pursuant to ¶ 1.a, above and do not have attachments;

        2. Newly Added Defendants' non-electronic calendar entries (e.g., desk calendars), to the extent they may be located pursuant to a reasonable search of readily accessible custodial or non-custodial files;

        3. Any documents responsive to Request No. 5 of Plaintiffs' Amended First Set of Requests for Production of Documents to Defendants (the "RFPs"); and

        4. Any documents concerning competitor information responsive to Requests No. 40 and 41 of the RFPs.

    ii. <u>June 1, 2021</u>: Any additional targeted documents, including any additional electronic (e.g., Outlook) calendar entries not produced by the April 30, 2021 deadline.

    iii. The parties shall meet and confer in good faith regarding deadlines and procedures applicable to discovery of Newly Added Defendants' transaction-level sales data and cost information.

d. Privilege log deadlines: Any targeted documents withheld or redacted for privilege shall be included on the Newly Added Defendants' first rolling privilege log, which, pursuant to ¶ 1.e.i of this Stipulation, shall be due on July 15, 2021.

e. Confidentiality: The deadlines and procedures that are set forth in ¶ 1.f of this Stipulation shall apply to confidentiality designations of targeted documents.

f. Clawbacks: The deadlines and procedures that are set forth in ¶ 1.g of this Stipulation shall apply to clawbacks of electronic (e.g., Outlook) calendar entries produced pursuant to ¶ 2.c of this Stipulation, except that:

    i. If a Newly Added Defendant does not substantially complete its production of the categories of targeted documents due by April 30, 2021,

      Plaintiffs' deadline to respond to that Newly Added Defendant's pending or subsequently issued clawback request(s) shall be extended by 7 days plus the number of days after April 30, 2021 that such Newly Added Defendant notifies Plaintiffs that its production of such documents is substantially complete.

   ii. If a Newly Added Defendant does not substantially complete its production of the categories of targeted documents due by June 1, 2021, Plaintiffs' deadline to respond to that Newly Added Defendant's pending or subsequently issued clawback request(s) shall be extended by 7 days plus the number of days after June 1, 2021 that such Newly Added Defendant notifies Plaintiffs that its production of such documents is substantially complete.

g. The parties have agreed on the following deadlines for substantial completion of production of Newly Added Defendants' targeted documents under ¶¶ 2.b.ii and 2.b.iii of this Stipulation (subject to any individually negotiated deadline(s) or exceptions mutually agreed among Plaintiffs and any Newly Added Defendant):

   i. Within 10 days of receiving a request pursuant to ¶¶ 2.b.ii or 2.b.iii seeking supplemental documents pursuant to an existing document request, Newly Added Defendants shall either agree to produce responsive documents or request a meet and confer with the requesting party. Insofar as Plaintiffs make a new request for documents not within the scope of existing document requests, such requests will be made and responded to in conformance with Federal Rule of Civil Procedure 34.

   ii. Plaintiffs shall make any requests pursuant to ¶¶ 2.b.ii or 2.b.iii by **August 2, 2021**. Any dispute arising out of these requests shall be brought to the Special Masters via simultaneous letter briefs on or before **September 2, 2021**.

   iii. If a Newly Added Defendant does not substantially complete its production of custodial documents by June 1, 2021, the deadlines set forth in ¶¶ 2.g.i. and 2.g.ii shall be extended by 7 days plus the number of days after June 1, 2021 that such Newly Added Defendant notifies Plaintiffs that its custodial production is complete.[2]

   iv. Production of documents pursuant to this ¶ 2.g shall be made within 30 days of the parties' agreement or an Order of the Court granting a motion to compel.

---

[2] Newly Added Defendants shall not withhold consent to any reasonable requests for additional extensions of these deadlines in the event Newly Added Defendants do not meet the June 1, 2021 substantial completion deadline.

9

3. **PRIVILEGE LOG REQUIREMENTS**

   a. The rolling privilege logs required by ¶ 1.e.i of this Stipulation shall be consistent with the requirements of the ESI Protocol (PTO 95), subject to the following exceptions:

      i. Notwithstanding § 12 of PTO 95, the Newly Added Defendants need not include redaction legends indicating the reason for redaction, except redactions of SPII shall indicate a legend indicating the reason for the redaction.

      ii. Notwithstanding § 12 of PTO 95, the Newly Added Defendants need not indicate on a placeholder document the reason a family member is being withheld, except a placeholder document shall indicate the reason if a document is being withheld on the grounds of SPII.

Dated: March 31, 2021

/s/ Roberta D. Liebenberg
Roberta D. Liebenberg
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
215-567-6565
rliebenberg@finekaplan.com

*Liaison and Lead Counsel for the End-Payer Plaintiffs*

/s/ Dianne M. Nast
Dianne M. Nast
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, PA 19107
215-923-9300
dnast@nastlaw.com

*Liaison and Lead Counsel for the Direct Purchaser Plaintiffs*

/s/ W. Joseph Nielsen
W. Joseph Nielsen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860)808-5040
Fax: (860)808-5033
Joseph.Nielsen@ct.gov

*Liaison Counsel for the States*

/s/ William J. Blechman
William J. Blechman
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail: wblechman@knpa.com

*Liaison Counsel for Direct Action Plaintiffs and Counsel for the Kroger Direct Action Plaintiffs*

10

*/s/ Craig M. Reiser*
Michael L. Keeley
Rachel J. Adcox
AXINN, VELTROP & HARKRIDER LLP
950 F Street, NW
Washington, DC 20004
Tel: (202) 912-4700
Fax: (202) 912-4701
mkeeley@axinn.com
radcox@axinn.com

Edward M. Mathias
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06013
Tel: (860) 275-8112
Fax: (860) 275-8101
tmathias@axinn.com

Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
Tel: (212) 728-2218
Fax: (212) 261-5654
creiser@axinn.com

*Counsel for Defendant Alvogen, Inc.*

*/s/ Michael J. Hartman*
Jan P. Levine
Robin P. Sumner
Michael J. Hartman
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750

*Counsel for Defendants Hikma Labs Inc. (f/k/a Roxane Laboratories, Inc.) and West-Ward Columbus Inc (f/k/a Boehringer Ingelheim Roxane Inc.)*

*/s/ Adam Hemlock*
Adam Hemlock
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
adam.hemlock@weil.com

*Counsel for Defendant Torrent Pharma Inc.*

*/s/ Heather P. Lamberg*
Heather P. Lamberg
Keith R. Palfin
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, D.C. 20036
Tel: (202) 282-5000
Fax: (202) 282-5100
hlamberg@winston.com
kpalfin@winston.com

*Counsel for Defendant Camber Pharmaceuticals, Inc.*

*/s/ Jeremy A. Rist*
Jeremy A. Rist
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel: (215) 569-5361
Fax: (215) 832-5361
Rist@BlankRome.com

Lisa M. Kaas (*pro hac vice*)
BLANK ROME LLP
1825 Eye Street NW
Washington, DC 20006
Tel: (202) 420-2200
Fax: (202) 420-2201
LKaas@BlankRome.com

*Counsel for Defendant Jubilant Cadista Pharmaceuticals Inc.*

11