IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *ALL ACTIONS* | MDL 2724 <br><br> 16-MD-2724 <br><br> HON. CYNTHIA M. RUFE |

# ORDER

**AND NOW**, this 19th day of April 2021, upon consideration of the attached Stipulated Proposed Order ("Agreed Order") and upon consideration of the Order of the Bankruptcy Court modifying the automatic stay for the purpose of allowing limited discovery,[1] it is hereby **ORDERED** that the Stipulation is **APPROVED** and the Agreed Order is **ENTERED** as an Order of the Court.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**

---

[1] *In re Akorn, Inc.*, No. 20-11177 (Bankr. D. Del.) (Doc. No. 938 entered Apr. 9, 2021).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re Generic Pharmaceuticals Pricing Antitrust Litigation** | MDL No. 2724<br><br>16-MD-2724 |
| **This Document Relates To:**<br><br>*All Actions* | **HON. CYNTHIA M. RUFE** |

### STIPULATED ORDER RELATED TO NEWCO'S COMPLIANCE WITH MDL PLAINTIFFS' RULE 45 SUBPOENA

This Stipulated Order ("**Agreed Order**") is entered into by among NewCo and the Stipulating MDL Plaintiffs, as defined herein.

### RECITALS

WHEREAS, Akorn, Inc., Akorn Sales, Inc., Hi-Tech Pharmacal Co., Inc., and VersaPharm, Inc. ("**MDL Debtors**") are presently co-defendants in multi-district litigation captioned *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 16-MD-2724, MDL No. 2724 (E.D. Pa) (the "**Generics MDL**") before the Honorable Cynthia M. Rufe in the Eastern District of Pennsylvania (the "**MDL Court**").

WHEREAS, MDL Debtors have been named as defendants in complaints filed by each of the three proposed classes and seven of the Direct-Action Plaintiffs' cases. The complaints allege, among other things, that MDL Debtors participated in conspiracies to fix prices and allocate markets with respect to certain generic pharmaceuticals.

WHEREAS, on October 24, 2019, the MDL Court issued Pretrial Order No. 105, Case Management Order that established a schedule for the completion of discovery. Dkt. 1135, *as amended*, Pretrial Order No. 110, Dkt. 1179, Pretrial Order No. 123, Dkt. 1363 ("**CMO**").[1]

WHEREAS, prior to filing their Chapter 11 cases, MDL Debtors were providing discovery under the CMO, including the production of documents and responses and objections to Plaintiffs' First and Second Sets of Interrogatories.

WHEREAS, MDL Debtors filed their petitions for Chapter 11 reorganization in this Court, which invoked the automatic bankruptcy stay under Bankruptcy Code Section 362 (the "**Automatic Stay**"), staying the MDL in certain respects with respect to MDL Debtors. MDL Debtors complied with the Automatic Stay by, among other things, suspending their document, data, and written discovery productions in the Generics MDL. In addition, MDL Plaintiffs have yet to take the depositions of key employees and former employees of MDL Debtors.

WHEREAS, Section 362(d)(1) of the Bankruptcy Code provides that a court shall grant relief from the Automatic Stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

WHEREAS, on August 19, 2020, MDL Plaintiffs filed a Motion for Relief from the Automatic Bankruptcy Stay, Dkt. 500 (the "**Stay Relief Motion**"), under Section 362(d)(1).

WHEREAS, on September 2, 2020, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order [Dkt. 656] (the "**Sale Order**") approving the sale of substantially all assets of the MDL Debtors to the Purchaser (as defined in the Sale Order) and certain related transactions (collectively, the "**Sale Transaction**").

---

[1] Unless otherwise noted, references to the Docket ("**Dkt.**") refer to the main MDL action, *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 16-MD-2724, MDL No. 2724 (E.D. Pa.).

WHEREAS, on October 1, 2020, the Sale Transaction was consummated and, as a result, Akorn Operating Company LLC (together with Akorn Holding Company LLC, Akorn Intermediate Company LLC, and each of their direct and indirect subsidiaries, "**NewCo**"), among other things, became the owner of the Acquired Assets (as defined in the Sale Order).

WHEREAS, on October 1, 2020, the effective date of the plan [Dkt. 547] (the "**Plan**") occurred.

WHEREAS, MDL Plaintiffs and MDL Debtors engaged in an extended negotiation for resolution of the Stay Relief Motion, which included (a) a Stipulated order lifting the Automatic Stay between MDL Debtors and Stipulating MDL Plaintiffs (as defined below) (the "**Lift Stay Agreement**") to engage in certain limited discovery from the MDL Debtors; and, after discussions between NewCo and Stipulating MDL Plaintiffs (b) this Agreed Order between NewCo and Stipulating MDL Plaintiffs (as defined below) to engage in the discovery provided herein from NewCo.

WHEREAS, as part of the Stipulating Parties'[2] agreement, Stipulating MDL Plaintiffs issued to NewCo a subpoena under Federal Rule of Civil Procedure 45, attached hereto as Exhibit A (the "**Subpoena**").

The Stipulating Parties having reached an agreement as to discovery from NewCo, IT IS HEREBY ORDERED that NewCo shall comply with the terms of Subpoena as set forth herein.

---

[2] NewCo and the Stipulating MDL Plaintiffs (defined below) shall be referred to herein collectively as the "**Stipulating Parties**."

3

**I.      SCOPE OF ORDER**

     1.      <u>Parties Subject to Order</u>:  The following parties in the Generics MDL (collectively, "**Stipulating MDL Plaintiffs**") agree to be bound by this Agreed Order and not seek directly or indirectly any discovery other than as agreed to herein:

- Humana Inc.
- Health Care Service Corp.
- Molina Healthcare, Inc.
- United HealthCare Services, Inc.
- The Kroger Co.
- Albertsons Companies, LLC
- H.E. Butt Grocery Company L.P.
- The Proposed Class of Direct Purchaser Plaintiffs
- The Proposed Class of Indirect Reseller Plaintiffs
- The Proposed Class of End-Payer Plaintiffs
- State Attorneys General Plaintiffs[3]

     2.      Each of the Stipulating Parties represents and warrants it is duly authorized to enter into and be bound by this Agreed Order.

**II.     DOCUMENT DISCOVERY**

     **A.      Production of Custodial Files**

     3.      NewCo shall produce Custodial Files in accordance with the terms of the Subpoena and this Agreed Order.

     4.      <u>Search Terms</u>:  The Stipulating Parties agree that the list of global search terms attached as Attachment B to the Subpoena shall be the final list of search terms to be applied to

---

[3] The State Attorneys General Plaintiffs are: Alabama, Alaska, Arizona, Arkansas, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Territory of Guam, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Northern Mariana Islands, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin and Wyoming.  *See* Dkt. 106 (State Attorneys General Plaintiffs' Amended Complaint).

NewCo's custodial documents.  Stipulating MDL Plaintiffs agree not to seek any additional custodial discovery from NewCo including, but not limited to, based on any search terms other than those in Attachment B to the Subpoena except as provided in Sections D and F of this Agreed Order.

5. <u>Custodians</u>: NewCo shall complete its production of the non-privileged portion of its custodial files that hit on the search terms attached as Attachment B to the Subpoena for the list of 25 Custodians, as defined in the Subpoena.  Stipulating MDL Plaintiffs agree not to seek the custodial files of any additional custodians from NewCo except as provided in Sections D and F of this Agreed Order.

6. <u>Deadline for Production</u>: The deadline for completion of NewCo's custodial document productions pursuant to Paragraph 3(d) of the CMO, shall be 90 calendar days following the entry of this Agreed Order except for documents that are subject to privilege review, for which the deadline shall be 120 days following entry of this Agreed Order.

7. <u>Pre-Production Review and Requests for Clawback</u>: NewCo shall comply with Paragraphs 3(b) PTO 105 [Dkt. 1135], as entered on October 24, 2019.  In addition, the revised procedures relating to MDL defendants' confidentiality designations and clawback requests as set forth in PTO 138 [Dkt. 1513], as amended by the Stipulating Parties' separate Joint Stipulation to Establish Certain Confidentiality Designations and Clawback Guidelines for NewCo, separately filed herewith ("**New Joint Stipulation**"), shall apply to NewCo.  With respect to the deadline for NewCo to provide the Stipulating MDL Plaintiffs with notice of intent to clawback documents, that deadline shall be 60 calendar days after NewCo has completed its production of custodial documents as described herein.

**B.     Production of Transactional Data and Cost Information.**

8.      The deadline for the completion of NewCo's production of Transactional Data, which shall have the meaning ascribed to it in the Subpoena, shall be 90 calendar days following the entry of this Agreed Order.

9.      NewCo agrees to respond in good faith to Plaintiffs' inquiries concerning the Transactional Data. To the extent that the Parties cannot resolve questions concerning Transactional Data, Plaintiffs shall be entitled to conduct a deposition of NewCo pursuant to Federal Rule of Civil Procedure 30(b)(6) limited to topics relating to the Transactional Data.

**C.     Privilege Logs**

10.     <u>Deadline</u>: NewCo shall produce a privilege log for the custodial documents withheld or redacted on the grounds of attorney-client privilege or as attorney-work product within 60 days after NewCo finishes producing the custodial documents described herein.

11.     <u>Content</u>: NewCo's privilege log may be generated by exporting objective Metadata from the review tool used to identify privileged or work-product protected documents and shall contain the following metadata fields and information:

- Email recipients
- Email sender
- Email cc names
- Email bcc names
- Email date sent
- Email subject
- File author
- File name
- File/document date
- Internal doc ID
- Relativity Native File Type
- Sequential number associated with each privilege log record
- Bates number of any document redacted

12. <u>Email Subject</u>: Should NewCo determine that the "email subject" of a document reveals the privileged nature of the document, NewCo may, alternatively for that document, exclude the "email subject" and in its place provide a description of the subject matter of the information contained in the document or ESI.

13. NewCo's privilege log may omit entirely any of the following documents and certain information otherwise required by PTO 95 [Dkt. 1045], as entered on July 12, 2019:

- Communications with inside or outside counsel, unless the communication involves a third party who is not the agent of inside or outside counsel;
- Work product by inside or outside counsel;
- Documents presumptively excluded per Paragraph 11.8 of PTO 95 [Dkt. 1045];
- Subject to Section C above, a description of the privileged nature of the document or the basis of privilege/redaction;
- Job Title or job description for all persons identified on the log; and
- Email address key.

14. Stipulating MDL Plaintiffs may make reasonable and discrete requests for additional information about any document identified on any privilege log reasonably necessary to allow Stipulating MDL Plaintiffs to further evaluate the privileged nature of the document, provided that Stipulating MDL Plaintiffs must make such request within 30 days after the MDL Debtors produce the privilege log at issue. NewCo shall act in good faith in responding to such requests. Following the 30th day after NewCo produces its privilege log, if no request is made pursuant to this Paragraph by Stipulating MDL Plaintiffs, Stipulating MDL Plaintiffs shall be precluded from making any such requests for any documents listed on said privilege log and NewCo will not be required to respond to any such requests.

**D.     Additional Discovery of NewCo**

15. If discovery reveals a source of responsive documents not captured by the Custodial documents or Transactional Data produced under this Agreed Order, and not

7

reasonably known to the Stipulating Parties at the time of this Agreed Order, Stipulating MDL Plaintiffs reserve their right to request production from that new source from NewCo.  NewCo reserves all rights to oppose any such request and/or seek cost sharing.

16. Notwithstanding anything to the contrary herein, Stipulating MDL Plaintiffs reserve all rights to seek the following Transactional Data from NewCo:

   a. Additional Transactional Data for the eight drugs identified in the Subpoena, provided however that (i) such Transactional Data is limited to periods on or after January 1, 2012; (ii) Stipulating MDL Plaintiffs have been granted the right to obtain the same Transactional Data for the same time period(s) from other defendants in the Generics MDL; and (iii) such Transactional Data has not already been produced to Stipulating MDL Plaintiffs;

   b. Transactional Data for drugs other than the eight identified in the Subpoena in the possession, custody, or control of NewCo, provided however that such Transactional Data: (a) pertains to a drug for which MDL Debtors or NewCo entered the market after March 2, 2016; (b) is within the scope of transactional data that has been ordered or agreed to be produced in the Generics MDL; and (c) has not already been produced to the Stipulating MDL Plaintiffs.

17. Except as provided herein, Stipulating MDL Plaintiffs agree not to seek any additional Transactional Data or document discovery from NewCo in relation to the Generics MDL under Federal Rule of Civil Procedure 45.  For the avoidance of doubt, the limitation in this paragraph does not limit the rights of Stipulating MDL Plaintiffs to seek witness testimony from current or former employees of MDL Debtors or NewCo as otherwise provided in this Agreed Order.

18. Except as otherwise expressly provided herein, any depositions of current and/or former employees of NewCo shall be governed by the Lift Stay Agreement.

**E.  NewCo's Discovery Costs**

19. The Stipulating Parties shall bear their own costs for the discovery conducted pursuant to this Agreed Order and the Subpoena.

20. For any Additional Discovery of NewCo, as set forth in Section D (above) that Stipulating MDL Plaintiffs may seek from NewCo that is outside the scope of this Agreed Order or the Subpoena, the Stipulating Parties reserve all rights as to cost sharing.

**F.  Stipulation to Authenticity and Procedures for Admissibility**

21. All Custodial Documents and Transactional Data produced to Stipulating MDL Plaintiffs by NewCo in response to the Subpoena and pursuant to this Agreed Order will be deemed an authentic and genuine copy of a document found in NewCo's files in satisfaction of the requirements of authentication and identification of Rule 901 or 902 of the Federal Rules of Evidence.

22. No later than 60 days before the deadline for the final pretrial conference for any trial in the MDL, Plaintiffs involved in that particular trial collectively shall send to NewCo and MDL Debtors a list of documents for which a stipulation is sought that each document is a "business record" of any of MDL Debtors or NewCo satisfying all the requirements of Rule 803(6) of the Federal Rules of Evidence. Within 30 days of receiving such a list, NewCo shall notify Plaintiffs which, if any, document on the list the receiving party contends does not qualify as an authentic business record and why. For such identified documents, the parties shall negotiate in good faith in an effort to resolve any remaining disputes and, within 21 days of the receiving party's initial response, may raise any unresolved disputes with respect to the

foregoing with the Special Masters. Documents appearing on the aforementioned list that are not disputed before the Special Masters shall be deemed authentic business records for all trials in the MDL. Nothing herein is intended to prevent the parties from discussing and reaching additional stipulations regarding documents at earlier times.

23. If the parties cannot agree on the qualification of the document as authentic and/or as a business record pursuant to Rule 901 and Rule 803(6), Plaintiffs shall have the right to conduct a single deposition of a NewCo employee with knowledge on the subject limited to the status of the document as authentic and/or as a "business record" under Rule 901 and Rule 803(6). Such depositions shall be scheduled at a mutually agreeable time and place or, if no agreement as to location is reached and assuming the deposition is not conducted remotely but in person, in Cook County, Illinois. Nothing herein prevents a Stipulating MDL Plaintiff from seeking to call, at trial, a custodian of records witness or witnesses to address any continuing objection regarding the status of a document as authentic and/or as a business record.

24. The parties shall bear their own costs with respect to the procedures outlined herein relating to authenticity and admissibility of discovery materials produced by NewCo.

### III.   RESERVATION OF RIGHTS

25. Stipulating MDL Plaintiffs have reserved the right to proceed to judgment against MDL Debtors in any trial conducted in the Generics MDL involving a complaint to which any MDL Debtor is a party. Stipulating MDL Plaintiffs reserve the right to seek trial testimony from any current or former employee of NewCo.

### IV.   JURISDICTION

26. NewCo irrevocably submits to the jurisdiction of the MDL Court solely for the limited purpose of enforcement of, or compliance with, this Agreed Order.

27. The Stipulating Parties agree that the MDL Court shall have jurisdiction over disputes arising out of this Agreed Order. The Stipulating Parties agree to follow the Special Masters' Protocol, PTO No. 163, Dkt. 1707, at Paragraph No. 4, which sets forth the procedures for the allocation of responsibility between Special Masters Marion and Special Discovery Master Merenstein.

## V. RIGHT TO MODIFY TERMS

28. The terms of this Order may be modified by consent of the Stipulating Parties and approval of the MDL Court or by further order of the MDL Court.

It is so **STIPULATED.**

Dated: April 8, 2021

| | |
|---|---|
| /s/ W. Joseph Nielsen<br>W. Joseph Nielsen<br>Assistant Attorney General<br>55 Elm Street<br>P.O. Box 120<br>Hartford, CT 06141-0120<br>(860) 808-5040<br>(860) 808-5033 (fax)<br>Joseph.Nielsen@ct.gov<br><br>*Liaison Counsel for the States* | /s/ William J. Blechman<br>William J. Blechman<br>KENNY NACHWALTER, P.A.<br>1441 Brickell Avenue<br>Suite 1100<br>Miami, Florida  33131<br>(305) 373-1000<br>(305) 372-1861 (fax)<br>E-mail: wblechman@knpa.com<br><br>*Liaison Counsel for Direct Action Plaintiffs and Counsel for the Kroger Direct Action Plaintiffs* |
| /s/ Roberta D. Liebenberg<br>Roberta D. Liebenberg<br>FINE, KAPLAN AND BLACK, R.P.C.<br>One South Broad Street, 23rd Floor<br>Philadelphia, PA 19107<br>(215) 567-6565<br>(215) 568-5872 (fax)<br>rliebenberg@finekaplan.com<br><br>*Liaison and Lead Counsel for the End-Payer Plaintiffs* | /s/ Dianne M. Nast<br>Dianne M. Nast<br>NASTLAW LLC<br>1101 Market Street, Suite 2801<br>Philadelphia, PA 19107<br>(215) 923-9300<br>(215) 923-9302 (fax)<br>dnast@nastlaw.com<br><br>*Liaison and Lead Counsel for the Direct Purchaser Plaintiffs* |

| | |
|---|---|
| /s/ Jonathan W. Cuneo<br>Jonathan W. Cuneo<br>CUNEO GILBERT & LADUCA LLP<br>4725 Wisconsin Ave. NW, Suite 200<br>Washington, DC 20016<br>(202) 789-3960<br>(202) 789-1813 (fax)<br>jonc@cuneolaw.com<br><br>*Lead Counsel for the Indirect Reseller Plaintiffs* | |
| /s/ Anthony C. Porcelli<br>Anthony C. Porcelli<br>POLSINELLI PC<br>150 N. Riverside Plaza, Suite 3000<br>Chicago, IL 60606<br>(312) 819-1900<br>(312) 819-1910 (fax)<br>aporcelli@polsinelli.com<br><br>Amy D. Fitts<br>POLSINELLI PC<br>900 W. 48th Place, Suite 900<br>Kansas City, MO 64112<br>(816) 753-1000<br>(816) 222-0425 (fax)<br>afitts@polsinelli.com<br><br>*Counsel for Akorn Operating Company LLC* | |