IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | MDL 2724<br><br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |

### PRETRIAL ORDER NO. 167
### (CONFIDENTIALITY DESIGNATION ORDER AS TO AKORN OPERATING COMPANY)

**AND NOW**, this 19th day of April 2021, upon consideration of the attached stipulation of counsel to Establish Certain Confidentiality Designation and Clawback Guidelines ("Stipulation"), and upon consideration of the Order of the Bankruptcy Court modifying the automatic stay for the purpose of allowing limited discovery,[1] it is hereby **ORDERED** that the Stipulation is **APPROVED**. Certain discovery processes previously provided in Pretrial Order No. 105 are hereby **AMENDED** as set forth by the parties in the Stipulation.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

---

[1] *In re Akorn, Inc.*, No. 20-11177 (Bankr. D. Del.) (Doc. No. 938 entered Apr. 9, 2021).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 |
| | 16-MD-2724 |
| THIS DOCUMENT RELATES TO: | HON. CYNTHIA M. RUFE |
| *ALL ACTIONS* | |

### JOINT STIPULATION TO ESTABLISH CERTAIN CONFIDENTIALITY DESIGNATION AND CLAWBACK GUIDELINES FOR AKORN OPERATING COMPANY

**WHEREAS** the Court entered a Case Management Order and Discovery Schedule on October 24, 2019 (Pretrial Order No. 105, ECF 1135) that established processes and deadlines relating to confidentiality designations and clawbacks for certain discovery in MDL 2724;

**WHEREAS** on May 20, 2020, Defendants Akorn, Inc., Akorn Sales, Inc., Hi-Tech Pharmacal Co., Inc., and VersaPharm, Inc. ("Akorn Defendants") filed for bankruptcy and subsequently invoked the automatic bankruptcy stay under Bankruptcy Code Section 362, which stayed discovery in the MDL with respect to the Akorn Defendants;

**WHEREAS** on August 19, 2020, MDL Plaintiffs filed a Motion for Relief from the Automatic Bankruptcy Stay under Section 362(d)(1);

**WHEREAS** the parties in the MDL have engaged in extensive, good faith negotiations to resolve MDL Plaintiffs' Motion for Relief from Stay, and in furtherance of the Akorn Defendants' and MDL Plaintiffs' agreement to resolve that Motion, those parties along with non-party Akorn Operating Company LLC ("**Akorn Operating Company**") have identified and agreed upon appropriate revised processes and deadlines relating to confidentiality designations and clawbacks,

1

applicable to discovery falling within the scope of PTO 105 that will be produced by non-party Akorn Operating Company;

**WHEREAS** pursuant to the aforementioned good faith negotiations, the Akorn Defendants and non-party Akorn Operating Company negotiated separately from the other corporate defendants in the MDL with respect to the manner in which they may apply confidentiality designations to the custodial documents they produce;

**NOW, THEREFORE**, it is jointly stipulated and agreed by and among the parties, through their undersigned liaison counsel:

A. Plaintiffs, the Akorn Defendants and Akorn Operating Company have agreed to revised procedures and deadlines relating to Defendants' confidentiality designations pursuant to paragraph 3.e.i-ii of PTO 105, as stated below.

B. Plaintiffs and the Akorn Defendants and Akorn Operating Company have agreed to revised procedures and deadlines relating to Defendants' clawback requests pursuant to paragraph 3.e.iii-iv of PTO 105, as stated below.

C. All other provisions of PTOs 105, 110 and 123 remain in effect.

3. **DISCOVERY OF CUSTODIAL FILES**

    **Section 3(e)(i)-(iv):** The following provisions shall supersede and replace paragraphs 3.e.i through 3.e.iv of PTO 105 as to the Akorn Defendants and Akorn Operating Company:

    e. Confidentiality:

       i. "Blanket" Designations per PTO 53. Custodial documents produced and designated/stamped at the confidentiality level "Outside Counsel Eyes Only" by any Akorn Defendant or Akorn Operating Company shall remain so designated/stamped in the MDL, subject to modifications under PTO 53 (or any

       amended version thereof), other Court Order, or other applicable law. Those Akorn Defendants who have already produced custodial documents with a confidentiality designation/stamp lesser than "Outside Counsel Eyes Only" are permitted – but not required – to produce to all MDL parties an overlay for those productions to re-designate the documents therein as "Outside Counsel Eyes Only," and if such documents are not re-designated, the confidentiality designation lesser than "Outside Counsel Eyes Only" shall remain intact.

ii. The terms of the PTO 53, or any amendment or subsequent Protective Order, shall continue to apply to Akorn Defendants' and Akorn Operating Company's produced custodial documents, including but not limited to the right of any party to seek a de-designation or re-designation of any documents.

iii. Akorn Defendants and Akorn Operating Company consent, under ¶ 5.3(k) of PTO 53 (any amended version thereof), to the disclosure of any custodial documents produced by them to any testifying witness in the MDL, provided that the examining party has a good-faith basis to believe that the matters memorialized in the document are relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Akorn Defendants and Akorn Operating Company retain the right to object to and challenge the disclosure of any custodial document to any testifying witness in the MDL where an Akorn Defendant or Akorn Operating Company does not believe Plaintiffs have a good-faith basis, as set forth above, for such disclosure.

iv. Notwithstanding the agreed-upon or Court-ordered disclosure to a testifying witness of any custodial document produced by an Akorn Defendant or Akorn

        Operating Company, said document shall remain designated as "Outside Counsel Eyes Only" for all other purposes in the MDL, subject to appropriate modification under PTO 53 (or any amended version thereof).

   v.   The foregoing procedures regarding confidentiality designations may be amended by agreement or stipulation of the parties, subject to Court approval.

**Section 3(f) Clawbacks:** The following provisions shall be incorporated into PTO 105 as a new section 3(f) and shall govern the issuance of requests for clawback and objections thereto as to the Akorn Defendants and Akorn Operating Company:

   i.   Akorn Defendants and Akorn Operating Company specifically forego their rights to seek to clawback any and all produced custodial documents containing "competitively sensitive or trade secret information" or "business information unrelated to the allegations in any MDL pleading," as set forth in PTOs 105 and 70. Akorn Defendants and Akorn Operating Company retain their rights to seek to clawback any custodial documents containing "personal or embarrassing information unrelated to any allegation in the MDL," as set forth in PTOs 105 and 70. Plaintiffs retain their rights to challenge any clawback request.

   ii.   For any document produced pursuant to paragraph 3 of PTO 105 subject to the clawback reservation set forth in subparagraph i. above, Akorn Defendants and/or Akorn Operating Company may notify Plaintiffs of its intent to clawback such document (as guided by PTO 70). The deadlines for such clawback shall be within 60 days of Akorn Defendants' or Akorn Operating Company's production of documents.

iii. Plaintiffs shall respond to each clawback request within 60 days, by identifying those documents for which they object to the clawback. Any document not objected to within 60 days may be clawed back by the Akorn Defendants and/or Akorn Operating Company.

   a. The parties may meet and confer regarding modifications of these deadlines.

   b. If Plaintiffs notice a deposition and Akorn Defendants and/or Akorn Operating Company determines that any documents sent to or received by the deponent are subject to a pending clawback request, each such producing entity shall promptly meet and confer with Plaintiffs to resolve the relevant clawback request(s). Such meet and confer request shall be conducted at least ten days before the deposition is to commence, shall be copied to the Deposition Coordinators, and shall identify the date of the specific clawback request(s) and the Bates numbers of the documents at issue.

iv. Any disputes relating to clawback objections shall be resolved pursuant to PTO 163 (or any amended version thereof).

v. Within 10 days of the date when Akorn Defendants and/or Akorn Operating Company produces an overlay for any document that is deemed clawed back either by agreement, the formal or informal resolution of a dispute, or via the lapse of an applicable deadline, the Receiving Party will provide written confirmation to the Producing Party that the overlay has been applied and that any predecessor document has otherwise been returned or destroyed.

    vi.    The terms of PTO 53, or any amendment or subsequent Protective Order, shall continue to apply to Akorn Defendants' and Akorn Operating Company's produced custodial documents, including but not limited to the right of any party to clawback any inadvertently produced privileged documents.

It is so **STIPULATED**.

Dated: April 8, 2021

| | |
|---|---|
| */s/ W. Joseph Nielsen*<br>W. Joseph Nielsen<br>Assistant Attorney General<br>55 Elm Street<br>P.O. Box 120<br>Hartford, CT 06141-0120<br>(860) 808-5040<br>(860) 808-5033 (fax)<br>Joseph.Nielsen@ct.gov<br><br>*Liaison Counsel for the States* | */s/ William J. Blechman*<br>William J. Blechman<br>KENNY NACHWALTER, P.A.<br>1441 Brickell Avenue<br>Suite 1100<br>Miami, FL 33131<br>(305) 373-1000<br>(305) 372-1861 (fax)<br>E-mail: wblechman@knpa.com<br><br>*Liaison Counsel for Direct Action Plaintiffs and Counsel for the Kroger Direct Action Plaintiffs* |
| */s/ Roberta D. Liebenberg*<br>Roberta D. Liebenberg<br>FINE, KAPLAN AND BLACK, R.P.C.<br>One South Broad Street, 23rd Floor<br>Philadelphia, PA 19107<br>(215) 567-6565<br>(215) 568-5872 (fax)<br>rliebenberg@finekaplan.com<br><br>*Liaison and Lead Counsel for the End-Payer Plaintiffs* | */s/ Dianne M. Nast*<br>Dianne M. Nast<br>NASTLAW LLC<br>1101 Market Street, Suite 2801<br>Philadelphia, PA 19107<br>(215) 923-9300<br>(215) 923-9302 (fax)<br>dnast@nastlaw.com<br><br>*Liaison and Lead Counsel for the Direct Purchaser Plaintiffs* |

6

| | |
|---|---|
| */s/ Jonathan W. Cuneo*<br>Jonathan W. Cuneo<br>CUNEO GILBERT & LADUCA LLP<br>4725 Wisconsin Ave. NW, Suite 200<br>Washington, DC 20016<br>(202) 789-3960<br>(202) 789-1813 (fax)<br>jonc@cuneolaw.com<br><br>*Lead Counsel for the Indirect Reseller Plaintiffs* | |
| */s/ Anthony C. Porcelli*<br>Anthony C. Porcelli<br>POLSINELLI PC<br>150 N. Riverside Plaza, Suite 3000<br>Chicago, IL 60606<br>(312) 819-1900<br>(312) 819-1910 (fax)<br>aporcelli@polsinelli.com<br><br>Amy D. Fitts<br>POLSINELLI PC<br>900 W. 48th Place, Suite 900<br>Kansas City, MO 64112<br>(816) 753-1000<br>(816) 222-0425 (fax)<br>afitts@polsinelli.com<br><br>*Counsel for Akorn Operating Company LLC* | |