IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | : MDL NO. 2724 <br> : 16-MD-2724 <br> : <br> : HON. CYNTHIA M. RUFE <br> : |
| *ALL ACTIONS* | : |

**SPECIAL MASTER DAVID H. MARION'S SIXTH REPORT AND RECOMMENDATION REGARDING CERTAIN DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM THE NEW YORK OFFICE OF ATTORNEY GENERAL**

**I.    THE DISPUTE**

Certain Defendants moved to compel the State of New York ("NY") through its Office of Attorney General ("OAG") (1) to comply with PTO 95, §7 (ESI Protocol) by identifying certain custodians and data sources as part of ESI discovery; and (2) to produce relevant discovery from NY State entities whose purchases/reimbursements of/for generic drugs form the basis for NY's damages claims.

NY, however, opposes assuming responsibility for such discovery beyond two entities as to which it has already disclosed information on which it will rely at trial. The NY OAG points to statutory authority to the effect that the OAG can seek damages for any and all NY public entities – but that does not make those entities parties for purposes of discovery. Therefore, beyond disclosures already made, the NY OAG will not identify custodians or produce materials from such entities, noting that the Defendants can subpoena such agencies as with any other non-parties.

27004353v.1

## II.     DISCUSSION

This is now the fifth dispute presented to me involving certain defendants contending that State certain plaintiffs have refused to provide what defendants claimed was discovery properly and necessarily required for them to defend against the antitrust claims alleged against them (the "State Dispute").

There were elements in each of those State Disputes which were similar to the others, as well as differences specific to each one. The first three State Disputes were resolved following my providing informal recommendations, either by the parties accepting my proposal, or by the parties' further negotiations based on my proposal. The circumstances surrounding the fourth dispute were quite extraordinary, and – because of long delays which had already occurred – I issued an informal R&R simultaneously with filing the same formally with the Court. Thereafter, I submitted a supplemental recommendation containing specific remedial suggestions. In this NY case, the issues were set forth in letter briefing submitted to the Special Masters, a conference call with argument and discussion was held, and the parties agreed with my suggestion that we omit the informal recommendation process (which appeared to be futile given the parties unwavering positions ) and proceed to the formal R&R stage.

## III.    CONSIDERATIONS LEADING TO RECOMMENDED RESOLUTION

1.     Defendants have alleged that: "New York is the only State pursuing damages for state agencies that refuses to propose Potential Custodians or disclose appropriate Sources of Relevant Documents and ESI, in contravention of Section 7 of the ESI Protocol." New York has not challenged the accuracy of that statement.

2.     The Plaintiffs have received broad and extensive discovery from the Defendants, as warranted by the federal rules and relevant case law , and consistent with the seriousness of the antitrust violations alleged and the statutory trebling of the possibly substantial damages that

27004353v.1

may exist (possibly augmented by award of attorneys' fees and pre-judgment interest). Subsequently, the Defendants' are entitled to reasonable discovery to allow them to defend their clients against these claims, whether relating to liability or damages.

3. The relevant case law supports the notion that, if New York State seeks to collect damages to reimburse state agencies for their losses, it must collect and produce data to support those claims <u>and</u> data which might be relevant for Defendants to contest those claims.

4. If the NY OAG is determined to protect state agencies from any burdens of discovery, it, or such agencies can seek protection from undue burdens, or the claims on behalf of such agencies can be eliminated from the case. If there are particular problems or burdens involving a state agency's participation, it can be dealt with appropriately by the special masters or the Court. In that regard, I note that the ESI special master listened to the conference call I held with the parties, has agreed with my contemplated recommendation, and offered to be available to assist me if ESI/technology issues should arise.

5. The OAG's insistence that Defendants must subpoena state agencies under Rule 45 of the Federal Rules of Civil Procedure as non-parties, is not consistent with established case law and will undoubtedly result in needless delay and additional expense.

## IV. **RECOMMENDED ORDER**

In accordance with the above, I recommend that an Order be entered containing the following provisions, subject to the Court's approval or modifications:

1. Upon consideration of Certain Defendants' Motion to Compel, the State of New York's responses thereto, and Special Master David H. Marion's Sixth Report and Recommendation (R&R), it is hereby ordered that said R&R is approved as set forth herein.

2. Plaintiff State of New York, within fourteen (14) days from the date of this Order, shall disclose to the Defendants, in accordance with PTO No. 95: (1) Potential Custodians to be

designated as Agreed Custodians; and (2) custodial and non-custodial Data Sources as to each New York State entity for which New York will seek to recover damages.

3. Within thirty (30) days from the date of this Order, Plaintiff State of New York shall produce relevant data and documents from Custodial and non-custodial sources as to each State agency for which New York seeks to recover damages.

4. If there are particular problems or burdens imposed by this Order, Plaintiff State of New York may seek, in good faith, for good cause shown, and prior to expiration of the above deadlines, relief by application to the special masters who will work collectively depending on the circumstances and the nature of the grounds asserted therefore, to promptly resolve the issues asserted therein.

5. Failure to comply with the terms hereof shall be grounds for objection to or preclusion of claim(s) for relief related to such failure.

Respectfully submitted,

*/s/ David H. Marion*
David H. Marion
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Tel: (215) 864-7000
*mariond@whiteandwilliams.com*

Dated:  April 21, 2021