UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERICS PHARMACEUTICAL PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |

**PLAINTIFF STATE OF CALIFORNIA'S REPLY TO
DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINITFF STATE OF
CALIFORNIA'S OBJECTIONS TO SPECIAL MASTER DAVID H. MARION'S
SUPPLEMENTAL RECOMMENDATION NO. 5**

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................1

II. STANDARD OF REVIEW ..............................................................................................2

III. ARGUMENT .....................................................................................................................3

    A.    The Supplemental Recommendation Fails to Apply the Appropriate Test for Imposing Evidence Preclusion Sanctions.........................................................3

    B.    The Supplemental Recommendation Makes No Findings as to Defendants' Claimed Prejudice and Defendants Are Unable to Overcome This Error.............5

    C.    Defendants' Inability to Provide Details Regarding Other Supposed Agreements Exposes Additional Flaws in the Supplemental Recommendation ...............................................................................................7

    D.    Defendants' Request for Attorney's Fees Should Be Denied for Failing to Comply with the Court's Order Adopting the Fifth Report and Recommendation as Well as Third Circuit Precedent .........................................8

IV. CONCLUSION ................................................................................................................10

## TABLE OF AUTHORITIES

**CASES**

*EFG Bank AG v. Lincoln Nat'l Life Ins. Co. (In re Lincoln Nat'l Coi Litig.)*
2019 WL 3940912 (E.D. Pa. Aug. 21, 2019) ............................................................ 2

*Forrest v. Beloit Corp.*
424 F.3d 344 (3d Cir. 2005) ..................................................................................... 2

*In re Bristol-Myers Squibb Sec. Litig.*
205 F.R.D. 437 (D.N.J. 2002) .................................................................................. 4

*In re Mazzocone*
1995 WL 113110 (E.D. Pa. Mar. 16, 1995) ............................................................. 5

*Koon v. United States*
518 U.S. 81 (1996) ................................................................................................... 4

*Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*
188 F.3d 116 (3d Cir. 1999) ..................................................................................... 6

*Nat'l Med. Imaging v. United States Bank N.A.*
2019 WL 9809616 (E.D. Pa. Jan. 31, 2019) ............................................................ 3

*Nicholas v. Pennsylvania State Univ.*
227 F.3d 133 (3d Cir. 2000) ............................................................................ *passim*

*Orr v. Weeks Marine, Inc.*
2006 WL 8457632 (D.N.J. Dec. 21, 2006) .............................................................. 7

*Pawlak v. Greenawalt*
713 F.2d 972 (3d Cir. 1983) ............................................................................... 9, 10

*Samuel Son & Co. v. Beach*
2014 WL 5089718 (W.D. Pa. Oct. 9, 2014) ......................................................... 3, 4

*Solotar v. Northland Hearing Ctrs., Inc.*
2017 WL 6520538 (E.D. Pa. Dec. 20, 2017) ........................................................... 4

*Stahlnecker v. Sears*
2009 WL 661927 (E.D. Pa. Mar. 11, 2009) ............................................................. 6

*Welch & Forbes, Inc. v. Cendant Corp. (In re Cendant Corp. Prides Litig.)*
235 F.3d 176 (3d Cir. 2000) ..................................................................................... 4

# TABLE OF AUTHORITIES
(continued)

**RULES**

| | |
|---|---|
| Fed. R. Civ. P. 45 | 5 |
| Fed. R. Civ. P. 53(f) | 1 |
| Fed. R. Civ. P. 53(f)(5) | 2 |
| Fed. R. Civ. P. 60(b) | 4 |

Pursuant to Rule 53(f) of the Federal Rules of Civil Procedure and Pretrial Order No. 163, ECF No. 1707, Plaintiff State of California ("California") submits this Reply to Defendants' Response in Opposition to Plaintiff State of California's Objections to Special Master David H. Marion's Supplemental Recommendation No. 5 (the "Supplemental Recommendation or SR"), ECF No. 1745.  For the reasons set forth below, California further supports its objections to the Supplemental Recommendation, and respectfully requests that they be sustained and the Supplemental Recommendation be rejected.

## I.   INTRODUCTION

Refusing to accept the proper legal test for assessing the imposition of evidence preclusion sanctions, Defendants opt instead to double down on the same flawed legal analysis employed by the Supplemental Recommendation.[1]  And it is because of this flawed legal analysis—the failure to acknowledge and apply the Third Circuit's *Nicholas* factors—that the Supplemental Recommendation should be rejected, regardless of the standard of review applied.  The absence of a proper analysis under *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000) constitutes an abuse of discretion under Third Circuit law.  Moreover, Defendants are unable to overcome this error because, even under *de novo* review, Defendants' request for evidence preclusion sanctions must be denied because they are unable to articulate sufficient prejudice resulting from California's conduct.  The only supposed prejudice Defendants can offer concerns information in California's possession that it does not intend to use for its claims of disgorgement and civil penalties—information never requested by Defendants as part of the

---

[1] Defendants do not challenge California's contention that both the parties' discovery agreement and the Supplemental Recommendation are limited to materials relating to California's claims for disgorgement and civil penalties and exclude materials produced in this action by other parties or obtained pursuant to subpoena.  *See* Objections at 5-6.

parties' discovery agreement. Without any cognizable prejudice, the *Nicholas* factors weigh in favor of California and support the rejection of the Supplemental Recommendation.

**II.     STANDARD OF REVIEW**

California does not dispute that an objection to a special master's rulings on procedural matters is subject to an abuse of discretion standard. *See* Fed. R. Civ. P. 53(f)(5). However, contrary to Defendants' assertion, it is unclear whether such rulings on discovery issues constitute procedural matters under the rule. *See EFG Bank AG v. Lincoln Nat'l Life Ins. Co. (In re Lincoln Nat'l Coi Litig.)*, 2019 WL 3940912, at *2 (E.D. Pa. Aug. 21, 2019) (explaining a split among district courts as to which standard of review applies to discovery recommendations made by special masters and choosing to apply a *de novo* standard to the challenged discovery recommendation before it). Although Defendants advocate for an abuse-of-discretion standard, they fail to provide any explanation for how that standard is applied in practice. Under Third Circuit precedent, there is an abuse of discretion if a decision "rests upon a clearly erroneous finding of fact, errant conclusion of law or an improper application of law to fact." *Forrest v. Beloit Corp.*, 424 F.3d 344, 349 (3d Cir. 2005) (internal quotations and citations omitted).

Regardless of the standard of review applied here, California's objections to the Supplemental Recommendation should be sustained. The Supplemental Recommendation concludes that California should be subject to evidence preclusion sanctions for its failure to abide by certain discovery agreements with Defendants without applying the proper test for such sanctions set forth by the Third Circuit in *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000)—an undeniably errant conclusion of law. When employing a *de novo* review of Defendants' application for sanctions, it is clear that the *Nicholas* factors weigh against the imposition of evidence preclusion sanctions.

### III. ARGUMENT

#### A. The Supplemental Recommendation Fails to Apply the Appropriate Test for Imposing Evidence Preclusion Sanctions.

As this Court has recognized, the factors established by the Third Circuit in *Nicholas v. Pennsylvania State Univ.* serve as the proper test for determining "'whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery duties.'" *Nat'l Med. Imaging v. United States Bank N.A.*, 2019 WL 9809616, at *2, n.9 (E.D. Pa. Jan. 31, 2019) (quoting *Nicholas*, 227 F.3d at 148). To reiterate, those factors are "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation." *Nicholas*, 227 F.3d at 148. Despite clear guidance from the Third Circuit and this Court on the issue of evidence preclusion, the Supplemental Recommendation chooses to apply an entirely different test—a legally improper one.

The Supplemental Recommendation rests its decision to propose evidence preclusion sanctions against California on the need "to enforce proper discovery requests and to protect the meet-and-confer process." SR at 4. In support of this decision, the Supplemental Recommendation cites, without analysis or explanation, two cases neither of which applies the *Nicholas* factors to a request for the preclusion of evidence. *Id.* The first case, *Samuel Son & Co. v. Beach*, 2014 WL 5089718 (W.D. Pa. Oct. 9, 2014), simply stands for the proposition that discovery agreements reached by counsel during meet-and-confer discussions are enforceable. *See Samuel Son & Co.* at *4 (agreeing with special master's report and recommendation "to the extent that it is interpreted as enforcing an agreement reached by counsel for the parties during

3

the meet and confer held between counsel"). Notably, this case—again, relied on by the Supplemental Recommendation to support its proposal for evidence preclusion sanctions—concerns a court's review of a report and recommendation where the special master decided against recommending evidence preclusion sanctions. *Id.* at *2. As for the second case in the Supplemental Recommendation, *In re Bristol-Myers Squibb Sec. Litig.*, 205 F.R.D. 437 (D.N.J. 2002), it appears to be cited for the same proposition, that agreements between the parties should be enforced. *See In re Bristol-Myers Squibb Sec. Litig.*, 205 F.R.D. at 444 ("It is essential to our system of justice that lawyers and litigants, above all, abide by their agreements and live up to their own expectations.").

   Not only does the Supplemental Recommendation fail to use the *Nicholas* factors to assess Defendants' request for evidence preclusion sanctions, it does not even cite to other cases conducting the requisite analysis. The Supplemental Recommendation's decision to propose evidence preclusion sanctions to protect the meet-and-confer process and hold California to its discovery agreements is a test unsupported by the law. Each of these errors—applying an incorrect legal standard and ignoring the factors set forth by the Third Circuit—constitutes an abuse of discretion. *See Koon v. United States*, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law."); *Welch & Forbes, Inc. v. Cendant Corp. (In re Cendant Corp. Prides Litig.)*, 235 F.3d 176, 182 (3d Cir. 2000) (finding the district court abused its discretion by failing to apply the Supreme Court's factors for determining "excusable neglect" in connection with a Rule 60(b) motion).[2]

---

[2] The Supplemental Recommendation also erroneously proposes precluding California from using evidence yet to be produced in this action. *See Solotar v. Northland Hearing Ctrs., Inc.*, 2017 WL 6520538, *3 (E.D. Pa. Dec. 20, 2017) ("We are satisfied that it would be premature to exclude unidentified evidence that has not yet been put forth by either party, let alone categorically exclude all evidence and information produced after the close of discovery.").

4

### B. The Supplemental Recommendation Makes No Findings as to Defendants' Claimed Prejudice and Defendants Are Unable to Overcome This Error.

As proponents of an abuse-of-discretion standard, Defendants find themselves in a difficult position on the issue of prejudice because the Supplemental Recommendation does not contain a single finding of fact relating to Defendants' claims of prejudice. SR at 2-4. While the Supplemental Recommendation ignores the *Nicholas* factors in its assessment of Defendants' request for sanctions, some finding of prejudice was expected given that the Court's February 26, 2021 order adopting the Fifth Report and Recommendation (the "February 26 Order"), specifically required such a finding. Dkt. 1698 at 2. The absence of any findings of fact on the issue of prejudice in the Supplemental Recommendation constitutes a separate abuse of discretion. *See In re Mazzocone,* 1995 WL 113110, *9 (E.D. Pa. Mar. 16, 1995) (finding an abuse of discretion where bankruptcy court failed to make appropriate findings of fact relating to contested fee applications).

Even under *de novo* review, Defendants have not shown sufficient prejudice with respect to the Analysource and IQVIA data to warrant evidence preclusion sanctions under *Nicholas*. Because the Supplemental Recommendation is devoid of any finding of prejudice, Defendants are left with the two prejudice claims contained in their opposition brief: (1) California could continue to disregard its discovery obligations; and (2) Defendants would be unable to determine whether the data sets that California possesses but does not intend to use are damaging to its claims.[3] Opp. at 11-12. But, as the Third Circuit has explained, "prejudice is not

---

[3] In its opening brief, California explained that this dispute is limited to Defendants' requests for documents and data relating to California's claims for disgorgement and civil penalties. *See* Objections at 2-4. Though Defendants' opposition is silent on this issue, their failure to claim any prejudice relating to materials produced by other entities in this MDL, including materials produced pursuant to Rule 45 subpoenas, confirms California's understanding that this dispute, and thus the Supplemental Recommendation, is limited to the Analysource and IQVIA data.

5

an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence." *Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 188 F.3d 116, 127 (3d Cir. 1999). A review of the record shows that there is not sufficient evidence to support either of Defendants' alleged claims of prejudice.

As for the first claimed prejudice, this is precisely the type of speculative harm that fails to rise to the level of cognizable prejudice. Unsurprisingly, there is no evidence to support this claim because it is premised on Defendants' concern that California will seek to avoid unidentifiable discovery obligations in the future. Similarly, there is insufficient evidence to support Defendants' second claimed prejudice. Instead of offering specific details about how California's withholding of data that it will not use will affect how they conduct discovery or their ability to prepare for trial, Defendants merely offer a conclusory statement about being unable to evaluate such data. *See, e.g., Stahlnecker v. Sears,* 2009 WL 661927, *2 (E.D. Pa. Mar. 11, 2009) (finding a lack of sufficient prejudice where there was no contention that the challenged discovery "would have altered the course of discovery or changed the trajectory of this case.")

Aside from the lack of factual support, a closer look at Defendants' second claimed prejudice reveals a devastating defect—the alleged prejudice hinges on data that Defendants did not request from California as part of this discovery dispute. In its opening brief, California carefully laid out the scope of its meet-and-confer agreement with Defendants. *See* Objections at 2-4. As part of that agreement, Defendants asked California to "identify the nature and source of all known documents and data California **will rely upon to prove** its purported entitlement to any monetary relief" and produce any such identified documents. *Id. at* 3 (emphasis added). But now, as part of their alleged prejudice, Defendants argue California's withholding of the

6

Analysource and IQVIA data prevents them from "explor[ing] whether the data sets that California possesses but *does not intend to use* are damaging to their claims." Opp. at 12 (emphasis added). It is apparently lost on Defendants that, even if California were to produce the Analysource and IQVIA data that it will rely on to prove its claims of disgorgement and civil penalties, they will still be without the data that is the subject of this alleged prejudice because the discovery agreement between the parties did not seek documents and data that California will not rely upon. In the absence of any sufficient claims of prejudice, the *Nicholas* factors weigh in favor of California for the reasons set forth in the opening brief.[4] *See* Objections at 10-13.

### C. Defendants' Inability to Provide Details Regarding Other Supposed Agreements Exposes Additional Flaws in the Supplemental Recommendation.

In support of its recommendation for evidence preclusion sanctions, the Supplemental Recommendation cites California's "repeated disregard of discovery obligations and agreements" without reference to any materials in the record, as well as a claim that California had previously agreed to the proposed sanctions, making only a vague reference to the parties' meet-and-confer correspondence. SR at 5. Defendants refer to these same justifications at the outset of their opposition (*see* Opp. at 1),[5] but then abandon them almost entirely when forced to

---

[4] Since Defendants are unable to show sufficient prejudice, California need not address the ability to cure under *Nicholas*. *See Orr v. Weeks Marine, Inc.*, 2006 WL 8457632, *7 (D.N.J. Dec. 21, 2006) ("Because the Court finds that the failure to disclose immediately does not rise to the level of unfair prejudice, the second *Nicholas* factor, ability to cure the prejudice, is not applicable.").

[5] Defendants also reference alleged agreements with California concerning a proposed discovery schedule requested by Special Master Marion. *See* Opp. at 2-3. But a review of Defendants' proposed "schedule" shows that it was nothing more than a disguised attempt to improperly obtain discovery beyond the scope of the parties' initial agreement. First, the proposed schedule removes any reference to disgorgement or civil penalties, and simply uses the broad term "claims." Second, through this schedule, Defendants sought to require California to identify by Bates number all documents on which it might rely that have already been produced in the MDL by Plaintiffs or third parties within a matter of weeks. Third, the schedule sought to compel

7

provide supporting evidence for these assertions. Despite an entire argument section dedicated to California's alleged discovery agreements (*see* Opp. at 10), the lone "agreement" cited by Defendants represents a mischaracterization of the record. In support of their contention that California agreed to the Supplemental Recommendation's proposed sanctions, Defendants refer, not to a statement by California, but to their own email. *See* Opp., Ex. 9 at 5. Then, in an attempt to show a meeting of the minds, Defendants misleadingly quote the following from a California email: "We are no longer objecting to the 'good cause' standard set forth in [Defendants'] proposed deadlines[.]". Opp. at 10; *see also* Opp., Ex. 10 at 5. Had Defendants quoted the entirety of that sentence, it would have shown that California immediately objects to Defendants' proposal that a subsequent request by an expert for information shall not constitute good cause. *Id.*, Ex. 10 at 5. Then, in the very next sentence, California identifies two issues remaining in dispute—the production of the Analysource and IQVIA data and Defendants' desire to impose a third-party discovery deadline. *Id.* Even under the most generous of readings, this exchange cannot be construed as an agreement by California to be subject to the proposed evidence preclusion sanctions.

### D. Defendants' Request for Attorney's Fees Should Be Denied for Failing to Comply with the Court's Order Adopting the Fifth Report and Recommendation as Well as Third Circuit Precedent.

The Court's February 26 Order is clear that Defendants were to submit, on or before March 20, 2021, an application for an award of attorney's fees. Dkt. 1698 at 2 (requiring "a showing of good cause therefore, and a documentation of the amounts thereof"). According to Defendants, their request was "documented and explained in detail." Opp. at 7. Here is the full

---

California to obtain all relevant third-party discovery in less than three months. *See* Opp., Ex. 12.

extent of the documentation and explanation provided by Defendants in their March 19 application for sanctions:

> Par seeks the imposition of a sanction approximating the costs incurred by Par to litigate this motion. The amount requested has been calculated conservatively, including only the 72.5 hours I have spent on the dispute in 2021, not the time I spent in 2020 drafting the original motion or any time billed by other Williams & Connolly attorneys and paralegals. Our fee request also applies a 10% discount to my usual billing rate of $850/hour.

Opp., Ex. 1 at 6 & n3.  Contrary to Defendants' assertion, California is not solely challenging the reasonableness of Defendants' fee request.  Opp. at 13.  Rather, the crux of California's challenge to Defendants' request is the insufficient documentation provided in their March 19 application.  But these two aspects—documentation and reasonableness—are interrelated.  As California explained in its opening brief, the Third Circuit has stated that "[t]he court's focus in assessing the adequacy of submitted documentation, then, is whether the documentation permits the court to determine if the claimed fees are reasonable."  *Pawlak v. Greenawalt*, 713 F.2d 972, 978 (3d Cir. 1983).  Defendants' inadequate "documentation" simply does not permit either the Court or the Special Master to determine the reasonableness of their request.

Defendants endeavor to sidestep this deficiency by citing to the Supplemental Recommendation's provision for a hearing on this issue and arguing that the reasonableness of their request will be determined at that time.  Opp. at 13.  While such a hearing affords Defendants the opportunity to offer a spirited oral defense of their request, one thing it surely does not offer is another opportunity for the submission of further documentation supporting their request.  In other words, either the Court or the Special Master will be left with nothing more than a footnote to assess the reasonableness of Defendants' fee request.  Because Defendants failed to submit sufficient documentation to permit an assessment of reasonableness, and have declined to correct this error, their request for attorney's fees should be denied.  *See*

9

*also Pawlak*, 713 F.2d at 978 (recognizing that "[o]utright denial may be justified when the party seeking fees declines to proffer any substantiation in the form of affidavits, timesheets or the like, or when the application is grossly and intolerably exaggerated, or manifestly filed in bad faith.") (quoting *Jordan v. United States Dep't of Justice*, 691 F.2d 514, 518 (D.C. Cir. 1982).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff State of California respectfully requests that the Court sustain its objections and enter an Order rejecting the Supplemental Recommendation.

Respectfully submitted,

STATE OF CALIFORNIA
Office of the Attorney General

ROB BONTA
Attorney General

KATHLEEN FOOTE
Senior Assistant Attorney General

NATALIE S. MANZO
Supervising Deputy Attorney General

/s/ Michael D. Battaglia
Michael D. Battaglia
Deputy Attorney General
CA Bar No. 290464

California Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Tel: (415) 510-3769
Fax: (415) 703-5480
Email: Michael.Battaglia@doj.ca.gov

*Counsel for Plaintiff State of California*