IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724 |
| | 16-MD-2724 |
| THIS DOCUMENT RELATES TO: | HON. CYNTHIA M. RUFE |
| *ALL ACTIONS* | |

**<u>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF STATES' OBJECTIONS TO SPECIAL MASTER MARION'S SUPPLEMENTAL FIFTH REPORT AND RECOMMENDATION</u>**

**TABLE OF CONTENTS**

INTRODUCTION. ...................................................................................................................1

BACKGROUND. ....................................................................................................................2

STANDARD OF REVIEW……………………………………………………………………..4

ARGUMENT…..………………………………………………….…………………………..4

I.    THE STATE OBJECTIONS SEEK TO RE-LITIGATE THE UNDERLYING
RECOMMENDATION, CONTRARY TO THE COURT'S ORDER. ..............................4

II.   THE STATE OBJECTIONS ARE WRONG ON THE MERITS. .....................................7

III.  THE STATES' OBSTRUCTION OF DISCOVERY IS NOT LIMITED TO
CALIFORNIA. ..................................................................................................................9

CONCLUSION....…………………………………………………………………………....10

# TABLE OF AUTHORITIES

## CASES

*Hickman v. Taylor*, 329 U.S. 495 (1947) ...................................................................................... 9

*Holmgren v. State Farm Mut. Auto Ins. Co.*, 976 F.2d 573 (9th Cir. 1992) ..................................... 9

*In re Grand Jury Subpoena Dated Nov. 8, 1979*, 622 F.2d 933 (6th Cir. 1980) ............................. 9

*Stein v. SEC*, 266 F. Supp. 3d 326 (D.C. Cir. 2017) ........................................................................ 9

*United States v. N.E. Med. Servs.*, 2014 WL 7208627 (N.D. Cal. Dec. 17, 2014) .......................... 8

## STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 26 ...................................................................................................................... 1, 8, 9

The Court granted the State Plaintiffs leave to file untimely objections to Special Master Marion's Supplemental Recommendation No. 5, Dkt. 1720 (the "Supplement"), and specifically ordered that such objections "must be limited to the sanctions issue in the [Supplement]." Order, Dkt. 1746, at 1 n.1 (Apr. 19, 2021). In defiance of that explicit Order, the States filed objections that make only passing references to sanctions and ignore the many factual bases for sanctions identified by the Special Master in the Supplement. Dkt. 1756 (the "State Objections"). Instead, the State Objections focus squarely on the Special Master's underlying Fifth Report & Recommendation, Dkt. 1677 (the "Recommendation"), to which the States did not timely object. Contrary to the Court's Order, the State Objections seek to re-litigate the Special Master's conclusion—which the Court has adopted in full—that the production of IQVIA and Analysource data on which a party will rely "cannot be postponed until the phase of expert witness discovery." Recommendation at 2.

The State Objections are also wrong on the merits. The States argue that requiring production of pre-existing factual data during fact discovery would both constitute premature expert discovery and violate the work product doctrine, but Rule 26 provides otherwise. The States also incorrectly assert that Defendants can access the IQVIA and Analysource databases, as if mere access to these expansive databases would relieve the States of their obligation to produce the specific datasets on which they will rely.

Finally, far from "limit[ing]" their Objections to the recommended sanctions as required, Dkt. 1746, at 1 n.1, the States violate PTO 163 by raising with the Court ongoing discovery disputes between Defendants and the States, which have not been raised with the Special Masters and are not before the Court. These disputes only illustrate the States' continued obstruction of discovery—even *after* the Special Master recommended sanctions against California for similar conduct.

**BACKGROUND**

Defendants will not repeat here the factual background of California's extensive discovery failures, which is set forth in detail in Defendants' Opposition to California's Objections (the "California Opposition"). Dkt. 1745, at 1–7. The State Objections do not dispute—or even address—these facts. As such, Defendants will provide only the additional context necessary to address the States' arguments.

Before the Recommendation was issued, the States, Direct Purchaser Plaintiffs ("DPPs"), and End-Payer Plaintiffs ("EPPs") submitted letters to the Special Master raising many of the same arguments that the States raise again in their Objections. Each of these groups argued that requiring the production of IQVIA and Analysource data would violate the work product doctrine. State Objections Ex. B, Dkt. 1756-2, at 2 ("State Letter"); State Objections Ex. C, Dkt. 1756-3, at 2 ("DPP/EPP Letter"). Each argued that this purported work product protection would apply only if the information were produced during fact discovery, but not if the same information were provided during expert discovery, when Plaintiffs would prefer to produce it. *Id.* Each argued that Defendants could access the IQVIA and Analysource *databases*, and thus Plaintiffs need not produce the *specific datasets* on which they will rely. State Letter at 3; DPP/EPP Letter at 2. Each argued that California should not have to produce the data because fact discovery remains open, ignoring the fact that California missed its agreed deadline to produce this data almost six months ago. State Letter at 1 n.1, 3–5; DPP/EPP Letter at 2. The States also argued that Defendants' request for the data "is more akin to premature contention interrogatories." State Letter at 3.

The Special Master considered each of these arguments, and the Recommendation rejected them. The Special Master found that:

> [A] plaintiff is obliged to inform defendants of the documents and witnesses it will use to prove its allegations, just as a defendant is obliged to inform the plaintiff of the documents and witnesses it will use to prove its defenses; that both sides are

2

> obliged to produce documents relevant to the issues in the case; and that **these obligations are part of fact discovery and cannot be postponed until the phase of expert witness discovery**.

Recommendation at 2 (emphasis added).  There can be no dispute that the Recommendation required production of the IQVIA and Analysource data during fact discovery, and it expressly rejected the position advanced by the States, DPPs, and EPPs that this requirement would violate PTO 122.  *Id.* at 1–2 (PTO 122 "is not governing or even implicated in this dispute").  Plaintiffs asserted this PTO 122 argument *only* as to the IQVIA and Analysource data.  *See* State Letter at 2 (States' argument that "Defendants are trying to violate PTO 122" by seeking data from "the Analysource and IQVIA third-party databases"); DPP/EPP Letter at 2 (DPPs' and EPPs' argument that requiring production of "IQVIA and Analysource datasets . . . would eviscerate the limitations placed on expert discovery by the Federal Rules and PTO 122").  As such, the significance of the Special Master's rejection of that argument was unmistakable: the obligation of California, and by extension all Plaintiffs, to produce the Analysource and IQVIA data on which they will rely "cannot be postponed until the phase of expert witness discovery."  Recommendation at 2.

The deadline for the States to object to the Recommendation's explicit rejection of their arguments was February 22, 2020.  *See* PTO 49 at 3.  The States did not object to the Recommendation, which was adopted by the Court on February 26.  Dkt. 1746, at 1 n.1; Dkt. 1698.

On March 22, 2021, Special Master Marion issued the Supplement recommending sanctions against California, which reaffirmed that the Recommendation requires California to produce during fact discovery the specific Analysource and IQVIA data on which California will rely to support its claims.  The Special Master stated that the Recommendation "made very clear, and the Court did not reject, [his] conclusions that the Cal. AG could not postpone its discovery obligations until the period of expert witness discovery – and that PTO 122 did not provide

otherwise." Supplement at 4. Thus, the Special Master concluded that sanctions are warranted because, among other things, California "continues to insist that it can delay production of documents it will rely on until the expert discovery phase; [and] that PTO 122 so provides." *Id.* Crucially, the "documents" that California continues to refuse to produce are the relevant Analysource and IQVIA datasets. Dkt. 1745-21 at 3 (California's insistence that, despite the Recommendation, "the IQVIA and Analysource data . . . will be produced as a part of expert discovery . . . pursuant to Pretrial Order 122").

Despite declining to object to the Recommendation, the States sought leave to file untimely objections to the Supplement. Dkt. 1734. Defendants opposed that motion, explaining that the Supplement "focuses solely on *California's* willful and persistent litigation misconduct" and does not implicate the other States. Dkt. 1738 at 2. Defendants thus raised the concern that the States would improperly seek to re-litigate the Recommendation. *Id.* The Court granted the States leave to file untimely objections, but it ordered that such objections "must be limited to the sanctions issue in the [Supplement]." Order, Dkt. 1746, at 1 n.1. The States have ignored that limitation in their Objections.

## STANDARD OF REVIEW

The Special Master's recommendation of sanctions is reviewed for abuse of discretion. *See* California Opposition at 7–8 (and authority cited therein). The State Objections—which do not address the standard of review at all—do not assert otherwise.

## ARGUMENT

I. **THE STATE OBJECTIONS SEEK TO RE-LITIGATE THE UNDERLYING RECOMMENDATION, CONTRARY TO THE COURT'S ORDER.**

In response to a Court Order prohibiting the States from raising objections to the Recommendation, the States filed a brief doing just that. The States largely ignore the sanctions

4

recommendation—and its many factual bases—and instead spend the majority of their brief challenging the underlying Recommendation's conclusion that the production of Analysource and IQVIA data on which a party will rely "cannot be postponed until the phase of expert witness discovery." Recommendation at 2; State Objections at 8 (requesting that "any order of the Court make clear that commercially-available datasets that may be used by experts when conducting their analysis are not discoverable at this stage in the litigation"). In so doing, the States repackage arguments that were already considered by the Special Master and rejected in the Recommendation (*see supra* Background): (1) that Defendants can access the databases and thus do not need Plaintiffs to produce the specific datasets on which Plaintiffs will rely (State Objections at 3); (2) that requiring production of the data would violate the work product doctrine (*id.* at 5–8); (3) that such a requirement cannot be imposed while fact discovery remains open (*id.* at 3–5); and (4) that such a requirement is akin to a "premature" contention interrogatory (*id.* at 4).

The State Objections seek to sidestep the Court's Order in two ways. *First*, they preface objections to the Recommendation with references to sanctions, arguing that sanctions are unwarranted because the Recommendation was wrong. *See, e.g.*, *id.* at 2 ("[P]reclusion and sanctions are inappropriate while [fact] discovery is still ongoing[.]"); *id.* at 3 ("[P]reclusion and sanctions are inappropriate given that the IQVIA and Analysource datasets are attorney work product."); *id.* at 3 ("Preclusion and sanctions are inappropriate at this stage of the litigation. No close of fact discovery has been decided[.]"). This is pure window-dressing and does not change the substance of the Objections, which are not "limited to the sanctions issue in the [Supplement]." Order, Dkt. 1746, at 1 n.1.

*Second*, the States remarkably claim not to have understood that the Recommendation requires the production of IQVIA and Analysource data during fact discovery. State Objections

5

at 2 (asserting that the Recommendation "*did not* appear to require California to produce these datasets" and that it is only Defendants who "seem to think" otherwise). The States fail to cite any part of the Recommendation in support of that assertion, and they ignore that the Special Master also "seem[s] to think" otherwise. Supplement at 4 (the Recommendation "made very clear, and the Court did not reject, [Special Master Marion's] conclusions that the Cal. AG could not postpone its discovery obligations until the period of expert witness discovery – and that PTO 122 did not provide otherwise"). The States claim that the Supplement "does not specifically address . . . these datasets" at all, State Objections at 2, but in fact California's continued refusal to produce the datasets until expert discovery is one of the primary bases for sanctions, Supplement at 4. The States have participated in this dispute for months and cannot plausibly claim ignorance about the Recommendation's meaning.

The States' focus on the Recommendation is confirmed by their inability to offer any credible explanation of how the Supplement implicates them. Dkt. 1738 at 2 (sanctions recommendation "focuses solely on *California's* willful and persistent litigation misconduct," not any of the other states). The States make a vague assertion that "if the Court extends the reasoning, Defendants are requesting all Plaintiff States be precluded" from relying on the IQVIA and Analysource data. State Objections at 5 n.12. This is not accurate. Defendants expect that the other States will comply with their discovery obligations and timely produce the data during fact discovery, which would allow them to rely upon the data in support of their claims. The States fail to explain how *California's* inability to rely on the data would impact any claims other than California's. The States assert that they intend to submit "expert reports written on behalf of all states," and thus preclusion of the use of the data by California "may" impact other States. *Id.* at

6

1, 3. Needless to say, a voluntary decision by the States about how they choose to litigate is not a reason to relieve California of the consequences of its actions.

The States further tip their hand by complaining about another issue that has nothing to do with sanctions: that Defendants "are already using the [Recommendation] as a means to pressure other States" to produce the IQVIA and Analysource data on which those States will rely. State Objections at 2. The States' real objection here is that Defendants are "using" the Recommendation to pressure the States comply with their discovery obligations. Recommendation at 2; *see infra* Section III.

## II. THE STATE OBJECTIONS ARE WRONG ON THE MERITS.

The States fail to engage with the Supplement and its many factual bases. Most importantly, they fail to address the Special Master's factual findings that California (a) willfully violated an order of the Court and (b) repeatedly failed to comply with its discovery obligations. Supplement at 3–5. Even if the Court were to consider the States' improper objections to the *Recommendation*, those objections fail on their merits.

***Database Access***: The States revive their argument that they need not produce the specific sets of data on which they will rely, because Defendants may already have access to, or at least the ability to license, this information from Analysource and IQVIA. State Objections at 3. As the States admit, however, they continue to refuse to identify the specific datasets on which they will rely, *id.*, making it irrelevant whether certain Defendants can access the databases as a whole. The States' unidentified data is no more "available" to Defendants than unidentified books are "available" to a person with a library card.[1]

---

[1] Defendants comprise differently situated entities and individuals. While certain Defendants have licenses to access to one or both of the databases, *all* Defendants do not have access to *both* databases. Even Defendants with licenses are typically limited in who can access the data and how

***Expert Discovery***: The States also repeat their already-rejected argument that Defendants' request for the Analysource and IQVIA data is premature expert discovery. State Objections at 3–5; *see* Recommendation at 2 (each party's obligations to identify and produce the documents and data on which it will rely "are part of fact discovery and cannot be postponed until the phase of expert witness discovery"); Supplement at 4 (Recommendation "made very clear, and the Court did not reject, [Special Master Marion's] conclusions that the Cal. AG could not postpone its discovery obligations until the period of expert witness discovery").

The States do not cite *any* legal authority in support of this argument. For good reason: the Federal Rules provide for the production of any known data such as this as part of initial disclosures, not during expert discovery. Fed. R. Civ. P. 26(a)(1)(A) (providing for the initial disclosure of information that a party "may use to support its claims" and that supports its "computation of each category of damages"). As Defendants explained when this issue was briefed before the Special Master, courts consistently reject attempts to "elide[] the distinction between fact discovery and expert discovery" by contending that relevant factual information is "expert discovery" merely because an expert will use it. *E.g.*, *United States v. N.E. Med. Servs.*, 2014 WL 7208627, at *5 (N.D. Cal. Dec. 17, 2014) ("[d]ocuments that have a direct bearing on the factual disputes in the case are the subject of fact discovery, which often (as here) concludes before expert discovery"); *see also* Dkt. 1745-17 at 2 & n.2 (and cases cited therein).

***Work Product***: Finally, the States seek to re-litigate their argument that requiring the production of factual information on which the States will rely would violate the work product doctrine. State Objections at 5–8. Again, this argument runs headlong into Rule 26, which

---

it can be used (e.g., commercial use only). Thus, Plaintiffs must produce the datasets on which they will rely, in order to ensure that all Defendants receive it and can use it in their defense.

*requires* the initial disclosure of all information "that the disclosing party has in its possession, custody, or control and *may* use to support its claims," including information that supports the party's "computation of each category of damages."  Fed. R. Civ. P. 26(a)(1)(A) (emphasis added).[2]  The States also undermine their argument by limiting it to "this stage in the litigation," State Objections at 8, as if work product protection somehow applies during fact discovery but not during expert discovery—which, conveniently, is when the States would prefer to produce the data.

### III.  THE STATES' OBSTRUCTION OF DISCOVERY IS NOT LIMITED TO CALIFORNIA.

Under PTO 163, "all discovery-related . . . issues and disputes" must be raised with the Special Masters by letter brief, after the parties engage in meet-and-confers and provide notice of impasse.  PTO 163 ¶¶ 1, 7.  Contrary to those established procedures, the States raise with the Court ongoing discovery disputes with Defendants before those disputes have been raised with the Special Master.  State Objections at 2–3 & nn.4, 7.  Thus, although sanctions against California remain the only issue properly before the Court, Defendants respond solely to provide the Court with the necessary context.

Even after the Recommendation and Supplement reiterated California's obligation to produce the Analysource and IQVIA data during fact discovery, other States have continued to refuse to produce that data until expert discovery.  The States rely on the same arguments rejected by the Special Master in the Recommendation—which the States waived by failing to object to the Recommendation.  State Objections Ex. D, Dkt. 1756-4 (Rhode Island); State Objections Ex.

---

[2] None of the cases cited by the States supports their argument.  The cases merely outline the work product doctrine generally, and none involve an attempt to withhold information that the disclosing party would rely upon in support of its claims.  *Stein v. SEC*, 266 F. Supp. 3d 326 (D.C. Cir. 2017); *In re Grand Jury Subpoena Dated Nov. 8, 1979*, 622 F.2d 933 (6th Cir. 1980); *Hickman v. Taylor*, 329 U.S. 495 (1947); *Holmgren v. State Farm Mut. Auto Ins. Co.*, 976 F.2d 573 (9th Cir. 1992).

E, Dkt. 1756-5, at 3–5 (all States). For instance, like California, Rhode Island has failed to produce a single document since becoming a Plaintiff in June 2018 (Dkt. 1745-4, Row 106); like California, Rhode Island ignored an agreed deadline to produce all documents and data on which it will rely (Ex. 1); and, like California, Rhode Island still refuses to produce the IQVIA and Analysource data on which it will rely, even after the Court adopted the Recommendation and the Special Master recommended sanctions against California (*id.*).[3]

Defendants have continued negotiating with the States in the hope of resolving these disputes without involving the Special Master or Court. It may unfortunately become necessary for Defendants to litigate these disputes—which would be a waste of time, money, and judicial resources—in order to compel the States to comply with the Recommendation. That said, Defendants remain hopeful that the imposition of sanctions against California may motivate the States to heed this Court's prior Order.

## **CONCLUSION**

The State Objections should be disregarded, both for failing to comply with the Court's Order and because they are without merit. The Supplement should be adopted in full.

---

[3] Defendants' Exhibit 1 is a complete version of the States' Exhibit D. The States' version misleadingly omits several emails in that thread concerning (a) Rhode Island's agreement to a March 1, 2021 production deadline and (b) its failure to produce any documents by the deadline.

Dated: May 5, 2021                                       Respectfully submitted,

                                                         By:      /s/ Brian T. Gilmore

                                                         John E. Schmidtlein
                                                         Sarah F. Kirkpatrick
                                                         Brian T. Gilmore
                                                         **WILLIAMS & CONNOLLY LLP**
                                                         725 Twelfth Street, N.W.
                                                         Washington, D.C. 20005
                                                         Telephone: (202) 434-5000
                                                         Facsimile: (202) 434-5029
                                                         jschmidtlein@wc.com
                                                         skirkpatrick@wc.com
                                                         bgilmore@wc.com

                                                         *Counsel for Defendant Par Pharmaceutical, Inc.*

*/s/ Sheron Korpus*                                      */s/ Raymond A. Jacobsen, Jr.*
Sheron Korpus                                            Raymond A. Jacobsen, Jr.
Seth A. Moskowitz                                        Paul M. Thompson (Pa. Bar No. 82017)
Seth Davis                                               Lisa (Peterson) Rumin
David M. Max                                             McDermott Will & Emery LLP
KASOWITZ BENSON TORRES LLP                               500 North Capitol Street, NW
1633 Broadway                                            Washington, D.C. 20001
New York, New York 10019                                 Telephone: (202) 756-8000
Telephone: (212) 506-1700                                rayjacobsen@mwe.com
Facsimile: (212) 506-1800                                pthompson@mwe.com
skorpus@kasowitz.com                                     lrumin@mwe.com
smoskowitz@kasowitz.com
sdavis@kasowitz.com                                      Nicole L. Castle
dmax@kasowitz.com                                        McDermott Will & Emery LLP
                                                         340 Madison Avenue
*Counsel for Defendants Actavis Holdco*                  New York, NY 10173
*U.S., Inc., and Actavis Pharma, Inc.*                   Telephone: (212) 547-5400
                                                         ncastle@mwe.com

 */s/ James W. Matthews*
  James W. Matthews                                      *Counsel for Defendants Amneal Pharmaceuticals,*
  Katy E. Koski                                          *Inc., Amneal Pharmaceuticals LLC, and Impax*
  John F. Nagle                                          *Laboratories, Inc. (n/k/a Impax Laboratories,*
  FOLEY & LARDNER LLP                                    *LLC)*
  111 Huntington Avenue
  Boston, Massachusetts 02199                            */s/ Wayne A. Mack*
  Tel: (617) 342-4000                                    Wayne A. Mack
  Fax: (617) 342-4001                                    Sean P. McConnell
  jmatthews@foley.com                                    Sarah O'Laughlin Kulik

                                    11

kkoski@foley.com
jnagle@foley.com

James T. McKeown
Elizabeth A. N. Haas
Kate E. Gehl
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 271-2400
Fax: (414) 297-4900
jmckeown@foley.com
ehaas@foley.com
kgehl@foley.com

Steven F. Cherry
April N. Williams
Claire Bergeron
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
april.williams@wilmerhale.com
claire.bergeron@wilmerhale.com

Terry M. Henry
Melanie S. Carter
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel: (215) 569-5644
Fax: (215) 832-5644
THenry@blankrome.com
MCarter@blankrome.com

*Counsel for Defendant Apotex Corp.*

*/s/ Steven E. Bizar*
Steven E. Bizar
John P. McClam
Tiffany E. Engsell
steven.bizar@dechert.com

DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1152
wamack@duanemorris.com
spmcconnell@duanemorris.com
sckulik@duanemorris.com

*Counsel for Aurobindo Pharma USA, Inc.*

*/s/ Robin D. Adelstein*
NORTON ROSE FULBRIGHT US LLP
Robin D. Adelstein
Mark A. Robertson
1301 Avenue of the Americas
New York, NY 10019-6022
Tel.: 212-318-3000
robin.adelstein@nortonrosefulbright.com
mark.robertson@nortonrosefulbright.com

*Counsel for Defendants Oceanside Pharmaceuticals, Inc., Bausch Health Americas, Inc. (formerly known as Valeant Pharmaceuticals International), and Bausch Health US, LLC (formerly known as Valeant Pharmaceuticals North America LLC)*

*/s/ Roger B. Kaplan*
Roger B. Kaplan
Jason Kislin
Aaron Van Nostrand
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, NJ 07931
Tel: (973) 360-7900
Fax: (973) 295-1257
kaplanr@gtlaw.com
kislinj@gtlaw.com
vannostranda@gtlaw.com

Brian T. Feeney
**GREENBERG TRAURIG, LLP**
1717 Arch Street, Suite 400
Philadelphia, PA 19103
Tel: (215) 988-7812
Fax: (215) 717-5265

12

john.mcclam@dechert.com
tiffany.engsell@dechert.com
**DECHERT LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-2000

*Counsel for Defendant Citron Pharma LLC*

*/s/ Steven A. Reed*
Steven A. Reed
R. Brendan Fee
Melina R. DiMattio
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
steven.reed@morganlewis.com
brendan.fee@morganlewis.com
melina.dimattio@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Centre
Thirty-Second Floor
Pittsburgh, PA 15219-6401
Telephone: +1.412.560.7455
Facsimile: +1.412.560.7001
wendy.feinstein@morganlewis.com

*Counsel for Defendant Glenmark Pharmaceuticals Inc., USA*

*/s/ Leiv Blad*
Leiv Blad
Zarema Jaramillo
Meg Slachetka
**LOWENSTEIN SANDLER LLP**
2200 Pennsylvania Avenue
Washington, DC 20037
Tel.: (202) 753-3800
Fax: (202) 753-3838
lblad@lowenstein.com

feeneyb@gtlaw.com

*Counsel for Defendant Dr. Reddy's Laboratories, Inc.*

*/s/ Ilana H. Eisenstein*
DLA PIPER LLP (US)
Ilana H. Eisenstein
Ben C. Fabens-Lassen
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Tel: (215) 656-3300
ilana.eisenstein@dlapiper.com
ben.fabens-lassen@dlapiper.com

Edward S. Scheideman
500 Eighth Street, NW
Washington, D.C. 20004
Tel: (202) 799-4000
edward.scheideman@dlapiper.com

*Counsel for Defendant Greenstone LLC*

*/s/ Nathan M. Buchter*
Gerald E. Arth
Ryan T. Becker
Nathan M. Buchter
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel.: (215) 299-2000
Fax: (215) 299-2150
garth@foxrothschild.com
rbecker@foxrothschild.com
nbuchter@foxrothschild.com

George G. Gordon
Julia Chapman
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104-2808
Tel.: (215) 994-2382
Fax: (215) 655-2240
george.gordon@dechert.com
julia.chapman@dechert.com

13

zjaramillo@lowenstein.com
mslachetka@lowenstein.com

*Counsel for Defendant Lupin Pharmaceuticals, Inc.*

*/s/ Chul Pak*
Chul Pak
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
1301 Avenue of the Americas
40th Floor
New York, New York 10019
Phone: (212) 999-5800
Fax: (212) 999-5899
cpak@wsgr.com

Seth C. Silber
Jeffrey C. Bank
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
1700 K Street, NW, 5th Floor
Washington, D.C. 20006
Phone: (202) 973-8800
Fax: (202) 973-973-8899
ssilber@wsgr.com
jbank@wsgr.com

Benjamin F. Holt
Adam K. Levin
Justin W. Bernick
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
benjamin.holt@hoganlovells.com
adam.levin@hoganlovells.com
justin.bernick@hoganlovells.com

Jasmeet K. Ahuja
**HOGAN LOVELLS US LLP**
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600

*Counsel for Lannett Company, Inc.*

*/s/ Michael Martinez*
Michael Martinez
Steven Kowal
Lauren Norris Donahue
Brian J. Smith
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone. (312) 372-1121
Fax (312) 827-8000
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.donahue@klgates.com
brian.j.smith@klgates.com

*Counsel for Defendant Mayne Pharma Inc.*

*/s/ Saul P. Morgenstern*
Saul P. Morgenstern
Margaret A. Rogers
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 W. 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
margaret.rogers@arnoldporter.com
saul.morgenstern@arnoldporter.com

Laura S. Shores
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue
Washington, DC 20001
Telephone: (202) 942-5000
laura.shores@arnoldporter.com

*Counsel for Defendant Sandoz, Inc.*

*/s/ John M. Taladay*
John M. Taladay
Erik T.Koons
Stacy L. Turner
Christopher P. Wilson
**BAKER BOTTS LLP**
700 K Street, NW

14

jasmeet.ahuja@hoganlovells.com

*Counsel for Defendant Mylan Pharmaceuticals Inc.*

*/s/ J. Gordon Cooney, Jr.*
J. Gordon Cooney, Jr.
John J. Pease, III
Alison Tanchyk
William T. McEnroe
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
jgcooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com

Amanda B. Robinson
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
amanda.robinson@morganlewis.com

*Counsel for Defendant Teva Pharmaceuticals USA, Inc.*

*/s/ Devora W. Allon*
Devora W. Allon, P.C.
Jay P. Lefkowitz, P.C.
Alexia R. Brancato
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jay.lefkowitz@kirkland.com
devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Counsel for Defendant Upsher-Smith Laboratories, LLC*

Washington, DC 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
erik.koons@bakerbotts.com
john.taladay@bakerbotts.com
stacy.turner@bakerbotts.com
christopher.wilson@bakerbotts.com

Lauri A. Kavulich
Ann E. Lemmo
**CLARK HILL PLC**
2001 Market St, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8500
Facsimile: (215) 640-8501
lkavulich@clarkhill.com
alemmo@clarkhill.com

Lindsay S. Fouse
**CLARK HILL PLC**
301 Grant St, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Facsimile: (412) 394-2555
lfouse@clarkhill.com

*Counsel for Defendants Sun Pharmaceutical Industries, Inc. and Taro Pharmaceuticals USA, Inc.*

*/s/ Jason R. Parish*
Jason R. Parish
Martin J. Amundson
**BUCHANAN INGERSOLL & ROONEY PC**
1700 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 452-7900
Facsimile: (202) 452-7989
jason.parish@bipc.com
martin.amundson@bipc.com

Bradley Kitlowski
**BUCHANAN INGERSOLL & ROONEY PC**
Union Trust Building
Pittsburgh, PA 15219
Telephone: (412) 562-8800

/s/ William A. Escobar
William A. Escobar
Damon W. Suden
Clifford Katz
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-7800
Facsimile:  (212) 808-7987
wescobar@kelleydrye.com
dsuden@kelleydrye.com
ckatz@kelleydrye.com

*Counsel for Defendant Wockhardt USA LLC*

Facsimile:  (412) 562-1041
bradley.kitlowski@bipc.com

*Counsel for Defendant Zydus Pharmaceuticals (USA) Inc.*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2021, the foregoing Notice of Appearance was served on all counsel of record via ECF. Pursuant to Local Rule 5.1.2(8)(b), I further certify that the foregoing document is available for viewing and downloading on ECF.

 /s/ Brian T. Gilmore
Brian T. Gilmore
