| | |
|---|---|
| **From:** | Stephen Provazza |
| **To:** | Gilmore, Brian |
| **Subject:** | RE: Generics Pricing MDL - Rhode Island"s Discovery Positions |
| **Date:** | Friday, March 26, 2021 9:05:31 PM |
| **Attachments:** | image001.png |
| | image004.png |
| | image005.png |
| | image007.png |
| | image008.png |

Hi Brian – I refer you to Rhode Island's November 16, 2020 voluntary response regarding our theories of recovery, the remedies we will seek at trial, and the nature and source of the documents and data we will rely on. Our answers to those questions have not changed. Like other similarly situated Plaintiff States, we have identified the IQVIA and Analysource data as potential sources for information that our experts may consult in preparing their analyses and reports.

Best,
Steve

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Tuesday, March 23, 2021 4:39 PM
**To:** Stephen Provazza <SProvazza@riag.ri.gov>
**Subject:** RE: Generics Pricing MDL - Rhode Island's Discovery Positions

[External email: Use caution with links and attachments]

Thanks, Steve. Could you please confirm that Rhode Island does not intend to produce or rely upon any IQVIA or Analysource data? As I'm sure you know, Special Master Marion's Recommendations concerning the California motion to compel make clear that, to the extent a party intends to rely on such data, it cannot be withheld until expert discovery. Dkt. 1677, 1720. Judge Rufe has adopted in full the initial Recommendation. Dkt. 1698.

Best wishes,
Brian

**From:** Stephen Provazza <SProvazza@riag.ri.gov>
**Sent:** Tuesday, March 23, 2021 4:26 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Subject:** RE: Generics Pricing MDL - Rhode Island's Discovery Positions

Hi Brian – Following up on our phone call last week, I can confirm that Rhode Island has no additional responsive documents to produce.

I have also checked with my colleagues and can confirm that we searched for consumer complaints and have not identified any responsive documents.

Best,

Steve



**Stephen N. Provazza**
**Special Assistant Attorney General, Civil Division**
The State of Rhode Island | Office of the Attorney General
150 South Main Street | Providence, RI – 02903
Office: +1 401 274 4400 | Ext: 2476
sprovazza@riag.ri.gov | www.riag.ri.gov

CONFIDENTIALITY NOTE:

This email and any documents accompanying this transmission may contain legally privileged/confidential information. The information is intended only for the inspection and use of the recipient (s) named above. If you are not an intended recipient, you are hereby notified that any inspection, use, disclosure, copying, distribution, or exploitation of, or taking any action in reliance on the contents of this transmission is unauthorized and prohibited. If you have received this transmission in error, please notify us immediately by telephone to arrange for return of the original documents to us at our expense.

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Wednesday, March 10, 2021 4:29 PM
**To:** Stephen Provazza <SProvazza@riag.ri.gov>
**Subject:** FW: Generics Pricing MDL - Rhode Island's Discovery Positions

[External email: Use caution with links and attachments]

Stephen,

Nice to meet you by email. As I noted in my email to David below, Rhode Island has not produced any documents in the MDL, and two production deadlines have now passed, so I'm hoping you can confirm that Rhode Island simply has no responsive documents to produce. David's response suggests as much, but I'm not sure it addresses the go-get request—I would not expect that the multistate group would have produced Rhode Island-specific consumer complaints regarding generic pricing, to the extent they exist.

Could you please look into these issues and let me know where things stand? If it would be helpful to get on a call, I'm happy to do that too.

Thanks,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005

(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

**From:** David Marzilli <DMarzilli@riag.ri.gov>
**Sent:** Friday, March 5, 2021 1:14 PM
**To:** Gilmore, Brian <BGilmore@wc.com>
**Subject:** RE: Generics Pricing MDL - Rhode Island's Discovery Positions

Brian:

My understanding is that the information that we had was provided through a global effort of the multistate.  Julia has left the office and I will be leaving in two weeks.  Please send any inquiries that you may have to Stephen Provazza @ sprovazza@riag.ri.gov.

Regards,

**David Marzilli | Special Assistant Attorney General, Civil Division**
The State of Rhode Island | Office of the Attorney General
150 South Main Street | Providence, RI 02903
Office: +1 401 274 4400 | Ext: 2030
DMarzilli@riag.ri.gov | www.riag.ri.gov



CONFIDENTIALITY NOTE:

This email and any documents accompanying this transmission may contain legally privileged/confidential information. The information is intended only for the inspection and use of the recipient (s) named above. If you are not an intended recipient, you are hereby notified that any inspection, use, disclosure, copying, distribution, or exploitation of, or taking any action in reliance on the contents of this transmission is unauthorized and prohibited. If you have received this transmission in error, please notify us immediately by telephone to arrange for return of the original documents to us at our expense.

---

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Wednesday, March 03, 2021 2:57 PM
**To:** Julia Wyman <JWyman@riag.ri.gov>; David Marzilli <DMarzilli@riag.ri.gov>
**Subject:** RE: Generics Pricing MDL - Rhode Island's Discovery Positions

[External email: Use caution with links and attachments]

Julia and David,

As you know, Rhode Island agreed below to "produce any and all . . . documents and data [on which it will rely support its claims for relief] within its possession, custody, or control" on or before March 1st.  Rhode Island was also subject to a December 31, 2020 deadline to produce all go-get documents, i.e., any consumer complaints related to generics pricing.  *See* MDL Dkt. 1633.

Given that Rhode Island did not produce any documents in response to either deadline, could you please confirm that you have undertaken a reasonable search and identified no responsive documents?  If there are any additional documents that Rhode Island intends to rely upon that (1) are not within its possession, custody, or control and (2) have not been produced in the MDL by another party, could you please identify those documents by source, and let us know when you expect to produce them?

Thanks,
Brian

**From:** Julia Wyman <JWyman@riag.ri.gov>
**Sent:** Friday, August 21, 2020 2:05 PM
**To:** Gilmore, Brian <BGilmore@wc.com>; David Marzilli <DMarzilli@riag.ri.gov>
**Subject:** RE: Generics Pricing MDL - Rhode Island's Discovery Positions


Brian,
Without agreeing to your interpretation of the Special Master's informal R&R, Rhode Island agrees to disclose the same requested information agreed to by Connecticut. As we discussed, Rhode Island requested that the date in pg. 3 be changed to March 1, 2021 consistent with the similar requests taking place through the global meet and confer process. Thank you for agreeing to same as it relates to Rhode Island.
Julia"



**Julia C Wyman**
**Special Assistant Attorney General, Civil Division**
The State of Rhode Island | Office of the Attorney General
150 South Main Street | Providence, RI – 02903
 Office: +1 401 274 4400 | Ext:2037
jwyman@riag.ri.gov |www.riag.ri.gov


CONFIDENTIALITY NOTE:
This email and any documents accompanying this transmission may contain legally

privileged/confidential information.  The information is intended only for the inspection and use of the recipient(s) named above.  If you are not an intended recipient, you are hereby notified that any inspection, use, disclosure, copying, distribution, or exploitation of, or taking any action in reliance on the contents of this transmission is unauthorized and prohibited.  If you have received this transmission in error, please notify us immediately by telephone to arrange for return of the original documents to us at our expense.

**From:** Gilmore, Brian <BGilmore@wc.com>
**Sent:** Wednesday, August 12, 2020 4:48 PM
**To:** David Marzilli <DMarzilli@riag.ri.gov>; Julia Wyman <JWyman@riag.ri.gov>
**Subject:** Generics Pricing MDL - Rhode Island's Discovery Positions

[External email: Use caution with links and attachments]

David and Julia,

In light of Special Master Marion's informal recommendation granting Defendants' motion to compel Connecticut, which as I'm sure you know was accepted by Connecticut, we would like to revisit the positions Rhode Island has taken in discovery to date.

Rhode Island is in materially the same position as Connecticut, in that it seeks civil penalties, injunctive relief, general damages to the state's economy, and disgorgement.  As Special Master Marion found, these claims for relief will "require records of sales of relevant drugs into the state to both governmental and private entities."  And, contrary to your position to date, Defendants "should not be made to wait for expert discovery to obtain clearly discoverable information."  Therefore, Rhode Island should make the same disclosures as Connecticut, and on the same schedule.

Please confirm whether Rhode Island will:

1.   On or before November 16, 2020, inform Defendants of (1) its theories of disgorgement, civil penalties, and general economy damages, and (2) the nature of any monetary relief Rhode Island will seek at trial;

2.   On or before November 16, 2020, identify the nature and source of all known documents and data Connecticut will rely upon to prove its purported entitlement to any monetary relief;

3.   On or before November 16, 2020, produce any and all aforementioned documents and data within its possession, custody, or control.

In addition, Special Master Marion's recommendation is contrary to your position that Rhode Island need not identify until expert discovery how it intends to calculate civil penalties ("per violation").

Please confirm whether Rhode Island will now provide that information.

If it would be helpful to meet and confer about these issues, please provide your availability for next Monday or Tuesday (8/17-18).

Thanks,

**Brian T. Gilmore**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5707 | (F) 202-480-8212
bgilmore@wc.com | www.wc.com

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.