**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:  GENERIC PHARMACEUTICALS | : | MDL NO. 2724 |
| PRICING ANTITRUST LITIGATION | : | 16-MD-2724 |
| | : |  HON. CYNTHIA M. RUFE |
| | : | : |
| THIS DOCUMENT RELATES TO | : | |
| | : | |
| | : | Oral argument requested |
| *ALL ACTIONS* | : | |
| | : | |
| | : | |

**NEW YORK'S OBJECTIONS TO
SPECIAL MASTER'S SIXTH REPORT & RECOMMENDATION**

**TABLE OF CONTENTS**

**Page**

New York's Objections to Special Master's Sixth
     Report & Recommendation ......................................................................................... 1
NYAG Brings This Action in its Enforcement Capacity Under
     N.Y. Exec. Law § 63(12) .......................................................................................... 2
State Agency Victims Are Not Parties to this Litigation
     and Are Not Subject to Party Discovery .................................................................. 3
NYAG Has Completed Its Productions Concerning the
     Monetary Relief of Its Section 63(12) Claim for Victims,
     Including State Agencies........................................................................................... 4
Discovery of Victims Is Not Proportional to the
     Needs of this Case And Any Defendant's Effort to Pursue
     Such Discovery Should be Limited By the Court...................................................... 6

Conclusion: ...............................................................................................................................8

# TABLE OF AUTHORITIES

**Cases:**                                                                                                                    **Page(s)**

*Bayer AG v. Betachem, Inc.,*
    173 F.3d 188 (3d Cir. 1999)..............................................................................................................8

*Colorado v. Warner Chilcott Holdings Co. III, Ltd.,*
    2007 WL 9813287 (D.D.C. May 8, 2007).........................................................................................4

*New York v. Feldman,*
    210 F. Supp. 2d 294 (S.D.N.Y. 2002)................................................................................................2

*New York v. Julius Nasso Concrete Corp.,*
    202 F.3d 82 (2d Cir. 2000)................................................................................................................. 4

*People v. Coventry First LLC,*
    13 N.Y.2d 108
    915 N.E.2d 616 (2009)......................................................................................................................2

*People v. Greenberg,*
    27 N.Y.3d 490
    54 N.E.3d 74 (2016)..........................................................................................................................2

*United States v. American Express Co.,*
    2011 WL 13073683 (E.D.N.Y. July 29, 2011)..................................................................................4

**Federal Statutes:**                                                                                                        **Page(s)**

Fed. R. Civ. P.
    26(2)(C).............................................................................................................................................7

**New York Statutes:**

New York Executive Law
    § 63(12) ................................................................................................................... *passim*

**Other Authorities:**

N.Y. Const.
    Art. IV. § 1 ....................................................................................................................... 4
N.Y. Const.
    Art. V. § 1 ........................................................................................................................ 4

**NEW YORK'S OBJECTIONS TO**
**SPECIAL MASTER'S SIXTH REPORT & RECOMMENDATION**

The New York Attorney General ("NYAG") objects to Special Master David H. Marion's Sixth Report and Recommendation Regarding Certain Defendants' Motion to Compel Discovery from the New York Office of the Attorney General (the "Recommendation"), ECF 1751.  NYAG has produced a full and complete set of the data underlying its claim for restitution and damages for the New York public entity victims. NYAG has also produced publicly available documents from the New York State Department of Health (DOH) sought by Defendants.  This dispute is about whether NYAG, acting pursuant to its law enforcement authority under New York Executive Law § 63(12), can or should be compelled to produce custodial files from the state agency victims for whom NYAG is seeking relief.

The Recommendation errs in numerous ways in recommending that NYAG should be so compelled.  First, the Recommendation is based on a misapprehension of NYAG's role in this action: NYAG brings this action as an enforcement authority, not as counsel to any injured state entity.  Second, state agencies are not parties to this litigation and their custodial files cannot be sought through NYAG.  Phrased another way, the Recommendation is falsely premised on the factual error that NYAG has possession, custody, or control over the state agency custodial files that Defendants seek.  NYAG does not.  Third, NYAG has produced all of the state agency data on which its assessment of damages and restitution will be based. Defendants may choose to serve Rule 45 subpoenas

seeking custodial files from those state agencies -- which would be the proper way to seek

discovery from non-parties.  Defendants have made no efforts to do so.

## NYAG Brings This Action in its Enforcement Capacity Under N.Y. Exec. Law § 63(12)

The Special Master's Recommendation misapprehends the nature of the NYAG's

claims in this action.  NYAG is acting in its enforcement capacity as an elected government

official.  NYAG brings a claim for "restitution and damages" pursuant to its unique and

express statutory authority under New York Executive Law § 63(12) ("section 63(12)").

State agencies have no right to assert that claim.  NYAG is not acting as counsel for state

agency victims when NYAG asserts that claim.  N.Y. Exec. Law § 63(12) (reserving

section 63(12) enforcement authority to NYAG, and stating that "The attorney-general

shall: . . . (12) Whenever any person shall engage in repeated fraudulent or illegal acts . . . ,

the attorney general may apply, in the name of the people of the state of New York, . . . for

an order . . . directing restitution and damages.").

NYAG has briefed specifics of the section 63(12) claim in opposition to

Defendants' motions to dismiss, most recently in the docket for the Teva-centric complaint.

*E.g.*, States' Memorandum of Law in Opposition to Defendants' Joint Motion to Dismiss

States' State-Law Claims, 19-cv-2407, dkt. 207 at 24-28 (Jan. 1, 2021); States' Sur-Reply

to Defendants' Joint Motion to Dismiss States' State-Law Claims, 19-cv-2407, dkt. 240 at

22-23 (March 1, 2021).  The key point, as explained by New York's highest court, is that

NYAG "has statutory authority [under section 63(12)] to serve the public interest by

seeking both injunctive and victim-specific relief."  *People v. Coventry First LLC*, 13

N.Y.2d 108, 114, 915 N.E.2d 616 (2009) (holding NYAG can seek victim-specific relief in

court even though the victims had binding arbitration agreements with the defendants); *see People v. Greenberg*, 27 N.Y.3d 490, 497, 54 N.E.3d 74 (2016) (holding that disgorgement, as well as damages and restitution, is an "available remedy" under section 63(12) because a court is "not limited to the remedies specified" in the statute); *New York v. Feldman*, 210 F. Supp. 2d 294, 299-300, 302-03 (S.D.N.Y. 2002) (holding that NYAG can provide relief to the victims of bid rigging of stamp auctions held in New York City, regardless of where those victims were located).

The Recommendation does not cite, discuss, or otherwise analyze how or whether the section 63(12) claim impacts this dispute. That may have been in response to the Defendants' argument that section 63(12) should not be considered because of the pending motions to dismiss. NYAG argued to the contrary that, because the scope of discovery depends on the claim (and defenses) asserted under Federal Rule 26(b)(1) of Civil Procedure, section 63(12) necessarily had to be analyzed. Considering section 63(12) is particularly important for this dispute because the claim is brought by NYAG, a law enforcement authority.

<u>**State Agency Victims Are Not Parties to this Litigation and Are Not Subject to Party Discovery**</u>

Defendants have sought to misrepresent the nature of this litigation since discovery began. Defendants' first discovery demand defined plaintiff State of New York to include New York State agencies. In written responses to discovery beginning in November 2018 and in communications during meet and confers thereafter, NYAG made clear that only NYAG is a party to this litigation and that NYAG would produce materials within its possession, custody, and control. NYAG does not represent other state agencies in this

litigation.  Thus, NYAG does not have the information necessary  to identify custodians in those state agencies.

Although NYAG is not in possession, custody, or control of non-party state agency documents, NYAG made every effort to accommodate Defendants' discovery requests.  As a courtesy to Defendants, NYAG reached out to the Department of Health (DOH) and the Office of Mental Health (OMH),  but both agencies declined to voluntarily produce documents in this litigation. .  (The specifics of NYAG's production is discussed in the next section of this Objection.)  New York agencies are entitled to not participate in party discovery in litigations brought by NYAG.  State agencies are not subject to party discovery in antitrust litigation brought independently by the state attorney general.  *United States v. American Express Co.*, 2011 WL 13073683 (E.D.N.Y. July 29, 2011) ("*Amex*"); *Colorado v. Warner Chilcott Holdings Co. III, Ltd.*, 2007 WL 9813287 (D.D.C. May 8, 2007) ("*Warner Chilcott*").  Those cases turn on State Attorneys General exercising authority independently from State Governors.  *Amex* at 2-4; *Warner Chilcott* at 3-5.  The *Warner Chilcott* court refused to aggregate separate state governmental entities without a "strong showing" that they are not separate.  *Warner Chilcott* at 4 (citations omitted).  The *Amex* court similarly held that the attorneys general and state agencies "are neither subject to common executive control nor interrelated . . . and so should not be aggregated together for discovery purposes." *Amex* at 2.  In New York, the attorney general and the governor, who oversees most state agencies, are independently elected officials.  N.Y. Const. Art. V, § 1; N.Y. Const. Art. IV. § 1.

Because state agencies are not parties to this litigation and the custodial files of those state agencies are not within the NYAG's possession, custody, and control, the Recommendation should be rejected.

## NYAG Has Completed Its Productions Concerning the Monetary Relief of Its Section 63(12) Claim for Victims, Including State Agencies

NYAG is entitled to choose how to estimate the amounts that NYAG is entitled to recover for victims and that specification of the claim focuses the scope of discovery. *New York v. Julius Nasso Concrete Corp.*, 202 F.3d 82, 89 (2d Cir. 2000) (To establish the amount of restitution and damages, NYAG "need only provide [the factfinder] with some relevant data from which the [factfinder] can make a reasonable estimated calculation of the harm suffered."). NYAG plans to present the claim for restitution and damages under section 63(12) in an aggregated way with the data NYAG or other parties produce, as opposed to pursuing the claims one by one. Indeed, NYAG will aggregate and coordinate proof of its claim with proof of similar monetary claims made by the other States.

In support of the section 63(12) claim to secure restitution and damages for state agencies, NYAG has produced data relating to the transactions of those agencies. Along with the other States, NYAG has produced transactional data for Medicaid, including New York Medicaid. That transactional data included fields agreed upon by the States and the Defendants. Moreover, New York answered all questions that Defendants posed about the data produced. In addition, the States, including NYAG, have produced transactional data for public entities from the Minnesota Multistate Contracting Alliance for Pharmacy (MMCAP), including for New York public entities.

That data was not secured from the state agencies. The MMCAP data was secured by a public records request to MMCAP. The Medicaid data was secured by state enforcers

5

within the attorney general's offices.  Among the state enforcers in the New York Attorney

General's office working on this matter are people within the Medicaid Fraud Control Unit

(MFCU).  MFCU has access to claims data that is pulled down from DOH and housed and

maintained within MFCU.  Defendants sought that data and NYAG produced that data.  In

contrast, NYAG does not have possession, custody, or control of DOH custodial files.

NYAG is seeking restitution and damages only for those state agencies for which

NYAG has produced data.  As to DOH, NYAG is pursuing restitution and damages for

Medicaid transactions and whatever DOH transactions are within the MMCAP data.  As to

OMH, NYAG is pursuing restitution and damages for whatever OMH transactions are

within the MMCAP data.  In addition, even though the material was not in NYAG's

possession, custody, and control, NYAG found and produced publicly-available materials

sought by the Defendants for New York Medicaid and New York's use of the MMCAP

platform. Because DOH posts a significant amount of material online, NYAG gathered and

produced DOH organizational charts, the State Medicaid Plan, Requests for Proposal and

contracts with state's Medicaid Pharmacy Benefits Manager, Preferred Drug Lists,

Pharmacy section of state Medicaid regulations, Requests for Proposal for drug purchases,

and aggregated purchasing or pooling contracts, including for MMCAP.  NYAG produced

materials relating to and contracts with any Managed Care Organizations, Pharmacy Benefit

Managers, and Group Purchasing Organizations.  The Defendants have not identified any

additional "go get" materials that they seek and have not disputed the adequacy of that

production.  The only dispute is whether the state agencies are parties to this litigation for

whom custodians must be identified and whether NYAG can be compelled to do that.

**<u>Discovery of Victims Is Not Proportional to the Needs of this Case And Any</u>**
**<u>Defendant's Effort to Pursue Such Discovery Should be Limited By the Court</u>**

Although Defendants' motion sought custodial files of state agencies as party discovery from NYAG, NYAG recognizes that discovery can be sought from non-parties and the Defendants have threatened to follow that path if their motion is denied. The Recommendation takes the next step and asks whether NYAG "is determined to protect state agencies from any burdens of discovery." Recommendation at 3, paragraph 4. The answer is that NYAG may seek leave to participate in that third-party discovery of victims if the discovery is not proportional to the need, particularly if defendants seek discovery of custodial files.

Third party discovery of New York public entities whose transactions are reflected in the MMCAP data would be particularly disproportionate. Defendants counted over 200 New York public entities within the MMCAP data produced by the States and represented that they would serve Rule 45 subpoenas on each and every one of those entities if they could not impose the burden directly on NYAG. The MMCAP data provides the aggregated data that enables NYAG to pursue the claim in an aggregated and manageable way. Third party discovery beyond that should be denied. Rule 26(b)(1) requires that discovery be proportional to the needs of the case, considering, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit" Moreover, Rule 26 limits the scope of discovery to a party's claims and the defenses to those claims, not how a defendant might oppose a claim for damages in a different context.

Indeed the Court (or the Masters if the Court chooses to put that question to the Masters) should make trial in this MDL manageable by limiting the unrestricted discovery that Defendants seek under Federal Rule 26(b)(2)(C) of Civil Procedure:

(2) Limitations on Frequency and Extent.

. . .

(C) When Required. On motion or on its own, the court must limit the frequency or

extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be

obtained from some other source that is more convenient, less burdensome, or less

expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information

by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

*See Bayer AG v. Betachem, Inc.,* 173 F.3d 188, 191 (3d Cir. 1999) (the Federal Rules

"expressly allow a district court to use its discretion and deny discovery requests").

## Conclusion

For the reasons set forth above, this Court should reject the Recommendation, deny

Defendants' motion to compel the New York Attorney General to identify custodians from

state agencies, and grant such other and further relief that the Court deems proper.


Dated: May 5, 2021                          STATE OF NEW YORK
                                            LETITIA JAMES
                                            ATTORNEY GENERAL

                                     BY:    /s/ Robert L. Hubbard
                                            Robert L. Hubbard
                                            Assistant Attorney General
                                            Office of the Attorney General
                                            Antitrust Bureau
                                            28 Liberty St., 20th Floor
                                            New York, NY 10005
                                            Tel: (212) 416-8267
                                            Robert.Hubbard@ag.ny.gov

                                            *Counsel for the State of New York*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2021, I caused the foregoing document to be filed electronically with the Clerk of the Court by using the CM/ECF system, which will serve a copy on all interested parties registered for electronic filing.

*/s/ Arlene Leventhal*
Arlene Leventhal
Legal Assistant 2
New York State Office
 of Attorney General
Antitrust Bureau
28 Liberty Street
New York, NY 10005