IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**PRETRIAL ORDER NO. 171**
**(REVISED BELLWETHER SELECTION; STAY OF CERTAIN DISCOVERY)**

On July 13, 2020, the Court adopted Special Master David Marion's Third Report and Recommendation, selecting as bellwether cases the clobetasol, clomipramine, and pravastatin Direct Purchaser ("DPP") and End-Payer ("EPP") proposed class-action cases and the State Plaintiffs' case asserting an overarching conspiracy with Defendant Teva Pharmaceuticals USA, Inc. at its center. But approximately six weeks after the bellwether selection, a federal grand jury returned an indictment charging Teva with criminal antitrust violations, and as a result, the Court later granted Teva's motion for reconsideration of the selection of the pravastatin case and the overarching Teva-centric case.. The Court vacated the bellwether selection on reconsideration, and the parties have proposed revised bellwether cases. Additionally, Defendant Ara Aprahamian, a former pharmaceutical executive, has moved for a stay of the civil proceedings pending the resolution of criminal antitrust charges against him, and Teva has moved for a protective order seeking a stay of certain depositions.

### A. Revised Bellwether Selection

The previously selected clobetasol and clomipramine DPP and EPP proposed class-action cases will remain as bellwether cases, by agreement of the parties without objection.[1] Aprahamian, Teva, and Glenmark are not named as Defendants in the DPP and EPP clobetasol and clomipramine cases, although there are extensive allegations concerning conduct by Aprahamian in these cases.

Agreement has not been reached with regard to the State Plaintiffs' case. Defendants, as they did previously, press for the selection of the Heritage-centric Action while State Plaintiffs propose the recently-filed Dermatology Action, which focuses on a conspiracy centered on drugs that treat dermatological conditions.[2] In determining the State Plaintiff's bellwether case, the Court must balance the concerns of the criminal investigation by the United States Department of Justice—and the rights of Defendants facing criminal charges—with moving cases within the MDL to trial.

Three Defendants currently face indictment in federal court: Teva, Glenmark Pharmaceuticals, Inc., and Aprahamian; and it is not possible to select any overarching action that does not intersect in some way with the criminal cases. Teva is a Defendant in the Heritage-centric Action, Aprahamian is a Defendant in the Dermatology Action, and Glenmark is a Defendant in both the Dermatology Action and the Heritage-centric Action. The selection of any overarching conspiracy case will carry implications for the criminal cases,[3] which the Court will take steps to mitigate as discussed below, and the Court will therefore look to other factors.

---

[1] As part of this stipulation, EPPs and DPPs take no position on the selection of the State Plaintiffs' bellwether case.

[2] Defendant Ascend Laboratories, Inc., objects to the selection of the Heritage-centric Action.

[3] Neither of the currently proposed overarching cases intertwines a single Defendant to the extent present in the Teva-centric Action.

The Heritage-centric Action is one of the earlier cases in the MDL and involves significantly fewer Defendants (20) and drugs (15) than the other overarching conspiracy cases, including those brought by the Direct Action Plaintiffs and the Indirect Purchaser Plaintiffs. The Dermatology Action alleges conduct over a period spanning more than six years, bringing claims against 36 Defendants and concerning approximately 80 drugs. The later filing of the Dermatology Action allowed it to incorporate allegations stemming from longer investigations by the State Attorneys General. The Dermatology Action also focuses on topical products, which allegedly have higher barriers to entry and fewer competitors as to any particular product than other types of generic drugs. The Dermatology Action also includes allegations relating to clobetasol, one of the proposed individual drug bellwether cases. For these reasons, and for many of the reasons that favored the Teva-centric Action, the Court determines that the Dermatology Action is more typical of the overarching conspiracy cases than the Heritage-centric Action and will provide overall a more comprehensive view of the positions of more parties in the MDL.

It is not possible to litigate the MDL without some degree of entanglement with the criminal cases. But because the Dermatology Action does not focus solely on an indicted Defendant, it does not raise the same scope of concerns as with the Teva-centric Action. The Court perceives that it is possible to balance the rights of the Defendants facing criminal charges with moving the cases forward.

**B.  Motions to Stay**

Defendant Aprahamian has moved to stay all civil litigation against him, while Defendant Teva has moved to stay the depositions of ten individuals. In determining whether a stay is warranted, the Court considers various factors, including "1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether

any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest."[4]

In weighing all of these factors, the Court concludes that a stay of all proceedings as to Aprahamian is not warranted. There is some overlap between the criminal case and the civil cases, particularly with regard to clobetasol, which is one of the drugs named in the Aprahamian indictment, and with clomipramine.[5] But it is unclear when the criminal case will be in a position to be tried, and Plaintiffs, as well as the general public, have a significant interest in moving forward with the civil cases.

Instead, the Court will stay Aprahamian's deposition until further order of the Court. Temporary, targeted stays of depositions have been used throughout the MDL to protect the interests of various parties, and such a stay is appropriate as to Aprahamian. Other discovery may proceed, and to the extent that Aprahamian asserts his Fifth Amendment right against self-incrimination, he may do so without prejudice to his ability to later withdraw the invocation of that right.

If the criminal proceedings have not been resolved by a juncture at which Plaintiffs assert they will suffer undue prejudice from the stay of the deposition or any invocation of the Fifth Amendment by Aprahamian, the Court will entertain an appropriate motion. However, Plaintiffs were aware of the nature of the criminal case and of Aprahamian's motion to stay when they sought to move forward with the clobetasol and clomipramine DPP and EPP class actions. There

---

[4] *In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *3 (E.D. Pa. May 13, 2003).

[5] No. 20cr64 (E.D. Pa.). The Indictment alleges that Aprahamian conspired with Cooperating Witnesses to fix the price of generic drugs, including clobetasol, clotrimazole cream, desonide ointment, fluocinonide ointment, lidocaine ointment, nystatin triamcinolone cream, nystatin triamcinolone ointment, and etodolac ER.

is much discovery to be conducted in these cases and the Court trusts that the parties will consider the competing interests at stake as they work through the discovery process.

Teva has moved to stay the deposition of ten Teva individuals through the end of the criminal proceedings against Teva. Teva does not seek a stay as to other discovery or depositions. Teva is not a Defendant in the revised bellwether cases, and at this time it appears that the limited stay of depositions will not impede discovery. However, the Court will not grant an indefinite stay; the ordered stay will run concurrently with the stay of witnesses on the list provided by the DOJ, and as circumstances evolve, the parties shall notify the Court if there is an objection to the continuing stay as to Teva witnesses in conjunction with the DOJ list.

**AND NOW**, this 7th day of May 2021, upon consideration of the parties' motions and responses, and after oral argument, it is hereby **ORDERED** that:

1. The parties shall submit proposed schedules to bring to trial on parallel tracks 1) the DPP and EPP class-action complaints as to clobetasol and clomipramine and 2) the State Plaintiff's Complaint filed June 10, 2020 in Civil Action No. 20-3539 (the Dermatology Complaint).

2. Defendant Ara Aprahamian's Motion for Leave to File under Seal [Doc. No. 1536] is **DENIED**, as the parties agree that sealing is not necessary, and therefore the Memorandum [MDL Doc. No. 1538] shall be **UNSEALED**.

3. Defendant Ara Aprahamian's Motion to Stay All Civil Proceedings against Him [Doc. Nos. 1536 and 1537], is **GRANTED in part and DENIED in part without prejudice** as set forth above.

4. Defendants' Motions to Seal [MDL Doc. Nos. 1616, 1637, 1667, 1683, 1706, 1712, 1723, and 1725] are **GRANTED** as the parties have identified a compelling,

countervailing private interest outweighing the public's interest in access to the limited information redacted.

5. Teva's Motions for Protective Order [MDL No. 1615, 1668 and 1731] are **GRANTED in part** as follows: The depositions in question are **STAYED** until **May 31, 2021**, and as set forth above.

6. State Plaintiffs' Motion to Strike Heritage Pharmaceutical's Memorandum of Law [MDL. Doc. No. 1737] is **DENIED**.

It is so **ORDERED.**

                                      **BY THE COURT:**

                                      /s/ Cynthia M. Rufe

                                      **CYNTHIA M. RUFE, J.**