# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*State Attorneys General Litigation*<br><br>THE STATE OF CONNECTICUT;<br>THE STATE OF ALABAMA;<br>THE STATE OF ALASKA;<br>THE STATE OF ARIZONA;<br>THE STATE OF ARKANSAS;<br>THE STATE OF CALIFORNIA;<br>THE STATE OF COLORADO;<br>THE DISTRICT OF COLUMBIA;<br>THE STATE OF DELAWARE;<br>THE STATE OF FLORIDA;<br>THE STATE OF HAWAII;<br>THE STATE OF IDAHO;<br>THE STATE OF ILLINOIS;<br>THE STATE OF INDIANA;<br>THE STATE OF IOWA;<br>THE STATE OF KANSAS;<br>THE COMMONWEALTH OF KENTUCKY;<br>THE STATE OF LOUISIANA;<br>THE STATE OF MAINE;<br>THE STATE OF MARYLAND;<br>THE COMMONWEALTH OF<br>    MASSACHUSETTS;<br>THE STATE OF MICHIGAN;<br>THE STATE OF MINNESOTA;<br>THE STATE OF MISSISSIPPI;<br>THE STATE OF MISSOURI;<br>THE STATE OF MONTANA;<br>THE STATE OF NEBRASKA;<br>THE STATE OF NEVADA;<br>THE STATE OF NEW HAMPSHIRE;<br>THE STATE OF NEW JERSEY;<br>THE STATE OF NEW MEXICO;<br>==THE STATE OF NEW YORK;==<br>THE STATE OF NORTH CAROLINA; | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE<br><br>Civil Action No.<br><br>17-3768<br><br><br><br>June 15, 2018<br><br><br>**<u>PLAINTIFF STATES'</u>**<br>**<u>CONSOLIDATED AMENDED</u>**<br>**<u>COMPLAINT</u>**<br><br><br><br>Non-Public Version:<br>Filed Under Seal |

THE STATE OF NORTH DAKOTA;
THE STATE OF OHIO;
THE STATE OF OKLAHOMA;
THE STATE OF OREGON;
THE COMMONWEALTH OF
    PENNSYLVANIA;
THE COMMONWEALTH OF PUERTO RICO;
THE STATE OF RHODE ISLAND;
THE STATE OF SOUTH CAROLINA;
THE STATE OF TENNESSEE;
THE STATE OF UTAH;
THE STATE OF VERMONT;
THE COMMONWEALTH OF VIRGINIA;
THE STATE OF WASHINGTON;
THE STATE OF WEST VIRGINIA;
THE STATE OF WISCONSIN;
THE STATE OF WYOMING;

    v.

ACTAVIS HOLDCO U.S., INC.;
ACTAVIS PHARMA, INC.;
ASCEND LABORATORIES, LLC;
APOTEX CORP.;
AUROBINDO PHARMA USA, INC.;
CITRON PHARMA, LLC;
DR. REDDY'S LABORATORIES, INC.;
EMCURE PHARMACEUTICALS, LTD.;
GLENMARK PHARMACEUTICALS, INC.;
HERITAGE PHARMACEUTICALS, INC.;
LANNETT COMPANY, INC.;
RAJIV MALIK;
MAYNE PHARMA INC.;
SATISH MEHTA;
MYLAN PHARMACEUTICALS, INC.;
PAR PHARMACEUTICAL COMPANIES, INC.;
SANDOZ, INC.;
SUN PHARMACEUTICAL INDUSTRIES, INC.;
TEVA PHARMACEUTICALS USA, INC.;
ZYDUS PHARMACEUTICALS (USA), INC.

commerce, that may, tended to or did deceive or mislead consumers. These practices included false or misleading statements of fact concerning the price of drugs and failures to state material facts about the costs of drugs, actions that deceived or tended to deceive consumers. Additionally, Defendants' actions constituted unconscionable trade practices, because they resulted in supra-competitive prices for the aforementioned drugs, resulting in a gross disparity between the prices paid by consumers and the valued received. These practices and actions violated the New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 et. seq.

767. The aforementioned actions and practices by Defendants also constitute unfair competition and unjust enrichment under New Mexico's common law.

768. Accordingly, the State of New Mexico is entitled remedies available to it under the New Mexico Antitrust Act, the New Mexico Unfair Practices Act, and New Mexico common law, including injunctive relief, actual, treble, and statutory damages, restitution, disgorgement, civil penalties, costs, attorney's fees, and any other appropriate monetary and injunctive relief. See N.M. Stat. Ann. §§ 57-1-3, -7, -8; N.M. Stat. Ann. § 57-12-8, -10, -11.

### New York

769. Plaintiff State of New York repeats and re-alleges each and every preceding allegation as if fully set forth herein.

770. The aforementioned practices by the Defendants violate New York antitrust law, the Donnelly Act, New York Gen. Bus. Law §§ 340-342c, and constitute both "fraudulent" and "illegal" conduct in violation of New York Executive Law § 63(12).

771. Plaintiff State of New York seeks relief, including but not limited to damages, for New York consumers and New York state entities that paid for one or more of the drugs identified in this Consolidated Amended Complaint during the relevant period and thereby paid

more than they would have paid but for Defendants' unlawful conduct. Plaintiff State of New York also seeks, and is entitled to, civil penalties, injunctive relief, other equitable relief (including but not limited to disgorgement), and fees and costs.

### North Carolina

772. Plaintiff State of North Carolina repeats and re-alleges each and every preceding allegation as if fully set forth herein.

773. Defendants' acts of distributing, marketing and selling generic pharmaceutical drugs to consumers through drug wholesalers and distributors, pharmacy and supermarket chains, and other resellers of generic pharmaceutical drugs and in otherwise engaging in the conduct more fully described herein with respect to the numerous generic pharmaceutical drugs identified herein, the Defendants are engaging in trade or commerce that directly or indirectly harmed North Carolina consumers pursuant to North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1 *et seq*.

774. The Defendants agreed to, and did in fact, act in restraint of trade or commerce in each generic drug market identified herein that includes North Carolina, by affecting, fixing, controlling and/or maintaining at artificial and non-competitive levels, the prices at which the numerous generic pharmaceutical drugs identified herein were sold, distributed or obtained in North Carolina, deprived North Carolina consumers from paying a price for the numerous generic pharmaceutical drugs identified herein which would have been competitive and fair absent the agreement to allocate customers and fix prices.

775. The aforesaid methods, acts or practices constitute unfair methods of competition and/or unfair acts or practices within their meaning under the North Carolina Unfair and

Respectfully submitted,

BARBARA D. UNDERWOOD
Attorney General of the State of New York

MANISHA SHETH
Executive Deputy Attorney General for
Economic Justice

BEAU BUFFIER
Chief, Antitrust Bureau

ELINOR R. HOFFMAN
Deputy Chief, Antitrust Bureau

ROBERT L. HUBBARD
EMILY GRANRUD
Assistant Attorneys General

28 Liberty, 20th Floor
New York, New York 10005
Tel: (212) 416-8267
Fax: (212) 416-6015

ATTORNEYS FOR THE
STATE OF NEW YORK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE STATE OF CONNECTICUT; | |
| THE STATE OF ALABAMA; | |
| THE STATE OF ALASKA; | MDL 2724 |
| THE TERRITORY OF AMERICAN SAMOA; | 16-MD-2724 |
| THE STATE OF ARIZONA; | |
| THE STATE OF ARKANSAS; | HON. CYNTHIA M. RUFE |
| THE STATE OF COLORADO; | |
| THE STATE OF DELAWARE; | |
| THE DISTRICT OF COLUMBIA; | Civil Action No. 19-CV-2407-CMR |
| THE STATE OF FLORIDA; | |
| THE STATE OF GEORGIA; | |
| THE TERRITORY OF GUAM; | October 31, 2019 |
| THE STATE OF HAWAII; | |
| THE STATE OF IDAHO; | |
| THE STATE OF ILLINOIS; | **AMENDED COMPLAINT** |
| THE STATE OF INDIANA; | |
| THE STATE OF IOWA; | |
| THE STATE OF KANSAS; | |
| THE COMMONWEALTH OF KENTUCKY; | |
| THE STATE OF LOUISIANA; | |
| THE STATE OF MAINE; | |
| THE STATE OF MARYLAND; | |
| THE COMMONWEALTH OF MASSACHUSETTS; | |
| THE STATE OF MICHIGAN; | |
| THE STATE OF MINNESOTA; | |
| THE STATE OF MISSISSIPPI; | |
| THE STATE OF MISSOURI; | |
| THE STATE OF MONTANA; | |
| THE STATE OF NEBRASKA; | |
| THE STATE OF NEVADA; | |
| THE STATE OF NEW HAMPSHIRE; | |
| THE STATE OF NEW JERSEY; | |
| THE STATE OF NEW MEXICO; | |
| ==THE STATE OF NEW YORK;== | |
| THE STATE OF NORTH CAROLINA; | |
| THE STATE OF NORTH DAKOTA; | |
| THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS; | |
| THE STATE OF OHIO; | |
| THE STATE OF OKLAHOMA; | |
| THE STATE OF OREGON; | |

THE COMMONWEALTH OF
    PENNSYLVANIA;
THE COMMONWEALTH OF PUERTO RICO;
THE STATE OF RHODE ISLAND;
THE STATE OF SOUTH CAROLINA;
THE STATE OF SOUTH DAKOTA;
THE STATE OF TENNESSEE;
THE STATE OF UTAH;
THE STATE OF VERMONT;
THE COMMONWEALTH OF VIRGINIA;
THE STATE OF WASHINGTON;
THE STATE OF WEST VIRGINIA;
THE STATE OF WISCONSIN;
THE STATE OF WYOMING;

      v.

TEVA PHARMACEUTICALS USA, INC.;
ACTAVIS HOLDCO US, INC.;
ACTAVIS PHARMA, INC.;
AMNEAL PHARMACEUTICALS, INC.;
AMNEAL PHARMACEUTICALS LLC;
APOTEX CORP.;
ARA APRAHAMIAN;
AUROBINDO PHARMA U.S.A., INC.;
DAVID BERTHOLD;
BRECKENRIDGE PHARMACEUTICAL, INC.;
JAMES (JIM) BROWN;
MAUREEN CAVANAUGH;
TRACY SULLIVAN DIVALERIO;
DR. REDDY'S LABORATORIES, INC.;
MARC FALKIN;
GLENMARK PHARMACEUTICALS, INC., USA;
JAMES (JIM) GRAUSO;
KEVIN GREEN;
GREENSTONE LLC;
ROBIN HATOSY;
ARMANDO KELLUM;
LANNETT COMPANY, INC.;
LUPIN PHARMACEUTICALS, INC.;
MYLAN PHARMACEUTICALS INC.;
JILL NAILOR;
JAMES (JIM) NESTA;
PAR PHARMACEUTICAL COMPANIES, INC.;
NISHA PATEL;
PFIZER, INC.;

commerce, that may, tended to or did deceive or mislead consumers. These practices included false or misleading statements of fact concerning the price of drugs and failures to state material facts about the costs of drugs, actions that deceived or tended to deceive consumers. Additionally, Defendants' actions constituted unconscionable trade practices, because they resulted in supra-competitive prices for the aforementioned drugs, resulting in a gross disparity between the prices paid by consumers and the value received. These practices and actions violated the New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 et seq.

1581. The aforementioned actions and practices by Defendants also constitute unfair competition and unjust enrichment under New Mexico's common law.

1582. Accordingly, the State of New Mexico is entitled remedies available to it under the New Mexico Antitrust Act, the New Mexico Unfair Practices Act, and New Mexico common law, including injunctive relief, actual, treble, and statutory damages, restitution, disgorgement, civil penalties, costs, attorney's fees, and any other appropriate monetary and injunctive relief. See N.M. Stat. Ann. §§ 57-1-3, -7, -8; N.M. Stat. Ann. § 57-12-8, -10, -11.

## New York

1583. Plaintiff State of New York repeats and re-alleges each and every preceding allegation as if fully set forth herein.

1584. In addition to violating federal antitrust law, the aforementioned practices by the Defendants violate New York antitrust law, the Donnelly Act, New York Gen. Bus. Law §§ 340-342c, and constitute both "fraudulent" and "illegal" conduct in violation of New York Executive Law § 63(12).

1585. Plaintiff State of New York seeks relief, including but not limited to damages, for New York consumers and New York state entities that paid for one or more of the drugs

441


identified in this Complaint during the relevant period and thereby paid more than they would have paid but for Defendants' unlawful conduct. Plaintiff State of New York also seeks, and is entitled to, civil penalties, injunctive relief, other equitable relief (including but not limited to disgorgement), and fees and costs.

1586 Minnesota Multistate Contracting Alliance for Pharmacy ("MMCAP") contracts directly with Defendants and/or has an assignment of antitrust claims from Cardinal Health, Inc. ("Cardinal") or other intermediary. New York entities purchase generic drugs through MMCAP contracts and have a similar assignment from MMCAP for any claims MMCAP may have for violations of the antitrust laws.

1587. To the extent these assignment clauses support a direct purchase by those represented by New York, in addition to all other remedies sought herein, Plaintiff State of New York seeks damages under federal antitrust law, 15 U.S.C. § 15.

### North Carolina

1588. Plaintiff State of North Carolina repeats and re-alleges each and every preceding allegation as if fully set forth herein.

1589. By distributing, marketing and selling generic pharmaceutical drugs to consumers through drug wholesalers and distributors, pharmacy and supermarket chains, and other resellers of generic pharmaceutical drugs and in otherwise engaging in the conduct more fully described herein with respect to the numerous generic pharmaceutical drugs identified herein, the Defendants are engaging in trade or commerce that directly or indirectly harmed North Carolina consumers pursuant to North Carolina's Unfair or Deceptive Practices Act, N.C. Gen. Stat. § 75-1 *et seq*.

1590. The Defendants agreed to, and did in fact, act in restraint of trade or commerce in

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York

CHRISTOPHER D'ANGELO
Chief Deputy Attorney General
Economic Justice Division

BEAU BUFFIER
Chief, Antitrust Bureau

ROBERT L. HUBBARD
Assistant Attorneys General

28 Liberty, 20th Floor
New York, New York 10005
Tel: (212) 416-8267
Fax: (212) 416-6015

ATTORNEYS FOR THE
STATE OF NEW YORK

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE STATE OF CONNECTICUT;<br>THE STATE OF ALABAMA;<br>THE STATE OF ALASKA;<br>THE STATE OF ARIZONA;<br>THE STATE OF ARKANSAS;<br>THE STATE OF COLORADO;<br>THE STATE OF DELAWARE;<br>THE DISTRICT OF COLUMBIA;<br>THE STATE OF FLORIDA;<br>THE STATE OF GEORGIA;<br>THE TERRITORY OF GUAM;<br>THE STATE OF HAWAII;<br>THE STATE OF IDAHO;<br>THE STATE OF ILLINOIS;<br>THE STATE OF INDIANA;<br>THE STATE OF IOWA;<br>THE STATE OF KANSAS;<br>THE COMMONWEALTH OF KENTUCKY;<br>THE STATE OF LOUISIANA;<br>THE STATE OF MAINE;<br>THE STATE OF MARYLAND;<br>THE COMMONWEALTH OF<br>   MASSACHUSETTS;<br>THE STATE OF MICHIGAN;<br>THE STATE OF MINNESOTA;<br>THE STATE OF MISSISSIPPI;<br>THE STATE OF MISSOURI;<br>THE STATE OF MONTANA;<br>THE STATE OF NEBRASKA;<br>THE STATE OF NEVADA;<br>THE STATE OF NEW HAMPSHIRE;<br>THE STATE OF NEW JERSEY;<br>THE STATE OF NEW MEXICO;<br>==THE STATE OF NEW YORK;==<br>THE STATE OF NORTH CAROLINA;<br>THE STATE OF NORTH DAKOTA;<br>THE COMMONWEALTH OF THE NORTHERN<br>   MARIANA ISLAND;<br>THE STATE OF OHIO;<br>THE STATE OF OKLAHOMA;<br>THE STATE OF OREGON;<br>THE COMMONWEALTH OF<br>   PENNSYLVANIA;<br>THE COMMONWEALTH OF PUERTO RICO;<br>THE STATE OF RHODE ISLAND; | Civil Action No. 3:20-cv-00802-SRU<br><br>United States District Court<br>District of Connecticut<br>FILED AT HARTFORD<br><br>       June 10 ,20 20<br>By /S/ Jeremy J. Shafer<br>       Deputy Clerk<br><br>**June 10, 2020**<br><br>**COMPLAINT**<br><br><br>**Public Version** |

THE STATE OF SOUTH CAROLINA;
THE STATE OF TENNESSEE;
THE STATE OF UTAH;
THE STATE OF VERMONT;
THE COMMONWEALTH OF VIRGINIA;
THE STATE OF WASHINGTON;
THE STATE OF WEST VIRGINIA;
THE STATE OF WISCONSIN; and
U.S. VIRGIN ISLANDS

    v.

SANDOZ, INC.;
ACTAVIS HOLDCO US, INC.;
ACTAVIS ELIZABETH LLC;
ACTAVIS PHARMA, INC.;
AMNEAL PHARMACEUTICALS, INC.;
AMNEAL PHARMACEUTICALS, LLC;
ARA APRAHAMIAN;
AUROBINDO PHARMA U.S.A., INC.;
BAUSCH HEALTH AMERICAS, INC.;
BAUSCH HEALTH US, LLC;
MITCHELL BLASHINSKY;
DOUGLAS BOOTHE;
FOUGERA PHARMACEUTICALS INC.;
GLENMARK PHARMACEUTICALS INC., USA
JAMES (JIM) GRAUSO;
GREENSTONE LLC;
G&W LABORATORIES, INC.;
WALTER KACZMAREK;
ARMANDO KELLUM;
LANNETT COMPANY, INC.;
LUPIN PHARMACEUTICALS, INC.;
MALLINCKRODT INC.;
MALLINCKRODT LLC;
MALLINCKRODT plc;
MYLAN INC.;
MYLAN PHARMACEUTICALS INC.;
KURT ORLOFSKI;
MICHAEL PERFETTO;
PERRIGO NEW YORK, INC.;
PFIZER INC.;
SUN PHARMACEUTICAL INDUSTRIES, INC.;
TARO PHARMACEUTICALS USA, INC.;
TELIGENT, INC.;
ERIKA VOGEL-BAYLOR;
JOHN WESOLOWSKI; and
WOCKHARDT USA LLC

1995. The aforementioned actions and practices by Defendants were and are a contract, agreement, combination, or conspiracy in an unreasonable restraint of trade or commerce in New Mexico, thus violating the New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-1 et seq.

1996. The aforementioned actions and practices by Defendants were unfair or deceptive trade practices as they were false or misleading oral or written statements or other representations made in connection with the sale of goods in the regular course of their trade or commerce, that may, tended to or did deceive or mislead consumers. These practices included false or misleading statements of fact concerning the price and availability of drugs and failures to state material facts about the costs of drugs, actions that deceived or tended to deceive consumers. Additionally, Defendants' actions constituted unconscionable trade practices, because they resulted in supra-competitive prices for the aforementioned drugs, resulting in a gross disparity between the prices paid by consumers and the value received. These practices and actions violated the New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 et. seq.

1997. The aforementioned actions and practices by Defendants also constitute unfair competition and unjust enrichment under New Mexico's common law.

1998. Accordingly, the State of New Mexico is entitled remedies available to it under the New Mexico Antitrust Act, the New Mexico Unfair Practices Act, and New Mexico common law, including injunctive relief, actual, treble, and statutory damages, restitution, disgorgement, civil penalties, costs, attorney's fees, and any other appropriate monetary and injunctive relief. See N.M. Stat. Ann. §§ 57-1-3, -7, -8; N.M. Stat. Ann. § 57-12-8, -10, -11.

### New York

1999. Plaintiff State of New York repeats and re-alleges each and every preceding allegation as if fully set forth herein.

2000. In addition to violating federal antitrust law, the aforementioned practices by the Defendants violate New York antitrust law, the Donnelly Act, New York Gen. Bus. Law §§ 340-342c, and constitute both "fraudulent" and "illegal" conduct in violation of New York Executive Law § 63(12).

2001. Plaintiff State of New York seeks relief, including but not limited to damages, for New York consumers and New York state entities that paid for one or more of the drugs identified in this Complaint during the relevant period and thereby paid more than they would have paid but for Defendants' unlawful conduct. Plaintiff State of New York also seeks, and is entitled to, civil penalties, injunctive relief, other equitable relief (including but not limited to disgorgement), and fees and costs.

### North Carolina

2002. Plaintiff State of North Carolina repeats and re-alleges each and every preceding allegation as if fully set forth herein.

2003. Defendants' acts of distributing, marketing and selling generic pharmaceutical drugs to consumers through drug wholesalers and distributors, pharmacy and supermarket chains, and other resellers of generic pharmaceutical drugs and in otherwise engaging in the conduct more fully described herein with respect to the numerous generic pharmaceutical drugs identified herein, the Defendants are engaging in trade or commerce that directly or indirectly harmed North Carolina consumers pursuant to North Carolina's Unfair or Deceptive Practices Act, N.C. Gen. Stat. § 75-1 *et seq*.

2004. The Defendants agreed to, and did in fact, act in restraint of trade or commerce in each generic drug market identified herein that includes North Carolina, by affecting, fixing, controlling and/or maintaining at artificial and non-competitive levels, the prices at which the

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York

CHRISTOPHER D'ANGELO
Chief Deputy Attorney General
Economic Justice Division

ELINOR HOFFMANN
Acting Chief, Antitrust Bureau

ROBERT L. HUBBARD
AMBER WESSELS-YEN
BEATRIZ MARQUES
Assistant Attorneys General

28 Liberty, 20th Floor
New York, New York 10005
Tel: (212) 416-8267
Fax: (212) 416-6015

ATTORNEYS FOR THE
STATE OF NEW YORK