# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: *State Attorneys General Litigation* | MDL NO. 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE<br><br>Civil Action Nos.<br>17-3768<br>19-2407 |

**PLAINTIFF STATE OF NEW YORK'S REVISED RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO THE STATE OF MAINE**

The State of New York, by its Attorney General, pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, submits these responses and objections to Defendants' First Set of Interrogatories Propounded to the State of New York dated October 31, 2019 (Interrogatories).

**PRELIMINARY STATEMENT**

1. These responses and objections are based on information presently available to the Attorney General and are made without prejudice to, and are not a waiver of, the Attorney General's right to rely on other facts or documents at trial.

2. The Attorney General reserves the right to supplement, clarify, revise, or correct any or all of its responses and objections, and to assert additional objections or privileges, in subsequent supplemental response(s).

1

3. A response or objection is not an admission or acknowledgment that an interrogatory calls for information that is relevant to the subject matter of this litigation or proportional to the needs of the case, or that any response would be admissible at any trial.

**GENERAL OBJECTIONS**

4. The Attorney General objects to the Interrogatories, including the Definitions and Instructions, to the extent that they attempt to impose any obligation on the Attorney General greater than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Eastern District of Pennsylvania, or any applicable order of the Court.

5. The Attorney General objects to the Interrogatories to the extent that they request information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. When asserting these privileges, the inclusion of the attorney-client privilege shall not be construed to create any attorney-client relationship in this action between the Attorney General and any public officials, state agencies, or governmental entities if such a relationship does not otherwise exist.

6. The Attorneys General object to Definition 1 ("Action") to the extent it would apply to private litigation in the MDL. The Attorneys General will only respond as to the Plaintiff States' Actions (Civil Action No. 17-3768 and Civil Action No. 19-2407).

7. The Attorney General objects to Definition 3 ("Damages") as vague to the extent it includes within the definition of damages all monetary remedies, whether equitable or in law, including but not limited to disgorgement, damages or restitution for individual consumers or businesses, civil penalties, *parens patriae* damages, and attorneys' fees, costs, investigative expenses or expert witness fees. The relief requested by the Attorney General specific to any state agencies is

monetary loss pursued in a proprietary capacity for relevant state agency expenditures on Drugs at Issue as a result of Defendants' unlawful anticompetitive conduct.

8. The Attorney General objects to Definition 7 ("State Agency") because it includes "You" which is later defined as "Plaintiff State and the Attorney General's office of the State of New York." The inclusion of "You" makes the definition of "State Agency" factually incorrect, overbroad and unduly burdensome. The Attorney General, an elected public official, is the entity that brought this action and is not a State Agency as that term is used in the Interrogatories.

9. The Attorneys General objects to Instruction 1 relative to information "available" to the Attorneys General to the extent it purports to impose burdens on the Attorneys General beyond those permitted by the Federal Rules of Civil Procedure.

10. The Attorneys General objects to Instruction 1 to the extent it requests information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the official information privilege, the law enforcement privilege, the public interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information.

11. The Attorneys General expressly incorporates these General Objections into each response below. A response many repeat any of the General Objections for emphasis or otherwise. The failure to repeat any of the General Objections in a particular response does not waive of these objections.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

### **INTERROGATORY NO. 1**

*Identify each and every State Agency for which the Plaintiff State seeks to recover Damages alleged in the Complaints.*

The Attorney General notes that discovery is ongoing and more facts may be ascertained that are presently unknown to the Attorney General. Accordingly, the Attorney General reserves the right to supplement this response.

Without waiving, and subject to, the foregoing General and Specific Objections, the Attorney General responds as follows:

The Attorney General is seeking to recover damages suffered by the New York State Department of Health, whose address is below, based on expenditures for Drugs at Issue:

> New York State Department of Health
> Corning Tower
> Empire State Plaza
> Albany, NY 12237

The State Agency identified above is the relevant agency for both the Plaintiff States' Consolidated Amended Complaint dated June 15, 2018 (Civil Action No. 17-3768) and the additional Plaintiff States' Complaint dated May 10, 2019 and amended on October 31, 2019 (Civil Action No. 19-2407), as amended.

For all identified State Agencies with expenditures reflected in the MMCAP data that has been, or subsequently will be, provided relative to the Drugs at Issue in the both Complaints, the Attorney General may rely on the MMCAP data to support those claims.

| | |
|---|---|
| Dated: January 30, 2020 | STATE OF NEW YORK<br>LETITIA JAMES<br>ATTORNEY GENERAL |
| BY: | /s/ *Saami Zain*<br>Saami Zain<br>Robert Hubbard<br>Assistants Attorney General<br>28 Liberty Street<br>New York, NY 10005<br>Tel: (212) 416-6360<br>Fax: (212) 416-6015<br>Saami.Zain@ag.ny.gov<br><br>*Counsel for the State of New York* |

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 30, 2020, I caused a true and correct copy of the foregoing Plaintiff State of New York's Revised Responses and Objections to Defendants' First Set of Interrogatories Propounded to Plaintiff State of New York to be served via email upon the following liaison counsel of record:

Sheron Korpus, Esq.
Kasowitz Benson Torres LLP
skorpus@kasowitz.com

Jan P. Levine, Esq.
Pepper Hamilton LLP
levinej@pepperlaw.com

Saul P. Morgenstern, Esq.
Arnold & Porter Kaye Scholer LLP
saul.morgenstern@apks.com

Chul Pak, Esq.
Wilson Sonsini Goodrich & Rosati
Professional Corporation
cpak@wsgr.com

Laura S. Shores, Esq.
Arnold & Porter Kaye Scholer LLP
laura.shores@apks.com

MDL2724AllDeftsService@pepperlaw.com

            By:   /s/ *Saami Zain*
                 Saami Zain
                 Assistant Attorney General

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: *State Attorneys General Litigation* | MDL NO. 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE<br><br>Civil Action Nos.<br>17-3768<br>19-2407 |

**PLAINTIFF STATE OF NEW YORK'S REVISED RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO THE STATE OF NEW YORK**

**VERIFICATION**

State of New York
County of New York

Saami Zain, being duly sworn under oath, deposes and says:

I am an attorney for Plaintiff State of New York, by and through its Attorney General, Letitia James, in the above-entitled action. I have read the foregoing Revised Responses and Objections to Defendants' First Set of Interrogatories to the State of New York dated and served January 30, 2020, and the responses asserted by the State of New York are true according to the best of my knowledge, information and belief.

_____
Saami Zain
Assistant Attorney General

Subscribed and sworn to before me this 30th day of January, 2020.

_____
Notary Public

JAMES YOON
Notary Public, State of New York
No. 02YO6354428
Qualified in New York County
Commission Expires January 5, 2023

1

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2020, I caused a true and correct copy of the foregoing Verification to Revised Responses and Objections to Defendants' First Set of Interrogatories to the State of New York to be served via email upon the following liaison and additional identified counsel of record:

Sheron Korpus, Esq.
Kasowitz Benson Torres LLP
skorpus@kasowitz.com

Jan P. Levine, Esq.
Pepper Hamilton LLP
levinej@pepperlaw.com

Saul P. Morgenstern, Esq.
Arnold & Porter Kaye Scholer LLP
saul.morgenstern@apks.com

Chul Pak, Esq.
Wilson Sonsini Goodrich & Rosati
Professional Corporation
cpak@wsgr.com

Laura S. Shores, Esq.
Arnold & Porter Kaye Scholer LLP
laura.shores@apks.com

And on the Defendants' listserve:

MDL2724AllDeftsService@pepperlaw.com

BY:   /s/ Saami Zain
Assistant Attorney General
28 Liberty Street
New York, NY 10005
Tel: (212) 416-6360
Fax: (212) 416-6015
Saami.Zain@ag.ny.gov

*Counsel for the State of New York*

2

# New York Financial Claims

|  | Heritage<br>Civ. A. No. 17-3678 | Teva<br>Civ. A. No. 19-2407 |
|---|---|---|
| What financial claims are you bringing? | 1. Civil penalties<br>2. Disgorgement<br>3. Restitution<br>4. Agency damages<br>5. Fees and costs | 1. Civil penalties<br>2. Disgorgement<br>3. Restitution<br>4. Agency damages<br>5. Fees and costs |
| On whose behalf are you bringing those claims? | 1. Civil penalties claims are brought by the Attorney General in an enforcement capacity on behalf of the public interest<br>2. Restitution and Disgorgement claims are brought by the Attorney General in an enforcement capacity on behalf of the public interest<br>3. Agency damages claims are brought on behalf of identified agencies§<br>4. Costs and attorneys' fees are brought on behalf of the Attorney General | 1. Civil penalties claims are brought by the Attorney General in an enforcement capacity on behalf of the public interest<br>2. Restitution and Disgorgement claims are brought by the Attorney General in an enforcement capacity on behalf of the public interest<br>3. Agency damages claims are brought on behalf of identified agencies§<br>4. Costs and attorneys' fees are brought on behalf of the Attorney General |
| What potential information sources support your claims? | 1. Civil penalties are based on statutory provisions<br>2. Restitution and Disgorgement is based on defendants' profits from selling drugs at issue, from data and publicly available sources (e.g. SEC filings)<br>3. Agency damages are based on data received by our expert which may | 1. Civil penalties are based on statutory provisions<br>2. Restitution and Disgorgement is based on defendants' profits from selling drugs at issue, from data and publicly available sources (e.g. SEC filings)<br>3. Agency damages are based on data received by our expert which may |

---

§ The agencies New York is seeking recovery on behalf of are included in an interrogatory response served on defense counsel by the New York Attorney General on December 2, 2019, and revised on January 30, 2020. They are the New York State Department of Health and agencies with MMCAP purchases.
(Footnote Continued on Next Page)

Page 1 of 2

| | | |
|---|---|---|
| | include purchase/reimbursement data from state agencies and from Defendants.** 4. The calculation of attorneys fees, costs, investigative expenses, or expert witness fees will be governed by federal and state law. Fees and costs are based on time spent by Attorney General's Office staff and expenses incurred by Attorney General's Office in this proceeding. | include purchase/reimbursement data from state agencies and from Defendants.** 4. The calculation of attorneys fees, costs, investigative expenses, or expert witness fees will be governed by federal and state law. Fees and costs are based on time spent by Attorney General's Office staff and expenses incurred by Attorney General's Office in this proceeding. |

---

** The State of New York reserves the right to rely on sources of information in addition to the potential sources of information identified as expert discovery progresses