# Exhibit C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724 |
| | 16-MD-2724 |
| ------------------------------------------------------ | |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | |
| *State Attorneys General Litigation* | Civil Action No. |
| | 17-3768 |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF**
**DOCUMENTS TO PLAINTIFF STATES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants hereby request that Plaintiff States each individually respond to the following requests for production and produce the documents identified below for examination, inspection, and copying, within thirty (30) days after the date of service of this request.

**DEFINITIONS**

1.       "You," "Your" or "Yours" means any entities, departments, subdivisions, officials, employees, representatives, or agents of the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, South Carolina, Tennessee, Utah, Vermont, Washington, West Virginia, Wisconsin; the Commonwealths of Kentucky, Massachusetts, Pennsylvania, Puerto Rico, Virginia; and the District of Columbia, as well as any other public or private entity on whose behalf You purport to assert a claim, whether direct or assigned (collectively, "Plaintiff States," and individually, "Plaintiff State"), including but not limited to

the following entities and their respective officials, employees, representatives, agents or attorneys:

> (a)    Any Plaintiff State-owned or operated hospital, clinic, and/or outpatient care center;
>
> (b)    Any Plaintiff State health and human services commission;
>
> (c)    Any other Plaintiff State governmental department or entity, including all past and present elected officials, employees, and representatives; and
>
> (d)    Any other state agency, contractor, or intermediary that administers, oversees, or implements state or federally funded health care programs providing coverage, assistance, or subsidies, in each Plaintiff State, and any other entities that administer, oversee, monitor, or implement any state or federally funded programs in any Plaintiff State, including but not limited to Medicaid programs.

2.      "Action" means the above-captioned action, *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, No. 16-md-2724 (CMR) (E.D. Pa.).

3.       "Agreement(s)" means any actual or perceived meeting of the minds, contract, arrangement, subscription or understanding, formal or informal, oral or written, direct or indirect, tacit or express, implemented or unimplemented, successful or unsuccessful, between two or more Persons.

4.      The terms "all," "any," and "each" shall be construed as encompassing any and all; "every" means each and every.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.  The use of the singular form of any word includes the plural and vice versa.

5.      "AMP" means Average Manufacturer Price and shall have the meaning set forth in 42 U.S.C. § 1396r-8(k)(1).

6.      "AWP" means Average Wholesale Price, as periodically published by one or more pharmaceutical industry compendia, including the Drug Topics Red Book, American Druggist First Databank Annual Directory of Pharmaceuticals, and Medi-Span's Master Drug Database.

7.      "Best Price" shall have the meaning set forth in 42 U.S.C. § 1396r-8(c)(1)(C).

8.      "CMS" means the United States Centers for Medicare and Medicaid Services and its agents, employees, commissioners, and anyone else acting on its behalf and sub-agencies and departments, any of its predecessors, including the Health Care Finance Administration, the Social Rehabilitative Service, and the Department of Health, Education & Welfare.

9.      "Communication(s)" means any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstance whatsoever.

10.      "Complaint" means the operative complaint filed by You or on Your behalf in this Action including, but not limited to, any operative complaint filed by You or on Your behalf after these Requests are served.

11.      The terms "concerning," "refer," "relate," "referring" and "relating" mean to comprise, reflect, record, memorialize, embody, discuss, contradict, evaluate, consider, review or report on the subject matter of the Request or to have been created, generated or maintained in connection with or as a result of the subject matter of the Request.

12.      "CPI-U" means Consumer Price Index—Urban and shall have the meaning set forth in 42 C.F.R. § 447.502.

13.     "Defendants" means the defendants named in Your Complaint in this Action.

14.     "Direct Price" means any figure so categorized and periodically published by any pharmaceutical data publishing service.

15.     "Document(s)" is used in its broadest sense and is meant to include all items encompassed by Rule 34 of the Federal Rules of Civil Procedure including, without limitation, electronically stored information and electronic or computerized compilations, and voice or data recordings, no matter how any such Documents are stored.  As used herein, this term shall include all forms of electronic communication, including email (from any email accounts, including any work or personal email accounts), instant messages, and text messages.  A draft or non-identical copy is a separate Document within the meaning of this term.  "Document" shall be construed as a Document and all attachments thereto.

16.     "Document Request(s)" or "Request(s)" means the Documents, Electronically Stored Information, and tangible things contemplated by Fed. R. Civ. P. 34(a)(1) in response to the following Document Requests.

17.     "DOJ" refers to the Antitrust Division of the U.S. Department of Justice, or any other divisions thereof.

18.     "Drugs at Issue" refers to all drugs or pharmaceuticals that are the subject of claims asserted in any operative Complaint filed by You or on Your Behalf in this Action; namely, Doxycycline Hyclate Delayed Release (or, "Doxy DR"); Glyburide; Nimodipine; Zoledronic Acid; Meprobamate; Doxycycline Monohydrate; Acetazolamide; Fosinopril HCTZ; Glipizide-Metformin; Glyburide-Metformin; Leflunomide; Nystatin; Paromomycin; Theophylline ER; and Verapamil.

19.    "Entity(s)" means any natural person or any business, legal or governmental entity or association.

20.    "EAC" means Estimated Acquisition Cost, or the estimate of the price generally paid by providers for a drug, as defined by Your state's Medicaid agency.

21.    "FUL" means Federal Upper Limit, or the price ceiling used by CMS to control prices for certain medications paid to pharmacies, as described by 42 C.F.R. § 447.514.

22.    The term "including" is used to provide examples of certain types of information and should not be construed as limiting a request in any way.

23.    "MAC" means Maximum Allowable Cost, or the price ceiling, similar to the FUL, as described in 42 C.F.R. § 50.504 or any analogous state statute or regulation.

24.    "MCO" means any managed care organization, health care maintenance organization, and any other health plan provider wholly or partially responsible for providing, or assisting you in providing Medicaid benefits.

25.    "Medicaid" means the jointly funded federal-state health insurance program enacted in 1965 under Title XIX of the Social Security Act to pay for the costs of certain healthcare expenses of eligible Beneficiaries.

26.    "Meeting(s)" means any assembly, encounter, or contemporaneous presence (whether in person or via any other method of communication) of two or more Persons for any purpose, whether planned or arranged, scheduled or not.

27.    "NADAC" means National Average Drug Acquisition Cost, as published by the Centers for Medicaid and Medicare Services.

28.     "NDC" means National Drug Code, the unique 11-digit code assigned to each prescription drug product sold in the United States by the U.S. Food and Drug Administration, which identifies the manufacturer, product, and package size of each drug product.

29.     "Participant" or "Beneficiary" means a Person for whom You provide health insurance coverage, including policyholders and dependents, or any other health care or health benefits from any program You administer, monitor, or control.

30.     "Person(s)" means any natural person or any business, legal or governmental entity or association.

31.     "Pharmacy Benefit Manager" or "PBM" means any person or entity that has managed, administered, or has otherwise been responsible for providing pharmacy benefits to Plaintiff State Medicaid Recipients.

32.     The terms "prices" and "pricing" shall be construed to mean "prices," "rebates," "discounts," "chargebacks," "fees," "price and/or unit adjustments," or any other adjustment to price.

33.     "Private Plaintiff" means any person or entity that has filed a Complaint in this Action, but who is not a plaintiff in the above-captioned *State Attorneys General Litigation*, Civil Action No. 17-3768.

34.     "Rebate period" shall have the meaning set forth in 42 C.F.R. § 447.502.

35.     "Request(s) for Proposal" means requests to purchase of any kind, including, but not limited to, invitations to bid or submit proposals, and requests for quotation, both formal and informal.

36.      "Trade Association(s)" means any group or association, formal or informal, relating to the market for generic pharmaceuticals, including, but not limited to the following

organizations and any formal or informal committee or sub-unit:  Association for Accessible

Medicines (formerly Generic Pharmaceutical Association), National Association of Chain Drug

Stores, Minnesota Multistate Contracting Alliance for Pharmacy, Efficient Collaborative Retail

Marketing (including any Efficient Program; Planning Sessions, or EPPS), Healthcare

Distribution Alliance (formerly Health Distribution Management Association), American

Society of Health-System Pharmacists, National Pharmacy Purchasing Association, and Health

Care Supply Chain Association.

37.     "Utilization," as used to refer to "utilization data," means the information that

each state agency is required to report to drug manufacturers pursuant to 42 U.S.C. § 1396r-

8(b)(2)(A).

38.     "WAC" means Wholesale Acquisition Cost, or the estimate of the manufacturer's

list price of a drug to wholesalers or other direct purchasers, not including discounts or rebates.

## **INSTRUCTIONS**

1.     Defendants seek production of the Documents set forth in the numbered Requests

below that are in each Plaintiff States' possession, custody, or control, or in the possession,

custody, or control of any entity acting on Your behalf or subject to its control regardless of

location, and include, unless otherwise specifically indicated, its employees, partners, agents,

representatives, commissions, boards, divisions, departments, agencies, instrumentalities,

administrators, attorneys, expert witnesses and other Personnel thereof.  A Document is to be

deemed in Your possession, custody, or control if You (a) own such document in whole or in

part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such

document on any terms; (c) have an understanding, express or implied, that You may use,

inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been

able to use, inspect, examine or copy such document when You sought to do so.  The Documents

obtained by You pursuant to state authorized investigations are specifically excluded from this instruction.

2.      These Requests are directed to each Plaintiff State and require a separate response from each individual Plaintiff State, separately for each entity on whose behalf that State and/or its Attorney General purports to bring claims.

3.      The production of a Document by one Plaintiff State does not relieve another Plaintiff State from the obligation to produce its own copy of that Document, even if the two Documents are otherwise identical.

4.      All electronically stored information shall be produced in a format mutually agreed upon by the parties or ordered by the Court.

5.      Any alteration of a responsive Document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a final Document is a separate and distinct Document and it must be produced.

6.      If any responsive Document is believed to have existed but no longer exists or is otherwise unavailable, describe the Document, the reason for its loss, destruction, or unavailability, and provide the name of each Person believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

        a.      In the event that any Document called for by any Request herein has been destroyed or discarded, that Document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copy recipients; (iii) the Document's date, subject matter, number of pages, and attachments or appendices; (iv) all Persons to whom the Document was

distributed, shown, or explained; (v) the Document's date of destruction or discard; and (vi) the Persons authorizing and carrying out such destruction or discard.

7.      If production is requested of a Document that is no longer in Your possession, custody, or control, Your response should state when the Document was most recently in Your possession, custody, or control, how the Document was disposed of, and the identity of the person or entity, if any, that is presently in possession, custody, or control of such Document.

8.      If no Document responsive to a request exists, please so state in Your response.

9.      Each Document should be produced in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

10.     Whenever necessary to bring within the scope of the Requests responses that might be otherwise construed to be outside the scope, construe:

    a.      "include," "includes," and "including" to mean "without limitation;"

    b.      the use of the present tense as including the past tense and vice versa; and

    c.      the use of the feminine, masculine, or neuter genders as including all genders.

11.     For each Document requested, produce the entire original Document, along with all attachments, appendices, enclosures and exhibits, and any copies that are not identical to the original (whether because of notes made on, or attached to, such copy or otherwise), regardless of whether You consider the attachments, appendices, enclosures and exhibits to be relevant or responsive to these Requests.

12.    No part of a Request may be left unanswered, or Documents not produced, merely because an objection is interposed as to any other part of a Request.  Where an objection is made to any Request, or subpart thereof, the objection must state with specificity all grounds.  All objections to the production of Documents requested herein must be made in writing and delivered to counsel of record for Defendants.  If objection is made to any Request, the response shall state whether Documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive Documents will occur notwithstanding such objection.

13.    For any Document withheld or redacted, in whole or in part, based on a claim of privilege or work product protection, the responding Plaintiff States shall comply with Rule 26 of the Federal Rules of Civil Procedure.  Any privilege log shall be produced in a format and according to a schedule mutually agreed upon by the parties or ordered by the Court.

14.    During the pendency of the stay ordered in Pretrial Order No. 44, You may redact or withhold Documents pursuant to paragraphs 3 and 4 of that Order.

15.    If a portion of any Document responsive to any Request is withheld under claim of privilege pursuant to Instruction 12, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

16.    Each Request should be construed independently and is not to be referenced to any other Request herein for purposes of limitation, unless one Request specifically refers to another Request.

17.    If, in responding to a Request, You claim any ambiguity in interpreting either the Document Requests, or an applicable definition or instruction, such claim shall not be used as a basis for refusing to respond, but You should set forth as part of Your response the language

deemed to be ambiguous and the interpretation chosen or used in responding to the Document Requests.

18.     Unless otherwise specified in a specific Request, the "Relevant Time Period" applicable to these Requests is January 1, 2012 through March 2, 2016, unless otherwise agreed by the parties and/or ordered by the Court or Special Master.   Each request shall be interpreted to include all Documents that relate to the Relevant Time Period, even if such Documents were prepared or published outside of the Relevant Time Period.  If a Document prepared before or after this period is necessary for a correct or complete understanding of any Document covered by a request, You must produce the earlier or later Document as well.  If a Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the request.

19.     Each Plaintiff State's production shall be submitted with a transmittal letter that includes the production volume name, encryption method/software used, and passwords for any password protected files.

20.     These Document Requests are continuing in nature.  Any Documents or things created, discovered, obtained, or formulated by You, subsequent to Your production in response to these Requests and up to and including the time of trial, must be produced promptly to Defendants pursuant to Rule 26 of the Federal Rules of Civil Procedure.  Additionally, in the event Plaintiff States further amend their Complaint and/or file new Complaints in this Action, Plaintiff States shall promptly supplement their productions as appropriate.

## DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1

Documents  sufficient  to  show  the  identity  of  each  State  Entity  that  purchased pharmaceuticals for which You seek to recover damages in this Action.

11

**DOCUMENT REQUEST NO. 2**

Documents sufficient to show the identity of each State Entity that paid for pharmaceuticals dispensed to others for which You seek to recover damages in this Action.

**DOCUMENT REQUEST NO. 3**

Documents sufficient to show the identity of each State Entity that resold pharmaceuticals for which You seek to recover damages in this Action.

**DOCUMENT REQUEST NO. 4**

All Documents (including data) concerning utilization, reimbursement, or Medicaid Rebate information for the Drugs at Issue.

**DOCUMENT REQUEST NO. 5**

Documents sufficient to show Your agreements with manufacturers relating to their participation in the the Medicaid Drug Rebate Program and its standardized Rebate Agreement, and other agreements for other Medicaid rebates, discounts, or reimbursements, including additional Unit Rebate Amounts as calculated by changes in baseline AMPs and CPI-Us.

**DOCUMENT REQUEST NO. 6**

All Documents discussing the usage of CPI-U as a basis for determining additional Unit Rebate Amounts among and between Your employees, the federal government, and/or other Entities.

**DOCUMENT REQUEST NO. 7**

All documents (including data) related to any other allowances, discounts, rebates, or other promotions, reimbursements, or credits that You received in connection with Your reimbursements of a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue, or any other price concession You received or were offered in connection with Your reimbursements of a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue.

**DOCUMENT REQUEST NO. 8**

All Documents concerning cost savings associated with generic pharmaceuticals, including Your ability to purchase generic pharmaceuticals at a discounted rate.

**DOCUMENT REQUEST NO. 9**

Documents sufficient to show the location of Your purchases or sales of a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue, as well as the locations where You dispensed the Drugs at Issue or brand name or therapeutic equivalent of a Drug at Issue, if applicable.

**DOCUMENT REQUEST NO. 10**

All Documents concerning any requests by You or on Your behalf to any Entity, including but not limited to, physicians, retail pharmacies, wholesalers, manufacturers, other State agencies, and the federal government, for information on the price or cost of any Drug at Issue.

**DOCUMENT REQUEST NO. 11**

All Documents concerning communications between you and any other state government, including but not limited to that government's Medicaid program, officials, agents, employees, divisions, departments, or agencies, concerning usual and customary, AMP, AWP, MAC, NADAC, WAC, Direct Price, EAC, Best Price, FUL, CPI-U or other prices, costs, reimbursement rates, or other benchmarks for pharmaceutical drug pricing.

**DOCUMENT REQUEST NO. 12**

Documents sufficient to show Your membership or participation in any multi-state group purchasing organization or associations, including but not limited to National Medicaid Pooling Initiative, Top Dollar Program, Sovereign States Drug Consortium, and Minnesota Multistate Contracting Alliance for Pharmacy.

**DOCUMENT REQUEST NO. 13**

All Documents concerning communications between you and any group purchasing organization, including multi-state group purchasing organizations or associations, relating to usual and customary, AMP, AWP, MAC, NADAC, WAC, Direct Price, EAC, Best Price, FUL, CPI-U or other prices, costs, reimbursement rates, or other benchmarks for pharmaceutical drug pricing, including negotiation for any of these prices, and contracts.

**DOCUMENT REQUEST NO. 14**

All Documents concerning communications between you and the federal government, including but not limited to the Office of Inspector General, the Government Accountability Office, Congressional Budget Office, CMS, the House Subcommittee on Health Care, Benefits, and Administrative Rules, the Senate Committee on Health, Education, Labor & Pensions, and the Department of Health and Human Services, and their predecessor agencies, concerning:

       a.)    the pricing of prescription drugs, including AWP, AMP, MAC, WAC, Direct Price, EAC, Best Price, FUL, CPI-U, or other prices, costs, reimbursement rates, or other benchmarks for pharmaceutical drug pricing;

       b.)    proposed alternative reimbursement methodologies;

       c.)    reimbursement methodologies considered or used by other states or state agencies;

       d.)    the processing of prescription drug reimbursement claims submitted by Your healthcare providers; and

       e.)    regular reporting of pricing information, including CMS utilization summaries, to CMS.

**DOCUMENT REQUEST NO. 15**

To the extent that You seek restitution, all Documents sufficient to show the identities of the Entities for which You seek restitution.

**DOCUMENT REQUEST NO. 16**

To the extent that You seek restitution, all Documents relating to or reflecting Your calculation of or methodology for calculating such amount.

**DOCUMENT REQUEST NO. 17**

To the extent that You seek disgorgement, all Documents sufficient to show the identities of the Entities for which You seek disgorgement.

**DOCUMENT REQUEST NO. 18**

To the extent that You seek disgorgement, all Documents relating to or reflecting Your calculation of or methodology for calculating such amount.

**DOCUMENT REQUEST NO. 19**

To the extent that You seek civil penalties and/or statutory damages, all Documents sufficient to show the identities of the Entities for which You seek civil penalties and/or statutory damages.

**DOCUMENT REQUEST NO. 20**

To the extent that You seek civil penalties and/or statutory damages, all Documents relating to or reflecting Your calculation of or methodology for calculating such amounts.

**DOCUMENT REQUEST NO. 21**

To the extent that You seek any other damages, costs, or fees as a result of the actions alleged in the Complaint, all Documents sufficient to show the identities of the Entities for which You seek that relief.

**DOCUMENT REQUEST NO. 22**

To the extent that You seek any other damages, costs, or fees as a result of the actions alleged in the Complaint, including, but not limited to, Your calculation of or methodology for calculating these amounts.

**DOCUMENT REQUEST NO. 23**

Documents sufficient to show the identity, location, and organizational structure, including organizational charts, for each of Your agencies, programs, sub-units, divisions, affiliates, or any other state-run Entity that has the authority to make decisions regarding the purchase, sale, distribution, reimbursement of, and reimbursement for any Drug at Issue.

**DOCUMENT REQUEST NO. 24**

All Documents concerning all factors that You consider or have considered when determining whether to purchase, sell, distribute, reimburse for, or seek reimbursement for generic pharmaceuticals, including the Drugs at Issue, including, but not limited to:

      a)    The price, quantity, strength, dosage, form, brand name or therapeutic equivalent, or package of a Drug at Issue;

      b)    Any statutory, regulatory considerations or requirements;

      c)    Strategies, policies, techniques or practices relating to Your purchase of a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue, including, but not limited to, strategic or exclusive alliances with sellers, buying consortia, aggregating or consolidating purchasing requirements, switching or threatening to switch suppliers, and contract provisions;

      d)    All analyses, studies, or reports on prices for a Drug at Issue or any brand name equivalents of any Drugs at Issue;

e)        All annual budgets or annual analyses of business or market conditions with respect any Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue; and

f)        Instructions, internal communications, guidelines or policies, either formal or informal, including without limitation, those related to budgets and costs, and any mathematical models, that You used with respect to potential or actual purchases, or potential or actual reimbursements, of a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue.

## DOCUMENT REQUEST NO. 25

If any outside association, PBM, or Group Purchasing Organization is responsible for negotiating contracts and/or purchasing generic pharmaceuticals on Your behalf, all Documents identifying such Entities and those that concern all factors those groups consider or have considered when determining whether to purchase Drugs at Issue.

## DOCUMENT REQUEST NO. 26

All Documents relating to Your process, whether formal or otherwise, for making decisions regarding the purchase, sale, distribution, or reimbursement of a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue, including but not limited to:

a)        Purchasing methods or procedures relating to requests for bids/quotes, formularies, negotiation of contracts or agreements with sellers, and any other ways in which You purchase a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue;

b)        Reimbursement methods or procedures You maintain and/or consider in determining reimbursement rates use regarding a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue including, but not

limited to AMP, AWP, MAC, NADAC, WAC, CPI-U, or any other pricing basis You maintain and consider, including but not limited to, any operative statutes or regulations that set reimbursement levels or formulas.

## DOCUMENT REQUEST NO. 27

All Documents containing Your internal communications concerning a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue.

## DOCUMENT REQUEST NO. 28

Documents sufficient to show the name, date, and location of each Trade Association meeting of which You or Your employees with substantive involvement in the decision-making process for the purchase or reimbursement of any Drugs at Issue or brand name or therapeutic equivalent of a Drug at Issue attended, and Documents sufficient to show the name and title of the employee who attended such meetings.

## DOCUMENT REQUEST NO. 29

All Documents, including but not limited to, meeting invitations, meeting agendas, transcripts, minutes, notes, summaries, attendance lists, handouts, presentations, or correspondence related to meetings of Trade Associations that either (a) were attended by Your employees with substantive involvement in the decision-making process for the purchase or reimbursement of any Drugs at Issue or their brand name or therapeutic equivalent, or (b) concern any Drugs at Issue or their brand name or therapeutic equivalent.

## DOCUMENT REQUEST NO. 30

All Documents concerning Your purported relevant market definitions in this Action.

## DOCUMENT REQUEST NO. 31

All Documents concerning the alleged market share of each Defendant in each purported relevant market You allege in this Action.

**DOCUMENT REQUEST NO. 32**

All Documents (including data) concerning the purchase of any Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, upon which You base any claim, including, but not limited to, all Documents concerning and/or identifying:

a)   The identity, type, nature, and capacity of all Persons that sold a Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, to You;

b)   The characteristics of the Drugs at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, You purchased (including, but not limited to, strength, dosage, form, and packaging);

c)   The NDC of each of the Drugs at Issue, or any brand name or therapeutic equivalent of a Drug at Issue You purchased;

d)   The date (of invoice, credit memo, accrual or other appropriate date) of all of Your purchases of a Drug at Issue or any brand name or therapeutic equivalent of a Drug at Issue;

e)   The prices You paid for each purchase of a Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, and, if different, the list prices, including, but not limited to, AMP, AWP, MAC, NADAC, WAC, CPI-U or any other pricing basis You maintained or considered in connection with any such purchase;

f)   The quantities, in unit sales, of a Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, You purchased; and

g)      Any contracts, agreements, terms and conditions, invoices, or memoranda

of understanding for each Drug at Issue, or any brand name or therapeutic

equivalent of a Drug at Issue, You purchased.

## DOCUMENT REQUEST NO. 33

Documents sufficient to show the identity, location, and organizational structure, including organizational charts, for each of Your agencies, programs, sub-units, divisions, affiliates, or any other state-run Entity that purchased any Drug at Issue or any brand name or therapeutic equivalent of a Drug at Issue.

## DOCUMENT REQUEST NO. 34

All Documents concerning communications between You and any manufacturer, supplier, seller or purchaser of a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue, including, but not limited, to all communications with any Defendant.

## DOCUMENT REQUEST NO. 35

All Documents concerning Your Requests for Proposals, whether formal or otherwise, for Your purchase of a Drug at Issue or a brand name equivalent of a Drug at Issue, including all responses to such Requests, whether the Entity bid in response or declined to bid.

## DOCUMENT REQUEST NO. 36

Documents sufficient to show all of Your contracts and contract negotiations, including those that did not culminate in an agreement, whether formal or otherwise, for the purchase of a Drug at Issue or a brand name equivalent of a Drug at Issue, including:

a)      The dates of the contract negotiations;

b)      The drugs covered by the contract negotiations;

c)      The counterparty to the negotiation or the Entities that participated in the

contract negotiations;

d)      The proposed terms and conditions (including price or any exclusivity clauses, most favored nation clauses, price protection, penalties for unavailability of supply, preferred vendor, or other such clauses) of any agreement) of any agreement, whether consummated, including those that were considered or rejected, as well as Documents reflecting the reasons for rejecting any such proposed terms or conditions;

e)      The start and end dates of any such consummated agreement; and

f)      The withdrawal, amendment, termination, or rescission of any such agreements.

**DOCUMENT REQUEST NO. 37**

All documents (including data) related to any allowances, discounts, rebates, or other promotions, reimbursements, credits, or other price concession that You received in connection with Your purchases of a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue, including those required by law or regulation.

**DOCUMENT REQUEST NO. 38**

All Documents (including data) concerning Your reimbursement (i.e., reimbursements made by You) for any Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, upon which You base any claim, including, but not limited to, all Documents concerning and/or identifying:

a)      The nature and capacity of all Persons for whom You reimbursed for a Drug at Issue or any brand name or therapeutic equivalent of a Drug at Issue;

b) The characteristics of the Drugs at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, for which you provided reimbursement (including, but not limited to, strength, dosage, form, and packaging);

c) The NDC for each Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, for which you provided reimbursement;

d) The date (of invoice, credit memo, accrual or other appropriate date) of all of Your reimbursements for a Drug at Issue or any brand name or therapeutic equivalent of a Drug at Issue;

e) The amount of money You reimbursed for each purchase or distribution of a Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, and any pricing basis You maintained or considered in connection with any such reimbursement;

f) The quantities, in unit sales, of a Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, for which you provided reimbursement; and

g) Any contracts, agreements, terms and conditions, invoices, or memoranda of understanding for each Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, for which you provided reimbursement.

## DOCUMENT REQUEST NO. 39

Documents sufficient to show the identity, location, and organizational structure, including organizational charts, for Your state Medicaid agencies, programs, sub-units, divisions, affiliates, or any other state-run Entity that provided reimbursement any Drug at Issue or any brand name or therapeutic equivalent of a Drug at Issue.

**DOCUMENT REQUEST NO. 40**

Documents sufficient to show the identities of all MCOs, PBMs, physicians, healthcare centers, hospitals, and other healthcare providers for which You provided reimbursement, or funding for Medicaid-related expenditures.

**DOCUMENT REQUEST NO. 41**

All documents (including data) reflecting the nature of Your business or reimbursement relationship with PBMs, MCOs, and any other third-party healthcare administrators, related to a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue, including but not limited to any contracts, negotiations, or discussions regarding pricing or supply for a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue.

**DOCUMENT REQUEST NO. 42**

Documents sufficient to show the design of Your Medicaid program, including but not limited to, payment models, system for delivering coverage for benefits, covered benefits, waivers, and State Plan Amendments.

**DOCUMENT REQUEST NO. 43**

All Documents concerning insurance plan designs or reimbursement considerations related to a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue, including but not limited to Documents related to the determination of beneficiary deductibles, premiums, formularies, co-payments, and co-insurance.

**DOCUMENT REQUEST NO. 44**

All Documents reflecting requests or claims, formal or otherwise, seeking reimbursement from You for Drugs at Issue or a brand name or therapeutic equivalent of a Drug at Issue.

**DOCUMENT REQUEST NO. 45**

All Documents relating to any communication made or received by You regarding Medicaid prescription drug reimbursement, the Medicaid Drug Rebate Program, or other manufacturer drug rebates for a Drug at Issue or brand name or therapeutic equivalent of a Drug at Issue.

**DOCUMENT REQUEST NO. 46**

All Documents sufficient to show the names of the Entities that administer Your Medicare plan.

**DOCUMENT REQUEST NO. 47**

All Documents concerning communications regarding Your reimbursements for a Drug at Issue or brand name or therapeutic equivalent of a Drug at Issue, including but not limited to communications regarding:

  a) Reimbursement rates for a Drug at Issue or brand name or therapeutic equivalents of a Drug at Issue under Medicaid;

  b) Changes or proposed changes to the rate of reimbursement for a Drug at Issue, or brand name or therapeutic equivalents of a Drug at Issue, under Medicaid;

  c) Actual or wholesale costs of a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue.

**DOCUMENT REQUEST NO. 48**

All Documents (including data) concerning reimbursements You received for any Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, upon which You base any claim, including, but not limited to, all Documents concerning and/or identifying:

a)      The identity, type, nature, and capacity of all Persons that reimbursed You for a purchase of a Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, to You;

b)      The characteristics of the Drugs at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, for which You received reimbursement (including, but not limited to, strength, dosage, form, and packaging);

c)      The NDC of each of the Drugs at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, for which You received reimbursement;

d)      The date (of invoice, credit memo, accrual or other appropriate date) of all of reimbursements made to You for purchases of a Drug at Issue or any brand name or therapeutic equivalent of a Drug at Issue;

e)      The prices You were reimbursed for each purchase of a Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, and, if different, the list prices, including, but not limited to, AMP, AWP, MAC, NADAC, WAC, CPI-U, or any other pricing basis maintained or considered in connection with any such reimbursement;

f)      The quantities, in unit sales, of a Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, for which You received reimbursement; and

g)      Any contracts, agreements, terms and conditions, invoices, or memoranda of understanding for each Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, for which You received reimbursement.

**DOCUMENT REQUEST NO. 49**

Documents sufficient to show all compensation or reimbursement You received in connection with the purchase of or reimbursement for a Drug at Issue, or a brand name or therapeutic equivalent of a Drug at Issue, from any third party, including but not limited to Documents reflecting federal, state, or private funding or donations for the purchase of a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue.

**DOCUMENT REQUEST NO. 50**

All Documents reflecting Your requests or claims, formal or otherwise, seeking reimbursement for a Drug at Issue or a brand name or therapeutic equivalent of a Drug at Issue.

**DOCUMENT REQUEST NO. 51**

All Documents (including data) concerning the sale or distribution of any Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, upon which You base any claim, including, but not limited to, all Documents concerning and/or identifying:

a)   The identity, type, nature, and capacity of all Persons to whom You sold or distributed a Drug at Issue or any brand name or therapeutic equivalent of a Drug at Issue;

b)   The characteristics of the Drugs at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, You sold or distributed (including, but not limited to, strength, dosage, form, and packaging);

c)   The NDC of each of the Drugs at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, You sold or distributed;

d)   The date (of invoice, credit memo, accrual or other appropriate date) of all of Your sales or distributions of a Drug at Issue or any brand name or therapeutic equivalent of a Drug at Issue;

e) The prices You charged for each sale of a Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, and, if different, the list prices, including, but not limited to, AWP, MAC, NADAC, WAC, CPI-U, or any other pricing basis You maintained or considered in connection with any such sale;

f) The quantities, in unit sales, of a Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, You sold or distributed; and

g) Any contracts, agreements, terms and conditions, invoices, or memoranda of understanding for each Drug at Issue, or any brand name or therapeutic equivalent of a Drug at Issue, You sold or distributed.

## DOCUMENT REQUEST NO. 52

Documents sufficient to show the identity and location of any state-run Entity that sold or dispensed any Drug at Issue or any brand name or therapeutic equivalent of a Drug at Issue.

## DOCUMENT REQUEST NO. 53

All Documents concerning the alleged price increases relating to the Drugs at Issue You allege in this Action.

## DOCUMENT REQUEST NO. 54

All Documents discussing any Defendant in this Action.

## DOCUMENT REQUEST NO. 55

All Documents concerning competition in the generic pharmaceutical industry, including externally prepared Documents or any conversations among or statements by Your officials or Entities.

## DOCUMENT REQUEST NO. 56

All Documents concerning the supply or manufacture of any Drug at Issue.

Dated: August 31, 2018

/s/ Jan P. Levine
Jan P. Levine
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750
levinej@pepperlaw.com

/s/ Sheron Korpus
Sheron Korpus
Seth A. Moskowitz
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com

/s/ Saul P. Morgenstern
Saul P. Morgenstern
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
saul.morgenstern@arnoldporter.com

/s/ Laura S. Shores
Laura S. Shores
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
laura.shores@arnoldporter.com

/s/ Chul Pak
Chul Pak
WILSON SONSINI GOODRICH &
ROSATI, PC
1301 Avenue of the Americas
40th Floor
New York, New York 10019
Tel: (212) 497-7726
Fax: (212) 999-5899
cpak@wsgr.com

**Defendants' Liaison Counsel on
Behalf of Named Defendants in** *State
Attorneys General Litigation***, No. 17-
3768 (E.D. Pa.)**

28