# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | : MDL NO. 2724<br>: 16-MD-2724<br>:<br>: HON. CYNTHIA M. RUFE<br>: |
| _____ | |
| *ALL ACTIONS* | : |

_____

## Report and Recommended Order from Special Master David H. Marion Setting Forth a Case Management Order and Discovery Schedule

This report and recommended order is respectfully submitted by Special Master David H. Marion to accompany a recommended Case Management Order and Discovery Schedule.

**I.   BACKGROUND**

As of the status conference before Judge Rufe held on July 12, 2019, the parties had yet to agree on a Case Management Order or Discovery Schedule. After several meet and confers and ex parte meetings requested by the parties, on July 17, I asked the Plaintiffs and Defendants to each submit a letter brief and a proposed Case Management Order including a Discovery Schedule (collectively herein, "CMO"). In response to that request, on July 29, I received written submissions from both sides. A joint meeting was held on August 1, prior to which I issued an "informal recommendation" in an effort to accelerate progress in moving this MDL forward. Following the August 1, joint meeting, I asked the parties to submit supplemental edits, including proposed deadlines, to my informal recommendation. After receiving the parties' edits on August 6, ex parte meetings were held on August 7.

August 16, 2019
Page 2

## II. DISCUSSION

Because I have already received four well-drafted proposals and letter briefs fully setting forth the opposing positions on a CMO, and have conducted several rounds of ex parte and joint meetings on the subject, I think it is reasonable to require the simultaneous submission of objections to the recommended Order attached hereto on or before September 13. If suitable and convenient to the Court, that schedule would allow Judge Rufe six business days for review prior to the September 24 status conference.

It appears unlikely that there will be mutual agreement on this subject, and therefore I am now recommending entry of the attached CMO, which I believe is a fair and workable compromise between the two sides' positions.

Plaintiffs initially presented two options to proceed. The first would require Defendants to produce full custodial files for a subset of key custodians selected by Plaintiffs from the much larger list of custodians of which the parties had already agreed. Although Plaintiffs presented a strong case in support of their "full custodial file" option, at my request they also put forward a second option which they could live with but did not prefer (and could later move for reconsideration), under which Defendants would run broad search terms – not limited to drugs or defendants already in the MDL – across all agreed-upon custodial files and to produce all "hits," absent those documents withheld for privilege, to Plaintiffs as the custodial documents. Plaintiffs further suggested the parties should meet and confer as to how to deal with any additional new or amended complaints which might be included in this MDL. Plaintiffs later amended their proposal to include a timeframe for the selection of bellwether criteria and segmented out various components of discovery by party and document type.

August 16, 2019
Page 3

Defendants favored a phased approach, setting a cutoff date after which any new or amended complaints would be placed in a "Suspense Docket." The first phase of discovery would be limited to drugs and defendants in cases pending as of March 20, 2019 and would proceed though a fairly customary discovery schedule. They vigorously resisted access to any custodian's complete records without limitation by search terms. Other variations between the two sides' proposals included the order of summary judgment motions as compared to class certification and the determination of a "bellwether" case or cases. Following a joint meeting, Defendants amended their proposal to include a full schedule with definitive dates through and including motions for class certification and motions for summary judgment. Defendants further proposed a detailed outline on the selection of search terms to be used on the suggested custodial files, and the production of documents as a result of those search terms after a privilege and responsiveness review. Plaintiffs strenuously opposed Defendants' withholding documents based on their unilateral determination of irrelevance or non-responsiveness.

### III.     RECOMMENDED ORDER

Based on the multiple and lengthy meetings with the parties both ex parte and jointly, and review of their conflicting briefs and proposed CMO's, I now recommend the Court's entry of the attached CMO based in part on the following considerations:

1.     Given the nature of the allegations of both overarching and specific price-fixing and market allocation antitrust conspiracies, and the extraordinarily high stakes involved, extensive and broad-ranging discovery is both necessary and appropriate for these cases to be fairly adjudicated; and is also essential for any meaningful settlement

==discussions, since cases like this are usually ultimately settled, and reasonable settlements are beneficial to the Court and the parties.==

      2.      The phased approach proposed by the Defendants may risk redundancy, multiple depositions of witnesses, and confusion; but Defendants reasonably contend they need some fixed date and time period for application of agreed-upon or Court-ordered search terms.

      3.      The proposed Order attempts to protect Defendants' asserted rights, in that there would be agreed-upon or Court-ordered search terms, a definite cut-off date, and Defendants could perform a privilege review prior to production of the "hits" generated from the custodial files.  Moreover, the procedures set forth in PTO 70 regarding confidentiality designations and the "clawback" of highly sensitive personal matters not relevant to the litigation would be utilized within an extended schedule.

      4.      By proceeding with discovery, class certification and then summary judgment motions – with a defined universe (unaffected by newly filed complaints or amendments) and a process for selection of "bellwether" cases, defendants, and drugs, it is probable that the issues for the parties will be narrowed, even as to new drugs, cases or parties that may be added, as they were after the Court decided the first tranche of motions to dismiss.

      5.      By involving ESI Master Regard to assist me in resolving and ultimately recommending appropriate search terms within a tight schedule, and Special Discovery Master Merenstein to assist with respect to disputes that may arise within the "clawback" process (and of course all three of us will be available to deal with whatever other non-

August 16, 2019
Page 5

dispositive disputes may arise going forward), I believe discovery can proceed promptly, efficiently and in accordance with the Federal Rules.

    6.    Attached hereto as Exhibit "A" is my Recommended Order. The above summary does not attempt to cover all the contentions made on each side or indeed all the considerations behind the proposed Order.

Respectfully submitted,

*[signature]*

David H. Marion, Special Master

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | : MDL NO. 2724<br>: 16-MD-2724<br>:<br>: HON. CYNTHIA M. RUFE<br>: |
| ALL ACTIONS | : |

**PROPOSED CASE MANAGEMENT ORDER AND DISCOVERY SCHEDULE**

The Special Master recommends: (1) the following shall control the management and schedule for discovery, class certification, summary judgment, and *Daubert* motions, applicable to all cases pending in the MDL as of September 1, 2019; (2) objections thereto by any party or parties be submitted to the Court on or before September 13, 2019.

1. With respect to any new complaint or amended complaint thereto filed after September 1, 2019, responsive pleadings and/or motions shall be filed as normally required or agreed. Discovery from new defendants may be guided by but will not be governed by this CMO. Discovery with respect to those defendants shall be governed by separate agreement(s) to be negotiated by the parties or separate order(s), recommended by the Special Master and/or as decided by the Court. However, discovery involving pre-existing parties may be expanded as appropriate to include newly added defendants and/or drugs.

2. All parties are required to preserve any and all communications in any potentially relevant custodial file including, but not limited to, (i) communications pertaining to any generic prescription drug with any other seller or manufacturer of any other generic prescription drug, or (ii) internal communications concerning (i).

3. **DISCOVERY OF DEFENDANTS' CUSTODIAL FILES**: Production from the files of all Defendants' Agreed Custodians (as defined in PTO 95, ¶ 1.5), or other Defendant custodian(s) as ordered, using search terms, established as follows:

    a. Search terms shall be established either by agreement reached among the parties in negotiations supervised by Special Master Marion and ESI Master Regard or as ordered by Special Master Marion or ESI Master Regard if not agreed to within twenty (20) days from entry of this Order.

        i. Such terms shall include, but are not limited to, all drugs named in any complaint and all Defendants named in any complaint as of the date of September 1, 2019.

-2-

    ii. Any drug or drug manufacturer or seller defendant added hereafter in any new or amended complaint, shall be added to the search terms and searched on a reasonable schedule to be established by the parties with the assistance of Special Master Marion and ESI Master Regard, as necessary.

b. Defendants shall apply the agreed search terms to the agreed custodial files and may review the identified documents for privilege, but may not withhold prior to production any documents based on relevance or responsiveness.

c. The deadline for meeting and conferring on the proposed search terms is ten (10) days from entry of this Order.

    i. Any dispute arising out of the above provisions shall be brought to Special Master Marion and ESI Master Regard via simultaneous letter briefs within thirty (30) days from the date of this Order, to be promptly resolved by them.

    ii. The briefs should include "hit" counts and suggested alternatives to the disputed search term(s).

    iii. Special Master Marion and/or ESI Master Regard will then meet and confer with the parties together or ex parte to discuss the proposals and will propose search terms to all parties for testing.

    iv. The parties shall have fourteen (14) days to test the search terms and submit objections to them.

    v. To the extent the parties do not reach agreement, any disputes shall be resolved pursuant to the Special Master Protocol, PTO 68.

d. Production deadline: December 20, 2019; Privilege log deadline: January 15, 2020.

e. Confidentiality:

    i. All documents shall be stamped "Outside Counsel Eyes Only" for 120 days (as set forth in PTO 70).

    ii. Confidentiality re-designation deadline: 120 days after production (as set forth in PTO 70).

    iii. Request for Clawback: 120 days from production (as guided by PTO 70).

    iv. Clawback disputes to be resolved promptly with assistance from Special Discovery Master Merenstein and Special Master Marion, as necessary.

4. **DISCOVERY OF DEFENDANTS' TARGETED DOCUMENTS** relevant to the claims regarding all drugs and all Defendants in the MDL.

    a. Targeted documents include, but are not limited to:

        i. Defendants' documents responsive to Plaintiffs' document requests that are regularly maintained in a known location, or in a location that is knowable upon reasonable inquiry of those with knowledge about Defendants' document management systems, departmental practices with respect to filing documents, and similar information, such that they do not require search terms. Such documents, which have previously been referred to as "go get" documents, may be found in custodial or non-custodial sources and include but are not limited to: e.g. calendars, travel and expense records, telephone records, board of directors' materials, forecasts, strategic sales databases, financial statements, accounting documents.

        ii. Defendants' documents relevant to class certification, experts, and other economic or data-related issues, which may or may not require targeted search terms; and

        iii. Additional targeted search terms based on review of documents and samples.

    b. Deadline to complete meet and confers with respect to such documents:

        i. Paragraph 4(a)(i): October 16, 2019.

        ii. Paragraph 4(a)(ii) and (iii): February 7, 2020.

    c. Any dispute arising out of these meet and confers shall be brought to Special Master Marion via simultaneous letter briefs on or before October 30, 2019 (for ¶ 4(a)(i)), or February 17, 2020 (for ¶ 4(a)(ii) and (iii)).

    d. Complete production of documents: November 15, 2019 (for ¶ 4(a)(i)) and March 13, 2020 (for ¶ 4(a)(ii) and (iii)); Privilege log deadline December 16, 2019 (for ¶ 4(a)(i)) and April 16, 2020 (for ¶ 4(a)(ii) and (iii)).

    e. Confidentiality:

        i. All documents stamped Outside Counsel Eyes Only for 120 days (as outlined in PTO 70).

        ii. Confidentiality re-designation deadline 120 days after production (as outlined in PTO 70).

  iii. Request for Clawback: <u>January 16, 2019</u> (for ¶ 4(a)(i)), <u>March 16, 2020</u> (for ¶ 4(a)(ii) and (iii)) (as guided by PTO 70).

  iv. Clawback disputes to be resolved promptly with assistance from Special Discovery Master Merenstein and/or Special Master Marion, as necessary.

5. **DEFENDANTS' TRANSACTIONAL DATA, COST INFORMATION, AND RELATED DOCUMENTS**

    a. No later than ten days after entry of this Order, samples of each Defendant's transaction-level sales data and cost information covering at least one year for one drug must be been produced. Disputes concerning these samples shall be brought to Special Master Marion promptly.

    b. Meet and confers concerning transaction-level sales data, cost information, and related documents shall be completed within forty-five (45) days of the entry of this Order. Any dispute shall be brought to Special Master Marion via simultaneous letter briefs no later than <u>December 13, 2019</u>.

    c. Deadline to produce Defendants' complete transaction-level sales data and cost information:

      i. Drugs in the MDL as of September 1, 2019: <u>January 16, 2019</u>.

      ii. For any new drugs involving an existing Defendant already in the MDL, added as of September 1, 2019: <u>January 16, 2019</u> or within 60 days of a new or amended complaint, whichever is later.

6. **WRITTEN DISCOVERY**: On or before <u>October 11, 2019</u>, all outstanding signature(s) and/or verifications required by Rule 33 of the Federal Rules of Civil Procedure shall be produced by either party.

7. **PLAINTIFFS' DOCUMENT PRODUCTIONS AND TRANSACTIONAL DATA**

    a. The parties shall meet and confer regarding Plaintiffs'[1] custodians, ESI sources, outstanding discovery requests, search terms and methodology for unstructured data, shall be completed no later than <u>October 14, 2019</u> (for Private Plaintiffs) and <u>January 15, 2020</u> (for the States).

    b. Any dispute arising out of this provision shall be brought to Special Master Marion, Special Master Merenstien and/or ESI Master Regard via letter briefs within ten (10) days of the applicable meet and confer deadlines.

---

[1]  "Plaintiffs" here refers to Plaintiffs in operative complaints and already served with discovery as of September 1, 2019.

-4-

23287562v.1

c. Production deadline: <u>December 20, 2019</u> (for Private Plaintiffs); <u>March 2, 2020</u> (for the States); Privilege log deadline: <u>30 days thereafter</u>.

d. Plaintiffs' production in response to Defendants' discovery requests shall otherwise proceed simultaneously and under the same procedures applicable to Defendants' production as set forth above in paragraphs 4-6.

8. **FACT DEPOSITIONS**

   a. Depositions in all cases shall begin <u>March 16, 2020</u> and continue through <u>September 16, 2021</u>.

   b. Witnesses associated with bellwether case(s) or claims are to take priority.

   c. Starting <u>February 6, 2019</u>, the parties shall meet and confer regarding the scheduling of depositions. Any dispute arising out of these meet and confers shall be submitted promptly to Special Master Marion via simultaneous letter briefs.

9. **BELLWETHER SELECTIONS**

   a. Within 45 days of the entry of this Order, the parties shall meet and confer with the assistance of Special Master Marion to identify criteria for selecting bellwether claims or case(s) for class certification, expert discovery, summary judgment, *Daubert* motions, and/or trial(s).

   b. Upon identification of the bellwether criteria, bellwether claims or case(s) shall be established either by agreement reached among the parties in negotiations supervised by Special Master Marion or as ordered by Special Master Marion if not agreed to within thirty (30) days after the meet and confer.

   c. The paragraphs below apply only to such cases.

10. **MERITS EXPERT DEPOSITIONS**[2]

    a. Plaintiffs shall serve expert reports no later than <u>April 30, 2021</u>. Plaintiffs' experts shall be made available for depositions no later than <u>June 14, 2021</u>.

    b. Defendants shall serve expert reports no later than <u>July 30, 2021</u>. Defendants' experts shall be made available for depositions no later than <u>August 16, 2021</u>.

    c. Plaintiffs shall serve rebuttal expert reports no later than <u>October 15, 2021</u>.

    d. Unless good cause can be shown, each expert providing a merits report is to be deposed only one time. Any dispute arising from the scheduling of expert

---

[2] Dates hereafter may be modified either by agreement or by Order of the Court, dependent on the selection of bellwether criteria.

-5-

23287562v.1

depositions shall be brought to Special Master Marion via simultaneous letter briefs.

11. **CLASS CERTIFICATION AND RELATED *DAUBERT* MOTIONS**

    a. Motions for class certification for the bellwether case(s) or claims, if required, shall be filed by October 7, 2020. Plaintiffs in such cases shall simultaneously serve expert reports on which they rely for class certification.

    b. Depositions of Plaintiffs class certification experts shall be completed by November 6, 2020. Unless good cause can be shown, each of Plaintiffs' class certification expert is to be deposed only one time.

    c. Opposition to class certification and related *Daubert* motions for the bellwether case(s) or claims shall be filed by December 18, 2020. Defendants in such cases shall simultaneously serve expert reports on which they rely in opposition.

    d. Depositions of Defendants' class certification experts shall be completed by January 8, 2021. Unless good cause can be shown, each of Defendants' class certification expert is to be deposed only one time.

    e. Replies in support of class certification and related *Daubert* motions for the bellwether case(s) or claims shall be filed, and supporting expert reports served, by January 18, 2021.

    f. The hearing on class certification shall be set on a date to be determined by the Court.

12. **SUMMARY JUDGMENT MOTIONS AND MERITS *DAUBERT* MOTIONS** shall proceed as follows:

    a. Motions and supporting briefs for bellwether case(s) or claims shall be filed no later than sixty (60) days after the later of close of merits expert discovery and disposition of motions for class certification.

    b. Oppositions shall be filed sixty (60) days thereafter.

    c. Replies shall be filed forty-five (45) days after the filing of oppositions.