# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

## PRETRIAL ORDER NO. 172
## (FIFTH CASE MANAGEMENT ORDER)

**AND NOW**, this 28th day of May 2021, upon consideration of the attached Joint Stipulation of counsel, submitted on behalf of their respective parties in the MDL to govern the service of privilege logs, non-privileged claw back requests and confidentiality designations in Phase 2 discovery, it is hereby **ORDERED** that the Joint Stipulation is **APPROVED and ENTERED** as an Order of the Court.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 <br> 16-MD-2724 |
| THIS DOCUMENT RELATES TO: <br><br> *ALL ACTIONS* | HON. CYNTHIA M. RUFE |

## JOINT STIPULATION FOR A FIFTH CASE MANAGEMENT ORDER GOVERNING PHASE 2 DISCOVERY

**WHEREAS** the Court entered a Fourth Case Management Order on January 8, 2021 (Pretrial Order No. 153) to govern the scope of discovery to be taken in cases filed between September 2, 2019 and December 15, 2020 as "Phase 2" document discovery[1];

**WHEREAS** the parties in the MDL have engaged in extensive, good faith negotiations to identify and agree upon appropriate processes and deadlines for the service of privilege logs, confidentiality designations and non-privileged claw back requests in Phase 2 discovery;

**NOW, THEREFORE**, it is jointly stipulated and agreed by and among the parties, through their undersigned liaison counsel:

1. **Group 1 Privilege Logs**:

    a. Group 1 Privilege Log deadlines are applicable to the following Defendants: Actavis Elizabeth, LLC; Actavis Holdco U.S., Inc.; Actavis Pharma Inc.; Apotex Corp.; Ascend Laboratories, LLC; Citron Pharma, LLC; Lannett Company, Inc.; Mayne Pharma Inc.; Par Pharmaceutical, Inc.; Par

---

[1] Pursuant to the terms of Pretrial Order No. 153, certain discovery relating to the case styled *CVS Pharmacy, Inc. vs. Actavis Elizabeth, LLC, et al.*, Case No. 2:20-cv-06310, falls outside the scope of Phase 2 document discovery.

Pharmaceutical Companies, Inc.; Endo International plc; Dava Pharmaceuticals, LLC; Generics Bidco I, LLC; Perrigo Company plc; Perrigo New York Inc.; Sandoz Inc.; Fougera Pharmaceuticals Inc.; Teva Pharmaceuticals USA, Inc.; Barr Pharmaceuticals, LLC; Pliva, Inc.; Upsher-Smith Laboratories LLC; West-Ward Pharmaceuticals Corp. (n/k/a Hikma Pharmaceuticals USA, Inc.); Wockhardt USA LLC; Morton Grove Pharmaceuticals, Inc.; Zydus Pharmaceuticals (USA) Inc.[2]

b. On or before **June 1, 2021**, each Defendant listed in ¶ 1.a shall serve its initial privilege log for the Phase 2 documents withheld or redacted on the grounds of privilege or as attorney work product;

c. On or before **July 1, 2021**, each Defendant listed in ¶ 1.a shall produce all documents that are partially redacted for privilege or as attorney work product and listed in its initial privilege log;

d. On or before **August 2, 2021**, each Defendant listed in ¶ 1.a shall serve its second privilege log for the Phase 2 documents withheld or redacted on the grounds of privilege or as attorney work product;

e. On or before **September 1, 2021**, each Defendant listed in ¶ 1.a shall produce all documents that are partially redacted for privilege or as attorney work product and listed in its second privilege log;

2. **Group 2 Privilege Logs**

---

[2] For Defendant Zydus Pharmaceuticals (USA) Inc., the deadlines in Paragraph 1 apply to its custodial document productions only. Zydus shall adhere to the deadlines in Paragraph 2 for its non-custodial document productions.

a. Group 2 Privilege Log deadlines are applicable to the following Defendants: Defendants Amneal Pharmaceuticals, Inc.; Amneal Pharmaceuticals, LLC; Aurobindo Pharma USA, Inc.; Breckenridge Pharmaceutical, Inc.; Dr. Reddy's Laboratories, Inc.; Emcure Pharmaceuticals, Ltd.; Epic Pharma, LLC; G&W Laboratories, Inc.; Glenmark Pharmaceuticals Inc., USA; Greenstone LLC; Pfizer, Inc.; Heritage Pharmaceuticals, Inc.; Impax Laboratories, Inc. (n/k/a Impax Laboratories, LLC); Lupin Pharmaceuticals, Inc.; Mylan N.V.; Mylan Pharmaceuticals, Inc.; Mylan, Inc.; Mylan Specialty L.P.; UDL Laboratories, Inc. (n/k/a Mylan Institutional, Inc.); Sun Pharmaceutical Industries, Inc.; URL Pharma Inc.; Mutual Pharmaceutical Company, Inc.; Taro Pharmaceuticals Industries Ltd.; Taro Pharmaceuticals USA, Inc.; Bausch Health Americas, Inc., f/k/a Valeant Pharmaceuticals International; Bausch Health US, LLC, f/k/a Valeant Pharmaceuticals North America, LLC; Oceanside Pharmaceuticals, Inc.[3]

b. On or before **July 1, 2021**, each Defendant listed in ¶ 2.a shall serve its initial privilege log for the Phase 2 documents withheld or redacted on the grounds of privilege or as attorney work product;

c. On or before **August 2, 2021**, each Defendant listed in ¶ 2.a shall produce all documents that are partially redacted for privilege or as attorney work product and listed in its initial privilege log;

---

[3] For Defendants Bausch Health Americas, Inc., f/k/a Valeant Pharmaceuticals International; Bausch Health US, LLC, f/k/a Valeant Pharmaceuticals North America, LLC; and Oceanside Pharmaceuticals, Inc. (collectively, "Oceanside"), the deadlines in paragraph 2 apply to its production of non-archival documents only. Oceanside and Plaintiffs are negotiating deadlines for the production of archival custodial documents that have recently been restored.

d. On or before **September 1, 2021**, each Defendant listed in ¶ 2.a shall serve its second privilege log for the Phase 2 documents withheld or redacted on the grounds of privilege or as attorney work product;

e. On or before **October 4, 2021**, each Defendant listed in ¶ 2.a shall produce all documents that are partially redacted for privilege or as attorney work product and listed in its second privilege log;

3. A Group 1 or Group 2 Defendant's privilege logs may omit documents withheld on the grounds of privilege if that Defendant determines in good faith that such documents are not responsive to any of Plaintiffs' discovery requests in the MDL. Each Defendant that omits such documents from its privilege logs shall produce to Plaintiffs, together with its second privilege log: (1) a categorical list of the omitted documents' general subject matters sufficient to demonstrate why they are not responsive to any of Plaintiffs' discovery requests in the MDL, and (2) a report providing the aggregate number of such documents and number of pages being withheld on the grounds of privilege. Any disputes relating to such lists and/or reports shall be resolved pursuant to PTO 163 (or any amended version thereof). Listing a document on a privilege log shall not constitute a concession that a document is responsive to any of Plaintiffs' discovery requests in the MDL nor a waiver of the right to argue under applicable rules and Court Orders that a document is not responsive to any of Plaintiffs' discovery requests in the MDL.

4. **Phase 2 Non-Privileged Clawbacks**:

    a. Consistent with Phase 1 discovery (*see* PTO 105 ¶ 3), for Phase 2 discovery the parties have agreed that Defendants shall apply the agreed Phase 2 search terms

to the Phase 2 custodial documents of the Agreed Custodians (as that term is defined in PTO 95, ¶ 1.5) and may review the identified documents for privilege, but may not withhold prior to production any documents based on relevance or responsiveness. Such document productions, which are subject to Defendant-by-Defendant substantial completion agreements with Plaintiffs, are referred to herein as "Phase 2 Custodial Productions." For Phase 2 Custodial Productions, the producing Defendant may notify Plaintiffs of its intent to clawback such documents (as guided by PTO 70) as follows.

    b. **Group 1 Clawback Deadlines**

        i. Group 1 Clawback deadlines are applicable to the following Defendants: Actavis Elizabeth, LLC; Actavis Holdco U.S., Inc.; Actavis Pharma Inc.; Apotex Corp.; Ascend Laboratories, LLC; Citron Pharma, LLC; Lannett Company, Inc.; Mayne Pharma Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Endo International plc; Dava Pharmaceuticals, LLC; Generics Bidco I, LLC; Perrigo Company plc; Perrigo New York Inc.; Sandoz Inc.; Fougera Pharmaceuticals Inc.; Teva Pharmaceuticals USA, Inc.; Barr Pharmaceuticals, LLC; Pliva, Inc.; Upsher-Smith Laboratories LLC; West-Ward Pharmaceuticals Corp. (n/k/a Hikma Pharmaceuticals USA, Inc.); Wockhardt USA LLC; Morton Grove Pharmaceuticals, Inc.; Zydus Pharmaceuticals (USA) Inc.[4]

---

[4] For Defendant Zydus Pharmaceuticals (USA) Inc., the deadlines in Paragraph 4.b apply to its custodial document productions only. Zydus shall adhere to the deadlines in Paragraph 4.c for its non-custodial document productions.

ii. The deadlines for such clawback notices shall be **June 15, 2021** for all Phase 2 Custodial Productions produced on or before June 15, 2021, and **September 15, 2021** for all Phase 2 Custodial Productions produced after June 15, 2021.

iii. Plaintiffs shall respond to each clawback request within 60 days of service by identifying those documents for which they object to the clawback. Any document not objected to within 60 days may be clawed back by the producing Defendant, through production of a metadata overlay.

c. **Group 2 Clawback Deadlines**

i. Group 2 Clawback deadlines are applicable to the following Defendants: Amneal Pharmaceuticals, LLC; Aurobindo Pharma USA, Inc.; Breckenridge Pharmaceutical, Inc.; Dr. Reddy's Laboratories, Inc.; Emcure Pharmaceuticals, Ltd.; Epic Pharma, LLC; G&W Laboratories, Inc.; Glenmark Pharmaceuticals Inc., USA; Greenstone LLC; Pfizer, Inc.; Heritage Pharmaceuticals, Inc.; Impax Laboratories, Inc. (n/k/a Impax Laboratories, LLC); Lupin Pharmaceuticals, Inc.; Mylan N.V.; Mylan Pharmaceuticals, Inc.; Mylan, Inc.; Mylan Specialty L.P.; UDL Laboratories, Inc. (n/k/a Mylan Institutional, Inc.); Sun Pharmaceutical Industries, Inc.; URL Pharma Inc.; Mutual Pharmaceutical Company, Inc.; Taro Pharmaceuticals Industries Ltd.; Taro Pharmaceuticals USA, Inc.; Bausch Health Americas, Inc., f/k/a Valeant Pharmaceuticals

International; Bausch Health US, LLC, f/k/a Valeant Pharmaceuticals North America, LLC; Oceanside Pharmaceuticals, Inc.[5]

    ii. The deadlines for such clawback notices shall be **August 1, 2021** for all Phase 2 Custodial Productions produced on or before August 1, 2021, and **October 18, 2021** for all Phase 2 Custodial Productions produced after August 1, 2021.

    iii. Plaintiffs shall respond to each clawback request within 60 days of service by identifying those documents for which they object to the clawback. Any document not objected to within 60 days may be clawed back by the producing Defendant, through production of a metadata overlay.

    iv. If a Defendant does not substantially complete its Phase 2 Custodial Productions by that Defendant's agreed substantial completion deadline, Plaintiffs' deadline to respond to that Defendant's pending or subsequently issued clawback request(s) shall be extended by 7 days plus the number of days after the agreed substantial completion deadline that such Defendant notifies Plaintiffs that its Phase 2 Custodial Production is complete

  d. The parties may meet and confer regarding modifications of the foregoing deadlines.

---

[5] For Defendant Oceanside, the deadlines in paragraph 4(c) apply to its production of non-archival documents only. Oceanside and Plaintiffs are negotiating deadlines for the production of archival custodial documents that have recently been restored.

e. If Plaintiffs notice a deposition and a producing Defendant determines that any documents sent or received by the deponent are subject to a pending clawback request, each such producing Defendant may request a meet and confer with Plaintiffs to resolve the relevant clawback request(s). Any such request shall be made at least ten days before the deposition is to commence, shall be copied to the Deposition Coordinators, and shall identify the date of the specific clawback request(s) and the Bates numbers of the documents at issue.

f. Any disputes relating to clawback objections shall be resolved pursuant to PTO 163 (or any amended version thereof).

g. Within 10 business days of the date when a Defendant produces an overlay for any document that is deemed clawed back either by agreement, the formal or informal resolution of a dispute, or via the lapse of an applicable deadline, the Receiving Party will provide written confirmation to the Producing Party that the overlay has been applied and that any predecessor document has otherwise been returned or destroyed.

h. Except as to the deadlines therein, Section 3 of PTO 138 shall apply to the Phase 2 Non-Privileged Clawback requests of all "Group 3 Defendants" (as defined on page 2 of PTO 138).

5. **Phase 2 Confidentiality Designations**. Except as to the deadlines therein, the parties agree that:

a. For the Defendants subject to PTO 137 Section 3(e), the Phase 1 procedures governing Confidentiality designations shall apply in Phase 2 discovery (*see*

PTO 137, Section 3(e)(i)-(iii)) except for subsection (a) of Section 3(e)(i), which is inapplicable to Phase 2 discovery.

b. For the "Group 3 Defendants" subject to PTO 138, the Phase 1 procedures governing Confidentiality designations shall apply in Phase 2 discovery. *See* PTO 138, Section 3(e)(i)-(iv).

It is so **STIPULATED**.

Dated: May __, 2021

/s/ Roberta D. Liebenberg
Roberta D. Liebenberg
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
215-567-6565
rliebenberg@finekaplan.com

*Liaison and Lead Counsel for the End-Payer Plaintiffs*

/s/ Dianne M. Nast
Dianne M. Nast
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, PA 19107
215-923-9300
dnast@nastlaw.com

*Liaison and Lead Counsel for the Direct Purchaser Plaintiffs*

/s/ W. Joseph Nielsen
W. Joseph Nielsen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860)808-5040
Fax: (860)808-5033
Joseph.Nielsen@ct.gov

*Liaison Counsel for the States*

/s/ William J. Blechman
William J. Blechman
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail: wblechman@knpa.com

*Liaison Counsel for Direct Action Plaintiffs and Counsel for the Kroger Direct Action Plaintiffs*

/s/ Jan P. Levine
Jan P. Levine
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

/s/ Sheron Korpus
Sheron Korpus
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800

Fax: (215) 981-4750
Jan.Levine@troutman.com

/s/ Devora W. Allon
Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue New York, NY 10022
Tel: (212) 446-5967
Fax: (212) 446-6460
devora.allon@kirkland.com

/s/ Chul Pak
Chul Pak
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019
Tel: (212) 999-5800
Fax: (212) 999-5899
cpak@wsgr.com

*Defendants' Liaison Counsel*

skorpus@kasowitz.com

/s/ Sarah F. Kirkpatrick
Sarah F. Kirkpatrick
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5958
skirkpatrick@wc.com