# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*United Healthcare Services, Inc. vs. Actavis Holdco U.S., Inc., et al.*<br><br>*United Healthcare Services, Inc. vs. Teva Pharmaceuticals USA, Inc., et al.* | Individual Case Nos.<br>19-629<br>19-5042 |

# ORDER

**AND NOW**, this 20th day of July 2021, upon consideration of the attached Joint Stipulation, it is hereby **ORDERED** that the Stipulation is **APPROVED**. Pursuant to the terms of the Stipulation, all claims against Endo International plc are hereby **DISMISSED without prejudice**, with each party to bear its own costs and attorneys' fees.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*United Healthcare Services, Inc. vs. Actavis Holdco U.S., Inc., et al*, 2:19-cv-00629<br><br>*United Healthcare Services, Inc. vs. Teva Pharmaceuticals USA, Inc., et al*, 2:19-cv-05042 | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE<br><br>Individual Case Nos.: 2:19-cv-00629-CMR; 2:19-cv-05042-CMR |

## JOINT STIPULATION

WHEREAS, Plaintiff United Healthcare Services, Inc. ("Plaintiff") amended its January 16, 2019 complaint on December 15, 2020, in the action *United Healthcare Services, Inc. vs. Actavis Holdco U.S., Inc., et al,* Case No.: 2:19-cv-00629, in the Eastern District of Pennsylvania (the "First Action"), against various Defendants including Endo International plc; DAVA Pharmaceuticals, LLC; Generics Bidco I, LLC; and Par Pharmaceutical, Inc. (collectively, in addition to Par Pharmaceutical Companies, Inc., the "Endo/Par Defendants," and together with United Healthcare Services, Inc., the "Parties");

WHEREAS, Plaintiff United Healthcare Services, Inc. filed its October 11, 2019 complaint in the action *United Healthcare Services, Inc. vs. Teva Pharmaceuticals USA, Inc., et al,* Case No.: 2:19-cv-05042, as transferred to the Eastern District of Pennsylvania (the "Second Action"),[1] against

---

[1] Both the First and Second Actions were originally filed in the District of Minnesota and transferred to the Eastern District of Pennsylvania for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407 and the Transfer Orders of the Judicial Panel on Multidistrict Litigation in

1

various Defendants including Endo International plc ("Endo"); Par Pharmaceutical Companies, Inc.; and Par Pharmaceutical, Inc.;

WHEREAS, the Endo/Par Defendants deny Plaintiff's allegations in both the First and Second Actions;

WHEREAS, Plaintiff continues to investigate potential collusive conduct as alleged in the complaint, including whether, and/or the extent to which, Endo participated in or is responsible for any collusive conduct alleged in the complaint, but Plaintiff is willing to take additional time to determine whether such claims should be asserted against Endo;

WHEREAS, counsel for the Endo/Par Defendants has represented that Par Pharmaceutical, Inc. is the proper entity to be named in both the First Action and the Second Action;

WHEREAS, the Parties have agreed to suspend and toll as of the date of the filing of the Amended Complaint in the First Action (December 15, 2020) and the Complaint in the Second Action (October 11, 2019) any and all applicable limitations, laches, or repose periods that may apply to Endo International plc with respect to the First Action and Second Actions (the "Limitations Period");

WHEREAS, with such protection against the statute of limitations and related principles, Plaintiff shall move forward at this time only with respect to its claims against DAVA Pharmaceuticals, LLC, Generics Bidco I, LLC, and Par Pharmaceutical, Inc., in the First Action; and Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. in the Second Action; and it will dismiss without prejudice its claims in the First Action and Second Action against Endo International plc.

---

MDL No. 2724.  The individual case numbers referenced herein are those assigned by the Eastern District of Pennsylvania.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel, on behalf of their respective clients, as follows:

1. All Limitations Periods, including statutes of limitations, statutes of repose and laches that had not expired as of December 15, 2020 for the First Action and October 11, 2019 for the Second Action are hereby suspended, stayed, or tolled, with respect to the claims set forth in the complaint against Endo International plc. Unless this Stipulation is extended by further agreement of the Parties, such tolling shall run from December 15, 2020 through December 15, 2022 for the First Action and October 11, 2019 through October 11, 2022 for the Second Action (the "Tolling Periods").

2. All claims against Endo International plc in the First and Second Actions are hereby dismissed without prejudice, with each Party to bear its own costs and attorneys' fees.

3. For purposes of the First and Second Actions, Par Pharmaceutical, Inc. represents that it has possession, custody, or control of all existing documents and information related to the sale or marketing of generic medications in the United States by any of the Endo/Par Defendants.

4. Nothing in this Stipulation shall prevent any Party from commencing any civil action, arbitration, or proceeding against any other Party.

5. Other than as expressly provided, nothing in this Stipulation shall affect any claim or defense available to the Parties (including jurisdictional defenses), and this Stipulation shall not be deemed to revive any claim that is or was already barred as of December 15, 2020 for the First Action and October 11, 2019 for the Second Action. Nothing in this Stipulation, or the circumstances giving rise to the Stipulation, shall be construed as an acknowledgment by the Parties that a claim has or has not been barred by any applicable Limitations Period or any other defense, legal, equitable or otherwise, based upon the lapse or passage of time prior to execution of the

Stipulation, or after the expiration of the Tolling Periods. The Parties to this Stipulation hereby expressly reserve any and all claims, counterclaims, causes of action and defenses to the same which they may have, except as indicated above with respect to a defense based on any applicable Limitations Period. The Parties to this Stipulation hereby expressly reserve any and all rights with respect to party or third-party discovery in the First Action or Second Action.

6. The Parties agree that the doctrine of *contra proferentum* shall not apply and that this Stipulation shall not be construed against the Party that drafted it.

7. The Parties further agree that nothing contained in this Stipulation shall be considered, construed or deemed an admission of liability, fault or other wrongdoing by any Party, or an attempt to allocate liability or fault.

8. This Stipulation shall be binding upon and inure to the benefit of each of the Parties and their respective successors, assigns, affiliates, parents, subsidiaries, officers, directors, agents and other representatives.

9. This Stipulation shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without reference to its choice of law rules.

10. Each of the undersigned represents and warrants he or she is duly authorized to enter into this Stipulation and that each intends the Stipulation to be a valid and binding obligation, enforceable in accordance with its terms.

11. This Stipulation may be executed in multiple counterparts, and an electronically scanned (in either .pdf or .tiff format) signature will be considered an original signature for purposes of execution of this Stipulation. Each counterpart shall be deemed to be an original as against a Party whose signature appears thereon and all of which shall together constitute one and the same instrument.

12. This Stipulation contains the entire agreement of the Parties with respect to the issue of tolling any applicable Limitations Period.

13. Any amendment to this Stipulation (including any extension of this Stipulation or any Tolling Periods) shall be invalid unless in writing, referencing this agreement, and signed by or on behalf of all Parties to which the amendment applies.

14. If any provision, covenant, condition or term of this Stipulation shall be held to be invalid or unenforceable, in whole or in part, such invalidity or unenforceability shall not affect the remainder of this Stipulation. The invalid or unenforceable provision, covenant, condition or term shall be substituted by a provision, covenant, condition or term which, according to the Parties' intention, achieves to the nearest extent possible the same effect as would have been achieved by the invalid provision, covenant, condition or term.

IT IS SO STIPULATED.

Dated: July 20, 2021

**ZELLE LLP**

*/s/ Judith A. Zahid*
Judith A. Zahid
Eric W. Buetzow
555 12th Street, Suite 1230
Oakland, CA 94607
Tel.: (415) 693-0700
jzahid@zelle.com
ebuetzow@zelle.com

James R. Martin
Jennifer Duncan Hackett
1775 Pennsylvania Avenue, NW
Suite 375
Washington, D.C. 20006
Tel.: (202) 899-4100
jmartin@zelle.com

**WILLIAMS & CONNOLLY LLP**

*/s/ Sarah F. Kirkpatrick*
John E. Schmidtlein
Sarah F. Kirkpatrick
Brian T. Gilmore
725 Twelfth St., NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5329
jschmidtlein@wc.com
skirkpatrick@wc.com
bgilmore@wc.com

*Attorneys for the Endo/Par Defendants*

jhackett@zelle.com

**BOIES SCHILLER FLEXNER LLP**

Hamish P.M. Hume
Abby L. Dennis
1401 New York Ave., NW
Washington, D.C. 20005
Tel. (202) 895-7580
hhume@bsfllp.com
adennis@ bsfllp.com

Duane L. Loft
575 Lexington Avenue
New York, NY 10022
Tel. (212) 446-2300
dloft@bsfllp.com

*Attorneys for Plaintiff United Healthcare Services, Inc.*