# ATTACHMENT 2

PLAINTIFFS' PROPOSED ORDER

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>Case No. 2:16-MD-02724 |
| | Hon. Cynthia M. Rufe |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**[PROPOSED] PRETRIAL ORDER NO. \_\_\_
(ALLOWING WRITTEN DISCOVERY TO PROCEED;
LIMITED STAY OF DEPOSITIONS)**

**AND NOW**, this \_\_\_\_ day of _____2021, it is hereby **ORDERED** that the stipulation is **APPROVED** as follows:

1. The terms outlined below shall apply until **November 30, 2021**.

2. Initial disclosures remain stayed (as per PTO No. 44).

3. All types of written discovery, including requests for production of documents, interrogatories, and requests for admissions, may be served.

4. Depositions of individuals on a list that the U.S. Department of Justice provided to counsel for the parties and the court on August 27, 2021 are stayed.

5. Other than the limitations imposed in Paragraph 4, the requirements and limitations imposed by the Fact Deposition Protocol (PTO No. 158) and the Remote Deposition Protocol (PTO No. 159), and as otherwise ordered by the Court, the parties may notice depositions and shall meet and confer as necessary to schedule depositions.

6. The parties shall serve any written discovery requests and notices of deposition simultaneously on the parties and the U.S. Department of Justice. If the United States objects to any proposed written discovery request or notice of deposition, the United States will notify the

party of the basis for the objection, and if necessary, bring that objection to the Special Master for resolution pursuant to the Revised Special Masters' Protocol (PTO No. 163). The proposed discovery shall be stayed pending resolution.

7. Parties may not seek, and no person may respond to, discovery that specifically relates to how or what information was subpoenaed or communicated by—or provided or produced to—the Department of Justice as part of its criminal investigation into the generic pharmaceuticals industry, including in response to any grand jury subpoena or as part of a person's cooperation obligations with the Department of Justice, except as to discovery of any memoranda of witness statements or witness interviews prepared by any law enforcement agency produced in *United States v. Teva Pharmaceuticals USA Inc., et al.*, No. 20-cr-200 (E.D. Pa.) that was accessed or viewed at any time by any attorney representing, or legal assistant working on behalf of, any party or non-party in this MDL.

8. Except as provided in ¶ 7, a person responding to a discovery request in this MDL (e.g., subpoena, request for production of documents, notice of deposition) ("Responding Person") shall not disclose in such response what documents or other information have been provided to the Department of Justice in the course of its criminal investigation into the generic pharmaceuticals industry, provided that nothing in this paragraph requires any modification of any document control number or other endorsement on a document, nor prohibits or excuses a Responding Person from providing documents or other information that previously had been provided to the Department of Justice.

9. For the sake of clarity:

    a. All parties reserve their rights to object to the admissibility of testimony or other evidence on any grounds;

    b. This Order does not waive the right of responding parties or witnesses not to answer questions, or to be instructed by counsel not to answer questions, based on the attorney-client privilege, attorney work product doctrine, or any other applicable privilege; and

    c. Plaintiffs and Defendants reserve all rights, and this Order does not preclude arguments or motions by Plaintiffs or Defendants with respect to the admissibility of any testimony or documents at trial.

10. Nothing in this Order precludes a party or subpoenaed party from objecting to, moving to quash, or seeking a protective order excusing a response to any discovery request, including filing a motion to extend the stay of any depositions beyond November 30, 2021, provided the objection is made in good faith.

It is so **ORDERED.**

                                            **BY THE COURT**

                                            _____

                                            **CYNTHIA M. RUFE, J.**