**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724 Case No. 2:16-MD-02724 |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | Hon. Cynthia M. Rufe |

**PRETRIAL ORDER NO. 182
(SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCLOSURE OF PHONE NUMBERS)**

**AND NOW**, this 6th day of October 2021, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded to material so entitled in all cases included in this Multi-District Litigation (the "MDL"), the Court enters this Supplemental Protective Order Governing Disclosure of Phone Numbers pursuant to Rule 26 of the Federal Rules of Civil Procedure. Capitalized terms not defined in this Order shall have the definitions set forth by the Court in Pretrial Order No. 53 [MDL Doc. No. 697] ("Protective Order").

1.     On July 15, 2021, Plaintiffs provided corporate Defendants a list of telephone numbers for use as search terms to identify potentially responsive documents for production ("Telephone Number Terms").

2.     The Telephone Number Terms may be disclosed to a third-party current or former employee of a Defendant in connection with a Rule 45 subpoena ("Subpoenaed Employee") served in this MDL. The Parties may do so notwithstanding any confidentiality designation that may be attached to the Discovery Material in which the telephone number was disclosed. The names of individuals associated with the telephone numbers contained in the Telephone Number

Terms may also be separately disclosed to a Subpoenaed Employee such that the Subpoenaed Employee cannot use the two lists to identify which phone number is associated with an individual. If a Subpoenaed Employee, to reduce the burden and expense of complying with a subpoena, requests the Telephone Number Terms in a list format that matches names and telephone numbers, such a list may be disclosed provided (1) notice is provided to each counsel representing an MDL Defendant; (2) no objection is asserted within 5 business days of the notice; and (3) the Subpoenaed Employee and their counsel agree to destroy all copies of the list and certify in writing to its destruction within 3 business days of compliance with the subpoena.

3.      A telephone number of any person not included among the Telephone Number Terms, if disclosed in any Discovery Material, court paper, or otherwise in this MDL, may also be disclosed to a Subpoenaed Employee and shall be considered an additional Telephone Number Term provided (i) notice is provided to counsel representing any MDL Defendant that is such person's current or former employer; and (ii) no objection is asserted within 5 business days of the notice. Any disputes relating to such disclosure shall be resolved pursuant to Pretrial Order No. 163 [MDL Doc. No. 1707], the Expedited Mediation of Disputes provision of the Revised Special Master Protocol, or successor Order.

4.      As specified for Discovery Material generally in Section 5.1 of the Protective Order, a Telephone Number Term shall be used solely for purposes of prosecuting, defending, or attempting to settle any part of this MDL. A Telephone Number Term shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

5.      Upon service of a Rule 45 subpoena, a Subpoenaed Employee and their counsel shall be served with and bound by the terms of this Order, the Protective Order, and Pretrial Order No. 94 [MDL Doc. No. 1044], except that paragraphs 3.A-B shall not apply.

6.      A Party shall use their best efforts to produce to other parties in the MDL a Subpoenaed Employee's document production in response to a Rule 45 subpoena within 7 business days of receipt. If a Subpoenaed Employee produces responsive documents to Defendants using the email listserv established for that purpose (mdl2724alldeftsservice@troutman.com), Plaintiffs shall have no obligations under this paragraph.

7.      For Subpoenaed Employee's document productions in response to a Rule 45 subpoena, use of Phone Records and Confidentiality of Phone Records shall be governed by the terms of Pretrial Order No. 94 [MDL Doc. No. 1044], except that paragraphs 3.A-B shall not apply.

8.      Nothing herein shall cause a party or individual to waive or preclude any rights to object, challenge, move to quash, or otherwise seek relief from subpoenas issued in this litigation, or from seeking an Order of the Court modifying or supplementing this Order.

9.      Stipulations may be made, between Counsel for the respective Parties, as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**