IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *ALL ACTIONS* | MDL 2724 <br><br> 16-MD-2724 <br><br> HON. CYNTHIA M. RUFE |

**PRETRIAL ORDER NO. 185**
**(CONFIDENTIALITY DESIGNATION ORDER AS TO MALLINCKRODT)**

**AND NOW**, this 18th day of October 2021, upon consideration of the attached stipulation of counsel, submitted on behalf of their respective parties in the MDL to Establish Certain Confidentiality Designation and Clawback Guidelines ("Stipulation"), it is hereby **ORDERED** that the Stipulation is **APPROVED**. Certain discovery processes previously provided in Pretrial Order No. 105 (MDL Doc. No. 1135) are hereby **AMENDED** as set forth by the parties in the Stipulation.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *ALL ACTIONS* | MDL 2724 <br><br> 16-MD-2724 <br><br> HON. CYNTHIA M. RUFE |

## JOINT STIPULATION TO ESTABLISH CERTAIN CONFIDENTIALITY DESIGNATION AND CLAWBACK GUIDELINES FOR MALLINCKRODT

**WHEREAS** the Court entered a Case Management Order and Discovery Schedule on October 24, 2019 (Pretrial Order No. 105, ECF 1135) that established processes and deadlines relating to confidentiality designations and clawbacks for certain discovery in MDL 2724;

**WHEREAS** on May 20, 2020, Defendants Mallinckrodt plc and Mallinckrodt LLC ("Mallinckrodt") filed for bankruptcy and subsequently invoked the automatic bankruptcy stay under Bankruptcy Code Section 362, which stayed discovery in the MDL with respect to Mallinckrodt;

**WHEREAS** on April 20, 2021, the End-Payer Plaintiffs ("EPPs") filed a Motion for Relief from the Automatic Bankruptcy Stay under Section 362(d)(1);

**WHEREAS** the parties in the MDL have engaged in extensive, good faith negotiations to resolve EPPs' Motion for Relief from Stay, and in furtherance of Mallinckrodt's and MDL Plaintiffs' agreement to resolve that Motion, those parties have identified and agreed upon appropriate revised processes and deadlines relating to confidentiality designations and clawbacks, applicable to discovery falling within the scope of PTO 105 that will be produced by Mallinckrodt;

1

**WHEREAS** pursuant to the aforementioned good faith negotiations, Mallinckrodt negotiated separately from the other corporate defendants in the MDL with respect to the manner in which they may apply confidentiality designations to the custodial documents they produce;

**NOW, THEREFORE**, it is jointly stipulated and agreed by and among the parties, through their undersigned liaison counsel:

A. Plaintiffs and Mallinckrodt have agreed to revised procedures and deadlines relating to Defendants' confidentiality designations pursuant to paragraph 3.e.i-ii of PTO 105, as stated below.

B. Plaintiffs and Mallinckrodt have agreed to revised procedures and deadlines relating to Defendants' clawback requests pursuant to paragraph 3.e.iii-iv of PTO 105, as stated below.

C. All other provisions of PTOs 105, 110 and 123 remain in effect.

3. **DISCOVERY OF CUSTODIAL FILES**

   <u>Section 3(e)(i)-(iv)</u>: The following provisions shall supersede and replace paragraphs 3.e.i through 3.e.iv of PTO 105 as to Mallinckrodt:

   e. Confidentiality:

   i. <u>"Blanket" Designations per PTO 53</u>. Custodial documents produced and designated/stamped at the confidentiality level "Outside Counsel Eyes Only" by Mallinckrodt shall remain so designated/stamped in the MDL, subject to modifications under PTO 53 (or any amended version thereof), other Court Order, or other applicable law.

   ii. The terms of the PTO 53, or any amendment or subsequent Protective Order, shall continue to apply to Mallinckrodt's produced custodial documents, including but

    not limited to the right of any party to seek a de-designation or re-designation of any documents.

  iii. Mallinckrodt consents, under ¶ 5.3(k) of PTO 53 (any amended version thereof), to the disclosure of any custodial documents produced by them to any testifying witness in the MDL, provided that the examining party has a good-faith basis to believe that the matters memorialized in the document are relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Mallinckrodt retains the right to object to and challenge the disclosure of any custodial document to any testifying witness in the MDL where it does not believe Plaintiffs have a good-faith basis, as set forth above, for such disclosure.

  iv. Notwithstanding the agreed-upon or Court-ordered disclosure to a testifying witness of any custodial document produced by Mallinckrodt, said document shall remain designated as "Outside Counsel Eyes Only" for all other purposes in the MDL, subject to appropriate modification under PTO 53 (or any amended version thereof).

  v. The foregoing procedures regarding confidentiality designations may be amended by agreement or stipulation of the parties, subject to Court approval.

**Section 3(f) Clawbacks:** The following provisions shall be incorporated into PTO 105 as a new section 3(f) and shall govern the issuance of requests for clawback and objections thereto as to Mallinckrodt:

  i. Mallinckrodt specifically foregoes the right to seek to clawback any and all produced custodial documents containing "competitively sensitive or trade secret

information" or "business information unrelated to the allegations in any MDL pleading," as set forth in PTOs 105 and 70. Mallinckrodt retains the right to seek to clawback any custodial documents containing "personal or embarrassing information unrelated to any allegation in the MDL," as set forth in PTOs 105 and 70. Plaintiffs retain their rights to challenge any clawback request.

ii. For any document produced pursuant to paragraph 3 of PTO 105 subject to the clawback reservation set forth in subparagraph i. above, Mallinckrodt may notify Plaintiffs of its intent to clawback such document (as guided by PTO 70). The deadlines for such clawback shall be within 30 days of Mallinckrodt's production of documents.

iii. Plaintiffs shall respond to each clawback request within 60 days, by identifying those documents for which they object to the clawback. Any document not objected to within 60 days may be clawed back by Mallinckrodt.

   a. The parties may meet and confer regarding modifications of these deadlines.

   b. If Plaintiffs notice a deposition and Mallinckrodt determines that any documents sent to or received by the deponent are subject to a pending clawback request, each such producing entity shall promptly meet and confer with Plaintiffs to resolve the relevant clawback request(s). Such meet and confer request shall be conducted at least ten days before the deposition is to commence, shall be copied to the Deposition Coordinators, and shall identify the date of the specific clawback request(s) and the Bates numbers of the documents at issue.

iv. Any disputes relating to clawback objections shall be resolved pursuant to PTO 163 (or any amended version thereof).

v. Within 10 days of the date when Mallinckrodt produces an overlay for any document that is deemed clawed back either by agreement, the formal or informal resolution of a dispute, or via the lapse of an applicable deadline, the Receiving Party will provide written confirmation to the Producing Party that the overlay has been applied and that any predecessor document has otherwise been returned or destroyed.

vi. The terms of the PTO 53, or any amendment or subsequent Protective Order, shall continue to apply to Mallinckrodt's produced custodial documents, including but not limited to the right of any party to clawback any inadvertently produced privileged documents.

It is so **STIPULATED**.

Dated: _____, 2021

| | |
|---|---|
| */s/ Roberta D. Liebenberg*<br>Roberta D. Liebenberg<br>FINE, KAPLAN AND BLACK, R.P.C.<br>One South Broad Street, 23rd Floor<br>Philadelphia, PA 19107<br>215-567-6565<br>rliebenberg@finekaplan.com<br><br>*Liaison and Lead Counsel for the End-Payer Plaintiffs* | */s/ Dianne M. Nast*<br>Dianne M. Nast<br>NASTLAW LLC<br>1101 Market Street, Suite 2801<br>Philadelphia, PA 19107<br>215-923-9300<br>dnast@nastlaw.com<br><br>*Liaison and Lead Counsel for the Direct Purchaser Plaintiffs* |

| | |
|---|---|
| */s/ W. Joseph Nielsen*<br>W. Joseph Nielsen<br>Assistant Attorney General<br>55 Elm Street<br>P.O. Box 120<br>Hartford, CT 06141-0120<br>Tel: (860)808-5040<br>Fax: (860)808-5033<br>Joseph.Nielsen@ct.gov<br><br>*Liaison Counsel for the States* | */s/ William J. Blechman*<br>William J. Blechman<br>KENNY NACHWALTER, P.A.<br>1441 Brickell Avenue<br>Suite 1100<br>Miami, Florida  33131<br>Tel:  (305) 373-1000<br>Fax:  (305) 372-1861<br>E-mail: wblechman@knpa.com<br><br>*Liaison Counsel for Direct Action Plaintiffs and Counsel for the Kroger Direct Action Plaintiffs* |
| */s/ Jane E. Willis*<br>Jane E. Willis<br>ROPES & GRAY LLP<br>Prudential Tower, 800 Boylston Street<br>Boston, MA 02199-3600<br>617-951-7603<br>jane.willis@ropesgray.com<br><br>*Counsel for Mallinckrodt Defendants* | |