IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**ORDER**

**AND NOW**, this 21st day of December 2021, upon *de novo* review of the Special Master David H. Marion's Eighth Report and Recommendation Regarding Defendants' Letter Motion to Compel State Plaintiffs to Provide Individual Discovery Responses [MDL Doc. No. 1897], to which no party objects, it is hereby **ORDERED** that the Report and Recommendation is **APPROVED and ADOPTED** as follows:

1. Defendants' letter motion to compel is **GRANTED in part** and **DENIED in part**. The States may submit a "global" set of objections and responses provided that either the signing Attorneys General expressly certify that they have consulted with the non-signing Attorneys General and obtained authority to sign for them and assume on their behalf all of the obligations and assurances contained in Rules 26 and 34 of the Federal Rules of Civil Procedure or, in the alternative, that each of the non-signing Attorneys General has executed a signed joinder document expressly assuming all the obligations and assurances contained in Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. In the event that any Attorney General has specific information or records unique to that Attorney General or that State, or is responding to discovery relating to that State's

witnesses, records, evidence, claims, or damages, that Attorney General should not join "global" objections and responses without revealing that information, and risks imposition of waivers or sanctions by doing so in bad faith.

It is so **ORDERED**.

**BY THE COURT:**

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**