IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**ORDER**

By Order dated November 17, 2021, the Court approved in part Special Master David Marion's Supplemental Fifth R&R. In that Order, the Court approved the Supplemental Fifth R&R to the extent that Plaintiff State of California had failed to comply with its discovery obligations as ordered by the Court in approving the Special Master's Fifth R&R, to which no objections were filed. The Court rejected the recommended exclusion of evidence sanction, provided that California promptly, albeit belatedly, comply with its discovery obligations. The Court also determined that under Federal Rule of Civil Procedure 37(a)(5)(A), attorney's fees were an appropriate discovery sanction, and that in the absence of agreement on the amount, Defendants could submit detailed documentation to support the award. Agreement was not reached, and both Defendants and California have filed letter briefs on the fee issue.

Defendants seek $103,810.50 in fees. Brian Gilmore of Williams & Connolly, counsel for Par Pharmaceutical, Inc., submitted detailed time records for 135.7 hours at the rate of $765 (representing a 10% discount of his usual billing rate of $850). This amount does not include time by any other attorneys or paralegals. The billing period begins with the drafting of the motion to compel and ends with the briefing and oral argument on the objections to the

Supplemental Fifth R&R. California does not dispute the reasonableness of the fees but argues that the award should be limited to $55,463, the amount sought for the work performed before Special Master Marion, and that no fees should be awarded for work on the objections filed with and argued before the Court.

Upon review of the records and the parties' arguments, the Court will award fees of $79,636.50. In making this award, the Court has considered that a substantial part of the briefing on the objections to the Supplemental Fifth R&R concerned the exclusion sanction (including the briefing by the other State Plaintiffs), and that the Court sustained the objections with regard to that sanction. The Court also has considered that the Fifth R&R was approved and entered as an Order of the Court, and that it was California's continued intransigence in failing to comply with its discovery obligations and with that Order that led to the recommended sanction in the first place.

**AND NOW**, this 29th day of December 2021, pursuant to the Court's inherent powers and Federal Rule of Civil Procedure 37, it is hereby **ORDERED** that Defendants are **AWARDED** fees in the amount of $79,636.50. Plaintiff State of California shall make payment of this amount within **21 days**.

It is so **ORDERED**.

**BY THE COURT:**

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**