IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

## ORDER

Special Discovery Master Bruce Merenstein has issued a Fourth Report and Recommendation ("R&R"). The R&R addresses a motion by Defendants to compel the Plaintiff States to respond to discovery requests regarding cooperating witnesses ("CWs"). The R&R recommends that the motion be denied as to Interrogatories 10, 11, and 12, which seek all facts provided by the eight cooperating witnesses and Defendant Heritage, and granted as to a Request for Production of Documents No. 64, which seeks communications between the Plaintiff States and the cooperating witnesses or their counsel. Defendants have objected to the recommendation regarding the interrogatories.

### I.    The Fourth R&R

Certain Defendants served interrogatories on Plaintiff States that sought the facts provided by CWs, the dates the CWs provided the facts, the dates the Plaintiff States interviewed the CWs, and all facts provided to the Plaintiff States by Heritage or its counsel. Certain Defendants also served a request for production of documents that sought all communications between the Plaintiff States and the CWs or their counsel.

Plaintiff States object to the interrogatories to the extent they seek facts that the CWs or Heritage provided to Plaintiff States and the corresponding dates on which such facts were provided, and further object to the document request that sought the communications between Plaintiff States and the CWs or their counsel. This dispute centers on whether Defendants can require Plaintiff States to disclose the facts discovered from the CWs and Heritage during the States' investigations, or whether Defendants must obtain the facts directly from those with personal knowledge—the CWs and Heritage. The R&R concludes that any facts disclosed in response to the interrogatories "would come not from the States' own personal knowledge, but from interview notes or memoranda created by the States' attorneys or the attorneys' recollections from interviews with the CWs or Heritage."[1] Moreover, those facts would have to be drawn from the work product of Plaintiff States' attorneys, and constitute "the States' understanding of those facts," rather than the facts themselves.[2]

The R&R further concludes that communications between the Plaintiff States and the CWs are discoverable, and that Defendants "should not be required to seek those communications from the CWs rather than the States."[3] The Special Discovery Master distinguished these communications from the request for the facts because the States only possess second-hand factual information filtered through their investigations, while the communications are presumptively the same information whether in the possession of the Plaintiff States or the CWs.[4] Thus, the Special Discovery Master recommends that the Plaintiff States not be compelled to respond any further to Defendants' Interrogatories 10, 11, and 12, but

---

[1] R&R [MDL Doc. No. 1859] at 4.

[2] R&R [MDL Doc. No. 1859] at 10 (emphasis omitted).

[3] R&R [MDL Doc. No. 1859] at 14–15.

[4] R&R [MDL Doc. No. 1859] at 15.

that the Plaintiff States should be compelled to produce all documents responsive to Defendants' Request for Production of Documents No. 64.

## II. Discussion

No objections have been filed with regard to Request for Production of Documents No. 64.[5] Defendants object to the recommendation that the States are not required to further respond to Interrogatories 10, 11, and 12. Defendants argue that the information sought is discoverable under Federal Rule of Civil Procedure 26(b) because it is highly relevant, the amount in controversy is substantial, Defendants do not have access to the relevant statements, the States' resources are considerable, and the information forms the basis of the States' complaints.[6] The States argue that the facts are intertwined with the mental impressions of counsel who prepared the interview memoranda such that they constitute attorney work product.

Defendants argue that even if the States cannot be compelled to produce the interview memoranda, the States should be required to produce the facts contained therein.[7] Defendants also argue that they are entitled to the information before the witnesses are deposed, and should not be "forced to rely on the memory of each witness" to recall what they told the States in interviews.[8]

There is no question that facts disclosed in interviews are discoverable, and no dispute that memoranda prepared by counsel memorializing the interviews constitute attorney work

---

[5] The States represent in their response that they "will produce their communications with the CW's counsel in accordance with the R&R." State Pls.' Mem. Supp. Fourth R&R [MDL Doc. No. 1890] at 6 n.1.

[6] Defs.' Partial Obj. Forth R. & R. [MDL Doc. No. 1872] at 6.

[7] Defs.' Partial Obj. Forth R. & R. [MDL Doc. No. 1872] at 9–10.

[8] Defs.' Partial Obj. Forth R. & R. [MDL Doc. No. 1872] at 7.

product.[9] Attorney work product is highly protected. As the Court of Appeals for the Third Circuit has held:

> Rule 26(b)(3) provides that, even if the party seeking discovery of information otherwise protected by the work product doctrine has made the requisite showing of need and undue hardship, courts must still protect against the disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney and his agents. Stated differently, Rule 26(b)(3) establishes two tiers of protection: first, work prepared in anticipation of litigation by an attorney or his agent is discoverable only upon a showing of need and hardship; second, "core" or "opinion" work product that encompasses the mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation is generally afforded near absolute protection from discovery. Thus, core or opinion work product receives greater protection than ordinary work product and is discoverable only upon a showing of rare and exceptional circumstances.[10]

A party cannot use the work-product doctrine to shield relevant and non-privileged facts in an attorney's file where the production of the facts is necessary to the preparation of a case, but the attorney cannot be required "to repeat or write out all that witnesses have told him and to deliver the account to his adversary" rather than requiring the adversary to speak with the witnesses themselves.[11]

Several district courts have ruled in analogous cases, reaching different conclusions. In *United States v. Dean Foods*,[12] the United States District Court for the Eastern District of Wisconsin held that the United States and several states were required to respond to an interrogatory requesting facts derived from an antitrust investigation, determining that the work-product doctrine did not shield the requested information from discovery, and noting specifically that the United States would "undoubtably rely on certain of the facts obtained from its third-

---

[9] *See Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 595 (3d Cir. 1984).

[10] *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662 (3d Cir. 2003) (citations and quotations omitted).

[11] *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).

[12] No. 10-59, 2010 WL 3980185 (E.D. Wis. Oct. 8, 2010).

party interviews in supporting its claims against [the defendant]," which raised fairness concerns.[13] The court concluded that the interrogatory did not ask for attorneys' mental impressions or conclusions, that it did not require a complete recitation of statements that a witness may have provided to counsel, and that the plaintiffs were " only required to provide any factual information obtained in the interviews that is relevant to the plaintiffs' claims."[14] Similarly, in *United States v. Dentsply*, the United States District Court for the District of Delaware determined that the United States Department of Justice was "attempting [] to extend work product protection to the facts which form the basis of its antitrust lawsuit," and that it was required to reveal the facts upon which it would rely to prove its case.[15]

By contrast, in *United States v. US Airways Group, Inc.*, the special master recommended that the United States District Court for the District of Columbia deny a motion to compel the response to a similar interrogatory in an antitrust case. The special master viewed the fact that the interrogatory at issue sought facts and not mental impressions to be a "distinction without a difference" because it would necessarily reveal which facts that were important to the plaintiffs, which would lead to insight and understanding of the legal theories and approaches of the plaintiffs.[16] The special master in *US Airways* also concluded that the defendants had not shown substantial need or undue hardship because the defendants had not shown that "they have any reason to believe that they would not obtain substantially similar facts from the witnesses in question."[17]

---

[13] *Dean Foods*, 2010 WL 3980185 at *4.

[14] *Id.* at *5.

[15] *United States v. Dentsply International, Inc.*, 187 F.R.D. 152, 155 (D. Del. 1999).

[16] *United States v. US Airways Group, Inc.*, No. 13-1236, 2013 WL 12341600 at *3 (D.D.C. Oct. 10, 2013).

[17] *U.S. Airways*, 2013 WL 12341600, at * 4.

Here, the Special Discovery Master has concluded that the States do not have to respond further to the interrogatories, noting that "Defendants have not argued that they cannot obtain the facts they seek from the CWs or Heritage."[18] In other words, Defendants can obtain the facts from those with personal knowledge rather than the facts as filtered through the States' attorneys. The Special Discovery Master notes that the States will be required to prove their case through the testimony of the witnesses at trial or at their depositions, and will not be able to rely on the understanding or description of the facts learned in the witness interviews.[19] The Special Discovery Master also cites the decision in *In re Domestic Airline Travel Antirust Litigation*, where the United States District Court for the District of Columbia concluded that the defendants could obtain facts that may be used to support the plaintiffs' case directly from a settling defendant, which [would] avoid infringement upon the plaintiffs' work product.[20]

The Court agrees with the analysis in the R&R with regard to the request for facts obtained in interviews, which are so intertwined with the impressions of counsel as to constitute work product. In this litigation, there is no practical distinction between requiring the States to write down the facts gleaned from interviews and requiring them to write down each statement given by the witness, which is protected attorney work product. The witnesses will testify as to the facts, and it is that testimony that must be used by the States to prove their allegations.

Defendants argue that the Federal Rules of Civil Procedure favor discovery from parties over discovery from non-parties, and that the States are the "exclusive and best source of this information."[21] Defendants are correct that discovery should be sought from parties, and they

---

[18] R&R [MDL Doc. No. 1859] at 5.

[19] *Id.* at 7–8.

[20] *In re Domestic Airline Travel Antirust Litigation*, 326 F.R.D. 43, 46 (D.D.C. 2018).

[21] Defs.' Partial Obj. Fourth R. & R. [Doc. No. 1873] at 6–7.

certainly may propound discovery seeking the facts supporting the allegations made by the States.[22] However, the States are not the "exclusive and best source" of the information as Defendants argue; the witnesses are the first-hand source of information.[23] Defendants have not shown that any witnesses are unavailable or that other extraordinary circumstances exist.

However, because the facts must come from the witnesses, the Court agrees that Defendants are entitled to know who the witnesses are and when they were interviewed. Interrogatory Number 10 asks that the States "[i]dentify each natural person or entity, including but not limited to anyone You have identified as a Cooperating Witness, interviewed either directly, or indirectly through counsel, by the Plaintiff States (either together or independently) pursuant to Your investigation of the Action and provide dates of each such interview."[24] Defendants contend that the States have identified the CWs, but have not identified whether any additional witnesses were interviewed.[25] The States argue that the Special Discovery Master determined that no additional responses to the interrogatories were required, and that Defendants waived the issue of undisclosed witnesses by failing to bring this issue squarely before the Special Discovery Master.[26] The Court will not find waiver under these circumstances. The Court will refer to the Special Discovery Master the question of whether there are additional witnesses who were interviewed by the States and whose identities have not been disclosed.

Finally, the Court will sustain Defendants' objection to the R&R as to disclosure of the dates of interviews conducted by the States. Although the R&R recommended that the States

---

[22] *See In re Domestic Airline Travel*, 326 F.R.D. at 46.

[23] Defs.' Partial Obj. Fourth R. & R. [Doc. No. 1873] at 7.

[24] Defs.' Partial Obj. Forth R. & R. [MDL Doc. No. 1872] Ex. C at 5.

[25] Defs.' Partial Obj. Forth R. & R. [MDL Doc. No. 1872] at 1 n.3 ("While the States have identified in their interrogatory responses the six Cooperating Witnesses referred to in their complaints, the States have refused to provide the identities of individuals that the States interviewed either directly or indirectly through counsel.").
[26] State Pls.' Mem. Supp. Fourth R&R [MDL Doc. No. 1890] at 8–9.

should not be required to provide facts or dates, there is no specific reasoning provided with regard to the dates. Because the date of an interview is a simple fact, does not reveal the thought processes of the attorneys, and is information as available to the States as to the witnesses, it is discoverable.[27]

### III. Order

**AND NOW**, this 11th day of January 2022, upon *de novo* review of the Amended Fourth Report and Recommendation of the Special Master [MDL Doc. No. 1859], the objections thereto, and the briefing, it is hereby **ORDERED** that the objections to the Fourth R&R are **SUSTAINED in part and OVERRULED in part** as follows:

1. The States shall provide the dates of interviews conducted with the CWs and Heritage.

2. The question of whether there are additional witnesses who have been interviewed by the States but whose identity has not been disclosed is referred to Bruce Merenstein, the Special Discovery Master.

3. The R&R is otherwise **APPROVED and ADOPTED**.

It is so **ORDERED**.

                                                                       **BY THE COURT:**

                                                                      /s/ Cynthia M. Rufe

                                                                      _____

                                                                      **CYNTHIA M. RUFE, J.**

---

[27] The dates of the interviews likely are also part of communications responsive to Document Request No. 64 that will be produced.