**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724
16-MD-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:

*ALL ACTIONS* | |

**PRETRIAL ORDER NO. 195**
**(MODIFYING PRETRIAL ORDER NOS. 45 AND 53)**
**(SECOND MODIFIED PROTECTIVE ORDER)**

**AND NOW,** this 2nd day of March 2022, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded to material so entitled in all cases included in this Multi-District Litigation (the "MDL"), the Court enters this agreed-upon Modified Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

1. **DEFINITIONS**

1.1.   <u>Private Actions:</u> civil actions filed by private litigants included within this MDL.

1.2.   <u>State Actions</u>: civil enforcement actions filed by State Attorneys General ("State AGs") that are included in this MDL.

1.3.   <u>Party</u>: any party in the Private Actions or in the State Actions, including all of its officers, directors, principals, employees, Consultants, Experts, and Outside Counsel, as defined below.

1.4.   <u>Discovery Material</u>: all documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this MDL.  This includes any material produced, filed, or served by any Party or

person during discovery in this MDL, or any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or person (whether produced pursuant to Federal Rule of Civil Procedure 34, subpoena, or otherwise), and responses to requests for admission.  Discovery Material produced, exchanged, or disclosed in this MDL shall be used only for the purposes of this MDL, and not for any other proceeding, business, competitive, personal, private, public, or other purpose.

However, nothing in this Protective Order prevents the State AGs' use of Confidential, Highly Confidential, or Outside Counsel Eyes Only Material outside this MDL to the extent that such use is required by applicable law or court order.  Before using any Confidential, Highly Confidential, or Outside Counsel Eyes Only Material outside this MDL, the State AGs shall provide the Producing Party(ies) with reasonable advance written notice (1) identifying the Confidential, Highly Confidential, or Outside Counsel Eyes Only Material to be used, and (2) citing the applicable law or court order requiring or permitting its use.

1.5.    <u>CONFIDENTIAL Information or Items</u>:  information (regardless of how it was generated), testimony or tangible things that have not been made public by the Producing Party, or Designating Party if different than the Producing Party, and that the Producing Party, or Designating Party if different than the Producing Party, reasonably and in good faith believes qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c), including: (a) non-public, confidential, proprietary or commercial information not readily ascertainable through lawful means by the public or the Receiving Party; (b) information that is commercially sensitive, including, without limitation, confidential research or business development information; or (c) information kept confidential pursuant to law or regulation.

1.6.    <u>HIGHLY CONFIDENTIAL Information or Items</u>:  information (regardless of how it was generated), testimony, or tangible things that contains competitive or highly sensitive information and which the Designating Party reasonably and in good faith believes is "CONFIDENTIAL" as set forth under Paragraph 1.5 above, such as, *inter alia:* (a) trade secrets; (b) confidential research, development, testing, and studies relating to drug products; (c) sensitive financial or strategic commercial information; (d) material or information in possession of a Party or person concerning which said Party or person has an independent obligation of confidentiality to a non-party or person; (e) information relating to past, current or future pharmaceutical products other than the generic pharmaceutical products at issue in this MDL; or (f) an individual's family, financial, medical, personnel records, or other highly-sensitive or personally identifying information.  In addition, with regard to subparagraphs (a), (b), (c) and (e), the Designating Party must also reasonably and in good faith believe that disclosure of this information is likely to cause harm to its competitive position.

1.7.    <u>OUTSIDE COUNSEL EYES ONLY Information or Items</u>: information (regardless of how it was generated), testimony, or tangible things that contains highly competitive or highly sensitive information and which the Designating Party reasonably and in good faith believes is: (a) "CONFIDENTIAL" as set forth under Paragraph 1.5 above and "HIGHLY CONFIDENTIAL" as set forth under Paragraph 1.6 above; and (b) contains information, the disclosure of which is likely to have a significant effect on current or future (i) business strategies or decisions, (ii) product plans or development, or (iii) pricing.

The Parties intend that the OUTSIDE COUNSEL EYES ONLY designation will be used only under these limited circumstances.

1.8.     <u>State Action Investigation Materials</u>: Non-privileged materials generated or disclosed either voluntarily or under compulsory process during and/or in connection with the State AGs' antitrust and consumer protection investigations of the generic pharmaceutical industry ("State AGs Investigation") that (a) were exchanged between any Plaintiff State in the State Action and any subpoena recipient in the State AGs Investigation, including any Defendant in the State Action and their affiliated person or entity, either voluntarily or under compulsory process during and/or in connection with the State AGs Investigation; or (b) were exchanged between any Plaintiff State in the State Action and any counsel for any subpoena recipient in the State AGs Investigation, including counsel for any Defendant in the State Action and their affiliated person or entity, either voluntarily or under compulsory process during and/or in connection with the State AGs Investigation.

To the extent produced in the Private Action and for purposes of the State Action, State Action Investigation Materials that are entitled to confidentiality under federal or state laws, regulation, or precedent concerning documents in the possession of any Plaintiff State in the State Action, and any information taken from any portion of such document, however that information is recorded or transmitted, may be treated as Protected Materials, as defined below.

1.9.     <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

1.10.    <u>Producing Party</u>: a Party or non-party that produces Discovery Material.

1.11.    <u>Designating Party</u>: a Party or non-party that designates information or items that it or another Party or non-party produces in disclosures or in responses to discovery as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY.

1.12.    <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or as "OUTSIDE COUNSEL EYES ONLY."

1.13.   <u>Outside Counsel</u>: attorneys, as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators, who are not employees of a Party but who are retained to represent or advise a Party in this MDL. The State AGs shall be considered Outside Counsel as that term is used in this protective order.

1.14.   <u>In House Counsel</u>: attorneys and other personnel employed by or on behalf of a Party to perform legal functions as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators.

1.15.   <u>Counsel (without qualifier)</u>: Outside Counsel and In House Counsel.

1.16.   <u>Expert and/or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to this MDL, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this MDL, and who is not a current employee of a Party.

1.17.   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., copying, organizing, filing, coding, converting, storing, retrieving data in any form or media or designing programs for handling data connected with this MDL, including the performance of such duties in relation to a computerized litigation support system, etc.) who have been retained by a Party or its Counsel to provide litigation support services in this MDL, and who are not current employees of a Party and their employees and subcontractors.

1.18.   <u>Mock Jurors</u>: persons retained by those Experts and/or Consultants identified in Paragraph 1.16 to serve on a simulated jury.

**2.      SCOPE OF PROTECTIVE ORDER**

This Order shall apply to all Discovery Material.

3.      **CONFIDENTIALITY DESIGNATIONS (THREE-TIER)**

3.1.    Each Party and any non-party shall have the right to designate any Discovery Material as confidential and subject to this Order, by marking such Material as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" in accordance with Paragraph 4 of this Order.  It shall be the duty of the Party or non-party who seeks to invoke protection under this Order to give notice, as set forth below, of the Discovery Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY.  The duty of the Parties and of all other persons bound by this Order to maintain the confidentiality of the Discovery Material so designated shall commence with such notice.

3.2.    CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY Discovery Material, shall include: (a) all copies, extracts, and complete or partial summaries prepared from such CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY Discovery Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY Discovery Material; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY Discovery Material; and (d) written discovery responses and answers that contain, summarize, or reflect the content of any such CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY Discovery Material.

3.3.    CONFIDENTIAL, HIGHLY CONFIDENTIAL, and OUTSIDE COUNSEL EYES ONLY Discovery Material shall not include: (a) information in the public domain at the time of disclosure, provided that if only part of the contents of particular CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY Discovery Material is in the public

domain, the remaining contents shall remain subject to this Order; (b) information the Receiving Party can show was in its possession prior to the time of disclosure; (c) information that becomes a part of the public domain through no fault of a Receiving Party; or (d) information the Receiving Party receives from a non-party properly and rightfully in possession of said information, and not as a result of any breach of confidentiality, and properly and rightfully authorized to make disclosure without restriction as to disclosure.  The Receiving Party shall have the burden of proving that the use or disclosure satisfies one or more of these criteria. Furthermore, Designating Parties will use reasonable care to avoid designating Discovery Materials that do not need to or cannot be designated as such.

3.4.     The Receiving Party may challenge a designation of CONFIDENTIAL, HIGHLY CONFIDENTIAL, and OUTSIDE COUNSEL EYES ONLY Discovery Material in accordance with the provisions of Paragraph 7.

**4.       DESIGNATING MATERIALS AS "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," AND/OR "OUTSIDE COUNSEL EYES ONLY"**

4.1.  <u>Designating Documentary Discovery Material</u>.  Any Party or any non-party may designate Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY under the procedures and standards set forth in this Order, and such Discovery Material shall be treated in accordance with the provisions of this Order.

4.2.  <u>Manner and Timing of Designations</u>.  The designation of information as CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY for purposes of this Order shall be made in the following manner:

a.       <u>For information in documentary or digital image format</u> the Designating Party shall affix a legend to each page or digital image that contains Protected Material.  The legend shall include either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES

ONLY" adjacent to the Bates Numbers and in the form identified in the Pretrial Order Regarding the Search for and Production of Discovery Material.  The legend shall be affixed in such a manner as not to obliterate or obscure any written part of the Discovery Material.

b.      For Discovery Material produced in some form other than documentary or digital image, and for any other tangible items such as recordings, magnetic media, photographs and things, the Designating Party shall affix in a prominent place a legend substantially in the above form to the Discovery Material, or a container for it, or in the electronic file name, in any suitable and readily viewable manner.

c.      A Party or non-party that makes hard-copy documents or other Discovery Materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents or other Discovery Materials it would like copied and produced. During the inspection and before the designation, and until and unless produced without any confidentiality designation, all Discovery Materials made available for inspection shall be deemed to be OUTSIDE COUNSEL EYES ONLY.  After the inspecting Party has identified the documents or other Discovery Material it wants copied and produced, the Producing Party shall affix the appropriate legend on each page or other container, as appropriate, that contains Protected Material.

d.      For testimony given in deposition, or other pretrial proceedings:

(i)      Parties and deponents may, within 60 days after receiving a final transcript of a deposition, designate pages of the transcript (and exhibits thereto) as CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY to the extent the Party or deponent believes the pages contain material or information entitled to protection (as defined in Paragraphs 1.5, 1.6, and 1.7 above).  Such arguably CONFIDENTIAL, HIGHLY

CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY information within the deposition transcript may be designated by providing to all Parties and to the court reporter a copy of the transcript with the parts designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY highlighted in yellow.

(ii)     Until the expiration of the 60-day period during which such designations may be made, the entire deposition will be treated as subject to protection as HIGHLY CONFIDENTIAL under this Order, except for parts of the deposition transcript that discuss Discovery Material that has been previously designated, or are designated on the record during the deposition, as OUTSIDE COUNSEL EYES ONLY.  Subject to Paragraph 4.3, those parts of a deposition that are not designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, OR OUTSIDE COUNSEL EYES ONLY will, upon the expiration of the 60-day period, lose CONFIDENTIAL, HIGHLY CONFIDENTIAL, OR OUTSIDE COUNSEL EYES ONLY treatment.  A Party thereafter seeking to assert inadvertent failure to designate under Paragraph 4.3 shall do so on motion to the Court and shall have the burden of showing grounds for relief.  No Party shall be held in breach of this Order if, prior to service of the motion, those parts of the deposition that are the subject of the motion ("Non-designated Testimony") were disclosed or used in a manner inconsistent with the designation sought by the motion, and during the pendency of the motion, Non-Designated Testimony may be further disclosed or used only to the extent authorized by Paragraph 5.4.

(iii)    If a designation is made, the CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY portions and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Paragraph 9 below.

(iv)    If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as CONFIDENTIAL,

HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY shall be afforded the same status.

4.3.    <u>Inadvertent Failures to Designate</u>.  Other than testimony subject to the inadvertent failure to designate provisions of Paragraph 4.2(d) of this Order, the inadvertent failure to designate particular Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY at the time of production shall not operate to waive a Party's or person's right to later designate such Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY.  Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of Discovery Material, properly marked CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY in accordance with Paragraph 4.2 of this Order.  A receiving Party may challenge the correction and the fact of a late designation in accordance with Paragraph 7 of this Order, and until that challenge is resolved by the Parties or the Court, the disputed Discovery Material shall be treated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY in accordance with the corrected designation.  If no challenge is made, then within 10 calendar days of receipt of substitute copies of the Discovery Material, the Receiving Party shall destroy or return to counsel for the Producing Party all copies of such mis-designated Discovery Material.  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation.  If the Discovery Material that was inadvertently not designated is, by the time of the later designation, filed with a court on the public record, the Party or non-party that failed to make the designation shall move for appropriate relief.

4.4.    Increasing the Designation of Discovery Material Produced by Other Parties or Non-Parties.  Subject to the standards of Paragraphs 1.5 and 1.6, a Party may increase the designation (i.e., change any Discovery Material produced without a designation to a designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY," designate any Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY," or designate any Discovery Material produced as "HIGHLY CONFIDENTIAL" to a designation of "OUTSIDE COUNSEL EYES ONLY") of any Discovery Material produced by any other Party or non-party, provided that said Discovery Material contains the Designating Party's own CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY Information.

a.      Increasing a designation shall be accomplished by providing written notice to all Parties, and the Producing Party if the Producing Party is a non-party, identifying (by bates number or other individually identifiable information) the Discovery Material whose designation is to be increased.  Promptly after providing such notice, the Designating Party shall provide re-labeled copies of the Discovery Material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.  Any Party may object to the increased designation of Discovery Material pursuant to the procedures set forth in Paragraph 7 regarding challenging designations.  If a challenge is made, the Designating Party shall bear the burden of establishing the basis for the increased designation, and until the challenge is resolved by the Parties or the Court, the disputed Discovery Material shall be treated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY in accordance with the corrected designation.

b.      No Party shall be held in breach of this Order if, prior to notification of such later re-designation, the Protected Material was disclosed or used in a manner inconsistent with such later re-designation.

## 5.      DISCLOSURE AND USE OF DISCOVERY MATERIAL

5.1.      Absent an agreement of the Producing Party or an Order to the contrary by this Court or other court of competent jurisdiction, and except as provided in Paragraph 5.5 below, each Party and all other persons bound by the terms of this Order shall use any Discovery Material produced or otherwise provided by a Party or non-party other than itself solely for purposes of prosecuting, defending, or attempting to settle any part of this MDL.  Such Discovery Material shall not be used for any other purpose, including, without limitation, any business or commercial purpose. The attorneys of record for the Parties shall exercise reasonable care to ensure that the information and documents governed by this Order are (a) used only for the purpose specified herein, and (b) disclosed only to authorized persons.

5.2.      Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security and access limited to persons authorized under this Order, shall be deemed a secure location.

5.3.      CONFIDENTIAL Discovery Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order and only to the following persons:

a.      any officer, director, or employee of a Party who is required in good faith to provide material assistance in the conduct of this MDL;

b.      Parties' In House Counsel;

c.      Outside Counsel for the Parties;

d.      this Court, or any other court exercising jurisdiction with respect to this MDL, any appellate court(s), court personnel, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this MDL;

e.      any person designated by the Court upon such terms as the Court may deem proper;

f.      any special master, mediator or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in this MDL;

g.      Experts, Consultants, and Mock Jurors retained by the Parties to provide services in this MDL;

h.      Professional Vendors retained by the Parties to provide services in this MDL;

i.      the author, addressees, or recipients of the document, or any current employee or Federal Rule of Civil Procedure 30(b)(6) witness of the Producing or Designating Party;

j.      (i) the person, or a current officer, director, or employee of an entity, that produced or originally created the Protected Material; (ii) any person who was an officer or employee of the Producing Party at the time the Protected Material was originally created, provided that the disclosing party has a good faith belief that the matters memorialized in the Protected Material were within the scope of employment of, or otherwise were known to, such person; (iii) any person who was an author, addressee or recipient of the Protected Material sought to be disclosed to that person; (iv) any person expressly mentioned, discussed or referred to by actual name in the Protected Material as indicated on its face, provided that the disclosing party has a good faith belief that the matters memorialized in the Protected Material were within the scope of

employment of, or otherwise were known to, such person; or (v) during a deposition, any witness in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing (a) that such Protected Material is relevant to events, transactions, discussions, communications or data about which the witness may have knowledge; and (b)(1) that the Protected Material can be shown to the witness without disclosing any party's or third-party's competitively sensitive information, trade secrets, or other matters proscribed from disclosure herein, or (2) that the Protected Material may be redacted prior to presentation to the witness in order to prevent disclosing such information while preserving necessary context for the witness; and

k.      others as to whom the Designating Party has agreed (or in the case of CONFIDENTIAL Discovery Material for which there are multiple Designating Parties, all Designating Parties have agreed) in writing or on the record.

l.      (i) For purposes of Section 5.3(j)(v) and (l), Protected Material shall exclude structured data containing the parties' sales transaction or cost data.  (ii) In order to provide Designating Parties who may not otherwise attend a given deposition the opportunity to object to disclosures made pursuant to Section 5.3(j)(v), at least 36 hours before a deposition, the disclosing party shall obtain the operative attendance list from the deposition vendor. Thereafter, but no later than 20 hours before the deposition, the disclosing party shall provide notice to any party that is not on the attendance list but designated Protected Material that the disclosing party intends to disclose pursuant to Section 5.3(j)(v). When making such a notification, the Disclosing Party need not identify the specific Protected Material that it intends to show to a witness, nor is consent required prior to the deposition.  (iii) Before showing a witness Protected Material during a deposition pursuant to Section 5.3(j)(v), the examining attorney will identify by name or

production number the Producing Party of the Protected Material to be disclosed when marking the exhibit (e.g., "I am going to show the witness a document produced by [Producing Party] bearing production number [Bates Number]"). (iv) In the event that a Designating Party objects to a disclosure pursuant to Section 5.3(j)(v)(b)(1), the witness will be instructed not to review any paper copy or electronic copy of the Protected Material and the Protected Material will not be displayed to the witness on any virtual platform during a pending objection. In the event that a Designating Party objects to a disclosure pursuant to Section 5.3(j)(v)(b)(2), the parties will negotiate in good-faith to determine if amended redactions should be made but the examination will otherwise continue. Any such objection to disclosure of a document under Section (j)(v) shall be stated simply on the record and further discussion shall occur off the record. (v) Disputes concerning Section 5.3(j)(v) disclosures arising during depositions that cannot be resolved by agreement will be governed by the procedures set out in Section V(C) of the Deposition Protocol. (vi) Where an examining attorney at a deposition redacts a document pursuant to Section 5.3(j)(v), the examining attorney shall also make available at the time of disclosure to the witness an unredacted copy of the document to (a) the witness's counsel and (b) counsel for the Designating Party.

5.4.    HIGHLY CONFIDENTIAL Discovery Material may be disclosed only to those persons described in Paragraph 5.3.c, .d, .e, .f, .g, .h, .i, j, .k. and l.  HIGHLY CONFIDENTIAL Discovery Material also may be disclosed to those persons described in Paragraph 5.3.b, provided that they are actively assisting in the MDL, and agree not to disclose at any time the HIGHLY CONFIDENTIAL Discovery Material or information contained therein to any officer, director, employee or person affiliated with a Party, unless that person is otherwise permitted to possess such HIGHLY CONFIDENTIAL Discovery Material under the terms of this Order.

5.5.     OUTSIDE COUNSEL EYES ONLY Discovery Material may be disclosed only to those persons described in Paragraph 5.3.c, .d, .e, .f, .g, .h, .i, .j, .k, and .l.  Unless otherwise agreed to by the Parties, OUTSIDE COUNSEL EYES ONLY Discovery Material also may be disclosed to those persons described in Paragraph 5.3.b under limited circumstances where (a) the Designating Party has agreed in writing or on the record to the disclosure; (b) the Receiving Party believes in good faith that there is a compelling need for those persons to review the particular OUTSIDE COUNSEL EYES ONLY Discovery Material; and (c) those persons are actively assisting in the MDL, and agree not to disclose at any time the OUTSIDE COUNSEL EYES ONLY Discovery Material or information contained therein to any officer, director, employee or person affiliated with a Party, unless that person is otherwise permitted to possess such OUTSIDE COUNSEL EYES ONLY Discovery Material under the terms of this Order.  If the Designating Party does not agree in writing or on the record to the disclosure, Counsel for the Receiving Party shall apply for authorization under paragraph 14.4 of the Protective Order, and on any such application, the Designating Party shall have the burden of showing that: (i) the Discovery Material satisfies the criteria for designation as OUTSIDE COUNSEL EYES ONLY; and (ii) consent to the disclosure sought was appropriately withheld.

5.6.     To the extent that OUTSIDE COUNSEL EYES ONLY Discovery Material is disclosed under Paragraphs 5.4 or 5.5 to any natural person who is a former employee of the Producing or Designating Party, it may only be done provided that the former employee at the time of the disclosure is not employed by, an agent of, or otherwise affiliated with a competitor, supplier, or customer of the Producing or Designating Party, unless such former employee is authorized to receive the Outside Counsel Eyes Only Discovery Material under paragraph 5.3j and l.

5.7.     This Order shall not restrict any attorney who is a qualified recipient under the terms of Paragraphs 5.3.b or 5.3.c, 5.4, and 5.5 from rendering advice to his or her client that is a Party with respect to this MDL, and in the course thereof, from generally relying upon his or her examination of Protected Material.  In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Protected Material of another Party or non-party where such disclosure would not otherwise be permitted under the terms of this Order.

5.8.     This Order shall not apply to and, thus, does not restrict any Party's use, for any purpose, of: (a) its own Protected Material; or (b) any documents, things, information, or other material that: (i) at the time of disclosure in this MDL is publicly known through no unauthorized act of such Party; (ii) was lawfully developed or obtained independent of discovery in this MDL; or (iii) was obtained or purchased by a Party from a non-party under a confidentiality or other non-disclosure agreement.  The Party shall have the burden of proving that the use or disclosure satisfies one or more of these criteria.  Any Party with material covered by provisions 5.8(b)(ii) or (iii) may, at its election, designate all or any part of the material that otherwise meets the provisions of paragraph 1.5, 1.6, or 1.7 as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY for all purposes under this Order, and if so designated, the material shall be deemed Protected Material under this Order.  For the avoidance of doubt, nothing in this Paragraph shall be construed to permit a Receiving Party to disclose Discovery Material that has been designated by another Party as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY except in accordance with Paragraphs 5.3, 5.4, or 5.5 of this Order.

6.      **PROCEDURES FOR DISCLOSURE OF "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," AND "OUTSIDE COUNSEL EYES ONLY" INFORMATION**

6.1.    Every person to whom Protected Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the Protected Material or information is being disclosed pursuant and subject to the terms of this Order.

6.2.    Before disclosure of any Protected Material is made under paragraphs 5.3, 5.4, or 5.5, the person to whom disclosure is to be made shall execute a copy of the Acknowledgement and Agreement to be Bound by Stipulated Protective Order ("Agreement") attached hereto as Exhibit A; provided that: (a) persons in paragraphs 5.3 (c), (d), and (e) shall not be required to execute Exhibit A; (b) a witness at a deposition may state on the record under oath that he or she agrees to be bound by this Order to the same extent as provided for in Exhibit A; and (c) if any current employee of a Designating Party is sought to be examined as a deposition witness, the Designating Party shall be responsible for obtaining the individual's execution of Exhibit A or adoption of Exhibit A on the deposition record.

6.3.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person not authorized under this Order, the Receiving Party must immediately (a) use its best efforts to retrieve all copies or obtain a certification of destruction of the Protected Material, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (c) request such person or persons to execute the Agreement attached as Exhibit A, and (d) inform each Designating Party of the unauthorized disclosure.

7.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1.    Application to strike designation: Any Party challenging another Party's or person's designation of Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL, OR

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY (the "Challenging Party")

may make, in the manner prescribed by the Federal Rules of Civil Procedure and the Local

Rules, a motion or other appropriate application to the Court to strike the designation at any time

up to the commencement of a trial in any of the Private or State Actions. The Challenging Party

shall provide written notice to the Designating Party, identifying the CONFIDENTIAL,

HIGHLY CONFIDENTIAL, OR OUTSIDE COUNSEL EYES ONLY Discovery Material

whose designation it challenges and setting forth the basis for the challenge.  Within 21 business

days of its receipt of written notice of the challenge to its designation, the Designating Party shall

meet and confer with the Challenging Party and these parties shall make a good faith effort to

resolve any dispute concerning the designation by agreement or stipulation.  Failing such

agreement or stipulation, the Challenging Party's motion or application regarding the challenged

material shall be filed under seal and identify with specificity the CONFIDENTIAL, HIGHLY

CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY Discovery Material that is the

subject of the motion.  If such a motion or application is made, the Designating Party may

respond, and all Discovery Material so designated shall maintain its as-designated

CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY status

pending a determination by the Court as to its appropriate status.  The Designating Party bears

the burden to justify the designation challenged.

7.2.     Nothing in this Paragraph 7 shall limit the right of any Party to petition the Court for an

in camera review of any Discovery Material.

## 8.     EXAMINATION OF WITNESSES

8.1.     The use of Protected Material at any deposition is subject to the limitations on disclosure

provided in Paragraphs 5.3, 5.4, and 5.5.

8.2.    If a deposition witness is examined concerning Protected Material, the Designating Party shall have the right to exclude from the portion of the examination concerning such information any person not authorized in accordance with Paragraphs 5.3, 5.4, and 5.5 above to have access to such material.

## 9.    FILING CONFIDENTIAL DISCOVERY MATERIAL

9.1.    If Protected Material is included in written answers to discovery requests of any kind, the portions of such answers or responses that contain the CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY Discovery Material shall be marked CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY.

9.2.    To the extent a Party wishes or is required to file such Discovery Materials with the Court (a "Filing Party"), the Filing Party shall comply with Section 9 of Pretrial Order No. 7, or such other subsequent Order of Court regarding filing of Protected Material.

## 10.    PROTECTED MATERIAL OFFERED AT TRIAL

No fewer than 30 days before the date upon which the Parties are directed to submit a Joint Pretrial Order in this MDL, the Parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of material previously designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY at trial.  To the extent the Parties fail to agree on a proposal addressing the use of such Protected Material at trial, they may submit alternative proposals to the Court for resolution.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

11.1.    If, in connection with this MDL, information subject to a claim of attorney-client privilege, the common interest privilege, work product protection, or other legally cognizable privilege or immunity is inadvertently disclosed ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or

forfeiture of any claim of privilege or other protection that a Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.  **The Parties intend that this provision shall displace the provisions of Fed. R. Evid. 502(b)(l) and (2), and that this provision shall constitute an Order under Fed R. Evid. 502(d).**

11.2.    If a Producing Party becomes aware that it has inadvertently produced Disclosed Protected Information, the Producing Party will promptly notify each Receiving Party in writing of the inadvertent production.  Within 10 business days of receipt of such notice, each Party to which such notice is directed: (a) must return, sequester, or destroy the Disclosed Protected Information and any copies; (b) must not use or disclose the Disclosed Protected Information until the claim is resolved; (c) must take reasonable steps to recall the Disclosed Protected Information if the Party disclosed it before being notified; and (d) must provide a written certification of counsel that all such Disclosed Protected Information has been returned, sequestered, or destroyed.  Any notes or summaries referring or relating to any such Disclosed Protected Information shall be destroyed or sequestered within the 10 business days provided for.

11.3.    If a Receiving Party receives materials that reasonably appear to be subject to an attorney-client privilege, the common interest privilege, work product protection, or otherwise protected by a discovery privilege or immunity, the Receiving Party must refrain from further examination of the materials that may be privileged or protected, and shall immediately notify the Producing Party, in writing, that the Receiving Party possesses such material.

11.4.    Within 10 business days of the notification that such Disclosed Protected Information has been returned, sequestered or destroyed, the Party asserting privilege shall produce a privilege log with respect to the Disclosed Protected Information setting forth all of the information required under Fed.  R. Civ.  P. 26(b)(5)(A)(ii).

11.5.    Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court.  If the underlying claim of privilege or protection is contested, the Parties shall comply with Fed.  R. Civ.  P. 26(b)(5)(B) and the Receiving Party may promptly seek a judicial determination of the matter pursuant to that rule (a "Privilege Motion").  Any Privilege Motion shall not assert as a ground for granting the motion the fact or circumstance of the production in this MDL of the Discovery Material claimed to be privileged.

11.6.    The Party asserting privilege retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information.  Nothing in Paragraph 11 shall limit the right of any Party to petition the Court for an in camera review of the Disclosed Protected Information.

## 12.    OTHER PROCEEDINGS

If, at any time, any CONFIDENTIAL, HIGHLY CONFIDENTIAL, OR OUTSIDE COUNSEL EYES ONLY Discovery Material in the possession, custody or control of any Party or person other than the Designating Party is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, before producing any CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY Discovery Materials, the Party or person to whom the subpoena or request is directed shall provide prompt written notice to the original Designating Party.  Should the Designating Party oppose the request for production of such documents or materials, the Party or person to whom the subpoena or request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought that is adverse to the Designating Party unless otherwise ordered by a court of competent jurisdiction.  Other than the obligation to comply with these requirements, this Order is not intended to affect a Party's obligation to respond to such a subpoena or request.

### 13.    CONCLUSION OF THE LITIGATION

13.1.    The provisions of this Order shall continue to be binding after final termination of this MDL.  Within 60 days after final conclusion of all aspects of this MDL, including any appeals, any Party and all persons who received (or tendered to any other person) Discovery Material designated for CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY treatment (or any copy thereof) must, at the election of the Receiving Party, either: (a) return such Protected Material to the Producing Party or (b) certify in writing to counsel for the Producing Party that the Receiving Party or such person(s) to whom Protected Material had been tendered has destroyed those documents and materials and the portions of all other material containing or reflecting Protected Material.

13.2.    The costs of return of Discovery Material to the Producing Party shall be borne by the Receiving Party.  The costs of destruction of the documents and materials shall be borne by the Receiving Party.  The costs associated with providing the aforementioned certification shall be borne by the certifying person(s).

13.3.    Counsel for the private Parties shall be permitted to retain copies of court filings, papers served in connection with this MDL, transcripts (including deposition transcripts), exhibits, correspondence, and work product containing or reflecting CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY Discovery Material.  The Receiving Party's reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are subject to litigation hold obligations; or (iii) are otherwise required by law to be retained.  Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

13.4.    Whenever a State AG is required under this Order to certify that it has returned or destroyed any document, a State AG that is unable for legal or technical reasons to do so within the required time frame, may instead certify (i) the specific prohibitions that prevent full and timely compliance, and (ii) that the document will remain confidential pursuant to the Stipulated Protective Order until such time as it can do so, or indefinitely if it cannot ever do so.

## 14.    OTHER

14.1.    <u>Non-waiver</u>: The production of Protected Materials by a Party under the terms of this Order shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy or admissibility of such Protected Materials.  Nothing contained herein shall preclude any Party from opposing or seeking any discovery on any basis.

14.2.    <u>Additional Parties</u>:  The terms of this Order shall be binding upon all current and future Parties to this MDL, and to any other cases that may be established by the Court as part of this MDL in the future, and their counsel.  Following entry of this Order:

a.    within 10 days of (i) the entry of an appearance by a new plaintiff or absent class member that elects to appear or to intervene in this MDL, or (ii) the transfer of a complaint that arises out of the same operative facts alleged in any Consolidated Amended Complaint, plaintiffs' Liaison Counsel shall serve a copy of this Order on counsel for any new plaintiff or absent class member;

b.    within 10 days of (i) the entry of an appearance by a new defendant or third-party defendant in this MDL, or (ii) the transfer of a complaint that arises out of the same operative facts alleged in any Consolidated Amended Complaint, defendants' Liaison Counsel shall serve a copy of this Order on counsel for any new defendant or third-party defendant.

14.3.    <u>Protection for Discovery Material Produced by Non-Parties and Absent Class Members</u>: Any non-party or absent class member producing Discovery Material or giving deposition testimony in this MDL shall adhere to this Order, unless they object, in writing to counsel for a

Party and/or to the Court, to its terms within 10 days of service upon them of this Order.  All counsel in this MDL shall have the obligation to inform any non-party who produces Discovery Material or gives deposition testimony in this MDL of the existence of this Order and, if requested, to provide a copy of this Order to such person.

14.4.    Modification:  Stipulations may be made, between Counsel for the respective Parties, as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any Party from seeking an Order of the Court modifying or supplementing this Order.

14.5.    Duration: Even after the termination of this MDL, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

## **EXHIBIT A TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724** <br> **16-MD-2724** |
| | **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:** | |
| ***ALL ACTIONS*** | |

### **ACKNOWLEDGEMENT AND AGREEMENT**
### **TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name],

_____ [print position of

employment, firm name, and full address], declare under penalty of perjury that I have read in its

entirety and understand the Modified Protective Order issued by the United States District Court

for the Eastern District of Pennsylvania on March 1, 2022 (Pretrial Order No. 195) in the action

*In re: Generic Pharmaceuticals Pricing Antitrust Litigation,* MDL No. 2724 (the "Order").

I agree to comply with and to be bound by all the terms of the Order.  I understand that

Discovery Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE

COUNSEL EYES ONLY under the Order is being provided to me pursuant to the terms of the

Order.  I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I promise that I will not disclose in any manner any

information or item that is subject to the Order to any person or entity except in strict compliance

with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of Pennsylvania for the purpose of enforcing the terms of the Order, even if such

enforcement proceedings occur after termination of this MDL.

Dated:_____

City and State (or Country) where sworn and signed:_____

Printed name:_____

Signature:_____