**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING | : | MDL NO. 2724 |
| ANTITRUST LITIGATION | : | 16-MD-2724 |
| _____ | : | |
| | : | HON. CYNTHIA M. RUFE |
| | : | |
| *ALL ACTIONS* | : | |
| _____ | : | |

**SPECIAL MASTER DAVID H. MARION'S
ELEVENTH REPORT AND RECOMMENDATION
<u>REGARDING THE SCHEDULING OF NON-BELLWETHER CASES</u>**

## I.    Introduction and Summary of Parties' Proposals

In an effort to reach agreement on a schedule for the non-bellwether cases, the parties submitted three separate proposals:  The first proposal was submitted on behalf of the Defendants, States, End-Payer Plaintiffs, Direct Purchaser Plaintiffs, and Indirect Reseller Plaintiffs (the "Joint Proposal").  The second was submitted by the Direct Action Plaintiffs (the "DAPs' Proposal").  The third was submitted by Defendant Heritage Pharmaceuticals (the "Heritage Proposal").

1.    The Joint Proposal provided for (1) a 60-day deadline for filing an answer to the complaint if an Order is issued denying any pending or forthcoming motion to dismiss; (2) one fact discovery deadline – April 19, 2024 – for all non-bellwether cases; after which  (3) further deadlines will be set informed by developments and decisions in the bellwether cases, and what has been accomplished and what has not in all cases.

2.    The DAPs also propose that fact discovery end on April 19, 2024 but would schedule all other milestone deadlines, including expert discovery, *Daubert* and summary judgment motions, now.  Among other arguments, the DAPs believe this schedule is necessary to

ensure the bellwether cases do not effectively stay or prevent the remaining non-bellwether cases from moving forward.

3.      Heritage submits its own proposal, contending that its case should proceed on a faster schedule than the other non-bellwether cases because the case against it began earlier than the others, and because it is now a cooperating company, and is not contesting liability as to certain drugs.

4.      The other defendants agree with the plaintiffs (other than the DAPs) that it is unreasonable and unfair to have the Heritage case go to trial while the States and Class plaintiffs are faced with preparing for the States' bellwether trial, and that it is best to have a pause after the fact discovery completion date to see what has and has not been decided and accomplished on the multi-track schedule.  They also contend that the DAPs' position would cause expert discovery to be "collapsed" into the fact discovery period.

5.      Given the history of, and developments in, the bellwether selection process during the course of this litigation, I expressed in my informal recommendation a concern that the DAPs and Heritage might be trying to advance their cases so that their trials would precede the trials in the currently designated bellwether cases and thereby become de facto bellwethers.   Heritage has since eliminated that concern by now modifying its proposal "to provide that the trial of the Heritage – centric claims cannot commence any earlier than 90-days after the conclusion of the trial of the bellwether claims."  With that modification, I would allow the Heritage proposal to proceed

6.      As to the DAPs' proposals, however, all defendants and Heritage "object to the DAPs' repeated attempts to impose expert report deadlines for the DAP cases."  (*See* S. Kirkpatrick February 25, 2022 letter).

28572111v.1

**II.      Considerations and Recommendations**

1.      I believe the Joint Proposal submitted by the Defendants, the States, End-Payer Plaintiffs, Direct Purchaser Plaintiffs, and Indirect Reseller Plaintiffs, to be the most balanced and fair solution, encompassing appropriate deadlines and allowing all cases to move forward in the manner intended by the Court, giving the bellwether cases, particularly the States', the priority intended.

2.      I also recommend that all Defendants be required to file Answers to the Complaints, including affirmative defenses, within thirty (30) days of the date of acceptance of this Recommendation, or the Court's ruling thereon, even while Motions to Dismiss remain pending before the Court, without prejudice to the positions set forth in Defendants Motions to Dismiss and reserving all rights to amend their answers at completion of fact discovery or thereafter in accordance with the Federal Rules of Civil Procedure.  This would allow all parties to know what the claims and defenses of all Defendants are as the depositions and other procedures go forward.

3.      Any DAP trials should be stayed until ninety (90) days following trial of the States' Bellwether case, but discovery in all cases should proceed now on parallel tracks.  After the pause at the conclusion of the fact discovery phase, the parties shall meet and confer to reach agreement on the remaining non-bellwether schedule and shall notify the Special Master of what they have agreed upon.  If there is disagreement, they shall notify the Special Master of the disputed matters and the Special Master will schedule a conference to attempt to resolve any disputed elements.

4.      Lastly, following the issuance of my informal recommendation, I was informed that the proponents of the "Joint Proposal" would accept my recommendations if there was agreement that Paragraph No. 2 above is amended to require only a letter setting forth

affirmative defenses rather than a full answer, and to change the deadline for doing so from thirty (30) days to seventy-five (75) days.  They also assert there is no reason to hold another session with the Special Master because the DAPs will be using the Report and Recommendation objection process in any event.  However, since I do not agree that their proposed changes to my Paragraph No. 2 above, are sensible or justified, I am submitting Paragraph No. 2 of the Report and Recommendation as it was stated in my informal recommendation to the parties, that is to require full answers not just affirmative defense and to be done in thirty (30) days not seventy-five (75) days.

<div style="margin-left:40%">

Respectfully submitted,

</div>

Dated:  Mach 6, 2022

<div style="margin-left:40%">

 /s/ David H. Marion          
David H. Marion
Morgan S. Birch
WHITE AND WILLIAMS, LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Tel: (215) 864-6870
*mariond@whiteandwilliams.com*
*birchm@whiteandwilliams.com*

</div>

28572111v.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

IN RE: GENERIC PHARMACEUTICALS PRICING      : MDL NO. 2724
ANTITRUST LITIGATION      : 16-MD-2724
_____      :
      : HON. CYNTHIA M. RUFE
      :
*ALL ACTIONS*      :
_____

## ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of Special

Master David H. Marion's Eleventh Report and Recommendation Regarding the Scheduling of

Non-Bellwether Cases and any Objections and Responses thereto, it is hereby **ORDERED** that

the Report and Recommendation is **ADOPTED** and the objections to the Report and

Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that:

1.      The Joint Proposal submitted by the Defendants, the States, End-Payer Plaintiffs,

Direct Purchaser Plaintiffs, and Indirect Reseller Plaintiffs is adopted;

2.      All Defendants are required to file Answers to the Complaints, including

affirmative defenses, within thirty (30) days of the date of this Order, without prejudice to the

positions set forth in Defendants Motions to Dismiss and reserving all rights to amend their

answers at completion of fact discovery or thereafter in accordance with the Federal Rules of

Civil Procedure; and

3.      Any DAP and/or Heritage trials are stayed until ninety (90) days following the

States' Bellwether case, but discovery in all cases shall proceed on parallel tracks.

BY THE COURT:

_____

**Cynthia M. Rufe, J.**

28572111v.1