**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>Case No. 2:16-MD-2724 |
| THIS DOCUMENT RELATES TO: | **HON. CYNTHIA M. RUFE** |
| *1199SEIU National Benefit Fund v. Actavis Holdco U.S., Inc.* | 19-cv-6011 |
| *César Castillo, Inc. v. Actavis Holdco U.S., Inc.* | 20-cv-0721 |
| *Cigna Corp. v. Actavis Holdco U.S., Inc.* | 20-cv-2711 |
| *County of Albany v. Actavis Holdco U.S., Inc.* | 21-cv-1875 |
| *County of Westchester v. Actavis Holdco U.S., Inc.* | 21-cv-4474 |
| *CVS Pharmacy Inc. v. Actavis Elizabeth, LLC* | 20-cv-6310 |
| *Harris County v. Teva Pharm. USA, Inc.* | 20-cv-2296 |
| *Health Care Serv. Corp. v. Actavis Elizabeth, LLC* | 19-cv-5819 |
| *Humana Inc. v. Actavis Elizabeth, LLC* | 19-cv-4862 |
| *Humana Inc. v. Actavis Elizabeth, LLC* | 20-cv-6303 |
| *J M Smith Corp. v. Actavis Holdco U.S., Inc.* | 20-cv-4370 |
| *Molina Healthcare, Inc. v. Actavis Elizabeth, LLC* | 20-cv-0695 |
| *MSP Recovery Claims, Series LLC v. Actavis Elizabeth, LLC* | 20-cv-0231 |
| *Reliable Pharmacy v. Actavis Holdco U.S., Inc.* | 19-cv-6044 |
| *Rite Aid Corp. v. Actavis Holdco U.S., Inc.* | 20-cv-3367 |
| *United Healthcare Servs., Inc. v. Teva Pharm. USA, Inc.* | 19-cv-5042 |

| | |
|---|---|
| *Walgreen Co. v. Actavis Holdco U.S., Inc.* | 20-cv-6258 |
| *Winn-Dixie Stores, Inc. v. Actavis Holdco U.S., Inc.* | 20-cv-6290 |

### PRIVATE PLAINTIFFS' CORRECTED MEMORANDUM IN SUPPORT OF THEIR MOTION TO DENY OR HOLD IN ABEYANCE NEWLY ADDED DEFENDANTS' PROCEDURALLY IMPROPER MOTIONS TO DISMISS

On February 28, 2022, six "Newly Added Defendants"[1] filed a seemingly innocuous Motion for Leave to File Brief in Excess of Fifteen Pages and Appendices in Excess of Fifty Pages.[2] The Court granted that Motion the same day.[3] Plaintiffs had planned to oppose the Motion for Leave, which was not a mere routine request for additional pages. Rather, with their Motion, these Defendants improperly cast aside the Court-approved agreements between Plaintiffs and the Newly Added Defendants to adjourn the deadlines for motions to dismiss the relevant complaints "until such time as the Court orders the filing of responses" to the complaints at issue, or "until such time that the Court enters a Case Management Order setting

---

[1] The six self-described "Newly Added Defendants" are: (1) Alvogen, Inc.; (2) Camber Pharmaceuticals, Inc.; (3) Hikma Labs, Inc. f/k/a Roxane Laboratories, Inc. and West-Ward Columbus Inc. f/k/a Boehringer Ingelheim Roxane, Inc.; (4) Jubilant Cadista Pharmaceuticals, Inc.; (5) Strides Pharma, Inc.; and (6) Torrent Pharma Inc.

[2] *See, e.g.*, *1199SEIU National Benefit Fund v. Actavis Holdco U.S., Inc.*, 19-cv-06011, ECF No. 107 ("Motion for Leave"). For ease of reference, unless specified, the citations herein are to Newly Added Defendants' filings in the first case identified in the Motion for Leave, *i.e.,* EPPs' case. However, Newly Added Defendants filed their Motion for Leave in 18 cases brought by private Plaintiffs: (1) 19-cv-6011 (EPPs); (2) 20-cv-721 (DPPs); (3) 20-cv-2711 (Cigna); (4) 21-cv-1875 (County of Albany); (5) 21-cv-4474 (County of Westchester); (6) 20-cv-6310 (CVS); (7) 20-cv-2296 (Harris County); (8) 19-cv-5819 (Health Care Serv. Corp.); (9) 19-cv-4863 (Humana 2019); (10) 20-cv-6303 (Humana 2020); (11) 20-cv-4370 (J M Smith); (12) 20-cv-695 (Molina); (13) 20-cv-231 (MSP Recovery); (14) 19-cv-6044 (IRPs); (15) 20-cv-3367 (Rite Aid); (16) 19-cv-5042 (United); (17) 20-cv-6258 (Walgreens); (18) 20-cv-6290 (Winn-Dixie).

[3] *See* Order dated 2/28/2022, MDL Doc. 1973.

2

such a schedule."[4] The Court so-ordered the stipulations reflecting those agreements, thereby giving them the force of Court Orders.[5]

Undersigned Plaintiffs had previously informed Newly Added Defendants that their filing of the then-anticipated motions to dismiss would violate the Stipulated Orders. Rather than petitioning the Court for leave to file their motions to dismiss or seeking assistance of the Special Masters given their "broad remit in assisting the Court in case management and legal issues affecting the efficient progression of the MDL,"[6] the six Defendants simply filed their Motion for Leave without acknowledging the Stipulated Orders or Plaintiffs' objections.[7] Indeed, Newly Added Defendants' Motion for Leave made no mention of the principal disagreement of the parties concerning the scope of their stipulations. Newly Added Defendants' attachment of an email exchange, buried 21 pages into their filing, does not constitute good faith disclosure of a significant dispute.[8] In filing the Motion for Leave, these six Defendants violated their

---

[4] Private Plaintiffs have included two representative examples of the Stipulated Orders. *See, e.g.*, Order dated 3/11/2020, 20-cv-721, ECF No. 7 at p.3 ¶ 2 (binding all Newly Added Defendants named in DPP case "until such time that the Court orders the filing of responses to complaints filed on or after May 10, 2019") (Ex. A); Order dated 10/14/2020, 20-cv-4370, ECF No. 16 at p.3 ¶ 2 (binding all Newly Added Defendants in J M Smith case "until such time that the Court enters a Case Management Order setting such a schedule" to respond) (Ex. B).

[5] All of the Stipulated Orders, which are materially identical to Exhibits A and B, are listed in the attached Exhibit C, along with pertinent docket information.

[6] PTO No. 49 at 2 (MDL Doc. 667) (Appointment of Special Masters).

[7] After the Motion for Leave was granted, Defendants filed two types of motions to dismiss: a joint motion to dismiss based on the statute of limitations, and an individual motion to dismiss by Hikma Labs, Inc. and West-Ward Columbus Inc. for failure to state a claim. *See* Newly Added Defendants' Joint Motion to Dismiss on Limitations Grounds, 19-cv-06011, ECF No. 109 ("Joint Motion to Dismiss"); Defendant Hikma Labs, Inc.'s and Defendant West-Ward Columbus Inc's Motion to Dismiss All Claims, 19-cv-06011, ECF No. 110 ("Hikma's Motion to Dismiss").

[8] *See* Motion for Leave at Ex. B.

agreements negotiated with Plaintiffs, as well as this Court's Orders providing that motions to dismiss for these cases would not proceed "until such time" as established by the Court.

Newly Added Defendants' violation of the Stipulated Court Orders gives rise to significant case management concerns that threaten the efficient progress of this MDL. These six Defendants have burdened the Court with additional motions to dismiss that will not change the MDL upon resolution. For instance, even if the Joint Motion were granted, none of the moving Defendants would be dismissed from the case, and the scope of discovery that Plaintiffs seek from them would not change. The primary effect these motions have is to clog the Court's docket and burden Plaintiffs with responding to premature motions.

For the reasons outlined below, Plaintiffs respectfully request that the six Newly Added Defendants' improperly filed motions to dismiss be denied without prejudice, or in the alternative, be held in abeyance pending further Order of the Court.

## BACKGROUND

Throughout this MDL, Plaintiffs' Counsel have endeavored to work cooperatively with Defense Counsel to ensure that this massive MDL proceeds as smoothly and efficiently as possible toward the end goal of MDL-wide resolution. The Court, Special Masters, Liaison Counsel and all parties have devoted countless hours to discussing and planning all manner of schedules and protocols to ensure that this MDL proceeds in an orderly fashion. Regarding deadlines alone, often lengthy and detailed negotiations have addressed deadlines for: multiple rounds of motions to dismiss; multiple rounds of document production under the "AG Access" protocol; document and data productions in response to Rule 34 requests for production; related deadlines to issue confidentiality designations; multiple rounds of clawback requests and

responses; service of privilege logs; bellwether case selection briefing; bellwether case schedule briefing; non-bellwether case schedule briefing; and briefing concerning DOJ's Motion to Stay.[9]

Given the large number of complaints on file in this MDL, the Court has consulted with Liaison Counsel and discerningly ordered the filing of motions to dismiss in select cases to provide guidance to the parties on common issues and thus reduce the need for future motion practice. For example, the parties first briefed just six "Group 1" individual-drug class-action complaints,[10] and the Court largely denied those motions to dismiss.[11] Because the Court's "Group 1" ruling provided a clear roadmap for the parties as to various key issues, including the statute of limitations and Rule 12(b)(6) issues presented here, only a handful of motions to dismiss were subsequently filed as to the other 12 single-drug complaints in Group 2 and Group 3. Through careful, cooperative planning, the parties and the Court avoided the burden and expense of duplicative motions to dismiss that would not advance the MDL. Similarly, in 2018, nearly all Plaintiffs and Defendants briefed motions to dismiss the "Heritage-centric"

---

[9] *See, e.g.,* PTO Nos. 28, 35, 46, 51, 61, 71, and 79 (scheduling deadlines related to motions to dismiss); PTO Nos. 70 (scheduling deadline related to document productions under the "AG Access" protocol); PTO Nos. 105, 110, 137, 139, 165 (scheduling deadlines related to Rule 34 document and data productions); PTO Nos. 105, 110, 137, 165, 172 (scheduling deadlines related to clawbacks, privilege logs, and confidentiality designations); ECF No. 1499 (Sept. 2, 2020) (scheduling briefing on bellwether selection); PTO No. 171 (directing parties to submit proposed schedules on bellwether schedules which were subsequently subject to separately negotiated schedule among the parties); PTO No. 188 (directing parties to meet and confer concerning non-bellwether proceedings, which were subsequently subject to separately negotiated schedule among the parties); ECF No. 1896 (scheduling briefing on DOJ's Motion to Stay).

[10] *See* PTO 28 (MDL Doc. 388).

[11] *In re Generic Pharm. Pricing Antitrust Litig.*, 338 F. Supp. 3d 404 (E.D. Pa. 2018).

overarching conspiracy complaints. The Court denied those motions, and in doing so explained why the allegations were sufficient as a matter of law.[12]

In the wake of these earlier rulings, Plaintiffs and ***all Defendants*** – including the six Newly Added Defendants – agreed that another round of motions to dismiss should be adjourned. In 2019, another set of overarching conspiracy complaints was filed, starting with the States' May 10, 2019 "Teva-centric" complaint,[13] and followed by additional private-plaintiff complaints, including all of the complaints at issue here. Consistent with the Group 1 motion to dismiss experience, deferral was logical in light of the Court's earlier ruling on the Heritage-centric cases, and also because of ongoing efforts to identify and prioritize the "bellwether" cases. Accordingly, the parties stipulated and, the Court ordered, that motions to dismiss would be adjourned until such time as the Court orders they should proceed.[14]

In early February of this year, the six Newly Added Defendants sought Plaintiffs' permission to exceed the 15-page limit provided by Local Rule of Civil Procedure 7.1 for proposed motions to dismiss based on statute of limitations issues.[15] Plaintiffs declined the request, reminding the Newly Added Defendants that the Stipulations they had agreed to and this Court had entered barred such motions absent further Court Order.[16] Notwithstanding those prior

---

[12] *In re Generic Pharm. Pricing Antitrust Litig.*, 394 F. Supp. 3d 509 (E.D. Pa. 2019).

[13] *The State of Connecticut, et al. v. Teva Pharms. USA, Inc., et al.*, No. 19-cv-2407 (E.D. Pa. May 10, 2019) (filed in the District of Connecticut and transferred pursuant to 28 U.S.C. § 1407).

[14] *See* Ex. C.

[15] *See* Motion for Leave at Ex. A.

[16] *See* Motion for Leave at Ex. B.

agreements and Court Orders adjourning motions to dismiss, Newly Added Defendants' filed their motions anyway on February 28, 2022.

## ARGUMENT

For the following reasons, the Newly Added Defendants' motions to dismiss should be denied without prejudice or held in abeyance, subject to future Court Orders.

*First*, the Court should enforce the Stipulated Orders and the consistent practice in this MDL, under which motions to dismiss are filed only after consultation with affected parties and the Court to maintain the *efficient* litigation of this MDL. By filing their motions to dismiss before the Court has set a schedule for doing so, Newly Added Defendants have violated Court Orders and disrupted the efficient management of the MDL. For example, they have necessitated the instant motion, thus wasting party and judicial resources.

*Second*, granting Plaintiffs' motion will inhibit other Defendants from filing their own duplicative motions to dismiss against the private Plaintiffs' 2019 and 2020 complaints that are likewise subject to Court ordered agreements adjourning such motions. Every Defendant in the MDL also agreed not to file motions to dismiss until the Court established a schedule for doing so.[17] Thus, all Defendants have equal footing to take the same untenable position Newly Added Defendants have taken here: that the Court's adjournment of motions to dismiss freed the Newly Added Defendants of a deadline requiring them to respond or answer but provided them with the opportunity—at their leisure and without further input from the Court or Plaintiffs—to move for dismissal whenever they wanted.[18] Newly Added Defendants' novel reading of the term

---

[17] *See, e.g.*, Ex. A (Order in DPP case). *See also* Ex. C (listing stipulations and pertinent docket information).

[18] *See* Motion for Leave at Exhibit B.

7

"adjourned" stands at odds with this Court's prior use of the term in the exact same context as here – *i.e.*, deadlines for Motions to Dismiss.[19]

If the Newly Added Defendants are permitted to breach their Court-approved agreements with Plaintiffs, then there is nothing to stop every other Defendant from doing the same thing, thereby unilaterally flooding this Court with dozens of additional duplicative motions and rendering Court-approved agreements meaningless. By granting Plaintiffs' Motion, this Court will signal to all parties that the agreements and protocols negotiated cooperatively in this case can be relied upon as important, binding tools for managing this MDL, rather than illusory commitments that any party can unilaterally disregard.

***Third***, the Newly Added Defendants' motions to dismiss will not narrow the issues or advance the MDL in any meaningful way. The Joint Motion to Dismiss presents a single issue: whether a subset of Plaintiffs' claims against these six Defendants are timely under applicable statutes of limitations.[20] In denying earlier motions to dismiss, the Court has already rejected similar arguments: "The question of whether any of Plaintiffs' claims are barred by the asserted statute of limitations defenses is more appropriate for resolution at a later stage of the proceedings following more particularized discovery." *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 852 (E.D. Pa. 2019). *See also* 9/15/2019 Status Conference Transcript at 8:22-9:8 (discussing impact of "initial motions to dismiss" and that the Court had "no desire to repeat it on the same issues").

---

[19] *See* PTO No. 51 (Ordering "All briefing is ADJOURNED pending a ruling on motions to dismiss in Case Management Group 1" and directing the parties to develop revised briefing schedules).

[20] *See, e.g.*, Joint Motion to Dismiss at 1.

Newly Added Defendants ignore the Court's clear guidance, claiming (incorrectly) that they have better arguments. Even if that were true (it is not),[21] granting the motion to dismiss will *not* result in dismissal of *all* claims against these Defendants, as they concede. Indeed, Appendix F of their Motion summarizes 180 allegations that "arguably fall within the relevant limitations period,"[22] and thus, not surprisingly, Newly Added Defendants seek dismissal of only a subset of Plaintiffs' claims.[23] In other words, no matter how the Court rules on their Joint Motion, the litigation against the Newly Added Defendants will continue.

Moreover, regardless of the outcome of the Joint Motion, discovery will proceed as to the full scope of Plaintiffs' claims against the Newly Added Defendants. Even if the Court were to dismiss some subset of the claims on limitations grounds, the scope of discovery would not change, because Plaintiffs have alleged continuing violations of the applicable statutes.[24] "Under the continuing-violation doctrine, 'when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period,'" and Plaintiffs can recover damages from an illegal overcharge within the limitations period. *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d, 735, 746 (E.D. Pa. 2014) (citations omitted). To prove continuing violations, Plaintiffs still will need full discovery as to

---

[21] Plaintiffs reserve all arguments on the merits of Defendants' motions to dismiss and will assert them when and if the Court orders briefing thereon.

[22] *See, e.g.*, *id.* at Appendix F.

[23] *See, e.g.*, *id.* at 38 (seeking dismissal only of the claims "identified in Rows 1–92 of Appendix D").

[24] *See, e.g.*, 19-cv-06011, ECF 85 at ¶ 1922 (EPP complaint alleging continuing violations); 20-cv-0721, ECF 61 at ¶ 1831 (DPP complaint alleging continuing violations).

the Newly Added Defendants to prove the existence of the conspiracy and that it caused Plaintiffs to pay inflated prices within the limitations period.

In sum, the Newly Added Defendants' improper motions to dismiss will not advance this MDL at all. Instead, they will only add to the list of pending motions to dismiss, burdening the parties and the Court with work that will not change the course of discovery or narrow the issues before the Court.[25] In addition to the burdens of untimely motion practice, the motions will significantly distract from depositions and the other important litigation activities that this Court, in consultation with Liaison Counsel and the Special Masters, has identified as priorities and which are designed to move this complex MDL towards a global resolution.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motions to dismiss without prejudice, subject to the right to re-file such motions at the appropriate time when the Court enters an Order establishing a schedule for the filing of such motions. In the alternative, Plaintiffs respectfully request that Defendants' motions be held in abeyance pending further Order of the Court.

Dated: March 10, 2022                                    Respectfully submitted,

| | |
|---|---|
| /s/ Roberta D. Liebenberg | /s/ Dianne M. Nast |
| Roberta D. Liebenberg | Dianne M. Nast |
| **FINE, KAPLAN AND BLACK, R.P.C.** | **NASTLAW LLC** |
| One South Broad Street, 23rd Floor | 1101 Market Street, Suite 2801 |
| Philadelphia, PA 19107 | Philadelphia, PA 19107 |
| 215-567-6565 | 215-923-9300 |
| rliebenberg@finekaplan.com | dnast@nastlaw.com |
| | |
| *Liaison and Lead Counsel for the* | *Liaison and Lead Counsel for the* |
| *End-Payer Plaintiffs* | *Direct Purchaser Plaintiffs* |

---

[25] *See* Ex. D (identifying currently pending motions to dismiss in the Generics MDL).

| | |
|---|---|
| */s/ William J. Blechman* | */s/ Jonathan W. Cuneo* |
| William J. Blechman | Jonathan W. Cuneo |
| **KENNY NACHWALTER, P.A.** | **CUNEO GILBERT & LADUCA, LLP** |
| 1441 Brickell Avenue | 4725 Wisconsin Ave., NW Suite 200 |
| Suite 1100 | Washington, DC 20016 |
| Miami, FL 33131 | Tel: (202) 789-3960 |
| Tel: (305) 373-1000 | jonc@cuneolaw.com |
| Fax: (305) 372-1861 | |
| wblechman@knpa.com | *Lead Counsel for the Indirect Reseller Class Plaintiffs* |

*Liaison Counsel for Direct Action Plaintiffs and Counsel for Plaintiffs J M Smith Corp and Walgreen Co.*

*/s/ Eric L. Bloom*  
Eric L. Bloom  
Monica L. Kiley  
**HANGLEY ARONCHICK SEGAL
      PUDLIN & SCHILLER**  
2805 Old Post Road, Suite 100  
Harrisburg, PA 17110-3676  
(717) 364-1030  
ebloom@hangley.com  
mkiley@hangley.com  

Barry L. Refsin  
Alexander J. Egerváry  
Chelsea M. Nichols  
Caitlin V. McHugh  
**HANGLEY ARONCHICK SEGAL
      PUDLIN & SCHILLER**  
One Logan Square, 27th Floor  
Philadelphia, PA 19103-6910  
(215) 568-6200  
brefsin@hangley.com  
aegervary@hangley.com  
cnichols@hangley.com  
cmchugh@hangley.com  

*Counsel for Plaintiff Rite Aid Corp. and Rite Aid Hdqtrs. Corp.*

*/s/ Peter D. St. Phillip*  
Peter D. St. Phillip  
Thomas Skelton  
**LOWEY DANNENBERG, P.C.**  
44 South Broadway, Suite 1100  
White Plains, NY 10601  
Telephone: (914) 997-0500  
PStPhillip@lowey.com  
Tskelton@lowey.com  

Laura Mummert  
**LOWEY DANNENBERG, P.C.**  
One Tower Bridge  
100 Front St., Suite 520  
West Conshohocken, PA 19428  
Tel: (215) 399-4770  
lmummert@lowey.com  

Todd M. Schneider  
Jason H. Kim  
**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**  
2000 Powell Street, Suite 1400  
Emeryville, CA 94608  
Telephone: (415) 421-7100  
TSchneider@schneiderwallace.com  
JKim@schneiderwallace.com  

*Counsel for Plaintiffs Humana Inc., Health Care Service Corporation, and Molina Healthcare, Inc.*

*/s/ Christopher L. Coffin*
Christopher L. Coffin
Tracy Turner
Anna K. Higgins
**PENDLEY, BAUDIN & COFFIN, LLP**
2225 Energy Centre
1100 Poydras St.
New Orleans, LA 70163
Tel: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclaw.com
tturner@pbclawfirm.com
ahiggins@pbclawfirm.com

*Counsel for Plaintiffs MSP Recovery Claims, Series LLC; Series PMPI, a designated series of MAO-MSO Recovery II, LLC; and MSPA Claims 1, LLC*

*/s/ Judith A. Zahid*
Judith A. Zahid
Eric W. Buetzow
**ZELLE LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Tel.: (415) 693-0700
jzahid@zelle.com
ebuetzow@zelle.com

James R. Martin
Jennifer Duncan Hackett
1775 Pennsylvania Avenue, NW
Suite 375
Washington, D.C. 20006
Tel.: (202) 899-4100
jmartin@zelle.com
jhackett@zelle.com

Hamish P.M. Hume
Michael Mitchell
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave., NW
Washington, D.C. 20005
Tel. (202) 895-7580
hhume@bsfllp.com
mmitchell@ bsfllp.com

*/s/ Salvatore C. Badala*
Salvatore C. Badala (SB2053)
Alastair J.M. Findeis
Thomas A. Narducci
**NAPOLI SHKOLNIK PLLC**
360 Lexington Ave., 11th Floor
New York, NY, 10017
Tel: (212) 397-1000
Fax: (646) 843-7603
sbadala@napolilaw.com
afindeis@napolilaw.com
tnarducci@napolilaw.com

*Counsel for Plaintiffs Albany et al. & Westchester*

*/s/ Patrick J. Ahern*
Patrick J. Ahern
Theodore B. Bell
**AHERN AND ASSOCIATES, P.C.**
8 South Michigan Ave., Suite 3600
Chicago, IL 60603
(312) 404-3760
patrick.ahern@ahernandassociatespc.com
theo.bell@ahernandassociatespc.com

*Counsel for Direct Action Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding, LLC*

*/s/ Charles F. Rule*
Charles F. Rule
Daniel J. Howley
Joseph J. Bial
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Tel.: (202) 223-7320
Fax.: (202) 204-7350
rrule@paulweiss.com
dhowley@paulweiss.com
jbial@paulweiss.com

*Counsel for Plaintiff United Healthcare Services, Inc.*

/s/ *Joanne Cicala*
Joanne Cicala
Joshua T. Wackerly
Kathryn Allen
**THE CICALA LAW FIRM PLLC**
101 College Street
Dripping Springs, Texas 78620
Telephone: (512) 275-6550
Facsimile: (512) 858-1801
joanne@cicalapllc.com
josh@cicalapllc.com
kathryn@cicalapllc.com

Christian Menefee
Tiffany Bingham
**OFFICE OF HARRIS COUNTY ATTORNEY, CHRISTIAN MENEFEE**
Managing Counsel Affirmative Litigation, Compliance & Environmental
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5121
Facsimile: (713) 437-4211
Tiffany.Bingham@cao.hctx.com

Richard Schechter
**LAW OFFICE OF RICHARD SCHECHTER, P.C.**
1 Greenway Plaza, Suite 740
Houston TX 77046-0102
Telephone: 713-623-8919
Facsimile:   713-622-1680
richard@rs-law.com

Debra Tsuchiyama Baker
Earnest W. Wotring
John Muir
David George
**BAKER • WOTRING LLP**
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002

*Counsel for Plaintiff Cigna Corp.*

/s/ *Ethan E. Litwin*
Ethan E. Litwin
Matthew L. Cantor
**CONSTANTINE CANNON LLP**
335 Madison Avenue
New York, NY 10017
Tel.: (212) 350-2700
elitwin@constantinecannon.com
mcantor@contantinecannon.com

Allison F. Sheedy
**CONSTANTINE CANNON LLP**
1001 Pennsylvania Avenue, NW
Suite 1300N
Washington, DC 20004
Tel.: (202) 204-3500
asheedy@constantinecannon.com

*Counsel for Plaintiff CVS Pharmacy, Inc.*

Telephone: (713) 980-1700
Facsimile: (713) 980-1701
dbaker@bakerwotring.com
ewotring@bakerwotring.com
jmuir@bakerwotring.com
dgeorge@bakerwotring.com

Christopher G. Hollins
Texas Bar No. 24090168
Aysia N. Mayo-Gray
**HOLLINS LAW GROUP PLLC**
Texas Bar No. 241092565832
Highway 6 North Houston, Texas 77084
Telephone: 346.980.4600
Facsimile: 346.980.4610
c.hollins@hollinslawgroup.com
a.mayo-gray@hollinslawgroup.com

*Counsel for Plaintiff Harris County, Texas*