IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Direct Purchaser Class Plaintiffs' Actions* | MDL NO. 2724<br><br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |

**[PROPOSED] ORDER GRANTING DIRECT PURCHASER
CLASS PLAINTIFFS' MOTION FOR AN ORDER:
(1) CERTIFYING A SETTLEMENT CLASS;
(2) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENTS;
(3) APPOINTING SETTLEMENT CLASS COUNSEL;
(4) APPOINTING A CLAIMS ADMINISTRATOR AND ESCROW AGENT;
(5) APPROVING THE FORM AND MANNER OF NOTICE TO THE
SETTLEMENT CLASS;
(6) PRELIMINARILY APPROVING THE PLAN OF ALLOCATION; AND
(7) SCHEDULING A FAIRNESS HEARING**

Upon review and consideration of Direct Purchaser Class Plaintiffs' Motion for an Order: (1) Certifying a Settlement Class; (2) Granting Preliminary Approval of Settlement Agreements; (3) Appointing Settlement Class Counsel; (4) Appointing a Claims Administrator and Escrow Agent; (5) Approving the Form and Manner of Notice to the Settlement Class; (6) Preliminarily Approving the Plan of Allocation; and (7) Scheduling a Fairness Hearing, and materials filed in connection therewith on March 16, 2022, and having held a hearing on

_____, 2022, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said Motion is GRANTED as follows:

**<u>Jurisdiction</u>**

1.  This Order hereby incorporates by reference the definitions in the Settlement Agreements between Direct Purchaser Class Plaintiffs and Defendant Sun Pharmaceutical

Industries, Inc. and its affiliates (Caraco Pharmaceutical Laboratories, Ltd., Mutual Pharmaceutical Company, Inc., and URL Pharma, Inc.), and Direct Purchaser Class Plaintiffs and Defendant Taro Pharmaceuticals U.S.A., Inc. (collectively, the "Settlement Agreements") and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

2. This Court has jurisdiction over each of the named plaintiffs, César Castillo, LLC, FWK Holdings, LLC, Rochester Drug Co-Operative, Inc., and KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc. (collectively, the "Settling Plaintiffs" or "Settling Direct Purchaser Plaintiffs") and Defendants Sun Pharmaceutical Industries, Inc. and its affiliates (Caraco Pharmaceutical Laboratories, Ltd., Mutual Pharmaceutical Company, Inc., and URL Pharma, Inc.) and Taro Pharmaceuticals U.S.A., Inc. (collectively, "Settling Defendants") and jurisdiction over the litigation to which Settling Direct Purchaser Plaintiffs and the Settling Defendants are parties.

## Certification of the Proposed Settlement Class

The Court makes the following determinations as required by Federal Rule of Civil Procedure 23 solely in connection with the proposed settlement:

3. Pursuant to Rule 23(c)(1)(B), the Settlement Class, which shall hereinafter be denominated "the Settlement Class," is defined as follows:

> All persons or entities, and their successors and assigns, that directly purchased one or more of the Named Generic Drugs from one or more Defendants in the United States and its territories and possessions, at any time during the period from May 1, 2009 until December 31, 2019.
>
> Excluded from the Settlement Class are Defendants and their present and former officers, directors, management, employees, subsidiaries, or affiliates, judicial officers and their personnel, and all governmental entities.

The Named Generic Drugs are those listed in Exhibit B to the Settlement Agreements; the Defendants are those listed in Exhibit C to the Settlement Agreements.

4. Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class is so numerous and geographically dispersed that joinder of all members is impracticable. According to data produced by the Defendants, the Settlement Class includes more than 500 members geographically dispersed throughout the United States, which is sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(l).

5. Pursuant to Rule 23(c)(l)(B), the Court determines that, in connection with and solely for purposes of settlement, the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions:

> a. Whether the conduct challenged by the Settlement Class as anticompetitive in Settling Direct Purchaser Plaintiffs' individual drug and multi-drug complaints[1] (collectively, "Complaints") constituted a conspiracy in Restraint of Trade in Violation of Section 1 and Section 3 of the Sherman Act, 15 U.S.C. §§ 1 and 3;
>
> b. Whether Defendants and their generic manufacturer co-conspirators engaged in a contract, combination, or conspiracy to eliminate competition and thereby increased prices of the drugs identified in the Complaints in the United States and in its territories and possessions;

---

[1] No. 20-cv-721 (ECF 62), No. 18-cv-2641 (ECF 1), No. 16-AL-27241 (ECF 46), No. 16-AM-27241 (ECF 54), No. 16-BC-27241 (ECF 59), No. 16-BZ-27241 (ECF 53), No. 16-CB-27241 (ECF 74), No. 16-CM-27241 (ECF 61), No. 16-DS-27241 (ECF 71), No. 16-DG-27241 (ECF 74), No. 16-DV-27241 (ECF 71), No. 16-DX-27241 (ECF 83), No. 16-EC-27241 (ECF 66), No. 16-FL-27241 (ECF 66), No. 16-GL-27241 (ECF 50), No. 16-LV-27241 (ECF 62), No. 16-LD-27241 (ECF 56), No. 16-PV-27241 (ECF 68), No. 16-PP-27241 (No. 16-cv-9901, ECF 110 (S.D.N.Y.)), No. 16-UR-27241 (ECF 54)

    c. The duration and extent of the alleged contract, combination, or conspiracy between and among Defendants and their generic manufacturer co-conspirators;

    d. The effect of the contract, combination, or conspiracy on prices of the drugs identified in the Complaints in the United States and in its territories and possessions during the Settlement Class Period of May 1, 2009 until December 31, 2019;

    e. Whether, and to what extent, the conduct of Defendants and their generic manufacturer co-conspirators caused injury to Settling Direct Purchaser Plaintiffs and other members of the Settlement Class; and

    f. The amount of overcharge damages, if any, owed to the Settlement Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C. § 4.

6. The Court determines that the foregoing class-wide issues relating to claims and/or defenses are questions of law or fact common to the Settlement Class that satisfy Rule 23(a)(2).

7. The Settling Plaintiffs are hereby appointed as representatives of the Settlement Class, for the following reasons:

    a. The Settling Plaintiffs allege, on behalf of the Settlement Class, the same manner of injury from the same course of conduct that they themselves complain of, and assert on their own behalf the same legal theory that they assert for the Settlement Class. The Court therefore determines that, in connection with and solely for purposes of settlement, the Settling Plaintiffs'

        claims are typical of the claims of the proposed Settlement Class within the meaning of Rule 23(a)(3); and

    b. Pursuant to Rule 23(a)(4), the Court determines that the Settling Plaintiffs will fairly and adequately protect the interests of the Settlement Class. The Settling Plaintiffs' interests do not conflict with the interests of absent members of the Settlement Class. All of the members of the Settlement Class share a common interest in proving the Settling Defendants' alleged anticompetitive conduct, and all Settlement Class members share a common interest in recovering the alleged overcharge damages sought in the Complaints. Moreover, the Settlement Class is made up largely of business entities and any Settlement Class member that wishes to opt out will be given an opportunity to do so. Furthermore, the Settling Plaintiffs are well qualified to represent the Settlement Class in this case, given the vigor with which they have prosecuted this action thus far.

8. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Settlement Class as a whole, predominate over those issues that are subject only to individualized proof. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 310-11 (3d Cir. 2008).

9. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair

and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Settlement Class in a single action.

## Appointment of Settlement Class Counsel

10. Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the Court appoints as Lead Counsel and Settlement Class Counsel, the Lead Counsel and members of the Plaintiffs' Steering Committee ("PSC") previously appointed in Pretrial Order 21, dated May 19, 2017 (ECF No. 342), and Pretrial Order 37, dated September, 28, 2017 (ECF No. 506).

## Preliminary Approval of the Proposed Settlements

11. The Court has assessed the fairness, reasonableness, and adequacy of the Settlements and finds that, at the final approval stage, the Court "will likely be able to" approve the Settlements under the criteria set forth in Federal Rule of Civil Procedure 23(e)(2) and certify the Settlement Class under the criteria set forth in Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and that therefore notice to the Settlement Class Members is warranted. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). The Settlements provide for a total cash payment of $85,000,000, which may be adjusted downward to $75,000,000 depending on the purchases represented by opt-outs, or adjusted upward to a maximum of $105,000,000 under "most favored nation" clauses in the event Settling Defendants reach more favorable settlements with certain opt-outs on or before August 4, 2023. The Settlements also provide for cooperation by the Settling Defendants with the Settling Plaintiffs' continued prosecution of their claims against the remaining Defendants.

12. The Court therefore preliminarily approves the Settlements on the terms set forth in the Settlement Agreements, subject to further consideration at the Final Fairness Hearing.

### Appointment of a Claims Administrator and Escrow Agent

13. The Court appoints A.B. Data, Ltd. to serve as claims administrator and to assist Settlement Class Counsel in disseminating the Notice. All expenses incurred by the claims administrator must be reasonable, and shall be payable solely from the Settlement Fund. The Court hereby approves the payment of up $500,000 in total from the Settlement Fund to pay for Administration Expenses without the need for further application to the Court. No payments above $500,000 may be made from the Settlement Fund absent separate request by Settling Plaintiffs and separate Court approval.

14. The Court appoints The Huntington National Bank to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

### Approval of the Form and Manner of Notice to the Settlement Class

15. The Court finds that the proposed form of Notice to Settlement Class Members of the pendency of this Class Action and the proposed Settlements thereof (attached as Exhibits 1 (Long Form Notice) and 2 (Short Form Notice) to the Memorandum in Support of Direct Purchaser Class Plaintiffs' Motion, and the proposed method of dissemination of notice via first-class mail, establishment of a dedicated website, and publication satisfy the requirements of Rule 23(e) and due process, are otherwise fair and reasonable, and therefore are approved.

16. Settlement Class Counsel, through A.B. Data, shall cause the Notice substantially in the form attached in Exhibit C to the Memorandum in Support of Direct Purchaser Class

Plaintiffs' Motion to be disseminated within 45 days following the date of the entry of this Order via first-class mail to the last known address of each Settlement Class member, identified from the data or other documents produced in this case and verified through the USPS National Change of Address database.

17. Settlement Class Counsel, through A.B. Data, shall cause the Notice substantially in the form attached in Exhibit C to the Memorandum in Support of Direct Purchaser Class Plaintiffs' Motion to be published within 45 days following the date of the entry of this Order on a dedicated website: GenericDrugsDirectPurchaserSettlement.com, which shall also include filings and other documents regarding the Settlements.

18. Settlement Class Counsel shall cause the Notice substantially in the form attached in Exhibit D to the Memorandum in Support of Direct Purchaser Class Plaintiffs' Motion to be disseminated via publication on the Pink Sheet, via PR Newswire, and in The Wall Street Journal within 45 days following the date of entry of this Order.

19. Members of the Settlement Class may request exclusion from the Settlement Class or object to the Settlements within 90 days from the date that the Notice is mailed.

20. Settlement Class Counsel or their designee shall monitor and record any and all opt-out requests that are received, filing a report to the Court within 21 days following the deadline for Settlement Class members to object or exclude themselves from the Settlement Class.

21. Pursuant to the Class Action Fairness Act of 2005 ("CAFA") the Settling Defendants shall serve their notices as required under CAFA within 10 days from the date Settling Plaintiffs filed the Settlement Documents with the Court.

**Preliminary Approval of the Plan of Allocation**

22. The proposed Plan of Allocation satisfies the requirements of Rule 23(e), is otherwise fair and reasonable, and is, therefore, preliminarily approved, subject to further consideration at the Final Fairness Hearing.

**Final Fairness Hearing**

23. A hearing on final approval (the "Fairness Hearing") shall be held before this Court at _____ on _____, 2022 [*not fewer than 210 days from the date of the preliminary approval order*], at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Courtroom 12-A, Philadelphia PA 19106. At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed Plan of Allocation of the Settlement Fund among Settlement Class members; (c) whether the Court should approve reimbursement of expenses to Settlement Class Counsel and payment of certain future expenses and whether up to one-third of the net Settlement Fund shall be set aside in escrow for potential payment of attorneys' fees (as discussed below); (d) whether service awards should be awarded to the Settling Plaintiffs; and (e) whether entry of a Final Judgment and Order terminating the litigation between Direct Purchaser Plaintiffs and the Settling Defendants should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Settlement Class Counsel shall be responsible for communicating any such notice promptly to the Settlement Class by posting a conspicuous notice on the settlement website, GenericDrugsDirectPurchaserSettlement.com.

24. Settlement Class members who wish to: (a) object with respect to the proposed Settlements; and/or (b) wish to appear in person at the Fairness Hearing, must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia PA 19106, with copies to the following counsel:

*On behalf of Direct Purchaser Plaintiffs and the Settlement Class*:

Dianne M. Nast
Joseph N. Roda
NastLaw LLC
1101 Market Street, Suite 2801
Philadelphia, PA 19107

*On behalf of the Settling Defendants*:

John Taladay
Baker Botts L.L.P.
700 K Street, N.W.
Washington, DC 20001

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be postmarked no later than 90 days from the date that the Notice is mailed to members of the Settlement Class. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlements. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

25. All briefs and materials in support of the final approval of the settlements and the entry of Final Judgment proposed by the parties to the Settlement Agreements shall be filed with

the Court within 45 days after the expiration of the deadline for Settlement Class members to request exclusion from the Settlement Class or object to the Settlements and/or attorney's fees, expenses and service awards.

26. Settlement Class Counsel state that they intend to move for (1) reimbursement of out-of-pocket expenses, and for a portion of future expenses, in a total amount not to exceed $6.8 million (inclusive of the $500,000 discussed in Paragraph 13, above); and for (2) service awards to the Settling Plaintiffs of $20,000 each. Settlement Class Counsel have stated that they are deferring filing a motion for an award of attorneys' fees to a later time. Settlement Class Counsel state that they intend to ask the Court to set aside one-third of the Settlement Fund, net of expenses and service awards (plus accrued interest), for the award of attorneys' fees, and that such request for a set aside will be made at the same time as the request for awards of expenses and service awards. All briefs and materials in support of such a motion for reimbursement of expenses, payment for future expenses, service awards, and set aside of up to one-third of the remaining Settlement Fund for attorneys' fees, shall be filed with the Court within 45 days of the date on which notice is mailed to each identified member of the Settlement Class. The time for Settlement Class Counsel to file their motion for an award of attorneys' fees, with supporting materials, will be set at a later time. Settlement Class members who have not opted out shall be given an opportunity to object to such motion for fees before the Court rules.

27. Neither this Order, nor the Settlement Agreements, nor any other Settlement related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreements or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by the Settling Defendants as to

the validity of any claim that has been or could have been asserted by Settling Direct Purchaser Plaintiffs against the Settling Defendants or as to any liability by the Settling Defendants as to any matter set forth in this Order, or as to whether any class, in this case or others, may be certified for purposes of litigation and trial.

28.     The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any other Defendant to contest class certification of any class proposed in this Action.

SO ORDERED this ____ day of _____, 2022

_____
The Honorable Cynthia M. Rufe
United States District Judge