**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:  GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724** **16-MD-2724** **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:** *ALL ACTIONS* | |

**PURCHASING DEFENDANTS' OBJECTIONS TO SPECIAL MASTER
DAVID H. MARION'S ELEVENTH REPORT AND RECOMMENDATION**

AmerisourceBergen Drug Corp., H.D. Smith, LLC, Cardinal Health, Inc., The Harvard Drug Group, LLC, McKesson Corp., Morris & Dickson, Co., LLC, Red Oak Sourcing, LLC, and Walgreens Boots Alliance, Inc. (collectively, the "Purchasing Defendants"), in accordance with Pretrial Order No. 163 (ECF Doc. No. 1707) and Fed. R. Civ. P. 53(f), submit these objections to Special Master David H. Marion's Eleventh Report and Recommendation (the "11th R&R") (ECF Doc. No. 1983).

The 11th R&R, issued on March 6, 2022, recommends a schedule to govern the non-bellwether cases in this MDL, including, in relevant part, a recommendation "that all Defendants be required to file Answers to the Complaints, including affirmative defenses, within thirty (30) days of the date of acceptance of this Recommendation, or the Court's ruling thereon," *id.* ¶ II.2, and a recommendation that "discovery in all cases should proceed now on parallel tracks," *id.* ¶ II.3. The 11th R&R would create a significant burden if applied to the Purchasing Defendants, who have pending motions to dismiss the only complaint against them and therefore who have never answered any complaints in these cases, and who have a negotiated, court-approved stay of party discovery until that motion is resolved. Accordingly, after publication of the 11th R&R, counsel for McKesson Corp. wrote to Special Master Marion seeking clarification that Paragraphs II.2 and II.3 of the 11th R&R were not meant to apply to the Purchasing Defendants.[1] In response, Special Master Marion confirmed that the 11th R&R "was entered without any consideration" of the Purchasing Defendants' "special circumstances," which "were not presented or considered in the briefing or conference calls preceding the 11th R&R."[2] That is correct, as counsel to the Purchasing Defendants were not even aware of any of the proposals submitted to Special Master

---

[1] *See* March 9 Letter from A. Ellis to D. Marion, attached hereto as Exhibit A.

[2] March 9 E-mail from D. Marion to A. Ellis, attached hereto as Exhibit B.

Marion in connection with the 11th R&R and thus did not participate at all.  The Special Master declined to provide the requested clarification, however, and suggested that McKesson "use the objection process" to raise its concerns with the Court.[3]

**I.      The Purchasing Defendants Should Not Be Required to Answer the IRPs' Complaint While Their Motion to Dismiss Is Pending**

The Purchasing Defendants are uniquely situated in this litigation because they are named as defendants in only a single complaint[4]—the complaint filed by the Indirect Reseller Plaintiffs ("IRPs") in December 2019 (No. 19-cv-6044, ECF Doc. No. 1)[5]—and because many of them are absent class members of the many complaints filed by the Direct Purchaser Plaintiffs.  The Purchasing Defendants moved to dismiss the IRPs' complaint in July 2020 and therefore have never answered any complaint.  Filing and serving an answer under those circumstances would impose a significant burden on the Purchasing Defendants and run contrary to both the letter and spirit of the Federal Rules of Civil Procedure.[6]  Additionally, the IRPs have confirmed to the Purchasing Defendants that they are not seeking answers from the Purchasing Defendants at this time.  With the only affected parties in agreement on this point, the Purchasing Defendants respectfully request that the Court modify Paragraph II.2 of the 11th R&R to exclude the Purchasing Defendants from the requirement that they answer the IRPs' complaint.

---

[3] *Id.*

[4] McKesson was previously named as a defendant in a suit brought by Marion Diagnostic Center, LLC and Marion Healthcare, LLC, but obtained a complete dismissal of that complaint in an order from the Court dated June 26, 2019.  (No. 18-cv-4137, ECF Doc. No. 112).

[5] The IRPs subsequently amended their complaint in May 2020.  (No. 19-cv-6044, ECF Doc. No. 61).

[6] *See* Fed. R. Civ. P. 12(a)(4)(A) ("[I]f the court denies the motion . . . the responsive pleading must be served within 14 days after notice of the court's action.").

**II.**    **The Purchasing Defendants' Stay of Party Discovery Should Remain in Effect**

The Purchasing Defendants are also subject to a carefully negotiated and Court-ordered stay of party discovery.  Specifically, in April 2020, the Court approved a stipulation between the IRPs and the Purchasing Defendants ordering that "all party discovery [as to the Purchasing Defendants] is stayed" and that the Purchasing Defendants "shall not be required to produce any documents in response to IRP RFPs during the pendency of the [Purchasing Defendants'] Motions to Dismiss."  (No. 19-cv-6044, ECF Doc. No. 40) ("Stay Order").  Absent modification, Special Master Marion's recommendation that "discovery in all cases should proceed now on parallel tracks" would directly contradict that Stay Order.  There is no justification for doing so. While the Court has allowed party discovery to proceed against manufacturers who still have Rule 12 motions pending, it has already determined that there are sufficient allegations in the plaintiffs' complaints to state a claim for conspiracy among the generic manufacturers.  No conspiracy claims have been sustained against any of the Purchasing Defendants and none of the conspiracy claims that have withstood a Rule 12 motion have involved the alleged participation of any of the Purchasing Defendants.  Further, the IRPs have confirmed that they have not sought, and still do not seek, to alter the status quo as set out in the Stay Order.  With the parties in agreement on this point as well, the Purchasing Defendants respectfully request that the Court modify Paragraph II.3 of the 11th R&R to exclude the Purchasing Defendants pending resolution of the Purchasing Defendants' motions to dismiss.

Dated:  March 27, 2022

Respectfully submitted,

*/s/ Abram J. Ellis*
*On behalf of Purchasing Defendants*

| | |
|---|---|
| *Counsel for McKesson Corporation* <br><br> */s/ Abram J. Ellis* <br> *(D.C. Bar # 497634)* <br> Abram J. Ellis <br> Sara Y. Razi <br> Joshua G. Hazan <br> **SIMPSON THACHER & BARTLETT LLP** <br> 900 G Street NW <br> Washington, DC 20001 <br> 202-636-5579 <br> aellis@stblaw.com <br> sara.razi@stblaw.com <br> joshua.hazan@stblaw.com | *Counsel for AmerisourceBergen Drug Corp. and H.D. Smith, LLC* <br><br> */s/ Michelle A. Mantine (w/consent)* <br> *(PA Bar # 203102)* <br> Michelle A. Mantine <br> Christopher R. Brennan <br> Courtney B. Averbach <br> Danielle L. Stewart <br> **REED SMITH LLP** <br> 225 Fifth Avenue <br> Pittsburgh, PA 15222 <br> 412-288-4268/4583 <br> mmantine@reedsmith.com <br> cbrennan@reedsmith.com <br> caverbach@reedsmith.com <br> dstewart@reedsmith.com |
| *Counsel for Cardinal Health, Inc. and The Harvard Drug Group, LLC* <br><br> */s/ Jason C. Murray (w/consent)* <br> *(CA Bar # 169806)* <br> Jason C. Murray <br> Katie Yablonka <br> Jordan Ludwig <br> **CROWELL & MORING LLP** <br> 515 South Flower Street, 40th Floor <br> Los Angeles, CA 90071 <br> 213-443-5590 <br> jmurray@crowell.com <br> kyablonka@crowell.com <br> jludwig@crowell.com | *Counsel for Walgreens Boots Alliance, Inc.* <br><br> */s/ Brian Byrne (w/consent)* <br> *(D.C. Bar # 449881)* <br> Brian Byrne <br> Steven J. Kaiser <br> Carl Lawrence Malm <br> **CLEARY GOTTLIEB STEEN & HAMILTON LLP** <br> 2112 Pennsylvania Avenue NW, Suite 1000 <br> Washington, DC 20037 <br> 202-974-1500 <br> bbyrne@cgsh.com <br> skaiser@cgsh.com <br> lmalm@cgsh.com |

| | |
|---|---|
| *Counsel for Red Oak Sourcing, LLC* | *Counsel for Morris & Dickson Co., LLC* |
| */s/ John F. Zabriskie (w/consent)* | */s/ Barry Barnett (w/consent)* |
| *(IL Bar # 6187887)* | *(TX Bar # 01778700)* |
| John F. Zabriskie | Barry Barnett |
| Benjamin R. Dryden | Thomas W. Paterson |
| **FOLEY & LARDNER LLP** | Drew Hansen |
| 321 N. Clark Street, Suite 3000 | **SUSMAN GODFREY LLP** |
| Chicago, IL 60654 | 8115 Preston Road, Suite 575 |
| 312-832-5199 | Dallas, Texas 75225 |
| jzabriskie@foley.com | 866-754-1900 |
| bdryden@foley.com | bbarnett@susmangodfrey.com |
| | tpaterson@susmangodfrey.com |
| | dhansen@susmangodfrey.com |