**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**DEFENDANTS' OBJECTION TO SPECIAL MASTER DAVID H. MARION'S**
**<u>ELEVENTH REPORT AND RECOMMENDATION</u>**

## I. INTRODUCTION

Defendants object to Special Master Marion's Eleventh Report and Recommendation Regarding the Scheduling of the Non-Bellwether Cases (ECF No. 1983) (the "R&R") because it recommends that Defendants file full, paragraph-by-paragraph answers to, at a minimum, 21 Direct Action Plaintiff ("DAP") complaints ***before*** motions to dismiss are filed.[1] The R&R rests on the mistaken assumption that such answers are necessary to "allow all parties to know what the claims and defenses of all Defendants are as the depositions and other procedures go forward." R&R at II.2. From that error, the R&R recommends a burdensome and inefficient procedural sequence that is inconsistent with the Federal Rules of Civil Procedure and would impede the progress currently underway in the bellwether matters.

As the Court is aware, notwithstanding the Court's adjournment of answers and motions to dismiss in non-bellwether cases, discovery has been proceeding in all cases, given the similarity of the allegations among the complaints. All of the Parties are participating, or are free to participate in that discovery, in which the Parties' respective positions on the allegations, and the facts, will become clear. Paragraph-by-paragraph answers to currently unanswered complaints will do nothing to further that process.

The DAPs originally sought clarity as to affirmative defenses that might be asserted against their specific complaints in the future, claiming there was a risk they would otherwise be surprised close to, or after the end of, discovery. That concern was addressed by an approach DAPs themselves proposed and was broadly supported by Defendants, States, End-Payer Plaintiffs ("EPPs"), Direct Purchaser Plaintiffs ("DPPs"), and Indirect Reseller Plaintiffs

[1] Certain defendants have filed motions to dismiss certain DAP complaints, but the majority of Defendants, relying upon the Court's adjournment orders, have not. *See infra* n. 3.

("IRPs") (the "Affirmative Defense Proposal"). Under the Affirmative Defense Proposal, each Defendant would advise the Plaintiffs of its affirmative defenses to the 21 DAP complaints and two State AG non-bellwether complaints by letter, but would not, at this time, otherwise answer those complaints. This approach would thus give the DAPs (and the States) all the information they need to understand, evaluate, and challenge Defendants' affirmative defenses as discovery progresses. This solution has the added benefit of foregoing the immense burden on each Defendant to respond to nearly 14,000 pages and 60,000 paragraphs of allegations across the 21 DAP complaints which, while often substantively similar, contain differences that would require time-consuming review and analysis to address. By contrast, adopting the R&R's procedure—which *no party initially requested and which no party other than the DAPs now seeks* —would require Defendants to divert their focus on completing discovery and advancing the bellwether cases, as the Court has guided all the Parties to do.

Defendants thus respectfully request that the Court overrule Paragraph II.2 of the R&R, and instead implement the Affirmative Defense Proposal.[2] Doing so will ensure the continued progress of the MDL and the bellwether cases, and avoid the complicated legal issues raised under the Federal Rules of Civil Procedure by requiring Defendants to answer before they have had an opportunity to move to dismiss.

---

[2] Defendants do not object to the R&R's adoption of the "Joint Proposal" by Defendants, States, EPPs, DPPs, and IRPs that sets a fact discovery deadline of April 19, 2024 for all non-bellwether cases and deferral of the implementation of additional deadlines, including those pertaining to expert discovery, in the non-bellwether cases. Defendants thus respectfully request that the Court overrule any objections directed at that portion of the R&R. Defendants note, however, that the proposed order attached to the R&R provides, among other things, that "discovery in all cases shall proceed on parallel tracks." Proposed Order ¶ 3. To avoid ambiguity, to the extent that the Court adopts this portion of the proposed order, Defendants respectfully request that the Court insert the word, "fact," before "discovery" in that paragraph, which is clearly what was intended. *See* R&R ¶ 3. Requiring the Parties to engage in expert discovery on the DAP cases during the bellwether fact discovery period would be entirely unmanageable.

Moreover, to the extent that the R&R suggests adoption of any aspects of the proposal submitted by Heritage Pharmaceuticals ("Heritage") that are not currently reflected in the Proposed Order, Defendants join Responding Plaintiffs' objection. *See* ECF No. 2023.

## II. BACKGROUND

### A. The DAP Complaints

There are 21 DAP actions. *See* Ex. A. The DAP complaints comprise 58,525 paragraphs and 14,485 pages of allegations. *Id.*

The first DAP action was commenced in 2018 (*Kroger Co. v. Actavis Holdco U.S., Inc.,* 2:18-cv-00284 (E.D. Pa.)) and the most recent on August 30, 2021 (*County of Westchester v. Actavis Holdco U.S., Inc.,* 2:21-cv-04474 (E.D. Pa.)).[3] Pursuant to a series of stipulated pretrial orders, the deadlines for responding to the DAP complaints have been adjourned.[4] Because of those adjournments, many Defendants who intend to challenge the sufficiency of the complaints via motions to dismiss under Rule 12 have not yet filed such motions.

### B. The Schedule for Non-Bellwether Cases

On December 9, 2021, the Court issued Pre-Trial Order 188 ("PTO No. 188"), which set forth the Bellwether Schedule and directed that all Parties meet and confer in consultation with Special Master Marion regarding a schedule for non-bellwether cases. PTO No. 188, ECF No.

---

[3] On March 16, 2022, an amended complaint was filed in the *County of Westchester v. Actavis Holdco US Inc. et al.,* No. 21-cv-04474 (E.D. Pa) action. The First Amended Complaint adds new plaintiffs, new defendants, and 15 new drugs to the MDL.

[4] *See Kroger Co. v. Actavis Holdco U.S., Inc.*, 2:18-cv-00284, ECF No. 15 (E.D. Pa.); *Humana Inc. v. Actavis Elizabeth, LLC*, 2:18-cv-03299, ECF No. 23 (E.D. Pa.); *United Healthcare Services, Inc. v. Actavis Holdco U.S., Inc.*, 19-cv-00629, ECF No. 23 (E.D. Pa); *United Healthcare Services, Inc. v. Teva Pharmaceuticals U.S.A Inc.*, No. 19-cv-05042, ECF No. 17 (E.D. Pa); *Humana Inc. v. Actavis Elizabeth, LLC*, 2:19-cv-04862, ECF No. 44 (E.D. Pa.); *Health Care Service Corp. v. Actavis Elizabeth, LLC*, 2:19-cv-05819, ECF No. 48 (E.D. Pa.); *MSP Recovery Claims, Series LLC. v. Actavis Elizabeth, LLC*, 2:20-cv-00231, ECF No. 55 (E.D. Pa.); *County of Nassau v. Actavis Holdco U.S. Inc.*, 20-cv-00065, ECF No. 15 (E.D. Pa); *Molina Healthcare Inc. v. Actavis Elizabeth, LLC*, 2:20-cv-00695, ECF Nos. 14, 63 (E.D. Pa.); *Harris County v. Teva Pharmaceuticals U.S.A Inc.*, 20-cv-02296, ECF No. 34 (E.D. Pa); *Cigna Corp. v. Actavis Holdco U.S. Inc.*, 20-cv-02711, ECF Nos. 12, 33 (E.D. Pa); *Rite Aid Corp. v. Actavis Holdco U.S., Inc*., 2:20-cv-03367, ECF Nos. 3, 32 (E.D. Pa.); *County of Suffolk v. Actavis Holdco U.S., Inc*., 2:20-cv-04893, ECF No. 16 (E.D. Pa); *J.M. Smith Corp. v. Actavis Holdco U.S., Inc*., 2:20-cv-04370, ECF No. 16 (E.D. Pa.); *Walgreens Co. v. Actavis Holdco U.S., Inc*., 2:20-cv-06258, ECF No. 5 (E.D. Pa.); *Winn-Dixie v. Actavis Holdco U.S., Inc*, 2:20-cv-06290, ECF No. 2 (E.D. Pa.); *County of Albany v. Actavis Holdco U.S., Inc*., 21-cv-01875, ECF No. 6 (E.D. Pa); *CVS Pharmacy v. Actavis Elizabeth, LLC*, 2:20-cv-06310, ECF No. 8 (E.D. Pa.); *Humana Inc. v. Actavis Elizabeth, LLC*, 2:20-cv-6303, ECF No. 3 (E.D. Pa.); *United Healthcare Services, Inc. v. Sandoz, Inc*., 20-cv-06557, ECF No. 16 (E.D. Pa); *County of Westchester v. Actavis Holdco U.S. Inc.*, 21-cv-04474, ECF No. 5 (E.D. Pa).

1901, ¶ 17. Pursuant to PTO 188, on January 24, 2022, the Parties submitted their proposed schedules for the non-bellwether cases.

The Defendants, States, EPPs, DPPs, and IRPs submitted a joint proposal providing, *inter alia*, a deadline of April 19, 2024 to complete non-bellwether fact discovery and a continued obligation to meet and confer regarding upcoming deadlines based on developments in the bellwether cases.[5] The DAPs made a separate submission, the goal of which was to elicit a recommendation, and ultimately an order, imposing a schedule for the DAP cases. In particular, the DAPs sought the imposition of case deadlines, and asked for notice of the Defendants' affirmative defenses prior to the close of fact discovery. Acknowledging Defendants' concerns about the burden of preparing paragraph-by-paragraph answers, the DAPs "offered to accept, in lieu of answers, letters served on counsel that identify all defenses subject to a right to amend later." Ex. B at n. 2. Defendants later agreed to – just as the DAPs proposed – apprise the DAPs of Defendants' affirmative defenses by complaint-specific letters.

On February 11, 2022, Special Master Marion issued his Informal Recommendation Regarding Scheduling for Non-Bellwether Cases ("Informal Recommendation"), which, among other things, required that all Defendants file answers to all "Complaints" within thirty days of the acceptance of his recommendation – even though no party had requested such relief.[6] The Informal Recommendation does not address the Affirmative Defense Proposal or otherwise

[5] Heritage submitted a proposal providing that the States' Heritage-centric case proceed in the next phase.

[6] Neither the Informal Recommendation nor the R&R define "Complaints." Defendants understand Paragraph 2 of the Informal Recommendation (and Paragraph II.2 of the R&R) to refer only to the DAP complaints because the DAPs requested notice of Defendants' affirmative defenses. If "Complaints" was intended to refer to all MDL complaints, there are 67 additional complaints, or 83 total operative complaints with tens of thousands of additional pages and allegations, that would require full answers.

explain why it was set aside in favor of a path that no party sought. Paragraph 2 of the Informal Recommendation provides:

> I also recommend that all Defendants be required to file Answers to the Complaints within 30 days of the date of acceptance of this Recommendation, even while Motions to Dismiss remain pending before the Court, without prejudice to the positions set forth in their Motions to Dismiss and reserving all rights to amend their answers at the completion of fact discovery or thereafter in accordance with the Federal Rules of Civil Procedure. This would allow all parties to know what the claims and defenses of all defendants are as the depositions and other procedures go forward.[7]

On February 25, 2022, the Parties submitted letters regarding the Informal Recommendation. Without explanation, the DAPs walked back their own January 24, 2022 proposal that Defendants' provide notice of their affirmative defenses via letter, and instead accepted Paragraph 2 of the Informal Recommendation.[8] Ex. C.

The Defendants, States, EPPs, DPPs, and IRPs all agreed that answers were not necessary at this time and requested that Special Master Marion modify his Informal Recommendation by accepting the Affirmative Defense Proposal. Their Affirmative Defense Proposal would require that, within 75 days, each Defendant named in a DAP complaint and the two non-bellwether State complaints serve letters on each of those Plaintiffs that identify the respective Defendant's affirmative defenses (subject to a reservation of their right to amend the defenses and/or move to dismiss at a later date). The Affirmative Defense Proposal reads in full:

> I also recommend that all Defendants be required to send letters responsive to each DAP complaint and to the non-bellwether State complaints, identifying affirmative defenses, within 75 days of the date of acceptance of this Recommendation, even if there are

[7] While there are a small number of pending motions to dismiss certain individual defendants from certain of the DAP complaints, most Defendants have not filed comprehensive motions against these complaints, relying upon the Court's orders adjourning deadlines for such motions. *See supra* n. 3.

[8] The DAPs recognized that answering the complaints would be "time-consuming" and stated that they are amenable to an extension of the 30-day deadline set forth in the Informal Recommendation. Ex. C at 6.

> currently Motions to Dismiss pending as to those complaints before the Court, without prejudice to the positions set forth in these pending Motions to Dismiss (or any future-filed Motions to Dismiss) and reserving all rights to move to dismiss, answer, and/or, for good cause, to amend their affirmative defenses before the completion of fact discovery or thereafter in accordance with the Federal Rules of Civil Procedure or order of the Court.

Ex. D at 2; *see also* Ex. E at 1. Defendants also requested a conference with Special Master Marion to address the practical and legal implications of his Informal Recommendation, as those issues had not been addressed in the January 28, 2022 conference. Ex. D at 3.

Special Master Marion did not grant Defendants' request for a conference. R&R at II.4. Further, notwithstanding that an overwhelming majority of the Parties support the Affirmative Defense Proposal, on March 6, 2022, Special Master Marion filed his R&R in which he submitted Paragraph 2 of the Informal Recommendation without modification, (*id.* at II.2) stating (again without explanation) that the Parties' proposed changes were not "sensible or justified." *Id.* at II.4.

## III. <u>ARGUMENT</u>

Pursuant to PTO 49, the R&R is to be reviewed by this Court *de novo*. *See* ECF No. 667 at 3 ("If objections are filed, the Court will consider the matter *de novo* pursuant to Fed. R. Civ. P. 53.").

### A. Ordering Defendants to File Answers to 21 Non-Bellwether Complaints Will Undermine the Just and Efficient Conduct of the MDL, Whereas the Affirmative Defense Proposal Will Promote It.

Ordering any single party to file responses to nearly 60,000 paragraphs of allegations in non-bellwether complaints, none of which has been selected by this Court as a next-up bellwether, is not "sensible or justified." *See* R&R at II.4. Instead, it will, with no meaningful purpose, undermine the just and efficient conduct of this MDL, a goal that the Court has consistently sought to achieve. *See* 28 U.S.C. § 1407; *see also* Fed. R. Civ. P. 1 (the Federal

Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

There are 21 DAP actions pending before this Court. Collectively, the operative DAP complaints total 58,525 paragraphs of allegations, and span 14,485 pages. *See* Ex. A. The operative complaints in the *County of Albany*, *County of Nassau*, and *Humana* actions, for example, each contain more than 4,000 paragraphs of allegations. *Id.* The work necessary to prepare answers to 21 complaints is not a ministerial task. It would require the attention of attorneys familiar with the MDL and the allegations, and analysis of the allegations in ***each*** of these 58,525 paragraphs to formulate paragraph-by-paragraph responses. Doing so would involve tremendous resources which would necessarily be diverted from advancing the discovery that is currently underway and that the Court has ordered to be completed in less than one year's time. PTO 188, ¶ 1. That discovery includes: 1) negotiations concerning and the production of phase 2 document discovery; 2) meeting and conferring with third parties regarding document discovery necessary for class certification and merits issues in the bellwether cases; and 3) affirmative, defensive, and third-party depositions. Even if Defendants could comply with an order to answer 21 complaints in just 30 days, which is not practically possible,[9] removing a month (or more) of progress on these other critical items will materially affect all Parties' ability to achieve progress in the bellwether cases.

The DAPs' own recent filings demonstrate that such disruption is entirely unnecessary. In notable contrast to their position on the R&R that Defendants should respond to the DAP

---

[9] Moreover, some Defendants are part the same corporate family and share the same outside counsel, further compounding the burden on those Defendants. For example, Amneal Pharmaceuticals and Impax Laboratories are now part of the same corporate family but were separate entities at the time of the alleged conduct and are individually named as defendants in many of the DAP complaints. Counsel for Amneal and Impax, therefore, would effectively be required to file double the number of answers in 30 days.

complaints immediately, the DAPs argue in their Memorandum in Support of Their Motion to Deny or Hold in Abeyance Newly Added Defendants' Procedurally Improper Motions to Dismiss that certain defendants should ***not*** be permitted to respond to the DAP complaints (by moving to dismiss) because of the Court's orders adjourning deadlines for responsive pleadings, and because of the "significant case management concerns that threaten the efficient progress of the MDL." ECF No. 1992, at 4. Having taken that position, the DAPs cannot now credibly insist that it is necessary for Defendants to file paragraph-by-paragraph answers to 14,485 pages of complaints.

The DAPs will not learn anything more about Defendants' affirmative defenses through answers than they would if the Court were to instead adopt the Affirmative Defense Proposal. Nor is the DAPs' current position fair, practical, or necessary. The Court ordered – and the Parties are conducting consistent with that order – broad discovery concerning Plaintiffs' allegations. Any doubt about the nature and scope of Defendants' affirmative defenses to specific individual Plaintiffs' allegations would be fully addressed by the Affirmative Defense Proposal. Defendants would be required to identify their affirmative defenses, subject to amendment for good cause, and would not be permitted to object to the DAPs taking discovery tailored to any new or amended defenses on the grounds of timeliness. There would be no prejudice to the DAPs from the Court ordering what the DAPs themselves requested.

Unlike Paragraph II.2 of the R&R, the Affirmative Defense Proposal would allow Defendants who have thus far relied upon the adjournment orders the opportunity to file Rule 12 motions before answering the complaints. Such motions may eliminate all or large portions of allegations from the complaints and may result in the dismissal of certain Defendants. Requiring full answers now, by contrast, would be inefficient and unnecessary for that reason, and any

incremental value of paragraph-by-paragraph answers would be far outweighed by the burden on Defendants and potential to derail the progress of the bellwether cases.

**B. Requiring Answers to the DAP Complaints at this Stage Is Inconsistent with the Federal Rules and Would Be Without Precedent.**

The Federal Rules give a defendant the right to make a Rule 12(b)(6) motion "in lieu of an answer." *Yan Yan v. Pennsylvania State Univ.*, 623 F. App'x 581, 582 (3d Cir. 2015); *see also United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 153 (3d Cir. 2003) ("a civil defendant may respond to a complaint with a motion to dismiss"). The Federal Rules also require that certain defenses be raised by a Rule 12(b)(6) motion ***before*** a complaint is answered. *See* Fed. R. Civ. P. 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: ... (6) failing to state a claim upon which relief can be granted; ... A motion asserting any of these defenses *must be made before pleading if a responsive pleading is allowed*.") (emphasis added).[10] Indeed, undersigned counsel has not identified any case in which a court directed Defendants to file answers – much less in a complex MDL and to 21 complaints simultaneously – before Defendants file Rule 12 motions pursuant to the Court's scheduling orders.

Moreover, requiring answers to be filed before Defendants have moved to dismiss the complaints pursuant to the Court's scheduling order may cause those future motions to be treated as motions under Rule 12(c) rather than 12(b), which affects the Parties' procedural rights

[10] The requirements of the Federal Rules apply in an MDL case exactly as they do "'for ordinary litigation on an ordinary docket.'" *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020) (citing *In re Korean Air Lines Co.,* 642 F.3d 685, 700 (9th Cir. 2011)); *see also Nutting v. Zimmer, Inc.*, No. 18-md-2859, 2021 U.S. Dist. LEXIS 177530, at *29 (S.D.N.Y. Sept. 17, 2021) (same); *In re EpiPen*, Case No. 17-md-2785-DDC-TJJ,2021 U.S. Dist. LEXIS 125939, 2021 WL 2822535, at *41 (D. Kan. July 7, 2021) (same). This is true even where deviating from the rules in favor of a procedure that would be more efficient, which is plainly not the situation here. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 844-45 (finding MDL court erred in deviating from Rule 16(b) to allow plaintiffs to amend their complaints after the deadline set by the court's scheduling order).

including under Rule 15(a). *See, e.g., Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991) (holding that a post-answer motion styled as pursuant to both Rule 12(b) and Rule 12(c) "must be considered a Rule 12(c) motion"). Therefore, to extent that the R&R also purports to eliminate Defendants' rights to move to dismiss the DAP complaints under Rule 12(b), it is inconsistent with the Rules for that separate and independent reason. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020) (the "Rules are binding on the court and parties alike, with fully the force of law").

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court decline to adopt Paragraph II.2 of the R&R, and instead order Defendants to provide notice via letter of their affirmative defenses to each DAP complaint and the non-bellwether State AG complaints, as set forth in the Affirmative Defense Proposal sought by all Parties to this MDL, except the DAPs.

Respectfully submitted,

March 28, 2022

*/s/ Jan P. Levine*
Jan P. Levine
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, Pennsylvania 19103
Tel.: (215) 981-4714
Fax: (215) 359-1606
jan.levine@troutman.com

*/s/ Sheron Korpus*
Sheron Korpus
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com

*/s/ Chul Pak*
Chul Pak
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Tel.: (212) 999-5800
Fax: (212) 999-5899
cpak@wsgr.com

***Defense Liaison Counsel***

*/s/ Devora W. Allon*
Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel.: (212) 446-4800
Fax: (212) 446-4900
devora.allon@kirkland.com

*/s/ Sarah F. Kirkpatrick*
Sarah F. Kirkpatrick
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel.: (202) 434-5000
Fax: (202) 434-5029
skirkpatrick@wc.com