**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724** **16-MD-2724** |
| | **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:** *ALL ACTIONS* | |

**PRETRIAL ORDER NO. 200**
**(CONTINUING LIMITED STAY OF DISCOVERY UNTIL JULY 17, 2022)**

The United States, as Intervenor, has filed a motion seeking to: (1) stay the depositions of approximately 47 potential trial witnesses in two pending criminal prosecutions; (2) prohibit discovery that specifically relates to subpoenas by or communications to the Department of Justice as part of its criminal investigation into the generic pharmaceuticals industry; and (3) stay any disputed discovery until the dispute is resolved by the Special Discovery Master or the Court. In the past, all parties had largely agreed to similar provisions. Plaintiffs now object to the continuing partial stay.

The government has secured indictments in two criminal cases: one against Glenmark Pharmaceuticals, Inc. USA and Teva Pharmaceuticals USA, Inc., and the other against Ara Aprahamian.[1] The witnesses at issue are "either potential trial witnesses in the criminal cases or are a subset of the individuals whose statements the United States may seek to introduce at trial as co-conspirator statements."[2]

---

[1] The criminal cases are *United States v. Aprahamian*, No. 20-cr-0064 (E.D. Pa. filed Feb. 4, 2020), and *United States v. Glenmark Pharms. Inc., USA*, No. 20-cr-200 (E.D. Pa. filed Aug. 25, 2020).

[2] Intervenor's Mem. L. Supp. Motion Stay Discovery [MDL Doc. No. 1908] at 1.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants."[3] Courts typically consider six factors in deciding whether to stay a civil case when there are parallel criminal proceedings:

> (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiffs' interests in expeditious civil proceedings weighed against the prejudice to the plaintiffs caused by the delay; (4) the burden on the defendant; (5) the interests of the court; and (6) the public interest.[4]

In considering these factors, the Court recognizes that the proposed stay is a limited one; discovery in the MDL will continue, as it has to this point.[5]

In evaluating the overlap between the criminal and MDL cases, the relevant inquiry must focus on the bellwether cases: the clobetasol and clomipramine Direct Purchaser ("DPP") and End-Payer ("EPP") proposed class-action cases[6] and the case filed by the State Plaintiffs that asserts an overarching conspiracy as to drugs that treat dermatological conditions (the "Dermatology Action").[7] Teva, Glenmark, and Aprahamian are not named as Defendants in the DPP and EPP clobetasol and clomipramine cases, but there are allegations concerning conduct by Aprahamian in these cases.  Glenmark and Aprahamian are named as Defendants in the

---

[3] *Med. Inv. Co. v. Int'l Portfolio, Inc.*, No. 12-3569, 2014 WL 2452193, at *1 (E.D. Pa. May 30, 2014) (quotation and citation omitted).

[4] *Id.* at *1 (quotations and citation omitted); *see also Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56–58 (E.D. Pa. 1980) (considering the plaintiffs' interest and potential prejudice; the burden on defendants; the burden on the court; the interests of persons not parties to the civil litigation, and the public interest). The cases applying these factors cited by the parties are of limited assistance as they are not analogous to this MDL.

[5] The United States initially sought to stay the depositions of 84 individuals, and has removed names over time.

[6] *In re: Clobetasol Cases (Direct Purchaser)*, No. 16-CM-27241 (E.D. Pa. filed Aug. 5, 2016); *In re: Clomipramine Cases (Direct Purchaser)*, No. 16-CB-27241 (E.D. Pa. filed Aug. 5, 2016); *In re: Clobetasol Cases (End-Payer)*, No. 16-CB-27241 (E.D. Pa. filed Aug. 5, 2016); *In re: Clomipramine Cases (End-Payer)*, No. 16-CM-27242 (E.D. Pa. filed Aug. 5, 2016).

[7] *Connecticut v. Sandoz*, No. 20-3539 (E.D. Pa. filed July 20, 2020). The Court initially had selected a complaint that centered on Teva as the State Plaintiffs' bellwether case. The grand jury returned the indictment against Teva six weeks later, and the Court revised the selection.

Dermatology Action, and although Teva is not a named Defendant in this bellwether, the complaint contains numerous allegations concerning Teva. The charges in the criminal cases allege conduct concerning clobetasol and other drugs in the Dermatology Action. As the Court noted in the revised bellwether selection, it was not possible to select any overarching action that does not intersect in some way with the criminal cases.

The United States argues that allowing Plaintiffs to depose the individuals on the stay list would compromise the criminal prosecutions because it would disclose to the criminal defendants the identities and sworn testimony of likely witnesses at the criminal trials.[8] The criminal cases have been declared complex, and have not yet been scheduled for trial. The deadline for fact discovery for the MDL bellwether cases has been set for January 17, 2023.[9] There is a strong public interest in keeping the MDL schedule on track; the price of generic pharmaceuticals affects many millions of people, and the bellwether cases seek to resolve the question of the whether the prices of certain drugs have been artificially inflated through collusion among manufacturers. Resolution of the issues raised by the MDL is of great importance to Plaintiffs, who include the attorneys general of many states, and to both indicted and unindicted Defendants.

Upon consideration of the relevant factors, the Court will continue the limited stay until July 17, 2022, six months before the close of bellwether fact discovery. This will allow sufficient time to complete bellwether fact discovery, including time for the United States or any party to bring arguments before Special Discovery Master Bruce Merenstein in favor of a stay of specific

---

[8] Intervenor's Reply Supp. Mot. Stay [MDL Doc. No. 1929] at 4.
[9] PTO 188 [MDL Doc. No. 1901].

depositions or written discovery.[10] The Court will also entertain appropriate motions to extend, curtail, or otherwise modify the stay based upon developments in the criminal cases.

      **AND NOW**, this 11th day of April 2022, upon consideration of the Motion of the United States, as Intervenor, for a Limited Stay of Discovery [MDL Doc. No. 1908], and the responses and replies thereto, and for the reasons stated above, it is hereby **ORDERED** that:

      1.     The Motion is **GRANTED in part** as follows:

      2.     The terms outlined in paragraphs 3–9 below shall apply until **July 17, 2022**.

      3.     Initial disclosures remain stayed (as per PTO No. 44).

      4.     All types of written discovery, including requests for production of documents, interrogatories, and requests for admissions, may be served.

      5.     Depositions of individuals on the list that the United States Department of Justice provides to counsel for the parties and the Court, and which the United States Department of Justice shall narrow in good faith on a rolling basis, are stayed.[11]

      6.     Other than the limitations imposed in Paragraph 4, the requirements and limitations imposed by the Fact Deposition Protocol (PTO No. 158) and the Remote Deposition Protocol (PTO No. 159), and such other limitations as may be ordered by the Court, the parties may notice depositions and shall meet and confer as necessary to schedule depositions.

      7.     The parties shall serve any written discovery requests and notices of deposition simultaneously on the parties and the United States Department of Justice. If the United States objects to any proposed written discovery request or notice of deposition, the United States will

---

[10] The stay as to Defendant Ara Aprahamian will remain in effect until further order of the Court upon specific motion.

[11] The same provisions apply to the witnesses identified by Teva, as previously ordered by the Court. *See* PTO No. 171.

notify the party of the basis for the objection, and if necessary, bring that objection to Special

Discovery Master Bruce Merenstein for resolution pursuant to the Revised Special Masters'

Protocol (PTO No. 163). The proposed discovery shall be stayed pending resolution of the

dispute.

8.    Parties may not seek, and no person may respond to, discovery that specifically

relates to how or what information was subpoenaed or communicated by—or provided or

produced to—the Department of Justice as part of its criminal investigation into the generic

pharmaceuticals industry, including in response to any grand jury subpoena or as part of a

person's cooperation obligations with the Department of Justice.

9.    A person responding to a discovery request in this MDL (e.g., a subpoena, request

for production of documents, notice of deposition) ("Responding Person") shall not disclose in

such response what documents or other information have been provided to the Department of

Justice in the course of its criminal investigation into the generic pharmaceuticals industry,

provided that nothing in this paragraph requires any modification of any document control

number or other endorsement on a document, nor prohibits or excuses a Responding Person from

providing documents or other information that previously had been provided to the Department

of Justice.

10.    For the sake of clarity:

a.    All parties reserve their rights to object to the admissibility of testimony or

other evidence on any grounds;

b.    This Order does not waive the right of responding parties or witnesses to

not answer questions, or to be instructed by counsel not to answer questions, based on the

attorney-client privilege, attorney work product doctrine, or any other applicable privilege; and

       c.      Plaintiffs and Defendants reserve all rights with respect to, and this Order does not preclude arguments or motions by Plaintiffs or Defendants with respect to, the admissibility of any testimony or documents at trial.

      11.     Nothing in this Order precludes a party or subpoenaed party from objecting to, moving to quash, or seeking a protective order excusing a response to any discovery request, provided the objection is made in good faith.

      12.     Any further request to stay specific depositions or other discovery beyond July 17, 2022, is referred in the first instance to Special Discovery Master Bruce Merenstein.

      13.     The stay of the deposition of Defendant Ara Aprahamian shall remain in effect until further order of the Court.

      It is so **ORDERED**.

           **BY THE COURT:**

           **/s/ Cynthia M. Rufe**

           _____

           **CYNTHIA M. RUFE, J.**