IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: *State Attorneys General Litigation* | MDL NO. 2724 16-MD-2724<br><br>HON. CYNTHIA M. RUFE<br><br>Civil Action No.<br>17-3768<br>19-2407<br>20-3539 |

**PLAINTIFF COMMONWEALTH OF PENNSYLVANIA'S SUPPLEMENTAL RESPONSES IN COMPLIANCE WITH COURT'S NOVEMBER 17, 2021 ORDER**

The Plaintiff Commonwealth of Pennsylvania ("Pennsylvania"), by counsel, hereby supplements its February 16, 2022 response (ECF No. 1966) to the Court's Order of November 17, 2021 (ECF No. 1875). These responses further supplement the responses and objections of Pennsylvania, as previously submitted on December 2, 2019 (in response to Defendants' First Set of Interrogatories Propounded to the Plaintiff States dated October 31, 2019 served on behalf of the Plaintiff States), the First Supplement served by the Commonwealth of Pennsylvania on February 4, 2020 and the Second Supplement served by the Commonwealth of Pennsylvania on August 3, 2021.

These responses are submitted as part of fact discovery. Pennsylvania reserves the right to supplement these responses should additional sources be identified and become known. These responses do not replace expert discovery which will proceed according to the schedule ordered by the Court. Expert reports and expert analyses are not included here. Experts may request additional documents and data not collected during fact discovery to be used for reports and

analyses that will be prepared during expert discovery. Pennsylvania will rely on experts' reports and expert analyses to support and prove its claims for remedies.

Without waiving, and subject to, the previously asserted General and Specific Objections to Defendants' discovery requests, Pennsylvania responds as follows:

1. ***Within 60 days, Pennsylvania shall inform Defendants of its theories of recovery and the nature of any remedies it will seek at trial;***

See Pennsylvania's response in ECF No. 1966.

2. ***Within 60 days, Pennsylvania shall identify the nature and source of all known documents and data it will rely upon to prove damages and other remedies;***

See Pennsylvania's response in ECF No. 1966. Pennsylvania reserves the right to supplement as additional information becomes known.

3. ***Within 60 days, Pennsylvania shall produce all discoverable documents and data within its possession, custody, or control;***

In accordance with the Court's November 17, 2021 Order, Pennsylvania has facilitated further production of voluminous information Defendants' sought in their May 5, 2020 motion to compel certain categories of documents and data which the Court subsequently granted.[1] Specifically, Pennsylvania has facilitated production of information sought by Defendants' from two non-party state agencies: the Pennsylvania Department of Human Services' State Hospitals and Office of Children, Youth and Families, and the Pennsylvania Department of Corrections. This supplemental production is timely pursuant to the extension to comply with the Court's November 17, 2021 Order (ECF No. 1963) which the Court granted (ECF No. 1965).

---

[1] As Pennsylvania learns of additional state entities with potentially discoverable information, Pennsylvania will supplement to comply with the Court's November 17, 2021 Order.

1. Pennsylvania Department of Human Services produced the following categories of information bearing Bates-numbers GENERICS-PA-PDHS-000086756 -GENERICS-PA-PDHS-000087923:

   a. Contracts,

   b. Purchasing and utilization data for State Hospitals from 2020 to 2022[2] that were also previously provided in the production of MMCAP data,

   c. Purchasing and utilization data from 2014 to 2022 for Bureau of Juvenile Justice Services within the Office of Children, Youth and Families, and

   d. Declarations for both State Hospitals and Office of Children, Youth and Families.

2. Pennsylvania Department of Corrections produced the following categories of information bearing Bates-numbers GENERICS-PA-PDOC-000000001 - GENERICS-PA-PDOC-000004542:

   a. Contracts,

   b. Purchasing and utilization data for State Correctional Institutions,

   c. Policy statements, and

   d. Declaration of Erica Benning, Director of the Bureau of Health Care Services for the Pennsylvania Department of Corrections.

---

[2] Because electronic invoices for generic drug purchases prior to 2020 are not kept electronically, hard copy invoices for State Hospitals' generic drug purchases prior to 2020 can be made available for inspection at the six State Hospitals in Clarks Summit, Danville, Norristown, Torrance, Warren and Wernersville.

Dated:  April 18, 2022	COMMONWEALTH OF PENNSYLVANIA

JOSH SHAPIRO
ATTORNEY GENERAL

By:	/s/ Joseph S. Betsko
	Joseph S. Betsko
	Senior Deputy Attorney General
	Strawberry Square, 14th Floor
	Harrisburg, PA 17120
	Tel: (717) 787-4530
	Fax: (717) 787-1190
	jbetsko@attorneygeneral.gov

*Counsel for the Commonwealth of Pennsylvania*

## **VERIFICATION**

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 18, 2022.

                                     /s/ Joseph S. Betsko
                                     Joseph S. Betsko
                                     Senior Deputy Attorney General

## CERTIFICATE OF SERVICE

     I hereby certify that on April 18, 2022, I caused a true and correct copy of the foregoing Plaintiff Commonwealth of Pennsylvania's Supplemental Responses in Compliance with the Court's November 17, 2021 Order to the Plaintiff States and Verification to be served via email upon the following:

MDL2724plaintiffsleadsetc@ag.ny.gov

MDL2724alldeftsservice@troutman.com

                                  By:       /s/ Joseph S. Betsko
                                              Joseph S. Betsko
                                              Senior Deputy Attorney General