IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' OBJECTION TO SPECIAL MASTER DAVID H. MARION'S ELEVENTH REPORT AND RECOMMENDATION**

The Direct Action Plaintiffs' ("DAPs") response in opposition ("Response") to Defendants' Objection to Special Master David H. Marion's Eleventh Report and Recommendation ("R&R") (1) mischaracterizes the law, (2) fails to identify any meaningful benefit that paragraph-by-paragraph answers will have over the Affirmative Defense Proposal (that DAPs themselves originally proposed), (3) ignores the information already provided by certain defendants subject to Deferred Prosecution Agreements ("DPAs") in their responses to Requests for Admission and in the Statement of Facts in the relevant DPAs, and (4) advances the remarkable argument that disregarding the Federal Rules is warranted because of the scope and nature of the DAPs' allegations. (ECF No. 2049.) Each of these arguments is misguided, and adoption of Paragraph II.2 of the R&R would cause significant disruption to the progress of the bellwether cases.

First, DAPs mischaracterize the law. Rule 12 unequivocally provides that a motion for failure to state a claim upon which relief can be granted "must be made *before* pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). DAPs cite two cases in support of their claim that other MDL courts have adopted similar procedures to those set

forth in Paragraph II.2 of the R&R.  Neither case supports the DAPs' assertion.  In *Prudential Prop. & Cas. Ins. Co. v. Stump*, the defendant ***voluntarily*** filed an answer before moving to dismiss, and the case is thus entirely inapplicable to this dispute.  *See* No. 94-3464, 1994 WL 708234, at *1 (E.D. Pa. Dec. 19, 1994).  In *In re Packaged Seafood Antitrust Litig.,* a defendant was ordered to answer a single DAP complaint only ***after*** the defendant had moved to dismiss the DAPs' initial complaints ***and*** the court had ruled on that motion ***and*** the defendant had moved for summary judgment on DAPs' amended complaints.  *See* MDL 2670, No. 15-md-2670, Sept. 5, 2018 Order at 90, ECF No. 1358 (S.D. Cal. Sept. 5, 2018) (granting in part and denying in part motion to dismiss DAPs' complaints); Def.'s Mot. S.J., ECF No. 1998 (S.D. Cal. Sept. 19, 2019); Sept. 23, 2021 Order ¶ 2, ECF No. 2626 (S.D. Cal. Sept. 23, 2021); *see also id.* at ECF No. 2627, Tr. 24:1-8; June 12, 2018 Order ¶¶ 10-11, ECF No. 1227 (S.D. Cal. June 12, 2018) (stipulating to a single answer as sufficient for all DAP complaints).[1]

Second, the DAPs do not address how paragraph-by-paragraph answers would provide any value that will not otherwise be provided by the Affirmative Defense Proposal—which, again, the DAPs themselves initially proposed.  They instead falsely claim that, without answers, the DAPs will "be forced to discover the facts in this MDL without knowing the ***specific defenses that each Defendant asserts against each DAP***."  DAPs' Resp. at 3 (emphasis added).  But the Affirmative Defense Proposal would require each Defendant to submit a letter setting forth the ***specific defenses that each Defendant asserts against each DAP***.  The DAPs cannot

---

[1] DAPs also ignore the stipulated orders agreed to by the parties and entered by this Court, providing that the Defendants need not answer or otherwise respond to the complaints until the Court has entered a scheduling order in the particular case, following a ruling on the currently pending motions to dismiss.  The Court's orders are consistent with the law and will allow the parties to benefit from the Court's rulings on the pending motions to dismiss before having to file further motions.

possibly be placed in an "untenable position" by getting exactly the same specific defenses that would be contained in paragraph-by-paragraph answers. *Id.*

Third, DAPs' assertion that they need paragraph-by-paragraph answers to each of the 21 DAP complaints because certain defendants entered into DPAs with the Department of the Justice fails as a matter of fact and logic. Each DPA itself sets forth a Statement of Facts relevant to that DPA. Each of the four defendants that entered into a DPA has also responded to Requests to Admit in this MDL, related to that particular defendant's DPA. Those responses speak for themselves more clearly than would any effort to "translate" them into further admissions or denials of allegations in the 21 DAP complaints, most of which have nothing to do with the DPAs. The responses to the RFAs also explain why answers to the complaints will not "draw out" more detail at this time, in particular because the DPA Defendants have no more information to offer at this point. *See* Apotex Corp.'s Second Amended Responses and Objections to Plaintiffs' Requests for Admission dated Feb. 2, 2022 at pp. 1-3; Taro Pharmaceuticals U.S.A., Inc.'s Second Amended Objections and Responses to Plaintiffs' First Requests for Admission dated Feb. 2, 2022 at pp. 2-3. Thus, requiring such answers will not educate anyone as to the "*specific defenses that each Defendant asserts against each DAP*"— which is what the DAPs purport to want to know.

Moreover, even if DAPs had articulated a reasonable basis to insist upon an answer (and they have not), their reasoning would justify no more than an answer to a single complaint and even then, only as to the particular products covered by that defendant's DPA (not as to the hundreds of other products at issue in this litigation). Requiring responses to nearly 60,000 paragraphs in the 21 DAP complaints, very few of which have anything to do with the conduct or products at issue in the DPAs, merely creates unjustified additional work that will not advance

discovery on the DPA-related issues in this case. The parties are already engaged in exhaustive discovery and any paragraph-by-paragraph responses from the DPA Defendants in the form of answers to the complaints will not limit the discovery the DAPs and other plaintiffs will seek. Depositions and other discovery will provide much more comprehensive and efficient opportunities for Plaintiffs to develop the record and pursue their claims than would paragraph-by-paragraph responses.

Fourth, the DAPs make the remarkable argument that, because Defendants have been accused of engaging in a multi-year cartel which led to the "lengthy pleadings," the Defendants have only themselves to blame for the R&R's outside-of-the-Federal-Rules approach. *See* DAPs' Resp. at 5-6. According to DAPs, Defendants should be stripped of their rights under the Federal Rules because the DAPs' *allegations* are set forth in lengthy complaints, some of which are more than 4,000 paragraphs and 1,100 pages long. In other words, DAPs argue that a plaintiff's formulation of *alleged conduct* empowers a court to sidestep the Federal Rules and deprive a defendant of its rights under those rules. That is not how American jurisprudence works.

Finally, the DAPs' Response acknowledges, as it must, that it was the DAPs themselves that suggested the Affirmative Defense Proposal. But, it fails to address why the DAPs have walked away from a proposal that gets them exactly what they seek, is efficient, and has broad support of the Parties. That is because there is no good reason for doing so.

## **CONCLUSION**

For the foregoing reasons and the reasons stated in Defendants' Objection to Special Master David H. Marion's Eleventh Report and Recommendation, Defendants respectfully request that the Court decline to adopt Paragraph II.2 of the R&R.

Respectfully submitted,

*/s/ Chul Pak*
Chul Pak
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Tel.: (212) 999-5800
Fax: (212) 999-5899
cpak@wsgr.com

*/s/ Sheron Korpus*
Sheron Korpus
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com

*/s/ Alison Tanchyk*
Alison Tanchyk
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
alison.tanchyk@morganlewis.com

Dated: April 21, 2022

*/s/ Devora W. Allon*
Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel.: (212) 446-4800
Fax: (212) 446-4900
devora.allon@kirkland.com

*/s/ Sarah F. Kirkpatrick*
Sarah F. Kirkpatrick
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel.: (202) 434-5000
Fax: (202) 434-5029
skirkpatrick@wc.com

*/s/ Ryan T. Becker*
Ryan T. Becker
FOX ROTHSCHILD LLP
2000 Market Street
Philadelphia, PA 19103
Tel: (215) 299-2720
Fax: (215) 299-2150
rbecker@foxrothschild.com

***Defense Liaison Counsel***

## CERTIFICATE OF SERVICE

      I hereby certify that on April 21, 2022, a true and correct copy of the foregoing was served on counsel of record via the Court's CM/ECF system.

                                          */s/ William T. McEnroe*
                                          William T. McEnroe

                                          *Counsel for Defendant Teva Pharmaceuticals USA, Inc.*