IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724<br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*Indirect Reseller Class Plaintiffs' Actions* | |
| *West Val Pharmacy, et al. v. Actavis, et al.* | 17-3822 |
| *Reliable Pharmacy, et al. v. Actavis et al.* | 19-6044 |

# ORDER

**AND NOW**, this 11th day of May 2022, upon review and consideration of the Indirect Reseller Plaintiffs' ("IRPs") Motion for Preliminary Approval of Class Action Settlement, filed on March 27, 2022, in which the parties seek: (a) certification of a settlement class, (b) preliminary approval of a class action settlement, and (c) appointment of class counsel; and after review of supporting documents filed in support of the Motion, it is hereby **ORDERED** that the Motion [Doc. No. 14 in Civil Action No. 17-3822; Doc. No. 123 in Civil Action No. 19-6044] is **GRANTED** as follows:

<u>**Certification of the Proposed Settlement Class**</u>

1. The Court makes the following determinations as required by Federal Rule of Civil Procedure 23 solely in connection with the proposed settlement.

2. Pursuant to Rule 23(c)(1)(B), the "Settlement Class" is defined as follows:

> All dispensers of drugs (including hospitals and independent pharmacies) in the United States and its territories that purchased one or more of the Drugs at Issue directly from distributor Defendants AmerisourceBergen

1

> Corp., Cardinal, Red Oak, Harvard, H.D. Smith, McKesson, Morris & Dickson, or WBAD or their subsidiaries; and all dispensers of drugs (including hospitals and independent pharmacies) in the State Damages Jurisdictions that purchased one or more of the Drugs at Issue from any source other than the manufacturer Defendants from January 1, 2010 through the present.
>
> This class excludes:
>
> > (a) Defendants, their officers, directors, management, employees, subsidiaries, and affiliates;
> >
> > (b) entities owned in part by judges or justices involved in this action or any members of their immediate families;
> >
> > (c) all pharmacies owned or operated by publicly traded companies; and
> >
> > (d) all hospitals owned or operated by government entities.

3. Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class is so numerous and geographically dispersed that joinder of all members is impracticable. According to Plaintiffs, the Settlement Class includes approximately 24,000 to 29,000 members dispersed throughout the United States. This is sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(l).

4. Pursuant to Rule 23(c)(l)(B), the Court determines that, in connection with and solely for purposes of settlement, the following issues present common, class-wide questions:

   a. Whether the conduct challenged by the Settlement Class as anticompetitive in the IRP Complaints constituted a conspiracy in restraint of trade in violation of the Sherman Act, 15 U.S.C. §§ 1, as well as the parallel violations of state antitrust and consumer protection laws alleged in the IRP complaints.

   b. Whether Breckenridge Pharmaceutical, Inc. ("Breckenridge") and its alleged co-conspirators engaged in a contract, combination, or conspiracy to eliminate

       competition and thereby increased prices of the drugs identified in the Complaints in the United States.

    c. The duration and extent of the alleged contract, combination, or conspiracy between and among Breckenridge and its alleged coconspirators;

    d. The effect of the contract, combination, or conspiracy on prices of the drugs identified in the Complaints in the United States.

    e. Whether, and to what extent, the conduct of Breckenridge and its alleged co-conspirators caused injury to IRPs and other members of the Settlement Class; and

    f. The amount of overcharge damages, if any, owed to the Settlement Class in the aggregate under the indirect purchaser laws of various states identified as the State Damages Jurisdictions in the IRP Complaints and in the Settlement Agreement.

5. The Court determines that these class-wide issues relating to claims and/or defenses are questions of law or fact common to the Settlement Class that satisfy Rule 23(a)(2).

6. The IRP Class Representatives are hereby appointed as representatives of the Settlement Class, for the following reasons:

    a. The IRP Class Representatives allege, on behalf of the Settlement Class, the same manner of injury from the same course of conduct that they themselves complain of, and assert on their own behalf the same legal theory that they assert for the Settlement Class. The Court therefore determines that, in connection with and solely for purposes of settlement, the claims of the IRP

        Class Representatives are typical of the claims of the proposed Settlement Class within the meaning of Rule 23(a)(3); and

   b.  Pursuant to Rule 23(a)(4), the Court determines that the IRP Class Representatives will fairly and adequately protect the interests of the Settlement Class. The Settling Plaintiffs' interests do not conflict with the interests of absent members of the Settlement Class. All of the members of the Settlement Class share a common interest in proving Breckenridge's alleged anticompetitive conduct, and all Settlement Class members share a common interest in recovering the alleged overcharge damages sought in the Complaints. Moreover, any Settlement Class member that wishes to opt out will be given an opportunity to do so. Furthermore, the IRP Class Representatives are well qualified to represent the Settlement Class in this case.

7.    Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Settlement Class as a whole, predominate over those issues that are subject only to individualized proof.

8.    Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of

judicial and litigation efficiency, to concentrate the claims of the Settlement Class in a single action.

### Appointment of Class Counsel

9. Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the Court appoints as Lead Counsel and Settlement Class Counsel the attorneys Jonathan W. Cuneo and Peter Gil-Montllor of the firm Cuneo Gilbert & LaDuca, LLP, Suite 200, 4725 Wisconsin Avenue, NW, Washington, DC 20016.

### Preliminary Approval of the Proposed Settlement

10. The Court has assessed the fairness, reasonableness, and adequacy of the Settlement and finds that, at the final approval stage, the Court "will likely be able to" approve the Settlement under the criteria set forth in Federal Rule of Civil Procedure 23(e)(2) and certify the Settlement Class under the criteria set forth in Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and that therefore notice to the Settlement Class Members is warranted. See Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). The Settlement contributes $1,000,000 to a fund to be distributed to class members and secures cooperation by Breckenridge with the IRPs' continued efforts against the remaining Defendants in this MDL The Court therefore preliminarily approves the Settlement on the terms set forth in the Settlement Agreement, subject to further consideration at the final fairness hearing.

11. The date of the final fairness hearing will be determined after the IRPs file a motion for approval of the form of notice to be sent to class members.

12. Neither this Order, nor the Settlement Agreement, nor any other Settlement related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement

Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Breckenridge as to the validity of any claim that has been or could have been asserted by IRPs against Breckenridge or as to any liability by Breckenridge as to any matter set forth in this Order, or as to whether any class, in this case or others, may be certified for purposes of litigation and trial.

13. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any other Defendant to contest class certification of any class proposed in this Action.

**It is so ORDERED.**

                                           **BY THE COURT:**

                                           **/s/ Cynthia M. Rufe**

                                           **CYNTHIA M. RUFE, J.**