**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**CERTAIN PLAINTIFF STATES'[1] REPLY IN SUPPORT OF THEIR OBJECTION TO
SPECIAL MASTER DAVID H. MARION'S TWELFTH REPORT AND
RECOMMENDATION AS TO
<u>STATES' MOTION FOR PROTECTIVE ORDER (RE RFP 68)</u>**

---

[1] The States joining this reply, hereafter referred to as the "Objecting States," are Alaska, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Georgia, Hawaii, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Puerto Rico, Rhode Island, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

i

## I.   INTRODUCTION

Defendants' response misstates the States' objections, the procedural history of this dispute, and the operative law.  Defendants' complaint that the States' approach to resolving this dispute has created inefficiency is misplaced.  The States brought their Motion for a Protective Order in an effort to narrow and resolve Defendants' vague and overbroad Request for Production 68 ("RFP 68") when Defendants had sat on that dispute for close to a year.  Throughout the hearing of that motion before Special Master Marion, the States made clear that many States lacked possession, custody, and control ("PCC") over at least some documents subject to RFP 68.[2]  Ultimately, however, the procedural history is irrelevant.  The Court must review the R&R *de novo* and cannot ignore the States' PCC objections, regardless of how those objections were raised in prior proceedings.  Alternatively, the Court may refer the dispute back to the parties for further negotiation.  Defendants' argument that each state government as a whole rather than the state's attorney general ("AGO") is a party is groundless and contradicts this Court's own precedent.  Finally, Defendants fail to carry their burden of proving that each State AGO does in fact have PCC over the documents Defendants request.

---

[2] Defendants address their opposition only to the States' PCC objections, and the Objecting States therefore focus this reply on those arguments.  However, the Court should not lose sight of the States' other objections articulated in their opening brief, including on grounds of relevance and proportionality, which Defendants mistakenly claim the States no longer maintain.  Importantly, an order compelling production here would be manifestly unfair where Defendants have not yet specified the documents they seek nor the state entities from which they seek them, preventing the States from ascertaining and raising objections to those specific requests.  *See* Fed. R. Civ. P. 34(b)(1)(A) ("The request . . . must describe with reasonable particularity each item or category of items to be inspected . . . .").  Special Master Marion and Defendants concede the need for additional state-specific meet and confer process.  *See* Special Master Marion's Twelfth Report and Recommendation, ECF No. 2050, (the "R&R") at ¶ II.D; Defs.' Resp. in Opp'n, ECF No. 2113 ("Opp'n Br.") at 5.  It would be unfair and counter to the Federal Rules of Civil Procedure to compel the States to produce as yet unspecified documents before that process takes place.  If the Court were to enter an order compelling production, any subsequent meet and confer process would be meaningless, with the States unable to make valid objections without facing the threat of sanctions for noncompliance with such an overbroad order. Defendants do not even attempt to refute the Objecting States' non-PCC objections.

1

## II.   THE STANDARD OF REVIEW IS *DE NOVO*

Rule 53 mandates that a district court review a special master's findings of fact and conclusions of law *de novo* and only apply the abuse of discretion standard to rulings on procedural matters.[3]   A dispute over PCC is a question of fact or, in some cases, a mixed question of fact and law.[4]   Therefore the *de novo* standard applies.   Courts in this district and others have repeatedly reached this same conclusion.[5]   Defendants' only argument for application of the abuse of discretion standard of review consists of an unfounded assertion that the States' objection is procedural and a citation to a single decision that addressed objections to a special master's recommendation addressing procedural issues unrelated to those here, including "proposals to . . . review documents . . . *in camera* [and] . . . allow other Parties to participate in the next hearings."[6]   There is no legitimate reason for the abuse of discretion standard to apply.

---

[3] Fed. R. Civ. P. 53(f)(3)-(5).

[4] *E.g.*, *Siano Enders v. Boone*, No. 1:19-CV-948, 2021 WL 3471558 at *3 (N.D.N.Y. Aug. 6, 2021) ("Whether a party has a sufficient degree of control over requested documents to constitute a practical ability to obtain the documents is a question of fact, as to which the requesting party has the burden.") (quoting *Gross v. Lunduski*, 304 F.R.D. 136, 142-43 (W.D.N.Y. 2014)); *New York ex rel. Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259, 267 (N.D.N.Y. 2006) ("The determination of control is often fact specific . . . ."); *see also Whatley v. Canadian Pacific Ry.*, No. 1:16-cv-74, 2019 WL 6972405 at *1 (D.N.D. Dec. 19, 2019) (whether a party has control of a third party's documents is a legal issue).

[5] *E.g.*, *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 1871, 2021 WL 4129426 at *3 (E.D. Pa. Sept. 10, 2021) (Rufe, J.) (applying *de novo* consideration to objections to Special Master Bruce Merenstein's conclusion that a third party possessed materials requested in a Rule 45 subpoena); *In re Lincoln Nat'l COI Litig.*, No. 16-cv-06605, 2019 WL 3940912 at *2 (E.D. Pa. Aug. 21, 2019) (determining that a special master's discovery recommendations should be reviewed *de novo*); *Hernendez v. Lynch*, No. EDCV 16-620, 2019 WL 13014631 at *2 (C.D. Cal. May 10, 2019) ("The Special Master's discovery rulings and recommendations are inextricably intertwined with conclusion of fact and law and so are reviewed de novo."); *In re Wobben Props. GMBH*, No. 6:14-cv-1089-Orl-41DAB, 2014 WL 12629950 at *5 (M.D. Fla. Sept. 25, 2014) ("Based on a *de novo* review of the evidence on file, the Court agrees with the Special Master that Wobben has not sufficiently shown Siemens Denmark's documents and data are within Siemens Energy's 'control.'"); *see also Arconic Corp. v. Novelis Inc.*, Civ. No. 17-1434, 2021 WL 4479484 at *2 (W.D. Pa. Sept. 30, 2021) (determining that, where it is unclear which standard should apply, "[i]n the exercise of caution, the court will apply a de novo review to the pending objections . . . ."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 301 F.R.D. 449, 452 (N.D. Cal. 2014) (reviewing a special master's recommendation regarding a motion for a protective order *de novo*).

[6] *Johnson v. SmithKline Beecham Corp.*, Civ. No. 11-5782, 2019 WL 4233629 at *1 (E.D. Pa. Feb. 14, 2019).

### III.    THE STATES DID NOT AND COULD NOT WAIVE THEIR PCC OBJECTIONS

Defendants' argument that the Objecting States should be deemed to have waived their PCC objections must also be rejected.  First, it is based on an inaccurate account of the proceedings before the Special Master.  As explained in the States' Objection,[7] although the States were not given an opportunity to fully brief and argue certain state-specific objections, including lack of PCC, before the Special Master, they did raise those objections before him in both a conference call and correspondence.  And, as further explained in the States' Objection, the States' limited protective order motion was an attempt to promote judicial efficiency by seeking to narrow or reject Defendants' vague and overbroad RFP 68 based on arguments common to all States.[8]  Second, Rule 34 is clear that Defendants cannot demand, and a court cannot compel, production of documents that the States do not possess or control regardless of whether that objection was raised before the Special Master.  Third, Defendants cite no applicable authority for the proposition that the Court may deem PCC objections to be waived, thereby subverting the Federal Rules and the Objecting States' constitutions.  Nonetheless, if the Court decides that addressing the Objecting States' PCC objections now would be inefficient, there is a simple solution that does not violate Rule 34 and the States' constitutions:  The Court may affirm the R&R as addressing only the States' motion for a protective order narrowing RFP 68, decline to compel production of documents, and order the Defendants and Objecting States to

---

[7] ECF No. 2088.

[8] As the States explained in the proceedings before Special Master Marion and in the States' Objection, simply ascertaining what agencies and documents are potentially responsive to RFP 68 posed an undue burden.  *See N.Y. ex rel. Boardman*, 233 F.R.D. at 266 ("How would one agency know what another possess[es] without a blanket inquiry of all that constitutes New York State governance.  Such an encumbrance can only precipitate absurd results.").

continue with the meet and confer process that has, as Defendants note, already proved successful in obtaining resolution for Defendants and several states.

Rule 34 and decisions interpreting it make clear that a responding party's PCC over requested documents is a *sine qua non* for requiring that party to produce those documents.  Rule 34 states, "A party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . items in the responding party's possession, custody, or control . . . ."[9]  It makes no allowance for allowing discovery of items outside the responding party's PCC.  The courts agree. For example, in *Russo v. Aerojet Rocketdyne, Inc.*,[10] a court in this district wrote, "the court cannot order production of documents that are not in the responding party's possession or control."[11]  In *Devon Robotics v. DeViedma*,[12] an Eastern District court held that a party "cannot be required to seek out documents from" a third party where "[i]t has not been shown that he would have the legal right to obtain and disclose [those] documents."[13]  The U.S. District Court for the District of Columbia has also put it succinctly: "The plain fact is that a party cannot produce that which it does not have."[14]  Absence of PCC is not an objection that can be waived because, "one 'cannot be required to produce the impossible.'"[15]

Every one of the decisions Defendants cite for the proposition that the Court can bypass the States' objections is distinguishable.  Defendants cite *Proofpoint, Inc. v. Vade Secure,*

---

[9] Fed. R. Civ. P. 34(a).

[10] No. MDL 875, 2020 WL 4530703 (E.D. Pa. Aug. 6, 2020).

[11] *Id.* at *5 (citing *Bumgarner v. Hart*, Civ. No. 05-3900, 2007 WL 38700 at *5 (D.N.J. Jan. 4, 2007)).  Special Master Bruce Merenstein approvingly cited this language in a report and recommendation coming to the same conclusion regarding a document request under Rule 45 in *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 1871, 2021 WL 5178489 at *7 and n. 69 (E.D. Pa. July 12, 2021) ("a non-party cannot be compelled to produce documents not within its possession, custody, or control"), which this Court adopted as "a well-reasoned and thorough R&R." 2021 WL 4129426 at *3 and *7.

[12] No. 09-cv-3552, 2010 WL 3985877 (E.D. Pa. Oct. 8, 2010).

[13] *Id.* at *3.

[14] *United States v. Am. Tel. & Tel. Co.*, 461 F. Supp. 1314, 1335 (D.D.C. 1978) (hereinafter "AT&T").

[15] *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) (quoting *Menard v. Chrysler Grp., LLC*, No. 14 Civ. 6325, 2015 WL 5472724 at *1 (S.D.N.Y. July 2, 2015)).

*Inc.*[16] for the proposition that the States "have no inherent right to present objections in

piecemeal."[17]  But the decision in *Proofpoint* relied on the rationale that the responding party

was withholding objections to a motion to compel "such as to force Plaintiffs and the court to

deal with multiple motions to compel the same discovery" and was specific to objections to a

motion to compel.[18]  By contrast, Defendants here never moved to compel production of

documents in response to RFP 68, and the States were within their rights to frame their motion

for a protective order in the manner they thought best suited to protect their rights and to promote

judicial efficiency.  Moreover, the *Proofpoint* decision relied in part on the responding party's

failure to object to a magistrate judge's decision before the district judge.[19]  In bringing this

objection, the Objecting States are doing what the *Proofpoint* court required.  Finally, *Proofpoint*

did not involve objections based on lack of PCC but, rather, questions of relevance and various

procedural issues.[20]  The three other decisions Defendants cite in arguing for waiver are all inapt

for similar reasons.[21]

IV.    **DEFENDANTS' PCC ARGUMENT FAILS**

*a.  The State Attorneys General Are the Only State Plaintiffs*

Defendants' argument that the Objecting States have PCC over non-AGO documents

rests on the conclusory assertion that "the States themselves are the plaintiffs in this case—not

---

[16] No. 19-cv-04238-MMC, 2020 WL 7398791 (N.D. Cal. Dec. 17, 2020).

[17] Opp'n Br. at 17.

[18] *Proofpoint*, 2020 WL 7398791 at *2-*3.

[19] *See id.*

[20] *See id.* at *1-*2.

[21] *See Arconic Inc. v. Universal Alloy Corp.*, No. 1:15-CV-01466-ELR, 2020 WL 10486178 (N.D. Ga. Mar. 30, 2020) (overruling objections to a motion to exclude evidence and motion for summary judgment based on previously unpresented evidence and arguments); *Horizon Global Ams. Inc. v. Curt Mfg., LLC*, No. 17-11879, 2020 WL 1303212 (E.D. Mich. Mar. 18, 2020) (overruling an objection to a motion to stay proceedings based on a new argument that discovery should be allowed to continue while other proceedings are stayed); *In re Refco Inc. Sec. Litig.*, No. 07 MDL 1902(JSR), 2013 WL 2526661 (S.D.N.Y. June 6, 2013) (analyzing new arguments in an objection to a special master's summary judgment recommendation but noting that the court declined to consider those arguments on a previous occasion).

their attorneys."[22]  That assertion has already been rejected by the Court in this litigation, in the decisions cited in the States' Objection, and elsewhere.[23]  Moreover, the law Defendants cite in for their assertion does not actually support it.

This Court has previously addressed the identity of the State plaintiffs in this litigation and held that a State AGO, and not the state as a whole, is the party to this litigation.  In a similar dispute involving requests for production served on the Commonwealth of Pennsylvania AGO, the Court held, "It is correct that the Commonwealth is a distinct entity from Commonwealth agencies . . . ."[24]  The Court, in finding that the Pennsylvania AGO had PCC over the requested documents, relied not on false equivalence between the AGO and the state as a whole but, instead, on an analysis of the Pennsylvania-specific question of whether "[a] party may be required to turn over documents owned by a *non-party*" such as the non-AGO Pennsylvania agencies at issue in that dispute.[25]  The Court defined the question facing it thus: "The Court must determine whether the Special Master correctly found . . . that the OAG [Office of the Attorney General] has the legal authority to attain those [state agency] documents *in a case where the agencies themselves are neither parties* nor the target of an investigation."[26]

Defendants fail in their attempt to distinguish the instant dispute.  They first assert that each state as a whole is a party to this litigation merely because the states' and not their attorneys general's names appear in the complaints.  That distinction means little though, as it was equally

---

[22] Opp'n Br. at 20.

[23] Defendants also assert that at least some of the Objecting States do not dispute that the state itself is the plaintiff in this case.  *See, e.g.*, Opp'n Br. at 27-28.  That assertion is disproven by the Objection itself, in which the Objecting States observe that "[t]he Objecting State Attorneys General [are] the plaintiffs who brought this litigation on behalf of their states . . . ."  Objection at 7.

[24] *In re Generic Pharms. Pricing Antitrust Litig.*, ---F. Supp. 3d---, No. MDL 2724, 2021 WL 5356509 at *3 (E.D. Pa. Nov. 17, 2021).

[25] *Id.* (emphasis added).

[26] *Id.* at *2 (emphasis added).

the case in the Pennsylvania dispute and numerous other cases cited in the Objection where courts held that the AGO was the sole state party.

Defendants argue next that "[a]ny other outcome would give the States an undue advantage."[27]  But they rely on a single decision that involved a dispute about the deposition of a federal agency plaintiff's employee.[28]  Moreover, at least one federal district court has concluded that, "[w]hile sympathetic to the concerns of fairness . . . the language of Rule 34 regarding 'possession, custody, or control' is clear. . . .  [T]his Court is unwilling to subvert what appears to be the plain meaning of the Federal Rules."[29]

Defendants seek to rely on *Washington v. GEO Group, Inc.*,[30] an abbreviated decision that—as explained in the States' Objection—is inapplicable and unpersuasive as to the instant dispute.  Even taken at face value, *GEO Group* does not stand for the proposition that "the attorney general is merely a lawyer for the litigant, not the litigant itself," as Defendants would have it.[31]  Defendants in that case argued not that the State of Washington as a whole was a party, but rather "that the AGO has actual control over information held by state agencies because of the AGO's requisite relationship with them and statutory power to represent them."[32]  Although the *GEO* court did not explain its rationale in any detail, it made clear that its decision turned on the Washington state law at issue in that particular case, distinguishing its decision from that in *Boardman* by noting that the latter depended on an analysis of the New York Constitution, and clarifying that its interpretation of the relationship between the Washington

---

[27] *See* Opp'n Br. at 20.
[28] *See EEOC v. Airborne Express*, No. CIV. A. 98-1471, 1999 WL 124380 at *2 (holding that deposition of an EEOC employee was proper where "the EEOC is a party plaintiff," but noting that "the relevant considerations are very different when the EEOC is not a party to the litigation in which discovery is sought.") (quoting *Leyh v. Modicon, Inc.*, 881 F. Supp. 420, 425, n. 3 (S.D. Ind. 1995)) (internal quotation marks and brackets omitted).
[29] *Whatley*, 2019 WL 6972405 at *2.
[30] No. 3:17-cv-05806-RJB, 2018 WL 9457998 (W.D. Wash. Oct. 2, 2018).
[31] *See* Opp'n Br. at 21.
[32] *GEO Grp.*, 2018 WL 9457998 at *2.

Attorney General and other state agencies "should not be construed as a finding for any other purposes."[33]

The other three decisions Defendants cite in support of their contention that each state as a whole should be considered the true plaintiff have no application here.  All three cases turned on the question of whether, when a state was the named plaintiff, the state attorney general as an individual citizen of that state should be considered the true plaintiff for the purpose of establishing federal diversity jurisdiction.[34]  Those decisions applied a "rather elastic test" weighted in favor of remand to state court for the specific purpose of determining diversity jurisdiction.[35]  None of the three decisions addressed discovery disputes.

Finally, Defendants fail to distinguish the cases cited in the States' Objection by claiming that "[n]one of them involved claims for *parens patriae* damages,"[36] and that this case is different because "all States are also suing in their own sovereign or quasi-sovereign capacities . . . ."[37]  Not only do they fail to provide any rationale why those factors would dispense with the important state legal and constitutional considerations that have consistently led courts to determine that a suit prosecuted by a state attorney general does not subject every

---

[33] *Id.* at *3.  *See also In re Gold King Mine Release*, No. 1:18-md-02824-WJ, 2021 WL 847971 at *3 (D.N.M. Mar. 5, 2021) ("The federal district court decision in *GEO Grp.* . . . is not binding on this Court in part because that decision was based partly on Washington state law.").  As explained in further detail in the States' Objection, *GEO Group* is not even dispositive as to the Washington AGO's PCC over agency documents in this litigation, as the Washington AGO was suing under a different statutory authority in that case compared to this litigation.  Moreover, at least one other federal district court has held that the Washington AGO does not have PCC over other Washington state agency documents.  *See United States v. Novartis Pharms. Corp.*, No. 11 Civ. 8196(CM), 2014 WL 6655703 at *9 (S.D.N.Y. Nov. 24, 2014) (holding, in a case in which Washington and other state AGOs were plaintiffs "that the mere fact that a state or a state agency sues does not mean that the records of all state agencies may be discovered using Rule 34's tools.").

[34] *See Hood ex rel. Mississippi v. Microsoft Corp.*, 428 F. Supp. 2d 537, 542 (S.D. Miss. 2006); *West Virginia ex rel. McGraw v. Minn. Mining & Mfg. Co.*, 354 F. Supp. 2d 660, 662-63 (S.D.W.V. 2005); *Kansas ex rel. Stovall v. Home Cable Inc.*, 35 F. Supp. 2d 783, 784 (D. Kan. 1998).

[35] *McGraw*, 354 F. Supp. 2d at 665; *see also Hood*, 428 F. Supp. 2d at 542 ("The removal statutes are to be strictly construed with all doubts and ambiguities to be resolved against a finding of proper removal."); *Stovall*, 35 F. Supp. 2d at 785 ("All doubts about the propriety of removal are resolved in favor of remand.").

[36] Opp'n Br. at 23.

[37] *Id.* at 22.

state government entity to party discovery, the factors they cite are not distinct to this litigation at all.  As an illustrative example, in *Colorado v. Warner Chilcott Holdings Co. III, Ltd.*,[38] the court held that documents possessed by non-AGO state agencies were not subject to party discovery in a case in which the states, as here, sued under the Sherman Act § 1 and state antitrust laws "in their *parens patriae* capacity, seeking injunctive relief arising from harm to the States' 'general economies.'"[39]  The law remains that, "as a general premise, 'state agencies for most purposes are separate and distinct and are not viewed in the aggregate.'"[40]

> b. *Defendants Have not Carried their Burden of Proving the State Attorneys General Have PCC over the Requested Documents*

Having dispensed with the fiction that each state government as a whole is party to this case, it is clear that Defendants have failed to carry their burden of proving that the Objecting States have PCC over non-party state agency documents.[41]

In order to carry their burden, Defendants would have to show that the State AGOs have actual possession of the requested documents or that they have "the legal authority to obtain

---

[38] Civ. No. 05-2182, 2007 WL 9813287 (D.D.C. May 8, 2007).

[39] *Id.* at *1-*2.  The plaintiff states in that case included many of the Objecting States: Alaska, Arkansas, California, Colorado, Delaware, Illinois, Iowa, Michigan, Mississippi, Missouri, New York, North Carolina, Ohio, Oregon, Kansas, Louisiana, Minnesota, Nevada, North Dakota, Oklahoma, Rhode Island, Tennessee, Utah, and Vermont. *See also Massachusetts v. Ortho-McNeil-Janssen Pharms., Inc.*, 30 Mass. L. Rptr. 377 at *1 (Mass. Super. Ct. 2012) (holding that non-AGO Massachusetts agencies were not subject to party discovery in an "action [that] was initiated by the Attorney General of the Commonwealth on behalf of Massachusetts consumers . . . .").

[40] *Siano Enders*, 2021 WL 3471558 at *2 (quoting *Boardman*, 233 F.R.D. at 266).  Even if Defendants were correct that the states and not the AGOs were the true plaintiffs, it would not overcome the rationale of *AT&T* that, even in a case in which the United States government as a whole was found to be a party, 461 F. Supp. at 1333, deeming an independent agency of that government to be a party "would not only contradict over forty years of legal history, but would effectively leave the conduct of this lawsuit, and perhaps of other actions brought by the government, vulnerable to a virtual veto by one or more independent regulatory agencies."  *Id.* at 1336.

[41] *See, e.g.*, *Russo*, 2020 WL 4530703 at *4 ("The requesting party bears the burden of establishing control."); *Mason Tenders*, 318 F.R.D. at 42 ("In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion.") (quoting *Golden Trade S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 n. 7 (S.D.N.Y. 1992)) (internal quotation marks omitted); *Boardman*, 233 F.R.D. at 268 ("The burden of establishing control over the documents being sought rests with the demanding party.").

those documents . . . ."[42]  Defendants failed to present any such evidence before the Special

Master.  In their opposition, Defendants attempt to reverse the burden and cast doubt on the

Objecting States' argument that they do not have PCC over non-party agencies documents, but

Defendants barely even attempt to carry their own burden.[43]  In the few cases where they try to

do so, they fail.[44]

## V.   CONCLUSION

For the reasons stated above, the Court should either rule that the Objecting States do not

have PCC over the non-AGO documents requested by RFP 68 or affirm the R&R solely as a

partial grant of the States' motion for a protective order, decline to order the production of any

documents, and order the Defendants and the respective states to continue to meet and confer on

all remaining disputes regarding RFP 68.

Dated: June 7, 2022                                                     Respectfully submitted,

---

[42] *In re Generic Pharms. Pricing Antitrust Litig.*, 2021 WL 5356509 at *2; *see also, e.g.*, *Siano Enders*, 2021 WL 3471558 at *3 (the requesting party must prove the responding party has either physical possession, legal control, or a "practical ability" to obtain the requested documents).

[43] No weight should be given to Defendants' observation that many Objecting States did not include state-specific objections in their Objection. *See* Opp'n Br. at 23-24.  It is Defendants' burden to prove those States have PCC over the requested documents, not the Objecting States' burden to disprove it.

[44] With respect to California, Defendants' citations to *Bovarie v. Schwarzenegger*, No. 08-CV-1661, 2011 WL 767249 (S.D. Cal. Feb. 25, 2011), and *Woodall v. California*, No. 1:08-CV-01948-OWW, 2010 WL 4316953 (E.D. Cal. Oct. 22, 2010), are misplaced.  Both cases concern lawsuits by prisoners seeking documents from the California Department of Corrections where both counsel for the agency and the prison wardens named in their individual capacity had authority to obtain the requested documents for purposes of defending the lawsuit.  With respect to Ohio, Defendants incorrectly assert that the investigative powers of the Ohio Attorney General are applicable during civil litigation following the conclusion of an investigation. *See* Ohio Revised Code §§ 1331.16, 3734.43. Defendants also ignore that Ohio was a plaintiff in *United States v. Am. Express Co.*, No. 1:10-cv-04496, 2011 WL 13073683 (E.D.N.Y. July 29, 2011), in which the court held that the state AGOs could not be compelled to produce documents from non-party state agencies (Objecting States Connecticut, Illinois, Iowa, Maryland, Michigan, Missouri, Montana, Nebraska, Rhode Island, New Hampshire, Tennessee, Utah, and Vermont were also plaintiffs in that case) and a plaintiff in *Warner Chilcott*, 2007 WL 9813287.  Finally, Defendants' arguments regarding Washington are addressed *supra*, n. 33.

COMMONWEALTH OF
MASSACHUSETTS
MAURA HEALEY
ATTORNEY GENERAL

*/s/ Daniel H. Leff*
Daniel H. Leff (MA BBO No. 689302)
Assistant Attorney General
William T. Matlack (MA BBO No. 552109)
Assistant Attorney General, Chief, Antitrust
Division
Michael B. MacKenzie (MA BBO No.
683305)
Assistant Attorney General, Deputy Chief,
Antitrust Division
One Ashburton Place
Boston, MA 02108
Tel: (617) 727-2200
Fax: (617) 722-0184 (fax)
Daniel.Leff@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov


TREG R. TAYLOR
STATE OF ALASKA
ATTORNEY GENERAL

By: /s/Jeffrey G. Pickett
Jeffrey G. Pickett
Senior Assistant Attorney General
(Alaska Bar No. 9906022)
Assistant Attorneys General
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Tel: (907) 269-5275
Fax: (907) 276-3697
jeff.pickett@alaska.gov

STATE OF ARKANSAS
OFFICE OF THE ATTORNEY GENERAL
LESLIE RUTLEDGE

/s/ Johnathan R. Carter
Johnathan R. Carter (Ark. Bar No. 2007105)
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  501.682.8063
Fax:  501.682.8118

PLAINTIFF STATE OF CALIFORNIA
ROB BONTA
ATTORNEY GENERAL
By:     /s/ Emilio Varanini
Supervising Deputy Attorney General
Healthcare Rights and Access Section
California Office of the Attorney General
455 Golden Gate Avenue, Ste. 11000
San Francisco, Ca. 94102
Phone #: 415-510-3541
E-mail: Emilio.Varanini@doj.ca.gov
Attorneys for Plaintiff State of California

FOR PLAINTIFF STATE OF COLORADO
PHIL WEISER
ATTORNEY GENERAL

/s/ Carla J. Baumel
Carla J. Baumel
Assistant Attorney General
Colorado Department of Law
Consumer Protection Section
1300 Broadway, Seventh Floor
Denver, Colorado 80203
Telephone: 720.508.6235
Email: Carla.Baumel@coag.gov

PLAINTIFF STATE OF CONNECTICUT
WILLIAM TONG
ATTORNEY GENERAL

/s/ Christine M. Miller
Christine M. Miller
Assistant Attorney General
Office of the Attorney General,
Antitrust Department
165 Capitol Avenue
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5040
Fax: (860) 808-5391
Christine.Miller@ct.gov
Counsel for the State of Connecticut

KATHLEEN JENNINGS
DELAWARE ATTORNEY GENERAL

/s/ Michael A. Undorf
Michael A. Undorf
Delaware Department of Justice
Deputy Attorney General
820 N. French St., 5th Floor
Wilmington, DE 19801
Tel. (302) 683-8816
michael.undorf@delaware.gov

FOR PLAINTIFF DISTRICT OF
COLUMBIA

KARL A. RACINE
Attorney General for the District of
Columbia

By:  /s/ David Brunfeld
DAVID BRUNFELD
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
(202) 724-5079
David.brunfeld@dc.gov
Attorney for the District of Columbia

STATE OF GEORGIA
By: /s/ Daniel Walsh
Daniel Walsh, Senior Assistant Attorney
General
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Charles Thimmesch, Assistant Attorney
General
Office of the Georgia Attorney General
40 Capitol Sq., SW
Atlanta, GA 30334
(404) 458-3626
cthimmesch@law.ga.gov
Attorneys for the State of Georgia

FOR THE STATE OF HAWAII
HOLLY T. SHIKADA
Attorney General

/s/ Rodney I. Kimura
Rodney I. Kimura
Deputy Attorney General
425 Queen Street
Honolulu, Hawaii 96813

FOR PLAINTIFF STATE OF ILLINOIS
KWAME RAOUL
Attorney General

/s/ Joseph B. Chervin
Joseph B. Chervin
Assistant Attorney General
Brian M. Yost
Assistant Attorney General
Office of the Illinois Attorney General
100 W. Randolph Street, 11th Floor
Chicago, Illinois 60601
Tel: (872) 276-3596
Joseph.Chervin@ilag.gov
Brian.Yost@ilag.gov

THE OFFICE OF THE INDIANA
ATTORNEY GENERAL

By:  /s/ Tamara Weaver
Deputy Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN  46204-2770
Phone: (317) 234-7122
Fax: (317) 232-7979
Email:  Tamara.Weaver@atg.in.gov

ATTORNEY FOR THE STATE OF IOWA

/s/ Bryce Pashler
Bryce Pashler
Assistant Attorney General
Office of the Attorney General of Iowa
1305 East Walnut Street
Des Moines, IA  50319
Tel: (515) 281-5164
Fax: (515) 725-5391
Bryce.pashler@ag.iowa.gov

FOR PLAINTIFF STATE OF KANSAS
DEREK SCHMIDT
ATTORNEY GENERAL

/s/ Lynette R. Bakker
Lynette R. Bakker
Assistant Attorney General
Office of the Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 368-8451
Fax: (785) 291-3699
Email: lynette.bakker@ag.ks.gov

JEFF LANDRY
ATTORNEY GENERAL OF LOUISIANA

s/ William H. Rogers, Jr.
William H. Rogers, Jr. LA #37288
Assistant Attorney General
Louisiana Department of Justice
Office of Attorney General Jeff Landry
Public Protection Division
Complex Litigation Section
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6438
Email: rogersw@ag.louisiana.gov
Attorneys for Plaintiff State of Louisiana

BRIAN E. FROSH
MARYLAND ATTORNEY GENERAL

/s/ Schonette J. Walker
Schonette J. Walker
Assistant Attorney General
Chief, Antitrust Division
Gary Honick
Assistant Attorney General
Deputy Chief, Antitrust Division
Byron Warren
Assistant Attorney General
Maryland Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6470
swalker@oag.state.md.us
ghonick@oag.state.md.us
bwarren@oag.state.md.us
Counsel for Plaintiff State Maryland

13

FOR PLAINTIFF
STATE OF MICHIGAN

/s/ Matthew Walker
Matthew L. Walker (P75548)
Scott Mertens (P60069)
Carl Hammaker (81203)
Assistant Attorneys General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
WalkerM30@michigan.gov
MertensS@michigan.gov
HammakerC@2michigna gov

KEITH ELLISON
Attorney General
State of Minnesota

s/ Katherine A. Moerke
KATHERINE A. MOERKE
(Minn. Atty. Reg. No. 0312277)
ELIZABETH ODETTE
(Minn. Atty. Reg. No. 0340698)
Assistant Attorney Generals
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 728-7174 (Voice)
(651) 296-9663 (Fax)
elizabeth.odette@ag.state.mn.us
katherine.moerke@ag.state.mn.us
ATTORNEYS FOR STATE OF
MINNESOTA

FOR PLAINTIFF STATE OF MISSISSIPPI

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By:  /s/ Tricia L. Beale
Tricia L. Beale (MSB #99113)
Consumer Protection Division
Mississippi Attorney General's Office
1141 Bayview Ave., Suite 402
Biloxi, Mississippi 39530
Telephone:  228-386-4404
tricia.beale@ago.ms.gov

STATE OF MISSOURI
ERIC S. SCHMITT
ATTORNEY GENERAL

By: /s/ Michael Schwalbert
Michael Schwalbert
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov
Phone: 314-340-7888
Fax: 314-340-7981
Counsel for Plaintiff State of Missouri

AUSTIN KNUDSEN
ATTORNEY GENERAL

By:/s/ Rebekah J. French
Rebekah J. French, MT Bar #2463
Assistant Attorney General
P.O. Box 200151
555 Fuller Avenue
Helena, MT 59620-0151
Phone: 406-444-2026
Fax:  406-442-1894
rebekah.french@mt.gov
ATTORNEY FOR PLAINTIFF
STATE OF MONTANA

STATE OF NEBRASKA,

DOUGLAS J. PETERSON,
ATTORNEY GENERAL

/s/ Shereece Dendy-Sanders
Shereece Dendy-Sanders
Assistant Attorney General
Nebraska Attorney General's Office
2115 State Capitol
Lincoln, NE  68509
Tel: 402-471-9305
Fax: 402-471-4725
shereece.dendy-sanders@nebraska.gov

STATE OF NEVADA
AARON D. FORD
Nevada Attorney General

By: /s/ Lucas J. Tucker
Lucas J. Tucker
Senior Deputy Attorney General
Marie W.L. Martin
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
8945 W. Russell Road, Suite 204
Las Vegas, Nevada 89148
Tel (702) 486-3256
LTucker@ag.nv.gov

THE STATE OF NEW HAMPSHIRE

By its attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

/s/ Alexandra C. Sosnowski
Alexandra C. Sosnowski, Bar #268996
Assistant Attorney General
Consumer Protection & Antitrust Bureau
33 Capitol Street
Concord, NH  03301-6397
(603) 271-2678
Alexandra.C.Sosnowski@doj.nh.gov
Attorney for the State of New Hampshire

MATTHEW J. PLATKIN
Acting Attorney General of New Jersey

/s/ Isabella R. Pitt
Isabella R. Pitt
Deputy Attorney General
State of New Jersey
Office of the Attorney General
Division of Law
124 Halsey Street – 5th Floor
Newark, New Jersey 07102
Tel: (973) 648-7819
Fax: (973) 648-4887
Isabella.Pitt@law.njoag.gov
 ATTORNEY FOR THE
STATE OF NEW JERSEY

PLAINTIFF STATE OF NEW MEXICO
HECTOR BALDERAS
Attorney General

/s/ Nicholas M. Sydow
Nicholas M. Sydow
Civil Appellate Chief
Office of the New Mexico Attorney General
201 Third Street NW, Suite 300
Albuquerque, NM 87102
Tel.: (505) 717-3571
Fax: (505) 490-4881
nsydow@nmag.gov

PLAINTIFF STATE OF NEW YORK
LETITIA JAMES
Attorney General

/s/ Robert L. Hubbard
Robert L. Hubbard
Assistant Attorney General
Office of the Attorney General
Antitrust Bureau
28 Liberty Street, 20th Floor
New York, NY 10005
(212) 416-8267 (office)
(646) 574-0300 (mobile)
robert.hubbard@ag.ny.gov

PLAINTIFF STATE OF NORTH
CAROLINA
JOSHUA H. STEIN
ATTORNEY GENERAL

By: /s/Jessica V. Sutton
Jessica V. Sutton
Special Deputy Attorney General
North Carolina Department of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC  27603
Telephone: (919) 716-6000
Fax: (919) 716-6050
jsutton2@ncdoj.gov
Counsel for Plaintiff State of North Carolina

STATE OF NORTH DAKOTA
DREW H. WRIGLEY
Attorney General

/s Elin S. Alm
Elin S. Alm
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Telephone (701) 328-5570
Fax (701) 328-5568
ealm@nd.gov

STATE OF OHIO
DAVE YOST
ATTORNEY GENERAL

/s/ Edward J. Olszewski
Edward J. Olszewski
Assistant Attorney General
Office of the Ohio Attorney General
Antitrust Section
30 E. Broad Street, 26th Floor
Columbus, OH 43215
Tel: (614) 466-4328
Fax: (614) 995-0269
edward.olszewski@OhioAGO.gov
Counsel for the State of Ohio

JOHN M. O'CONNOR,
ATTORNEY GENERAL OF OKLAHOMA

/s/ Caleb J. Smith
Caleb J. Smith, OBA No. 33613
Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street
Suite 1000
Tulsa, OK 74119
Tel. (918) 581-2230
Fax (918) 938-6348
Email: caleb.smith@oag.ok.gov

ELLEN F. ROSENBLUM,
ATTORNEY GENERAL FOR THE
STATE OF OREGON

/s/ Cheryl F. Hiemstra
Cheryl F. Hiemstra
Assistant Attorney General
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
Tel.: (503) 934-4400
Fax: (503) 378-8732
Email: Cheryl.hiemstra@doj.state.or.us
Counsel for Plaintiff, State of Oregon

/s/ Tim Nord
Tim D. Nord
Special Counsel
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
Tel.: (503) 934-4400
Fax: (503) 378-8732
Email: tim.d.nord@doj.state.or.us
Counsel for Plaintiff, State of Oregon

FOR PLAINTIFF COMMONWEALTH OF
PUERTO RICO

DOMINGO EMANUELLI
Attorney General

/s/ Guarionex Díaz Martínez
Guarionex Díaz Martínez
Assistant Attorney General
Antitrust Division
Department of Justice of Puerto Rio
677 Teniente César González Street
San Juan, Puerto Rico
Telephone: (787) 721-2900
gdiaz@justicia.pr.gov

FOR PLAINTIFF STATE OF RHODE
ISLAND
By: /s/ Stephen N. Provazza

Stephen N. Provazza
Special Assistant Attorney General
SProvazza@riag.ri.gov
Rhode Island Office of the Attorney General
150 South Main St., Providence RI 02903
(401) 274-4400

FOR PLAINTIFF STATE OF TENNESSEE

HERBERT H. SLATERY III
Attorney General and Reporter of
Tennessee

DAVID MCDOWELL
Deputy Attorney General
David.McDowell@ag.tn.gov

MATTHEW JANSSEN
Senior Assistant Attorney General
Matthew.Janssen@ag.tn.gov

/s/ Jin I. Yoo
JIN I. YOO
Assistant Attorney General
Jin.Yoo@ag.tn.gov

Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Tel: (615) 253-8765
ATTORNEYS FOR THE
STATE OF TENNESSEE

17

FOR PLAINTIFF STATE OF UTAH

SEAN D. REYES
UTAH ATTORNEY GENERAL

/s/ Christy A. Matelis
Christy A. Matelis
Assistant Attorney General
Office of the Attorney General of Utah
including as counsel for the Utah Division
of Consumer Protection
160 East 300 South, 5th Floor
P.O. Box 140874
Salt Lake City, UT 84114-0874
Tel: 801-366-0375
Fax: 801-366-0378
cmatelis@agutah.gov
Tax, Financial Services and Antitrust
Division
160 East 300 South, 5th Floor
P.O. Box 140874
Salt Lake City, UT 84114-0874
Tel: 801-366-0375
Fax: 801-366-0378
dsonnenreich@utah.gov
rockey@utah.gov
evasquez@utah.gov
ATTORNEYS FOR THE
STATE OF UTAH

THOMAS J. DONOVAN, JR.
VERMONT ATTORNEY GENERAL

/s/ Jill S. Abrams
Jill S. Abrams
Director, Consumer and Antitrust Division
109 State Street
Montpelier, Vermont 05609
Tel. (802) 828-1106
Jill.abrams@vermont.gov

JASON S. MIYARES
Attorney General of Virginia

/s/Tyler T. Henry
Tyler T. Henry
Assistant Attorney General
Antitrust Unit
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, VA 23219
Tel: 804-692-0485
Fax: 804-786-0122
THenry@oag.state.va.us

ROBERT W. FERGUSON
Attorney General

/s/ Holly A. Williams
HOLLY A. WILLIAMS, WSBA No. 41187
Assistant Attorney General
800 Fifth Ave., Ste. 2000
Seattle, WA 98104-3188
206.326.5484
holly.williams@atg.wa.gov
Counsel for Plaintiff State of Washington

STATE OF WEST VIRGINIA
PATRICK MORRISEY
ATTORNEY GENERAL

By: /s/ Douglas L. Davis
Douglas L. Davis
Senior Assistant Attorney General
West Virginia Attorney General's Office
P.O. Box 1789
Charleston, WV 25326
Tel: (304) 558-8986
Fax: (304) 558-0184
douglas.l.davis@wvago.gov

JOSH KAUL
Attorney General of Wisconsin

/s/ Gwendolyn J. Lindsey Cooley
GWENDOLYN J. LINDSEY COOLEY
Assistant Attorney General
State Bar #1053856
Attorney for the State of Wisconsin
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-5810
(608) 266-2250 (Fax)
cooleygj@doj.state.wi.us

BRIDGET HILL
ATTORNEY GENERAL

/s Misha E. Westby
Misha E. Westby
Deputy Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307)777-7822 direct
misha.westby@wyo.gov
Attorney for the State of Wyoming

## CERTIFICATE OF SERVICE

I hereby certify that, on June 7, 2022, I caused the forgoing Certain Plaintiff States' Reply in Support of Their Objection to Special Master David H. Marion's Twelfth Report and Recommendation as to States' Motion for Protective Order (Re RFP 68) to be filed with the Court through its CM/ECF system, which will serve the Objection on all parties to the MDL.

*/s/ Daniel H. Leff*
Daniel H. Leff