# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

### STATE OF ARIZONA'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF STATES' OBJECTIONS TO SPECIAL MASTER DAVID H. MARION'S TWELFTH REPORT AND RECOMMENDATION AS TO STATES' MOTION FOR PROTECTIVE ORDER (RE RFP 68)

Plaintiff State of Arizona incorporates by this reference the background information, standard of review, and general legal analysis in *Certain Plaintiff States' Reply in Support of Their Objection to Special Master David H. Marion's Twelfth Report and Recommendation as to States' Motion for Protective Order (re RFP 68)*.[1] [Doc. 2130]. Additionally, the State of Arizona provides relevant factual background and additional legal authorities concerning the Arizona Attorney General's Office's ("Arizona AGO") timely objections and limited scope of powers and the need for further development of the discovery disputes on a state-by-state basis.

First, Defendants' allege that the Arizona AGO "forfeited" its objections based on lack of possession, custody, and control of other agencies' documents when the Plaintiff States sought a protective order from the Special Master, thereby implicitly admitting the Plaintiff States timely raised those objections in their original responses on June 1, 2021. [Doc. 2113 at 19]. Defendants

---

[1] As addressed in that Reply, Arizona also continues to maintain its other objections articulated in the opening brief, including objections for lack of relevance and proportionality and objections that belong to other state agencies and/or the Arizona Legislature (not the Arizona AGO), which Defendants incorrectly assert that the Arizona AGO no longer maintains.

1

also suggest they attempted state-by-state negotiations over RFP 68 with all states, yet they never attempted to meet and confer individually with the Arizona AGO until after the Arizona AGO initiated direct negotiations on May 10, 2022. [*Id.* at 5-6 (discussing meet-and-confer process with Ohio)]. Defendants do not cite any authority that timely objections are "forfeited" when specifically reserved as part of a motion for protective order. Nor should Defendants be rewarded for attempting to bypass the meet-and-confer process with the Arizona AGO about its timely raised objections. The Arizona AGO still believes the parties should meet and confer on a state-by-state basis about **all** reserved objections and, in the event they cannot come to an agreement that fully resolves all disputes concerning RFP 68, submit their disputes to the Special Master for proper development and consideration of the state-specific issues.

Second, the Arizona AGO's lack of possession, custody, and control is a practical limitation on its ability to produce otherwise responsive documents. A party cannot be required to produce what it does not have and cannot get—it cannot do what is impossible. *United States v. Am. Tel. & Tel. Co.*, 461 F. Supp. 1314, 1335 (D.D.C. 1978). The Arizona AGO cannot force other agencies to provide documents on demand. Arizona's Constitution limits the Arizona AGO's authority only to what has been granted by law; it does not have any common law powers. Ariz. Const. art. 5 § 9 ("The powers and duties of . . . [the] attorney-general . . . shall be as prescribed by law."); *State v. Ariz. Bd. of Regents*, 507 P.3d 500, 503, ¶ 7 (Ariz. 2022). There is no statute that endows the Arizona AGO with powers to compel production from other Arizona agencies.

Defendants also request production of legislative materials which raises separation of powers concerns, in addition to the general lack of possession, custody, or control problem applicable to other Arizona agencies. Under the Arizona Constitution, the three departments of

the government shall not "encroach on the power and functions delegated to the other departments." Ariz. Const. art. 3; *State v. Ramsey*, 831 P.2d 408, 411 (App. 1992). Compelling the production of documents by the Arizona Legislature is not a power granted to the Arizona AGO. Requiring the Arizona AGO to produce legislative documents in this litigation would violate the separation of powers doctrine and encroach on the Arizona Legislature's powers.

Third, Defendants suggest that, because the Arizona AGO generally serves as chief legal officer to state agencies, Ariz. Rev. Stat. § 41-192(A)(1), and brings claims on behalf of the State of Arizona generally, this Court need not determine whether the Arizona AGO can compel production from other agencies. [Doc. 2113 at 19]. This illogical leap from the Arizona AGO's general status as a legal advisor to other state agencies to complete nullification of any separateness between the Arizona AGO and other agencies is nonsensical, and Defendants do not identify any supporting legal authority for their claims. Moreover, Defendants ignore the express statutory language that confirms other state agencies get to decide for themselves whether the Arizona AGO may bring antitrust claims on their behalf. Ariz. Rev. Stat. § 41-192(A)(5) (stating Arizona AGO may represent political subdivisions for antitrust claims but that those subdivisions "may withdraw the authority of the attorney general to bring the intended action on [their] behalf"). In recognition of these limitations, the Arizona AGO has not asserted propriety damages claims on behalf of any Arizona state agency or other political subdivision of the State of Arizona in the MDL.

Lastly, Defendants claim that the production of millions of overlapping documents by other parties and nonparties "cannot fulfill Arizona's discovery obligations." [Doc. 2113 at 19]. This argument misses the point entirely. The Arizona AGO is not trying to shirk from its discovery obligations, but Defendants should not be rewarded for serving expansive, vague, and duplicative discovery for no good reason. By seeking "all supporting Documents, Materials, data, or

investigatory files" associated with any report or analysis "concerning the price or supply of generic pharmaceutical products generally," and not just the reports or analyses at issue, Defendants have basically asked for the entire universe of documents or information related in any way to generic drugs, regardless of whether any of it is relevant to any claim or defense or has already been produced by another party or non-party.  State agencies who purchased drugs through pharmacies, wholesalers, PBMs, or other entities who have already produced transaction-level data should not be forced to compile and produce that same data a second or third time.  This all relates back to the primary issues the Plaintiff States raised with the Special Master—whether RFP 68 seeks irrelevant and duplicative discovery and whether the disproportionate burdens of producing responsive documents outweigh their minimal legitimate value to the needs of the MDL cases.

Dated: June 7, 2022

                                            Respectfully Submitted,

                                            PLAINTIFF STATE OF ARIZONA
                                            MARK BRNOVICH
                                            ATTORNEY GENERAL

                                            By:     /s/ Christina M. Grey
                                            Christina M. Grey
                                            Assistant Attorney General
                                            Consumer Protection & Advocacy Section
                                            2005 N. Central Ave
                                            Phoenix, AZ 85004
                                            Tel: (602) 542-8594
                                            Fax: (602) 542-4377
                                            Christina.Grey@azag.gov

CERTIFICATE OF SERVICE

I hereby certify that, on this 7th day of June, 2022, the foregoing *State of Arizona's Reply to Defendants' Response in Opposition to Plaintiff States' Objections to Special Master David H. Marion's Twelfth Report and Recommendation as to States' Motion for Protective Order (re RFP 68)* was filed and served electronically upon all registered counsel via the Court's CM/ECF system.

/s/ Christina M. Grey<br>Christina M. Grey