**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724<br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF STATES'
OBJECTIONS TO SPECIAL MASTER DAVID H. MARION'S
<u>TWELFTH REPORT AND RECOMMENDATION</u>**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 1

I.     THE STANDARD OF REVIEW IS ABUSE OF DISCRETION. ................................... 1

II.    ORDERING THE STATES TO PRODUCE RELEVANT DOCUMENTS WAS
NOT AN ABUSE OF DISCRETION .................................................................. 2

III.   UNDER EITHER STANDARD OF REVIEW, THIS COURT SHOULD NOT
DECIDE THE STATES' POSSESSION, CUSTODY, AND CONTROL
OBJECTIONS IN THE FIRST INSTANCE. ..................................................... 2

IV.   IN THE ALTERNATIVE, THE STATES' OBJECTIONS FAIL BECAUSE THE
STATES HAVE POSSESSION, CUSTODY, AND CONTROL OVER THE
RELEVANT DOCUMENTS ............................................................................ 5

     A.    The States Themselves Are Parties to this Action. ................................. 5

     B.    The States' State-Specific Arguments Fail. ........................................... 7

CONCLUSION ............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arconic Inc. v. Universal Alloy Corp.*,
No. 1:15-CV-01466-ELR, 2020 WL 10486178 (N.D. Ga. Mar. 30, 2020) .............................5

*Colorado v. Warner Chilcott Holdings Co. III, Ltd.*,
No. 05-2182, 2007 WL 9813287 (D.D.C. May 8, 2007)........................................................10

*Devon Robotics v. DeViedma*,
No. 09-CV-3552, 2010 WL 3985877 (E.D. Pa. Oct. 8, 2010) ..................................................4

*Hamer v. Neighborhood Hous. Servs. of Chi.*,
138 S. Ct. 13 (2017)..................................................................................................................4

*Horizon Glob. Ams. Inc. v. Curt Mfg., LLC*,
No. 17-11879, 2020 WL 1303212 (E.D. Mich. Mar. 18, 2020)................................................5

*In re Generic Pharms. Pricing Antitrust Litig.*,
No. 16-MD-2724, 2021 WL 5356509 (E.D. Pa. Nov. 17, 2021) ......................................6, 10

*In re Hardieplank Fiber Cement Siding Litig.*,
No. 12-MD-2359, 2014 WL 5654318 (D. Minn. Jan. 28, 2014)...............................................2

*In re Refco Inc. Securities Litig.*,
No. 07 MDL 1902, 2013 WL 2526661 (S.D.N.Y. June 6, 2013)..............................................5

*In re Vioxx Prods. Liability Litig.*,
544 F. App'x 255 (5th Cir. 2013) .............................................................................................2

*Jette v. Glunt*,
No. 12-CV-02379, 2020 WL 8475322 (E.D. Pa. Aug. 10, 2020), *report and
recommendation adopted*, No. CV 12-2379, 2021 WL 129643 (E.D. Pa. Jan.
13, 2021) ..................................................................................................................................4

*Johnson v. SmithKline Beecham Corp.*,
No. 11-5782, 2019 WL 4233629 (E.D. Pa. Feb. 14, 2019) .....................................................2

*Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*,
318 F.R.D. 28 (S.D.N.Y. 2016) ...............................................................................................4

*Proofpoint, Inc. v. Vade Secure, Inc.*,
No. 19-CV-04238, 2020 WL 7398791 (N.D. Cal. Dec. 17, 2020)...........................................5

*Ravin Crossbows, LLC v. Hunter's Mfg. Co.*,
No. 5:18-CV-1729, 2020 WL 7706257 (N.D. Ohio Dec. 29, 2020) ........................................2

<u>**TABLE OF AUTHORITIES**</u>—Continued

**Page**

*Russo v. Aerojet Rocketdyne, Inc.*,
No. CV 18-3024, 2020 WL 4530703 (E.D. Pa. Aug. 6, 2020)..................................................4

*Siano Enders v. Boone*,
No. 19-CV-948, 2021 WL 3471558 (N.D.N.Y. Aug. 6, 2021) ...............................................8

*Smith v. Premiere Valet Servs., Inc.*,
No. CV 19-09888, 2021 WL 6425549 (C.D. Cal. Nov. 1, 2021)............................................2

*United States v. Am. Express Co.*,
No. 10-CV-04496, 2011 WL 13073683 (E.D.N.Y. July 29, 2011)....................................8, 10

*United States v. Am. Tel. & Tel. Co.*,
461 F. Supp. 1314 (D.D.C. 1978) ....................................................................................4, 6, 7

*Washington v. GEO Grp., Inc.*,
No. 3:17-CV-05806-RJB, 2018 WL 9457998 (W.D. Wash. Oct. 2, 2018).......................7, 10

*Woodall v. California*,
No. 1:08-CV-01948, 2010 WL 4316953 (E.D. Cal. Oct. 22, 2010).........................................9

**Statutes**

Ohio Rev. Code Ann. § 109.81..............................................................................................9, 10

Ohio Rev. Code Ann. § 1331.16...............................................................................................10

Ohio Rev. Code Ann. § 3734.01...............................................................................................10

Ohio Rev. Code Ann. § 3734.43...............................................................................................10

**Other Authorities**

Fed. R. Civ. P. 17........................................................................................................................5

Fed. R. Civ. P. 53.....................................................................................................................1, 2

## INTRODUCTION

The States contend that "the procedural history" of this discovery dispute "is irrelevant," Reply at 1, Dkt. No. 2130, but the procedural history shows that the States forfeited their objections.  The procedural history was relevant to Special Master Marion when he rebuked the States for their "regrettable and dilatory" behavior, and it should not escape the Court's attention either.  The States' objections cannot be adjudicated without first understanding the history of how the Twelfth Report and Recommendation ("R&R") ordered the States to produce documents from state agencies, state legislatures, and more without explicitly deciding whether those documents are within the States' possession, custody, or control.  When properly viewed in the full light of the proceedings below, the States' objections are forfeited and meritless.

## ARGUMENT

### I.   THE STANDARD OF REVIEW IS ABUSE OF DISCRETION.

When this dispute was before the Special Master, the States asserted that "the only remaining" issue was "whether and how State-specific arguments can be raised."  Resp. Ex. 11 at 2, Dkt. No. 2113-12.  The Special Master thereafter recommended that the States be ordered to produce responsive documents from their attorneys general, legislatures, and certain state agencies without further opportunity to raise state-specific objections.  That is a quintessential "ruling on a procedural matter," which the Court may set aside "only for an abuse of discretion."  Fed. R. Civ. P. 53(f)(5); Reply at 2 (conceding that Rule 53 "mandates" that courts "apply the abuse of discretion standard to rulings on procedural matters").[1]

---

[1] The only exception to the abuse-of-discretion standard occurs when the order appointing the special master "establishes a different standard of review."  Fed. R. Civ. P. 53(f)(5).  The States do not argue that exception applies here, and for good reason.  The appointing order (PTO 49, Dkt. No. 667) states that the Court will consider objections to a master's report and recommendation *de novo* "pursuant to" Rule 53, under which only findings of fact and conclusions of law are reviewed *de novo*.  Fed. R. Civ. P. 53(f)(3)-(4).  Pretrial Order 49 does not displace Rule 53(f)(5)'s abuse-of-discretion standard of review for rulings on procedural matters, and the States do not contend otherwise.

The States ask for *de novo* review because disputes over possession, custody, and control are generally questions of fact.  Reply at 2.  But the Special Master did not rule on the States' possession, custody, and control objections.  The States accordingly do not (and cannot) challenge any "findings of fact" or "conclusions of law" as erroneous.  Fed. R. Civ. P. 53(f)(3)-(4).  Their sole objection to the R&R relates to a ruling on a procedural matter, which this Court may set aside only for an abuse of discretion.[2]  In any event, as set forth below, the States' objections should be overruled regardless of which standard of review is applied.

## II. ORDERING THE STATES TO PRODUCE RELEVANT DOCUMENTS WAS NOT AN ABUSE OF DISCRETION.

The States do not dispute that their objections fail if the Court reviews the report for abuse of discretion.  As a result, the Court should summarily adopt and approve the R&R in full.

## III. UNDER EITHER STANDARD OF REVIEW, THIS COURT SHOULD NOT DECIDE THE STATES' POSSESSION, CUSTODY, AND CONTROL OBJECTIONS IN THE FIRST INSTANCE.

The States do not dispute that it would be inefficient and wasteful for the Court to decide their objections on a blank slate.  Nor do they cite any case in which a court sustained an objection that was not first presented to the special master below.  Deciding more than a dozen separate, state-specific arguments in the first instance would be unprecedented, and nothing in the States' reply supports their extraordinary request.

Defendants' account of the Special Master's proceedings was not (as the States claim) "inaccurate."  Reply at 3.  The States vaguely assert, without evidence, that they raised "certain,"

---

[2] The States contend that Defendants relied on a single decision for the abuse-of-discretion standard of review, *see* Reply at 2 & n.6 (citing *Johnson v. SmithKline Beecham Corp.*, No. 11-5782, 2019 WL 4233629 (E.D. Pa. Feb. 14, 2019)), but Defendants also cited *In re Vioxx Products Liability Litigation* (cited at Resp. at 11), in which the Fifth Circuit held that a special master did not abuse his discretion.  544 F. App'x 255, 259-60 (5th Cir. 2013).  Many other cases have applied Rule 53(f)(5)'s abuse of discretion standard as well.  *See, e.g.*, *Smith v. Premiere Valet Servs., Inc.*, No. CV 19-09888, 2021 WL 6425549, at *1 (C.D. Cal. Nov. 1, 2021); *Ravin Crossbows, LLC v. Hunter's Mfg. Co.*, No. 5:18-CV-1729, 2020 WL 7706257, at *2 (N.D. Ohio Dec. 29, 2020); *In re Hardieplank Fiber Cement Siding Litig.*, No. 12-MD-2359, 2014 WL 5654318, at *1 (D. Minn. Jan. 28, 2014).

unidentified "state-specific objections" orally and in writing to the Special Master.  *Id.*  In fact, no State raised state-specific objections to the Special Master.[3]  The States' failure to timely assert their possession, custody, and control objections before the Special Master is a forfeiture.  Resp. at 14, Dkt. No. 2113.

The States assert that it is irrelevant whether their objections were timely raised because this Court is powerless to compel them to produce documents not in their possession, custody, or control.  Reply at 3-4.  The States are mistaken for several reasons.  First, their argument presupposes the truth of its conclusion:  If, as Defendants contend, the requested documents are in the States' custody, possession, or control, then of course the States can be compelled to produce them.  And there is ample reason to believe the States are capable of producing the requested documents.  Seven states have now dropped their objections and agreed to produce documents from various state agencies outside their attorneys general offices.[4]  Resp. at 9-10.  Since Defendants filed their response, moreover, three other states produced at least some documents from state agencies outside their attorneys general offices.  *See* Ex. 13 (May 26, 2022 production letter from Nevada); Ex. 14 (May 26, 2022 production letter from Ohio); Ex. 15 (June 15, 2022 production letter from Oregon).[5]  The still-objecting States also have the ability to search for and produce additional responsive documents, as many States have now done.

None of the States' authorities support the proposition that possession, custody, or control

---

[3] Arizona, California, Connecticut, the District of Columbia, Hawaii, Massachusetts, Michigan, Missouri, North Carolina, Ohio, Oregon, South Carolina, Tennessee, Washington, and Wyoming all raised their state-specific objections for the first time in their objections to the R&R.

[4] Florida, Idaho, Kentucky, Maine, Pennsylvania, South Carolina, and South Dakota.

[5] Each state's productions remain deficient.  Ohio, for instance, limited its production to "publicly available reports," Ex. 14, including a redacted copy of a June 2018 report on PBM performance from the Ohio Department of Medicaid. *Compare* Ex. 16 (GENERICS-OH-000000427), *with* HEALTHPLAN DATA SOLS., LLC, OHIO DEP'T OF MEDICAID, EXECUTIVE SUMMARY: REPORT ON MCP PHARMACY BENEFIT MANAGER PERFORMANCE (June 15, 2018), https://www.gongwer-oh.com/public/130/pbmredacted.pdf (same).

objections are immune from forfeiture.  In three of the cases cited by the States, the courts *overruled* objections based on a supposed lack of possession, custody, or control.  *See Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 43 (S.D.N.Y. 2016) (ordering party "to produce all relevant documents" absent a specific showing that it lacked custody, possession, or control); *Devon Robotics v. DeViedma*, No. 09-CV-3552, 2010 WL 3985877, at *3 (E.D. Pa. Oct. 8, 2010) (holding that documents were "within the actual possession" of the party and thus discoverable); *United States v. Am. Tel. & Tel. Co.* ("*AT&T*"), 461 F. Supp. 1314, 1334 (D.D.C. 1978) (rejecting the view that "the entire government, other than the Attorney General's Office," be insulated "from the direct discovery process of Rule 34").  And in *Russo v. Aerojet Rocketdyne, Inc.*, the court merely held that a party did not retain control over documents it had donated years earlier to a museum and university.  No. CV 18-3024, 2020 WL 4530703, at *4 (E.D. Pa. Aug. 6, 2020).  None of the States' cases addressed untimely objections.

The States' other arguments are unavailing.  They conflate waiver and forfeiture, which "are not synonymous."  *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 n.1 (2017).  "Forfeiture is the failure to make the timely assertion of a right," while "waiver is the intentional relinquishment or abandonment of a known right."  *Id.* (alterations omitted).  By failing to timely assert their possession, custody, and control objections, those objections were forfeited.  Resp. at 14.  Whether the States intended that result is irrelevant.[6]  The States' attempts to distinguish

---

[6] In comparison, the States *waived* their proportionality and relevance objections when they told the Special Master that the "global issue" raised in their motion for a protective order "has been resolved" and "the only remaining aspect of the global dispute is whether and how State-specific arguments can be raised."  Resp. at 21; Resp. Ex. 11 at 2.  That was an intentional relinquishment of their right to pursue their original objections—and, indeed, only Hawaii attempted to raise those waived objections to this Court.  Obj. at 15, Dkt. No. 2088.  To the extent other States now attempt to raise proportionality and relevance objections for the first time in their reply brief, *see* Reply at 1 n.2, those objections are both waived (by virtue of the States' representation to the Special Master) and forfeited (by failing to timely assert them in their objections filed in this Court).  *See Jette v. Glunt*, No. 12-CV-02379, 2020 WL 8475322, at *9 n.13 (E.D. Pa. Aug. 10, 2020) (arguments first raised in reply are forfeited), *report and recommendation adopted*, No. CV 12-2379, 2021 WL 129643 (E.D. Pa. Jan. 13, 2021).

Defendants' case law also fall short. *Proofpoint, Inc. v. Vade Secure, Inc.* is not (as the States suggest, Reply at 5) limited to relevance or procedural objections raised in response to a motion to compel. No. 19-CV-04238, 2020 WL 7398791, at *2 (N.D. Cal. Dec. 17, 2020). In *Proofpoint*, as here, allowing a party to hold any objections in reserve would necessarily "draw out the course of discovery . . . over a large period of time while requiring th[e] court to entertain and adjudicate multiple motions [regarding] the same discovery requests." *Id.* The nature of the objections withheld is irrelevant. The States assert that three other cases cited by Defendants are "inapt," *see* Reply at 5 & n.21, but they fail to distinguish any of them.[7]

## IV. IN THE ALTERNATIVE, THE STATES' OBJECTIONS FAIL BECAUSE THE STATES HAVE POSSESSION, CUSTODY, AND CONTROL OVER THE RELEVANT DOCUMENTS.

### A. The States Themselves Are Parties to this Action.

The States insist that their attorneys general are the real plaintiffs, but they have no answer for the contradictory representations they have made throughout this case, most notably their allegations that they brought suit in the States' sovereign capacities. Resp. at 15. Nor do they explain how their position can be reconciled with the Federal Rules of Civil Procedure, which require cases to be prosecuted in the name of the real party in interest. *Id.*; Fed. R. Civ. P. 17(a)(1). Defendants' commonsense argument—that when a state sues in its own name, the state is the plaintiff—is irrefutable. None of the cases cited by the States are to the contrary.

Start with this Court's decision approving and adopting Special Master Marion's Fourth

---

[7] In *Arconic Inc. v. Universal Alloy Corp.*, the court expressly "decline[d] to consider [the objecting party's] new arguments." No. 1:15-CV-01466, 2020 WL 10486178, at *4 (N.D. Ga. Mar. 30, 2020). In *Horizon Global Americas Inc. v. Curt Manufacturing, LLC*, the court disposed of a new argument on its merits but noted that it was "procedurally improper" anyway. No. 17-11879, 2020 WL 1303212, at *3 (E.D. Mich. Mar. 18, 2020). And in *In re Refco Inc. Securities Litigation*, the court merely stated that when it refused to consider an objection not raised before the special master in ruling on a prior report and recommendation, that prior ruling did not foreclose that same argument being later raised in a motion for summary judgment. No. 07 MDL 1902, 2013 WL 2526661, at *4 (S.D.N.Y. June 6, 2013). All three cases adopted a report and recommendation in its entirety; they support the same outcome here.

R&R.  Far from holding that the Pennsylvania Office of the Attorney General "was the sole state party," Reply at 7, this Court was careful to distinguish between the party (Pennsylvania) and its advocate (the OAG).  *Compare In re Generic Pharms. Pricing Antitrust Litig.*, No. 16-MD-2724, 2021 WL 5356509, at *1 (E.D. Pa. Nov. 17, 2021) ("Pennsylvania has filed objections . . ."), *and id.* at *3 ("Pennsylvania alleges that it paid inflated prices . . ."), *with id.* at *3 ("the Court must determine whether the documents may be obtained by the OAG, which is representing Pennsylvania in the MDL").  The Court's holding, moreover, was predicated on the assumption that Pennsylvania—and not its attorney general—was the plaintiff:  The OAG was held to have access to state-agency documents under Pennsylvania law precisely because such access is necessary for *Pennsylvania* to fulfill "its duties" to comply with Rule 34.  *Id.* at *4.  Those duties are the States' to fulfill, whether through their attorneys general offices or otherwise.  And if some States, unlike Pennsylvania, have not expressly vested their attorneys general with the power to access the States' documents as needed to fulfill the States' discovery obligations, then those States need to find some other way to comply.

*AT&T*, which the States cite at footnotes 14 and 40 of their reply, also supports Defendants' position.  There, the court rejected the federal government's "limited theory of the nature of the 'plaintiff'" as "unacceptable."  461 F. Supp. at 1333.  Looking to the case caption, the court observed that the complaint "was brought not on behalf of the Department of Justice but on behalf of the United States of America."  *Id.*  "[I]t simply makes no sense," the court continued, "to hold that the Department of Justice, which essentially is a law office, alone comprises the United States."  *Id.*  As a result, "it hardly seem[ed] reasonable to insulate the entire government, other than the Attorney General's Office, from the direct discovery process of Rule 34," particularly where the defendants needed access to the records of many government agencies and where

6

fairness required that "such access be as unencumbered as the Federal Rules will allow." *Id.* at 1334. In *AT&T*, much like here, the government complained that it had "little influence over other agencies of the government." *Id.* at 1334 n.58. But the court was unmoved, noting that the defendants "have even less influence over the agencies, and as the entities which have been sued, they are entitled to their discovery rights irrespective of the effect on inter-departmental relationships." *Id.* Given the "massive and wide-ranging allegations" brought in that case, the court held that "the United States, having filed this action, cannot claim to be merely the Department of Justice." *Id.* at 1334.

Although *AT&T* involved a suit by the United States, the Federal Rules of Civil Procedure apply equally to the States. *See Washington v. GEO Grp., Inc.*, No. 3:17-CV-05806, 2018 WL 9457998, at *3 (W.D. Wash. Oct. 2, 2018) ("[W]here the plaintiff is the State of Washington, discovery addressed to the State of Washington includes its agencies.").[8] The States assert that *GEO Group* "did not explain its rationale in any detail," Reply at 7, but its reasoning was clear: "Because the AGO is the law firm to the State of Washington, the AGO should respond to and produce discovery on behalf of the State of Washington, including its agencies." *GEO Grp.*, 2018 WL 9457998, at *3. This case is no different.[9]

### B.  The States' State-Specific Arguments Fail.

The States' attempt to saddle Defendants with the burden of "proving" possession, custody, or control should not distract from the States' failure to timely raise those objections. Reply at 9-

---

[8] *AT&T* exempted the government from producing documents from the Federal Communications Commission and other independent regulatory agencies because they are "essentially immune from executive direction." 461 F. Supp. at 1335-36 & n.65. The States assert that certain unnamed agencies are likewise "independent of [their] Attorneys General," Obj. at 11, but the relevant question under *AT&T* is whether any government agencies are immune from executive direction altogether, which the States have not shown.

[9] *See also* Ex. 17, *State ex rel. Balderas v. Purdue Pharma, L.P.*, D-101-CV-2017-02541 (N.M. Dist. Ct. Santa Fe Cnty. July 22, 2020) (rejecting state's contention that only its attorney general's office is subject to party discovery), *objections to Special Master's Order denied*, D-101-CV-2017-02541 (N.M. Dist. Ct. Santa Fe Cnty. Oct. 27, 2020), *cert. denied*, No. S-1-SC-38581 (N.M. June 2, 2022).

10.   Although Defendants need not establish the States' possession, custody, or control on account of the States' forfeiture, the record nevertheless demonstrates that the States have "a 'practical ability' to obtain the requested documents," Reply at 10 n.42, which is all that Rule 34 requires. *See Siano Enders v. Boone*, No. 19-CV-948, 2021 WL 3471558, at *4 (N.D.N.Y. Aug. 6, 2021) (cited at Reply at 10 n.42) (compelling production where "a history of voluntary cooperation" demonstrated "at least some 'practical ability' to obtain" the documents requested).   For example, just nine days after asserting that its attorney general's office "does not have custody, possession, or control over other state entities' custodial documents," *see* South Carolina's Objs. to Special Master's Twelfth R&R at 6, Dkt. No. 2082, South Carolina agreed to resolve RFP 68 by producing responsive documents in the custody of its Public Benefit Authority and its Department of Health and Human Services.   *See* Order Approving Stipulation between South Carolina and Defs. at 3, Dkt. No. 2111.   There are many more examples from this case alone, *see* Resp. at 9-10 & n.13, and, as the States' own authority makes clear, there is "no doubt that informally the State Attorneys General could probably . . . garner voluntary participation" from dozens of other state entities too. *United States v. Am. Express Co.* ("*Amex*"), No. 10-CV-04496, 2011 WL 13073683, at *3 (E.D.N.Y. July 29, 2011) (cited at Reply at 10 n.44).   The States' demonstrated practical ability to produce documents from outside their attorneys general offices shows that the requested documents are within the States' possession, custody, or control.

*     *     *

Only four states replied to Defendants' state-specific responses.   *See* Resp. at 19-25. Defendants reply briefly to each state below.

**Arizona.**   Although Arizona's reply is largely redundant of the States' common reply, three points warrant a response.   <u>First</u>, Arizona's assertion that Defendants did not attempt to meet and

8

confer individually with Arizona regarding RFP 68 until after Arizona initiated negotiations, Arizona Reply at 1-2, Dkt. No. 2131, is irrelevant.  Defendants never suggested that they initiated state-specific negotiations over RFP 68 "with all states."  Arizona Reply at 2.  Unlike all States, however, *all* Defendants have proven willing to compromise.  See Resp. at 9-10.  <u>Second</u>, whatever encumbrances supposedly limit the Arizona Attorney General's powers, they are limitations on Arizona's counsel only, and not the sovereign, which is the real party in interest.  *Supra*, § IV.A.  <u>Third</u>, Arizona's proportionality argument, Arizona Reply at 3-4, seemingly betrays a fundamental misunderstanding of the materials at issue in this dispute.  If Arizona has analyzed the price or supply of generic pharmaceutical products, Arizona alone is capable of producing the materials, drafts, and data underlying its analyses.  Defendants are entitled to discover those materials to defend themselves against Arizona's claims; no other entity is capable of producing them.  In any event, Arizona's proportionality and relevance arguments are forfeited and waived.  *Supra*, n. 6.

**California.**  California yet again cites no constitutional or statutory limitations on its attorney general's ability to produce documents from other state entities.  Resp. at 19-20.  It instead purports to distinguish two cases cited by Defendants on the ground that California's lawyers in those cases had authority to obtain the requested documents "for purposes of defending the lawsuit[s]."  Reply at 10 n.44.  But California's possession, custody, or control over state documents does not change depending on which side of the caption it is on. If California's lawyers "have constructive control" over state documents when defending claims, *Woodall v. California*, No. 1:08-CV-01948, 2010 WL 4316953, at *5 (E.D. Cal. Oct. 22, 2010), they have constructive control over state documents when asserting claims as well.

**Ohio.**  Ohio does not dispute that its attorney general is required to "do all things necessary" to conduct this case.  Resp. at 23; Ohio Rev. Code Ann. § 109.81(A).  Nor does Ohio

dispute that a state statute requires public officers to provide documents when, as here, the attorney general "has reasonable cause to believe" that they "may" possess information relevant to an antitrust investigation.  Resp. at 23-24; Ohio Rev. Code Ann. § 1331.16(B), (N).  Ohio law does not limit those powers "during civil litigation following the conclusion of an investigation," as Ohio suggests (Reply at 10 n.44).[10]  And even if there were such a limitation (there isn't), nothing prevents the attorney general from opening a new investigation—and indeed he is affirmatively required to do so if "necessary" to fulfill Ohio's "duties in complying with the Federal Rules of Civil Procedure in the litigation of th[is] MDL."  *In re Generic Pharms. Pricing Antitrust Litig.*, 2021 WL 5356509, at *4; Ohio Rev. Code Ann. § 109.81(A) ("The Attorney General shall do all things necessary under the laws of any state or the federal government to properly conduct any antitrust case in which he acts as attorney at law . . .").  Ohio's reliance on *Amex* and *Warner Chilcott* is unavailing because, among other reasons, *see* Resp. at 17-18, neither case considered the Ohio statutes discussed above.

**Washington.**  *GEO Group*'s reasoning applies to this case with full force.  Here, as in *GEO Group*, Washington brought suit as "*parens patriae*."  Obj. at 22; *GEO Grp.*, 2018 WL 9567998, at *3.  Its discovery obligations thus extend beyond the handful of agencies on whose behalf it claims damages.  *See GEO Grp.*, 2018 WL 9567998, at *2-3 (granting motion to compel statewide discovery notwithstanding Washington's argument that forcing it to produce discovery from hundreds of state agencies would set "bad precedent").

## CONCLUSION

Defendants respectfully request that the Court overrule the States' Objections and approve and adopt the Twelfth Report and Recommendation in full.

---

[10] Ohio cites Ohio Rev. Code Ann. § 3734.43, but that statute governs investigations relating to the unlawful disposal of solid and hazardous wastes.  *See id.* § 3734.01, *et seq.*  It has no bearing on this case.

10

Dated: June 21, 2022

Respectfully submitted,

/s/ Benjamin F. Holt
Benjamin F. Holt
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Tel.: (202) 637-5600
Fax: (202) 637-5910
benjamin.holt@hoganlovells.com

*Counsel for Defendants Mylan*
*Pharmaceuticals Inc. and Mylan Inc.*

/s/ Chul Pak
Chul Pak
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel: (212) 999-5800
Fax: (212) 999-5899
cpak@wsgr.com

/s/ Devora W. Allon
Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
devora.allon@kirkland.com

/s/ Ryan T. Becker
Ryan T. Becker
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 299-2033
Fax: (215) 299-2150
rbecker@foxrothschild.com

/s/ Sarah F. Kirkpatrick
Sarah F. Kirkpatrick
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
skirkpatrick@wc.com

/s/ Sheron Korpus
Sheron Korpus
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com

11

/s/ Allison Tanchyk
Allison Tanchyk
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5847
Fax: (215) 963-5001
allison.tanchyk@morganlewis.com

*Defense Liaison Counsel*

**CERTIFICATE OF SERVICE**

I, Benjamin Holt, hereby certify that the foregoing has been filed electronically using the

Court's CM/ECF system, which will serve a copy upon all counsel of record, and is available for

viewing and download.


Dated: June 21, 2022                    Respectfully submitted,

                                        /s/ *Benjamin F. Holt*
                                        Benjamin F. Holt
                                        HOGAN LOVELLS US LLP
                                        555 Thirteenth Street, NW
                                        Washington, DC 20004
                                        Telephone: (202) 637-5600
                                        Facsimile: (202) 637-5910
                                        benjamin.holt@hoganlovells.com

                                        *Counsel for Defendants Mylan Pharmaceuticals*
                                        *Inc. and Mylan Inc.*

1