**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>Case No. 2:16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*Direct Purchaser Class Plaintiffs' Actions* | HON. CYNTHIA M. RUFE |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DIRECT
PURCHASER CLASS PLAINTIFFS FOR AN ORDER PURSUANT
TO PARAGRAPH 26 OF THE COURT'S MAY 11, 2022 ORDER**

## **TABLE OF CONTENTS**

Page

I.      INTRODUCTION ..................................................................................... 1

II.     REQUEST FOR REIMBURSEMENT OF DPPS' EXPENSES .............. 2

III.    REQUEST FOR SERVICE AWARDS OF $20,000 FOR EACH
        OF THE FOUR CLASS REPRESENTATIVE ........................................ 5

IV.     REQUEST FOR A SET ASIDE OF ONE-THIRD OF THE
        SETTLEMENT FUND FOR ANY FUTURE AWARD OF FEES .......... 7

V.      CONCLUSION ........................................................................................ 9

# TABLE OF AUTHORITIES

Page

**Cases**

*Bradburn Parent Tchr. Store, Inc. v. 3M (Minnesota Mining & Mfg. Co.),*
  513 F. Supp. 2d 322 (E.D. Pa. 2007) .......................................................................... 6

*Hall v. Cole,*
  412 U.S. 1 (1973) ...................................................................................................... 8

*In re Auto. Refinishing Paint Antitrust Litig.,*
  No. 2:10-md-1426, ECF No. 136 (E.D. Pa. Oct. 13, 2004) .................................... 4, 8

*In re Cendant Corp., Derivative Action Litig.,*
  232 F. Supp. 2d 327 (D.N.J. 2002) ............................................................................ 3

*In re CertainTeed Fiber Cement Siding Litig.,*
  303 F.R.D. 199 (E.D. Pa. 2014) ................................................................................ 3

*In re Flonase Antitrust Litig.,*
  951 F. Supp 2d 739 (E.D. Pa. 2013) .......................................................................... 6

*In re Ikon Office Solutions, Inc., Securities Litig.,*
  194 F.R.D. 166 (E.D. Pa. 2000) ................................................................................ 8

*In re Linerboard Antitrust Litig.,*
  292 F. Supp. 2d 631 (E.D. Pa. 2003) ........................................................................ 4

*In re Linerboard Antitrust Litig.,*
  No. CIV.A. 98-5055, 2004 WL 1221350 (E.D. Pa. June 2, 2004) ............................. 8

*In re Pool Prod. Distribution Mkt. Antitrust Litig.,*
  MDL No. 2328, 2016 WL 235781 (E.D. La. Jan. 20, 2016) ...................................... 4

*In re Pork Antitrust Litig.,*
  No. Civ. A. No. 18-1776, ECF No. 1424 (D. Minn. July 22, 2022) ....................... 6, 8

*In re Remeron Direct Purchaser Antitrust Litig.,*
  No. Civ. 03-0085 FSH, 2005 WL 3008808 (D.N.J. Nov. 9, 2005) ........................... 7

*In re Solodyn Antitrust Litig.,*
  No. CV114MD2503DJC, 2018 WL 7075881 (D. Mass. July 18, 2018) .................... 6

*Mehring v. New York Life Ins. Co.,*
    248 F.R.D. 455 (E.D. Pa. 2008) ................................................................3-4

*Mills v. Elec. Auto-Lite Co.,*
    396 U.S. 375 (1970) ....................................................................................... 3

*Polanski v. Trump Taj Mahal Assocs.,*
    137 F.3d 139 (3d Cir. 1998)......................................................................... 8

*Sullivan v. D.B. Invs. Inc.,*
    667 F.3d 273 (3d Cir. 2011).....................................................................5-6

## **Rules**

Fed. R. Civ. P. 23(h) ........................................................................................ 3

## **Other Authorities**

Ann. Manual Complex Lit. § 13.21 (4th ed.)............................................... 4

## I.   **INTRODUCTION**

Direct Purchaser Plaintiffs ("DPPs'") settlements with Sun and Taro have created a common Settlement Fund of $85,000,000[1] that will benefit the preliminarily certified Settlement Class of likely more than 500 direct purchasers of various generic drugs.

Paragraph 26 of this Court's May 11, 2022 Order Granting Preliminary Approval of the Sun/Taro Settlements (ECF No. 2093) permits Direct Purchaser Plaintiffs ("DPPs") to seek reimbursement of expenses and for future expenses from this Settlement Fund not to exceed $6,800,000 (inclusive of the $500,000 this Court authorized DPPs to withdraw for administrative expenses, leaving a balance of $6,300,000), $20,000 service awards for each of the four DPP Class Representatives, and to apply for a set aside up to one-third of the Settlement Fund for attorneys' fees, net of expenses and service awards, plus accrued interest. *See* Order Dated May 11, 2022, ECF No. 2093, ¶26 ("Order Granting Preliminary Approval of the Sun/Taro Settlements") (preliminarily certifying settlement class for notice and subject to further consideration at the Final Fairness Hearing).

DPPs seek entry of the attached proposed Order permitting reimbursement of $6,300,000 for DPPs' expenses, $80,000 in service awards for DPPs' Class Representatives, and a set aside of one-third of the Sun and Taro Settlement fund

---

[1] Sun and Taro collectively deposited $85,000,000 into the Settlement Fund after the Court entered its May 11, 2022 Order granting preliminary approval of the Sun and Taro Settlements. *See* Order Granting Preliminary Approval of Sun/Taro Settlements at ¶ 11. If certain circumstances involving opt-outs are met, the value of this Settlement Fund could adjust downward to $75,000,000 or upward to $105,000,000. *Id.*

net of expenses and service awards, plus accrued interest, to provide funds for payment of any future fee award.

## II.   <u>REQUEST FOR REIMBURSEMENT OF DPPS' EXPENSES</u>

Through July 31, 2022, DPPs' common expenses (expenses paid to, or incurred by, the DPP Litigation Fund, excluding held expenses incurred by DPP law firms) total $6,110,994.74.  DPPs are also seeking payment of $189,000.26 for future expenses, which together with the $6,110,994.74 in common expenses totals $6,300,000.[2] The notice disseminated to Settlement Class members states that Settlement Class Counsel will apply "for reimbursement of past expenses and for future expenses" to be included within the $6,300,000.

Early in this MDL, this Court entered Pretrial Order No. 8, specifying appropriate categories of common benefit expenses. *See* Pretrial Order No. 8 ("PTO 8") at p. 3-6.  As explained in the attached Declaration of Dianne M. Nast, DPPs have incurred and continue to incur reasonably appropriate expenses that are consistent with the framework outlined in PTO 8. *See* Declaration of Dianne M. Nast ("Nast Decl.") ¶ 12. Many of the complaints in this litigation have been pending since 2016 and collectively involve more than one hundred generic drugs and dozens of Defendant families. *See id.* at ¶¶ 3-6. The litigation has been hard fought and may continue for years, with expert discovery in DPPs' bellwether cases yet to commence. *See id.*

---

[2]  The time for Settlement Class members to object to this reimbursement request is September 23, 2022. To date, we are not aware of any objection to the $6,300,000 expense amount that was included in the notice.

Courts regularly reimburse class counsel for reasonable litigation expenses accrued to the benefit of a class. Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."); *In re CertainTeed Fiber Cement Siding Litig.,* 303 F.R.D. 199, 226 (E.D. Pa. 2014) (O'Neill, J.) ("[C]ounsel in common fund cases is entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the case.") (quoting *In re Cendant Corp., Derivative Action Litig.,* 232 F. Supp. 2d 327, 343 (D.N.J. 2002)). Awarding such reasonable expenses allows a court to ensure that absent class members are not unjustly enriched by avoiding a share of the expenses that were reasonably necessary. *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 392 (1970) ("To allow the others to obtain full benefit from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiff's expense.").

Consistent with Third Circuit precedent, reasonable expenses under PTO 8 include: assessments; deposition and court reporter costs; costs for the electronic storage, retrieval and searches of ESI; Court, filing, and service costs; expert witness and consultant fees and expenses; data and materials provided by outside third-party vendors, consultants and attorneys; and bank or financial institution charges. *Cf.* PTO 8; *In re CertainTeed Fiber Cement Siding Litig.*, 303 F.R.D. at 226 (finding reasonable expenses to include "mediation costs, court filing fees, hearing transcripts, expert fees, [and] online research"); *Mehring v. New York Life Ins. Co.,*

3

248 F.R.D. 455, 467 (E.D. Pa. 2008) (Kauffman, J.) (finding the following types of out-of-pocket expenses compensable: "(1) travel and lodging, (2) local meetings and transportation, (3) depositions, (4) photocopies, (5) messengers and express services, (6) telephone and fax, (7) Lexis/Westlaw legal research, (8) filing, court and witness fees, (9) overtime and temp work, (10) postage, [and] (11) the cost of hiring a mediator").  The common expenses incurred through July 31, 2022 are listed in Exhibit A to the Nast Declaration.

In addition to reimbursing class counsel for expenses already incurred, "[c]ourts routinely approve setting aside a portion of a partial settlement for counsel's future litigation expenses to be incurred as they prosecute non-settling defendants." *In re Pool Prod. Distribution Mkt. Antitrust Litig.*, MDL No. 2328, 2016 WL 235781, at *12 (E.D. La. Jan. 20, 2016)  (collecting cases); *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 643 (E.D. Pa. 2003) (DuBois, J.) (finding $7.2 million settlement "provides class plaintiffs with an immediate financial recovery that ensures funding to pursue the litigation against the non-settling defendants."); *In re Auto. Refinishing Paint Antitrust Litig.*, No. 2:10-md-1426, ECF No. 136 (Surrick, J.) (E.D. Pa. Oct. 13, 2004) (approving establishing a fund to pay future expenses); Ann. Manual Complex Lit. § 13.21 (4th ed.) ("[P]artial settlements may provide funds needed to pursue litigation.").

In DPPs' Motion for Preliminary Approval of the Sun and Taro Settlements, DPPs requested approval to seek expenses not to exceed $6,800,000 inclusive of the

$500,000 which DPPs have been permitted to withdraw for administrative expenses.

As set forth above, through July 31, 2022, DPPs have incurred common costs of $6,110,999.74 that were reasonably necessary to litigate DPPs' claims in this MDL, obtain the Settlements with Sun and Taro, and effectuate a plan of allocation and notice of those settlements. *See* Nast Decl.¶¶ 8-13. These expenses have been for the common benefit of the class, are reasonable in amount, and are adequately supported by documentation in DPPs' possession. *See id.*

As with the expenses DPPs have incurred to date, DPPs' continued prosecution of claims against the remaining Defendants will result in further expenses. *See id* at ¶¶ 12-13. The litigation is continuing against nearly all Defendants, fact discovery is ongoing and expert discovery has not commenced. *Id.* at ¶ 6. At this time, DPPs request $189,000.26 to be applied toward future expenses. This amount of $189,000.26 , plus  DPPs' request for $6,110,999.74 in common costs already incurred, equals DPPs' aggregate request for reimbursement of $6,300,000.

## III.    REQUEST FOR SERVICE AWARDS OF $20,000 FOR EACH OF THE FOUR CLASS REPRESENTATIVE

Consistent with this Court's Order Granting Preliminary Approval of the Sun/Taro Settlements, DPPs request approval of payment from the Settlement Fund of four service awards of $20,000 to each of DPPs' four Class Representatives, totaling $80,000. As the Third Circuit explained, "[t]he purpose of these payments is to compensate named plaintiffs for the services they provided and the risks they

incurred during the course of class action litigation, and to reward the public service of contributing to the enforcement of mandatory laws." *Sullivan v. D.B. Invs. Inc.*, 667 F.3d 273, 333, fn. 65 (3d Cir. 2011) (internal quotation marks omitted).[3]

Courts in this Circuit and elsewhere often compensate class representatives for their services in amounts comparable or exceeding the $20,000 requested here by DPPs for each Class Representative. *See e.g., In re Flonase Antitrust Litig.*, 951 F. Supp 2d 739, 752 (E.D. Pa. 2013) (Brody, J.) (finding "an incentive award of $50,000 and $40,000 is within the range of payments awarded by courts within the Third Circuit in other direct purchaser antitrust litigation."); *Bradburn Parent Tchr. Store, Inc. v. 3M (Minnesota Mining & Mfg. Co.)*, 513 F. Supp. 2d 322, 342 (E.D. Pa. 2007) (Padova, J.) (approving service award of $75,000 to class representative);; *In re Solodyn Antitrust Litig.*, No. CV114MD2503DJC, 2018 WL 7075881, at *2 (D. Mass. July 18, 2018) (approving service awards of $90,000 to each class representative); *In re Remeron Direct Purchaser Antitrust Litig.*, No. Civ. 03-0085 FSH, 2005 WL 3008808, at *18 (D.N.J. Nov. 9, 2005) (approving service awards totaling $60,000 for two class representatives from a $75,000,000 settlement fund); *In re Pork Antitrust Litig.*, Civ. A. No. 18-1776, Order Granting Direct Purchaser Plaintiffs' Motion for Interim Payment of Attorneys' Fees, Current and Ongoing Expenses, and Service Awards, ECF No. 1424, ¶ 12 (D. Minn. July 22,

---

[3] Historically, Courts have used the term "incentive award." These payments are more properly described as "service awards" for the efforts that class representatives put forth on behalf of the class.

2022) (awarding service awards on a partial settlement of $25,000 to each of four DPP class representatives) (attached hereto as Exhibit 1).

DPPs' Class Representatives have devoted their time and efforts without the promise of compensation. This lawsuit on behalf of all direct purchasers, and these settlements, were facilitated by Named Plaintiffs services as DPPs' Class Representatives. *See* Nast Decl. ¶¶ 15-18. Throughout this litigation, the Named Plaintiffs have advised Class Counsel, approved pleadings, reviewed and responded to written discovery, searched for, gathered, preserved, and produced documents, prepared for and sat for depositions, and kept up to date on the progress of the case. *See id.* at ¶16.

Additionally, unlike many other litigants in this MDL such as governmental entities, some of the DPPs' Class Representatives have direct business relationships with the Defendants. *See id.* at ¶15. Accordingly, DPPs' Class Representatives have exposed themselves to substantial business risks for the benefit of the entire class.

Class Representatives' contributions benefited the entire Class. DPPs respectfully request service awards of $20,000 for each of four Class Representative to be paid from the Settlement Fund.

## IV. REQUEST FOR A SET ASIDE OF ONE-THIRD OF THE NET SETTLEMENT FUND FOR ANY FUTURE AWARD OF FEES

Consistent with this Court's Order Granting Preliminary Approval of the Sun/Taro Settlements, DPPs are deferring an application for attorneys' fees and instead seek to set aside in escrow one-third of the Settlement Fund, net of expenses and service awards, plus accrued interest. When DPPs file a petition for

an award of attorneys' fees, this escrow would be available to satisfy any fee award granted by the Court.

A set aside for a future fee petition is within this Court's equitable powers. It ensures that all class members who benefit from the Settlement Fund created via the Sun and Taro settlements shall "participate in paying attorney's fees when a prevailing plaintiff's litigation redounds to the benefit of the common fund." *See Polanski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 145 (3d Cir. 1998) (citing *Hall v. Cole*, 412 U.S. 1, 5 n. 7 (1973).

Creating an escrow of one-third of the net Settlement Fund will ensure that adequate funds are available to satisfy a Court award granted pursuant to a future petition. Courts in this Circuit and other Circuits often award fees as a percentage of recovery. *See, e.g., In re Auto. Refinishing Paint Antitrust Litig.*, No. 2:10-md-1426, ECF No. 136 (E.D. Pa. Oct. 13, 2004) (Surrick, J.) (approving a request for attorneys' fees of approximately 32%); *In re Linerboard Antitrust Litig.*, No. CIV.A. 98-5055, 2004 WL 1221350, at *16 (E.D. Pa. June 2, 2004) (approving request for attorneys' fees of approximately 30%); *In re Ikon Office Solutions, Inc., Securities Litig.*, 194 F.R.D. 166, 197 (E.D. Pa. 2000) (approving a request for attorneys' fees of 30% of the net settlement fund); *In re Pork Antitrust Litig.*, Civ. A. No. 18-1776, Order Granting Direct Purchaser Plaintiffs' Motion for Interim Payment of Attorneys' Fees, Current and Ongoing Expenses, and Service Awards, ECF No. 1424, ¶ 1-2 (D. Minn. July 22, 2022) (awarding 33 1/3% of the $101,864,300 partial Settlement Fund and noting that "Courts in [the District of Minnesota] routinely

approve attorneys' fees in class actions of at least one-third of the common fund created for the settlement class.").

DPPs will provide notice of any future fee petition to Settlement Class members. For purposes of objections or requests for exclusions at this time, the Settlement Class has been informed that Class Counsel will seek to set aside one-third of the net Settlement Fund and that Class Counsel will apply for up to one-third for attorneys' fees at a later date. Settlement Class Members will have the opportunity to review, and, if desired, to object to, DPPs' motion for attorneys' fees after it is filed and before the Court rules.

Accordingly, DPPs respectfully request an Order setting aside one third of the Sun and Taro Settlement Fund, net of expenses and service awards, plus accrued interest, to provide funds for payment of any future fee award.

## V.   **CONCLUSION**

For the reasons set forth above, DPPs request that the Court enter the attached proposed Order Granting: (1) reimbursement from the Sun and Taro Settlement Fund of $6,300,000 for DPPs' incurred and future expenses; (2) payment from the Sun and Taro Settlement Fund of $20,000 Service Awards to each of DPPs four Class Representatives; and (3) setting aside in escrow one-third of the net Settlement Fund in anticipation of a future application for attorneys' fees.

Dated: August 9, 2022                           Respectfully submitted,

Dianne M. Nast

NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
(215) 923-9300
dnast@nastlaw.com

*Lead and Liaison Counsel*
*for Direct Purchaser Plaintiffs*

David F. Sorensen
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 875-3000
dsorensen@bm.net

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
(617) 482-3700
tom@hbsslaw.com

Robert N. Kaplan
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, New York 10022
(212) 687-1980
rkaplan@kaplanfox.com

Linda P. Nussbaum
NUSSBAUM LAW GROUP, PC
1211 Avenue of the Americas, 40th Floor
New York, New York 10036
(917) 438-9189
lnussbaum@nussbaumpc.com

Michael L. Roberts
ROBERTS LAW FIRM P.A.
1920 McKinney Ave., Suite 700
Dallas, TX 75201
(501) 821-5575
mikeroberts@robertslawfirm.us

*Direct Purchaser Plaintiffs' Steering Committee*