IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>Case No. 2:16-MD-02724<br><br>Hon. Cynthia M. Rufe |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**INTERVENOR UNITED STATES' POSITION ON DISCOVERY**

Intervenor United States of America respectfully submits its position regarding the Fifth Report and Recommendation of the Special Discovery Master as to the Priority of Questioning at Depositions of the Cooperating Witnesses (the "Special Master's Fifth Order"). ECF No. 2301. The United States joins Sections II and III of Plaintiffs' Objection to the Special Master's Fifth Order (the "Plaintiffs' Objection") and supports the outcome recommended therein.[1] ECF No. 2306. Because certain witnesses subject to the Special Master's Fifth Order are central to the pending criminal trials, the United States respectfully requests that the Court reverse the Special Master's Fifth Order and give Plaintiffs priority in questioning cooperating witnesses.

The depositions of the witnesses subject to the Special Master's Fifth Order are likely to last multiple days and cover several topics directly at issue in, or at least relevant to, the criminal cases. Allowing Plaintiffs—who have the burden of proof—to question witnesses first ensures that the testimony will be more orderly, efficient, and clear, as the Plaintiffs, unlike the

---

[1] The United States does not take a position on whether the Special Master's Fifth Order will: (1) bear on the efficiency of the MDL (Section IV), (2) impose heightened burdens on cooperating witnesses (Section V), or (3) undermine collaboration among MDL counsel (Section VI).

Defendants, have an acute interest in ensuring that the facts presented at trial are linear and coherent.

Further, to protect the clarity and probative value of the cooperating witnesses' testimony in the criminal cases, the Court should ensure that the witnesses' testimony in this matter is presented clearly, and in an orderly and efficient way. Testimony taken out of order—that is, inconsistent with the way it will be presented at any given trial—is likely to confuse the issues and the record, and thus will require time to clarify during trial(s) in this matter, the criminal cases, or in both.

Several witnesses in the MDL are central to the United States' pending criminal prosecutions. Their testimony is likely to feature at trial and, therefore, the United States has a considerable interest in the accuracy and clarity of their testimony. For the reasons set forth in Plaintiffs' Objection, the Court should order that Plaintiffs have the first opportunity to question the cooperating witnesses in the MDL.

        Respectfully submitted,

        /s/ *Erin Murdock-Park*
        Erin Murdock-Park
        U.S. Department of Justice
        Antitrust Division
        450 Fifth Street Northwest
        Washington, DC 20530
        Tel: (202) 445-8082
        erin.murdock-park@usdoj.gov

        *Counsel for Intervenor United States of America*

Dated: January 9, 2023

**CERTIFICATE OF SERVICE**

I, Erin Murdock-Park, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

/s/ *Erin Murdock-Park*
Erin Murdock-Park

Dated: January 9, 2023