**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 |
| | 16-MD-2724 |
| THIS DOCUMENT RELATES TO: | HON. CYNTHIA M. RUFE |
| *ALL ACTIONS* | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
OBJECTIONS TO THE FIFTH REPORT AND RECOMMENDATION
OF THE SPECIAL DISCOVERY MASTER AS TO THE PRIORITY OF
<u>QUESTIONING AT DEPOSITIONS OF THE COOPERATING WITNESSES [ECF 2301]</u>**

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

US 173096066

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................................... 1

BACKGROUND......................................................................................................................... 3

SPECIAL DISCOVERY MASTER REPORT AND RECOMMENDATION ..................................... 4

STANDARD OF REVIEW .......................................................................................................... 6

ARGUMENT ............................................................................................................................. 6

I.     Defendants Should Examine the Cooperating Witnesses First, Consistent with Standard Deposition Procedure and the Federal Rules of Civil Procedure, Which Provide for Discovery of Facts Before Trial ....................................................................... 6

     A.     Following Standard Deposition Procedure Promotes Full Disclosure of Facts ....... 6

     B.     Defendants Are Entitled to Discovery Before Plaintiffs Conduct Trial Direct Examinations ................................................................................................................ 8

II.     None of Plaintiffs' Other Objections Provides a Reason to Depart from Standard Practice and the Federal Rules ........................................................................................... 12

     A.     The Burden of Proof and Size of the MDL Do Not Control the Order of Examination of the Cooperating Witnesses ........................................................... 13

     B.     Efficiency, Convenience, and Purported Clarity in Transcripts Cannot Trump Defendants' Due Process Rights ............................................................................. 14

     C.     Labeling the Cooperating Witnesses "Unique" Does Not Justify Upending the Federal Rules of Civil Procedure .......................................................................... 14

CONCLUSION......................................................................................................................... 15

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

**<u>TABLE OF AUTHORITIES</u>**

<u>Page(s)</u>

<u>Cases</u>

*Bowers v. Nat'l Collegiate Athletic Ass'n*,
475 F.3d 524 (3d Cir. 2007), *amended on reh'g* (Mar. 8, 2007) ..............................................9

*Dargis v. Wyeth Inc.*,
2012 U.S. Dist. LEXIS 189881 (D. Minn. Nov. 30, 2012) ..............................................12, 13

*Delphi Auto. Sys. LLC v. Shinwa Int'l Holdings LTD*,
No. 1:07-cv-0811-SEB-JMS, 2008 WL 2906765 (S.D. Ind. July 23, 2008)............................9

*Griffin v. Foley*,
542 F.3d 209 (7th Cir. 2008) ............................................................................................9, 11

*Hickman v. Taylor*,
329 U.S. 495 (1947)...........................................................................................................8, 11

*Holmes v. Merck & Co.*,
No. 2:04-cv-00608-BES(GWF), 2006 WL 1744300 (D. Nev. June 22, 2006) ................10, 11

*In re Nat'l Prescription Opiate Litig.*,
956 F.3d 838 (6th Cir. 2020) ..................................................................................................15

*James v. Covidien*,
No. 15-cv-1179, slip op. (D. Minn. Sept. 30, 2015) .................................................................7

*Johnson v. SmithKline Beecham Corp.*,
No. CV 11-5782, 2019 WL 4233629 (E.D. Pa. Feb. 14, 2019) ...............................................6

*Longino v. City of Cincinnati*,
No. 1:12-cv-424, 2013 WL 831738 (S.D. Ohio Mar. 6, 2013) ...............................................12

*Lumpkin v. Kononov*,
No. 2:12-cv-320, 2013 WL 1343666 (N.D. Ind. Apr. 3, 2013)...................................4, 6, 7, 11

*Martinez v. Coloplast Corp.*,
2021 WL 486927 (N.D. Ind. Feb. 10, 2021)................................................................ *passim*

*McLaughlin v. Bayer Essure, Inc.*,
No. 14-cv-7315, 2020 WL 2896681 (E.D. Pa. Apr. 13, 2020), *report and
recommendation adopted*, No. 14-cv-7315, 2020 WL 2832245 (E.D. Pa. May
5, 2020))..........................................................................................................................13, 14

*Renlund v. Radio Sys. Corp.*,
No. 21-cv-720 (DWF/HB), 2021 WL 6881287 (D. Minn. July 6, 2021)...................... *passim*

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

*Schlein v. Wyeth Pharms., Inc.*,
    No. CV 105-014, 2012 U.S. Dist. LEXIS 189857 (S.D. Ga. Dec. 13, 2012)...........................4

*Teller v. Montgomery Ward & Co.*,
    27 F. Supp. 938 (E.D. Pa. 1939) ...............................................................................................9

*United States v. Procter & Gamble Co.*,
    356 U.S. 677 (1958)....................................................................................................................9

## **Other Authorities**

Conduct of Examination, 8A FED. PRAC. & PROC. CIV. § 2113 (3d ed.)......................................12

Purposes and Problems of Discovery, 8 FED. PRAC. & PROC. CIV. § 2001 (3d ed.).......................9

Fed. R. Civ. P. 23(d)(3)............................................................................................................6, 8

Fed. R. Civ. P. 30(b)(1)...............................................................................................................15

Fed. R. Civ. P. 30(c)(1)....................................................................................................5, 11, 12

Fed. R. Civ. P. 32..........................................................................................................................9

Fed. R. Civ. P. 53(f)(5) .................................................................................................................6

Fed. R. Evid. 611(c)(2) ............................................................................................................5, 7

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

## INTRODUCTION

In his Fifth Report and Recommendation (the "5th R&R"), the Special Discovery Master recommends that Defendants should question Cooperating Witnesses (████████████ ████████████████████████) first at their deposition.  That determination is correct because the witnesses are aligned with Plaintiffs, and standard discovery practice is for adversaries to question each other's potential witnesses to discover evidence in possession of the other side before those witnesses present their trial testimony, whether they do so in so-called "preservation" depositions or at the trial itself.  This Court should adopt the 5th R&R.

This dispute began as one over which side would proceed first in questioning Plaintiffs' Cooperating Witnesses at their depositions, noticed by Defendants.  In their letter brief to the Special Discovery Master, Plaintiffs argued, for the first time, that they should proceed first with direct examination because (according to Plaintiffs) the witnesses would likely be unavailable for trial and so their depositions would be presented in lieu of live testimony.  The order of examination at their depositions, Plaintiffs argued, should proceed as it would at trial, with Plaintiffs questioning the witnesses first, followed by Defendants' cross-examination.

The Special Discovery Master rejected Plaintiffs' argument in full.  The Special Discovery Master correctly noted that the rules make no distinction between "discovery" and "trial" depositions, and rejected Plaintiffs' reasons for departing from the normal litigation practice of adversaries questioning each other's potential witnesses to discover evidence in possession of the other side.  *See e.g.*, *Martinez v. Coloplast Corp.*, 2021 WL 486927 (N.D. Ind. Feb. 10, 2021); *Renlund v. Radio Sys. Corp.*, No. 21-cv-720 (DWF/HB), 2021 WL 6881287, at *3 (D. Minn. July 6, 2021).  As the Special Discovery Master explained: "Plaintiffs' purported need and intent to

treat these depositions as trial depositions does not trump defendants' right to conduct discovery of witnesses who are likely to be critical to plaintiffs' cases." 5th R&R at 11.

The importance of the testimony of these Cooperating Witnesses is undisputed. There can be no question that these Cooperating Witnesses, who are referenced collectively thousands of times in the States' complaints, and ███████████████████████████████ ████████████████████████████████████, are aligned with Plaintiffs and not Defendants.[1] Plaintiffs contend their testimony will be "central evidence in all or nearly all of the cases pending in this MDL." Obj. at 2. Defendants have the right to discover what they know before they cross-examine them for trial purposes. Plaintiffs' request aimed at preventing Defendants from conducting such standard pretrial discovery is unprecedented, turns the Federal Rules of Civil Procedure on their head, and should be rejected.

If a party proposed to present witnesses live at trial with no prior discovery of them, (bypassing the opposing party's request to depose the witnesses first to learn what relevant facts they know), a court would promptly and properly reject the suggestion out of hand. Yet that is effectively what Plaintiffs propose to do here. Under the Federal Rules of Civil Procedure, Defendants are entitled to discovery of the Plaintiffs' witnesses *before* they offer trial testimony, so that Defendants can adequately prepare to cross-examine (and impeach them) after they present such trial testimony. The nature of the claims and the centrality of these witnesses compel strict adherence to the Rules for the taking of discovery before trial, not a departure from those Rules as Plaintiffs propose. The Court should adopt the Special Discovery Master's 5th R&R in its entirety and allow Defendants to question these witnesses first at their depositions.

---

[1]    Out of more than 100 Private Plaintiffs in this MDL, ███████████████████████████ ████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████

## BACKGROUND

Each Cooperating Witness ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████ Given

those legal obligations, Plaintiffs do not need these depositions to learn anything from these

witnesses.  Nevertheless, Plaintiffs seek to depose their own Cooperating Witnesses, and the

---

2 ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

parties worked cooperatively to schedule the depositions and brief this dispute.  Once the parties and witnesses agreed to dates for the depositions, Defendants issued subpoenas to secure the dates.

### SPECIAL DISCOVERY MASTER REPORT AND RECOMMENDATION

On December 16, 2022, the Special Discovery Master recommended that the Court issue an order confirming that Defendants should examine the Cooperating Witnesses first at deposition.

First, the Special Discovery Master correctly explained that the "standard procedure for non-party depositions is that the party with whom a witness is not aligned or identified questions the witness first."  5th R&R at 3.  While Defendants noticed these depositions first, that is, as the Special Discovery Master specifically noted, not dispositive.  He did not, contrary to Plaintiffs' suggestion, rely on a "default rule" that the "first party to serve a notice" should control the priority of questioning.  Obj. at 1-2.  Rather, although the Special Discovery Master observed that many courts adhere to such a rule, 5th R&R at 3 (citing *Schlein v. Wyeth Pharms., Inc.*, No. CV 105-014, 2012 U.S. Dist. LEXIS 189857, at *7 (S.D. Ga. Dec. 13, 2012)), he explained that this rule is not simply formulaic; rather, it is grounded on the fact that the first party to notice a deposition is typically the party with whom the deponent is not aligned.  *Id*. at 4.  Quoting a case cited by Plaintiffs, the Special Discovery Master reasoned that "the party who notices a deposition will have priority in asking questions, and … opposing counsel will have priority to question the other side's witnesses.  This is because the party whose witness is being deposed generally knows what the witness's testimony will be, and the purpose of the deposition is to allow the other side to find out what the witness knows about the matter."  *Id.* at 4 (quoting *Lumpkin v. Kononov*, No. 2:12-cv-320, 2013 WL 1343666 (N.D. Ind. Apr. 3, 2013)).

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

Second, the Special Discovery Master rejected Plaintiffs' argument (raised for the first time during oral argument) that Plaintiffs should go first because they "have as much of a need to discover information from the cooperating witnesses as defendants do," for three reasons:

> First, plaintiffs plainly possess substantially more information than do defendants regarding the relevant facts these witnesses possess and their likely testimony. In the initial dispute regarding these witnesses, the States successfully resisted production of facts they had learned from the cooperating witnesses. The States did not argue at that time that they did not discover any relevant information from their discussions with these witnesses. **To the contrary, they objected to production of those facts and argued, among other things, that defendants should discover these same facts from the cooperating witnesses at their depositions, as defendants now seek to do, rather than from the States**. The Court agreed that "facts must come from the witnesses." Jan. 11, 2022 Order 7 [ECF No. 1927].
>
> 
>
> **Finally, despite plaintiffs' efforts to present these witnesses as simply neutral witnesses from whom plaintiffs need to obtain discovery just as defendants do, these *cooperating* witnesses are plainly aligned or identified with plaintiffs, even if they are not controlled by them.** Indeed, as discussed below, the entire thrust of plaintiffs' argument is that they should question these witnesses first because such questioning would constitute direct examination, while defendants' questioning would be cross-examination. **This is so only because these witnesses are not adverse to plaintiffs (as the States pointed out in the recent dispute involving redactions of their communications with the cooperating witnesses), but rather are aligned or identified with plaintiffs.** *Cf.* Fed. R. Evid. 611(c)(2) (leading questions permitted by party calling witness who is hostile or "identified with an adverse party").

*Id.* at 5-6 (bold emphases added).

Third, the Special Discovery Master rejected the argument that Plaintiffs should go first because they viewed these depositions as "trial" depositions, and Federal Rule of Civil Procedure 30(c)(1) states that "[t]he examination and cross-examination of a deponent proceed as they would

at trial under the Federal Rules of Evidence…." *Id.* at 7.  He explained that Plaintiffs' argument "proves too much." *Id.* at 8.  Under their logic "*every*" deposition would be conducted first by the party who intends to question the witness first at trial, and because plaintiffs have the option of calling "*any*" witness first, plaintiffs would have the right to question "*every*" non-party witness first. *Id.*  "Such a regime would look nothing like the way depositions in federal cases are conducted today." *Id.*

Finally, the Special Discovery Master noted that, whatever happens later at trial, "these depositions will not be exclusively trial depositions" because the parties are still taking discovery and "defendants have not yet had an opportunity to examine the cooperating witnesses under oath." *Id.* at 10-11.  He concluded that Plaintiffs' "purported need and intent to treat these depositions as trial depositions does not trump defendants' right to conduct discovery of witnesses who are likely to be critical to plaintiffs' cases." *Id.* at 11.

STANDARD OF REVIEW

Findings of fact and conclusions of law are reviewed *de novo*, and procedural rulings may be set aside "only for an abuse of discretion." Fed. R. Civ. P. 53(f)(5); *see Johnson v. SmithKline Beecham Corp.*, No. CV 11-5782, 2019 WL 4233629, at *1 (E.D. Pa. Feb. 14, 2019).

ARGUMENT

I.     **Defendants Should Examine the Cooperating Witnesses First, Consistent with Standard Deposition Procedure and the Federal Rules of Civil Procedure, Which Provide for Discovery of Facts Before Trial**

A.     **Following Standard Deposition Procedure Promotes Full Disclosure of Facts**

While no specific Federal Rule of Civil Procedure governs the order in which parties can question a witness in a discovery deposition, as the Special Discovery Master observed, standard practice is that "opposing counsel will have priority to question the other side's witnesses" (5th R&R at 3) because "the purpose of the deposition is to allow the other side to find out what the

6

witness knows." *Id.* at 4 (quoting *Lumpkin*, 2013 WL 1343666, at *1); *see also Martinez*, 2021 WL 486927, at *3 (finding no "reason to deviate from the typical order of depositions"); *Renlund*, 2021 WL 6881287, at *3 (same; noting the court's "discretion under Rule 26(d)(3) to intervene in the sequence of discovery in the interests of justice."). Plaintiffs have not cited any cases to the contrary.

The Special Discovery Master correctly found that the Cooperating Witnesses are aligned with Plaintiffs. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████ Indeed, Plaintiffs pointed to this alignment in resisting Defendants' effort to discover communications between the Cooperating Witnesses and Plaintiffs. Exhibit D, States' Oct. 7, 2022 Ltr. ("Even presuming that the States and the CWs were "adversaries" at one point in time, the CWs ceased to become adversaries ████████████████████████████████ ████████). Further, when Defendants sought to discover the facts the Cooperating Witnesses had provided to Plaintiffs by way of written discovery, Plaintiffs "argued, among other things, that defendants should discover these same facts from the cooperating witnesses at their depositions, as defendants now seek to do." 5th R&R at 5; *see also* Exhibit E, Pls. Sept. 22, 2021 Ltr. at 2. Plaintiffs' intention to conduct direct examinations of the Cooperating Witnesses only confirms that Plaintiffs do not expect the witnesses to be "hostile" or "adverse" to them. *See* Fed R. Evid. 611(c)(2). If Plaintiffs have questions, they can "simply pick up the phone" to ask them anything they wish to know.[3] *Lumpkin*, 2013 WL 1343666, at *1; *see Renlund*, 2021 WL 6881287, at *4

---

[3] Plaintiffs' access to the witnesses is clear from the States' recent court-ordered production of voluminous communications with counsel for these Cooperating Witnesses.

(same); *James v. Covidien*, No. 15-cv-1179, slip op. at 2 (D. Minn. Sept. 30, 2015), ECF No. 29 (same).

Plaintiffs speculate that Defendant Sandoz may also have information from these witnesses by virtue of ███████████████████████████████████████████████

████████████████████████████. Obj. at 5-6. That ignores that the witnesses are aligned with Plaintiffs and that Plaintiffs intend to use these depositions to conduct a *direct* examination of these witnesses for trial. ███████████████████████████████

████████████████████████████████████████████████████, no other Defendants have ████████████████, and all Defendants have the right to question the witnesses under oath to learn what the witnesses know and to be prepared to conduct cross-examination at trial. No such discovery has taken place to date.

The typical sequence of questioning promotes the full disclosure of facts. *Renlund*, 2021 WL 6881287, at *3. In *Renlund*, the court prevented plaintiff's counsel from questioning plaintiff first, reasoning that "the goals of Rule 1 and the interests of justice contemplated by Rule 23(d)(3) are best served by the more typical sequence in which the opposing party notices and takes the deposition first." *Id.* Allowing plaintiff's counsel to question plaintiff first "would not promote the full disclosure of facts or further the quest for truth, which is the overriding purpose of discovery." *Id.* Rather, "Defendant's counsel is entitled to ask the questions she wants to ask in the way she wants to ask them—consistent with the rules, of course—without having the testimony previewed through friendly questioning from [p]laintiffs' counsel." *Id.* The same is true here.

**B.   Defendants Are Entitled to Discovery Before Plaintiffs Conduct Trial Direct Examinations**

Plaintiffs argued that they should go first because they intend to take "trial" depositions of the Cooperating Witnesses to preserve their testimony if the witnesses become unavailable to

testify.  5th R&R at 2.  The Special Discovery Master properly rejected this argument.

Plaintiffs' proposal—that Defendants' noticed "discovery" deposition be dispensed with and a trial examination substituted for it—flies in the face of the purpose of the discovery rules (FRCPs 26-37) to eliminate trial by ambush.  *Hickman v. Taylor*, 329 U.S. 495, 500 (1947) ("The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. . . .  Thus civil trials in the federal courts no longer need be carried on in the dark.  The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts *before* trial.") (emphasis added).[4]  There is no differentiation between discovery and trial depositions under the Federal Rules.  All parties may conduct their examinations at the deposition in whatever manner they see fit, knowing that if the witnesses prove to be unavailable the depositions may someday be offered at trial, provided that the requirements of Rule 32 are satisfied.

Thus, even where there is a showing that the witness will not be available (a showing not made here), courts have permitted two depositions (one for discovery and one *de benne esse*), with discovery depositions proceeding first.  *See, e.g.*, *Griffin v. Foley*, 542 F.3d 209, 221 (7th Cir. 2008) ("The obvious purpose of discovery is to determine the opinions and positions of the opposition's witnesses and prepare for cross-examination.  Had there not been some gap in time between the discovery depositions and the cross-examination of the Plaintiff's experts,

---

[4]     *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 540 (3d Cir. 2007), *amended on reh'g* (Mar. 8, 2007) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682-83 (1958) ("Modern instruments of discovery ... together with pretrial procedures make trial less a game of blind man's bluff and more a fair contest ….")); *Teller v. Montgomery Ward & Co.*, 27 F. Supp. 938, 941 (E.D. Pa. 1939) (the discovery rules "show a clear intent on the part of the draftsman to simplify and expedite trial procedure by disposing of . . . surprise testimony, and uncertainties to the greatest extent possible in advance of trial."); *see generally* § 2001 Purposes and Problems of Discovery, 8 FED. PRAC. & PROC. CIV. § 2001 (3d ed.) ("The basic philosophy underlying this procedure was that prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privileged.").

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

Defendant's attorneys would not have been able to effectively prepare for cross-examination."); *Martinez*, 2021 WL 486927, at *3-4 (ordering discovery depositions first and quashing subpoena for trial depositions); *Delphi Auto. Sys. LLC v. Shinwa Int'l Holdings LTD*, No. 1:07-cv-0811-SEB-JMS, 2008 WL 2906765, at *4 (S.D. Ind. July 23, 2008) (ordering discovery depositions before trial depositions); *Holmes v. Merck & Co.*, No. 2:04-cv-00608-BES(GWF), 2006 WL 1744300, at *3 (D. Nev. June 22, 2006) (same).

*Martinez*, part of the Pelvic Mesh MDL, is instructive.  Plaintiff noticed trial depositions of her two expert witnesses before defendants had taken discovery depositions of them.  Like Plaintiffs here, plaintiff in *Martinez* argued that defendants should not be permitted to depose her witnesses except as cross-examinations after she took preservation depositions.  Although she gave a number of reasons why her experts might not be available to testify at trial, she made no showing of unavailability.  *Martinez*, 2021 WL 486927, at *2-3.  The court quashed plaintiff's trial deposition subpoenas, explaining: "The Court does not see any reason to deviate from the typical order of depositions in this case:  Defendants may conduct a discovery deposition of Plaintiff's expert witnesses, and need not be bound by Plaintiff's guess that she may need a preservation deposition at some point in the future." *Id.* at 3.  The court ruled that if, after the close of discovery, the witness became unavailable, the affected party could request a preservation deposition at that point.  *Id.*  The situation in *Holmes* was similar: plaintiffs wanted to take a trial deposition of their own expert because he was elderly and sick, and they reasonably feared he might be unavailable for trial.  To avoid prejudice to defendants, the court ruled that defendants could (1) depose certain other witnesses first, (2) then take a discovery deposition of plaintiffs' expert, and (3) then, ten days later (after the discovery deposition), plaintiffs could take their preservation deposition and defendants could cross-examine the witness.  *Holmes*, 2006 WL 1744300, at *3.

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

Like plaintiff in *Martinez*, Plaintiffs have made no showing that any witness will actually be unavailable for any trial.  Obj. at 11 (noting that there is "no guarantee" that the witnesses will be available, which is true for every witness in this MDL).  To the contrary, as Plaintiffs concede, the Cooperating Witnesses ███████████████████████████████████████████████

█████████████████████████  Obj. at 5, 11.  Whether these witnesses would refuse to appear at trials for the ██████████████████████████████████████ is speculative at best, and, regardless, prior bellwether trial testimony would be available to those Plaintiffs.[5]  Should circumstances change closer to trial, and Plaintiffs can demonstrate a concrete risk that any Cooperating Witness will in fact be unavailable despite their contractual commitment to appear upon request, they can seek a second deposition.  For now, the parties contemplate only one deposition for each Cooperating Witness.  Defendants' discovery examination in that deposition should precede Plaintiffs' examination consistent with the holdings in *Lumpkin, Renlund, Griffin, Martinez, Delphi Auto Systems*, and *Holmes*.

Plaintiffs also argue that "the best way to discover what the cooperating witnesses will say in support of Plaintiffs' claims is to hear what they say during their direct examinations."  Obj. at 7 n.3.  Their logic—that an opposing party should forgo discovery altogether and simply wait for trial to find out what these crucial witnesses have to say after their scripted "trial" testimony on direct examination—was rejected by the Supreme Court in *Hickman v. Taylor*, 329 U.S. at 500, in which the Court reasoned that the best way to discover what witnesses will say is in discovery *before* trial.  Otherwise, Defendants will be forced to take trial testimony on the fly (without the

---

[5]     Plaintiffs argue that the Special Discovery Master incorrectly assumed that the Cooperating Witnesses will testify at dozens of trials.  Obj. at 13-14.  That is not so.  The Special Discovery Master was skeptical about Plaintiffs' contention as to these witnesses ██████████████████████ but acknowledged that there is no guarantee that any witness will be available at trial.  5th R&R at 7 and n.2.

benefit of discovery and impeachment material), depriving them of their due process right to confront these witnesses with full knowledge of the discoverable facts.

Contrary to Plaintiffs' argument that Federal Rule of Civil Procedure 30(c)(1) requires that the depositions proceed with direct examination before cross-examination, that Rule "does not mandate the *order* of questioning, but instead it simply provides that examination and cross-examination during depositions are subject to the making and preservation of objections under the Federal Rules of Evidence." *Dargis v. Wyeth Inc.*, 2012 U.S. Dist. LEXIS 189881, at *14 (D. Minn. Nov. 30, 2012); *Longino v. City of Cincinnati*, No. 1:12-cv-424, 2013 WL 831738, at *5 (S.D. Ohio Mar. 6, 2013) (Rule 30(c)(1) means that "counsel for both parties of a civil action are permitted to question witnesses during depositions, regardless of which party noticed the deposition"); *see generally* § 2113 Conduct of Examination, 8A FED. PRAC. & PROC. CIV. § 2113 (3d ed.) (Rule 30(c)(1) "directs that the examination and cross–examination proceed as permitted at trial, so that leading questions are allowed with adverse witnesses"). Plaintiffs can examine their Cooperating Witnesses *after* Defendants' examination.

## II.  None of Plaintiffs' Other Objections Provides a Reason to Depart from Standard Practice and the Federal Rules

Plaintiffs' objections fail to demonstrate any sound basis for depriving Defendants of discovery rights under the Federal Rules of Civil Procedure. Plaintiffs argue that they should examine their own witnesses first because (1) they bear the burden of proof, Obj. at 2, (2) this is not a "typical" case because it is an MDL with multiple parties, requiring trials in "dozens" of venues, *id.* at 7-9, (3) conducting solely trial depositions would be more efficient, convenient for the witness, and provide clearer trial transcripts (*id.* at 5, 10, 12, 13), and (4) the Cooperating Witnesses are "unique." *Id.* at 3-7. None of these arguments is persuasive.

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

**A.** **The Burden of Proof and Size of the MDL Do Not Control the Order of Examination of the Cooperating Witnesses**

Which party bears the burden of proof and the size and complexity of the litigation have nothing to do with the order of priority in examining witnesses. *See Dargis*, 2012 U.S. Dist. LEXIS 189881, at *14 (rejecting plaintiffs' argument that they should examine witnesses first because they bear the burden of proof). What matters, as the Special Master correctly found, is the relationship of the witness to the parties and the need for discovery by the party who is not aligned with the witness. *See supra* Section I.

*McLaughlin v. Bayer Essure*, in which trial depositions were ordered is not more "instructive" simply because it involved another bellwether case in a mass tort proceeding. Obj. at 9 (citing *McLaughlin v. Bayer Essure, Inc.*, No. 14-cv-7315, 2020 WL 2896681 (E.D. Pa. Apr. 13, 2020), *report and recommendation adopted*, No. 14-cv-7315, 2020 WL 2832245 (E.D. Pa. May 5, 2020)). Although the special master in that case acknowledged that the depositions of the bellwether deponents were "somewhat different from the norm (in simpler litigation)," *id.* at *3, the special master decided the issue based on other factors that are not applicable here. In *McLaughlin*, *both* parties sought *only* a trial deposition because the witnesses' likely unavailability for trial was assumed: "none could be compelled to come to Pennsylvania either for deposition or trial." *Id*. at *1. Thus, the special master reasoned: "given that a *trial deposition* is ordinarily taken to mimic the order of trial, it would make sense that the party to whom the witness is facially favorable and would likely be called as that party's witness at trial (were she available) would be questioned first by that party in a *trial deposition*." *Id.* at *3 (emphasis added). *No party objected to the recommendation* and, as Special Discovery Master Merenstein observed in distinguishing the decision as "unhelpful," the *McLaughlin* Court adopted the recommendation without reasoning, in a "cursory, citation-free analysis." 5th R&R at 9-10. The circumstances here are

13

different.  Plaintiffs have not shown that any of the Cooperating Witnesses will be unavailable for *any* trial, particularly the bellwether trials.  Further, unlike the defendants in *McLaughlin*, Defendants are not choosing to forgo discovery depositions, so there is no reason that examination should proceed as if it were a trial.

**B.     Efficiency, Convenience, and Purported Clarity in Transcripts Cannot Trump Defendants' Due Process Rights**

Plaintiffs argue that trial depositions alone would be more efficient, convenient for the witnesses, and produce a clearer trial transcript.  Obj. at 2, 5, 10, 12, 13.  The Federal Rules of Civil Procedure and more than 80 years of litigation experience under those rules say otherwise.  In enacting the discovery rules, the Supreme Court necessarily rejected Plaintiffs' argument in choosing discovery over surprise.  Further, the goals of consolidated MDL proceedings are met by coordinated discovery and this Court's instruction that each deponent appear once for deposition absent good cause.  PTO 188, ECF No. 1901.  Rather than being deposed in each of the 80-plus cases, the depositions of each Cooperating Witness will apply to all MDL cases.  Finally, Plaintiffs fail to explain what will be inefficient or unclear about depositions that proceed in the normal order and routinely involve back and forth questioning of witnesses by counsel for various parties.  The same back and forth questioning is likely to play out even if Plaintiffs question the witness first because they would have questions on re-direct and Defendants would have re-cross.  Further, any deposition testimony offered at trial would be done through designations of excerpts of the parties' examinations, not the wholesale and uninterrupted presentation of either party's examination.

**C.     Labeling the Cooperating Witnesses "Unique" Does Not Justify Upending the Federal Rules of Civil Procedure**

Plaintiffs argue that the Court should dispense with discovery depositions and order the parties to take trial testimony instead because "this is not a typical case and these are not typical witnesses." Obj. at 7.  Plaintiffs are wrong.  The Cooperating Witnesses are witnesses.  Like all

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

witnesses, they are unique only in so far as they allegedly possess certain information that others do not.  They are the Plaintiffs' witnesses who purportedly supplied such information underlying Plaintiffs' allegations.  But these witnesses are no different from any other purported cooperating witness in any other litigation.  They are not the first former employees of a defendant to be called in support of the government's or plaintiff's case.  Yet Plaintiffs fail to cite a single case in support of their argument that a different set of discovery rules should apply to such witnesses.

Defendants are not aware of any such case and respectfully submit that Plaintiffs are leading the Court down the proverbial garden path.  "[T]he Civil Rules in an MDL case . . . are the same as those for ordinary litigation on an ordinary docket." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020) (reversing district court, explaining that "the district court's mistake was to think it had authority to disregard the Rules' requirements in the Pharmacies' cases in favor of enhancing the efficiency of the MDL as a whole").  If anything, those considerations require strict adherence to the rules, practice, and procedure.  "[N]either § 1407 nor Rule 1 remotely suggests that, whereas the Rules are law in individual cases, they are merely hortatory in MDL ones." *Id.*  Simply attempting to label the Cooperating Witnesses as "unique" does not exempt them from the ordinary discovery rules that apply in every case.  The Court should reject Plaintiffs' argument that the Cooperating Witnesses are too important to be subjected to ordinary discovery and cross-examination under Rule 30(b)(1) before presenting trial testimony.

## CONCLUSION

Consistent with the above-cited case law and traditional discovery practice, Defendants request that the Court adopt the 5th R&R and issue an order directing that Defendants may question the Cooperating Witnesses first in their depositions.

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

Dated:  January 9, 2023

Respectfully submitted,

*/s/ Margaret A. Rogers*
Margaret A. Rogers
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
Margaret.rogers@arnoldporter.com

Laura S. Shores
Saul P. Morgenstern
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Avenue
Washington, DC 20001
Telephone: (202) 942-5000
laura.shores@arnoldporter.com
saul.morgenstern@arnoldporter.com

*Counsel for Defendants Sandoz Inc. and
Fougera Pharmaceuticals Inc.*

*/s/ Sheron Korpus*
Sheron Korpus
Seth A. Moskowitz
Seth Davis
David M. Max
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
skorpus@kasowitz.com
smoskowitz@kasowitz.com
sdavis@kasowitz.com
dmax@kasowitz.com

*Counsel for Defendants Actavis Elizabeth,
LLC, Actavis Holdco U.S., Inc., and Actavis
Pharma, Inc.*

*/s/ Robin P. Sumner*
Robin P. Sumner
Michael J. Hartman
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel. (215) 981-4000
Fax. (215) 981-4750

*Attorneys for Defendants Hikma
Pharmaceuticals USA, Inc., Hikma Labs,
Inc., West-Ward Columbus Inc., Amneal
Pharmaceuticals, Inc., Amneal
Pharmaceuticals LLC, Impax
Laboratories, Inc., and Impax
Laboratories, LLC*

16

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

/s/ James W. Matthews
James W. Matthews
Katy E. Koski
John F. Nagle
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Tel:  (617) 342-4000
Fax:  (617) 342-4001
jmatthews@foley.com
kkoski@foley.com
jnagle@foley.com

James T. McKeown
Elizabeth A. N. Haas
Kate E. Gehl
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Tel:  (414) 271-2400
Fax:  (414) 297-4900
jmckeown@foley.com
ehaas@foley.com
kgehl@foley.com

Steven F. Cherry
April N. Williams
Claire Bergeron
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
april.williams@wilmerhale.com
claire.bergeron@wilmerhale.com

Terry M. Henry
Melanie S. Carter
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA  19103

/s/ Benjamin H. Diessel
Benjamin H. Diessel
Jenny R. Chou
Emmett Gilles
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06510
Tel: (203) 498-4400
Fax: (203) 782-2889
bdiessel@wiggin.com
jchou@wiggin.com
egilles@wiggin.com

Nathan E. Denning
WIGGIN AND DANA LLP
437 Madison Avenue, 35th Floor
New York, NY 10022
Tel: (212) 551-2600
Fax (212) 551-2888
ndenning@wiggin.com

*Counsel for Defendant Aurobindo Pharma USA, Inc.*

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

Tel:  (215) 569-5644
Fax:  (215) 832-5644
THenry@blankrome.com
MCarter@blankrome.com

*Counsel for Defendant Apotex Corp.*


/s/ Robin D. Adelstein
Robin D. Adelstein
Mark A. Robertson
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone: (212) 318-3000
Facsimile: (212) 408-5100
robin.adelstein@nortonrosefulbright.com
mark.robertson@nortonrosefulbright.com

*Counsel for Defendants Bausch Health Americas, Inc. and Bausch Health US LLC*


/s/ Stacey Anne Mahoney
Stacey Anne Mahoney
Grant R. MacQueen
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
stacey.mahoney@morganlewis.com
grant.macqueen@morganlewis.com

*Counsel for Defendant Breckenridge Pharmaceutical, Inc.*

/s/ Roger B. Kaplan
Roger B. Kaplan
Jason Kislin
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07931
Tel: (973) 360-7900
Fax: (973) 295-1257
kaplanr@gtlaw.com
kislinj@gtlaw.com
vannostranda@gtlaw.com

Brian T. Feeney
GREENBERG TRAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
Tel: (215) 988-7812
Fax: (215) 717-5265
feeneyb@gtlaw.com

*Counsel for Defendant*
*Dr. Reddy's Laboratories, Inc.*

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

*/s/ Marguerite M. Sullivan*
Marguerite M. Sullivan
Anna M. Rathbun
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
marguerite.sullivan@lw.com
anna.rathbun@lw.com

*Counsel for Defendant G&W Laboratories*

*/s/ Dimitria Doufekias*
Dimitria Doufekias
Megan E. Gerking
Robert W. Manoso
Alexa Rae DiCunzolo
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, DC 20037
Tel.: (202) 887-1500
Fax: (202) 887-0763
ddoufekias@mofo.com
mgerking@mofo.com
rmanoso@mofo.com
adicunzolo@mofo.com

Michael B. Miller
MORRISON & FOERSTER LLP
250 W 55th Street
New York, NY 10019
Tel.: (212) 468-8000
Fax: (212) 468-7900
mbmiller@mofo.com

*Counsel for Defendant Glenmark
Pharmaceuticals, Inc., USA*

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

/s/ Ryan T. Becker
Ryan T. Becker
Nathan M. Buchter
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2000
Fax: (215) 299-2150
rbecker@foxrothschild.com
nbuchter@foxrothschild.com

George G. Gordon
Julia Chapman
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-2382
Fax: (215) 655-2240
george.gordon@dechert.com
julia.chapman@dechert.com

*Counsel for Defendant Lannett Company, Inc.*

/s/ Colin R. Kass
Colin R. Kass
Proskauer Rose LLP
1001 Pennsylvania Ave, NW
Suite 600 South
Washington, DC 20004
Telephone: (202) 416-6890
Facsimile: (202) 416-6899
ckass@proskauer.com

Bradley I. Ruskin
David A. Munkittrick
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
bruskin@proskauer.com
dmunkittrick@proskauer.com

Meg Slachetka
Leiv Blad
COMPETITION LAW PARTNERS
1101 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 742-4300
meg@competitionlawpartners.com
leiv@competitionlawpartners.com

*Counsel for Defendant Lupin*
*Pharmaceuticals, Inc.*

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

/s/ Chul Pak
Chul Pak
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
cpak@wsgr.com

Seth C. Silber
Jeffrey C. Bank
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street, NW, 5th Floor
Washington, D.C. 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
ssilber@wsgr.com
jbank@wsgr.com

Benjamin F. Holt
Adam K. Levin
Justin W. Bernick
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
benjamin.holt@hoganlovells.com
adam.levin@hoganlovells.com
justin.bernick@hoganlovells.com

Jasmeet K. Ahuja
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
jasmeet.ahuja@hoganlovells.com

*Counsel for Mylan Defendants*

/s/  J. Clayton Everett, Jr.
J. Clayton Everett, Jr.
William S.D. Cravens
Neaha P. Raol
Y. Frank Ren
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  +1.202.739.3000
Facsimile:   +1.202.739.3001
clay.everett@morganlewis.com
william.cravens@morganlewis.com
neaha.raol@morganlewis.com
frank.ren@morganlewis.com

Molly R. Maidman
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
Telephone:  +1.617.341.7996
Facsimile:   +1.617.341.7701
molly.maidman@morganlewis.com

Harvey Bartle IV
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone:  +1.215.963.5000
Facsimile:   +1.215.963.5001
harvey.bartle@morganlewis.com

*Counsel for Defendant Perrigo New York, Inc.*

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

/s/ Ilana H. Eisenstein
Ilana H. Eisenstein
Whitney Cloud
Ben C. Fabens-Lassen
DLA PIPER LLP (US)
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
ilana.eisenstein@dlapiper.com
whitney.cloud@dlapiper.com
ben.fabens-lassen@dlapiper.com

Edward S. Scheidman
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Edward.scheideman@dlapiper.com

*Counsel for Defendant Pfizer Inc. and Greenstone, LLC*

/s/ John M. Taladay
John M. Taladay
Erik T. Koons
Stacy L. Turner
Christopher P. Wilson
BAKER BOTTS LLP
700 K Street, NW
Washington, DC 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
john.taladay@bakerbotts.com
erik.koons@bakerbotts.com
stacy.turner@bakerbotts.com
christopher.wilson@bakerbotts.com

Lauri A. Kavulich
Ann E. Lemmo
CLARK HILL PLC
2001 Market St, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8500
Facsimile: (215) 640-8501
lkavulich@clarkhill.com
alemmo@clarkhill.com

Lindsay S. Fouse
CLARK HILL PLC
301 Grant St, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Facsimile: (412) 394-2555
lfouse@clarkhill.com

*Counsel for Defendants Sun Pharmaceutical Industries, Inc. and Taro Pharmaceuticals U.S.A., Inc.*

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

/s/ Alison Tanchyk

J. Gordon Cooney, Jr.
Alison Tanchyk
John J. Pease, III
William T. McEnroe
Zachary M. Johns
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
(215) 963-5001 (fax)
gordon.cooney@morganlewis.com
alison.tanchyk@morganlewis.com
john.pease@morganlewis.com
william.mcenroe@morganlewis.com
zachary.johns@morganlewis.com

Amanda Robinson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000
(202) 739-3001 (fax)
amanda.robinson@morganlewis.com

*Counsel for Defendant,*
*Teva Pharmaceuticals USA, Inc.*

/s/ Damon W. Suden

William A. Escobar
Damon W. Suden
Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-7800
Facsimile:  (212) 808-7987
wescobar@kelleydrye.com
dsuden@kelleydrye.com
ckatz@kelleydrye.com

*Counsel for Defendant Wockhardt USA*
*LLC*

/s/ Jay P. Lefkowitz

Jay P. Lefkowitz, P.C.
Devora W. Allon, P.C.
Alexia R. Brancato
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
(212) 909-3344
lefkowitz@kirkland.com
devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Counsel for Defendant Upsher-Smith*

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

/s/ Jason R. Parish
Jason R. Parish
BUCHANAN INGERSOLL & ROONEY PC
1700 K Street, NW
Washington, DC 20006
Telephone: (202) 452-7900
Fax: (202) 452-7989

Bradley J. Kitlowski
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 562-8800
Fax: (412) 562-1041

*Counsel for Defendant Zydus Pharmaceuticals (USA) Inc.*

/s/ G. Robert Gage, Jr.
G. Robert Gage, Jr.
GAGE SPENCER & FLEMING LLP
410 Park Avenue
New York, NY 10022
Telephone: (212) 768-4900
grgage@gagespencer.com

*Counsel for Defendant Ara Aprahamian*

/s/ Robert E. Connolly
Robert E. Connolly
LAW OFFICES OF ROBERT E. CONNOLLY
1735 Market Street
Suite A, #469
Philadelphia, Pa. 19103
Telephone: (215) 219-4418
bob@reconnollylaw.com

*Counsel for Defendant James Grauso*

/s/ Guy Petrillo
Guy Petrillo
Christina Karam
PETRILLO KLEIN & BOXER LLP
655 Third Ave.
22nd Floor
New York, NY 10017
212-370-0330

*Counsel for Defendant Douglas Boothe*

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER

*/s/ L. Barrett Boss*
L. Barrett Boss
S. Rebecca Brodey
Thomas J. Ingalls
COZEN O'CONNOR P.C.
1200 19th Street NW, Suite 300
Washington, DC 20036
Telephone: (202) 912-4814
Facsimile: (866) 413-0172
bboss@cozen.com
rbrodey@cozen.com
tingalls@cozen.com

Peter M. Ryan
COZEN O'CONNOR P.C.
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2130
Facsimile: (215) 701-2157
pryan@cozen.com

*Counsel for Defendant James Nesta*

*/s/ Charles S. Leeper*
Charles S. Leeper
Kenneth M. Vorrasi
Alison M. Agnew
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW, Suite 1100
Washington, DC 20005
Telephone: 202-842-8800
Facsimile: 202-842-8465
charles.leeper@faegredrinker.com
kenneth.vorrasi@faegredrinker.com
alison.agnew@faegredrinker.com

*Counsel for Defendant John Wesolowski*

*/s/ Michael Weinstein*
Michael Weinstein
COLE SCHOTZ P.C.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
201-489-3000
201-489-1536 Facsimile
mweinstein@coleschotz.com

*Counsel for Defendant Walter Kaczmarek*

*/s/ Richard L. Scheff*
Richard L. Scheff
Bianca A. Valcarce
ARMSTRONG TEASDALE LLP
2005 Market Street, 29th Floor
One Commerce Square
Philadelphia, PA 19103
Telephone: (267) 780-2000
Facsimile: (215) 405-9070
rlscheff@atllp.com
bvalcarce@atllp.com

*Counsel for Defendant Kurt Orlofski*

PUBLIC VERSION – FILED WITH REDACTIONS
REDACTED PURSUANT TO MDL 2724 PROTECTIVE ORDER