IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**ORDER**

Special Discovery Master Bruce Merenstein has issued the Fifth Report and Recommendation ("R&R") concerning the order of deposition questioning of four former employees of Defendant Sandoz, who are cooperating with Plaintiffs. The R&R concluded that Defendants, who noticed the depositions, should question the witnesses first at their depositions as these witnesses are not aligned or identified with Defendants.[1]

Plaintiffs object, contending that the depositions are properly considered as depositions *de bene esse*[2] and therefore should be conducted as at a trial, with Plaintiffs questioning the witnesses first, and then Defendants cross-examining the witnesses.[3] Plaintiffs argue that to do otherwise would create a confusing transcript and subject the cooperating witnesses to the

---

[1] Plaintiffs argue that the cooperating witnesses have entered into agreements with some, but not all Plaintiffs, and that Sandoz also can call the witnesses to testify at trial, but that "many Plaintiffs and most Defendants" cannot. Pls.' Obj. [MDL Doc. No. 2307] at 5. It does not appear that the cooperating witnesses could be considered to be defense witnesses in any event.

[2] A deposition *de bene esse* is "taken when the witness will likely be unable to attend a scheduled court hearing. Unlike most depositions, a *deposition de bene esse* is not a so-called 'discovery deposition' but a deposition to preserve testimony." Bryan A. Garner, *A Dictionary of Modern Legal Usage* 250 (2d ed. 1995) (italics in original).

[3] Plaintiffs cite Federal Rule of Civil Procedure 30(c)(1), which provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Rule 30(c)(1) does not speak to the order of examination, only to the applicability of the Rules of Evidence to the deposition.

burden of testifying at potentially as many as 80 trials.[4] Defendants argue that fact discovery is ongoing and that they are entitled to learn through deposition about the witnesses' knowledge before trial testimony is taken.

Discovery depositions serve different purposes than depositions taken for use at trial.[5] The Court agrees with the Special Discovery Master that "Plaintiffs' purported need and intent to treat these depositions as trial depositions does not trump [D]efendants' right to conduct discovery of witnesses who are likely to be critical to [P]laintiffs' cases."[6]

Plaintiffs rely upon a special master's report and recommendation in the Essure mass tort litigation, which determined that the plaintiffs should first examine the plaintiffs' treating physicians.[7] In that litigation, the district court balanced the interests of the parties and the availability of the physicians and ordered that:

> Where a treating physician is within the subpoena power of the Court and can be compelled to testify in person at trial, defendants shall have priority to examine the witness first during the discovery deposition. Where a treating physician is beyond the subpoena power of the Court and where the plaintiff would have otherwise called the witness to testify in person during plaintiffs' case-in-chief, plaintiff shall have priority to examine the witness first.[8]

With regard to the cooperating witnesses in the MDL, it has not been established that any of the four witnesses will not be available for any potential trial (and in particular, the bellwether

---

[4] One of the witnesses, identified on the record as CW-3, has filed a memorandum in support of Plaintiffs' objection. MDL Doc. No. 2323.

[5] *See, e.g., Teva Pharmaceuticals, USA, Inc. v. Abbott Labs.*, Nos. 02-1512, 03-120, 05-340, 2008 WL 4809116, at *1 (D. Del. Nov. 5, 2008) ("Discovery depositions are different from trial depositions; i.e., the scope of relevance is very broad during discovery and, therefore, discovery depositions might be prejudicial if allowed at trial.").

[6] R&R at 11.

[7] *McLaughlin v. Bayer Essure, Inc.*, No. 14-7315, 2020 WL 2896681 (E.D. Pa. Apr. 13, 2020), *report and recommendation approved*, *McLaughlin v. Bayer Essure, Inc.*, No. 14-7315, Doc. No. 616 (E.D. Pa. May 1, 2020).

[8] *McLaughlin v. Bayer Essure, Inc.*, No. 14-7315, Doc. No. 617 (E.D. Pa. May 1, 2020).

trials), and it certainly has not been established that it is impractical to conduct discovery depositions first, and if necessary, to conduct subsequent trial depositions.[9]

**AND NOW**, this 12th day of January 2023, upon consideration of Special Discovery Master Bruce Merenstein's Fifth Report and Recommendation [MDL Doc. No. 2301], and the objections and responses thereto, and for the reasons discussed above, it is hereby **ORDERED** that:

1. The Motions to Seal [MDL Doc. Nos. 2305 and 2318] are **GRANTED**.

2. The Objections are **OVERRULED** and the Report and Recommendation is **APPROVED** and **ADOPTED** as set forth herein.

3. At the discovery depositions, Defendants shall question Plaintiffs' cooperating witnesses first.

It is so **ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**

---

[9] Under PTO 188, witnesses "shall be deposed no more than once, unless by agreement of the parties or by order of the Court for good cause shown." PTO 188 at 2. *Accord* Fed. R. Civ. P. 30(a)(2)(ii) (requiring leave of court if the parties have not stipulated to the deposition and the deponent has already been deposed in the case). If the witnesses would be unavailable to testify at trial, that presumably would constitute good cause. If it were shown that a witness would have to testify at numerous trials—a concern echoed in the filing by CW-3, one of the witnesses—that too could provide a basis for seeking a trial deposition at the appropriate time. The Court does not consider it an undue burden for a small number of key witnesses to sit for two depositions.