# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724** <br> **16-MD-2724** <br> **HON. CYNTHIA M. RUFE** |

**THIS DOCUMENT RELATES TO:**

| | |
|---|---|
| *In re: Generic Pharmaceuticals Pricing Antitrust Litigation* | **16-md-2724** |
| *In Re: Econazole Nitrate Cases (Direct Purchaser)* | **16-EC-27241** |
| *In Re: Econazole Nitrate Cases (End-Payer)* | **16-EC-27242** |
| *In Re: Econazole Nitrate Cases (Indirect Resellers)* | **16-EC-27243** |
| *The Kroger Co. et al. v. Actavis Holdco U.S., Inc. et al.* | **18-cv-00284** |
| *Humana Inc. v. Actavis Elizabeth, LLC et al.* | **18-cv-03299** |
| *United HealthCare Services, Inc. v. Actavis Holdco U.S., Inc. et al.* | **19-cv-00629** |
| *Humana Inc. v. Actavis Elizabeth, LLC et al.* | **19-cv-04862** |
| *Health Care Service Corp. v. Actavis Elizabeth, LLC et al.* | **19-cv-05819** |
| *119EIU National Benefit Fund et al. v. Actavis Holdco U.S. Inc., et al.* | **19-cv-06011** |
| *MSP Recovery Claims, Series LLC et al v. Actavis Elizabeth LLC et al.* | **20-cv-00231** |
| *Molina Healthcare, Inc. v. Actavis Elizabeth, LLC et al.* | **20-cv-00695** |
| *Cesar Castillo, Inc. et al. v. Actavis Holdco U.S., Inc. et al.* | **20-cv-00721** |

| | |
|---|---|
| *Harris County, Texas v. Teva Pharmaceuticals USA, Inc. et al.* | **20-cv-02296** |
| *Cigna Corp. v. Actavis Holdco US, Inc., et al.* | **20-cv-02711** |
| *Rite Aid Corporation et al. v. Actavis Holdco U.S., Inc. et al.* | **20-cv-03367** |
| *The State of Connecticut et al. v. Sandoz, Inc., et al.* | **20-cv-03539** |
| *J M Smith Corporation v. Actavis Holdco U.S., Inc. et al.* | **20-cv-04370** |
| *County of Suffolk v. Actavis Holdco US, Inc. et al.* | **20-cv-04893** |
| *Walgreen Company v. Actavis Holdco U.S., Inc. et al.* | **20-cv-06258** |
| *Winn-Dixie Stores, Inc. et al. v. Actavis Holdco U.S. Inc., et al.* | **20-cv-06290** |
| *CVS Pharmacy, Inc. v. Actavis Elizabeth, LLC, et al.* | **20-cv-06310** |
| *United HealthCare Services, Inc. v. Sandoz, Inc. et al.* | **20-cv-06557** |
| *County of Albany et al. v. Actavis Holdco US, Inc. et al.* | **21-cv-01875** |

## ORDER

**AND NOW**, this 21st day of February 2023, upon consideration of the Motion of

Brian J. Smith, Michael E. Martinez, Victoria S. Pereira, and K&L Gates LLP to Withdraw as

Counsel for Defendant Teligent, Inc. [MDL Doc. No. 2341 and as docketed in the above-

captioned cases], it is hereby **ORDERED** that the Motion is **GRANTED** and the appearances

of these attorneys are **WITHDRAWN**.[1] It is further **ORDERED** that Withdrawing Counsel

shall provide a copy of this Order to the Bankruptcy Plan Administrator.

It is so **ORDERED**.

**BY THE COURT:**

**/s/Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

---

[1] Movants seek to withdraw as counsel for Defendant Teligent, Inc. Movants represent that as a result of bankruptcy proceedings, substantially all of the assets of Teligent have been sold, the Chapter 11 Plan has been confirmed, and a Plan Administrator is working to resolve any claims filed in the bankruptcy case and distribute any remaining assets. Movants further represent that before filing the bankruptcy cases, Teligent provided discovery in the MDL, and in July 2022, Teligent and the End-Payer Plaintiffs stipulated to a limited lifting of the automatic stay for the purpose of limited discovery. Movants state that they no longer represent Teligent and that the Plan Administrator consents to the withdrawal, supports the motion to withdraw, and does not wish to have substitute counsel enter an appearance on behalf of Teligent at this time. No party to the MDL has objected to the Motion.

"As a general rule, if a corporation is to be represented in court, this representation must be made through counsel." *Buschmeier v. G&G Investments, Inc.*, 222 F. App'x 160, 162 (3d Cir. 2007). However, counsel may be permitted to withdraw, even if the corporate entity will be left unrepresented, if appropriate in the context of a particular case. *Ohnstrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014). "Rules regarding attorney withdrawal are necessarily general because of the context-laden nature of such determinations" and "there is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal." *Id.* The "outer boundary" of a district court's discretion in determining whether to grant withdrawal is marked  by "[t]he point at which the law firm no longer serves a meaningful purpose in the case. . . because withdrawal would be required at that point." *Id.* Withdrawal may be warranted even if it will result in a default judgment against the corporate defendant. *Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 82, 85 (3d Cir. 2013). This Court must consider whether the orderly management of the MDL will be disrupted if Defendant Teligent, although still named as a party, is no longer represented by counsel. As set forth above, Plaintiffs have had an opportunity to conduct limited discovery, any assets apparently will be distributed through the bankruptcy proceedings, the Plan Administrator agrees to the withdrawal, and, significantly, no party to the MDL has objected to the withdrawal. The Court therefore will grant the motion.