IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**ORDER**

Special Master David Marion has issued a Fourteenth Report and Recommendation ("R&R") concerning a discovery dispute between Defendant Lupin Pharmaceuticals, Inc. and certain Plaintiffs. Plaintiffs have conducted three depositions of key Lupin witnesses about pricing practices, policies, and procedures as fact witnesses under Federal Rule of Civil Procedure 30(b)(1). Plaintiffs also seek to compel testimony on 15 topics from corporate designees of Lupin under Rule 30(b)(6).[1] Lupin maintains that the depositions would be cumulative and duplicative of the deposition testimony of three Lupin executives who testified over four days and are unreasonable as to the time frame. After the parties failed to reach agreement through the meet-and-confer process, the Special Master issued the Fourteenth R&R, recommending that Plaintiffs be permitted to conduct the 30(b)(6) deposition(s) and that Plaintiffs should endeavor to eliminate avoidable repetition and duplication, "for example by

---

[1] The Topics seek information on (1) joint ventures and supply arrangements; (2) prices; (3) gross or net prices, rebates, discounts, billbacks, and returns; (4) gross or net profit margins and rates of return; (5) financial performance; (6) demand; (7) manufacturing capacity allocation and utilization; (8) formulary treatment; (9) bidding; (10) cost of goods sold; (11) fees in pricing; (12) investigation of facts related to the allegations at issue including in response to government investigations; (13) methods and procedures for preserving, identifying, and producing discovery; (14) pricing measures; and (15) actual or potential competitors and market share information. Pls.' Notice 30(b)(6) Dep. [MDL Doc. No. 2331-8] at 4-7.

seeking that excerpts from prior testimony from previous depositions be stipulated to be accorded the attributes of a 30(b)(6) deposition."[2]

Lupin has filed objections, arguing that Topics 2-6, 8, 9, 11, 14, and 15 of Plaintiffs' 30(b)(6) deposition notice should be quashed, and that the time period for the 30(b)(6) deposition should be limited.[3] Lupin supports its position with a 73-page PowerPoint presentation that it contends demonstrates how the pricing issues have been thoroughly explored.[4] Plaintiffs maintain that there are gaps in the testimony and that the Rule 30(b)(6) notice is appropriate. The Court will approve the R&R as modified below.

In general, the prior deposition testimony of fact witnesses does not "relieve[] a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6)" notice.[5] Some courts have granted protective orders where the individual deposition would render a 30(b)(6) deposition "cumulative"[6] or "duplicative and unduly burdensome."[7] Other courts have applied a multi-layered standard, holding that "[t]he circumstances under which a court has allowed fact witness testimony in lieu of Rule 30(b)(6) testimony are when a party has: (1) offered to be bound by an individual testimony previously provided; (2) produced significant

---

[2] R&R [MDL Doc. No. 2310] at 3.

[3] In the objections to the 30(b)(6) notice, Lupin stated that it "will not designate," or "does not intend to designate," "a witness to testify about" Topic Nos. 1, 7, 10, 12, and 13. Objs. and Resps. [MDL Doc. No. 2332] at 5, 9, 13, 15. Before the Special Master, Lupin represented that Plaintiffs withdrew without prejudice Topics 12 and 13. Lupin's Letter of Dec. 12, 2022 [MDL Doc. No. 2331-3] at 3. It appears that Plaintiffs did agree to reserve the right to seek testimony sought for Topics 12 and 13 pending other discovery and developments. Pls.' Email of Nov. 28, 2022 [MDL Doc. No. 2331-6] at 1. The Court deems Topics 12 and 13 to have been withdrawn without prejudice.

[4] Lupin's Ex. 1 [MDL Doc. No. 2333]. Plaintiffs have countered this submission with a chart critiquing the presentation, to which Lupin has responded with its own chart. *See* Pls.' Ex. 2 [MDL Doc. Nos, 2345]; Lupin's Ex. A [MDL Doc. No. 2362]. Plaintiffs also have pointed out testimony where the witnesses did not recall certain matters. Pls.' Ex. 3 [MDL Doc. No. 2345-1], to which Lupin also responded Lupin's Ex. B [MDL Doc. No. 2362-1].

[5] *Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, No. 18-11273, 2022 WL 3369661, at *5 (D.N.J. Aug. 16, 2022) (internal quotation marks and citations omitted).

[6] *Novartis Pharms. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 163 (D. Del. 2001).

[7] *Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 415 (D. Del. 2010).

discovery to the extent that deposition of a corporate designee would be unduly burdensome; and (3) agreed to allow individuals who were deposed in the absence of any additional corporate designee to testify as to corporate knowledge."[8] The Court will focus on whether the depositions would be cumulative or unduly burdensome, harmonizing Rule 30(b)(6) and the requirement of Rule 26 that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[9]

Under Rule 26, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."[10] The Court must factor in "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[11] These proportionality factors "should not be treated as separate and discrete grounds to limit discovery so much as indicia of proper use of discovery mechanisms; they do not call for . . . complex analysis."[12]

Pretrial Order ("PTO") No. 158, the stipulated case management order, also informs the outcome of this dispute.[13] PTO 158 contemplates that the same person may be deposed both as a

---

[8] *Occidental Chem. Corp.*, 2022 WL 3369661, at *5 (citing *Munich Reinsurance Am., Inc. v. Am. Nat. Ins. Co.*, No. 09-6435, 2011 WL 1466369, at *26 (D.N.J. Apr. 18, 2011)).

[9] Fed. R. Civ. P. 26(b)(1). *See United States ex rel. Patzer v. Sikorsky Aircraft Corp.*, No. 11-C-0560, 2022 WL 784522, at *1 (E.D. Wis. Mar. 15, 2022).

[10] Rule 26 Advisory Committee Notes (2015).

[11] Fed. R. Civ. P. 26(b)(1).

[12] *Cropper v. Stanley Black & Decker, Inc.*, No. 21-2201, 2022 WL 11471100, at *2 (E.D. Pa. Oct. 20, 2022) (citing 8 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2008.1 (3d ed. 2021)). The Court's decision in *Nippo Corp./International Bridge Corp. v. AMEC Earth & Environmental, Inc.*, No. 09-956, 2009 WL 4798150 (E.D. Pa. Dec. 11, 2009), arose in entirely different circumstances that concerned what testimony could be provided by lay witnesses with regard to a damages calculation prepared by an expert.

[13] PTO 158 provides in relevant part that:

fact witness and as a corporate representative, although it does not require two such depositions. PTO 158 also directs the parties to cooperate in avoiding unnecessary multiple depositions and to confer in good faith as to modifications to time limits.

The MDL is highly complex and concerns issues of great importance to the parties and to the public. However, that does not mean that anything goes in discovery, and the Court must consider the role of a particular party within the MDL. After considering the voluminous briefing both in this Court and before the Special Master, the Court concludes that requiring a Rule 30(b)(6) deposition subject to certain conditions is not unduly burdensome or disproportionate to the MDL or to Lupin's role therein. As the witnesses have testified extensively, Plaintiffs shall not duplicate questions that have been fully answered in previous depositions, and a corporate representative who has been previously deposed may affirm the answers previously given when appropriate in the context of the examination and done in good faith.

The parties specifically seek additional guidance and clarity as to the time frame to apply to the Rule 30(b)(6) depositions.[14] For most of the Topics, Plaintiffs seek data from 2010-2018. For Topics 2 and 10, which relate to damages, Plaintiffs seek information to the present. Lupin

---

> In the event that a party believes it is likely to designate a fact witness who is the subject of a deposition notice as a Rule 30(b)(6) representative, or in the event that counsel on either side become aware that a witness who has been designated as a Rule 30(b)(6) designee is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate to avoid unnecessary multiple depositions of the same witness. The parties shall meet and confer in good faith regarding appropriate and reasonable modifications to time limits for depositions of any witnesses who will be deposed in both their individual and representative capacities. A party may designate an individual as a corporate representative for a deposition under Rule 30(b)(6) whether or not the individual previously has been deposed, or may be deposed, as a fact witness.

PTO 158 [MDL Doc. No. 1688] ¶ B4.

[14] The R&R did not specifically address the question of the appropriate time frame, but as the recommendation permits the depositions to proceed, it implicitly accepted the time frames sought by Plaintiffs.

argues that the time frame should be "a 4.5 year period starting six months before the first Lupin allegation for each Lupin drug, and ending with the MDL complaint."[15]

Upon consideration of the parties' arguments and the discovery matters brought before the Court, the Court sets the time frame at "[o]ne year before the earlier of (i) the first complained-of price increase involving any drug for which the responding Defendant is alleged to have engaged in a drug-specific price-fixing conspiracy, or (ii) the first communication or other alleged activity in furtherance of the overarching conspiracy alleged in any complaint in the MDL specifically involving the responding Defendant, through the date of filing of the first complaint in the MDL naming the responding Defendant."[16] The Court determines that this framework, already known to the parties, takes into consideration the allegations as to individual Defendants and drugs, and although originally focused on the production of data, is a reasonable standard to apply to the Rule 30(b)(6) depositions, absent any other agreement of the parties or a specific showing as to certain areas of inquiry. With regard to the Topics that Plaintiffs maintain relate specifically to damages (Topics 2 and 10), Plaintiffs have shown cause for the time period to extend until the present.

Finally, the Court notes that coordination of the discovery to allow for Rule 30(b)(1) and 30(b)(6) depositions of the same witnesses at the same time could have avoided this extended imbroglio, and going forward, the parties should make every effort to avoid a repeat of this dispute.

---

[15] Lupin's Objs. [MDL Doc. No. 2331] at 14.

[16] This time frame was proposed by Special Discovery Master Bruce Merenstein in connection with the production of unstructured data, and was brought before the Court in the resolution of certain global discovery disputes. Letter of Bruce Merenstein dated April 3, 2019, *incorporated into* PTO 82 [*see* MDL Doc. No. 930]. The letter proposed a different time period for structured data that was tied solely to each particular drug, which is less useful in the present context.

**AND NOW**, this 7th day of March 2023, upon consideration of Special Master David Marion's Fourteenth Report and Recommendation [MDL Doc. No. 2310], and the objections and responses thereto, and for the reasons discussed above, it is hereby **ORDERED** that the R&R is **APPROVED as modified**.

It is so **ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**