## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br><br>Case No. 2:16-MD-02724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | Hon. Cynthia M. Rufe |

## CERTAIN DEFENDANTS' SUR-REPLY IN RESPONSE TO UNITED STATES' MOTION TO CLARIFY OR, IN THE ALTERNATIVE, AMEND THE MODIFIED PROTECTIVE ORDER

The Department of Justice's ("DOJ") Reply in Support of United States' Motion to Clarify or Amend the Modified Protective Order ("Reply") provides no colorable basis for granting the extraordinary relief the DOJ seeks. Rather, the Reply underscores the impropriety of the DOJ's request and just how disruptive granting the DOJ's motion would be to this MDL.

*First*, the DOJ's Reply demonstrates the extent to which the DOJ misunderstands Federal Rule of Criminal Procedure 17's ("Rule 17") purpose: "Rule 17 is not a panacea, and relying on it here presents more problems than solutions." ECF No. 2399 at 4. Indeed, Rule 17 is not a "panacea." It is a carefully crafted rule that exists to ensure a criminal defendant's substantive due process rights are respected, while allowing the government access to tailored discovery it needs to prosecute its case. This discovery includes the prior statements of trial witnesses. *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980) ("[R]ule 17(c) permits a party to subpoena . . . prior statements of the witness.").

The DOJ's view that it is inconvenient here to seek discovery under Federal Rules of Criminal Procedure is of no consequence. *Cuthbertson* is the established law of this Circuit and

1

one need go no further than its facts to understand why the DOJ's complaints here are misguided. In *Cuthbertson*, the initial Rule 17 subpoena was served a month before trial.  The trial court confronted the arguments made on a motion to quash "immediately instead of waiting for the trial . . . to afford an opportunity to obtain appellate review of the court's [] decision before the start of the trial." *Cuthbertson*, 630 F.2d at 143.  Criminal trial courts regularly address discovery issues under Rule 17 in a way that allows criminal trials to proceed efficiently.  The DOJ's hollow claim that seeking witnesses' prior sworn statements via Rule 17 would present "extraordinary challenges and would cause lengthy delays" ignores the common, sanctioned practice in this Circuit and in federal trial courts around the country.  ECF No. 2399 at 4.

Furthermore, the DOJ claims that Defendants' "invocation of Rule 17 is a red herring," merely a "more burdensome" "alternative" to procuring discovery in a criminal case.  *Id.* at 5.  At its core, the DOJ's argument is that forcing it to obtain materials in relation to *criminal cases* via the *criminal rules*, which preserve the ability of criminal defendants and third parties to object prior to the disclosure of information, poses some undescribed "burden" on it.  But Rule 17—and the provisions of the Protective Order that would be triggered by a Rule 17 subpoena—exist to protect the rights of criminal defendants and third parties alike, and to ensure that the court overseeing the criminal cases decides what post-indictment discovery the DOJ should obtain.  In other words, the only "burden" the DOJ is facing here is the burden in complying with the law.

DOJ does not cite any case supporting its position that Rule 17 and the rights it protects can be ignored.  Instead, the DOJ only cites two cases involving *civil litigants*, neither of which apply here.  In *United Nuclear Corp. v. Cranford Ins. Co.*, the court held that, "[W]here an appropriate modification of a protective order can place ***private*** litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only

where it would tangibly prejudice substantial rights of the party opposing modification." 905 F.2d 1424, 1428 (10th Cir. 1990) (citation omitted) (emphasis added). This reasoning makes sense for private litigants in civil cases who are not parties to a criminal case and cannot seek discovery via the Federal Rules of Criminal Procedure. The same principle does not make sense here, where DOJ is seeking civil discovery to use in criminal cases that DOJ itself has brought. The DOJ's reliance on *In re Application of Hill*, No. M19-117(RJH), 05CV999996, 2007 WL 1226141 (S.D.N.Y. Apr. 23, 2007) is similarly misplaced. There, the court found that the private litigants resisting intervention demonstrated no prejudice in providing access to discovery they were already producing when the alternative was to force the intervenor to get discovery from a foreign jurisdiction. The DOJ cannot credibly claim that use of Rule 17 to seek deposition transcripts from a civil proceeding in a U.S. court imposes the same burdens as seeking foreign discovery.

Indeed, it is telling that the DOJ has not cited a single case in which a civil court has substituted its judgment for Criminal Rule 17 and that of a criminal court in order to provide the prosecution with post-indictment discovery in advance of a criminal trial. The DOJ's attempt to do just that here is particularly troubling, as the DOJ does not even specify which transcripts it wants to use in the criminal cases. Nor could it, at this stage, given that the parties in the criminal cases have not even exchanged witness lists at this point. Rather, the DOJ relies on a general assumption that unnamed civil deponents will perjure themselves, offers no basis to support that assumption, and then questions why such a bold supposition by a prosecutor may cause a witness to decline to testify at all.

*Second*, the DOJ indecorously glides past the prejudice articulated by Defendants in their Opposition by simplistically stating that "the word 'prejudice' is nowhere to be found in the defendants' ten-page opposition." ECF No. 2399 at 2. As plainly stated in the Opposition and

above, Rule 17 exists to protect the substantive due process rights of criminal defendants.  It also ensures that the DOJ's ability to obtain post-indictment discovery in a criminal case is ruled on by the Judge presiding over that case.  Allowing the DOJ to circumvent Rule 17 runs afoul of those rights and procedures and ignores established law in this Circuit.  *See Cuthbertson*, 630 F.2d at 144.  This is dispositive.

Moreover, the DOJ ignores that its request implicates the rights of dozens of other corporate entities and individuals, all of whom will lose their ability to object to the use of their discovery or, candidly, to even know that their discovery is being used in a criminal case in which they have not been charged.  ECF No. 2390 at 2, 5.  Allowing the DOJ access to MDL discovery will, at a minimum, nullify the procedural protections currently in place under the Protective Order. Parties and individuals will have no knowledge that their information is being used by the DOJ, much less how and why it is being used, and they will have no way to object to such use.  Instead of addressing these arguments, the DOJ continues to cite to inapposite cases that do not support the relief the DOJ seeks.  *See In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333, 339 (E.D. Pa. 2004) (discussing the standard for permissive intervention and interpretations of Federal Rule of Civil Procedure 24 (b)); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131-32 (9th Cir. 2003) (applying Federal Rule of Civil Procedure 26 to private intervenors seeking a protective order to obtain access to discovery); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) (allowing private litigant to intervene but remanding without ruling on proposed modification of confidentiality order). Each of these cases involves private litigants and circumstances completely different than those before this Court.[1]

---

[1] Furthermore, after relying on numerous grand jury cases in its opening papers, the DOJ now claims that it is not seeking access to the materials in question in order to further any criminal investigation, and that it "has taken steps to stay civil discovery since 2017."  ECF No. 2399 at 2.  What the DOJ has taken steps to do since 2017 is limit

*Third*, the DOJ continues to minimize the impact of the relief it seeks, claiming, "[t]he United States has merely asked the Court for permission to use . . . deposition transcripts in the Criminal Prosecutions so that it may protect the integrity of the criminal process, by ensuring the accuracy and clarity of witness testimony."  ECF No. 2399 at 3.  Although the DOJ asserts that it needs the civil deposition transcripts to hold witnesses who testify in the criminal case accountable, it offers no explanation for why this need justifies access to the civil deposition transcripts of all witnesses in the MDL, who far outnumber those unnamed witnesses who may testify in the criminal trials.  The absence of any justification supports the continued Protective Order restriction on the use of the civil deposition transcripts outside the MDL.  The DOJ's unfounded position that witnesses will certainly lie during MDL depositions can only have a chilling effect on MDL discovery.  When the government tells witnesses in a pending civil case that it needs access to all their upcoming, protected depositions because it expects them to lie, without providing any basis for such an expectation, the effect can only be to create pressure on witnesses in advance of their depositions.  Under such circumstances, it is not unreasonable for a witness to choose to assert their Fifth Amendment rights out of fear that zealous prosecutors, who have already formed their view of the facts, will disagree with a witness's honest testimony under oath.

Finally, the DOJ's repeated insistence that it only wants deposition transcripts underscores the disproportionate nature of the relief it seeks to its stated purpose.  The meaning it seeks to impute to the Protective Order will grant the DOJ access to all materials produced under that Protective Order.  Should this Court clarify or amend the Protective Order to mean what the DOJ wishes it to mean, there is no basis to distinguish between deposition transcripts or any other protected material. The sheer scope of its requested relief makes clear the prejudice that civil

---

Plaintiffs' and Defendants' access to discovery for use in the civil cases; what its motion seeks to do here is the exact opposite – expand its own access to civil discovery for use in the criminal cases.

Defendants and other parties will face should the DOJ be given such broad access to MDL discovery. The DOJ's reply makes clear just how disruptive that relief will be on discovery in this MDL and why its motion should be denied.

## **CONCLUSION**

For the reasons previously discussed, Defendants respectfully request that the Court deny the DOJ's Motion.

Dated: March 24, 2023

Respectfully submitted,

/s/ Dimitra Doufekias
Dimitra Doufekias
Megan E. Gerking
Robert W. Manoso
Alexa Rae DiCunzolo
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, DC 20037
Tel.: (202) 887-1500
Fax: (202) 887-0763
ddoufekias@mofo.com
mgerking@mofo.com
rmanoso@mofo.com
adicunzolo@mofo.com

Michael B. Miller
MORRISON & FOERSTER LLP
250 W 55th Street
New York, NY 10019
Tel.: (212) 468-8000
Fax: (212) 468-7900
mbmiller@mofo.com

*Counsel for Defendant Glenmark*
*Pharmaceuticals, Inc., USA*

/s/ Sheron Korpus
Sheron Korpus
Seth A. Moskowitz

Seth Davis
David M. Max
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
skorpus@kasowitz.com
smoskowitz@kasowitz.com
sdavis@kasowitz.com
dmax@kasowitz.com

*Counsel for Defendants Actavis Elizabeth,*
*LLC, Actavis Holdco U.S., Inc., and Actavis*
*Pharma, Inc.*

/s/ Robin P. Sumner
Robin P. Sumner
Michael J. Hartman
Melissa Hatch O'Donnell
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel. (215) 981-4000
Fax. (215) 981-4750

*Attorneys for Defendants Hikma
Pharmaceuticals USA, Inc., Hikma Labs,
Inc., West-Ward Columbus Inc., Amneal
Pharmaceuticals, Inc., Amneal
Pharmaceuticals LLC, Impax Laboratories,
Inc., and Impax Laboratories, LLC*

/s/ Marguerite M. Sullivan
Marguerite M. Sullivan
Anna M. Rathbun
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
marguerite.sullivan@lw.com
anna.rathbun@lw.com

*Counsel for Defendant G&W Laboratories*

/s/ Benjamin H. Diessel
Benjamin H. Diessel
Jenny R. Chou
Emmett Gilles
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06510
Tel: (203) 498-4400
Fax: (203) 782-2889
bdiessel@wiggin.com
jchou@wiggin.com

egilles@wiggin.com

Nathan E. Denning
WIGGIN AND DANA LLP
437 Madison Avenue, 35th Floor
New York, NY 10022
Tel: (212) 551-2600
Fax (212) 551-2888
ndenning@wiggin.com

*Counsel for Defendant Aurobindo Pharma
USA, Inc.*

/s/ Robin D. Adelstein
Robin D. Adelstein
Mark A. Robertson
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone: (212) 318-3000
Facsimile: (212) 408-5100
robin.adelstein@nortonrosefulbright.com
mark.robertson@nortonrosefulbright.com

*Counsel for Defendants Bausch Health
Americas, Inc. and Bausch Health US LLC*

/s/ Stacey Anne Mahoney
Stacey Anne Mahoney
Grant R. MacQueen
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
stacey.mahoney@morganlewis.com
grant.macqueen@morganlewis.com

*Counsel for Defendant Breckenridge
Pharmaceutical, Inc.*

/s/ Roger B. Kaplan
Roger B. Kaplan
Jason Kislin
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400

Florham Park, NJ 07931
Tel: (973) 360-7900
Fax: (973) 295-1257
kaplanr@gtlaw.com
kislinj@gtlaw.com
vannostranda@gtlaw.com

Brian T. Feeney
GREENBERG TRAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
Tel: (215) 988-7812
Fax: (215) 717-5265
feeneyb@gtlaw.com

*Counsel for Defendant*
*Dr. Reddy's Laboratories, Inc*

/s/ Ryan T. Becker
Ryan T. Becker
Nathan M. Buchter
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2000
Fax: (215) 299-2150
rbecker@foxrothschild.com
nbuchter@foxrothschild.com

George G. Gordon
Julia Chapman
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-2382
Fax: (215) 655-2240
george.gordon@dechert.com
julia.chapman@dechert.com

*Counsel for Defendant Lannett Company,*
*Inc.*

/s/ Amy B. Carver
Amy B. Carver
Welsh & Recker
306 Walnut Street
Philadelphia, PA 19106

Telephone: (215) 972-6430
Facsimile: (985) 617-1021
abcarver@welshrecker.com

*Counsel for Defendant Tracy Sullivan*
*DiValerio*

/s/ Colin R. Kass
Colin R. Kass
Proskauer Rose LLP
1001 Pennsylvania Ave, NW
Suite 600 South
Washington, DC 20004
Telephone: (202) 416-6890
Facsimile: (202) 416-6899
ckass@proskauer.com

Bradley I. Ruskin
David A. Munkittrick
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
bruskin@proskauer.com
dmunkittrick@proskauer.com

Meg Slachetka
Leiv Blad
COMPETITION LAW PARTNERS
1101 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 742-4300
meg@competitionlawpartners.com
leiv@competitionlawpartners.com

*Counsel for Defendant Lupin*
*Pharmaceuticals, Inc.*

/s/ Chul Pak
Chul Pak
WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019

Telephone: (212) 999-5800
Facsimile: (212) 999-5899
cpak@wsgr.com

Seth C. Silber
Jeffrey C. Bank
WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
1700 K Street, NW, 5th Floor
Washington, D.C. 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
ssilber@wsgr.com
jbank@wsgr.com

Benjamin F. Holt
Adam K. Levin
Justin W. Bernick
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
benjamin.holt@hoganlovells.com
adam.levin@hoganlovells.com
justin.bernick@hoganlovells.com

Jasmeet K. Ahuja
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
jasmeet.ahuja@hoganlovells.com

*Counsel for Mylan Defendants*

*/s/  J. Clayton Everett, Jr.*
J. Clayton Everett, Jr.
William S.D. Cravens
Neaha P. Raol
Y. Frank Ren
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  +1.202.739.3000
Facsimile:  +1.202.739.3001
clay.everett@morganlewis.com

william.cravens@morganlewis.com
neaha.raol@morganlewis.com
frank.ren@morganlewis.com

Molly R. Maidman
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
Telephone:  +1.617.341.7996
Facsimile:  +1.617.341.7701
molly.maidman@morganlewis.com

Harvey Bartle IV
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone:  +1.215.963.5000
Facsimile:  +1.215.963.5001
harvey.bartle@morganlewis.com

*Counsel for Defendants Perrigo New York,*
*Inc. and Perrigo Company plc*

*/s/ Ilana H. Eisenstein*
Ilana H. Eisenstein
Whitney Cloud
Ben C. Fabens-Lassen
DLA PIPER LLP (US)
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
ilana.eisenstein@dlapiper.com
whitney.cloud@dlapiper.com
ben.fabens-lassen@dlapiper.com

Edward S. Scheideman
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
edward.scheideman@dlapiper.com

*Counsel for Defendants Pfizer Inc. and*
*Greenstone LLC*

*/s/ Alison Tanchyk*

J. Gordon Cooney, Jr.
Alison Tanchyk
John J. Pease, III
William T. McEnroe
Zachary M. Johns
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
(215) 963-5001 (fax)
gordon.cooney@morganlewis.com
alison.tanchyk@morganlewis.com
john.pease@morganlewis.com
william.mcenroe@morganlewis.com
zachary.johns@morganlewis.com

Amanda Robinson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000
(202) 739-3001 (fax)
amanda.robinson@morganlewis.com

*Counsel for Defendant,*
*Teva Pharmaceuticals USA, Inc.*

*/s/ Damon W. Suden*
William A. Escobar
Damon W. Suden
Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-7800
Facsimile:  (212) 808-7987
wescobar@kelleydrye.com
dsuden@kelleydrye.com
ckatz@kelleydrye.com

*Counsel for Defendant Wockhardt USA*
*LLC*

*/s/ Jay P. Lefkowitz*
Jay P. Lefkowitz, P.C.

Devora W. Allon, P.C.
Alexia R. Brancato
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
(212) 909-3344
lefkowitz@kirkland.com
devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Counsel for Defendant Upsher-Smith*

*/s/ Jason R. Parish*
Jason R. Parish
BUCHANAN INGERSOLL & ROONEY
PC
1700 K Street, NW
Washington, DC 20006
Telephone: (202) 452-7900
Fax: (202) 452-7989

Bradley J. Kitlowski
BUCHANAN INGERSOLL & ROONEY
PC
Union Trust Building
501 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 562-8800
Fax: (412) 562-1041

*Counsel for Defendant Zydus*
*Pharmaceuticals (USA) Inc*

*/s/ Robert E. Connolly*
Robert E. Connolly
LAW OFFICE OF ROBERT CONNOLLY
1735 Market Street
Suite A, #469
Philadelphia, Pa. 19103
Telephone: (215) 219-4418
bob@reconnollylaw.com

*Counsel for Defendant James Grauso*

*/s/ Guy Petrillo*
Guy Petrillo
Christina Karam

PETRILLO KLEIN & BOXER LLP
655 Third Ave.
22nd Floor
New York, NY 10017
212-370-0330

*Counsel for Defendant Douglas Boothe*

/s/ L. Barrett Boss
L. Barrett Boss
S. Rebecca Brodey
Thomas J. Ingalls
COZEN O'CONNOR P.C.
1200 19th Street NW, Suite 300
Washington, DC 20036
Telephone: (202) 912-4814
Facsimile: (866) 413-0172
bboss@cozen.com
rbrodey@cozen.com
tingalls@cozen.com

Peter M. Ryan
COZEN O'CONNOR P.C.
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2130
Facsimile: (215) 701-2157
pryan@cozen.com

*Counsel for Defendant James Nesta*

/s/ Robert E. Welsh, Jr.
Robert E. Welsh, Jr.
Richard D. Walk, III
WELSH AND RECKER, P.C.
306 Walnut Street
Philadelphia, PA 19106
Tel: 215-972-6430
Fax: 1-985-617-1021
rewelsh@welshrecker.com
rwalk@welshrecker.com

*Counsel for Kevin Green*

/s/ Michael Weinstein

Michael Weinstein
COLE SCHOTZ P.C.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey  07602-0800
201-489-3000
201-489-1536  Facsimile
mweinstein@coleschotz.com

*Counsel for Defendant Walter Kaczmarek*

/s/ Charles S. Leeper
Charles S. Leeper
Kenneth M. Vorrasi
Alison M. Agnew
FAEGRE DRINKER BIDDLE & REATH
LLP
1500 K Street, NW, Suite 1100
Washington, DC  20005
Telephone:  202-842-8800
Facsimile:  202-842-8465
charles.leeper@faegredrinker.com
kenneth.vorrasi@faegredrinker.com
alison.agnew@faegredrinker.com

*Counsel for Defendant John Wesolowski*

/s/ Richard L. Scheff
Richard L. Scheff
Bianca A. Valcarce
ARMSTRONG TEASDALE LLP
2005 Market Street, 29th Floor
One Commerce Square
Philadelphia, PA 19103
Telephone: (267) 780-2000
Facsimile: (215) 405-9070
rlscheff@atllp.com
bvalcarce@atllp.com

*Counsel for Defendant Kurt Orlofski*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2023, I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's system, and notice of this filing will be sent to these parties by operation of the Court's electronic filing system.

*/s/ Dimitra Doufekias*
Dimitra Doufekias

*Counsel for Defendant*
Glenmark Pharmaceuticals Inc., USA