IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**ORDER**

The United States, as Intervenor in this Multi-District Litigation, seeks a ruling that Pretrial Order No. 195 ("PTO 195"), the Modified Protective Order, "does not prohibit the United States' use of MDL deposition transcripts"[1] in the pending criminal cases.[2] The United States takes the position that having been granted intervenor status, it is a party entitled to obtain deposition transcripts. In the alternative, the United States argues that if PTO 195 does not allow it to obtain and use the deposition transcripts in the criminal cases, then PTO 195 should be amended to add language that "[n]othing in this Order prevents the United States' retention, use, or disclosure of Protected Material in the related criminal proceedings . . . or as otherwise required by law, court order, or regulation."[3] The United States argues that denying it access to the transcripts would "threaten the integrity of the Criminal Prosecutions by precluding the United States' ability to impeach witnesses who were deposed in this litigation if they testify inconsistently at the upcoming criminal trials."[4] Certain Defendants oppose the motion, arguing

---

[1] United States Mem. Supp. Mot. Clarify [MDL Doc. No. 2372] at ECF page 1.

[2] *See United States v. Aprahamian*, No. 20-cr-64 (E.D. Pa.); *United States v. Teva Pharm. and Glenmark Pharm.*, No. 20-cr-200 (E.D. Pa.) The cases are listed for trial on, respectively, October 30, 2023 and May 6, 2024.

[3] United States Mem. Supp. Mot. Clarify [MDL Doc. No. 2372] at ECF page 4.

[4] United States Mem. Supp. Mot. Clarify [MDL Doc. No. 2372] at ECF pages 2-3.

that the United States should be required in the first instance to seek relief in the criminal cases under the Federal Rules of Criminal Procedure. The Court will deny the Motion without prejudice at this time.

The United States argues that having been granted leave to intervene in the MDL, it has the status of a party and is entitled to obtain deposition transcripts. However, that is not what the Court ordered, nor how the MDL has proceeded. In 2017, the United States sought limited intervenor status in the MDL because "[c]ontinued litigation of [the MDL] is likely to result in the disclosure of information that will harm the [then-]ongoing criminal antitrust investigation."[5] In granting the motion, the Court directed the Clerk of Court to add the United States "as Intervenor" and ruled that "the scope of this intervention may be defined or limited by further order of the Court."[6] The United States' role in the MDL primarily has been limited to seeking to stay the depositions of certain witnesses. Defendants state without contradiction that the United States has not otherwise participated in discovery in the MDL, and that when Defendants sought to inspect evidence in the possession of the United States known as the "CW-3 notebook," the United States informed Defendants that they would have to proceed according to administrative procedures.[7] Accordingly, the United States is not entitled to deposition transcripts as a party to the MDL under PTO 195.

Nor is further modification of the protective order appropriate at this juncture. A protective order may be modified applying the same good cause balancing test used in the initial

---

[5] Mem. Supp. United States' Uncontested Mot. Intervene [MDL Doc. No. 107] at 1.

[6] Order Jan. 6, 2017 [MDL Doc. No. 108].

[7] Defs.' Resp. Mot. Clarify [Doc. No. 2390] at 10 n.5. Under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), "most courts require a party seeking information from the Government *as a non-party*, to make a request to the [Department of Justice] pursuant to their administrative regulations." *Aiken v. Eady*, No. 14-811, 2016 WL 452135, at *5 (D.N.J. Feb. 4, 2016) (emphasis added).

decision, with the added consideration of the parties' reliance on the original order.[8] The party (or in this case, intervenor) seeking modification bears the initial burden.[9] That burden has not been met. The United States seeks deposition transcripts not to protect the secrecy of a criminal investigation, but for use in criminal prosecutions. The parties and witnesses have proceeded through discovery based on the terms of PTO 195, and the due process implications for the witnesses must be considered.[10]

At this time, the United States has not provided the identity of any of the witnesses whose deposition testimony it seeks, as this could reveal its trial strategy. However, the lack of information would require this MDL Court to rule in a vacuum and underlines why the United States must direct its request for transcripts in the first instance to the Honorable R. Barclay Surrick, who is presiding over the criminal actions. The Federal Rules of Criminal Procedure,

---

[8] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994).

[9] *See id.*

[10] The United States argued in its Motion that "[i]f the Protective Order prohibits the use of the deposition transcripts in the Criminal Prosecutions, it also essentially grants any witness who is deposed in the MDL immunity from prosecution for perjury, which the Court lacks power to provide." United States Mem. Supp. Mot. Clarify [MDL Doc. No. 2372] at 5. At oral argument, counsel for the United States seemed to retreat from this argument, and the denial of the Motion at this time in no way creates immunity for any deponent.

decision, with the added consideration of the parties' reliance on the original order.[8] The party (or in this case, intervenor) seeking modification bears the initial burden.[9] That burden has not been met. The United States seeks deposition transcripts not to protect the secrecy of a criminal investigation, but for use in criminal prosecutions. The parties and witnesses have proceeded through discovery based on the terms of PTO 195, and the due process implications for the witnesses must be considered.[10]

At this time, the United States has not provided the identity of any of the witnesses whose deposition testimony it seeks, as this could reveal its trial strategy. However, the lack of information would require this MDL Court to rule in a vacuum and underlines why the United States must direct its request for transcripts in the first instance to the Honorable R. Barclay Surrick, who is presiding over the criminal actions. The Federal Rules of Criminal Procedure,

---

[8] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994).

[9] *See id.*

[10] The United States argued in its Motion that "[i]f the Protective Order prohibits the use of the deposition transcripts in the Criminal Prosecutions, it also essentially grants any witness who is deposed in the MDL immunity from prosecution for perjury, which the Court lacks power to provide." United States Mem. Supp. Mot. Clarify [MDL Doc. No. 2372] at 5. At oral argument, counsel for the United States seemed to retreat from this argument, and the denial of the Motion at this time in no way creates immunity for any deponent.

including Rules 17(c)[11] and 26.2,[12] provide avenues by which the United States may obtain statements of witnesses for use in any criminal trial.[13] Judge Surrick is better positioned to rule

---

[11] Rule 17(c) governs the issuance of subpoenas in criminal cases:

(c) Producing Documents and Objects.

(1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) Subpoena for Personal or Confidential Information About a Victim. After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

Fed. R. Crim. P. 17(c).

[12] Federal Rule of Criminal Procedure 26.2 concerns motions to produce the statements of witnesses:

(a) Motion to Produce. After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

(b) Producing the Entire Statement. If the entire statement relates to the subject matter of the witness's testimony, the court must order that the statement be delivered to the moving party.

(c) Producing a Redacted Statement. If the party who called the witness claims that the statement contains information that is privileged or does not relate to the subject matter of the witness's testimony, the court must inspect the statement in camera. After excising any privileged or unrelated portions, the court must order delivery of the redacted statement to the moving party. If the defendant objects to an excision, the court must preserve the entire statement with the excised portion indicated, under seal, as part of the record.

(d) Recess to Examine a Statement. The court may recess the proceedings to allow time for a party to examine the statement and prepare for its use.

(e) Sanction for Failure to Produce or Deliver a Statement. If the party who called the witness disobeys an order to produce or deliver a statement, the court must strike the witness's testimony from the record. If an attorney for the government disobeys the order, the court must declare a mistrial if justice so requires.

(f) "Statement" Defined. As used in this rule, a witness's "statement" means:

(1) a written statement that the witness makes and signs, or otherwise adopts or approves;

(2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or

(3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Fed. R. Crim. P. 26.2.

on issues concerning the criminal cases. Should it become necessary to modify PTO 195 to authorize the release of transcripts to effectuate a ruling by Judge Surrick, this MDL Court will promptly entertain an application at that time.

**AND NOW**, this 13th day of April 2023, upon consideration of the United States' Motion to Clarify or, in the Alternative, Amend the Modified Protective Order [MDL Doc. No. 2372], and the responses and replies thereto, and after oral argument, and for the reasons above, it is hereby **ORDERED** that the Motion is **DENIED without prejudice**.

It is so **ORDERED.**

> **BY THE COURT:**
>
> /s/ **Cynthia M. Rufe**
> _____
> **CYNTHIA M. RUFE, J.**

---

[13] To the extent that the United States argues proceeding under these Rules would cause delays during the criminal trials, that again is an argument better directed to Judge Surrick. For example, District Judges have granted motions for reciprocal discovery and have encouraged parties to agree to the exchange of witness statements before trial. *See, e.g.*, *United States v. Manning*,. No. 14-cr-326, 2015 WL 1310286, at *5 (D.N.J. Mar. 24, 2015); *United States v. Yawson*, No. 13-cr-271, 2014 WL 3401663, at *5 (W.D. Pa. July 10, 2014).