## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 16-MD-2724 |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | HON. CYNTHIA M. RUFE |

### SPECIAL MASTER DAVID H. MARION'S SIXTEENTH REPORT AND RECOMMENDATION (R&R) TO THE COURT AS TO ACTAVIS' MOTION TO COMPEL AGAINST END-PAYER PLAINTIFFS

**I.      Summary of the Dispute**

1.      Defendants Actavis Holdco US, Inc., Actavis Pharma Inc., and Actavis Elizabeth, LLC (collectively referred to herein as "Actavis") seek a recommendation compelling End-Payer Plaintiffs ("EPPs") to "produce discovery related to how changes in prescription drug prices affected the funding of their health plans." Actavis claims this discovery is relevant to the defenses in this action and goes to the issue of whether EPPs sustained damages as a result of Defendants' alleged wrongdoing. Actavis submitted its motion to compel via letter on March 30, 2023, which it claims was timely in light of the disclosure of certain information in discovery, which revealed EPPs had "deceived" Actavis in meet and confers, causing Actavis not to pursue earlier this motion to compel.

2.      EPPs contend that Actavis' motion is time-barred because it was not filed in accordance with the Court's Pretrial Orders, which set a deadline in December 2019 for motions to compel against all Private Plaintiffs, including EPPs. They vigorously contest Actavis' claims of "deception" in meet and confers, which Actavis argues excuses its delay in filing this motion. EPPs argue that discovery revealed nothing new or inconsistent with prior meet and confer

1

discussions that would excuse Actavis' failure to file a timely motion to compel. Further, they contend that the discovery Actavis now seeks is irrelevant, unduly burdensome, and will needlessly delay this long-running litigation by many months, when Bellwether discovery is currently scheduled to conclude on June 1, 2023 (or soon thereafter, if the Court approves a limited extension request currently under discussion among the parties).

## II.    Recommendations

1.    I recommend that Actavis' motion be denied as untimely. The meet and confer correspondence submitted to me shows that the parties reached impasse on these issues in July 2019. The Court's Pretrial Orders required that Actavis file its motion to compel concerning this discovery no later than December 13, 2019. *See* PTO 105 ¶¶ 7.a-b; PTO 110 ¶7.b;  but Actavis failed to file a motion to compel seeking this discovery until March 30, 2023. The 2019 deadlines were established in part to clarify the relatively broad scope of discovery in this MDL and set forth a road map to move these cases forward. If Actavis believed this discovery was important and should be part of the MDL, it was obligated to file its motion on time, but it did not.

2.    I think it is regrettable that Actavis has resorted to claims that it was "deceived" in meet and confers, or that subsequent discovery shows that EPPs had made misrepresentations in meet and confers. The discovery materials and meet and confer correspondence submitted to me show no clear support for such claims, and the deposition testimony on which Actavis now relies was given in May of last year, yet Actavis did not file this motion until eleven months later. Accordingly, I recommend that the Court reject any claims that purported misrepresentations or deceptions excuse Actavis' noncompliance with the deadline for filing this motion to compel.

30595160v.1

3.      I also recommend that Actavis' motion be denied because the discovery sought is irrelevant. Numerous courts considering similar claims have found the requested discovery to be irrelevant to the claims or defenses at issue in pharmaceutical end-payer antitrust cases. *See, e.g., In re Xyrem Antitrust Litig.,* Case No. 3:20-md-02966, ECF 392 (N.D. Cal. Jan. 27, 2023); *In re Lipitor Antitrust Litig*., 2020 WL 5642175, at *3 (D.N.J. Sept. 22, 2020); *In re Restasis Antitrust Litig.*, 2018 WL 5094090, at *2-3 (E.D.N.Y. Oct. 18, 2018); *In re Asacol Antitrust Litig.*, 2017 WL 53695, at * 4 (D. Mass Jan. 4, 2017); *In re Solodyn Antitrust Litig.*, 2016 WL 6897809, at *2 (D. Mass. Sept. 19, 2016); *In re Aggrenox Antitrust Litig.*, No. 14-md-2516, ECF 568, Tr. at 76:13-94:15 (D. Conn. Oct. 21, 2016); *In re Neurontin Mktg. & Sales Practices Litig.*, 799 F. Supp. 2d 110, 120 (D. Mass 2011), *aff'd* 712 F.3d 21 (1st Cir. 2013). I find the reasoning of these cases to be sound and applicable here.

4.      Actavis has provided no persuasive authority reaching the opposite conclusion in antitrust litigation. Plaintiffs presented a convincing case that Actavis' theory of antitrust injury, on which it relies in seeking this discovery lacks precedential support, and is contradicted by settled law. It also conflicts with the rationale of the Third Circuit in *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 804 F.3d 633, 641 & n.45 (3d Cir. 2015).

5.      Finally, I also recommend that Actavis' motion to compel be denied because it could unreasonably delay the conclusion of Bellwether discovery, which under Pretrial Order No. 217 is scheduled to conclude on June 1, 2023. EPPs represent, and I have no reason to doubt, that the process of negotiating the discovery requests, including selection of search terms, and other steps necessary to collect and produce the requested documents will require considerable time and effort, which in this MDL typically has taken months. Although the parties are discussing a possible extension of the Bellwether discovery schedule for various reasons

30595160v.1

unrelated to this dispute, the discovery at issue here is not proportional to the needs of the case and was not diligently pursued such that it could justify an extension. To the contrary, at this late stage of Bellwether discovery, the parties should be wrapping up outstanding discovery, not opening up new areas of discovery or reviving an area of discovery abandoned long ago.

Respectfully submitted,

WHITE AND WILLIAMS LLP

*/s/ David H. Marion*_____
David H. Marion, Special Master
Morgan Birch, Esquire
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Tel: (215) 864-6870
*mariond@whiteandwilliams.com*

Dated: April 25, 2023

4

30595160v.1