**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**DEFENDANT NISHA PATEL'S PARTIAL OBJECTIONS TO SPECIAL MASTER
BRUCE P. MERENSTEIN'S REPORT AND RECOMMENDATION**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

STANDARD OF REVIEW .......................................................................................................... 2

ARGUMENT ................................................................................................................................. 2

    I.    Requiring Two to Four Separate Depositions—*Sua Sponte*—Unduly Burdens Ms. Patel ................................................................................................ 2

    II.   A Four-Day Deposition Is Unreasonable and Prejudicial....................................... 5

        a.    There Is Not Good Cause to Require a Four-Day Deposition .................... 7

        b.    An Expedited Procedure for Further Deposition Time is Unwarranted ..... 8

CONCLUSION .............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Natl. Prop. and Cas. Co. v. Felix*,
  3:16-CV-147, 2018 WL 10247020 (W.D. Pa. Nov. 16, 2018) ................................................. 5

*Columbia Gas Transmission, LLC v. 252.071 Acres, More or Less, in Baltimore County, Maryland*,
  ELH-15-3462, 2016 WL 7167979 (D. Md. Dec. 8, 2016) ..................................................... 8

*EFG BNK AG v. Lincoln Natl. Life Ins. Co.*,
  593 F. Supp. 3d 225 (E.D. Pa. 2022) ..................................................................................... 2

*Greenlaw v. U.S.*,
  554 U.S. 237 (2008) ............................................................................................................... 3

*Henderson v. Shinseki*,
  562 U.S. 428 (2011) ............................................................................................................... 3

*In re Lincoln Natl. COI Litig.*,
  16-CV-6605-GJP, 2019 WL 7582770 (E.D. Pa. July 15, 2019) ........................................... 4

*Melhorn v. New Jersey Transit Rail Operations, Inc.*,
  203 F.R.D. 176 (E.D. Pa. 2001) ............................................................................................ 5

*St. Fleur v. City of Linden, N.J.*,
  No. 15-cv-01464, 2017 WL 3448106 (D.N.J. Aug. 10, 2017) .............................................. 5

*State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*,
  254 F.R.D. 227 (E.D. Pa. 2008) .................................................................................... 2, 4, 5

*Tritt v. Automatic Data Processing, Inc.*,
  3:06-CV-2065, 2009 WL 10687951 (D. Conn. Sept. 15, 2009) ........................................... 8

*Yost v. Anthem Life Ins. Co.*,
  3:16-CV-00079, 2019 WL 3423429 (M.D. Pa. July 29, 2019) ............................................. 2

**Other Authorities**

Fed. R. Civ. P. 26 ............................................................................................................... 2, 3, 4

Fed. R. Civ. P. 30 ................................................................................................................ *passim*

Fed. R. Civ. P. 53 ....................................................................................................................... 2

**PRELIMINARY STATEMENT**

Defendant Nisha Patel submits these partial objections to the Special Master's Sixth Report and Recommendation as to Nisha Patel's Deposition (the "R&R"), which recommends:

> [D]efendants' deposition of Ms. Patel be scheduled for July or, at the latest, early August 2023; that plaintiffs' deposition of Ms. Patel be scheduled for later in 2023; that plaintiffs examine Ms. Patel before defendants if both parties' depositions occur at the same time; and that defendants and plaintiffs be entitled to examine Ms. Patel for 14 hours each, with the right to request additional time for good cause at the conclusion of Ms. Patel's deposition.

*See* ECF No. 2420 at 9. The R&R rejected Ms. Patel's request to limit her deposition to two days; moreover, the R&R imposed additional burdens on Ms. Patel that no party had requested, permitting Plaintiffs and Defendants to take at least two and, potentially, as many as four separate depositions of Ms. Patel over a period of several months.[1]

In issuing the R&R, the Special Master misapprehended this Court's instruction that "the presumptive limits on the number and duration of depositions taken pursuant to Federal Rule of Civil Procedure 30 shall apply" to this case. *See* ECF No. 1688, Pretrial Order No. 158 ("Deposition Protocol") (Feb. 12, 2021). Instead, the Special Master acknowledged the presumptive limit, yet recommended that Ms. Patel sit for "at least four times the presumptive limit, or 28 hours," at two, three, or four distinct depositions separated by months of time with the "right" for Plaintiffs and Defendants to seek more time for questioning on an expedited basis. *See* ECF No. 2420 at 6, 9. Because the R&R conflicts with the Court's prior orders guarding against

---

[1] As noted in the R&R, the Plaintiffs confirmed on April 19, 2023 that they accepted the Special Master's offer and will subject Ms. Patel to a second deposition. *See* ECF No. 2420 at 2 ("with plaintiffs opting to examine Ms. Patel separately from defendants, after the close of bellwether fact discovery"). Additionally, the R&R requires that Ms. Patel "agree to additional potential deposition dates within 2-4 weeks of the initial deposition dates" to accommodate requests from Plaintiffs and Defendants for further deposition time. *Id.* at 9. Thus, Ms. Patel likely faces three or four depositions over a period of six to twelve months under the Special Master's R&R.

1

unduly burdensome depositions and Rule 26's prohibition of "unreasonably cumulative or duplicative" discovery, Ms. Patel objects. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

## STANDARD OF REVIEW

Pursuant to Pretrial Order 49, the R&R is to be reviewed by this Court *de novo*. *See* ECF No. 667 at 3 ("If objections are filed, the Court will consider the matter *de novo* pursuant to Fed. R. Civ. P. 53."); *see also EFG BNK AG v. Lincoln Natl. Life Ins. Co.*, 593 F. Supp. 3d 225, 227 n.1 (E.D. Pa. 2022).

Under the Federal Rules, the Court must limit discovery if it determines that the "discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i); *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008); *Yost v. Anthem Life Ins. Co.*, 3:16-CV-00079, 2019 WL 3423429, at *6-7 (M.D. Pa. July 29, 2019).

## ARGUMENT

**I.     Requiring Two to Four Separate Depositions—*Sua Sponte*—Unduly Burdens Ms. Patel**

The Special Master recommends that "defendants' deposition of Ms. Patel be scheduled for July or, at the latest, early August 2023." and that "plaintiffs' deposition of Ms. Patel be scheduled for later in 2023[.]" *See* ECF No. 2420 at 9. Additionally, the R&R requires that Ms. Patel "agree to additional potential deposition dates within 2-4 weeks of the initial deposition dates" to accommodate requests from Plaintiffs and Defendants for further deposition time. *Id*. However, neither the Defendants nor the Plaintiffs requested their own deposition of Ms. Patel to be held on different dates separated by several months. Specifically, the Defendants requested that "[Ms.] Patel's deposition be scheduled prior to the close of bellwether fact discovery," which is June 1, 2023. *See* Defendants' Letter Brief at 1 (Mar. 22, 2023). And nothing in Plaintiffs' response

2

argued that they believe they are entitled to a second deposition at a later date. *See* Plaintiffs' Response Letter at 2 (Mar. 31, 2023) ("Plaintiffs are willing to schedule Patel's deposition in the latter part of 2023, irrespective of any scheduling extension."). All of the parties agreed that Ms. Patel should face only a single deposition, consistent with the Court's prior orders and the Federal Rules. In fact, both Plaintiffs and Defendants sought relief allowing them to question Ms. Patel first at her deposition—highlighting that all parties believed Ms. Patel would only be deposed one time. *See* ECF No. 2420 at 1-2.

Yet the Special Master decided *sua sponte* that Plaintiffs and Defendants were each entitled to a separate deposition of Ms. Patel: "Prior to the Special Discovery Master's conference with the parties, no party suggested that Ms. Patel be deposed twice, once by defendants and once by plaintiffs." *See* ECF No. 2420 at 9. This recommendation is an overreach of the Special Master's authority as the Federal Rules authorize *sua sponte* orders only to **limit** discovery. Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery[.]").[2] This Court should therefore decline to adopt the R&R and order that Ms. Patel's deposition be taken either on consecutive days or as closely together as the parties' schedules allow. That is, the parties should not be free to schedule two, three, or four separate depositions of Ms. Patel multiple months apart.

---

[2] The Supreme Court has warned against *sua sponte* decision-making:

> In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. . . . [A]s a general rule, our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.

*Greenlaw v. U.S.*, 554 U.S. 237, 243 (2008) (internal citation omitted); *accord Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

3

To this point, fact witnesses have been deposed only once in this consolidated litigation. Scheduling multiple depositions of the same witness months apart unduly burdens the witness. The undue burden is not only the added length of the deposition or the interruption to work, family, and other commitments caused by the second, third, or fourth deposition date. Forcing a witness to come back for another deposition months later greatly increases the time the witness must spend preparing for and coordinating the deposition. Accordingly, multiple depositions are disfavored and rarely ordered over the witness's objection.

This Court's Deposition Protocol states, "the presumptive limits on the number and duration of depositions taken pursuant to Federal Rule of Civil Procedure 30 shall apply," except upon a showing of good cause by the parties. *See* Deposition Protocol at 11. Neither Plaintiffs nor Defendants attempted to demonstrate good cause for multiple depositions of Ms. Patel at different times. No party even requested such relief from the Special Master. When there was no request for multiple depositions and no showing of good cause for multiple depositions by any party, the Special Master erred in recommending that Ms. Patel face two to four lengthy depositions over a period of several months.

The R&R also is contrary well-settled law. The Federal Rules of Civil Procedure provide that, absent leave of Court, an individual may only be deposed once. Fed. R. Civ. P. 30(a)(2)(A)(ii) (party must seek leave to depose witness where "the deponent has already been deposed in the case"). Courts appropriately deny motions to require additional depositions of witnesses that have already been deposed in the case, recognizing the additional, undue burden multiple depositions impose on a witness. *See State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008) (denying motion to compel additional depositions; highlighting the "policy against permitting a second deposition of an already-deposed deponent"); *In re Lincoln Natl. COI*

4

*Litig.*, 16-CV-6605-GJP, 2019 WL 7582770, at *1 (E.D. Pa. July 15, 2019), *opinion adopted*, 16-CV-06605-GJP, 2019 WL 3940912 (E.D. Pa. Aug. 21, 2019) (concluding plaintiffs had "not demonstrated a basis for taking, as they request[ed], their own separate 30(b)(6) deposition" because "each new deposition requires the deponent to spend time preparing for the deposition, traveling to the deposition, and providing testimony").

Moreover, this District has previously found that "allowing for serial depositions . . . provides the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last." *State Farm Mut. Auto. Ins. Co.*, 254 F.R.D. at 235; *see, e.g.*, *Melhorn v. New Jersey Transit Rail Operations, Inc.*, 203 F.R.D. 176, 180 (E.D. Pa. 2001) (defendant was not entitled to a second deposition of plaintiff to preserve impeachment value of surveillance tapes taken after his initial deposition, since defendant was free to explore the extent of plaintiff's injuries at trial); *see also Am. Natl. Prop. and Cas. Co. v. Felix*, 3:16-CV-147, 2018 WL 10247020, at *5 (W.D. Pa. Nov. 16, 2018) (granting motion seeking to preclude taking an additional deposition of a witness); *St. Fleur v. City of Linden, N.J.*, No. 15-cv-01464, 2017 WL 3448106, at *4 (D.N.J. Aug. 10, 2017) (denying motion to compel further deposition of plaintiff because defendants already had an opportunity for inquiry in the first deposition).

The R&R unduly burdens Ms. Patel with multiple depositions months apart, and Ms. Patel requests that the Court modify the R&R to permit only a single deposition of Ms. Patel, consistent with the Court's prior orders and the Federal Rules.

## II. A Four-Day Deposition Is Unreasonable and Prejudicial

The Special Master recommends that Plaintiffs and Defendants each have 14 hours (two days) to depose Ms. Patel. *See* ECF No. 2420 at 6. But the standard deposition length is seven hours. *See* ECF No. 1688; Fed. R. Civ. P. 30(d). Ms. Patel objects and asks the Court to limit her deposition to a total of 14 hours over two days.

In recommending that Ms. Patel "sit for *at least* four times the presumptive limit," ECF No. 2420 at 6 (emphasis added), the Special Master points to other depositions in this MDL which have exceeded two days. But, as the R&R notes, in those instances, the witnesses either agreed to the lengthened depositions, *id.* at 7, or the witnesses were obliged to sit for extended examination pursuant to cooperation agreements with the Plaintiffs. In other words, no witness in this case or in any other similar proceeding identified by the Special Master was deposed for more than two days without their agreement. Ms. Patel has not agreed to sit for more than two days, and the R&R offers no legal authority supporting such an unduly burdensome departure from the Federal Rules.

In addition to being unprecedented, the R&R's recommendation of at least four days of deposition is impractical. Ms. Patel has three young children and works a full-time job; she cannot sit for a combined 28 hours of questioning. The R&R should be modified because the parties have not—and cannot—demonstrate there is good cause to require a four-day deposition of Ms. Patel.

Recognizing that the Plaintiffs have put at issue many communications Ms. Patel had during her three-year employment at Teva, Ms. Patel agreed to go beyond the default time under the Rules and sit for a two-day deposition. A two-day deposition provides ample time for the parties to question her. Both the Plaintiffs and the Defendants have capable counsel who can focus their questions and use their time efficiently—and it is their obligation to do so. The parties' attempt to badger Ms. Patel for days-on-end in hopes of wearing her down and causing confusion should be rejected.

The Deposition Protocol in this litigation recognizes the need to focus deposition questioning to the most critical issues and not belabor every detail over days and days. Being away from work and family is an undue burden for Ms. Patel. The Special Master's R&R did not attempt to minimize the burden and prejudice on Ms. Patel as required by the Federal Rules.

### a. There Is Not Good Cause to Require a Four-Day Deposition

In seeking a deposition *at least* four times the presumptive limit provided by the Federal Rules, neither the Plaintiffs nor the Defendants attempted to establish that there was information critical to the case that they could not obtain during a 14-hour deposition. Courts require a showing of a specific need for additional deposition time beyond seven hours absent the witness's agreement to a longer deposition. After a diligent search, counsel could not find a single case ordering a deposition longer than 14 hours before the parties even attempted to obtain the necessary discovery in a shorter deposition.

For example, in *Brooks v. Motsenbocker Adv. Developments, Inc.*, the court rejected the movant's demand for a 17.5-hour deposition and ordered the standard seven-hour deposition. *See* 07CV773 BTM (NLS), 2008 WL 2033712, at *3 (S.D. Cal. May 9, 2008), *objections overruled*, 07CV0773 BTM (NLS), 2008 WL 3049983 (S.D. Cal. Aug. 1, 2008). There, the movant argued it needed additional time to depose the witness to "explore the eight-year business relationship between" the parties and the witness, and to "inquire about the location of records" in light of "Defendants' objections and refusals to produce discovery requests[.]" *Id.* Citing the Advisory Committee Notes to Rule 30(d)(1), the court highlighted the presumptive durational limit for depositions and that the party seeking to extend the deposition must show good cause. *Id. Brooks* denied the motion to extend the deposition time, reasoning "(1) eight years is not a period of time so long as to-on its own-warrant an extended period of questioning; and (2) Defendants represent they have produced all relevant discovery in this matter." *Id.*

In this case, the timeline is limited; Ms. Patel was employed at Teva only for approximately three-and-a-half years, less the five months she was on maternity leave. Further, Ms. Patel has complied with all discovery requests, and there is no dispute that she has not produced all relevant, non-privileged files in her custody. If an eight-year timeline of events and a potential failure to

7

produce discovery did not justify a 17.5-hour deposition in *Brooks*, then surely the factors present here do not warrant a 28-hour deposition. There is not good cause for more than a two-day deposition.

Courts routinely reject requests for lengthy depositions, even in complex cases, because "overlong depositions can result in undue costs and delays[.]" *Tritt v. Automatic Data Processing, Inc.*, 3:06-CV-2065 (CFD), 2009 WL 10687951, at *3 (D. Conn. Sept. 15, 2009) (quoting Advisory Committee Notes to Rule 30(d)); *see also Columbia Gas Transmission, LLC v. 252.071 Acres, More or Less, in Baltimore County, Maryland*, ELH-15-3462, 2016 WL 7167979, at *7 (D. Md. Dec. 8, 2016) (refusing to order 20-hour deposition and instead ordering 10-hour deposition).

The R&R does not provide any authority to support subjecting Ms. Patel to a deposition of four days. By the standards applied by other courts in setting the length of depositions under Rule 30, a two-day deposition is appropriate here. If the parties take Ms. Patel's deposition efficiently over two days and still believe that there is critical, non-duplicative information that they can only obtain from Ms. Patel, Ms. Patel will, of course, consider a reasonable request for further discovery. And if the parties cannot reach an agreement, the Special Master or the Court would be in a position to accurately evaluate whether there is good cause for further discovery from Ms. Patel based on specific evidence from her deposition.

b.     **An Expedited Procedure for Further Deposition Time is Unwarranted**

Compounding the prejudice that accompanies proposing two depositions totaling 28 hours, the R&R also asks Ms. Patel to "agree to additional potential deposition dates within 2-4 weeks of the initial deposition dates" and grants the parties "the right to seek additional time for good cause at the conclusion of Ms. Patel's deposition" on an expedited basis. *See* ECF No. 2420 at 6, 9. The Special Master omits any facts or circumstances that justify the need for instituting a separate procedure for discovery disputes when they involve a party's request for additional deposition time

with Ms. Patel. Instead, the Special Master improperly decided *sua sponte* that requests for further depositions of Ms. Patel should be subject to their own procedure. The Special Master's attempt to set aside the Court's reasoned and considered discovery protocols in this litigation should be rejected, especially when no party requested any modification of the Court's orders in raising this dispute with the Special Master.

Forcing Ms. Patel to carve out several more days from her already busy calendar as potential additional deposition dates is unduly burdensome and has not been required of other witnesses. There has been no showing that Ms. Patel refused to cooperate in discovery or that the Court's current procedures are insufficient to address any potential future disputes. Furthermore, the creation of a new procedure *only* for requests that seek further depositions of Ms. Patel improperly suggests that the parties can establish good cause to support additional depositions of Ms. Patel. The Court should not enter a recommendation that pre-judges a discovery issue that has not yet been presented (and may never be). The Court should thus modify the R&R to remove the proposed expedited procedure for granting the parties additional deposition time with Ms. Patel as set forth in Ms. Patel's accompanying proposed order.

## CONCLUSION

Ms. Patel should not be required to sit for 28 hours or more of deposition questioning at two, three, or four separate depositions spanning multiple months. The R&R does not present any legal authority justifying such an enormous departure from the seven-hour default time limit of the Federal Rules and this Court's orders. A two-day deposition of Ms. Patel is appropriate given the needs of the case and her knowledge of the facts. Ms. Patel therefore respectfully objects to the Special Master's R&R, which would impose significant burdens and potentially enormous expenses on her, and requests that the Court order that Ms. Patel's deposition be limited to two days of examination to be held consecutively or as closely together as schedules permit. Ms. Patel

9

takes no position on the appropriate date of her deposition or the order of questioning at her deposition.

For all the foregoing reasons, Ms. Patel respectfully requests that this Court sustain her partial objections to the Special Master's R&R and adopt her proposed order.

Dated: May 4, 2023

Respectfully submitted,

/s/ *Bradley Love*
Bradley Love
Neal Brackett
Mary Catherine Pachciarz
Barnes & Thornburg LLP
11 S Meridian Street
Indianapolis, IN
Tel. (317) 231-6400
Fax. (317) 231-7433
Bradley.Love@btlaw.com
Neal.Brackett@btlaw.com
Marycate.Pachciarz@btlaw.com

*Counsel for Defendant Nisha Patel*

## CERTIFICATE OF SERVICE

      I, Bradley Love, hereby certify that the foregoing has been filed electronically using the Court's CM/ECF system, which will serve a copy upon all counsel of record, and is available for viewing and download.

Dated: May 4, 2023                                             */s/ Bradley Love*
                                                                                                  Bradley Love