**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | MDL No. 2724<br>Case No. 2:16-MD-02724 |
| **THIS DOCUMENT RELATES TO:** | Hon. Cynthia M. Rufe |
| ***ALL ACTIONS*** | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO DEFENDANT NISHA PATEL'S**
**PARTIAL OBJECTIONS TO SPECIAL MASTER BRUCE P. MERENSTEIN'S**
**REPORT AND RECOMMENDATION**

## I.    INTRODUCTION

Glenmark and the other Defendants joining this brief ("Defendants") respectfully submit that Special Master Merenstein's conclusion in his Sixth Report and Recommendation (the "Sixth R&R") that Defendants and Plaintiffs each be afforded 14 hours to examine Ms. Patel is proportional to the needs of the MDL and commensurate with, if not more modest than, the deposition lengths of witnesses with similar significance in this MDL.

Ms. Patel is among the most critical witnesses in the case.  She is a named defendant, is accused of conspiring with competitors on more than 100 products, and has been the subject of hundreds of questions during depositions completed to date.  Witnesses alleged to have engaged in fewer competitor communications on fewer products have been deposed for, or are scheduled to be deposed for, 28 hours or more.  While such depositions are inherently burdensome and time-consuming, Ms. Patel's claims of the burdens associated with 28 hours of deposition testimony fail to account for her significant role in the allegations and the massive nature of this MDL.

Given the extent of the allegations involving Ms. Patel, viewed against the backdrop of this complex MDL, the Special Master was correct to conclude that Ms. Patel is "an important witness to both plaintiffs and defendants" such that good cause exists to permit Defendants and Plaintiffs to examine Ms. Patel for 14 hours each.  Defendants thus respectfully request that the Court overrule Ms. Patel's objection to the duration of her deposition.[1]

## II.     BACKGROUND

### A.       Ms. Patel Plays a Significant Role in the MDL.

Ms. Patel is a former Teva employee who worked at the company from late April 2013 until November 2016.  While Ms. Patel's employment with Teva was relatively brief, Plaintiffs allege that while at Teva, Ms. Patel agreed with competitors to raise prices and/or allocate markets on nearly 100 drugs, more than any other individual is alleged to have conspired on in this massive MDL.[2]

Ms. Patel is a named defendant in three actions brought by State Plaintiffs, Direct Action Plaintiffs and Indirect Reseller Plaintiffs.[3]  Many more complaints contain extensive allegations

---

[1] Ms. Patel also objects to the Special Master's recommendations on sequencing and an expedited procedure for future deposition time.  Defendants take no position on the issue of sequencing, having accepted the Sixth R&R in all respects.  Defendants point out that with regard to the expedited procedure for future deposition time, the Sixth R&R provides that the parties have the right – as they do for any deposition – to request more time.  No such additional time is guaranteed, and Defendants submit that an expedited process to address such requests – if any – is a welcome one.

[2] *See, e.g.*, *Connecticut et al. v. Teva Pharm., Inc., et al.*, No. 19-cv-2407, Dkt. No. 106, Am. Compl. at ¶ 1384 ("Teva Complaint").

[3] *Id.* at ¶¶ 54, 681-720 & Count 31, at 379-401; *see also Winn-Dixie Stores, Inc. v. Actavis Holdco US, Inc.* 20-cv-6290, Dkt. No. 1 at ¶ 88 & Count 226, at 665-669 ("DAP Complaint"); *Reliable Pharmacy v. Actavis Holdco US, Inc.,* 19-cv-6044, Dkt. No. 143 at ¶ 108, 487-91, 507-13 ("IRP Complaint").

about her.[4]  She is alleged to have connections with employees of many of the more than 50 manufacturer Defendants in this MDL.  In the Teva Complaint alone, the State Plaintiffs allege that Ms. Patel communicated with employees from at least 16 corporate Defendants.[5]  Discovery taken to date further demonstrates Ms. Patel's significance.  Plaintiffs have asked over 20 different witnesses hundreds of questions about Ms. Patel, and have marked more than 60 deposition exhibits that reference her.

Although neither Ms. Patel nor Teva is a named defendant in the bellwether Dermatology Complaint, the State Plaintiffs allege that Ms. Patel agreed with the Dermatology Complaint Defendants to raise prices and/or allocate markets on a number of products from 2013 to 2015.[6] The State Plaintiffs incorporate allegations of her conduct from other complaints to "provide context" for a supposed "larger pattern of conduct."[7]  They allege that Ms. Patel communicated with competitors on various products and incorporate more detailed allegations of Patel's conduct found in the Teva Complaint.[8]



 Although the criminal proceedings involve a mere fraction of the products at issue in the MDL, ████████████████████████ ████████████████████████████████████████████████.

---

[4] *See, e.g., Connecticut v. Actavis Holdco U.S., Inc.*, 17-cv-3768, Dkt. No. 15, Am. Complaint at ¶¶ 271-73, 297-98, 341, 367 ("Heritage Complaint"); *Health Care Service Corp. v. Actavis Elizabeth LLC*, 19-cv-5819, Dkt. No. 1 at ¶¶ 435, 448, 462, 852-898.

[5] *See* Teva Compl. at ¶ 1076.

[6] *Connecticut, et al. v. Sandoz Inc.*, et al., 20-cv-03539, Dkt. No. 1, Am. Compl. at ¶¶ 789, 792, 850, 853-854, 857, 975 1534 n.14, ("Dermatology Compl.").

[7] *Id.* at 185 n.5.

[8] *Id.* at 203 n.7, 219 n.8, 309 n.9, 408 n.14; *id.* ¶¶ 850, 864, 879, 975.

B.      **Depositions of Comparable Witnesses Confirm the Appropriateness of a Four-Day Deposition.**

Over the past several months, the Parties have noticed and scheduled the depositions of several key MDL witnesses, among them the six witnesses cooperating with State and Private Plaintiffs (the "CWs").  CW-1, ████████ who was formerly employed by Sandoz and who is alleged to be one of the top communicators with Ms. Patel, recently completed six days of deposition testimony.  The remaining five CWs are scheduled for multi-day examinations:

| CW | Name | Compl. | Duration | Dates |
|---|---|---|---|---|
| CW-1 (Sandoz) | ████████ | Teva; Derm | 6 Days | May 1, 2, 3, 8, 9, and 11, 2023 (36 hours on the record) |
| CW-2 (Rising, Sandoz) | ████████ | Teva; Derm | 4 Days (7 hours/day) | In the process of being scheduled for week of July 31 |
| CW-3 (Sandoz) | ████████ | Teva; Derm | 6 Days (7 hours/day) | May 31, June 1, 5, 6, 8, 9, 2023 |
| CW-4 (Sandoz) | ████████ | Teva; Derm | 6 Days (5 hours/day) | May 16, 17, 19, 22, 23, 25, 2023 |
| CW-5 (Glenmark) | ████████ | Teva; Derm | 4 Days (7 hours/day) | June 27-30, 2023 |
| CW-6 (Fougera/ Aurobindo) | ████████ | Derm | 6 Days (3.5 hours/day, 21 hours) | July 19, 20, 21, 24, 25, 2023 |

Significantly, none of the CWs are alleged to have conspired on as many products, or had as many competitor communications, as Ms. Patel.

Other individual defendants who have been deposed for multiple days are also alleged to have conspired on far fewer products than Ms. Patel:[9]

| Individual Defendant | Number of Products | Deposition Hours |
|---|---|---|
| Jill Nailor | 9 | 17.5 |
| Marc Falkin | 20 | 16 |
| David Berthold | 11 | 14 |
| Jim Grauso | 14 | 14 |
| Erika Vogel-Baylor | 18 | 14 |

### C.   The Sixth R&R Addresses Ms. Patel's Concerns Regarding Deposition Length.

On January 12, 2023, Glenmark, on behalf of itself and other Defendants, noticed Ms. Patel's deposition.[10]  Glenmark, Plaintiffs, and counsel for Ms. Patel met and conferred regarding the date, order of examination, and length of Ms. Patel's deposition.  Glenmark noticed Ms. Patel for four days of examination.  Plaintiffs claimed that they needed five days for their examination.  Ms. Patel rejected both proposals, citing the burden of sitting for eight or more deposition days.  In an effort to accommodate Ms. Patel's concerns, Glenmark reduced its requested examination time from four days to three, up to 21 hours.  Plaintiffs declined to reduce their demand for five days.  On March 17, 2023, the parties reached impasse on these issues.

On April 20, 2023, Special Master Merenstein recommended that: (1) Defendants and Plaintiffs each be entitled to examine Ms. Patel for 2 days (14 hours), with the right to seek

---

[9] Teva Compl. at ¶¶ 1063, 1073, 1074, 1285, 1312, 1357, 1366; Derm. Compl. at ¶¶ 1762, 1807.

[10] Glenmark and other Defendants sought to take Ms. Patel's deposition during bellwether discovery, given her relevance to the allegations and defenses for the Dermatology Complaint.

additional time for good cause at the conclusion of the deposition; (2) Plaintiffs should examine

Ms. Patel first; and (3) Ms. Patel's deposition should occur in July or August, as proposed by

Defendants, but Plaintiffs could elect to use their two days at a later time if they decided not to

proceed in that timeframe (thereby waiving the right to question Ms. Patel first).  ECF No.

2420.

> In so concluding, Special Master Merenstein observed that Ms. Patel's request to be

examined for no more than 14 hours:

> [F]ails to recognize that Ms. Patel is a defendant and an important witness to
> both plaintiffs and defendants (and not aligned or identified with either side).
> Nor does Ms. Patel's objection take into account the fact that Ms. Patel is
> alleged to have been involved in a substantial amount of the conduct at issue in
> the MDL.  In effect, Ms. Patel contends she should only have to sit for one-
> day, seven-hour deposition by defendants and another one-day, seven-hour
> deposition by plaintiffs.  Given her status as a defendant, the fact that she is an
> important, non-aligned witness for both plaintiffs and defendants, and the
> scope of the allegations against Ms. Patel, each party should be entitled to
> examine Ms. Patel for two days, or 14 hours.

*Id.* at 8.

> While Defendants and Plaintiffs accepted the Sixth R&R, Ms. Patel filed objections on

May 4, 2023, insisting that her deposition be limited to a single day each for Defendants and

Plaintiffs.  ECF No. 2434.

## III.    STANDARD OF REVIEW

> Depositions, like all forms of discovery, are governed by Federal Rule of Civil Procedure

26's proportionality standard.  Fed. R. Civ. P. 26(b)(1) (balancing "the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.").   Although the

presumptive time limit for a deposition is one day, or seven hours, "[u]pon a showing of good

cause, any party may seek . . . to expand the number of depositions or deposition hours."  *See* Pre-Trial Order No. 158 (ECF No. 1688); *accord* Fed. R. Civ. P. 30(d) ("[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent").

The Advisory Committee notes accompanying Rule 30(d) include a list of non-exhaustive factors that courts may consider in determining whether to extend the time for a deposition.  These include, among others, whether: (1) the case involves multiple parties in which the time for each party to examine the witness is divided; and (2) the witness will be questioned about numerous or lengthy documents.  *See* Advisory Committee Notes to Rule 30(d).

## IV.   ARGUMENT

Given the number of parties in the MDL, the number of products on which Ms. Patel is alleged to have conspired, the number of competitors with which she is alleged to have communicated, and her key role in the allegations, good cause exists for 14 hours of examination by both Defendants and Plaintiffs.

Courts have found good cause to extend the time for a key witness's deposition well beyond the 7 hours prescribed by the Federal Rules before any attempt has been made to obtain information through a shorter deposition, particularly in complex antitrust cases like this MDL.  The court in *In re Intel Corp. Microprocessor Antitrust Litig.* ordered **non-party** witnesses to sit for 22.5 hours because of the "breadth of documents at issue," the "particularized and distinct knowledge of the deponents," and the "massive breadth and scope of this MDL proceeding[.]"  No. 05-cv-441-JJF, 2008 WL 5377979, at *1-2 (D. Del. Dec. 18, 2008) (adopting special master's recommendation of 22.5 hours for depositions of two non-party witnesses); *see also In re Blue Cross Blue Shield Antitrust Litig.*, No. 13-cv-20000, 2017 WL 10410066, at *2-3 (N.D. Ala. Apr. 24, 2017) (allotting 14 hours for CEO depositions because, *inter alia*, they are "primary defendants" and "discovery

should be more thorough and probing" ahead of the first track trial).  Ms. Patel ignores the extent to which extended depositions are not unusual in the context of complex antitrust litigation.

Moreover, while Ms. Patel argues that a four-day deposition is "unprecedented," that is not accurate, and the Court need look no further than the four- and six-day depositions that have taken place and will take place in this MDL.[11]  *See supra* pp. 4-5.  None of the witnesses who have or will sit for four or six days are alleged to have conspired on nearly the number of products on which Ms. Patel is alleged to have conspired.  And, contrary to Ms. Patel's bald assertion, she has not identified any requirement in the CW's cooperation agreements that would require them to sit for an extended examination time – because none exists.  Moreover, as was the case in *In re Intel*, it is undisputed that the breadth and scope of this MDL is "massive," and that Ms. Patel is one of the key witnesses in it.  Like other similarly situated witnesses, Ms. Patel's deposition will involve extensive inquiry into dozens of events over a multiyear period and numerous documents associated with those events. Simply put, allowing Defendants and Plaintiffs each 14 hours to depose Ms. Patel is less than or consistent with the length of depositions for (less) critical MDL witnesses to-date.

None of the three cases that Ms. Patel cites support her position that her deposition should be limited to 14 total hours.  *Tritt v. Automatic Data Processing, Incorporated* involved a single-plaintiff, two-defendant case, not a large, multi-party MDL with six Plaintiff groups, over 50 corporate defendants, and 25 individual defendants. No. 06-cv--2065 (CFD), 2009 WL 10687951 (D. Conn. Sept. 15, 2009).  *Columbia Gas Transmission, LLC v. 252.071 Acres, More or Less, in*

---

[11] Ms. Patel's argument that the CWs sat by agreement is a red herring.  The length of the CW depositions was driven by the degree of their alleged involvement in the conspiracies alleged in the MDL.  Ms. Patel's objection to a 28-hour deposition ████████████████████████████████████ ████████ is not a reason to shorten the parties' time to examine her.

*Baltimore County, Maryland* involved the duration of a 30(b)(6) deposition, not a fact deposition, and whether changed circumstances (settlement, denial of deposition topics) obviated the need for the 20 hours initially ordered by the court.  No. 15-cv-3462, 2016 WL 7167979, at *7 (D. Md. Dec. 8, 2016).  And in *Brooks v. Motsenbocker Advanced Developments, Incorporated*, the court denied the plaintiffs' request to extend a deposition from 7 to 17.5 hours in part because examining the business relationship between just two parties did not warrant more than 7 hours.  07-cv-773 BTM (NLS), 2008 WL 2033712, at *3 (S.D. Cal. May 9, 2008), *objections overruled*, 07-cv-0773 BTM (NLS), 2008 WL 3049983 (S.D. Cal. Aug. 1, 2008).  Ms. Patel's deposition is far more complex, as she allegedly has connections to at least 16 corporate defendants and allegedly colluded on nearly 100 drugs, some of which are implicated in the State AG bellwether complaint. *See, e.g.*, Teva Compl. at ¶¶ 1076, 1384; *see also* Derm. Compl. at ¶¶ 789, 792, 850, 853-854, 857, 975 1534 n.14.

Finally, while Defendants understand that Ms. Patel has career and family obligations, 28 hours ███████████████████████████████████████████████████████████████ Defendants do not know the information exchanged in those interviews, but these interactions highlight the level of detail and complexity of the issues likely to be covered in her deposition, which will include far more products and parties.  The Sixth R&R properly accounted for the breadth and significance of Ms. Patel's testimony.

## V.      CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court overrule

Ms. Patel's objection to the duration of her deposition.


Dated: May 18, 2023                           Respectfully submitted,

*/s/ Dimitria Doufekias*                       */s/ Sheron Korpus*
Dimitria Doufekias                             Sheron Korpus
Megan E. Gerking                               Seth A. Moskowitz
Robert W. Manoso                               Seth Davis
Alexa Rae DiCunzolo                            David M. Max
MORRISON & FOERSTER LLP                        KASOWITZ BENSON TORRES LLP
2100 L Street, NW Suite 900                    1633 Broadway
Washington, DC 20037                           New York, New York 10019
Tel.: (202) 887-1500                           Telephone: (212) 506-1700
Fax: (202) 887-0763                            skorpus@kasowitz.com
ddoufekias@mofo.com                            smoskowitz@kasowitz.com
mgerking@mofo.com                              sdavis@kasowitz.com
rmanoso@mofo.com                               dmax@kasowitz.com
adicunzolo@mofo.com

                                               *Counsel for Defendants Actavis Elizabeth,*
Michael B. Miller                              *LLC, Actavis Holdco U.S., Inc., and Actavis*
MORRISON & FOERSTER LLP                         *Pharma, Inc.*
250 W 55th Street
New York, NY 10019
Tel.: (212) 468-8000
Fax: (212) 468-7900
mbmiller@mofo.com

*Counsel for Defendant Glenmark*
*Pharmaceuticals, Inc., USA*

*/s/ Robin P. Sumner*                          */s/ Robin D. Adelstein*
Robin P. Sumner                                Robin D. Adelstein
Michael J. Hartman                             Mark A. Robertson
TROUTMAN PEPPER HAMILTON                        NORTON ROSE FULBRIGHT US LLP
SANDERS LLP                                    1301 Avenue of the Americas
3000 Two Logan Square                          New York, NY 10019-6022
Eighteenth and Arch Streets                    Telephone: (212) 318-3000
Philadelphia, PA 19103-2799                    Facsimile: (212) 408-5100
Tel. (215) 981-4000                            robin.adelstein@nortonrosefulbright.com

Fax. (215) 981-4750

*Attorneys for Defendants Hikma
Pharmaceuticals USA, Inc., Hikma Labs,
Inc., West-Ward Columbus Inc., Amneal
Pharmaceuticals, Inc., Amneal
Pharmaceuticals LLC, Impax
Laboratories, Inc., and Impax
Laboratories, LLC*

/s/ Benjamin H. Diessel

Benjamin H. Diessel
Jenny R. Chou
Emmett Gilles
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06510
Tel: (203) 498-4400
Fax: (203) 782-2889
bdiessel@wiggin.com
jchou@wiggin.com
egilles@wiggin.com

Nathan E. Denning
WIGGIN AND DANA LLP
437 Madison Avenue, 35th Floor
New York, NY 10022
Tel: (212) 551-2600
Fax (212) 551-2888
ndenning@wiggin.com

*Counsel for Defendant Aurobindo
Pharma USA, Inc.*

/s/ James W. Matthews

James W. Matthews
Katy E. Koski
John F. Nagle
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Tel: (617) 342-4000
Fax: (617) 342-4001

mark.robertson@nortonrosefulbright.com

*Counsel for Defendants Bausch Health
Americas, Inc. (formerly known as Valeant
Pharmaceuticals International), Bausch
Health US, LLC (formerly known as Valeant
Pharmaceuticals North America LLC), and
Oceanside Pharmaceuticals, Inc.*

/s/ Steven E. Bizar

Steven E. Bizar
John P. McClam
Tiffany E. Engsell
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000
steven.bizar@dechert.com
john.mcclam@dechert.com
tiffany.engsell@dechert.com

*Counsel for Citron Pharma LLC*

/s/ Roger B. Kaplan

Roger B. Kaplan
Jason Kislin
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07931
Tel: (973) 360-7900
Fax: (973) 295-1257

jmatthews@foley.com
kkoski@foley.com
jnagle@foley.com

James T. McKeown
Elizabeth A. N. Haas
Kate E. Gehl
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 271-2400
Fax: (414) 297-4900
jmckeown@foley.com
ehaas@foley.com
kgehl@foley.com

Steven F. Cherry
April N. Williams
Claire Bergeron
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
april.williams@wilmerhale.com
claire.bergeron@wilmerhale.com

Terry M. Henry
Melanie S. Carter
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel: (215) 569-5644
Fax: (215) 832-5644
THenry@blankrome.com
MCarter@blankrome.com

*Counsel for Defendant Apotex Corp.*

/s/ W. Gordon Dobie

W. Gordon Dobie
WINSTON & STRAWN LLP
35 W. Wacker Dr.

kaplanr@gtlaw.com
kislinj@gtlaw.com
vannostranda@gtlaw.com

Brian T. Feeney
GREENBERG TRAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
Tel: (215) 988-7812
Fax: (215) 717-5265
feeneyb@gtlaw.com

*Counsel for Defendant Dr. Reddy's
Laboratories, Inc.*

/s/ J. Clayton Everett, Jr.

J. Clayton Everett, Jr.
William S.D. Cravens
Neaha P. Raol

Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
WDobie@winston.com

Irving Wiesen
LAW OFFICES OF IRVING L.
WIESEN, P.C.
420 Lexington Avenue - Suite 2400
New York, NY 10170
Tel: (212) 381-8774
Fax: (646) 536-3185
iwiesen@wiesenlaw.com

*Counsel for Defendant Ascend
Laboratories, LLC*

Y. Frank Ren
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: +1.202.739.3000
Facsimile: +1.202.739.3001
clay.everett@morganlewis.com
william.cravens@morganlewis.com
neaha.raol@morganlewis.com
frank.ren@morganlewis.com

Molly R. Maidman
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
Telephone: +1.617.341.7996
Facsimile: +1.617.341.7701
molly.maidman@morganlewis.com

Harvey Bartle IV
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
harvey.bartle@morganlewis.com

*Counsel for Defendant Perrigo New York,
Inc.*

/s/ Margaret A. Rogers

Margaret A. Rogers
ARNOLD & PORTER KAYE
SCHOLER
LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
Margaret.rogers@arnoldporter.com

Laura S. Shores
Saul P. Morgenstern
ARNOLD & PORTER KAYE
SCHOLER
LLP

/s/ John M. Taladay

John M. Taladay
Erik T. Koons
Stacy L. Turner
Christopher P. Wilson
BAKER BOTTS LLP
700 K Street, NW
Washington, DC 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
john.taladay@bakerbotts.com
erik.koons@bakerbotts.com
stacy.turner@bakerbotts.com
christopher.wilson@bakerbotts.com

Lauri A. Kavulich

601 Massachusetts Avenue
Washington, DC 20001
Telephone: (202) 942-5000
laura.shores@arnoldporter.com
saul.morgenstern@arnoldporter.com

*Counsel for Defendants Sandoz Inc. and*
*Fougera Pharmaceuticals Inc.*

Ann E. Lemmo
CLARK HILL PLC
2001 Market St, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8500
Facsimile: (215) 640-8501
lkavulich@clarkhill.com
alemmo@clarkhill.com

Lindsay S. Fouse
CLARK HILL PLC
301 Grant St, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Facsimile: (412) 394-2555
lfouse@clarkhill.com

*Counsel for Defendants Sun*
*Pharmaceutical Industries, Inc. and Taro*
*Pharmaceuticals U.S.A., Inc*

/s/ Zachary M. Johns
J. Gordon Cooney, Jr.
Alison Tanchyk
John J. Pease, III
William T. McEnroe
Zachary M. Johns
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
(215) 963-5001 (fax)
gordon.cooney@morganlewis.com
alison.tanchyk@morganlewis.com
john.pease@morganlewis.com
william.mcenroe@morganlewis.com
zachary.johns@morganlewis.com

/s/ Jay P. Lefkowitz
Jay P. Lefkowitz, P.C.
Devora W. Allon, P.C.
Alexia R. Brancato
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
(212) 909-3344
lefkowitz@kirkland.com
devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Counsel for Defendant Upsher-Smith*
*Laboratories, LLC*

Amanda Robinson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000
(202) 739-3001 (fax)
amanda.robinson@morganlewis.com

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

/s/ Ilana H. Eisenstein

Ilana H. Eisenstein
Whitney Cloud
Ben C. Fabens-Lassen
DLA PIPER LLP (US)
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
ilana.eisenstein@dlapiper.com
whitney.cloud@dlapiper.com
ben.fabens-lassen@dlapiper.com

Edward S. Scheidman
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Edward.scheideman@dlapiper.com

*Counsel for Defendant Pfizer Inc. and*
*Greenstone, LLC*

/s/ Marguerite M. Sullivan

Marguerite M. Sullivan
Anna M. Rathbun
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
marguerite.sullivan@lw.com
anna.rathbun@lw.com

*Counsel for Defendant G&W*
*Laboratories*

/s/ Colin R. Kass

/s/ Damon W. Suden

William A. Escobar
Damon W. Suden
Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7987
wescobar@kelleydrye.com
dsuden@kelleydrye.com
ckatz@kelleydrye.com

*Counsel for Defendant Wockhardt USA LLC*

/s/ Jason R. Parish

Jason R. Parish
BUCHANAN INGERSOLL & ROONEY PC
1700 K Street, NW
Washington, DC 20006
Telephone: (202) 452-7900
Fax: (202) 452-7989

Bradley J. Kitlowski
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 562-8800
Fax: (412) 562-1041

*Counsel for Defendant Zydus*
*Pharmaceuticals (USA) Inc.*

/s/ Chul Pak

Colin R. Kass
Proskauer Rose LLP
1001 Pennsylvania Ave, NW
Suite 600 South
Washington, DC 20004
Telephone: (202) 416-6890
Facsimile: (202) 416-6899
ckass@proskauer.com

Bradley I. Ruskin
David A. Munkittrick
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
bruskin@proskauer.com
dmunkittrick@proskauer.com

Leiv Blad
Meg Slachetka
COMPETITION LAW PARTNERS
1101 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 742-4300
meg@competitionlawpartners.com
leiv@competitionlawpartners.com

*Attorneys for Lupin Pharmaceuticals,
Inc.*

Chul Pak
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
cpak@wsgr.com

Seth C. Silber
Jeffrey C. Bank
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street, NW, 5th Floor
Washington, D.C. 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
ssilber@wsgr.com
jbank@wsgr.com

Benjamin F. Holt
Adam K. Levin
Justin W. Bernick
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
benjamin.holt@hoganlovells.com
adam.levin@hoganlovells.com
justin.bernick@hoganlovells.com

Jasmeet K. Ahuja
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
jasmeet.ahuja@hoganlovells.com

*Counsel for Defendants Mylan
Pharmaceuticals Inc. and Mylan Inc*

/s/ Brian J. Smith
Michael Martinez
Steven Kowal
Lauren Norris Donahue
Brian J. Smith

K&L GATES LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602
Tel. 312-372-1121
Fax 312-827-8000
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.donahue@klgates.com
brian.j.smith@klgates.com

*Counsel for Defendant Mayne Pharma Inc.*

/s/ L. Barrett Boss
L. Barrett Boss
S. Rebecca Brodey
Thomas J. Ingalls
COZEN O'CONNOR P.C.
1200 19th Street NW, Suite 300
Washington, DC 20036
Telephone: (202) 912-4814
Facsimile: (866) 413-0172
bboss@cozen.com
rbrodey@cozen.com
tingalls@cozen.com

Peter M. Ryan
COZEN O'CONNOR P.C.
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2130
Facsimile: (215) 701-2157
pryan@cozen.com

*Counsel for Defendant James Nesta*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2023, I caused a copy of the foregoing Motion to be served on counsel of record via the Court's CM/ECF system and that copies of sealed materials have been delivered to the Court and all counsel of record.

*/s/   Dimitria Doufekias*
Dimitria Doufekias