**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724
Case No. 2:16-MD-02724

Hon. Cynthia M. Rufe |
| THIS DOCUMENT RELATES TO:

*ALL ACTIONS* | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
TEVA PHARMACEUTICALS USA, INC.'S
<u>MOTION FOR LIMITED EXCEPTION TO PTO 214</u>**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND .............................................................................................. 2

   I.   The Stipulated Protective Order Prohibits the Use of Criminal Discovery in
       Any Civil Proceeding Including the MDL.......................................................... 2

   II.  Teva Previously Opposed Production of Government Interview Memoranda
       in the MDL......................................................................................................... 3

   III. Pretrial Order No. 214 Prohibits Teva from Using Government Interview
       Memoranda in the MDL to Question Ms. Patel.................................................. 4

ARGUMENT ...................................................................................................................... 5

   I.   Teva's Motion is Premature Because It Has Not Obtained Relief from the
       Criminal Court .................................................................................................... 5

     A.  The Stipulated Protective Order Applies to This Exact Situation................... 5

     B.  Absent Relief from Judge Surrick, Teva's Motion Here is Premature ............ 6

     C.  To Set Aside the Stipulated Protective Order Would Trample on Judge Surrick's
         Authority over the Criminal Case ................................................................... 7

   II.  Teva Must Adhere to the *Touhy* Regulations and Request the Interview
       Memoranda from the United States .................................................................... 8

   III. Allowing Teva and All Other Parties to Use the Government Interview Memoranda
       in the MDL Would Undermine the Integrity of the Criminal Prosecutions .................... 10

   IV. The Government Interview Memoranda are Not Ms. Patel's Statements ....................... 13

   V.  Teva's Request is an Abuse of the Civil Discovery Process to Gain Advantage
       in the Criminal Case........................................................................................... 14

CONCLUSION................................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Gardner*, 387 U.S. 136 (1967) ........................................................... 10

*Alderman v. United States*, 394 U.S. 165 (1969) ........................................................... 6

*Blankenship v. United States*, No. 5:14-CR-00244, 2020 WL 247313
    (S.D.W. Va. Jan. 15, 2020), *aff'd*, 19 F.4th 685 (4th Cir. 2021) ............................... 13

*Boron Oil Co. v. Downie*, 873 F.2d 67 (4th Cir. 1989) .................................................. 9

*Boyd v. Exec. Off. For U.S. Attys.*, 161 F. Supp. 3d 1 (D.D.C. 2015) ......................... 11

*Century Indem. Co. v. Davidson Transfer & Storage Co.*, 261 F.3d 690 (2d Cir. 1958) .............. 8

*Chrysler Corp. v. Brown*, 441 U.S. 281 (1979) ............................................................. 9

*Connecticut v. Spellings*, 453 F. Supp. 2d 459 (D. Conn. 2006) ................................. 10

*Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263 (3d Cir. 2016) ............................... 14

*In re N.Y. Times Co.*, 828 F.2d 110 (2d Cir. 1987) ....................................................... 11

*In re The City of New York*, 607 F.3d 923 (2d Cir. 2010) ............................................. 10

*Morning Star Packing Co. v. S.K. Foods, L.P.*, No. 2:09-cv-208-KJM-EFB,
    2015 WL 507437 (E.D. Cal. Feb. 5, 2015) ............................................................. 9

*Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, No. CV H-09-3712,
    2010 WL 11661412 (S.D. Tex. July 1, 2010) ................................................... 12, 13

*S.E.C. v. Gowrish*, No. C 09-05883 SI, 2010 WL 1929498 (N.D. Cal. May 12, 2010) .............. 12

*S.E.C. v. Shanahan*, No. 4:07CV270JCH, 2009 WL 1955747 (E.D. Mo. July 6, 2009) ............. 12

*United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) ......................................... 9

*United States v. Pridgen*, 518 F.3d 87 (1st Cir. 2008) ................................................. 8

*United States v. Williams*, 170 F.3d 431 (4th Cir. 1999) .............................................. 9

*Wilson v. Beard*, 589 F.3d 651 (3d Cir. 2009) ............................................................. 14

**Rules**

Fed. R. Crim. P. 16(d)(1) .............................................................................................. 6

Fed. R. Crim. P. 16(e) .................................................................................................. 6

Fed. R. Crim. P. 26.2(a), (f) .......................................................................................................... 12

**Regulations**

28 C.F.R. § 16.22 ............................................................................................................................ 9

28 C.F.R. § 16.26(b)(5)................................................................................................................. 10

39 C.F.R. § 230.10 .......................................................................................................................... 9

## INTRODUCTION

Teva Pharmaceuticals USA, Inc. ("Teva") seeks to compel production of official reports of interviews with Nisha Patel prepared by federal law enforcement agents in the course of the criminal investigations and prosecutions[1] ("Government Interview Memoranda") for use by all parties in this MDL, and to examine Ms. Patel using the reports. Docket Entry ("D.E.") 2438. Teva, a defendant in this litigation and a criminal defendant, currently has access to these interview reports—which remain government property—for the sole and limited purpose of preparing its defense in the pending criminal case. *Teva Pharm.*, No. 2:20-CR-00200-RBS, ECF No. 47 (Stipulated Protective Order, attached as Exhibit 1). Teva's motion has no merit.

Teva fails to disclose to this Court that the Stipulated Protective Order explicitly prohibits the relief it seeks here. Per that Order, neither Teva nor any other party may use, disclose, or disseminate Government Interview Memoranda or any other criminal discovery materials in the MDL or other civil proceedings. Rather, the Government Interview Memoranda may be used only to prepare Teva's criminal defense. Teva's motion invades on the authority of Judge Surrick in the criminal case by implicitly asking this Court to set the Stipulated Protective Order aside. Unless Teva convinces Judge Surrick to modify the Stipulated Protective Order, this motion is premature. Moreover, because the requested materials remain government property, and may be subject to assertions of government privilege, work product protection, and other government objections, Teva must request authorization to use them in the MDL from the United States under federal *Touhy* regulations. The fact that Teva has not made a *Touhy* request alone is a basis to deny this motion.

Teva's motion lacks merit for additional reasons. Allowing all MDL parties to use

---

[1] *United States v. Teva Pharm., et al.* (E.D. Pa. No. 2:20-CR-00200-RBS) and *United States v. Aprahamian* (E.D. Pa. No. 2:20-cr-0064-RBS).

Government Interview Memoranda to question Ms. Patel would undermine the balance the Court struck in Pretrial Order No. 214 and harm the integrity of the criminal prosecutions. Moreover, contrary to Teva's contention, the Government Interview Memoranda are not Ms. Patel's statements, but rather evaluative summaries of witness interviews by government agents. Finally, Teva's effort to use the Government Interview Memoranda in the MDL is an abuse of the civil discovery process to obtain advantage in the criminal case. The Court should deny Teva's motion.

## FACTUAL BACKGROUND

I.    **The Stipulated Protective Order Prohibits the Use of Criminal Discovery in Any Civil Proceeding Including the MDL**

On September 29, 2020, Judge Surrick entered the Stipulated Protective Order in the pending criminal case against Teva upon the stipulation of the parties. *Teva Pharm.*, No. 2:20-CR-00200-RBS, ECF No. 47. The Stipulated Protective Order explicitly precludes Teva from doing what it seeks here. It provides that Teva and its counsel "may only use, disclose, or disseminate the Protected Materials, and any information taken therefrom, in preparation of the defense of this case." *Id.* ¶ 2. The Stipulated Protective Order also prohibits Teva's use, disclosure, or dissemination of criminal discovery in connection with any "other proceeding, including pending civil proceedings"—namely, the MDL. *Id.* ¶ 3.

The Stipulated Protective Order permits Teva to share materials with third parties for only one purpose:  to assist with Teva's criminal defense. It provides that those third parties "may only use the Protected Materials and any information taken therefrom in preparation of the defense of ***this*** case[.]" *Id.* ¶ 4 (emphasis added); *see id.* ¶ 6. And because documents produced in criminal discovery, including the Government Interview Memoranda at issue in this motion, are the United States' property, the Stipulated Protective Order requires Teva, its co-defendant

2

Glenmark Pharmaceuticals Inc., USA, and any third parties to destroy or return the documents at the conclusion of the criminal case, upon the United States' request. *Id.* ¶ 11.

Teva mentions in a footnote to its motion that it is simultaneously seeking to modify the Stipulated Protective Order, D.E. 2438 at 2 n.1, but neglects to advise the Court that Judge Surrick has not ruled on its motion. As it currently stands, the Stipulated Protective Order prohibits Teva from using Government Interview Memoranda in the MDL.

## II.   Teva Previously Opposed Production of Government Interview Memoranda in the MDL

Teva's motion is a complete about-face from its position throughout the MDL. In August 2021, MDL Plaintiffs sought production of Government Interview Memoranda from the criminal cases. D.E. 1816.  The United States opposed Plaintiffs' request.  *Id.*  So did all MDL Defendants—including Teva. D.E. 1816. Defendants argued that:  (1) the Stipulated Protective Order prohibited Defendants from using the Government Interview Memoranda in any other proceeding, including this MDL; (2) production risked "converting this MDL into a mini criminal trial" because Defendants would be forced "to counter any errors, bias, omissions, or falsities contained in the Memoranda"; (3) the Government Interview Memoranda "are not transcripts or factual recitations, but instead are unreliable, one-sided, and have no evidentiary value whatsoever"; and (4) the MDL Protective Order was insufficient to protect the privacy interests of the witnesses and individuals discussed. D.E. 1816 at 12. Thus, contrary to its position in this motion, Teva previously recognized that the Government Interview Memoranda are not, in fact, witness statements but evaluative summaries of witness interviews by government investigators.

At the General Status Conference on September 9, 2021, Teva emphasized the inefficiencies of introducing Government Interview Memoranda into the MDL, arguing they

would bring "complications and entanglements" with the criminal matters that "will inevitably

result in … a flow of discovery disputes, distractions, disruptions and … create a total

sideshow." D.E. 1826 at 24:11-15. Teva further claimed, "there's nothing in the memoranda that

the Plaintiffs—and frankly Defendants for that matter—can't get through depositions. And

unlike the memoranda, those depositions will result in testimony that is given under oath, and

results in transcripts, not subjective notes, and summaries." *Id.* at 24:25-25:5.

### III.   Pretrial Order No. 214 Prohibits Teva from Using Government Interview Memoranda in the MDL to Question Ms. Patel

The limited discovery stay in the MDL precludes Teva from obtaining the Government

Interview Memoranda or questioning Ms. Patel using the interview reports. "[T]o protect the

criminal investigative process," Pretrial Order No. 214 provides, "[p]arties may not seek, and no

person shall respond to, discovery as to what information (including documents), was previously

subpoenaed by or provided to the Department of Justice in the course of its criminal

investigation into the generic pharmaceutical industry." D.E. 2215 at 5. Teva now seeks to lift

the limited stay to allow Teva and all other parties to use the Government Interview Memoranda

concerning Ms. Patel in this MDL. Teva claims that it is seeking "a limited witness-specific

exception." D.E. 2438 at 8. Plaintiffs have raised the stakes, however, advising the United States

that they believe the Court should allow use of all Government Interview Memoranda—not just

those relating to the interviews of Nisha Patel—if the Court grants Teva's motion.

Teva claims it is entitled to question Ms. Patel using summaries of her interviews with

DOJ because she gave many witness interviews and her lawyers had several rounds of

negotiations over non-prosecution agreements. This should come as no surprise to Teva, which

identifies Ms. Patel as a "critical witness" who is alleged in the MDL to have conspired to fix

prices and allocate markets "on nearly 100 drugs." D.E. 2438 at 1, 2. That Teva deems Ms. Patel

to be a threat does not give it a basis to invade criminal discovery to defend itself in the MDL.

Teva also argues that it is entitled to the Government Interview Memoranda concerning Ms. Patel because "a public filing in the parallel criminal matter states that 'the testimony of key cooperating witnesses changed dramatically over the course of their interviews with the government, evidently as a result of threats or other inducements by the government.'" D.E. 2438, 5-6 (unredacted; emphasis removed) (citing A. Aprahamian Mar. 20, 2023 Ltr. to Judge Surrick at 3, *United States v. Aprahamian*, 20-cr-64 (E.D. Pa.), Dkt. No. 57). That self-serving statement, which does not even mention Ms. Patel, by counsel for a defendant facing substantial criminal and civil liability, provides no legal basis to order production of the Government Interview Memoranda in the MDL. Teva's criticisms of the Government's investigation have no relevance to this motion or the MDL proceedings, but they are indicative of Teva's willingness to turn discovery in the MDL into a mini-trial about the investigation, should the Court allow production and use of the Government Interview Memoranda.

## ARGUMENT

### I.     Teva's Motion is Premature Because It Has Not Obtained Relief from the Criminal Court

#### A.     The Stipulated Protective Order Applies to This Exact Situation

The Government Interview Memoranda are not discoverable in the MDL, because Teva is under court order not to disclose or use those reports for any purpose other than to prepare its criminal defense. The Stipulated Protective Order expressly prohibits Teva from using or disseminating the interview memoranda "for any purpose . . . and in connection with no other proceeding, including pending civil proceedings." Stipulated Protective Order ¶ 3. The same is true for any other parties to this MDL. They can use the Government Interview Memoranda in preparation of Teva's defense in the criminal case, and nothing else. Id. ¶ 4.

The Stipulated Protective Order is enforceable. Under Rule 16 of the Federal Rules of Criminal Procedure, a district court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). District courts have wide discretion to enter protective orders aimed to dictate what information may be disclosed, and in what circumstances. *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.") (citing Fed. R. Crim. P. 16(e)). The Supreme Court has emphasized the importance of adhering to such orders, particularly in the criminal context, stating that it "would not expect the district courts to permit the parties or counsel to take these orders lightly." *Id.* Because there is no question that Judge Surrick's order is enforceable, this Court should deny Teva's motion.

### B.     Absent Relief from Judge Surrick, Teva's Motion Here is Premature

Teva has moved for a modification of the Stipulated Protective Order from Judge Surrick, who has not yet ruled on that motion. As a result, Teva's request to allow production and use of the Government Interview Memoranda in the MDL is premature. This Court has acknowledged other instances where discovery being sought in the MDL implicates discovery in the Criminal Prosecutions. For example, when the United States recently sought to use MDL transcripts in the Criminal Prosecutions, the Court held—at Defendants' urging—that the request needed to be directed in the first instance to Judge Surrick. As the Court explained, "Judge Surrick is better positioned to rule on issues concerning the criminal cases." D.E. 2415, 4-5. And if modification of a PTO "become[s] necessary . . . to effectuate a ruling by Judge Surrick, this MDL Court will promptly entertain an application at that time." *Id.* at 5. So too here. Judge Surrick is best positioned to rule on the modification of the Stipulated Protective Order. Without such a ruling, Teva's motion to modify Pretrial Order No. 214 is premature. Only if Teva convinces Judge

Surrick to modify the Stipulated Protective Order would Teva's motion before this Court be timely.

### C.    To Set Aside the Stipulated Protective Order Would Trample on Judge Surrick's Authority over the Criminal Case

Teva fails to identify any legal basis for this Court to set aside the Stipulated Protective Order. Teva fails to cite any precedent—and indeed, there appears to be none—that allows a request for production of documents by a defendant in parallel civil proceedings to override a protective order in ongoing criminal prosecutions. Simply put, comity counsels in favor of deferring in the first instance to Judge Surrick.

The Stipulated Protective Order, which is the product of an agreement between the United States, Teva, and its co-defendant Glenmark, has earned a strong presumption against being set aside or modified by another court, particularly with respect to Government Interview Memoranda. The express language in the Stipulated Protective Order is designed to cover the entirety of the criminal prosecution, specifically limits the use of criminal discovery to that prosecution, and requires the return or destruction of such materials to the United States at the end of the case. Stipulated Protective Order ¶¶ 2–3, 11. Critically, the United States relied upon the agreed limitations in the Stipulated Protective Order when it disclosed Government Interview Memoranda to Teva in the criminal prosecutions, and should not be penalized for having done so.

Teva has alternative means to prepare its civil defense, namely the ordinary civil discovery tools available here. Teva remains free to use those tools to build its case, including questioning Ms. Patel in her forthcoming deposition, provided it complies with Pretrial Order No. 214 and does not seek discovery into the substance of her interactions with DOJ. As Teva itself acknowledged "there's nothing in the memoranda that . . . [Teva] can't get through

7

depositions. And unlike the memoranda, those depositions will result in testimony that is given under oath, and results in transcripts, not subjective notes, and summaries." D.E. 1826 at 24:25-25:5. Teva has not cited any authority that would require the production and use of Government Interview Memoranda to prepare its civil defense in the face of an ongoing criminal case with an operative protective order that prohibits such use.[2]

## II.    Teva Must Adhere to the *Touhy* Regulations and Request the Interview Memoranda from the United States

The Government Interview Memoranda—which were prepared at the direction of the Antitrust Division by the Federal Bureau of Investigation and the United States Postal Service Office of the Inspector General—are government property. To use the Government Interview Memoranda in the MDL, Teva must seek these materials from the United States pursuant to the applicable *Touhy* regulations, but it has not done so. Upon such a request, the government agencies will determine whether disclosure and use of the Government Interview Memoranda in the MDL is appropriate under the factors set forth in the applicable *Touhy* regulations. Consideration by the proper government officials as to whether to authorize disclosure, including the bases for any objections, is not ripe.

The Federal Housekeeping Statute, 5 U.S.C. § 301, gives federal agencies statutory authority to prescribe regulations regarding production of their records. The Supreme Court has held that a federal agency is not required to comply with any request for testimony or documents

---

[2] Teva relies on inapposite criminal cases for the baseless assertion that this Court would commit reversible error by not allowing examination of Ms. Patel through the Government Interview Memoranda. D.E. 2438-1 at 8-9. Even its authorities recognize that the exclusion of impeachment evidence can be harmless. *See United States v. Pridgen*, 518 F.3d 87 (1st Cir. 2008) (not allowing impeachment through extrinsic evidence was held harmless error); *Century Indem. Co. v. Davidson Transfer & Storage Co.*, 261 F.3d 690 (2d Cir. 1958) (finding in civil action that exclusion of impeachment evidence was non-prejudicial error).

that fails to comport with the applicable agency regulations governing the production or disclosure of such information. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Such regulations, commonly known as "*Touhy* regulations," "centraliz[e] determination as to whether subpoenas . . . will be willingly obeyed or challenged," thus avoiding "possibilities of harm from unrestricted disclosure in court." *United States v. Williams*, 170 F.3d 431, 433 (4th Cir. 1999) (quoting *Touhy*, 340 U.S. at 468). *Touhy* regulations ensure uniform and well considered responses to private litigants' requests for information, that responses will not cause injury to the government or the public, and that all requesters are treated equally. An agency's regulations "have the force and effect of federal law." *Boron Oil Co. v. Downie*, 873 F.2d 67, 71 (4th Cir. 1989) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 295–96 (1979)).

Government documents in the possession of Teva as a criminal defendant can only be disclosed in the MDL with authorization by the agencies to which the records belong pursuant to their applicable *Touhy* regulations—and not merely by Teva itself, which cannot assert or protect the interests of the United States in its documents. Teva has made no attempt to comply with the *Touhy* regulations and fails even to acknowledge them here. The United States, therefore, has not sought and does not have approval of the relevant officials to authorize the release of these materials. *See, e.g.,* 28 C.F.R. § 16.22 (governing disclosure of records from the DOJ); 39 C.F.R. § 230.10 *et. seq* (governing disclosure of records of the United States Postal Service Office of Inspector General). *See Morning Star Packing Co. v. S.K. Foods, L.P.*, No. 2:09-cv-208-KJM-EFB, 2015 WL 507437, at *3 (E.D. Cal. Feb. 5, 2015) (denying motion to compel production of criminal discovery in related civil action because those materials could not be produced without compliance with DOJ's *Touhy* regulations, which plaintiffs had not done).

Should Teva decide to seek the Government Interview Memoranda through the *Touhy*

process, the agencies will then determine whether disclosure is appropriate in accordance with

the *Touhy* regulations, including under the substantive laws of privilege. Notably, DOJ's *Touhy*

regulations prohibit disclosure where "[d]isclosure would reveal investigatory records compiled

for law enforcement purposes, and would interfere with enforcement proceedings or disclose

investigative techniques and procedures the effectiveness of which would thereby be impaired."

28 C.F.R. § 16.26(b)(5).

Teva is incorrect in claiming at this stage that "there is no applicable privilege or

investigative process that requires protection by denying access to and use of that Patel MOI."

D.E. 2438 at 11. Because Teva has not complied with the *Touhy* regulations, any argument as to

what privileges the government agencies may potentially invoke—such as the law enforcement

privilege (*see*, *e.g.*, *In re The City of New York*, 607 F.3d 923 (2d Cir. 2010) (providing legal

standard))—is not yet ripe. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967) (explaining

the ripeness doctrine's "basic rationale is to prevent the courts, through avoidance of premature

adjudication, from entangling themselves in abstract disagreements"); *Connecticut v. Spellings*,

453 F. Supp. 2d 459, 489-91 (D. Conn. 2006) (dismissing case in part due to lack of ripeness

because issues were not yet "fit" for judicial decision and hardship to the parties of withholding

review of the issues were minimal). The United States and the law enforcement agencies that

prepared the Government Interview Memoranda at issue here reserve the right to assert

privileges and other objections should Teva seek the documents pursuant to the *Touhy*

regulations.

**III.    Allowing Teva and All Other Parties to Use the Government Interview Memoranda
in the MDL Would Undermine the Integrity of the Criminal Prosecutions**

The Stipulated Protective Order exists for good reason:  to protect "confidential,

proprietary, or private information for which special protection from disclosure and use in other

10

proceedings may be warranted." Stipulated Protective Order at 1. Teva is wrong to contend that "any concerns that the DOJ may have about the distribution of these [Government Interview Memoranda] to other MDL parties are fully addressed by the modifications that Teva proposes to the Stipulated Protective Order in the criminal matter . . . as well as compliance with the MDL's Protective Order." D.E. 2438 at 11-12. Teva's proposed modifications and the MDL Protective Order cannot address the concerns that animate the Stipulated Protective Order, which assures the parties that the materials would be used for one purpose only—"preparation of the defense of [the criminal] case," Stipulated Protective Order ¶¶ 2-3—and that they would be returned or destroyed at its conclusion, *id.* ¶ 11.

Disclosure and dissemination of the Government Interview Memoranda would compromise the integrity of the ongoing criminal prosecutions by revealing documents that were produced to the grand jury during the criminal investigations, as well as the identities of cooperating witnesses and unindicted co-conspirators. Courts recognize the critical privacy interests of "[i]ndividuals who are involved in law-enforcement investigations, such as targets, witnesses, complainants, and investigators." *See Boyd v. Exec. Off. For U.S. Attys.*, 161 F. Supp. 3d 1, 10 (D.D.C. 2015) ("That privacy interest belongs to the individual, not to the agency.") (cleaned up); *see also In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("Certainly, the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation[.]"). Although witnesses and individuals involved in criminal investigations may reasonably predict that interview summaries and notes may be distributed to criminal defendants in the associated criminal prosecution, they could not anticipate the wide disclosure of such documents to all parties in a separate civil case. As this Court has previously recognized, "[g]iven the broad scope of the bellwether cases . . .

11

sealing documents and entering protective orders may not offer a complete solution" to the "individual interests at stake." D.E. 1679 at 3-4.

Allowing Teva to use the Government Interview Memoranda in the MDL could have far-reaching consequences for the United States' criminal program and criminal defendants well beyond this MDL. Although not required to produce them at all, the United States usually discloses in criminal discovery summaries of interviews of testifying witnesses close in time to trial. *See* Fed. R. Crim. P. 26.2(a), (f). The United States produced the Government Interview Memoranda to Teva's criminal counsel far earlier than required in reliance on Teva's agreement, memorialized in the Stipulated Protective Order, that those documents would be used only to prepare its criminal defense but not in the MDL or any other proceeding. If these types of processes that facilitate the early provision of information are not safeguarded, the United States may decline in the future to agree to such production. *See Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, No. CV H-09-3712, 2010 WL 11661412, at \*2 (S.D. Tex. July 1, 2010) ("The Court finds that encouraging the United States to make the 302s available to criminal defendants is a laudatory endeavor and, as a result, concludes that this factor weighs very heavily against production [in a civil case].").

Teva's contention that courts have ordered production of interview memoranda in similar circumstances is erroneous. Neither of the cases Teva cites allowed production of interview memoranda from ongoing criminal prosecutions in related civil actions. In *S.E.C. v. Gowrish*, No. C 09-05883 SI, 2010 WL 1929498, at \*1 (N.D. Cal. May 12, 2010), the only criminal defendant, Zaman, already had entered a guilty plea in the related criminal case. Similarly, in *S.E.C. v. Shanahan*, No. 4:07CV270JCH, 2009 WL 1955747, at \*3 (E.D. Mo. July 6, 2009), the criminal case against defendant Shanahan had concluded. Unlike those cases, allowing Teva and

all other MDL parties to use the Government Interview Memoranda would undermine the integrity of the ongoing criminal prosecutions.

## IV.   The Government Interview Memoranda are Not Ms. Patel's Statements

Although Teva claims it needs to examine Ms. Patel about her "prior statements to the Department of Justice," D.E. 2438 at 1, the Government Interview Memoranda are simply not Ms. Patel's statements. Rather, they are "evaluative summaries of the witness interviews, expressing the agents' views of the important aspects of the witnesses' statements during the interviews." *Pendergest-Holt*, 2010 WL 11661412, at *3[3]; *see also Blankenship v. United States*, No. 5:14-CR-00244, 2020 WL 247313, at *17 (S.D.W. Va. Jan. 15, 2020), *aff'd*, 19 F.4th 685 (4th Cir. 2021) ("MOIs constitute summaries of conversations with such witnesses, evidenced by the use of third person to reference the interviewees throughout the documents.").

Defendants recognized as much at an earlier stage of this MDL and strenuously opposed their production. In 2021, Defendants argued that "the Memoranda are not transcripts or factual recitations, but instead are unreliable, one-sided, and have no evidentiary value whatsoever." D.E. 1816 at 12. In oral argument, Defendants doubled down on their position, acknowledging the problems attendant with production of Government Interview Memoranda in the MDL:

> [T]hese memoranda are unreliable. They are mental impressions of the FBI agents. They are double hearsay. If there were to be produced here, it would create a mess, because in order to test them, we would seek the handwritten notes of the agents, and we would seek to cross examine the agents. So, now you are going to have a mini trial of the criminal case in your court, ahead of the criminal case. I guess it would give TEVA an advanced view of—of the DOJ's case, but I don't think that either the DOJ or you, or Judge Surrick, would be very happy to have—to have that sequence of events.

---

[3] Defendants previously cited this exact language from *Pendergest-Holt* to this Court when they opposed Plaintiffs' motion for production of Government Interview Memoranda. D.E. 1816 at 15 n.13. Although Teva now argues that courts allow discovery of documents "that are factual in nature" for impeachment purposes, D.E. 2438 at 9, the Government Interview Memoranda are not. *See Pendergest-Holt*, 2010 WL 11661412, at *3 ("The 302s are not factual data.").

D.E. 1826 at 26:22-27:7. There is no basis for Teva to reverse its long-held view that production and use of Government Interview Memoranda in the MDL is inappropriate.

## V.     Teva's Request is an Abuse of the Civil Discovery Process to Gain Advantage in the Criminal Case

Teva has no right to depose Ms. Patel using agent summaries of her interviews, and then use the resulting sworn testimony to cross-examine her during the criminal trial. But that is precisely what Teva intends to do. *See* D.E. 2438 at 10 (unredacted). Teva asserts that Special Master Merenstein's recommendation allowing Ms. Patel to respond in part to Teva's interrogatories concerning the dates—but not substance—of her witness interviews, grand jury testimony and non-prosecution agreements, provides a basis for Teva to use the Government Interview Memoranda to depose her. *Id.* at 4. Notably, Special Master Merenstein considered it important that there was "no evidence that Teva's interrogatories are a tactic by Teva to circumvent the limits on discovery in criminal matters or to use discovery in the MDL to obtain information that Teva could not obtain in the United States' criminal case against Teva." *Id.* at 4 (quoting Recommendation of the Special Discovery Master as to the United States' Objections to Teva's Interrogatories to Nisha Patel (Apr. 12, 2023) at 2). While Teva may not have pursued such tactics when it served interrogatories on Ms. Patel, its efforts to expand the scope of permissible discovery in deposing her show that is exactly what Teva wants to do now. Teva's effort to obtain sworn deposition testimony in the MDL based on criminal discovery that it possesses only to prepare its criminal defense is an abuse of the civil discovery process.

Teva points to two *habeas corpus* cases raising *Brady* issues, but unsurprisingly, they fail to support Teva's argument. *See* D.E. 2438 at 10 (citing *Wilson v. Beard*, 589 F.3d 651 (3d Cir. 2009); *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, (3d Cir. 2016)). These cases do not stand for the proposition that a defendant's due process rights are violated by its inability to use

14

Government Interview Memoranda from a criminal investigation to defend itself from civil liability, let alone to exploit the civil proceeding to gain advantage in the criminal case. Teva fails to cite any case suggesting that its due process rights would be violated in the MDL, if it could not use the Government Interview Memoranda it obtained in the criminal case to interrogate Ms. Patel. Nor has Teva explained why producing the Government Interview Memoranda to all MDL parties would protect Teva's due process rights. Thus, Teva may not abuse the civil discovery process to benefit its criminal defense.

## CONCLUSION

For the foregoing reason, the United States respectfully requests that the Court deny Teva's motion to amend Pretrial Order No. 214.

Dated: May 23, 2023                    Respectfully submitted,

*/s/ Emma Waitzman*
Emma Waitzman
U.S. Department of Justice
Antitrust Division
450 Fifth Street Northwest
Washington, DC 20530
Tel: (202) 538-4066
emma.waitzman@usdoj.gov

Aaron M. Sheanin
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Tel: (202) 709-1490
aaron.sheanin@usdoj.gov

*Counsel for Intervenor United States of America*

**CERTIFICATE OF SERVICE**

I, Emma Waitzman, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: May 23, 2023                      Respectfully submitted,

                                         _/s/ Emma Waitzman_
                                         Emma Waitzman

16