IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**PLAINTIFFS' RESPONSE TO TEVA'S MOTION TO MODIFY PTO 214**

With its Motion to Modify PTO 214, Teva asks this Court to authorize its criminal counsel to produce into this MDL certain memoranda that the Department of Justice ("DOJ") prepared after interviews of just one witness – Teva's former employee, Nisha Patel. But Teva's motion neglects to mention that Teva previously opposed Plaintiffs' efforts to obtain *these same memoranda*, as well as other "FBI 302" memoranda summarizing DOJ's interviews with many other MDL witnesses.[1] Whereas Teva previously argued "there is no place in this MDL for the Government Interview Memorandum," claiming a risk of "serious prejudice to Defendants and the efficient management of this MDL" (*id*. at 18), Teva now selectively reverses course.

Beyond a recitation of Ms. Patel's responses to certain interrogatories, Teva offers no explanation for the stark reversal in its position and seeks relief in a form that would prejudice Plaintiffs.[2] If the Court is inclined to allow the production and use in this MDL of the FBI 302s

---

[1] *See* Jt. Submission Regarding the Limited Stay of Discovery Relating to the United States' Criminal Investigation and Certain Depositions at 12-18 ("Joint Submission"), MDL ECF No. 1816.

[2] Teva's motion also makes several assertions that the States have rebutted in detail in other briefing. *See* States' Opposition to Defendant Maureen Cavanaugh's Motion to Dismiss the States' Amended Complaint, ECF No. 137 in Case No. 19-cv-2407 ("Cavanaugh, as well as

based on interviews of Ms. Patel, then the Court should permit discovery and use of all FBI 302s of witnesses in this MDL, as Plaintiffs previously requested.

Indeed, less than two years ago, Teva and its co-Defendants vehemently opposed Plaintiffs' efforts to access the DOJ interview memoranda related to Ms. Patel and other witnesses. In a joint filing with Plaintiffs and DOJ, Defendants excoriated the suggestion that the FBI 302s should be produced, outlining a host of reasons to bar their production. For example, Teva and its co-Defendants claimed:

- "production would thrust this MDL into the very same case management scenario that the Court's February 9, 2021 Order sought to avoid – forcing the Indicted Defendants' hands in revealing their defenses to counter any errors, bias, omissions, and falsities contained in the Memoranda and otherwise converting this MDL into a mini criminal trial;"

- "the Memoranda are not transcripts or factual recitations, but instead are unreliable, one-sided, and have no evidentiary value whatsoever;" and

- "the privacy interests of the witnesses whose statements the Memoranda purport to summarize, as well as the individuals whom the witnesses discussed, cannot be sufficiently protected by the MDL Protective Order."

Joint Submission at 12; *see also id.* at 13–18 (expanding on these arguments). During the General Status Conference on September 9, 2021, defense counsel went even further, arguing that production of these memoranda (including the memoranda related to Ms. Patel) would create chaos in the MDL and in the parallel criminal proceedings:

> If [the interview memoranda] were to be produced here, it would create a mess, because in order to test them, we would seek the handwritten notes of the agents, and we would seek to cross examine the agents. So, now you are going to have a mini trial of the criminal case in your court, ahead of the criminal case. I guess it would give Teva an advanced view of – of the DOJ's case, but I don't think that either the DOJ or you, or Judge Surrick, would be very happy to have – to have that sequence of events.

---

other Teva high-level executives, were aware that Cavanaugh's subordinates were engaging in collusive conduct in violation of the antitrust laws.").

*See* Sept. 9, 2021 Hr'g Tr. at 26:24–27:7.[3]

Although Teva's brief offers an in-depth discussion of the procedural posture of PTO 214 and prior stay Orders, the brief makes no mention of Teva's prior strident opposition to the same relief it seeks here. Teva has neither backed away from Defendants' predictions of a procedural "mess" that would occur if the parties obtain access to FBI 302 memoranda, nor explained why the memoranda related to Ms. Patel somehow uniquely avoid those alleged concerns. During a meet and confer prior to Teva filing the instant motion, Teva's counsel left open the possibility of subpoenaing the handwritten notes of FBI agents and deposing them in the event that any FBI 302s are produced in this MDL.

The request, as framed by Teva, would prejudice Plaintiffs with incomplete discovery. The Court should not countenance Teva's attempt to pick and choose which interview memoranda are produced and when. Because Plaintiffs cannot access the relevant FBI 302s at all, the Parties have now deposed more than 100 witnesses in this MDL without the benefit of the interview memoranda that surely exist with respect to dozens of these witnesses (many of whom have claimed a complete lack of memory of the relevant events). Just as the FBI 302s would serve a truth-seeking function as to Ms. Patel, the memoranda would also help elicit truthful testimony from other witnesses in this MDL. Indeed, given that DOJ's investigation is almost 10 years old, there are likely many FBI 302s of witnesses prepared much closer in time to the relevant conduct than the memoranda of interviews of Ms. Patel. That Ms. Patel is a critical witness does not change the calculus.

---

[3]  These statements were made by MDL counsel for Actavis (Teva's subsidiary). Actavis' MDL counsel also represent Teva in the parallel criminal proceedings pending before Judge Surrick, and in the parallel securities litigation then-pending in the District of Connecticut before Judge Underhill. As defense counsel noted during the General Status Conference on September 9, 2021, Teva also successfully opposed the production of the same interview memoranda in the proceedings before Judge Underhill. *See* Hr'g Tr. at 17.

Accordingly, to the extent that the Court is inclined to grant access to the FBI 302s of Ms. Patel, Plaintiffs respectfully request that the Court also authorize the production and use of the FBI 302s for all witnesses in the MDL. Additionally, Plaintiffs reserve the right to seek additional deposition testimony from any witnesses whose testimony in this MDL is inconsistent with their prior statements to the FBI.

Dated:  May 23, 2023                                              Respectfully submitted,

By: *s/  Roberta D. Liebenberg*                              By: *s/ Dianne M. Nast*
    Roberta D. Liebenberg, Esquire                      Dianne M. Nast, Esquire
    FINE, KAPLAN AND BLACK, R.P.C.                     NASTLAW LLC
    One South Broad Street, 23rd Floor                       1101 Market Street, Suite 2801
    Philadelphia, PA  19107                                          Philadelphia, PA  19107
    Tel:  (215) 567-6565                                                    Tel:  (215) 923-9300
    E-mail: rliebenberg@finekaplan.com                      E-mail:  dnast@nastlaw.com

***Lead and Liaison Counsel for the End-Payer Plaintiffs***

***Lead and Liaison Counsel for the Direct Purchaser Plaintiffs***

By: *s/ Jonathan W. Cuneo*                                    By: *s/ W. Joseph Nielsen*
    Jonathan W. Cuneo                                                W. Joseph Nielsen, Esquire
    CUNEO, GILBERT & LADUCA LLP                        Assistant Attorney General
    4725 Wisconsin Avenue, N.W., Suite 200              State of Connecticut
    Washington, DC  20016                                            165 Capitol Ave.
    Tel:  (202) 789-3960                                                   Hartford, CT  06106
    E-mail: jonc@cuneolaw.com                                    Tel:  (860) 808-5040
                                                                                           E-mail:  Joseph.Nielsen@ct.gov

***Lead Counsel for the Indirect Reseller Plaintiffs***

***Liaison Counsel for the States***

By: *s/ William J. Blechman*
    William J. Blechman, Esquire
    KENNY NACHWALTER, P.A.
    1441 Brickell Avenue, Suite 1100
    Miami, Florida  33131
    Tel:  (305) 373-1000
    E-mail:  wblechman@knpa.com

***Counsel for the Kroger Direct Action Plaintiffs and Liaison Counsel for DAPs***

4