IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

...

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

## ORDER

Defendant Ara Aprahamian filed a motion seeking a modification of Pretrial Order No. 195, the Modified Protective Order ("PTO 195"), to allow him to use the discovery in the MDL in connection with his defense in a criminal case alleging antitrust violations, which is pending before the Honorable R. Barclay Surrick.[1] The motion was referred to Special Discovery Master Lawrence Stengel on an expedited basis. The Special Discovery Master has issued his First Report and Recommendation ("First R&R"), which recommends that the Court modify PTO 195 to allow Aprahamian to use discovery materials in the criminal case, contingent upon his agreement to file all such materials under seal and concurrently notify the parties to the MDL of any such filing to allow them to object to the unsealing before Judge Surrick.

The United States objects to the First R&R to the extent that it does not permit the United States the same level of access to MDL discovery for use in the criminal case. Plaintiffs support the position of the United States, while certain Defendants oppose it.

By Order dated April 13, 2023, the Court denied without prejudice a motion by the United States, as Intervenor in this Multi-District Litigation, to grant it access to MDL discovery

---

[1] *See United States v. Aprahamian*, No. 20-cr-64 (E.D. Pa.), which is listed for trial on February 26, 2024.

for use in the pending criminal proceedings, determining that Judge Surrick is better positioned to rule on such issues.[2] The United States subsequently sought access to certain deposition transcripts and exhibits under Federal Rule of Criminal Procedure 17(c), which Judge Surrick granted.[3] The Court's reasons stated in the earlier Order still apply. The United States can obtain documents necessary to the prosecution of its case through the Rules of Criminal Procedure by appropriate application to Judge Surrick, and has not demonstrated prejudice from the claimed asymmetry of access to all discovery in the MDL, which includes potentially highly sensitive material protected by PTO 195.[4]

**AND NOW**, this 10th day of November 2023, upon careful review of the First R&R of Special Discovery Master Lawrence Stengel and the objections and responses thereto, and for the reasons explained above, it is hereby **ORDERED** that:

1. The Objections to the First R&R are **OVERRULED** and the First R&R is **APPROVED and ADOPTED**.

2. Defendant Ara Aprahamian's Motion to Modify Protective Order [MDL Doc. No. 2511] is **GRANTED**. The protective orders entered in the MDL, including PTO 195, are **MODIFIED** to the effect that Aprahamian is permitted to use discovery material from the MDL in connection with the criminal case *United States v. Aprahamian*, No. 20-cr-64 (E.D. Pa.), provided that he files any such materials under seal and concurrently notifies the parties to the

---

[2] MDL Doc. No. 2415.

[3] The United States then moved to modify PTO 195 to effectuate that ruling. MDL Doc. No. 2688. The Court grants that motion by separate Order.

[4] As noted in the First R&R, Aprahamian's motion implicates his rights under the Fifth and Sixth Amendments to the United States Constitution, which do not apply to the United States. First R&R at ¶¶ 12-14, 17, 23.

MDL of any such filing so that they may object to any unsealing of said materials by Judge Surrick.[5]

    3.    Defendant Taro Pharmaceuticals U.S.A., Inc.'s Motion to Seal the Statement in Response to the United States' Objection to Special Master Stengel's First Report and Recommendation Resolving Defendant Ara Aprahamian's Motion to Modify Protective Order [MDL Doc. No. 2655] is **GRANTED** as good cause has been shown for limited sealing and a redacted version has been filed.

    It is so **ORDERED.**

**BY THE COURT:**

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

[5] It is of course for Judge Surrick to determine whether to allow materials to be filed under seal in the criminal case, and whether to allow for objections by non-parties to the criminal case.