IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

## STATUS ORDER

The purpose of this Order is to report to the Judicial Panel on Multidistrict Litigation ("JPML") the current status of the litigation known as "In re: Generic Pharmaceuticals Pricing Antitrust Litigation," MDL No. 2724, in light of the Motion to Remand filed by the Plaintiffs in the State Actions.[1]

The MDL initially was formed as the result of actions filed by private Plaintiffs concerning the pricing of two generic pharmaceuticals, digoxin and doxycycline. The Panel later transferred additional actions brought by private Plaintiffs and renamed the MDL based on the following:

> (a) plaintiffs assert claims for price fixing of generic drugs in violation of the Sherman Act and/or state antitrust laws on behalf of overlapping putative nationwide classes of direct or indirect purchasers of generic pharmaceuticals; (b) the average market price of the subject generic pharmaceutical is alleged to have increased between 2012 and the present; (c) defendants are alleged to have effectuated the alleged conspiracy through direct company-to-company contacts and through joint activities undertaken through trade associations, in particular meetings of the Generic Pharmaceutical Association; and (d) the allegations stem from the same government investigation into anticompetitive conduct in the generic pharmaceuticals industry.[2]

---

[1] Motion to Remand, *In re Generic Pharmas. Pricing Antitrust Litig.*, MDL No. 2724, Doc. 407 (J.P.M.L. filed Nov. 1, 2023).

[2] *In re Generic Digoxin & Doxycycline Antitrust Litig.*, 222 F. Supp. 3d 1341, 1344 (J.P.M.L. 2017).

Over objection by the Plaintiffs in the State Actions, the Panel later transferred the first State Action into the MDL, determining that:

> After considering the argument of counsel, we find that the State Action involves common questions of fact with the actions transferred to MDL No. 2724, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Like the actions already pending in the MDL, the States: assert claims for price fixing of generic drugs (specifically, doxycycline hyclate delayed release and glyburide) in violation of the Sherman Act and state antitrust laws; allege that the average market price of these pharmaceutical products increased between 2012 and the present; and allege that defendants effectuated the alleged conspiracy through direct company-to-company contacts and through joint activities undertaken through trade associations. The States' claims, like those of the private plaintiffs, stem from the same government investigation into anticompetitive conduct in the generic pharmaceuticals industry. Inclusion of the State Action in MDL No. 2724 thus will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.[3]

As additional cases have been filed and transferred in, the MDL has become sweeping in scope, including proposed class actions brought by three different groups (Direct Purchaser Plaintiffs, End Payer Plaintiffs, and Indirect Reseller Plaintiffs); cases not seeking class-action status brought by private entities including insurers, pharmacies, hospitals and others; cases brought by local governments; and the State Actions. Some of the cases concern individual drugs, while others allege overarching conspiracies with regard to many generic drugs sold by many Defendants. To manage all of these disparate claims as effectively as possible, the MDL has been structured to move all cases forward, with five bellwether cases taking the lead.

Four of the bellwether cases are proposed class actions as to single drugs.[4] The fifth bellwether case is a State Action alleging an overarching conspiracy with regard to

---

[3] Transfer Order, *In re Generic Pharmas. Pricing Antitrust Litig.*, MDL No. 2724, Doc. 336 (J.P.M.L. filed Aug. 3, 2017).

[4] These bellwether cases are the clobetasol and clomipramine proposed class actions brought by the Direct Purchaser Plaintiffs and the End Payer Plaintiffs.

approximately 80 generic dermatology products.[5] This bellwether, referred to as the Dermatology Action, was filed in the United States District Court for the District of Connecticut and transferred to the MDL. More than a year after the transfer, an amended complaint was filed in the Dermatology Action that added the State of California as a Plaintiff.[6] The Offices of State Attorneys General have been active counsel throughout the MDL, and particularly so in the bellwether litigation, where the Dermatology Action is the most expansive of the cases.

This Transferee Court has focused on streamlining and preparing the bellwether cases for settlement or for rulings on the merits, including continuing to address pending motions to dismiss and other complex motions.[7] Bellwether fact discovery is nearly complete, and there is a comprehensive schedule in place for further proceedings into 2024—on matters that affect all bellwether actions—including expert discovery, expert reports, *Daubert* motions, and summary judgment.

Although under *Lexecon*,[8] this Transferee Court could not conduct a trial of the State Action bellwether unless all parties agree, there is still much that can be accomplished through coordinated pretrial proceedings, including dispositive and *Daubert* motions and exploration of settlement options through the auspices of a settlement neutral. Both the Transferee Court and the Special Masters appointed to assist with the informal resolution of disputes have developed significant knowledge with regard to the cases and the generic pharmaceutical industry.

---

[5] *Connecticut v. Sandoz*, No. 20-3539 (E.D. Pa.).

[6] Am. Compl. [Doc. No. 62], No. 20-3539, *Connecticut v. Sandoz*, No. 20-3539 (E.D. Pa.).

[7] During this time, this Transferee Court granted limited intervenor status to the United States as pending criminal prosecutions filed against certain Defendants raised additional challenges to the management of the MDL; only recently have the criminal cases been resolved.

[8] *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

Without commenting on the legal analysis relating to the retroactivity of the Venue Act, under traditional 28 U.S.C. § 1407 considerations, this Transferee Court would not recommend that the State Actions be transferred at this time, as the State Actions continue to be actively litigated within the MDL. This is particularly true as to the bellwether State Action, which is fully integrated into, and a key part of, the bellwether proceedings. With all concerned parties in the MDL before this Transferee Court and with the extensive assistance of the Special Masters, counsel have been able to coordinate complex scheduling, facilitate communication, and resolve pretrial disputes.

**AND NOW**, this 7th day of December 2023, it is hereby **ORDERED** that the Clerk of Court is directed to **TRANSMIT** this Status Order to the JPML.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**