
**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street
Suite 5000
Philadelphia, Pennsylvania 19103-7300
www.dlapiper.com

Whitney Corinne Cloud
whitney.cloud@us.dlapiper.com
T   215.656.2440
F   215.606.3340

January 19, 2024
VIA ELECTRONIC FILING

The Honorable Cynthia M. Rufe
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, 12th Floor
Philadelphia, PA 19106-1979

**Re:** In re: Generic Pharmaceuticals Pricing Antitrust Litigation, 16-MD-2724
ECF 2774: Defendants' Motion to Enforce this Court's Order Compelling Certain States to Produce Discovery in Response to Request for Production No. 68

Dear Judge Rufe:

We write to clarify the scope of relief sought in Defendants' Motion to Enforce this Court's Order Compelling Certain States to Produce Discovery in Response to Request for Production No. 68, filed on January 16, 2024, at ECF No. 2774 (the "Motion").  In an effort to avoid unnecessarily duplicative motion practice, the Motion seeks a general order compelling the States subject to the Court's October 20, 2023 Order regarding RFP 68 to fully satisfy, by a date certain, their discovery obligations under that Order, the Federal Rules of Civil Procedure, and standing pretrial discovery orders in this matter.

Since Defendants filed the Motion, certain States have contacted Defendants to object to their inclusion in the Motion based on their understanding that their productions are complete or that no individual objections regarding their productions have been raised.  While Defendants seek a general order establishing a compliance date to aid in securing discovery from those non-stipulating States that have yet to comply with the Court's October 20, 2023 Order, Defendants *are not* seeking further discovery under RFP 68 from States that have met their production obligations.  Thus, any order enforcing the Court's October 20, 2023 Order will not require those States to take further action.  Defendants also note that in the three days since Defendants filed the Motion, multiple States have made productions and have become fully compliant.

Moreover, Defendants' Motion does not apply to, and therefore does not seek relief from, States that entered stipulations to produce documents responsive to RFP 68.[1]

To ensure clarity, we set forth below the States that we believe currently fall within each of the three categories described here:

---

[1]   Defendants reserve the right to bring future targeted motions as necessary to bring certain stipulating States into compliance with their obligations under the parties' agreements.

Case 2:16-md-02724-CMR   Document 2776   Filed 01/19/24   Page 2 of 3



The Honorable Cynthia M. Rufe
January 19, 2024
Page Two

| States That Have Not Complied or Have Yet to Fully Comply with the Order[2] | States from Which Defendants Are Not Seeking Further Discovery Under RFP 68 | Stipulating/Non-Objecting States |
|---|---|---|
| Alaska | Connecticut | California |
| Arizona | Massachusetts | Colorado |
| Delaware | Minnesota | Florida |
| District of Columbia | Mississippi | Idaho |
| Georgia[3] | Montana | Illinois |
| Iowa[4] | Nevada | Indiana |
| Louisiana[5] | New Hampshire | Kansas |
| Maryland[6] | North Dakota | Kentucky |
| Michigan | Ohio | Maine |
| Missouri | Oklahoma | New Jersey |
| Nebraska | Utah | Pennsylvania |
| New Mexico | West Virginia | South Carolina |
| New York | Wisconsin | South Dakota |
| North Carolina | | Tennessee |
| Oregon | | Vermont |
| Puerto Rico | | Washington |
| Rhode Island | | |
| Virginia | | |
| Wyoming[7] | | |

---

[2] As noted in the Motion, some States have failed to engage with Defendants, while others have indicated an intent or willingness to comply with their discovery obligations, but have either failed to or have not yet complied. Defendants cannot delay any further in obtaining core discovery to which they are entitled. Defendants understand an Order providing a date certain for compliance may aid certain States in fulfilling their obligations and have already seen renewed efforts by some States. Defendants are cooperating with States attempting to comply and will update the Court on further State compliance.

[3] Georgia made a production on January 19, 2024, and Defendants are evaluating it for completeness.

[4] Defendants are seeking clarification from Iowa concerning certain public documents.

[5] On January 12, 2024, Special Master Stengel issued a formal report and recommendation that "Louisiana be ordered to comply with RFP 68 by January 24, 202[4]" or the Court should "entertain a motion from Defendants for monetary sanctions." Special Master Lawrence F. Stengel's Third Formal Report and Recommendation (R&R), ECF No. 2773, ¶¶ 14–16. Defendants are not seeking relief with respect to Louisiana at this time. If Louisiana fails to comply with Special Master Stengel's Third Formal R&R, Defendants will seek further relief pursuant to that R&R.

[6] Maryland made a production on January 18, 2024, and Defendants are evaluating it for completeness.

[7] Defendants are not seeking relief from Wyoming at this time. Defendants have agreed to a longer timeline for Wyoming's RFP 68 productions because Wyoming is a non-bellwether state.



The Honorable Cynthia M. Rufe
January 19, 2024
Page Three


Defendants propose to provide periodic letter updates to the Court to apprise it of any additional States that fully satisfy their obligations with respect to RFP 68 while this Motion is pending. We appreciate the Court's attention to this matter.

                              Respectfully submitted,

                              Whitney Corinne Cloud

cc:    All Counsel of Record via ECF