IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br>*ALL ACTIONS* | |

**DISTRIBUTOR DEFENDANTS' OBJECTIONS TO SPECIAL MASTER
DAVID H. MARION'S TWENTIETH REPORT AND RECOMMENDATION**

AmerisourceBergen Drug Corp.[1], H.D. Smith, LLC, Cardinal Health, Inc., The Harvard Drug Group, LLC, McKesson Corp., and Red Oak Sourcing, LLC (collectively, the "Distributor Defendants"), in accordance with Pretrial Order No. 163 (ECF Doc. No. 1707) and Fed. R. Civ. P. 53(f), submit these objections to Special Master David H. Marion's Twentieth Report and Recommendation (the "20th R&R") (ECF Doc. No. 2964).

The 20th R&R, issued on May 22, 2024, recommends the selection of certain cases as additional bellwether cases, including, in relevant part, a recommendation that "the Court restore its prior selection of the EPP and DPP Pravastatin cases as a bellwether case, and that the Court also select the Indirect Reseller Plaintiffs' ("IRPs") Pravastatin case as a bellwether," *id.* ¶ 18, and a recommendation that "the Court should order an April 1, 2025 deadline for the completion of fact discovery in all other cases in this MDL, with the exception of the 'Phase 3 Drug Cases' identified by Defendants," *id.* ¶ 20. Distributor Defendants specifically object to the selection of the IRPs' Pravastatin case (or any other IRP case) as a bellwether, or the setting of any discovery dates in the IRP cases, until the Distributor Defendants' motion to dismiss is resolved.

In the 20th R&R, Special Master Marion indicated that he had considered the various arguments of "the parties"; he did not specify which "parties," however. Moreover, Special Master Marion further indicated in the R&R that he had reviewed and discussed five proposals from the parties ahead of an April 18, 2024 conference call and his informal recommendation. *Id.* ¶¶ 5, 7. Notably, however, the Distributor Defendants are not represented by any of the Leadership Committees that regularly engage with the Special Master, and none of the Distributor Defendants endorsed (or even were aware of) any of the five proposals submitted by the other parties.

---

[1] As of August 30, 2023, AmerisourceBergen Drug Corporation formally changed its name to Cencora, Inc. To be consistent with prior filings and documents in this case, Cencora, Inc. is referred to herein as AmerisourceBergen Drug Corporation.

Distributor Defendants became aware of the initial proposals only after the fact and thereafter submitted a response highlighting the prejudice that certain of these proposals could impose on Distributor Defendants, who have a pending motion to dismiss the only complaint against them and have a negotiated, court-approved stay of party discovery[2] until that motion is resolved. The Distributor Defendants respectfully requested that no IRP case be selected as a bellwether and that no dates be set for any IRP complaints until Distributor Defendants' pending motion to dismiss is resolved.[3]

After publication of Special Master Marion's informal report, representatives from the Distributor Defendants attended the May 15, 2024 conference and thereafter made a submission requesting that their response be acknowledged in the R&R and that the informal report be modified to exclude the IRP cases from the fact discovery deadline.[4] Special Master Marion's 20th R&R notes that he "received five separate submissions outlining requested modifications" to his informal report but did not indicate whether those include Distributor Defendants' submission.

I. **No IRP Complaints Should Be Selected as Bellwethers While Distributor Defendants' Motion to Dismiss is Pending**

As the Court is well aware, the Distributor Defendants are uniquely situated in this litigation. The Distributor Defendants are presently named as defendants in only a single complaint[5]—the complaint filed by the IRPs in December 2019 (No. 19-cv-6044, ECF Doc. No.

---

[2] *See* No. 19-cv-6044, ECF Doc. Nos. 40 and 146.

[3] *See* April 16, 2024 Letter from A. Ellis to D. Marion, attached hereto as Exhibit A.

[4] Special Master Marion's informal report recommended only that certain EPP and DAP cases be selected as bellwethers, accordingly, Distributor Defendants did not recommend modification to the bellwether selections.

[5] McKesson was previously named as a defendant in a suit brought by Marion Diagnostic Center, LLC and Marion Healthcare, LLC, but obtained a complete dismissal of that complaint in an order from the Court dated June 26, 2019. (No. 18-cv-4137, ECF Doc. No. 112).

1)[6] as amended in July 2022 (ECF Doc. No. 143)—and at least some of the Distributor Defendants are absent class members in the DPP actions.  The Distributor Defendants successfully moved to dismiss the IRPs' complaint against them, as the Court held that the IRPs failed to "plead sufficient factual detail to show that the conduct alleged plausibly suggests an illegal conspiracy subject to per se condemnation under Section 1 of the Sherman Act."  Mem. Op., No. 19-cv-6044, ECF Doc No. 129 at 13.  Then, after the IRPs amended their complaint, *see* No. 19-cv-6044, ECF Doc. No. 61, the Distributor Defendants moved to dismiss again, arguing that "[d]espite clear guidance from the Court, multiple pleading opportunities, and access to years of discovery, the IRPs' newest complaint . . . cures none of the fundamental failures of the [prior complaint] and instead simply adds more of the same types of allegations this Court has already held are insufficient to state a claim against the Distributor Defendants."  *See* No. 19-cv-6044, ECF Doc. No. 151-1, at 6.  That motion is fully briefed and pending before the Court.

The 20th R&R recommends that the Court include as a bellwether the IRP's Pravastatin case.  *See* 20th R&R ¶ 18.  Although Distributor Defendants are not named as defendants in the Pravastatin complaint, any litigation by the IRPs against the manufacturer defendants will necessarily implicate Distributor Defendants.

*First*, any claim by the IRPs involves questions of law and fact that are highly relevant to IRPs' claims against Distributor Defendants in *Reliable Pharmacy*.  For example, the factfinder would need to resolve whether any harm caused by the manufacturer defendants' misconduct was "passed on" to the IRPs by the Distributor Defendants.  Therefore, although Distributor Defendants believe their pending motion to dismiss is meritorious, proceeding with the IRPs' Pravastatin

---

[6] The IRPs subsequently amended their complaint in May 2020.  (No. 19-cv-6044, ECF Doc. No. 61).

complaint before Distributor Defendants' motion to dismiss has been resolved would risk prejudicing the Distributor Defendants in their defense of any claims that may survive against them in *Reliable Pharmacy*. *Second*, a ruling on Distributor Defendants' pending motion to dismiss will decide with finality critical outstanding issues that will inevitably influence the parties' arguments relating to class certification in any IRP case. Proceeding with an IRP compliant as a bellwether before the parties have the benefit of the Court's ruling will thus result in inefficiencies both for the Court and for the IRPs.

In the initial Bellwether briefing, IRPs agreed it was best that the IRPs were excluded from the bellwether plan because Distributor Defendants' motion to dismiss remained pending. *See* IRPs' Proposed Bellwether Plan, at 2 (submitted April 8, 2024). Distributor Defendants' status in the litigation remains unchanged and that approach continues to make good sense. For the reasons stated here, Distributor Defendants respectfully request that the Court modify Paragraph 18 of the 20th R&R to exclude the IRP's Pravastatin case pending resolution of the Distributor Defendants' motion to dismiss.

## II.   No Discovery Deadlines Should Be Imposed on IRP Cases.

Distributor Defendants are subject to a carefully negotiated and Court-ordered stay of party discovery. Specifically, in April 2020, the Court approved a stipulation between the IRPs and the Distributor Defendants[7] ordering that "all party discovery [as to the Distributor Defendants] is stayed" and that the Distributor Defendants "shall not be required to produce any documents in response to IRP RFPs during the pendency of the [Distributor Defendants'] Motions to Dismiss." (No. 19-cv-6044, ECF Doc. No. 40) ("Stay Order"). In July 2022, the Court ordered and approved

---

[7] The stipulation was entered between the IRPs and the "Purchasing Defendants," a broader group of defendants, inclusive of the Distributor Defendants, that were named in the original *Reliable Pharmacy* complaint.

a stipulation clarifying that the Stay Order shall remain in effect during the pendency of the Distributor Defendants' motion to dismiss the amended complaint as well. (No. 19-cv-6044, ECF Doc. No. 146). Therefore, with respect to the Distributor Defendants, discovery in *Reliable Pharmacy* has not even begun.

Absent modification, Special Master Marion's recommendation that "the Court should order an April 1, 2025 deadline for the completion of fact discovery in all other cases in this MDL" would be inconsistent with that Stay Order. It would also impose a significant burden on the Distributor Defendants by requiring them to file answers and engage in discovery in *Reliable Pharmacy*, the very case in which the Stay Order is in effect. Such a burden is particularly unnecessary given that the IRPs have confirmed that they do not seek to alter the Stay Order and that they are not seeking answers from the Distributor Defendants at this time.

The Court's current Stay Order makes good sense and should not be revisited. As the Supreme Court has cautioned, "it is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). Imposing a fact discovery deadline on all IRP cases, including *Reliable Pharmacy*, would impose a substantial burden on Distributor Defendants, one that the Court in *Twombly* cautioned against imposing until allegations have arisen that are sufficient to suggest a conspiracy. Here, the Court has already held once that the IRPs have failed to plausibly allege any claims against the Distributor Defendants, and until the IRPs clear this hurdle, discovery should continue to remain stayed.

Given the significant burden Special Master Marion's 20th R&R would impose on Distributor Defendants, and the agreement between the relevant parties that the current Stay Order

remain in place, Distributor Defendants respectfully request that the Court modify Paragraph 20 of the 20th R&R to exclude the IRPs' complaints pending resolution of the Distributor Defendants' motion to dismiss.

Dated:  June 5, 2024

          Respectfully submitted,

          */s/ Abram J. Ellis*
          *On behalf of Distributor Defendants*

| | |
|---|---|
| *Counsel for McKesson Corporation*<br>*/s/ Abram J. Ellis*<br>*(D.C. Bar # 497634)*<br>Abram J. Ellis<br>Sara Y. Razi<br>Joshua G. Hazan<br>**SIMPSON THACHER & BARTLETT LLP**<br>900 G Street NW<br>Washington, DC 20001<br>202-636-5579<br>aellis@stblaw.com<br>sara.razi@stblaw.com<br>joshua.hazan@stblaw.com | *Counsel for AmerisourceBergen Drug Corp. and H.D. Smith, LLC*<br>*/s/ Michelle A. Mantine (w/consent)*<br>*(PA Bar # 203102)*<br>Michelle A. Mantine<br>Christopher R. Brennan<br>Courtney B. Averbach<br>Danielle L. Stewart<br>**REED SMITH LLP**<br>225 Fifth Avenue<br>Pittsburgh, PA 15222<br>412-288-4268/4583<br>mmantine@reedsmith.com<br>cbrennan@reedsmith.com<br>caverbach@reedsmith.com<br>dstewart@reedsmith.com |
| *Counsel for Cardinal Health, Inc. and The Harvard Drug Group, LLC*<br>*/s/ Jason C. Murray (w/consent)*<br>*(CA Bar # 169806)*<br>Jason C. Murray<br>Katie Yablonka<br>Jordan Ludwig<br>**CROWELL & MORING LLP**<br>515 South Flower Street, 40th Floor<br>Los Angeles, CA 90071<br>213-443-5590<br>jmurray@crowell.com<br>kyablonka@crowell.com<br>jludwig@crowell.com | *Counsel for Red Oak Sourcing, LLC*<br>*/s/ John F. Zabriskie (w/consent)*<br>*(IL Bar # 6187887)*<br>John F. Zabriskie<br>Benjamin R. Dryden<br>**FOLEY & LARDNER LLP**<br>321 N. Clark Street, Suite 3000<br>Chicago, IL 60654<br>312-832-5199<br>jzabriskie@foley.com<br>bdryden@foley.com |