IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | : MDL NO. 2724 <br> : 16-MD-2724 <br> : <br> : HON. CYNTHIA M. RUFE <br> : |
| ALL ACTIONS | : |

**INDIRECT RESELLER PLAINTIFFS' LIMITED OBJECTION TO THE TWENTIETH REPORT AND RECOMMENDATION OF SPECIAL MASTER DAVID H. MARION**

Indirect Reseller Plaintiffs ("IRPs") bring this respectful and limited objection to the May 22, 2024 Twentieth Report and Recommendation of Special Master David H. Marion (ECF Dkt. No. 2964) (hereinafter, the "20th R&R") regarding the discrete matter of a joint *Pravastatin* bellwether trial. See 20th R&R ¶18. The IRPs bring this objection pursuant to Federal Rules of Civil Procedure 53(f), and Pretrial Orders No. 49 and 68 (ECF Dkt. No. 667 and No. 823, respectfully).

Directive 2 of the 20th R&R recommends that the Court restore its prior selection of the EPP and DPP Pravastatin cases as a bellwether case, and "that the Court also select the IRP *Pravastatin* case as a bellwether." 20th R&R ¶18. It further recommends that "all the Pravastatin cases be consolidated in one trial." *Id*. Special Master Marion's language refers to the fact that during the determination of the first tranche of bellwether cases, the plaintiffs did not propose the inclusion of the IRPs in a bellwether case, leading to the selection of the Direct Purchaser Plaintiffs ("DPPs") and End-Payer Plaintiffs ("EPPs") *Clomipramine*, *Clobetasol*, and *Pravastatin* cases.[1]

---

[1] *See* IRP Opp. To Defendants' Mtn. for Clarification, ECF Dkt. No. 1481, at 2.

In the intervening years, the case has progressed to the point where the IRPs are ready to press forward in a bellwether trial.[2]  The 20th R&R recognizes that readiness and therefore includes the IRPs *Pravastatin* case as a second-tranche bellwether.

## INDIRECT RESELLER PLAINTIFFS' POSITION

The IRPs believe the Court should adopt the 20th R&R's recommendation that the IRP, DPP, and EPP *Pravastatin* cases go forward as bellwethers.  The IRPs disagree, however, with the 20th R&R's recommendation that the *Pravastatin* cases be consolidated in one trial.  This recommendation does not follow the precedent set by the first-tranche bellwethers, in which the DPPs and EPPs will be conducting separate *Clomipramine* and *Clobetasol* trials, nor does it consider the differences that all three classes will potentially have with each other at various points in the case concerning damages.

A consolidated trial would create a host of potential problems, as the classes would be in the impossible position of having to simultaneously work together to try every aspect of their cases while also protecting their interests regarding the allocation of damages between them.  There are damages arguments unique to each class that would need to be made but which may not be important for the other classes.  And there would very likely be tension between the DPPs, IRPs, and EPPs as to how much of the damages created by *Pravastatin* Defendants were absorbed by each class.  If we have learned anything from the decade this case has been in progress, it is that the American health care system is exceedingly complex, enough so that to try to educate a jury on the economic impact of the *Pravastatin* Defendants' conduct for three separate classes

---

[2] Importantly, IRPs *Pravastatin* case does not name as a Defendant any "Distributor Defendants" (as denoted in *Reliable Pharmacy, et al. v. Actavis Holdco US, Inc., et al.*, No. 19-cv-6044), and therefore is not impacted by the to-be-decided motion to dismiss by those Defendants in *Reliable Pharmacy*.  Given the increasingly swift progress in this MDL since first-tranche bellwethers were determined in the past few years, IRPs believe it is not only proper but imperative to move forward with an IRP bellwether against the Manufacturer Defendants.

simultaneously is a prohibitively large order. Better to have each class present to a jury their discrete arguments and economic models.

Ultimately, however, this matter need not be decided now. The pre-trial legwork of discovery, expert reports, and class certification can all go forward now without regard to whether there is a consolidated trial or separate trials. Many aspects of the Pravastatin case can change between now and the approach of trial (likely to occur no sooner than 2026), and there is no need for the Court to determine whether the trial should be consolidated at this juncture. Nor would the *Pravastatin* Defendants be harmed by waiting on such a determination. In discussing, briefing, and arguing their positions before Special Master Marion, little to no time was occupied by the parties as to whether a private class bellwether would be consolidated or not. Given the importance of such a decision, it is better for the case to develop more fully and for a more formal determination be made at a later date.

## CONCLUSION

For the foregoing reasons, IRPs respectfully request that the Court sustain their limited objection, and adopt the 20th R&R in its entirety with the exception of the final sentence of paragraph 18 of the 20th R&R.

Dated: June 5, 2024                                   Respectfully submitted,

/s/ Christian E. Hudson
Christian E. Hudson
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Ave. NW Ste. 200
Washington, D.C. 20016
(202) 789-3960
christian@cuneolaw.com

*Lead Counsel for the
Indirect Reseller Plaintiffs*