IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All End-Payer Plaintiffs' Actions* | MDL NO. 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |

### ORDER REGARDING EPPS' HERITAGE SETTLEMENT

**AND NOW**, this 26th day of June 2024, upon review and consideration of End-Payer Plaintiffs' ("EPPs") Motion for Preliminary Approval of Heritage Settlement [MDL Doc No. 2992], to which no opposition has been filed, it is hereby **ORDERED** that the motion is **GRANTED** as follows:

I.  **THE SETTLEMENT IS PRELIMINARILY APPROVED**

    1.    Pursuant to Federal Rule of Civil Procedure 23(e)(1)(B), the Court has assessed the fairness, reasonableness, and adequacy of the Settlement and finds that, at the final approval stage, the Court "will likely be able to" approve the Settlement under the criteria set forth in Federal Rules of Civil Procedure 23(e)(2) and certify the Heritage Settlement Class under the criteria set forth in Rules 23(a) and 23(b)(3).

    2.    The Court therefore preliminarily approves the Settlement on the terms set forth in the Settlement Agreement, subject to further consideration at the Final Fairness Hearing.

II. **CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS**

    3.    The Court makes the following determinations as required by Federal Rule of Civil Procedure 23 solely in connection with the proposed Settlement. Pursuant to Rule 23(c)(1)(B), the

Heritage Settlement Class, which shall hereinafter be denominated "the Settlement Class," is defined as follows:

> All persons and entities in the United States (except Indiana and Ohio), as well as the District of Columbia and Puerto Rico, that indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for Defendants' Named Generic Drugs for personal use by their members, and other than for resale, from March 1, 2011 through April 1, 2019.
>
> Excluded from the End Payer Settlement Class are (a) natural person customers; (b) Defendants, their officers, directors, management, employees, subsidiaries, and affiliates, (c) all federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans; (d) all persons or entities who purchased Settling Defendants' Named Generic Drugs for purposes of resale or directly from Settling Defendants; (e) fully insured health plans; and (f) pharmacy benefit managers.

The Named Generic Drugs are those listed in Exhibit A to the Settlement Agreement.

4.  The Court finds that, for settlement purposes only, the Settlement Class meets all prerequisites for class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, including that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Settlement Class Representatives' claims are typical of the Claims of the Settlement Class Members they seek to represent for purposes of the Settlement; (d) Settlement Class Representatives and their counsel are capable of fairly and adequately protecting the interests of the Settlement Class; (e) common questions of law and fact predominate over questions affecting only individual Settlement Class Members; (f) certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members; and (g) the Settlement Class is ascertainable.

### III.   APPOINTMENT OF SETTLEMENT CLASS REPRESENTATIVES

5.  The Court appoints, for settlement purposes only, 1199SEIU Greater New York

Benefit Fund; 1199SEIU Licensed Practical Nurses Welfare Fund; 1199SEIU National Benefit Fund; 1199SEIU National Benefit Fund for Home Care Workers; American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan; American Federation of State, County and Municipal Employees District Council 47 Health & Welfare Fund; City of Providence, Rhode Island; Detectives Endowment Association of the City of New York; Hennepin County; Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana; Phila Federation of Teachers Health and Welfare Fund; Self-Insured Schools of California; Sergeants Benevolent Association of the Police Department of the City of New York Health and Welfare Fund; UFCW Local 1500 Welfare Fund; Uniformed Fire Officers Association Family Production Plan Local 854; and United Food & Commercial Workers and Employers Arizona Health & Welfare Trust as the Settlement Class Representatives.

## IV.   APPOINTMENT OF LEAD COUNSEL FOR THE END-PAYER SETTLEMENT CLASS

6. The Court appoints Roberta D. Liebenberg and the law firm of Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107 as lead counsel for the Settlement Class, pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g).

## V.   APPOINTMENT OF THE ESCROW AGENT

7. The Court appoints Huntington National Bank to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

## VI.   STAYING LITIGATION UNTIL THE COURT GRANTS FINAL APPROVAL

8. The Court hereby stays all proceedings in the Action on behalf of Settling End Payer Plaintiffs and the Settlement Class against Settling Defendants only, except those proceedings provided for, or required by, this Settlement Agreement.  Provided,

3

however, that counsel for the Settling Plaintiffs may continue to participate in discovery including depositions relating to the Settling Defendants, including but not limited to current or former employees or corporate designee depositions, pursued by other plaintiffs in the Action, but Settlement Class Counsel shall not act as lead examiner in any such depositions, except with respect to former Heritage employees with whom Settlement Class Counsel have a separate cooperation agreement.

### VII. DEFERRING NOTICE TO THE END-PAYER SETTLEMENT CLASS AND CAFA NOTICE UNTIL A LATER DATE

9. Lead Counsel for the Settling Plaintiffs shall submit for the Court's approval a Motion to Approve a Plan of Notice of Settlement for this and any other settlements at an appropriate time prior to moving for final approval of the Settlement Agreement.

10. Lead Counsel for the Settling Plaintiffs shall identify a date, in consultation with the Court, for the Final Approval Hearing concerning this Settlement Agreement, as well as any other Settlement Agreements, included in the Plan of Notice.

11. The dissemination of Notice pursuant to 28 U.S.C. §1715 shall be deferred until after Lead Counsel for the Settlement Plaintiffs file their Motion to Approve a Plan of Notice of Settlement, as set forth above.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**