IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Direct Purchaser Plaintiffs' Actions* | MDL NO. 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |

## ORDER REGARDING DPPS' SANDOZ SETTLEMENT

**AND NOW**, this 26th day of June 2024, upon review and consideration of Direct Purchaser Plaintiffs' ("DPPs") renewed Motion [MDL Doc No. 3010] for an Order: (1) Certifying a Settlement Class; (2) Granting Preliminary Approval of the Settlement Agreement; (3) Appointing Settlement Class Counsel; (4) Appointing a Claims Administrator and Escrow Agent; (5) Approving the Form and Manner of Notice to the Settlement Class; (6) Preliminarily Approving the Plan of Allocation; and (7) Scheduling a Fairness Hearing, and materials filed in connection therewith, it is hereby **ORDERED** that the motion is **GRANTED** as follows:

### I.   JURISDICTION

1.   This Order hereby incorporates by reference the definitions in the Settlement Agreement between DPPs and Defendants Sandoz Inc. and Fougera Pharmaceuticals Inc. ("Settling Defendants") and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2.   This Court has jurisdiction over each of the named plaintiffs, César Castillo, LLC, FWK Holdings, LLC, Rochester Drug Co-Operative, Inc., and KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc. (collectively, the "Settling Plaintiffs" or "DPPs") and Settling

Defendants, and jurisdiction over the litigation to which DPPs and Settling Defendants are parties.

## II. CERTIFICATION OF THE PROPOSED SANDOZ SETTLEMENT CLASS

The Court makes the following determinations as required by Federal Rule of Civil Procedure 23 solely in connection with the proposed settlement:

3. Pursuant to Rule 23(c)(1)(B), the Settlement Class, which shall hereinafter be denominated the "Sandoz Settlement Class," is defined as follows:

> All persons or entities, and their successors and assigns, that directly purchased one or more of the Named Generic Drugs from one or more Current or Former Defendants in the United States and its territories and possessions, at any time during the period from May 1, 2009 until December 31, 2019.
>
> Excluded from the Settlement Class are Current and Former Defendants and their present and former officers, directors, management, employees, subsidiaries, or affiliates, judicial officers and their personnel, and all governmental entities.

The Named Generic Drugs are those listed in Exhibit B to the Settlement Agreement; the Present and Former Defendants are those listed in Exhibit C to the Settlement Agreement.

4. Pursuant to Rule 23(a)(1), the Court determines that the Sandoz Settlement Class is so numerous and geographically dispersed that joinder of all members is impracticable. According to data produced by Defendants, the Sandoz Settlement Class includes more than 700 members geographically dispersed throughout the United States, which is sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(l).

5. Pursuant to Rule 23(c)(l)(B), the Court determines that, in connection with and solely for purposes of settlement, the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions:

a. Whether the conduct challenged by the Sandoz Settlement Class as anticompetitive in DPPs' individual drug and multi-drug complaints[1] (collectively, "Complaints") constituted a conspiracy in restraint of trade in violation of Section 1 and Section 3 of the Sherman Act, 15 U.S.C. §§ 1 and 3;

b. Whether Settling Defendants and their alleged generic manufacturer co-conspirators engaged in a contract, combination, or conspiracy to eliminate competition and thereby increased prices of the drugs identified in the Complaints in the United States and in its territories and possessions;

c. The duration and extent of the alleged contract, combination, or conspiracy between and among Settling Defendants and their alleged generic manufacturer co-conspirators;

d. The effect of the contract, combination, or conspiracy on prices of the drugs identified in the Complaints in the United States and in its territories and possessions during the Settlement Class Period of May 1, 2009 until December 31, 2019;

e. Whether, and to what extent, the conduct of Defendants and their generic manufacturer co-conspirators caused injury to Settling Direct Purchaser Plaintiffs and other members of the Sandoz Settlement Class; and

---

[1]   No. 20-cv-721 [Doc. No. 62], No. 18-cv-2641 [Doc. No. 1], No. 16-AL-27241 [Doc. No. 46], No. 16-AM-27241 [Doc. No. 54], No. 16-BC-27241 [Doc. No. 59], No. 16-BZ-27241 [Doc. No. 53], No. 16-CB-27241 [Doc. No. 74], No. 16-CM-27241 [Doc. No. 61], No. 16-DS-27241 [Doc. No. 71], No. 16-DG-27241 [Doc. No. 74], No. 16-DV-27241 [Doc. No. 71], No. 16-DX-27241 [Doc. No. 83], No. 16-EC-27241 [Doc. No. 66], No. 16-FL-27241 [Doc. No. 66], No. 16-GL-27241 [Doc. No. 50], No. 16-LV-27241 [Doc. No. 62], No. 16-LD-27241 [Doc. No. 56], No. 16-PV-27241 [Doc. No. 68], No. 16-PP-27241 [Doc. No. 62], No. 16-UR-27241 [Doc. No. 54].

    f. The amount of overcharge damages, if any, owed to the Sandoz Settlement Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C. § 4.

6. The Court determines that the foregoing class-wide issues relating to claims and/or defenses are questions of law or fact common to the Sandoz Settlement Class that satisfy Rule 23(a)(2).

7. The Settling Plaintiffs are hereby appointed as representatives of the Sandoz Settlement Class, for the following reasons:

    a. The Settling Plaintiffs allege, on behalf of the Sandoz Settlement Class, the same manner of injury from the same course of conduct that they themselves complain of and assert on their own behalf the same legal theory that they assert for the Sandoz Settlement Class. The Court therefore determines that, in connection with and solely for purposes of settlement, the Settling Plaintiffs' claims are typical of the claims of the proposed Sandoz Settlement Class within the meaning of Rule 23(a)(3); and

    b. Pursuant to Rule 23(a)(4), the Court determines that the Settling Plaintiffs will fairly and adequately protect the interests of the Sandoz Settlement Class. The Settling Plaintiffs' interests do not conflict with the interests of absent members of the Sandoz Settlement Class. All of the members of the Sandoz Settlement Class share a common interest in proving the Settling Defendants' alleged anticompetitive conduct, and all Sandoz Settlement Class members share a common interest in recovering the alleged overcharge damages sought in the Complaints. Moreover, the Sandoz Settlement Class is largely made up of business entities and any Sandoz Settlement Class member that wishes to

opt out will be given an opportunity to do so. Furthermore, the Settling Plaintiffs are well qualified to represent the Sandoz Settlement Class in this case, given their experience in prior cases, and the vigor with which they have prosecuted this action thus far.

8. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Sandoz Settlement Class as a whole, predominate over those issues that are subject only to individualized proof. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 310-11 (3d Cir. 2008).

9. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Sandoz Settlement Class in a single action.

### III. APPOINTMENT OF SANDOZ SETTLEMENT CLASS COUNSEL

10. Pursuant to Rules 23(c)(l)(B) and 23(g), and having considered the factors provided in Rule 23(g)(1)(A), the Court appoints as Settlement Class Counsel the members of the Plaintiffs' Steering Committee ("PSC") and Lead Counsel previously appointed in Pretrial Order 21, dated May 19, 2017 [MDL Doc. No. 342], and Pretrial Order 37, dated September 28, 2017 [MDL Doc. No. 506].

## IV.    PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT

11.    The Court has assessed the fairness, reasonableness, and adequacy of the Settlement and finds that, at the final approval stage, the Court "will likely be able to" approve the Settlement under the criteria set forth in Federal Rule of Civil Procedure 23(e)(2) and certify the Sandoz Settlement Class under the criteria set forth in Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and that therefore notice to the Sandoz Settlement Class Members is warranted. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

12.    The Court therefore preliminarily approves the Settlement on the terms set forth in the Settlement Agreement, subject to further consideration at the Final Fairness Hearing.

## V.    APPOINTMENT OF A CLAIMS ADMINISTRATOR AND ESCROW AGENT

13.    The Court appoints A.B. Data Ltd. to serve as claims administrator and to assist Settlement Class Counsel in disseminating the Notice. All expenses incurred by the claims administrator must be reasonable and shall be payable solely from the Settlement Fund. The Court hereby approves the payment of up to $250,000 in total from the Settlement Fund to pay for Administration Expenses without the need for further application to the Court. No payments above $250,000 may be made from the Settlement Fund absent separate request by Settling Plaintiffs and separate Court approval.

14.    The Court appoints Huntington National Bank to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

## VI.  APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE SANDOZ SETTLEMENT CLASS

15. The Court finds that the proposed form of Notice to Settlement Class Members of the pendency of this Class Action and the proposed Settlements thereof (attached as Exhibit 2 (Long Form Notice) and Exhibit 3 (Short Form Notice) to the Memorandum in Support of Direct Purchaser Plaintiffs' Motion for an Order with Respect to the Sandoz Settlement and the proposed method of dissemination of notice via first-class mail, establishment of a dedicated website, and publication satisfy the requirements of Rule 23(e) and due process, are otherwise fair and reasonable, and therefore are approved.

16. Settlement Class Counsel, through A.B. Data, shall cause the Notice substantially in the form attached in Exhibit 2 to the Memorandum in Support of Direct Purchaser Plaintiffs' Motion for an Order with Respect to the Sandoz Settlement to be disseminated within 14 days following the date of the entry of this Order via first-class mail to the last known address of each Settlement Class member, identified from the data or other documents produced in this case and verified through the USPS National Change of Address database.

17. Settlement Class Counsel, through A.B. Data, shall cause the Notice substantially in the form attached in Exhibit 3 to the Memorandum in Support of Direct Purchaser Plaintiffs' Motion for an Order with Respect to the Sandoz Settlement to be published within 14 days following the date of the entry of this Order on a dedicated website: GenericDrugsDirectPurchaserSettlement.com, which shall also include filings and other documents regarding the Settlement.

18. Settlement Class Counsel shall cause the Notice substantially in the form attached in Exhibit 3 to the Memorandum in Support of Direct Purchaser Plaintiffs' Motion for an Order with Respect to the Sandoz Settlement to be disseminated via publication on the Pink Sheet, via

PR Newswire, and in The Wall Street Journal within 14 days following the date of entry of this Order.

19.  Members of the Sandoz Settlement Class may request exclusion from the Sandoz Settlement Class or object to the Settlement within 90 days from the date that the Notice is mailed.

20.  Settlement Class Counsel or their designee shall monitor and record any and all opt-out requests that are received, filing a report to the Court within 21 days following the deadline for Settlement Class members to object or exclude themselves from the Sandoz Settlement Class.

21.  Pursuant to the Class Action Fairness Act of 2005 ("CAFA") the Settling Defendants shall serve their notices as required under CAFA within 10 days from the date Settling Plaintiffs filed the Settlement Documents with the Court.

### VII.  PRELIMINARY APPROVAL OF THE PLAN OF ALLOCATION

22.  The proposed Plan of Allocation satisfies the requirements of Rule 23(e), is otherwise fair and reasonable, and is, therefore, preliminarily approved, subject to further consideration at the Final Fairness Hearing.

### VIII.  FINAL FAIRNESS HEARING

23.  A hearing on final approval (the "Fairness Hearing") shall be held before this Court at **10:30 a.m. on March 17, 2025**, in Courtroom 12-A of the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia PA 19106. At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed Plan of Allocation of the Settlement Fund among Settlement Class members; (c)

8

whether the Court should approve reimbursement of expenses to Settlement Class Counsel and payment of certain future expenses; (d) whether service awards should be awarded to the Settling Plaintiffs; (e) whether the Court should award attorneys' fees to Settlement Class Counsel; and (f) whether entry of a Final Judgment and Order terminating the litigation between Direct Purchaser Plaintiffs and Settling Defendant should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Settlement Class Counsel shall be responsible for communicating any such notice promptly to the Sandoz Settlement Class by posting a conspicuous notice on the settlement website, GenericDrugsDirectPurchaserSettlement.com.

24. Settlement Class members who wish to: (a) object with respect to the proposed Settlement; and/or (b) wish to appear in person at the Fairness Hearing, must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia PA 19106, with copies to the following counsel:

*On behalf of DPPs and the Sandoz Settlement Class*:

> Dianne M. Nast
> Joseph N. Roda
> NastLaw LLC
> 1101 Market Street, Suite 2801
> Philadelphia, PA 19107

*On behalf of the Settling Defendant*:

Matthew Kent
Alston & Bird LLP
1201 W Peachtree St. NE #4900
Atlanta, GA 30309
(404) 881-7948
matthew.kent@alston.com

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be postmarked no later than 90 days from the date that the Notice is mailed to members of the Sandoz Settlement Class. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

25. All briefs and materials in support of the final approval of the Settlement and the entry of Final Judgment proposed by the parties to the Settlement Agreement shall be filed with the Court within 45 days after the expiration of the deadline for Settlement Class members to request exclusion from the Settlement Class or object to the Settlements and/or attorneys' fees, expenses and service awards.

26. Settlement Class Counsel state that they intend to move for (1) reimbursement of out-of-pocket expenses, and for a portion of future expenses, in a total amount not to exceed $2,000,000 (inclusive of the $250,000 discussed in paragraph 13 above); (2) $20,000 service awards to the four Settling Plaintiffs, totaling $80,000; and (3) an award of attorneys' fees. All briefs and materials in support of such a motion for reimbursement of expenses, payment for future expenses, service awards, and attorneys' fees, shall be filed with the Court within 45 days of the date on which notice is mailed to each identified member of the Sandoz Settlement Class.

27. Neither this Order, nor the Settlement Agreement, nor any other Settlement related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Settling Defendants as to the validity of any claim that has been or could have been asserted by DPPs against Settling Defendants or as to any liability by Settling Defendants as to any matter set forth in this Order, or as to whether any class, in this case or others, may be certified for purposes of litigation and trial.

28. The Court's certification of the Sandoz Settlement Class as provided herein is without prejudice to, or waiver of the rights of any other Defendant to contest class certification of any class proposed in this Action.

It is so **ORDERED**.

**BY THE COURT:**

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**