IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>GENERIC PHARMACEUTICALS PRICING<br>ANTITRUST LITIGATION | MDL 2724<br>16-md-2724<br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>INDIRECT RESELLER PLAINTIFF ACTIONS | CIVIL ACTIONS:<br><br>16-PV-27243 |
| THIS DOCUMENT RELATES TO ALL<br>INDIRECT RESELLER PLAINTIFF (IRP)<br>ACTIONS | 18-cv-2533<br><br>19-cv-6044 |

**INDIRECT RESELLER PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE FORM AND MANNER OF NOTICE OF THE IRPS' APOTEX SETTLEMENT TO THE SETTLEMENT CLASS AND TO SET A FINAL FAIRNESS HEARING DATE**

Pursuant to Federal Rule of Civil Procedure 23, Indirect Reseller Plaintiffs Reliable Pharmacy, West Val Pharmacy, Halliday's & Koivisto's Pharmacy, Russell's Mr. Discount Drugs, Falconer Pharmacy, Chet Johnson Drug, Deal Drug Pharmacy, and North Sunflower Medical Center ("IRPs"), by and through their undersigned counsel, respectfully move this Court for entry of the Proposed Order submitted herewith approving the form and manner of notice of the IRPs' Apotex settlement to the Settlement Class, and to set a date for a Final Fairness Hearing.

*The Notice Plan*

Class members are entitled to reasonable notice of a proposed settlement before a class settlement is finally approved by the Court. Fed. R. Civ. P. 23(e)(1). The Rule provides "broad

1

discretion" to district courts with respect to the notice's form and content, so long as it satisfies the requirements of due process. *See In re Baby Products Antitrust Litig.*, 708 F.3d 163, 180 (3d Cir. 2013). "Generally speaking, the notice should contain sufficient information to enable class members to make informed decisions on whether they should take steps to protect their rights, including objecting to the settlement or, when relevant, opting out of the class." *Id.*; *see also In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 326 (3d Cir. 1998). The two components of a sufficient notice are (1) the form of the notice, and (2) the manner in which the notice is sent to Settlement Class members. Here, the proposed notice is designed to reach the greatest practicable number of potential class members and provides them with easy access to the details of how the class action may impact their rights.

The proposed form of the notice is substantially similar to notices used by Settlement Class Counsel in prior antitrust and class action cases, and is also substantially similar to notices submitted by other classes in this MDL and found appropriate by the Court.[1] It announces in large, bold font that there is a proposed settlement, and the plain language of the text provides important information concerning the Settlement Agreement's terms, including details regarding Settlement Class Members' ability to opt-out or object to the Settlement Agreement, the deadline to opt-out or object, and the date, time and location of the Final Approval Hearing, among other information. Azari Decl. ¶ 32; *see also* Exhibit A. It follows the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov, and has been written in a mode and by the same firm as notices that many courts (and the Federal Judicial Center itself) have approved. Azari Decl. ¶ 31.

---

[1] *See* Order Regarding DPPs' Apotex Settlement, *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, Case No. 2:16-md-02724 (Feb. 13, 2024), ECF No. 2841.

With regards to the proposed manner in which notice is sent to Settlement Class members, the plan provides for multiple forms of communication layered together to reach a high percentage of the class.  IRPs' vendor, a firm with extensive experience in the field of providing settlement notice and identifying class members to be notified, believes that the plan, utilizing email and/or mail will reach approximately 90% of the Settlement Class Members. Azari Decl. ¶ 34.  Potential Settlement Class Members will be identified through purchasing lists from third-party data providers for said members, which will include names and current or last known postal addresses.  Azari Decl. ¶ 20.  Those lists will be refined and supplemented by various methods, including checking addresses against the National Change of Address database maintained by the USPS, and then used to effectuate direct mailings of the Notice via USPS first class mail.[2]  Azari Decl. ¶ 20-22.  The plan also allows for the remailing of the Notice should new information arise or mail be returned as undeliverable but with new addresses provided by USPS information.  Azari Decl. ¶ 22.  Finally, a "short form" postcard will be mailed out as needed.  *See* Exhibit B.

The mailing outreach will be further enhanced by supplemental online media programs, a settlement website, and a toll-free telephone number, all of which will provide additional avenues for Settlement Class Members to be notified of their rights.[3]  *See* Azari Decl. ¶ 34.  Such method of notice is already considered sufficient means to reach class members by itself; here it supplements the already best-in-class notice standard of USPS First Class mail.  See *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 2021 WL 3929698, at *3

---

[2] "[F]irst-class mail…is unquestionably the best notice practicable under the circumstances." *Smith v. Prof'l Billing & Mgmt. Servs., Inc.*, 2007 WL 4191749, at *5 (D.N.J. Nov. 21, 2007).
[3] The supplemental online media plan will include digital notices placed on Facebook and LinkedIn, generating approximately nine million targeted impressions, and running for 30 days.  *See* Azari Decl. ¶ 24-27.  Clicking on the digital notices will link the reader to the website set up to service the settlement, which will provide easily-obtainable detailed information about the case and the Settlement Agreement.  *See* Azari Decl. ¶ 27.

(E.D. Pa. Sept. 2, 2021) ("[p]ublication notice alone is considered sufficient means to reach class members").

The combination of direct mail and an online media plan is commonly approved by courts in pharmaceutical litigation, and has been used as a notice plan by other classes in the instant litigation. *See* Order Regarding DPPs' Apotex Settlement, *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, Case No. 2:16-md-02724 (Feb. 13, 2024), ECF No. 2841; *see e.g. In re Flonase Antitrust Litig.*, 2013 WL 12148283, at *1 (E.D. Pa. Jan. 14, 2013); *In re Wellbutrin SR Antitrust Litig.*, 2011 WL 13392296, at *1 (E.D. Pa. Nov. 21, 2011); *In re Prograf Antitrust Litig.*, 2015 WL 13908415, at *1 (D. Mass. May 20, 2015); *In re DDAVP Direct Purchaser Antitrust Litig.*, 2011 WL 13318188, at *3.

The Federal Judicial Center considers a reasonable notice plan to reach between 70-95% of a settlement class.[4] The proposed form and manner of notice for IRPs' Apotex settlement is designed to reach the high end of that range. The proposed form and manner of notice satisfies due process and Rule 23, and IRPs therefore humbly request that their notice plan be approved by the Court.

### *Setting a Date for the Final Fairness Hearing*

Per the terms of the Preliminary Approval Motion, a deadline for a final Fairness Hearing and approval of the Settlement Agreement is to be set following the making of the instant motion. Order Granting IRPs' Motion for Preliminary Approval of Class Action Settlement, *In re Generic Pharmaceuticals Antitrust Litig.*, Case No. 2:16-md-02724 (May 15, 2024), ECF No. 2959. IRPs ask that the Court set a deadline for final approval of the Settlement Agreement no

---

[4] Fed. Judicial Ctr, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

earlier than 210 days after entry of this order, at a day and time otherwise at the Court's discretion. A period of 210 days provides sufficient time for notice to be given and responses received,[5] and for the IRPs and Apotex Corp. to file any remaining documents required by the Settlement Agreement for the Court's approval.

### *Conclusion*

IRPs have conferred with Apotex Corp., which does not oppose this motion. For the reasons set forth above, IRPs request that the Court grant IRPs' Motion and schedule a Fairness Hearing. A proposed Order is attached hereto.

Dated: August 30, 2024                           Respectfully submitted,

                                                       */s/ Christian Hudson*
                                                  Christian Hudson
                                                  **CUNEO GILBERT & LADUCA, LLP**
                                                  300 Cadman Plaza W., 12th Fl. Ste. 12060
                                                  Brooklyn, NY 11201
                                                  christian@cuneolaw.com

                                                  *Lead Counsel for the Indirect Reseller Plaintiffs*

---

[5] This Court approved a period of no less than 210 days between the approval of a notice plan and the fairness hearing in the DPP settlement with Apotex. *See* Order Regarding DPPs' Apotex Settlement, *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, Case No. 2:16-md-02724 (Feb. 13, 2024), ECF No. 2841. Courts in this district have also approved much shorter periods between the approval of a notice plan and the fairness hearing. *See Carlough v. Amchem Products, Inc.*, 158 F.R.D. 314, 324 (E.D.Penn. 1994) (approving a 118-day period).