IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724 <br><br> 16-MD-2724 |
| THIS DOCUMENT RELATES TO: <br><br> *Direct Purchaser Class Plaintiffs' Actions* | HON. CYNTHIA M. RUFE |

## ORDER

Class Plaintiffs César Castillo, LLC; FWK Holdings, LLC; Rochester Drug Cooperative, Inc.; and KPH Healthcare Services, Inc. a/k/a/ Kinney Drugs, Inc. ("DPPs") entered into class-action settlements with Apotex Corp.; Breckenridge Pharmaceutical, Inc.; and Heritage Pharmaceuticals Inc., Emcure Pharmaceuticals Ltd., and Satish Mehta (collectively, "Heritage," and with Apotex and Breckenridge, the "Settling Defendants"). The Court preliminarily approved the settlements, directed notice to the class members, and scheduled a final approval hearing. In due course, DPPs notified the Court that the claims administrator had received six timely requests (on behalf of 349 entities) and two untimely requests by potential class members to exclude themselves from the settlements.[1] One untimely request was submitted on behalf of Rite Aid Corporation and a related entity, and the other on behalf of The Cigna Group and "all of its subsidiaries and affiliated entities as identified in Cigna's Amended Complaint dated December 15, 2020."[2] At the final approval hearing for the class-action settlements, Rite Aid

---

[1] Del. Eric J. Miller [MDL Doc. No. 3053-1] at ¶¶ 16-17; Supp. Decl. Eric J. Miller [MDL Doc. No. 3067-2] at ¶ 6.

[2] Supp. Decl. Eric J. Miller [MDL Doc. No. 3067-2] at ¶ 6. *See Cigna Corp. v. Actavis Holdco US, Inc.*, Civil Action No. 20-2711, Am. Compl. [Doc. No. 27] (E.D. Pa.).

withdrew its request for exclusion, and the Court heard argument on Cigna's opposed "Motion for an Order Confirming that it has Opted Out of Direct Purchaser Plaintiffs' Proposed Apotex, Breckenridge, and Heritage Settlements, or in the Alternative, Enlarging its Time to Opt Out of the Proposed Settlements."[3] For the reasons stated below, Cigna's motion will be denied.

## I.  Background

On January 23, 2024, DPPs filed motions for preliminary approval of the class-action settlements with Apotex, Heritage, and Breckenridge.[4] On February 13, 2024, the Court entered separate orders that preliminarily approved each settlement and defined the settlement class.[5] There is no dispute that Cigna is a member of the settlement class with regard to its direct purchaser claims against Settling Defendants and is bound by the settlement unless it is permitted to opt out.

DPPs filed a motion to amend the form of notice to send one notice for all three settlements on March 20, 2024, which the Court granted the same day, scheduling the final approval hearings for all settlements on September 23, 2024.[6] That order provided that notice would be mailed to all class members within 45 days of the Order (i.e., by March 29, 2024) and that requests to opt out of the settlement were due by 90 days after the notice was mailed (i.e., no later than June 27, 2024).[7] All counsel of record in the MDL receive emailed notices of

---

[3] MDL Doc. No. 3098-1.

[4] MDL Doc. Nos. 2781, 2782, and 2783.

[5] MDL Doc. Nos. 2841, 2842, and 2843.

[6] MDL Doc. Nos. 2886, 2891.

[7] MDL Doc. No. 2891.

electronic filing ("NEFs") of all MDL docket entries, including counsel for Cigna, Daniel J. Howley[8] and Charles F. Rule.[9]

The records for the DPPs show that written notice of the proposed settlements was sent by first-class mail to Cigna at "900 Cottage Grove Rd, c/o Nicole Jones, VP and General Counsel, Bloomfield, CT 06002-2920" and was not returned as undelivered.[10] A separate written notice intended for Cigna's outside counsel was mailed to a law firm that has represented Cigna in other litigation, but is not counsel to Cigna in the MDL.[11]

On July 18, 2024, DPPs filed a Notice of Filing of Opt-out Report for the settlements, with NEFs sent to Cigna's counsel.[12] The Court is struck by the fact that counsel for Cigna apparently did not initially review this filing. Instead, the record shows that Taylor Williams, counsel for Cigna, emailed DPPs' counsel on July 26, 2024, stating that "[o]n Tuesday, July 23, we were surprised to receive a call from DAP Liaison Counsel alerting us to the fact that Cigna was not included in your July 18 *Notice of Filing of Opt-Out Report*. We immediately reviewed the report and learned for the first time of the June 27 deadline to request exclusion from the Settlement Classes."[13]

The claims administrator for the DPPs received a request postmarked July 24, 2024, from counsel for Cigna, almost a month after the opt-out deadline.[14] Counsel for Settling Defendants informed counsel for Cigna by email on August 7, 2024, that they would not agree to Cigna's

---

[8] The email addresses of record are howley@rulegarza.com and mao_fednational@paulweiss.com.

[9] The email addresses of record are rule@rulegarza.com and mao_fednational@paulweiss.com.

[10] MDL Doc. 3098-7 at ECF page 4.

[11] Decl. Emily M. Renzelli [MDL Doc. No. 3101-1] at ¶ 2.

[12] MDL Doc. No. 3053.

[13] MDL Doc. No. 3098-7 at ECF page 3.

[14] MDL Doc. Nos. 3067-2, 3068-2, & 3069-2.

3

untimely exclusion from the settlement class.[15] On September 20, 2024, Cigna filed the motion for leave to opt out, which Settling Defendants oppose. Class counsel for the DPPs have not taken a position on the matter.

Cigna first argues that it gave a reasonable indication of its intent to opt out and to continue litigating its claims.[16] "For a party to give a 'reasonable indication' of its intent to opt out, the party must perform some action that is unambiguously inconsistent with an intention to participate in the settlement."[17] "Merely continuing to maintain a lawsuit filed before the opt-out period is not a reasonable indication of a desire to opt out."[18] Cigna argues that it has pursued direct and indirect purchaser claims, that the motions for preliminary approval of the settlements anticipated that Direct Action Plaintiffs (those Plaintiffs, like Cigna, that have filed individual lawsuits) would exclude themselves from the settlements, and that Cigna sought leave to file an amended complaint after the proposed settlements were announced. Cigna also argues that it has sought to be included in the selection of bellwether cases.

These facts do not establish an unambiguous intent by Cigna to continue to prosecute its direct purchaser claims *against Settling Defendants*, as opposed to the claims against many other Defendants and proposed Defendants. Cigna may continue to prosecute its claims against other Defendants while still participating in a limited settlement, as at least one other Direct Action

---

[15] MDL Doc. No. 3098-8 at ECF pages 2, 4, 7.

[16] The Chief Judge of the District of New Jersey recently wrote that the reasonable indication approach is outdated and "ignores the complexities of class actions that courts face today." *Roofer's Pension Fund v. Papa*, No. 16-2805, 2024 WL 4205638, at * 6 (D.N.J. Sept. 12, 2024) (citing recent cases from the Fifth and Seventh Circuits declining to apply the reasonable indication approach).

[17] *In re Processed Egg Prods. Antitrust Litig.*, 130 F. Supp. 3d 945, 952 (3d Cir. 2015).

[18] *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 12md2323, 2019 WL 95917, at *6 (E.D. Pa. Jan. 3, 2019) (emphasis, footnote, and citation omitted).

Plaintiff, Rite Aid, has done.[19] Similarly, the fact that Cigna opted out of an earlier settlement as to different Defendants does not establish that it intended to opt out of this one, although the earlier opt-out illustrates that Cigna knew the importance of a timely notice of exclusion.

In the alternative, Cigna argues that its late opt-out constituted excusable neglect under Federal Rule of Civil Procedure 6(a)(1)(B). To determine whether there has been excusable neglect, a court must evaluate (1) prejudice to the non-moving party; 2) the length of the delay and its potential effect on judicial proceedings; 3) the reason for the delay; and 4) whether the movant acted in good faith.[20]

Cigna argues there is no prejudice to Defendants, as it will continue to pursue indirect purchaser claims regardless of the settlement, and that binding Cigna to the DPP settlements would result in a windfall to the Settling Defendants.[21] In addition, Cigna argues that it did not have actual notice of the opt-out deadline and cannot find a record of corporate receiving the notice. Finally, Cigna argues that it acted in good faith.

Defendants respond that the untimely opt-out request "prejudices Defendants by creating uncertainty as to the size of the settlement amount and the class, by unfairly giving Cigna extra time to decide if it wants to be bound by the terms of the agreement, and by setting a precedent that will create uncertainty in future negotiations and deter settlement."[22] The Court agrees. Prejudice accrues when a defendant would lose the benefit of a settlement agreement and be

---

[19] Direct Action Plaintiff Rite Aid confirmed at the hearing that it had withdrawn its request for exclusion from the settlements. Hr'g Tr. Sept. 23, 2024 [Doc. No. 3114] at 8.

[20] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[21] The Court notes that the distribution of the settlement is on a *pro rata* basis, and class members will have an opportunity to challenge the distribution calculation. *See* Plans of Allocation [MDL Doc. Nos. 2781-7, 2782-7, 2783-7].

[22] Defs.' Mem. Opp. Mot. [Doc. No. 3099-1] at 11.

subject to the possibility of increased damages.[23] Similarly, establishing the amount of the settlements by a firm date is critical to determining that the settlements proceed.[24] Allowing untimely opt-outs has the potential to derail these settlements at the last minute, and will add to uncertainty for future settlements as well.

In addition, Cigna has not shown good cause for the delay. The motion was filed six weeks after Settling Defendants informed Cigna they would not agree to Cigna's untimely request for exclusion.[25] Counsel for Cigna stated at the hearing that the motion was not filed sooner because "[w]hat we were trying to do is really come to the bottom of this matter and what went wrong . . . in the notice process so we could present to you an accurate depiction of it."[26] With ample time to "get to the bottom" of the issue, Cigna's explanation is limited to a declaration by Emily Renzelli, outside counsel for Cigna, who represents that "Cigna has informed us that they have been unable to locate the letter following an investigation which included consultation with Cigna's legal intake department as well as the employees monitoring incoming mail addressed to Cigna's General Counsel."[27] This bare statement is hearsay that does not even identify the person at Cigna who gave this information to counsel. Cigna has not provided any information as to what any investigation entailed, who conducted it, the usual mail-

---

[23] *In re Diet Drugs (Phentermine/Fenfluamine/Dexfenfluamine) Prods. Liab. Litig.*, 92 F. App'x 890, 893-94 (3d Cir. 2004).

[24] *See id*. at 894; *see also* Settling Defs.' Opp. Mot. Exclude [MDL Doc. No. 3099-1] at 12-13 (citing provision of Breckenridge Settlement Agreement that allows termination of settlement based on monetary value of exclusions).

[25] Specifically, Cigna filed its motion late in the evening on September 20, the Friday before the Monday morning final approval hearing for the class-action settlements. Settling Defendants filed a response just before midnight on Saturday, and Cigna filed a reply in the early hours of Monday morning, approximately seven hours before the final approval hearing. The Court does not base its ruling on the timing of the motion, but notes that it continues a pattern of Cigna's lack of prompt action with regard to this matter.

[26] Hr'g Tr. Sept. 23, 2024 [MDL Doc. No. 3114] at 24.

[27] Decl. Emily M. Renzelli [MDL Doc. No. 3101-1] at ¶ 3.

handling procedures at Cigna's corporate office, and so forth. In the absence of any record to the contrary, Cigna has not shown that it did not have notice of the deadline.[28] Given the size and complexity of the MDL, and given that the circumstances here are "neither unique nor compelling," and that Cigna had at the least "constructive notice" of the deadline, the Court cannot find excusable neglect.[29]

**AND NOW**, this 15th day of October 2024, upon consideration of The Cigna Group's Motion for an Order Confirming that it has Opted Out of Direct Purchaser Plaintiffs' Proposed Apotex, Breckenridge, and Heritage Settlements, or in the Alternative, Enlarging its Time to Opt Out of the Proposed Settlements [Doc. No. 3098], and the response and reply thereto, and after oral argument heard on September 23, 2024, and for the reasons stated above, it is hereby **ORDERED** that the Motion is **DENIED**.

It is so **ORDERED**.

 **BY THE COURT:**

 /s/ Cynthia M. Rufe

 _____
 **CYNTHIA M. RUFE, J.**

---

[28] The Court notes that in addition to the NEFs and notice by mail, DPPs also published the notice through various media. Decl. of Eric J. Miller [MDL Doc. No. 3053-1] at ¶¶ 8-10.

[29] *Diet Drugs*, 92 F. App'x at 894.