IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>GENERIC PHARMACEUTICALS PRICING<br>ANTITRUST LITIGATION | MDL 2724<br>16-md-2724<br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>INDIRECT RESELLER PLAINTIFF ACTIONS | CIVIL ACTIONS:<br><br>17-cv-3822 / 16-PV-27243 |
| THIS DOCUMENT RELATES TO ALL<br>INDIRECT RESELLER PLAINTIFF (IRP)<br>ACTIONS | 18-cv-2533<br><br>19-cv-6044 |

### INDIRECT RESELLER PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE ALLOCATION PLAN FOR THE IRPS' APOTEX SETTLEMENT

Pursuant to Federal Rule of Civil Procedure 23, Indirect Reseller Plaintiffs Reliable Pharmacy, Halliday's & Koivisto's Pharmacy, Russell's Mr. Discount Drugs, Falconer Pharmacy, Chet Johnson Drug, and North Sunflower Medical Center ("IRPs"), by and through their undersigned counsel, respectfully move this Court for entry of the Proposed Order submitted herewith approving the plan for the allocation of funds in IRPs' settlement with Apotex Corp. (hereinafter "Apotex," and the "Settlement Agreement").

*Procedural and Factual Background*

On May 15, 2024, the Court granted IRPs' motion for preliminary approval of the Settlement. On September 4, 2024, the Court entered an order approving the form and manner of notice of the Settlement, and set a Final Fairness Hearing concerning the Settlement for March 17, 2025. That order also appointed Class Counsel and named a Settlement Administrator. On

1

October 17, 2024, a "long-form" notice was mailed out to likely Class Members per the terms of the Court's order. A website was created to provide information about the settlement, which could be updated to provide information about a claims process as it became available. Similarly, a "short form" postcard notice was approved by the Court for use at Class Counsel's discretion.

Per the terms of the Settlement Agreement, after the Settlement Agreement becomes final the settlement fund shall be distributed in accordance with a plan to be submitted to the Court at the appropriate time by Class Counsel, subject to approval by the Court.[1] An allocation plan was not submitted at the time of the above motions, as counsel for the IRPs worked to determine a proper course of action for allocation given the nature of the MDL. Fact discovery remains open in the MDL, and additional data continues to be produced to the IRPs concerning transactions made by Class Members.

### *Proposed Plan of Allocation*

Pursuant to the Settlement Agreement, Class Counsel and Apotex have established a Settlement Fund into which Apotex has paid $5,537,000, before any opt out reduction. Class Counsel intend to seek $1,827,210 (33% of the Settlement Fund) in fees, costs, and expenses; this amount is inclusive of notice and claims administration costs but before any opt out reduction (such reduction would lower the fees amount proportionally). The remaining amount, totaling $3,709,790 unless there is a reduction, will be set aside for Class Member payments, Class Representative awards, notice costs, and claims administration costs. All claims from Class Members are to be paid from the Settlement Fund pursuant to the terms laid out below.

---

[1] Paragraph 23 of the Settlement Agreement defines when the Settlement Agreement becomes final, which includes a final order from the Court certifying the Settlement Class and approving the Settlement Agreement and has entered a final judgment dismissing the IRP claims against Apotex.

**Notice and Claims Administration**

To ensure additional notice of the claims process, a modified "short form" postcard will be sent out to all potential class members as were sent in the prior mailing of notice.[2] That postcard will include language indicating that the claims forms are now available via the website or can be obtained by asking for them to be sent in some other form. Class Counsel estimate that this additional notice, along with claims administration, will cost no more than $500,000. Pursuant to the Settlement Agreement and applicable law, these costs will be paid from the Settlement Fund.

**Incentive Awards to Class Representatives**

Pursuant to the Settlement Agreement and applicable law, Class Counsel intend to seek from the Settlement Fund reasonable incentive awards for the IRP Class Representatives in the MDL. These Class Representatives would receive $2,500 each, for a total of $15,000.

**Award of Attorneys' Fees and Costs**

Pursuant to the Settlement Agreement and applicable law, Class Counsel intend to seek from the Settlement Fund reimbursement for the costs advanced in the prosecution of this litigation, and an award of attorney's fees. Class Counsel will apply to the Court for an award of attorneys' fees and costs and will be paid from the Settlement Fund an amount not to exceed $1,827,210.

**Payments to Class Members**

Cash payments to eligible Class Members shall be made from the Settlement Fund. All Class Members will be required to submit appropriate documentation as set forth in detail in the

---

[2] This postcard will be substantively identical to that which the Court approved as part of the Order Approving the Form and Manner of Notice of the IRPs' Apotex Settlement to the Settlement Class.

Claim Form. All claims will be subject to review and approval by the Claims Administrator, which is the same entity, Epiq, as the Settlement Administrator.

**The Plan of Distribution**

This Plan of Distribution ("POD") reflects the current stage of the MDL, the fact that discovery is ongoing, and that the IRPs have a large number of claims against the vast majority of defendants in the MDL still justiciable. It also reflects the large number of Class Members, who may not all have records of every transaction concerning the more than 240 Drugs at Issue in IRP complaints filed against Apotex over the many years encompassed by the class period in the Settlement Agreement.

Therefore, Class Counsel propose that, for the purposes of this Settlement Agreement, Settlement Funds will be distributed on a "*pro rata*" basis to all Class Members who have filed an appropriate claim. "*Pro rata*" here means that the Settlement Fund will be divided equally between all qualified Class Members, in an amount to each member as determined by the Settlement Administrator after calculating the total number of qualified Class Members. Class Members will be qualified and able to receive their portion of the Settlement Funds so long as they provide a Claims Form with the required information that they meet the Settlement Class criteria as laid out in the Settlement Agreement, namely, that they were a dispenser of drugs (including Clinics, Hospitals, and Independent Pharmacies) in the United States and its territories that purchased one or more Drugs at Issue from January 1, 2010 through the present, including (a) those that purchased directly from AmerisourceBergen Drug Corporation, Cardinal Health, Inc., Red Oak Sourcing, LLC, The Harvard Drug Group, LLC, HD Smith, LLC, McKesson Corporation, Morris & Dickson, Co., LLC or Walgreens Boot Alliance, Inc. or their subsidiaries,

and (b) those that purchased indirectly from any Defendant in the MDL, and are not otherwise excluded by the settlement class definition.[3]

For the period of time running from the approval of the Court for this Plan of Allocation to a date 90 days after the Court's final approval of the Settlement Agreement (the "Claims Period"), claims can be made by Class Members, using the Claims Form. *See* Hudson Declaration, Exhibit A. Claims that were postmarked during the Claims Period and fully received and approved 30 days after the end of the Claims Period will be treated as eligible claims, assuming they otherwise meet the eligibility requirements. Any claims received thereafter shall be barred as untimely.

After 30 days from the end of the Claims Period, the Claims Administrator will inform Class Counsel and counsel for Apotex the total number of claims made and the amount per claim to be distributed from the Settlement Fund.

The Claims Administrator shall have the discretion, but is not required, to reissue payments to Class Members returned as undeliverable under such policies and procedures as the Claims Administrator deems appropriate.

Class Counsel reserve the right to petition this Court to modify this Plan if the actual claims rate, the amount of remaining funds, or other factors support a modification. The terms of the Settlement Agreement as they relate to the Settlement Fund are not affected by this Plan.

After 90 days from the close of the Claims Period, or enough time for the Claims Administrator to process the payments (whichever is longer), payments to Qualified Class Members will be made in the amount determined by the Claims Administrator to be equal amongst all Qualified Class Members.

---

[3] This criteria was already included in the Long-Form Notice sent to likely Class Members.

Should there be any remaining money in the Settlement Fund at the conclusion of this distribution, such as an amount leftover from that withheld for a potential attorneys' fee or claims administration but not ultimately disbursed, that money will be held in the Settlement Fund to be added to any future amounts of settlement or damages awards in this MDL pursuant to the terms of those future allocations. If that money is still not disbursed after two years, a second pro rata disbursement among all Qualified Claims may be made as determined by Class Counsel and approved by the Court, or another method of extinguishing the Settlement Fund will be submitted by Class Counsel to the Court for its approval.

## *Argument*

Class Counsel propose that, for the purposes of this Settlement, Settlement Funds will be distributed on a *pro rata* basis to all Class Members who have filed an appropriate claim. Class Counsel have prepared a claims procedure specifying the process for assessing and determining the validity of claims and a methodology for payment of valid claims as of this time, as laid out above. Class Counsel have retained a Claims Administrator to process the claims, and all Class Members will be required to submit appropriate documentation as will be set forth in detail in the Claim Form, which can be submitted in one of a variety of ways. All claims will be subject to review and approval by the Claims Administrator.

*Pro rata* disbursement is a common form of disbursement for class action settlements, and make sense when the costs of determining specific percentages of exact amounts per claimant are not an efficient use of Settlement Funds. Furthermore, Class Counsel fully expect to succeed in gaining additional settlements and/or verdicts against the more than 30 remaining Defendants in this MDL, which will likely lead to larger amounts of money to be disbursed in ways best seen fit at that later time. By distributing the Settlement Funds for the Apotex

Settlement in a *pro rata* manner, all Class Members will receive at least a starting amount in return for the nearly eight years of litigation that has thus far elapsed in this case.

With regards to the amount withheld for the potential award of attorneys' fees, costs, and settlement administration, a subsequent motion will be filed by Class Counsel prior to the Final Fairness Hearing with further information and argument.

### *Conclusion*

IRPs have conferred with Apotex Corp., which does not oppose this motion. For the reasons set forth above, IRPs request that the Court grant IRPs' Plan of Allocation. A proposed Order is attached hereto.

Dated: March 13, 2025                             Respectfully submitted,

                                                           */s/ Christian Hudson*
Christian Hudson
**CUNEO GILBERT & LADUCA, LLP**
300 Cadman Plaza W., 12th Fl. Ste. 12060
Brooklyn, NY 11201
christian@cuneolaw.com

*Lead Counsel for the Indirect Reseller Plaintiffs*