IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br><br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*Direct Purchaser Class Plaintiffs' Actions* | HON. CYNTHIA M. RUFE |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                                                                         **March 17, 2025**

Direct Purchaser Class Plaintiffs César Castillo, LLC, FWK Holdings, LLC, Rochester Drug Cooperative, Inc., and KPH Healthcare Services, Inc. a/k/a/ Kinney Drugs, Inc. ("DPPs") seek final approval of a settlement with Sandoz Inc. and Fougera Pharmaceuticals, Inc. (collectively, the "Settling Defendants").[1]

Under Federal Rule of Civil Procedure 23(e), the Court held a hearing on March 17, 2025, to determine whether the proposed class-action settlement is "fair, reasonable, and adequate."[2] The Court must: (1) determine if the requirements for class certification under Rule 23(a) and (b) are satisfied; (2) assess whether notice to the proposed class was adequate; and (3) evaluate if the proposed settlement is fair under Rule 23(e).[3] Preliminarily, the Court finds that Settling Defendants caused timely notice of the settlement and related materials to be sent to the

---

[1] The Settlement releases the Settling Defendants and the "past and present parents (including Novartis AG and its subsidiaries), subsidiaries, divisions, affiliates, stockholders, and general or limited partners, as well as their past and present respective offices, directors, employees, trustees, insurers, agents, attorneys, and any other representatives thereof). Proposed Order to Motion for Final Approval [MDL Doc. No. 3163-3] at ¶ 6.

[2] Fed. R. Civ. P. 23(e)(2).

[3] *See In re Nat'l Football League Players Concussion Inj. Litig.*, 775 F.3d 570, 581 (3d Cir. 2014).

Attorney General of the United States and the Attorneys General of all U.S. states, territories, and the District of Columbia pursuant to the Class Action Fairness Act of 2005 ("CAFA").[4] The Court finds that such notification complies with the applicable requirements of CAFA.

I.      RULE 23(A)

To certify a class, the Court must determine that the following factors under Rule 23(a) are met: numerosity, commonality, typicality, and adequacy of representation.[5] The Court preliminarily approved the following Settlement Class:

> All persons or entities, and their successors and assigns, that directly purchased one or more of the Named Generic Drugs from one or more Current or Former Defendants in the United States and its territories and possessions, at any time during the period from May 1, 2009 until December 31, 2019.
>
> Excluded from the Settlement Class are Current and Former Defendants and their present and former officers, directors, management, employees, subsidiaries, or affiliates, judicial officers and their personnel, and all governmental entities.[6]

Numerosity is satisfied as the settlement class includes more than 700 members geographically dispersed throughout the United States.[7] A single common issue is enough to satisfy the commonality requirement, and typicality is met where "the action can be efficiently maintained as a class and . . . the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentee's interests will be fairly represented."[8] Here, there are common issues of law and fact as to all class members: that they made direct purchases

---

[4] 28 U.S.C. § 1715. *See* Decl. of Matthew D. Kent, Motion for Final Approval Ex. 1 [MDL Doc. No. 3163-2].

[5] Fed. R. Civ. P. 23(a). The Court's determinations are based on the particular settlement class currently before the Court; no broader or more general determinations as to the suitability of class actions in the MDL generally have been made.

[6] Order of Preliminary Approval [MDL Doc. No. 3021] at 3.

[7] Decl. of Eric J. Miller [MDL Doc. No. 3053-1. *See Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001) (more than 40 class members generally satisfies numerosity).

[8] *Baby Neal v. Casey*, 43 F.3d 48, 56–57 (3d Cir. 1994).

of generic pharmaceuticals within the defined class period that were priced higher than they should have been because of an alleged conspiracy among manufacturers, including the Settling Defendants.

Plaintiffs also have demonstrated that "the representative parties will fairly and adequately protect the interests of the class."[9] The named Plaintiffs' interests align with those of other class members. The settlement agreement provides that each of the four class representatives will receive a service award of $20,000 (for a total of $80,000). In the context of the settlement award as discussed below, the Court finds this a reasonable amount, as the representatives have been actively involved in the prosecution of the case, including through depositions and extensive document production. Class counsel are qualified, experienced, and fully capable of litigating the class members' claims.[10] The representative Plaintiffs, and class counsel, have protected the interests of the class in crafting an adjusted settlement amount that will be allocated on a *pro rata* basis upon the filing of a motion for distribution, which will provide an opportunity for class members to object to the proposed distribution. In addition, the Settling Defendants have agreed to provide cooperation to DPPs, which will facilitate the administration of the settlement and will aid the litigation against non-settling Defendants.

## II.   RULE 23(B)

The settlement class also satisfies at least one of the three requirements listed in Rule 23(b).[11] The Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other

---

[9] Fed. R. Civ. P. 23(a)(4).

[10] [10] *In re Warfarin Sodium Antitrust Litig.*, 391 F,3d 516, 532 (3d Cir. 2004).

[11] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011) (citations omitted).

available methods for fairly and efficiently adjudicating the controversy."[12] The alleged collusive conduct by Settling Defendants affected all class members in the same way with regard to the cost of generic pharmaceuticals.[13] Plaintiffs have shown that for the purposes of settlement a class action is a fair and efficient way to resolve the dispute . . . against those of alternative available methods of adjudication."[14] As directed by Rule 23(b)(3), the Court has considered "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; [and] (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum...."[15]

Although some Plaintiffs are proceeding individually in the MDL, given the complexity of the litigation, 700 individual actions are not likely to be a more desirable way of proceeding, and "[a] class action is therefore superior to other methods of adjudication" in the context of the settlement.[16] The Court therefore certifies the settlement class for purposes of the final settlement.

As part of the preliminary approvals, the Court directed that notice be provided.[17] The notice for the settlement clearly and concisely stated in plain, easily understood language: "(i) the nature of the action; (ii) the definition of the class preliminarily certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney

---

[12] Fed. R. Civ. P. 23(b)(3).

[13] *In re Processed Egg Prods. Antitrust Litig.*, 284 F.R.D. 249, 263 (E.D. Pa. 2012) (citing *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 297 (3d Cir. 2011)).

[14] *In re Warfarin*, 391 F.3d at 534 (citations omitted).

[15] Fed. R. Civ. P. 23(b)(3).

[16] *McDermid v. Inovio Pharms., Inc.*, No. 20-1402, 2023 WL 227355, at *3 (E.D. Pa. Jan. 18, 2023) (citations omitted).

[17] Fed. R. Civ. P. 23(c)(2)(B).

if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."[18] Notice was made through direct mail, through the use of digital banner ads on a website targeted to reach likely direct purchasers, through publication in the *Wall Street Journal*, and through a news release via Business Wire, as well as with the use of a case-specific toll-free telephone number, email address, and website.[19] The notice complies with the Court's Orders regarding notice and satisfies the requirements of Rule 23.

### III. RULE 23(E)

The Court determines that the proposed settlement is "fair, reasonable and adequate."[20] A settlement is fair where "(1) the settlement negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected."[21] Each of these factors is met. There have been no objections to the settlement.[22] Negotiations occurred at arm's length with experienced and accomplished counsel over a significant period of time and there has been extensive

---

[18] Fed. R. Civ. P. 23(c)(2)(B).

[19] Decl. Eric J. Miller [MDL Doc. No. 3150-1] ¶¶ 3-14.

[20] *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 282, 316 (3d Cir. 1998) (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995)); see also Fed. R. Civ. P. 23(e).

[21] *In re Warfarin*, 391 F.3d at 535 (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 232 n. 18 (3d Cir. 1998)).

[22] DPPs have received nine timely requests to optout from the settlement on behalf of 404 entities. Only 40 of those entities, many of which are Direct Action Plaintiffs in the MDL, have been identified as potential settlement class members based on purchasing data from Settling Defendants. *See* Decl. Eric J. Miller [MDL Doc. No. 3150-1] ¶¶ 16-21.

discovery in the MDL, enabling class counsel to "develop enough information about the [litigation] to appreciate sufficiently the value of the claims."[23]

As required by Rule 23(e)(2), the Court determines that the relief provided to the class is adequate.[24] The settlement amounts consists of a $265,000,000 monetary payment, which has been reduced to $233,200,000 to account for the opt-outs, but may be increased to as much as $295,551,850 under the most favored nation clause.[25] In addition to the service awards discussed above, class counsel seek disbursement of $2,000,000 in unreimbursed expenses. Class counsel have demonstrated that the expenses sought are reasonable and they will be approved. Finally, class counsel seek attorney's fees of 29% of the settlement fund. The Court incorporates by reference the separate Order approving attorney's fees in all of the settlements that will be entered with this Memorandum Opinion.[26]

The relief the settlement is expected to provide class members is adequate when balanced against "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment;

---

[23] *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 439 (3d Cir. 2016).

[24] Rule 23(e)(2) requires the Court to determine that:

(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

[25] Mem. Supp. Motion for Final Approval [MDL Doc. No. 3163-1] at 2. The most favored nation clause terminates on August 28, 2025.

[26] DPPs seek attorney's fees from set-aside funds in connection with previous settlements; for the sake of transparency, the Court addresses the fee requests separately.

6

and (iv) any agreement required to be identified under Rule 23(e)(3)."[27] In addition to the inherent risk to recovery involved in prolonged litigation, continuing through motions regarding class certification, the dismissal of claims, and the exclusion of evidence, as well as potential trials and appeals would only delay any recovery class members may receive.

Rule 23(e)(2)(iv) requires the Court to account for any agreements between the parties required to be identified under Rule 23(e)(3), referring to "any agreement made in connection with the [settlement] proposal."[28] The settlement documents set forth the relevant agreements, including that the settling parties have agreed that that Settling Defendants' sales remain in the MDL for purposes of joint and several liability as to non-settling Defendants to the extent permitted or authorized by law, and that the Settling Defendants will provide cooperation, both in terms of effectuating the settlement and providing information to help in the continued litigation against the non-settling Defendants.

The final element of Rule 23(e)(2) requires the Court to determine whether the proposal treats the class members equitably relative to each other. As discussed above, the settlement funds will be allocated on a *pro rata* basis, which treats the class members equitably.[29]

---

[27] Fed. R. Civ. P. 23(e)(2)(C)(i)–(iv).

[28] Fed. R. Civ. P. 23(e)(3); *see* Mem. Supp. Motion for Final Approval [MDL Doc. No. 3163-1] at 16.

[29] In addition to satisfying the standard under Rule 23, the factors set forth by the Third Circuit in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), also favor settlement. The *Girsh* factors are "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Id.* These factors generally have been discussed in connection with Rule 23(e). The litigation is extremely complex and, in the absence of the settlement, it would likely be several years before all of the claims asserted by DPPs are resolved. No class members have objected to the settlement, and potential class members have been able to opt out of the settlement. There has been extensive motion practice and discovery through which the parties have learned of the claims. Settling Defendants have denied liability, and in the absence of the settlement, DPPs would be required to litigate issues of liability, damages, and class certification. There remain many other claims asserted against Settling Defendants and settlement at this time assures a fair payment to the DPPs on their claims against these

IV.     CONCLUSION

The Court having determined that the settlement is fair and reasonable, and that all applicable requirements have been met, the Court will approve the settlement. Appropriate orders will be entered.

---

Defendants. Considering all of the attendant risks of litigation of DPPs' claims, including within the broader context of the MDL, the Court concludes that the settlement is reasonable under the *Girsh* factors.