IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

# ORDER

Defendant Taro Pharmaceuticals U.S.A., Inc. objects to the Report and Recommendation of Special Discovery Master Lawrence Stengel regarding Taro's letter motion to withdraw and amend certain responses to Plaintiffs' Requests for Admissions ("RFAs") to Taro. After careful consideration of the objections and the response thereto, the Court will overrule the objections and approve the R&R.

The genesis of this dispute is the Deferred Prosecution Agreement ("DPA") entered into on July 23, 2020, between Taro and the United States. In the DPA, Taro admitted the truth of the facts set forth in the two-page Statement of Facts accompanying the DPA. Taro agreed that it would not make any public statement "in litigation or otherwise" that contradicted the information in the Statement of Facts. Accordingly Taro admitted, as set forth in the Statement of Facts, that it "conspired with other individuals and entities engaged in the manufacture and sale of generic drugs to suppress and eliminate competition by agreeing to allocate customers and rig bids for, and/or stabilize, maintain, and fix prices of certain generic drugs sold in the United States" between March 2013 and December 2015.[1]

---

[1] R&R [MDL Doc. No. 3251] at 3 (quoting Statement of Facts).

Plaintiffs served their First RFAs in 2021 seeking admissions as to five drugs, including various formulations of clobetasol, one of the bellwether drugs. After the parties litigated the dispute before then-Special Discovery Master Bruce Merenstein, Taro responded on February 2, 2022, with the admissions.[2]

In November 2024, Taro moved to withdraw and amend the admissions. The R&R concluded that the admissions were consistent with other evidence in the case and that amendment would not serve the presentation of the merits of the action. The R&R further determined that Taro had unreasonably delayed filing the motion, waiting for more than a year after the expiration of the DPA on July 23, 2023, and after fact discovery for the bellwether cases had closed. The R&R concluded that allowing withdrawal and amendment after this delay would prejudice Plaintiffs and upset deadlines, and that Plaintiffs would have conducted depositions differently without the admissions.

Taro filed objections to the R&R, arguing that the earlier responses were "artificial" and that the RFAs were "prematurely served" in the wake of the DPA which Taro was forced to accept "to avoid potential federal debarment and financial ruin."[3] Taro contends that it preserved its objections to the timing of the RFAs and reserved its right to amend the responses after discovery concluded. Taro also argues that discovery has shown that it raised prices as part of a general business strategy, not because of collusion. Taro further argues that Plaintiffs have not been prejudiced, for example, through the unavailability of key witnesses.[4]

In response to the objections, Plaintiffs have demonstrated that even after the terms of the DPA expired on July 23, 2023, Taro repeatedly affirmatively stated that it did not dispute the

---

[2] Def. Taro Second Am. Obj. & Resps. Pls' First Reqs. Admis. [MDL Doc. No. 3295].
[3] Taro Obj. R&R [MDL Doc. No. 3267] at 1.
[4] *Id*. at 3 (citing *Miles v. Elliot*, 2011 WL 857310, at *3 (E.D. Pa. Mar. 10, 2011)).

truth of the Statement of Facts.[5] Plaintiffs also argue that the evidence produced in discovery substantiates the admissions, and that they would have conducted discovery differently in the absence of the admissions.

> Federal Rule of Civil Procedure 36(b) provides that:
>
> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.[6]

In addition to determining whether Taro has shown that amendment would promote the presentation of the merits and whether Plaintiffs have demonstrated prejudice, "Courts may consider other factors as well, such as whether the moving party can show good cause for the delay, but they are not required to do so."[7] "Because the language of the Rule is permissive, the Court has substantial discretion in deciding whether to grant an amendment of the admission. The Court need not make an exception to Rule 36 even if 'both the merits and prejudice issues cut in favor of the party seeking exception to the rule.'"[8]

As the R&R noted, this is not a case where matters were deemed admitted because a party failed to respond to RFAs. Instead, Taro formulated careful responses to the RFAs, which were based on an agreement Taro entered into with the United States. Much of Taro's argument centers on the timing of the RFAs, which it contends were premature. However, RFAs are not

---

[5] Pls.' Resp. Obj. R&R [MDL Doc. No. 3283] at 4 (citing exhibits).

[6] Fed. R. Civ. P. 36(b).

[7] *Gwynn v. City of Phila.*, 719 F.3d 295, 298 (3d Cir. 2013) (citation omitted). "The prejudice contemplated by Rule 36(b) . . . is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Id.* at 299 (citation omitted).

[8] *Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*, 123 F.R.D. 97, 103 (D. Del. 1988) (internal citations and quotation marks omitted).

restricted to being issued at a specific point in discovery and the Statement of Facts concerned Taro's own actions (through its agents). Taro's extensive and unexplained delay in seeking to withdraw or amend its responses cuts strongly against Taro's request such that the Court determines that Taro has not shown good cause. Without reaching any decision on the merits of Plaintiffs' claims, the Court finds that although the admissions may narrow certain issues, Taro has not shown that the admissions would eliminate the presentation on the merits and thus has not demonstrated a basis for withdrawal or amendment.

**AND NOW**, this 9th day of April 2025, upon it is hereby **ORDERED** that the objections to the Report and Recommendation of Special Discovery Master Lawrence F. Stengel are **OVERRULED** and the Report and Recommendation [MDL Doc. No. 3251] is **APPROVED** and **ADOPTED**.

It is so **ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**