IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All End-Payer Plaintiffs' Actions* | MDL NO. 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |

## ORDER REGARDING EPPS' APOTEX AND HERITAGE SETTLEMENTS

**AND NOW**, this 14th day of May 2025, upon review and consideration of End-Payer Plaintiffs' ("EPPs") Motion for Preliminary Approval of Apotex Settlement [MDL Doc. No. 3312], the letter objection thereto [MDL Doc. No. 3315], and for the reasons stated in the Court's Order regarding notice to the classes in the EPP Bellwether Cases [MDL Doc. No. 3354][1], it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

### I.    THE EPP APOTEX SETTLEMENT IS PRELIMINARILY APPROVED

1.    Pursuant to Federal Rule of Civil Procedure 23(e)(1)(B), the Court has assessed the Settlement between EPPs and Settling Defendant Apotex Corp. ("Apotex" or "Settling Defendant") and preliminarily finds that (i) the Settlement was entered into in good faith; and (ii) is fair, reasonable, adequate and in the best interests of the members of the EPP Apotex Settlement Class. At the final approval stage, the Court "will likely be able to" approve the Settlement under the criteria set forth in Federal Rules of Civil Procedure 23(e)(2) and certify the EPP Apotex Settlement Class under the criteria set forth in Rules 23(a) and 23(b)(3).

2.    The Court therefore preliminarily approves the Settlement on the terms set forth

---

[1] See Paragraph 14, *infra*.

1

in the Settlement Agreement (attached as Exhibit 1 to the Declaration of Roberta D. Liebenberg in Support of End-Payer Plaintiffs' Motion for Preliminary Approval of Apotex Settlement ("Liebenberg Declaration")), subject to further consideration at the Final Fairness Hearing.

II.      **CERTIFICATION OF THE PROPOSED APOTEX SETTLEMENT CLASS**

3.      The Court makes the following determinations as required by Federal Rule of Civil Procedure 23(e)(1)(B)(ii) and preliminarily certifies, solely in connection with the proposed Settlement, the proposed EPP Apotex Settlement Class (hereinafter "the Settlement Class"), defined as follows:

> All persons and entities in each of the 50 United States (except Indiana and Ohio), as well as the District of Columbia, Puerto Rico and the U.S. Virgin Islands, that indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for any Named Generic Drugs, other than for resale, from May 1, 2009 to December 31, 2019.
>
> Excluded from the EPP Apotex Settlement Class are (a) Defendants, their officers, directors, management, employees, subsidiaries and affiliates; (b) all federal governmental entities; (c) all State Entities identified by the Attorneys General in Appendix B to the Apotex Settlement Agreement; (d) all State Entities of California, Connecticut, Florida, Illinois, Maine, Oregon, Pennsylvania, Washington and Wyoming – except for those States' cities, towns, municipalities, counties and other local governmental entities with self-funded prescription drug plans, all of which are included in the class (note that the exclusion of Illinois' State Entities does not apply to public corporations, including public universities and health systems). For the avoidance of doubt, the class does not include (i) persons or entities who only purchased Drugs at Issue for purposes of resale or directly from Defendants; (ii) fully insured employers to the extent that they use fully-insured plans (i.e., employers that purchased insurance covering 100% of their reimbursement obligation to members); and (iii) pharmacy benefit managers.
>
> Where a putative class member has purchases that meet the definition of the Settlement Class, but also has purchases that fall within one or more of the exclusions above, that putative class member is included in the Settlement Class only with respect to those purchases that meet the definition of the Settlement Class.
>
> The Drugs at Issue are those listed in Appendix A to the Settlement Agreement.

4.      The Court finds that, for settlement purposes only, the EPP Apotex Settlement Class meets all prerequisites for class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, including that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Settlement Class Representatives' claims are typical of the Claims of the Settlement Class Members they seek to represent for purposes of the Settlement; (d) Settlement Class Representatives and their counsel are capable of fairly and adequately protecting the interests of the Settlement Class; (e) common questions of law and fact predominate over questions affecting only individual Settlement Class Members; (f) certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members; and (g) the Settlement Class is ascertainable.

### III.     APPOINTMENT OF SETTLEMENT CLASS REPRESENTATIVES

5.      The Court appoints, for settlement purposes only, 1199SEIU Greater New York Benefit Fund; 1199SEIU Licensed Practical Nurses Welfare Fund; 1199SEIU National Benefit Fund; 1199SEIU National Benefit Fund for Home Care Workers; American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan; American Federation of State, County and Municipal Employees District Council 47 Health & Welfare Fund; City of Providence, Rhode Island; Detectives Endowment Association of the City of New York; Hennepin County; Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana; Philadelphia Federation of Teachers Health and Welfare Fund; Self-Insured Schools of California; Sergeants Benevolent Association of the Police Department of the City of New York Health and Welfare Fund; UFCW Local 1500 Welfare Fund; Uniformed Fire Officers Association Family Production Plan Local 854; United Food & Commercial Workers

and Employers Arizona Health & Welfare Trust; Nina Diamond; Ottis McCrary; Valerie Velardi; and Robby Johnson as the Settlement Class Representatives.

## IV. APPOINTMENT OF LEAD COUNSEL FOR THE END-PAYER SETTLEMENT CLASS

6. The Court appoints Roberta D. Liebenberg and the law firm of Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107 as Lead Counsel for the Settlement Class, pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g).

## V. APPOINTMENT OF THE ESCROW AGENT

7. The Court appoints Huntington National Bank to serve as Escrow Agent for the purpose of administering the escrow accounts holding the Settlement Funds. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Funds.

## VI. STAYING LITIGATION UNTIL THE COURT GRANTS FINAL APPROVAL

8. The Court hereby stays all proceedings in the Action on behalf of Settling End Payer Plaintiffs and the Settlement Class against Apotex only, except those proceedings provided for, or required by, the Settlement Agreement. Counsel for the Settling Plaintiffs may continue to participate in discovery relating to Apotex within the limits permitted by Paragraph VIII and Appendix C of the Settlement Agreement.

## VII. FINAL FAIRNESS HEARING AND RELATED DEADLINES

9. The Court will enter a further order scheduling a hearing on final approval (the "Fairness Hearing"), to occur no less than 135 days following the later of commencement of Notice to TPPs or the commencement of Notice to Consumers. At the Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness, reasonableness and adequacy of the Apotex Settlement and whether it should be finally approved; (b) the fairness, reasonableness and

adequacy of the Heritage Settlement[2] and whether it should be finally approved; (c) whether the Court should approve the proposed Plan of Allocation for TPPs and the framework for allocation to Consumers; (d) whether the Court should approve Settlement Class Counsel's application for an award of attorneys' fees and expenses; (d) whether entry of a Final Judgment and Order terminating the litigation between End-Payer Plaintiffs and Apotex should be entered; and (e) whether entry of a Final Judgement and Order terminating the litigation between End-Payer Plaintiffs and Heritage should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Settlement Class Counsel shall be responsible for communicating any such notice promptly to the Apotex Settlement Class and the Heritage Settlement Class by posting a conspicuous notice on the settlement website, www.GenericDrugsEndPayerSettlement.com.

10. Pursuant to the Class Action Fairness Act of 2005 ("CAFA") the Heritage Defendants and Apotex shall serve their notices as required under CAFA within 10 days from the date of this Order.

11. Direct notice and publication notice to Third-Party Payers ("TPPs") and Consumers shall be disseminated within 60 days from the date of this Order.

12. All briefs and materials in support of any motion for attorneys' fees and litigation expenses shall be filed with the Court within 36 days from the commencement of Notice to TPPs.

13. TPP members of the Apotex Settlement Class and Heritage Settlement Class may request exclusion from either or both Settlement Classes at any time within 66 days from

---

[2] The Court previously granted preliminary approval of the Heritage Settlement between EPPs and Heritage Pharmaceuticals Inc., Emcure Pharmaceuticals Ltd., and Satish Mehta (the "Heritage Defendants"). MDL Doc. No. 3020.

the commencement of Notice to TPPs. Consumer members of the Apotex Settlement Class may request exclusion from the Apotex Settlement Class at any time within 66 days from the commencement of Notice to Consumers.

14. Subject to the amendment to the proposed notice required by this paragraph, a request for exclusion from a TPP, in order to be valid, must use the procedure in Question 7 of the Long Form Notice to TPPs (attached as Exhibit 1 to EPPs' Memorandum of Law in Support of Their Motion for Approval of Notice Plans, Appointment of Notice Administrators and Preliminarily Approval of TPP Allocation Plans and Consumer Allocation Framework ("EPPs' Memorandum on Notice and Allocation")), must provide all of the information requested therein, and must be postmarked on or before the 66 day period expires. EPPs shall amend their proposed notice to provide that an entity seeking to exclude another entity, e.g. an insurer seeking to exclude its ASO customers, must identify with specificity each such entity that it seeks to exclude, and must provide **either** (1) a declaration from each entity's authorized representative attesting to its authority to opt the entity's claims out of the Classes **or** (2) a declaration that establishes its authority to opt out of the Bellwether classes on behalf of those entities, based on its legal rights and obligations, e.g., as detailed in an ASO contract, as to each entity it seeks to exclude. For each entity, such declaration shall include the name of the entity to be excluded and the contractual language on which the right to assert exclusion is based.

15. A request for exclusion from a Consumer, in order to be valid, must use the procedure in Question 13 of the Long Form Notice to Consumers (attached as Exhibit 6, pp. 13-34, to the Liebenberg Declaration), must provide all of the information requested therein, and must be postmarked on or before the 66 day period expires.

16. Within 30 days from the TPP deadline to request exclusion, any Party or Parties

disputing a TPP exclusion request may file a Motion requesting resolution of any such disputes. Responses are to be filed within 15 days and Replies to be filed within 15 days thereafter. Within 30 days from the Consumer deadline to request exclusion, any Party or Parties disputing a Consumer exclusion request may file a Motion requesting resolution of any such disputes. Responses are to be filed within 15 days and Replies to be filed within 15 days thereafter.

17. Apotex Settlement Class Members and Heritage Settlement Class Members who wish to object with respect to either or both of the proposed Settlements, the proposed TPP Allocation Plan, the Consumer allocation framework, or the request for attorneys' fees and expenses, and/or wish to appear in person at the Final Fairness Hearing, must file an Objection and/or Notice of Intention to Appear. TPPs must use the procedures set forth in Questions 18 and 21 of the Long Form Notice to TPPs, and Consumers must use the procedures set forth in Questions 16 and 20 of the Long Form Notice to Consumers. If an attorney is filing in this District an Objection or Notice of Intention to Appear on behalf of a Settlement Class Member, then that attorney must comply with this District's Local Rule 5.1.2, which mandates document filings via the Electronic Case Filing System. Non-attorneys may file an Objection and/or Notice of Intention to Appear by sending the required materials via first-class U.S. mail to the Clerk of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia PA 19106, with copies to the following counsel:

> *On behalf of EPPs, the EPP Apotex Settlement Class, and the EPP Heritage Settlement Class:*
>
> Roberta D. Liebenberg
> Jeffrey S. Istvan
> Fine, Kaplan and Black, R.P.C.
> One South Broad St., 23rd Floor
> Philadelphia, PA 19107

*On behalf of the Heritage Defendants:*

Justin P. Murphy
BakerHostetler
1050 Connecticut Avenue, NW
Suite 1100
Washington, D.C. 20036

*On behalf of Apotex:*

April N. Williams
WilmerHale
2100 Pennsylvania Avenue NW
Washington, D.C. 20037

James W. Matthews
Foley & Lardner LLP
111 Huntington Ave.
Suite 2500
Boston, MA 02199

A TPP's Objection and/or Notice of Intention to Appear, in order to be valid, must be submitted no later than 66 days from the commencement of Notice to TPPs and must provide all of the information requested in Questions 18 and 21 of the Long Form Notice to TPPs. A Consumer's Objection and/or Notice of Intention to Appear, in order to be valid, must be submitted no later than 66 days from the commencement of Notice to Consumers and must provide all of the information requested in Questions 16 and 20 of the Long Form Notice to Consumers. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file a valid Objection and/or Notice of Intention to Appear as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

18.     All briefs and materials in support of the final approval of the Settlements and entry of Final Judgments shall be filed with the Court within 60 days following the later of (1) the deadline for TPP Settlement Class members to request exclusion from the Settlement Classes

or object to the Settlements, and (2) the deadline for Consumer Settlement Class members to request exclusion from the Apotex Settlement Class or object to the Apotex Settlement. Settlement Class Counsel's filing must include a list of Settlement Class Members who have submitted valid requests to be excluded from the Settlement Class.

19. The following table summarizes the dates ordered herein:

| Event | Date |
| --- | --- |
| The TPP Notice Administrator and the Consumer Notice Administrator shall commence notice. | Within 60 days following date of entry of this Order |
| Settlement Class Counsel may submit a request for attorneys' fees and expenses. | Within 36 days from the commencement of Notice to TPPs |
| Settlement Class Members may request exclusion from either or both of the Settlement Classes. | TPP requests must be <u>postmarked</u> within 66 days from the commencement of Notice to TPPs. Consumer requests must be <u>postmarked</u> within 66 days from the commencement of Notice to Consumers. |
| Settlement Class Members may file an objection and/or a Notice of Intention to Appear. | TPP objections must be <u>filed</u> by the Settlement Class Member within 66 days from the commencement of Notice to TPPs. Consumer objections must be <u>filed</u> within 66 days from the commencement of Notice to Consumers. |
| Any Party may file a motion disputing a request for exclusion. | For disputes regarding TPP exclusion requests, within 30 days from the deadline for submitting a TPP request for exclusion. For disputes regarding Consumer exclusion requests, within 30 days from the deadline for submitting a Consumer request for exclusion.<br><br>Responses are to be filed within 15 days, and replies are to be filed within |

|  | 15 days thereafter. |
|---|---|
| Settlement Class Counsel shall move for final approval of the Settlements, Plan of Allocation for TPPs and framework for allocation to Consumers, and shall include a list of valid requests to be excluded from the Heritage Settlement Class and a list of valid requests to be excluded from the Apotex Settlement Class. | Within 60 days from the later of (1) the TPP deadline for requesting an exclusion or filing an objection and (2) the Consumer deadline for requesting an exclusion or filing an objection. |
| Fairness Hearing | To be to be set by the Court, on a date no less than 135 days after the later of the commencement of Notice to TPPs or the commencement of Notice to Consumers. |

It is so **ORDERED**.

**BY THE COURT:**

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**