**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL NO. 2724**<br><br>**16-MD-2724** |
| **THIS DOCUMENT RELATES TO:**<br><br>***Indirect Resellers Class Plaintiffs' Actions***<br><br>***Indirect Resellers Pravastatin Action***<br>***West Val Pharmacy v. Actavis Holdco U.S., Inc.***<br>***West Val Pharmacy v. Actavis Holdco U.S., Inc.***<br>***Reliable Pharmacy v. Actavis Holdco US, Inc.*** | **HON. CYNTHIA M. RUFE**<br><br><br>**16-PV-27243**<br>**17-cv-3822**<br>**18-cv-2533**<br>**19-cv-6044** |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                    **May 29, 2025**

Indirect Purchaser Class Plaintiffs Reliable Pharmacy, Halliday's & Koivisto's Pharmacy, Russell's Mr. Discount Drugs, Falconer Pharmacy, Chet Johnson Drug, and North Sunflower Medical Center ("IRPs") seek final approval of settlements with Defendant Apotex Corp. (the "Settling Defendant").

Under Federal Rule of Civil Procedure 23(e), the Court held a hearing on March 17, 2025, to determine whether the proposed class-action settlement is "fair, reasonable, and adequate."[1] The Court must: (1) determine if the requirements for class certification under Rule 23(a) and (b) are satisfied; (2) assess whether notice to the proposed class was adequate; and (3) evaluate if the proposed settlement is fair under Rule 23(e).[2] Preliminarily, the Court finds that

---

[1] Fed. R. Civ. P. 23(e)(2).

[2] *See In re Nat'l Football League Players Concussion Inj. Litig.*, 775 F.3d 570, 581 (3d Cir. 2014).

Settling Defendant caused timely notice of the settlement and related materials to be sent to the Attorney General of the United States and the Attorneys General of all U.S. states, territories, and the District of Columbia pursuant to the Class Action Fairness Act of 2005 ("CAFA").[3] The Court finds that such notification complies with the applicable requirements of CAFA.

## I.    RULE 23(A)

To certify a class, the Court must determine that the following factors under Rule 23(a) are met: numerosity, commonality, typicality, and adequacy of representation.[4] The Court preliminarily approved the following Settlement Class:

> All dispensers of drugs (including Clinics, Hospitals and Independent Pharmacies) in the United States and its territories that purchased one or more Drugs at Issue from January 1, 2010 through March 5, 2024, including those that purchased directly from distributor AmerisourceBergen Drug Corporation, Cardinal Health, Inc., Red Oak Sourcing, LLC, The Harvard Drug Group, LLC, HD Smith LLC, McKesson Corporation, Morris & Dickson Co., LLC or Walgreens Boot Alliance, Inc. or their subsidiaries; and (b) those that purchased indirectly from any Defendant in the MDL.
> This class excludes:
> (a) Defendants, their officers, directors, management, employees, subsidiaries, and affiliates;
> (b) entities owned in part by judges or justices involved in this action or any members of their immediate families (other than interests held as a passive investor in a publicly traded entity); and
> (c) all pharmacies owned or operated by publicly traded companies.[5]

Numerosity is satisfied as the settlement class includes more than 59,000 members geographically dispersed throughout the United States.[6] A single common issue is enough to satisfy the commonality requirement, and typicality is met where "the action can be efficiently

---

[3] 28 U.S.C. § 1715.

[4] Fed. R. Civ. P. 23(a). The Court's determinations are based on the particular settlement class currently before the Court; no broader or more general determinations as to the suitability of class actions in the MDL generally have been made.

[5] Order Granting Preliminary Approval [MDL Doc. No. 2959] ¶ 2.

[6] Decl. Cameron R. Azari [MDL Doc. No. 3245-1] ¶ 9.

maintained as a class and . . . the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentee's interests will be fairly represented."[7] Here, there are common issues of law and fact as to all class members: that they purchased generic pharmaceuticals that were priced higher than they should have been because of an alleged conspiracy among manufacturers, including the Settling Defendant.

Plaintiffs also have demonstrated that "the representative parties will fairly and adequately protect the interests of the class."[8] The named Plaintiffs' interests align with those of other class members. The settlement agreement provides that each of the class representatives will receive a service award of $2,500 (for a total of $15,000). In the context of the settlement award as discussed below, the Court finds this a reasonable amount, as the representatives have been actively involved in the prosecution of the case, including through depositions and extensive document production. Class counsel are qualified, experienced, and fully capable of litigating the class members' claims.[9] The representative Plaintiffs, and class counsel, have protected the interests of the class in crafting an adjusted settlement amount that will be allocated on a *pro rata* basis upon the filing of a motion for distribution, which will provide an opportunity for class members to object to the proposed distribution. In addition, the Settling Defendant has agreed to provide cooperation to IRPs, which will facilitate the administration of the settlements and will aid the litigation against non-settling Defendants.

---

[7] *Baby Neal v. Casey*, 43 F.3d 48, 56–57 (3d Cir. 1994).

[8] Fed. R. Civ. P. 23(a)(4).

[9] [9] *In re Warfarin Sodium Antitrust Litig.*, 391 F,3d 516, 532 (3d Cir. 2004).

## II.    RULE 23(B)

The settlement class also satisfies at least one of the three requirements listed in Rule 23(b).[10] The Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[11] The alleged collusive conduct by Settling Defendant affected all class members in the same way with regard to the cost of generic pharmaceuticals.[12] Plaintiffs have shown that for the purposes of settlement a class action is a fair and efficient way to resolve the dispute . . . against those of alternative available methods of adjudication."[13] As directed by Rule 23(b)(3), the Court has considered "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; [and] (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum... ."[14]

Given the complexity of the litigation, thousands of individual actions would not be a more desirable way of proceeding, and "[a] class action is therefore superior to other methods of adjudication" in the context of the settlement.[15] The Court therefore certifies the settlement class for purposes of the final settlement.

---

[10] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011) (citations omitted).

[11] Fed. R. Civ. P. 23(b)(3).

[12] *In re Processed Egg Prods. Antitrust Litig.*, 284 F.R.D. 249, 263 (E.D. Pa. 2012) (citing *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 297 (3d Cir. 2011)).

[13] *In re Warfarin*, 391 F.3d at 534 (citations omitted).

[14] Fed. R. Civ. P. 23(b)(3).

[15] *McDermid v. Inovio Pharms., Inc.*, No. 20-1402, 2023 WL 227355, at *3 (E.D. Pa. Jan. 18, 2023) (citations omitted).

As part of the preliminary approvals, the Court directed that notice be provided.[16] The notice for the settlement clearly and concisely stated in plain, easily understood language: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."[17] Notice was made through direct mail, through the use of digital advertising on social media sites Facebook and LinkedIn, as well as with the use of a case-specific toll-free telephone number, website, and mailing address.[18] The notice complies with the Court's Orders regarding notice and satisfies the requirements of Rule 23.

## III.    RULE 23(E)

The Court determines that the proposed settlement is "fair, reasonable and adequate."[19] A settlement is fair where "(1) the settlement negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected."[20] Each of these factors is met. Negotiations occurred at arm's length over a significant period of time and there has been extensive discovery in the MDL, enabling class counsel to "develop enough information about the [litigation] to

---

[16] Fed. R. Civ. P. 23(c)(2)(B).

[17] Fed. R. Civ. P. 23(c)(2)(B).

[18] Decl. Cameron R. Azari [MDL Doc. No. 3245-1] ¶¶ 10-21.

[19] *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 282, 316 (3d Cir. 1998) (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995)); see also Fed. R. Civ. P. 23(e).

[20] *In re Warfarin*, 391 F.3d at 535 (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 232 n. 18 (3d Cir. 1998)).

appreciate sufficiently the value of the claims."[21] Plaintiffs' counsel is experienced and accomplished, and there have been no objections to the settlement.[22] In addition, as required by Rule 23(e)(2), the Court determines that the relief provided to the class is adequate.[23]

The Settlement Fund consists of a $5,260,842 monetary payment, after the applicable opt-out reduction. IRPs seek the following disbursements from the Settlement Fund: (1) service awards for the class representatives of $2,500 each (a total of $15,000); (2) attorneys' fees and costs, including an allocation for future litigation expenses, of $1,736,077.86 (33% of the settlement fund); and (3) costs of additional notice and claims administration, which are not expected to exceed $500,000.[24]

The relief the settlement is expected to provide class members is adequate when balanced against "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)."[25] In addition to the inherent risk to recovery involved in prolonged litigation, continuing through motions regarding

---

[21] *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 439 (3d Cir. 2016).

[22] IRPs received 158 timely requests for exclusion. *See* Decl. James R. Page [MDL Doc. No. 3285-1] ¶ 9.

[23] Rule 23(e)(2) requires the Court to determine that:

(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

[24] Motion for Order Approving Allocation Plan [MDL Doc. No. 3279].

[25] Fed. R. Civ. P. 23(e)(2)(C)(i)–(iv).

class certification, the dismissal of claims, and the exclusion of evidence, as well as potential trials and appeals, would only delay any recovery class members may receive.

Rule 23(e)(2)(iv) requires the Court to account for any agreements between the parties required to be identified under Rule 23(e)(3), referring to "any agreement made in connection with the [settlement] proposal."[26] The settlement documents set forth the relevant agreements, including that the Settling Defendant will provide cooperation, both in terms of effectuating the settlements and providing information to help in the continued litigation against the non-settling Defendants.

The final element of Rule 23(e)(2) requires the Court to determine whether the proposal treats the class members equitably relative to each other. The settlement funds will be allocated on a *pro rata* basis among all class members that file claims, which treats the class members equitably.[27]

---

[26] Fed. R. Civ. P. 23(e)(3).

[27] In addition to satisfying the standard under Rule 23, the factors set forth by the Third Circuit in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), also favor settlement. The *Girsh* factors are "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Id.* These factors generally have been discussed in connection with Rule 23(e). The litigation is extremely complex and, in the absence of the settlement, it would likely be several years before all of the claims asserted by IRPs are resolved. No class members have objected to the settlement, and potential class members have been able to opt out of the settlement. There has been extensive motion practice and discovery through which the parties have learned of the claims. Settling Defendant has denied liability, and in the absence of the settlement, IRPs would be required to litigate issues of liability, damages, and class certification. There remain many other claims asserted against Settling Defendant and settlement at this time assures a fair payment to the IRPs on their claims against Apotex. Considering all of the attendant risks of litigation of IRPs' claims, including within the broader context of the MDL, the Court concludes that the settlement is reasonable under the *Girsh* factors.

7

**IV.    CONCLUSION**

The Court having determined that the settlement is fair and reasonable, and that all applicable requirements have been met, the Court will approve the settlement. Appropriate orders will be entered.