IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724 |
| | 16-MD-2724 |
| THIS DOCUMENT RELATES TO: | HON. CYNTHIA M. RUFE |
| *ALL END-PAYER ACTIONS* | |

ORDER REGARDING EPP-SUN/TARO SETTLEMENT

**AND NOW**, this 23rd day of September 2025, upon consideration of End-Payer Plaintiffs' ("EPPs") Motion for Preliminary Approval of Sun/Taro Settlement [MDL Doc. No. 3630], to which no opposition has been filed, it is hereby **ORDERED** that the motion is **GRANTED**[1] as follows:

I.   THE SETTLEMENT IS PRELIMINARILY APPROVED

1. Pursuant to Federal Rule of Civil Procedure 23(e)(1)(B), the Court has assessed the Settlement between EPPs and Settling Defendants Sun Pharmaceutical Industries, Inc. ("Sun") and Taro Pharmaceuticals U.S.A., Inc. ("Taro") ("Sun/Taro" or "Settling Defendants") and preliminarily finds that (i) the Settlement was entered into in good faith; and (ii) is fair, reasonable, adequate and in the best interests of the members of the EPP Sun/Taro Settlement Class. At the final approval stage, the Court "will likely be able to" approve the Settlement under the criteria set forth in Federal Rules of Civil Procedure 23(e)(2) and certify the EPP Sun/Taro Settlement Class under the criteria set forth in Rules 23(a) and 23(b)(3).

---

[1] The proposed Form of Notice [MDL Doc. No. 3630-2] is to be amended as set forth in Paragraph 9, below.

2. The Court therefore preliminarily approves the Settlement on the terms set forth in the Settlement Agreement, subject to further consideration at the Final Fairness Hearing.

## II. CERTIFICATION OF THE PROPOSED SUN/TARO SETTLEMENT CLASS

3. The Court makes the following determinations as required by Federal Rule of Civil Procedure 23(e)(1)(B)(ii) and preliminarily certifies, solely in connection with the proposed Settlement, the proposed EPP Sun/Taro Settlement Class (hereinafter "the Settlement Class"), defined as follows:

> All persons and entities in each of the 50 United States (except Indiana and Ohio), as well as the District of Columbia, Puerto Rico and the U.S. Virgin Islands, that indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for any Drugs at Issue, other than for resale, from May 1, 2009 through December 31, 2019. This class excludes: (a) Defendants, their officers, directors, management, employees, subsidiaries and affiliates; (b) all federal governmental entities; (c) all state governmental entities (except for cities, towns, municipalities, counties and other local governmental entities with self-funded prescription drug plans, all of which are included in the class); (d) all governmental Medicaid agencies, private Medicaid managed care organizations, and consumers who were covered by Medicaid for their purchases of Drugs at Issue; and (e) Judges assigned to this case and any members of their immediate families. For avoidance of doubt, the class does not include (i) persons or entities who only purchased Drugs at Issue for purposes of resale or directly from Defendants; (ii) fully insured employers to the extent that they use fully-insured plans (*i.e.*, employers that purchased insurance covering 100% of their reimbursement obligation to members); and (iii) pharmacy benefit managers. Where a putative class member has purchases that meet the definition of the EPP Settlement Class, but also has purchases that fall within one or more of the exclusions set forth in this Paragraph I.J., that putative class member is included in the EPP Settlement Class only with respect to those purchases that meet the definition of the EPP Settlement Class.

The Drugs at Issue are those listed in Appendix A to the Settlement Agreement.

4. The Court finds that, for settlement purposes only, the EPP Sun/Taro Settlement Class meets all prerequisites for class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, including that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the

2

Settlement Class; (c) the Settlement Class Representatives' claims are typical of the Claims of the Settlement Class Members they seek to represent for purposes of the Settlement; (d) Settlement Class Representatives and their counsel are capable of fairly and adequately protecting the interests of the Settlement Class; (e) common questions of law and fact predominate over questions affecting only individual Settlement Class Members; (f) certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members; and (g) the Settlement Class is ascertainable.

### III.  APPOINTMENT OF SETTLEMENT CLASS REPRESENTATIVES

5. The Court appoints, for settlement purposes only, 1199SEIU Greater New York Benefit Fund; 1199SEIU Licensed Practical Nurses Welfare Fund; 1199SEIU National Benefit Fund; 1199SEIU National Benefit Fund for Home Care Workers; American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan; American Federation of State, County and Municipal Employees District Council 47 Health & Welfare Fund; City of Providence, Rhode Island; Detectives Endowment Association of the City of New York; Hennepin County; Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana; Philadelphia Federation of Teachers Health and Welfare Fund; Self-Insured Schools of California; Sergeants Benevolent Association of the Police Department of the City of New York Health and Welfare Fund; UFCW Local 1500 Welfare Fund; Uniformed Fire Officers Association Family Production Plan Local 854; and United Food & Commercial Workers and Employers Arizona Health & Welfare Trust; Ottis McCrary; Valerie Velardi; and Robby Johnson as the Settlement Class Representatives.

## IV. APPOINTMENT OF LEAD COUNSEL FOR THE END-PAYER SETTLEMENT CLASS

6. The Court appoints Roberta D. Liebenberg and the law firm of Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107 as Lead Counsel for the Settlement Class, pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g).

## V. APPOINTMENT OF THE ESCROW AGENT

7. The Court appoints Huntington National Bank to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

## VI. APPOINTMENT OF THE NOTICE ADMINISTRATOR AND APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE SETTLEMENT CLASS

8. The Court appoints A.B. Data, Ltd. ("A.B. Data") as the Notice Administrator. It shall be responsible for disseminating Notice pursuant to this Order and the plan set forth in the Declaration of Elaine Pang of A.B. Data, Ltd. Regarding Proposed Notice Plan ("A.B. Data Declaration") and the proposed Notice Plan (attached as Exhibit B to the A.B. Data Declaration).

9. The Court finds that the proposed forms of notice to Settlement Class Members of the pendency of this Action and the proposed Settlement (attached as Exhibits 1-5 to the Memorandum in Support of End-Payer Plaintiffs' Motion for Preliminary Approval of Sun/Taro Settlement ("EPPs' Memorandum")) and the proposed method of dissemination of notice via first-class mail, publication, and establishment of a dedicated website, Facebook page, and phone number, as set forth in the A.B. Data Declaration and the proposed Notice Plan satisfy the requirements of Rule 23(e) and due process, are otherwise fair and reasonable, and

therefore are approved with the following amendment: The sentences "[i]n the case of an ASO contract, the contractual language must establish that the entity exercised its individual right by explicitly assigning the opt-out decision to you" and "[a] separate exclusion request must be submitted by each Sun/Taro settlement class member electing to be excluded" are **STRICKEN**.

10. Settlement Class Counsel, through A.B. Data, shall cause Notice substantially similar in form to the TPP Postcard Notice attached as Exhibit 3 to EPPs' Memorandum to be disseminated within 45 days following the date of entry of this Order, via first-class mail and email, as set forth in the A.B. Data Declaration and the Notice Plan.

11. Settlement Class Counsel, through A.B. Data, shall maintain the proposed dedicated phone number, Facebook page, and settlement website, GenericDrugsEndPayerSettlement.com, and shall cause Notices substantially similar in form to the Long-Form Notice and Summary Notice, attached as Exhibits 1 and 2 to EPPs' Memorandum, to be published on the website within 45 days following date of entry of this Order. The website shall also include filings, other documents regarding the Settlement, and Spanish-language versions of the Notices.

12. Settlement Class Counsel, through A.B. Data, shall begin digital notice to Consumers via banner notices and targeted online advertisements, within 45 days following date of entry of this Order. The digital banner ads shall be translated into Spanish and published on Spanish-language websites and digital apps. Digital notice shall last for 45 days.

13. Settlement Class Counsel, through A.B. Data, shall begin digital notice to TPPs via banner ad notices on TPP-industry websites within 45 days following date of entry of this Order. Digital notice shall last for 30 days.

14. A.B. Data may modify the form and/or content of the targeted advertisements

and banner notices, as it deems necessary and appropriate to maximize their impact and reach, as long as those modifications substantially comport with the forms of notice attached as Exhibits 4 and 5 to EPPs' Memorandum.

15.    Settlement Class Counsel, through A.B. Data, shall cause Notice substantially similar in form to the Summary Notice attached as Exhibit 2 to EPPs' Memorandum to be distributed via *PR Newswire*'s US1 and Multicultural Newslines within 45 days following the entry of this Order.

16.    Settlement Class Counsel, through A.B. Data, shall cause Notice substantially similar in form to the Summary Notice attached as Exhibit 2 to EPPs' Memorandum to be published in the print media version of *People* magazine within 45 days following the entry of this Order.

17.    Members of the Settlement Class may request exclusion from the Settlement Class at any time within 60 days from the date that Notice commences. To be valid, the request for exclusion must use the procedure in Question 7 of the Long-Form Notice attached as Exhibit 1 to EPPs' Memorandum, must provide all of the information requested therein, and must be postmarked on or before the 60 day period expires.

18.    Pursuant to the Class Action Fairness Act of 2005 ("CAFA") the Settling Defendants shall serve their notices as required under CAFA within 10 days from the date Settling Plaintiffs filed the Settlement Documents with the Court.

## VII.   <u>PRELIMINARY APPROVAL OF THE PLAN OF ALLOCATION</u>

19.    The proposed Plan of Allocation, which is separate from the Settlement Agreement, satisfies the requirements of Rule 23(e), is otherwise fair and reasonable, and is, therefore, preliminarily approved, subject to further consideration at the Final Fairness Hearing.

## VIII. STAYING LITIGATION UNTIL THE COURT GRANTS FINAL APPROVAL

20. The Court hereby stays all proceedings in the Action on behalf of Settling End Payer Plaintiffs and the Settlement Class against Sun and Taro only, except those proceedings provided for, or required by, Paragraph I.P of the Settlement Agreement (under which EPPs may file proofs of service in Civil Action No. 25-cv-3190 (E.D. Pa.), Paragraphs III.E and XII.E, or any other provision in the Settlement Agreement. Counsel for the Settling Plaintiffs may continue to participate in discovery relating to Sun/Taro within the limits permitted by Paragraph VII of the Settlement Agreement.

## IX. FINAL FAIRNESS HEARING AND RELATED DEADLINES

21. A hearing on final approval (the "Fairness Hearing") shall be held before this Court on **April 23, 2026 at 11:00 AM**, in Courtroom 12-A of the United States Courthouse, 601 Market Street, Philadelphia, PA 19106. At the Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed Plan of Allocation of the Settlement Fund among Settlement Class members; (c) whether the Court should approve Settlement Class Counsel's application for an award of attorneys' fees, reimbursement of expenses and service awards to the End-Payer Plaintiffs; and (d) whether entry of a Final Judgment and Order terminating the litigation between End-Payer Plaintiffs and Sun/Taro should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Settlement Class Counsel shall be responsible for communicating any such notice promptly to the Sun/Taro Settlement Class by posting a conspicuous notice on the settlement website,

GenericDrugsEndPayerSettlement.com.

22. All briefs and materials in support of any motion for attorneys' fees, reimbursement of litigation expenses, and/or service awards shall be filed with the Court within 30 days from the date that Notice commences.

23. Settlement Class members who wish to: object with respect to the proposed Settlement, the proposed Allocation Plan, the request for attorneys' fees, or the proposed service awards, and/or wish to appear in person at the Final Fairness Hearing, must file an Objection and/or Notice of Intention to Appear using the procedure set forth in Questions 21 and 26 of the Long-Form Notice attached as Exhibit 1 to EPPs' Memorandum. If an attorney is filing an Objection or Notice of Intention to Appear on behalf of a Settlement Class Member, then that attorney must comply with Local Rule 5.1.2, which mandates document filings via the Electronic Case Filing System. Non-attorneys may file an Objection and/or Notice of Intention to Appear by sending the required materials via first-class U.S. mail to the Clerk of the United States District Court for the Eastern District of Pennsylvania, United States Courthouse, 601 Market Street, Philadelphia PA 19106, with copies to the following counsel:

On behalf of EPPs and the EPP Sun/Taro Settlement Class:

    Roberta D. Liebenberg
    Jeffrey S. Istvan
    Fine, Kaplan and Black, R.P.C.
    One South Broad St., 23rd Floor
    Philadelphia, PA 19107

On behalf of Sun/Taro:

    John M. Taladay
    Edward Duffy
    Christopher Wilson
    Baker Botts LLP
    700 K Street NW
    Washington, DC 20001

24. To be valid, any such Objection and/or Notice of Intention to Appear must provide all of the information requested in Questions 21 and 26 of the Long-Form Notice and must be filed with the Court no later than 60 days from the date that Notice commences. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file a valid Objection and/or Notice of Intention to Appear as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

25. All briefs and materials in support of the final approval of the Settlement and entry of Final Judgment shall be filed with the Court within 30 days following the deadline for Settlement Class members to request exclusion from the Settlement Class or object to the Settlement, Plan of Allocation, and/or attorneys' fees, expenses and service awards. Settlement Class Counsel's filing must include a list of Settlement Class Members who have submitted valid requests to be excluded from the Settlement Class.

26. The following table summarizes the dates ordered herein:

| Event | Date |
|---|---|
| Settlement Class Counsel and the Notice Administrator shall initiate Notice | Within 45 days following date of entry of this Order |
| Settlement Class Counsel may submit a request for attorneys' fees, expenses, and service awards | Within 30 days from commencement of Notice |
| Settlement Class Members may request exclusion from the Settlement Class | Request must be <u>postmarked</u> within 60 days from commencement of Notice |
| Settlement Class Members may file an objection and/or a Notice of Intention to Appear | Objection must be <u>filed</u> by the Settlement Class Member within 60 days from commencement of Notice |

| Settlement Class Counsel shall move for final approval of the Settlement and Plan of Allocation and shall include a list of valid requests to be excluded from the Settlement Class | Within 30 days from the deadline for requesting an exclusion or filing an objection |
|---|---|
| ***FAIRNESS HEARING:*** | ***April 23, 2026 at 11:00 AM*** |

It is so **ORDERED**.

                BY THE COURT:

                /s/ Cynthia M. Rufe

                _____
                **CYNTHIA M. RUFE, J.**