IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724 |
| | 16-MD-2724 |
| THIS DOCUMENT RELATES TO: | HON. CYNTHIA M. RUFE |
| *All End-Payer Plaintiffs' Actions* | |

### DECLARATION OF ROBERTA D. LIEBENBERG IN SUPPORT OF END-PAYER PLAINTIFFS' MOTION FOR RELIEF WITH RESPECT TO FALSE AND MISLEADING COMMUNICATIONS <u>TO CLASS MEMBERS BY CLAIMS RECOVERY FIRMS</u>

I, Roberta D. Liebenberg, hereby declare and state as follows:

1. I am the Senior Member at the law firm of Fine Kaplan and Black, R.P.C. ("Fine Kaplan"). I was appointed by the Court to serve as Lead and Liaison Counsel for the End-Payer Plaintiffs ("EPPs"). I have personal knowledge of the following facts and, if called as a witness, I could competently testify to these matters.

2. I provide this Declaration in support of End-Payer Plaintiffs' Motion for Relief With Respect to False and Misleading Communications to Class Members by Claims Recovery Firms.

3. My firm and I recently learned that certain claims recovery firms are reaching out to EPP class members with false and misleading solicitations to enter into contracts to "recover" money from the EPP settlements in exchange for a substantial share of class members' settlement payments.

4. I am aware of improper solicitations from the following individuals and entities:

   a. Mark Hoffman of Lightwave Solutions Inc.;

1

    b.   David Grossman, Esq. of Grossman & Kelly LLP, and David Grossman & Associates, PLLC;

    c.   Shaynaz Malleck;

    d.   Pearl Logic, Inc. ("Pearl Logic");

    e.   Andy Crawford of ENV Technologies;

    f.   Christine Anderson of Pearl Logic;

    g.   Christine Pierce of Pearl Logic;

    h.   Keith Anderson of Pearl Logic;

    i.   Barry Rowley of Pearl Logic;

    j.   Nelson Griswold of NextGen Benefits and Bottom Line Solutions, Inc.;

    k.   Innovation Programs, LLC;

    l.   Gerald F. Blaum of Innovation Programs; and

    m.   Acrutiv | Hudson Planning Group.

5. Class members who have received these solicitations have contacted Lead Counsel, asking whether they need to engage one of these claims recovery firms in order to obtain any recovery in the *Generic Pharmaceuticals* ligation. They have also expressed confusion about statements in these solicitations that there is no class action and that there are upcoming imminent deadlines for filing claims.

***Mark Hoffman of Lightwave Solutions Inc. and David Grossman, Esq. of Grossman & Kelly LLP, and David Grossman & Associates, PLLC***

6. Attached hereto as **Exhibit A** is an email from Mark Hoffman of Lightwave Solutions Inc. ("Lightwave") to Gardener-Webb University, with attachments.

7. In this e-mail, Hoffman makes the following representations:

a. "Lightwave Solutions, Inc. has been engaged to notify businesses with self-insured plans to participate in receiving recovery payments of $200-$480 per employee and dependent members monthly." *Id.*

b. This case is "unlike [a] class action." *Id.*

c. "[T]he law firm consortium cannot advertise or reach out to potential clients to sign up for this fund's payout. Therefore, they have outsourced this process. Lightwave has a relationship directly with the consortium of attorneys that is handling the Multi-District Litigation." *Id.*

d. "The deadline to sign up for this is now December 1st, 2025." *Id.*

e. "They ["attorney consortium"] will file a mass amendment to their complaint to list all new clients on that day [settlement], and that will be the last time that they are planning on amending the complaint to add new clients for generic drugs." *Id.*

8. Attached hereto as **Exhibit B** is a Lightwave "Master Subrogation Agency Agreement." This agreement was attached to the Hoffman e-mail. It would authorize Lightwave "to identify, pursue, and administer subrogation recoveries in cooperation with Client's legal counsel," including with regard to the Generic Price Fixing litigation. The Agreement states that Lightwave "has negotiated a reduced rate for legal services with the firm David Grossman & Associates, PLLC, which becomes effective upon execution of this Agreement." *Id.* ¶ 1(g).

9. Attached hereto as **Exhibit C** is a Grossman & Kelly LLP Legal Services Contract that was attached to the Hoffman e-mail. This document purports to be an agreement "to retain GROSSMAN & KELLY, LLP ('Law Firm') . . . as Client's attorneys in the prosecution of any legal claim(s) for any and all viable cause(s) of action against any and all responsible

parties in the Generic Price Fixing and Insulin Price Fixing Multi District Litigations (e.g. MDLs 3080 and 2724) and any other claims related to Price fixing."

10. Under the Legal Services Contract, Grossman & Kelley would receive 30% of all gross amounts a client recovered, plus expenses. *Id.* Further, an additional 3% of a client's gross recovery would be paid to Lightwave Solutions (the so-called subrogation "Agent"). *Id.* ¶ 4.

11. On LinkedIn, David Grossman presents himself as a Partner at both Grossman & Kelly LLP and Kelly & Grossman, as well as Proprietor of David Grossman & Assoc. *See* **Exhibit D**. Mr. Grossman has sent several emails to EPP Class Counsel, offering to take some corrective action himself. However, given the breadth and duration of the solicitation campaigns by Pearl Logic and the other entities and individuals named herein, and the need for broad corrective action, Mr. Grossman's informal assurances do not and cannot provide the necessary and appropriate relief for affected class members that a Court Order affords.

12. Attached hereto as **Exhibit E** is a printout from the website of Kelly & Grossman LLP, https://kellyandgrossman.com/.

13. Attached hereto as **Exhibit F** is a printout from the website of David Grossman & Associates, https://davidgrossmanandassociates.com/practice_area#sample2.

14. David Grossman has also been working with another claims recovery firm, Pearl Logic, Inc., whose solicitation campaign is discussed below.

15. Also attached to the Hoffman e-mail is a PowerPoint presentation entitled "Price Fixing Litigation and Cost Recovery Program" that appears to have been created by Grossman & Kelly. *See* **Exhibit G**. This presentation states that there are "ongoing criminal cases" regarding price-fixing of generic Drugs. *Id.* at 8. It does not mention any settlements in its "Summary of Litigation Status" *Id.* at 9.

*Shaynaz Malleck*

16. Shaynaz Malleck appears to have created a website, https://justice25.com/ dedicated to the Generic Price Fixing and Insulin Price Fixing Cases. The home page states "This is not a class action lawsuit. You must elect to participate in the lawsuit." *See* **Exhibit H** (webpage printout).

17. Attached hereto as **Exhibit I** is a PowerPoint presentation entitled "Price Fixing Litigation and Cost Recovery Program: Generic Price Fixing and Insulin Price Fixing – Two Pending Claims Available Now." This PowerPoint is available through Ms. Malleck's website. The content overlaps significantly with the content of the Grossman & Kelly PowerPoint and includes statements that "[a] motion for Class Certification was recently denied" and there are "ongoing criminal cases" against the Defendants in the Generic Drugs MDL. Ex. I at 3, 10. Ms. Malleck's PowerPoint does not mention any settlements in her summary of the litigation status. *Id.* at 11.

*Pearl Logic, Inc., Andy Crawford, Christine Anderson, Christine Pierce, Keith Anderson, Barry Rowley, Nelson Griswold*

18. Numerous individuals associated with Pearl Logic, Inc. have also contacted EPP class members offering recovery services in connection with the Generic Pharmaceuticals MDL.

19. Attached hereto as **Exhibit J** is a document entitled "Pharma Recovery Program" that Andy Crawford, purporting to be from ENV Technologies,[1] sent to EPP class members. The document contains Pearl Logic's logo and numerous FAQs.

20. The "Pharma Recovery Program" document contains the following statements:

---

[1] Andy Crawford has represented himself as a "Solution Consultant" from ENV Technologies. A website that appears to be affiliated with ENV Technologies, https://envtechnologies.com/, lists the company's areas of expertise as energy efficiency, water optimization, HVAC/indoor air quality, and fuel.

a. "The 'Attorney Firm' that we refer to in relation to pursuing a 'Damage' (Settlement) Claim related to the Pharmaceutical Industry Price-Fixing Multi-District Litigation (MDL), is a mass tort New York based Attorney Group, which is part of a 'Consortium' of numerous large Attorney Firms that specializes in mass tort Multi-District Litigation (MDL) cases." *Id.* ¶ 1. "This Court appointment also names two of this firm's Partners as co-lead counsels. . . . [The Consortium has] the Chairman Seat, plus 6 of the 8 total seats on the Plaintiffs' Executive Committee . . . ." It further represents that "Any [sic] for other Attorney attempting to pursue this case, those clients will have no Representative seat at the Plaintiffs' Executive Committee (PEC) table. . . . And as such would get a significant [sic] less settlement." *Id.*

b. Pearl Logic will assist clients in "filing a 'damage' claim pursuant to the Pharmaceutical Industry Price-Fixing Multi-District Litigation (MDL) Court Order." *Id.* ¶ 2.

c. "The Claim Form must be submitted by or before December 31, 2025." *Id.* ¶ 5.

d. In Q. 6, labeled "Who actually receives paid 'Damage' (Settlement) Claim funds?," it is stated that "Any 'Damage' (Settlement) Claim paid will go to whoever executed the Attorney Authorization/Retainer Agreement" with the "Attorney Firm" working with Pearl Logic. *Id.* ¶ 6.

e. "No settlement is yet achieved." *Id.* ¶ 8.

f. "This is <u>not</u> a class action settlement. This is a Multi-District Litigation (MDL) case. Each Plan Sponsor's pursuit of their specific 'damages' is a one-off

case." *Id.* ¶ 12. "To greatly improve the likelihood of successfully pursuing a 'damage' (settlement) claim, MDL law firm representation is paramount." *Id.*

g.   "Very little has been published in relation to this specific Multi-District Litigation (MDL) case." *Id.* ¶ 13. The document does not mention the official, court-approved Notices or EPP settlement websites. Nor does it mention Class Counsel or the Claims Administrator.

h.   "Damages have been calculated in cases to be ~$200 - $660+ per healthcare plan member per year over the past 14 years." *Id.* ¶ 18.

21.   Attached hereto as **Exhibit K** is a Pearl Logic brochure that has been circulated by Andy Crawford. This brochure advertises:

a.   "Up to $600 Billion Dollars in potential Recovery Funds are being made available for Self-Insured Plan Sponsors affected by the alleged anticompetitive, price fixing, & collusive industry practices." *Id.* at 1.

b.   "Typical claim recovery time: 18 months (+/- 6 months)"

c.   "Allocation is on a First Come, First Served basis." *Id.*

d.   "This is a government-supported recovery program, not a class-action lawsuit." *Id.* at 2.

22.   Attached hereto as **Exhibit L** are various LinkedIn posts by Christine Anderson, a National Executive Director at Pearl Logic. Ms. Anderson states that "Pearl Logic has been selected to verify claims related to a landmark settlement involving 45+ Drug Manufacturers and PBMs. This agreement - resulting from joint litigation by multiple state AGs, the FTC and DOJ – addresses alleged price fixing and anticompetitive practices." She also states:

a.   "Only six work days remain before the Pharma Claims Registration window closes."

    b. "Only 16 work days remain before the Pharma Claims Registration window closes."

    c. "I'm reaching out because the law firm coordinating the Pharmacy Recovery Program has indicated it intends to finalize eligible claims by December 1, 2025. To be included in this settlement wave, there is a tight timeframe… Prepare and submit your documentation package to counsel before the stated deadline, no later than November 15, 2025… If the claim is filed after December 1, 2025, the recovery drops to roughly 10%."

    d. "Funds are finite and are being allocated on a first-come, first served basis to claim your share."

    e. "Average recovery = $300-$400 per plan member, often millions." "DOJ has stipulated a timeframe before the end of 2025." "The Generic Pharma Pricing Antitrust MDL delivered substantial recoveries."

    f. "Pearl Logic is working with the DOJ & FTC to help self-insured companies recover these funds."

23. Attached hereto as **Exhibit M** is a Facebook post by Christine Pierce, who has the same email address as Christine Anderson (canderson@pearllogic.com). This post touts potential recoveries of "$300-400 per plan member" and says, "DOJ has stipulated a timeframe before the end of 2025."

24. Attached hereto as **Exhibit N** are LinkedIn posts by Keith Anderson, National Sales Director of Pearl Logic. He states that "Pearl Logic has been selected to support claim verification in this $600B+ national enforcement action." Mr. Anderson represents that plans will recover "$250+ per member X 14 year clawback = a huge unexpected windfall for all who file a claim!" Mr. Anderson says that "If your company has more than 200 MEMBERS in a SELF-

INSURED employer sponsored health plan, there are only ~75 days left to properly file a claim for monies you are ENTITLED to." An "Executive Summary" attached to one of Keith Anderson's posts says, "You may be entitled to hundreds of thousands – or even millions – of dollars in recovered funds from a federal and multi-state legal settlement involving 45+ pharmaceutical manufacturers and PBMs" and "First-come, first-served – allocation is limited." *Id.*

25. Numerous additional misleading LinkedIn posts about the settlements and litigation by Pearl Logic executives and employees are included on this link:

https://www.linkedin.com/search/results/all/?fetchDeterministicClustersOnly=true&heroEntityKey=urn%3Ali%3Aorganization%3A42860478&keywords=pearl%20logic&origin=RICH_QUERY_SUGGESTION&position=0&searchId=8538ca40-6d45-401c-a800-bbed1ecf01cd&sid=st8&spellCorrectionEnabled=false

26. On October 14, 2025, Nelson Griswold of NextGen Benefits and Bottom Line Solutions, Inc. sent an email with the subject line: "$600 Billion Pharma Recovery Program - LiveCast Recording." In this email, Griswold says:

    a. He has "partnered with Barry [Rawley, CEO of Pearl Logic] and Pearl Logic" to give his network "an opportunity to participate" in the so-called "$600 billion Pharmaceutical Overcharging Recovery Program."

    b. Pearl Logic is "the consulting firm that has been selected as business outreach partner by the law firms managing and adjudicating this Multi-District Lawsuit judgement and Recovery Program."

    c. Rowley is "getting into 10,000-life groups . . . by presenting a **7-8 figure recovery** with no investment beyond a couple of hours filling out the damages claim paperwork."

27. Attached hereto as **Exhibit O** is a "Pharmaceutical Industry Overcharging Recovery Program Executive Brief" circulated by Nelson Griswold. The executive brief:

   a. Conflates the Generic Drugs MDL and the Insulin MDL.

   b. States "[t]his is not a settlement fund or a class action settlement." *Id.* at 1.

   c. Warns that "[u]nder ERISA, plan fiduciaries must act prudently in the best interest of the plan and its participants. That includes reclaiming plan assets lost to fraud or overcharging. Failing to file would expose fiduciaries to risk for neglecting this obligation." *Id.*

   d. Says there is a deadline of December 1, 2025 for "our legal team" to opt clients out of two class action settlements "that close on December 2.

*Acrutiv/Hudson Planning Group*

28. Attached hereto as **Exhibit P** is a printout from a website created by Acrutiv/Hudson Planning Group dedicated to the "Pharmaceutical Industry Overcharging Recovery Program," https://hudsonplanninggroup.com/pharmaceutical-industry-overcharging-recovery-program/.

29. The Acrutiv/Hudson Planning Group website says, "No upfront costs: Pearl Logic works on contingency only." Acrutiv/Hudson Planning Group uses the same $600 billion figure that is featured in Pearl Logic materials and says, "File by November 15, 2025" and "[a]llocation is on a First Come, First Served basis." *Id.*

*Innovation Programs LLC and Gerald F. Blaum*

30. Attached hereto as **Exhibit Q** is an email from Gerald F. Blaum of Innovation Programs to Paul Costa of Fine, Kaplan and Black. In the email, Blaum said he was "working

10

with Pearl Logic to advise self-funded employers of their ability to opt-out of a class settlement" in MDL 2724.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 11th day of November 2025 in Philadelphia, PA.

        */s/ Roberta D. Liebenberg*
        Roberta D. Liebenberg