# EXHIBIT C

*A Recovery Law Firm*

# GROSSMAN & KELLY, LLP

1248 MONTAUK HIGHWAY – WEST ISLIP NEW YORK 11795
Telephone: (631) 815-2575
dgrossman@grossmankelly.com

## LEGAL SERVICES CONTRACT

THIS CONTRACT IS SUBJECT TO THE FEDERAL AND STATES' ARBITRATION ACTS.

WHEREAS, the undersigned ("Client") agrees to retain GROSSMAN & KELLY, LLP ("Law Firm") (collectively, "Parties") as Client's attorneys in the prosecution of any legal claim(s) for any and all viable cause(s) of action against any and all responsible parties in the Generic Price Fixing and Insulin Price Fixing Multi District Litigations (e.g. MDLs 3080 and 2724) and any other claims related to Price fixing.

1.  **FEE PERCENTAGE**: Client agrees to pay a total contingency fee of 33 percent (33%). This total contingency fee consists of the 30% Law Firm fee as set forth in this section and the Subrogation Fee set forth in section 4 below. As consideration for legal services rendered and to be rendered by the Attorneys in carrying out the purpose hereof, Client agrees to pay Law Firm thirty percent (30%) of all gross amounts recovered, plus expenses as outlined in sections #2 ("Disbursements") and #3 ("Financing of Case") below. Client assigns, and the Law Firm accepts and acquires as its fee, a proportionate interest in the subject matter of any claim, action, or suit instituted or asserted under the provisions of this agreement. The Client shall pay no expenses or fees in case of loss.

2.  **DISBURSEMENTS**: In the event there is no recovery, the Client shall not be obligated to pay the Law Firm a legal fee for services rendered. Disbursements may include some of the following expenses: court filing fees, sheriff fees, medical and hospital report/record fees, doctor's report, court stenographer fees, deposition costs, expert fees for expert depositions and court appearances, trial exhibits, computer on-line search fees, express mail, postage, photocopy charges, document management charges, long distance telephone charges among other charges. Document management charges are the fees charged by the law firm for processing documents during litigation, such as medical records, documents produced by defendant(s) and/or other parties, etc. Processing of the documents may include but is not limited to the following: (1) scanning; (2) conversion of native files to PDF documents; (3) OCR (optical code recognition); and/or (4) indexing. At the time of settlement and distribution of proceeds, these expenses shall be deducted from the Client's share after computation of the Attorney's Fee. However, Client will not be responsible for any expenses or costs which exceed Client's proportionate recovery.

3.  **FINANCING OF CASE**: If the firm borrows money from any lending institution to finance the cost of the client's case, the amounts advanced by this firm to pay the cost of prosecuting or defending a claim or action or otherwise protecting or promoting the client's interest will bear interest at the highest lawful rate allowed by applicable law. In no event will the interest be greater than the amount paid by the firm to the lending institution.

4.    <u>SUBROGATION AGENT COORDINATION AND FEE DISBURSEMENT</u>: Law Firm acknowledges that Client has engaged Lightwave Solutions, Inc. under a separate Master Subrogation Agency Agreement to provide administrative recovery services in connection with the matters described herein. Client authorizes the Firm to cooperate with the Agent in the exchange of claim data, status reports, and recovery information. Client authorizes Law Firm to pay Subrogation Agent a Subrogation fee equal to 3 percent (3%) of the gross amounts recovered by Firm on behalf of Client. Upon receipt of settlement or judgment proceeds, Law Firm shall (i) deduct its approved attorney's fees and costs, (ii) disburse to the Subrogation Agent the contractual service fee specified herein, and (iii) remit the balance to Client. The Subrogation Agent's fee shall be deducted from Client's portion of the recovery, not from Law Firm's legal fees, and shall represent payment for bona-fide administrative services, not for the provision of legal services. All Client data provided to the Subrogation Agent shall remain subject to attorney-client privilege and confidentiality protections.

5.    <u>APPEALS</u> : The above contingency fee does not contemplate any appeal. The Law Firm is under no duty to perfect or prosecute any such appeal until a satisfactory fee arrangement is made between the Parties and is reduced to writing regarding costs and attorneys' fees.

6.    <u>NO GUARANTEE OF FINAL OUTCOME</u>: No attorney can accurately predict the outcome of any legal matter. Accordingly, the Law Firm makes no express or implied representations as to the final outcome of the matter(s) contemplated by this Agreement.

7.    <u>PARTIES BOUND</u>: This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

8.    <u>PRIOR AGREEMENTS SUPERSEDED</u>: This Agreement constitutes the sole and only agreement of the Parties hereto and supersedes all prior understandings or written or oral agreement between the Parties respecting the within subject matter, if any.

9.    <u>TERMINATION OF REPRESENTATION</u>: The Client may terminate the Law Firm's representation of it at any time by providing written notice to the Law Firm at the above address.

10.    <u>APPROVAL NECESSARY FOR SETTLEMENT</u>: Client hereby grants the Law Firm power of attorney so that the Law Firm may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude the representation including settlement and/or reducing to possession any and all monies or other things of value due to Client under its claim as fully as the Client could do so. The Law Firm is authorized and empowered to act as Client's sole negotiator in any and all negotiations concerning the subject of this Agreement. However all decisions regarding final resolution of the litigation, including settlement, are within the sole power of the Client. The firm will not settle any matter without explicit consent of the client.

11.    <u>ASSOCIATION OF OTHER ATTORNEYS</u>: The Law Firm may, at its own expense, use or associate with other law firms in the representation of the Client. If the Law Firm should engage other attorneys to act as cocounsel, this will be done at the expense of the Law Firm. This expense is not considered part of the reimbursable expenses outlined herein under "Disbursements" in item #2. Client understands that the Law

Firm is a Limited Liability Partnership with a number of attorneys. Several of those attorneys may work on Client's case.

12.     ASSOCIATE COUNSEL: Another attorney may participate in the division of fees in this case and assume joint responsibility for the representation of Client, either in the event that the Law Firm retains associate counsel or in the event that Client later chooses new counsel, provided that the total fee to Client does not de- crease as a result of the division of fees and that the attorneys involved have agreed to the division of fees and assumption of joint responsibility.

13.     LEGAL CONSTRUCTION: In case any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal or unenforceable, such invalidity, illegality, or unenforceability shall not affect any other provisions hereof, and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained.

14.     DISPUTE: In the event of a dispute between the Client and the Law Firm, it will be resolved at National Arbitration in Garden City, New York and New York law will govern. Each party to pay its own costs and expenses. This arbitration provision shall be enforceable in either federal or state court in New York pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any Supreme Court in New York having jurisdiction.

Client certifies and acknowledges that Client has had the opportunity to read this Agreement. Client further affirms that Client has voluntarily entered into this Agreement, that Client has been advised that Client may seek legal counsel to review this Agreement before signing, and that Client is fully aware of the terms and conditions contained in this Agreement.

SIGNED AND ACCEPTED ON THIS _____ DAY OF _____, 2025.

| | |
|---|---|
| **Please print Client Entity Name :** | **Grossman & Kelly, LLP** |
| **Print Name & Title of Authorized Representative:** | **David Grossman Esq** |
| **Signature of Authorized Representative:** | **DATE:** |
| **Contact Email:** | |
| **Contact Phone:** | co-counsel |
| **Address (Street + Suite if Applicable):** | |
| **City, State, Zip:** | |

INFORMATION DETAILS:

Client: _____

1. Main contact person: _____
Phone number: _____
Email address: _____
Address: _____

_____

2. Legal counsel: _____
Main contact person: _____
Phone number: _____
Email address: _____
Address:_____

_____