# EXHIBIT A

**Pharmaceutical Industry Overcharging**
# RECOVERY PROGRAM

# EXECUTIVE UPDATE
November 6, 2025

If your organization has not yet received this official Legal Notice that **your organization is a plaintiff in this multi-district litigation** (MDL) on generic drugs, you should expect to. The mailer below was sent to an organization that had filed with Pearl Logic and the Pharma Recovery Program to pursue recovery of damages from generic drug companies' collusion and price-fixing over the past 20 years.

Please note that this Notice was **authorized by the federal court** overseeing the multi-district litigation that produced this class action settlement.

**Your organization is already a plaintiff in this MDL.** As a plaintiff, your company has **three options**:



### OPTION 1    OPT OUT

If your organization chooses **not to recover any damages from the drug companies' overcharges to your health plan for generic drugs and insulin over the past 21 years**, you should contact the Claims Administrator and opt out of this and all future Class Action Settlements that arise from this multi-district litigation.

### OPTION 2    DO NOTHING

By doing nothing, your organization will be included automatically in this and all future Class Action Settlements with the drug company defendants in this MDL. The Settlement Funds will be allocated in prorated payments to tens of thousands of companies, which will amount to a total of **$10-15 per plan member**. Class Action payments are **about 10 to 15 percent of the payment your organization could receive from a recovery based on actual damages.**

What would a **Class Action Settlement payout** look like? There are over 77,000 U.S. employers with 250 or more employees and, thus, likely to be self-insured. Using the $200 million Sun/Taro Pharmaceutical settlement from the Notice above, *if only a third (~25,000) of these self-insured companies participated in the settlement*, while settlement payments would be prorated, **the *average* payout to a plaintiff would be about $8,000**.

**OPTION 3** — **SEEK A RECOVERY ON ACTUAL DAMAGES**

Since your organization is a plaintiff in this multi-district litigation, you have the right to **pursue recovery based on actual damages to your health plan**.

In this generic drug litigation only (*not* including any recovery on insulin overcharges) with a 14-year look back, recovery is *estimated* (could be less, could be more) to be:

**$240** x (**# of plan members**) x (**# of years self-funded**) (up to 14)

**200-member** health plan self-insured for the past 14 years: **$850,000**

**1,000-members** with 14 years self-insured: **$3,500,000**

**5,000-members** 14 years self-insured: **$17,500,000**

Again, compare the **recovery based on actual damages vs. the $10-15 per plan member** from a class action settlement…a recovery of actual damages or 10-15 cents on the dollar.

If your organization chooses Option 3, Pearl Logic can help.

The law firm consortium that works with Pearl Logic is **the only legal team working the generic MDL that has opted out of all future class actions** to preserve their clients' right to pursue recovery based on actual damages. All other law firms have committed to the class action strategy.

Pearl Logic will help your organization:

- join both the generic drugs MDL and the insulin MDL;
- opt out of all class actions;
- engage our legal team; and
- start the process to seek recovery based on actual damages.

**IMPORTANT DEADLINE:** Due to two Class Action Settlements closing their opt-out window on **December 2, 2025**, our attorney group has set a **December 1 filing deadline** to opt clients out of these two Class Actions and enter the MDL as a named plaintiff to file your claim with the Court for actual damages. To allow the attorneys time to draft the documents, there is a **November 15 administrative deadline for submitting paperwork** to the attorneys.

**No Cost, No Risk**

Because Pearl Logic and the attorney group are working on a pure contingency basis, **there is no upfront cost** to retain them to facilitate your recovery process and represent your claim. They're paid only when your organization recovers damages. So there is **no cost and zero risk to enter your claim to recover actual damages**. And with the **fiduciary obligation** to pursue recovery of these misappropriated plan assets, there is **no reason** not to engage Pearl Logic to complete the filing process by the December 1 deadline.

**To begin the damage claim recovery process,**

see your contact who provided you this information.