IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All End-Payer Plaintiffs' Actions* | MDL NO. 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |

### FINAL ORDER AND JUDGMENT REGARDING EPPS' HERITAGE AND APOTEX SETTLEMENTS

**AND NOW**, this 19th day of November 2025, upon review and consideration of End-Payer Plaintiffs' ("EPPs")[1] Motion for Final Approval of Heritage Settlement and Plan of Allocation [MDL Doc. No. 3697] and EPPs' Motion for Final Approval of Apotex Settlement, TPP Plan of Allocation, and Consumer Allocation Framework [MDL Doc. No. 3695], and for the reasons set forth in the Court's Memorandum Opinion, it is hereby **ORDERED** that the motions are **GRANTED** as follows:

1. All capitalized terms used in this Final Order and Judgment shall have the same meanings

---

[1] The named EPPs are: 1199SEIU Greater New York Benefit Fund; 1199SEIU Licensed Practical Nurses Welfare Fund; 1199SEIU National Benefit Fund; 1199SEIU National Benefit Fund for Home Care Workers; American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan; American Federation of State, County and Municipal Employees District Council 47 Health & Welfare Fund; City of Providence, Rhode Island; Detectives Endowment Association of the City of New York; Hennepin County; Louisiana Health Service & Indemnity Company d/b/a/ Blue Cross and Blue Shield of Louisiana; Philadelphia Federation of Teachers Health and Welfare Fund; Self-Insured Schools of California; Sergeants Benevolent Association of the Police Department of the City of New York Health and Welfare Fund; UFCW Local 1500 Welfare Fund; Uniformed Fire Officers Association Family Production Plan Local 854; United Food & Commercial Workers and Employers Arizona Health & Welfare Trust. Named EPPs for the Apotex Settlement also include Ottis McCrary; Valerie Velardi; and Robby Johnson.

1

as set forth in the Settlement Agreements submitted to the Court.[2]

2. On June 26, 2024, the Court entered an Order in which it, inter alia, preliminarily approved the Settlement with Settling Defendants Heritage Pharmaceuticals Inc., Emcure Pharmaceuticals Ltd., and Satish Mehta (collectively, "Heritage") (the "Heritage Settlement"), preliminarily certified the Heritage Settlement Class for settlement purposes only, appointed Settlement Class Representatives, appointed Settlement Class Counsel, and appointed Huntington Bank as Escrow Agent ("Heritage Preliminary Approval Order").[3]

3. On May 14, 2025, the Court entered an Order in which it, *inter alia*, preliminarily approved the Apotex Settlement, preliminarily certified the Apotex Settlement Class for settlement purposes only, and appointed Settlement Class Counsel and Settlement Class Representatives, and appointed an Escrow Agent (the "Apotex Preliminary Approval Order").[4]

4. On May 14, 2025, the Court also entered an Order in which it appointed a TPP Notice Administrator and a Consumer Notice Administrator, approved the form and manner of notice and directed notice to the Settlement Classes, and preliminarily approved EPPs' Heritage proposed allocation plan, the proposed allocation plan for Apotex Settlement Class Members ("Apotex Allocation Plan"), and the allocation framework for Apotex Consumer Settlement Class Members ("Consumer Allocation Framework) ("the Notice and Allocation Order").[5]

5. On July 24, 2025, Blue Cross Blue Shield of Florida, Inc. ("BCBS Florida") and Blue Cross Blue Shield of Kansas City ("BCBS KC") filed objections to opt-out procedures of the Heritage and Apotex Settlements.[6]

6. On August 21, 2025, the Court ordered an extension of the deadline for EPPs to

---

[2] MDL Doc. Nos. 3313-1, 2992-2.

[3] MDL Doc. No. 3020.

[4] MDL Doc. No. 3391.

[5] MDL Doc. No. 3392.

[6] MDL Doc. Nos. 3556, 3557.

challenge any TPP requests to opt out from the Settlement.[7]

7. There were no other objections.

8. On October 3, 2025, the Court held a Final Fairness Hearing to consider whether the Heritage Settlement and Plan of Allocation, Apotex Settlement, the TPP Allocation Plan, and the Consumer Allocation Framework should be finally approved under Rule 23(e)(2) as fair, reasonable and adequate.

9. The Court has reviewed EPPs' Motion and the terms and conditions set forth in the Settlement Agreements, including all exhibits thereto, and finds that the Settling Parties entered into the Settlement Agreements in good faith and that the Settlements are fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlements are in full compliance with all requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, and the United States Constitution.

10. The Court finds that the Settlements were negotiated at arm's-length; that there was sufficient discovery; that the Parties and counsel were knowledgeable about the facts relevant to EPPs' claims and the potential risks of continued litigation; and that the Parties were represented by highly capable counsel with substantial experience in class action and antitrust litigation.

11. The Court also specifically considered the factors set forth in Rule 23(e)(2) and the *Girsh* factors, including the complexity, expense and likely duration of litigation of the litigation; the favorable reaction of the Settlement Classes; the stage of the proceedings; the risks of establishing liability, damages and class certification; and the range of reasonableness of the Settlements in light of the best possible recovery and attendant risks of litigation.[8] The Court finds that the Rule 23(e)(2) factors and the *Girsh* factors weigh in favor of approving the Settlements.

12. The Court finds that the dissemination of Notice as set forth in the Declaration of A.B.

---

[7] MDL Doc. No. 3611. Exclusion requests were resolved by this Court's Order. Order of November 18, 2025 [MDL Doc. No. 3811].

[8] *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

Data and the Declaration of Eric J. Miller was in compliance with the Court's Heritage Preliminary Approval Order, Apotex Preliminary Approval Order, and Notice and Allocation Order, and that the notice that has been given constitutes due, adequate and sufficient notice; was the best notice practicable under the circumstances; and satisfies Federal Rule of Civil Procedure 23(e) and due process.

13. The Court finds that the dissemination of Notice to Consumers as set forth in the Declaration of Tiffaney A. Janowicz was in compliance with the Court's Apotex Preliminary Approval Order and Notice and Allocation Order, and that the notice has been given constitutes due, adequate and sufficient notice; was the best notice practicable under the circumstances; and satisfies Federal Rule of Civil Procedure 23(a) and due process.

14. A full opportunity has been offered to Settlement Class Members to object to or opt out of the Settlements and to participate in the Final Fairness Hearing.

15. No class member objected to the Settlement. Nonetheless, the Court has carefully considered the objections made by certain insurers as to opt-out procedures.

16. Heritage and Apotex properly and timely notified the appropriate officials of the Settlements pursuant to the Class Action Fairness Act.[9] More than 90 days have elapsed since Heritage and Apotex provided notice of the Settlements pursuant to CAFA.

17. Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court grants final class certification, for settlement purposes only, of the Settlement Classes that it preliminarily certified in its Preliminary Approval Orders. The Court finds that the requirements of Rule 23 are satisfied, solely for the purpose of effectuating the Settlements, as follows:

    a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Settlement Classes are so numerous that their joinder before the Court would be impracticable;

    b. Pursuant to Rule 23(a)(2), the Court determines that there are questions of law and

---

[9] 28 U.S.C. § 1715.

       fact that are common to the Settlement Classes;

    c. Pursuant to Rule 23(a)(3), the Court determines that the Settlement Class Representatives' claims are typical of the claims of the Settlement Class Members;

    d. Pursuant to Rule 23(a)(4), the Court determines that Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented the interests of the Settlement Classes;

    e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting any individual Settlement Class Member;

    f. Pursuant to Rule 23(b)(3), the Court determines that a class resolution provides a fair and efficient method for settling the Settlement Classes' claims and is superior to other available methods; and

    g. Pursuant to Rule 23(b)(3), the Court determines that the Settlement Classes are ascertainable.

18. The Court confirms the appointment of the named EPPs as Settlement Class Representatives.

19. The Court confirms the appointment of Roberta D. Liebenberg and the law firm of Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107 as Settlement Class Counsel.

20. The persons and entities to be identified in Exhibit A,[10] which will be attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Settlement Classes, or have otherwise been permitted to seek exclusion by this Court, and are hereby excluded from the Settlement Classes, are not bound by this Final Judgment, and may not make any claim or receive any benefit from the Settlements, whether monetary or otherwise. Said excluded persons and

---

[10] Due to late and supplemental filings, Exhibit A will be attached hereto when EPPs, Heritage, and Apotex parties submit final lists.

entities may not pursue any claims released under the Settlement Agreements on behalf of those who are bound by this Final Judgment. Each Settlement Class Member not appearing in Exhibit A is bound by this Final Judgment and will remain forever bound.

21. The Court grants final approval of the Heritage Plan of Allocation, the Apotex Allocation Plan, and the Consumer Allocation Framework as being fair, reasonable, adequate, and in the best interest of the Settlement Classes. The Court further finds that the Heritage Plan of Allocation, the Apotex Allocation Plan, and the Consumer Allocation Framework treat class members equitably relative to each other as required by Federal Rule of Civil Procedure 23(e)(2)(D).

22. Accordingly, the Court hereby grants EPPs' Motion for Final Approval of Heritage Settlement and Plan of Allocation and EPPs' Motion for Final Approval of Apotex Settlement, TPP Plan of Allocation, and Consumer Allocation Framework.

23. The Court hereby dismisses the EPP Actions as to Heritage and Apotex, on the merits, with prejudice and in their entirety, and except as provided for in the Settlement Agreements, without costs or attorneys' fees recoverable under 15 U.S.C. § 15(a), as to Heritage and Apotex. This dismissal shall not affect, in any way, the rights of EPPs or members of the Settlement Classes to pursue claims not released by the Settlement Agreement.

24. The EPP Releasors (as defined in Section 12.a of the Heritage Settlement Agreement and Section I.M. of the Apotex Settlement Agreement) have released, acquitted and forever discharged the Releasees (as defined in Section 12.a of the Heritage Settlement Agreement and Section I.B. of the Apotex Settlement Agreement) from all Released Claims (as defined in Sections 12.b, 12.c, and 12.d of the Heritage Settlement Agreement and Section I.X. of the Apotex Settlement Agreement) arising out of or relating to the Conduct (as defined in Section 12.b of the Heritage Settlement Agreement and Section I.E. of the Apotex Settlement Agreement). All terms of the Releases set forth in Sections 12 and 13 of the Heritage Settlement Agreement, are hereby incorporated into this Order. All terms of the release and covenant not to sue set forth in Section VI of the Apotex Settlement

Agreement, and the definitions set forth in Sections I.B., I.M., I.X. and I.E., of the Apotex Settlement Agreement, are hereby incorporated into this Order.

25. This Final Judgment does not settle or compromise any claims by EPPs or the Settlement Classes against any person or entities other than the Released Parties, and all rights against any other Defendant or any other person or entity are specifically reserved.

26. The finality of this Final Order and Judgment shall not be affected by any order entered regarding the Settlement Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses and/or any order entered regarding the Service Awards to the Settlement Class Representatives, which shall be considered separately from this Final Order and Judgment.

27. The Court shall retain continuing and exclusive jurisdiction over the Settlements and this Order, including the administration and consummation of this Settlements.

28. Pursuant to Federal Rule of Civil Procedure 54(b) there is no just reason for delay, and the Court hereby directs the entry of this Final Judgment of dismissal forthwith as to Heritage and Apotex. This Final Approval Order shall be final and immediately appealable.

29. Any and all objections to opt-out or notice procedures herein are hereby denied.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
**CYNTHIA M. RUFE, J.**