## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724**<br>**16-MD-2724** |
| **THIS DOCUMENT RELATES TO:**<br><br>*All End-Payer Plaintiffs' Actions* | **HON. CYNTHIA M. RUFE** |

**ORDER BARRING INTERFERENCE WITH DISTRIBUTION OF FUNDS TO PLAINTIFFS AND FOR DECEMBER 3, 2025, HEARING**

AND NOW, this 19th day of November 2025, upon consideration of End-Payer Plaintiffs' ("EPPs") Motion for Relief with Respect to False and Misleading Communications to Class Members by Claims Recovery Firms ("Motion"), MDL Doc. 3791, and EPPs' Notice Regarding the Motion, MDL Doc. 3808 it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED as follows:

1. The persons and entities identified below in subparagraphs (a) through (s) shall, within seven (7) days of the date of this Order: (1) provide to EPP Lead Counsel a list of names and contact information for all persons and entities who they have contacted regarding this litigation and the settlements in this litigation; (2) disclose to EPP Lead Counsel all of their marketing efforts, including the identities of all individuals or entities they are associated or working with; all

written, electronic and oral communications concerning this litigation and the

settlements; and all websites they have established and all social media posts they

have made regarding the litigation and the settlements; (3) post corrections to all of

the false, deceptive, and misleading statements and material omissions about this

litigation and the settlements in their marketing materials, websites, and social

media posts; and (4) state in their communications, websites, and social media

posts concerning this litigation and the settlements that the claims process has not

yet begun, class members need not sign up for a third-party service to participate in

settlements, and no-cost assistance in filing claims will be made available from the

Claims Administrator and EPP Lead Counsel. In addition, these persons and

entities and those associated or working with them are hereby ordered to submit

any proposed future communications, website statements, or social media posts

regarding this litigation and the settlements to the Court for its review and approval

at least fourteen (14) days before dissemination or posting on the Internet.

    (a) Mark Hoffman of Lightwave Solutions, Inc.

    (b) David Grossman, Esq. and the law firms of Grossman & Kelly, LLP and David Grossman & Associates, PLLC

    (c) Shaynaz Malleck

    (d) Pearl Logic, Inc.

    (e) Christine Anderson of Pearl Logic

(f) Christine Pierce of Pearl Logic

(g) Keith Anderson of Pearl Logic

(h) Barry Rowley of Pearl Logic

(i) Nelson Griswold of NextGen Benefits Network and Bottom Line Solutions, Inc.

(j) Andy Crawford of ENV Technologies and Pearl Logic

(k) Innovation Programs LLC

(l) Gerald F. Blaum of Innovation Programs

(m) Acrutiv/Hudson Planning Group

(n) Rocky Cathey, National Executive Director of Pearl Logic

(o) Larry DiGiovanni of Pearl Logic and REP Innovation

(p) Superior Insurance Advisors

(q) Paul H. Flowers, Jr.

(r) Employers Consulting Group

(s) Richard Giraldez of Remote Medical Solutions

2. The Claims Administrator shall send curative notice to all affected EPP class members at the expense of the persons and entities identified above in paragraph 1(a) - (s).

3. Any EPP class member who entered into a contract with any of the persons and entities identified above in paragraph 1(a) – (s) or those associated or working with them **MAY RESCIND THAT CONTRACT**, and the Claims Administrator shall notify all such class members of this right at the expense of those persons and entities.

4. All opt-out requests submitted on behalf of EPP class members by the persons and entities identified above in paragraph 1(a) - (s) or by those associated or working with them **ARE DECLARED INVALID**. The Claims Administrator shall notify any affected class members that they may opt-out within fifteen (15) days after receipt of curative notice.

5.  All persons and entities listed in paragraph 1 (a)-(s), as well as any other interested party of record in this matter, shall appear before the Honorable Cynthia M. Rufe on **December 3, 2025, at 2:00 p.m. in Courtroom 12A for a hearing** to determine (1) the extent and status of service of and obeisance to this order, and (2) whether further relief or actions are required to ensure that funds from the settlement are distributed to the Plaintiff class in full and in accordance with past and future orders of this Court.

5. Lead Counsel for the End-Payer Plaintiffs shall provide this Order to the above-named persons and entities forthwith.

4

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**