THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br>*All End-Payer Plaintiffs' Actions* | HON. CYNTHIA M. RUFE |

### MOVANT STATES' MEMORANDUM IN SUPPORT OF
### MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

Certain Commonwealths, States, and Territories[1] ("Movant States") move for leave to file an *amicus curiae* brief in connection with the End-Payer Plaintiffs' ("EPP") settlement with Sun and Taro.

### INTRODUCTION

The EPPs' Sun/Taro Settlement ("the Settlement") has been preliminarily approved by the Court and set for a final fairness hearing on January 15, 2026. Previously, a number of States lodged objections to the EPPs' settlement through a motion to intervene regarding the Sandoz settlement, (ECF No. 3380), which the Court kindly considered as an amicus brief (ECF No. 3600). Here, Movant States are seeking to proceed as amici curiae to advance our concerns to the Settlement for the Court's consideration.

---

[1] Movant States are Alaska, Arizona, California, Colorado, Delaware, District of Columbia, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Northern Mariana Islands, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming and U.S. Virgin Islands.

## DISCUSSION

District courts have inherent authority to appoint *amicus curiae*. *See, e.g.*, *Liberty Ress., Inc. v. Phila. Hous. Auth.*, 395 F.Supp.2d 206, 209 (E.D. Pa. 2005); *Avellino v. Herron*, 991 F.Supp. 730, 732 (E.D. Pa . 1998); *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993). The extent to which a district court should permit an *amicus curiae* is solely within the court's discretion. *Waste Mgmt., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). Parties with pecuniary, as well as policy, interests also appear as amici before the Third Circuit. *See, e.g.*, *S. Camden Citizens in Action v. N.J. Dep't of Envtl. Prot.*, 274 F.3d 771, 773 (3rd Cir. 2001). This Court has previously recognized the interest of a number of States which proceeded as amici in connection with the EPP/Sandoz settlement. (ECF No. 3600).

## CONCLUSION

For the foregoing reasons, Movant States request leave to file their *amicus curiae* brief in connection with the End-Payer Plaintiffs' settlement with Sun and Taro.

Dated: December 2, 2025          Respectfully Submitted,

**DAVID W. SUNDAY, JR**
**ATTORNEY GENERAL**

By: */s/ Joseph S. Betsko*
Joseph S. Betsko
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
jbetsko@attorneygeneral.gov

*Counsel for Movant States*

# CERTIFICATE OF SERVICE

I, Joseph S. Betsko, hereby certify that on December 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record registered with the CM/ECF System.

*/s/ Joseph S. Betsko*
By: Joseph S. Betsko
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
jbetsko@attorneygeneral.gov