**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL NO. 2724**<br>**16-MD-2724**<br>**HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:**<br><br>***ALL ACTIONS*** | |

**PRETRIAL ORDER NO. 320
(MODIFYING PRETRIAL ORDER NOS. 7, 40, AND 195)
(THIRD MODIFIED PROTECTIVE ORDER)**

**AND NOW,** this 18th day of December 2025, to update and standardize the procedures that apply to the sealing of documents across all cases in this MDL, the Court orders as follows:

1.      This Pretrial Order ("PTO") is an amendment to PTO No. 7 §§ 9.2, 9.3 [MDL Doc. No. 121]; PTO 40 § 2 [MDL Doc. No. 533]; and PTO No. 195 § 9.2 [MDL Doc. No. 1976].

2.      As defined by PTO 195 § 1.12, "Protected Material" means any "Discovery Material," *see* PTO 195 § 1.4, that is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or as "OUTSIDE COUNSEL EYES ONLY" pursuant to PTO 195 §§ 3, 4.

3.      Protected Material does not include pleadings, memoranda of law, motions, or affidavits. In the interest of establishing standard practices for the sealing of documents across all pending matters, the Court finds that the "good cause" standard articulated below generally will not be satisfied as to these categories of documents. This general finding does not foreclose parties from seeking to seal any such documents or other material based upon the specific merits of their case, and the Court may, with good cause shown, permit sparing redactions to such documents that are so minor as to merit disregard.

4.     For all pending cases in this MDL, the procedure for filing Protected Material under seal, as of the date of this Order, shall be as follows:

a.     The Filing Party shall, well ahead of any applicable deadline, move to file the relevant Discovery Material under seal, proposing sealed material as narrowly as possible. In its motion to seal, or in an accompanying memorandum of law, the Filing Party shall articulate, with particularity, "good cause" consistent with applicable precedent. *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) ("Good cause means that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." (internal quotation marks omitted)); *see also id.* (listing non-exhaustive factors used to assess the severity of an injury resulting from disclosure).

b.     Contemporaneously to the filing of its motion to seal, the Filing Party shall:

i.     file via ECF a publicly accessible redacted copy of the Discovery Material redacting the Protected Material that the Filing Party seeks to seal;

ii.     file under seal via ECF an unredacted copy of the Discovery Material; and

iii.     serve an unredacted copy of the Discovery Material on counsel of record;

c.     Within one business day of filing, the Filing Party shall also provide one unredacted courtesy copy of the Discovery Material to the Court.

d.    Concerning Paragraph 4(b)(i), if redaction is not practicable, the Filing Party shall electronically file a placeholder document stating:

**DOCUMENT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

e.    In order to indicate what text lies under redaction in the publicly filed versions of documents, all unredacted copies (*i.e.*, the versions filed under seal via ECF, served on counsel of record, and provided to the Court) shall apply gray highlighting to all the redacted information, as shown here. The Filing Party shall also include the following footer:

**FILED WITH REDACTIONS – UNREDACTED VERSION**
**MDL 2724: SUBJECT TO PROTECTIVE ORDER**

f.    The redacted version filed via ECF shall include the following footer:

**FILED WITH REDACTIONS – PUBLIC VERSION**

5.    This modified procedure for filing Discovery Material under seal shall apply to any and all filings and proceedings in this MDL, including those over which Special Masters preside.

6.    This Order shall not in any way affect the validity of orders in this MDL that granted motions to seal pursuant to the now-superseded procedures for the sealing of documents set forth in PTO 7 §§ 9.2, 9.3; PTO 40 § 2; and PTO 195 § 9.2.

7.    In light of this Order, all parties in this MDL whose motions to seal are pending shall have leave until **January 20, 2026**, to file amendments to those motions.

It is so **ORDERED**.

**BY THE COURT**

**/s/ Cynthia M. Rufe**
_____
**CYTHIA M. RUFE, J.**