IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br><br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*All End-Payer Plaintiffs' Actions* | HON. CYNTHIA M. RUFE |

## FINAL ORDER AND JUDGMENT REGARDING EPPS' SUN/TARO SETTLEMENT

**AND NOW,** this 23rd day of January 2026, upon review and consideration of End-Payer Plaintiffs' ("EPPs")[1] Motion for Final Approval of Sun/Taro Settlement and Plan of Allocation [MDL Doc. No. 3913], and for the reasons set forth in the Court's Memorandum Opinion, it is hereby **ORDERED** that the motion is **GRANTED** as follows:

1. All capitalized terms used in this Final Order and Judgment shall have the same meanings as set forth in the Settlement Agreement submitted to the Court.[2]

2. On September 23, 2025, the Court entered an Order in which it, inter alia, preliminarily approved EPPs' Settlement with Sun Pharmaceuticals Industries, Inc. ("Sun"), and Taro Pharmaceuticals U.S.A., Inc. ("Taro") ("Sun/Taro" to refer to both entities), preliminarily

---

[1] The named EPPs are 1199SEIU Greater New York Benefit Fund; 1199SEIU Licensed Practical Nurses Welfare Fund; 1199SEIU National Benefit Fund; 1199SEIU National Benefit Fund for Home Care Workers; American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan; American Federation of State, County and Municipal Employees District Council 47 Health & Welfare Fund; City of Providence, Rhode Island; Detectives Endowment Association of the City of New York; Hennepin County; Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana; Philadelphia Federation of Teachers Health and Welfare Fund; Self-Insured Schools of California; Sergeants Benevolent Association of the Police Department of the City of New York Health and Welfare Fund; UFCW Local 1500 Welfare Fund; Uniformed Fire Officers Association Family Production Plan Local 854; and United Food & Commercial Workers and Employers Arizona Health & Welfare Trust; Ottis McCrary; Valerie Velardi; and Robby Johnson.

[2] MDL Doc. No. 3630-9.

certified the Settlement Class for settlement purposes only, appointed Settlement Class Representatives, appointed Settlement Class Counsel, amended EPPs' proposed Notice of the Settlement, directed Notice to Settlement Class Members, appointed Huntington Bank as Escrow Agent, and appointed A.B. Data, Inc. as Notice Administrator (the "Preliminary Approval Order").[3]

3. On January 15, 2026, the Court held a Final Fairness Hearing to consider whether the Settlement and Plan of Allocation should be finally approved under Rule 23(e)(2) as fair, reasonable and adequate.

4. The Court has reviewed the EPPs' Motion and the terms and conditions set forth in the Settlement Agreement, including all exhibits thereto, and finds that the Settling Parties entered into the Settlement Agreement in good faith and that the Settlement is fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement is in full compliance with all requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, and the United States Constitution (including the Due Process Clause).

5. The Court finds that the Settlement was negotiated at arm's length; that there was sufficient discovery; that the Parties and counsel were knowledgeable about the facts relevant to EPPs' claims and the potential risks of continued litigation; and that the Parties were represented by highly capable counsel with substantial experience in class action and antitrust litigation.

6. The Court also specifically considered the factors set forth in Rule 23(e)(2) and the *Girsh* factors, including the complexity, expense and likely duration of the litigation; the

---

[3] MDL Doc. No. 3699.

favorable reaction of the Settlement Class; the stage of the proceedings; the risks of establishing liability, damages and class certification; and the range of reasonableness of the Settlement in light of the best possible recovery and attendant risks of litigation.[4] The Court finds that the Rule 23(e)(2) factors and the *Girsh* factors weigh in favor of approving the Settlement.

7.      The Court finds that the dissemination of Notice as set forth in the Declaration of Eric J. Miller was in compliance with the Court's Preliminary Approval Order, and that the notice that has been given constitutes due, adequate and sufficient notice; was the best notice practicable under the circumstances; and satisfies Federal Rule of Civil Procedure 23(e) and due process.

8.      A full opportunity has been offered to Settlement Class Members to object to or to opt out of the Settlement and to participate in the Final Fairness Hearing.

9.      No class member objected to the Settlement. Nonetheless, the Court has carefully considered the objections of opt-out insurers as to opt-out procedures, and the position of certain States, through their attorneys general, as *amicus curiae*.

10.     Sun/Taro properly and timely notified the appropriate officials of the Settlement pursuant to the Class Action Fairness Act ("CAFA").[5] More than ninety days have elapsed since Sun/Taro provided notice of the Settlement pursuant to CAFA.

11.     Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court grants final class certification, for settlement purposes only, of the Settlement Class that it preliminarily certified in its Preliminary Approval Order. The Court finds that the requirements of Rule 23 are satisfied, solely for the purpose of effectuating the Settlement, as follows:

---

[4] *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

[5] 28 U.S.C. § 1715.

    a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

    b. Pursuant to Rule 23(a)(2), the Court determines that there are questions of law and fact that are so common to the Settlement Class;

    c. Pursuant to Rule 23(a)(3), the Court determines that the Settlement Class Representatives' claims are typical of the claims of the Settlement Class Members;

    d. Pursuant to Rule 23(a)(4), the Court determines that Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented the interests of the Settlement Class;

    e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting any individual Settlement Class Member;

    f. Pursuant to Rule 23(b)(3), the Court determines that a class resolution provides a fair and efficient method for settling the Settlement Class's claims and is superior to other available methods; and

    g. Pursuant to Rule 23(b)(3), the Court determines that the Settlement Class is ascertainable.

12. The Court confirms the appointment of the named EPPs as Settlement Class Representatives.

13. The Court confirms the appointment of Roberta D. Liebenberg and the law firm of Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107 as Settlement Class Counsel.

14. With respect to the challenged exclusion requests submitted by insurers seeking to exclude their ASO Clients, the Court rules as follows:

    a. Blue Cross Blue Shield of Florida, Inc. and Blue Cross Blue Shield of Kansas City: The insurers' exclusion requests are identical to those that they submitted when requesting exclusion from the Sandoz Settlement. The requests that were approved in the Court's September 23, 2025 Order regarding the Sandoz Settlement exclusion requests[6] are accordingly approved here. Those that were denied in the Court's September 23, 2025, Order are also denied here, with the exception of the request to exclude Deluxe Truck Stop LLC, for whom (as recognized in the Court's November 18, 2025 Order[7]) Blue Cross Blue Shield of Kansas City submitted additional documentation supporting the validity of its request for exclusion in connection with the Apotex and Heritage Settlements.

    b. Health Care Services Corporation: The insurer's December 2, 2025 exclusion requests submitted 129 contract excerpts that contained language that this Court previously held as granting Health Care Services Corporation with authority to exclude an ASO Client.[8] Because HCSC previously submitted a

---

[6] MDL Doc. No. s3698.

[7] MDL Doc. No. 3811.

[8] MDL Doc. No. 3698 at 6 & n.16.

longer list, containing contract excerpts for 504 entities in connection with other settlements,[9] which were approved, this Court will permit those entities to be excluded.[10]

    c. Counsel for EPPs shall file a final list of entities to be excluded from the Settlement, in accordance with this order, no later than **January 29, 2026 at 5:00 PM**. Counsel for the insurers shall cooperate in finalizing the list as necessary.

15. States *amicus curiae*s' request that this Court approve the Settlement as it approved EPPs' settlement with Sandoz is approved. State attorneys general have played a key role in the litigation over the prices of generic pharmaceuticals, and their lawsuits could also result in meaningful relief in some form to some of the class members here. However, their *parens patriae* does not supplant the ability of consumers to pursue actions for damages. Any requests for the reporting of claims data, anti-suit injunctions, and potential offsets are premature at this stage.

---

[9] MDL Doc. No. 3657-1.

[10] Those entities for whom the following contractual language applies will be excluded, as was approved regard the Sandoz settlement:

> Employer further acknowledges and agrees that, unless it notifies Claim Administrator to the contrary in writing as provided for under Section 4.9 Notice and Satisfaction of the Agreement, it consents to the terms and conditions of this Exhibit and authorizes Claims Administrator, on behalf of Employer and/or the Plan consistent with Section 2 above, to: a) Pursue, without advance notice to Employer, claims that Claim Administrator pursues on its own behalf in class action litigation, federal multi-district litigation, private lien resolution programs, or otherwise, including, but not limited to, antitrust, fraud, unfair and deceptive business or trade practice claims pursuant to and in accordance with the provisions of this Exhibit effective immediately; b) Opt out of any class action settlement or keep Employer and/or the Plan in the class, if Claim Administrator reasonably determines that it should so do; c) Investigate and pursue recovery of monies unlawfully, illegally or wrongfully obtained from the Plan.

MDL Doc. No. 3657-1. The Court approves the opt-out requests only as to entities for which the specific contract language has been identified.

16.     The persons and entities to be identified in Exhibit A,[11] which will be attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Settlement Class, or have otherwise been permitted to seek exclusion by this Court, and are hereby excluded from the Settlement Class, are not bound by this Final Judgment, and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise. Said excluded persons and entities may not pursue any claims released under the Settlement Agreement on behalf of those who are bound by this Final Judgment. Each Settlement Class Member not appearing in Exhibit A is bound by this Final Judgment and will remain forever bound.

17.     The Court grants final approval of the Plan of Allocation as being fair, reasonable, adequate, and in the best interest of the Settlement Class. The Court further finds that the Plan of Allocation treats class members equitably relative to each other as required by Federal Rule of Civil Procedure 23(e)(2)(D).

18.     Accordingly, the Court hereby grants EPPs' Motion for Final Approval of Sun/Taro Settlement and Plan of Allocation.

19.     The Court hereby dismisses the EPP Actions as to Sun/Taro, on the merits, with prejudice and in their entirety, and except as provided for in the Settlement Agreement, without costs or attorneys' fees recoverable under 15 U.S.C. § 15(a), as to Sun/Taro. This dismissal shall not affect, in any way, the rights of EPPs or members of the Settlement Class to pursue claims not released by the Settlement Agreement.

---

[11] Exhibit A will be attached hereto when EPPs, Sun, and Taro submit final lists, as directed by this Order.

20. The EPP Releasors (as defined in Section I.H of the Settlement Agreement) have released, acquitted and forever discharged the Sun/Taro Releases (as defined in Section I.R of the Settlement Agreement) from all Released Claims (as defined in Section I.Q of the Settlement Agreement) arising out of or relating to the Conduct (as defined in Section I.B of the Settlement Agreement). All terms of the release and covenant not to sue set forth in Section VI of the Settlement Agreement, and the definitions set forth in Sections I.B, I.H, I.R and I.Q of the Settlement Agreement, are hereby incorporated into this Order.

21. This Final Judgment does not settle or compromise any claims by EPPs or the Settlement Class Against any person or entities other than the Released Parties, and all rights against any other Defendant or any other person or entity are specifically reserved.

22. The finality of this Final Order and Judgment shall not be affected by any other order entered regarding the Settlement Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses and/or any order entered regarding the Service Awards to the Settlement Class Representatives, which shall be considered separate from this Final Order and Judgment.

23. The Court shall retain continuing and exclusive jurisdiction over the Settlement, the Settlement Fund, the Settlement Agreement, and this Order, including the administration and consummation of the Settlement.

24. Pursuant to Federal Rule of Civil Procedure 54(b) there is no just reason for delay, and the Court hereby directs the entry of this Final Judgment of dismissal forthwith as to Sun/Taro. This Final Approval Order shall be final and immediately appealable.

It is so **ORDERED.**

```
```

BY THE COURT:

/s/ Honorable Cynthia M. Rufe

_____
**HONORABLE CYNTHIA M. RUFE, J.**

BY THE COURT:

/s/ Honorable Cynthia M. Rufe

_____
**HONORABLE CYNTHIA M. RUFE, J.**