IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES<br><br>TO: *ALL ACTIONS* | |

## ORDER

This matter concerns requests by Defendants in this MDL as well as related litigation by several states against the Defendants now pending in the United States District Court for the District of Connecticut. This matter and order concerns all cases in this MDL. Several Defendants[1] sought leave in September 2025 to take additional depositions of Chris Bihari and Michael Vezza.[2] At approximately the same time, certain of those defendants[3] issued several subpoenas to Peter Spivack, Mr. Bihari's lawyer,  for a deposition, and both Mr. Spivack and states in the Connecticut litigation moved to quash the subpoenas.[4] Both matters were referred to Special Master Lawrence F. Stengel for his consideration and recommended resolution.  On February 6, 2026, he issued his Report and Recommendation ("R&R") concerning the Bihari and Vezza depositions,

---

[1] Sandoz Inc., Fougera Pharmaceuticals Inc., Taro Pharmaceuticals USA. Inc., Perrigo New York, and Walt Kaczmarek.
[2] MDL Doc. No. 4049.
[3] Sandoz, Inc. and Fougera Pharmaceuticals.
[4] MDL Doc No. 3658.

recommending leave be denied[5], and on February 9, 2026, he recommended the subpoenas to Mr. Spivack be quashed.[6] Objections to the R&Rs were timely filed and fully briefed.[7]

As much of the detail and many of the allegations surrounding the Defendants' desire to take the depositions are, for good reason, under seal, this Court will state only that Defendants recently came into possession of previously unavailable documents that they claim impeach Bihari's and Vezza's deposition testimony[8], and also contain representations from Mr. Spivack that bear on the case.[9] Special Master Stengel held that additional depositions of Bihari and Vezza were not warranted due to their having already both submitted to several days of depositions, and the subject matter of the new material was already explored at the depositions. Thus, the Defendants' claimed need for the additional depositions fell short of the good cause required by Fed.R.Civ.Pro. 30 and this Court's Pretrial Order 234[10], as well as Fed. R. Civ. Pro. 26's discouragement of, and bar against, granting requests for cumulative and duplicative discovery. The Defendants' desire for additional impeachment based

---

[5] MDL Doc. No. 4015. (The public version is at MDL 4014.)
[6] MDL Doc. No. 4024. (The public version is at MDL 4023.)
[7] Filings reviewed and considered in the preparation of this order include MDL Doc. Nos. 4047, 4049, 4087, 4135, 4050, 4084, 4094 and 4134 and all associated exhibits.
[8] The Defendants' redacted objections to the R&R concerning the motion for leave to take Bihari's and Vezza's depositions are at MDL Doc. No. 4045.
[9] The Defendants' redacted objections to the R&R concerning the motion to quash the Spivack subpoenas are at MDL Doc. No. 4047.
[10] MDL Doc No. 2443.

on documents that recently came to hand might be had at trial if and when Bihari

and Vezza testify. Defendants do not explain their claim that they cannot compel

Bihari's and Vezza's testimony at trial, nor offer supporting evidence revealed in

the newly received documents, if Plaintiffs do not compel their testimony first.[11]

Defendants also want to ask Bihari and Vezza about non-privileged statements by

their attorneys described in the newly disclosed documents. This Court foresees

disputes concerning whether answers to foreseeable questions of Bihari and Vezza

are privileged that will lead to yet another round of motions in the midst of

substantive matters now pending before this Court,

[11] The Court reviewed the 363 pages comprising the sealed objections and accompanying exhibits to the Bihari/Vezza R&R. —MDL 4049, 4049-1, 4049-2, 4049-3, 4049-4, 4049-5, 4049-6 and 4049-7] — to understand the objections and to match citations to the exhibits to the objections. The Defendants did not provide a table of contents or other guide to the exhibits aside from citations in their objections. No attempt is made by way of header or footer notations to distinguish the exhibits from one another. Some of the exhibits include other numbered exhibits that on first examination look like exhibits to the objections that are placed out of order.  The Court raises this because it cannot find anything in the exhibits to substantiate the Defendants' claim that they might not be able to confront Bihari and Vezza at trial. The Defendants' objections, MDL  Doc. No. 4045 at p. 14, claim "Defendants cannot compel the attendance of [Bihari and Vezza] at trial," citing "Ex. 1 at 3," and later on the page, in fn. 2, "Ex. 13 (Feb. 10 Email from Paul Costa to Special Master Stengel)." The earlier reference is to Mr. Bihari's counsel' purported statement that *he* will determine when and where Mr. Bihari will testify. With all due respect to Mr. Bihari's counsel (presumably this is Mr. Spivack), Mr. Bihari *will* testify in this matter if and when he is lawfully served a subpoena and this Court or any other Court does not quash it or otherwise excuse him for good cause shown. As to the latter reference— Exhibit 13— this Court cannot find it among the 363 pages that comprise the sealed version of the objections and their exhibits [MDL Doc. No 4049]. Perhaps this is a reference to another document cited in the Defendants' objections, but the Defendants (nor any other party) should not expect this Court or anyone else to engage in a scavenger hunt. When attaching exhibits to pleadings, sometimes discretion trumps volume.

in order to start the scheduled bellwether trials on time. For that reason, the Defendants need to explore other ways to exploit this information.

Special Master Stengel also recommended quashing the subpoenas to Mr. Spivack as the desired deposition sought impeachment evidence similar to that sought from Bihari and Vezza. The Special Master further found that such a deposition, despite the Defendants' assurance, would likely lead to disputes over whether questions posed impermissibly intruded upon the attorney-client privilege. Defendants' statement that a deposition of Bihari would obviate the need to depose his lawyer, the Special Master concluded, demonstrates that the reasons for denying the request to depose Bihari apply with equal force to a request to depose his lawyer. Not only does this Court agree, but it reiterates its desire to avoid litigation involving the invasion of the attorney-client privilege arising out of yet more depositions.

In conclusion, this Court agrees with the R&Rs' recommendations that the motion for leave to take the depositions of Chris Bihari and Michael Vezza be denied, and the subpoena to Peter Spivack be quashed.

**AND NOW**, this 17th day of March 2026, it is hereby **ORDERED** that the objections to the Reports and Recommendations of Special Discovery Master Lawrence Stengel Resolving (1) Certain Defendants' Letter Motion for Leave to Take Supplemental Depositions of Mr. Bihari and Mr. Vezza[12], and (2) Mr.

---

[12] MDL Doc. No. 4015.

4

Spivack's Motion to Quash Subpoena to Take Deposition and Related Cross-Motions[13] are **DENIED** for the reasons set forth above. The aforementioned Reports and Recommendations to the Court[14] are **APPROVED** and **ADOPTED**.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe, J.
CYNTHIA M. RUFE, J.

---

[13] MDL Doc No. 4024.
[14] *See* n. 12 and n. 13, *supra*.

5