IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724**<br>**16-MD-2724** |
| **THIS DOCUMENT RELATES TO:**<br>***ALL ACTIONS*** | **HON. CYNTHIA M. RUFE** |

**PRETRIAL ORDER NO. 334**
**(CASE MANAGEMENT ORDER MODIFYING ASSIGNMENT OF MATTERS AND PRACTICE BEFORE SPECIAL MASTERS)**

The expanding number of parties and cases in the MDL, and proliferation of disputes involving discovery and other matters peripheral to its resolution in advance of quickly approaching bellwether trials, requires the modification of past Pretrial Orders governing raising, filing and when necessary, referral of non-dispositive motions this Court determines be referred to a Special Master. This Court therefore enters the following Protocol.

**1. Scope:** This Protocol applies to all discovery-related and other nondispositive issues and disputes. It consolidates policies and procedures from Pretrial Orders 49, 68 and 163 [MDL Doc. Nos. 667, 823 and 1707] and modifies them to the extent necessary to reflect how practice before the Special Masters has evolved, and the needs of the Court for greater oversight of all MDL litigation, given

the proximity of the bellwether trials. A matter is nondispositive if its resolution is not essential to the final resolution of a case in the MDL and does not decide case merits. For example, motions directed at class certification and summary judgment are dispositive. Motions concerning discovery and third-party intervention as well as motions in limine are nondispositive. **All requests for relief, dispositive and nondispositive, shall be initiated by an electronic filing on the docket on CM/ECF.**

2. **Motions relating to nondispositive matters:** Before filing motions for the resolution of nondispositive matters, the parties and/or non-parties shall meet and confer to attempt a resolution. If the parties and/or non-parties cannot agree on a resolution the party seeking relief from the Court shall file a motion on CM/ECF describing the matter in dispute and the relief sought, and the proposed order directing the matter be referred to a Special Master in the form provided by this PTO. Parties are advised that the Court may summarily refer disputes involving or implicating discovery or other nondispositional matters to the Special Masters. If a party wants to respond, the response shall be filed not later than when this matter is referred to a Special Master, **or fourteen days following the filing of the motion**, whichever is earlier. Replies to responses to motions raising nondispositive matters are discouraged, but if a party's reply is filed, it will not be considered unless filed

no later than the matter's referral to a Special Master **or seven days after the response's filing**, whichever is earlier.

**3. Duties of the Special Master:** The Special Masters shall carry out their duties in compliance with and the authority conferred by Fed. R. Civ. Pro 53(c), (d), (e) and (f)(1). Special Masters may consult with one another and devise a unitary set of procedures for parties to follow if a matter has been referred by the Court. In the absence of the Special Master setting contrary or alternative directions, following the appointment of a matter to a Special Master, the procedures before them shall be as follows:

(a) **Outset of proceedings before the Special Master**: Following referral of a matter to a Special Master, the parties or non-party may rely on the motions and response, if any, already filed with CM/ECF in the matter. If the moving party believes the Special Master requires additional information before considering the matter, the moving party or non-party may, within seven days of the filing of the referral order, provide a letter to the appropriate Special Master, and Liaison Counsel, setting forth the issue(s) and factual and legal bases for the issue/dispute. The responding party or non-party may, within five days, respond by letter to the Special Master and Liaison counsel. The letters shall:

(1) not exceed 1400 words excluding the letter's date, address blocks, signature blocks and any exhibits or enclosures; and

(2) indicate whether an in-person meeting is preferred over a telephonic conference.

Replies to responses are discouraged.

(b) In handling a dispute, the assigned Special Master will attempt to mediate a compromise of the dispute, will decide whether a telephonic or in-person meeting is needed, and may issue an oral or written preliminary decision or suggested resolution of the dispute.

(c) **Telephonic or in-person conference**: If the assigned Special Master sets a date and time for a telephonic or in-person conference regarding the dispute:

(1) Only the parties involved in the dispute need to participate in the conference. Liaison Counsel or their assigned delegates may also attend the conference in order to report to their respective groups.

(2) During the conference, the Special Master may seek to informally resolve the dispute, including, for example, by providing his or her opinion of the likelihood of success of the arguments, advising the parties or nonparties to narrow or expand their arguments, or proposing a resolution for the participants' consideration.

(d) **Right to Full Briefing in Absence of Informal Resolution**: If the participating parties and non-parties are unable to informally resolve the dispute following the telephonic or in-person conference with the Special Master, the Parties (and/or nonparties) shall have the right to fully brief the dispute within a reasonable time set by the Special Master prior to the issuance of a formal Report & Recommendation. The Special Master shall set the briefing schedule, and unless otherwise directed by the Special Master the full briefing shall be governed by Judge Rufe's Policies and Procedures regarding Motion Practice, as well as the Local Rules.

**4. Memorializing Rulings and Conferences**: All rulings and conference results before the Special Masters shall be memorialized and made available to all

parties to the MDL to the extent filing the final report and recommendation on CM/ECF does not do so. The Special Masters, in consultation with the parties, shall determine the manner in which conference proceedings, conference results, oral rulings, and agreements by the parties at the conference will be memorialized.

If the Special Master aids in, or learns the parties have reached, resolution of the referred matter, the Special Master shall file a report and recommendation with the Court and with CM/ECF describing the matter and the proposed resolution, as well as a suggested order for Court approval memorializing the resolution. In the event the Special Master determines the report should be sealed, both a sealed and redacted copy of the report shall be filed with CM/ECF.

**5. Action on the Special Master's Order, Report or Recommendation:** The Court shall enter an order approving, rejecting or modifying the Special Master's recommendation and proposed order not earlier than **fifteen days** after it is filed with CM/ECF. A party objecting to or agreeing with the report and recommendation shall file objections or a motion to adopt or modify it no later than **fourteen days** after the report and recommendation's filing on CM/ECF. Responses to objections and motions shall be filed with CM/ECF no later than ten days thereafter. Replies to responses are discouraged and will not be considered unless filed with CM/ECF within five days of the response's filing. Whether or not parties

file motions regarding the recommendations, the Court will review the report and recommendation in compliance with Fed. R. Civ. Pro. 53(f)(3), (4) and (5).

**6. Prior Pretrial Orders Superseded:** This pretrial order supersedes and replaces the following portions of prior Orders:

1) PTO 49 Page 2 last paragraph through Page 3, and Page 3 first full paragraph are **STRICKEN**;

2) PTO 68 is **VACATED** in its entirety; and

3) PTO 163 is **VACATED** in its entirety.

It is so **ORDERED**.

**BY THE COURT:**

**March 27, 2026**

**_s/Cynthia M. Rufe, J. __________**
**CYNTHIA M. RUFE, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724**<br>**16-MD-2724** |
| **THIS DOCUMENT RELATES TO:**<br><br>***FILL IN*** | **HON. CYNTHIA M. RUFE**<br><br>***[INDIVIDUAL CASE NO(S).]*** |

SUGGESTED PROPOSED ORDER

**ORDER**

AND NOW, this day of 202_, it is hereby ORDERED that _______________'s Motion to _______________________________, MDL Doc. No. ___________ , is REFERRED to Special Master __________________________ for a report and recommendation. Counsel are directed to provide electronic courtesy copies of all filings to date regarding the referred matter to the Special Master.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
**______________________**
**CYNTHIA M. RUFE, J.**