**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | : : : | MDL NO. 2724 16-MD-2724 |
| | : | |
| | : | |
| *CVS Pharmacy, Inc. v. Actavis Elizabeth LLC, et al.* | : : | 20-CV-6310 |
| | : | |
| | : | HON. CYNTHIA M. RUFE |

**SPECIAL MASTER LAWRENCE F. STENGEL'S**
**REPORT AND RECOMMENDATION TO THE COURT RESOLVING PLAINTIFF**
**CVS PHARMACY, INC.'S MOTION TO COMPEL DOCUMENT PRODUCTION**

Before me are Plaintiff CVS Pharmacy, Inc.'s ("CVS") Motion to Compel the Defendants to Produce Documents Responsive to Requests for Production ("RFPs"). *See* ECF 259, 263, Case No. 20-cv-6310, which was referred to me by the Court on December 22, 2025 (20-cv-6310, ECF 264). Defendants submitted their opposition to me on December 12, 2025 and resubmitted on December 30, 2025. An oral argument on CVS' motion was initially held on January 23, 2026. At the end of the hearing, I asked counsel for CVS to submit a proposal that would include narrower discovery request for the Defendants to consider. On February 20, 2026, the Defendants submitted to me their response to CVS' proposal. On February 25, 2026, CVS responded to the Defendants' February 20, 2026, submission. Supplemental oral argument on CVS' narrowed requests for production was held on February 26, 2026. Although CVS was amenable to additional meet and confer efforts regarding the document requests, the Defendants stated that they were at impasse and requested a formal Report and Recommendation on CVS' motion.

1

## I.    BACKGROUND AND THE REQUESTS AT ISSUE

CVS filed its Complaint on December 15, 2020. (20-cv-6310, ECF 1; *see also* Exhibit 1 to CVS Mot.)  On January 8, 2021, the Court entered Pre-Trial Order 153, which stated that "Discovery shall not proceed under this Order on any generic pharmaceutical molecule first introduced into the MDL (or any newly identified strength or formulation of a previously identified molecule) via any new or amended complaint filed after September 4, 2020." MDL ECF No. 1648.  When the MDL parties conferred concerning the deadline for the completion of discovery in six of the later-filed cases, including CVS' case, the parties entered a stipulation stating that "All fact discovery for the following cases shall proceed and be substantially completed no later than October 16, 2026." CVS Mot. Exh. 3 (PTO 300, MDL ECF No. 3454).

CVS seeks an order compelling the Defendants to respond to CVS' First Set of Requests for Production of Documents to Defendants, which were served on September 9, 2025.  The RFPs relate to the "Additional Drugs" that were identified in CVS' December 2020 Complaint, which were excluded from prior discovery orders in the MDL.  Because it appears that the Defendants globally objected to *all* of the RFPs and responded to *none* of them, it is not possible to list each RFP at issue in this Report and Recommendation (because it is all of them).  To review the initial RFPs, *see* Exhibit 1 to CVS' Letter Motion.  Initially, CVS' document requests related to nearly 300 pharmaceutical products.  Following my request that CVS narrow its RFPs, the number of Additional Drugs at issue dropped to 50.

Of fundamental importance here, the Additional Drugs relate to CVS' overarching conspiracy claim.[1]

---

[1] The parties and the Court are already well versed in the nature of various plaintiffs' overarching conspiracy claims.  The Court provided a thorough summary of the overarching conspiracy

## II.    THE RELEVANT CASE LAW

### A.    The Scope of Discovery Under Federal Rule of Civil Procedure 26

It is axiomatic that trial courts have broad discretion in fashioning remedies during

discovery. *See Gutierrez-Rodriguez v. Cartagena*, 822 F.2d 553, 576 (1st Cir. 1989) (citing

*National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)).

Federal Rule of Civil Procedure 26(b)(1) provides the general scope for discovery.

*See Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 2019 WL 117555, *2 (3d Cir. Jan. 7,

2019).  Rule 26 states that "Unless otherwise limited by court order, the scope of discovery is as

follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense and proportional to the needs of the case, considering the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit.

Information within this scope of discovery need not be admissible in evidence to be

discoverable." Fed. R. Civ. P. 26(b).

Accordingly, when establishing the parameters of discovery relevance, it is the claims

and defenses of the parties, in the complaint and other pleadings, which set the guardrails for

---

claims in its August 15, 2019 ruling on certain defendants' motions to dismiss. *See In re Generic Pharms. Pricing Antitrust Litig.* , 394 F. Supp. 3d 509 (E.D. Pa. 2019).  In very broad stroke, the overarching conspiracy claims allege that the defendants conspired to pursue the common goal of artificially inflating generic drug prices through the allocation of markets and through price-fixing agreements. *Id.* at 515.  The allocation was allegedly achieved through a "fair share" agreement, where drug markets were carved up and allocated to achieve an equilibrium where no companies were incentivized to compete with others. *Id.* at 515-516.  Such a "fair share" agreement allegedly extended beyond any individual drug and would have required various "horse-trading" agreements across portfolios. *Id.* at 516-17.

discoverable information.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Becton, Dickinson & Co.*, 2019 WL 1771996, at *3 (D.N.J. Apr. 23, 2019).  The party seeking to compel discovery bears the initial burden of proving the relevance of the requested information.  *Prime Energy and Chem., LLC v. Tucker Arensberg, P.C.*, 2022 WL 1642394, *4 (W.D. Pa. May 24, 2022). Upon satisfaction of the initial burden, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* (citation omitted).

The "requirement of [Rule 26] that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense…' With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citations omitted). The Supreme Court has also made clear that "Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-9 (2009).

With that said, it is "well recognized that the federal rules allow for broad and liberal discovery." *Pacini v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999) (citing *In re Madden,* 151 F.3d 125, 128 (3d Cir.1998) ("Pretrial discovery is ... 'accorded a broad and liberal treatment.'") (citing *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)).  Relevance is a broader inquiry at the discovery stage than at the trial stage.  *See Nestle Food Corp. v. Aetna Cos. & Surety Co.*, 135 F.R.D. 101, 103 (D.N.J. 1990).  Further, the Supreme Court has observed that civil discovery

4

under Rule 26 is "designed to help define and clarify the issues" in the litigation. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

## III.    THE PARTIES' POSITIONS AND ARGUMENTS

### B.    The CVS' Arguments in Support of Its Motion

In its December 2020 Complaint, CVS alleged that the Defendants participated in an overarching conspiracy that caused CVS to pay supracompetitive prices for hundreds of drugs. CVS Mot. at 1-2.  In negotiating MDL discovery deadlines, CVS discussed with the Defendants their desire to extend discovery in the CVS case in light of the fact that the CVS Complaint covered "additional drugs" that were not covered by the earlier PTO.  CVS argues that it agreed to extend the discovery deadline to October 16, 2026, in exchange for the Defendants' agreement that "all fact discovery for the [CVS] case[] shall proceed." CVS Mot. at 2. CVS' case was subsequently chosen as a bellwether but was ordered to proceed third in light of the outstanding discovery on the "additional drugs." *Id.*

Simply put, CVS argues that the "all fact discovery shall proceed" language in the stipulation that extended the discovery deadline entitles CVS to discovery on the "additional drugs."  CVS maintains that its agreement to extend the deadline was premised on this stipulation.  Further, the Court ordered that such discovery shall proceed, and the Defendants did not request a stay of discovery.  Also, CVS notes that the Defendants did not move to dismiss any of CVS' overarching conspiracy claims (which are the basis for CVS' requests regarding the "additional drugs").  CVS Mot. at 2.

As the parties met and conferred regarding this dispute, the Defendants told CVS that discovery on the "additional drugs" was not warranted because CVS' overarching conspiracy claims do not provide sufficient detail concerning them.  CVS Mot. at 3.  In response, CVS

argues that both Judge Rufe and Judge Shea "have repeatedly held that a well-pleaded allegation stating that a defendant ***participated in a conspiracy to restrain trade for one generic drug*** is sufficient to plausibly plead that such defendant ***also participated in the overarching conspiracy.***" CVS Mot. at 3 (emphasis in original) (citing *In re Generics Pharms. Pricing Antitrust Litig.*, 2023 U.S. Dist. LEXIS 31649, at *34-35 (E.D. Pa. Feb. 27, 2023) (denying dismissal of overarching conspiracy claim against Lannett, even though allegations against Lannett concerned a single drug)). CVS Mot. at 3. CVS also argues that Judge Rufe observed that the Defendants' motion to dismiss impermissibly went to the scope of the overarching conspiracy rather than its existence, which was appropriately the subject of discovery. CVS Mot. at 3 (citing *In re Generic Pharms. Pricing Antitrust Litig.*, 394 F. Supp. 3d 509, 524-25 (E.D. Pa. 2019)).

### C.    Defendants' Opposition to CVS' Motion to Compel

The Defendants acknowledge that they stipulated to extending the fact discovery deadline to October 2026 in the CVS case, and that the stipulation provides that all fact discovery shall proceed. The Defendants counter, however, the "stipulation does not include a waiver of objections and imposes no obligation on Defendants to comply with Plaintiffs' document requests without the ability to object." Defs. Opp. at 2. Moreover, the Defendants argue that CVS has failed to allege facts related to the requested discovery. *Id.* "Courts have repeatedly recognized that a motion to compel should be denied where a complaint includes only conclusory assertions without supporting factual allegations." *Id.; see, e.g., Gonzalez v. Diamond Resorts International Marketing, Inc*., 2021 WL 8016005, at *4 (D. Nev. July 14, 2021) (denying motion to compel because "bald allegations" and "conclusory allegations are insufficient" to bring discovery related to those allegations "within the scope of relevant

discovery"); *Valenzuela v. City of Calexico*, 2015 WL 2184304, at *3 (S.D. Cal. May 11, 2015) (denying motion to compel because "a plaintiff seeking discovery cannot rely upon vague or conclusory allegations in its complaint as a basis for a motion to compel") (collecting cases); *Albion Intern., Inc. v. American Intern. Chemical, Inc.*, 2009 WL 1835024, at *1 (D. Utah June 19, 2009) ("bare allegation" about "only two products" does not "unlock discovery into … other products"). The purpose of this restriction is to prevent "'discovery aimed at fishing for a possible claim.'" *Valenzuela v. City of Calexico*, 2015 WL 2184304, at *4 (citation omitted). Simply put, if a cause of action is "insufficiently pled, the Court will not consider [it] in determining whether to grant a Motion to Compel." *Id.* at *5 (collecting cases).

The Defendants further observe that for the nearly 300 "additional drugs" initially included in CVS' RFPs, CVS failed to include any factual allegations linking those drugs to an alleged conspiracy. The Defendants also argue that the Court's denial of a motion to dismiss an alleged overarching conspiracy when the defendant was only alleged to sell one drug is irrelevant to the question of whether discovery can proceed where a plaintiff fails to include any factual allegations related to a particular drug. Defs. Opp. at 3.

The Defendants also generally say that CVS' RFPs impose an undue burden (but the statement is conclusory and contains no detail). *See* Defs. Opp. at 1.

## IV.    ANALYSIS

As an initial matter, I find that the parties' underlying stipulation regarding discovery did not constitute a blanket waiver by the Defendants of any objections that they might have to CVS' discovery requests. Also, I find that the Defendants did not provide a well-developed argument regarding the purported undue burden of CVS' discovery requests. Moreover, because CVS

significantly narrowed its discovery requests from nearly 300 additional drugs to 50, I find that CVS' new document requests are not unduly burdensome.

To resolve the gravamen of the instant dispute, I must determine the scope of relevance under Federal Rule of Civil Procedure 26 – an admittedly broad standard. Fundamentally, the parties disagree on whether CVS' overarching conspiracy claim must allege specific facts regarding each "additional drug" to render CVS' document requests relevant. I find that the existence of CVS' overarching conspiracy claim is sufficient to render its discovery requests relevant. CVS is not required to allege specific facts for each additional drug to support the relevance of the narrowed discovery requests.

During the second oral argument on February 26, 2026, the parties focused on relevance as it was discussed by the Supreme Court in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) versus relevance as discussed in subsequent amendments to the Federal Rule of Civil Procedure 26. In *Oppenheimer*, the Supreme Court was faced with the then-applicable version of Rule 26, which provided, in relevant part, that "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the *subject matter* involved in the pending action, whether it related to the claim or defense of the party seeking discovery or to the claim or defense of any other party… [.]" *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. at 350-51 (emphasis added). In interpreting the phrase "subject matter involved in the pending action," the Supreme Court observed that the language "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.* at 351 (citation omitted). The Supreme Court then stated: "Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Id.*

Years after the *Oppenheimer* decision, in 2000, Rule 26 was amended to remove the "subject matter involved in the pending action" language.  Beginning in 2000, Rule 26 instead considered relevance as related to "the claim or defense" of any party.  *See Amendments to Federal Rules of Civil Procedure*, 192 F.R.D. 340, 388 (2000). Rule 26 was subsequently amended again but kept the key language initially introduced in 2000: parties may obtain discovery regarding any nonprivileged matter that is "relevant to any party's *claim or defense* and proportional to the needs of the case…[.]" Fed. R. Civ. P. 26(b)(1) (emphasis added).

Parsing whether the shift from "subject matter" to "claim or defense" constitutes a sea change in Rule 26 is likely beyond the scope of this Report and Recommendation.  I am assisted in my analysis, however, by the Committee Note that accompanied the 2000 amendment.  The Committee observed that "In each instance, the determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." 192 F.R.D. at 389.  The Committee continued: "[I]t is hoped that reasonable lawyers can cooperate to manage discovery without the need for judicial intervention.  When judicial intervention is invoked, the  scope of discovery should be determined according to the reasonable needs of the action.  The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." *Id.*

I am further assisted in my task by Professors Wright and Miller, who devote a substantial amount of time to considering whether and to what extent the language change in Rule 26 changed the scope of civil discovery. "Although some observers predicted dire consequences when the scope provision was revised in 2000, the courts have recognized that no major shift occurred." 8 Fed. Prac. & Proc. (Wright and Miller), Section 2008 (Relevancy to the Claims or Defenses –

Admissibility Not Required).  Moreover, "While the pleadings will be important, it would be a mistake to argue that no fact may be discovered unless it directly correlates with a factual allegation in the complaint or answer. … Lest litigants and the court become consumed with the philosophical exercise of debating the difference between discovery relevant to the 'claims and defenses' as opposed to the 'subject matter' of the pending action – the juridical equivalent to debating the number of angels that can dance on the head of a pin – the practical solution to implementing the new rule changes may be to focus more on whether the requested discovery makes sense in light of the Rule 26(b)(2) [proportionality] factors, in an effort to reach an acceptable compromise, or narrow the scope of the disagreement." *Id.* (citation omitted).

Such a "practical solution" is warranted here, and – indeed – already occurred.  At my request, CVS reasonably narrowed its document requests to 50 additional drugs.  I find CVS' narrowed requests – and its ongoing willingness to meet and confer with the Defendants on any follow-up questions about the requests – to be an acceptable compromise that narrowed the scope of the disagreement.  Moreover, the sage observations of Professors Wright and Miller comport with the Supreme Court's admonition that "discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. at 351.  And the spirit of the Supreme Court's statement was echoed by the MDL Court when it observed that discovery will be required to test the scope of the overarching conspiracy claims. *See In re Generic Pharms. Pricing Antitrust Litig.*, 394 F. Supp. 3d 509, 524-25 (E.D. Pa. 2019).[2]

---

[2] In light of the Supreme Court's determination, coupled with the guidance from Wright and Miller, the MDL Court's prior statement and the practical needs of the instant litigation as it relates to an overarching conspiracy claim, I am unpersuaded by the Defendants' reliance on a small number of out-of-district cases – particularly where, as here, the Defendants admit that they have not challenged the sufficiency of CVS' overarching conspiracy claim.

While CVS' motion was pending, the Court issued a ruling on 11 Rule 12(b)(6) motions that had been filed by Defendant Epic Pharma LLC.  One of those motions related to CVS' Complaint.  While the Defendants here brought the Court's ruling to my attention, I find that it does not help them.  The Court determined that CVS' Complaint failed to state a claim against Epic Pharma LLC regarding one drug: Ursodiol.  *See* 20-CV-695, ECF 317 at 9.  Moreover, the Defendants' "Omnibus Partial Motion to Dismiss Conspiracy Claims for Which There Are No Factual Allegations" is still pending.  In their reply brief in support of that omnibus motion, the Defendants acknowledge that they have not moved to dismiss CVS' overarching conspiracy claim. *See* Reply Brief at 20-CV-6310, ECF 226 at 3, note 2 ("Defendants … have not moved to dismiss the overarching conspiracy claims in light of the Court's prior decisions.")  Because CVS' overarching conspiracy claim is the basis for its relevance argument here, the Defendants' pending Rule 12(b)(6) motion and the Court's rule on Epic Pharma LLC's motion are not germane.

## V.    CONCLUSION

Therefore, for the reasons outlined above, I recommend that the Court grant CVS' motion to compel the production of documents, as reflected in CVS' narrowed proposal that relates to 50 Additional Drugs.

Respectfully submitted,

Date: April 13, 2026

*/s/ Lawrence F. Stengel*
Hon. Lawrence F. Stengel (Ret.)
*Court Appointed Special Master*
SAXTON & STUMP, LLC
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
(717) 556-1080
lfs@saxtonstump.com