**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>Case No. 2:16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*All End-Payer Plaintiffs' Actions* | Hon. Cynthia M. Rufe |

## <u>ORDER</u>

Upon consideration of the Motion of Interested Non-Party Macmoor Capital, LLC for Leave to Be Heard and for Approval of Proposed Communications, Marketing Materials, and Client Agreement Language (MDL Doc. No. 4546, "Motion for Approval") and the Response of End-Payer Plaintiffs' Lead Counsel to same ("Response"), it is hereby ORDERED that the Motion for Approval (MDL Doc. No. 4546) is GRANTED, subject to the modifications proposed in the Response, as follows:

1.      Macmoor Capital, LLC ("Macmoor") is granted leave to be heard as an interested non-party for the limited purpose of seeking approval of proposed communications, marketing materials, and client agreement language concerning the End Payer Plaintiff settlements.

2.      Macmoor may use the disclosure block attached as Exhibit A to this Order and shall ensure that it appears in every initial communication, including any initial written, electronic, website, telephone, or in-person communication, with any potential claimant concerning End Payer Plaintiff settlements.  Macmoor may make the revisions contemplated by footnote 1 to Exhibit A without prior Court authorization.

3.      Macmoor may use the client agreement attached as Exhibit B to this Order for purposes of engagements to provide claims management services in connection with End Payer

Plaintiff settlements.  Macmoor may make the revisions to the disclaimer language in Exhibit B contemplated by footnote 1 to Exhibit A without prior Court authorization.

4.    Macmoor may use the claim summary attached as Exhibit C to this Order in communicating with potential claimants concerning End Payer Plaintiff settlements. Macmoor may make the revisions to the disclaimer language in Exhibit C contemplated by footnote 1 to Exhibit A without prior Court authorization.

5.    Macmoor may use the proposed marketing pitches attached as Exhibit D to this Order, provided that each pitch includes the disclosures set forth in Exhibit A without material change (other than as contemplated by footnote 1 to Exhibit A) and that the pitches are directed only to corporate and institutional end payers.

6.    Macmoor shall abide by the commitments set forth in Exhibit E to the Motion for Approval.

7.    Macmoor shall not solicit individual consumers in connection with the End Payer Plaintiff settlements.

8.    Macmoor shall not state, suggest, or imply that it is affiliated with the Court, the Settlement Administrator, End-Payer Plaintiffs' Lead Counsel, Class Counsel, any defendant, any settling defendant, any state Attorney General, or any governmental agency.

9.    Macmoor shall not state, suggest, or imply that any class member: (a) must retain Macmoor; (b) must retain any third party claims service; (c) must pay a share of any settlement recovery to file a claim; (d) can obtain faster payment by retaining Macmoor; (e) is guaranteed payment; or (f) faces a claims filing deadline unless that deadline appears in an official Court approved notice.

10.    Macmoor shall not submit a claim before the official claims process opens.

11.     Macmoor shall submit a claim only after receiving express authorization from the claimant based on claimant-provided information, official claims guidance, and/or other available documentation.

12.     Macmoor shall not include State Attorney General settlement program references in materials concerning the End Payer Plaintiff settlements unless the Court approves such language in advance.

13.     Macmoor shall submit any material revision to the approved materials to the Court at least fourteen days before dissemination, provided that Macmoor may make the revisions to the disclaimer language contemplated by footnote 1 to Exhibit A (as authorized above) without prior Court authorization.

14.     This Order does not appoint Macmoor as an official claims administrator, does not endorse Macmoor, does not approve any fee as required, does not alter any rights of class members, and does not limit the authority of the Court, the Settlement Administrator, End Payer Plaintiffs' Lead Counsel, and Class Counsel to seek further relief if appropriate.

IT IS SO ORDERED.


BY THE COURT:

**/s/ Cynthia M. Rufe**

CYNTHIA M. RUFE, J.

Dated:   **06/16/2026**

3

**\*Disclaimer:  The claims process has not yet commenced, and no claims filing deadline exists.[1] Macmoor Capital is an independent third-party claims management firm. We are not Attorneys. We are not affiliated with the Court, the Claims Administrator, or Class Counsel. You do not need to sign up with a third-party claims recovery service provider (like Macmoor Capital) to file a claim for settlement benefits and you do not need to pay a share of your settlement recoveries to any provider. Claimants may file for settlement benefits directly at no cost. For more information please visit our website www.macmoor.com or the official court approved settlement website for this case www.GenericDrugsEndPayerSettlement.com, where you can register to be notified when the claims process begins. You may also call the Settlement Administrator at 1-877-316-0171 or email info@GenericDrugsEndPayerSettlement.com.**

---

[1] Pursuant to the Court's June 10, 2026 Order (*see* 16-md-2724, Doc. 4564) the claims process will begin on or before July 10, 2026 (*see id.* ¶ 8), and the claim submission window will be open for 120 days (*see id.* ¶ 12). After the claims process begins, the first sentence of the disclaimer shall be modified accordingly.

**MACMOOR**
C A P I T A L

## AGREEMENT WITH MACMOOR CAPITAL, LLC FOR CLAIMS MANAGEMENT, RE: GENERIC PHARMACEUTICALS ANTITRUST SETTLEMENTS

1.      **Parties and Term.** This Agreement becomes effective on the date it is digitally or manually signed by both the Client identified below ("Client"), and Macmoor Capital ("MMC") and expires six months after final payout of the last settlement payment to any class member in the case captioned **In Re: GENERIC PHARMACEUTICALS ANTITRUST LITIGATION, No 16-MD-2724 U.S.D.C, E.D. Pa. (the "Matter").**

2.      **Scope of Limited Agency Relationship.** Client authorizes MMC to act as its claims management agent for purposes of preparing and submitting claims with full authority to prepare and submit to the court all of Client's present and future claims related to the Matter.

3.      **Duties:** MMC will make all reasonable efforts to manage and file complete and accurate claims on behalf of Client, using any and all information provided to MMC by Client, and to secure payment of any share of the settlement proceeds to which client may be entitled in the Matter (such payment as well as any other payment to which Client may be entitled in connection with the Matter, the "Payment"). Although the Client may file claims on its own behalf, it instead elected to engage MMC under the terms of this Agreement to file any and all claims for the Client in relation to the Matter.

4.      **Client to Provide Information and Records.** Client shall cooperate with MMC to provide any and all available documentation or information that may be necessary to to complete the claims process

5.      **Distribution of Recovery and Payment of Compensation.** Client authorizes MMC to receive settlement proceeds on its behalf for the limited purpose of processing and disbursing such funds to Client, net of MMC's Fee (as defined below). MMC will deposit all claim proceeds, if any, into a dedicated segregated bank account, and disburse to the Client its recovery less the Fee, which will be retained by MMC. If Client receives any portion of the Payment directly, Client will pay MMC the Fee within ten days of its receipt of the Payment.

6.      **MMC Is Not Claimant's Attorney and Is Not Practicing Law.** MMC is not a law firm and is not providing the Client with legal advice or legal representation. Client had a reasonable opportunity to consult with its own counsel prior to signing this Agreement. MMC is an independent claims management firm and is not affiliated with the Court, Class Counsel or the Class Administrator. Client acknowledges that it had a reasonable oportunity to consult with its own counsel prior to signing this agreement.

7.      **Construction and Jurisdiction.** This Agreement shall be construed in accordance with the laws of the State of Florida applicable to contracts wholly made and performed therein. Any dispute under or relating to this Agreement shall be resolved by arbitration before a single arbitrator, in Palm Beach County, FL, under the rules of the American Arbitration Association. The arbitrator shall render a written decision and shall award the prevailing party its attorney's fees and costs in each such proceeding.

8.      **Confidentiality.** The information about the Client provided to MMC pursuant to this Agreement is and shall remain the confidential and proprietary information of the Client. MMC will use such information solely for the purpose of filing claims on behalf of the Client in the Matter, and not for any other purpose. Upon expiration of the Term and payment for services rendered, MMC will destroy any and all information about the Client except for one archival copy that it may keep for its records.

9.      **Multiple Entities and Locations (If Applicable).** This Agreement shall cover the Client, all of its subsidiaries, affiliates, any related entities and all locations. If there are more than one entity associated with this claim, they will be listed in the schedule A, attached hereto and made a part thereof. Although the schedule A may not reflect a full and complete list of the Client's subsidiaries, affiliates and/or related entities, it is intended to, therefore all entities bound by this agreement include, but are not limited to, those listed therein.

10.      **Claimant Outreach.** Client Acknowledges that MMC works only with corporate and institutional end Payers, including self funded employers, insurers, union benefit plans, third party payors, health plans and similar business entities. MMC does not solicit individuals.

**\*DIsclaimer: The claims process has not yet commenced, and no claims filing deadline exists. Macmoor Capital is an independent third-party claims management firm. We are not Attorneys, We are not affiliated with the Court, the Claims Administrator, or Class Counsel. You do not need to sign up with a third-party claims recovery service provider (like Macmoor Capital) to file a claim for settlement benefits and you do not need to pay a share of your settlement recoveries to any provider. Claimants may file for settlement benefits directly at no cost. For more information please visit our website (www.macmoor.com) or the official court approved settlement website for this case www.GenericDrugsEndPayerSettlement.com, where you can register to be notified when the claims process begins. You may also call the Settlement Administrator at 1-877-316-0171 or email info@GenericDrugsEndPayerSettlement.com.**

11.      **Compensation:** In consideration of the performance of the duties set forth in this Agreement, Client shall pay MMC **25%** (twenty five percent) of the Payment (the "Fee"). MMC shall be entitled to retain its Fee from all sums received by MMC on behalf of Client.

*By signing this document, you represent that you have the authority to enter into this Agreement.*

| ("Client / Company") | **Macmoor Capital** |
|---|---|
| By:_____ Date:_____ <br> *(Sign Here)* | By:_____ Date:_____ <br> *(Sign Here)* |
| Name:_____ | Name: _____ |
| Title: _____ | Title: _____ |
| Client Address:_____ | 5550 Glades Road <br> (Suite 500 1069) <br> Boca Raton FL. 33431 |

**Exhibit B**                    **Page 1 of 1**



## CASE SUMMARY: GENERIC PHARMACEUTICAL Antitrust Settlements

**If you purchased or paid for eligible generic prescription drugs in the United States between May 1, 2009 and December 31, 2019, you may be eligible to receive compensation from multiple court-approved antitrust settlements with a combined total value of approximately $533,000,000 thus far, depending on the drugs purchased and the settlement(s) for which you may qualify.**

### *About:*
The settlements stems from a long-running federal antitrust class action (In re Generic Pharmaceuticals Pricing Antitrust Litigation, Case No. 16-MD-2724) in the U.S. District Court for the Eastern District of Pennsylvania. End-payers — meaning consumers, insurers, employer health plans, and other entities that paid for or reimbursed prescription generic drugs — alleged that a group of generic drug manufacturers engaged in illegal collusion to artificially inflate prices of certain generic medications sold in the U.S. from May 1, 2009 through December 31, 2019.

### *What the Lawsuit Claims:*
Plaintiffs claim that the defendant companies conspired (i.e., coordinated conduct) in violation of federal and state antitrust laws and consumer protection statutes. The allegation is not about drug safety or effectiveness — it's about pricing conduct: that competition was suppressed and prices for specific generic drugs were kept higher than they would have been in a truly competitive market.

### The Settlement Funds & Who's Included:
A settlement class has been certified for each of the end-payer settlements approved by the court. If, during the class period (2009–2019), you paid for or were reimbursed for one or more of the generic drugs at issue in this litigation, you may be a Settlement Class Member. The settlement class definitions and the list of eligible drugs (many dozens) is contained in the settlement notices posted on the official settlement site www.GenericDrugsEndPayerSettlement.com.
*Being a class member does not require proof of wrongdoing by the defendants — they have generally denied liability — but it may qualify you for a potential share of settlement money if you file a proper claim.*

### SETTLEMENT CLASSES TO DATE INCLUDE:

- *Sandoz / Fougera Settlement* – Resolves end-payer antitrust claims against Sandoz and Fougera by creating a cash fund (approximately $275M) to compensate eligible consumers and third-party payors for alleged generic-drug price inflation during the class period, with no admission of wrongdoing.
- **Apotex / Heritage Settlement** – Resolves claims against Apotex for approximately $48 million and against Heritage Pharmaceuticals for $10 million to be paid to third party payers.
- **Sun / Taro Settlement** – Resolves end-payer claims against Sun Pharmaceutical Industries and Taro Pharmaceuticals by establishing a $200 million settlement fund, to be paid to consumers and third party payers.

- <u>**Disclaimer: The claims process has not yet commenced, and no claims filing deadline exists. Macmoor Capital is an independent third-party claims management firm. We are not Attorneys, We are not affiliated with the Court, the Claims Administrator, or Class Counsel. You do not need to sign up with a third-party claims recovery service provider (like Macmoor Capital) to file a claim for settlement benefits and you do not need to pay a share of your settlement recoveries to any provider. Claimants may file for settlement benefits directly at no cost. For more information please visit our website (www.macmoor.com) or the official court approved settlement website for this case www.GenericDrugsEndPayerSettlement.com, where you can register to be notified when the claims process begins. You may also call the Settlement Administrator at 1-877-316-0171 or email info@GenericDrugsEndPayerSettlement.com.**</u>

<u>Next Steps:</u> Contact us today to schedule a free consultation and to see if you qualify:
Email: info@macmoor.com
Phone: +1-786-638-6006
Website: www.macmoor.com
**Please Note:** Macmoor Capital works exclusively with corporate and institutional clients, including self-funded employers and third-party payers. Our services are designed for organizations with complex claims data environments. **We do not represent or solicit individual consumers.**
Let Macmoor Capital guide you through the process and assist you in preparing and submitting a complete and accurate claim.

_____

Macmoor Capital (MMC) is a class action claims management consultant; we are not attorneys, a court appointed claims administrator or class counsel. If you engage MMC, MMC will work with you to manage the claims process: MMC will notify you when we believe that you may be eligible to participate in this Settlements; we will seek to present the full value of your claim in the Settlement; we will seek to reduce the support needed from your in-house staff. MMC will provide advice on what,

if any, documents need to be collected and maintained, and, when requested, will assist in that effort. If required documents are not available or are too burdensome to collect, MMC will attempt to develop alternatives to satisfy documentation requirements and then negotiate on your behalf to obtain approval of those alternatives. MMC will prepare, assemble and submit your claim package, and manage it throughout the claims processing phase, including working with you to address any concerns or questions the claims administrator may have. MMC will provide regular updates on the recovery process as appropriate. MMC will review your payment when received to verify that it has not been under calculated and MMC will follow up with you to assure that you receive your share of the recovery. MMC's recovery specialists are always available to answer any questions you may have.

How to Retain MMC: If you wish to engage MMC to file and manage a claim on your behalf, you must visit **www.macmoor.com** to fill out our authorization form. Before doing so please review all terms carefully so you understand your rights. For more info please visit the official court-approved settlement website at www.genericdrugsendpayersettlement.com.

## PROPOSED MARKETING PITCHES[*]

<u>Pitch 1:  Email Outreach to Institutional End Payer</u>

Subject: Generic Pharmaceuticals End Payer Settlements, Institutional Claims Support

> **\*Disclaimer: The claims process has not yet commenced, and no claims filing deadline exists.[1] Macmoor Capital is an independent third-party claims management firm. We are not Attorneys. We are not affiliated with the Court, the Claims Administrator, or Class Counsel. You do not need to sign up with a third-party claims recovery service provider (like Macmoor Capital) to file a claim for settlement benefits and you do not need to pay a share of your settlement recoveries to any provider. Claimants may file for settlement benefits directly at no cost. For more information please visit our website www.macmoor.com or the official court approved settlement website for this case www.GenericDrugsEndPayerSettlement.com, where you can register to be notified when the claims process begins. You may also call the Settlement Administrator at 1-877-316-0171 or email info@GenericDrugsEndPayerSettlement.com.**

Dear [Name],

Macmoor Capital, LLC assists institutional end payers with complex settlement claims administration. We are contacting your organization because self-funded employers, insurers, union benefit plans, third-party payors, health plans, and similar entities may need to review historical prescription drug payment and reimbursement data to determine eligibility when the official claims process opens in the Generic Pharmaceuticals End Payer Plaintiff settlements.

Macmoor can assist with data organization, claim package preparation, claim submission after the official claims process opens, and authorized communications with the Settlement Administrator. We do not determine eligibility, we do not guarantee payment, and we do not submit claims without client authorization.

If your organization wants to evaluate whether Macmoor's administrative support is useful for your internal claims process, we can schedule a no obligation business review. You may also

---

[*]Each pitch is limited to corporate and institutional end payers. None is directed to individual consumers.

[1] Pursuant to the Court's June 10, 2026 Order (*see* 16-md-2724, Doc. 4564) the claims process will begin on or before July 10, 2026 (*see id.* ¶ 8), and the claim submission window will be open for 120 days (*see id.* ¶ 12).  After the claims process begins, the first sentence of the disclaimer shall be modified accordingly.

proceed directly through the official settlement process at no cost using the Settlement Administrator and End Payer Plaintiffs' Lead Counsel.

Regards,

Macmoor Capital, LLC

[Name, Title, Phone, Email]

Pitch 2, Website, Brochure, And LinkedIn Text for Institutional Audience

**Headline:**

Generic Pharmaceuticals End Payer Settlements, Institutional Claims Administration Support

> **\*Disclaimer: The claims process has not yet commenced, and no claims filing deadline exists.[1] Macmoor Capital is an independent third-party claims management firm. We are not Attorneys. We are not affiliated with the Court, the Claims Administrator, or Class Counsel. You do not need to sign up with a third-party claims recovery service provider (like Macmoor Capital) to file a claim for settlement benefits and you do not need to pay a share of your settlement recoveries to any provider. Claimants may file for settlement benefits directly at no cost. For more information please visit our website www.macmoor.com or the official court approved settlement website for this case www.GenericDrugsEndPayerSettlement.com, where you can register to be notified when the claims process begins. You may also call the Settlement Administrator at 1-877-316-0171 or email info@GenericDrugsEndPayerSettlement.com.**

Macmoor Capital, LLC provides administrative claims support for institutional end payers, including self-funded employers, insurers, union benefit plans, third-party payors, health plans, and similar business entities.

Institutional claims can require collection and organization of historical prescription drug reimbursement data from multiple vendors and internal systems. Macmoor assists with data coordination, claim package preparation, claim submission after the official process opens, and authorized follow-up with the Settlement Administrator.

Macmoor does not decide eligibility, does not provide legal advice, does not guarantee any recovery, and does not offer faster payment. Organizations may file directly through the official settlement process at no cost.

To discuss whether your organization needs administrative support, contact Macmoor at [phone] and [email].

---

[1] Pursuant to the Court's June 10, 2026 Order (*see* 16-md-2724, Doc. 4564) the claims process will begin on or before July 10, 2026 (*see id.* ¶ 8), and the claim submission window will be open for 120 days (*see id.* ¶ 12). After the claims process begins, the first sentence of the disclaimer shall be modified accordingly.