**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL No. 2724** <br> **Case No. 2:16-MD-2724** |
| **THIS DOCUMENT RELATES TO:** <br><br> *Direct Purchaser Plaintiffs' Actions* | **HON. CYNTHIA M. RUFE** |

<u>**FINAL ORDER AND JUDGMENT REGARDING DPPS' GLENMARK AND GREENSTONE/PFIZER SETTLEMENTS**</u>

**AND NOW,** this 16th day of July 2026, upon consideration of Direct Purchaser Plaintiffs' ("DPPs")[1] Motion for Final Approval of the (1) Glenmark Settlement and (2) Plan of Allocation [MDL Doc. No. 4061] and DPPs' Motion for Final Approval of the (1) Greenstone and Pfizer Settlement and (2) Plan of Allocation [MDL Doc. No. 4060], DPPs and Defendant Glenmark Pharmaceutical Inc. ("Glenmark") having entered into a Glenmark Settlement Agreement to fully and finally resolve the Glenmark Settlement Class's claims against Glenmark, and DPPs and Defendants Greenstone LLC ("Greenstone") and Pfizer Inc. ("Pfizer") (together, "Greenstone/Pfizer")[2] having entered into a Greenstone/Pfizer Settlement Agreement to fully and finally resolve the Greenstone/Pfizer Settlement Class's claims against Greenstone and Pfizer, and the Court having held a hearing in open court on April 8, 2026, for the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that the Motions are **GRANTED** as follows:

---

[1] The named DPPs are Cesar Castillo, LLC, FWK Holdings, LLC, Rochester Drug Cooperative, Inc., and KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc. ("DPP Class Representatives").

[2] Collectively, Glenmark, Greenstone, and Pfizer are the "Settling Defendants."

1.      On August 29, 2025, the Court entered an Order in which it, *inter alia*, preliminarily approved DPPs' Settlement with Glenmark, preliminarily certified the Glenmark Settlement Class for settlement purposes only, appointed Settlement Class Representatives, appointed Settlement Class Counsel, directed Notice to Glenmark Settlement Class members, appointed the Huntington National Bank as Escrow Agent, and appointed A.B. Data, Inc. as Claims Administrator ("Glenmark Preliminary Approval Order").[3] The Preliminary Approval Order for the Glenmark Settlement[4] certified the following Glenmark Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons or entities, and their successors and assigns, that directly purchased one or more of the Named Generic Drugs from one or more Current or Former Defendants in the United States and its territories and possessions, at any time during the period from May 1, 2009 until December 31, 2019.
>
> Excluded from the Settlement Class are Current and Former Defendants and their present and former officers, directors, management, employees, subsidiaries, or affiliates, judicial officers and their personnel, and all governmental entities.

2.      On August 28, 2025, the Court entered an Order in which it, *inter alia*, preliminarily approved DPPs' Settlement with Greenstone and Pfizer, preliminarily certified the Greenstone/Pfizer Settlement Class for settlement purposes only, appointed Settlement Class Representatives, appointed Settlement Class Counsel, directed Notice to Greenstone/Pfizer Settlement Class members, appointed the Huntington National Bank as Escrow Agent, and appointed A.B. Data, Inc. as Claims Administrator ("Greenstone/Pfizer Preliminary Approval

---

[3] Glenmark Prelim. Approval Order [MDL Doc. No. 3623].

[4] Glenmark Prelim. Approval Order [MDL Doc. No. 3623].

Order").[5] The Greenstone/Pfizer Preliminary Approval Order[6] certified the following

Greenstone/Pfizer Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons or entities, and their successors and assigns, that directly purchased one or more of the Named Generic Drugs from one or more Current or Former Defendants in the United States and its territories and possessions, at any time during the period from May 1, 2009 until December 31, 2019.
>
> Excluded from the Settlement Class are Current and Former Defendants and their present and former officers, directors, management, employees, subsidiaries, or affiliates, judicial officers and their personnel, and all governmental entities.

3.      On April 8, 2026, the Court held a Final Fairness Hearing to consider whether the Glenmark and Greenstone/Pfizer Settlements and Plans of Allocation should be finally approved under Rule 23 as fair, reasonable, and adequate.

4.      The Court has reviewed DPPs' Motions and the terms and conditions set forth in the Glenmark Settlement Agreement and the Greenstone/Pfizer Settlement Agreement, including all exhibits thereto, and finds that the Settling Parties entered into the Settlement Agreements in good faith and that the Glenmark Settlement and Greenstone/Pfizer Settlement are fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlements are in full compliance with all requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, and the United States Constitution (including the Due Process Clause).

5.      The Court finds that the Settlements were negotiated at arm's length; that there was sufficient discovery; that the Parties and counsel were knowledgeable about the facts

---

[5] Greenstone/Pfizer Prelim. Approval Order [MDL Doc. No. 3620].

[6] Greenstone/Pfizer Prelim. Approval Order [MDL Doc. No. 3620].

relevant to DPPs' claims and the potential risks of continued litigation; and that the Parties were represented by highly capable counsel with substantial experience in class action and antitrust litigation.

6.    The Court also specifically considered the factor set forth in Rule 23(e)(2) and the *Girsh* factors, including the complexity, expense and likely duration of the litigation; the favorable reaction of the Settlement Classes; the stage of the proceedings; the risks of establishing liability, damages and class certification; and the range of reasonableness of the Settlements in light of the best possible recoveries and attendant risks of litigation.[7] The Court finds that the Rule 23(e)(2) factors and the *Girsh* factors weigh in favor of approving the Settlements.

7.    The Court finds that the dissemination of Notice via first-class mail, publication, and the establishment and maintenance of a dedicated website were implemented in accordance with the Glenmark Preliminary Approval Order[8] and the Greenstone/Pfizer Preliminary Approval Order,[9] and satisfies the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e), the United States Constitution and other applicable laws and rules, and constituted the best notice practicable under the circumstances.

8.    A full opportunity has been offered to Settlement Class Members to object to or opt out of the Settlements and to participate in the Final Fairness Hearing.

9.    No class member objected to the Settlements.

---

[7] *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

[8] Glenmark Prelim. Approval Order [MDL Doc. No. 3623].

[9] Greenstone/Pfizer Prelim. Approval Order [MDL Doc. No. 3620].

10. Glenmark properly and timely notified the appropriate officials of the Glenmark Settlement pursuant to the Class Action Fairness Act ("CAFA").[10] More than ninety days have elapsed since Glenmark provided notice of the Glenmark Settlement pursuant to CAFA.

11. Greenstone/Pfizer failed to timely notify appropriate officials of the Greenstone/Pfizer Settlement pursuant to CAFA, but Greenstone/Pfizer has since properly notified the appropriate officials pursuant to CAFA.[11] More than ninety days have elapsed since Greenstone and Pfizer provided notice of the Greenstone/Pfizer Settlement pursuant to CAFA.

12. Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court grants final class certification, for settlement purposes only, of the Settlement Classes that it preliminarily certified in its Glenmark Preliminary Approval Order and Greenstone/Pfizer Preliminary Approval Order. The Court finds that the requirements of Rule 23 are satisfied, solely for the purpose of effectuating the Settlements, as follows:

    a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Settlement Classes are so numerous that their joinder before the Court would be impracticable;

    b. Pursuant to Ruler 23(a)(2), the Court determines that there are questions of law and fact that are common to the Settlement Classes;

    c. Pursuant to Rule 23(a)(3), the Court determines that the Settlement Class Representatives' claims are typical of the claims of the Settlements' Class Members;

---

[10] 28 U.S.C. § 1715.

[11] 28 U.S.C. § 1715.

d. Pursuant to Rule 23(a)(4), the Court determines that Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented the interests of the Settlement Classes;

e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting any individual member of the Settlement Classes;

f. Pursuant to Rule 23(b)(3), the Court determines that a class resolution provides a fair and efficient method for settling the Settlement Classes' claims and is superior to the other available methods; and

g. Pursuant to Rule 23(b)(3), the Court determines that the Settlement Classes are ascertainable.

13. The Court confirms the appointment of the named DPPs as Settlement Class Representatives.

14. The Court confirms the appointment of the members of the Plaintiffs' Steering Committee ("PSC") and Lead Counsel previously appointed in Pretrial Order No. 21, dated May 19, 2017 [MDL Doc. No. 342], and Pretrial Order No. 37, dated September 28, 2017 [MDL Doc. No. 506], as Settlement Class Counsel.

15. The persons and entities identified in Exhibit A, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Glenmark Settlement Class, or have otherwise been permitted to seek exclusion by this Court, and are hereby excluded from the Glenmark Settlement Class, are not bound by this Final Judgment, and may not make any claim or receive any benefit from the Glenmark Settlement, whether monetary or otherwise. Said excluded persons and entities may not pursue any claims

released under the Glenmark Settlement Agreement on behalf of those bound by this Final Judgment. Each Glenmark Settlement Class Member not appearing in Exhibit A is bound by this Final Judgment and will remain forever bound.

16.     The persons and entities identified in Exhibit B, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Greenstone/Pfizer Settlement Class, or have otherwise been permitted to seek exclusion by this Court, and are hereby excluded from the Greenstone/Pfizer Settlement Class, are not bound by this Final Judgment, and may not make any claim or receive any benefit from the Greenstone/Pfizer Settlement, whether monetary or otherwise. Said excluded persons and entities may not pursue any claims released under the Greenstone/Pfizer Settlement Agreement on behalf of those bound by this Final Judgment. Each Greenstone/Pfizer Settlement Class Member not appearing in Exhibit B is bound by this Final Judgment and will remain forever bound.

17.     The Court grants final approval of the Plans of Allocation as being fair, reasonable, adequate, and in the best interest of the Settlement Classes. The Court further finds that the Plans of Allocation treat class members equitably relative to each other as required by the Federal Rule of Civil Procedure 23(e)(2)(D).

18.     Accordingly, the Court hereby grants DPPs' Motions for Final Approval of the Glenmark and Greenstone/Pfizer Settlements and Plans of Allocation.

19.     The Court hereby dismisses DPPs' claims against Settling Defendants, with prejudice and in their entirety, and except as provided for in the Glenmark Settlement Agreement and the Greenstone/Pfizer Settlement Agreement, without costs, as to the Settling Defendants. This dismissal shall not affect, in any way, the rights of DPPs or members of the Glenmark Settlement Class to pursue claims not released by the Glenmark Settlement Agreement. This

dismissal shall not affect, in any way, the rights of DPPs or members of the Greenstone/Pfizer Settlement Class to pursue claims not released by the Greenstone/Pfizer Settlement Agreement.

20.    DPPs and all members of the Glenmark and Greenstone/Pfizer Settlement Classes (on behalf of themselves and their respective past and present parents, subsidiaries, and affiliates, as well as their past and present general and limited partners, officers, directors, employees, agents, attorneys, servants, predecessors, successors, heirs, executors, administrators, and representatives) ("Releasors") agree to dismiss Settling Defendants (and their past and present parents, subsidiaries, divisions, affiliates, stockholders, and general or limited partners, as well as their past and present respective officers, directors, employees, trustees, insurers, agents, attorneys, and any other representatives thereof) (the "Releasees"), except that this release shall not apply to any former officer, director, employee, trustee, insurer, agent, attorney, or other representative of the Settling Defendants who does not cooperate with DPPs pursuant to the Cooperation Agreements and Paragraph 10 of the Glenmark and Greenstone/Pfizer Settlement Agreements. And as further provided under Settlement Class Counsel's reservation of rights in Paragraph 14 of the Glenmark and Greenstone/Pfizer Settlement Agreements, this Final Order and Judgment does not release any non-settling defendant's liability in the Action, not does it absolve Settling Defendants' present or former officers, directors, employees, trustees, insurers, agents, attorneys, or other representatives from their duty to cooperate in discovery in their capacity as a current or former officer, director, employee, trustee, insurer, agent, attorney, or other representative for other, non-settling defendants. Subject to these exceptions and reservation of rights, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Glenmark or Greenstone/Pfizer Settlement

Class member has objected to the Settlements or makes a claim upon or participates in the Settlement Funds, whether directly, representatively, derivatively or in any other capacity) that DPPs and the Settlement Classes, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual, contingent, or joint and several, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of, or relating in any way to, any of the claims in the Action, whether actual or alleged, from the beginning of the world up to the date of execution of the Settlement Agreements, including any conduct alleged, and causes of action asserted or that could have been alleged or asserted, based upon the allegations in the Action, relating to the Named Generic Drugs or other generic drugs that could have been named based on the facts alleged in the Action, including but not limited to those arising under any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, or trade practice law (the "Released Claims"). The release of Released Claims shall not preclude DPPs from pursuing any and all claims against other defendants for the sale of the Named Generic Drugs or other generic drugs sold by those defendants or their alleged co-conspirators. Nothing herein, and nothing in Paragraph 13 of the Settlement Agreement, shall release any claims (a) arising in the ordinary course of business between Releasors and the Releasees arising under Article 2 of the Uniform Commercial Code (pertaining to sales), other than claims based in whole or in part on any of the Released claims; (b) for the indirect purchase of any of the Named Generic Drugs or any other generic drugs; (c) for negligence, breach of contract, bailment, failure to deliver, lost goods, damaged or delayed goods, breach of warranty, or product liability claims between any of the Releasees and any of the Releasors relating to any of the Named Generic Drugs or any other generic drugs, other than

9

claims based in whole or in part on any of the Released Claims; (d) as to any generic drug, including any of the Named Generic Drugs, that is currently the subject of any unrelated pending litigation against Settling Defendants that is not part of the Action; (e) as to any generic drug, including any of the Named Generic Drugs, that is, after the date of the Settlement Agreements, the subject of any unrelated litigation brought against Settling Defendants under federal or state antitrust laws or under RICO where the allegation is that generic competition was delayed (e.g., reverse payment, sham litigation, sham citizen petition, or "Walker Process" fraud cases) or otherwise reduced or impaired by alleged conduct other than that pled or based on the facts alleged in the DPPs' complaints in the Action; (f) for any claims of any type relating to any drugs other than the Named Generic Drugs, other than those pled or based on the facts alleged in the DPPs' complaints in the Action. DPPs and the Settlement Classes shall not seek to establish liability against any Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims.

21.    DPPs and each member of the Settlement Classes hereby expressly waives and releases any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

> **SECTION 1542. GENERAL RELEASE—CLAIMS EXTINGUISHED. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

DPPs and each member of the Settlement Classes also hereby expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or

equivalent to § 1542 of the California Civil Code. DPPs and each member of the Settlement Classes may hereafter discover facts other than or different from those that it knows or believes to be true with respect to the claims that are the subject of this Paragraph, but DPPs and each member of the Settlement Classes have agreed that as of the February 28, 2024, they expressly waive and fully, finally, and forever settle and release as to the Releasees all known or unknown, suspected or unsuspected, accrued or unaccrued, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. For the avoidance of doubt, DPPs and each member of the Settlement Classes also hereby agrees that, they expressly waive and fully, finally, and forever settle and release any and all claims that would otherwise fall within the definition of Released Claims it may have against any and all claims that would otherwise fall within the definition of Released Claims it may have against any of the Releasees under § 17200, et seq., of the California Business and Professions Code or any similar, comparable, or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are hereby expressly incorporated into the definition of Released Claims.

22.     This Final Judgment does not settle or compromise any claims by DPPs or the Settlement Classes against any person or entities other than the Released Parties, and all rights against any other Defendant or other person or entity are specifically reserved.

23.     The finality of this Final Order and Judgment shall not be affected by any other order entered regarding the Settlement Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and/or any order entered regarding the Service Awards to the

11

Settlement Class Representatives, which shall be considered separate from this Final Order and Judgment.

24.    Without affecting the finality of this Final Judgment, the Court retains exclusive jurisdiction over the Action and the Settlement Agreements, including the administration, interpretation, consummation, and enforcement of the Settlement Agreements.

25.    Pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of this Final Judgment of dismissal forthwith as to the Released Parties. This Final Approval Order shall be final and immediately appealable.

It is so **ORDERED.**

**BY THE COURT:**

 **/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**