**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 16-MD-2724 |
| THIS DOCUMENT RELATES TO: | HON. CYNTHIA M. RUFE |
| *Humana Inc. v. Actavis Elizabeth, LLC, et al.* | 2:18-cv-03299 |

**PLAINTIFF HUMANA INC.'S MOTIONS *IN LIMINE***

Pursuant to the Courts Pretrial Order No 329 (MDL ECF No. 4079), Plaintiff Humana Inc. ("Humana") respectfully moves *in limine* for the following relief:

- **Motion *in Limine* No. 1:** To preclude evidence and/or argument of non-prosecution by federal or state governments, that the DOJ concluded that the benazepril hctz, clobetasol, desonide ointment, doxycycline hyclate delayed release, or pravastatin conspiracies were limited to the scope admitted in the DPAs and guilty pleas, and the DOJ's decision to dismiss litigation against Ara Aprahamian.

- **Motion *in Limine* No. 2:** To preclude evidence and/or argument inconsistent with Deferred Prosecution Agreements.

- **Motion *in Limine* No. 3:** To preclude Defendants from offering certain evidence and/or argument to explain away why they decided to make Rule 36 admissions and enter into Deferred Prosecution Agreements.

- **Motion *in Limine* No. 4:** To admit invocations of the Fifth Amendment and instruct the jury as to adverse inferences.

- **Motion *in Limine* No. 5:** To preclude inflammatory evidence or argument concerning health insurance companies, including the denial of health insurance claims.

- **Motion *in Limine* No. 6:** To preclude evidence or argument regarding Humana's size or financial condition.

- **Motion *in Limine* No. 7:** To preclude Defendants from disparaging the use of a hypothetical to address causation.

- **Motion *in Limine* No. 8:** To preclude evidence and/or argument that a communicator's lack of unilateral authority to set prices for the company precludes a finding of an agreement and/or *causation*.

- **Motion *in Limine* No. 9:** To preclude evidence and/or argument related to Defendants' supposed good character or reputation.

- **Motion *in Limine* No. 10:** To preclude inflammatory or disparaging evidence and/or argument of Pharmacy Benefit Managers (PBMs).

- **Motion *in Limine* No. 11:** To preclude any suggestion that Humana will retain the benefit of any award for itself instead of passing the benefit on to their customers through reduced premiums.

- **Motion *in Limine* No. 12:** To preclude evidence and/or argument that a large damages award for Humana would negatively impact Defendants, the pharmaceutical industry, and/or drug prices.

- **Motion *in Limine* No. 13:** To preclude reference to joint and several liability.

- **Motion *in Limine* No. 14:** To preclude "procompetitive" justifications that are contrary to law, including improper or undisclosed alleged procompetitive benefits of their anticompetitive conduct.

- **Motion *in Limine* No. 15:** To preclude reference to Humana's ability to recover treble damages, attorneys' fees, and costs.

- **Motion *in Limine* No. 16:** To preclude evidence and/or argument that Humana "passed-on" overcharges.

- **Motion *in Limine* No. 17:** To preclude evidence and/or argument purporting to require Humana to prove intrastate conduct.

- **Motion *in Limine* No. 18:** To preclude argument and/or evidence that Humana had a duty to mitigate damages, failed to mitigate damages, or to make alternative purchasing decisions.

- **Motion** *in Limine* **No. 19:** To preclude Defendants from offering lack of profitability evidence.

- **Motion** *in Limine* **No. 20:** To preclude evidence and/or argument that the federal government paid for or funded Humana's Medicare Part D prescription drugs purchases.

- **Motion** *in Limine* **No. 21:** To preclude reference to "duplicative recovery.

- **Motion** *in Limine* **No. 22:** To preclude (a) the argument that the case is "lawyer-driven" and (b) certain evidence about Humana's or Humana's counsel's involvement in other lawsuits.

- **Motion** *in Limine* **No. 23:** To preclude Defendants from referencing prior rulings or outcomes in different proceedings involving different parties, claims, records, or procedural postures.

- **Motion** *in Limine* **No. 24:** To exclude deposition testimony and evidence from witnesses deposed in the underlying securities litigation.

- **Motion** *in Limine* **No. 25:** To preclude reference to Ara Aprahamian's civil lawsuits and related statements.

- **Motion** *in Limine* **No. 26:** To preclude Defendants from referring to Humana's prior settlements and/or placing blame on settling Defendants in this case.

- **Motion** *in Limine* **No. 27:** To preclude the expert opinions and testimony of Mr. Khody R. Detwiler.

- **Motion** *in Limine* **No. 28:** To exclude the expert opinions and testimony of Dr. Bonnie Levin.

- **Motion** *in Limine* **No. 29:** To preclude Defendants from presenting cumulative and duplicative expert testimony concerning oligopolistic interdependence and their purported independent decision making.

- **Motion** *in Limine* **No. 30:** To preclude Defendants from offering expert testimony concerning oligopolistic interdependence as to Humana I Subject Drugs where there are admissions to an antitrust violation.

- **Motion** *in Limine* **No. 31:** To preclude Defendants from referencing or relying on documents not produced in discovery.

- **Motion** *in Limine* **No. 32:** To require Defendants to produce during Humana's case-in-chief any witnesses Defendants intend to present live at trial.

- **Motion** *in Limine* **No. 33:** To preclude Defendants from referring to the absence at trial of other generic Defendants.

- **Motion** *in Limine* **No. 34:** To permit the use of interactive and non-interactive timelines.

- **Motion** *in Limine* **No. 35:** To deem exhibits on Humana's list as authentic.

- **Motion** *in Limine* **No. 36:** To permit Humana to use illustrative aids concerning damages.

The grounds for the Humana's motions *in limine* are set forth in the accompanying memorandum of law. Proposed orders are attached.

Dated: July 22, 2026

Respectfully submitted,

*/s/ W. Joseph Nielsen*
Peter D. St. Phillip, Jr.
W. Joseph Nielsen
Raymond P. Girnys
Noelle Ruggiero
Uriel Rabinovitz
Deborah Rogozinski
Alexis H. Castillo
Thomas Griffith
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel. (914) 997-0500
pstphillip@lowey.com
jnielsen@lowey.com
rgirnys@lowey.com
nruggiero@lowey.com
urabinovitz@lowey.com
drogozinski@lowey.com
acastillo@lowey.com

tgriffith@lowey.com

Matthew A. Cartwright
LOWEY DANNENBERG, P.C.
100 Front Street, Suite 520
West Conshohocken, PA 19428
mcartwright@lowey.com

Todd Schneider
J. Caleigh Macdonald
David D. Burnett
SCHNEIDER² WALLACE COTTRELL
KIM LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel. 415-421-7100
tschneider@schneiderwallace.com
jmacdonald@schneiderwallace.com
dburnett@schneiderwallace.com

Jason H. Kim
SCHNEIDER² WALLACE COTTRELL
KIM LLP
300 S. Grand Ave., Suite 2700
Los Angeles, CA 90071
Tel. 415-421-7100
jkim@schneiderwallace.com

*Counsel for Plaintiff Humana Inc.*