IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 16-MD-2724 |
| THIS DOCUMENT RELATES TO: | HON. CYNTHIA M. RUFE |
| Molina Healthcare, Inc. v. Actavis Elizabeth, LLC | No. 20-695 |
| Humana Inc. v. Actavis Elizabeth, LLC | No. 18-3299 |
| Humana Inc. v. Actavis Elizabeth LLC | No. 19-4862 |
| Humana Inc. v. Actavis Elizabeth LLC | No. 20-6303 |

**ORDER**

AND NOW,  this 7th day of August, 2026, Defendants' second motion to certify the Court's March 9, 2026, order denying disqualification of Plaintiffs' counsel W. Joseph Nielsen and the law firm of Lowey Dannenberg P.C. for interlocutory appeal pursuant to 28 U.S.C. 1292(b) is DENIED.

It is so ORDERED.[1]

---

[1] For the second time, Defendant's ask this Court to certify its March 9, 2026, order denying their motion to disqualify Plaintiffs' counsel W. Joseph Nielsen and the law firm of Lowey Dannenberg P.C. for interlocutory appeal pursuant to 28 U.S.C. 1292(b) [MDL Doc. 4108]. Following the first denial, Defendants' petitioned for a writ of mandamus in the Court of Appeals, which denied the petition without explanation on July 29, 2026. The Honorable Emil J. Bove III however dissented and explained his reasons. Defendants, incorporating the rationales in Judge Bove's dissent, assert that his dissent shows that the Court's March 9, 2026, order refusing to certify the motion to disqualify Plaintiff's counsel was wrong.

This is an extraordinary request, as it is premised upon the notion that the Court of Appeals two-week old order declining issuance of a writ of mandamus to review an order of this Court was wrong. Defendants cite no authority for the

BY THE COURT:

/s/ Hon. Cynthia M. Rufe

_____

HON. CYNTHIA M. RUFE, J.

---

proposition a District Court could or should, in effect, allow Defendants to seek reconsideration of the Court of Appeals order. This Court will not presume to speculate what the two equally esteemed members of the Court of Appeals thought of the strength and quality of the dissent's arguments, but it is apparent they did not see fit to adopt them. If Defendants are dissatisfied with the Court of Appeals order, they should bring their dissatisfaction to that Court's attention by any means a statute or the Rules of Appellate Procedure allow. This Court has said all it can and should say about this matter in its March 9, 2026, order. The Court of Appeals July 29, 2026, order closed this matter, and for that reason Defendants' motion is denied.