**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | : | **MDL NO. 2724** <br> **16-MD-2724** <br> **HON. CYNTHIA M. RUFE** |
| **Providence St. Joseph Health, et al. v. Actavis Holdco U.S. Inc. et al.** | : | **23-CV-03636** |

# ORDER

**AND NOW**, this 7th day of August, 2026, upon consideration of the Report and Recommendation of Special Master Lawrence F. Stengel [MDL Doc. No. 4796] and of Defendants' motion to compel production of documents [MDL Doc. No. 3993], it is hereby **ORDERED** that the Report and Recommendation is **ADOPTED**, and the motion is **GRANTED**.

It is **FURTHER ORDERED** that the Plaintiffs shall produce data and information responsive to Defendants' requests regarding Plaintiffs' purchases of the drugs at issue no later than August 21, 2026.

It is **FURTHER ORDERED** that Plaintiffs shall produce data and information responsive to Defendants' requests regarding downstream/sales data for the drugs at issue on a rolling basis, with production to be completed no later than September 4, 2026.

Though PTO 340 [MDL Doc. No. 4219] affords the parties until August 14 to object to the Report and Recommendation, this Order is being issued now in view of the passage of time since the Defendants originally filed their January 27, 2026, motion to compel discovery [MDL Doc. No. 4003]. In lieu of time to file objections, the parties may state any objections they have in motions for reconsideration of this Order no later than August 14, 2026.

It is **SO ORDERED.**[1]

---

[1] This matter originated with a January 27, 2026, motion by all Defendants to compel all the Plaintiff Hospitals to produce certain data regarding their purchases of pharmaceuticals and downstream sales data. [MDL Doc. No. 3993.] The matter was referred to Special Master Lawrence F. Stengel on February 2, 2026 [MDL Doc. No. 4002], and his July 29, 2026, Report and Recommendation was docketed on July 31, 2026 [MDL Doc. No. 4796]. The dispute concerns two types of information— (1) purchase data, and (2) downstream/sales data relevant to a pass-though defense.

Special Master Stengel notes the parties agree on the requested purchase data information's relevance to issues central to this matter. The Hospitals initially objected to producing the data though because they said third party wholesalers were the proper source for this information. They later changed their position and offered to produce their own in-house information. Consequently, the Special Master recommends the Hospitals be ordered to produce that data in short order.

The dispute on the downstream data centered on its relevance to individual state laws at issue in this case. The parties had difficulty articulating their positions on the requested data's relevance to every state law antitrust and consumer protection/unfair competition law at issue. The Special Master noted however first, this Court previously ruled that downstream data was relevant to calculating damages, and second, that the multiplicity of parties and claims across the MDL created a risk of duplicative recovery as Plaintiffs at every level of the generic drug distribution stage are present in one or more MDL lawsuits. For that reason, the Special Master concluded, despite the Hospitals' representation that their data is difficult to interpret, that Defendants' request be honored, with the exception of information on the volume of drugs sorted by date. Whether an expert can make meaningful use of the data produced can be determined later.

**BY THE COURT:**

**/s/ Hon. Cynthia M. Rufe**

**HON. CYNTHIA M. RUFE, J.**

Even for this MDL, this is a complicated matter, and the Court appreciates the concise, coherent and comprehensive analysis the Special Master has brought to the disputes between the parties, as he has in so many other disputes he has reviewed. Because the motion to compel was filed nearly eight months ago and was delayed for reasons described in the Special Master's report, the order is being entered now, with leave granted to the parties to file motions for reconsideration within seven days. With the exception of modifying the dates the discovery must be produced (to account for the delay between the Special Master's report and the publication of this order), and allowing time for the parties to file for reconsideration of this order, the July 29, 2026, Report and Recommendation of the Special Master [MDL Doc. No. 4796] is adopted, and the motion is granted.