**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | : | **MDL NO. 2724**<br>**16-MD-2724**<br>**HON. CYNTHIA M. RUFE** |
| ***CVS Pharmacy, Inc. v. Actavis Elizabeth LLC, et al.*** | : | **20-CV-6310** |
| ***County of Albany, et al. v. Actavis Holdco US, Inc., at al.*** | : | **21-CV-1875** |
| ***County of Westchester, et al. v. Actavis Holdco, US, Inc. et al.*** | : | **21-CV-4474** |
| ***Providence St. Joseph Health, et al. v. Actavis Holdco US, Inc., et al.*** | : | **23-CV-3636** |
| ***American Airlines, Inc. et al. v. Actavis Holdco, US, Inc. et al.*** | : | **24-CV-1430** |
| ***Walmart Inc. v. Actavis Elizabeth LLC, et al.*** | : | **25-CV-1383** |
| ***Southwest Airlines Co. v. Actavis Holdco, US, Inc. et al.*** **and** | : | **25-CV-2951** |
| ***AT&T Services, Inc., et al. v. Actavis Holdco US, Inc. et al.*** | : | **25-CV-6772** |

**ORDER**

**AND NOW**, this 7th day of August, 2026, upon consideration of the Report and Recommendation of Special Master Lawrence F. Stengel [MDL Doc.

No. 4624], Certain Direct Action Plaintiffs' motion to compel production of documents from Nisha Patel [MDL 4067], the response thereto [MDL Doc. No. 4147], Nisha Patel's objections to the Report and Recommendation [MDL Doc, No. 4774], and Certain Direct Action Plaintiffs' response [MDL 4806], it is hereby **ORDERED** that the Report and Recommendation is **ADOPTED**, and the Motion is **GRANTED**.

It is **FURTHER ORDERED** that Ms. Patel shall produce a version of the Excel file, which most closely mirrors the version that was produced to the government, to the moving Plaintiffs within five days of the entry of this Order.

Nisha Patel's Motion for Leave to File her Objection to the Special Master's Report and Recommendation [MDL Doc. No. 4769] is **GRANTED**.

It is **SO ORDERED.**[1]

---

1 Certain Direct Action Plaintiffs ("DAPs") moved to compel Nisha Patel, a former employee of some of the Defendants in this matter, to produce at a deposition an Excel file containing a chronology of several events concerning her and Defendants' action in this MDL. Ms. Patel objected, claiming the Excel file was attorney work product produced by her and her lawyer that had been disclosed to the government during interviews with the Department of Justice and the United States Postal Inspector. This matter was referred to Special Master Lawrence F. Stengel on March 3, 2026, for a Report and Recommendation. [MDL Doc. No. 4092.] That Report and Recommendation was filed on July 10, 2026, and recommended that the Plaintiff's motion be granted to the extent that the copy of the Excel file she produces most closely resembles that she gave to the government during her interviews. Nothing Ms. Patel and lawyer subsequently added to the file need be included.

The interviews occurred following an order compelling grand jury testimony from Patel. In lieu of the testimony, Patel agreed to several interviews with the

**BY THE COURT:**

**/s/ Hon. Cynthia M. Rufe**

______________________________

**HON. CYNTHIA M. RUFE, J.**

---

government. The government's notes of the interviews describe them as being voluntary. Patel produced the Excel file at the first interview. The DAPs learned of the Excel file after reviewing government memoranda concerning the interviews. Though the notes of the interview at which the file was produced state that Ms. Patel prepared the file, Ms. Patel, objecting to producing the file for the DAPs, claimed she and her attorney created the file, and it is therefore attorney work product. She also claims the court order compelling her to testify also compelled the production of the Excel file. DAPs assert that Ms. Patel produced the file voluntarily in the hope of obtaining leniency, and the order compelling her testimony did not compel her to produce anything that was attorney work product.

Relying on *Westinghouse v. Republic of Philippines*, 951 F.2d 1414, 1429 (3d Cir. 1991), and *In re Chevron Corp.*, 633 F.3d 153, 165 (3d Cir. 1022) Special Master Stengel's July 10, 2026, Report and Recommendation [MDL Doc. No. 4724] agreed with DAPs that Ms. Patel's production of the Excel file was voluntary and, in the hope, ultimately realized, she would receive leniency. Neither Ms. Patel's nor DAPs' versions and descriptions of the order compelling her testimony required Patel to sit for interviews with the government, nor produce anything that Ms. Patel could assert was attorney work product. Even if the government asked Ms. Patel to produce the Excel file, she raised no objection to doing so. Special Master Stengel's order is carefully crafted to order production only of that portion or portions of the Excel file disclosed to the government, and not any content that remains confidential. The Report and Recommendation contains a concise summary of the parties' positions and his reasons for his recommendation that the DAPs receive only part of the Excel file. For these reasons, the Court adopts the Report and Recommendation in full.