**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724**<br>**16-md-2724** |
| **THIS DOCUMENT RELATES TO:** | **HON. CYNTHIA M. RUFE** |
| *All Actions* | |

**END-PAYER PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY TO
MOTION TO MODIFY PROTECTIVE ORDERS
TO PERMIT OPT-OUT LITIGANT FIDELIS ACCESS TO MDL DISCOVERY**

End-Payer Plaintiffs ("EPPs") respectfully submit this Notice of Supplemental Authority related to their Motion to Modify Protective Orders to Permit Opt-Out Litigant Fidelis Access to MDL Discovery. (16-md-2724, Doc. 4446).

On July 14, 2026, Defendants filed a Notice of Supplemental Authority, notifying the Court that the Hon. Melissa Crane, in *N.Y. Quality Healthcare Corp. v. Actavis Holdco U.S., Inc.*, No. 653072/2025 (N.Y. Sup. Ct.) (the "Fidelis Action"), had granted their motion to stay the Fidelis Action and that she did so before entering the jointly proposed protective order. (16-md-2724, Doc. 4729). Defendants argued that the absence of an entered protective order and the order staying the Fidelis action supported denying the motion to allow Fidelis access to the MDL discovery. *Id*.

On July 30, 2026, Justice Crane held a teleconference with the parties to discuss whether the stipulated protective order should be entered during the pendency of the stay. At the hearing, Fidelis argued that Justice Crane should enter the protective order to help facilitate the request in this MDL to give Fidelis access to the discovery material during the pendency of the stay, contending that doing so would further the efficiency goals on which her stay was based. They

also argued that access to the MDL discovery was necessary for Fidelis to evaluate potential settlement offers made by Defendants during the stay. *See* July 30, 2026 Transcript at 4:19-6:9, attached as Exhibit 1 hereto. Defendants opposed entry of the protective order—even though they had stipulated to it before the stay was entered. *Id*. at 3:2-4:17.

After hearing argument from counsel, Justice Crane gave Defendants the following options:

> THE COURT: So to me, this is really the defendant's -- it's not fair, your position, because it's -- your putting plaintiffs in a damned if you do, damned if you don't position. So we either unstay the case and go forward or we sign the stipulated protective order so that the documents are protected in the eventuality that they are used in this action because you can't both ask for the stay and then say, Oh, but they can't have the documents in the MDL. That's not fair. I mean, the reason I stayed it was to avoid duplication. So what do you want to do?

*Id.* at 11:11-21. Defendants decided that "the more important thing is the stay." *Id*. at 12:3-8. Justice Crane then acknowledged that it is this MDL Court's decision whether to allow Fidelis access to the MDL discovery but that the "ultimate goal" in the Fidelis action, and one of the reasons she granted a stay, was for Fidelis "to get discovery out of the MDL … so that we are not duplicating effort in this case later[.]" *Id*. at 12:11-18.

Later that same day, Justice Crane entered the Stipulation and Order for the Production and Exchange of Confidential Information attached as Exhibit 2 hereto. It orders Fidelis and Defendants to "abide by all protective orders and protocols entered in the MDL," including any "amended or modified version[s]," Ex. 2 at ¶¶ 15.1-15.2, and it makes clear that "for purposes of enforcing the Protective Orders entered in the MDL and adopted [in the Fidelis Action]," this MDL Court has jurisdiction, *id*. at ¶ 15.3.

For the foregoing reasons, and for the reasons set forth in EPPs' Motion and Reply (16-md-2424, Docs. 446 & 4556), EPPs respectfully request the Court grant the Motion.

Dated: August 12, 2026

Respectfully submitted,

/s/ *Roberta D. Liebenberg*
Roberta D. Liebenberg
Paul Costa
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
215-567-6565
rliebenberg@finekaplan.com
pcosta@finekaplan.com

*Lead and Liaison Counsel for the*
*End-Payer Plaintiffs*

3