IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL NO. 2724**<br><br>**16-MD-2724**<br><br>**HON. CYNTHIA M. RUFE** |

**SPECIAL MASTER MORGAN S. BIRCH'S REPORT AND RECOMMENDATION REGARDING HUMANA'S MOTION TO COMPEL MYLAN TO PRODUCE JAMES NESTA TO TESTIFY AT TRIAL**

Before me is Plaintiff Humana Inc.'s Motion to Compel Mylan to Produce James Nesta to Testify at Trial (the "Motion") [MDL Doc. 4961], filed August 17, 2026. The Mylan Defendants ("Mylan") filed their Opposition (the "Opposition") on August 25, 2026 [MDL Doc. 4978] and on August 28, 2026, Humana filed its Reply Brief [MDL Doc. 4974].

Having reviewed the parties' submissions, the applicable law, and hearing oral argument on the dispute, my Recommendation is as follows.

## I. RELEVANT FACTUAL BACKGROUND

The instant dispute concerns Humana's effort to compel Mylan to produce James Nesta, a former Mylan sales and marketing executive, at the Humana I bellwether trial.

Nesta was previously employed by Mylan Pharmaceuticals Inc. ("MPI"), an entity headquartered in Morgantown, West Virginia. *See* Opposition, Demarco Decl. ¶¶ 2-3. According to Humana, Nesta led North American sales and commercial strategy for MPI and was a primary deponent for Mylan in this and related litigation. Humana contends that Nesta's testimony is central to the factual record and that his credibility will be a prominent trial issue, pointing to testimony from other witnesses — including Della Lubke, Anthony Thomassey, Kevin Green,

Nisha Patel, Tony Polman, and Tim Gustafson — who indicated they had competitively sensitive conversations with Nesta.

In October 2024, MPI and Nesta entered into a Transition and Separation Agreement and Release (the "Separation Agreement"), which provided for a fifteen-month transition period culminating in Nesta's separation from MPI effective December 31, 2025. *See* Demarco Decl. ¶¶ 3, 5. Germaine to this dispute, the Separation Agreement provided for (1) severance payments to be made to Nesta; (2) Nesta to use his "best efforts to cooperate with and respond to reasonable requests for information or follow-up assistance pertaining to work [Nesta] performed" while employed by MPI; and (3) to "provide…good faith assistance and…to provide truthful responses to any requests for information or testimony." *See* Mot. Ex. 4, ¶ 12. Relatedly, Mylan pays for Nesta's separate counsel at Cozen O'Connor. *See* Mot. at 4.

At the time of his separation, Nesta resided in North Carolina, where he continues to reside — more than 400 miles from the federal courthouse in Philadelphia. *See* Demarco Decl. ¶ 4. Nesta has provided over 22 hours of deposition testimony across multiple sessions in this litigation, including a November 19, 2025 deposition limited to clomipramine and a two-day deposition on July 21-22, 2026. Nesta initially invoked the Fifth Amendment in 2022 but subsequently withdrew the invocation. Humana has designated over 400 pages of Nesta's deposition testimony for presentation at trial. When asked about the upcoming September trial, Nesta testified that he did not plan to attend in person and would attend "if [he] was available."

## II. THE PARTIES' POSITIONS

The parties' respective positions are summarized below and addressed in greater detail in the Discussion that follows.

**A. Humana's Position.**

Humana moves to compel Mylan to produce Nesta to testify live at the Humana I trial, either in person or, in the alternative, by contemporaneous videoconference. Humana contends that Nesta remains under Mylan's control because Mylan pays his severance, pays for his separate counsel, and has purportedly agreed to satisfy any judgment entered against him, and because his cooperation is contractually required. Humana further argues that Nesta may be compelled to appear in person under Rule 45(c)(1)(B)(ii) because Mylan is headquartered in Pennsylvania — rendering him, in Humana's view, "employed" there — and that he would incur no substantial expense in attending. In the alternative, Humana maintains that Rule 43(a) permits the Court to compel Nesta's remote testimony upon a showing of good cause, consistent with the 2024 Advisory Committee note. Finally, Humana urges that the five-factor test set forth in *In re Vioxx Products Liability Litigation*, 439 F. Supp. 2d 640 (E.D. La. 2006) governs and that each factor favors compelling Nesta's appearance, emphasizing the complexity of the MDL, Mylan's asserted tactical advantage in shielding a key witness from the jury, and the centrality of Nesta's credibility, which testimony from other witnesses places squarely in dispute.

**B. Mylan's Position.**

Mylan opposes the Motion on several grounds. First, Mylan argues that no rule authorizes compelling a corporation to produce a specific witness at trial — much less a former employee. Second, Mylan contends that Nesta is beyond the Court's subpoena power under Rule 45(c) because he resides in North Carolina, more than 400 miles from the courthouse, is no longer employed by any Mylan entity, and, in any event, entered into his separation agreement with MPI, an entity headquartered in West Virginia rather than Pennsylvania. Third, Mylan asserts that Rule 43(a) cannot be used to circumvent the geographic limits of Rule 45(c). Fourth, Mylan argues that

Humana relies on the wrong legal standard because no court in the Third Circuit has adopted the *Vioxx* test. Finally, Mylan maintains that even under *Vioxx*, Humana cannot establish good cause: Nesta is a former employee not subject to Mylan's control, MDL status does not displace the Federal Rules, and Nesta's deposition testimony — over 22 hours, with more than 400 pages designated for trial — is available, while his out-of-district residence is longstanding and not the sort of unexpected circumstance that Rule 43(a) contemplates.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 45 governs the issuance, service, and enforcement of subpoenas, including subpoenas commanding attendance at trial. Rule 45(c)(1) defines the geographic limits within which a person may be compelled to attend trial: a subpoena may command a person to attend a trial only (A) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (B) "within the state where the person resides, is employed, or regularly transacts business in person," if the person is a party or party's officer or is commanded to attend trial and would not incur substantial expense. Fed. R. Civ. P. 45(c)(1). Rule 45(d)(3) provides that a court "must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii).

Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Courts have generally interpreted this provision narrowly, reserving remote testimony for "unexpected reasons, such as accident or illness," that prevent a witness from appearing in person. *Hightower v.*

*Ingerman Mgmt. Co.*, No. CV 17-08025, 2022 WL 19266260, at *3 (D.N.J. May 26, 2022), *aff'd*, No. 22-2589, 2024 WL 2794408 (3d Cir. May 31, 2024).

District courts possess broad discretion in managing the pretrial and trial proceedings of multidistrict litigation. That discretion, however, is bounded by the Federal Rules of Civil Procedure, which apply in MDL proceedings as in ordinary civil litigation. *See Home Depot U.S.A., Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 61-62 (3d Cir. 2023); *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 177 (3d Cir. 2021); *see also* 28 U.S.C. § 2072(b).

## IV. DISCUSSION

Humana asks this Court to compel Mylan to produce Nesta to testify live at trial, in person or, alternatively, by contemporaneous videoconference. Humana advances several arguments in support of its Motion: (i) that the Court may order a corporate defendant to produce a former employee at trial; (ii) that Nesta is "employed" in Pennsylvania for purposes of Rule 45(c) because Mylan's corporate headquarters are in Pennsylvania; (iii) that Rule 43(a) independently authorizes compelling Nesta's remote testimony; and (iv) that the five-factor test from *In re Vioxx Products Liability Litigation*, 439 F. Supp. 2d 640 (E.D. La. 2006), supplies the governing standard. I address each argument in turn below.

### A. No Rule Authorizes Compelling the Mylan Defendants to Produce a Former Employee at Trial.

As an initial matter, I must identify the proper procedural mechanism for the relief Humana seeks. Humana styles its filing as a motion to compel Mylan to "produce" Nesta at trial. But Rule 45 subpoenas run to persons, not corporations. *See* Fed. R. Civ. P. 45(a)(1). There is no provision in the Federal Rules authorizing a court to order a corporate party to compel a specific individual, particularly a former employee, to appear at trial.

Courts have consistently rejected such motions as impermissible "end run[s] around Rule 45." *In re Urethane Antitrust Litig.*, No. 2:08-5169 (WJM-MF), 2016 WL 723014, at *1 (D.N.J. Feb. 22, 2016) (denying motion to compel company to produce current employees outside Rule 45's geographic limits); *see also Bd. of Regents of the Univ. of Tex. Sys. v. Bos. Sci. Corp.*, No. CV 18-392-GBW, 2023 WL 346243, at *2 (D. Del. Jan. 20, 2023) ("[T]he plain text of Rule 45 prohibits directing a subpoena to attend trial to a corporation"); *CentiMark Corp. v. Pegnato*, No. CV 05-708, 2008 WL 11383465, at *5 (W.D. Pa. Dec. 9, 2008) (denying motion to compel corporation to "produce as witnesses individuals who are no longer in their employ and under their control"). I find the reasoning of these decisions to be persuasive. Humana's Motion is, in substance, an attempt to extend the Court's subpoena power to a former employee who resides beyond its geographic reach.

**B. Nesta Is Beyond the Court's Subpoena Power Under Rule 45(c).**

Even if the Motion were properly styled as a subpoena directed to Nesta himself, it would fail under the geographic constraints of Rule 45(c). Nesta resides in North Carolina, more than 400 miles from the federal courthouse in Philadelphia. He is not currently employed by any Mylan entity; his employment ended no later than December 31, 2025. Humana argues that Nesta is nonetheless "employed" in Pennsylvania because Mylan's corporate headquarters are located there. This argument is unpersuasive for two independent reasons.

First, the receipt of severance payments and the existence of a cooperation provision in a separation agreement do not establish a continuing employment relationship. Courts have treated severance agreements and routine cooperation provisions as incidents of separation, not indicia of continuing employment. *See Dougherty v. Teva Pharms. USA*, No. CIV.A.05-CV-2336, 2008 WL 508011, at *4 (E.D. Pa. Feb. 20, 2008) ("[O]ne who enters into a severance agreement . . . is no

longer an employee"); *In re Club Dev. & Mgmt. Corp.*, 27 B.R. 610, 613 (B.A.P. 9th Cir. 1982); *Cook v. CTC Commc'ns Corp.*, No. CIV. 06-CV-58JD, 2007 WL 3252807, at *1 (D.N.H. Nov. 1, 2007); *Bythewood v. Unisource Worldwide, Inc.*, 413 F. Supp. 2d 1367, 1381 (N.D. Ga. 2006). The cooperation covenant in Nesta's Separation Agreement and Mylan's payment of his counsel fees do not alter this analysis; such provisions are standard incidents of a separation, not indicia of continuing employment.

Second, even accepting arguendo that some employment nexus persists, Nesta's Separation Agreement is with MPI, an entity headquartered in Morgantown, West Virginia, not Pennsylvania. The mere fact that a corporate parent or affiliate maintains its headquarters in a particular state does not make an employee "employed" there for purposes of Rule 45(c) when the individual does not actually work there or regularly transact business there in person. *See Orbital Eng'g, Inc. v. Buchko*, No. CV 2:20-593, 2022 WL 170043, at *2 (W.D. Pa. Jan. 19, 2022); *Havens v. Mar. Commc'ns/Land Mobile, LLC*, No. 11-993 (KSH) (CLW), 2014 WL 2094035, at *2 (D.N.J. May 20, 2014); *Expansion Cap. Grp., LLC v. Patterson*, No. CV 18-04135 (RAL), 2020 WL 42786, at *3 (D. Del. Jan. 3, 2020). Accordingly, even under Humana's theory, Nesta is not "employed" in Pennsylvania.

**C. Rule 43(a) Does Not Supply an Independent Basis to Compel Testimony Beyond the Rule 45(c) Limits.**

Humana alternatively contends that Rule 43(a) authorizes the Court to compel Nesta to testify by contemporaneous videoconference, even though he resides outside the Court's subpoena reach under Rule 45(c). Humana points to the 2024 Advisory Committee note to Rule 43(a), which states that "[w]hen an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)." Humana reads this language to authorize commanding Nesta to testify remotely from his home in North Carolina.

In *In re Kirkland*, 75 F.4th 1030 (9th Cir. 2023) — the only Court of Appeals decision identified by the parties as squarely addressing the question — the Ninth Circuit held that "despite changes in technology and professional norms, the rule governing the court's subpoena power has not changed and does not except remote appearances from the geographical limitations on the power to compel a witness to appear and testify at trial." *In re Kirkland*, 75 F.4th 1030, 1043-44, 1051-52 (9th Cir. 2023) As the court explained, the Advisory Committee note does not change the "place described in Rule 45(c)(1)" from the location of the proceedings to the location of the witness; rather, Rule 45(c)'s geographic limits continue to apply even when remote testimony is authorized. *Id.* at 1043.

The Third Circuit has reached a consistent result. In *Hightower v. Ingerman Mgmt. Co.*, No. 22-2589, 2024 WL 2794408 (3d Cir. May 31, 2024), the court described the use of Rule 43(a) to compel testimony from a witness outside Rule 45(c)'s geographic reach as an "end-run" around Rule 45(c) and affirmed sanctions against the lawyer who pursued such relief without sufficient diligence. *Id.* at *3. Although *Hightower* arose in a somewhat different procedural posture, its reasoning is directly applicable here: Rule 43(a) authorizes the manner of testimony (remote versus in person) but does not independently expand the reach of the Court's compulsory process.

I find the reasoning of *Kirkland* and the Third Circuit's discussion in *Hightower* persuasive. Accepting Humana's contrary interpretation would render Rule 45(c)'s geographic limits a nullity for any witness capable of testifying by video.

**D. The *Vioxx* Framework Does Not Alter the Result.**

Humana relies on the five-factor test articulated in *In re Vioxx Products Liability Litigation*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006), but the Court need not apply that framework here. No court in the Third Circuit has adopted the *Vioxx* test, and where Rule 45(c) places a witness outside

the Court's subpoena power, Rule 43(a) does not independently expand that power. *See Orbital*, 2022 WL 170043, at *2-3; *Hightower*, 2024 WL 2794408, at *3.

Even if considered only as persuasive authority, *Vioxx* would not change the result. Nesta is a former employee, not a current officer or employee whom Mylan can be presumed to control; MDL complexity does not alone warrant departure from the Federal Rules; and Humana has extensive deposition testimony available for use at trial.

## V. RECOMMENDATION

For the foregoing reasons, my recommendation is as follows:

1. Plaintiff Humana Inc.'s Motion to Compel Mylan to Produce James Nesta to Testify at Trial is **DENIED**.

2. This recommendation is without prejudice to Humana's issuance of a trial subpoena to Nesta; use of Nesta's deposition testimony at trial, including video excerpts, subject to the Federal Rules of Civil Procedure and Federal Rules of Evidence and any applicable rulings of this Court.

3. Deadline periods for responses, objections, or other filings resulting from this Report and Recommendation set in PTO 334 [MDL Doc. No. 4219] or in the Federal and Local Rules of Civil Procedure are tolled until the expiration of the stay imposed by this Court in its September 2, 2026 order [MDL Doc. No. 4989, 18-cv-3299, Doc. No. 964].

**WHITE AND WILLIAMS LLP**

Dated: September 3, 2026

By: */s/Morgan S. Birch*

Morgan S. Birch
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Tel: (215) 864-7000
*birchm@whiteandwilliams.com*