**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL NO. 2724**<br>**16-MD-2724**<br><br>**HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:**<br><br>***Humana Inc. v. Actavis Elizabeth, LLC, et al.*** | **No. 18-cv-3299** |

**Rufe, J.** **September 16, 2026**

## MEMORANDUM OPINION

On September 14, 2026, the Mylan defendants in this MDL generally and in the action filed by Humana Inc. at 18-cv-3299[1] filed a Motion for Leave to Serve Discovery Requests. That matter is the first bellwether trial in this MDL and was scheduled for jury selection on September 8 and 9, and trial on September 15, 2026. Ordinarily, this Court would not act on that motion until fourteen days from the filing of the motion, or the filing of a response by Humana, but given the limited duration of the stay imposed by this Court at Defendant's prior request for a continuance and stay, expedience is prudent and required.

Defendants allege one of the Special Masters appointed by this Court had and has failed to disclose conflicts of interest that disqualify him from participation as a special master. This Court appointed former Chief Judge of the Eastern District of Pennsylvania Lawrence Stengel to be a Special Discovery Master to replace another

[1] [18-cv-3299, Doc. 960.]

Special Master on May 30, 2023.[2] His appointment was subject to rules set forth in Fed. R. Civ. Pro. 53 and prior orders of this court that set forth the duties of special masters.[3] On August 21, 2026, counsel for the Mylan, Impax, Lannett and Teva defendants wrote to Special Master Stengel, asking about his representation of a plaintiff in a securities case in the Philadelphia Court of Common Pleas in which counsel for other plaintiffs in that matter are now counsel for other MDL Plaintiffs, specifically EPPs.[4] Special Master Stengel responded to the letter six days later, acknowledging his appearance as co-liaison counsel and explaining the oversight in not reporting the representation when it occurred after he was appointed Special Discovery Master. He described his participation in that matter as minimal. The next day, August 28, 2026, counsel for Lannett and Mylan wrote to Special Master Stengel, acknowledging receipt of his letter, and asked Special Master Stengel to explain his participation in twelve other matters filed in this District Court and in the District Court for Western Pennsylvania. Mylan and Lannett asked him to respond to this letter by September 2, 2026.

---

[2] [MDL Doc. No. 2465].

[3] PTO 49, PTO 52, PTO 54, PTO 163 and PTO 334 [MDL Doc. Nos. 667, 668, 698, 1707 and 4219]. PTO 334, including by reference ¶4 PTO 49, which provides, in pertinent part:

> Pursuant to Federal Rule of Civil Procedure 53(b)(2)(B), the Special Master and Special Discovery Masters are authorized to communicate *ex parte* with the Court or the parties in accordance with his discretion. The Masters shall inform the parties when they exercise this power. Upon objection of any party this practice shall terminate.

(No party objected to *ex parte* communications between the Special Masters and the Court.)

[4] *See* [18-cv-3299, Doc. No. 960-3 (Mylan's Motion For a Continuance Of the Pre-Trial Conference and Stay Of Proceedings)].

On September 1, 2026, *before* the expiration of the deadline for a response Defendants afforded Master Stengel, Mylan and Lannett filed a motion for stay and continuance in the Humana bellwether trial, asking for "a brief adjournment of these proceedings and permission to propound appropriate discovery, consistent with the requirements of Third Circuit precedent.[5] This Court granted the requested 45-day stay on September 2, 2026.[6] That order also set forth preliminary procedures for the stay, including a September 14, 2026, deadline for the filing of motions for discovery. Mylan filed that motion at 11:50 p.m. on September 14. On September 8, 2026, Special Master Stengel emailed counsel in the Humana case that in light of the stay, he would await guidance form the Court before answering the August 28, 2026, request for information about the twelve additional cases. On that same day, Humana filed a response in opposition to the stay, asking that it be lifted,[7] and on September 11 a response in opposition to Mylan's allegations of a conflict of interest disqualifying Special Master Stengel.[8] Mylan's motions and Humana's responses were supported by several exhibits. On September 11 and 15, respectively, Lannett filed declarations stating it joined Mylan's September 1 and 8 motions.[9] Other MDL Defendants and Plaintiffs wrote to the Court on September 10 and 11 expressing their support and opposition, respectively, to Mylan's actions regarding Special Master Stengel.[10]

---

[5] [18-cv-3299, Docs. No, 960, and 960-1 at 2.]
[6] [18-cv-3299, Doc. No. 968.]
[7] [18-cv-3299, Doc. No. 971.]
[8] [18-cv-3299, Doc. No. 973.]
[9] [18-cv-3299 Doc. Nos. 972 and 977.]
[10] That correspondence was not filed with ECF.

The Third Circuit's guidance on investigating allegations of conflicts of interests is set forth in a pair of decisions concerning five asbestos related bankruptcy matters. *In Re Kensington Int'l Ltd. 1*[11] and *2*.[12] In the first of those cases, the Court of Appeals reversed a District Court's dismissal of motions brought by two parties in a complicated bankruptcy matter to asking the presiding judge to recuse himself pursuant to 28 U.S.C. § 455 (a) and (b) due to his *ex parte* consultations with consultants, who were appointed to aid the judge in the handling of the case as advisors, and also represented parties in other related litigation. Upon receiving the recusal motions, the judge stayed all discovery proceedings regarding the recusal motions pending his issuance of a Case Management Order governing further proceedings on the motions. Following one of the parties' petition to the Third Circuit for a writ of mandamus to allow expedited discovery on the motion, and after receiving briefs, the Third Circuit granted the writ of mandamus and, while retaining jurisdiction, remanded the matter to the District Court with a direction to allow expedited discovery and for the judge to rule on the recusal motions within forty-five days.[13]

Even though Special Master Stengel was appointed as a Special Discovery Master, and not an advisor to this Court, this Court is following *Kensington I* by allowing Mylan to pursue discovery, albeit, at this time, on a limited basis. Mylan's motion for discovery requests production of documents and answers to

[11] 353 F.3d 211 (3d Cir. 2003).
[12] 368 F.3d 289 (3d Cir. 3004).
[13] *In re Kensington I*, 353 F.3d at 215-19, 225.

interrogatories from Special Master Stengel and his law firm, Saxton & Stump. It seeks answers to interrogatories from all other Special Masters now serving the MDL (but not from two prior Special Masters who have retired) and finally from this Court. Depositions of Special Master Stengel, Saxton & Stump, and four other Saxton and Stump employees are also sought. Because Mylan so far has alleged a conflict of interest only on the part of Special Master Stengel, it will be permitted to seek expedited discovery solely from him. If Special Master Stengel does not have a conflict of interest that is disqualifying under 28 U.S.C. § 455 or other applicable law, this matter need proceed no further. If there is a conflict of interest, motions for further discovery will be considered.

Mylan will be permitted to propound its proposed requests for production to Special Master Stengel with respect to Document Request 6 only so far as it seeks redacted documents or documents not subject to seal.[14] This Court does not herein order any other court, federal or state, to unseal their documents. Mylan may seek relief from the court that ordered the documents sealed. Special Master Stengel will not be required to answer Document Requests 4 and 7. Document Request 4, seeking information about communications with this Court, will become relevant only if a conflict of interest is established. *Ex parte* communications were allowed by this Court's orders governing Special Masters, and are not extrinsically disqualifying or suspicious. Document Request 7 is too broad and does not focus on the cases Mylan identified as potentially posing a conflict of interest. These limitations are also

[14] [18-cv-3922, Doc. No. 976-3.]

imposed with consideration for the services Rule 53 special masters perform for this and other federal courts.[15]

This Court understands that despite the inconvenience that will ensue by the delay in this bellwether's trial, this matter might not end with a determination of whether Special Master Stengel had or has a conflict of interest with his duties as a Special Master. Mylan's allegations necessarily required the MDL bellwether trial to be postponed on the eve of that trial. Humana, in its motion opposing the stay, contends Mylan's motions are untimely and part of a recent demonstrated pattern of delay fomented by Mylan and its co-defendants. Mylan's discovery requests of the third parties, especially the three other Special Masters, would impose a major inconvenience on them that is unnecessary if Special Master Stengel does not have a conflict of interest. Special Master Stengel will be directed to answer the request for production of documents and the interrogatories propounded by Mylan in its motion, with the exceptions described above (and in the order being filed contemporaneously with this memorandum) no later than September 28, 2026. He may raise any objections to the requests for discovery that are allowed to other litigants under the Rules of Civil Procedure and may seek an extension of time to comply with this order for good cause shown. Special Master Stengel may also provide, and file of record, a Declaration in response to Mylan's motions. The Court will also allow Roberta D.

[15] The attorneys appointed to these roles are generally successful in their fields, and they should not be discouraged from accepting appointments by apprehension that their past or present success might lead to burdensome inquiries into their affairs absent good cause.

Liebenberg, lead counsel for EPPs, Diane M. Nast, lead counsel for the DPPs, William Blechman, lead counsel for the DAPs, Christian Hudson, lead counsel for the IRPs, and Humana counsel to file motions for leave to conduct discovery no later than October 5, 2026, by 5:00 p.m. The order will be entered without prejudice to Mylan's seeking leave for further discovery following its receipt of the documents and responses from Special Master Stengel. Any motion for further discovery, or further relief, shall be filed no later than 5:00 p.m. on October 5, 2026.

**BY THE COURT:**

**/s/ Hon. Cynthia M. Rufe**

**HON. CYNTHIA M. RUFE, J.**