**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL NO. 2724**<br><br>**16-MD-2724** |
| **THIS DOCUMENT RELATES TO:**<br><br>***Humana Inc. v. Actavis Elizabeth LLC, et al.*** | **HON. CYNTHIA M. RUFE**<br><br>**18-CV-03299** |

# MEMORANDUM OPINION

**Rufe, J.** **September 28, 2026**

This matter is one case in a multidistrict litigation ("MDL") concerning price-fixing by numerous generic drug manufacturers. Plaintiffs range from individuals to pharmacies, health insurance plans, hospitals and numerous other purchasers of generic drugs. This matter, involving Plaintiff Humana Inc. and two Defendants,[1] is now set to be the MDL's initial bellwether trial.

This memorandum and its accompanying order concern solely Defendants' joint motion for summary judgment on statute of limitations grounds[2] of Counts 67 and 68 of Plaintiff Humana's Second Amended Complaint ("SAC").[3] Those counts

---

[1] Mylan and Lannett. Other Defendants have indicated to the Court that they and Humana have settled or are in the process of settling their claims.
[2] [18-cv-3299, Doc. 452.] (Unless otherwise stated, all references to document numbers are to the docket of 18-cv-3299.)
[3] [18-cv-3299, Doc. No. 110.]

raise claims under several states' laws for anticompetitive conduct regarding Levothyroxine.[4] Mylan and Lannett are two of several movants in a motion for summary judgment against these claims, alleging they were brought outside of applicable of limitations.[5]

This Court previously denied portions of the joint motion to dismiss on statute of limitations grounds regarding Counts 91 and 106 of the SAC, ruling that Humana demonstrated it could prove at trial that it exercised due diligence in pursuing the reasons for suspicious, large increases in the prices of generic drugs it observed in 2013.[6] The Court rejected Humana's claim that an antitrust complaint filed by the state of Connecticut tolled the statute of limitations for the federal claims,[7] and ruled that the *American Pipe* doctrine[8] only tolled its federal claims a few extra weeks beyond

[4] Although twenty-one drugs (not counting different formulations and dosages of the drugs) were named in Humana's Second Amended Complaint ("SAC"), Humana recently informed Defendants and the Court that it will pursue individual drug claims only for Levothyroxine. Additionally, this Court has also ruled that Humana cannot pursue its state claims for unjust enrichment. [Doc. No. 974, p. 23.]

[5] Defendants' Joint Motion for Partial Summary Judgment on Statute of Limitations and Laches Grounds. [18-cv-3299, Doc. No. 452.]

[6] *In re Generic Pharms. Pricing Antitrust Litig.*, 2026 U.S. Dist. LEXIS 174665, *56 (E.D. Pa. 2026). Count 91 of the SAC alleged Defendants violated §1 if the Sherman Act regarding Theophylline, and Count 106 alleged that Defendants engaged in an overarching conspiracy that involved illegal price fixing and market allocation for all drugs listed in the SAC, including Levothyroxine.

[7] *In re Generic Pharms. Pricing Antitrust Litig.*, 2026 U.S. Dist. LEXIS 174665, at *8.

[8] The equitable tolling rule of *American Pipe v. Utah* holds that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class. . . ." 414 U.S. 538, 554 (1974). Humana was a member of two classes that filed similar claims prior to Humana's original complaint.

the filing of its complaint.[9] The Court more significantly and importantly held that Humana was entitled to ask the jury to decide when its claims accrued on account of Humana's ability to prove that the Defendants, including Mylan and Lannett, concealed their illegal price-fixing and market allocation activities years before the statute of limitations applying to the August 3, 2018 filing of Humana's complaint would otherwise allow.[10]

Now, this Court must decide Defendants' joint motion to dismiss Humana's several state claims against Mylan and Lannett contained in Counts 68 and 67 of the SAC on the ground that they were filed beyond the statute of limitations.

## I. LEGAL STANDARD

Summary judgment is appropriate for a claim, or part of a claim, where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] A fact is "material" if resolving the dispute over the fact "might affect the outcome of the suit under the governing [substantive] law."[12] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13]

---

[9] *In re Generic Pharms. Pricing Antitrust Litig.*, 2026 U.S. Dist. LEXIS 174665, at *35-36.
[10] *Id.* at *56.
[11] Fed. R. Civ. P. 56(a).
[12] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).
[13] *Id.*

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party and must make all reasonable inferences in that party's favor."[14] However, not all facts must be viewed in favor of the nonmoving party, but only those inferences and assumptions that are reasonable.[15] Further, a court may not weigh the evidence or make credibility determinations.[16] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[17] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[18] This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[19] "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."[20] When the non-moving party "fails to make a

[14] *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).
[15] *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).
[16] *Boyle v. Cty. of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).
[17] *Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). This does "not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Rule 56 does not require the nonmoving party to depose her own witnesses." *Id.* at 324.
[18] *Anderson*, 477 U.S. at 249-50 (internal citations omitted).
[19] *Walden v. Saint Gobain Corp.,* 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).
[20] *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted.[21] Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[22]

## II. STATUTE OF LIMITATIONS

Humana filed its original complaint on August 3, 2018.[23] Strict application of most of the states' statutes of limitation at issue would bar Humana from asserting claims for injuries resulting from Defendants' illegal conduct three or four years prior to the filing of its original complaint. Defendants claim that Humana was on notice

---

[21] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). At this time this Court unfortunately observes that Humana's response to the joint motion for summary judgment [Doc. No. 579, Apps. 1-10] is not up to the standard expected of a bellwether party. The response lacks precise citations to the state laws that are the bases for its causes of actions, and lack of citations to state statutes of limitations required to determine whether Humana's state law claims are timely. The citations to state laws in Humana's SAC and response to the joint summary judgment motion cite only to the opening section of a statutory chapter, followed by unhelpful "*et seq.*'s." Moreover, the responses' appendices are at times utterly illegible. The response did not cite state statutes describing the different states' statutes of limitations. This is a bellwether trial, selected by this Court as one of eight cases in the MDL to help "produce a sufficient number of representative verdicts and settlements to enable the parties and the court to determine the nature and strength of the claims, whether they can be fairly developed and litigated on a group basis and what range of values the cases may have if resolution is attempted on a group basis." MANUAL FOR COMPLEX LITIGATION, Fourth, §22.315. Humana sought bellwether status for this case, and it owes *all* the MDL's parties, and this Court, better. No MDL party can assume this Court will indulge similar filings in the future.

[22] *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

[23] [Doc. No. 1.]

that it had antitrust claims against Defendants on August 15, 2013, when its employees began investigating why prices it paid for drugs were rising and therefore, that date is when its claims accrued.[24] Humana seeks damages for injuries it suffered from illegal activities that occurred earlier than that date, alleging Defendants concealed the illegal basis for the price increases and market allocations.[25]

In the memorandum opinion adjudicating the federal law claims portion of Defendants joint motion for summary judgment on statute of limitations grounds, this Court discussed at length the parties' competing positions on whether or not Humana's antitrust claims accrued on or after August 13, 2013, and concluded that Humana demonstrated it could prove Defendants concealed the illegal basis for price increases and anticompetitive activities prior to that date, and that it could not discover those illegalities despite its exercise of due diligence prior to the March 2, 2016 filing of an EPP class action complaint — the first in this MDL to allege a price fixing conspiracy regarding generic drugs.[26] The memorandum opinion detailed evidence both Defendants and Humana offered in support of their respective positions— deposition testimony, memos, emails, and interviews with law enforcement that could prove that Defendants fraudulently concealed illegal price-fixing and market allocation actions.[27] Thus, this Court determined that the statute of

[24] [Doc. No 476, pp. 1, 27.]
[25] [Doc. No. 110, ¶¶ 755-60.]
[26] *In re Generic Pharms. Pricing Antitrust Litig.*, 2026 U.S. Dist. LEXIS 174665, at *36-56.
[27] *Id.*

limitations was tolled by the Defendants' actions until such time as Humana was aware the price increases and market aberrations it endured were caused by violations the Sherman Act, and not innocent causes such as supply chain disruptions and regulatory issues, as Defendants claimed at the time. For that reason, Humana could ask the jury to determine when and if its claims accrued before August 3, 2014. This conclusion is similar to that reached in two other decisions in this MDL regarding state law claims.[28] The findings in that memorandum opinion[29] are incorporated herein as though set forth at length. These findings apply to all state claims that also bar the strict application of their statutes of limitations to similar situations, *i.e.*, defendants whose evasions, misdirection and falsehoods prevent plaintiffs from discovering the illegal basis for the harm they suffered despite the plaintiffs' exercise of due diligence to discover the existence of illegality.

## III. DISCUSSION OF STATE LAW STATUTES OF LIMITATIONS

[28] *Connecticut v. Sandoz*, 2025 U.S. Dist. LEXIS, 214944 *66-81 (D. Conn. 2025) (state plaintiffs established the ability to prove Defendants fraudulently concealed their illegal activities prior to the initiation of the statute of limitations based on the date of the complaint's filing); *In re Generic Pharms. Pricing Antitrust Litig.*, 2025 U.S. Dist. LEXIS 167372, *92-97 (E.D. Pa. 2025) (summary judgment on grounds state claims were untimely because plaintiffs adequately alleged fraudulent concealment of illegal activities).

[29] *In re Generic Pharms. Pricing Antitrust Litig.*, 2026 U.S. Dist. LEXIS 174665, at *36-56.

Defendants do not dispute that most of the state laws that are the subject of Counts 67 and 68 allow tolling upon proof of fraudulent concealment.[30] They allege that the laws of only three states listed in Counts 67 and and 68— Florida, Nevada and North Dakota— do not recognize tolling due to a defendant's fraudulent concealment. An examination of those state's laws does not support this intepretation.

First, Humana seeks recovery under Fla. Stat. 501.201, *et seq*. for conspiracies in violation of restraint of trade and unfair and deceptive trade practices that violated Florida law. Although Defendants cite *W. Brook Isles Partner's 1, LLC v. Com. Land Title Ins. Co.*, for the proposition that, "Where there was no active concealment and a party with the exercise of due diligence could have discovered the facts, the statute of limitations [Fla. Stat. § 95.051] is not tolled,"[31] this Court has determined that Defendants' actions prevented Humana from discovering the illegal basis for their actions. The Florida Supreme Court, in *Major League Baseball v. Morsani,*[32] unequivocably held that a wrongdoer's concealment of his conduct prevents him

[30] Def. JMSJ MOL stat. of limit [Doc. No. 476, Appendix A at A-20 and Appendix C].
[31] 163 So. 3d 635, 639 (Fla. Dist. Ct. App. 2015).
[32] 790 So. 2d 1071 (Fla. 2001).

from using the statute of limitations to evade legal responsibility for his conduct.[33]

Quoting *State ex rel. Watson v. Gray*,[34] *Morsani* instructs that in Florida:

> Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which perhaps have otherwise existed, either of property or of contract, or of remedy, as against another person, who has in good faith relied upon such conduct and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, or of contract or of remedy.
>
> The doctrine of estoppel is applicable in all cases where one, by word, act or conduct, willfully caused another to believe in the existence of a certain state of things, and thereby induces him to act on this belief injuriously to himself, or to alter his own previous condition to his injury.[35]

For these reasons Humana may avail itself of the fraudulent concealment doctrine with regard to its Florida claims.

Next, Humana seeks recovery for conspiracies in violation of restraint of trade and unfair and deceptive trade practices that occurred in Nevada. Nev. Rev. Stat. 598A.220[36] provides in pertinent part:

---

[33] *Id.* at 1077 ("Equitable estoppel presupposes a legal shortcoming in a party's case that is directly attributable to the opposing party's misconduct. The doctrine bars the wrongdoer from asserting that shortcoming and profiting from his or her own misconduct. Equitable estoppel thus functions as a shield, not a sword, and operates against the wrongdoer, not the victim. This Court has applied the doctrine for more than a century and a half.)"

[34] 48 So. 2d 84 (Fla. 1950).

[35] *W. Brook Isles Partner's.*, 790 So. 2d at 1076 (*quoting Gray*, 48 So. 2d at 87-88) (internal citation and quotation omitted)).

[36] The SAC's Counts 67 and 68 list "Nev. Rev. Stat. Ann. 598A.060, *et seq.*" as the basis for its Nevada state claims.

> 2. An action brought under NRS 598A.160 or 598A.210 is barred if it is not commenced:
>
> > (a) Within 4 years after the cause of action accrues, or if the cause of action is based upon a conspiracy in violation of this chapter, within 4 years after the plaintiff discovered, or by the exercise of reasonable diligence, should have discovered the facts relied upon for proof of the conspiracy[.]

Moreover,

> Nevada permits the use of equitable tolling "in situations where the danger of prejudice to the defendant is absent, and the interests of justice so require." Nevada considers the following factors to determine whether equitable tolling is appropriate: the plaintiff's diligence; the plaintiff's knowledge of the relevant facts; the plaintiff's reliance on authoritative statements that misled the plaintiff about the nature of his rights; any deception or false assurances by the defendant; the prejudice to the defendant that actually would result; and "any other equitable considerations appropriate in the particular case." [37]

As Humana demonstrated it can prove at trial it could not have discovered the facts underlying its allegations within Nevada's statute of limitations despite its exercise of diligence, it will be allowed to pursue its Nevada claims.[38]

The SAC's North Dakota claims in the SAC's Count 67 for conspiracies in violation of restraint of trade and unfair and deceptive trade practices are brought under N.D. Cent. Code §§ 51-08.1-03, *et seq*. N.D. Cent. Code § 51-15-12 provides in

---

[37] *Spilsbury v. U.S. Specialty Ins. Co.,* 2015 U.S. Dist. LEXIS 14489, *9-10 (D. Nev. 2015), *quoting Seino v. Employers Ins. Co. of Nev.*, 111 P.3d 1107, 1112 (Nev. 2005) (alteration and quotation omitted)).

[38] Though Defendants' reply cites statutes and cases that ostensibly do not make exceptions for fraudulent concealment, [Def. JSMJ Reply MOL, Doc. No. 4495-1 at A-20], none of the citations pertain to the Nevada statutes Humana relies upon in the SAC's Counts 67 and 68.

pertinent part, "The period of limitation for a claim for relief may not be deemed to have accrued until the aggrieved party discovers the facts constituting the violation of this chapter." Once again, as Humana has shown that it can prove Defendants' actions prevented it from discovering the illegal nature of their acts, it will be allowed to pursue its North Dakota claim in Count 67.[39]

## IV. CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants' motion for partial summary judgment as to Counts 67 and 68 of the Second Amended Complaint is DENIED.

An appropriate order will issue.

**BY THE COURT:**

**/s/ Hon. Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**

[39] The North Dakota case Defendants rely, *Superior, Inc. v. Behlen Mfg. Co.*, 738 N.W. 2d 19 (N.D. 2007) upon does not concern restraint of trade and unfair and deceptive trade practices, and in any event, does not foreclose the application of equitable tolling on account of a defendants' deceptive concealment of the illegal nature of its acts. *Id.* at 24, 27.